**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____   Chapter ___11___

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | JOANN Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Jo-Ann Stores Holdings Inc.; JOANN; Jo-Ann Fabrics and Crafts |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number (EIN)** | 46-1095540 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **5555 Darrow Road**<br>Number       Street | <br>Number       Street |
| | P.O. Box |
| **Hudson**        **Ohio**    **44236**<br>City           State    Zip Code | City          State   Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Summit County**<br>County | <br>Number       Street |
| | <br>City          State   Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | https://www.joann.com/ |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor    **JOANN Inc.** _____    Case number _(if known)_ _____
       Name

| | |
|---|---|
| **7. Describe debtor's business** | **A.** _Check One:_ |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

**B.** _Check all that apply:_

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

**C.** NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**4591 (Sporting Goods, Hobby, and Musical Instrument Stores)**

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

_Check One:_

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. _Check **all** that apply:_

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the _Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11_ (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No
☒ Yes.

| District | When | Case number |
|---|---|---|
| **District of Delaware** | **03/18/2024** <br> MM/DD/YYYY | **24-10418** |
| _____ | _____ <br> MM/DD/YYYY | _____ |

| Debtor | JOANN Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.

| Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|
| District | **District of Delaware** | | |
| | | When | **01/15/2025** |
| Case number, if known | | | MM / DD / YYYY |

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

Where is the property?

_____
Number          Street

_____
City                          State      Zip Code

Is the property insured?

☐ No
☐ Yes.  Insurance agency _____
           Contact name _____
           Phone _____

---

| | Statistical and administrative information |
|---|---|

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☐ | 5,001-10,000 | ☒ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

---

| Debtor | JOANN Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| **15. Estimated assets** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| **16. Estimated liabilities** | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|
| | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☒ $1,000,000,001-$10 billion |
| | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____01/15/2025_____
MM/ DD / YYYY

**✗**  _/s/ Michael Prendergast_                    Michael Prendergast
Signature of authorized representative of debtor      Printed name

Title   __Interim Chief Executive Officer__

**18. Signature of attorney**

**✗**  _/s/ Patrick J. Reilley_          Date   __01/15/2025__
Signature of attorney for debtor              MM/DD/YYYY

**Patrick J. Reilley**
Printed name

**Cole Schotz P.C.**
Firm name

**500 Delaware Avenue, Suite 1410**
Number            Street

| **Wilmington** | **Delaware** | **19801** |
|---|---|---|
| City | State | ZIP Code |

| **(302) 652.3131** | **preilley@coleschotz.com** |
|---|---|
| Contact phone | Email address |

| **4451** | **Delaware** |
|---|---|
| Bar number | State |

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**District of Delaware**
(State)

Case number *(if known)*: _____     Chapter    **11**

☐ Check if this is an
amended filing

### Rider 1
### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the District of Delaware for relief under chapter 11 of title 11 of the United States Code. The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of JOANN Inc.

- **JOANN Inc.**
- **Creative Tech Solutions LLC**
- **Creativebug, LLC**
- **Dittopatterns LLC**
- **JAS Aviation, LLC**
- **JOANN Ditto Holdings Inc.**
- **JOANN Holdings 1, LLC**
- **JOANN Holdings 2, LLC**
- **Jo-Ann Stores Support Center, Inc.**
- **Jo-Ann Stores, LLC**
- **joann.com, LLC**
- **Needle Holdings LLC**
- **WeaveUp, Inc.**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., | Case No. 25-_____(___) |
| Debtor. | |

**LIST OF EQUITY SECURITY HOLDERS**[1]

| Equity Holder | Address of Equity Holder | Percentage of Equity Held | Shares Held | Class of Equity |
|---|---|---|---|---|
| LCM Asset Management LLC | 399 Park Avenue, 22nd Floor New York, NY 10022 | 17.2% | 17,205,629 | Common Stock |
| Octagon Credit Investors LLC | 250 Park Avenue, 15th Floor New York, NY 10177 | 15.8% | 15,808,091 | Common Stock |
| Symphony Asset Management LLC | 555 California Street, Suite 3100 San Francisco, CA 94104 | 13.8% | 13,825,340 | Common Stock |
| FMR LLC | 245 Summer Street Boston, MA 02210 | 13.7% | 13,679,069 | Common Stock |
| Spinrite Inc. | 320 Livingstone Avenue South Listowel, ON N4W 3H3  Canada | 10.0% | 10,000,000 | Common Stock |
| Project Swift LLC | 5840 Fairwood Lane Memphis, TN 38120 | 7.2% | 7,149,533 | Common Stock |
| Johkim Capital Partners Management LLC | 8235 Douglas Avenue Suite 1050 Dallas, TX 75225 | 4.7% | 4,670,598 | Common Stock |
| Philosophy Capital Management | 3201 Danville Blvd., Suite 100 Alamo, CA 94507 | 4.4% | 4,352,781 | Common Stock |
| Seix Investment Advisors LLC | 1 Maynard Drive Suite 3200 Park Ridge, NJ 07656 | 2.8% | 2,779,254 | Common Stock |
| Orchard Yarn And Thread Company, Inc. | 125 Chubb Lion Brand - 300s Lyndhurst, NJ 07071 | 2.5% | 2,500,000 | Common Stock |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to Rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure.  All equity positions listed indicate the record holder of such equity as of the date of commencement of the chapter 11 case.

| Equity Holder | Address of Equity Holder | Percentage of Equity Held | Shares Held | Class of Equity |
|---|---|---|---|---|
| BC Partners Advisors L.P. | 40 Portman Sq<br>Great Britain W1H 6DA<br>London | 1.6% | 1,570,371 | Common Stock |
| InvestCorp Credit Management US LLC | 280 Park Avenue, 39th Floor<br>New York, NY 10017 | 0.9% | 860,928 | Common Stock |
| Zais Leveraged Loan Master Manager, LLC | 101 Crawfords Corner<br>Suite 1206<br>Holmdel, NJ 07733 | 0.8% | 793,739 | Common Stock |
| DoubleLine Capital LLC | 2002 N. Tampa Street<br>Suite 200<br>Tampa, FL 33602 | 0.8% | 789,515 | Common Stock |
| Shenkman Capital Management Inc | 151 West 42nd Street<br>29th Floor<br>New York, NY 10036 | 0.7% | 676,270 | Common Stock |
| 3551300 Canada Inc. | 74 Turgeon<br>Montreal, QC<br>H4C 2N1 Canada | 0.6% | 635,514 | Common Stock |
| HPS Investment Partners LLC | 40 West 57th Street<br>New York, NY 10019 | 0.4% | 415,739 | Common Stock |
| Trimaran Advisors, LLC | 600 Lexington Avenue, Floor 7<br>New York, NY 10022 | 0.4% | 369,439 | Common Stock |
| Apex Credit Partners LLC | 520 Madison Avenue<br>New York, NY 10022 | 0.3% | 294,262 | Common Stock |
| Ontario Teachers Pension Plan | 160 Front Street West,<br>Suite 3200<br>Toronto, ON M5J 0G4<br>Canada | 0.2% | 202,697 | Common Stock |
| Jefferies Capital Services LLC | 520 Madison Avenue<br>New York, NY 10022 | 0.2% | 176,610 | Common Stock |
| Universe Group, Inc. | 16 Colchester<br>Hampstead, QC<br>H3X 3V5 Canada | 0.2% | 158,879 | Common Stock |
| Maple Rock Capital Partners Inc. | 94 Solaris Avenue<br>P.O. Box 1348<br>Camana Bay, KY1-1108<br>Grand Cayman | 0.2% | 155,250 | Common Stock |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held | Shares Held | Class of Equity |
|---|---|---|---|---|
| ArrowMark Partners | 100 Fillmore Street #325 Denver, CO 80206 | 0.1% | 137,348 | Common Stock |
| MJX Asset Management LLC | 12 E 49th Street, 38th Floor New York, NY 10017 | 0.1% | 133,776 | Common Stock |
| Park Avenue Institutional Advisers LLC | 10 Hudson Yards, 20th Floor New York, NY 10001 | 0.1% | 123,399 | Common Stock |
| Bank of America | 150 N College Street Charlotte, NC 28202 | < 0.1% | 85,294 | Common Stock |
| Baring Global Advisors Limited | 20 Old Bailey London EC4M 7BF United Kingdom | < 0.1% | 80,976 | Common Stock |
| CIFC Asset Management LLC | 875 3rd Avenue, 24th Floor New York, NY 10022 | < 0.1% | 77,932 | Common Stock |
| Sound Point Capital Management LP | 375 Park Avenue, 34th Floor New York, NY 10152 | < 0.1% | 60,489 | Common Stock |
| Voya Investment Management Co LLC | 7337 East Doubletree Ranch Road Suite 100 Scottsdale, AZ 85258 | < 0.1% | 58,904 | Common Stock |
| Z Capital Clo Management LLC | 1330 Avenue of Americas 16th Floor New York, NY 10019 | < 0.1% | 36,271 | Common Stock |
| Nassau Corporate Credit Clo Manager LLC | 17 Old Kings Hwy S Darien, CT 06807 | < 0.1% | 34,293 | Common Stock |
| Oppenheimer | 85 Broad Street New York, NY 10004 | < 0.1% | 30,824 | Common Stock |
| Highland Capital Management LP | 100 Crescent Court, Suite 1850 Dallas, TX 75201 | < 0.1% | 19,123 | Common Stock |
| Generate Advisors LLC | 225 Liberty Street, Suite 4210 New York, NY 10281 | < 0.1% | 18,282 | Common Stock |
| Putnam Advisory Company LLC | 501 Boylston Street, 5th Floor Boston, MA 02116 | < 0.1% | 11,445 | Common Stock |
| Canaras Capital Management | 1540 Broadway, Suite 1630 New York, NY | < 0.1% | 7,630 | Common Stock |
| Regatta Loan Management LLC | 280 Park Avenue, 3rd Floor New York, NY 10017 | < 0.1% | 5,902 | Common Stock |

| Equity Holder | Address of Equity Holder | Percentage of Equity Held | Shares Held | Class of Equity |
|---|---|---|---|---|
| Alta Fundamental Advisers | 1500 Broadway, Suite 704 New York, NY 10036 | < 0.1% | 3,913 | Common Stock |
| Goldman Sachs Asset Management | 2001 Ross Avenue, 35th Floor Dallas, TX 75201 | < 0.1% | 2,619 | Common Stock |
| Angelo Gordon | 245 Park Avenue New York, NY 10167 | < 0.1% | 2,075 | Common Stock |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., | ) | Case No. 25-_____(___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

### CORPORATE OWNERSHIP STATEMENT

Pursuant to Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held | Class of Shares |
|---|---|---|
| LCM Asset Management LLC | 17.2% | Common Stock |
| Octagon Credit Investors LLC | 15.8% | Common Stock |
| Symphony Asset Management LLC | 13.8% | Common Stock |
| FMR LLC | 13.7% | Common Stock |
| Spinrite Inc. | 10.0% | Common Stock |

Fill in this information to identify the case:

Debtor name:  JOANN Inc.

United States Bankruptcy Court for the: District of Delaware

Case number (If known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | LOW TECH TOY CLUB LLC<br>411 EMISSARY DR. #108<br>CARY, NC 27519<br>UNITED STATES | ADRIAN ZHANG<br>MANAGER<br>EMAIL - ADRIAN@THEWOOBLES.COM<br>PHONE - 838-966-2537<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 7,462,470.58 |
| 2 | SVP SEWING BRANDS LLC<br>1714 HEIL QUAKER BLVD, SUITE 130<br>LA VERGNE, TN 37086<br>UNITED STATES | JASON FORCIER<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - JASON.FORCIER@SVPWORLDWIDE.COM<br>PHONE - 629-335-0520<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 5,209,124.72 |
| 3 | FEDERAL EXPRESS CORPORATION<br>942 SOUTH SHADY GROVE ROAD<br>MEMPHIS, TN 38120<br>UNITED STATES | MARK ALLEN<br>EXECUTIVE VICE PRESIDENT AND GENERAL COUNSEL<br>EMAIL - MALLEN@FEDEX.COM<br>PHONE - 901-818-7500<br>FAX - | SHIPPING SERVICES PAYABLE | | | | $ 4,383,525.25 |
| 4 | SUNYIN (HK) HOLDING LIMITED<br>UNIT A 25/F ONE ISLAND SOUTH<br>2 HEUNG YIP ROAD<br>WONG CHUK HANG<br>HONG KONG, 999077<br>HONG KONG | CHEN FENG<br>PRESIDENT<br>EMAIL -<br>RUBY.WANG@KERINESUNTEXTILE.COM<br>PHONE - 86-13585840138<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 4,315,367.71 |
| 5 | GWEN STUDIOS<br>1377 BROADCLOTH ST<br>STE 202<br>FORT MILL, SC 29715-4509<br>UNITED STATES | CAREY EDWARDS<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - CAREY@GWENSTUDIOS.COM<br>PHONE - 203-644-2726<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 4,189,200.30 |
| 6 | DESIGNS FOR ALL SEASONS LTD<br>41 MAN YUE STREET<br>FLAT B 5F KAISER ESTATE PHASE 1<br>HUNGHOM, KOWLOON<br>HONG KONG | TIM TOMPKINS<br>CHIEF EXECUTIVE OFFICER<br>EMAIL -<br>DESIGNS@DESIGNSFORALLSEASONS.COM<br>PHONE - 852-2333-5675<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,950,037.22 |
| 7 | BROTHER INTERNATIONAL CORPORATION<br>200 CROSSING BLVD.<br>BRIDGEWATER, NJ 08807-0911<br>UNITED STATES | MIKE LYNCH<br>VICE PRESIDENT AND GENERAL COUNSEL<br>EMAIL - MICHAEL.LYNCH@BROTHER.COM<br>PHONE - 908-704-1700<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,859,876.42 |
| 8 | ORMO ITHALAT VE IHRACAT AS<br>KAGITHANE OFISPARK, MERKEZ MAHALLES<br>FAITH CAD. GOLYOLU HARMANSAZI MEVKIT<br>ORHANGAZI, 16800<br>TURKEY | GIRAY OCALGIRAY<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - DDAGISTANI@ORMO.COM.TR<br>PHONE - 90-2122514730<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,778,344.70 |
| 9 | H&H ASIA LTD<br>27F NO 4013 SHENNAN ROAD<br>SHENZHEN, 518026<br>CHINA | LORRAINE MABERRY<br>SENIOR VICE PRESIDENT<br>EMAIL - HHJAS@HANDHASIA.COM<br>PHONE - 86-755-83026780-681<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,601,756.38 |
| 10 | AMERICAN CRAFTS<br>588 W 400 S<br>SUITE 300<br>LINDON, UT 84042<br>UNITED STATES | WAYNE MITCHELL<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - WAYNE@AMERICANCRAFTS.COM<br>PHONE - 800-879-5185<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,257,004.83 |
| 11 | CHINA NATIONAL ARTS & CRAFTS<br>NO 37 4F 199 LANE YONG FENG ROAD<br>199 LANE<br>NINGBO, 130 ZHEJIANG 315010<br>CHINA | KATHY CHEN<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - JAY@RAYSUNARTS.COM<br>PHONE - 86-574-87287079<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,215,166.06 |
| 12 | OTTLITE TECHNOLOGIES, INC.<br>1715 N WESTSHORE BLVD<br>SUITE 950<br>TAMPA, FL 33607<br>UNITED STATES | JOHN SHEPPARD<br>CHIEF EXECUTIVE OFFICER<br>EMAIL - JOHN.SHEPPARD@OTTLITE.COM<br>PHONE - 813-621-0058<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,107,606.40 |
| 13 | AROMA BAY CANDLES CO<br>TIEU TRA/ RESIDENT GROUP 6<br>HUNG DAO- DUONG KINH- HAI PHONG<br>HAIPHONG, 18000<br>VIETNAM | ELLEN MA<br>HEAD OF SALES<br>EMAIL - ELLEN@HOMEACCENT.COM.CN<br>PHONE - 86-571-87956138<br>FAX - | MERCHANDISE TRADE PAYABLE | | | | $ 3,085,876.60 |

Debtor _____JOANN, Inc., et al._____

Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim: if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 14 | FAIRFIELD PROCESSING 6432 PRESCOTT AVE SAINT LOUIS, MO 63147-2815 UNITED STATES | JORDAN YOUNG PRESIDENT EMAIL - JORDANY@FAIRFIELDWORLD.COM PHONE - 203-744-2090 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,893,803.92 |
| 15 | ORIENTAL CRAFT IND CO LTD RM B2, 5F SING MEI INDUSTRIAL BUILD 27-29 KWAI WING ROAD KWAI CHUNG HK, HONG KONG HONG KONG | RICKY CHEUNG CHIEF EXECUTIVE OFFICER EMAIL - RICKY_ORIENTALCRAFT@YAHOO.COM.HK PHONE - 852-2345-6585 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,888,958.37 |
| 16 | HONGKONG SIMPLE ELEMENT GLOBAL LIMI 3-4F, NO.1 BUILDING NO. 1498 JIANGNAN ROAD NINGBO, CHINA | SUMMER XIA DIRECTOR OF SALES EMAIL - SUMMER@NBPARAMONT.COM PHONE - 86-574-55717888 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,821,285.30 |
| 17 | HTL LIMITED 12/F, D. J. BUILDING 173 HOI BUN ROAD KWUN TONG KOWLOON, HONG KONG | SIMON CASTLEY OWNER EMAIL - SIMONC@SEWGROUP.COM PHONE - 85223288007 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,307,327.32 |
| 18 | CHANGSHU WINWAY TEXTILE CO LTD BUILDING A, GULI TOWN 4/F 10# FUCHUNJIANG EAST ROAD CHANGSHU CITY, 100 JIANGSHU  215533 CHINA | DAVID WANG GENERAL MANAGER EMAIL - DAVIDWANG@WINWAYTEXTILE.COM PHONE - 86-18913623777 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,253,067.63 |
| 19 | DESIGN GROUP AMERICAS 5555 GLENRIDGE CONNECTOR SUITE 300 ATLANTA, GA  30342 UNITED STATES | ERIK SJOGREN CHIEF EXECUTIVE OFFICER EMAIL - ERIK.SJOGREN@IGDESIGNGROUP-AMERICAS.COM PHONE - 321-229-2116 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,244,140.08 |
| 20 | FABRIC TRADITIONS 519 EIGHTH AVENUE, 19TH FL NEW YORK, NY  10018 UNITED STATES | ELIZABETH TOWEY CEO AND PRESIDENT EMAIL - BTOWEY@FABRICTRADITIONS.COM PHONE - 212-279-5710 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,208,561.06 |
| 21 | SPRINGS CREATIVE PRODUCTS GROUP 300 CHATHAM AVENUE, SUITE 100 ROCK HILL, SC  29730 UNITED STATES | DERICK CLOSE CHIEF EXECUTIVE OFFICER EMAIL - DERICK.CLOSE@SPRINGSCREATIVE.COM PHONE - 803-324-6571 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    2,079,166.90 |
| 22 | JONES LANG LASALLE AMERICAS INC 200 EAST RANDOLPH DRIVE CHICAGO, IL  60601 UNITED STATES | DAVID HITCHENS GENERAL COUNSEL EMAIL - DAVID.HITCHENS@JLL.COM PHONE - 312-782-5800 FAX - | PROPERTY MANAGEMENT SERVICES AND UNPAID RENT | | | | $    2,046,595.03 |
| 23 | VIITION (ASIA) LIMITED FLAT/RM D03, BLK A, 12/F 19-25 SHAN MEI ST SHA TIN NT, NEW TERRITORIES  999077 HONG KONG | PEIYUAN WANG GENERAL MANAGER EMAIL - YUAN@DEYUCRAFT.COM PHONE - 13505928858 FAX - | MERCHANDISE TRADE PAYABLE | | | | 1,990,120.38 |
| 24 | GILDAN USA INC 1980 CLEMENTS FERRY ROAD CHARLESTON, SC  29492 UNITED STATES | SIBEL TURKMAN CHIEF FINANCIAL OFFICER EMAIL - PHONE - 843-606-3724 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    1,898,384.03 |
| 25 | ADVANTUS CORP 12276 SAN JOSE BLVD. BUILDING 618 JACKSONVILLE, FL  32223 UNITED STATES | KEVIN CARPENTER PRESIDENT EMAIL - KCARPENTER@ADVANTUS.COM PHONE - 904-482-0091 FAX - 904-482-0099 | MERCHANDISE TRADE PAYABLE | | | | $    1,814,430.64 |
| 26 | R.M. PALMER COMPANY LLC 1800 ELMWOOD AVENUE BUFFALO, NY  14207 UNITED STATES | RICHARD PALMER CHIEF EXECUTIVE OFFICER EMAIL - DJH@RMPALMER.COM PHONE - 610-372-8971 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    1,756,688.45 |
| 27 | AB EXPORTS LASANI PULLI, NEAR KHAYABAN GARDENS SERGODHA ROAD FAISALABAD, PUNJAB  38000 PAKISTAN | HAMMAD HASSAN GENERAL MANAGER EMAIL - HAMMAD@AB.COM.PK PHONE - 92418817301-05 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    1,724,596.65 |
| 28 | NINGBO WINLEAD ORNAMENT CO LTD SCIENCE AND TECHNOLOGY PLAZA 10/F 4TH BUILDING NINGBO,  315000 CHINA | BONNIE ZENG DIRECTOR OF SALES EMAIL - BONNIE@WL-ORNAMENT.COM PHONE - 86-13685738756 FAX - | MERCHANDISE TRADE PAYABLE | | | | $    1,655,024.02 |

Debtor ___JOANN, Inc., et al.___        Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 29 | GANGA ACROWOOLS LIMITED CORPORATE OFFICE 249 INDUSTRIAL AREA A, LUDHIANA-3 (PB) PUNJAB,  141003 INDIA | AMIT THAPAR PRESIDENT EMAIL - AMIT.THAPAR@GANGAACROWOOLS.COM PHONE - 91-161-4008400 FAX - | MERCHANDISE TRADE PAYABLE | | | | $        1,653,266.91 |
| 30 | STEELWORKERS PENSION TRUST 7 NESHAMINY INTERPLEX DR. BENSALEM, PA  19020 UNITED STATES | WITHDRAWAL LIABILITY DEPARTMENT EMAIL - QUESTIONS@SPT-USW.ORG PHONE - 800-848-1953 FAX - 412-471-0944 | PENSION BENEFIT PLAN LIABILITY | CONTINGENT; UNLIQUIDATED; DISPUTED | | | UNDETERMINED |

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | **JOANN Inc.** |
| United States Bankruptcy Court for the: | **District of Delaware** |
| | (State) |
| Case number (If known): | |

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐    *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐    *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐    *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐    *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐    *Schedule H: Codebtors (Official Form 206H)*

☐    *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐    Amended Schedule

☒    *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒    Other document that requires a declaration **List of Equity Security Holders and Corporate Ownership Statement**

I declare under penalty of perjury that the foregoing is true and correct.

| | | | |
|---|---|---|---|
| Executed on | <u>01/15/2025</u> | ☒ | */s/ Michael Prendergast* |
| | MM/ DD/YYYY | | Signature of individual signing on behalf of debtor |
| | | | **Michael Prendergast** |
| | | | Printed name |
| | | | **Interim Chief Executive Officer** |
| | | | Position or relationship to debtor |

**Official Form 202**          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

**Action by Unanimous Written Consent of the Boards of Directors of:**

**JOANN Inc.**
**Needle Holdings LLC**
**Jo-Ann Stores, LLC**
**JOANN Holdings 1, LLC**
**JOANN Holdings 2, LLC**
**JAS Aviation, LLC**
**Creative Tech Solutions LLC**
**Creativebug, LLC**
**joann.com, LLC**
**JOANN Ditto Holdings Inc.**
**WeaveUp, Inc.**
**Jo-ANN Stores Support Center, Inc.**
**Dittopatterns LLC**
_____

**January 14, 2025**

The undersigned, being all of the members of the boards of directors or boards of managers (each a "Board" and, collectively, the "Boards"), as applicable, of the entities set forth above (each a "Company" and, collectively, the "Companies"), pursuant to each Company's bylaws, limited liability company agreement, or other governing document, as applicable (each a "Governing Document" and, collectively, the "Governing Documents") and applicable laws of each jurisdiction in which such Company was formed, hereby consent in writing to the adoption of the following resolutions with the same force and effect as if they had been unanimously adopted by a duly convened meeting of the Board:

**WHEREAS**, the Board of each Company has reviewed and considered (a) presentations by such Company's management team (the "Management") and financial and legal advisors (collectively, the "Advisors") regarding the liabilities, obligations, and liquidity of such Company, the strategic and financial alternatives available to it, and the effect of the foregoing on each Company's business, (b) the information and advice previously provided to and reviewed by each such Board, and (c) the related matters on and before the date hereof;

**WHEREAS**, each Board has had adequate opportunity to consult with Management and Advisors regarding the materials and documentation presented, to obtain additional information, and to fully consider each of the strategic alternatives available to the Companies;

**WHEREAS**, Gordon Brothers Retail Partners, LLC (the "Stalking Horse Bidder") and JOANN Inc. and its affiliates (the "Sellers") have negotiated the terms of that certain asset purchase agreement (as may be amended, modified, or supplemented from time to time, the "Stalking Horse Agreement") to govern the Stalking Horse Bidder's purchase of substantially all of the assets of the Companies and otherwise designate certain rights over assets of the Companies, as set forth in the Stalking Horse Agreement (the "Acquired Assets"), subject to the Seller's receipt of a higher or otherwise better offer;

**WHEREAS**, the Board has considered the Stalking Horse Agreement (together with the other certificates, documents, agreements, and schedules contemplated under the Stalking Horse Agreement, the "Stalking Horse Documents"), and after due consideration and deliberation, has determined that each of the transactions contemplated by the Stalking Horse Agreement and the Stalking Horse Documents (the "Stalking Horse Transactions") are advisable and in the best interests of the Companies, their stockholders, creditors, and other parties in interest;

**WHEREAS**, the Stalking Horse Transactions are subject to the auction process governing the marketing and sale of the Acquired Assets to be approved by the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") through the proposed *Order (I) Approving Bidding Procedures and Bid Protections, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Assumed Contracts and Leases, and (VII) Approving the Sale of Assets. and (VIII) Granting Related Relief* (the bidding procedures approved by such order, the "Bidding Procedures") and the Company seeking, among other things, approval of the sale of the Acquired Assets to the Stalking Horse Bidder or another bidder with the highest or otherwise best offer (such bidder, the "Successful Bidder") through an order to be filed with the Bankruptcy Court under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101 *et seq*. (the "Bankruptcy Code");

**WHEREAS**, each Board has determined that the following resolutions and the actions, transactions, and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest; and

**WHEREAS**, after due deliberation, the members of the special committees of the Boards has recommended the following resolutions and the actions, transactions, and documentation contemplated thereby are advisable and in the best interests of the Companies, their interest holders, their subsidiaries, their creditors, and the other parties in interest.

**NOW, THEREFORE, IT IS HEREBY RESOLVED**, that, pursuant to the articles of incorporation and applicable Governing Documents of the Companies, the Boards hereby adopt the following resolutions:

## CHAPTER 11 FILING

**BE IT RESOLVED**, that in the business judgment of the Board of each Company, it is desirable and in the best interests of such Company (including consideration of its creditors and other parties in interest) that such Company shall be, and hereby is, in all respects, authorized to file, or cause to be filed, a voluntary petition (a "Bankruptcy Petition") for relief commencing a case (the "Chapter 11 Cases") under the provisions of the Bankruptcy Code in the Bankruptcy Court or other court of competent jurisdiction; and, in accordance with the requirements of the Governing Documents and applicable law, hereby consent to, authorize, approve, confirm, and ratify all actions in connection with the filing of the respective Bankruptcy Petition;

**FURTHER RESOLVED**, that any duly appointed officer of each Company (collectively, the "Authorized Signatories"), acting alone or with one or more other Authorized Signatories be, and they hereby are, authorized, empowered, and directed to execute and file on behalf of such Company all petitions, schedules, lists, and other motions, papers, or documents, and to take any and all action that they deem necessary or proper to obtain such relief, including, without limitation, any action necessary to maintain the ordinary course operation of such Company's business; and

**FURTHER RESOLVED**, that each of the Authorized Signatories be, and they hereby are, with power of delegation, authorized, empowered, and directed to take and perform any and all further acts and deeds that each of the Authorized Signatories deem necessary, proper, or desirable in connection with each Company's Chapter 11 Case, with a view to the successful prosecution of such case.

## RETENTION OF PROFESSIONALS

**BE IT RESOLVED**, that each of the Companies be, and they hereby are, authorized and directed to employ (a) the law firm of Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "Kirkland"), as restructuring counsel, (b) the law firm of Cole Schotz P.C. ("Cole Schotz"), as Delaware restructuring counsel; (c) Alvarez & Marsal, LLC ("A&M"), as restructuring advisor, (d) Centerview Partners, LLC ("Centerview"), as financial advisor and investment banker, (e) Kroll Restructuring Administration LLC ("Kroll"), as notice and claims agent and administrative advisor, and (f) any other legal counsel, accountant, financial advisor, restructuring advisor, or other professional the Authorized Signatories deem necessary, appropriate, or advisable to retain (together with Kirkland, Cole Schotz, A&M, Centerview, and Kroll, the "Retained Professionals") in each case, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance such Company's rights and obligations, including filing any motions, objections, replies, applications, or pleadings; and in connection therewith, each of the Authorized Signatories, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of each of the Retained Professionals.

## CASH COLLATERAL AND ADEQUATE PROTECTION

**BE IT RESOLVED**, that in the business judgment of the Boards, it is desirable and in the best interest of each Company, its stakeholders, its creditors, and other parties in interest to obtain the benefits of the use of cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which may be security for the Companies' prepetition secured lenders (under certain credit facilities by and among the Companies, the guarantors party thereto, the administrative and other agents party thereto, and the lenders party thereto);

**FURTHER RESOLVED**, that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the prepetition secured lenders (such obligations, "Adequate Protection Obligations"), as documented in proposed interim and final orders (the "Cash Collateral

Orders") to be submitted for approval of the Bankruptcy Court, with the Boards having been apprised of the material terms and provisions of the Cash Collateral Orders;

**FURTHER RESOLVED**, that the form, terms, and provisions of the Cash Collateral Orders, and the actions and transactions contemplated thereby be, and hereby are, authorized, adopted, and approved in all respects, and each of the Authorized Signatories of the Companies be, and hereby is, authorized and empowered, in the name of and on behalf of the Companies, to take such actions and negotiate or cause to be prepared and negotiated and to perform, and cause the performance of, the Cash Collateral Orders;

**FURTHER RESOLVED**, each of the Authorized Signatories be, and hereby is, authorized, empowered, and directed in the name of, and on behalf of, the Companies to seek authorization and approval to use Cash Collateral pursuant to the Cash Collateral Orders, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Companies, relating to the use of Cash Collateral in connection with the Chapter 11 Cases, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

**FURTHER RESOLVED**, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions, including granting liens on their assets to secure such obligations.

## THE STALKING HORSE AGREEMENT

**BE IT RESOLVED**, that the form, terms, and provisions of the Stalking Horse Agreement, and the Companies' performance of its obligations under the Stalking Horse Agreement with the Stalking Horse Bidder be, and they hereby are, in all respects, approved; and

**RESOLVED FURTHER**, that the Authorized Signatories be, and hereby are, authorized, directed, and empowered to execute and file with the Bankruptcy Court a motion to approve the Stalking Horse Agreement and authorize the Companies to conduct a sale process for all, substantially all, or a portion of the Companies' assets subject to certain bidding procedures (the "Bidding Procedures," and such sale process, an "Auction"); and to negotiate, for and on behalf of the Companies, such agreements, documents, assignments, and instruments as may be necessary, appropriate, or desirable in connection with the sale to the Stalking Horse Bidder or such other successful bidder at an Auction.

## GENERAL

**BE IT RESOLVED**, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each of the Authorized Signatories (and their designees and delegates) be, and they hereby are, individually authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, including but not limited to filing fees, in each case

as in such Authorized Signatory's judgment, shall be necessary, advisable, convenient, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein;

**FURTHER RESOLVED**, that the Board of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the Governing Document of each Company, or hereby waive any right to have received such notice; and

**FURTHER RESOLVED**, that all acts, actions, and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement, or certificate has been specifically authorized in advance by resolution of each Board.

[signature pages to follow]

This consent may be executed in multiple counterparts, each of which will be deemed an original and all of which when taken together shall constitute a one and the same consent. The signature pages of any member of the Boards or copies or facsimiles thereof may be appended to any counterpart of this consent and when so appended, shall constitute an original.

IN WITNESS WHEREOF, the undersigned, being all of the members of the Board of JOANN Inc., hereby consent to, and approve and adopt, the foregoing resolutions as of the date first set forth above.

Signed by:

Mary Campbell
84B9CC2DF0944B0...

Mary Campbell

Signed by:

Joe Hartsig
04FE7C843BD040E...

Joe Hartsig

DocuSigned by:

E81A9D42A2E34AA...

Michelle Israel

DocuSigned by:

F564BBF4D6A8439...

Maarten Jager

Signed by:

3DA2D268392C4AE...

Woodson Whitehead

Signed by:

PAMELA CORRIE
F0897890FA8E41A...

Pamela Corrie

Signed by:

Jill Frizzley
F1ED93C87A6C43D...

Jill Frizzley

*Signature Page to Omnibus Unanimous Written Consent*

IN WITNESS WHEREOF, the undersigned, being all of the members of the Boards listed below, hereby consent to, and approve and adopt, the foregoing resolutions as of the date first set forth above.

**NEEDLE HOLDINGS LLC**
**JO-ANN STORES, LLC**
**JOANN HOLDINGS 1, LLC**
**JOANN HOLDINGS 2, LLC**
**JAS AVIATION, LLC**
**CREATIVE TECH SOLUTIONS LLC**
**CREATIVEBUG, LLC**
**JOANN.COM, LLC**
**JOANN DITTO HOLDINGS INC.**
**WEAVEUP, INC.**
**JO-ANN STORES SUPPORT CENTER, INC.**
**DITTOPATTERNS LLC**

DocuSigned by:

*Michael Prendergast*
26DF85AFF8BE485...
Michael Prendergast

Signed by:

*Jeffrey Dwyer*
4DE1EABE3E724E7...
Jeffrey Dwyer

DocuSigned by:

*Ann Aber*
40AE2B105008443...
Ann Aber

*Signature Page to Omnibus Unanimous Written Consent*