**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (___) |
| Debtors. | (Joint Administration Requested) |

**MOTION OF DEBTORS FOR
ENTRY OF INTERIM AND FINAL ORDERS
(I) AUTHORIZING THE DEBTORS TO (A) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, (B) APPROVE THE FORM
AND MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT,
(C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF
CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state

as follows in support of this motion:[2]

**Relief Requested**

1.     The Debtors seek entry of interim and final orders, substantially in the forms

attached hereto as **Exhibit A** and **Exhibit B** (respectively, the "Interim Order" and "Final Order"),

(a) authorizing the Debtors to (i) serve certain parties in interest by email, (ii) approve the form

and manner of service of the notice of commencement of these chapter 11 cases, (iii) redact or

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer of JOANN Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously herewith and incorporated by reference herein. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

withhold certain confidential information of customers, and (iv) redact certain personally identifiable information of individuals, and (b) granting related relief.  In addition, the Debtors request that the Court schedule a final hearing approximately twenty-one days from the Petition Date.

## Jurisdiction and Venue

2.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.   The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.     The statutory bases for the relief requested herein are sections 105(a), 107(b), 107(c), and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 1007, 2002, and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1(c), 1007-1, 1007-2, 2002-1, 9013-1(m), and 9018-1(d).

## Background

5.     JOANN   Inc.,   together   with   its   Debtor   and   non-Debtor   affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts,

and select home décor products.  Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.  For over 80 years, JOANN has fueled the creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6.       On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  Concurrently with the filing of this motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

## Basis for Relief

### I.       Authorization to Provide Service via Email or a One Page Notice of the Bankruptcy by Mail Should Be Approved.

7.       Although the Bankruptcy Rules generally require notices to be served on creditors at their addresses, they give significant latitude to bankruptcy courts for modifying the general rule.  *See* Fed. R. Bankr. P. 2002(m) and 9007.  Bankruptcy courts have explicit authority to modify the manner in which notice is given.  Fed. R. Bankr. P. 2002(m).  In complex chapter 11 cases in this and other districts, courts have permitted debtors to provide email service to creditors.  *See, e.g., In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the debtors to provide email service to creditors with valid email addresses on file that (i) have not designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e) and (ii) do not request to be served hard copies by mail); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del.

3

June 6, 2024) (same); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (authorizing debtors to provide email service to creditors who have a valid email address on file with the debtors but have not designated a physical mailing address); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing the debtors to provide email service to (i) customers with a valid email address on file with the debtors and (ii) non-customer creditors who have a valid email address on file with the debtors but have not designated a physical mailing address); *In re Boxed, Inc.*, No. 23-10397 (BLS) (Bankr. D. Del. April 6, 2023) (authorizing debtors to serve customers via email); *In re FTX Trading Ltd.*, No. 22-11068 (JTD) (Bankr. D. Del. Jan. 9, 2023) (authorizing debtors to provide email service to customers with a valid email address on file with the debtors and non-customer creditors who have a valid email address on file with the debtors but have not designated a physical mailing address); *In re Cred Inc*., No. 20-12836 (JTD) (Bankr. D. Del. Nov. 10, 2020) (authorizing debtors to serve customers via email); *see also In re Benefytt Techs. Inc.*, No. 23-90566 (Bankr. S.D. Tex. May 23, 2023) (authorizing debtors to provide email service of the notice of commencement to all parties in the creditor matrix).

8.     Here, serving notices by traditional mail is cost-prohibitive given the size of the Debtors' creditor matrix and the total amount of cash collateral available to fund these chapter 11 cases. Serving notices by traditional mail would drain a material amount of the Debtors' available cash at a time when such funds could instead be used to support the Debtors' restructuring efforts. In addition, email service will help alleviate administrative burdens. Accordingly, the Debtors request authority to serve all required notice (and other documents) by email, or, where a

customer's email address is unavailable to the Debtors, serve a one-page notice of the bankruptcy by first class mail.

9.      Implementation of the procedures requested herein is appropriate in these chapter 11 cases and well within the Court's authority under the Bankruptcy Rules and equitable powers under section 105(a) of the Bankruptcy Code.

**II.     Service of Notices to Creditors by the Claims and Noticing Agent Is Warranted.**

10.      Bankruptcy Rule 2002(a) provides, in relevant part, that "the clerk or the court's designee must give the debtor, the trustee, all creditors, and all indenture trustees at least 21 days' notice by mail of:  (1) the meeting of creditors under § 341 or § 1104(b)."  Fed. R. Bankr. P. 2002(a).  Subsection (f) provides that notice of the order for relief shall be sent by mail to all creditors.  *See* Fed. R. Bankr. P. 2002(f).

11.      The Debtors request that Kroll Restructuring Administration LLC ("Kroll"), the Debtors' proposed claims and noticing agent (the "Claims and Noticing Agent"), undertake all mailings and email service, as applicable, directed by the Court or the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee") or as required in section 342(a) of the Bankruptcy Code and Bankruptcy Rules 2002(a) and (f), including the notice of commencement of these chapter 11 cases, substantially in the form attached as Exhibit 1 to the Interim Order (the "Notice of Commencement"), on all parties listed on the Creditor Matrix to advise them of the meeting of creditors under section 341 of the Bankruptcy Code.  Service of the Notice of Commencement on the Creditor Matrix will not only avoid confusion among creditors but will also prevent the Debtors' estates from incurring unnecessary costs associated with serving multiple notices to the parties listed on the Debtors' voluminous Creditor Matrix.  Accordingly, service of the Notice of Commencement is warranted.

12.     The Debtors believe that using the Claims and Noticing Agent to promptly provide notices to all applicable parties will maximize efficiency in administering these chapter 11 cases and will ease administrative burdens that would otherwise fall upon the Court and the U.S. Trustee. Additionally, the Claims and Noticing Agent will assist the Debtors in preparing creditor lists and mailing initial notices, and, therefore, it is more efficient to authorize the Claims and Noticing Agent to mail or email, as applicable, all notices, including the Notice of Commencement. Accordingly, the Claims and Noticing Agent should undertake such mailings and email service.

### III.     Redaction of Certain Confidential Information of Customers is Warranted.

13.     Section 107(b)(1) of the Bankruptcy Code requires bankruptcy courts, on request of a party in interest, to "protect an entity with respect to a trade secret or confidential research, development, or commercial information."   11 U.S.C. § 107(b)(1).   Pursuant to Bankruptcy Rule 9018, upon motion, "the court may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information [or] to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code." Fed. R. Bankr. P. 9018.

14.     Cause exists pursuant to section 107(b)(1) of the Bankruptcy Code to authorize the Debtors to redact from any paper filed or to be filed with the Court or otherwise made public in these chapter 11 cases, including the Creditor Matrix, Top 30 List, the Schedules and Statements,[3] and any affidavits of service related thereto, the names and all associated identifying information of the Debtors' customers.  The Debtors' customer list, and related customer data, is an important

---

[3]   As defined in the *Motion of Debtors for Entry of an Order (I) Extending Time to File Schedules of Assets and Liabilities, Schedules of Current Income and Expenditures, Schedules of Executory Contracts and Unexpired Leases, Statements of Financial Affairs, and Rule 2015.3 Financial Reports, and (II) Granting Related Relief*, filed contemporaneously herewith.

and valuable asset of the Debtors, and it is vital that the Debtors maintain their customer list in strict confidence. Accordingly, cause exists to authorize the Debtors to redact from any paper filed or to be filed the names, home addresses, and email addresses of the Debtors' customers.

15.     Where, as here, a debtor's customers' identities and contact information are valuable, proprietary, and confidential commercial information, courts in this district and others have authorized debtors to redact the names and other identifying information of the debtor's customers for cause. Most recently, in *In re FTX Trading Ltd.*, the District Court of the District of Delaware affirmed the Bankruptcy Court's ruling to permanently redact the names, home and email addresses of the debtors' customers finding that the debtors' customer list fell within the ambit of section 107(b)(1) of the Bankruptcy Code, that the Bankruptcy Court's determination to protect the customer list was not an abuse of discretion, and that sealing the information preserved the debtors' business assets. No. 23-682 (CFC), 2024 WL 4948827 at *8-9 (D. Del. Dec. 3, 2024); *see also*, *In re SunPower Corp.,* No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the debtors to redact the street and email addresses of the debtors' customers from any filings with the court or made publicly available on a final basis); *In re PGX Holdings, Inc.*, No. 23-10718 (CTG) (Bankr. D. Del. July 19, 2023) (authorizing the debtors to redact the names of customers on a final basis); *In re SiO2 Med. Prods., Inc.*, No. 23-10366 (JTD) (Bankr. D. Del. June 15, 2023) (same); *In re Loot Crate, Inc.*, Case No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file all lists of customer creditors under seal); *In re Altegrity, Inc.*, 2015 WL 10963572, at *3–4 (Bankr. D. Del. July 6, 2015) (authorizing the debtors to file under seal confidential commercial information). *In re WeWork Inc.*, No. 23-19865 (JKS) (Bankr. D. N.J. Dec. 20, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of their customers from any filings with the court and reserving the rights of the U.S. Trustee to

be heard with respect to the redactions regarding confirmation, conversion to chapter 7, or dismissal of the chapter 11 cases); *In re Genesis Glob. Holdco, LLC*, No. 23-10063 (SHL) (Bankr. S.D.N.Y. Aug. 4, 2023) (authorizing the debtors to redact the names, home addresses, and email addresses of their customers from any filings with the court and collecting cases where courts have held that customer lists constitute confidential commercial information); *In re Benefytt Techs.*, Inc., No. 23-90566 (Bankr. S.D. Tex. May 23, 2023) (authorizing the debtors to redact the names and home and email addresses of individuals); *In re Voyager Digital Holdings, Inc.*, No. 22-10943 (MEW) (Bankr. S.D.N.Y. July 20, 2022) (authorizing the debtors to redact the names of "Confidential Parties," including customers, from professional retention applications).  As such, cause exists to authorize the Debtors to redact from any paper filed or to be filed the names, addresses, and email addresses of the Debtors' customers.

16.     The Debtors will make the unredacted version of the Creditor Matrix, Top 30 List, Schedules and Statements, and any other applicable filings redacted pursuant to the Interim and Final Orders available to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, the proposed Claims and Noticing Agent, and to any other party upon Court order.

### IV.     Redacting Certain Confidential Information of Individuals Is Warranted.

17.     Section 107(c)(1) of the Bankruptcy Code provides that the Court:

> [F]or cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
>
> (A) Any means of identification . . . contained in a paper filed, or to be filed, in a case under [the Bankruptcy Code].
>
> (B) Other information contained in a paper described in subparagraph (A).

8

11 U.S.C. § 107(c)(1).

18.     In addition, privacy and data protection regulations have been enacted in key jurisdictions in which the Debtors and their non-Debtor affiliates do business.  For example, in 2018, the state of California enacted the California Consumer Privacy Act of 2018 (the "CCPA"),[4] which provides individuals domiciled in California the right to, among other things, request that their collected personal information, including postal addresses, be deleted by entities subject to the regulation and opt out of the sale of personal information by such entities to third parties. Violators risk injunctions and civil penalties of up to $2,500 for *each* violation and up to $7,500 for *each intentional* violation.  Cal. Civ. Code § 1798.155.  The CCPA applies to all for-profit entities doing business in California ("CCPA Entities") that collect and process consumers' personal data and satisfy one of the following criteria:  (a) annual gross revenue in excess of $25 million; (b) buys, shares, receives, or sells the personal information of more than 50,000 consumers, households, or devices for commercial purposes; or (c) receives 50% or more of their annual revenues from selling consumers' personal information.  Cal. Civ. Code § 1798.140(c)(1).

---

[4]     *See also* the Virginia Consumer Data Protection Act Va. Code §§ 59.1-575-59.1-585 (effective as of Jan. 1, 2023), the Connecticut Act Concerning Personal Data Privacy and Online Monitoring, Public Act § 22-15 (effective as of July 1, 2023), the Colorado Privacy Act, Colo. Rec. Stat. § 6-1 (effective as of July 1, 2023), the Utah Consumer Privacy Act, Utah Code § 13-61 (effective on Dec. 31, 2023), the Florida Digital Bill of Rights, Fla. Stat. § 501.701 (effective on July 1, 2024), the Texas Data Privacy and Security Act, Tex. Bus. & Com. Code Ann. § 541 (effective on July 1, 2024), the Oregon Consumer Privacy Act, Or. Rev. Stat. § 1.13 (effective as of July 1, 2024), the Montana Consumer Data Privacy Act, Mont. Code Ann. § 35 (effective on Oct. 1, 2024), the Delaware Personal Data Privacy Act, Del. Code Ann. tit. 6 § 12D-102 (effective as of Jan. 1, 2025), the Iowa Data Privacy Law, Iowa Code § 715D.1 (effective on Jan. 1, 2025), the New Hampshire Privacy Law, N.H. Rev. Stat. § 507-H:1 (effective on Jan. 1, 2025), the Tennessee Information Protection Act, Tenn. Code Ann. § 47-18 (effective on July 1, 2025), the New Jersey Data Privacy Act , N.J. Rev. Stat. § 56:1 (effective on Jan. 15, 2025), and the Indiana Data Privacy Law, Ind. Code § 24-15 (effective on Jan. 1, 2026).

The Debtors likely qualify as CCPA Entities because the Debtors do business in California and the Debtors' annual gross revenue for 2024 was over $1 billion.

19.     Therefore, the Debtors request authority to redact from any paper filed or to be filed with the Court in these chapter 11 cases, including, but not limited to, the Creditor Matrix, Schedules and Statements, and any related affidavits of service, the home and email addresses of natural persons—including the Debtors' individual equity holders, customers, employees, and independent contractors—because, respectively, (a) such information can be used to perpetrate identity theft[5] and phishing scams or to locate survivors of domestic violence, harassment, or stalking under 11 U.S.C. § 107(c)(1), and (b) disclosure risks exposing the Debtors to potential civil liability and significant financial penalties.

20.     Redaction is necessary to protect information that would create "undue risk of identity theft or other unlawful injury to the individual or the individual's property." 11 U.S.C. § 107(c)(1).  The risk in relation to 11 U.S.C. § 107(c)(1) is not merely speculative.  In at least one chapter 11 case in Delaware, the abusive former partner of a debtor's employee used the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee at her new address that had not been publicly available until then, forcing the employee

---

[5]     *See In re Endo Int'l. PLC*, No. 22-22549 (JLG), 2022 WL 16640880 at *7, 10-12 (Bankr. S.D.N.Y. Nov. 2, 2022) (taking "judicial notice of the fact that identity theft is a world-wide problem," recognizing that the right of public access to judicial records "is not absolute," and authorizing the debtors to redact the names, home addresses, and email addresses of certain litigation claimants located in the US, EU, UK, and Australia from any paper filed with that court and/or otherwise made publicly available by the debtors and the claims and noticing agent thereof); *see also In re Genesis Global Holdco, LLC*, 652 B.R. 618, 636–38 (Bankr. S.D.N.Y Aug. 4, 2023) (citing *Endo*, and finding that "[h]ome addresses fall within that category of information, as it is taken as a 'given' that they constitute personally identifiable information that is vital information to perpetrators of identity theft, stalking and intimate partner violence alike, and that publishing such information facilitates an identify thief's search for data and a stalker's or abuser's ability to find his or her target" and that "an undue risk of identity theft of unlawful injury exists to the Individual [creditors] should their names, addresses, or other contact information be released in the bankruptcy cases. . . . redaction of the Individual [creditors] names is important because contact information—including home addresses—could easily be found on the internet through the use of their names."). *Id*. at 635, 637.

to change addresses again.[6]  More recently, in a chapter 11 case in the Southern District of New York, at least thirteen phishing scams have been uncovered.[7]  These incidents targeted individuals whose names were publicized in the creditor matrix, including one in which scammers modified a court order and sent it to individuals whose names were disclosed, two incidents where scammers posed as associates of debtors' counsel using fake email accounts purportedly from debtors' counsel and requested that individual creditors reply with their account and other personal information, and another incident where scammers posed as the debtor's claims agent and requested the same information from individual creditors.

21.    Courts in this district have granted the relief requested herein in comparable chapter 11 cases.  *See, e.g.*, *In re SunPower Corp.,* No. 24-11649 (CTG) (Bankr. D. Del. Aug. 28, 2024) (authorizing the debtors to redact the home and email addresses of natural persons from the creditor matrix, schedules and statements, affidavits of service, and any other documents filed with the court); *In re Vyaire Medical, Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. June 11, 2024) (same); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. June 6, 2024) (authorizing the debtors to redact the home and email addresses of individuals on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other documents filed with the Court); *In re Appgate, Inc.*, No. 24-10956 (CTG) (Bankr. D. Del. May 28, 2024) (same); *In re Sientra, Inc.*, No. 24-10245 (JTD) (Bankr. D. Del. Apr. 10, 2024) (same); *In re MVK Farmco LLC,*

---

[6]   The incident, which took place during the first Charming Charlie chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. Jul. 11, 2019), Docket No. 4.

[7]   *See In re Celsius Network, LLC*, Case No. 22-10964 (MG), Docket Nos. 1527, 1681, 1904, 1992, 2082, 2896, 3121, 3251, 3422, 3722, 3932, 4070, and 7729.

No. 23-11721 (LSS) (Bankr. D. Del. Nov. 15, 2023) (same); *In re Yellow Corp.*, No. 23-11069 (CTG) (Bankr. D. Del. Sept. 13, 2023) (same).[8]

22.    In addition to granting the requested relief, courts in this district have also expounded on the importance of authorizing debtors to redact individual creditors' personally identifiable information.   In *In re FTX Trading Ltd.,* the District Court also affirmed the Bankruptcy Court's ruling permanently redacting the names, home and email addresses of natural persons under section 107(c) of the Bankruptcy Code, finding that millions of customers and creditors who are natural persons "would, absent the relief granted by the Bankruptcy Court, have their identities revealed without their consent (and in many cases without their knowledge.").  Civ. No. 23-682 (CFC), 2024 WL 4948827 at *11 (D. Del. Dec. 3, 2024); *see also* Hr'g Tr. at 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016) ("THE COURT: . . . Well, I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so . . . I just think that individuals whose only position is to have been former employees, for example, ought not to have their home addresses listed publicly.  I think that . . . creates a possibility of abuse . . . .").

23.    In addition, in *Art Van Furniture*, in overruling the objection of the U.S. Trustee to the same redaction relief proposed here, Judge Sontchi noted that the proposed redaction is not a "burden of proof" issue so "much as a commonsense issue.  Hr'g Tr. at 25:6–7, *In re Art Van Furniture, LLC*, No. 20-10533 (CSS) (Bankr. D Del. Mar. 2020).[9]  Judge Sontchi found that "at

---

[8]    Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request of the Debtors' proposed counsel.

[9]    Similarly, Judge Sontchi previously overruled the Delaware U.S. Trustee's objection to the redaction of individuals' information and found that "it's just plain common sense in 2019—soon-to-be 2020—to put as little information out as possible about people's personal lives to present [sic] scams . . . [Identity theft] is a real-life issue, and, of course, the issue of domestic violence is extremely important." Hr'g Tr. at 48:20–22, 49:3–5, *In re Anna Holdings*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019). Notably, Judge Sontchi acknowledged that

this point and given the risks associated with having any kind of private information out on the internet, [redaction] has really become routine [and] I think obvious relief." *Id*. at 25:13–16.

24.     Similarly, in *Clover Technologies*, Judge Owens overruled the U.S. Trustee's objection, noting that "[t]o me it is common sense.  I don't need evidence that there is, at best, a risk of identity theft and worse a risk of personal injury from listing someone's name and address on the internet by way of the court's electronic case filing system and, of course, the claims agent's website. . . . The court can completely avoid contributing to the risk by redacting the addresses. And while there is, of course, an important right of access we routinely redact sensitive and confidential information for corporate entities and redact [individuals'] home addresses." Hr'g Tr. at 24:21-25, 25:9-10, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Jan. 22, 2020).  And, in *Forever 21*, in overruling the U.S. Trustee's objection, Judge Gross found that "[w]e live in a new age in which the theft of personal identification is a real risk, as is injury to persons who, for personal reasons, seek to have their addresses withheld."  Hr'g Tr. at 60:22–25, *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Dec. 19, 2019).

25.     For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1) and in compliance with other similar data privacy laws and regulations, the home and email addresses of individuals listed on the Creditor Matrix, Schedules and Statements, or any other document filed with the Court.  Absent such relief, the Debtors (a) may be in violation of applicable data privacy law, thereby exposing them to severe monetary penalties that could threaten the Debtors' operations during this sensitive stage of their

---

"the world is very different from [the 1980s] when you and I started practice with the problems of identity theft" and that his perspective had evolved in that he was not previously aware of "the dangers with this kind of information becoming public."  *See* Hr'g Tr. at 45:25-46:2, 47:22–24.  The Debtors reserve the right to supplement the record with respect to such risks insofar as they are not self-evident in this instance.

restructuring, (b) would unnecessarily render individuals more susceptible to identity theft and phishing scams, and (c) could jeopardize the safety of employees, independent contractors, and other individual creditors, customers, equity holders who, unbeknownst to the Debtors, are survivors of domestic violence, harassment, or stalking by publishing their home and email addresses without any advance notice or opportunity to opt out or take protective measures.

26.     The Debtors propose to provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to the proposed Interim Order and Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, and (e) the Claims and Noticing Agent; *provided* that any receiving parties shall not transfer or otherwise provide such unredacted document to any person or entity that is not a party to the request.  In each case, this would be subject to a review of whether such disclosure, on a case-by-case basis, would violate any obligation under any other privacy or data protection law or regulation.  Nothing requested herein is intended to preclude a party in interest's right to file a motion requesting that the Court unseal the information redacted by the Interim and Final Orders.  In addition, the Debtors will distribute as applicable any notices that are received at the Debtors' corporate headquarters and are intended for a current employee.

### Compliance with Local Rule 9018-1(d)(iv)

27.     To the best of the knowledge, information, and belief of the undersigned proposed counsel to the Debtors, the documents that the Debtors are requesting to seal pursuant to the relief

requested in this motion do not contain information subject to the Confidentiality Rights of another Holder of Confidentiality Rights (each as defined in Local Rule 9018-1(d)(iii)).

## Notice

28.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee;  (b) counsel to the Prepetition Term Loan Agent; (c) counsel to the Prepetition ABL Agent;  (d) counsel to the Prepetition FILO Agent; (e) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  As this motion is seeking "first day" relief, within two business days of the hearing on this motion, the Debtors will serve copies of this motion and any order entered in respect to this motion as required by Local Rule 9013-1(m).  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Interim Order and Final Order, substantially in the forms attached hereto as **Exhibit A** and **Exhibit B**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: January 15, 2025
Wilmington, Delaware

/s/ Patrick J. Reilley

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (*pro hac vice* pending) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (*pro hac vice* pending) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 1410 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | Email: aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (*pro hac vice* pending) |
| | Jeffrey Michalik (*pro hac vice* pending) |
| | Lindsey Blumenthal (*pro hac vice* pending) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |

16

## <u>Exhibit A</u>

**Proposed Interim Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. _** |

## INTERIM ORDER
### (I) AUTHORIZING THE DEBTORS TO (A) SERVE CERTAIN PARTIES IN INTEREST BY EMAIL, (B) APPROVE THE FORM AND MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT, (C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE INFORMATION OF INDIVIDUALS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) serve certain parties in interest by email, (ii) approve the form and manner of service of the notice of commencement of these chapter 11 cases, (iii) redact or withhold certain confidential information of customers, and (iv) redact certain personally identifiable information of individuals, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2025, at__:__ _.m., (Eastern Time). Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (Eastern Time) on _____, 2025 and shall be served on: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410,

Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); and (i) any statutory committee appointed in these chapter 11 cases.

3.     The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to

submit a consolidated Creditor Matrix, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen days of any such conversion.

4.     As soon as practicable after entry of an order authorizing Kroll's retention as Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to Kroll a consolidated Creditor Matrix.  Except to the extent a party has consented to service via email, when serving any notice in these cases on the Debtors' creditors who are individuals, the Claims and Noticing Agent and, where applicable, the Clerk of the Court, shall use the individuals' residential addresses.

5.     The Debtors are authorized, on an interim basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that the Debtors shall be required to make a separate request for sealing relief in connection with any other filings with the Court or made publicly available in these chapter 11 cases.

6.     The Debtors are authorized, on an interim basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other document filed with the Court by the Debtors, the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Interim Order to (a) the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, the Claims and Noticing Agent, and (b) any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, *provided* that any receiving party shall not transfer or

otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Interim Order.

7.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Interim Order.

8.      The Debtors shall file a redacted version of the Creditor Matrix, Schedules and Statements, or other document filed with the Court, as well as post it on Kroll's website.

9.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

10.      Nothing in this Interim Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Interim Order.  Service of all documents and notices upon individuals whose personally identifiable information is sealed or redacted pursuant to this Interim Order shall be confirmed in the corresponding certificate of service.

11.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Interim Order, such party in interest shall contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

12.      The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, via email, except when a party to be served both (a) has a mailing address in the Debtors' books, records and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (b) has requested hard copy

U.S. first class mail service, in which case, such party shall be served by mail at such mailing address. This Interim Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s). Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036. If notice is provided to any of the Debtors' customers by hard copy U.S. first class mail service, such notice need not exceed one page if it includes a website URL that links directly to the document(s) to which such notice relates.

13.     The Notice of Commencement, substantially in the form attached hereto as **Exhibit 1**, is approved. Service of the Notice of Commencement shall be deemed adequate and sufficient notice of (a) the commencement of these chapter 11 cases and (b) the scheduling of the meeting of creditors under section 341 of the Bankruptcy Code.

14.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

15.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Interim Order are immediately effective and enforceable upon entry.

16.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

17.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## Exhibit 1

**Notice of Commencement**

**Information to identify the case:**

Debtor        JOANN Inc., *et al.*

EIN:  46-1095540

United States Bankruptcy Court for the **District of Delaware**

Case number: **25-10068 (___)**

Date cases filed for chapter 11: **January 15, 2025**

Official Form 309F1 (For Corporations or Partnerships)

## Notice of Chapter 11 Bankruptcy Case

10/20

**For the debtor listed above, a case has been filed under chapter 11 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors and debtors, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtor or the debtor's property. For example, while the stay is in effect, creditors cannot sue, assert a deficiency, repossess property, or otherwise try to collect from the debtor. Creditors cannot demand repayment from the debtor by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees.

Confirmation of a chapter 11 plan may result in a discharge of debt. A creditor who wants to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadline specified in this notice. (See line 11 below for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at https://pacer.uscourts.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**Do not file this notice with any proof of claim or other filing in the case.**

**Valid Picture ID is required for access to the J. Caleb Boggs Federal Building.  Additionally, Debtor(s) must also present photo ID plus original verification of his/her social security number to the Bankruptcy Trustee.  If you do not have a photo ID and/or original verification of your social security number, please contact the Office of the United States Trustee's  (302−573−6491).**

| | |
|---|---|
| **1.  Debtor's full name:  JOANN Inc.** | |
| **2.  All other names used in the last 8 years:  See Chart Below** | |

| Jointly Administered Cases | Other Names (Last 8 Years) | Case No. | Tax ID No. |
|---|---|---|---|
| **JOANN Inc.** | **Jo-Ann Stores Holdings Inc.; JOANN; Jo-Ann Fabrics and Crafts** | **25-10068 (___)** | **46-1095540** |
| **JOANN Holdings 1, LLC** | | **25-10069 (___)** | **99-3739030** |
| **JOANN Holdings 2, LLC** | | **25-10070 (___)** | **99-3746408** |
| **Needle Holdings LLC** | | **25-10071 (___)** | **27-4503814** |
| **Jo-Ann Stores, LLC** | **JO-ANN; JO ANN Fabric and Craft Stores; Jo-Ann Fabrics and Crafts; Joann.com; JOANN; J (ETC) ANN; JO-ANN Fabrics; JAS LLC; JO-ANN, Experience the Creativity; JOANN Handmade Happiness** | **25-10072 (___)** | **34-0720629** |
| **Creative Tech Solutions LLC** | **Ditto Products LLC; Loriini, LLC** | **25-10073 (___)** | **82-1996734** |
| **Creativebug, LLC** | | **25-10074 (___)** | **47-1053208** |
| **WeaveUp, Inc.** | | **25-10075 (___)** | **47-4135633** |
| **JAS Aviation, LLC** | | **25-10076 (___)** | **46-2589570** |
| **joann.com, LLC** | | **25-10077 (___)** | **95-4761594** |

| JOANN Ditto Holdings Inc. | JOANN International Inc. | 25-10078 (___) | 86-3449652 |
|---|---|---|---|
| Jo-Ann Stores Support Center, Inc. | | 25-10079 (___) | 26-3855027 |
| Dittopatterns LLC | NEWCO JODITO LLC | 25-10080 (___) | 88-2140452 |

**3. Address:** 5555 Darrow Road, Hudson, Ohio, USA 44236

**4. Debtors' Attorneys**
   Name and address

**Cole Schotz P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Contact Phone: (302) 652-3131
Facsimile (302) 652-3117
Email:    preilley@coleschotz.com
       snewman@coleschotz.com
       mfitzpatrick@coleschotz.com
       jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (*pro hac vice* pending)
Aparna Yenamandra, P.C. (*pro hac vice* pending)
601 Lexington Avenue
New York, New York 10022

- and -

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Anup Sathy, P.C. (*pro hac vice* pending)
Jeffrey Michalik (*pro hac vice* pending)
Lindsey Blumenthal (*pro hac vice* pending)
333 West Wolf Point Plaza
Chicago, Illinois 60654

Email:    joshua.sussberg@kirkland.com
       aparna.yenamandra@kirkland.com
       anup.sathy@kirkland.com
       jeff.michalik@kirkland.com
       lindsey.blumenthal@kirkland.com

**Debtors' Claims and Noticing Agent**

If you have questions about this notice, please contact:

JOANN Inc. (2025) Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**Contact Phone**:

(844) 712-2239 (toll free) or
+1 (646) 863-7121 (international)

Email: Joann2025Info@ra.kroll.com

Website: https://cases.ra.kroll.com/JOANN2025

**5. Bankruptcy clerk's office**

Documents in this case may be filed at this address.
You may inspect all records filed in this case at this office or online at
https://pacer.uscourts.gov.

**824 N. Market Street, 3rd Floor**
**Wilmington, DE 19801**

Hours open:  Monday − Friday 8:00 AM − 4:00 PM
Contact phone 302−252−2900

| 6. Meeting of creditors | [●], 2025, at [TIME] (ET) | Location: Telephonic |
|---|---|---|
| The debtor's representative must attend the meeting to be questioned under oath. Creditors may attend, but are not required to do so. | The meeting may be continued or adjourned to a later date.  If so, the date will be on the court docket. | **The meeting of Creditors will be held by phone. Please call +1-888-455-8838 and use access code 9086967 to join the meeting.** |

| 7. Proof of claim deadline | Deadline for filing proof of claim: | Not yet set. If a deadline is set, the court will send you another notice. |
|---|---|---|

A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office.
Your claim will be allowed in the amount scheduled unless:
• your claim is designated as disputed, contingent, or unliquidated;
• you file a proof of claim in a different amount; or
• you receive another notice.

If your claim is not scheduled or if your claim is designated as disputed, contingent, or unliquidated, you must file a proof of claim or you might not be paid on your claim and you might be unable to vote on a plan. You may file a proof of claim even if your claim is scheduled.

You may review the schedules at the bankruptcy clerk's office or online at https://pacer.uscourts.gov.

Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits a creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial.

| 8. Exception to discharge Deadline | If § 523(c) applies to your claim and you seek to have it excepted from discharge, you must start a judicial proceeding by filing a complaint by the deadline stated below. |
|---|---|
| The bankruptcy clerk's office must receive a complaint and any required filing fee by the following deadline. | **Deadline for filing the complaint:  To be determined.** |

| 9. Creditors with a foreign address | If you are a creditor receiving notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice.  Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
|---|---|

| 10. Filing a Chapter 11 bankruptcy case | Chapter 11 allows debtors to reorganize or liquidate according to a plan. A plan is not effective unless the court confirms it. You may receive a copy of the plan and a disclosure statement telling you about the plan, and you may have the opportunity to vote on the plan. You will receive notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the debtor will remain in possession of the property and may continue to operate its business. |
|---|---|

| 11. Discharge of debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt.  See 11 U.S.C. § 1141(d).  A discharge means that creditors may never try to collect the debt from the debtor except as provided in the plan.  If you want to have a particular debt owed to you excepted from the discharge and § 523(c) applies to your claim, you must start a judicial proceeding by filing a complaint and paying the filing fee in the bankruptcy clerk's office by the  deadline. |
|---|---|

**If you have questions about this notice, please contact the Debtors' Claims and Noticing Agent, Kroll Restructuring Administration LLC, at (844) 712-2239 (toll free) or +1 (646) 863-7121 (international), or via email by submitting an inquiry at Joann2025Info@ra.kroll.com.**

**You may also find out more information at https://cases.ra.kroll.com/Joann2025**

## **Exhibit B**

**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (___) |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | **Re: Docket No. _** |

## FINAL ORDER
## (I) AUTHORIZING THE DEBTORS TO (A) SERVE CERTAIN
## PARTIES IN INTEREST BY EMAIL, (B) APPROVE THE FORM
## AND MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT,
## (C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF
## CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
## INFORMATION OF INDIVIDUALS, AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing the

Debtors to (i) serve certain parties in interest by email, (ii) approve the form and manner of service

of the notice of commencement of these chapter 11 cases, (iii) redact or withhold certain

confidential information of customers, and (iv) redact certain personally identifiable information

of individuals, and (b) granting related relief, all as more fully set forth in the Motion; and upon

the First Day Declaration; and the United States District Court for the District of Delaware having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under

28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court for the District of Delaware, dated February 29, 2012; and this Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court

may enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein, if any, at a hearing before

this Court (the "Hearing"); and this Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing

matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to

submit a consolidated Creditor Matrix, *provided* that if any of these chapter 11 cases converts to a

case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor

mailing matrix within fourteen days of any such conversion.

3.     The Debtors are authorized, on a final basis, pursuant to section 107(b)(1) of the

Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any

filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that

the Debtors shall be required to make a separate request for sealing relief in connection with any other filings with the Court or made publicly available in these chapter 11 cases.

4.      The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other document filed with the Court by the Debtors, the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to any official committee appointed in these chapter 11 cases, (d) the Claims and Noticing Agent, and (e)  any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request. The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.      The Debtors shall file a redacted version of the Creditor Matrix, Schedules and Statements, or other document filed with the Court, as well as post it on Kroll's website.

7.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

8.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices

upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest shall contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

10.     The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, via email, except when a party to be served both (a) has a mailing address in the Debtors' books, records and files or has designated a mailing address under Bankruptcy Rules 2002(g)(l) or 5003(e), and (b) has requested hard copy U.S. first class mail service, in which case, such party shall be served by mail at such mailing address.  This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).  Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036.  If notice is provided to any of the Debtors' customers by hard copy U.S. first class mail service, such notice need not exceed one page if it includes a website URL that links directly to the document(s) to which such notice relates.

11.     The Debtors, through their Claims and Noticing Agent, are authorized to serve the Debtors' customers by email, where an email account is available.  Where an email account is unavailable, notices required under Bankruptcy Rule 2002(g) are modified to permit notices to

customers with a one-page notice by first class mail, which includes a link to the Debtors' case website and a direct link to the Notice of Commencement.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

13.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.