**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re:  Docket Nos. 12 and 86** |

**INTERIM ORDER (I) AUTHORIZING**
**THE PAYMENT OF CERTAIN PREPETITION AND**
**POSTPETITION TAXES AND FEES, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an interim order (this "Interim Order"), (a) authorizing the Debtors to (i) negotiate, remit, and pay (or use tax credits to offset) Taxes and Fees and any obligations subsequently determined upon Audit or Assessment (including any item that arises in connection with a voluntary disclosure by the Debtors of a tax issue that is not otherwise under Audit) or otherwise to be owed for periods prior to, including, or following the Petition Date, and (ii) undertake the Tax Planning Activities, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on an interim basis as set forth herein.

2.      The final hearing (the "Final Hearing") on the Motion shall be held on February 11, 2025, at 2:00 p.m., (Eastern Time).  Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m. (Eastern Time) on February 4, 2025 and shall be served on: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware

Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); and (i) any statutory committee appointed in these chapter 11 cases.

3.      The Debtors are authorized, but not directed, on an interim basis to:  (a) negotiate, pay, and remit (or use tax credits to offset), or otherwise satisfy the Taxes and Fees (including corresponding Assessments) that arose or accrued prior to the Petition Date and that will become due and owing within the first twenty-one days of these chapter 11 cases in the ordinary course of business and consistent with prepetition taxes, at such time when the Taxes and Fees are payable, in an aggregate amount not to exceed $27.9 million on an interim basis; and (b) negotiate, pay, and remit (or use tax credits to offset) Taxes and Fees that arise or accrue in the ordinary course of business during the interim period on a postpetition basis until the date a Final Order on the Motion is entered including, for the avoidance of doubt, posting collateral or a letter of credit in connection with any dispute related to the Audits or Assessments or paying any Taxes and Fees arising as a result of the Audits (including any item that arises in connection with a voluntary disclosure by the Debtors of a tax issue that is not otherwise under audit) or Assessments; *provided* that the Debtors shall not be required to pay any Taxes and Fees before such Taxes and Fees are due to the applicable Authority.  For the avoidance of doubt, nothing in this Interim Order shall authorize the Debtors' payment of any Taxes or Fees that are past due.  Notwithstanding anything to the contrary herein or in the Motion, in the event the Debtors make a payment with respect to any Taxes and Fees for the prepetition portion of any "straddle" amount, and this Court subsequently determines such amount was not entitled to priority or administrative treatment under section 507(a)(8) or 503(b)(1)(B) of the Bankruptcy Code, the Debtors may (but shall not be required to) seek an order from the Court requiring a return of such amounts.

4.      The Debtors are further authorized to settle some or all of the prepetition Taxes and Fees for less than their face amount without further notice or hearing.

4

5.      Notwithstanding anything to the contrary herein or in the Motion, the Debtors are authorized to file amended tax returns, including for prepetition periods, and pay any Taxes and Fees in connection therewith, *provided, however,* that the Debtors shall not pay any such Taxes and Fees during the Interim Period in excess of the cap set forth in this Interim Order absent further order of the Court.

6.      Notwithstanding the relief granted herein or any actions taken hereunder, nothing contained in this Interim Order shall create any rights in favor of, or enhance the status of any claim held by, any of the Authorities.

7.      Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due and, for the avoidance of doubt, the Debtors shall not pay any Taxes and Fees before such Taxes and Fees are due to the applicable Authority.

8.      To the extent that the Debtors have overpaid any Taxes and Fees, the Debtors are authorized to seek a refund or credit.

9.      The Debtors' rights to contest the validity or priority of any Taxes and Fees on any grounds they deem appropriate are reserved and extend to the payment of Taxes and Fees relating to Audits (or voluntary disclosures) that have been completed, are in progress, or arise from prepetition periods.

10.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

11.     Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief (including any payment made in accordance with this Interim Order), nothing in this Interim Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Interim Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.  Any payment made pursuant to this Interim Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12.     The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

13.     The Debtors have demonstrated that the requested relief is "necessary to avoid immediate and irreparable harm," as contemplated by Bankruptcy Rule 6003.

14.     Notwithstanding anything to the contrary in this Interim Order, any payment made, or authorization contained, hereunder shall be subject to the "Approved Budget" as defined in the orders of the Court approving any use of cash collateral in these chapter 11 cases.

15.     Nothing in this Interim Order authorizes the Debtors to accelerate any payments not otherwise due prior to the date of the Final Hearing.

16.     The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

17.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

18.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

19.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

20.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: January 17th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**