**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**MOTION OF DEBTORS FOR ENTRY OF
AN ORDER (I) EXTENDING THE DEADLINE FOR
THE DEBTORS TO ASSUME OR REJECT UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), (a) extending the deadline by which the Debtors must assume or reject unexpired leases of nonresidential real property (collectively, the "Unexpired Leases" and, such deadline, the "365(d)(4) Deadline") by ninety days through and including August 13, 2025, and (b) granting related relief. The Debtors seek this relief without prejudice to their rights to seek

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer of JOANN Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

further extensions of the time to assume or reject the Unexpired Leases as contemplated under section 365(d)(4) of the Bankruptcy Code.

## Jurisdiction and Venue

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 365(d)(4) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 9006-2 and 9013-1.

## Background

5. JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts, and select home décor products. Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers. For over 80 years, JOANN has fueled the

creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6. On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2025, the Court entered an Order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases, and no official committees have been appointed or designated.

7. On the Petition Date, the Debtors filed, among other motions, the *Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [Docket No. 17] (the "Bidding Procedures Motion"). As more fully set forth therein, the Bidding Procedures Motion seeks approval of, among other things, the Bidding Procedures (as defined therein) and approving the "stalking horse" agency agreement with Gordon Brothers Retail Partners, LLC, as agent (the "Agent"), for the right to liquidate all of the Debtors' assets in the event the Debtors do not receive a higher or otherwise better offer (the "Stalking Horse Agreement"). A hearing on the Bidding Procedures Motion is scheduled for February 11, 2025, at 2:00 p.m. (prevailing Eastern Time).

**The Unexpired Leases**

8.     The Debtors are party to thousands of contracts, which include, among other agreements, contracts with vendors for the supply of goods and services, contracts related to the operation of the Debtors' business, and leases with respect to real and personal property. As of the Petition Date, over 750 of these contracts were Unexpired Leases subject to section 365(d)(4) of the Bankruptcy Code, including for the Debtors' retail store locations, distribution centers, and corporate offices.

9.     As set forth in the First Day Declaration, the Debtors commenced these chapter 11 cases to continue their prepetition sale process for substantially all of the Debtors' assets. In connection with the sale process, the Debtors have also filed the Bidding Procedures Motion, seeking approval of the Stalking Horse Agreement and dual tracking pursuit of either a going-concern or liquidating sale transaction. Execution of any sale transaction will require dispositions to be made with respect to the Debtors' lease portfolio in consultation with the buyer of the Debtors' assets. To do so, the Debtors must conduct a full review of the Debtors' lease portfolio and then make determinations with respect to the assumption or rejection of each of the Unexpired Leases. The Unexpired Leases constitute some of the core assets of the Debtors' estates and the Debtors expect this process to last months after the conclusion of the sale process. This process will include an in-depth analysis of whether the terms of each Unexpired Lease are commensurate with the local market, the Debtors' remaining obligations under the Unexpired Lease, and the Debtors' ability to negotiate potential lease modifications. An extension of the 365(d)(4) Deadline will ensure that the Debtors have adequate time to complete this process and provide any potential purchasers the time necessary to fully evaluate and utilize the Unexpired Leases prior to the Debtors' final determination.

10. Section 365(d)(4)(A) of the Bankruptcy Code provides that a debtor is deemed to reject nonresidential real property leases to which it is a party unless the debtor assumes the lease by the earlier of 120 days from the petition date or the date on which the bankruptcy court confirms a plan of reorganization. 11 U.S.C. § 365(d)(4)(A). However, section 365(d)(4)(B)(i) of the Bankruptcy Code provides that "[t]he court may extend the [120 day] period . . . prior to the expiration of the 120 day period, for 90 days on the motion of the trustee or lessor for cause." 11 U.S.C. § 365(d)(4)(B)(i). Here, that 120-day period will expire on May 15, 2025 (the first business day that is 120 days after the Petition Date, as calculated in accordance with Bankruptcy Rule 9006(a)).[3]

11. Given the number of Unexpired Leases, their importance to the Debtors' ability to maximize the value of their estates, as well as the myriad demands on the Debtors' management and advisors in chapter 11, the Debtors expect this process to extend beyond the 365(d)(4) Deadline. Accordingly, the Debtors request an extension of the 365(d)(4) Deadline by ninety days through and including August 13, 2025.

## Basis for Relief

12. Section 365(d)(4) of the Bankruptcy Code provides that an unexpired lease of nonresidential real property under which a debtor is the lessee shall be deemed rejected if the debtor does not assume or reject such unexpired lease within 120 days after the petition date or before plan confirmation, whichever is earlier. A bankruptcy court may extend the period for ninety days on the motion of the debtor or lessor for cause. *See* 11 U.S.C. § 365(d)(4)(B). "Cause,"

---

[3] The Debtors note that they have filed this motion prior to the expiration of the current section 365(d)(4) Deadline. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the Bankruptcy Code, the Bankruptcy Rules, these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of the bridge order." Accordingly, Local Rule 9006-2 automatically extends the time within which the Debtors may assume or reject the Unexpired Leases pending the Court's hearing to consider the relief requested by this motion.

5

as used in section 365(d)(4), is not defined by the Bankruptcy Code.  Among other things, courts consider the following non-exhaustive factors in evaluating whether "cause" exists for purposes of section 365(d)(4) of the Bankruptcy Code:

(a) whether the lease is an important asset of the estate such that the decision to assume or reject would be central to any plan of reorganization;

(b) whether the case is complex and involves large numbers of leases;

(c) whether the debtor has had insufficient time to intelligently appraise each lease's value to a plan of reorganization; or

(d) the existence of any other facts indicating the lack of a reasonable time to decide whether to assume or reject.

*In re Wedtech Corp.*, 72 B.R. 464, 471-72 (Bankr. S.D.N.Y. 1987); *see also South St. Seaport L.P. v. Burger Boys Inc. (In re Burger Boys Inc.)*, 94 F.3d 755, 761 (2d Cir. 1996) (considering the complexity of the debtor's case, the number of leases the debtor must evaluate, and the need for judicial determination of whether a lease exists); *Channel Home Ctrs., Inc.*, 989 F.2d 682, 689 (3d Cir. 1993) ("[I]t is permissible for a bankruptcy court to consider a particular debtor's need for more time in order to analyze leases in light of the plan it is formulating.").

13. Courts in this district have recognized the benefits of granting additional time for a debtor to assume or reject leases of nonresidential real property under section 365(d)(4) of the Bankruptcy Code. *See, e.g.*, *Channel Home Ctrs.*, 989 F.2d at 687–88; *In re GST Telecom Inc.*, 2001 WL 686971 (D. Del. June 8, 2001); *In re Rickel Home Ctrs.*, 1997 WL 538785 (D. Del. Aug. 13, 1997).  As the Third Circuit has stated, "nothing prevents a bankruptcy court from granting an extension because a particular debtor needs additional time to determine whether the assumption or rejection of particular leases is called for by the plan of reorganization that it is attempting to develop." *Channel Home Ctrs., Inc.*, 989 F.2d at 689; *see also Coleman Oil Co. v.*

*Circle K Corp. (In re Circle K Corp.)*, 127 F.3d 904, 909 n. 5 (9th Cir. 1997), *cert. denied*, 522 U.S. 1148 (1998) (noting that bankruptcy courts often grant debtors' requests for extensions).

14. Here, the factors courts analyze in deciding whether "cause" exists under section 365(d)(4) of the Bankruptcy Code weigh in favor of granting the Debtors' request for a ninety day extension. ***First***, the Unexpired Leases are important assets of the Debtors' estates from which the Debtors are seeking to extract value for the benefit of all stakeholders. The Debtors' Unexpired Leases represent key operational and administrative assets, and the decision to assume or reject each of the Unexpired Leases will be central to the Debtors' chapter 11 process and the Debtors' ability to effectuate a value-maximizing sale of their assets—as a going concern or otherwise. The Debtors require sufficient time to fully analyze the value of the Unexpired Leases to their estates and to negotiate potential lease modification arrangements with their landlord counterparties. The requested ninety day extension will enable the Debtors (and any potential purchaser or agent, as applicable) to make fully informed decisions regarding the Debtors' expansive lease portfolio and, thus, enable the Debtors to maximize the value of their estates.

15. ***Second***, these chapter 11 cases are large and complex, and the Debtors are party to over 750 Unexpired Leases, which constitute some of the Debtors' core assets. In light of the complexities of these chapter 11 cases, the Debtors and their advisors have been and will be required to focus on a number of activities that are critically important to the Debtors' smooth transition into chapter 11 and maximizing the value of the Debtors' estates, including, among other things, (a) negotiating with the Debtors' prepetition lenders and obtaining approval for the Debtors' continued use of cash collateral to address the Debtors' liquidity needs, (b) continuing the Debtors' marketing and sale process postpetition, including seeking approval of the Bidding Procedures and the Stalking Horse Agreement, (c) obtaining relief that will enable the Debtors to continue their

business in the ordinary course, including obtaining approval to pay employee wages and store support vendors, and (d) coordinating with the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), potential third-party purchasers, and other parties in interest to provide requested information on a variety of issues. Given the multiple other activities that have occupied, and will continue to occupy, the Debtors' time during the first months of these cases, extending the 365(d)(4) Deadline by ninety days is appropriate.

16. **Third**, the Debtors will not have had sufficient time to assess their go-forward lease portfolio prior to the expiration of the 365(d)(4) Deadline. Regardless of the outcome of the Debtors' sale process, the Debtors expect to require several months to evaluate and make determinations with respect to each of their Unexpired Leases—a process which cannot begin in earnest until after the Debtors have determined a value-maximizing path forward and the sale process has concluded. Therefore, the Debtors believe an extension of the 365(d)(4) Deadline is necessary to facilitate an orderly, considered, and value-maximizing resolution of lease related matters in these chapter 11 cases. To require the Debtors to complete such analysis by the 365(d)(4) Deadline, would create an unnecessary and inflexible time constraint on the Debtors and frustrate the Debtors' ability to pursue a value-maximizing restructuring.

17. Finally, no landlord counterparty will be prejudiced as a request of the requested extension of the 365(d)(4) Deadline. Pending their election to assume or reject any Unexpired Leases, the Debtors will perform their undisputed obligations arising from and after the Petition Date in a timely fashion and as required by the Bankruptcy Code.

18. The ninety day extension requested herein is also consistent with the extensions granted by courts in this district under similar circumstances. *See, e.g.*, *In re Vyaire Medical, Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. Sep. 27, 2024) (extending the 365(d)(4) deadline to assume

or reject unexpired leases of nonresidential real property by 90 days); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. Aug. 19, 2024) (same); *In re Mist Holdings, Inc.,* No. 24-10245 (JTD) (Bankr. D. Del. May 28, 2024) (same); *In re MVK FarmCo LLC,* No. 23-11721 (LSS) (Bankr. D. Del. Feb. 6, 2024) (same); *In re Yellow Corporation,* No. 23-11069 (CTG) (Bankr. D. Del. Nov. 13, 2023) (same).  Similar relief is warranted in these chapter 11 cases.

19. Accordingly, the requested extension will afford the Debtors the flexibility required to pursue a value-maximizing sale process for the benefit of the Debtors' estates and their creditors, without prejudicing the rights of the landlords to the Unexpired Leases.

### **Reservation of Rights**

20. Notwithstanding anything to the contrary herein, nothing contained in this motion or any actions taken pursuant to any order granting the relief requested by this motion (including any payment made in accordance with any such order), is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this motion or any order granting the relief requested by this motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.

**Notice**

21. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Prepetition Term Loan Agent; (c) counsel to the Prepetition ABL Agent; (d) counsel to the Prepetition FILO Agent; (e) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; (i) all parties the Debtors reasonably believe constitute counterparties to Unexpired Leases; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties"). The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  January 21, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 1410 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | Email: aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |