IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: March 6, 2025, at 2:00 p.m. (Eastern Time)<br>Objection Deadline: February 18, 2025, at 2:00 p.m. (Eastern Time) |

### MOTION OF IG DESIGN GROUP AMERICAS, INC. TO FILE "EXHIBIT A" TO MOTION TO COMPEL UNDER SEAL

IG Design Group Americas, Inc., and its affiliates, including, but not limited to, Simplicity Creative Corp., and The McCall Pattern Company, Inc. (collectively, "**DGA**"), by and through counsel, hereby move (the "**Seal Motion**") the Court for entry of an order, the proposed form of which is attached hereto as **Exhibit A**, pursuant to sections 105 and 107 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9018-1(d) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), authorizing DGA to file Exhibit A to the *Motion of IG Design Group Americas, Inc. to (A) Compel the Debtors to Assume or Reject Executory Contract, and (B) to Modify the Automatic Stay* [Docket No. 259] (the "**Motion**") under seal. In support of this Seal Motion, DGA respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(2) and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Pursuant to Local Rule 9013-1(f), DGA consents to the entry of a final judgment or order with respect to this Seal Motion if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

3. The bases for the relief requested in this Seal Motion are sections 105 and 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On January 15, 2025 (the "**Petition Date**"), the above-captioned debtors (the "**Debtors**") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**"), thereby commencing these cases (the "**Chapter 11 Cases**").

5. Prior to the Petition Date, DGA and Debtors entered into a consignment agreement ("**Consignment Agreement**"), pursuant to which the DGA periodically consigned goods ("**Consigned Goods**") in the form of sewing patterns to Debtors for sale in the Debtors stores across the country. Debtors report sales of Consigned Goods to DGA on a daily basis and make weekly payments to DGA of a portion of the purchase price, in accordance with the terms of the Consignment Agreement.

6. On the Petition Date, the Debtors filed (a) the *Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with*

*Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* ("**Sale Procedures Motion**") [Docket No. 17]; and (b) *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [Docket No. 16] ("**Lease Rejection Procedures Motion**").

7. On February 4, 2025, DGA filed the *Motion of IG Design Group Americas, Inc. to (A) Compel the Debtors to Assume or Reject Executory Contract, and (B) Modify the Automatic Stay*. A copy of the Consignment Agreement is attached as Exhibit A to the Motion.

**RELIEF REQUESTED**

8. By this Seal Motion, DGA respectfully requests that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, (i) authorizing DGA to file the Consignment Agreement, which is attached to the Motion as Exhibit A, under seal, (ii) authorizing the filing of the redacted version of the Consignment Agreement, attached as Exhibit 1 to the proposed Order, and (iii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

**BASIS FOR RELIEF REQUESTED**

9. Pursuant to section 107(b)(1) of the Bankruptcy Code, the Court may authorize DGA to file the Consignment Agreement under seal by permitting the issuance of an order that protects entities from potential harm that may result from the disclosure of certain confidential information. *See* 11 U.S.C. § 107(b)(1). Specifically, Section 107(b) provides, in relevant part, that:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information.

*Id.*

10. Bankruptcy Rule 9018 and Local Rule 9018-1 set forth the procedures by which a party may obtain a protective order authorizing the filing of a document under seal pursuant to section 107(b) of the Bankruptcy Code. Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion, or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." FED. R. BANKR. P. 9018; *see also* Local Rule 9018-1(d)(i) ("Any filing seeking to file a document (a 'Proposed Sealed Document') under seal must file a motion requesting such relief (a 'Sealing Motion') no later than 3 business days after the filing of the Proposed Sealed Document.").

11. In addition, section 105(a) of the Bankruptcy Code codifies the Court's inherent equitable powers and empowers it to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

12. Although the public has a common law "right of access to judicial proceedings and records," *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001), this right is not absolute. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("It is uncontested, however, that the right to inspect and copy judicial records is not absolute.").

13. Once the court determines that a party-in-interest is seeking protection of information that falls within one of the categories enumerated in section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994). Courts have held that protection under section 107(a) of the Bankruptcy Code must be granted if the information sought to be protected is commercial information, and significantly, that commercial information need not rise to the level of a trade secret to be entitled to protection. *Id.* at 28 (finding that the use of the disjunctive in section 107(b)(1) "neither equates 'trade secret' with 'confidential information' nor requires the latter to reflect the same level of confidentiality as the former."). Moreover, unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g., id.* (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Nor does it require a finding of "extraordinary circumstances or compelling need." *Id.* at 27.

14. DGA submits that the Consignment Agreement attached as <u>Exhibit A</u> to the Motion falls within the scope of commercial information that may be protected by the Court pursuant to section 107(b)(1) of the Bankruptcy Code and Bankruptcy Rule 9018. Courts have recognized that the term "commercial information" is broad under section 107(b) of the Bankruptcy Code. In

granting motions to seal "commercial information," this Court has included in the definition "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R 66, 75 (Bankr. D. Del. 2006); *see also In re Global Crossing, Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003) (finding that the purpose of Bankruptcy Rule 9018 is to "protect business entities from disclosure of information that could reasonably be expected to cause the entity commercial injury").

15.  The Consignment Agreement, and the terms thereof, would not be typically disclosed because it contains commercially sensitive, material, non-public information related to the financial terms and other sensitive commercial related terms between the parties. The disclosure of the overall structure, terms, and conditions in the Consignment Agreement would be detrimental to DGA because it would likely have a direct adverse impact on their ability to negotiate favorable agreements with third parties in the future. The disclosure of the Consignment Agreement or its terms would also provide competitors with confidential and non-public information related to the commercial operations of DGA. In fact, the Consignment Agreement contains explicit confidentiality requirements that DGA and the Debtors must comply with, including a requirement to maintain the confidentiality of all of the terms of the Consignment Agreement.

16.  In accordance with Local Rule 9019-1(d)(i), a proposed redacted copy of the Consignment Agreement is attached as <u>Exhibit 1</u> to the proposed Order.

17.  DGA therefore asks the Court to seal the Consignment Agreement on the basis that it contains sensitive and commercial information, the disclosure of which would unfairly benefit

4936-9651-4838, v. 2

competitors and reveal sensitive commercial information capable of injuring DGA. Accordingly, DGA submits that cause exists for the Court to grant the Motion to Seal.

## NOTICE

18. Notice of this Seal Motion will be provided to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel for the Debtors; (c) counsel to the Committee; and (d) any party that has requested notice under Bankruptcy Rule 2002. DGA respectfully submits that no further notice of this Motion is required.

## CONCLUSION

**WHEREFORE**, for the reasons set forth herein, DGA respectfully requests that the Court (i) enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion to Seal, and (ii) grant such other and further relief as this Court deems just and proper.

Dated: February 4, 2025
Wilmington, Delaware

**CHIPMAN BROWN CICERO & COLE, LLP**

/s/ *William E. Chipman, Jr.*
William E. Chipman, Jr. (No. 3818)
Mark D. Olivere (No. 4291)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email: chipman@chipmanbrown.com
olivere@chipmanbrown.com

and

James B. Sowka (Admitted *Pro Hac Vice*)
**SEYFARTH SHAW LLP**
233 South Wacker Drive, Suite 8000
Chicago, Illinois 60606
Telephone: 312.460.5325
Email: jsowka@seyfarth.com

*Attorneys for IG Design Group Americas, Inc.*