**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| ------------------------------------------------------------ x : | | |
| In re: : | Chapter 11 | |
| : | | |
| JOANN INC., *et al.*,[1] : | Case No. 25-10068 (CTG) | |
| : | | |
| Debtors. : | (Jointly Administered) | |
| : | | |
| ------------------------------------------------------------ x | | |

**THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS'**
**NOTICE OF 30(b)(6) DEPOSITION TO BANK OF AMERICA, N.A.**

Pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as made applicable by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Official Committee of Unsecured Creditors (the "Committee") appointed in the chapter 11 cases (the "Chapter 11 Cases") of the above-captioned debtors and debtors-in-possession (the "Debtors"), by its undersigned proposed counsel, will take the deposition upon oral examination of Bank of America N.A., as ABL Agent, c/o Morgan Lewis & Bockius LLP and Reed Smith LLP, through one or more of its officers, directors, agents or other representatives who shall be designated to testify on Bank of America N.A.'s behalf regarding the subject matters identified in **Schedule A** (the "Deposition Topics").

Each such designee is required to appear for a deposition at the office of Kelley Drye & Warren LLP, located at 3 World Trade Center, 66th Floor, New York, NY 10007, commencing at 9:30 a.m. (Eastern Time) on February 7, 2025, or at another date, time or location otherwise agreed to by the parties or ordered by the Court. Bank of America, N.A. shall identify

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

4920-9311-1830.1 46699.00002

1

in writing the name(s) and employment position(s) of each deponent who shall be designated to testify on its behalf at least two (2) business days in advance of such deposition.  If more than one person is required to testify on any individual topic set forth in the Deposition Topics, different individuals shall be identified for each part of that topic.

The deposition will be taken before a notary public or other officer authorized by law to administer oaths, will continue day to day until completed with adjournments as to time and place that may be necessary and will be recorded by audio, visual, and/or stenographic means. This deposition may be taken using a secure web-based deposition platform, by video teleconferencing services, and/or telephonically, with all parties, including the court reporter, in separate locations, as permitted by Rule 30(b)(4) of the Federal Rules of Civil Procedure.

*[Remainder of Page Intentionally Left Blank]*

Dated:  February 4, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ James E. O'Neill*
    Bradford J. Sandler (DE Bar No. 4142)
    James E. O'Neill (DE Bar No. 4042)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19801
    Telephone:  (302) 652-4100
    Facsimile: (302) 652-4400
    Email: bsandler@pszjlaw.com
           joneill@pszjlaw.com

- and –

**KELLEY DRYE & WARREN LLP**
Jason R. Adams (admitted *pro hac vice*)
Eric R. Wilson (admitted *pro hac vice*)
William S. Gyves (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Email:   jadams@kelleydrye.com
         ewilson@kelleydrye.com
         wgyves@kelleydrye.com
         mmcloughlin@kelleydrye.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*

**SCHEDULE A**

**DEFINITIONS**

The following definitions of terms apply to each Deposition Topic:

1. The term "ABL and FILO Lenders" shall have the meaning ascribed to the "Prepetition ABL and FILO Lenders" in the Cash Collateral Motion, including any of their Representatives or Affiliates.

2. The term "ABL/FILO Credit Agreement" shall have the meaning ascribed to it in the Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions.

3. The term "ABL Facility" shall have the meaning ascribed to it in the Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions.

4. The term "ABL Agent" shall have the meaning ascribed to the "Prepetition ABL Agent" in the Cash Collateral Motion, including any of its Representatives or Affiliates.

5. The term "ABL Lenders" shall have the meaning ascribed to the "Prepetition ABL Lenders" in the Cash Collateral Motion, including any of its Representatives or Affiliates.

6. The term "Affiliate" of any Person shall mean any funds or other entities managed or advised by such Person, or such Person's parents, subsidiaries, predecessors, successors, or any other Person that it controls, is controlled by, or is under the common control with, whether directly or indirectly through one or more intermediaries.

7. The term "Alvarez & Marsal" shall mean Alvarez & Marsal Holdings, LLC, including any of its Representatives or Affiliates.

8. The term "Bidding Procedures Motion" shall mean the *Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [Docket No. 17].

9. The term "Cash Collateral Motion" shall mean the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to Prepetition Secured Creditors, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 6].

10. The term "Centerview" shall mean Centerview Partners LLC, including any of its Representatives or Affiliates.

11. The term "Committee" shall mean the Official Committee of Unsecured Creditors.

12. The term "Communication" shall mean the transmittal of information, ideas, opinions, or thoughts of any kind, in any form, and by any means, and therefore includes, but is not limited to, any telephone conversation, face-to-face meeting or conversation, visit, conference, internal or external discussion, or exchange of Documents. All written Communications shall include, without limitation, electronic, printed, typed, handwritten, or other readable Documents, correspondence, memoranda, reports, contracts, both initial and subsequent, diaries, logbooks, minutes, notes, studies, surveys, forecasts, emails, text messages, iMessages, messages through any social networking website or on-line, web-based or cloud-based electronic accounts (including, but not limited to Facebook, LinkedIn, Snapchat, Instagram, and Twitter), and any

electronic instant messenger technology, including, but not limited to, WhatsApp, Bloomberg, Slack messages, Jabber, Teams, Instant Messenger, and Gmail chat. The term Communication also includes the ESI associated with or pertaining to such Communication. A Request for Documents concerning any Communication among or between specified parties includes a request for any Communication among or between such parties, whether or not such Communication included or was directed to any other person.

13.     The term "concerning" shall mean describing, discussing, constituting, containing, considering, embodying, evaluating, mentioning, memorializing, supporting, collaborating, demonstrating, proving, evidencing, showing, refuting, disputing, rebutting, controverting, contradicting, relating to, referring to, made in connection with or by reason of, or derived or arising therefrom.

14.     The term "Debtors" shall mean JOANN Inc., and all other debtors listed on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/JOANN2025/, including any of their Representatives or Affiliates.

15.     The term "Document" or "Documents" shall have the meaning prescribed by Rule 7034 of the Federal Rules of Bankruptcy Procedure, including, without limitation, any tangible thing upon which any expression, Communication or representation has been recorded by any means including, but not limited to, handwriting, typewriting, printing, photostating, photographing, videotaping, magnetic impulse, computer disks, computer storage drives, computer tapes, or mechanical, electronic or digital recording or information storage of any kind, and any non-identical copies (whether different from the original because of notes made on such copies, because of indications that said copies were sent to different individuals than were the originals, or because of any other reason), including, but not limited to working papers,

preliminary, intermediate or final drafts, correspondence, memoranda, electronic mail, charts, notes, records of any sort of meetings, financial calculations, diaries, reports of telephone or other oral conversations, desk calendars, appointment books, and all other writings and recordings of every kind that are in your actual or constructive possession, custody, or control.

16. The term "FILO Agent" shall have the meaning ascribed to the "Prepetition FILO Agent" in the Cash Collateral Motion, including any of its Representatives or Affiliates.

17. The term "FILO Lenders" shall have the meaning ascribed to the "Prepetition FILO Lenders" in the Cash Collateral Motion, including any of their Representatives or Affiliates.

18. The term "including" shall mean "including, but not limited to" and "including, without limitation."

19. The term "Petition Date" shall mean January 15, 2025.

20. The term "Person" includes both the singular and the plural, and shall mean any natural person, business entity, corporation, cooperative, bureau, public corporation, partnership, joint venture, group, club, association, institute, society, office, organization, and any governmental entity or department, agency, bureau, or political subdivision thereof.

21. The term "Representative" of any Person shall mean any of its current or former directors, officers, managers, principals, employees, trustees, agents, advisors, or representatives thereof, or any other Person or entity acting or purporting to act on behalf of such Person.

22. The term "Sale Transaction" shall have the meaning ascribed to it in the Bidding Procedures Motion.

23. The term "Stalking Horse Bid" shall have the meaning ascribed to it in the Bidding Procedures Motion.

24. The term "<u>Stalking Horse Bidder</u>" shall mean Gordon Brothers Retail Partners, LLC, including any of its Representatives or Affiliates.

25. The term "<u>Term Loan</u>" shall mean the Loan (as defined in the Term Loan Credit Agreement) made under the Term Loan Credit Agreement.

26. The term "<u>Term Loan Agent</u>" shall have the meaning ascribed to the "Prepetition Term Loan Agent" in the Cash Collateral Motion, including any of its Representatives or Affiliates.

27. The term "<u>Term Loan Credit Agreement</u>" shall mean that certain Credit Agreement, dated as of April 30, 2024 (as amended, restated, supplemented, or otherwise modified from time to time) by and among Needle Holdings, LLC, as Borrower, Joann Holdings 2, LLC, as Holdings, Wilmington Savings Fund Society, FSB, as Administrative Agent, and the Lenders party thereto.

28. The term "<u>Term Loan Lenders</u>" shall mean the Prepetition Term Loan Lenders as that term is defined in the Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions.

29. "<u>You</u>" or "<u>Your</u>" shall refer to Bank of America, N.A. and any of its predecessors, subsidiaries, parents, Affiliates, current or former directors, officers, managers, principals, employees, trustees, agents, advisors, or Representatives thereof, or any other Person or entity purporting to act on behalf of Bank of America, N.A.

30. For purposes of the Requests herein, terms not specifically defined shall be given their ordinary meanings as You understand them to be used.

31. Whenever necessary to bring Documents or other information within the scope of these Requests that might otherwise be construed to be outside their scope: the use of a verb in any tense shall be construed as the use of that verb in all other tenses; the use of a word in its

singular form shall be deemed to include within its use the plural form as well; the use of a word in its plural form shall be deemed to include within its use the singular form as well; the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all Documents that might otherwise be construed to be outside its scope; and the terms "all" and "each" shall be construed as both all and each.

**DEPOSITION TOPICS**

1. Your Communications with the Debtors concerning in any way the ABL/FILO Credit Agreement or the ABL Facility.

2. Any Documents You received from the Debtors or Documents You provided to the Debtors in connection with the ABL/FILO Credit Agreement or the ABL Facility.

3. The Debtors' financial performance between March 30, 2024 and the Petition Date.

4. Your Communications with the Debtors concerning their financial performance between March 30, 2024 and the Petition Date.

5. The imposition of reserves under the ABL/FILO Credit Agreement or the ABL Facility.

6. Your Communications with the Debtors concerning the imposition of reserves under the ABL/FILO Credit Agreement or the ABL Facility.

7. Your Communications with any individual lender under the ABL/FILO Credit Agreement or the ABL Facility concerning the Debtors, their financial condition, the imposition of reserves, defaults or the Chapter 11 Cases.

8. Your Communications with the FILO Agent concerning in any way the Chapter 11 Cases, including without limitation the Sales Transaction or Debtors' liquidation.

9. Your Communications with the Stalking Horse Bidder concerning in any way the Chapter 11 Cases, including without limitation the Sales Transaction.

10. Your Communications with the Debtors or Centerview concerning the sale process for the Debtors' assets.

11. Your Communications with the Debtors concerning the Chapter 11 Cases, the Debtors' prepetition financial condition and the events leading to the Chapter 11 Cases.

12. Your Communications with the Debtors, Alvarez & Marsal or Centerview concerning in any way the Cash Collateral Motion or the Debtors' use of Cash Collateral during the Chapter 11 Cases.

13. The Documents You have produced in the Chapter 11 Cases.