**<u>Exhibit 1</u>**

**Revised Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 10, 110** |

**FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of final order (this "Final Order"), (a) approving certain notification and hearing procedures, substantially in the form of **Exhibit 1** attached hereto (the "Procedures"), related to certain transfers of, or declarations of worthlessness with respect to Debtor JOANN Inc.'s existing classes (or series) of common stock or any Beneficial Ownership[3] therein (any such record or Beneficial Ownership of common stock, collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the "Common Stock"), (b) directing that any purchase, sale, other transfer of, or declaration of

worthlessness with respect to Common Stock in violation of the Procedures shall be null and void

*ab initio* and (c) granting related relief, all as more fully set forth in the Motion; and upon the First

Day Declaration; and the United States District Court for the District of Delaware having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under

28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District

Court for the District of Delaware, dated February 29, 2012; and this Court having found that this

is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court

may enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

Motion were appropriate and no other notice need be provided; and this Court having reviewed

the Motion and having heard the statements in support of the relief requested therein, if any, at a

hearing before this Court (the "Hearing"); and this Court having determined that the legal and

factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted

herein; and upon all of the proceedings had before this Court; and after due deliberation and

sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on final basis as set forth herein.

2.      The Procedures, as set forth in **Exhibit 1** attached to this Final Order are hereby

approved on a final basis.

3.      Any postpetition transfer of or postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio.*

4.      In the case of any such postpetition transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio.*

5.      In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.      The Debtors shall post the Procedures to the website established by Kroll Restructuring Administration LLC ("Kroll") for these chapter 11 cases (https://cases.ra.kroll.com/Joann2025), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown,

8.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

9.      Nothing herein shall preclude any person desirous of acquiring Common Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

10.     The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Other than to the extent that this Order expressly conditions or restricts transfers or declarations of worthlessness with respect to Beneficial Ownership of Common Stock, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

14.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Exhibit 1**

**Procedures for Transfers of and
Declarations of Worthlessness with
Respect to Beneficial Ownership of Common Stock**

**PROCEDURES FOR**
**TRANSFERS OF AND DECLARATIONS OF**
**WORTHLESSNESS WITH RESPECT TO COMMON STOCK**

The following procedures apply to transfers of Common Stock:[1]

a.  Any entity (as defined in section 101(15) of the Bankruptcy Code) that is a Substantial Shareholder (as defined herein) must file with the Court, and serve upon: (i) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (b) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (iv) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (v) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (vi) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (vii) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (viii) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); and (ix) proposed counsel to the Official Committee of Unsecured Creditors, (a) Kelley Drye & Warren LLP, 3 World

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware, 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com) (collectively, the "Notice Parties"), a declaration of such status, substantially in the form attached hereto as **Exhibit 1A** (each, a "Declaration of Status as a Substantial Shareholder"), on or before the later of (A) twenty (20) calendar days after the date of the Notice of Final Order, or (B) ten (10) calendar days after becoming a Substantial Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall apply to any Substantial Shareholder even if no Declaration of Status as a Substantial Shareholder has been filed.

b.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in an increase in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual becoming a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached hereto as **Exhibit 1B** (each, a "Declaration of Intent to Accumulate Common Stock").

c.  Prior to effectuating any transfer of Beneficial Ownership of Common Stock that would result in a decrease in the amount of Common Stock of which a Substantial Shareholder has Beneficial Ownership or would result in an entity or individual ceasing to be a Substantial Shareholder, the parties to such transaction must file with the Court, and serve upon the Notice Parties, an advance written declaration of the intended transfer of Common Stock, substantially in the form attached hereto as **Exhibit 1C** (each, a "Declaration of Intent to Transfer Common Stock," and together with a Declaration of Intent to Accumulate Common Stock, each, a "Declaration of Proposed Transfer").

d.  The Debtors and the other Notice Parties shall have ten (10) calendar days after receipt of a Declaration of Proposed Transfer to file with the Court and serve on such Substantial Shareholder or potential Substantial Shareholder an objection to any proposed transfer of Beneficial Ownership of Common Stock, described in the Declaration of Proposed Transfer on the grounds that such transfer is reasonably expected to adversely affect the Debtors' ability to utilize their Tax Attributes. If the Debtors or any of the other Notice Parties file an objection, such transaction will remain ineffective unless such objection is withdrawn, or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such ten-day period, such transaction can proceed solely as set forth in the Declaration of Proposed Transfer. Further

transactions within the scope of this paragraph must be the subject of additional notices in accordance with the procedures set forth herein, with an additional ten (10)-day waiting period for each Declaration of Proposed Transfer.  To the extent that the Debtors receive an appropriate Declaration of Proposed Transfer and determine in their business judgment not to object, they shall provide notice of that decision to the Notice Parties as soon as is reasonably practicable.

e.   For purposes of these Procedures (including, for the avoidance of doubt, with respect to both transfers and declarations of worthlessness): (i) a "Substantial Shareholder" is any entity or individual person that has Beneficial Ownership of at least:  4,500,001 shares of Common Stock; (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the IRC, and the Treasury Regulations promulgated thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

The following procedures apply for declarations of worthlessness of Common Stock:

a.   Any person or entity that currently is or becomes a 50-Percent Shareholder[2] must file with the Court and serve upon the Notice Parties a declaration of such status, substantially in the form attached hereto as **Exhibit 1D** (each, a "Declaration of Status as a 50-Percent Shareholder"), on or before the later of (i) twenty (20) calendar days after the date of the Notice of Final Order and (ii) ten (10) calendar days after becoming a 50-Percent Shareholder; *provided* that, for the avoidance of doubt, the other procedures set forth herein shall

---

[2]   For purposes of the Procedures, a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50% or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder).

apply to any 50-Percent Shareholder even if no Declaration of Status as a 50-Percent Shareholder has been filed.

b. Prior to filing any federal or state tax return, or any amendment to such a return, or taking any other action that claims any deduction for worthlessness of Beneficial Ownership of Common Stock for a taxable year ending before the Debtors' emergence from chapter 11 protection, such 50-Percent Shareholder must file with the Court and serve upon the Notice Parties a declaration of intent to claim a worthless stock deduction (a "<u>Declaration of Intent to Claim a Worthless Stock Deduction</u>"), substantially in the form attached hereto as **Exhibit 1E**.

   i. The Debtors and the other Notice Parties shall have ten (10) calendar days after receipt of a Declaration of Intent to Claim a Worthless Stock Deduction to file with the Court and serve on such 50-Percent Shareholder an objection to any proposed claim of worthlessness described in the Declaration of Intent to Claim a Worthless Stock Deduction on the grounds that such claim is reasonably expected to adversely affect the Debtors' ability to utilize their Tax Attributes.

   ii. If the Debtors or the other Notice Parties timely object, the filing of the tax return or amendment thereto with such claim will not be permitted unless approved by a final and non-appealable order of the Court, unless such objection is withdrawn.

   iii. If the Debtors and the other Notice Parties do not object within such ten (10)-day period, the filing of the return or amendment with such claim will be permitted solely as described in the Declaration of Intent to Claim a Worthless Stock Deduction. Additional returns and amendments within the scope of this section must be the subject of additional notices as set forth herein, with an additional ten (10)-day waiting period. To the extent that the Debtors receive an appropriate Declaration of Intent to Claim a Worthless Stock Deduction and determine in their business judgment not to object, they shall provide notice of that decision to the Notice Parties as soon as is reasonably practicable.

## NOTICE PROCEDURES

The following notice procedures apply to these Procedures:

a. No later than five (5) business days following entry of the Final Order, or as reasonably practicable thereafter, the Debtors shall serve a notice by first class mail and email, if available, substantially in the form attached to the Procedures as **Exhibit 1F** (the "<u>Notice of Interim Order</u>"), on: (i) the U.S. Trustee; (ii) the entities listed on the consolidated list of creditors holding the

thirty (30) largest unsecured claims; (iii) the U.S. Securities and Exchange Commission; (iv) the Internal Revenue Service; (v) the United States Attorney's Office for the District of Delaware; (vi) the state attorneys general for states in which the Debtors conduct business; (vii) all registered holders of Common Stock, and all banks, brokers, intermediaries, or mailing agents (collectively, the "<u>Nominee Holders</u>") that hold Common Stock in "street name" for the beneficial holders; and (viii) the Notice Parties. Additionally, no later than five (5) business days following entry of the Final Order, or as soon as reasonably practicable thereafter, the Debtors shall serve a Notice of Interim Order modified to reflect that the Final Order has been entered (as modified, the "<u>Notice of Final Order</u>") on the same entities that received the Notice of Interim Order.

b.     All registered and Nominee Holders of Common Stock shall be required to serve the Notice of Interim Order or Notice of Final Order, as applicable, on any holder for whose benefit such registered or Nominee Holder holds such Common Stock, down the chain of ownership for all such holders of Common Stock.

c.     Any entity or individual, or broker or agent acting on such entity's or individual's behalf who sells Common Stock to another entity or individual, shall be required to serve a copy of the Notice of Interim Order or Notice of Final Order, as applicable, on such purchaser of such Common Stock, or any broker or agent acting on such purchaser's behalf.

d.     To the extent confidential information is required in any declaration described in the Procedures, such confidential information may be filed with the Court in redacted form; *provided*, *however*, that any such declarations served on the Notice Parties ***shall not*** be in redacted form. The Notice Parties shall keep all information provided in such declarations strictly confidential and shall not disclose the contents thereof to any person except: (i) to the extent necessary to respond to a petition or objection filed with the Court; (ii) to the extent otherwise required by law; or (iii) to the extent that the information contained therein is already public; *provided*, *further*, *however*, that the Debtors may disclose the contents thereof to their professional advisors, who shall keep all such notices strictly confidential and shall not disclose the contents thereof to any other person, subject to further Court order. To the extent confidential information is necessary to respond to an objection filed with the Court, such confidential information shall be filed under seal or in a redacted form.

## Exhibit 1A

**Declaration of Status as a Substantial Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF STATUS AS A SUBSTANTIAL SHAREHOLDER[2]

The undersigned party is/has become a Substantial Shareholder with respect to the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of JOANN Inc. JOANN Inc. is a debtor and debtor in possession in Case No. 25-10068 (CTG) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  4,500,001 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

As of _____ __, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Common Stock | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the Substantial Shareholder, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the Substantial Shareholder's taxpayer identification number and the amount of Common Stock that the Substantial Shareholder beneficially owns.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Substantial Shareholder)

By:

_____

Name: _____

Address: _____

_____

Telephone: _____

Facsimile: _____

Dated: _____, 2025

_____, _____

     (City)      (State)

## **Exhibit 1B**

**Declaration of Intent to Accumulate Common Stock**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO
## ACCUMULATE COMMON STOCK[2]

The undersigned party hereby provides notice of its intention to purchase, acquire, or otherwise accumulate (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of JOANN Inc. JOANN Inc. is a debtor and debtor in possession in Case No. 25-10068 (CTG) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]  For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  4,500,001 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, __, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to purchase, acquire, or otherwise accumulate Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of _____ shares of Common Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]]  (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein. If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court. If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party purchasing, acquiring, or otherwise accumulating Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name: _____
Address: _____
_____
Telephone: _____
Facsimile: _____

Dated: _____, 2025
_____, _____
    (City)      (State)

## Exhibit 1C

**Declaration of Intent to Transfer Common Stock**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

## DECLARATION OF INTENT TO
## TRANSFER COMMON STOCK[2]

The undersigned party hereby provides notice of its intention to sell, trade, or otherwise transfer (the "Proposed Transfer") one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of JOANN Inc.  JOANN Inc. is a debtor and debtor in possession in Case No. 25-10068 (CTG) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    For purposes of this Declaration:  (i) a "Substantial Shareholder" is any entity or individual that has Beneficial Ownership of at least:  4,500,001 shares of Common Stock (representing approximately 4.5 percent of all issued and outstanding shares of Common Stock) and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a Substantial Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Proposed Transfer, the undersigned party proposes to sell, trade, or otherwise transfer Beneficial Ownership of _____ shares of Common Stock or an Option with respect to _____ shares of Common Stock.  If the Proposed Transfer is permitted to occur, the undersigned party will have Beneficial Ownership of_____ shares of Common Stock.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "<u>Final Order</u>"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that it is prohibited from consummating the Proposed Transfer unless and until the undersigned party complies with the Procedures set forth therein.

The Debtors and the other Notice Parties have twenty (20) calendar days after receipt of this Declaration to object to the Proposed Transfer described herein.  If the Debtors or any of the other Notice Parties file an objection, such Proposed Transfer will remain ineffective unless such objection is withdrawn or such transaction is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such twenty (20)-day period, then after expiration of such period the Proposed Transfer may proceed solely as set forth in this Declaration.

Any further transactions contemplated by the undersigned party that may result in the undersigned party selling, trading, or otherwise transferring Beneficial Ownership of additional shares of Common Stock will each require an additional notice filed with the Court to be served in the same manner as this Declaration.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____

Name:  _____

Address:  _____

_____

Telephone:  _____

Facsimile:  _____

Dated: _____, 2025

_____, _____

      (City)      (State)

## Exhibit 1D

**Declaration of Status as a 50-Percent Shareholder**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF STATUS AS A 50-PERCENT SHAREHOLDER

The undersigned party is/has become a 50-Percent Shareholder[2] with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of JOANN Inc. JOANN Inc. is a debtor and debtor in possession in Case No. 25-10068 (CTG) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]  For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2020, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

As of _____ __, ___, the undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.  The following table sets forth the date(s) on which the undersigned party acquired Beneficial Ownership of such Common Stock:

| Number of Shares | Common Shares | Date Acquired |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

(Attach additional page or pages if necessary)

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Final Order"), this declaration (this "Declaration") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and,

to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:
_____
Name:  _____
Address:  _____
_____
Telephone:  _____
Facsimile:  _____

Dated: _____, 2025
_____, _____
      (City)      (State)

## **Exhibit 1E**

**Declaration of Intent to Claim a Worthless Stock Deduction**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### DECLARATION OF INTENT TO CLAIM A WORTHLESS STOCK DEDUCTION[2]

The undersigned party hereby provides notice of its intention to claim a worthless stock deduction (the "Worthless Stock Deduction") with respect to one or more shares of the existing classes (or series) of common stock or any Beneficial Ownership therein (any such record or Beneficial Ownership of common stock, collectively, the "Common Stock") of JOANN Inc. JOANN Inc. is a debtor and debtor in possession in Case No. 25-10068 (CTG) pending in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    For purposes of this Declaration:  (i) a "50-Percent Shareholder" is any person or entity that, at any time since December 31, 2021, has owned Beneficial Ownership of 50 percent or more of the Common Stock (determined in accordance with section 382(g)(4)(D) of the IRC and the applicable Treasury Regulations thereunder); and (ii) "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C.  §§ 1–9834 as amended (the "IRC"), and the Treasury Regulations thereunder (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)) and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire).  An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

If applicable, on _____ __, ___, the undersigned party filed a Declaration of Status as a 50-Percent Shareholder with the Court and served copies thereof as set forth therein.

The undersigned party currently has Beneficial Ownership of _____ shares of Common Stock.

Pursuant to the Worthless Stock Deduction, the undersigned party proposes to declare that _____ shares of Common Stock became worthless during the tax year ending _____.

The last four digits of the taxpayer identification number of the undersigned party are _____.

Pursuant to the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "<u>Final Order</u>"), this declaration (this "<u>Declaration</u>") is being filed with the Court and served upon the Notice Parties (as defined in the Final Order).

At the election of the undersigned party, the Declaration to be filed with this Court (but not the Declaration that is served upon the Notice Parties) may be redacted to exclude the undersigned party's taxpayer identification number and the amount of Common Stock that the undersigned party beneficially owns.

Pursuant to the Final Order, the undersigned party acknowledges that the Debtors and the other Notice Parties have ten (10) calendar days after receipt of this Declaration to object to the Worthless Stock Deduction described herein.  If the Debtors or any of the other Notice parties file an objection, such Worthless Stock Deduction will not be effective unless such objection is withdrawn or such action is approved by a final and non-appealable order of the Court.  If the Debtors and the other Notice Parties do not object within such ten (10)-day period, then after

expiration of such period the Worthless Stock Deduction may proceed solely as set forth in this Declaration.

Any further claims of worthlessness contemplated by the undersigned party will each require an additional notice filed with the Court to be served in the same manner as this Declaration and are subject to an additional ten (10)-day waiting period.

Pursuant to 28 U.S.C. § 1746, under penalties of perjury, the undersigned party hereby declares that he or she has examined this Declaration and accompanying attachments (if any), and, to the best of his or her knowledge and belief, this Declaration and any attachments hereto are true, correct, and complete.

Respectfully submitted,

(Name of Declarant)

By:

_____
Name:    _____
Address:    _____
_____
Telephone:    _____
Facsimile:    _____

Dated: _____ __, 2025
_____, _____
      (City)      (State)

**<u>Exhibit 1F</u>**

**Notice of Final Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF FINAL ORDER APPROVING**
**NOTIFICATION AND HEARING PROCEDURES**
**FOR CERTAIN TRANSFERS OF AND DECLARATIONS**
**OF WORTHLESSNESS WITH RESPECT TO COMMON**
**STOCK AND (II) GRANTING RELATED RELIEF**

**TO:  ALL ENTITIES (AS DEFINED BY SECTION 101(15) OF THE BANKRUPTCY CODE) THAT MAY HOLD BENEFICIAL OWNERSHIP OF THE EXISTING CLASSES OF COMMON STOCK (THE "COMMON STOCK") OF JOANN INC.:**

**PLEASE TAKE NOTICE** that on January 15, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (collectively, the "Debtors"), filed petitions with the United States Bankruptcy Court for the District of Delaware (the "Court") under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  Subject to certain exceptions, section 362 of the Bankruptcy Code operates as a stay of any act to obtain possession of property of or from the Debtors' estates or to exercise control over property of or from the Debtors' estates.

**PLEASE TAKE FURTHER NOTICE** that on the Petition Date, the Debtors filed the *Motion of the Debtors for Entry of Interim and Final Orders (I) Approving Notification and*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

*Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. 10] (the "Motion").

**PLEASE TAKE FURTHER NOTICE** that on [_____], 2025, the Court entered the *Final Order (I) Approving Notification and Hearing Procedures for Certain Transfers of and Declarations of Worthlessness with Respect to Common Stock and (II) Granting Related Relief* [Docket No. [●]] (the "Final Order") approving procedures for certain transfers and declarations of worthlessness with respect to Common Stock, set forth in **Exhibit 1** attached to the Final Order (the "Procedures").[2]

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a Substantial Shareholder may not consummate any purchase, sale, or other transfer of Common Stock, or Beneficial Ownership of Common Stock in violation of the Procedures, and any such transaction in violation of the Procedures shall be null and void *ab initio*.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, the Procedures shall apply to the holding and transfers of Common Stock, or any Beneficial Ownership therein by a Substantial Shareholder or someone who may become a Substantial Shareholder.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, a 50-Percent Shareholder may not claim a worthless stock deduction with respect to Common Stock, or Beneficial Ownership of Common Stock in violation of the Procedures, and any such deduction in violation of the Procedures shall be null and void *ab initio*, and the 50-Percent Shareholder shall be in required to file an amended tax return revoking such proposed deduction.

---

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Final Order or the Motion, as applicable.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Final Order, upon the request of any person or entity, the proposed notice, claims, and solicitation agent for the Debtors, Kroll Restructuring Administration LLC, will provide a copy of the Final Order and a form of each of the declarations required to be filed by the Procedures in a reasonable period of time.  Such declarations are also available via PACER on the Court's website at https://www.deb.uscourts.gov for a fee, or free of charge by accessing the Debtors' restructuring website at: https://cases.ra.kroll.com/Joann2025.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Final Order, failure to follow the Procedures set forth in the Interim Order shall constitute a violation of, among other things, the automatic stay provisions of section 362 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that nothing in the Final Order shall preclude any person desirous of acquiring any Common Stock from requesting relief from the Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

**PLEASE TAKE FURTHER NOTICE** that other than to the extent that the Final Order expressly conditions or restricts transfers or declarations of worthlessness with respect to Beneficial Ownership of Common Stock, nothing in the Final Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

**PLEASE TAKE FURTHER NOTICE** that any prohibited purchase, sale, or other transfer of, or declaration of worthlessness with respect to Common Stock, Beneficial Ownership thereof, or option with respect thereto in violation of the Interim Order is prohibited and shall be null and void *ab initio* and may be subject to additional sanctions as this court may determine**.**

**PLEASE TAKE FURTHER NOTICE** that the requirements set forth in the Final Order

are in addition to the requirements of applicable law and do not excuse compliance therewith.

Dated: [●]. 2025
Wilmington, Delaware

*/s/ DRAFT*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 1410 | New York, New York 10022 |

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:     (302) 652-3131
Facsimile:     (302) 652-3117
Email:          preilley@coleschotz.com
                snewman@coleschotz.com
                mfitzpatrick@coleschotz.com
                jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200
Email:          anup.sathy@kirkland.com
                jeff.michalik@kirkland.com
                lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*