**Exhibit 2**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Re: Docket Nos. 7, 105 |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) PAY PREPETITION WAGES, SALARIES, OTHER
COMPENSATION, AND REIMBURSABLE EXPENSES AND (B) CONTINUE
EMPLOYEE BENEFITS PROGRAMS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) pay prepetition wages, salaries, other compensation, and reimbursable expenses on account of the Compensation and Benefits and (ii) continue to administer the Compensation and Benefits programs in the ordinary course, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. ~~1.~~ The Debtors are authorized, but not directed, to (a) continue, modify, or discontinue the Compensation and Benefits on a postpetition basis, in the ordinary course of business in accordance with the Debtors' prepetition policies and practices, and, in the Debtors' discretion, and (b) pay and honor prepetition and postpetition amounts related thereto and other obligations incurred in providing the Compensation and Benefits in the ordinary course of business~~, including, for the avoidance of doubt, any~~; *provided*, no payments to or on behalf of any individual Employees or Contractors on account of prepetition ~~Compensation and Benefits~~ obligations~~, if any, that~~ shall exceed the priority amounts set forth in section<u>s</u> 507(a)(4) ~~and~~<u>or</u> 507(a)(5) of the Bankruptcy Code.  The Debtors will give five (5) days' notice to the Official Committee of Unsecured Creditors, counsel to the Prepetition ABL Agent, and counsel to the

Prepetition FILO Agent of any material changes to Compensation and Benefits programs. Notwithstanding anything to the contrary herein, absent further order of the Court, the Debtors shall not make any bonus or severance payment to any insider, as that term is defined in the Bankruptcy Code, which, for the purpose of this Order, shall include all individuals holding officer titles.

3. ~~2.~~ Pursuant to section 362(d) of the Bankruptcy Code, the automatic stay is modified solely to the extent necessary to allow Employees to proceed with their claims under the Workers' Compensation Program in the appropriate judicial or administrative forum, and Employees are authorized to so proceed. The Debtors are authorized to continue the Workers' Compensation Program and pay all prepetition amount relating thereto in the ordinary course of business. The modification of the automatic stay set forth in this paragraph pertains solely to claims under the Workers' Compensation Program.

4. ~~3.~~ The Debtors are authorized, but not directed, to forward any unpaid amounts on account of Withholding Obligations to the appropriate third-party recipients or taxing authorities in ~~the ordinary course of business~~ accordance with the Debtors' prepetition policies and practices.

5. ~~4.~~ The Debtors are authorized, but not directed, to pay in the ordinary course of business any costs and expenses incidental to payment of the Compensation and Benefits obligations, including the Payroll Processing Fees, all administrative and processing costs in connection therewith.

6. ~~5.~~ Nothing herein shall be deemed to authorize the payment of any amounts that violates or implicates section 503(c) of the Bankruptcy Code; provided that nothing herein shall prejudice the Debtors' ability to seek approval of relief pursuant to section 503(c) of the Bankruptcy Code by separate motion at a later time.

7. ~~6.~~ Nothing contained herein is intended or should be construed to create an administrative priority claim on account of the Compensation and Benefits obligations.

8. ~~7.~~ The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. ~~8.~~ Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Final Order is not intended and

should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

10.   ~~9.~~ The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11.   ~~10.~~ Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the "Approved Budget" as defined in the orders of the Court approving any use of cash collateral in these chapter 11 cases.

12.   ~~11.~~ Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.   ~~12.~~ Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14.   ~~13.~~ The Debtors are authorized, but not directed, to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15.   ~~14.~~ This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.