IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 8, 109 and 310** |

**FINAL ORDER (I) AUTHORIZING
THE DEBTORS TO PAY CERTAIN PREPETITION
CLAIMS OF (A) STORE SUPPORT VENDORS, (B) LIEN CLAIMANTS,
AND (C) 503(B)(9) CLAIMANTS, (II) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order") (a) authorizing the Debtors to pay, in the ordinary course of business, certain prepetition amounts owing on account of (i) Store Support Vendor Claims, (ii) Lien Claims, and (iii) 503(b)(9) Claims, (b) confirming administrative expense priority status of the Outstanding Orders, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on a final basis as set forth herein.

2. The Debtors are authorized, but not directed, to pay all or part of, and discharge, on a case-by-case basis, the Trade Claims, *provided* that such payments shall not exceed $37,000,000 in the aggregate pending further order of the Court.

3. All undisputed obligations related to the Outstanding Orders are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

4. The Debtors are authorized, but not directed, to pay all undisputed amounts relating to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date; *provided,* that the Debtors shall give five days' notice to the Official Committee of Unsecured Creditors (the "Committee"), counsel to the

Prepetition ABL Agent, and counsel to the Prepetition FILO Agent for a payment in excess of $500,000 on account of Outstanding Orders.

5. As a condition to receiving payment hereunder, the Debtors, in their sole discretion, may require, by written agreement, such parties to continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) consistent with the parties' ordinary course practice (collectively, the "Customary Trade Terms"); *provided* that the Debtors shall provide the Committee, the Prepetition ABL Agent, and the Prepetition FILO Agent with copies of any Customary Trade Terms. The Debtors reserve the right to require more favorable trade terms with any party as a condition to payment of any prepetition claim, *provided* that the Debtors shall consult with the Committee prior to requiring more favorable trade terms as a condition of payment.

6. If any party accepts payment hereunder for a prepetition obligation of the Debtors premised on compliance with the above, and thereafter fails to comply with the Customary Trade Terms, or other such terms as agreed to by the Debtors, then: (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, immediately recoverable in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors may (i) elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and (ii) take any and all appropriate steps to cause such

supplier or vendor to repay payments that exceed the postpetition amounts then owing to such supplier or vendor.

7. Notwithstanding anything to the contrary in this Final Order, the Motion, or its attachments, the priority status of a creditor's claim, including that of claims arising under section 503(b)(9) of the Bankruptcy Code, shall not be affected by whether such creditor provides services or goods to the Debtors under Customary Trade Terms, or otherwise.

8. Any Trade Claimant that accepts payment from the Debtors on account of all or a portion of such party's claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have waived, to the extent so paid, Trade Claims of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and their properties.  The Debtors shall provide a copy of this Final Order to any Trade Claimant to whom a payment is made pursuant to this Final Order.

9. Nothing herein shall impair or prejudice the Debtors' or any other party in interest's ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Trade Claimant.  The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors and the Committee expressly reserve all rights to contest the extent, validity, or perfection, or to seek the avoidance of all such liens or the priority of such claims.

10. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the

Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; (h) an approval, assumption, adoption, or rejection of any agreement, contract, lease, program, or policy under section 365 of the Bankruptcy Code; (i) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the relief requested in the Motion are valid, and the rights of all parties in interest are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens; (j) a waiver of the obligation of any party in interest to file a proof of claim; or (k) otherwise affecting the Debtors' rights under section 365 of the Bankruptcy Code to

assume or reject any executory contract or unexpired lease. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

13. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the "Approved Budget" as defined in the orders of the Court approving any use of cash collateral in these chapter 11 cases.

14. The Debtors shall maintain a matrix summarizing the name of each Trade Claimant paid on account of its Trade Claims and the amount paid by each Debtor to each Trade Claimant on account of its Trade Claims. On a weekly basis, the Debtors shall deliver an updated copy of the matrix to the U.S. Trustee and the Committee.

15. Nothing in this Final Order authorizes the Debtors to accelerate any payments not otherwise due.

16. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

17. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

18. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

19. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: February 7th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**