IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 9, 107 and 311** |

**FINAL ORDER (I) AUTHORIZING THE
DEBTORS TO (A) MAINTAIN AND ADMINISTER
THEIR CUSTOMER PROGRAMS AND (B) HONOR
PREPETITION OBLIGATIONS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing the Debtors to (i) fulfill and honor (through payment, credit, setoff, or otherwise) the Customer Obligations as they deem appropriate and (ii) continue, renew, replace, terminate, and implement new their Customer Programs and any other customer practices as they deem appropriate, without further application to the Court and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on final basis as set forth herein.

2. The Debtors shall provide at least five (5) business days' prior notice to counsel to the Official Committee of Unsecured Creditors, counsel to the Prepetition ABL Agent, and counsel to the Prepetition FILO Agent of any material changes to the Customer Programs.

3. The Debtors are authorized, but not directed, to pay, exercise, or agree to setoffs, or provide credits to their Customers for any amounts owed on account of the Customer Obligations incurred prepetition, without further application to or order of this Court, for fourteen (14) days following the consummation of any sale transaction.

4. The Debtors are authorized, but not directed to fulfill and honor all Customer Obligations as they deem appropriate; *provided* that sufficient funds are on deposit in the applicable bank accounts to cover such payments, and any such banks and financial institutions

shall not have any liability to any party for relying on such directions or representations by the Debtors as provided in this Final Order.

5. The Debtors are authorized, but not required, to (a) discontinue the sale of Gift Cards after the Petition Date and use commercially reasonable best efforts to direct any third parties to cease the sale of Gift Cards and (b) honor all Gift Cards for fourteen (14) days following the consummation of any sale transaction, solely with respect to those purchased or issued prepetition.

6. The Debtors are authorized, but not required, to (a) discontinue the JOANN Smiles reward programs as of the consummation of any sale transaction and (b) continue to utilize Promotions other than the JOANN Smiles reward program, including redeeming any coupons issued prepetition pursuant to the Promotions and honoring any obligations in connection therewith whether arising prior to, on, or after the Petition Date, in the ordinary course for up to fourteen (14) days following the consummation of any sale transaction.

7. The Debtors are authorized, but not required, (a) to continue to utilize the Refund and Exchange Policy for up to fourteen (14) days following the consummation of any sale transaction and to honor any obligations in connection therewith whether arising prior to, on, or after the Petition Date for up to fourteen (14) days following the consummation of any sale transaction and (b) to modify the Refund and Exchange Policy such that all sales are considered "final" as of the date on which the Debtors consummate any sale transaction.

8. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

9. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law;. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

10. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

11. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the "Approved Budget" as defined in the orders of the Court approving any use of cash collateral in these chapter 11 cases.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

14. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

15. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**Dated: February 7th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**