## **Exhibit 6**

August 20, 2024

**VIA EMAIL**

1903P Loan Agent, LLC
c/o Gordon Brothers Group LLC
800 Boylston Street, 27th Floor
Boston, MA 02119
Attn: Kyle Shonak (kshonak@gordonbrothers.com)

Bank of America, N.A.
100 Federal Street
Boston, MA 02110
Attn: Courtney Kolb (courtney.kolb@bofa.com)

    Re:    FILO Notice of Availability Reserve

Mr. Shonak and Mr. Kolb:

    I write on behalf of Jo-Ann Stores, LLC and its affiliates ("JOANN" or the "Company") in response to your letter dated August 16, 2024 (the "Letter") purporting to establish an Availability Reserve against the FILO Borrowing Base in the amount of $10,000,000. Capitalized terms used in this letter have the meanings given to them in the Credit Agreement (as defined in the Letter) and/or the Letter.

    Under the Credit Agreement, an Availability Reserve against the FILO Borrowing Base can be established only if the following conditions (the "Availability Reserve Conditions") have been met:

1. Any such Availability Reserve must be "…*appropriate (a) to reflect the impediments to the Collateral Agent's ability to realize upon the Current Asset Collateral, (b) to reflect claims and liabilities that the Administrative Agent or the FILO Documentation Agent determines will need to be satisfied in connection with the realization upon the Current Asset Collateral, or (c) to reflect criteria, events, conditions, contingencies or risks which adversely affect any component of the Borrowing Base or the FILO Borrowing Base, the Current Asset Collateral or the validity or enforceability of this Agreement or the other Loan Documents or any material remedies of the Secured Parties hereunder or thereunder.*" (See definition of "Availability Reserves" in the Credit Agreement). The three conditions set forth in this paragraph are referred to herein as the "Fundamental Reserve Triggers".

2. "*…the amount of any Availability Reserve established or increased by…the FILO Documentation Agent shall (i) have a reasonable relationship to the event, condition or other matter that is the basis for the Availability Reserve…*" (See definition of "Availability Reserves" in Credit Agreement).

3. "…*Availability Reserves shall not duplicate eligibility criteria contained in the definition of Eligible Credit Card Receivables, Eligible Trade Receivables, Eligible In-Transit*

*Inventory, Eligible Inventory or Eligible Letter of Credit Inventory.*" (See definition of "Availability Reserves" in Credit Agreement).

4. "*...For the purposes of the definition of "Availability Reserves"...or any other provision of this Agreement (other than the provisions of Section 12.1) or any other Loan Document where the FILO Documentation Agent has a consent right on a matter for which the Administrative Agent also has a consent right, the FILO Documentation Agent shall consult with the Administrative Agent prior to imposing Reserves, withholding consent rights or otherwise taking action that would be less favorable to the Loan Parties than corresponding action taken by the Administrative Agent.*"

5. The establishment of any such Availability Reserve must be made in the Permitted Discretion (i.e. "*…in good faith in the exercise of its reasonable (from the perspective of an asset-based lender) business judgment…*") of the FILO Documentation Agent.

To be clear, the Availability Reserve Conditions have not been met and thus the Letter does not constitute a valid notice of an Availability Reserve against the FILO Borrowing Base.

*First*, the Letter does not set forth with any specificity which of the Fundamental Reserve Triggers is being invoked, nor does the Letter provide any reasonable detail or backup as to the underlying circumstances giving rise to the FILO Availability Reserve. The Letter refers generically to missed forecasts, adverse inventory mix and lagging sales without any evidence of the same in a manner that ties to the contractual requirements for imposing an Availability Reserve against the FILO Borrowing Base. Furthermore, forecasts are never guaranteed, and sales performance is not a metric customarily used to evaluate ABL credits, nor a basis to impose reserves. The Letter also mentions a purported effect on the "*…value of the Collateral in the FILO Borrowing Base… ,*" but that is not one of the enumerated Fundamental Reserve Triggers. We are also not aware of any impairment on the ability of the Collateral Agent to realize upon the Collateral, as we have not received any notice from Bank of America, N.A, (as the Collateral Agent) to that effect and we understand that nothing has changed in terms of perfection or security interests over the Current Asset Collateral in the FILO Borrowing Base since the Credit Agreement was signed in April 2024.

*Second*, the Letter does not provide any evidence, backup or support that ties the FILO Availability Reserve of $10,000,000 to the alleged event or condition that is the basis for imposition of the FILO Availability Reserve. As such, on its face, the FILO Lenders have not demonstrated that the FILO Availability Reserve bears a reasonable relationship to the circumstance identified as the purported basis for imposition of the reserve.

*Third*, the reference in the Letter to "*…adverse conditions relating to inventory levels and mix…*" duplicates eligibility criteria in the definition of Eligible Inventory insofar as decreased levels of inventory (if any) are already directly reflected in the Borrowing Base. Similarly, product mix and trade terms are effectively already taken into account in the Borrowing Base because they directly impact the extent of the inventory that is included in the Borrowing Base. As such, imposing a FILO Availability Reserve related to inventory would be a "double hit" to the Borrowing Base, which is not contractually permitted.

*Fourth*, we are not aware of any reasonable or detailed consultation with the Administrative Agent having taken place prior to the FILO Lenders sending the Letter, which is contrary to the obligations contemplated under the Credit Agreement.

*Fifth*, the imposition of Availability Reserves due to alleged, unspecified business deterioration is highly unusual and not a customary or reasonable use of discretion by agents in ABL debt facilities, which

are underwritten on the assets included in the Borrowing Base as calculated in accordance with the negotiated terms of the credit documents, not the business's cash flow or performance.

*Finally*, we do not believe that the Letter constitutes a valid FILO Deficiency Reserve Correction Notice pursuant to Section 2.19(a) of the Credit Agreement because that provision is designed to correct the calculation of an *existing* FILO Deficiency Reserve whereas the Letter purports to establish a *new* Availability Reserve against the FILO Borrowing Base, which is not governed by Section 2.19(a).

The imposition of the FILO Availability Reserve (and any subsequent increase thereof) would directly impact JOANN's liquidity position and could run the risk of irreparable and permanent harm to our business at a time when we are not in default, have been fully transparent with all lender constituencies about our business plan and performance, and continue to work diligently to manage and grow our business heading into our high season.

The Company reserves all rights, and waives none, with respect to the Letter, the Credit Agreement, and any action taken by any party with respect to imposition of a FILO Availability Reserve, at any time and in any amount, including reserving all rights with respect to whether the Letter and proposed FILO Availability Reserve constitutes a breach of the Credit Agreement.
.

                                                Sincerely,

                                                *Jeffrey Dwyer*
                                                Jeff Dwyer
                                                Interim Chief Financial Officer
                                                Jo-Ann Stores, LLC

CC:

Morgan, Lewis & Bockius LLP (Marjorie Crider)
Choate, Hall & Stewart LLP (Seth Mennillo; John Ventola)