# **Exhibit 7**



WSFS Bank Center
500 Delaware Avenue
Wilmington, Delaware 19801
302-792-6000
www.wsfsbank.com

January 29, 2025

Bank of America, N.A.
100 Federal Street
Boston, MA 02110
Attention: Courtney Kolb
Telephone: (617) 434-0534
E-mail: courtney.kolb@bofa.com

with a copy to:

Morgan, Lewis & Bockius LLP
One Federal Street
Boston, MA 02110-1726
Attention: Marjorie S. Crider
Telephone: (617) 341-7789
Email: marjorie.crider@morganlewis.com

Re:    **Term Cash Proceeds Notice and Information Request**

Ladies and Gentlemen:

Reference is made to that certain Second Amended and Restated Intercreditor Agreement (as amended, supplemented, restated, amended and restated or otherwise modified from time to time, the "Intercreditor Agreement") dated as of April 30, 2024, by and between Bank of America, N.A. as the "ABL Agent" and Wilmington Savings Fund Society, FSB as the "Term Agent." Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Intercreditor Agreement.

On January 15, 2025, the TL Borrower and certain of its affiliates (the "Debtors") commenced chapter 11 proceedings in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") and are in default under section 8.01(f) of the Term Credit Agreement. The Debtors have proposed to sell all of their assets pursuant to section 363 of the United States Bankruptcy Code to a stalking horse bidder, which includes a sale of the Term Priority Collateral. The Term Priority Collateral (which secured the $153 million Term Loans a mere nine months ago) clearly has value and will require an allocation of proceeds to the Term Secured Parties.

Section 6.4 of the Intercreditor Agreement requires the ABL Agent and the Term Agent to negotiate "in good faith to agree on the allocation of the purchase price [of an asset sale involving both ABL Priority Collateral and Term Priority Collateral] between the ABL Priority Collateral and the Term Priority Collateral..." If such negotiations are unsuccessful, the parties may apply to the Bankruptcy Court to make a final and binding decision regarding the proper allocation of asset sale proceeds.

Section 3.3 of the Intercreditor Agreement requires the ABL Agent, upon the Term Agent's request, to share any books and records of any Term Credit Party in its possession or control which contain information identifying or pertaining to the Term Priority Collateral.

2

In connection with the delivery of this Term Cash Proceeds Notice, the Term Agent (acting at the direction of the Required Term Lenders) demands that the ABL Agent immediately engage in good faith pursuant to section 6.4 of the Intercreditor Agreement and promptly propose a reasonable fact-based allocation of Term Priority Collateral proceeds to begin negotiations. The stalking horse bid that allocates nothing to the Term Priority Collateral is not a good faith basis for negotiations.

In connection with the foregoing, the Term Agent demands the ABL Agent deliver books and records of any Term Credit Party in its possession or control which contain any information identifying or pertaining to the Term Priority Collateral pursuant to section 3.3 of the Intercreditor Agreement.

Pending such negotiations and/or Bankruptcy Court resolution of an allocation dispute, the ABL Agent should not apply any Collateral sale proceeds for any purpose to any party. The Term Agent reserves all rights and waives none.

Very truly yours,

Wilmington Savings Fund Society, FSB
as Term Agent

By: _____
Name: Raye Goldsborough
Title: Vice President