**EXHIBIT E**

1      Thank you.

2              THE COURT:  All right.  Well, let me tell you what my

3      problems are with the proposed DIP.

4              While I agree with the debtor we can't use hindsight

5      to decide that the debtor should have only sought use of cash

6      collateral.  I accept that the debtor did not have much

7      leverage.  I -- without any other DIP loans available.  I do

8      think this DIP is -- I won't use the word "outrageous."  But it

9      really does not fall within the zone of reasonable DIPs.

10             And first and foremost, both from day one and

11     certainly it's been proven today, it's clear that while they

12     said that they were providing new money based on the formula,

13     there was no real ability for new money unless they were paid

14     down.  And it's clear that what has now occurred is that this

15     is a sale case.  And it's clear, I think, in all my prior

16     rulings, that if a case is being run for the benefit of the

17     lenders in order to foreclose upon their collateral, the

18     lenders are going to have to pay the cost of that.  And that

19     includes all administrative.  It includes the rent.  It

20     includes professional fees.  Whether or not the debtor is

21     correct, and I don't think the debtor is, there is no

22     commitment right now under the carveout language or otherwise

23     to pay accrued fees that accrue after May 28th.

24             There is no commitment to pay the stub rent.  There's

25     a commitment to escrow $8 million, a fraction of the stub rent

1    for the GOB leases.  But there's no commitment to allow that
2    payment to be made.  And I assume that the lenders are going to
3    retain a security interest in that cash escrow agreement.  Even
4    if they don't, that's clearly insufficient.
5             The debtor is correct under Montgomery Ward, you don't
6    have to pay the stub rent on the first day of the case.  But in
7    a case where the landlords and other administrative claims are
8    clearly not budgeted or being paid while the landlord -- excuse
9    me, while the secured lenders' collateral is being liquidated
10   and their secured claim is being paid, I have a serious problem
11   with that.
12            I think the fix is no 506(c) waiver for anybody.  And
13   to the extent that administrative claims are not paid at the
14   end of this case, there will be a claim against the lenders for
15   those costs under 506(c) to the extent they were necessary for
16   the preservation or realization of their collateral.
17            With respect to the DIP fees and interest, I accept
18   the debtors' testimony that the interest and other fees are
19   simply what were otherwise due to the lenders under the pre-
20   petition claims with the exception of the one six-million-
21   dollar fee.  I am not as outraged by that as the committee is,
22   and I don't think that that was unreasonable because I can't
23   look at it in hindsight.  I have to look at it from the
24   debtors' perspective at the day they entered into this DIP
25   loan, and given the terms and the amount, I'm not -- my