IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 10, 110 and 314** |

**FINAL ORDER (I) APPROVING NOTIFICATION AND HEARING PROCEDURES FOR CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of final order (this "Final Order"), (a) approving certain notification and hearing procedures, substantially in the form of **Exhibit 1** attached hereto (the "Procedures"), related to certain transfers of, or declarations of worthlessness with respect to Debtor JOANN Inc.'s existing classes (or series) of common stock or any Beneficial Ownership[3] therein (any such record or Beneficial Ownership of common stock, collectively,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

[3] "Beneficial Ownership" will be determined in accordance with the applicable rules of sections 382 and 383 of the Internal Revenue Code of 1986, 26 U.S.C. §§ 1–9834 as amended (the "IRC"), and the U.S. Department of the Treasury regulations thereunder ("Treasury Regulations") (other than Treasury Regulations section 1.382-2T(h)(2)(i)(A)), and includes direct, indirect, and constructive ownership (*e.g.*, (1) a holding company would be considered to beneficially own all equity securities owned by its subsidiaries, (2) a partner in a partnership would be considered to beneficially own its proportionate share of any equity securities owned by such partnership, (3) an individual and such individual's family members may be treated as one individual, (4) persons and entities acting in concert to make a coordinated acquisition of equity securities may be treated as a single entity, and (5) a holder would be considered to beneficially own equity securities that such holder has an Option (as defined herein) to acquire). An "Option" to acquire stock includes all interests described in Treasury Regulations section 1.382-4(d)(9), including any contingent purchase right, warrant, convertible debt, put, call, stock subject to risk of forfeiture, contract to acquire stock, or similar interest, regardless of whether it is contingent or otherwise not currently exercisable.

the "Common Stock"), (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio* and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on final basis as set forth herein.

2. The Procedures, as set forth in **Exhibit 1** attached to this Final Order are hereby approved on a final basis.

3. Any postpetition transfer of or postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio.*

4. In the case of any such postpetition transfer of Beneficial Ownership of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio.*

5. In the case of any such postpetition declaration of worthlessness with respect to Beneficial Ownership of Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6. The Debtors may retroactively or prospectively, in writing, waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7. The Debtors shall post the Procedures to the website established by Kroll Restructuring Administration LLC ("Kroll") for these chapter 11 cases (https://cases.ra.kroll.com/Joann2025), such notice being reasonably calculated to provide notice to all parties that may be affected by the Procedures, whether known or unknown,

8. To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

9. Nothing herein shall preclude any person desirous of acquiring Common Stock from requesting relief from this Final Order from this Court, subject to the Debtors' and the other Notice Parties' rights to oppose such relief.

10. The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

11. Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Final Order is not intended and should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

12. Notice of the Motion as provided therein shall be deemed good and sufficient notice of the Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13. Other than to the extent that this Order expressly conditions or restricts transfers or declarations of worthlessness with respect to Beneficial Ownership of Common Stock, nothing in this Order or in the Motion shall, or shall be deemed to, prejudice, impair, or otherwise alter or affect the rights of any holders of Common Stock, including in connection with the treatment of any such stock under any chapter 11 plan or any applicable bankruptcy court order.

14. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

15. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

16. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: February 10th, 2025
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**