**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 4, 114 and 318** |

**FINAL ORDER
(I) AUTHORIZING THE DEBTORS TO (A) SERVE CERTAIN
PARTIES IN INTEREST BY EMAIL, (B) APPROVE THE FORM
AND MANNER OF SERVICE OF THE NOTICE OF COMMENCEMENT,
(C) REDACT OR WITHHOLD CERTAIN CONFIDENTIAL INFORMATION OF
CUSTOMERS, AND (D) REDACT CERTAIN PERSONALLY IDENTIFIABLE
INFORMATION OF INDIVIDUALS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession

(collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) authorizing the

Debtors to (i) serve certain parties in interest by email, (ii) approve the form and manner of service

of the notice of commencement of these chapter 11 cases, (iii) redact or withhold certain

confidential information of customers, and (iv) redact certain personally identifiable information

of individuals, and (b) granting related relief, all as more fully set forth in the Motion; and upon

the First Day Declaration; and the United States District Court for the District of Delaware having

jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under

28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Motion is granted on a final basis as set forth herein.

2.     The requirements of Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated Creditor Matrix, *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, each applicable Debtor shall file its own creditor mailing matrix within fourteen days of any such conversion.

3.     The Debtors are authorized, on a final basis, pursuant to section 107(b)(1) of the Bankruptcy Code, to redact the names, addresses, and email addresses of their customers from any filings with the Court or made publicly available in these chapter 11 cases, *provided, however*, that the Debtors shall be required to make a separate request for sealing relief in connection with any

other filings with the Court or made publicly available in these chapter 11 cases.

4.      The Debtors are authorized, on a final basis, pursuant to section 107(c)(1) of the Bankruptcy Code, to redact on the Creditor Matrix, Schedules and Statements, affidavits of service, and any other document filed with the Court by the Debtors, the home and email addresses of any natural persons, including individual creditors and individual equity holders.  The Debtors shall provide an unredacted version of the Creditor Matrix, Schedules and Statements, and any other filings redacted pursuant to this Final Order to (a) the Court, (b) the U.S. Trustee, (c) counsel to the Official Committee of Unsecured Creditors, (d) the Claims and Noticing Agent, and (e)  any party in interest upon a request to the Debtors (email is sufficient) or to the Court that is reasonably related to these chapter 11 cases, *provided* that any receiving party shall not transfer or otherwise provide such unredacted document to any person or entity not party to the request.  The Debtors shall inform the U.S. Trustee promptly after denying any request for an unredacted document pursuant to this Final Order.

5.      Nothing herein precludes a party in interest's right to file a motion requesting that the Court unseal the information redacted by this Final Order.

6.      The Debtors shall file a redacted version of the Creditor Matrix, Schedules and Statements, or other document filed with the Court, as well as post it on Kroll's website.

7.      For the avoidance of doubt, the Debtors shall file an unredacted Creditor Matrix under seal with the Court.

8.      Nothing in this Final Order shall waive or otherwise limit the service of any document upon or the provision of any notice to any natural person whose personally identifiable information is sealed or redacted pursuant to this Final Order.  Service of all documents and notices

upon individuals whose personally identifiable information is sealed or redacted pursuant to this Final Order shall be confirmed in the corresponding certificate of service.

9.      To the extent a party in interest files a document on the docket in these chapter 11 cases that is required to be served on creditors whose information is under seal pursuant to this Final Order, such party in interest shall contact counsel for the Debtors who shall work in good faith, with the assistance of the Claims and Noticing Agent, to effectuate the service on such party's behalf.

10.      The Debtors, through their Claims and Noticing Agent, are authorized to serve all pleadings and papers, including the Notice of Commencement, via email on all parties, *provided* such party has consented in writing to email service, including, for the avoidance of doubt, any of the Debtors' customers who previously consented to receive email communications.  For parties to be served by physical mail, such parties will receive service at the mailing address in the Debtors' books, records, and files or a mailing address designated under Bankruptcy Rules 2002(g)(l) or 5003(e).  This Final Order does not authorize service by email of any complaint or other pleading filed in an adversary proceeding, unless the party to be served consents to email service of the applicable document(s).  Nothing in this order prevents the Debtors from additionally serving any party by email in addition to the methods of service set forth in Bankruptcy Rule 9036. If notice is provided to any of the Debtors' customers by hard copy U.S. first class mail service, such notice need not exceed one page if it includes a website URL that links directly to the document(s) to which such notice relates.

11.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

12.     Notwithstanding any Bankruptcy Rule to the contrary, the terms and conditions of this Final Order are immediately effective and enforceable upon entry.

13.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

14.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: February 10th, 2025**
**Wilmington, Delaware**