**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 385** |

**MOTION OF DEBTORS**
**FOR ENTRY OF AN ORDER**
**(I) SHORTENING THE NOTICE**
**AND OBJECTION PERIODS FOR THE STORE**
**CLOSING MOTION, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>")

respectfully state as follows in support of this motion:[2]

**<u>Relief Requested</u>**

1.      The Debtors seek entry of an order, substantially in the form attached hereto as

**<u>Exhibit A</u>** (the "<u>Order</u>"), (a) shortening the notice and objection periods for the *Motion of Debtors*

*for Entry of an Order (I) Authorizing and Approving the Conduct of Store Closing Sales, With*

*Such Sales to Be Free and Clear of All Liens, Claims, and Encumbrances and (II) Granting*

*Related Relief* (the "<u>Store Closing Motion</u>"), filed contemporaneously herewith, (b) setting the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "<u>First Day Declaration</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Store Closing Motion (as defined herein), as applicable.

hearing to consider entry of an order approving the Store Closing Motion (the "Store Closing Order") on February 14, 2025, or as soon as practicable thereafter subject to the Court's availability (the "Store Closing Hearing"), (c) requiring that objections to entry of the Store Closing Order be filed at or prior to the February 14th hearing, and (d) granting related relief.

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 102(1) and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002 and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 6004-1, 9006-1(e), and 9013-1.

## Background

5.      JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts, and select home décor products.  Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.  For over 80 years, JOANN has fueled the

creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.      Contemporaneously herewith, the Debtors filed the Store Closing Motion.  As described therein, the Debtors commenced these chapter 11 cases while undergoing a strategic marketing process for the sale of all or substantially all of their assets.  As the sale process progressed, and prospective bidders continued to conduct diligence and refine their potential bids, the Debtors and their advisors were able to identify a subset of underperforming stores that are unlikely to be considered or included in any going concern bid.  Given the expense of operating each of the Debtors' stores, the Debtors, in consultation with their advisors, believe that immediately commencing Store Closing Sales at this subset of stores is critical in order to preserve value for all stakeholders and protect the Debtors' administrative solvency.

8.      Parties involved in these chapter 11 cases will not be prejudiced by a shortened notice and objection period for the Store Closing Motion.  In fact, the proposed timing of the commencement of Store Closing Sales, and the proposed date on which the Debtors will stop

honoring gift cards and stop accepting refunds, returns, and exchanges on merchandise tracks closely with the timing originally proposed in the Debtors' Bidding Procedures Motion[3] and Customer Programs Motion[4] filed on the Petition Date.  The Bidding Procedures Motion proposed a sale hearing on February 14, 2025, with store closing sales beginning immediately following entry of a sale order.  Similarly, the Customer Programs Motion sought relief for the Debtors to stop honoring all gift cards and refunds, returns and exchanges of merchandise fourteen (14) days following the entry of a sale order.  As such, shortening the notice and objection period of the Store Closing Motion will not prejudice parties in interest, as they have had notice, and the opportunity to object, to similar relief in the Bidding Procedures Motion and Customer Programs Motion.

### Basis for Relief

9.       Bankruptcy Rule 2002(a) and Local Rule 6004-1(c) require twenty-one days' notice prior to a hearing on the Store Closing Motion.  *See* Fed. R. Bankr. P. 2002(a); Del. Bankr. L.R. 6004-1(c), 9006-1(c)(i).  Pursuant to Local Rule 9006-1(e), however, hearings may be scheduled on less notice than required by the Local Rules and the Federal Rules of Bankruptcy Procedure "on written motion (served on all interested parties) specifying the exigencies justifying shortened notice." *See* Del. Bankr. L.R. 9006-1(e).  Local Rule 6004-1(c) further provides, in pertinent part, that the Court must comply with the procedures set forth in

---

[3]      *See Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [Docket No. 17] (the "Bidding Procedures Motion").

[4]      *See Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Prepetition Obligations, and (II) Granting Related Relief* [Docket No. 9] (the "Customer Programs Motion").

Del. Bankr. L.R. 9006-1 "unless the requesting party files a motion to shorten notice which may be heard at the first hearing in the case, or as otherwise ordered by the Court, and present evidence at that hearing of compelling circumstances." *See* Del. Bankr. L.R. 6004-1(c).

10.     Pursuant to Bankruptcy Rule 9006(c), the Court "for cause shown may in its discretion with or without motion or notice order the [notice] period reduced." Fed. R. Bankr. P. 9006(c)(1). Section 105(a) of the Bankruptcy Code provides that the Court "may issue any order, process, or judgment that is necessary or appropriate to carry out the [Bankruptcy Code's] provisions." 11 U.S.C. § 105(a).

11.     In exercising its discretion to shorten a notice period, a court should "consider the prejudice to parties entitled to notice and weigh this against the reasons for hearing the motion on an expedited basis." *In re Phila. Newspapers, LLC,* 690 F.3d 161, 172 (3d Cir. 2012) (noting the commonality of such motions "given the accelerated time frame of bankruptcy proceedings"); *see also In re Hester,* 899 F.2d 361, 364 n.3 (5th Cir. 1990) ("[M]otions for material reductions in the notice period are routinely granted by bankruptcy courts."). Section 102(1) of the Bankruptcy Code explains that the phrase "after notice and a hearing" requires only such notice and opportunity for a hearing as may be appropriate under the circumstances. 11 U.S.C. § 102(1).

12.     For the reasons set forth herein and as more fully described in the Store Closing Motion, the Debtors respectfully submit that sufficient cause exists to shorten the notice and objection period with respect to the Store Closing Motion and schedule a hearing on the Store Closing Motion for February 14, 2025, or as soon as practicable thereafter subject to the Court's availability.

### Compliance with Local Rule 9006-1(e)

13.     Pursuant to the requirements of Local Rule 9006-1(e), the Debtors notified counsel to the U.S. Trustee and counsel to the Committee prior to filing this Motion.  The U.S. Trustee informed the Debtors that it opposes the request to shorten notice of the Store Closing Motion.

### Notice

14.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition FILO Agent; (f) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (g) the Internal Revenue Service; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached

hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as

the Court deems appropriate under the circumstances.

Dated:  February 12, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 1410 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone:   (212) 446-4800 |
| Telephone:   (302) 652-3131 | Facsimile:   (212) 446-4900 |
| Facsimile:   (302) 652-3117 | Email:        joshua.sussberg@kirkland.com |
| Email:        preilley@coleschotz.com |                   aparna.yenamandra@kirkland.com |
|                   snewman@coleschotz.com | |
|                   mfitzpatrick@coleschotz.com | - and - |
|                   jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:        anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |