# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  |  | **Re: Docket No. 17** |

## MOTION OF DEBTORS FOR LEAVE TO FILE LATE
## REPLY IN SUPPORT OF DEBTORS' BIDDING PROCEDURES MOTION

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting the Debtors leave to file a late reply (the "Reply") in support of the Bidding Procedures Motion.[3]  The Reply is attached hereto as **Exhibit B**.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration") [Docket No. 5]. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the Reply, as applicable.

[3] *Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect thereto, (III) Approving the Form and Manner of Notice thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [Docket No. 17].

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested in this motion for leave are section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Local Rule 9006-1(d).

**Background**

5. JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN") is a leading national retailer of sewing, arts and crafts, and select home décor products. Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers. For over 80 years, JOANN has fueled the creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6. On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [Docket No. 103]. On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee") [Docket No. 198]. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7. On the Petition Date, the Debtors filed the Bidding Procedures Motion. Pursuant to the notice of hearing filed on January 17, 2025, the Court was scheduled to consider the relief requested in the Bidding Procedures Motion at a hearing on February 11, 2025 at 2:00 p.m.,[4] with objections to entry of an order approving the Bidding Procedures Motion due February 4, 2025 at 4:00 p.m. (the "Original Objection Deadline") [Docket No. 140]. The Debtors later agreed to set the U.S. Trustee's objection deadline to February 6, 2025 at 4:00 p.m., the Committee's and the Ad Hoc Term Loan Group's objection deadline to February 6, 2025 at 5:00 p.m., and various landlord counterparties' objection deadline to February 7, 2025 at 12:00 p.m.

8. Prior to the Original Objection Deadline, Crafty (AL) LLC and IG Design Group Americas, Inc. filed limited objections to the Bidding Procedures Motion [Docket Nos. 257, 258].

9. On February 10, 2025, the Debtors filed a notice adjourning the hearing on the Bidding Procedures Motion to February 14, 2025 at 9:30 a.m. [Docket No. 354].

---

[4] All times set forth in this motion are prevailing Eastern Time.

**Basis for Relief**

10. Pursuant to Local Rule 9006-1(d), "[r]eply papers by the movant, or any party that has joined the movant, may be filed by 4:00 p.m. prevailing Eastern Time the day prior to the deadline for filing the agenda." Local Rule 9006-1(d). The agenda for a hearing is due on or before 12:00 p.m. two business days prior to such hearing. Local Rule 9029-3(a)(i). Accordingly, under the Local Rules, the Reply was due February 11, 2025 at 4:00 p.m.

11. Here, cause exists to allow the Debtors to file a late Reply. Pursuant to the Debtors' agreement to extend the Original Objection Deadline, parties had until February 7, 2025 to file objections to the Bidding Procedures Motion. In an effort to reach a consensual resolution to informal and formal objections, the Debtors adjourned the hearing to February 14, 2025. Since that adjournment, the Debtors have worked diligently with counterparties to resolve open issues. These efforts produced the successful resolution of several objections in part or in full as reflected in the Reply and the Revised Bidding Procedures Order filed contemporaneously herewith. Filing the Reply amid these ongoing negotiations would have been counterproductive to achieving consensual resolutions. Accordingly, the Debtors request leave to file the Reply on February 13, 2025. The additional time will permit the Debtors to fairly and completely present their response to any remaining unresolved objections, which are now significantly narrowed.

12. Importantly, no parties in interest will be prejudiced by the filing of a late Reply given the Debtors' efforts to consensually resolve objections with relevant parties in the interim, and the Court and parties in interest will still have sufficient time to review the Reply and prepare for the hearing.

**Notice**

13. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of Delaware

(the "U.S. Trustee"); (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition FILO Agent; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

14. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief the Court deems appropriate under the circumstances.

Dated: February 13, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 1410 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Proposed Co-Counsel to the Debtors and Debtors in Possession* | *Proposed Co-Counsel to the Debtors and Debtors in Possession* |