**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> JOANN INC., *et al.*,[1] <br><br>                Debtors. | Chapter 11 <br><br> Case No. 25-10068 (CTG) <br><br> (Jointly Administered) <br><br> Related D.I. 414 |

**MOTION OF 1903P LOAN AGENT, LLC TO (I) REDACT THE OMNIBUS REPLY OF 1903P LOAN AGENT, LLC, AS FILO AGENT, TO OBJECTIONS TO THE CASH COLLATERAL MOTION AND THE BIDDING PROCEDURES MOTION AND (II) SEAL CERTAIN EXHIBITS THERETO**

1903P Loan Agent, LLC ("1903"), by and through its undersigned counsel, hereby submits this motion (this "Motion") to redact the *Omnibus Reply of 1903P Loan Agent, LLC, as FILO Agent, to Objections to the Cash Collateral Motion and the Bidding Procedures Motion* (the "Reply"), filed contemporaneously herewith, and file under seal certain exhibits thereto.[2] In support of this Motion, 1903 respectively states as follows:

**RELIEF REQUESTED**

1. By this Motion, 1903 respectfully requests entry of an order, substantially in the form of order attached to this Motion as **Exhibit A** (the "Proposed Order"), authorizing 1903 to redact portions of the Reply and seal certain exhibits thereto, and directing that the unredacted and unsealed version of the Reply remain under seal and confidential, and not be made available to any entity other than: (i) the Court; (ii) the Office of the United States Trustee for Region 3 (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined in this Motion have the meaning ascribed to them in the Reply.

"U.S. Trustee"); (iii) counsel to the Debtors; (iv) counsel to the Official Committee of Unsecured Creditors (the "Committee"); (iv) counsel to the Ad Hoc Term Loan Group; and (v) counsel to the ABL Agent.

## BASIS FOR RELIEF REQUESTED

2.      Section 107(b) of title 11 of the United States Code (as amended, the "Bankruptcy Code") provides bankruptcy courts with the power to issue orders that will protect entities from potential harm resulting from the disclosure of confidential information. Section 107(b) of the Bankruptcy Code provides:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may —
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b).

3.      Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") provides:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information, (2) to protect any entity against scandalous or defamatory matter contained in any paper filed in a case under the Code, or (3) to protect governmental matters that are made confidential by statute or regulation. If an order is entered under this rule without notice, any entity affected thereby may move to vacate or modify the order, and after a hearing on notice the court shall determine the motion.

Fed R. Bankr. P. 9018.

4.      Rule 9018-1(d)–(h) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") likewise set forth the process for filing documents under seal.

5. Once a court determines that an entity is seeking protection of information that falls within section 107(b) of the Bankruptcy Code, "the court is required to protect a requesting interested party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Picture Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994); *see also* 2 *Collier on Bankruptcy* ¶ 107.01, at 107-2 (15th ed. 1993). Under section 107(b) of the Bankruptcy Code, a party only needs to show that the information it seeks to seal is "confidential" and "commercial" in nature. *Id.*

6. "Commercial information is 'information which would result in an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) (quoting *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). Further, "[d]isclosure of [the] information [must] reasonably be expected to cause the entity commercial injury." *Id.* "And, information, if subject to disclosure, must 'unfairly benefit' that entity's competitors. *Id.* at 76. "Such information, however, need not rise to the level of a 'trade secret.'" *Orion*, 21 F.3d at 28.

7. Sufficient cause exists for this Court to grant the relief requested in this Motion. Attached as Exhibits E-G to the Reply are transcript excerpts from the depositions of Jennifer Cann, Jeffrey Dwyer, Ryan Todd Kielty, and Kyle Shonak (the "<u>Deponents</u>"), and, likewise, the Reply contains and quotes from testimony adduced during those depositions. The Debtors, 1903, the Committee, the ABL Agent, and the Ad Hoc Term Loan Group agree that certain testimony adduced during those depositions constitutes confidential, commercial information that would be harmful to the parties involved if released publicly; thus, they have previously agreed to keep this information confidential on an attorneys' eyes only basis pending entry into a protective order in these chapter 11 cases.

8. No protective order has been issued in these cases. Accordingly, cause exists to seal the above-listed deposition transcript excerpts and redact the portions of the Reply that quote from such depositions.

9. Under Local Rule 9018-1(d)(ii), the undersigned counsel certifies that a reasonable effort has been made to confer in good faith with counsel for the Deponents concerning what information contained in the Reply must remain sealed from public view.

## NOTICE

10. Notice of this Motion will be provided to (a) the Debtors; (b) the U.S. Trustee; (c) the Committee; (d) the Ad Hoc Term Loan Group; and (e) the ABL Agent. Under the circumstances, 1903 submits that no other or further notice of this Motion is appropriate or necessary.

[*Remainder of Page Intentionally Left Blank*]

**WHEREFORE**, 1903 respectfully requests that the Court enter an order, substantially in the form of the proposed order, attached to this Motion as **Exhibit A**, granting the relief requested in the Motion, and grant such other and further relief as the Court deems just and proper.

Dated: February 13, 2025
      Wilmington, Delaware

Respectfully submitted,

 /s/ *Stuart M. Brown*
Stuart M. Brown (DE 4050)
Matthew S. Sarna (DE #6578)
**DLA PIPER LLP (US)**
1201 North Market Street, Suite 2100
Wilmington, Delaware 19801
Telephone: (302) 468-5700
Facsimile: (302) 394-2341
Email: stuart.brown@us.dlapiper.com
       matthew.sarna@us.dlapiper.com

-and-

John F. Ventola (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
M. Hampton Foushee (admitted *pro hac vice*)
Alexandra Thomas (admitted *pro hac vice*)
Choate, Hall & Stewart LLP
Two International Place
Boston, Massachusetts 02110
Telephone: (617) 248-5000
Facsimile: (617) 248-4000
Email: jmarshall@choate.com
       jventola@choate.com
       hfoushee@choate.com
       athomas@choate.com

*Counsel for 1903P Loan Agent, LLC*