IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 14, 113, 406** |

**FINAL ORDER (I) APPROVING
THE DEBTORS' PROPOSED ADEQUATE
ASSURANCE OF PAYMENT FOR FUTURE UTILITY
SERVICES, (II) APPROVING THE DEBTORS' PROPOSED
PROCEDURES FOR RESOLVING ADEQUATE ASSURANCE REQUESTS,
(III) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING, OR
DISCONTINUING SERVICE, (IV) AUTHORIZING CERTAIN FEE PAYMENTS FOR
PREPETITION SERVICES PERFORMED, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of a final order (this "Final Order"), (a) approving the Debtors' proposed adequate assurance of payment for future utility services, (b) approving the Debtors' proposed procedures for resolving additional adequate assurance requests, (c) prohibiting utility providers from altering, refusing, or discontinuing services, (d) authorizing payment of prepetition fees to the Utility Service Administrators, and (e) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

1

*Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on final basis as set forth herein.

2. All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

3. The Adequate Assurance Deposit and the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures shall constitute adequate assurance of future payment as required under section 366 of the Bankruptcy Code.

4. The Debtors are authorized to satisfy any prepetition obligations to the Utility Service Administrators.

5. The following Adequate Assurance Procedures are hereby approved on a final basis:

    (a) The Debtors will serve a copy of the Motion and the Final Order granting the relief requested herein to each Utility Provider identified on <u>Exhibit C</u> to the Motion in accordance with these procedures.

    (b) Within twenty (20) days of entry of this Final Order, subject to paragraphs (f)–(i) below, to the extent that they have not already done so, the Debtors will deposit the Adequate Assurance Deposit, in an aggregate amount not to exceed $1,570,363.22, in the Adequate Assurance Account at a bank that has entered into a Uniform Depository Agreement in a form prescribed by the U.S. Trustee.

    (c) Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance Deposit" on the Utility Providers List.

    (d) If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO

    Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); (i) proposed counsel to the Official Committee of Unsecured Creditors, (a) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware, 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com); and (j) to the extent not listed herein, those parties entitled to notice pursuant to Local Rule 9013-1(m) (collectively, the "<u>Notice Parties</u>").  The Debtors shall honor such request within seven (7) business days after the date the request is received by the Debtors.  The Debtors and any such requesting Utility Provider maintain the ability to resolve any dispute regarding such request without further order of the Court.  If an objection is filed to the request for disbursement, the Debtors shall request that this Court schedule a hearing to resolve the dispute.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

(e)    The portion of the Adequate Assurance Deposit attributable to each Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall revert to the Debtors less any amounts owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the earlier of the date upon which (i) the Debtors reconcile and pay the Utility Provider's final invoice in accordance with applicable non-bankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or (ii) the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

(f)    Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Adequate Assurance Request") on the Notice Parties.

(g)    Any Adequate Assurance Request must: (i) be in writing; (ii) identify the location(s) for which the Utility Services are provided, the account number(s) for those location(s), and the outstanding balance for each account; (iii) include a summary of the Debtors' payment history relevant to the affected account(s), including any security deposits; (iv) provide evidence that the Debtors have a direct obligation to the Utility Provider; and (v) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

(h)    If a Utility Provider fails to file and serve an Adequate Assurance Request, the Utility Provider shall be (i) deemed to have received "satisfactory" adequate assurance of payment in compliance with section 366 of the Bankruptcy Code and (ii) forbidden from altering, refusing, or discontinuing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

(i)    Upon the Debtors' receipt of an Adequate Assurance Request, the Debtors will have twenty-one (21) days from the receipt of such Adequate Assurance Request (the "Resolution Period") to negotiate with the Utility Provider to resolve the Utility Provider's Adequate Assurance Request. The Debtors and the Utility Provider may, without notice to any party-in-interest or further order of the Court, extend the Resolution Period by such additional period as they shall mutually agree.

(j)    Without further order of the Court, the Debtors may resolve any Adequate Assurance Request by mutual agreement with a Utility Provider, and the Debtors may, in connection with any such agreement, provide a Utility Provider with additional adequate assurance of payment, including, but not limited to, cash deposits, prepayments, or other forms of security if the Debtors believe that such adequate assurance is reasonable.

(k)    If the Debtors and the Utility Provider are unable to reach a consensual resolution within the Resolution Period, the Debtors will request a hearing before the Court at the next regularly-scheduled omnibus hearing to determine the adequacy of assurance of payment with respect to a particular Utility Provider (a "Determination Hearing") pursuant to section 366(c)(3) of the Bankruptcy Code.

(l)    Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing Utility Services to the Debtors on account of: (i) unpaid charges for

prepetition services; (ii) a pending Adequate Assurance Request; or (iii) any objections filed in response to the Proposed Adequate Assurance.

6. The Utility Providers, including the Utility Providers paid through the Utility Service Administrators, are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

7. The Adequate Assurance Deposit shall be placed into a segregated account for the benefit of each Utility Provider. Notwithstanding anything to the contrary in any other order of this Court, including any order approving the use of cash collateral in these chapter 11 cases, the interests of any party, including but not limited to the Debtors' prepetition lenders, in or lien on the Adequate Assurance Deposit shall be subordinate to the Utility Providers' interest in such Adequate Assurance Deposit until such time as the Adequate Assurance Deposit is returned to the Debtors or as otherwise ordered by this Court.

8. For the avoidance of doubt, nothing in this Final Order shall authorize the use of the Adequate Assurance Deposit to satisfy prepetition claims of any Utility Provider.

9. The Debtors' service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

10. The Debtors are authorized, but not directed, to add or remove parties from the Utility Providers List; *provided*, *however*, that the Debtors shall provide notice of any such addition or removal to the Notice Parties; *provided, further*, that if a Utility Provider is removed from the Utility Providers List, the Debtors shall provide the applicable Utility Provider with fourteen (14) days' notice thereof and the opportunity to respond to such removal. To the extent there is any dispute as to the postpetition amounts owed to a Utility Provider, such Utility Provider

shall not be removed from the Utility Providers List, and no funds shall be removed from the Adequate Assurance Deposit, until such dispute has been resolved.  The Debtors shall request a hearing before this Court at the next regularly scheduled omnibus hearing date, or such other date that the Debtors and the objecting Utility Provider may agree.  For any Utility Provider that is subsequently added to the Utility Providers List, the Debtors shall serve such Utility Provider a copy of this Final Order, including the Adequate Assurance Procedures, and provide such Utility Provider fourteen (14) days' notice to object to the inclusion of such Utility Provider on the Utility Providers List.  The Debtors shall increase the Adequate Assurance Deposit by an amount equal to approximately one-half of the Debtors' monthly average cost of services over the course of twelve months from the subsequently added Utility Provider.  The terms of the Final Order and the Adequate Assurance Procedures shall apply to any subsequently identified Utility Provider who has received notice of the Motion and this Final Order to the same extent as if the Utility Provider was listed on the original Utility Providers List attached hereto.

11. Pursuant to the Adequate Assurance Procedures, upon the Debtors' termination of Utility Services, the Debtors are authorized, in their discretion and without further order of the Court, to reduce the Adequate Assurance Deposit by an amount not exceeding, for each of the Utility Services being discontinued, the lesser of (a) one-half of the average monthly cost of Utility Services previously provided, calculated based on the aforementioned historical average to align with the go-forward average monthly cost of Utility Services and (b) the amount of the Adequate Assurance Deposit then attributable to the applicable Utility Provider; *provided* that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with fourteen (14) days' notice of such reduction and such Utility Provider shall not have objected to its termination, or such objection is resolved, and (ii) paid such Utility

7

Provider in full and for any outstanding postpetition Utility Services. Upon the effective date of a plan in these chapter 11 cases, the Adequate Assurance Deposit shall be returned to the Debtors, less any amount owed on account of unpaid, postpetition Utility Services, by no later than five (5) business days following the date upon which the plan becomes effective.

12. If the Debtors no longer require post-petition utility services on one or more accounts serviced by Waste Management and various affiliates and/or subsidiaries (collectively, "WM"), prior to terminating or assigning any WM services being provided to the Debtors, the Debtors shall provide notice of such termination or assignment in writing, including by email to counsel for WM, Clark Hill PLC, 901 Main Street, Suite 6000, Dallas, Texas 75202, Attn: Andrew G. Edson (aedson@clarkhill.com) and to WM, 800 Capitol, Suite 300, Houston, Texas 77002, Attn: Jacquolyn E. Hatfield-Mills (jmills@wm.com). The notice of termination or assignment shall include: (1) the date of termination or assignment, and (2) the location at which services are being terminated or assigned as defined in the agreement or invoice between WM and the Debtors.

13. If the Debtors no longer want or require some or all post-petition services on one or more accounts serviced by Granite Telecommunications, LLC ("Granite"), the Debtors shall provide notice of the requested termination or proposed assignment in writing, including by email to counsel for Granite, 1201 North Market Street, Suite 1001, Wilmington, DE 19801, Attn: Marla Benedek (MBenedek@cozen.com) and to Granite, 1 Heritage Drive, Quincy, MA 02171, Attn: Kennedy (Phillips) MacQueen (kphillips@granitenet.com), Dale Fea (dfea@granitenet.com), Michaela Blyum (mblyum@granitenet.com), and P36disconnect@granitenet.com. The notice of termination or proposed assignment shall include: (1) the date of termination or assignment and (2) the location at which services are being terminated or assigned as defined in the agreement or

invoice between Granite and the Debtors. In addition to the foregoing, the Debtors agree to submit the disconnect request form to Granite consistent with past practice.

14.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order.

15.     Notwithstanding the relief granted in this Final Order and any actions taken pursuant to such relief (including any payment made in accordance with this Final Order), nothing in this Final Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Final Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law. Any payment made pursuant to this Final Order is not intended and should not be construed as an

admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party in interest's rights to subsequently dispute such claim.

16. The Debtors are authorized, but not directed, to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

17. Notwithstanding anything to the contrary in this Final Order, any payment made, or authorization contained, hereunder shall be subject to the "Approved Budget" as defined in the orders of the Court approving any use of cash collateral in these chapter 11 cases.

18. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and such notice satisfies the requirements of the Bankruptcy Rules and the Local Rules.

19. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

20. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

21. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: February 14th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE