**<u>Schedule 2</u>**

**Store Closing Procedures**

**Store Closing Procedures[1]**

1.      The Store Closing Sales shall be conducted so that the Closing Stores in which sales are to occur will remain open no longer than during the normal hours of operation or such hours as otherwise provided for in the respective leases for the Closing Stores.

2.      The Store Closing Sales shall be conducted in accordance with applicable state and local "Blue Laws", where applicable, so that no Store Closing Sale shall be conducted on Sunday unless the Debtors had been operating such Closing Store on a Sunday prior to the commencement of the Store Closing Sales.

3.      On "shopping center" property, the Debtors shall not distribute handbills, leaflets or other written materials to customers outside of any Closing Stores' premises, unless permitted by the lease or, if distribution is customary in the "shopping center" in which such Closing Store is located; *provided* that the Debtors may solicit customers in the Closing Stores themselves.  On "shopping center" property, the Debtors shall not use any flashing lights or amplified sound to advertise the Store Closing Sales or solicit customers, except as permitted under the applicable lease or agreed to by the landlord.

4.      The Debtors shall have the right to use and sell the Store Closing Assets.  The Debtors may advertise the sale of the Store Closing Assets in a manner consistent with these Store Closing Procedures.  The purchasers of any of the Store Closing Assets sold during the Store Closing Sales shall be permitted to remove the Store Closing Assets either through the back or alternative shipping areas at any time, or through other areas after store business hours; provided, however, that the foregoing shall not apply to the sale of de minimis Store Closing Assets, whereby the item(s) can be carried out of the store in a shopping bag.

5.      Subject to paragraph 17 of the Order, at the conclusion of the Store Closing Sale, the Debtors shall vacate the Closing Store; *provided* that prior to vacating the Closing Store the Debtors will provide for the return of any personal property and furniture, fixtures, and equipment (including, but not limited to, machinery, rolling stock, office equipment and personal property, and conveyor systems and racking) ("FF&E") remaining at the Closing Store not owned by the Debtors (including consigned goods) to (i) the Debtors' headquarters or (ii) the applicable lessor or owner of such property; *provided*, *however*, that the Debtors are not aware of any other parties with interests in the FF&E; *provided further*, that prior to vacating the Closing Store, the Debtors must remove any hazardous materials defined under applicable law from any leased premises as and to the extent the Debtors are required to do so by applicable law.

6.      The Debtors may advertise the Store Closing Sales as "store closing," "sale on everything," "everything must go," "everything on sale," or similar-themed sales.  The Debtors may

---

[1]     Capitalized terms used but not defined in these Store Closing Procedures have the meanings given to them in the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving the Conduct of Store Closing Sales, With Such Sales to be Free and Clear of All Liens, Claims, and Encumbrances, and (II) Granting Related Relief* (the "Motion").

also have a "countdown to closing" sign prominently displayed in a manner consistent with these Store Closing Procedures.

7.    The Debtors shall be permitted to utilize sign-walkers, display, hanging signs, and interior banners in connection with the Store Closing Sales; *provided* that such sign walkers, display, hanging signs, and interior banners shall be professionally produced and hung in a professional manner.  The Debtors shall not use neon or day-glo on its sign walkers, display, hanging signs, or interior banners.  Furthermore, with respect to enclosed mall locations, no exterior signs or signs in common areas of a mall shall be used unless otherwise expressly permitted in these Store Closing Procedures.  In addition, the Debtors shall be permitted to utilize exterior banners at (i) non-enclosed mall Closing Stores and (ii) enclosed mall Closing Stores to the extent the entrance to the applicable Closing Store does not require entry into the enclosed mall common area; *provided*, however, that such banners shall be located or hung so as to make clear that the Store Closing Sales are being conducted only at the affected Closing Store, and shall not be wider than the storefront of the Closing Store.  In addition, the Debtors shall be permitted to utilize sign walkers in a safe and professional manner and in accordance with the terms of the Order.  Nothing contained in these Store Closing Procedures shall be construed to create or impose upon the Debtors any additional restrictions not contained in the applicable lease agreement.

8.    Conspicuous signs shall be posted in the cash register areas of each of the affected Closing Stores to effect that "all sales are final."

9.    Except with respect to the hanging of exterior banners, the Debtors shall not make any alterations to the storefront or exterior walls of any Closing Stores, except as authorized by the applicable lease.

10.    The Debtors shall not make any alterations to interior or exterior Closing Store lighting, except as authorized by the applicable lease.  No property of the landlord of a Closing Store shall be removed or sold during the Store Closing Sales.  The hanging of exterior banners or in-Closing Store signage and banners shall not constitute an alteration to a Closing Store.

11.    The Debtors shall keep Closing Store premises and surrounding areas clear and orderly consistent with present practices.

12.    The Debtors and the landlord of any Store are authorized to enter into Side Letters without further order of the Court, provided that such agreements do not have a material adverse effect on the Debtors or their estates.

13.    Subject to paragraph 17 of the Order, the Debtors shall have the right to use and sell all FF&E owned by the Debtors (the "Owned FF&E").  The Debtors may advertise the sale of the Owned FF&E in a manner consistent with these guidelines.  The purchasers of any Owned FF&E sold during the sale shall be permitted to remove the Owned FF&E either through the back or alternative shipping areas at any time, or through other areas after applicable business hours, *provided, however* that the foregoing shall not apply to *de minimis* FF&E sales made whereby the item can be carried out of the Closing Store in a shopping bag.

2

14. At the conclusion of the Store Closing Sales at each Closing Store, pending assumption or rejection of applicable leases, the landlords of the Closing Stores shall have reasonable access to the Closing Stores' premises as set forth in the applicable leases. The Debtors and their agents and representatives shall continue to have access to the Closing Stores. In the event the Debtors reject the lease associated with a Closing Store, the Debtors will use reasonable efforts to facilitate a smooth transfer of possession, including, if practicable, the return of any key codes and security materials. The Debtors will use reasonable efforts to provide landlords of any such leases to be rejected with at least 14 days' advance notice prior to the Debtors' surrender of possession.

15. The rights of landlords against the Debtors for any damages to a Closing Store shall be reserved in accordance with the provisions of the applicable lease; *provided* that to the extent certain leases of Closing Stores require written confirmation of receipt of a key to effectuate surrender, this requirement is waived.

16. If and to the extent that the landlord of any Closing Store affected hereby contends that the Debtors are in breach of or default under these Store Closing Procedures, such landlord shall email or deliver written notice by overnight delivery on the Debtors as follows:

> JOANN Inc.
> 5555 Darrow Road
> Hudson, Ohio 44236
> Attention: Legal Department
>
> with copies (which shall not constitute notice) to:
>
> Cole Schotz P.C.
> 500 Delaware Avenue, Suite 1410
> Wilmington, Delaware 19801
> (302) 652-3131
> Attention: Patrick J. Reilley, Stacy L. Newman, Michael E. Fitzpatrick, and Jack M. Dougherty
> Email: preilley@coleschotz.com
>        snewman@coleschotz.com
>        mfitzpatrick@coleschotz.com
>        jdougherty@coleschotz.com
>
> - and -
>
> Kirkland & Ellis LLP
> 601 Lexington Avenue
> New York, New York 10022
> Attention: Joshua A. Sussberg, P.C., Aparna Yenamandra, P.C.
> Email: joshua.sussberg@kirkland.com
>        aparna.yenamandra@kirkland.com
>
> - and -

3

Kirkland & Ellis LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
Attention:  Jeffrey Michalik, and Lindsey Blumenthal
Email: jeff.michalik @kirkland.com
          lindsey.blumenthal@kirkland.com