**Exhibit 5**

**Cure Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF POTENTIAL ASSUMPTION OR**
**ASSUMPTION AND ASSIGNMENT OF CERTAIN CONTRACTS OR LEASES**

**PLEASE TAKE NOTICE OF THE FOLLOWING**:

On [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered the *Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [Docket No. [●]] (the "Order"),[2] by which the Court approved procedures for the assumption or assumption and assignment of executory contracts and unexpired leases and granted related relief, as set forth in the Order.

Pursuant to the Order and by this notice (this "Cure Notice"), the Debtors hereby notify you that they have determined, in the exercise of their reasonable business judgment, that each executory contract or unexpired lease set forth on **Schedule 1** attached hereto (the "Potential Assumption List") may be assumed (and, if applicable, assigned) effective as of the date (the "Assumption Date") set forth in **Schedule 1** or such other date as the Debtors and the counterparty or counterparties to such executory contracts or unexpired leases may agree.

The Debtors believe that the party to which each applicable executory contract or unexpired lease may be assigned has the financial wherewithal to meet all future obligations under such contract or lease and the Debtors will use commercially reasonable efforts to provide evidence thereof to such applicable counterparty (and their counsel, if known) thereby demonstrating that the assignee of the contract or lease has the ability to comply with the requirements of adequate assurance of future performance.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Order, the Motion, or the Bidding Procedures, as applicable.

Parties objecting to the proposed assumption and assignment (including a Winning Bidder's proposed form of adequate assurance of future performance) must file and serve a written objection (each, a "Cure Objection") so that such objection is filed with the Court and **actually received by the following parties no later than [●], 2025, at 5:00 p.m. (prevailing Eastern Time)** (the "Cure Objection Deadline"): (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov);

(d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, (i) Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Josh Brody (JBrody@gibsondunn.com), and Kevin Liang (KLiang@gibsondunn.com), (ii) Glenn Agre Bergman & Fuentes LLP, 1185 Avenue of the Americas, 22nd Floor, New York, New York 10035, Attn: Andrew Glenn (aglenn@glennagre.com), Kurt Mayr (kmayr@glennagre.com), Agustina Berro (aberro@glennagre.com), Malak Doss (mdoss@glennagre.com), and Esther Hong (ehong@glennagre.com), and (iii) Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, 16th Floor, Wilmington, Delaware 19801, Attn: Donna Culver (dculver@morrisnichols.com), Robert Dehney (rdehney@morrisnichols.com), Matthew Harvey (mharvey@morrisnichols.com), and Brenna Dolphin (bdolphin@morrisnichols.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (g) counsel to the Winning Bidder, [●]; and (h) proposed counsel to the Official Committee of Unsecured Creditors, (i) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason R. Adams (jadams@kelleydrye.com); Eric R. Wilson (ewilson@kelleydrye.com); and Maeghan J. McLoughlin (mmcloughlin@kelleydrye.com); and (ii) Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, Suite 1700, Wilmington, Delaware 19801, Attn: Brad Sandler (bsanlder@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com).

Absent a Cure Objection being timely filed, the assumption of each executory contract or unexpired lease may become effective on the Assumption Date set forth in **Schedule 1**, or such other date as the Debtors and the counterparty or counterparties to such executory contract or unexpired lease may agree.

If an objection is timely filed and not withdrawn or resolved, such objection will be heard at the Sale Hearing or on such other date and time as agreed to by the Debtors and the objecting party or ordered by the Court. If such objection is overruled or withdrawn, the applicable executory contract or unexpired lease shall be assumed as of the Assumption Date set forth in **Schedule 1** or such other date as the Debtors and the counterparty or counterparties to such executory contract unexpired lease may agree.

## Schedule 1

**Potential Assumption List**