## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## MOTION OF DEBTORS FOR ENTRY
## OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
## SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST
## RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

### Relief Requested

1. The Debtors seek entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), (a) authorizing the Debtors' Professionals (as defined herein) to redact and file under seal the names of certain Confidential Parties (as defined below) in connection with the Debtors' third-party sale and marketing process, and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] A description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "<u>First Day Declaration</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

**Jurisdiction and Venue**

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.    The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>"), rule 9018 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Local Rules 9013-1 and 9018-1(d).

**Background**

5.      JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "<u>JOANN</u>" or the "<u>Company</u>") is a leading national retailer of sewing, arts and crafts, and select home décor products.    Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.    For over 80 years, JOANN has fueled the creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6.    On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] ("the Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

7.    The Debtors have or will file several retention applications, along with accompanying declarations (the "Professional Declarations") to retain certain professionals (the "Professionals"):

- An application to retain Kirkland & Ellis LLP ("Kirkland") as co-counsel to the Debtors, together with an accompanying declaration from Aparna Yenamandra, a partner of Kirkland;

- An application to retain Cole Schotz P.C. ("Cole Schotz") as co-counsel to the Debtors, together with an accompanying declaration from Patrick J. Reilley, a partner of Cole Schotz;

- An application to retain Kroll Restructuring Administration LLC ("Kroll") as administrative advisor to the Debtors, together with an accompanying declaration from Benjamin J. Steele, managing director of Kroll;

- An application to retain Centerview Partners LLC ("Centerview") as investment banker to the Debtors, together with an accompanying declaration from Ryan Kielty, a partner of Centerview;

- An application to retain Alvarez & Marsal North America, LLC ("A&M") to provide the Debtors with an interim chief executive officer, interim chief financial officer, and certain additional personnel, together with an accompanying declaration from Joseph J. Sciametta, a managing director of A&M; and

- An application to retain Deloitte Tax LLP as tax services provider to the Debtors, together with an accompanying declaration from Laura J. Paszt, a partner of Deloitte.

8.     In connection with their proposed retention, the Professionals searched names and entities to determine whether any potential conflicts or other relationship exists that preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.  As such, included with the Professional Declarations are schedules setting forth the names and entities searched by the Professionals and the results of such searches.

9.     To protect the Debtors' commercially sensitive information while providing the necessary disclosures required under the Bankruptcy Code and the Bankruptcy Rules, the Professionals disclosed in their schedules their relationships with certain of the Debtors' potential transaction counterparties (the "Confidential Parties") without disclosing the names of such entities.

10.     As described in the Debtors' bidding procedures motion [Docket No. 17], the Debtors are currently engaged in an active and ongoing marketing and sale process among potential transaction counterparties regarding potential value-maximizing sale transactions.  Due to the inherently competitive nature of the sale process, revealing the identity of the Confidential Parties may chill the marketing process by discouraging potential counterparties from moving forward with negotiations or participating in the sale process because they know the identities of their competitors.  Keeping the identity of the potential counterparties confidential also lessens the likelihood of any collusion among potential bidders.  Moreover, certain of the Confidential Parties have executed non-disclosure agreements with the Debtors that require that their identities remain confidential, and disclosure of their identities could severely hamper the sensitive negotiations between the Debtors and the Confidential Parties and may unduly disrupt the Debtors' efforts to

consummate a value-maximizing transaction for the benefit of the Debtors' estates and all stakeholders.

11.    Importantly, the Professionals have not represented and will not represent the Confidential Parties in connection with any matter in these chapter 11 cases.  The Professionals' representations of the Confidential Parties, if any, do not preclude the Professionals from meeting the disinterestedness standard under section 327(a) of the Bankruptcy Code, as disclosed in their respective retention applications.

### Basis for Relief

12.    Section 107(b) of the Bankruptcy Code provides bankruptcy courts with authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information.  This section provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> > (1)    protect an entity with respect to a trade secret or confidential research, development, or ***commercial information*** . . . .

11 U.S.C. § 107(b)(1) (emphasis added).

13.    Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code, providing that:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . .

Fed. R. Bankr. P. 9018.

14.    Further, Local Rule 9018-1(d)(i) additionally provides, in relevant part, that "[a]ny filer seeking to file a document . . . under seal must file a motion requesting such relief . . . ."  Del. Bankr. L.R. 9018-1(d)(i).

15.     If the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy Code, "the court is *required* to protect a requesting party and has no discretion to deny the application." *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2d Cir. 1994) (emphasis in original); *see also In re Altegrity, Inc.*, No. 15–10226 (LSS), 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("if it is established that the documents sought to be sealed fall within the enumerated statutory exception, the Court must grant the requested relief (or such other relief that protects the moving party)."); *In re 50-Off Stores, Inc.*, 213 B.R. 646, 655–56 (Bankr. W.D. Tex. 1997) ("The statute, on its face, states that the bankruptcy court is ***required*** to protect such an entity on request of a party in interest.") (emphasis in original).  Stated differently, section 107(b) of the Bankruptcy Code does not require a party seeking its protections to demonstrate "good cause." *Orion Pictures*, 21 F.3d at 28.  "Courts have supervisory power over their records and files and may deny access to those records and files to prevent them from being used for an improper purpose." *In re Kaiser Aluminum Corp.*, 327 B.R. 554, 560 (D. Del. 2005).  Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27.  Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *See In re Glob. Crossing Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003).

16.     Confidential commercial information "is information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'"  *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006) (quoting *Orion Pictures Corp.*, 21 F.3d at 27–28).  Commercial information need not rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code.  *See In re Altegrity, Inc.*,

2015 WL 10963572, at *3 ("Such information, however, need not rise to the level of a 'trade secret.'"); *see also Orion Pictures*, 21 F.3d at 27–28 (holding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party must show only that the information it wishes to seal is "confidential" and "commercial" in nature).

17.     The Debtors submit that the names of the Confidential Parties contained in the schedules to the Professional Declarations constitute confidential commercial information that may be protected under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. The Confidential Parties are participants in the Debtors' efforts to enter into a value-maximizing sale transaction (or transactions) for their assets. The Debtors are required to maintain the confidentiality of the identities of certain of the Confidential Parties pursuant to non-disclosure agreements, and public disclosure of such identities may impair the negotiation process by chilling ongoing discussions and discouraging further discussions.  In either case, the Confidential Parties have an expectation of privacy, and such expectation is reasonable, especially where Confidential Parties were required to enter into non-disclosure agreements in order to receive diligence related to any proposed transaction.  Due to the inherently competitive nature of this process, it is imperative that the identities of the Confidential Parties remain confidential, or parties will be discouraged from participating in future transactions with the Debtors.

18.     As set forth in the Professional Declarations, the Professionals will not represent any of the Confidential Parties in connection with any matter in these chapter 11 cases. Accordingly, the Debtors and the Professionals do not believe that the Professionals' representations of the Confidential Parties in matters unrelated to the Debtors preclude the Professionals from meeting the disinterestedness standard under the Bankruptcy Code.

19.     The Professionals have recognized (and been responsive to) their disclosure obligations under the Bankruptcy Code and have narrowly tailored the request set forth in this motion to protect only the kind of commercially sensitive information that is entitled to be protected under section 107 of the Bankruptcy Code.  Indeed, the Professionals have disclosed hundreds of connections to potential parties in interest and request authority to maintain the confidentiality of a limited number of Confidential Parties at this time, together with any future parties who (a) have executed nondisclosure agreements requiring the Debtors to maintain the confidentiality of their identities and/or (b) did not otherwise consent to the public disclosure of their identities.

20.     As a result, the Debtors believe that authorizing the names of the Confidential Parties to be filed under seal is the best method to ensure transparency with respect to information disclosure while still preventing the negative implications of public disclosure.

21.     The Debtors request authority for the Debtors and the Professionals to file redacted versions of the names and other identifying information of the Confidential Parties in the Professional Declarations.  The Debtors will provide the Court, the U.S. Trustee and the Committee with unredacted versions of the Professional Declarations.

22.     This proposed format for disclosure is carefully tailored to provide appropriate levels of information in these chapter 11 cases while still maintaining confidentiality of "commercial information" where truly necessary.

### Certification Pursuant to Local Rule 9018-1(d)

23.     To the best of the knowledge, information, and belief of the filer of the Sealing Motion, the entire Proposed Sealed Document should be placed under seal due to the confidentiality rights of the filer and other parties (each as defined in Local Rule 9018-1(d)(iii)).

**<u>Notice</u>**

24.     The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition FILO Agent; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; and (h) any party that is entitled to notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.


*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: February 18, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:    preilley@coleschotz.com
    snewman@coleschotz.com
    mfitzpatrick@coleschotz.com
    jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
    aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    anup.sathy@kirkland.com
    jeff.michalik@kirkland.com
    lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*

*Proposed Co-Counsel to the Debtors*
*and Debtors in Possession*