## EXHIBIT A

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. [____]** |

## ORDER AUTHORIZING THE DEBTORS, PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b), TO (I) RETAIN ALVAREZ & MARSAL NORTH AMERICA, LLC TO PROVIDE THE DEBTORS AN INTERIM CHIEF EXECUTIVE OFFICER, AN INTERIM CHIEF FINANCIAL OFFICER, AND CERTAIN ADDITIONAL PERSONNEL, (II) DESIGNATE MICHAEL PRENDERGAST AS INTERIM CHIEF EXECUTIVE OFFICER, AND (III) DESIGNATE JEFFREY DWYER AS INTERIM CHIEF FINANCIAL OFFICER FOR THE DEBTORS, IN EACH CASE EFFECTIVE AS OF THE PETITION DATE

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing the Debtors to (i) retain Alvarez & Marsal North America, LLC ("A&M"), in order to provide the Debtors with an interim chief executive officer, an interim chief financial officer, and certain Additional Personnel (as described in the Application), and (ii) designate Michael Prendergast as the Debtors' CEO, (iii) designate Jeffrey Dwyer as the Debtors' CFO, in each case effective as of the Petition Date on the terms set forth in the Engagement Letter annexed to the Application as Exhibit B and the Sciametta Declaration annexed to the Application as Exhibit C, and (b) granting

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

related relief, all as more fully set forth in the Application; and upon the Sciametta Declaration and the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court have found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.     The Application is granted to the extent set forth herein.

2.     The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

3.     Pursuant to sections 105(a) and 363(b) of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M to provide the Debtors with an interim chief executive officer,

an interim chief financial officer, and certain Additional Personnel, and to designate Michael Prendergast as the Debtors' CEO, and Jeffrey Dwyer as the Debtors' CFO, in each case effective as of the Petition Date on the terms set forth in the Engagement Letter, subject to the following terms, which apply notwithstanding anything in the Engagement Letter or the Application or any Exhibits related thereto to the contrary:

a.   A&M and its affiliates shall not act in any other capacity (for example, and without limitation, as a financial advisor, claims agent/claims administrator, or investor/acquirer) in connection with the above-captioned cases.

b.   In the event the Debtors seek to have A&M personnel assume executive officer positions that are different than the positions disclosed in the Application, or to materially change the terms of the engagement by either (i) modifying the functions of personnel, (ii) adding new executive officers, or (iii) altering or expanding the scope of the engagement, a motion to modify the retention shall be filed.

c.   A&M shall file with the Court with copies to the United States Trustee ("U.S. Trustee") and all official committees, a report of staffing on the engagement for the previous month.  Such report shall include the names and functions filled of the individuals assigned.  All staffing shall be subject to review by the Court in the event an objection is filed.

d.   No principal, employee or independent contractor of A&M and its affiliates shall serve as a director of any of the above-captioned Debtors during the pendency of the above-captioned cases.

e.   A&M shall file with the Court and provide notice to the U.S. Trustee and all official committees, reports of compensation earned, and expenses incurred on a quaterly basis.  Such reports shall contain summary charts which describe the services provided, identify the compensation earned by each executive officer and staff employee provided, and itemize the expenses incurred.  All compensation shall be subject to review by the Court in the event an objection is filed.

f.   Notwithstanding the requirements of paragraph (e) above, the Debtors are authorized, but not directed, to pay, in the ordinary course of business, all amounts invoiced by A&M for fees and expenses incurred in connection with A&M's retention.

g.      For a period of three years after the conclusion of the engagement, neither A&M nor any of its affiliates shall make any investments in the Debtors or the Reorganized Debtors.

h.      A&M shall disclose any and all facts that may have a bearing on whether A&M, its affiliates, and/or any individuals working on the engagement have any interest materially adverse to the interest of the Debtors' estates or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtors, or for any other reason.  The obligation to disclose identified in this subparagraph is a continuing obligation.

4.      To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

5.      Notice of the Application as provided therein is deemed to be good and sufficient notice of such Application, and the requirements of the Bankruptcy Rules and Local Rules are satisfied by the contents of the Application.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.