# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Hearing Date: March 6, 2025 at 2:00 p.m. (ET)** |
|  | ) | **Obj. Deadline: February 27, 2025 at 4:00 p.m. (ET)** |

**APPLICATION OF DEBTORS FOR ENTRY
OF AN ORDER AUTHORIZING THE RETENTION AND
EMPLOYMENT OF KROLL RESTRUCTURING ADMINISTRATION LLC
AS ADMINISTRATIVE ADVISOR EFFECTIVE AS OF THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this application (the "Application"):[2]

## Relief Requested

1.      The Debtors previously filed an application (the "Claims Agent Application") for an order appointing Kroll Restructuring Administration LLC ("Kroll") as claims and noticing agent pursuant to 28 U.S.C. § 156(c), which application was granted by this Court on January 17, 2025 [Docket No. 108].  The Debtors believe that administration of these Chapter 11 Cases will require Kroll to perform services arguably outside the scope of the order approving the Claims Agent Application, including assisting the Debtors with the preparation of their schedules

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration").  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") as well as with the plan solicitation and confirmation process.

2.　　The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), authorizing, but not directing, the Debtors to employ and retain Kroll Restructuring Administration LLC ("Kroll") so that it may perform services as their administrative advisor (the "Administrative Advisor") in accordance with that certain engagement agreement dated January 3, 2025, by and between the Debtors and Kroll (the "Engagement Agreement"), a copy of which is attached as Exhibit 1 to the Order. The Debtors request that Kroll's retention be effective as of the Petition Date, the date on which Kroll began providing services to the debtors including the provision of Administrative Advisor services. In support of this Application, the Debtors submit the declaration of Benjamin J. Steele, Managing Director of Kroll (the "Steele Declaration"), attached hereto as **Exhibit B**.

**Jurisdiction and Venue**

3.　　The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4.　　Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

5.    The statutory bases for the relief requested herein are sections 327(a), 330, and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1.

## Background

6.    JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts, and select home décor products.  Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.  For over 80 years, JOANN has fueled the creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

7.    On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] ("the Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## Kroll's Qualifications

8.    Kroll is comprised of leading industry professionals with significant experience in both the legal and administrative aspects of large, complex chapter 11 cases.  Kroll's professionals have experience in noticing, claims administration, solicitation, balloting, and facilitating other

administrative aspects of chapter 11 cases and experience in matters of this size and complexity. Kroll's professionals have acted as debtors' counsel, official claims and noticing agent and/or administrative advisor in many large bankruptcy cases in this district and other districts nationwide. *See, e.g.*, *In re Biora Therapeutics, Inc.*, No. 24-12849 (BLS) (Bankr. D. Del. Jan. 27, 2025); *In re Oya Renewables Dev. LLC*, No. 24-12574 (KBO) (Bankr. D. Del. Dec. 3, 2024); *In re Franchise Grp., Inc.*, No. 24-12480 (JTD) (Bankr. D. Del. Dec. 16, 2024); *In re Exactech, Inc.* No. 24-12441 (LSS) (Bankr. D. Del. Dec. 4, 2024); *In re FTX Trading Ltd.,* No. 22-11068 (JTD) (Bankr. D. Del Jan. 20, 2023); *In re Acorda Therapeutics, Inc.*, No. 24-22284 (DSJ) (Bankr. S.D.N.Y. May 29, 2024); *In re GOL Linhas Aéreas Inteligentes S.A.*, No. 24-10118 (MG) (Bankr. S.D.N.Y. March 18, 2024); *In re SVB Fin. Grp.*, No. 23-10367 (MG) (Bankr. S.D.N.Y. April 27, 2023); *In re Presperse Corp*, No. 24-18921 (MBK) (Bankr. D.N.J. Oct. 10, 2024).

9.      Additionally, Kroll is uniquely qualified to provide to the Debtors the services described in the Engagement Agreement, this Application, and the proposed Order at minimal cost because of its role as claims, noticing, and solicitation agent in connection with the 2024 chapter 11 cases of JOANN Inc. and certain of its affiliates, pending in this Court. *In re JOANN Inc.*, No. 24-10418 (CTG) (Bankr. D. Del. March 18, 2024). The experience and familiarity with the Debtors will maximize the efficacy and efficiency of Kroll's service as Administrative Advisor.

## **Services to be Provided**

10.      Pursuant to the Engagement Agreement, the Debtors seek to retain Kroll as Administrative Advisor to provide, among other things, the following bankruptcy administration services, if and to the extent requested:

> (a)      assist with, among other things, solicitation, balloting, and tabulation of votes, and prepare any related reports, as required in support of confirmation of a chapter 11 plan, and in connection with such services, process requests

(b)      prepare an official ballot certification and, if necessary, testify in support of the ballot tabulation results;

(c)      assist with the preparation of the Debtors' schedules of assets and liabilities and statements of financial affairs and gather data in conjunction therewith;

(d)      provide a confidential data room, if requested;

(e)      manage and coordinate any distributions pursuant to a chapter 11 plan; and

(f)      provide such other processing, solicitation, balloting, and other administrative services described in the Engagement Agreement, but not included in the Claim Agent Application, as may be requested from time to time by the Debtors, the Court, or the Office of the Clerk of the Bankruptcy Court (the "Clerk").[3]

11.      The Debtors believe that Kroll is well qualified and able to provide the foregoing services to the Debtors. Kroll has indicated a willingness to act on behalf of the Debtors, on the terms described herein.

## Professional Compensation

12.      The fees Kroll will charge in connection with providing services to the Debtors are set forth in the Engagement Agreement. The Debtors respectfully submit that Kroll's rates are competitive and comparable to the rates its competitors charge for similar services. Indeed, the Debtors conducted a review and competitive comparison of other firms and reviewed the rates of other firms before retaining Kroll with respect to these Chapter 11 Cases. The Debtors believe Kroll's rates are more than reasonable given the quality of Kroll's services and its professionals' bankruptcy expertise. Additionally, Kroll will seek reimbursement from the Debtors for reasonable expenses in accordance with the terms of the Engagement Agreement.

---

[3]   For the avoidance of doubt, the list of services to be provided as set forth herein is not intended to limit the scope of services set forth in the Claims Agent Application.

13.     Kroll intends to apply to the Court for allowance of compensation and reimbursement of expenses incurred after the Petition Date in connection with the services it provides as Administrative Advisor pursuant to the Engagement Agreement.  Kroll will comply with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any orders of the Court entered in these chapter 11 cases regarding professional compensation and reimbursement of expenses.

14.     As stated in the Claims Agent Application, prior to the Petition Date, the Debtors provided Kroll an advance in the amount of $100,000, which was replenished in the amount of $69,127.89 and received by Kroll on January 10, 2025.  Kroll applied a portion of the advance (which is subject to replenishment in accordance with the order approving the Claims Agent Application) to cover these fees and expenses.  Except as stated in this paragraph, Kroll has not received any payments from the Debtors in the 90 days prior to the Petition Date.

15.     Additionally, under the terms of the Engagement Agreement, the Debtors have agreed to indemnify, defend, and hold harmless Kroll and its members, officers, employees, representatives, and agents under certain circumstances specified in the Engagement Agreement, except in circumstances resulting solely from Kroll's gross negligence or willful misconduct or as otherwise provided in the Engagement Agreement.  The Debtors believe that such an indemnification obligation is customary, reasonable, and necessary to retain the services of an Administrative Advisor in these chapter 11 cases.

### **Kroll's Disinterestedness**

16.     Kroll has reviewed its electronic database to determine whether it has any relationships with the creditors and parties in interest provided by the Debtors and, to the best of the Debtors' knowledge, information and belief, and except as otherwise disclosed in the Steele Declaration, Kroll is a "disinterested person" within the meaning of section 101(14) of the

Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent any interest materially adverse to the Debtors, their estates, or creditors.

17.     Kroll believes that it does not have any relationships with creditors or other parties in interest that would present a disqualifying conflict of interest.  Kroll will supplement its disclosure to the Court if any facts or circumstances are discovered that would require such additional disclosure.

## Basis for Relief

18.     Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

19.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

20.     In light of the size and complexity of these chapter 11 cases, the Debtors respectfully submit that retaining and employing Kroll pursuant to the terms of the Engagement Agreement is necessary and in the best interests of the Debtors' estates and all parties in interest to these chapter 11 cases.   The Debtors also believe that the terms and conditions of the

Engagement Agreement are reasonable in light of the anticipated high volume of creditors and other parties in interest that will be involved in these cases.

21.     Accordingly, to help manage administrative tasks with respect to the thousands of creditors and other parties in interest that are expected to be involved in the Debtors' chapter 11 cases, and the complexity of such cases, the Debtors respectfully request the Court enter an order appointing Kroll as the Administrative Advisor in these chapter 11 cases pursuant to sections 327(a), 330, and 331 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2.

### Notice

22.     The Debtors will provide notice of this Application to the following parties or their respective counsel:  (a) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition FILO Agent; (f) the creditors listed on the Debtors' consolidated list of thirty (3) creditors holding the largest unsecured claims; (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached

hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as

Dated:  February 13, 2025
Hudson, Ohio

_/s/ Ann Aber_
Ann Aber
JOANN Inc.
Executive Vice President, Chief Legal and
Human Resources Officer