# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) | (Jointly Administered) |
|  | ) ) ) | **Hearing Date: March 6, 2025 at 2:00 p.m. (ET)** **Obj. Deadline: February 27, 2025 at 4:00 p.m. (ET)** |

**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS DELAWARE CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

JOANN Inc. and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") submit this application (the "Application"), pursuant to sections 327(a), 329 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Debtors to retain and employ Cole Schotz P.C. ("Cole Schotz" or the "Firm") as co-counsel in these Chapter 11 Cases effective as of the Petition Date (as defined below).  In support of the Application, the Debtors submit: (i) the *Declaration of Patrick J. Reilley in Support of Debtors' Application for Entry of an Order Authorizing the*

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

*Retention and Employment of Cole Schotz P.C. as Delaware Co-Counsel for the Debtors Effective as of the Petition Date* (the "Reilley Declaration"), attached hereto as **Exhibit B**, and (ii) the *Declaration of Ann Aber in Support of Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Cole Schotz P.C. as Delaware Co-Counsel for the Debtors Effective as of the Petition Date* (the "Aber Declaration"), attached hereto as **Exhibit C**, each of which is incorporated herein by reference.  In further support of the Application, the Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1.     The United States District Court for the District of Delaware has jurisdiction to consider this Application under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and other bases for the relief requested in this Application are sections 327(a), 329 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.     On January 15, 2025, (the "Petition Date"), each of the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b).  The

Debtors continue to operate their business and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.     On January 28, 2025, the United States Trustee for the District of Delaware appointed a creditors' committee in these Chapter 11 Cases [Docket No. 198].  No party has requested the appointment of a trustee or examiner in these Chapter 11 Cases.

6.     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to these Chapter 11 Cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration").

## RELIEF REQUESTED

7.     By this Application, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtors to retain and employ Cole Schotz as Delaware co-counsel to the Debtors effective as of the Petition Date pursuant to sections 327(a), 329 and 1107 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-1.

## COLE SCHOTZ'S QUALIFICATIONS

8.     The Debtors seek to retain Cole Schotz as their Delaware co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights under chapter 11 of the Bankruptcy Code and the Firm's experience in matters concerning complex bankruptcy litigation.

9.     Since its retention, Cole Schotz has familiarized itself with the Debtors and many of the potential legal issues which may arise in the context of these Chapter 11 Cases.  The Debtors submit that Cole Schotz's retention as bankruptcy counsel is necessary and in the best interests of the Debtors and their estates.  The Debtors further submit that the Firm is both well-qualified and

uniquely able to represent the Debtors in these Chapter 11 Cases in an efficient and effective manner.

10. Moreover, pursuant to Local Rule 9010-1(c), an "attorney not admitted to practice by the District Court and the Supreme Court of the State of Delaware may not be admitted *pro hac vice* unless associated with an attorney who is a member of the Bar of the District Court and who maintains an office in the District of Delaware for the regular transaction of business." DEL. BANKR. L.R. 9010-1(c). Cole Schotz will fulfill the "Delaware Counsel" position as such term is defined in Local Rule 9010-1(c). *See id.* Cole Schotz will be the registered user of CM/ECF, file all papers and attend proceedings before the Court on behalf of the Debtors pursuant to Local Rule 9010-1(c).

## <u>SCOPE OF COLE SCHOTZ'S PROPOSED SERVICES</u>

11. It is proposed that Cole Schotz be employed by the Debtors to render the following services:

(a)  provide legal advice with respect to the Debtors' powers and duties as debtors-in-possession;

(b)  provide legal advice with respect to the Local Rules and local practices and procedures;

(c)  take all necessary action to protect and preserve the Debtors' estates, including the prosecution of actions on the Debtors' behalf, the defense of any actions commenced against the Debtors, the negotiation of disputes in which the Debtors are involved and the preparation of objections to claims filed against the Debtors' estates;

(d)  prepare and/or review and comment, on behalf of the Debtors, as debtors in possession, on all necessary motions, applications, answers, orders, reports and other papers in connection with the administration of the Debtors' estates;

(e)  advise the Debtors concerning, and prepare and/or review responses to, applications, motions, other pleadings, notices and other papers that may be filed by the Debtors and other parties in these Chapter 11 Cases;

4

(f)     prepare notices of agenda, certificates of no objections, certifications of counsel and notices of motions, applications and hearings;

(g)     attend meetings and negotiate with representatives of creditors and other parties in interest, appear at Court hearings and advise the Debtors on the conduct of these Chapter 11 Cases;

(h)     take all necessary actions in connection with any chapter 11 plan of reorganization and related disclosure statement, as each may be amended from time to time, and all related documents, and such further actions as may be required in connection with the administration of the Debtors' estates and the implementation of any such documents;

(i)      monitor the docket for filing deadlines and hearing dates, maintain a critical dates calendar and coordinate with co-counsel on pending matters;

(j)      serve as conflicts counsel on certain matters where needed and as the same may arise during the course of these Chapter 11 Cases; and

(k)     perform all other necessary legal services in connection with the prosecution of these Chapter 11 Cases.

## **PROFESSIONAL COMPENSATION**

12.     Subject to the Court's approval of this Application, Cole Schotz intends to apply to the Court for allowance of compensation earned for professional services rendered and reimbursement of actual and necessary expenses incurred in connection with these Chapter 11 Cases in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.  The Cole Schotz attorneys and paralegals primarily responsible for representing the Debtors and their current standard hourly rates are:

| **Name** | **Title** | **Hourly Rate** |
|---|---|---|
| Patrick J. Reilley | Member | $900 per hour |
| Stacy L. Newman | Member | $800 per hour |
| Jack M. Dougherty | Associate | $575 per hour |
| Michael E. Fitzpatrick | Associate | $575 per hour |
| Elazar A. Kosman | Associate | $430 per hour |
| Pauline V. Ratkowiak | Paralegal | $405 per hour |

13.     In addition, other Cole Schotz attorneys, paralegals and other professionals may be involved as necessary and appropriate to represent the Debtors.  The current rates of Cole Schotz members, special counsel, associates, paralegals and litigation support specialists are as follows:

| | |
|---|---|
| Members | $595 to $1,575 per hour |
| Special Counsel | $625 to $840 per hour |
| Associates | $380 to $675 per hour |
| Paralegals | $315 to $460 per hour |
| Litigation Support Specialists | $425 to $535 per hour |

14.     The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions and to reflect the professionals' increased expertise and experience in their area of law.[2]

15.     In addition, it is Cole Schotz's policy to charge its clients in all areas of practice for all other expenses incurred related to the representation.  The expenses charged to clients include, among other things, facsimile (outgoing only), toll and other charges, external teleconferencing, mail and express mail charges, special or hand delivery charges, photocopying, scanning and printing charges, travel expenses, expenses for "working meals," computerized research, transcription costs and non-ordinary overhead expenses such as secretarial and other overtime. Cole Schotz will charge for these expenses in a manner and at rates consistent with charges made generally to its other clients.  The Debtors respectfully submit that the rates and charges set forth above are reasonable.

## COMPENSATION RECEIVED BY COLE SCHOTZ FROM THE DEBTORS

16.     Cole Schotz was retained by the Debtors to provide restructuring advice and ultimately in connection with the preparation and filing of the Chapter 11 Cases.  Prior to the Petition Date, Cole Schotz received several retainers and payments totaling $200,000.00.  To date,

---

[2]   Such increases generally occur on or about September 1 of each year.

$110,559.00 in fees and expenses have been applied to outstanding balances existing as of the Petition Date. The remaining $89,441.00 constitutes a retainer (the "Retainer") for Cole Schotz's post-petition services. The Debtors do not currently owe Cole Schotz any amounts for legal services rendered prior to the Petition Date.

17.    A retainer is appropriate here. As this Court noted in *In re Insilco Techs., Inc.*, 291 B.R. 628, 634 (Bankr. D. Del. 2003), courts apply a "reasonableness" standard to determine whether the terms and conditions of a retention application, including retainers, are appropriate. Key factors include:

(a)    whether terms of an engagement agreement reflect normal business terms in marketplace;

(b)    relationship between debtor and professional, i.e., whether parties are sophisticated business entities with equal bargaining power who engaged in arms-length negotiation;

(c)    whether the retention, as proposed, is in best interests of the estate;

(d)    whether there is creditor opposition to retention and retainer provisions; and

(e)    whether, given the size, circumstances and posture of the case, the amount of the retainer is itself reasonable, including whether retainer provides appropriate level of "risk minimization," especially in light of existence of any other risk-minimizing devices such as administration order and/or carve-out.

18.    The Debtors submit that the proposed Retainer is "reasonable" under the factors articulated in *Insilco*. First, retainer agreements reflect normal business terms in the marketplace. *See id.* (noting that "it is not disputed that the taking of evergreen retainers is a practice now common in the marketplace . . . [and] the practice in this district has been engaged in since at least the early 1990s"). Second, Cole Schotz and the Debtors are sophisticated business entities that have negotiated the Retainer at arm's length. Third, approval of the proposed Retainer is in the best interests of the estates, as it enables the Debtors to maintain the relationship with the Firm

they established pre-petition.  Fourth, the Debtors are not aware of any creditor opposition to the retention or proposed Retainer.  Fifth, the Retainer protects Cole Schotz against the risk of non-payment and is reasonable given the size and circumstances of these Chapter 11 Cases.  Therefore, approval of the proposed Retainer is warranted under the standards articulated in *Insilco*.

19.     Pursuant to Bankruptcy Rule 2016(b), Cole Schotz has neither shared nor agreed to share (a) any compensation it has received or may receive in connection with these Chapter 11 Cases with another party or person, other than with the employees of Cole Schotz or (b) any compensation another person or party has received or may receive in connection with these Chapter 11 Cases.

## COLE SCHOTZ'S DISINTERESTEDNESS

20.     As described in the Reilley Declaration, in connection with its proposed retention by the Debtors in these Chapter 11 Cases, Cole Schotz conducted a search of its conflicts database with respect to the Debtors and a list of potential parties in interest in these Chapter 11 Cases compiled by the Debtors and their proposed professionals (collectively, the "Potential Parties in Interest").  The Potential Parties in Interest and the results of Cole Schotz's conflicts search are set forth on Schedule 1 and Schedule 2[3] to the Reilley Declaration, respectively.

21.     To the best of the Debtors' knowledge, information and belief, and as evidenced by the Reilley Declaration, Cole Schotz does not currently hold or represent any interest adverse to the interest of the estates, creditors or equity security holders with respect to the matters in which Cole Schotz is to be employed, except as set forth therein.  Accordingly, Cole Schotz is "disinterested" under section 101(14) of the Bankruptcy Code.

---

[3]  Schedule 2 lists entities that Cole Schotz either currently represents or formerly represented on matters unrelated to these Chapter 11 Cases in the last three (3) calendar years.

22.     Except as disclosed in the Reilley Declaration, Cole Schotz does not represent, and has not represented, any entities other than the Debtors in matters related to these Chapter 11 Cases.  Cole Schotz may represent or may have represented certain parties with interests in these Chapter 11 Cases on matters unrelated to these Chapter 11 Cases.  As set forth in the Reilley Declaration, Cole Schotz has conducted, and continues to conduct, research into its relationships with the Debtors, the Debtors' substantial creditors and other parties identified as Potential Parties in Interest in these Chapter 11 Cases.

23.     Given the number of potential parties in interest in these Chapter 11 Cases and because the information on <u>Schedule 1</u> may change during the pendency of these Chapter 11 Cases, Cole Schotz is not able to conclusively identify all relationships or potential relationships with all creditors or other parties in interest in these Chapter 11 Cases.  If any new, relevant facts or relationships are discovered or arise, Cole Schotz will use reasonable efforts to identify such developments and, upon discovery of the same, will promptly file a supplemental declaration pursuant to Bankruptcy Rule 2014(a).

## BASIS FOR RELIEF AND APPLICABLE LEGAL AUTHORITY

24.     The Debtors request authority to retain and employ Cole Schotz as their Delaware co-counsel pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to court approval, may employ one or more attorneys "that do not hold or represent an interest adverse to the estate" and that are "disinterested persons."  11 U.S.C. § 327(a).  A "disinterested person" is a person that (a) is not a creditor, an equity security holder or an insider of the debtor, (b) is not and was not, within two years before the date of the filing of the petition, a director, officer or employee of the debtor, and (c) does not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any

direct or indirect relationship to, connection with or interest in the debtor, or for any other reason.

11 U.S.C. § 101(14).

      25.     Bankruptcy Rule 2014(a) requires that a retention application state the following:

> [T]he specific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm]'s connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States trustee.

FED. R. BANKR. P. 2014. Additionally, Local Rule 2014-1 requires that an entity seeking to employ a professional under section 327 of the Bankruptcy Code file "a verified statement of the professional person under [Bankrutpcy Rule 2014] and a proposed order." DEL. BANKR. L.R. 2014-1.

      26.     In general, subject to the requirements of section 327(a) of the Bankruptcy Code, a debtor-in-possession is entitled to the counsel of its choosing. *See In re Congoleum Corp.*, 426 F.3d 675, 686 (3d. Cir. 2005) ("[C]ourts must be cautious about infringing on the right of the debtor to retain counsel of its choice."). Courts give "great deference" to the debtor-in-possession's choice of counsel. *See In re Enron Corp.*, 2002 WL 32034346, at *5 (Bankr. S.D.N.Y. May 23, 2002); *see also In re Huntco, Inc.*, 288 B.R. 229, 232 (Bankr. E.D. Mo. 2002) ("A bankruptcy court . . . should give the debtor in possession significant deference in its selection of counsel to represent it under § 327(a).").

## STATEMENT PURSUANT TO REVISED UST GUIDELINES

      27.     Cole Schotz shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules,

the Local Rules and any other applicable procedures and orders of the Court. Cole Schotz also intends to make a reasonable effort (taking into account the particular facts and circumstances of these Chapter 11 Cases) to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST Guidelines"), both in connection with this Application and the interim and final fee applications to be filed by Cole Schotz in these Chapter 11 Cases. While Cole Schotz is agreeing to do so in these Chapter 11 Cases, this statement regarding the Revised UST Guidelines is made for these Chapter 11 Cases only and with a full and express reservation of rights with respect to any other cases and matters.

28.     The following is provided in response to the request for additional information set forth in Paragraph D.1. of the Revised UST Guidelines:

| **Question** | Did you agree to any variations from, or alternatives to, your standard or customary billing arrangements for this engagement? |
|---|---|
| Response | No. Cole Schotz professionals working on this matter will bill at Cole Schotz's standard hourly rates. |
| **Question** | Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case? |
| Response | No. |
| **Question** | If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed postpetition, explain the difference and the reasons for the difference. |
| Response | As set forth above, Cole Schotz will bill at its standard hourly rates, with all fees and expenses being subject to approval of the Court, subsequent to the commencement of these Chapter 11 Case. |
| **Question** | Has your client approved your prospective budget and staffing plan, and, if so for what budget period? |

11

| | |
|---|---|
| Response | The Debtors and their professionals are currently in the process of formulating a detailed budget that is consistent with the form of budget attached as Exhibit C-1 to the Revised UST Guidelines, recognizing that in the course of a case like these Chapter 11 Cases, it is highly likely that there may be a number of unforeseen fees and expenses that will need to be addressed by the Debtors and their professionals. |

## **NOTICE**

29.     The Debtors will provide notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Lender Ad Hoc Group; (e) the Prepetition Term Loan Agent; (f) the Official Committee of Unsecured Creditors; and (g) all parties that have requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of this page intentionally left blank.]*

WHEREFORE, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested herein and such other and further relief the Court may deem just and proper.

Dated:  February 13, 2025

Respectfully Submitted,

<u>*/s/ Ann Aber*</u>
Ann Aber
Executive Vice President,
Chief Legal and Human Resources Officer
JOANN Inc., *et al.*