# **Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Related Docket No. ____** |

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS DELAWARE CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

Upon consideration of the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Cole Schotz P.C. as Delaware Co-Counsel for the Debtors Effective as of the Petition Date* (the "Application");[2] and the Court having reviewed the Application, the Reilley Declaration and the Aber Declaration submitted in support thereof; and the Court being satisfied, based on the representations made in the Application and the Reilley Declaration, that Cole Schotz is a "disinterested person" as defined in section 101(14) of the Bankruptcy Code and as required by section 327(a) of the Bankruptcy Code and does not hold or represent an interest adverse to the Debtors' estates; and the United States District Court for the District of Delaware having jurisdiction to consider this Application under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

States District Court for the District of Delaware, dated February 29, 2012; and the matter being a core proceeding within the meaning of 28 U.S.C. § 157(b)(2); and the Court being able to issue a final order consistent with Article III of the United States Constitution; and venue of this proceeding and the Application being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application having been given under the particular circumstances; and it appearing that no other or further notice is necessary; and it appearing that the relief requested in the Application is in the best interests of the Debtors, their estates, their creditors and other parties-in-interest; and after due deliberation thereon; and good and sufficient cause appearing therefor; it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Debtors are authorized to retain and employ Cole Schotz as their Delaware co-counsel in these Chapter 11 Cases effective as of the Petition Date pursuant to section 327(a) of the Bankruptcy Code in accordance with the terms and conditions set forth in the Application.

3. Cole Schotz shall apply for compensation earned for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and the applicable provisions of the Bankruptcy Rules, the Local Rules and any other applicable procedures and orders of the Court.

4. The Retainer shall be held by Cole Schotz as security throughout the bankruptcy cases until Cole Schotz's fees and expenses are awarded by final order and payable to Cole Schotz.

5. Cole Schotz intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "Revised UST

Guidelines”) in connection with any interim or final fee applications to be filed by Cole Schotz in these Chapter 11 Cases.

6. Consistent with the Revised UST Guidelines, Cole Schotz shall provide ten (10) business days’ notice to the Debtors, the U.S. Trustee and any official committee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. The Debtors and Cole Schotz are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

8. To the extent that there may be any inconsistency among the terms of the Application, the Reilley Declaration and this Order, the provisions of this Order shall govern.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation and enforcement of this Order.