**Exhibit C**

**Aber Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |

**DECLARATION OF ANN ABER IN SUPPORT OF**
**DEBTORS' APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE**
**RETENTION AND EMPLOYMENT OF COLE SCHOTZ P.C. AS DELAWARE**
**CO-COUNSEL FOR THE DEBTORS EFFECTIVE AS OF THE PETITION DATE**

I, Ann Aber, hereby declare under penalty of perjury, as follows:

1. I am the Executive Vice President, Chief Legal and Human Resources Officer of JOANN Inc. and certain of its affiliates, the debtors and debtors-in-possession (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). Accordingly, I am in all respects competent to make this declaration in support of the application (the "Application")[2] of the Debtors to retain Cole Schotz P.C. ("Cole Schotz" or the "Firm") as their counsel pursuant to sections 327(a), 329 and 1107 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rules 2014-1 and 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). Except as otherwise noted, I have personal knowledge of the information set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used and not otherwise defined herein have the meanings ascribed to such terms in the Application.

2. This declaration (the "<u>Declaration</u>") is provided pursuant to Paragraph D.2 of the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "<u>Revised UST Guidelines</u>"). I am informed by counsel that the Revised UST Guidelines suggest that any application for employment of an attorney under sections 327 or 1103(a) of the Bankruptcy Code be accompanied by a verified statement from the client that addresses the following:

    (a) The identity and position of the person making the verification. The person ordinarily should be the general counsel of the debtor or another officer responsible for supervising outside counsel and monitoring and controlling legal costs.

    (b) The steps taken by the client to ensure that the applicant's billing rates and material terms for the engagement are comparable to the applicant's billing rates and terms for other non-bankruptcy engagements and to the billing rates and terms of other comparably skilled professionals.

    (c) The number of firms the client interviewed.

    (d) If the billing rates are not comparable to the applicant's billing rates for other non-bankruptcy engagements and to the billing rates of other comparably skilled professionals, the circumstances warranting the retention of that firm.

    (e) The procedures the client has established to supervise the applicant's fees and expenses and to manage costs. If the procedure for the budgeting, review and approval of fees and expenses differ from those the client regularly employs in non-bankruptcy cases to supervise outside general counsel, explain how and why. In addition, describe any efforts to negotiate rates including rates for routine matters, or in the alternative to delegate such matters to less expensive counsel.

3. On the Petition Date, the Debtors commenced these Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>"). These Chapter 11 Cases are being jointly administered for administrative purposes only.

4. The Debtors continue to operate their business and manage their properties as debtors and debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtors selected Cole Schotz because of the Firm's extensive knowledge, expertise and experience in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. Additionally, Cole Schotz's knowledge, expertise and experience practicing before the Court will enable the Firm to work in an efficient and cost-effective manner on behalf of the Debtors' estates. In preparing for and filing these Chapter 11 Cases, Cole Schotz has become familiar with the Debtors' business and affairs and many of the potential legal issues that may arise in the context of these cases and since its engagement has advised the Debtors on local rules, practices and procedures with respect to various restructuring issues. Therefore, the Debtors believe that Cole Schotz is uniquely qualified to represent them in these Chapter 11 Cases.

6. The Debtors have reviewed Cole Schotz's rates for the services to be rendered consistent with the Application. I understand that those rates are consistent with (i) Cole Schotz's comparable engagements and the billing rates and terms of other comparably skilled firms for providing similar services and (ii) Cole Schotz's billing rates for other non-bankruptcy engagements. The Debtors believe that these rates are reasonable.

7. I understand that Cole Schotz is preparing a budget and staffing plan and will be presenting it to the Debtors for approval. The Debtors will regularly monitor and review Cole Schotz's fees and expenses throughout this engagement.

8. By virtue of the foregoing, and for the reasons set forth in the Application and the Reilley Declaration, the Debtors believe that Cole Schotz is well-qualified to represent the Debtors in the Chapter 11 Cases as their Delaware co-counsel and seek entry of the Proposed Order,

substantially in the form attached to the Application, authorizing the Debtors to retain Cole Schotz as Delaware co-counsel effective as of the Petition Date in accordance with the terms set forth in the Application.

Pursuant to 28 U.S.C. § 1746, I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated:  February 13, 2025                              Respectfully Submitted,

*/s/ Ann Aber*
Ann Aber
Executive Vice President,
Chief Legal and Human Resources Officer
JOANN Inc., *et al.*