## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: Mar. 6, 2025 at 2:00 p.m. (ET)** |
| | ) | **Obj Deadline: Feb. 27, 2025 at 4:00 p.m. (ET)** |

**MOTION OF DEBTORS SEEKING ENTRY OF AN ORDER
(I) SETTING BAR DATES FOR FILING PROOFS OF CLAIM, INCLUDING
UNDER SECTION 503(b)(9), (II) ESTABLISHING AMENDED SCHEDULES BAR
DATE AND REJECTION DAMAGES BAR DATE, (III) APPROVING THE FORM OF
AND MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9)
REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors" and,

each, a "Debtor") state as follows in support of this motion:[2]

### Relief Requested

1.    The Debtors seek entry of an order, substantially in the form attached hereto as

**Exhibit A** (the "Bar Date Order"):  (a) establishing **April 4, 2025 at 11:59 p.m. (prevailing**

**Eastern Time)** as the last date and time for each entity[3] (including, without limitation, individuals,

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer of JOANN Inc., in Support of the Debtors' Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

[3]    Except as otherwise defined herein, all terms specifically defined in the Bankruptcy Code shall have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim" has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in

partnerships, corporations, joint ventures, and trusts, but other than governmental units) to file proofs of claim on account of prepetition claims, including requests for payment under section 503(b)(9) of the Bankruptcy Code, against any Debtor (the "General Bar Date"); (b) solely as to governmental units, establishing **September 8, 2025 at 11:59 p.m. (prevailing Eastern Time)** as the last date and time for each such governmental unit to file proofs of claim on account of prepetition claims against any Debtor (the "Governmental Bar Date"); (c) establishing **April 4, 2025 at 11:59 p.m. (prevailing Eastern Time)** as the last date to file proofs of claim on account of all administrative claims (excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code) that arose or are deemed to have arisen on or prior to February 26, 2025 (the "Administrative Claims Bar Date"); (d) establishing the deadline by which any entity asserting a claim arising from the Debtors' amendment of the Debtors' Schedules must file proofs of claim against any Debtor (the "Amended Schedules Bar Date"); (e) establishing the deadline by which any entity asserting a claim arising from the Debtors' rejection of an executory contract or unexpired lease must file proofs of claim against any Debtor (the "Rejection Damages Bar Date" and, together with the General Bar Date, Governmental Bar Date, Administrative Claims Bar Date, and Amended Schedules Bar Date, and as may be applicable, the "Bar Date" or "Bar Dates"); (f) approving the proposed proof of claim form, substantially in the form attached to the Bar Date Order as Exhibit 1 (the "Proof of Claim Form"); (g) approving the proposed form and manner of bar date notice, substantially in the form attached to the Bar Date Order as Exhibit 2 (the "Bar Date Notice"); and

---

section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

(h) approving the proposed form and manner of publication notice, substantially in the form attached to the Bar Date Order as Exhibit 3 (the "Publication Notice").

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are sections 105(a), 501, 502(b)(9), 503(a), and 1111(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rules 2002(a)(7), (f), (1), 3001, 3003(c), 5005(a), and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1009-2, 2002-1, and 3003-1(a).

## Background

5.      JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts, and select home décor products.  Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.  For over 80 years, JOANN has fueled the

creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their business and managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] ("the Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

## The Bar Dates

### I.      Summary

7.      Bankruptcy Rule 3003(c)(3) provides that the Court shall fix the time within which proofs of claim must be filed in a chapter 11 case pursuant to section 501 of the Bankruptcy Code. Moreover, Bankruptcy Rule 3003(c)(2) provides that any creditor who has a claim against the Debtors that arose before the Petition Date and whose claim is not scheduled in the Debtors' schedules of assets and liabilities, schedules of executory contracts and unexpired leases, or statements of financial affairs (collectively, the "Schedules") or whose claim is listed on the Schedules as disputed, contingent, or unliquidated must file a proof of claim.  As set forth below, the Debtors propose that the bar date to file any such claims will be at least 21 days following the service of the Bar Date Notice.  Section 502(b)(9) of the Bankruptcy Code further provides that governmental units shall have a minimum of 180 days after the entry of the order for relief to file proofs of claim.  Moreover, section 503(a) of the Bankruptcy Code provides that "[a]n entity may

timely file a request for payment of an administrative expense, or may tardily file such request if permitted by the court for cause." 11 U.S.C. § 503(a).

8.      The Debtors filed their Schedules on February 11, 2025, and service of the Bar Date Notice will be provided shortly after the relief requested in this Motion is approved.  The proposed timeline will give all parties in interest adequate notice of the Bar Dates and an opportunity to respond.

## II.    Bar Dates

9.      Each entity that asserts a claim against the Debtors that arose before the Petition Date shall be required to file an original proof of claim, substantially in the form attached to the Bar Date Order as <u>Exhibit 1</u> or Official Form 410.[4]  More specifically, the Debtors propose the following deadlines:

   a.   ***General Bar Date***.   The Debtors request that the Court establish ***April 4, 2025 at 11:59 p.m.*** prevailing Eastern Time, as the General Bar Date.  The General Bar Date would be the date and time by which all entities, other than governmental units holding prepetition claims, must file Proofs of Claim, **including requests for payment under section 503(b)(9) of the Bankruptcy Code**, so that such proofs of claim are actually received by the Debtors' notice and claims agent, Kroll Restructuring Administration LLC ("<u>Kroll</u>") by the General Bar Date, unless such entity's claim falls within one of the exceptions set forth in this Motion.  Subject to these exceptions, the General Bar Date would apply to all claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

---

[4]   The Debtors' claims and noticing agent maintains an Online Portal (as defined below) allowing potential claimholders to submit a proof of claim (in substantially the same form as any hard copy version) and electronically sign and submit such proof of claim.  The Online Portal provides a secure, simple portal for creditors to participate in the chapter 11 cases while tracking original e-signatures.  This also eases the administrative burden on and costs to the Debtors estates associated with processing hard-copy proofs of claim.  The Debtors intend to accept proofs of claim through the Online Portal under "Claims" and by clicking on "Submit a Proof of Claim," as further described below and subject to the same limitations and requirements of all other proofs of claim.

b.   ***Governmental Bar Date***.  Pursuant to section 502(b)(9) of the Bankruptcy Code, the Debtors request that ***September 8, 2025 at 11:59 p.m.***, prevailing Eastern Time, be established as the Governmental Bar Date in these chapter 11 cases.   The Governmental Bar Date would apply to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose before the Petition Date, including governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods, or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the Governmental Bar Date.

c.   ***Administrative Claims Bar Dates***.  Pursuant to section 503(a) of the Bankruptcy Code, the Debtors request that ***April 4, 2025 at 11:59 p.m.***, prevailing Eastern Time, be established as the Administrative Claims Bar Date in these chapter 11 cases.  The Administrative Claims Bar Date will apply to all Administrative Claims that arose or are deemed to have arisen on or prior to February 26, 2025 (the "Initial Administrative Claims Deadline") (excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code).  All claimants holding Administrative Claims[5] against the Debtors would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the Administrative Claims Bar Date.  For Administrative Claims arising after February 26, 2025, all claimants would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the date that is 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' Chapter 11 Cases.

d.   ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, is required to file a proof of claim or amend any previously filed proof of claim regarding the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules.

---

[5]   As inserted herein, "Administrative Claims" means those claims under section 503(b) of the Bankruptcy Code (excluding claims arising under section 503(b)(9)) and/or 507(a)(2), excluding those claims for (a) fees and expenses of professionals retained in these chapter 11 cases and (b) payables arising from postpetition goods and services provided to the Debtors in the ordinary course of business.

e.      ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as otherwise set forth in such order, the Debtors propose that the Court establish the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Kroll by the applicable Rejection Damages Bar Date.

<u>**Procedures for Filing Proofs of Claim**</u>

**I.      Parties Required to File Proofs of Claim**

10.     Except as otherwise set forth herein, the Debtors propose that the following entities holding claims against the Debtors be required to file proofs of claim on or before the applicable Bar Date:

a.      any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

d.      any person or entity who believes that its claim against a Debtor is or may be an administrative expense that arises or is deemed to have arisen on or prior to the Initial Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code; and

e.      any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

## II.    Parties Exempted from the Bar Date

11.    The Debtors propose that the following entities whose claims otherwise would be

subject to a Bar Date need not file proofs of claim:

a.    any entity that already has filed a signed proof of claim against the applicable Debtor(s) with the Clerk of the Court or with Kroll in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.    any non-Debtor subsidiary or affiliate having a claim against a Debtor;

h.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[6]

i.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful

---

[6]    The Debtors reserve all rights with respect to any such claims, including to, *inter alia*, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

termination, discrimination, harassment, hostile work environment, and/or retaliation;

j.    any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.    any entity holding a claim for which a separate deadline is fixed by this Court;

l.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

m.    any person or entity that is exempt from filing a Proof of Claim Form pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to any orders authorizing the Debtors' proposed postpetition financing and/or use of cash collateral (whether on an interim or final basis) (any such orders, the "Cash Collateral Orders").

## III.    The Proof of Claim Form

12.    The Debtors have prepared and request that the Court approve the Proof of Claim Form substantially in the form attached to the Bar Date Order as Exhibit 1, which, although based on Official Form 410, has been modified to allow creditors to request payment for claims under section 503(b)(9) of the Bankruptcy Code.  In addition, with the assistance of Kroll, the Debtors propose to provide each of the creditors listed on the Debtors' Schedules with a "personalized" Proof of Claim Form, which will indicate how the Debtors have scheduled the creditor's claim in the Schedules, including: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority.

13.    If a creditor disagrees with the information set forth on the "personalized" Proof of Claim Form, the creditor is required to file a proof of claim identifying the Debtor against which

the creditor is asserting a claim and the amount and type of such claim.  Additionally, creditors

may choose not to use the personalized Proof of Claim Form and instead submit proofs of claim

on Official Form 410.  So long as a creditor otherwise complies in all respects with the Bar Date

Order, the creditor can submit their proof of claim by hard copy or through Kroll's secure online

portal, available at:  https://cases.ra.kroll.com/Joann2025 (the "Online Portal").

## IV.    Requirements for Preparing and Filing Proofs of Claim

14.    With respect to preparing and filing a proof of claim, the Debtors propose that each

proof of claim be required to be consistent with the following:

a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 11:59 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also:  (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

c.    <u>Original Signatures Required</u>.  Only *original* proofs of claim (whether submitted by hard copy or through the Online Portal at https://cases.ra.kroll.com/Joann2025) will be deemed acceptable for purposes of claims administration.[7]  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against JOANN Inc.

---

[7]    Proofs of claim submitted by hard copy may not be electronically signed unless otherwise agreed to in advance by the Debtors.

e.      <u>Claim Against Multiple Debtor Entities</u>.  Unless otherwise ordered by the Court, each proof of claim must state a claim against **_only one_** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.      <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; _provided_ that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.      <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be **_<u>actually</u> <u>received</u>_** by Kroll on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal at https://cases.ra.kroll.com/Joann2025 under "Case Navigation" and by clicking on "Submit a Claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at either of the following addresses:

**By First Class Mail:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**By Overnight Courier or Hand Delivery:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

h.      <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

## **Consequences of Failure to File a Proof of Claim**

15.     Pursuant to Bankruptcy Rule 3003(c)(2), the Debtors propose that any entity who is required, but fails, to file a proof of claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Such entities shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases and participating in any distribution in these chapter 11 cases on account of such claim.

## **Procedures for Providing Notice of the Bar Dates**

16.     The Debtors propose the following procedures for providing mailing and publication notice of the Bar Dates.

## **V.      Mailing of Bar Date Notices.**

17.     Pursuant to Bankruptcy Rule 2002(a)(7), no later than 5 business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors propose to cause the Bar Date Notice and a Proof of Claim Form, (collectively, the "Bar Date Package") to be mailed via first class mail to the following entities:

   a.     the U.S. Trustee;

   b.     Kelley Drye & Warren LLP as counsel to the Committee;

   c.     ArentFox Schiff LLP as counsel to the Prepetition Term Loan Agent;

   d.     Gibson Dunn & Crutcher LLP as counsel to the Prepetition Term Loan
          Lender Ad Hoc Group;

   e.     Morgan, Lewis, & Bockius LLP as counsel to the Prepetition ABL Agent;

   f.     Choate, Hall & Stewart LLP as counsel to the Prepetition FILO Agent;

g.  all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

h.  all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

i.  all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

j.  all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

k.  all entities that are party to executory contracts and unexpired leases with the Debtors;

l.  all entities that are party to litigation with the Debtors;

m.  all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

n.  the U.S. Attorney's Office for the District of Delaware;

o.  the office of the attorney general for each state in which the Debtors maintain or conduct business;

p.  the Internal Revenue Service;

q.  all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

r.  the U.S. Securities and Exchange Commission.

18.  The proposed Bar Date Notice notifies the parties of the Bar Dates and contains information regarding who must file a proof of claim, the procedures for filing a proof of claim, and the consequences of failure to timely file a proof of claim.  The Debtors request the Court approve the use of the Bar Date Notice.

## VI.    Supplemental Mailings.

19.    After the initial mailing of the Bar Date Package, the Debtors may, in their discretion, make supplemental mailings of notices, including in the event that:  (a) notices are returned by the post office with forwarding addresses;[8] (b) certain parties acting on behalf of parties in interest (*e.g.*, banks and brokers with respect to equity or interest holders) decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing; and (c) additional potential claimants become known as the result of the Bar Date noticing process.  In this regard, the Debtors request that the Court permit it to make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date, with any such mailings deemed timely and the Bar Date being applicable to the recipient creditors.

## VII.    Publication Notice.

20.    In the interest of ensuring that all potential claimants receive adequate notice of the Bar Dates, in addition to providing the Bar Date Notice to known creditors, the Debtors propose to provide notice of the Bar Dates by publication.  Pursuant to Bankruptcy Rule 2002(*l*) and in satisfaction of the requirements of Bankruptcy Rule 2002(a)(7), the Debtors propose to publish the Publication Notice on one occasion in *The New York Times* (national edition), at least 21 days before the General Bar Date.  In addition, the Debtors may, in their sole discretion, publish the Publication Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations.  The Debtors request that the Court approve the Publication Notice, substantially in the form attached to the Bar Date Order as Exhibit 3; it

---

[8]    However, if notices are returned as "return to sender" without a forwarding address, the Debtors request that they should not be required to mail additional notices to such creditors.

includes a telephone number that creditors may call to obtain copies of the Proof of Claim Form, the URL for a website at which creditors may obtain a copy of a Proof of Claim Form, and information concerning the procedures and appropriate deadlines for filing a proof of claim.

### Basis for Relief

**VIII. The Court Should Approve the Bar Dates and the Proposed Procedures for Filing Proofs of Claim in These Chapter 11 Cases.**

21.     Bankruptcy Rule 3003(c)(3) generally governs the filing of proofs of claim in a chapter 11 case and provides, in relevant part, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed."   Fed. R. Bankr. P. 3003(c)(3).  Although Bankruptcy Rule 2002(a)(7) generally provides that the clerk must give all parties in interest a minimum of 21 days' notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c), neither the Bankruptcy Code, the Bankruptcy Rules, nor the Local Rules specify a time by which proofs of claim must be filed in chapter 11 cases (other than section 502(b)(9) of the Bankruptcy Code relating to governmental units).

22.     It is well recognized that a claims bar date plays an essential role in the twin goals of bankruptcy—preserving a debtor's going-concern value and maximizing property available to satisfy creditors.  *See Bank of Am. Nat'l Trust & Sav. Assoc. v. 203 N. LaSalle St. P'ship*, 526 U.S. 434, 453 (1999).  A claims bar date allows the Debtors and parties in interest to expeditiously determine and evaluate the liabilities of the estates.  The absence of such a deadline, in contrast, would prolong creditor uncertainty, increase the costs and expenses incurred by the Debtors in connection with the claims reconciliation process, and delay or even derail the claims process, thus undercutting one of the principal purposes of bankruptcy law—"secur[ing] within a limited period the prompt and effectual administration and settlement of the debtor's estate."  *See Chemetron Corp. v. Jones*, 72 F.3d 341, 346 (3d Cir. 1995).

23.    The procedures described herein provide creditors with ample notice and opportunity and a clear process for filing Proofs of Claim and achieve administrative and judicial efficiency.   Indeed, the proposed procedures will provide comprehensive notice and clear instructions to creditors, on the one hand, and allow these chapter 11 cases to move forward quickly with a minimum of administrative expense and delay, on the other hand.

24.    In addition, the Debtors request the court to allow submission of proofs of claim via the Online Portal as well as by paper forms, to ensure an accessible and simple process.  Indeed, courts in this district routinely allow electronic submission of proofs of claim.  *See, e.g.*, *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 8, 2024); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Sept. 11, 2024); *In re Vyaire Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. July 9, 2024); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. May 20, 2024).

25.    Moreover, the Debtors' proposed procedures provide clear instructions that will help avoid confusion or uncertainty among creditors that might lead them to file unnecessary protective proofs of claim or multiple proofs of claim that would cause expense and delay in the claims process for all parties.  Additionally, the proposed use of a personalized Proof of Claim Form for all known creditors is designed to both streamline the claims process and provide useful information to creditors as to whether and how their claims are reflected in the Debtors' Schedules. Lastly, the proposed procedures are designed to comply with the Bankruptcy Code and provide the Debtors with flexibility in case of the need for supplemental bar dates or situations in which a creditor's claim status may change during these chapter 11 cases (such as in the event of contract rejections).

IX.     **The Proposed Notice Procedures Are Reasonable and Appropriate.**

26.     Bankruptcy Rule 2002(a)(7) requires that the Debtors provide claimants at least 21 days' notice by mail of the Bar Dates pursuant to Bankruptcy Rule 3003(c).  Additionally, Bankruptcy Rule 2002(*l*) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice.  Bankruptcy Rule 9008 also provides that the Court shall determine the form and manner of publication notice, the newspapers used, and the frequency of publication.

27.     In conjunction with setting deadlines to file proofs of claim, the Debtors must give appropriate notice to interested parties.  The Debtors propose to mail the Bar Date Notice to their known creditors and, thus, must rely on publication to give notice to its unknown creditors.  This procedure is consistent with applicable case law and practice in this district.  *See, e.g.*, *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 317 (1950); *see also Chemetron*, 72 F.3d at 346 (3d Cir. 1995).  To determine the adequacy of notice given to a creditor, bankruptcy law distinguishes between "known" and "unknown" creditors.  *Chemetron*, 72 F.3d at 346.  As the Third Circuit explained in *Chemetron*, "[k]nown creditors must be provided with actual written notice of a debtor's bankruptcy filing and bar claims date.  For unknown creditors, notification by publication will generally suffice."  *Id.* (citations omitted).  A "known" creditor is one whose identity is either known or is "reasonably ascertainable by the debtor."  *Id.* (citing *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)).  An "unknown" creditor is one whose "interests are either conjectural or future or, although they could be discovered upon investigation, do not in due course of business come to knowledge [of the debtor]."  *Id.* (citing *Mullane*, 339 U.S. at 317).

28.     Where a creditor is known to the debtor, due process requires that the debtor must take reasonable steps, such as direct mailing, to provide actual notice of the deadline for filing

proofs of claim.  A creditor's identity is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *Mennonite Bd. of Missions v. Adams*, 462 U.S. 791, 798 n.4 (1983).  But this does not require the debtor to engage in "impracticable and extended searches . . . in the name of due process." *See Mullane*, 339 U.S. at 317–18.  Rather, the required search is limited to a debtor's "books and records." *See, e.g.*, *Chemetron*, 72 F.3d at 347.

29.     In addition, requiring entities asserting claims pursuant to section 503(b)(9) of the Bankruptcy Code to assert such claims by filing a proof of claim on or before the General Bar Date will ensure that the Debtors have complete information regarding the nature, validity, and amount of such section 503(b)(9) claims while affording parties asserting section 503(b)(9) claims appropriate and adequate notice.  Moreover, this approach facilitates a more cost-effective and efficient claims process for such creditors and, by obviating the need for the Debtors to file a response to individual administrative expense requests, helps conserve estate resources to the benefit of the Debtors' creditors.[9]

30.     The Debtors submit that requiring parties to assert section 503(b)(9) claims by proof of claim on or before the General Bar Date is justified and warranted under the circumstances of these chapter 11 cases.  Indeed, courts in this district routinely fix bar dates for filing claims under section 503(b)(9) of the Bankruptcy Code.  *See, e.g.*, *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 8, 2024); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Sept. 11, 2024); *In re Vyaire*

---

[9]     For the avoidance of doubt, parties asserting administrative claims under all other sub-parts of section 503(b) of the Bankruptcy Code must make separate requests for payment pursuant to section 503(a) of the Bankruptcy Code or as otherwise specified by order of the Court.

*Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. July 9, 2024); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. May 20, 2024).

31.     The Debtors submit that the relief requested herein provides clear notice of the General Bar Date, the Governmental Bar Date, and other Bar Dates as set forth herein in satisfaction of the requirements of the Bankruptcy Rules and consistent with the underlying policies of the Bankruptcy Code.  Specifically, to the extent the General Bar Date is established as proposed, the Debtors intend to cause the Bar Date Notice to be mailed no later than 5 business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order.  Additionally, the Debtors will cause the Publication Notice to be published by a date that is at least 21 days before the General Bar Date.  Thus, by establishing the Bar Date pursuant to the provisions hereof, all claimants will have at least 21 days' actual or constructive notice of the Bar Date for filing its proof of claim, thereby satisfying Bankruptcy Rule 2002(a)(7). Additionally, because the Debtors filed their Schedules on February 26, 2025, known creditors will have ample time to review the Schedules, reconcile the information contained therein with their own books and records, and prepare and file proofs of claim, if necessary.

32.     In addition, in the event the Debtors amend or supplement the Schedules subsequent to the date on which the Debtors serve the Bar Date Notice, the Debtors shall give notice of any amendment or supplement to the holders of affected claims whereby such holders will have no less than 21 days from the notice date to file proofs of claim with respect to their claims.  Moreover, unless otherwise ordered by the Court, and in the event the Debtors reject an executory contract or unexpired lease, holders of claims arising from such rejection, if any, shall file claims on account of such rejection by the later of (i) the General Bar Date, (ii) 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or

(B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.

33.     The procedures and notice periods described herein afford creditors ample opportunity to review the Schedules and file proofs of claim while, at the same time, ensuring that the Debtors can achieve certainty with respect to its liabilities in a timely manner.  In fact, the entry of orders granting relief similar to that requested herein is routinely approved in large chapter 11 cases in this district.  *See*, *e.g.*, *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan. 14, 2025); *In re Tupperware Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Nov. 12, 2024); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Nov. 8, 2024); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Sept. 11, 2024); *In re Vyaire Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. July 9, 2024); *In re Express, Inc.*, No. 24-10831 (KBO) (Bankr. D. Del. May 20, 2024).

34.     Accordingly, the Debtors submit that the Bar Dates and the form and manner of providing notice thereof are appropriate in light of the circumstances, inure to the benefit of all parties in interest, and should be approved.

### Notice

35.     The Debtors will provide notice of this motion to:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition ABL Agent; (e) counsel to the Prepetition FILO Agent; (f) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: February 20, 2025
Wilmington, Delaware

 */s/ Patrick J. Reilley*

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:     (302) 652-3117
Email:    preilley@coleschotz.com
          snewman@coleschotz.com
          mfitzpatrick@coleschotz.com
          jdougherty@coleschotz.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:    joshua.sussberg@kirkland.com
          aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:    anup.sathy@kirkland.com
          jeff.michalik@kirkland.com
          lindsey.blumenthal@kirkland.com

*Proposed Co-Counsel to the Debtors
and Debtors in Possession*