## EXHIBIT A

**Proposed Bar Date Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No. __** |

**ORDER (I) SETTING**
**BAR DATES FOR FILING**
**PROOFS OF CLAIM, INCLUDING**
**UNDER SECTION 503(b)(9), (II) ESTABLISHING**
**AMENDED SCHEDULES BAR DATE AND REJECTION**
**DAMAGES BAR DATE, (III) APPROVING THE FORM OF AND**
**MANNER FOR FILING PROOFS OF CLAIM, INCLUDING SECTION 503(b)(9)**
**REQUESTS, AND (IV) APPROVING FORM AND MANNER OF NOTICE THEREOF**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for the entry of an order (this "<u>Bar Date Order</u>"), (a) establishing deadlines for filing proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, in these chapter 11 cases, (b) establishing the Amended Schedules Bar Date and the Rejection Damages Bar Date, (c) approving the form of and manner for filing proofs of claim, including any section 503(b)(9) requests for payment, and (d) approving the form and manner of notice of the Bar Dates, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. §

---

[1]   The last four digits of Debtor JOANN Inc.'s federal tax identification number are 5540.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/JOANN2025/.  The location of Debtor JOANN Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5555 Darrow Road, Hudson, Ohio 44236.

[2]   Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

157 and the *Amended Standing Order of Reference* from the United States District Court for the

District of Delaware, dated February 29, 2012; and this Court having found that this is a core

proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may

enter a final order consistent with Article III of the United States Constitution; and this Court

having found that venue of this proceeding and the Motion in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in

the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion

were appropriate and no other notice need be provided; and this Court having reviewed the Motion

and having heard the statements in support of the relief requested therein, if any, at a hearing before

this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set

forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon

all of the proceedings had before this Court; and after due deliberation and sufficient cause

appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

## I.      The Proof of Claim Form

2.      The Proof of Claim Form, substantially in the form attached hereto as **<u>Exhibit 1</u>**, is

approved.  The Debtors may accept the Proof of Claim Form or Official Form 410 via either

hardcopy or the Online Portal, subject only to limitations set forth in this Order.

## II.     The Bar Dates and Procedures for Filing Proofs of Claim

3.      Each entity[3] that asserts a claim against the Debtors that arose before the

Petition Date shall be required to file an original, proof of claim, substantially in the form attached

---

[3]   Except as otherwise defined herein and in the Motion, all terms specifically defined in the Bankruptcy Code shall
have those meanings ascribed to them by the Bankruptcy Code.  In particular, as used herein:  (a) the term "claim"

hereto as **Exhibit 1** (the "Proof of Claim Form") or Official Form 410.[4]  Specifically, the following

bar dates ("Bar Date" or "Bar Dates," as applicable) are established:

a.  Except in the cases of governmental units and certain other exceptions explicitly set forth herein, all proofs of claim, including requests for payment under section 503(b)(9) of the Bankruptcy Code, must be filed so that they are ***actually received*** on or before ***April 4, 2025 at 11:59 p.m.***, prevailing Eastern Time (the "General Bar Date"), at the addresses and in the form set forth herein.  The General Bar Date applies to all types of claims against the Debtors that arose or are deemed to have arisen before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims, contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases, except for claims specifically exempt from complying with the applicable Bar Dates as set forth in the Motion or this Order.

b.  All governmental units holding claims (whether secured, unsecured priority, or unsecured non-priority) that arose (or are deemed to have arisen) before the Petition Date, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code, must file proofs of claims, including claims for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party, must file such proofs of claim so they are ***actually received*** on or ***before September 8, 2025 at 11:59 p.m.***, prevailing Eastern Time (the "Governmental Bar Date"), at the addresses and in the form set forth herein.

c.  All parties asserting a request for payment of Administrative Claims[5] arising or deemed to be arisen on or prior to February 26, 2025 (the "Initial

---

has the meaning given to it in section 101(5) of the Bankruptcy Code; (b) the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code; (c) the term "governmental unit" has the meaning given to it in section 101(27) of the Bankruptcy Code; and (d) the term "person" has the meaning given to it in section 101(41) of the Bankruptcy Code.

4  Copies of Official Form 410 may be obtained by:  (a) visiting Kroll's secure online portal at https://cases.ra.kroll.com/Joann2025; (b) calling the Debtors' restructuring hotline at:  (844) 712-2239 (U.S. & Canada) or (646) 863-7121 (International); or (c) writing (i) via first class mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or via hand delivery or overnight mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (ii) via email to: Joann2025Info@ra.kroll.com with a reference to "JOANN Inc. (2025)" in the subject line; and/or (d) visiting the website maintained by the Court at http://www.deb.uscourts.gov/.

5  As inserted herein, "Administrative Claims" means those claims under section 503(b) of the Bankruptcy Code (excluding claims arising under section 503(b)(9)) and/or 507(a)(2), excluding those claims for (a) fees and

Administrative Claims Deadline"), but excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code, are required to file proofs of claim so that such proofs of claim are ***actually received by Kroll on or before April 4, 2025 at 11:59 p.m.***, prevailing Eastern time (the "Initial Administrative Claims Bar Date"). For Administrative Claims arising after February 26, 2025, all claimants would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the date that is 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' Chapter 11 Cases.

d.    If the Debtors amend or supplement the Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if it so chooses, must file proofs of claim by the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, (b) 11:59 p.m. prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules (the "Amended Schedules Bar Date").

e.    Unless otherwise ordered, all entities asserting claims arising from the rejection of executory contracts and unexpired leases of the Debtors shall file a proof of claim on account of such rejection by the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, any counterparty to an unexpired lease of non-residential real property shall not be required to file claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

4.    All proofs of claim must be filed so as to be actually received by Kroll, the notice and claims agent retained in these chapter 11 cases, on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other bar date as set forth herein). In addition, all claimants holding Administrative Claims arising or deemed to have arisen on or

---

expenses of professionals retained in these chapter 11 cases and (b) payables arising from postpetition goods and services provided to the Debtors in the ordinary course of business.

prior to the Initial Administrative Claims Deadline must file proofs of claim so that such proofs of claim are actually received by Kroll by the Initial Administrative Claims Bar Date. If proofs of claim, as applicable, are not received by Kroll on or before the Bar Date, as applicable, except in the case of certain exceptions explicitly set forth herein, the holders of the underlying claims (if required to be filed under this Order) shall be barred from asserting such claims against the Debtors and receiving distributions from the Debtors on account of such claims in these chapter 11 cases.

### III.    Parties Required to File Proofs of Claim

5.    Except as otherwise set forth herein, the following entities holding claims against the Debtors are required to file proofs of claim on or before the applicable Bar Date:

    a.    any entity whose claim against a Debtor is not listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

    b.    any entity that believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and that desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

    c.    any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules; and

    d.    any entity that believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

### IV.    Parties Exempted from the Bar Date

6.    The following entities whose claims otherwise would be subject to a Bar Date need not file proofs of claim:

    a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Kroll in a form substantially similar to Official Form 410;

b.     any entity whose claim is listed on the Schedules if: (i) the claim is **not** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.     any person or entity whose claim has previously been allowed by order of the Court;

d.     any person or entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.     any Debtor having a claim against another Debtor;

f.     any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.     any non-Debtor subsidiary or affiliate having a claim against a Debtor;

h.     any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[6]

i.     a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful termination, discrimination, harassment, hostile work environment, retaliation, claims covered by the Debtors' workers' compensation insurance, or any other litigation or pre-litigation claims;

j.     any landlord counterparty of an executory contract of an unexpired non-real property lease where the lease has not yet been rejected as of the General Bar Date; *provided, further*, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under

---

[6]   The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

k.  any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

l.  any entity holding a claim for which a separate deadline is fixed by this Court;

m.  any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by a proof of claim on or prior to the General Bar Date; and

n.  any person or entity that is exempt from filing a Proof of Claim Form pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to any orders authorizing the Debtors' proposed postpetition financing (whether on an interim or final basis) (any such orders, the "Cash Collateral Orders").

## V.    Substantive Requirements of Proofs of Claim

7.  The following requirements shall apply with respect to filing and preparing each proof of claim:

a.  Contents.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 11:59 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.  Section 503(b)(9) Claim.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

c.  Original Signatures Required. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://cases.ra.kroll.com/Joann2025) will be deemed acceptable for

7

purposes of claims administration.[7]  Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.  <u>Identification of the Debtor Entity</u>.  Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number.  A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against JOANN Inc.

e.  <u>Claim Against Multiple Debtor Entities</u>.  Unless otherwise ordered by the Court, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted.  To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.  <u>Supporting Documentation</u>.  Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d).  If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.  <u>Timely Service</u>.  Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Kroll on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by: (i) electronically through the Online Portal at https://cases.ra.kroll.com/Joann2025 under "Case Navigation" and by clicking on "Submit a Claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at either of the following addresses:

**By First Class Mail:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**By Overnight Courier or Hand Delivery:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

---

[7]  Proofs of claim submitted by hard copy may not be electronically signed unless otherwise agreed to in advance by the Debtors.

> **PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

    h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

## VI.    Identification of Known Creditors

8.    The Debtors shall mail notice of the General Bar Date (or the Governmental Bar Date, as applicable) only to their known creditors and their counsel of record (if known), and such mailing shall be made to the last known mailing address for each such creditor.

## VII.    Procedures for Providing Notice of the Bar Date

### A.    Mailing of Bar Date Notices

9.    The Bar Date Notice, substantially in the form attached hereto as **<u>Exhibit 2</u>** is approved.

10.    No later than 5 business days after the later of (i) the date the Debtors file their Schedules with this Court or (ii) entry of the Bar Date Order, the Debtors shall cause the Bar Date Notice and the Proof of Claim Form (collectively, the "<u>Bar Date Package</u>") to be mailed via first class mail to the following entities:

    a.    the U.S. Trustee;

    b.    Kelley Drye & Warren LLP as counsel to the Committee;

    c.    ArentFox Schiff LLP as counsel to the Prepetition Term Loan Agent;

    d.    Gibson Dunn & Crutcher LLP as counsel to the Prepetition Term Loan Lender Ad Hoc Group;

    e.    Morgan, Lewis, & Bockius LLP as counsel to the Prepetition ABL Agent;

    f.    Choate, Hall & Stewart LLP as counsel to the Prepetition FILO Agent;

g.      all creditors and other known holders of claims against the Debtors as of the date of entry of the Bar Date Order, including all entities listed in the Schedules as holding claims against the Debtors;

h.      all entities that have requested notice of the proceedings in these chapter 11 cases pursuant to Bankruptcy Rule 2002 as of the date of the Bar Date Order;

i.      all entities that have filed proofs of claim in these chapter 11 cases as of the date of the Bar Date Order;

j.      all known non-Debtor equity and interest holders of the Debtors as of the date of the Bar Date Order;

k.      all entities that are party to executory contracts and unexpired leases with the Debtors and their counsel of record (if known);

l.      all entities that are party to litigation with the Debtors;

m.      all current employees and former employees who were employed by the Debtors in the 24 months prior to the Petition Date (to the extent that contact information for such former employees is available in the Debtors' records after reasonable inquiry);

n.      the U.S. Attorney's Office for the District of Delaware;

o.      the office of the attorney general for each state in which the Debtors maintain or conduct business;

p.      the Internal Revenue Service;

q.      all other taxing authorities for the jurisdictions in which the Debtors maintain or conduct business; and

r.      the U.S. Securities and Exchange Commission.

11.    The Debtors shall, to the extent able, provide all known creditors listed in the Debtors' Schedules with a "personalized" Proof of Claim Form, which will identify how the Debtors have scheduled the creditors' claim in the Schedules, including, without limitation: (a) the identity of the Debtor against which the creditor's claim is scheduled; (b) the amount of the scheduled claim, if any; (c) whether the claim is listed as contingent, unliquidated, or disputed; and (d) whether the claim is listed as secured, unsecured priority, or unsecured non-priority. Each

creditor shall have an opportunity to inspect the Proof of Claim Form provided by the Debtors and correct any information that is missing, incorrect, or incomplete.  Additionally, any creditor may choose to submit a proof of claim on a different form as long as it is substantially similar to Official Form 410.

12.     After the initial mailing of the Bar Date Packages, the Debtors may, in their discretion, make supplemental mailings of notices or packages, including in the event that: (a) notices are returned by the post office with forwarding addresses; (b) certain parties acting on behalf of parties in interest decline to pass along notices to these parties and instead return their names and addresses to the Debtors for direct mailing, and (c) additional potential claimants become known as the result of the Bar Date mailing process.  In this regard, the Debtors may make supplemental mailings of the Bar Date Package in these and similar circumstances at any time up to 14 days in advance of the Bar Date, with any such mailings being deemed timely and the Bar Date being applicable to the recipient creditors.

**B.     Publication of Bar Date Notice**

13.     The Publication Notice, substantially in the form attached hereto as **<u>Exhibit 3</u>**, is approved.

14.     The Debtors shall cause the Publication Notice to be published on one occasion in *The New York Times* (national edition)*,* on or before 21 days before the General Bar Date. The Debtors are also authorized, but not directed, to publish the Bar Date Notice at such times and in such local publications of general circulation in certain areas where the Debtors have conducted operations, as the Debtors shall determine in their sole discretion.  For the avoidance of doubt, the Debtors are authorized, but not directed, to post the Publication Notice to their official company websites and social media platforms, as the Debtors shall determine in their sole discretion.

15.    The Publication Notice shall satisfy the notice requirements for creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by the Debtors and creditors whose identities are known but whose addresses are unknown by the Debtors.

## VIII.    Consequences of Failure to File a Proof of Claim

16.    Any entity who is required, but fails, to file a Proof of Claim pursuant to the Bar Date Order on or before the applicable Bar Date shall be forever barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a Proof of Claim with respect thereto) and the Debtors and their property shall be forever discharged from any and all indebtedness or liability with respect to or arising from such claim—including with respect to claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code.  Such entities shall also be prohibited from voting to accept or reject any chapter 11 plan filed in these chapter 11 cases and participating in any distribution in these chapter 11 cases on account of such claim.

17.    Notice of the Bar Dates as set forth in this order and in the manner set forth herein (including, but not limited to, the Bar Date Notice, the Publication Notice, and any supplemental notices that the Debtors may send from time to time) constitutes adequate and sufficient notice to known and unknown creditors of each of the Bar Dates and satisfies the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

## IX.    Miscellaneous

18.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

19.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Bar Date Order in accordance with the Motion.

20.     The terms and conditions of this Bar Date Order are immediately effective and enforceable upon its entry.

21.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Bar Date Order.

## EXHIBIT 1

**Proof of Claim Form**

| Fill in this information to identify the case (Select only one Debtor per claim form): | | |
|---|---|---|
| ☐ JOANN Inc. (Case No. 25-10068) | ☐ Creative Tech Solutions LLC (Case No. 25-10073) | ☐ joann.com, LLC (Case No. 25-10077) |
| ☐ JOANN Holdings 1, LLC (Case No. 25-10069) | ☐ Creativebug, LLC (Case No. 25-10074) | ☐ JOANN Ditto Holdings Inc. (Case No. 25-10078) |
| ☐ JOANN Holdings 2, LLC (Case No. 25-10070) | ☐ WeaveUp, Inc. (Case No. 25-10075) | ☐ Jo-Ann Stores Support Center, Inc. (Case No. 25-10079) |
| ☐ Needle Holdings LLC (Case No. 25-10071) | ☐ JAS Aviation, LLC (Case No. 25-10076) | ☐ Dittopatterns LLC (Case No. 25-10080) |
| ☐ Jo-Ann Stores, LLC (Case No. 25-10072) | | |

## Modified Official Form 410

# Proof of Claim

**12/24**

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense (other than a claim entitled to priority under 11 U.S.C. § 503(b)(9)). Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
|---|---|

| 1. Who is the current creditor? | Name of the current creditor (the person or entity to be paid for this claim) |
|---|---|
| | Other names the creditor used with the debtor |

| 2. Has this claim been acquired from someone else? | ☐ No ☐ Yes. From whom? |
|---|---|

| 3. Where should notices and payments to the creditor be sent? Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | Where should notices to the creditor be sent? | Where should payments to the creditor be sent? (if different) |
|---|---|---|
| | Name | Name |
| | Number     Street | Number     Street |
| | City          State          ZIP Code | City          State          ZIP Code |
| | Contact phone | Contact phone |
| | Contact email | Contact email |
| | Uniform claim identifier (if you use one): __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ __ | |

| 4. Does this claim amend one already filed? | ☐ No ☐ Yes.  Claim number on court claims registry (if known)_____     Filed on ___ / ___ / ___  MM / DD / YYYY |
|---|---|

| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No ☐ Yes. Who made the earlier filing? |
|---|---|

**Part 2:**  **Give Information About the Claim as of the Date the Case Was Filed**

| | |
|---|---|
| **6. Do you have any number you use to identify the debtor?** | ❑ No<br>❑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor:  ____  ____  ____  ____ |

| | |
|---|---|
| **7.  How much is the claim?** | $_____.  **Does this amount include interest or other charges?**<br>❑ No<br>❑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |

| | |
|---|---|
| **8. What is the basis of the claim?** | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>_____ |

| | |
|---|---|
| **9. Is all or part of the claim secured?** | ❑ No<br>❑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>❑ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>❑ Motor vehicle<br>❑ Other. Describe:  _____<br><br>**Basis for perfection:**  _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:**                        $_____<br><br>**Amount of the claim that is secured:**     $_____<br><br>**Amount of the claim that is unsecured:** $_____ (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:**     $_____<br><br>**Annual Interest Rate** (when case was filed)_____%<br>❑ Fixed<br>❑ Variable |

| | |
|---|---|
| **10. Is this claim based on a lease?** | ❑ No<br>❑ Yes. **Amount necessary to cure any default as of the date of the petition.**     $_____ |

| | |
|---|---|
| **11. Is this claim subject to a right of setoff?** | ❑ No<br>❑ Yes. Identify the property:  _____ |

**12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)?**

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ No

☐ Yes. *Check one:*

| | | Amount entitled to priority |
|---|---|---|
| ☐ | Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $_____ |
| ☐ | Up to $3,350* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $_____ |
| ☐ | Wages, salaries, or commissions (up to $15,150*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $_____ |
| ☐ | Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $_____ |
| ☐ | Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $_____ |
| ☐ | Other. Specify subsection of 11 U.S.C. § 507(a)(___) that applies. | $_____ |

**13. Is all or part of the claim entitled to administrative priority pursuant to 11 U.S.C. § 503(b)(9)?**

☐ No

☐ Yes. **Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.**    $_____

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐   I am the creditor.

☐   I am the creditor's attorney or authorized agent.

☐   I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐   I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date _____
                  MM / DD / YYYY

_____
Signature

**Name of the person who is completing and signing this claim:**

Name _____
         First name          Middle name          Last name

Title _____

Company _____
         Identify the corporate servicer as the company if the authorized agent is a servicer.

Address _____
         Number      Street

_____
City                          State      ZIP Code

Contact phone _____      Email _____

Official Form 410

# Instructions for Proof of Claim

United States Bankruptcy Court                                                                                                    12/24

**These instructions and definitions generally explain the law. In certain circumstances, such as bankruptcy cases that debtors do not file voluntarily, exceptions to these general rules may apply. You should consider obtaining the advice of an attorney, especially if you are unfamiliar with the bankruptcy process and privacy regulations.**

> **A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.**
> 18 U.S.C. §§ 152, 157 and 3571.

## How to fill out this form

- **Fill in all of the information about the claim as of the date the case was filed.**

- **Fill in the caption at the top of the form.**

- **If the claim has been acquired from someone else, then state the identity of the last party** who owned the claim or was the holder of the claim and who transferred it to you before the initial claim was filed.

- **Attach any supporting documents to this form.**
  Attach redacted copies of any documents that show that the debt exists, a lien secures the debt, or both. (See the definition of *redaction* on the next page.)

  Also attach redacted copies of any documents that show perfection of any security interest or any assignments or transfers of the debt. In addition to the documents, a summary may be added. Federal Rule of Bankruptcy Procedure  (called "Bankruptcy Rule") 3001(c) and (d).

- **Do not attach original documents because attachments may be destroyed after scanning.**

- **If the claim is based on delivering health care goods or services, do not disclose confidential health care information. Leave out or redact confidential information both in the claim and in the attached documents.**

- **A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, individual's tax identification number, or financial account number, and only the year of any person's date of birth.** See Bankruptcy Rule 9037.

- **For a minor child, fill in only the child's initials and the full name and address of the child's parent or guardian.** For example, write *A.B., a minor child* (*John Doe, parent, 123 Main St., City, State*). See Bankruptcy Rule 9037.

## Confirmation that the claim has been filed

To receive confirmation that the claim has been filed, enclose a stamped self-addressed envelope and a copy of this form. You may view a list of filed claims in this case by visiting the Claims and Noticing Agent's website at https://cases.ra.kroll.com/JOANN2025/.

## Understand the terms used in this form

**Administrative expense:** Generally, an expense that arises after a bankruptcy case is filed in connection with operating, liquidating, or distributing the bankruptcy estate. 11 U.S.C. § 503.

**Claim:** A creditor's right to receive payment for a debt that the debtor owed on the date the debtor filed for bankruptcy. 11 U.S.C. §101 (5). A claim may be secured or unsecured.

**Creditor:** A person, corporation, or other entity to whom a debtor owes a debt that was incurred on or before the date the debtor filed for bankruptcy. 11 U.S.C. §101 (10).

**Debtor:** A person, corporation, or other entity who is in bankruptcy. Use the debtor's name and case number as shown in the bankruptcy notice you received. 11 U.S.C. § 101 (13).

**Evidence of perfection:** Evidence of perfection of a security interest may include documents showing that a security interest has been filed or recorded, such as a mortgage, lien, certificate of title, or financing statement.

**Information that is entitled to privacy:** A *Proof of Claim* form and any attached documents must show only the last 4 digits of any social security number, an individual's tax identification number, or a financial account number, only the initials of a minor's name, and only the year of any person's date of birth. If a claim is based on delivering health care goods or services, limit the disclosure of the goods or services to avoid embarrassment or disclosure of confidential health care information. You may later be required to give more information if the trustee or someone else in interest objects to the claim.

**Priority claim:** A claim within a category of unsecured claims that is entitled to priority under 11 U.S.C. §507(a). These claims are paid from the available money or property in a bankruptcy case before other unsecured claims are paid. Common priority unsecured claims include alimony, child support, taxes, and certain unpaid wages.

**Proof of claim:** A form that shows the amount of debt the debtor owed to a creditor on the date of the bankruptcy filing. The form must be filed in the district where the case is pending.

**Redaction of information:** Masking, editing out, or deleting certain information to protect privacy. Filers must redact or leave out information entitled to **privacy** on the *Proof of Claim* form and any attached documents.

**Secured claim under 11 U.S.C. §506(a):** A claim backed by a lien on particular property of the debtor. A claim is secured to the extent that a creditor has the right to be paid from the property before other creditors are paid. The amount of a secured claim usually cannot be more than the value of the particular property on which the creditor has a lien. Any amount owed to a creditor that is more than the value of the property normally may be an unsecured claim. But exceptions exist; for example, see 11 U.S.C. § 1322(b) and the final sentence of 1325(a).

Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment may be a lien.

**Setoff:** Occurs when a creditor pays itself with money belonging to the debtor that it is holding, or by canceling a debt it owes to the debtor.

**Uniform claim identifier:** An optional 24-character identifier that some creditors use to facilitate payment.

**Unsecured claim:** A claim that does not meet the requirements of a secured claim. A claim may be unsecured in part to the extent that the amount of the claim is more than the value of the property on which a creditor has a lien.

## Offers to purchase a claim

Certain entities purchase claims for an amount that is less than the face value of the claims. These entities may contact creditors offering to purchase their claims. Some written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court, the bankruptcy trustee, or the debtor. A creditor has no obligation to sell its claim. However, if a creditor decides to sell its claim, any transfer of that claim is subject to Bankruptcy Rule 3001(e), any provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.) that apply, and any orders of the bankruptcy court that apply.

## Please send completed Proof(s) of Claim to:
**If by first class mail:**
JOANN Inc. (2025) Claims Processing Center
c/o Kroll Restructuring Administration LLC
Grand Central Station, PO Box 4850
New York, NY 10163-4850

**If by overnight courier or hand delivery:**
JOANN Inc. (2025) Claims Processing Center
c/o Kroll Restructuring Administration LLC
850 Third Avenue, Suite 412
Brooklyn, NY 11232

You may also file your claim electronically at
https://cases.ra.kroll.com/JOANN2025/EPOC-Index.

**Do not file these instructions with your form**

# EXHIBIT 2

**Bar Date Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,**
**INCLUDING PURSUANT TO SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

| TO: | ALL PERSONS AND ENTITIES WHO MAY HAVE CLAIMS AGAINST ANY OF THE FOLLOWING DEBTOR ENTITIES: |
|---|---|

| DEBTOR | CASE NO. |
|---|---|
| JOANN Inc. | 25-10068 |
| JOANN Holdings 1, LLC | 25-10069 |
| JOANN Holdings 2, LLC | 25-10070 |
| Needle Holdings LLC | 25-10071 |
| Jo-Ann Stores, LLC | 25-10072 |
| Creative Tech Solutions LLC | 25-10073 |
| Creativebug, LLC | 25-10074 |
| WeaveUp, Inc. | 25-10075 |
| JAS Aviation, LLC | 25-10076 |
| joann.com, LLC | 25-10077 |
| JOANN Ditto Holdings Inc. | 25-10078 |
| Jo-Ann Stores Support Center, Inc. | 25-10079 |
| Dittopatterns LLC | 25-10080 |

**PLEASE TAKE NOTICE THAT:**

On January 15, 2025 (the "Petition Date"), JOANN Inc. and certain of its direct and indirect subsidiaries, as debtors and debtors in possession (collectively, the "Debtors"), filed voluntary petitions for relief under chapter 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court").

On [＿＿＿], 2025 the Court entered an order [Docket No. [＿]] (the "Bar Date Order") establishing certain dates by which parties holding prepetition claims against the Debtors must file

---

[1] The last four digits of Debtor JOANN Inc.'s federal tax identification number are 5540. A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/JOANN2025/. The location of Debtor JOANN Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5555 Darrow Road, Hudson, Ohio 44236.

proofs of claim, including requests for payment pursuant to section 503(b)(9) of the Bankruptcy Code.

For your convenience, enclosed with this notice (this "Bar Date Notice") is a proof of claim form, which identifies on its face the amount, nature, and classification of your claim(s), if any, listed in the Debtors' schedules of assets and liabilities filed in these cases (the "Schedules"). If the Debtors believe that you hold claims against more than one Debtor, you will receive multiple proof of claim forms, each of which will reflect the nature and amount of your claim as listed in the Schedules.

As used in this Notice, the term "entity" has the meaning given to it in section 101(15) of the Bankruptcy Code, and includes all persons, estates, trusts, governmental units, and the Office of the United States Trustee for the District of Delaware. In addition, the terms "persons" and "governmental units" are defined in sections 101(41) and 101(27) of the Bankruptcy Code, respectively.

As used in this Notice, the term "claim" means, as to or against the Debtors and pursuant to section 101(5) of the Bankruptcy Code: (a) any right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) any right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

## I.    THE BAR DATES

The Bar Date Order establishes the following bar dates for filing proofs of claim in these chapter 11 cases.

a.    ***The General Bar Date***.  Pursuant to the Bar Date Order, except as described below, all entities holding claims against the Debtors that arose or are deemed to have arisen before the commencement of these cases on the Petition Date, **including requests for payment pursuant to section 503(b)(9), are required to file proofs of claim by the General Bar Date so that such proofs of claim are actually received by the Debtors' notice and claims agent, Kroll Restructuring Administration LLC ("Kroll") by the General Bar Date, (i.e., by *April 4, 2025 at 11:59 p.m.*, prevailing Eastern Time)**.  The General Bar Date applies to all types of claims against the Debtors that arose before the Petition Date, including secured claims, unsecured priority claims, unsecured non-priority claims contingent claims, unliquidated claims, disputed claims, and rejection damage claims for executory contracts and unexpired leases that have already been rejected by order of the Court in these chapter 11 cases.

b.    ***The Governmental Bar Date***.  Pursuant to the Bar Date Order, **all governmental units holding claims against the Debtors that arose or are deemed to have arisen prior to the commencement of these cases on the**

2

**Petition Date are required to file proofs of claim by the Governmental Bar Date (i.e., by** *September 8, 2025 at 11:59 p.m.*, **prevailing Eastern Time)**.  The Governmental Bar Date applies to all governmental units holding claims against the Debtors (whether secured, unsecured priority, or unsecured non-priority) that arose prior to the Petition Date, including, without limitation, governmental units with claims against the Debtors for unpaid taxes, whether such claims arise from prepetition tax years or periods or prepetition transactions to which the Debtors were a party.  All governmental units holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Kroll by the Governmental Bar Date.

c.  ***The Administrative Claims Bar Dates***.  Pursuant to the Bar Date Order, **all entities holding Administrative Claims[2] (excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code) against the Debtors that arose or are deemed to have arisen prior to February 26, 2025 are required to file proofs of claim by the Initial Administrative Claims Bar Date (i.e., by** *April 4, 2025 at 11:59 p.m.*, **prevailing Eastern Time)**.  All entities holding such claims against the Debtors are required to file proofs of claim so that such proofs of claim are actually received by Kroll by the Initial Administrative Claims Bar Date. For Administrative Claims arising after February 26, 2025, all claimants would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the date that is 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' Chapter 11 Cases.

d.  ***Amended Schedules Bar Date***.  If the Debtors amend or supplement their Schedules to reduce the undisputed, noncontingent, and liquidated amount of a claim listed in the Schedules, to change the nature or classification of a claim against the Debtors reflected in the Schedules, or to add a new claim to the Schedules, the affected creditor, if so chooses, is required to file a proof of claim or amend any previously filed proof of claim in respect of the amended scheduled claim on or before the later of (a) the General Bar Date or the Governmental Bar Date, as applicable, to such claim, and (b) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days from the date on which the Debtors provide notice of the amendment to the Schedules.

e.  ***Rejection Damages Bar Date***.  In the event that an order authorizing the rejection of an executory contract or unexpired lease is entered, except as

---

[2]   As inserted herein, "<u>Administrative Claims</u>" means those claims under section 503(b) of the Bankruptcy Code (excluding claims arising under section 503(b)(9)) and/or 507(a)(2), excluding those claims for (a) fees and expenses of professionals retained in these chapter 11 cases and (b) payables arising from postpetition goods and services provided to the Debtors in the ordinary course of business.

otherwise set forth in such order, the bar date for filing a Proof of Claim based on the Debtors' rejection of such contract or lease shall be the later of (i) the General Bar Date, (ii) 11:59 p.m., prevailing Eastern Time, on the date that is 30 days after the later of (A) entry of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order.  All entities holding such claims against the Debtors would be required to file proofs of claim so that such proofs are actually received by Kroll by the applicable Rejection Damages Bar Date.  For the avoidance of doubt and notwithstanding anything to the contrary herein, any counterparty to an unexpired lease of non-residential real property shall not be required to file claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

## II.    WHO MUST FILE A PROOF OF CLAIM

Except as otherwise set forth herein, the following entities holding claims against the Debtors that arose (or that are deemed to have arisen) before the Petition Date *must* file proofs of claim on or before the General Bar Date, Governmental Bar Date, or any other bar date set forth in the Bar Date Order, as applicable:

a.      any entity whose claim against a Debtor is *not* listed in the applicable Debtor's Schedules or is listed as contingent, unliquidated, or disputed if such entity desires to participate in any of these chapter 11 cases or share in any distribution in any of these chapter 11 cases;

b.      any entity who believes that its claim is improperly classified in the Schedules or is listed in an incorrect amount and who desires to have its claim allowed in a classification or amount other than that identified in the Schedules;

c.      any entity that believes that its prepetition claims as listed in the Schedules is not an obligation of the specific Debtor against which the claim is listed and that desires to have its claim allowed against a Debtor other than that identified in the Schedules;

d.      any person or entity who believes that its claim against a Debtor is or may be an administrative expense that arises or is deemed to have arisen on or prior to the Initial Administrative Claims Deadline, excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code; and

e.      any entity who believes that its claim against a Debtor is or may be an administrative expense pursuant to section 503(b)(9) of the Bankruptcy Code.

4

III.    **PARTIES WHO DO NOT NEED TO FILE PROOFS OF CLAIM**

Certain parties are not required to file proofs of claim.  The Court may, however, enter one or more separate orders at a later time requiring creditors to file proofs of claim for some kinds of the following claims and setting related deadlines.  If the Court does enter such an order, you will receive notice of it.  The following entities holding claims that would otherwise be subject to the Bar Dates need ***not*** file proofs of claims:

a.    any entity that already has filed a signed proof of claim against the respective Debtor(s) with the Clerk of the Court or with Kroll in a form substantially similar to Official Form 410;

b.    any entity whose claim is listed on the Schedules if:  (i) the claim is ***not*** scheduled as any of "disputed," "contingent," or "unliquidated;" (ii) such entity agrees with the amount, nature, and priority of the claim as set forth in the Schedules; and (iii) such entity does not dispute that its claim is an obligation only of the specific Debtor against which the claim is listed in the Schedules;

c.    any entity whose claim has previously been allowed by order of the Court;

d.    any entity whose claim has been paid in full or is otherwise fully satisfied by the Debtors pursuant to the Bankruptcy Code or pursuant to an order of the Court;

e.    any Debtor having a claim against another Debtor;

f.    any entity whose claim is solely against any of the Debtors' non-Debtor affiliates;

g.    any entity that holds an interest in any of the Debtors, which interest is based exclusively on the ownership of common stock, preferred stock, membership interests, partnership interests, or rights to purchase, sell, or subscribe to such an interest; *provided* that interest holders who wish to assert claims (as opposed to ownership interests) against any of the Debtors, including claims that arise out of or relate to the ownership or purchase of an interest, must file proofs of claim on or before the applicable Bar Date unless another exception identified herein applies;[3]

h.    a current employee of the Debtors, if an order of this Court authorized the Debtors to honor such claim in the ordinary course of business as a wage, commission, or benefit; *provided* that a current employee must submit a proof of claim by the General Bar Date for all other claims arising before the Petition Date, including (but not limited to) claims for wrongful

---

[3]    The Debtors reserve all rights regarding any such claims, including to, inter alia, assert that such claims are subject to subordination pursuant to Bankruptcy Code section 510(b).

termination, discrimination, harassment, hostile work environment, and/or retaliation;

i.    any landlord counterparty of an executory contract of an unexpired non-real property lease where the lease has not yet been rejected as of the General Bar Date; *provided, further*, for the avoidance of doubt, if a landlord counterparty's lease is rejected, the deadline for filing claims established under the applicable rejection order shall apply to all claims arising under the lease in question, and entities holding such claims shall not be required to file a Proof of Claim with respect to prepetition amount unless and until such unexpired lease has been rejected;

j.    any current officer, director, or employee for claims based on indemnification, contribution, or reimbursement;

k.    any entity holding a claim for which a separate deadline is fixed by this Court;

l.    any entity holding a claim allowable under sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration incurred in the ordinary course, *provided* that any entity asserting a claim entitled to priority under section 503(b)(9) of the Bankruptcy Code must assert such claims by filing a proof of claim on or prior to the General Bar Date; and

m.    any person or entity that is exempt from filing a Proof of Claim pursuant to an order of the Court in these chapter 11 cases, including, without limitation, pursuant to any orders authorizing the Debtors' proposed postpetition financing (whether on an interim or final basis) (any such orders, the "Cash Collateral Orders").

## IV.    INSTRUCTIONS FOR FILING PROOFS OF CLAIM

The following requirements shall apply with respect to filing and preparing each proof of claim:

a.    <u>Contents</u>.  Each proof of claim must:  (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 11:59 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; and (iv) be signed by the claimant or by an authorized agent or legal representative of the claimant.

b.    <u>Section 503(b)(9) Claim</u>.  Any proof of claim asserting a claim entitled to priority under section 503(b)(9) must also: (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition

Date; and (ii) attach any documentation identifying the particular invoices for which the 503(b)(9) claim is being asserted.

c.    <u>Original Signatures Required</u>. Only ***original*** proofs of claim (whether submitted by hard copy or through the Online Portal available at https://cases.ra.kroll.com/Joann2025) will be deemed acceptable for purposes of claims administration. Copies of proofs of claim or proofs of claim sent by facsimile or electronic mail will not be accepted.

d.    <u>Identification of the Debtor Entity</u>. Each proof of claim must clearly identify the Debtor against which a claim is asserted, including the individual Debtor's case number. A proof of claim filed under the joint administration case number or otherwise without identifying a specific Debtor, will be deemed as filed only against JOANN Inc.

e.    <u>Claim Against Multiple Debtor Entities</u>. Unless otherwise ordered by the Court, each proof of claim must state a claim against ***only one*** Debtor and clearly indicate the Debtor against which the claim is asserted. To the extent more than one Debtor is listed on the proof of claim, such claim may be treated as if filed only against the first-listed Debtor.

f.    <u>Supporting Documentation</u>. Each proof of claim must include supporting documentation pursuant to Bankruptcy Rules 3001(c) and 3001(d). If, however, such documentation is voluminous, such proof of claim may include a summary of such documentation or an explanation as to why such documentation is not available; *provided* that any creditor that includes only a summary of such documentation shall be required to transmit all such supporting documentation to Debtors' counsel upon request no later than 10 days from the date of such request.

g.    <u>Timely Service</u>. Each proof of claim must be filed, including supporting documentation, so as to be ***<u>actually</u> <u>received</u>*** by Kroll on or before the General Bar Date or the Governmental Bar Date (or, where applicable, on or before any other Bar Date as set forth herein or by order of the Court) either by (i) electronically through the Online Portal at https://cases.ra.kroll.com/Joann2025 under "Case Navigation" and by clicking on "Submit a Claim," or (ii) U.S. Mail, overnight mail, or other hand delivery system at either of the following addresses:

**By First Class Mail:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**By Overnight Courier or Hand Delivery:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

---

**PROOFS OF CLAIM SUBMITTED BY FACSIMILE OR ELECTRONIC MAIL WILL NOT BE ACCEPTED.**

---

    h.    <u>Receipt of Service</u>.  Claimants wishing to receive acknowledgment that their paper proofs of claim were received by Kroll must submit (i) a copy of the Proof of Claim Form (in addition to the original Proof of Claim Form sent to Kroll) and (ii) a self-addressed, stamped envelope.

## V.    CONSEQUENCES OF FAILING TO TIMELY FILE YOUR PROOF OF CLAIM

Pursuant to the Bar Date Order and pursuant to Bankruptcy Rule 3003(c)(2), if you or any party or entity who is required, but fails, to file a proof of claim in accordance with the Bar Date order on or before the applicable Bar Date, please be advised that:

    a.    YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS;

    b.    YOU WILL NOT RECEIVE ANY DISTRIBUTION IN THESE CHAPTER 11 CASES ON ACCOUNT OF THAT CLAIM; AND

    c.    YOU WILL NOT BE PERMITTED TO VOTE ON ANY CHAPTER 11 PLAN OR PLANS FOR THE DEBTORS ON ACCOUNT OF THESE BARRED CLAIMS.

## VI.    RESERVATION OF RIGHTS

Nothing contained in this Notice is intended to or should be construed as a waiver of the Debtors' right to:  (a) dispute, or assert offsets or defenses against, any filed claim or any claim listed or reflected in the Schedules as to the nature, amount, liability, or classification thereof; (b) subsequently designate any scheduled claim as disputed, contingent, or unliquidated; and (c) otherwise amend or supplement the Schedules.

## VII.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtor entities in the Debtors' Schedules.  To determine if and how you are listed on the Schedules, please refer to the descriptions set forth on the enclosed Proof of Claim Forms regarding the nature, amount, and status of your claim(s).  If the Debtors believe that you may hold claims against more than 1 Debtor entity, you will receive multiple Proof of Claim Forms, each of which will reflect the nature and amount of your claim against 1 Debtor entity, as listed in the Schedules.

If you rely on the Debtors' Schedules, it is your responsibility to determine that the claim is accurately listed in the Schedules. However, you may rely on the enclosed form, which sets forth the amount of your claim (if any) as scheduled; identifies the Debtor entity against which it is scheduled; specifies whether your claim is listed in the Schedules as disputed, contingent, or unliquidated; and identifies whether your claim is scheduled as a secured, unsecured priority, or unsecured non-priority claim.

As described above, if you agree with the nature, amount, and status of your claim as listed in the Debtors' Schedules, and if you do not dispute that your claim is only against the Debtor entity specified by the Debtors, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need *not* file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

## VIII.   ADDITIONAL INFORMATION

Copies of the Debtors' Schedules, the Bar Date Order, and other information regarding these chapter 11 cases are available for inspection free of charge on Kroll's website at https://cases.ra.kroll.com/Joann2025. The Schedules and other filings in these chapter 11 cases also are available for a fee at the Court's website at http://www.deb.uscourts.gov. A login identification and password to the Court's Public Access to Court Electronic Records ("PACER") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.psc.uscourts.gov. Copies of the Schedules and other documents filed in these cases also may be examined between the hours of 9:00 a.m. and 4:30 p.m., prevailing Eastern Time, Monday through Friday, at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the District of Delaware, 824 Market Street, 3rd Floor, Wilmington, Delaware 19801.

If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Kroll Restructuring Administration LLC, by calling the Debtors' restructuring hotline at:   (844) 712-2239 (U.S. & Canada) or (646) 863-7121 (International), or writing (i) via first class mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or via hand delivery or overnight mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (ii) via email to: Joann2025Info@ra.kroll.com with a reference to "JOANN Inc. (2025)" in the subject line.

**A HOLDER OF A POSSIBLE CLAIM AGAINST THE DEBTORS SHOULD CONSULT AN ATTORNEY REGARDING ANY MATTERS NOT COVERED BY THIS NOTICE, SUCH AS WHETHER THE HOLDER SHOULD FILE A PROOF OF CLAIM.**

*[Remainder of page intentionally left blank]*

## **EXHIBIT 3**

**Publication Notice**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**NOTICE OF DEADLINES FOR THE FILING OF PROOFS OF CLAIM,**
**INCLUDING UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE**

---

**THE GENERAL BAR DATE IS APRIL 4, 2025 AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE GOVERNMENTAL BAR DATE IS SEPTEMBER 8, 2025 AT 11:59 P.M. (PREVAILING EASTERN TIME)**

**THE INITIAL ADMINISTRATIVE CLAIMS BAR DATE IS APRIL 4, 2025 AT 11:59 P.M. (PREVAILING EASTERN TIME) FOR ALL ADMINISTRATIVE CLAIMS THAT AROSE OR ARE DEEMED TO HAVE ARISEN ON OR PRIOR TO FEBRUARY 26, 2025**

**THE AMENDED SCHEDULES BAR DATE IS AS DEFINED HEREIN**

**THE REJECTION DAMAGES BAR DATE IS AS DEFINED HEREIN**

---

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

    **Deadlines for Filing Proofs of Claim**.  On [_____] 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [____]] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim, including claims by governmental units, claims arising under section 503(b)(9) of the Bankruptcy Code, and Rejection Damages Claims in the chapter 11 cases of the following debtors and debtors in possession (collectively, the "Debtors"):

---

[1]  The last four digits of Debtor JOANN Inc.'s federal tax identification number are 5540.  A complete list of each of the Debtors in these chapter 11 cases and each such Debtor's federal tax identification number may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/JOANN2025/.  The location of Debtor JOANN Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 5555 Darrow Road, Hudson, Ohio 44236.

| DEBTOR | CASE NO. |
|---|---|
| JOANN Inc. | 25-10068 |
| JOANN Holdings 1, LLC | 25-10069 |
| JOANN Holdings 2, LLC | 25-10070 |
| Needle Holdings LLC | 25-10071 |
| Jo-Ann Stores, LLC | 25-10072 |
| Creative Tech Solutions LLC | 25-10073 |
| Creativebug, LLC | 25-10074 |
| WeaveUp, Inc. | 25-10075 |
| JAS Aviation, LLC | 25-10076 |
| joann.com, LLC | 25-10077 |
| JOANN Ditto Holdings Inc. | 25-10078 |
| Jo-Ann Stores Support Center, Inc. | 25-10079 |
| Dittopatterns LLC | 25-10080 |

**The Bar Dates**.  Pursuant to the Bar Date Order, *all* entities (except governmental units), including individuals, partnerships, corporations, joint ventures, estates, and trusts who have a claim or potential claim against the Debtors, that arose or are deemed to have arisen prior to June 30, 2024, no matter how remote or contingent such right to payment or equitable remedy may be, *including* requests for payment under section 503(b)(9) of the Bankruptcy Code, MUST FILE A PROOF OF CLAIM on or before **April 4, 2025, at 11:59 p.m., prevailing Eastern Time** (the "General Bar Date").  Governmental units who have a claim or potential claim against the Debtors that arose or are deemed to have arisen prior to the Petition Date, no matter how remote or contingent such right to payment or equitable remedy may be, MUST FILE A PROOF OF CLAIM on or before **September 8, 2025, at 11:59 p.m., prevailing Eastern Time** (the "Governmental Bar Date").

**Administrative Claims Bar Dates**.  Parties asserting Administrative Claims against the Debtors' estates arising or deemed to be arisen on or prior to February 26, 2025 (the "Initial Administrative Claims Deadline") (but excluding claims for fees and expenses of professionals retained in these proceedings and claims asserting priority pursuant to section 503(b)(9) of the Bankruptcy Code), are required to file proofs of claim so that such proofs of claim are actually received by Kroll by **April 4, 2025, at 11:59 p.m., prevailing Eastern Time** (the "Initial Administrative Claims Bar Date").  For Administrative Claims arising after February 26, 2025, all claimants would be required to file proofs of claim so that such proofs of claim are actually received by Kroll by the date that is 14 days following any hearing on a plan of liquidation, structured settlement, or other proposed resolution to the Debtors' Chapter 11 Cases.

**Amended Schedules Bar Date**.  All parties asserting claims against the Debtors' estates that are affected by a previously unfiled Schedule or an amendment or supplement to the Schedules are required to file Proofs of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable, or (b) 11:59 p.m., prevailing Eastern Time, on the date that is thirty days from the date on which the Debtors provide notice of a previously unfiled Schedule or amendment or supplement to the Schedules** (the "Amended Schedules Bar Date").

**Rejection Damages Bar Date**. All parties asserting claims against the Debtors' estates arising from the Debtors' rejection of an executory contract or unexpired lease must file a Proof of Claim by **the later of (a) the Claims Bar Date or the Governmental Bar Date, as applicable,**

or (b) 11:59 p.m. prevailing Eastern Time on the date that is thirty days following entry of an order approving such rejection (the "Rejection Damages Bar Date"). For the avoidance of doubt and notwithstanding anything to the contrary herein, any counterparty to an unexpired lease of non-residential real property shall not be required to file claims against any of the Debtors unless and until the applicable lease is rejected by the Debtors.

**ANY PERSON OR ENTITY WHO FAILS TO FILE A PROOF OF CLAIM, INCLUDING ANY REQUEST FOR PAYMENT UNDER SECTION 503(B)(9) OF THE BANKRUPTCY CODE, IN EACH CASE ON OR BEFORE THE APPLICABLE BAR DATE, SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING AND DISTRIBUTION ON ANY CHAPTER 11 PLAN.**

**Filing a Proof of Claim**. Each proof of claim must be filed, including supporting documentation, so as to be ***actually received*** by the Debtors' notice and claims agent, Kroll, on or before the applicable Bar Date, either: (i) electronically through the Online Portal available at https://cases.ra.kroll.com/Joann2025 under "Case Navigation" and by clicking on "Submit a Claim," or (ii) by U.S. Mail, overnight mail, or other hand delivery system, at the following address:

**By First Class Mail:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**Grand Central Station, PO Box 4850**
**New York, NY 10163-4850**

**By Overnight Courier or Hand Delivery:**

**JOANN Inc. (2025) Claims Processing Center**
**c/o Kroll Restructuring Administration LLC**
**850 Third Avenue, Suite 412**
**Brooklyn, NY 11232**

**Contents of Proofs of Claim**. Each proof of claim must (i) be written in English; (ii) include a claim amount denominated in United States dollars using, if applicable, the exchange rate as of 11:59 p.m., prevailing Eastern Time, on the Petition Date (and to the extent such claim is converted to United States dollars, state the rate used in such conversion); (iii) clearly identify the Debtor against which the claim is asserted (iv) conform substantially with the Proof of Claim Form provided by the Debtors or Official Form 410; (v) be signed by the claimant or by an authorized agent or legal representative of the claimant; and (vi) include as attachments any and all supporting documentation on which the claim is based. ***Please note*** that each proof of claim must state a claim against only 1 Debtor and clearly indicate the specific Debtor against which the claim is asserted. To the extent more than 1 Debtor is listed on the proof of claim, a proof of claim is treated as if filed only against the first-listed Debtor, or if a proof of claim is otherwise filed without identifying a specific Debtor, the proof of claim may be deemed as filed only against JOANN Inc.

**Section 503(b)(9) Requests for Payment**. Any proof of claim and/or priority asserting a claim arising under section 503(b)(9) of the Bankruptcy Code must also (i) include the value of the goods delivered to and received by the Debtors in the 20 days before the Petition Date; and

3

(ii) attach any documentation identifying the particular invoices for which such 503(b)(9) claim is being asserted.

**Additional Information**.  If you require additional information regarding the filing of a proof of claim, you may contact the Debtors' claims agent, Kroll Restructuring Administration LLC, by calling the Debtors' restructuring hotline at:  (844) 712-2239 (U.S. & Canada) or (646) 863-7121 (International), or writing (i) via first class mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, Grand Central Station, PO Box 4850, New York, NY 10163-4850, or via hand delivery or overnight mail, to JOANN Inc. (2025) Claims Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232, or (ii) via email to:  Joann2025Info@ra.kroll.com with a reference to "JOANN Inc. (2025)" in the subject line.  ***Please note*** that Kroll Restructuring Administration LLC ***cannot*** offer legal advice or advise whether you should file a proof of claim.

*[Remainder of page intentionally left blank]*