IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 ) ) Case No. 25-10068 (CTG) ) |
| JOANN INC., *et al.*,[1] | ) ) (Jointly Administered) ) |
| Debtors. | ) ***Related to Docket No. 446 and 17*** ) |

**LIMITED OBJECTION OF JONES LANG LASALLE AMERICAS, INC. TO ENTRY OF ORDER APPROVING AGENCY AGREEMENT WITH THE WINNING BIDDER**

Jones Lang LaSalle Americas, Inc. ("JLL") by and through its undersigned counsel, hereby files this limited objection (the "Limited Objection") in connection with the Debtors intention to seek entry of an Order approving the Agency Agreement with GA Joann Retail Partnership, LLC, a subsidiary of GA Group, a provider of asset disposition, valuation, appraisal, and real estate services, together with Wilmington Savings Fund Society, FSB, in its capacity as Prepetition Term Loan Agent, as the Winning Bidder pursuant to the *Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027) (together the "Debtors"). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

*and (VIII) Granting Related Relief [Docket No. 446] (the "Order")* entered by the Court on February 16, 2025 and respectfully represents as follows:

## BACKGROUND

1. On January 15, 2025 (the "Petition Date"), the above-captioned debtors and debtor in possession ("the Debtors" or "Merchant") commenced with the Court voluntary cases under chapter 11 of the Bankruptcy Code ("the Chapter 11 Cases").

2. Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

3. On February 21, 2025, the Debtors commenced an auction both in-person and by videoconference (the "Auction").

4. On February 22, 2025, at the conclusion of the Auction, the Debtors selected GA Joann Retail Partnership, LLC, a subsidiary of GA Group ("Agent"), together with Wilmington Savings Fund Society, FSB, in its capacity as Prepetition Term Loan Purchaser, as the Winning Bidder (together with Agent, the "Purchaser") [Docket No. 480].

5. On February 24, 2025, Debtors filed a Notice of Filing Winning Bidder Agency Agreement [Docket No. 486]. The proposed Agency Agreement does not contain the List of Exhibits including Exhibit 3.1(b), the Wind-Down Budget and Exhibit 3.1(c), the Central Services Budget.

6. The Agency Agreement is submitted for approval at the hearing scheduled in front of this Court for February 26, 2025 at 2:00 p.m. (ET).

7. JLL is listed on the Debtors' Schedule of the Thirty Largest Unsecured Creditors with a general unsecured claim in the amount of $2,046,595.03 [Docket No. 1].[2]

---

[2] The actual pre-petition balance owed to JLL is significantly higher.

8. JLL is a party to a "Master Services Agreement for Facilities Management[3]" (collectively, with all exhibits and attachments thereto, the "MSA"), dated April 21, 2023 with the Debtors.

9. Pursuant to the MSA, JLL provides facilities management services necessary for the Debtors to operate nearly all of their approximately 800 locations throughout the United States. These important services include, among other things, HVAC repair and maintenance, electrical and plumbing services, pest control, janitorial work and housekeeping, and snow removal.

10. In addition to dedicated JLL employee personnel and certain JLL affiliates, JLL utilizes subcontractors and other third-party vendors ("Third Party Vendors") to provide many of the important services vital to the continued operation of the Debtors' facilities.

11. Pursuant to the MSA, the Debtors pay JLL a management fee and also pay JLL for reimbursement of designated JLL employee payroll and other employee related expenses and to pay Third Party Vendors.

12. JLL understands that the Debtors intend to have JLL continue to provide services under the MSA in connection with the anticipated going out of business (GOB) sales to be conducted by the Agent.

13. JLL also understands that the Debtors and the Agent and Purchaser intend that these cases shall remain administratively solvent as part of the approval of the Agency Agreement including, among other things, with the funding of the Wind-Down Budget and the Central Services Budget.

14. In light of this intention and because it is unclear whether the Agency Agreement and related budgets will ensure that JLL receives payment under the MSA for its services as well

---

[3] The MSA contains confidential information and given the nature of this limited objection is not being filed at this time. If necessary, JLL will file the MSA pursuant to a Motion to Seal.

as for those of Third-Party Vendors, JLL is hereby seeking clarity on these subsequently described critical points.

## **LIMITED OBJECTION**

15. The proposed Agency Agreement provides that subject to and only upon Closing, the Agent:

> "shall be responsible for all "Expenses," which shall be paid by Agent in accordance with Section 4.3[4] below. As used herein, "Expenses" shall mean the actual operating expenses that arise solely after Closing through the Sale Termination Date, that are incurred at the direction of the Agent, to facilitate Agent's conduct under this Agreement, or otherwise as agreed to by the Agent in writing, which are strictly limited to the following expenses:
>
> ***

Agency Agreement, Section 4.1.

16. The defined categories of Expenses included, among other things, Occupancy Expenses and Central Services Expenses.

17. "Central Services Expenses" refers to the actual costs and expenses for the Debtors' central administrative services necessary for the conduct and support of the GOB Sale including, among other things "other normal course administrative services customarily provided to or for the benefit of operating the Distribution Centers and/or the Stores… ." Agency Agreement, Section 4.1(o)(i). There is no mention specific mention of the MSA or JLL's related service fees due thereunder including those due to Third-Party Vendors retained by JLL pursuant to the MSA.

18. Occupancy Expenses largely refers to many of the services that JLL facilitates pursuant to the MSA, but there is no mention specific mention of the MSA or JLL's related service fees due thereunder including those due to Third-Party Vendors retained by JLL pursuant to the MSA. Agency Agreement, Section 4.1(o)(iv).

---

[4] JLL believes the reference should be Section 4.2 as there is no Section 4.3 in the Agency Agreement.

19. As noted, the proposed Agency Agreement filed yesterday does not contain the proposed exhibits so it is unclear to JLL whether <u>all</u> fees and expenses that will be due JLL including those due to Third-Party Vendors retained by JLL pursuant to the MSA are included on the list of Exhibits including Exhibit 3.1(b), the Wind-Down Budget and Exhibit 3.1(c), the Central Services Budget.

20. In addition, the Stalking Horse Agency Agreement [Docket No. 17], filed on January 15, 2025 included an "Exhibit 4.1(c)," which was the "Per Store Occupancy Expenses" to the Stalking Horse Agency Agreement. The Per Store Occupancy Expenses Exhibit included estimates for specific expenses that JLL provides and procures for the Debtors pursuant to the MSA including, among other things, "Facilities Services," "Waste," "Housekeeping" and "R&M" ("Repairs and Maintenance"). The proposed Agency Agreement will apparently exclude these specific references.

21. In light of the uncertainty JLL believes exists with the proposed Agency Agreement on file, which does contain the underlying Exhibits and removes the estimates for Per Store Occupancy Expenses, JLL seeks clarification of these terms to the extent it is unclear that all fees and expenses due JLL under the MSA for post-petition work, including those due to Third-Party Vendors retained by JLL pursuant to the MSA, as well as the anticipated work in connection with the Agent's activities, are included in the Expenses required to be paid in the Agency Agreement.

## **JOINDER**

22. JLL joins in any other party's objection to or respecting the Approval of the Agency Agreement with the Winning Bidder to the extent such objection is applicable to JLL's contract and not inconsistent with this Limited Objection.

## RESERVATION OF RIGHTS

23.     JLL reserves its rights to supplement this Limited Objection and make such other and further objections as they deem necessary or appropriate.

## NOTICE

24.     JLL will provide notice of this Motion to the following parties or their respective counsel: (a) Kirkland & Ellis LLP, as counsel for the Debtors; (b) the U.S. Trustee for the District of Delaware; (c) the Purchasers under each of the Debtors' prepetition secured credit facilities and counsel thereto; and (d) any party that has requested notice pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, no other or further notice need be given.

[*signature page follows*]

WHEREFORE, JLL respectfully requests that the Court condition the Approval of the Agency Agreement with the Winning Bidder as set forth in this Objection/Joinder, granting the relief requested herein and any such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 25, 2025

GELLERT SEITZ BUSENKELL & BROWN, LLC

/s/ Amy D. Brown
Amy D. Brown (DE 6317)
1201 North Orange Street, Suite 300
Wilmington, Delaware 19801
Telephone: (302) 416-3357
Facsimile: (302) 425-5814
Email: abrown@gsbblaw.com

and

WALSH PIZZI O'REILLY FALANGA LLP
Stephen V. Falanga (pro hac vice)
Nick M. Ebel (pro hac vice)
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Telephone: (973) 757-1100
Telecopy: (973) 757-1090

*Attorneys for Jones Lang LaSalle Americas, Inc.*