# EXHIBIT A

## Summary of Objections to the Motion[1]

| Objector and Docket No. | Bases of Objection | Response to Objection | Status[2] |
|---|---|---|---|
| **CRAFTY (AL) LLC** [Docket No. 257] | • The Sale Transaction contemplated by the Stalking Horse Agreement should be conditioned on assurance of payment of all of administrative claims. <br>• Landlord seeks to ensure that the Purchaser has no greater rights than the Debtors have as tenant under the Lease and that the Purchaser, as a non-debtor, may not piggy-back onto rights that belong exclusively to the Debtors as subjects of these chapter 11 cases. In particular, the Purchaser should be responsible for any damages Purchaser or its invitees or agents cause to the leased premises and Purchaser may not bring property into the leased premises or abandon Purchaser's property at those premises. | • The Debtors modified the language of the Sale Order with respect to Leases. <br>• The Wind-Down Budget and Expense Reimbursement provisions of the Proposed Sale Transaction will enable the Debtors to pay all administrative claims. | **Unresolved** |

---

[1]  Capitalized terms used but not defined herein shall have the meanings given to such terms in Reply or the revanant Objection.

[2]  This column reflects status as of the time of the filing of this Reply. The Debtors continue to engage with all parties and may update this summary of objections either with an updated summary or at the Hearing. The Debtors have included in this summary chart only the objections filed to the docket and, for efficiency, have not included all informal objections received or reservations of rights filed.

| Objector and Docket No. | Bases of Objection | Response to Objection | Status[2] |
|---|---|---|---|
| **IG Design Group Americas, Inc.** [Docket No. 258] | • The Debtors must comply with the store close procedures set forth in the Consignment Agreement, provide at least 14-days' notice prior to the closing of any liquidation sale, and provide that, upon the issuance of notice of Debtors' intent to liquidate, that DGA be granted access and authority to immediately remove the Consigned Goods from the Debtors' stores.<br><br>• Any liquidator must be required to provide adequate protection to DGA by agreeing to secure the Consigned Goods. | • The Debtors worked with IG Design Group Americas, Inc. to resolve their objections by adding language to the Proposed Sale Order. | **Resolved** |
| **U.S. Trustee** [Docket No. 285] | • The Purchaser is not entitled to a lien and superpriority administrative expense claim.<br><br>• The Final Reconciliation in the Stalking Horse Agreement cannot be automatically approved without further Court order. | • The Purchaser is entitled to a lien and superpriority administrative expense claim under section 507(b) of the Bankruptcy Code. Reply § 2.<br><br>• The Final Reconciliation is fair to the Debtors, the Purchaser, and any remaining creditors. To the extent of any dispute around the Final Reconciliation among the parties, this Court will retain jurisdiction over the matter. Reply § 3. | **Unresolved** |
| **Official Committee of Unsecured Creditors** [Docket No. 303] | • Causes of action and avoidance actions should not be sold to the Purchaser. | • The Debtors worked with the Committee to resolve their objections by modifying the language of the Proposed Sale Order. | **Unresolved, subject to finalization of language in the Proposed Sale Order and the Cash Collateral Order. The Debtors believe the Committee's objections will be resolved in advance of the Sale Hearing** |
| **Mann Enterprises, Inc.** [Docket No. 499] | • The Debtors must provide adequate assurance of the Winning Bidder.<br><br>• The Debtors must provide for the payment of current cure costs.<br><br>• The Debtors must satisfy non-monetary obligations. | • The Debtors are not seeking to assume or assume and assign any Leases or Contracts at Closing of the Proposed Sale Transaction. The Debtors worked with Mann Enterprises, Inc. to preserve their objections for a later date, as applicable, by adding language to the Proposed Sale Order. | **Resolved** |

| Objector and Docket No. | Bases of Objection | Response to Objection | Status[2] |
|---|---|---|---|
| **Jones Lang LaSalle Americas, Inc. ("JLL")** [Docket No. 500] | • The filed Agency Agreement did not include the exhibits, and JLL seeks clarification that all fees and expenses due to JLL for postpetition work will be paid in the Agency Agreement. | • The Wind-Down Budget and Expense Reimbursement provisions of the Proposed Sale Transaction will enable the Debtors to pay all administrative claims. | **Unresolved, subject to finalization of language in the Proposed Sale Order. The Debtors believe the JLL's objections will be resolved in advance of the Sale Hearing** |