**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.,* | Case No. 25-10068 (CTG) |
|  | Jointly Administered |
| Debtors. | |

**ORDER GRANTING DIANE IRVINE RELIEF FROM AUTOMATIC STAY**
**PURSUANT TO SECTION 362(d) OF THE BANKRUPTCY CODE**

This matter having come before for Court upon the *Motion of Diane Irvine for Relief From the Automatic Stay Pursuant to Section 362(d) of the Bankruptcy Code* (the "Motion"), and the Court having determined that modification of the automatic stay under these circumstances, and subject to the conditions of this Order, is in the best interests of the Debtors, their estates, their creditors, and all parties in interest; and the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and (ii) venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (iv) notice was adequate and appropriate under the particular circumstances; and the Court having considered any objections to the requested relief; and after due deliberation, and good and sufficient cause appearing therefor,

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED, subject to the conditions set forth in this Order.

2.      The stay imposed by section 362(a) of the Bankruptcy Code is modified to allow Diane Irvine (the "Movant") to (i) prosecute the Movant's claims against the Debtors up to an including obtaining a final judgment and settlement and liquidation of her claim, if any.

3.     The Movant shall seek to collect upon any judgment or settlement against the Debtors solely from applicable insurance proceeds and/or providers. No collection or enforcement action may be asserted or realized against the Debtors, excepting only applicable insurance proceeds and/or providers.

4.     Nothing in this Order is intended to, or shall, affect any claims that the Movant has through the Debtors against their insurance providers or related parties, as well as any defenses and claims the Debtors or their insurers have against the Movant, which are unaffected by this Order and are expressly preserved.

5.     Nothing in this Order is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto (collectively, the "Insurance Contracts"); (ii) alter or modify the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any alleged applicable insurance policy; (iii) create or enlarge, or restrict or diminish, any right of action of the Movant against any Insurers; (iv) alter or amend the rights of any Insurer with respect to any deductibles or self- insured retentions under any allegedly applicable insurance policy; or (v) preclude or limit, in any way, the rights of any Insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6.     This Order is effective immediately upon approval by the Court and is not subject to the fourteen-day stay provided in Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

7.      This Court shall retain jurisdiction with regard to all matters arising out of or related to the implementation, interpretation, or enforcement of this Order.