## **Annex 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## CONFIDENTIALITY AGREEMENT AND STIPULATED PROTECTIVE ORDER

This Confidentiality Agreement and Stipulated Protective Order ("Stipulation" or "Protective Order") is entered into by and among: (a) JOANN Inc., and its affiliated debtors in possession in the above captioned chapter 11 cases (together, the "Debtors"); (b) certain beneficial holders or the investment advisors or managers for certain beneficial holders (collectively, the "Ad Hoc Term Loan Group"); (c) the Official Committee of Unsecured Creditors (the "Committee"); and (d) any other eligible persons or entities who are signatories to this Stipulation or who become bound by this Protective Order by signifying their assent through execution of Exhibit A hereto. Each of the persons or entities identified in the foregoing clauses (a) through (d) shall be referred to herein individually as a "Party," and, collectively, as the "Parties." The Parties, by and through their respective attorneys of record and subject to Court approval, have agreed to entry of this Stipulation pursuant to 11 U.S.C. § 107(b) and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and, with respect to any existing or future contested matter

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

or adversary proceeding, pursuant to Bankruptcy Rules 7026 and 9014 and Rule 26(c) of the Federal Rules of Civil Procedure (the "Federal Rules").

**Recitals**

WHEREAS, there are, or may be, judicial or other proceedings, including but not limited to contested matters and adversary proceedings (each a "Dispute" and, collectively, the "Disputes") concerning or otherwise directly impacting the estate(s) in the cases commenced by the Debtors' filing of voluntary petitions under chapter 11 of title 11 of the United States Code, U.S.C. §§ 101-1532 (the "Bankruptcy Code") in this Court (such cases, the "Chapter 11 Cases");

WHEREAS, the Parties have sought or may seek certain Discovery Material (as defined below) from one another or from third parties with respect to the Chapter 11 Cases and related adversary proceedings, including through informal requests, Bankruptcy Rule 2004 motions, or service of document requests, interrogatories, requests for admission, deposition notices, subpoenas, and other discovery requests (collectively, "Discovery Requests") as provided by the Federal Rules, the Bankruptcy Rules, and the Bankruptcy Local Rules for the District of Delaware (the "Local Rules");

WHEREAS, the Parties anticipate that there are certain persons or entities other than the Parties hereto that may also propound or be served with Discovery Requests in connection with one or more Disputes during the course of the Chapter 11 Cases.

NOW, THEREFORE, to facilitate and expedite the production, exchange, and treatment of Discovery Material (as defined below), to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material that a Party seeks to maintain as confidential.

NOW THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, that the following terms will govern the requests for and production and

2

handling of Discovery Material (as defined below) in connection with Disputes during the course of the Chapter 11 Cases:

## Scope of Stipulation

1.      This Protective Order applies to all information, documents, and things exchanged in, or subject to, discovery or provided in response to a diligence request in connection with the Chapter 11 Cases, either by a Party or a non-Party (each, a "Producing Party") to any other Party or non-Party (each, a "Receiving Party"), formally or informally, either prior to or after the filing of a judicial proceeding or entry of this Protective Order, in response to or in connection with any Discovery Requests or diligence requests, including without limitation, deposition testimony (whether based on oral examination or written questions), deposition transcripts and exhibits, interrogatories, answers to interrogatories, requests for admission, responses to requests for admission, documents, data, information and things produced in whatever form, as well as any and all copies, extracts, abstracts, digests, notes, summaries, and excerpts thereof (collectively referred to as "Discovery Material"). Discovery Material includes (i) hard copy documents and electronically stored information, including, without limitation, writings, drawings, graphics, charts, photographs, sound recordings, images, data, or data compilations stored in any medium and (ii) all information, filings, documents, and things derived therefrom, based on any of the foregoing material, in whole or in part.

## Designating Discovery Material

2.      Designation of Documents. Any Producing Party in response to formal or informal discovery requests promulgated by the Receiving Party may designate Discovery Material as "Confidential Material" or "Highly Confidential Material" (any such Discovery Material, "Designated Material") in accordance with the following provisions:

a. <u>Confidential Material:</u> A Producing Party may designate Discovery Material as Confidential Material if such Producing Party believes in good faith that: (i) such Discovery Material constitutes or contains technical, business, financial, personal, or other information of a nature that can be protected under Rule 26(c) of the Federal Rules and Bankruptcy Rules 7026 or 9018; (ii) such Discovery Material is subject by law, contract, or Court order to a legally protected right of privacy; (iii) the Producing Party is under a preexisting obligation to a third-party to treat such Discovery Material as confidential; or (iv) the Producing Party has in good faith been requested by another Party or non-Party to so designate such Discovery Material on the grounds that such other Party or non-Party considers such material to contain information that is confidential or proprietary to such Party or non-Party.

b. <u>Highly Confidential Material:</u> A Producing Party may designate Discovery Material as "Highly Confidential Material" if such Producing Party believes in good faith that such Discovery Material is of such confidential nature that a risk of competitive injury may be created if it were disclosed to persons other than those identified in Paragraph 4 of this Protective Order, such as trade secrets or sensitive financial or business information. A party may re-designate Discovery Material originally "Confidential" as "Highly Confidential" by giving notice of such a re-designation to all parties; provided that a Receiving Party's prior use of Discovery Material that is subsequently re-designated from "Confidential" to "Highly Confidential" in accordance with the original designation does not constitute a violation of this Order. The parties reserve all

rights to seek de-designation of Discovery Material that is inappropriately designated as "Highly Confidential Material."

    c.  <u>Exclusions</u>: Confidential Material and Highly Confidential Material do not include information which: (i) is or becomes generally available to the public in substantially the same form it was provided by the Producing Party other than as a result of a disclosure by the Receiving Party in violation of this Stipulation or another improper disclosure by any person; (ii) information that was, prior to its disclosure in the Chapter 11 Cases, rightfully in the possession of the Receiving Party and not otherwise subject to an expectation of confidentiality; (iii) was available to the Receiving Party on a non-confidential basis prior to its disclosure by the Producing Party; (iv) becomes available to the Receiving Party on a non-confidential basis from a Person other than the Producing Party who is not otherwise bound by a confidentiality agreement prohibiting disclosure of such information; (v) has been independently developed by the Receiving Party without use or reliance upon to any Designated Material; or (vi) the Producing Party has previously authorized the Receiving Party in writing to divulge or communicate to third parties.

    3.  <u>Manner of Designating Discovery Material:</u> A Producing Party shall designate Discovery Material as Confidential Material or Highly Confidential Material by applying the legend "Confidential" or "Highly Confidential— Outside Professionals' Eyes Only" to each page containing any Confidential Material or Highly Confidential Material. In the case of electronically stored information, the "Confidential" or "Highly Confidential—Outside Professionals' Eyes Only" legend, if any, shall be printed on the cover or container of the disk, tape, or other medium

in which the electronic form data is stored, and the "Confidential" or "Highly Confidential—Outside Professionals' Eyes Only" legend shall be applied, by electronic means to each electronic document or other electronically stored information containing any Designated Material. The failure to designate Discovery Material as Confidential Material or Highly Confidential Material does not constitute a waiver of such claim, and a Producing Party may so designate Discovery Material after such Discovery Material has been produced in accordance with Paragraph 11, with the effect that such Discovery Material is subject thereafter to the protections of this Stipulation. The legend "Highly Confidential—Attorneys' Eyes Only" or "Highly Confidential" may also be applied in the same manner set forth in this Paragraph to designate Highly Confidential Material and in all cases shall have equivalent effect to using the legend "Highly Confidential—Outside Professionals' Eyes Only."

**Use and Disclosure of Confidential or Highly Confidential Material**

4.    <u>Treatment of Designated Material</u>. Any Designated Material shall be maintained in confidence by any Receiving Party who shall be responsible for preventing any disclosure not in accordance with this Stipulation.

a.    <u>Disclosing Highly Confidential Material</u>. Except with the prior written consent of the Producing Party or by the Order of the Court, Highly Confidential Material shall only be disclosed to:

i.    Outside counsel and staff working under the express direction of outside counsel for the Parties;

ii.    professionals retained under 11 U.S.C. §§ 327 or 328, or industry advisors, financial advisors, accounting advisors, experts and consultants (and their respective staff) that are retained by the Parties

(or any other persons or entities who become bound by this Stipulation by signifying their assent through execution of Exhibit A) in connection with the Chapter 11 Cases or the Disputes, in each case only as necessary to assist with or make decisions with respect to the Chapter 11 Cases or the Disputes , as applicable;

iii.   any person who is indicated on the face of a document (including in the case of electronically stored information, in the metadata) to have been an author, addressee or copy recipient thereof, an actual recipient thereof, is mentioned or referred to in the document, or, in the case of meeting minutes, is an attendee of the meeting;

iv.   court reporters, stenographers, or videographers who record testimony in connection with the Chapter 11 Cases or the Disputes;

v.   the Court, its officers and clerical staff in any judicial proceeding that may result from the Chapter 11 Cases or the Disputes, provided that any public filing shall satisfy the requirements of Paragraphs 5 and 9;

vi.   the U.S. Trustee;

vii.   support personnel providing general secretarial services (such as word processing and printing), paralegal services, or litigation support services to and working under the supervision and direction of any person bound by this Stipulation—in each case, only as necessary to assist such person with respect to the Chapter 11 Cases or the Disputes;

viii.    outside photocopying, graphic production, or litigation support services, as necessary for use in connection with the Chapter 11 Cases or the Disputes; and

ix.    any other person or entity with respect to whom the Producing Party may consent in writing (email to suffice), which consent shall not be unreasonably withheld, provided such person or entity agrees to be bound by this Stipulation by signifying their assent through execution of Exhibit A hereto.

b.  <u>Disclosing Confidential Material</u>. In addition to the persons identified in the above section 2(a), Confidential Material shall only be disclosed to:

i.    the Parties (including their respective members, managers, partners, directors, officers, employees, counsel, and agents), in each case only as necessary to assist with or make decisions with respect to the cases or disputes; and

ii.    any other person designated by order of the Court.

5.    <u>Public Disclosure, Including, But Not Limited to, Disclosure Made in Support or Opposition of the Chapter 11 Plan and Associated Releases</u>. Any public filing or communication that seeks to quote or otherwise include Designated Material, shall be filed under seal with the Court in accordance with the procedures provided in Paragraph 9 below.

6.    <u>Permitted Purposes</u>. All Discovery Material disclosed pursuant to this Stipulation, whether or not containing Designated Material, shall be used solely in connection with the Chapter 11 Cases (including any adversary proceeding or contested matter in the Chapter 11 Cases) and not for any other legal, business, commercial, competitive, personal, or other purpose. Any

summary, compilation, notes, memoranda, analysis, copy, electronic image, or database containing Designated Material, and any electronic image or database containing Designated Material shall be subject to the terms of this Protective Order to the same extent as the Discovery Material from which such summary, compilation, notes, copy, memoranda, analysis, electronic image, or database is derived. No Designated Material shall be used for any other purpose, including business, governmental, commercial, administrative, or other judicial proceedings. Notwithstanding the foregoing, nothing in this Protective Order shall prevent a Party from using or disclosing its own Discovery Material in any way or from using in any way any Discovery Material to the extent such Discovery Material meets any of the Exclusions in section 1(c), above.

7.      <u>Third Party Disclosures</u>. The production of any Designated Material by any non-party in the Chapter 11 Cases shall be subject to and governed by the terms of this Stipulation.

8.      <u>Preservation of Privileges and Clawbacks</u>. This Protective Order is entered pursuant to Federal Rule of Evidence 502(d). In accordance therewith, all privileges, protections, confidentiality, and immunities (including, without limitation, the attorney-client privilege and the attorney work product doctrine) shall remain in effect as to any privileged Discovery Material shared, and shall not be waived or in any way impaired in connection with the Chapter 11 Cases, including in connection with any current or subsequent adversary proceeding or contested matter in the Chapter 11 Cases or in any other Federal, State or other proceeding outside these cases, by production, or by disclosing such Discovery Material to the Court in the context of resolving a request or dispute as to sealing.

a.   Any Party that determines it may have inadvertently received protected information shall promptly notify the Producing Party. If a Producing Party that produces or otherwise discloses information thereafter claims that such

information is protected by any privilege or attorney work product protection ("Disclosed Protected Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection that the Producing Party would otherwise be entitled to assert with respect to the Disclosed Protected Information and its subject matter in this proceeding or in any other federal or state proceeding. The Parties stipulate by entering into this Protective Order that the Court shall provide the maximum protection allowed by Rule 502(d).

b.  Any Producing Party may request, in writing, the return or destruction of any Disclosed Protected Information by identifying it and stating the basis for withholding such material or information from production.

c.  If a Producing Party requests the return of such Disclosed Protected Information then in the custody of one or more Parties, the Receiving Parties shall immediately stop any review of the document, and—unless it contests the claim of attorney-client privilege or work product protection—within five days of receipt of written notice (i) destroy or return to the Producing Party the Disclosed Protected Information and all copies thereof, and (ii) provide a certification of counsel that all of the Disclosed Protected Information has been returned or destroyed.

d.  If a Party wishes to challenge the claim of privilege or work product protection, it must sequester the material until the issue can be resolved and may not review it for any reason. The Parties agree to meet and confer regarding the challenge,

and if, at the conclusion of that process, the Parties are still not in agreement, they may bring the issue to the Court for resolution.

9.    <u>Sealing of Designated Material Filed With or Submitted to the Court</u>. For the avoidance of doubt, no papers containing Designated Material shall be disseminated to creditors or other stakeholders generally without the Producing Party's express written consent or an order of the Court permitting such dissemination. For the further avoidance of doubt, no Party shall attempt to file any Discovery Material that contains privileged information with the Court under any circumstances. Otherwise, pleadings, documents, or other papers (or attachments thereto) containing Designated Material that a Party seeks to file with the Court shall be handled in the following manner:

    a.    Designated Material contained in pleadings, documents, or other papers (or attachments thereto) that a Party seeks to file with the Court ("<u>Filing Party</u>") shall be redacted and filed with the Court under a temporary seal, and the Filing Party shall follow all requirements set forth in Local Rule 9018-1(d) regarding the filing, including but not limited to filing a motion seeking authority to file the Designated Material under seal (the "<u>Motion to Seal</u>"), and conferring with the designating party on whether to redact and the appropriate redactions to make on the public version of the Designated Material to file with the Court;

    b.    Each Filing Party shall use reasonable best efforts when filing with the Court pleadings, documents, or other papers (or attachments thereto) under temporary seal to redact only Designated Material from pleadings, documents, or other papers (or attachments thereto);

c.  Any Party filing with the Court pleadings, documents, or other papers (or attachments thereto) containing Designated Material under temporary seal shall serve the other Parties and the U.S. Trustee with un-redacted copies;

d.  The Court shall decide whether sealing is appropriate pursuant to section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. Until the Court decides the Motion to Seal, the pleading, document, or other paper (or attachments thereto) shall remain under seal.

10.  <u>Compelled Disclosure</u>. Notwithstanding the foregoing, solely in the event that a Receiving Party is requested or required (through discovery, subpoena, civil investigative demand, or other similar legal or investigative process) to disclose any of the Designated Material, to the extent permitted by law, the Receiving Party shall provide the Producing Party with prompt written notice of any such request or requirement so that the Producing Party may seek a protective order or other appropriate remedy and/or waive compliance with the provisions of this Stipulation in respect of such request or requirement. If, in the absence of a protective order or other remedy or the receipt of a waiver by the Producing Party, a Receiving Party is nonetheless, in the opinion of its counsel, legally compelled to disclose such Designated Material or else stand liable for contempt or suffer other censure or significant penalty, the Receiving Party may, without liability under this Stipulation, disclose only that portion of the Designated Material which its counsel advises it is legally required to be disclosed, provided that the Receiving Party exercises its commercially reasonable efforts to preserve the confidentiality of the Designated Material, including, without limitation, by taking commercially reasonable measures to cooperate with the Producing Party to obtain an appropriate protective order or other reliable assurance that confidential treatment will be accorded the Designated Material by the party to whom such

material will be produced, and then only with as much prior written notice to the Producing Party as is practical under the circumstances. In no event will a Receiving Party oppose action by a Producing Party to obtain a protective order or other relief to prevent the disclosure of the Designated Material or to obtain reliable assurance that confidential treatment will be afforded the Designated Material.

11.    No Waiver. Neither this Stipulation nor disclosure of any Designated Material by a Producing Party shall be deemed by implication or otherwise to vest in the Receiving Party rights in or to such Designated Material other than the right to use such Designated Material in accordance with this Stipulation. It is understood and agreed by the Parties that no failure or delay by a Producing Party in exercising any right, power, or privilege pursuant to this Stipulation shall operate as a waiver thereof, nor shall any single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any right, power, or privilege pursuant to this Stipulation. If at any time a Producing Party determines or realizes that certain testimony or some portion(s) of Discovery Material that it previously produced should be designated as "Confidential" or "Highly Confidential—Outside Professionals' Eyes Only," the Producing Party may apprise the Parties in writing, and such designated testimony or portion(s) of Discovery Material will thereafter be treated as Designated Material under the terms of this Stipulation, provided, however, that the Producing Party shall, at its cost, provide the Receiving Party with substitute copies, bearing the legend "Confidential" or the legend "Highly Confidential—Outside Professionals' Eyes Only," of any such Discovery Material at which time the Receiving Party shall promptly return to the Producing Party the copies of such substituted Discovery Material. Entry into this Stipulation and/or producing Designated Material pursuant hereto shall not prejudice in any way

a Producing Party's rights to object to the authenticity or admissibility into evidence of any testimony or other evidence subject hereto.

12.     <u>Objections to Designation</u>. By agreeing to this Stipulation, the Parties do not concede that any Designated Material does in fact contain or reflect information that may be protected under the Applicable Rules and Law or that has been properly designated as Confidential Material or Highly Confidential Material. Any Party may move at any time for relief from the provisions of this Stipulation with respect to confidentiality designations as set forth herein. In the event a Receiving Party objects to any designation of testimony or Discovery Material as Designated Material or wants to show Highly Confidential Material to its clients or other persons other than counsel, retained professionals, or retained experts, the Receiving Party shall so inform the Producing Party, stating the grounds of the objection. The Parties shall have three business days to meet and confer and resolve any objection involving less than 20 documents, at the end of which the Producing Party may seek a ruling from the Court, on no less than five business days' notice to the Receiving Party, provided that no Designated Material shall be filed in the public record or otherwise disclosed prior to a determination by the Court that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. If a Receiving Party challenges the designation of more than 20 documents, the Receiving Party and Producing Party shall work in good faith to establish a reasonable schedule for addressing challenges to confidentiality designations. A Receiving Party, upon a showing of good cause and prior notice to the Producing Party, may move for expedited relief if exigent circumstances warrant such relief, provided that no Designated Material shall be filed in the public record or otherwise disclosed prior to a determination by the Court that it does not meet the requirements for sealing under section 107(b) of the Bankruptcy Code and Bankruptcy Rule 9018. For the avoidance of

doubt, a Receiving Party may object to the designation at any time and is not required to do so within any specific time period.

13.   <u>Use in Depositions</u>. Designated Material may be used in depositions in this action subject to the procedure set forth in this Paragraph 13. If Designated Material is utilized in a deposition, then it shall be indicated on the record by counsel for one of the Parties (or, if counsel for the Producing Party is present, by counsel for the Producing Party) that a question, or a line of questioning concerning a particular subject matter, calls for Confidential Material or Highly Confidential Material, in which case the transcript of the designated testimony (if any) shall be bound in a separate volume and marked "Confidential Discovery Material Governed by Protective Order" or "Highly Confidential—Outside Professionals' Eyes Only Discovery Material Governed by Protective Order" by the court reporter. Counsel's failure to make such indication on the record does not waive any confidentiality of the documents or testimony. Any Party may also designate the actual transcript of a deposition or any portion thereof as Confidential Material or Highly Confidential Material by stating as such on the record of such deposition. All depositions shall be treated as Highly Confidential Material under this Stipulation until five days after a transcript is made available by the court reporter to the person defending the deposition, and during that five-day period the person defending the deposition should advise the Parties and the court reporter of what additional portions of the deposition, if any, should receive a "Highly Confidential—Outside Professionals' Eyes Only" or a "Confidential" designation.

14.   <u>Use In Open Court</u>. As part of any pretrial conference or any meet and confer regarding the use of exhibits in any evidentiary hearing, and at least 48 hours (or if not practicable, as soon as practicable) prior to the use of any Designated Material at trial or any hearing to be held in open court, counsel for any Party who desires to offer or use Designated Material it received

from a Producing Party shall meet and confer in good faith with the Producing Party together with any other Parties who have expressed interest in participating in such trial or hearing to discuss ways to redact the Designated Material so that the material may be offered or otherwise used by any party, in accordance with the provisions of the Bankruptcy Code and the Bankruptcy Rules. If the Parties are unable to resolve a dispute related to such Designated Material, the Parties will jointly contact the Court regarding a conference prior to the start of trial or hearing to address confidentiality issues, and the Producing Party will bear the burden of demonstrating why such Designated Material should remain confidential at such trial or hearing. No Designated Material may be used in open court without the Producing Party's consent prior to the Court having made such a determination.

15.     Use by Any Professional Firm or Individual Retained in Connection With These Chapter 11 Cases. Counsel for the Party retaining any professional firm or individual in connection with the Chapter 11 Cases, including outside consultants, financial advisors or experts (collectively, the "Permitted Recipients," and each a "Permitted Recipient") shall provide a copy of this Stipulation to the Permitted Recipient or a representative of the Permitted Recipient, and the Permitted Recipient or a representative of the Permitted Recipient must execute a Non-Disclosure Declaration in the form annexed as Exhibit A hereto prior to the Permitted Recipient receiving any Designated Material.

### General Provisions

16.     Any Party or non-party may seek relief from, or modification of, this Stipulation or any provision thereof by properly noticed motion to the Court.

17.     This Stipulation may be signed in counterparts, which, when fully executed, shall constitute a single original and electronic signatures shall be deemed original signatures.

18.     This Protective Order governs the production of Discovery Material and does not affect, amend, or modify any existing agreements, including confidentiality agreements, intercreditor agreements or protective orders applicable to any Producing Party or Receiving Party, and nothing in this Protective Order shall constitute a waiver of any rights under such agreements or orders.

19.     This Protective Order is a procedural device intended to protect Discovery Material designated as Designated Material. Nothing in this Protective Order shall affect any Party's rights or obligations unrelated to the confidentiality of Discovery Material.

20.     <u>Restrictions on the Use of Artificial Intelligence</u>. The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an "AI Model") to aid in the processing, review, and analysis of Discovery Material, provided however that any such AI Model must protect the confidentiality of the information as required by this Protective Order. The Parties expressly agree that no Receiving Party will submit any Discovery Material received pursuant to this Protective Order to an AI Model that is open or available to the public, including ChatGPT and similar tools. The Parties further expressly agree that no Receiving Party will submit any Discovery Material received pursuant to this Protective Order to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Discovery Material for any purpose other than in connection with these Chapter 11 Cases. Before a Receiving Party submits Discovery Material received pursuant to this Protective Order to an AI Model in compliance with this paragraph, the Receiving Party shall make certain that such Discovery Material will not be accessible to unauthorized persons and that it can be deleted from the AI Model in accordance with the paragraph on the Disposition of Designated Material in this Protective Order.

21. <u>Unauthorized Access & Data Breach Notice Requirements</u>.  If a Receiving Party or authorized recipient engaged by a Receiving Party discovers the loss of any Discovery Material due to a breach of security, including any actual or suspected unauthorized access, relating to a Producing Party's Confidential Information or Highly Confidential Information, the Receiving Party or authorized recipient shall: (1) promptly provide written notice to Producing Party of such breach; (2) investigate and make reasonable efforts to remediate the effects of the breach, and provide Producing Party with objectively reasonable assurances that such breach shall not recur; and (3) provide information about the breach such that the Producing Party can reasonably ascertain the size and scope of the breach. The Receiving Party or authorized recipient agrees to cooperate with the Producing Party or law enforcement in investigating any such security incident. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

22. <u>Disposition of Designated Material</u>. Within 60 days after receiving notice of the entry of an order, judgment, or decree finally disposing of or resolving any and all disputes among the Parties hereto arising out of or relating to the Chapter 11 Cases and/or adversary proceedings, including the exhaustion of all possible appeals and other review and the closing of the Chapter 11 Cases, all persons having received Designated Material shall either return such material and all copies thereof (including summaries and excerpts) to the Producing Parties or destroy all such Designated Material and certify that fact to the Producing Parties. Discovery Material that has been received electronically and that cannot be returned or destroyed must be electronically deleted and deleted from "trash" files. To the extent any Designated Material exists in whole or in part on computer backup tapes or otherwise not readily accessible media used for disaster recovery purposes, information from such media does not need to be restored for purposes of destroying or

returning the Designated Material to the Producing Party, but such retained information shall continue to be treated in accordance with this Stipulation. This Paragraph 22 applies to Designated Material only and does not require that counsel for the Parties destroy work product or correspondence.

23.    <u>Continuing Applicability Of Confidentiality Agreement And Stipulated Protective Order:</u> The provisions of this Stipulation shall survive the later of the determination of the Disputes and the conclusion of these Chapter 11 cases (*i.e.,* through either (i) a final non-appealable order converting the Chapter 11 Cases to proceedings under Chapter 7, (ii) a final non-appealable order dismissing the Chapter 11 Cases, (iii) a final non-appealable order appointing a Chapter 11 trustee, or (iv) a final non-appealable order confirming a Chapter 11 plan of reorganization) and shall bind any successors to the Debtors, including but not limited to a Chapter 7 trustee. The provisions of this Stipulation shall also survive the final termination of the Disputes and the Debtors' emergence from bankruptcy for any retained Designated Material. The final termination of the Disputes or the Debtors' emergence from bankruptcy shall not relieve counsel or other persons obligated hereunder from their responsibility to maintain the confidentiality of Designated Material pursuant to this Stipulation, and the Court shall retain jurisdiction to enforce this Stipulation.

24.    <u>Enforcement Pending Entry</u>. The Parties agree to be bound by the terms of this Stipulation pending the entry of this Stipulation as an order of the Court, and any violation of its terms shall be subject to the same sanctions and penalties as if this Stipulation has been entered by the Court. The provisions of this Stipulation shall, absent written permission of the Producing Party or further order of the Court, continue to be binding throughout and after the conclusion of the Chapter 11 Cases. For the avoidance of doubt, documents produced by the Debtors, 1903P Loan Agent, LLC, and Bank of America, N.A. to the Ad Hoc Term Loan Group or the Committee

prior to the Parties' agreement to the terms of this Protective Order shall be considered Highly Confidential Material pursuant to this Protective Order until de-designated in writing by the Producing Party or by Order of the Court.

**AGREED TO BY:**

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

*/s/ Michael C. Whalen*
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal(admitted *pro hac vice*)
Bill Arnault, P.C. (admitted *pro hac vice*)
Michael C. Whalen (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:(312) 862-2000

-and-

**COLE SCHOTZ P.C.**

*/s/ Patrick J. Reilley*
Patrick J. Reilley (No. 4451)
Stacy L. Newman Sr. (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone: (302) 652-3131

**Counsel to the Debtors**

-and-

**MORRIS, NICHOLS, ARSHT & TUNNELL LLP**

*/s/ Donna L. Culver*
Donna L. Culver (DE No. 2983)
Robert J. Dehney, Sr. (DE No. 3578)
Matthew B. Harvey (DE No. 5186)
Brenna A. Dolphin (DE No. 5604)
1201 North Market Street

16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200

-and-

**GIBSON, DUNN & CRUTCHER LLP**

*/s/ Joshua Brody*
Scott J. Greenberg (admitted *pro hac vice*)
Joshua Brody (admitted *pro hac vice*)
Kevin Liang (admitted *pro hac vice*)
200 Park Avenue
New York, New York 10166
Telephone: (212) 351-4000

-and-

**GLENN AGRE BERGMAN & FUENTES LLP**

*/s/ Andrew K. Glenn*
Andrew K. Glenn (admitted *pro hac vice*)
Kurt A. Mayr (admitted *pro hac vice*)
Agustina G. Berro (admitted *pro hac vice*)
Malak S. Doss (admitted *pro hac vice*)
Esther Hong (admitted *pro hac vice*)
1185 Avenue of the Americas, 22nd Floor
New York, New York 10036
Telephone: (212) 970-1600

**Counsel for the Ad Hoc Term Loan Group**

-and-

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Bradford J. Sandler*
Bradford J. Sandler (DE Bar No. 4142)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400

-and-

**KELLEY DRYE & WARREN LLP**

*/s/ Rich Gage*
Jason R. Adams (admitted *pro hac vice*)
Eric R. Wilson (admitted *pro hac vice*)
Rich Gage (admitted *pro hac vice*)
William S. Gyves (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.:    (212) 808-7800

**Counsel for the Official Committee of Unsecured Creditors**

-and-

**REED SMITH LLP**

*/s/ Jason D. Angelo*
Kurt F. Gwyne (DE Bar No. 3951)
Jason D. Angelo (DE Bar No. 6009)
1201 North Market Street, Ste. 1500
Wilmington, DE 19801
Telephone:    (302) 778-7500
Facsimile:    (302) 778-7575

-and-

**MORGAN, LEWIS & BOCKIUS LLP**

*/s/ Nathaniel P. Bruhn*
Andrew J. Gallo (admitted *pro hac vice*)
Christopher L. Carter (admitted *pro hac vice*)
Nathanial P. Bruhn (admitted *pro hac vice*)
David K. Shim (admitted *pro hac vice*)
One Federal Street
Boston, MA 02110-1726
Telephone:    (617) 341-7700
Facsimile:    (617) 341-7701

**Counsel for Bank of America, N.A., as Prepetition ABL Agent**

-and-

**DLA PIPER LLP**

*/s/ Stuart M. Brown*
Stuart M. Brown (DE Bar No. 4050)
Matthew S. Sarna
1201 North Market Street, Ste. 2100
Wilmington, DE 19801
Telephone:    (302) 468-5700
Facsimile:    (302) 394-2341

-and-

**CHOATE, HALL & STEWART LLP**

*/s/ John F. Ventola*
John F. Ventola (admitted *pro hac vice*)
Jonathan D. Marshall (admitted *pro hac vice*)
M. Hampton Foushee (admitted *pro hac vice*)
Alexandra Thomas (admitted *pro hac vice*)
Two International Place
Boston, MA 02110
Telephone:    (617) 248-5000
Facsimile:    (617) 248-4000

**Counsel for 1903P Loan Agent, LLC, as Prepetition FILO Agent**

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*, | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

I, _____ state that:

1.  My address is _____.

2.  My present occupation or job description is _____.

3.  I have received a copy of the Confidentiality Stipulation and Protective Order (the "Stipulation") entered in the above-entitled action on _____.

4.  I have carefully read and understand the provisions of the Stipulation.

5.  I will comply with all provisions of the Stipulation.

6.  I will hold in confidence, will not disclose to anyone not qualified under the Stipulation, and will use only for purposes of this action, any Confidential or Highly Confidential Discovery Material that is disclosed to me.

7.  I will return or destroy all Confidential or Highly Confidential Discovery Material that comes into my possession, and documents or things that I have prepared relating thereto, to counsel for the party by whom I am employed or retained, or to counsel from whom I received the Confidential or Highly Confidential Discovery Material.

8.  I hereby submit to the jurisdiction of this court for the purpose of enforcement of the Stipulation in this action.

Dated: _____

Signed: _____