IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered) |
| JOANN INC., *et al.*,[1] |  |  |
| Debtors. |  |  |

**MOTION FOR AN ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST RELATED TO THE COMMITTEE'S PROFESSIONAL RETENTION APPLICATIONS**

The Official Committee of Unsecured Creditors (the "Committee") of the above-captioned Debtors under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), respectfully state the following in support of this motion (the "Motion to Seal").

**RELIEF REQUESTED**

By this Motion to Seal, the Committee seeks entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 105(a) and 107(b) of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to redact and file under seal the names of certain confidential parties in connection with the Debtors' third-party sale and marketing process (the "Confidential Parties"), included in the interested parties list attached to each of the Committee's retention

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

applications (the "Applications"). In support of the Motion to Seal, the Committee respectfully represents as follows:

## JURISDICTION AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. The Committee confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules, to the entry of a final order by the Court in connection with this Motion to Seal to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

## BACKGROUND

4. On January 15, 2025, (the "Petition Date"), the Debtors each filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

5. On January 28, 2025, the U.S. Trustee appointed the members to the Committee to represent the interests of all unsecured creditors in these cases pursuant to section 1102 of the Bankruptcy Code: (i) Low Tech Club LLC); (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC.; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S..; (vi) Advantus, Corp; (vii) Kimco Realty Corporation.; (viii) Simon Property Group, Inc., and (ix) Regency Centers, L.P.

6. The Committee selected Kelley Drye & Warren LLP and Pachulski Stang Ziehl & Jones LLP as co-counsel.

### RELIEF REQUESTED

7. The Committee will file several retention applications to retain certain professionals (the "Professionals"):

   a) Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorization the Employment of Kelley Drye & Warren LLP ("Kelley Drye") as Lead Counsel Effective as of January 30, 2025;

   b) Application of the Official Committee of Unsecured Creditors for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP ("PSZJ") as Co-Counsel to the Official Committee of Unsecured Creditors Effective as of January 31, 2025; and

   c) Application of the Official Committee of Unsecured Creditors for Authorization to Employ and Retain Province LLP ("Province") as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of January 30, 2025.

8. By this Motion to Seal, the Committee seeks entry of an order pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1: (i) authorizing the Committee to file its Professionals' Applications under seal, redacting the Confidential Parties listed on the interested parties list; and (ii) granting such other and further relief as requested herein or as the Court otherwise deems necessary or appropriate.

**BASIS FOR RELIEF REQUESTED**

9.  The Bankruptcy Code, Bankruptcy Rules, and Local Rules authorize the Court to limit the disclosure of certain confidential information to protect entities from potential harm. Section 107(b) of the Bankruptcy Code provides, in relevant part, as follows:

> On request of a party in interest, the bankruptcy court shall … (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information ….

11 U.S.C. § 107(b)(1). Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

10.  Bankruptcy Rule 9018 defines the procedures by which a party may move for relief under section 107(b) of the Bankruptcy Code:

> On motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information ….

Fed. R. Bankr. P. 9018.

11.  Further, Local Rule 9018-1(d) provides, in relevant part, that "any entity seeking to file a document … under seal must file a motion requesting such relief." Del. Bankr. L.R. 9018-1(d)(i).

12.  Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require an entity seeking such protection to demonstrate "good cause." *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) (holding that a license agreement authorizing a licensee "to reproduce, manufacture, distribute, and sell videocassettes" of three films contained confidential commercial information). Rather, if the material sought to

be protected satisfies one of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *Id.* at 27. Moreover, the resulting order should be broad, *i.e.*, "any order which justice requires." *In re Global Crossing, Ltd.*, 295 B.R. 720, 724 (Bankr. S.D.N.Y. 2003); Fed. R. Bankr. P. 9018. Courts are required to provide such protections "generally where open inspection may be used as a vehicle for improper purposes." *Orion Pictures*, 21 F.3d at 27. Indeed, the "authority goes not just to the protection of confidential documents, but to other confidentiality restrictions that are warranted in the interests of justice." *Global Crossing*, 295 B.R. at 724.

13. Courts have also found that such relief should be granted if the information sought to be protected is "commercial information," which is defined as "information which would result in 'an unfair advantage to competitors by providing them information as to the commercial operations of the debtor.'" *In re Alterra Healthcare Corp.*, 353 B.R. 66, 75 (Bankr. D. Del. 2006). However, commercial information does not have to rise to the level of a trade secret to be protected under section 107(b) of the Bankruptcy Code. *See Orion Pictures*, 21 F.3d at 28 (finding that section 107(b)(1) creates an exception to the general rule that court records are open to examination by the public and, under this exception, an interested party has to show only that the information it wishes to seal is "confidential and commercial" in nature).

14. The Applications include certain information that was designated by the Debtors as confidential and that is considered confidential commercial information. Accordingly, the Committee believes that the information contained in the Applications is information which the Debtors seek to protect and constitutes "commercial information" and should be subject to the protections of section 107(b) of the Bankruptcy Code.

**COMPLIANCE WITH LOCAL RULE 9018-1(d)**

15. The undersigned counsel hereby certifies, pursuant to Local Rule 9018-1(iv)(d), that it has conferred with the Debtors regarding this Motion to Seal and have reached agreement on the filing of the Applications under seal.

**NO PRIOR REQUEST**

16. No prior request for the relief sought in the Motion to Seal has been made to this or any other Court.

**NOTICE**

17. The Committee will provide notice of this Motion to: (a) the Office of the U.S. Trustee for the District of Delaware; and (b) counsel for the Debtors.

**CONCLUSION**

WHEREFORE, the Committee respectfully requests that this Court enter the proposed order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: February 28, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ James E. O'Neill*
    Bradford J. Sandler (DE Bar No. 4142)
    James E. O'Neill (DE Bar No. 4042)
    919 North Market Street, 17th Floor
    P.O. Box 8705
    Wilmington, DE 19801
    Telephone: (302) 652-4100
    Facsimile: (302) 652-4400
    Email: bsandler@pszjlaw.com
          joneill@pszjlaw.com

- and –

**KELLEY DRYE & WARREN LLP**
Jason R. Adams (admitted *pro hac vice*)
Eric R. Wilson (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Email:  jadams@kelleydrye.com
        ewilson@kelleydrye.com
        mmcloughlin@kelleydrye.com

*Proposed Co-Counsel to the Official Committee of Unsecured Creditors*