IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**Objection Deadline: March 14, 2025 at 4:00 p.m. (ET)**
**Hearing Date: April 3, 2025 at 1:00 p.m. (ET)**

**APPLICATION OF THE OFFICIAL COMMITTEE OF UNSECURED
CREDITORS FOR AUTHORIZATION TO EMPLOY AND RETAIN PACHULSKI
STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 31, 2025**

The Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") files this application (the "Application") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Order"), pursuant to sections 328(a) and 1103(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the Committee to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as co-counsel for the Committee, effective as of January 31, 2025. In support of the Application, the Committee relies on: (i) the *Declaration of Bradford J. Sandler in Support of Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

*of Unsecured Creditors Effective as of January 31, 2025*, attached hereto as **Exhibit B** (the "Sandler Declaration"); and (ii) the *Declaration of Committee Co-Chair Ronald M. Tucker in Support of Application for Authorization to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Committee Effective as of January 31, 2025*, attached hereto as **Exhibit C** (the "Committee Co-Chair Declaration"), all of which are submitted concurrently with this Application. In support of this Application, the Committee respectfully states as follows:

### Jurisdiction

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the Local Rules to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1.

### Background

4. On January 15, 2025 (the "Petition Date"), the Debtors commenced these cases by filing voluntary petitions for relief under chapter 11 of the Bankruptcy Code. The Debtors have continued in the possession of their property and have continued to operate and manage their

LA:4915-8241-9734.3 46699.00002

business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or examiner in these chapter 11 cases.

5. On January 28, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, which consists of the following members: (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus, Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P. The *Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 198] was filed on January 28, 2025.

6. On January 30, 2025, the Committee selected Kelley Drye & Warren LLP ("Kelley Drye") as its lead counsel and Province, Inc. ("Province") as its financial advisor. On January 31, 2025, the Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its co-counsel.

**Relief Requested**

7. By this Application, the Committee respectfully requests that the Court enter the Order, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1, authorizing the Committee to employ and retain PSZJ as its co-counsel in the Chapter 11 Cases. The Committee seeks to retain PSZJ effective as of January 31, 2025 because PSZJ began providing services to the Committee as of such date. PSZJ The Committee believes that retroactive approval of the Firm's retention is appropriate because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of the Chapter 11 Cases.

LA:4915-8241-9734.3 46699.00002

**PSZJ's Qualifications**

8.      The Committee seeks to retain PSZJ as co-counsel because of the Firm's extensive experience and knowledge in the field of debtors' and creditors' rights and business reorganizations under chapter 11 of the Bankruptcy Code. The Firm has approximately 75 attorneys with a practice concentrated on corporate reorganizations, bankruptcy, litigation, and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors' committees in complex chapter 11 cases in this District and others, including: *Franchise Group, Inc.; True Value Company, L.L.C., SunPower Corporation*; *Ambri, Inc.*; *Number Holdings, Inc.*; *Unconditional Love Inc.*; *AN Global, LLC*; *Big Village Group Holding LLC*; *Agway Farm & Home Supply, LLC*; *Alamo Drafthouse Cinemas Holdings, LLC*; *YouFit Health Clubs, LLC*; *Lucky Brand Dungarees, LLC*; *Art Van Furniture, LLC*; *CraftWorks Parent, LLC*; *Surgalign Holdings, Inc.*; *Cyxtera Communications, LLC*; *Bed Bath & Beyond Inc.*; and *Party City Holdco Inc.*, among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below.

9.      Subject to further order of the Court, the Firm is expected to render, among other services, the following services to the Committee:

      a.  Assisting, advising, and representing the Committee in its consultations with the Debtors regarding the administration of the Chapter 11 Cases;

      b.  Assisting, advising, and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' business and the Chapter 11 Cases;

    c.    Assisting, advising, and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens, and participating in and reviewing any proposed asset sales, asset dispositions, financing arrangements, and cash collateral stipulations or proceedings;

    d.    Assisting, advising, and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

    e.    Assisting, advising, and representing the Committee in investigating the acts, conduct, assets, liabilities, and financial condition of the Debtors, the Debtors' operations, and the desirability of the continuance of any portion of those operations, and any other matters relevant to the Chapter 11 Cases or to the formulation of a plan;

    f.    Assisting, advising, and representing the Committee in connection with any sale of the Debtors' assets;

    g.    Assisting, advising, and representing the Committee in its participation in the negotiation, formulation, or objection to any plan of liquidation or reorganization;

    h.    Assisting, advising, and representing the Committee in understanding its powers and duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

    i.    Assisting, advising, and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

    j.    Providing such other services to the Committee as may be necessary in the Chapter 11 Cases.

10. PSZJ will coordinate closely with KDW to minimize duplication of services provided to the Committee by each professional and to meet the scope of services that each firm is retained to provide.

### No Adverse Interest and Disclosure of Connections

11. The Committee believes that PSZJ does not hold or represent any interest that is adverse to the Committee and the Debtors' estates and does not hold or represent any interest

LA:4915-8241-9734.3 46699.00002

adverse to, and has no connection with, the Committee, the Debtors, their creditors, or any party in interest herein in the matters upon which PSZJ is to be retained, except as set forth in the Sandler Declaration and subject to PSZJ's ongoing conflicts review.

12. Except to the extent disclosed in the Sandler Declaration, neither PSZJ nor any of its attorneys has any connection with any party in interest, or their attorneys or accountants, in the Chapter 11 Cases.

13. The Committee submits that its proposed employment of PSZJ is in the best interests of the Committee and its members.

14. PSZJ represents many committees in other bankruptcy cases, the members of which (together with other creditors of these Chapter 11 Cases) may be creditors of the Debtors. However, PSZJ will not represent any members of those committees with respect to any claims that they may have, collectively or individually, against the Debtors.

15. Similarly, PSZJ may represent, or may have represented, debtors, creditors' committees, or trustees in cases or proceedings against creditors of the Debtors that are unrelated to these Chapter 11 Cases.

## Professional Compensation

16. Subject to Court approval in accordance with section 330(a) of the Bankruptcy Code and any applicable orders of this Court, compensation will be payable to PSZJ on an hourly basis at PSZJ's standard hourly rates pursuant to section 328(a) of the Bankruptcy Code, plus reimbursement of actual, necessary expenses and other charges incurred by PSZJ. The

current standard hourly rates for professionals and paralegals presently designated to represent the Committee are as follows:

| | |
|---|---|
| Partners | $1,150.00 to $2,350.00 |
| Of Counsel | $1,050.00 to $1,850.00 |
| Associates | $725.00 to $1,225.00 |
| Paraprofessionals | $595.00 to $650.00 |

17. The hourly rates set forth above are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein.

18. The hourly rates set forth above are PSZJ's standard hourly rates for work of this nature. These rates are set at a level designed to compensate PSZJ fairly for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses, and the rates are subject to periodic adjustments necessitated by market and other conditions. Beyond the rates listed above, it is PSZJ's policy to charge for all other expenses incurred in connection with its clients' cases. These expenses include, among other things, conference call charges, mail and express mail charges, special or hand delivery charges, document retrieval charges, photocopying charges, charges for mailing supplies (including, without limitation, envelopes and labels) provided by PSZJ to outside copying services for use in mass mailings, travel expenses, expenses for "working meals," computerized research, and transcription costs, as well as non-ordinary overhead expenses such as secretarial and other overtime. PSZJ will charge the Committee for these expenses in a manner and at rates consistent with those charged to other

PSZJ clients and the rules and requirements of this Court. PSZJ believes that it is fairer to charge these expenses to the clients incurring them than to increase its hourly rates and spread the expenses among all clients.

19. The Committee, subject to the provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of the Court, propose to pay PSZJ its customary hourly rates for services rendered that are in effect from time to time, as set forth above and in the Sandler Declaration, and to reimburse PSZJ according to its customary reimbursement policies, and the Committee submits that such rates are reasonable.

### Notice

20. The Committee will provide notice of this Application to: (a) U.S. Trustee; (b) counsel to the Debtors; and (c) all parties requesting service pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested herein, the Committee submits that no other or further notice is necessary.

### No Prior Request

21. No prior request for the relief sought in this Application has been made to this Court or any other court.

**WHEREFORE**, the Committee respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and granting such other and further relief as is just and proper.

Dated: February 26, 2025

                                              Respectfully submitted,

                                              THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF JOANN INC., *et al.*

                                              By: /s/ Ronald M. Tucker
Co-Chairperson of the Official Committee of Unsecured Creditors of JOANN Inc., *et al.*[1]

---

[1] Under the Bylaws of the Official Committee of Unsecured Creditors of JOANN Inc., *et al.*, Simon Property Group, Inc., as Co-Chairperson of the Committee, by and through its representative, has authority to sign documents on behalf of the Committee as appropriate to implement decisions of the Committee made in accordance with the Bylaws.