IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JOANN INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case Nos. 25-10068 (CTG), *et seq.*<br>(Jointly Administered)<br><br>Hearing Date: April 3, 2025, 1:00 PM<br>Objections Due By: March 17, 2025 |

**KATHLEEN NOWAK'S**
**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

Kathleen Nowak ("Movant"), by Movant's undersigned counsel, files this Motion for Relief from the Automatic Stay (the "Motion"), and in support hereof states as follows:

BACKGROUND

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. § 1409(a). The statutory basis for the relief requested in this motion is 11 U.S.C. § 362.

2. On January 15, 2025 (the "Petition Date"), JOANN, Inc. and certain affiliated debtors (the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code. These cases have been consolidated for procedural purposes only and are being administered jointly.

3. On or about December 31, 2024, Movant was involved in an accident occurring in the Debtors' store located in Sterling Heights, MI (the "Accident"). As a result of the Debtors' negligence, Movant suffered severe injury and damages.

4. Upon information and belief, some or all of Movant's claims against the Debtors arising from the Accident are covered by insurance.

5. Before Movant had a chance to bring a complaint in a court of competent jurisdiction against the Debtors, the Debtors filed their bankruptcy petitions, thus staying the commencement of any action.

## ARGUMENT

6. Section 362(d) of the Bankruptcy Code states, in pertinent part, as follows:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay–
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if–
> (A) the debtor does not have equity in such property; and
> (B) such property is not necessary to an effective reorganization….

7. Because the automatic stay is not meant to be indefinite or absolute, the Court has authority to grant relief from the stay in appropriate circumstances. *In re*

*Rexene Prods., Co.,* 141 B.R. 574, 576 (Bankr. D.Del. 1992). Section 362(d)(1) provides that the automatic stay may be lifted where "cause" exists. After a *prima facia* showing by a movant, the debtor has the burden of proving that a Movant is not entitled to relief from the stay. *Id.* at 577; 11 U.S.C. § 362(g).

8. "Cause" is not defined in the Bankruptcy Code and must be determined on a case-by-case basis. *IBM v. Fernstrom Storage & Van Co.*, 938 F.2d 731, 735 (7th Cir. 1991). Most courts employ an equitable balancing test to determine "cause." *Rexene Prods., Co.,* 141 B.R. at 576. According to the *Rexene Prods.* case, this balancing test requires the Court to determine whether:

   a. any great prejudice to either the bankruptcy estate or the debtor will result,

   b. the hardship to the movant by maintenance of the stay considerably outweighs the hardship to the debtor, and

   c. the movant has a probability of prevailing on the merits.

*Id.* at 576.

9. Cause exists in this case to grant Movant relief from the automatic stay to pursue Movant's claims against third parties, including but not limited to applicable insurance proceeds. First, there will be no prejudice to the Debtors or their bankruptcy estates. To the extent that Movant is seeking a recovery from third parties, such as applicable insurance, and is not attempting to execute directly on assets of the

Debtors' estates, the Debtors' assets will remain available for whatever disposition may ultimately be sought by the Debtors and/or ordered by the Court.

10. Further, the hardship that will be suffered by Movant far outweighs any potential hardship to the Debtors if Movant is not granted relief from the automatic stay. Movant suffered substantial injury and impairment as a result of the Debtors' prepetition conduct and negligence, as described above. Denying or delaying Movant access to available insurance proceeds and claims against other third parties would cause very severe hardship.

11. Regarding the third *Rexene* factor, Movant need only prove this prong with a showing that is "very slight." *Rexene Prods.*, 141 B.R. at 578. The facts described above establish sufficient probability to support a damages award in favor of Movant. In addition, this Court has broad jurisdiction to supervise the administration of claims, but claims arising from personal injury are expressly excluded. 28 U.S.C. § 157(b)(5). Therefore, the usual purpose of providing a "central forum to adjudicate claims against the Debtors," *see, e.g., 15375 Memorial Corp. v. Bepco, LP (In re 15375 Memorial Corp.),* 589 F.3d 605, 622 (3rd Cir. 2009), does not apply to Movant's claims.

12. When weighing the above factors, the Court should lift the automatic stay to permit Movant to prosecute Movant's claims against the Debtors and any other responsible individual or entity to judgment in a non-bankruptcy forum on account of

the above-described accident and satisfy any award or other resolution Movant may obtain against the Debtors' applicable insurance policies and any other individuals or entities that are responsible for the injuries sustained.

13. Service by mail upon the entire 2002 notice list in this case would be unduly burdensome and cost significant resources, as most parties on that list receive automatic notification of new docket entries contemporaneously with their filing. Therefore, Movant is causing copies of this Motion to be served by mail only upon counsel for the Debtors, proposed counsel for the Debtors, and counsel for the United States Trustee and intends to rely on CM/ECF service for the remaining interested parties.

14. Movant believes that the relief granted in connection with this Motion will be consensual and will have no meaningful effect on the administration of these cases and the Debtors' assets. Therefore, Movant respectfully submits that any order granting this Motion should be effective immediately upon its entry, notwithstanding the fourteen (14) day stay contemplated in Fed.R.Bankr.P. 4001(a)(3).

WHEREFORE, Movant requests that this Court enter an order, substantially in the form appended hereto, granting Movant relief from the automatic stay to prosecute litigation under applicable non-bankruptcy law against one or more of the above-captioned debtors for claims asserted in the Complaint, including but not limited to

pursuing available insurance proceeds; and granting Movant such further relief as this Court deems just and proper.

Dated:  February 28, 2025
         Wilmington, Delaware

Respectfully submitted,

HILLER LAW, LLC

 /s/ Adam Hiller
Adam Hiller (DE No. 4105)
300 Delaware Avenue, Suite 210, #227
Wilmington, Delaware 19801
(302) 442-7677 telephone
ahiller@adamhillerlaw.com

-and-

John J. Cibrario, Esquire
Law Offices Of John J. Cibrario
1150 Atlantic #556
Milford, Michigan 48381
(734) 721-1210 telephone
cibrario@prodigy.net

*Attorneys for Movant, Kathleen Nowak*