IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket Nos. 452 and 534** |

**ORDER AUTHORIZING THE DEBTORS TO FILE UNDER
SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST
RELATED TO THE DEBTORS' PROFESSIONAL RETENTION APPLICATIONS**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing the Debtors' Professionals to redact and file under seal the names of the Confidential Parties consistent with the Debtors' obligations under certain confidentiality agreements executed in connection with the Debtors' third-party marketing process, and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors, the official committee of unsecured creditors (the "Committee"), any other official committee are authorized, pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, to file the Retention Applications and any other documents with the names of the Confidential Parties under seal pursuant to section 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. The names and any identifiable information of the Confidential Parties shall remain confidential, shall remain under seal, and shall not be made available to anyone except that the Debtors are authorized to cause the unredacted versions of the Professional Declarations and any other documents related thereto to be served on and made available, on a confidential basis, to: (a) the Court; (b) the U.S. Trustee; and (c) the Committee, and, to the extent the names of any of the Confidential Parties become public knowledge, the Debtors will file subsequent supplemental declaration(s) disclosing the Professionals' connections to such publicly-known parties.

4. The Debtors, the Professionals, the Committee, and any party authorized to receive the unredacted versions of the Retention Applications shall be authorized and directed, subject to Local Rule 9018-1, to redact the Confidential Parties from any pleadings filed on the public docket maintained in these chapter 11 cases, including, without limitation, any affidavits of service.

5. Any party who receives the identities of the Confidential Parties in accordance with this Order shall not disclose or otherwise disseminate this information to any other person or entity.

6. The requirements set forth in Local Rule 9018-1 are satisfied by the contents of the Motion.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: March 4th, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE