**Exhibit 2**

**Blackline**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) |
|  | ) | **Re: Docket No.** [●]**427** |

**ORDER (I) AUTHORIZING THE DEBTORS TO
RETAIN AND COMPENSATE PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF BUSINESS AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to retain and compensate professionals utilized in the ordinary course of business and (b) granting related relief, all as more fully set forth in the Motion; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Debtors are authorized, but not directed, to retain and compensate the professionals identified on the OCP List (collectively, the "OCPs"), attached hereto as **Schedule 1** and **Schedule 2**, in the ordinary course of business pursuant to the following OCP Procedures:

   a. Within thirty days after the later of (i) the date of entry of this Order or (ii) the date on which an OCP commences work for the Debtors, such OCP shall file, or cause to be filed, a declaration of disinterestedness, substantially in the form attached hereto as **Exhibit 1** (each, a "Declaration of Disinterestedness"), with the Court and served upon: (a) the Debtors, 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) proposed co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the

Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); and (i) proposed counsel to the Official Committee of Unsecured Creditors, (i) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 1007, Attn: Jason Adams (jadams@kelleydrye.com)., Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware, 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com) (collectively, the "Notice Parties").

b.  The Notice Parties shall have fourteen days after the date of filing of each OCP's Declaration of Disinterestedness (the "Objection Deadline") to object to the retention of such OCP. The objecting party shall file any such objection and serve such objection upon the Notice Parties and the respective OCP on or before the Objection Deadline. If any such objection cannot be resolved within fourteen days of its receipt, the matter shall be scheduled for hearing before the Court at the next regularly scheduled omnibus hearing date that is no less than fourteen days from that date or on a date otherwise agreeable to the parties. The Debtors shall not be authorized to retain and compensate such OCP until all outstanding objections have been withdrawn, resolved, or overruled by order of the Court.

c.  If no objection is received from any of the Notice Parties by the Objection Deadline with respect to any particular OCP, the Debtors shall be authorized, but not directed, to: (i) retain such OCP as of the date such OCP commenced providing services to the Debtors and (ii) compensate such OCP as set forth below.

3

d.  The Debtors shall be authorized, but not directed, to pay, without formal application to the Court by any OCP, 100% of fees and disbursements to each of the OCPs retained by the Debtors pursuant to the OCP Procedures upon submission to the Debtors of an appropriate invoice setting forth in reasonable detail the nature of the services rendered after the Petition Date; *provided* that fees paid to each OCP set forth on **Schedule 1** attached hereto, excluding costs and disbursements, may not exceed $150,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 1 OCP Monthly Cap") and the fees of each OCP set forth in **Schedule 2** attached hereto, excluding costs and disbursements, may not exceed $35~~0~~,000 per month per OCP, calculated as an average over a rolling three-month period, while these chapter 11 cases are pending (the "Tier 2 OCP Monthly Cap"); *provided*, *further*, that the total amount disbursed per quarter, for each OCP set forth on **Schedule 1**, does not exceed $450,000 per OCP (the "Tier 1 OCP Quarterly Cap") and the total amount disbursed per quarter, for each OCP set forth on **Schedule 2**, does not exceed $1~~5~~05,000 per OCP (the "Tier 2 OCP Quarterly Cap," and together with the Tier 1 OCP Monthly Cap, Tier 1 OCP Quarterly Cap, and Tier 2 OCP Monthly Cap, the "OCP Caps"). The OCP Caps may be increased by mutual agreement between the Debtors, the U.S. Trustee, the Committee, counsel to the Prepetition ABL Agent, and counsel to the Prepetition FILO Agent; *provided* that the Debtors shall file a notice with the Court and submit notice to the Notice Parties of any such agreed increase.

e.  To the extent that fees payable to any OCP exceed the applicable OCP Cap, the OCP shall file a fee application (a "Fee Application") with the Court for the amount in excess of the applicable OCP Cap pursuant to sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the fee guidelines promulgated by the Office of the United States Trustee, and any applicable orders of the Court, unless the United States Trustee agrees otherwise. The U.S. Trustee reserves the right to request any OCP that regularly exceeds the applicable OCP Cap by greater than $15,000 be the subject of a retention application pursuant to section 327 of the Bankruptcy Code. Any such OCP that is an attorney will make a reasonable effort to comply with the U.S. Trustee's requests for information and disclosures as set forth in the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases (effective as of November 1, 2013)* in connection with such Fee Application and/or retention application.

f.  Beginning on the quarter ending March 31, 2025, and for each quarter thereafter during which these chapter 11 cases are pending, the Debtors shall, within thirty days thereof, file with the Court and serve on the Notice Parties a statement with respect to each OCP paid during the immediately preceding quarterly period (the "Quarterly Statement"). Each Quarterly Statement shall

      include: (i) the name of the OCP; (ii) the aggregate amounts paid as compensation for services rendered and reimbursement of expenses incurred by that OCP during the reported quarter; and (iii) a general description of the services rendered by that OCP.

    g. The Debtors reserve the right to retain additional OCPs from time to time during these chapter 11 cases by including such OCPs on an amended version of the OCP List that is filed with the Court and served on the Notice Parties and having such OCPs comply with the OCP Procedures

3. The Debtors are authorized, but not directed, to supplement the OCP List as necessary to add or remove OCPs, from time to time without the need for any further hearing and without the need to file individual retention applications for newly added OCPs, *provided* that the fees paid to any additional OCPs do not exceed the OCP Caps. The Debtors shall file any amended OCP List with this Court and serve such list on the Notice Parties. Each additional OCP listed in the OCP List shall file with this Court and serve a Declaration of Disinterestedness on the Notice Parties as provided in the OCP Procedures. If no objections are filed within fourteen days to any such additional OCP's Declaration of Disinterestedness, then retention of such OCPs shall be deemed approved by this Court pursuant to this Order without a hearing or further order.

4. Nothing contained herein shall affect the Debtors' or any ~~appropriate~~ party in interest's ability to dispute any invoice submitted by an OCP, and nothing contained herein shall preclude the Debtors from seeking authority to pay any OCP in an amount greater than the OCP Caps, subject to the rights of any party in interest to oppose any such request.

5. This Order shall not apply to any professional retained by the Debtors pursuant to a separate order of the Court.

6. Nothing contained in the Motion or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is

5

intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights against any person or entity under the Bankruptcy Code or any other applicable law.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a), and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**<u>Exhibit 1</u>**

**Form of Declaration of Disinterestedness**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) | (Jointly Administered) |
| | ) ) | **Re: Docket No.** [●]427 |

**DECLARATION
OF DISINTERESTEDNESS
OF [ENTITY] PURSUANT TO THE ORDER
AUTHORIZING THE DEBTORS TO RETAIN AND COMPENSATE
PROFESSIONALS UTILIZED IN THE ORDINARY COURSE OF BUSINESS**

I, [NAME], declare under penalty of perjury:

1. I am a [POSITION] of [ENTITY], located at [STREET, CITY, STATE, ZIP CODE] (the "Firm").

2. JOANN Inc. and certain of its affiliates, as debtors and debtors in possession (collectively, the "Debtors"), have requested that the Firm provide [SPECIFIC DESCRIPTION] services to the Debtors, and the Firm has consented to provide such services.

3. The Firm may have performed services in the past, may currently perform services, and may perform services in the future in matters unrelated to these chapter 11 cases for persons that are parties in interest in the Debtors' chapter 11 cases. The Firm does not, however, and shall not, perform services for any such person relating to these chapter 11 cases, or have any

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

relationship with any such person, their attorneys, or their accountants that would be adverse to the Debtors or their estates.

4. As part of its customary practice, the Firm is retained in cases, proceedings, and transactions involving many different parties, some of whom may represent or be employed by the Debtors, claimants, and parties in interest in these chapter 11 cases.

5. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any other person other than the principal and regular employees of the Firm.

6. Neither I nor any principal, partner, director, or officer of, or professional employed by, the Firm, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Firm is to be employed.

7. [The Debtors owe the Firm $[●] for prepetition services, the payment of which is subject to the limitations contained in title 11 of the United States Code, 11 U.S.C. §§ 101–1532. The Firm has waived, or will waive, any prepetition claims against the Debtors' estates.]

8. [As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm was retained to provide professional services to the Debtors. // The Firm was retained on [●].]

9. As of the Petition Date, which was the date on which the Debtors commenced these chapter 11 cases, the Firm [was/was not] party to an agreement for indemnification with certain of the Debtors. [A copy of such agreement is attached as **Exhibit 1** to this Declaration.]

10. Pursuant to Federal Rule of Bankruptcy Procedure 2014(a), I obtained a list of interested parties (the "Interested Parties List") attached hereto as **Exhibit [__]** from counsel to the Debtors which includes the Debtors, their creditors, other parties in interest, and certain professionals employed in the Chapter 11 Cases (the "Interested Parties") and undertook a search for any connections between the Firm and the Interested Parties. [IF CONNECTIONS: The Firm's review of such Interested Parties identified connections with the following Interested Parties, including current and prior representations: _____ [INSERT DESCRIPTION]]. [IF NO CONNECTIONS:  The Firm's review of such Interested Parties did not identify connections with any Interested Parties, including current and prior representations.

11. The Firm [DID/DID NOT] receive a prepetition retainer.  [IF FIRM DID RECEIVE PREPETITION RETAINER] The balance of the prepetition retainer is $[●].

12. ~~10.~~ The Firm is conducting further inquiries regarding its retention by any creditors of the Debtors, and upon conclusion of that inquiry, or at any time during the period of its employment, if the Firm should discover any facts bearing on the matters described herein, the Firm will supplement the information contained in this Declaration.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Date: _____, 2025

                                                     _____
                                                     **[DECLARANT'S NAME]**

**Schedule 1**

**Tier 1 OCP List**

| Name | Address | Service |
|---|---|---|
| Deloitte & Touche LLP | 127 Public Square Suite 3300 Cleveland, OH 4413 | Technical Account/Internal Control Consulting |
| Ernst & Young LLP | 950 Main Avenue, Suite 1800 Cleveland, OH 44113 | External Auditor |
| Jones Day | 901 Lakeside Avenue Cleveland, Ohio 44114 | Legal Services (General Corporate, M&A) |

**Schedule 2**

**Tier 2 OCP List**

| Name | Address | Service |
|---|---|---|
| Adams and Reese LLP | 100 N. Tampa Street, Suite 4000 Tampa, FL 33602 | Legal Services (Regional General Litigation) |
| Beveridge & Diamond, PC | 456 Montgomery Street, Suite 1800 San Francisco, CA 94104 | Legal Services (Compliance Counsel) |
| Bowman and Brooke LLP | 970 West 190th Street, Suite 700 Torrance, CA 90502 | Legal Services (Regional General Litigation) |
| Dickinson Wright PLLC | 1626 Wazee St., Suite 200 Denver, CO 80202 | Legal Services (Regional Real Estate Litigation) |
| ~~DLA Piper LLP~~ | ~~555 Mission St., Suite 2400 San Francisco, CA 94105~~ | ~~Legal Services (Regional Real Estate Litigation)~~ |
| Hahn Loeser & Parks LLP | 00 Public Square, Suite 2800 Cleveland, OH 44114 | Legal Services (Intellectual Property) |
| Harter Secrest & Emery LLP | 50 Fountain Plaza, Suite 1000 Buffalo, NY 14202-2293 | Legal Services (Labor and Employment) |
| Husch Blackwell LLP | 511 North Broadway, Suite 1100 Milwaukee, WI 53202-5502 | Legal Services (Regional General Litigation) |
| Jackson Lewis PC | Park Center Plaza I, Suite 400 6100 Oak Tree Blvd. Cleveland, OH 44131 | Legal Services (Labor and Employment) |
| Kastner, Westman & Wilkins LLC | 3550 West Market Street, Suite 100 Akron, Ohio 44333 | Legal Services (Labor and Employment) |
| Keller Rohrbach LLP | 1201 Third Avenue, Ste. 3200 Seattle, WA, 98101 | Legal Services (Regional General Litigation) |
| Krugliak, Wilkins, Griffths & Doughtery Co., LPA | 4775 Munson St., NW Canton, OH 44718 | Legal Services (Real Estate) |
| Lavin, Cedrone, Graver, Boyd & DiSipio | 190 N Independence Mall W, Suite 500 Philadelphia, PA 19106 | Legal Services (Regional General Litigation) |
| Littler Mendelson PC | 501 W. Broadway, Suite 900 San Diego, CA 92101-3577 | Legal Services (Labor and Employment) |
| Ogletree, Deakins, Nash, Smoak & Stewart, P.C. | 127 Public Square, Suite 4100 Cleveland, OH 44114 | Legal Services (Labor and Employment) |

| Name | Address | Service |
|---|---|---|
| Roetzel & Andress LPA | 222 S. Main St., Suite 400 Akron, OH 44308 | Legal Services (Regional General Litigation) |
| Siegel Jennings, Co., L.P.A | 23425 Commerce Park Rd UNIT 103, Cleveland, OH 44122 | Legal Services (Real Estate) |
| Wilson Elser Moskowitz Edelman & Dicker LLP | Bank of America Plaza - 901 Main Street, Suite 4800, Dallas, TX 75202 | Legal Services (Regional General Litigation) |
| Wolfsdorf Rosenthal LLP | 1416 2nd Street Santa Monica, CA 90401 | Legal Services (Immigration) |
| Wright, Lindsey & Jennings LLP | 200 West Capitol Avenue, Suite 2300 Little Rock, AR 72201 | Legal Services (Regional Real Estate Litigation) |
| Squire Patton Boggs (US) LLP | 2550 M Street, NW, Washington, DC 20037 | Legal Services (Trade and Litigation Counsel) |
| Bird & Bird LLP | 535 Mission Street, 14th Floor, San Francisco, CA 94105 | Legal Services (Labor and Employment) |
| Frejka PLLC | 205 E 42nd Street, 20th Floor, New York, NY 10017 | Legal Services (Privacy) |