**Exhibit 1**

**Revised Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 421 & 454** |

**ORDER (I) AUTHORIZING
THE EMPLOYMENT AND RETENTION OF
CENTERVIEW PARTNERS LLC AS INVESTMENT
BANKER TO THE DEBTORS AND DEBTORS IN POSSESION
EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING THE
TERMS OF THE ENGAGEMENT LETTER, (III) MODIFYING CERTAIN
TIMEKEEPING REQUIREMENTS, AND (IV) GRANTING RELATED RELIEF**

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) authorizing the Debtors to retain and employ Centerview Partners LLC ("Centerview") as investment banker to the Debtors, effective as of the Petition Date, under sections 327 and 328(a) of the Bankruptcy Code, (b) approving the terms and conditions of the Engagement Letter as set forth herein, (c) modifying certain timekeeping requirements of Bankruptcy Rule 2016(a), Local Rule 2016-2, and the U.S. Trustee Guidelines, and (d) granting related relief, all as more fully set forth in the Application; and upon the First Day Declaration and the Kielty Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth in this Order and the provisions set forth in the Engagement Letter (and all attachments thereto, including the Indemnification Agreement) are hereby approved, to the extent provided herein and except as otherwise expressly modified herein to the contrary.

2. In accordance with sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1, the Debtors are authorized to employ and retain Centerview as their investment banker in these chapter 11 cases in accordance with the terms and conditions set forth in the Engagement Letter, as modified herein, to pay fees and

reimburse expenses, and to provide indemnification, contribution, and/or reimbursement to Centerview on the terms and at the times specified in the Engagement Letter, as modified herein, effective as of the Petition Date.

3. The Engagement Letter, including, without limitation, the Indemnification Agreement, is incorporated herein by reference and approved in all respects except as otherwise set forth herein.

4. Centerview shall be compensated for fees and reimbursed for reasonable and documented out-of-pocket expenses by the Debtors in accordance with the terms of the Engagement Letter, as modified herein, and all fees and out-of-pocket expense reimbursements to be paid to Centerview, including without limitation the Monthly Advisory Fees, Transaction Fee, and DIP Financing Fee, shall be subject to Section 328(a) of the Bankruptcy Code, except as set forth herein.

5. Notwithstanding anything to the contrary contained in the Application or the Engagement Letter, no amounts shall be paid to Centerview absent an order of this Court approving an interim or final fee application seeking approval of the payment of its fees and expenses pursuant to the procedures set forth in sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and any other applicable procedures and orders of this Court, except that the Debtors are authorized to pay the Monthly Advisory Fee to Centerview each month when required under the Engagement Letter without a prior fee application.

6. Notwithstanding anything to the contrary contained herein or in the Application and/or Engagement Letter, Centerview shall file interim and final fee applications for allowance of compensation and reimbursement of out-of-pocket expenses pursuant to Bankruptcy Code sections 330 and 331, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines and any

other procedures or orders of the Court; *provided, however*, the U.S. Trustee retains all rights to respond or object to Centerview's interim and final applications for compensation (including, without limitation, the Monthly Advisory Fees, Transaction Fee, and DIP Financing Fee) and reimbursement of out-of-pocket expenses pursuant to section 330 of the Bankruptcy Code, and the Court retains jurisdiction to consider the U.S. Trustee's response or objection to Centerview's interim and final fee applications pursuant to section 330 of the Bankruptcy Code. This Order and the record relating to the Court's consideration of the Application shall not prejudice or otherwise affect the rights of the U.S. Trustee to challenge the reasonableness of Centerview's fees under the standard set forth in the preceding sentence. Accordingly, nothing in this Order or the record shall constitute a finding of fact or conclusion of law binding the U.S. Trustee, on appeal or otherwise, with respect to the reasonableness of Centerview's fees.

7. Notwithstanding anything to the contrary in the Application, the Engagement Letter, this Order, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines or any other procedures or orders of the Court regarding submission and approval of fee applications, Centerview shall be excused from: (a) the requirement to maintain or provide detailed time records for services rendered postpetition in accordance with Bankruptcy Rule 2016(a) and Local Rule 2016-2, and (b) providing or conforming to any schedule of hourly rates. Instead, notwithstanding that Centerview does not charge for its services on an hourly basis, Centerview's restructuring professionals, with the exception of clerical and administrative staff (who, for the avoidance of doubt, shall not be required to keep any time records), will maintain time records in half-hour (0.5) increments, setting forth, in summary format, a description of the services rendered and the professional rendering such services on behalf of the Debtors.

8. In the event that Centerview seeks reimbursement from the Debtors for any attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Centerview's own applications, both interim and final, and these invoices and time records shall be subject to the approval of the Court pursuant to sections 330 and 331 of the Bankruptcy Code without regard to whether such attorneys have been retained under section 327 of the Bankruptcy Code, and without regard to whether such attorneys' services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Attorneys' fees and/or expenses reimbursed under the Engagement Letter shall be limited to those expended in representing Centerview in retention and fee application matters. For the avoidance of doubt, the preceding sentence does not apply to, and in no way limits, the provisions with respect to reimbursement of attorney's fees and/or expenses set forth in <u>Annex A</u> to the Engagement Letter with respect to indemnification. Notwithstanding anything in this Order, the Application or the Engagement Letter to the contrary, Centerview shall not seek reimbursement of any fees incurred defending any of Centerview's fee applications in these cases.

9. The indemnification, contribution, and reimbursement provisions included in <u>Annex A</u> to the Engagement Letter are approved, subject during the pendency of these cases to the following modifications:

    a. the Indemnified Persons shall not be indemnified for any claim arising from services, unless such services and the indemnification, contribution, or reimbursement therefor are approved by this Court;

    b. notwithstanding any provision of the Engagement Letter to the contrary, the Debtors shall have no obligation to indemnify any Indemnified Person, or provide contribution or reimbursement to any Indemnified Person, for any claim or expense that is either: (i) judicially determined (the determination having become final and no longer subject to appeal) to have arisen directly from the Indemnified Person's gross negligence, willful misconduct, bad faith, or fraud; (ii) for a contractual dispute in which the Debtors allege breach of Centerview's contractual obligations under the Engagement Letter, unless the Court

5

> determines that indemnification, contribution, or reimbursement would be permissible pursuant to *In re United Artists Theatre Co.,* 315 F.3d 217 (3d Cir. 2003); or (iii) settled prior to a judicial determination as to the exclusions set forth in the foregoing clauses (i) and (ii), but determined by this Court, after notice and a hearing, to be a claim or expense for which such Indemnified Person should not receive indemnification, contribution, or reimbursement under the terms of the Engagement Letter, as modified by this Order;
>
> c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these chapter 11 cases (that order having become a final order no longer subject to appeal) and (ii) the entry of an order closing these chapter 11 cases, any Indemnified Person believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution, or reimbursement obligations under the Engagement Letter and the Indemnification Agreement (as modified by this Order), including, without limitation, the advancement of defense costs, such Indemnified Person must file an application before this Court and the Debtors may not pay any such amounts before the entry of an order by this Court approving the payment; *provided, however*, that for the avoidance of doubt, this subparagraph (c) is intended only to specify the period of time under which this Court shall have jurisdiction over any request for fees and expenses for indemnification, contribution, or reimbursement and not a provision limiting the duration of the Debtors' obligation to indemnify any Indemnified Person. All parties in interest shall retain the right to object to any demand by any Indemnified Person for indemnification, contribution and/or reimbursement.

10. Any limitation of liability pursuant to the terms and conditions set forth in the Application, the Engagement Letter or any ancillary documents thereto shall not apply as to any losses, claims, damages or liabilities for which Centerview would not be entitled to indemnification under the provisions of this Order. Notwithstanding anything to the contrary in the Application, the Engagement Letter or the Indemnification Agreement, the contribution obligations of Centerview shall not be limited to the aggregate amount of fees actually received by Centerview pursuant to the Engagement Letter during the pendency of these chapter 11 cases.

11. Notwithstanding anything to the contrary in the Application, the Engagement Letter or the Kielty Declaration, during the course of the chapter 11 cases, Centerview shall have whatever fiduciary duty to the Debtors is imposed upon it by applicable law.

6

12. Centerview shall use its reasonable efforts to avoid any duplication of services provided by any of the Debtors' other retained professionals in these chapter 11 cases.

13. None of the fees payable to Centerview under the Engagement Letter shall constitute a "bonus" or fee enhancement under applicable law.

14. Such services other than set forth in the Application that the Debtors may request that Centerview provide during the course of these chapter 11 cases, and as agreed to by Centerview, shall be subject to separate application and order of this Court.

15. Centerview will review its files against any updated list of Potential Parties-in-Interest (as defined in the Kielty Declaration) received from the Debtors from time to time during the pendency of these chapter 11 cases pursuant to the procedures described in the Kielty Declaration. To the extent any new material facts or relationships are discovered or arise in the course of such review, Centerview will use reasonable efforts to promptly make additional disclosure to this Court as required by Bankruptcy Rule 2014(a).

16. The Debtors and Centerview are authorized and empowered to take all actions necessary to implement the relief granted in this Order in accordance with the Application.

17. Notice of the Application as provided therein shall be deemed good and sufficient notice of such Application and the requirements of the Local Bankruptcy Rules are satisfied by such notice.

18. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

19. Notwithstanding any provision to the contrary in the Application or the Engagement Letter, this Court shall retain jurisdiction with respect to all matters arising from or related to the Application, the Engagement Letter and the implementation of this Order.

20. To the extent that there may be any inconsistency between the terms of the Application, the Kielty Declaration, the Engagement Letter, and this Order, the terms of this Order shall govern.