**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | Obj. Deadline: March 28, 2025 @ 4:00 pm (ET) |
| | Hearing Date: April 3, 2025 @ 1:00 pm (ET) |

**MOTION OF CI WARNER ROBBINS, LLC TO COMPEL IMMEDIATE PAYMENT OF STUB RENT AND POST-PETITION RENT AND OBLIGATIONS PURSUANT TO 11 U.S.C. §§ 365(d)(3) AND 503(b)(1)(A)**

CI Warner Robbins, LLC ("CI Warner Robbins"), by and through its undersigned counsel, hereby files this *Motion of CI Warner Robbins, LLC to Compel Immediate Payment of Stub Rent and Post-Petition Rent and Obligations Pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A)* (the "Motion") seeking an order substantially in the form attached hereto as **Exhibit A**, compelling immediate payment of Stub Rent for in accordance with 11 U.S.C. §§ 365(d)(3) and 503(b)(1), and in support thereof respectfully represents as follows:

**JURISDICTION**

1.  This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion presents a core proceeding under 28 U.S.C. § 157(b)(2).

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

2.  The statutory predicates for the relief requested in this Motion are 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1).

## SUMMARY OF ARGUMENT

3.  Section 365(d)(3) of the Bankruptcy Code requires a debtor-in-possession to pay timely all post-petition rent and related charges until an unexpired lease is rejected. See 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(l) of this title").

4.  Further, as this Court explained in *In re Sportsman's Warehouse, Inc.*, the "debtor's use and occupancy of leased premises post-petition is an actual and necessary expense of preserving the estate" giving rise to an administrative expense under section 503(b) of the Bankruptcy Code to the extent of "the actual value or benefit the debtor is receiving." 436 B.R. 308, 315 (Bankr. D. Del. 2009). The rent payable to a landlord is "presumed to be the contract rate of rent" and the landlord is also entitled to real-estate taxes, payable as administrative expenses. *In re Goody's Family Clothing, Inc.*, 443 B.R. 5, 20 (Bankr. D. Del. 2010); *see also In re Goody's Family Clothing, Inc.*, 610 F.3d 812, 818 (3d Cir. 2010 ("When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority.").

## BACKGROUND FACTS AND RELIEF REQUESTED

5.  CI Warner Robbins leases the premises located at 2945 Watson Blvd., Warner Robins, GA (the "Premises") to Jo-Ann Stores, LLC, one of the above-captioned debtors and debtors-in-possession (the "Debtor") pursuant to a lease dated August 5, 2016 (the "Lease"). The Debtor has

6

operated, and continues to operate, a store at the Premises. The Lease has not been assumed or rejected, and the Debtor remains in possession of the Premises and continues to enjoy its full use and occupation.

6. Following the filing of the Debtor's chapter 11 case on January 15, 2025 (the "Petition Date"), the Debtor did not pay post-petition rent for January, 2024. For the period of January 15 through January 31, 2025, CI Warner Robbins is entitled to no less than $6,296.92 (the "Stub-Rent Amount").

7. The Court should enter an order compelling immediate payment by Debtor to CI Warner Robbins of the Stub Rent Amount pursuant to 11 U.S.C. §§ 105(a), 365(d)(3), and 503(b)(1)(A).

**ARGUMENT**

8. Allowance and payment of an administrative expense claim under section 503(b) is appropriate as the Debtor's use and occupancy of the property is a necessary expense of preserving the estate. The Debtor's use and occupancy of the property after the Petition Date is manifest. Since the Petition Date, the Debtor has continued to use and occupy the premises to the exclusion of CI Warner Robbins. Moreover, as the U.S. Court of Appeals for the Third Circuit has indicated: "The mere fact that the Debtors are occupying the Landlords' premises is sufficient, in and of itself, to establish that payment for that use and occupancy is an actual, necessary expense of preserving the Debtors' estates under section 503(b)(1)." *Zagata Fabricators, Inc. v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990). Accordingly, CI Warner Robbins is entitled to be paid the Stub Rent Amount, in the amount of $6,296.92 as an administrative expense claim pursuant to 11 U.S.C. §503(b)(1).

17102456/2

9. Moreover, CI Warner Robbins requests an order compelling the Debtor to timely pay all future obligations arising under the Lease as and when they come due.

10. Nothing in the Bankruptcy Code suggests that the Debtor can pick and choose among its administrative expenses, paying some (like attorneys' fees) in full and others (like stub rent payable to landlords) in part, or not at all.

11. In addition, CI Warner Robbins is entitled to adequate protection under 11 U.S.C. §§ 361 and 363(e) due to the Debtor's continuing use of the Premise.

12. CI Warner Robbins joins in the arguments of other landlords also seeking to compel immediate payment of post-petition stub-rent to the extent not inconsistent herewith.

13. CI Warner Robbins requests that the Court direct the Debtor to make immediate payment of stub rent to CI Warner Robbins for the month of January, 2025. Failing that, the Court should prohibit the Debtor from paying any administrative expenses incurred by or with respect to any person, including the Debtor's professionals, unless the Debtor can adequately assure the Court that they are not, and will not become, administratively insolvent.

## RESERVATION OF RIGHTS

14. CI Warner Robbins reserves its right to further amend, modify, or supplement this Motion, including, without limitation, adding any obligations that accrue, arise, or are related to the pre- assumption period that subsequently become known to CI Warner Robbins or that become defaulted with the passage of time. CI Warner Robbins further reserves its rights to raise any additional objections to assumption of the Lease, including the ability of any proposed assignee to perform and to provide the necessary adequate assurance information. CI Warner Robbins expressly reserves all rights and remedies at law or in equity against the

6

6

Debtor and nothing contained herein is intended to or should be construed to limit CI Warner Robbins's rights, remedies, or interests with respect to the Lease.

WHEREFORE, CI Warner Robbins respectfully requests that the Court grant this Motion and enter the attached Order and grant such other and further relief that the Court deems just and proper.

| | |
|---|---|
| Dated: March 14, 2025 | **GELLERT SEITZ BUSENKELL & BROWN LLC** |
| | <u>*/s/ Michael G. Busenkell*</u><br>Michael G. Busenkell (DE Bar No. 3933)<br>1201 North Orange Street, Suite 300<br>Wilmington, Delaware 19801<br>Telephone: (302) 425-5800<br>E-mail: mbusenkell@gsbblaw.com |
| | *Counsel to CI Warner Robbins, LLC* |