## Exhibit B

## Redline of Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>                           Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered) |

**ORDER AUTHORIZING THE**
**EMPLOYMENT OF KELLEY DRYE & WARREN LLP**
**AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF**
**UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 30, 2025**

Upon the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") in the above-captioned chapter 11 cases for entry of an order authorizing the Committee to employ Kelley Drye & Warren LLP ("Kelley Drye") as lead counsel effective as of January 30, 2025, the date the Committee decided to employ Kelley Drye, pursuant to sections ~~327,~~ 328(a)~~,~~ and 1103 the Bankruptcy Code; and upon the Adams Declaration attached to the Application as Exhibit B; and upon the Tucker Declaration attached to the Application as Exhibit C; and the Court having jurisdiction pursuant to sections 157 and 1334 of the Bankruptcy Code to consider the Application and the relief requested therein; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b), and that the Court may enter a final order consistent with Article III of the United States Constitution; and

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

venue being proper in this Court pursuant to sections 1408 and 1409 of title 28 of the United States Code; and the Court being satisfied that notice of the Application and the opportunity for a hearing on the Application were appropriate under the circumstances and no further or other notice need be given; and the Court being satisfied, based on the representations made in the Application, the Adams Declaration, and the Tucker Declaration that Kelley Drye does not represent or hold any interest adverse to the Debtors or their estates as to the matters upon which Kelley Drye has been and is to be employed, and that Kelley Drye is a "disinterested person" as such term is defined in section 101(14) of the Bankruptcy Code; and that while employed by the Committee, Kelley Drye will not represent any other person or entity having an adverse interest in connection with these chapter 11 cases; and this Court having determined that the legal and factual bases set forth in the Application, the Adams Declaration and the Tucker Declaration establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Application is approved as set forth herein.

2. Pursuant to sections ~~327,~~ 328~~,~~ and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014 and Del. Bankr. L.R. 2014-1, the Committee is authorized to employ Kelley Drye as its bankruptcy counsel effective as of January 30, 2025.

3. Kelley Drye shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtors' chapter 11 cases in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Delaware Local Rules and any other applicable procedures and orders of the Court. Kelley Drye also intends to make a reasonable effort to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in

2
`

the Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013, both in connection with the Application and the interim and final fee applications to be filed by Kelley Drye in these chapter 11 cases.

4. Notwithstanding anything to the contrary in the Application, Kelley Drye shall not seek reimbursement of any fees or costs arising from the defense of any of Kelley Drye's monthly fee statements or fee applications in these chapter 11 cases.

5. Notwithstanding anything in the Application to the contrary, Kelley Drye shall (i) to the extent that Kelley Drye uses the services of independent contractors (collectively, the "Contractors") in these chapter 11 cases, pass-through the cost of such Contractors at the same rate that Kelley Drye pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Kelley Drye; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

6. Kelley Drye shall provide ten (10) business days' notice to the Committee, the Debtors and the U.S. Trustee before any increases in the rates set forth in the Application are implemented and shall file such notice with the Court. The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

7. To avoid any duplication of effort and to provide services to the Committee in the most efficient and cost-effective manner, Kelley Drye shall coordinate with the other Committee professionals regarding their respective responsibilities in these chapter 11

cases. As such, Kelley Drye shall use its reasonable efforts to avoid duplication of services provided by any of the Committee's other retained professionals.

8. The Committee and Kelley Drye are authorized to take all actions they deem necessary and appropriate to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

`