**<u>EXHIBIT A</u>**

**Revised Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket Nos. 527, 531 & 596** |

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF PACHULSKI STANG ZIEHL & JONES LLP AS CO-COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS EFFECTIVE AS OF JANUARY 31, 2025

Upon consideration of the application (the "Application")[2] of the Official Committee of Unsecured Creditors (the "Committee") seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm") as co-counsel to the Committee, effective as of January 31, 2025; and upon the Sandler Declaration and the Committee Co-Chair Declaration, which were submitted concurrently with the Application; and upon the Supplemental Sandler Declaration, filed on March 19, 2025, and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and that the Court may enter a final order consistent with Article III of the United States Constitution; and the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] A capitalized terms used but not defined herein shall have the meaning ascribed to it in the Application.

Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the Committee's notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and the Court having reviewed the Application; and after due deliberation and good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1.      The Application is GRANTED as set forth herein.

2.      The Committee is hereby authorized to employ and retain PSZJ as co-counsel to the Committee, pursuant to sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-01, effective as of January 31, 2025.

3.      PSZJ shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Chapter 11 Cases in compliance with sections 330 and 331 of the Bankruptcy Code and applicable provisions of the Bankruptcy Rules, Local Rules, and any other applicable procedures and orders of the Court.

4.      PSZJ shall provide ten (10) business days' notice to the Debtors, the U.S. Trustee, and the Committee before any increases in the rates set forth in the Application are implemented, and PSZJ shall file such notice with the Court; *provided, however,* that in the event that the PSZJ attorneys responsible for this matter do not have sufficient advance notice of such rate increases, PSZJ shall provide notice to the Debtors, the U.S. Trustee, and the Committee as soon as practicable after the information regarding rate increases becomes available to the PSZJ attorneys responsible for this matter.  The U.S. Trustee retains all rights to object to any rate increase on all grounds, including the reasonableness standard set forth in section 330 of the

Bankruptcy Code, and the Court retains the right to review any rate increase pursuant to section 330 of the Bankruptcy Code.

5.      To the extent that there may be any inconsistency between the terms of the Application, the Sandler Declaration, the Committee Co-Chair Declaration, and this Order, the terms of this Order shall govern.

6.      Notwithstanding anything in the Application to the contrary, PSZJ shall: (i) to the extent that PSZJ uses the services of contract attorneys, independent contractors, or subcontractors (collectively, the "Contractors") in these Chapter 11 Cases, pass through the cost of such Contractors at the same rate that PSZJ pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as are required for PSZJ; and (iv) file with the Court such disclosures as are required by Bankruptcy Rule 2014.

7.      The Committee and PSZJ are authorized to take all actions necessary to implement the relief granted in this Order.

8.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.