**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br>             Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Obj. Deadline: April 10, 2025 at 4:00pm (ET)** |

**SUMMARY OF FIRST MONTHLY APPLICATION OF CENTERVIEW PARTNERS LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE PERIOD FROM JANUARY 15, 2025 THROUGH FEBRUARY 28, 2025**

| | |
|---|---|
| Name of Applicant: | Centerview Partners LLC |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | March 4, 2025 *nunc pro tunc* to January 15, 2025 |
| Period for which compensation and reimbursement is sought: | January 15, 2025 through February 28, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $175,000.00[2] |
| Amount of Compensation Requested Immediately: | $140,000.00 (80% of $175,000.00 Monthly Advisory Fee) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $3,551.98 |

This is an:  X  monthly _____ interim final application

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Represents Monthly Advisory Fee due February 9, 2025 in the amount of $175,000.00.

**TIME RECORD SUMMARY BY PROFESSIONAL**
**JANUARY 15, 2025 THROUGH FEBRUARY 28, 2025**

| Name of Professional | Title | Hours |
|---|---|---|
| Karn Chopra | Partner | 109.5 |
| Ryan Kielty | Partner | 180.0 |
| Daniel Bendetson | Principal | 224.5 |
| Callan Heidkamp | Associate | 216.5 |
| Matthew Current | Analyst | 173.0 |
| **Total** | | **903.5** |

**TIME RECORD SUMMARY BY CATEGORY**
**JANUARY 15, 2025 THROUGH FEBRUARY 28, 2025**

| Category | Total Hours |
|---|---|
| Travel | 27.0 |
| CVP Internal Coordination | 53.5 |
| Preparation of Analysis / Materials | 81.0 |
| Sale Process | 474.5 |
| Coordination with Debtor / Debtor Professionals | 180.5 |
| Coordination with Stakeholders and Non-Debtor Professionals[1] | 35.0 |
| Chapter 11 Court Process | 52.0 |
| **Total** | **903.5** |

---

[1] Includes Ad Hoc Group of Term Loan Lenders and their advisors, advisors to the Unsecured Creditors Committee and ABL/FILO Lenders and their advisors.

**EXPENSE SUMMARY**
**JANUARY 15, 2025 THROUGH FEBRUARY 28, 2025**

| Category | Total |
|---|---|
| Computer/Phone[1] | $250.00 |
| Train/Airfare | $2,126.56 |
| Hotel | $569.01 |
| Taxi/Car | $1,942.68 |
| OT Meals | $679.77 |
| **Total Expenses** | **$5,568.02** |
| *Less: Total Write-offs*[2] | *($2,016.04)* |
| **Total Expenses Billed** | **$3,551.98** |

---

[1] Includes expenses incurred by Centerview to comply with discover requests by counsel to the Ad Hoc Group of Term Loan Lenders.
[2] Centerview proactively wrote-off certain expenses, including the value of OT Meals exceeding $20 and certain Taxis/Cars and Train/Airfare expenses.

**IN THE UNITED STATES BANKRUPTCY COURT,**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br>　　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Obj. Deadline: April 10, 2025 at 4:00pm (ET)** |

**MONTHLY APPLICATION OF CENTERVIEW PARTNERS LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR JANUARY 15, 2025 THROUGH FEBRUARY 28, 2025**

Pursuant to sections 328(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief*, dated March 4, 2025 [Docket No. 552] (the "Interim Compensation Order"), Centerview Partners LLC ("Centerview") submits its first monthly application (the "Application") for: (a) compensation for professional services rendered as investment banker to the debtors and debtors in possession (collectively, the "Debtors") in the amount of $175,000.00; (b) payment in the amount of $140,000.00, which is equal to 80% of Centerview's Monthly Advisory Fee earned during the period commencing January 15, 2025 through and including February 28, 2025 (the "Fee Period"); and (c) reimbursement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

of 100% of the actual and necessary expenses incurred by Centerview in the amount of $3,551.98 during the Fee Period. In support of the Application, Centerview respectfully represents as follows:

## BACKGROUND

1. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

2. Pursuant to an order, dated March 4, 2025 [Docket No. 555] (the "Retention Order"), Centerview was retained by the Debtors as investment banker in connection with these chapter 11 cases effective as of the Petition Date. The fee structure set forth in the Engagement Letter (as defined in the Retention Order) includes a Monthly Advisory Fee (as defined in the Engagement Letter) of $175,000.00 as well as potential DIP financing and restructuring transaction fees. Monthly Advisory Fees were payable on the 9th day of each month, *see* Engagement Letter ¶ 2(a); transaction-based fees were earned and payable as set forth in the Engagement Letter with respect to the applicable fee, *see* Engagement Letter ¶¶ 2(b)-(c). The Retention Order authorized Centerview to be compensated in accordance with the terms and conditions of the Engagement Letter, *provided* that payment of any transaction-based fees and reimbursement of actual and necessary out-of-pocket expenses were required to be included in a monthly, interim or final fee application and authorized for payment pursuant to an applicable order of the Court, including the Interim Compensation Order. *See* Retention Order ¶ 4.

3. Pursuant to the Retention Order, the requirements of Local Rule 2016-2 were modified to, among other things, (a) allow Centerview's professionals to maintain time records in half-hour increments; and (b) exempt Centerview non-investment banking professionals in administrative departments from the requirement to maintain time records.

4. On March 4, 2025, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for all retained professionals in these cases. The Interim Compensation Order provides that each professional may, on

or after the fifth[1] day of each calendar month following the month for which compensation is sought, file and serve a statement requesting allowance and payment of compensation for services rendered and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties have 21 days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). At the expiration of the Objection Deadline, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application to which no objection has been served.

## FEES EARNED DURING THE FEE PERIOD

5. During the Fee Period, Centerview earned a Monthly Advisory Fee due February 9, 2025 in the amount of $175,000.00.

## SUMMARY OF SERVICES RENDERED

6. Attached hereto as Exhibit A are Centerview's time records setting forth, as permitted by the Retention Order, a summary description of services provided, describing each professional's tasks on a daily basis, including reasonably detailed descriptions of the services, and the individuals that provided such services. Although Centerview does not typically bill by the hour, pursuant to the Retention Order, Centerview has recorded its postpetition time in half-hour increments.

## DISBURSEMENTS

7. Centerview has incurred out-of-pocket disbursements during the Fee Period. Attached hereto as Exhibit B is a detailed statement of expenses paid during the Fee Period. The total expenses incurred during the Fee Period are $3,551.98.

## VALUATION OF SERVICES

8. The fees charged by Centerview were approved by the Court under section 328(a) of the Bankruptcy Code and have been billed in accordance with the Retention Order and Engagement Letter

---

[1] For first monthly period ending February 28th, monthly fee applications shall be due at the earliest March 10th.

and are comparable to those fees charged by Centerview for professional services rendered in connection with similar restructuring matters. Centerview submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and in non-bankruptcy matters in the investment banking market.

9. All services for which compensation is requested by Centerview herein were performed for or on behalf of the Debtors.

**CERTIFICATION OF COMPLIANCE**

10. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information, and belief, this Application complies with that Rule except to the extent waived by the Retention Order or otherwise modified by applicable orders of the Court.

WHEREFORE, Centerview requests (a) interim allowance of compensation for professional services rendered on behalf of the Debtors during the Fee Period in the amount of $175,000.00; (b) payment in the amount of $140,000.00, which is equal to 80% of Centerview's Monthly Advisory Fee earned during the Fee Period; (c) interim allowance and reimbursement of 100% of the actual and necessary expenses incurred by Centerview during the Fee Period in the amount of $3,551.98; and (d) such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
       March 19, 2025

/s/ Ryan Kielty  
Ryan Kielty, Partner  
Centerview Partners LLC