IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>               Debtors. | ) Chapter 11<br>)<br>) Case No. 25-10068 (CTG)<br>)<br>) (Jointly Administered)<br>)<br>) **Hearing Date: April 3, 2025, at 1:00 p.m. (ET)**<br>) **Objection Deadline: March 27, 2025, at 4:00 p.m. (ET)** |

**DECLARATION OF ROBERT RESCHKE IN SUPPORT OF MOTION OF JONES LANG LASALLE AMERICAS, INC. FOR ENTRY OF AN ORDER: (I) COMPELLING THE ASSUMPTION OR REJECTION OF A CERTAIN EXECUTORY CONTRACT PURSUANT TO 11 U.S.C. §§ 105(a) AND 365 OF THE UNITED STATES BANKRUTPCY CODE AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 6006 AND 9014; AND/OR ALTERNATIVELY (II) ALLOWING AND COMPELLING PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM UNDER 11 U.S.C. § 503(b); AND (III) GRANTING SUCH OTHER AND FURTHER RELIEF <u>AS THE COURT MAY DEEM JUST AND PROPER</u>**

I, Robert Reschke, declare under penalty of perjury, as follows:

1. I am a Finance Director at Jones Lang LaSalle Americas, Inc., ("JLL") located in Chicago, Illinois.

2. I make this Declaration in support of JLL"s *Motion for an Order: (I) Compelling the Assumption or Rejection of a Certain Executory Contract Pursuant to 11 U.S.C. §§ 105(A) and 365 of the United States Bankruptcy Code and Federal Rules of Bankruptcy Procedure 6006 And 9014; (II) Allowing and Compelling Payment of an Administrative Expense Claim Under 11 U.S.C.*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Joann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Joann Stores Support Center, Inc. (5027) (together the "Debtors"). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

*§ 503(B); and (III) Granting Such Other and Further Relief as the Court May Deem Just and Proper ("Motion").*[2]

3. Except as otherwise indicated, all statements set forth in this Declaration are based upon: (a) my personal knowledge; (b) information supplied to me by other members of JLL's management; (c) my review of relevant documents; or (d) my opinion based upon my experience and knowledge of the JLL's operations and agreements with the above-captioned debtors and debtor in possession ("the Debtors"). If called upon to testify, I could and would testify competently to the facts set forth in this Declaration. JLL has authorized me to submit this Declaration.

4. I am also personally familiar with the billing records of JLL as they pertain to JLL's records submitted in support of the Motion. The records of JLL are made by employees or agents of JLL who have a business duty to enter the records accurately and at or near the time of the event which they record.

5. On or about April 21, 2023, JLL and the debtor, Joann Stores, LLC ("Joann") entered into a certain "Master Services Agreement for Facilities Management," (collectively, and with all exhibits and attachments thereto, the "MSA").[3]

6. Pursuant to the MSA, JLL provides facilities management services necessary for the Debtors to operate nearly all of their locations throughout the United States. These services include, among other things, HVAC repair and maintenance, electrical and plumbing services, pest control, janitorial work and housekeeping, and snow removal.

---

[2] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Motion
[3] The MSA contains confidential information and I understand is not being filed at this time given the relief requested. I understand that, if necessary, JLL will file the MSA pursuant to a Motion to Seal.

7.      In addition to dedicated JLL employee personnel and certain JLL affiliates, JLL utilizes subcontractors and other third-party vendors ("Third Party Vendors") to provide many of the important services necessary for the continued operation of the Debtors' facilities.

8.      Pursuant to the MSA, the Debtors pay JLL a management fee and also provide funds to JLL for reimbursement of designated JLL employee payroll and other employee related expenses and to pay Third Party Vendors..

9.      As a general matter, it is my understanding that under the MSA, the Debtors and JLL agreed that JLL must first receive payment from the Debtors under the MSA for amounts due Third Party Vendors and, in general, JLL is under no obligation to pay Third Party Vendors until paid.

10.     JLL's records indicate a total amount due for invoices billed prior to the Petition Date of **$2,616,620.70** on account of services and goods provided by JLL, certain JLL affiliates and Third Party Vendors.

11.     Since the Petition Date, JLL has billed weekly invoices to the Debtor in the amount of **$1,807,089.09** (the "Post-Petition Invoices")[4] which encompass services and goods provided by JLL, certain JLL affiliates and Third Party Vendors.  Due to the timing and nature of the services and goods provided under the MSA, certain portions of the Post-Petition Invoices relate to services and goods provided prior to the Petition Date.

12.     Based on the MSA 45-day net billing terms, JLL understood that payment on certain of the Post-Petition Invoices would first become due March 3, 2025.  On or around that time, JLL

---

[4] To date, JLL has issued invoices on January 16th, January 30th, February 6th, February 13th, February 20th, February 27th, March 6th, March 13th and March 19th.  A summary listing of the weekly invoicing amounts is attached hereto as **Exhibit 1**.  With the exception of invoice statements for dedicated JLL personnel costs, the invoicing is submitted, electronically, is voluminous and is not in paper form.

3

was advised by the Debtors that they did not believe they should pay for services and goods billed under the Post-Petition Invoices that were provided prior to the Petition Date.

13. The total Post-Petition Invoices that have come due for the weeks of January 16th, January 23rd and January 30th are in the amount of $678,464.18. Of this amount, the Debtors have indicated that they will pay **$119,061.77** without objection. As of the date of this Declaration, the Debtors have not made payment of the amount of **$119,061.77** which they have agreed to pay without objection.

**[SIGNATURE ON NEXT PAGE]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 20, 2025

_____
Robert Reschke

**Exhibit 1**

| Joann Inc. JLL Billing Invoice Date | Total |
|---|---:|
| 11/19/2024 | 59,646.32 |
| 11/21/2024 | 217,073.21 |
| 11/25/2024 | 249,732.99 |
| 12/5/2024 | 563,817.98 |
| 12/12/2024 | 220,263.23 |
| 12/15/2024 | 93,015.10 |
| 12/19/2024 | 289,123.35 |
| 1/2/2025 | 408,303.67 |
| 1/9/2025 | 515,644.85 |
| 1/16/2025 | 242,386.37 |
| 1/23/2025 | 346,793.60 |
| 1/30/2025 | 89,284.21 |
| 2/6/2025 | 278,887.67 |
| 2/13/2025 | 234,902.16 |
| 2/20/2025 | 42,017.56 |
| 2/27/2025 | 178,509.64 |
| 3/6/2025 | 68,875.56 |
| 3/13/2025 | 265,786.00 |
| 3/19/2025 | 59,646.32 |
| **Grand Total** | **4,423,709.79** |