IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | ) <br> ) Chapter 11 <br> ) <br> ) Case No. 25-10068 (CTG) <br> ) <br> ) (Jointly Administered) <br> ) <br> ) **Related Dkt. Nos. 526, 527, 528, 529, 530, 531, 532** |

**ORDER AUTHORIZING THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL THE NAMES OF CERTAIN CONFIDENTIAL PARTIES IN INTEREST ATTACHED TO THE COMMITTEE'S PROFESSIONAL RETENTION APPLICATIONS**

Upon consideration of the motion (the "Motion to Seal")[2] of the Committee, for the entry of an order (this "Order"), pursuant to sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1, authorizing the Committee to redact and file under seal the names of certain confidential parties in connection with the Debtors' third-party sale and marketing process (the "Confidential Parties"), attached to the interested parties list attached to each of the Committee's retention applications (the "Applications"), [Dkt Nos. 526, 527, 530, 531, 532]; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion to Seal in this district is proper pursuant to 28 U.S.C. §§

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] A capitalized term used but not defined herein have the meanings ascribed to it in the Motion to Seal.

1408 and 1409; and this Court having found that the Committee's notice of the Motion to Seal and opportunity for a hearing on the Motion to Seal were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion to Seal and having heard the statements in support of the relief requested therein at a hearing, if any, before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion to Seal and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion to Seal is **GRANTED**, as set forth herein.

2. The Committee is authorized to file its Applications under seal, and such seal shall be maintained pursuant to Local Rule 9018-1. The Applications shall remain strictly confidential and use of such information shall be subject to Local Rule 9018-1.

3. Unredacted versions of the Applications shall not be disseminated to anyone other than: (a) the Court; and (b) the U.S. Trustee without either: (i) the express consent of the Committee and the Debtors; or (ii) further order of the Court, which order shall not be granted without notice and an opportunity to object being provided to the Committee and the Debtors. Such parties shall be bound by this Order and shall keep confidential all information in the Applications. Such parties shall not disclose the contents thereof to any party whatsoever.

4. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5. The Committee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion to Seal.

6. The Court retains jurisdiction with respect to all matters arising from or relating to the implementation, interpretation, and enforcement of this Order.

**Dated: March 31st, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**