**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC, *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |

**MOTION OF OOCL USA INC. FOR AN ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) OR TO COMPEL ABANDONMENT PURSUANT TO 11 U.S.C. § 554(b)**

OOCL USA Inc. ("OOCL"), by and through its undersigned attorneys, hereby moves (the "Motion") pursuant to section 362(d) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), for an order, substantially in the form annexed to the Motion, granting relief from the automatic bankruptcy stay, to allow OOCL to execute its maritime lien on certain cargo in its physical or constructive possession (the "Cargo") that may be property of the estate of the debtors, Joann Inc., *et al*. (the "Debtors"); or, to return the Cargo to the shippers (the "Shippers") or allow the Shippers to divert the Cargo. Alternatively, OOCL moves to compel the Debtors to abandon the Cargo pursuant to section 554(b) of the Bankruptcy Code.  In support of the Motion, OOCL represents as follows:

**PRELIMINARY STATEMENT**

1. On January 15, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

1

## JURISDICTION AND VENUE

2.  This Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(1), (b)(2)(A) and (G). The statutory predicates for the relief sought herein are sections 362(d) and 554(b) of the Bankruptcy Code.

3.  Venue of this Motion in this Court is proper under 28 U.S.C. § 1409(a).

## BACKGROUND

4.  OOCL USA Inc. is the agent in the United States for Orient Overseas Container Line, a common carrier of goods via ocean going vessels which has its principal place of business in Hong Kong. OOCL USA Inc. has its principal place of business at 10913 S. River Front Parkway, Suite 200, South Jordan, UT 84095.

5.  Prior to the Petition Date or thereafter, OOCL issued certain bills of lading (the "Bills of Lading") to one or more Shippers to carry various cargo for delivery to one or more of the Debtors. A copy of the Bills of Lading for the Cargo in OOCL's physical or constructive possession that may be property of the Debtors' estate is annexed to the Certification in support of the Motion as Exhibit "A." A copy of a Statement of Account listing the Bills of Lading and identifying the corresponding containers and other information regarding the Cargo in OOCL's physical or constructive possession that may be property of the Debtors' estate is annexed to the Certification in support of the Motion as Exhibit "B."

6.  Under the Bills of Lading, at least one of the Debtors, Jo-Ann Stores, LLC, is listed as the Consignee of the Cargo and entitled to delivery or receipt of the Cargo.

7.  Under Clause 16 of the terms and conditions of the OOCL Bill of Lading, OOCL is granted a lien on the Cargo for any charges or sums owed to OOCL associated with

transport of the Cargo. A copy of Lien Clause 16 from the OOCL terms and conditions on its bill of lading taken from the OOCL website is annexed to the Certification in support of the Motion as Exhibit "C."

8. Lien Clause 16 from the OOCL bill of lading terms and conditions states that:

The Carrier shall have a lien on the Goods and any document relating thereto, which shall survive delivery, for all sums earned or due or payable to the Carrier under this and/or any other contract with the Merchant, or on account of the Goods or carriage, storage or handling of the Goods, including but not limited to, general average contributions, freight, delivery, destination, demurrage, detention, port and/or handling charges, to whomever due and/or for the cost of recovering the same and/or any fines or penalties levied against the Carrier by reason of any acts or omissions for which the Merchant is responsible. Carrier may at its sole discretion exercise its lien at any time and at any place, whether the contractual transportation is completed or not. For the purpose of such lien the Carrier shall have the right to sell the Goods by public auction or private treaty without notice to the Merchant at any time and at any place at the sole discretion of the Carrier. The Carrier shall be entitled to claim the difference in the event that the sale proceeds fail to cover the full amount due to the Carrier.

9. On March 26, 2025, Jeffrey Dwyer, the Interim Chief Financial Officer for the Debtors, sent a letter to OOCL which states that: "OOCL USA Inc. ("Carrier") provided JOANN with services related to the transportation of certain goods ordered by JOANN (collectively, the "Goods"), and Carrier may be in possession of such Goods. As of the date hereof, the Debtors have not received or taken possession of the Goods, and the Debtors do not believe that the Goods are property of the Debtors' bankruptcy estate. The Debtors do not oppose the Carrier disposing of or otherwise using the Goods in its discretion." A copy of the Letter is annexed to the Certification in support of the Motion as Exhibit "D."

10. So, the Debtors have essentially abandoned the Goods to OOCL and consented to stay relief, even assuming, *arguendo*, that the Goods are property of the Debtors' bankruptcy estates and that relief from the stay or abandonment of the Goods is even necessary. However, out of an abundance of caution, OOCL has filed the Motion.

**RELIEF REQUESTED**

11.By this Motion, OOCL seeks an order for relief from the stay or to compel the Debtors to abandon the Cargo and an order that the Debtors have abandoned the Cargo, in order to allow it to exercise its maritime lien on the Cargo, in order to mitigate its damages.

12.Section 362(d) of the Bankruptcy Code provides, in relevant part, that:

> [o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> (1)for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)with respect to a stay of an act against property under subsection (a) of this section, if—
>
>   (A)the debtor does not have an equity in such property; and
>   (B)such property is not necessary for an effective reorganization….

13.Section 554(b) of the Bankruptcy Code provides that: "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate."

14.Cause exists for stay relief, because the Debtors have not received the Cargo or taken delivery of the Cargo and they have advised OOCL that they "do not believe that the Goods are property of the Debtors' bankruptcy estate." See the Letter from Jeffrey Dwyer, the Debtors' Interim Chief Financial Officer, to OOCL dated March 26, 2025.

15.Demurrage or extended freight charges continue to accrue on a daily basis. OOCL, which has a lien on the Cargo to pay its freight charges, detention charges and

4

demurrage, is not adequately protected, because the demurrage charges already equal or exceed the value of the Cargo or will eventually exceed the value of the Cargo.

16. Thus, the Debtors have no equity in the Cargo because OOCL has a lien on the Cargo to pay its outstanding freight and extended freight charges and the total demurrage charges already exceed or will soon exceed the value of the Cargo.

17. The Cargo is also not necessary for an effective reorganization. The Debtors have effectively abandoned the Cargo and the Debtors have announced that they are closing all their stores. So, the Debtors obviously do not need or want the Cargo for reorganization.

18. Accordingly, OOCL requests that this Court enter an Order, substantially in the form annexed to the Motion, granting it stay relief or compelling the Debtors to abandon the Cargo in order to allow OOCL to exercise its maritime lien and to sell the Cargo to pay its outstanding freight and extended freight or demurrage charges; or, to return the Cargo to the Shippers or to allow the Shippers to divert the Cargo to other consignees.

## **OOCL HAS A LIEN ON THE CARGO FOR FREIGHT AND OTHER CHARGES**

19. The Motion should be granted because OOCL has a lien on the Cargo in its possession to secure payment of the freight, detention and demurrage charges.

20. Pursuant to general maritime law and the applicable Bills of Lading, OOCL has a lien on all cargo in its possession for unpaid freight charges and extended freight charges, including detention charges or demurrage. *See* Matter of Commonwealth Oil Refining Company, Inc., 734 F.2d 1079, 1081 (5th Cir. 1984), *citing* The Lake Galera, 60 F.2d 876, 879 (2d Cir. 1932) ("Demurrage, it is true, is sometimes referred to as being a form of "extended freight'").

21. Unquestionably, as a general rule, ship owners have a lien upon cargo for freight charges. The Bird of Paradise, 72 U.S. 545, 554 (1866). *Accord*, Arochem Corp. v. Wilomi, Inc., 962 F.2d 496, 499 (5th Cir. 1992) ("Under United States law, it has been settled for over a century that we presume a maritime lien exists in favor of a shipowner on cargo for charges incurred during the course of its carriage."). *Also*, see Atlantic Richfield Company v. Good Hope Refineries, Inc., 604 F.2d 865, 872 (5th Cir. 1979) ("Without doubt Atlantic Richfield had a lien on each cargo carried by Good Hope for all demurrage charges incurred during the course of its carriage. Such a lien arises by force of law and is present unless expressly waived in the charter."). Consequently, ship owners may retain the goods after the arrival of a ship at the port of destination until payment of the freight charges is made. The Bird of Paradise, 72 U.S. at 554.

22. Such a lien is regarded in the jurisprudence of the United States as a maritime lien because it arises from the usages of commerce, independently of the parties, and not from any statutory regulations. Legal effect of such a lien is that the shipowner, as carrier by water, may retain the goods until the freight is paid. The Bird of Paradise, 72 U.S. at 555.

23. The parties to a maritime contract may also employ words in their contract to affirm the existence of the maritime lien, or even to extend its reach. Id. Further, the intervening insolvency of either party to a maritime contract cannot change the terms of the parties' agreement. 72 U.S. at 560 ("Intention of the parties in the contract of affreightment, as in other commercial contracts, must be ascertained from the language employed, the subject-matter, and the surrounding circumstances, and it is clear that the question of construction cannot be affected in the smallest degree by the subsequent solvency or insolvency of one of the contracting parties.") (emphasis added).

24. In this case, the Bills of Lading extended OOCL's lien on the Cargo to cover unpaid freight charges, including any detention charges and/or demurrage.

25. In addition, then, to the lien created by general maritime law, OOCL has a lien on the Cargo pursuant to its Bill of Lading. *See* WCI Steel, Inc. v. Seaway Marine Transport (In re WCI Steel, Inc.), 344 B.R. 838, 847 (Bankr. N.D. Ohio 2005) ("In addition to the general maritime lien, Seaway had a lien pursuant to section 14 of the Bill of Lading, which was incorporated into and became a part of the Contract.").

26. Thus, OOCL has a lien on the Cargo in its possession. OOCL seeks stay relief to exercise its maritime lien on the Cargo or to allow the Shippers to take return of the Cargo or divert the Cargo to other consignees.

## NO PRIOR REQUEST

27. No prior request for the relief requested herein has been made to this or any other Court.

## WAIVER OF MEMORANDUM OF LAW

28. Given the nature of the relief requested in this Motion and given that the authority relied upon by OOCL to support the relief requested in the Motion is cited above, OOCL respectfully requests that this Court dispense with and waive any requirement for submission of a separate memorandum of law.

WHEREFORE, OOCL respectfully requests that this Court enter an Order substantially in the form annexed to the Motion granting stay relief to OOC or compelling the Debtors to abandon the Cargo and determining that OOCL has abandoned the Cargo.

Dated: April 8, 2025

**HOGAN MCDANIEL**

By: */s/ Daniel C. Kerrick*
Daniel C. Kerrick, Esq. (DE Bar ID # 5027)
1311 Delaware Avenue
Wilmington, DE 19806
Tel:   (302) 656-7540
Fax:   (302) 656-7599

Attorneys for OOCL USA Inc.
-and-
**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**

By: /s/ Rick A. Steinberg
Rick A. Steinberg
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Email: rsteinberg@pricemeese.com
*(Pro Hac Vice Admission Pending)*

Attorneys for OOCL USA Inc.