IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) | (Jointly Administered) **Re: Docket Nos. 468 & 469 & 663** |

### ORDER (I) AUTHORIZING THE EMPLOYMENT AND RETENTION OF DELOITTE TAX LLP AS TAX ADVISORY SERVICES PROVIDER TO THE DEBTORS AND DEBTORS IN POSSESSION, EFFECTIVE AS OF THE PETITION DATE, (II) APPROVING THE TERMS OF THE ENGAGEMENT AGREEMENTS, AND (III) GRANTING RELATED RELIEF

Upon the application (the "Application")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"): (a) authorizing the Debtors to employ and retain Deloitte Tax LLP ("Deloitte Tax") as their tax services provider effective as of the Petition Date, in accordance with the terms and conditions set forth in the Engagement Agreements, each of which are incorporated herein by reference; (b) approving the terms of the Engagement Agreements; and (c) granting related relief, all as more fully set forth in the Application; and upon the Paszt Declaration and the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware,

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Application.

dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Application in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Application is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Application and opportunity for a hearing on the Application were appropriate and no other notice need be provided; and this Court having reviewed the Application and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Application and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Application is granted as set forth herein.

2. The Debtors are authorized pursuant to sections 327(a), 328, and 1107(b) of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 to retain and employ Deloitte Tax as their tax services provider in accordance with the terms and conditions set forth in the Engagement Agreements attached hereto as Annexes 1 through 4, as modified by this Order, effective as of the Petition Date.

3. The terms and conditions of the Engagement Agreements, together with all annexes and exhibits thereto and all compensation provisions set forth therein, as modified by this Order, are reasonable terms and conditions of employment and are hereby approved.

4. Deloitte Tax shall be compensated in accordance with sections 330 and 331 of the Bankruptcy Code, the applicable Bankruptcy Rules and the Local Rules, this Order, the applicable U.S. Trustee Guidelines, and any other applicable orders of this Court.

5. Deloitte Tax shall file interim and final fee applications for the allowance of compensation for services rendered and reimbursement of expenses incurred in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable U.S. Trustee guidelines, and any applicable orders of the Court. Deloitte Tax shall include in its fee applications, among other things, contemporaneous time records setting forth a description of the services rendered by each professional and the amount of time spent on each date by each such individual in rendering services on behalf of the Debtors in one-tenth hour increments.

6. Notwithstanding anything in the Engagement Agreements to the contrary, the indemnification provisions set forth in Section 8(b) of the MSA (the "Indemnification Provisions") are hereby approved, subject to the following modifications with respect to the services performed thereunder from the Petition Date to the effective date of any chapter 11 plan:

   a. neither Deloitte Tax nor any Deloitte Tax affiliate or subcontractor shall be entitled to indemnification for services other than the services provided under the Engagement Agreements, unless such services and the indemnification therefor are approved by this Court;

   b. notwithstanding anything to the contrary in the Engagement Agreements, the Debtors shall have no obligation to indemnify Deloitte Tax or any Deloitte Tax affiliate or subcontractor or provide contribution or reimbursement to such Deloitte Entity for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen from Deloitte Tax's or such Deloitte Tax's affiliate's or subcontractor's bad faith, self-dealing, breach of fiduciary duty (if any), willful misconduct, or gross negligence, (ii) for a contractual dispute in which the Debtors allege the breach of Deloitte Tax's contractual obligations if the Court determines that indemnification, contribution or reimbursement would not be permissible pursuant to *In re United Artists Theatre Co.*, 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense

that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c), *infra*, to be a claim or expense for which Deloitte Tax or such Deloitte Tax affiliate or subcontractor should not receive indemnity, contribution or reimbursement under the terms of the Engagement Agreements, as modified by this Order; and

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these cases, Deloitte Tax believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Engagement Agreements, as modified by this Order, including, without limitation, the advancement of defense costs, Deloitte Tax must file an application therefor in this Court, and the Debtors may not pay any such amounts to any Deloitte Tax before the entry of an order by this Court approving the payment. This subparagraph (c) is intended only to specify the period of time during which the Court shall have jurisdiction over any request for payment by Deloitte Tax for indemnification, and not a provision limiting the duration of the Debtors' obligation to indemnify Deloitte Tax or such Deloitte Tax affiliate or subcontractor . All parties in interest shall retain the right to object to any demand by Deloitte Tax or a Deloitte Tax affiliate or subcontractor for indemnification.

7. With respect to services performed under the Engagement Agreements for the Debtors after the Petition Date and through the effective date of any plan of reorganization, the relevant provisions of the MSA, as applicable, shall be modified as follows:

a. Section 7(a) of the MSA shall be deemed deleted and replaced with the following:

   Nothing contained in these terms shall alter in any way the duties imposed by law on Deloitte Tax in respect of the services provided under the engagement letter. It is understood and agreed that Deloitte Tax is an independent contractor and that Deloitte Tax is not, and will not be considered to be, an agent, partner, or representative of the Client. Neither party shall act or represent itself, directly or by implication, in any such capacity or in any manner assume or create an obligation on behalf of, in the name of, the other.

b. Section 6 of the MSA setting forth the limitation on liability shall be deemed deleted.

c. Section 22(c) of the MSA setting forth the limitation on actions shall be deemed eliminated.

4

      d. Notwithstanding anything in the Engagement Agreements to the contrary, with respect to administrative and technology costs incurred, Deloitte Tax will only bill the Debtors for actual costs incurred.

8. In the event that, during the pendency of the chapter 11 cases, Deloitte Tax seeks reimbursement from the Debtors for attorneys' fees and expenses, the invoices and supporting time records for the attorneys' fees and expenses shall be included in Deloitte Tax's own fee applications, both interim and final, and such invoices and time records shall be in compliance with the Local Rules, and shall be subject to approval of the Bankruptcy Court under the standards of sections 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 327 of the Bankruptcy Code; *provided*, *however*, that Deloitte Tax shall not seek reimbursement from the Debtors' estates for any fees incurred in defending any objections filed with respect to Deloitte Tax's fee applications filed in the chapter 11 cases.

9. Notwithstanding anything in the Application or the Engagement Agreements to the contrary, to the extent that Deloitte Tax uses the services of third-party subcontractors which are not affiliates or subsidiaries of Deloitte Tax, including DTTL Member Firms (as defined in the Paszt Declaration) (collectively, the "Contractors") in these cases, Deloitte Tax shall: (i) pass through the cost of such Contractors to the Debtors at the same rate that Deloitte Tax pays the Contractors; (ii) seek reimbursement for actual costs only; (iii) ensure that the Contractors are subject to the same conflicts checks as required for Deloitte Tax; and (iv) file with this Court such disclosures required by Bankruptcy Rule 2014.

10. If the Debtors and Deloitte Tax enter into any additional agreements, amendments, or statements of work for the provision of additional services by Deloitte Tax, the Debtors shall file with the Court and serve on the U.S. Trustee and the official committee of unsecured creditors appointed in these chapter 11 cases any such supplemental agreements, engagement agreements, or statements of work with the Court and serve the same upon the applicable notice parties. Absent

any objection filed within ten (10) days after the filing and service of any such additional agreement, amendment, or statement of work, Deloitte Tax shall be deemed authorized and approved to provide and be compensated for such additional services pursuant to this Order and the terms of such additional agreement, amendment, or statement of work.  If any parties object to such proposed supplemental agreement, engagement agreement, or statement of work, the Debtors will promptly schedule a hearing before the Court within ten (10) days of receipt of any such objection or as soon thereafter as is practicable.  All additional services shall be subject to the provisions of this Order.

11. To resolve the objection filed by the U.S. Trustee [Docket No. 597], Deloitte Tax shall credit the Debtors $275,000 in the aggregate, to be applied to postpetition services provided by Deloitte Tax (the "Agreed Amount").  The Agreed Amount shall be credited to the Debtors and the application of such credited amounts shall be reflected in the applicable fee applications filed with the Court. Deloitte Tax shall not seek to recover the Agreed Amount, including by filing a claim in such amount.

12. Notwithstanding anything in the Application, the Paszt Declaration, or the Engagement Agreements to the contrary, this Court shall have jurisdiction over Deloitte Tax's engagement hereunder with respect to services performed from the Petition Date through the effective date of any plan of reorganization of the Debtors, unless such jurisdiction is relinquished.

13. Deloitte Tax shall use reasonable efforts to cooperate with the Debtors to minimize unnecessary duplication of efforts regarding Deloitte Tax's services and those other professionals will be providing to the Debtors in these chapter 11 cases.

14. To the extent that there may be any inconsistency between the terms of the Application, the Paszt Declaration, the Engagement Agreements, and this Order, the terms of this Order shall govern.

15. Notice of the Application as provided therein shall be deemed good and sufficient notice of the Application and the requirements of the Bankruptcy Rules and the Local Rules are satisfied by such notice.

16. The Debtors and Deloitte Tax are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

17. Notwithstanding anything to the contrary in the Engagement Agreements, this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

18. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be effective and enforceable immediately upon entry hereof.

**Dated: April 8th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**