## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date:** May 6, 2025 at 1:00 p.m. (ET) |
| | **Obj. Deadline:** April 28, 2025 at 4:00 p.m. (ET) |

## MOTION OF DEBTORS FOR ENTRY OF AN ORDER
## (I) ENLARGING THE PERIOD WITHIN WHICH THE DEBTORS
## MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") state as follows in support of this motion:[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "<u>Order</u>"): (a) enlarging the period of time (the "<u>Removal Period</u>") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), during which the Debtors may seek removal of certain actions (collectively, the "<u>Actions</u>") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by 120 days, up to and including

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     A detailed description of the Debtors and their business, including the facts and circumstances giving rise to the Debtors' chapter 11 cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "<u>First Day Declaration</u>"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration.

August 13, 2025, without prejudice to the Debtors' right to seek additional extensions of the Removal Period; and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Bankruptcy Code"), rules 9006 and 9027 of the Bankruptcy Rules, and Local Rule 9006-2.

## Background

5.      JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company") is a leading national retailer of sewing, arts and crafts, and select home décor products.  Founded in Cleveland, Ohio, JOANN currently operates in 49 states with approximately 800 stores and 4 distribution centers.  For over 80 years, JOANN has fueled the creativity and passion of its customers, the sewists, quilters, crocheters, crafters, and creative enthusiasts, with high quality products and a dedication to customer service.

6.     On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary

petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their

business and managing their property as debtors in possession pursuant to sections 1107(a) and

1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103]

authorizing the procedural consolidation and joint administration of these chapter 11 cases

pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  On January 28, 2025, the United

States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of

unsecured creditors [Docket No. 198] (the "Committee").  No request for the appointment of a

trustee or examiner has been made in these chapter 11 cases.

### The Actions

7.     The Debtors are currently involved in a number of civil actions commenced

prepetition in various forums.  The Debtors continue to review their books and records and are in

the process of determining whether to remove any Actions to a district court pursuant to

28 U.S.C. § 1452.  Since the Petition Date, the Debtors have worked diligently on a number of

critical matters and have not yet decided which, if any, of the Actions they will seek to remove.

Specifically, the Debtors and their professionals have been focused on, among other things:

- preparing for and attending the first day and second day hearings;

- obtaining relief that has enabled the Debtors to continue operating their business in the ordinary course, including obtaining approval of a number of "first day" motions, "second day" motions, and retention applications;

- stabilizing the Debtors' business operations to maximize the value of the Debtors' estates;

- negotiating with the senior secured noteholders regarding the consensual use of cash collateral and obtaining Court approval of the same [Docket No. 516];

- addressing numerous questions, concerns, and issues raised by employees, vendors, utility companies, customers, and other parties in interest;

- obtaining entry of the order setting the claims bar date to facilitate the timely administration of the Debtors' claims pool and beginning the process of reconciling claims and interests as promptly and efficiently as possible [Docket No. 561];

- preparing and filing the Debtors' Schedules and Statements and monthly operating reports;

- obtaining Court approval of the order establishing the bidding procedures [Docket No. 446], allowing the Debtors to solicit the best and highest offers for a sale of substantially all of their assets and a comprehensive postpetition marketing process related thereto;

- coordinating with the U.S. Trustee and the Committee to provide requested information on a variety of issues and comply with the reporting requirements under the Bankruptcy Code;

- negotiating, drafting documentation of, and significantly advancing efforts for Court approval of a sale transaction for substantially all of the Debtors' assets [Docket No. 520]; and

- negotiating, drafting and filing the Plan [Docket No. 513].

As a result of the Debtors' focus on other matters associated with their chapter 11 objectives, the Debtors have not yet been able to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions.   As a result of the sale of the Debtors' assets, all causes of action existing as of February 27, 2025 were transferred to the Purchaser, as defined in the Agency Agreement.  The Debtors submit that an extension of the Removal Period is appropriate under the circumstances to provide the Debtors or the Purchaser, as applicable, with sufficient time to make fully informed decisions concerning the removal of any Actions.

8.      It is also possible that the Debtors or the Purchaser, as applicable, may become aware of Actions following their review of proofs of claim filed in these chapter 11 cases, at which point the Debtors or the Purchaser will need to analyze such potential Actions to determine whether to remove any such Actions.  Consequently, the Debtors are seeking an extension of the Removal

Period to provide them or the Purchaser, as applicable, with sufficient time to decide whether to

remove any such Actions.

## Basis for Relief

9.      Section 1452 of the Judicial Code and Bankruptcy Rule 9027 govern the removal

of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) of the Judicial

Code provides:

> A party may remove any claim or cause of action in a civil action other than a
> proceeding before the United States Tax Court or a civil action by a governmental
> unit to enforce such governmental unit's police or regulatory power, to the district
> court for the district where such civil action is pending, if such district court has
> jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

10.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims

or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the
> [Bankruptcy] Code is commenced, a notice of removal may be filed only within the
> longest of (A) 90 days after the order for relief in the case under the [Bankruptcy]
> Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause
> of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or
> (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later
> than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

11.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions

provided by Bankruptcy Rule 9027.  Specifically, Bankruptcy Rule 9006(b)(1) provides, in

pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by
> these rules or by a notice given thereunder or by order of court, the court for cause
> shown may at any time in its discretion . . . with or without motion or notice order
> the period enlarged if the request therefor is made before the expiration of the period
> originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

12. It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

13. The Debtors are seeking to extend the Bankruptcy Rule 9027(a)(2)(A) deadline, which in isolation would expire on April 15, 2025,[3] to ensure the Debtors' right to remove is preserved and that creditors are on notice of such extended removal deadline. The Debtors believe they have additional time to remove the Actions under Bankruptcy Rule 9027(a)(2)(C) and, to the extent such Actions are subject to the automatic stay under Bankruptcy Rule 9027(a)(2)(B), but nevertheless seek entry of this motion out of an abundance of caution.

14. The Debtors' decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of

---

[3] Pursuant to Local Rule 9006-2, the filing of this Motion prior to the current deadline shall serve to automatically extend the current deadline without the necessity for the entry of a bridge order, until the Court rules on this motion. *See* Del. Bankr. LR 9006-2.

these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and matters to be considered in connection with the Debtors' bankruptcy process, the Plan, the claims allowance process, and the assumption or rejection of executory contracts and unexpired leases; and (e) the progress made to date in the Action.  To make the appropriate determination, the Debtors or the Purchaser, as applicable, must analyze each Action in light of such factors.

15.    To date, the Debtors' review of their books and records to determine whether any additional Actions exist remains ongoing.  Since the commencement of these chapter 11 cases, the Debtors have been focused on addressing time critical matters including, among other things, undertaking their postpetition sale process, effectuating a smooth transition into chapter 11, preparing the schedules of assets and liabilities and statements of financial affairs, negotiating and obtaining Court approval of the terms of their use of cash collateral, and obtaining Court approval of the sale of substantially all of the Debtors' assets.  The Debtors believe that the extension requested herein will provide the Debtors or the Purchaser, as applicable, with the ability to make fully-informed decisions concerning the removal of any Actions, and will ensure that the Debtors' rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Debtors or the Purchaser, as applicable, may not become aware of Actions until after the Removal Period expires.

16.    Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Debtors' requested extension of the Removal Period.  If the Debtors ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions

remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Debtors submit that cause exists for the relief requested herein.

17.    Further, the rights of any party to the Actions will not be unduly prejudiced by the Debtors' requested extension.  Inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, most of the Actions will not proceed in their respective courts during these chapter 11 cases, even absent the relief requested herein.

18.    Courts in this jurisdiction have regularly granted the relief requested herein in other large chapter 11 cases.  *See, e.g.*, *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Jan. 23, 2025) (granting a 90-day extension without prejudice to debtors' right to request a further extension); *In re Am. Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Jan 13, 2025) (granting a 120-day extension without prejudice to debtors' right to request a further extension); *In re Tupperware Brands Corp.*, No.24-12156 (BLS) (Bankr. D. Del. Jan. 3, 2025) (same); *In re SunPower Corp.*, No. 24-11649 (CTG) (Bankr. D. Del. Nov. 15, 2024) (same); *In re Vyaire Med., Inc.*, No. 24-11217 (BLS) (Bankr. D. Del. Sept. 20, 2024) (same).  The 120-day extension requested herein is consistent with the extensions granted by this and other courts in this District under similar circumstances.  Accordingly, the Debtors' requested extension is reasonable and should be granted.

## Reservation of Rights

19.    Nothing contained in this motion or any actions taken pursuant to any order granting the relief requested by this motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in

this motion or any order granting the relief requested by this motion, or (e) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law.

## Notice

20.      The Debtors will provide notice of this motion to the following parties or their respective counsel:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) all parties to the Actions; and (e) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21.      No prior motion for the relief requested herein has been made to this or any other court.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated: April 14, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com
              snewman@coleschotz.com
              mfitzpatrick@coleschotz.com
              jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        anup.sathy@kirkland.com
              jeff.michalik@kirkland.com
              lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*