# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 429, 658 and 710** |

## FOURTH ORDER AUTHORIZING THE DEBTORS TO REJECT CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Fourth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 658] (the "Rejection Notice") satisfies the requirements set forth in the Procedures Order; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Contracts set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; *provided*, *however*, if any such Contract is an unexpired lease of non-residential real property (a "Lease"), the rejection effective date shall be the later of (a) the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty may agree and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (i) turning over keys, key codes, and security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Effective Date").

2. Any and all property located on the Debtors' leased premises on the Rejection Effective Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date. The applicable Contract counterparty

or counterparties may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.  If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the later of (i) the Rejection Date or, in the case of a Lease, the Rejection Effective Date and (ii) the date of entry of this Order. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.  Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property

of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5. All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6. Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. Notwithstanding anything to the contrary herein, the Debtors are authorized to remove any Contract from the schedule to the Rejection Notice at any time prior to the Rejection Date.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: April 16th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**