**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

**Objections Due: May 13, 2025 at 4:00 P.M. (ET)**
**Hearing Date: To be scheduled if necessary**

**SECOND MONTHLY FEE STATEMENT FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MARCH 1, 2025 THROUGH MARCH 31, 2025**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 31, 2025 by order signed March 24, 2025 [Docket No. 634] |
| Period for which Compensation and Reimbursement is Sought: | March 1, 2025 through March 31, 2025[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $23,768.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $168.70 |

This is a: ☒monthly ☐ interim ☐final application.

The total time expended for fee statement preparation is approximately 1.0 hours and the corresponding compensation requested is approximately $650.00.

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

PRIOR STATEMENTS/APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 4/21/25 Dkt. 724 | 1/31/25 – 2/28/25 | $311,352.50 | $3,157.76 | Pending | Pending |

## PSZJ PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 4.40 | $8,338.00 |
| O'Neill, James E. | Partner, 2001 | $1,475.00 | 7.80 | $11,505.00 |
| Keane, Peter J. | Counsel, 2010 | $1,295.00 | 0.40 | $518.00 |
| Bates, Andrea T. | Paralegal | $650.00 | 4.80 | $3,120.00 |
| Knotts, Cheryl A. | Paralegal | $575.00 | 0.50 | $287.50 |
| **Grand Total** | | | **17.90** | **$23,768.50** |

**Grand Total: $23,768.50**
**Total Hours: 17.90**
**Blended Rate: $1,327.85**

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 0.50 | $947.50 |
| Bankruptcy Litigation | 1.30 | $1,917.50 |
| Case Administration | 1.80 | $1,801.50 |
| Claims Administration and Objections | 0.60 | $1,137.00 |
| PSZJ Compensation | 0.60 | $390.00 |
| Other Professional Compensation | 0.90 | $1,705.50 |
| Contract and Lease Matters | 0.20 | $295.00 |
| Fee/Employment Application | 0.30 | $568.50 |
| Financial Filings | 0.20 | $295.00 |
| Financing/Cash Collateral/Cash Management | 0.80 | $1,306.00 |
| General Creditors' Committee | 0.80 | $1,516.00 |
| Hearings | 0.90 | $547.50 |
| Operations | 0.70 | $1,326.50 |
| PSZJ Retention | 4.00 | $4,167.50 |
| Other Professional Retention | 4.30 | $5,847.50 |

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| **Grand Total** | **17.90** | **$23,768.50** |

## EXPENSE SUMMARY

| Expense Category | Service Provider[3] (if applicable) | Total Expenses |
|---|---|---|
| Litigation Support Vendors | | $30.00 |
| PACER - Court Research | | $46.40 |
| Reproduction Expense | | $18.60 |
| Transcript | | $73.70 |
| **Total** | | **$168.70** |

[3] PSZJ may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**Objections Due: May 13, 2025 at 4:00 P.M. (ET)**
**Hearing Date: To be scheduled if necessary**

**SECOND MONTHLY FEE STATEMENT FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM MARCH 1, 2025 THROUGH MARCH 31, 2025**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and this Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief entered on March 4, 2025* [Docket No. 552] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), counsel for the official committee of unsecured creditors (the "Committee"), hereby submits its *Second Monthly Fee Statement for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel for the Official Committee of Unsecured Creditors for the Period From March 1, 2025 Through March 31, 2025* (the "Statement").

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

By this Statement PSZJ seeks a monthly interim allowance of compensation in the amount of $23,768.50 and actual and necessary expenses in the amount of $168.70 for a total allowance of $23,937.20 and (ii) payment of $19,014.80 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $168.70 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $19,183.50 for the period March 1, 2025 through March 31, 2025 (the "Fee Period"):

## **Background**

1. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appoint of a trustee or examiner has been made in these chapter 11 cases.

2. On January 28, 2025, the Office of the United States Trustee (the "U.S. Trustee") appointed the Committee, which consists of the following members: (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus, Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P. The *Notice of Appointment of Committee of Unsecured Creditors* [Dkt. No. 198] was filed on January 28, 2025.

3. On January 30, 2025, the Committee selected Kelley Drye & Warren LLP ("Kelley Drye") as its lead counsel and Province, Inc. ("Province") as its financial advisor. On January 31, 2025, the Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its co-counsel.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On March 4, 2025, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee statements. If no objections are made within twenty-one (21) days after service of the monthly fee statement the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. The initial monthly fee statement will cover the period from Petition Date through February 28, 2025. Beginning with the period ending March 31, 2025, and at three-month intervals or such other intervals convenient to the Court, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee statement for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

6. The retention of PSZJ, as counsel to the Committee, was approved effective as of January 31, 2025, by this Court's *Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors as of January 31, 2025* [Docket No. 634] (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

## PSZJ's STATEMENT FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

7. All services for which PSZJ requests compensation were performed for or on behalf of the Committee. PSZJ has received no payment and no promises for payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Statement. There is no agreement or understanding between PSZJ and any other person other than the partners of PSZJ for the sharing of compensation to be received for services rendered in this case. PSZJ has not received a retainer in this case.

### Fee Statements

8. The invoice for the Fee Period is attached hereto as **Exhibit A**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period. To the best of PSZJ's knowledge, this Statement complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. To the extent it is feasible, PSZJ professionals attempt to work during travel.

### Actual and Necessary Expenses

9. A summary of the actual and necessary expenses incurred by PSZJ for the Fee Period is attached hereto as part of **Exhibit A**. PSZJ customarily charges $0.10 per page for

photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

10. PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

11. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

12. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered**

13. The names of the timekeepers of PSZJ who have rendered professional services in this case during the Interim Period are set forth in the attached **Exhibit A**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various

matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below.

**Summary of Services by Project**

14. The services rendered by PSZJ during the Fee Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit A**. Exhibit A identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A. Asset Disposition**

15. During the Fee Period, the Firm, corresponded with counsel regarding inventory sales and analyzed lease rejections.

Fees: $947.50 Hours: 0.50

**B. Bankruptcy Litigation**

16. During the Fee Period, the Firm, reviewed the status of the sealing motion and filed CNO regarding same; and corresponded with co-counsel regarding hearing scheduled on 3/6/25.

Fees: $1,917.50 Hours: 1.30

**C. Case Administration**

17. During the Fee Period, the Firm, among other things, (i) maintained a calendar of critical dates and deadlines.

Fees: $1,801.50 Hours: 1.80

**D. <u>Claims Administration and Objections</u>**

18. During the Fee Period, the Firm, among other things, (i) reviewed Jones LaSalle's motion to compel lease assumption or rejection; (ii) exchanged emails with B. Bazian regarding Waste Management; and (iii) exchanged emails with Debtors' counsel regarding the bar date motion.

Fees: $1,137.00 Hours: 0.60

**E. <u>PSZJ Compensation</u>**

19. During the Fee Period, the Firm reviewed and drafted the exhibit to the firs monthly fee statement.

Fees: $390.00 Hours: 0.60

**F. <u>Other Professional Compensation</u>**

20. During the Fee Period, the Firm (i) reviewed the ordinary course professionals motion; (ii) reviewed the interim compensation procedures motion and order; and (iii) reviewed Debtors' professionals' certification of counsel and related fee statements.

Fees: $1,705.50 Hours: 0.90

**G. <u>Contract and Lease Matters</u>**

21. During the Fee Period, the Firm reviewed the Debtors' first rejection notice.

Fees: $295.00 Hours: 0.20

**H. <u>Fee/Employment Application</u>**

22. During the Fee Period, the Firm (i) corresponded with the US. Trustee regarding PSZJ's retention application; and (ii) revised the supplemental declaration regarding PSZJ retention application.

Fees: $568.50 Hours: 0.30

**I. Financial Filings**

23. During the Fee Period, the Firm reviewed the Debtors' monthly operating report.

Fees: $295.00 Hours: 0.20

**J. Financing/Cash Collateral/Cash Management**

24. During the Fee Period, the Firm, reviewed the Committee Report and the company's lien presentation.

Fees: $1,306.00 Hours: 0.80

**K. General Creditors' Committee**

25. During the Fee Period, the Firm, among other things, corresponded with the Committee and co-counsel regarding case status and open issues.

Fees: $1,516.00 Hours: 0.80

**L. Hearings**

26. During the Fee Period, the Firm, among other things, prepared for the 3/6 hearing.

Fees: $547.50 Hours: 0.90

**M. Operations**

27. During the Fee Period, the Firm (i) reviewed the trade claimant matrix; (ii) corresponded with the Debtors' counsel regarding abandoned assets; and (iii) reviewed monthly operating reports.

Fees: $1,326.50 Hours: 0.70

**N. PSZJ Retention**

28. During the Fee Period, the Firm (i) drafted a certification of counsel regarding the firm's retention application, filed and served same; (ii) finalized the supplemental declaration in

support of PSZJ's retention application; and (iii) drafted a certification of no objection regarding the motion to seal Committee's retention application.

Fees: $4,167.50 Hours: 4.00

**O. Other Professional Retention**

29. During the Fee Period, the Firm, among other things, (i) corresponded with US Trustee's office regarding retention issues; (ii) drafted a certification of counsel for co-counsel's retention application; and (iii) reviewed entered retention orders for Committee professionals.

Fees: $5,847.50 Hours: 4.30

**Valuation of Services**

30. Attorneys and paraprofessionals of PSZJ expended a total 17.90 hours in connection with their representation of the Committee during the Fee Period, as follows:

**PSZJ PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 4.40 | $8,338.00 |
| O'Neill, James E. | Partner, 2001 | $1,475.00 | 7.80 | $11,505.00 |
| Keane, Peter J. | Counsel, 2010 | $1,295.00 | 0.40 | $518.00 |
| Bates, Andrea T. | Paralegal | $650.00 | 4.80 | $3,120.00 |
| Knotts, Cheryl A. | Paralegal | $575.00 | 0.50 | $287.50 |
| **Grand Total** | | | **17.90** | **$23,768.50** |

**Grand Total: $23,768.50**
**Total Hours: 17.90**
**Blended Rate: $1,327.85**

31. The nature of work performed by these persons is fully set forth in **Exhibit A** attached hereto. These are PSZJ's normal hourly rates for work of this character. The reasonable value of the services rendered by PSZJ for the Committee during the Fee Period is $23,768.50.

32. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Statement complies with such Rule and Order.

WHEREFORE, PSZJ respectfully requests that, for the period of March 1, 2025 through March 31, 2025, (i) an interim allowance be made to PSZJ for compensation in the amount $23,768.50 and actual and necessary expenses in the amount of $168.70 for a total allowance of $23,937.20 and (ii) payment of $19,014.80 (80% of the allowed fees pursuant to the Administrative Order) and reimbursement of $168.70 (100% of the allowed expenses pursuant to the Administrative Order) for a total payment of $19,183.50, and for such other and further relief as this Court may deem just and proper.

Dated: April 22, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ James E. O'Neill*
Bradford J. Sandler (DE Bar No. 4142)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email: bsandler@pszjlaw.com
joneill@pszjlaw.com

- and –

**KELLEY DRYE & WARREN LLP**
Jason R. Adams (admitted *pro hac vice*)
Eric R. Wilson (admitted *pro hac vice*)
William S. Gyves (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Email: jadams@kelleydrye.com
ewilson@kelleydrye.com
wgyves@kelleydrye.com
mmcloughlin@kelleydrye.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**DECLARATION**

STATE OF DELAWARE :
:
COUNTY OF NEW CASTLE :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a) I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b) I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c) I have reviewed the foregoing Statement and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, the Administrative Order signed on or about March 4, 2025 and submit that the Statement substantially complies with such rule and orders.

*/s/ James E. O'Neill*
James E. O'Neill