## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 429** |

### FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT
### OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on February 14, 2025, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 429] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Assumption Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2**

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

attached hereto is hereby assumed or assumed and assigned, as applicable, effective as of the date (the "Assumption Date") set forth in **Schedule 2**, or such other date as the Debtors and the counterparty or counterparties to any such Contract agree.  Please reach out to counsel for GA Joann Retail Partnership, LLC, Lowenstein Sandler LLP, Attn.: Andrew Behlmann (abehlmann@lowenstein.com) if any questions relating to **Schedule 2**.

PLEASE TAKE FURTHER NOTICE that the Debtor or Assignee, as applicable, has the financial wherewithal to meet all future obligations under the Contract, which may be evidenced upon written request by the counterparty to the Contract,[3] thereby demonstrating that the Debtor or Assignee, as applicable, has the ability to comply with the requirements of adequate assurance of future performance.[4]

PLEASE TAKE FURTHER NOTICE that parties seeking to object to the proposed assumption or assumption and assignment of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is *actually received* by the following parties no later than fourteen (14) days after the date that the Debtors served this Notice:  (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500

---

[3]    To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice.

[4]    The Debtors shall serve the counterparty to the Contract with evidence of adequate assurance upon such counterparty's written request to Debtors' counsel.

Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (e) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (f) GA Joann Retail Partnership, LLC, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn.: Andrew Behlmann (abehlmann@lowenstein.com); and (g) counsel to the Official Committee of Unsecured Creditors, (i) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com). Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the assumption or assumption and assignment of each Contract shall become effective on the applicable Assumption Date set forth in **Schedule 2** attached hereto, or such other date to which the Debtors and the counterparty or counterparties to such Contract agree.[5] If the Contract is an unexpired lease of non-residential real property (a "**Lease**"), the Debtors shall file an Assumption Order under a certificate of no objection, which shall be assumed or assumed and assigned upon entry of the Assumption Order or such other date as the Debtors and the counterparty or counterparties to such Lease agree.

**PLEASE TAKE FURTHER NOTICE** that, the proposed cure amount under the Contract is set forth in **Schedule 2** attached hereto. If a written objection to the proposed cure amount is not timely filed, then the cure amount shall be binding on all parties and no amount in excess thereof shall be paid for cure purposes.

**PLEASE TAKE FURTHER NOTICE** that if an objection to the assumption or assumption and assignment of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates. If such objection is overruled or withdrawn, such Contract or Contracts shall be assumed or assumed and assigned as of the Assumption Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such Contract agree or as ordered by the Court.

*[Remainder of page intentionally left blank]*

---

[5]    An objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice shall not constitute an objection to the assumption and/or assignment of any other contract or lease listed in this Assumption Notice. Any objection to the assumption and/or assignment of any particular Contract or cure amount listed in this Assumption Notice must state with specificity the Contract to which it is directed. For each particular Contract whose assumption and/or assignment is not timely or properly objected to, such assumption and/or assignment will be effective in accordance with this Assumption Notice and the Order.

Dated: April 28, 2025
Wilmington, Delaware

/s/ Patrick J. Reilley
_____

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:      (302) 652-3131
Facsimile:      (302) 652-3117
Email:           preilley@coleschotz.com
                 snewman@coleschotz.com
                 mfitzpatrick@coleschotz.com
                 jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com
Email:           aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:           anup.sathy@kirkland.com
                 jeff.michalik@kirkland.com
                 lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## Schedule 1

**Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Re: Docket No. 16 and 401** |

## ORDER (I) AUTHORIZING AND APPROVING
## PROCEDURES TO REJECT OR ASSUME EXECUTORY
## CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing and approving procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases (including any amendments or modifications thereto, collectively, the "Contracts") and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The following Rejection Procedures are approved in connection with rejecting Contracts:

a.      ***Rejection Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the Debtors' intent to reject a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things:  (i) the Contract or Contracts to be rejected including the store number and address; (ii) the names and addresses of the counterparties to such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed effective date of rejection for each such Contract(s), (each, the "Rejection Date"); (iv) if any such Contract is an unexpired lease of non-residential real property (a "Lease"), the personal property to be abandoned (the "Abandoned Property"), if any, and an estimate of the book value of such property, if practicable; (v) with respect to any Lease, any known third party having an interest in any remaining property, including personal property, consigned goods, furniture, fixtures, and equipment, located at the leased premises; and (vi) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts; *provided* that the number of counterparties to Contracts listed on each Rejection Notice shall be limited to no more than 100; *provided*, *further*, if any such Contract is a Lease, the Rejection Notice shall be accompanied by a proposed form of order (the "Rejection Order") approving the rejection of the Lease(s), which shall be substantially in the form of Schedule 3 to the Rejection Notice, and no Lease shall be deemed rejected absent entry of an applicable Rejection Order.

2

b.    ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel by email, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the United States Trustee for the District of Delaware, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (B) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) the Official Committee of Unsecured Creditors (the "Committee"); (E) the United States Attorney's Office for the District of Delaware; (F) the Internal Revenue Service; (G) the attorneys general in the states where the Debtors conduct their business operations; (H) any known parties that have an interest in abandoned property at the premises; and (I) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection or the Debtors' proposed abandonment of the Abandoned Property must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"):  (i) the Debtors, 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (b) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (iv) counsel to the Prepetition ABL Agent, (a) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider

---

[3]   An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(marjorie.crider@morganlewis.com) and (b) Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, Delaware 19801, Attn.: Kurt F. Gwynne (kgwynne@reedsmith.com) and Jason D. Angelo (jangelo@reedsmith.com); (v) counsel to the Prepetition FILO Agent, (a) Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com) and (b) DLA Piper LLP (US), 1201 N Market St. Suite 2100, Wilmington, Delaware 19801, Attn.: Stuart Brown, Esq. (stuart.brown@dlapiper.com); (vi) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (vii) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (viii) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); (ix) proposed counsel to the Official Committee of Unsecured Creditors, (a) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware, 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com); and (x) the applicable Rejection Counterparties (and upon such Rejection Counterparty's counsel by email, if known).

d.   ***No Objection Timely Filed***.  If no objection to the rejection of any Contract is timely filed, including to the proposed abandonment of any Abandoned Property, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided* that if a Rejection Counterparty files a response to the Rejection Notice on the docket of the Court explicitly requesting entry of an order approving such Rejection, the Debtors will submit such an order to the Court prior to the proposed Rejection Date or as soon as reasonably practicable thereafter; *provided*, *further*, if the Contract is a Lease, the Debtors shall submit the Rejection Order to the Court under a certificate of no objection authorizing the rejection of each such Lease listed in the applicable Rejection Notice to be rejected as of the later of (i) the applicable Rejection Date set forth in the Rejection Notice or such other date as the

4

Debtors and the applicable Rejection Counterparty may agree and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Effective Date"); *provided, further,* that the Rejection Effective Date for a Lease rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.  For the avoidance of doubt, such Contract will only be deemed rejected upon the entry of a Rejection Order resolving the objection as between the Debtors and the applicable objecting party and/or Rejection Counterparty, unless the Debtors and the applicable Rejection Counterparty agree otherwise or as otherwise ordered by the court.

f.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g.    ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.    ***Abandoned Property***.  The Debtors, in consultation with the Prepetition ABL Agent and the Prepetition FILO Agent, are authorized, but not directed, at any time on or before the Rejection Effective Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Effective Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Effective Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Contract counterparty or counterparties may, in their sole discretion and without

further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties, and, to the extent applicable, the automatic stay is modified to allow such disposition. The Contract counterparty's rights, if any, to file a claim for the disposal of such property are reserved, as are the rights of any party in interest to object to such claims. For the avoidance of doubt, nothing in this Order is intended to affect the rights of any party other than the Debtors in such Abandoned Property. The rights of any other party in Abandoned Property, and the rights of the landlord regarding such Abandoned Property, will be governed by applicable non-bankruptcy law.

i.    ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Date or, in the case, of a Lease, the Rejection Effective Date, and (B) the date of entry of an order rejecting the Contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.    The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.    ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as **Exhibit 2** (the "Assumption Notice") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed including the store number and address; (ii) the names and addresses of the counterparties to such Contracts (each an "Assumption Counterparty"); (iii) the identity of the proposed assignee of such Contracts (the "Assignee"), if applicable; (iv) the effective date of the assumption for each such Contract (the "Assumption Date"); (v) the proposed cure amount, if any for each such Contract; (vi) with respect to any Lease which the Debtors seek to assume and assign (if any), any known third party having an interest in any consigned goods subject to such assignment; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). If any such Contract is a Lease, the Assumption Notice shall be accompanied by a proposed form of order (the "Assumption Order") approving the assumption or assumption and assignment of the Lease(s), which shall be substantially in the form of Schedule 3 to the Assumption Notice, and no Lease shall be deemed assumed absent entry of an applicable Assumption Order.

b.    ***Service of the Assumption Notice and Evidence of Adequate Assurance***. The Debtors will cause the Assumption Notice to be served (i) by first class mail upon the Assumption Counterparties affected by the Assumption

Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c. **_Objection Procedures_**. Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen (14) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d. **_No Objection_**. If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* if the Contract is a Lease, the Debtors shall submit the Assumption Order to the Court under a certificate of no objection authorizing the assumption of each Lease, which shall be assumed or assumed and assigned upon entry of the Assumption Order or such other date as the Debtors and the applicable Assumption Counterparties may agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes*; provided, however,* that the Assumption Date for a Lease shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e. **_Unresolved Timely Objections_**. If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be assumed or assumed and assigned upon entry by the

---

[4] The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5] An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is overruled or withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and applicable Assumption Counterparty agree, or as ordered by the Court.

f.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.    The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of any counterparty to object to such assertion.

5.    The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments to the Contracts with the written consent of the applicable Assumption Counterparty to the extent such amendments are set forth in an Assumption Notice in accordance with this Order.

6.    Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

7.    Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

8.    Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order is intended as or shall be construed or deemed to be:  (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or

other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

10.      To the extent that the Debtors propose to abandon any personal property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such personal property before such abandonment.

9

11.     The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any non-residential real property subject to a rejected Contract as, and to the extent they are, required to do so by applicable law.

12.     Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 14th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

[*See Exhibits to the Order at Docket No. 429*]

## **Schedule 2**

**Assumed Contracts**

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 1 | Burlington Coat Factory Warehouse Corporation | Shops at St. Johns, LLC | Simon Property Group, Attn: Legal Department, Indianapolis, IN, 46204-3438 | 2039 | 10261 River Marsh Drive Ste 149 | June 18, 2003 Lease Agreement between Jo-Ann Stores, LLC and Shops at St. Johns, LLC | $39,476.28 | 6/1/2025 |
| 2 | Burlington Coat Factory of Texas, Inc. | Smart Cienega SPE, LLC | c/o Property Management Advisors, Inc., 1234 East 17th Street, #B, Santa Ana, CA, 92701 | 2119 | 5885 Lincoln Avenue | April 20, 2005 Lease Agreement between Jo-Ann Stores, LLC and Smart Cienega SPE, LLC | $58,234.00 | 6/1/2025 |
| 3 | Burlington Coat Factory of Texas, Inc. | Chestnut Court Darien Il, LLC | c/o Mid-America Asset Management, Inc., One Parkview Plaza, 9th Floor, Oakbrook Terrace, IL, 60181 | 2176 | 7511 Lemont Rd Ste 101 | March 31, 2009 Lease Agreement between Jo-Ann Stores, LLC and CHESTNUT COURT DARIEN IL, LLC | $24,092.00 | 6/1/2025 |
| 4 | Burlington Coat Factory of Texas, Inc. | Spirit Properties, Ltd. | Attn: Randy Wrage, 21070 Centre Pointe Parkway, Santa Clarita, CA, 91350 | 2452 | 26583 Carl Boyer Drive | October 15, 2014 Lease Agreement between Jo-Ann Stores, LLC and Spirit Properties, Ltd. | $35,041.13 | 6/1/2025 |
| 5 | Burlington Coat Factory Warehouse Corporation | BV Wolf Creek, LLC | 2194 Snake River Parkway, Suite 300, Attn: Thel Casper, Idaho Falls, ID, 83402 | 2456 | 10521 S. 15Th Street | November 11, 2014 Lease Agreement between Jo-Ann Stores, LLC and BV Wolf Creek, LLC | $26,004.24 | 6/1/2025 |
| 6 | Burlington Coat Factory of | DKS Investments, Inc. | c/o Knorr Management, Inc., 3736 Fallon Rd. | 1877 | 2210 Daniels St | October 30, 2009 Lease Agreement between Jo-Ann | $25,356.33 | 6/1/2025 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| | Texas, Inc. | | #509, Dublin, CA, 94568 | | | Stores, LLC and DKS Investments, Inc. | | |
| 7 | Burlington Coat Factory of Texas, Inc. | Ming Retail Plaza LLC | c/o M.D. Atkinson Company, Inc., 1401 19th Street, Suite 400, Bakersfield, CA, 93301 | 1014 | 3010 Ming Ave | August 13, 2015 Lease Agreement between Jo-Ann Stores, LLC and Ming Retail Plaza LLC | $25,209.58 | 5/1/2025 |
| 8 | Burlington Coat Factory Warehouse Corporation | University Hills Plaza, LLC | c/o Miller Real Estate Investments, LLC, Attn: Scott Goldammer, Property Mgr., Greenwood Village, CO, 80111 | 2179 | 2580 South Colorado Blvd | February 25, 2010 Lease Agreement between Jo-Ann Stores, LLC and University Hills Plaza, LLC | $39,938.00 | 6/1/2025 |
| 9 | Burlington Coat Factory Warehouse Corporation | Lancaster Development Company LLC | c/o C.E. John Company, Inc., Attn: Director of Property Management, Vancouver, WA, 98661 | 2218 | 783 Lancaster Dr. Ne. Suite #133 | December 06, 2010 Lease Agreement between Jo-Ann Stores, LLC and Lancaster Development Company LLC | $14,665.05 | 6/1/2025 |
| 10 | Burlington Coat Factory of Texas, Inc. | Alameda Crossing Station LLC | Attn: Robert F. Myers, COO, 11501 Northlake Drive, Cincinnati, OH, 45249 | 2132 | 1717 N Dysart Road | August 11, 2005 Lease Agreement between Jo-Ann Stores, LLC and Alameda Crossing Station LLC | $0.00 | 6/1/2025 |
| 11 | Burlington Coat Factory of Texas, Inc. | IGI21 Katy LLC | 1140 N. Williamson Blvd, Suite 140, Attn: Steven R. Greathouse, Chief Investment Officer, Daytona Beach, FL, 32114 | 2226 | 1219 North Fry Road | February 24, 2011 Lease Agreement between Jo-Ann Stores, LLC and IGI21 Katy LLC | $0.00 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 12 | Burlington Coat Factory Warehouse Corporation | Suburban Plaza, LLC | c/o Selig Enterprises, Inc., Attn: Kenneth J. Clayman, Esq., Atlanta, GA, 30309 | 2412 | 2655 N. Decatur Road | August 12, 2014 Lease Agreement between Jo-Ann Stores, LLC and Suburban Plaza, LLC | $24,347.51 | 6/1/2025 |
| 13 | Burlington Coat Factory of Texas, L.P. | Tri Marsh Realty LLC | 4801 Harbor Dr., Attn: Bo Avery, Flower Mound, TX, 75022 | 2140 | 10515 N Mo Pac Expy Bldg 1 | May 31, 2006 Lease Agreement between Jo-Ann Stores, LLC and Tri Marsh Realty LLC | $0.00 | 6/1/2025 |
| 14 | Burlington Coat Factory of Texas, Inc. | WLPX Hesperia, LLC | c/o Lewis Operating Corp., 1152 North Mountain Avenue, Upland, CA, 91785 | 2270 | 12779 Main Street | May 20, 2011 Lease Agreement between Jo-Ann Stores, LLC and WLPX Hesperia, LLC | $29,624.01 | 6/1/2025 |
| 15 | Burlington Coat Factory Warehouse Corporation | Overlook Village Asheville, LLC | c/o Armada Hoffler Properties, Inc., 222 Central Park Avenue, Suite 2100, Virginia Beach, VA, 23462 | 2284 | 80 South Tunnel Road Suite 30 | August 26, 2011 Lease Agreement between Jo-Ann Stores, LLC and Overlook Village Asheville, LLC | $0.00 | 6/1/2025 |
| 16 | Burlington Coat Factory of Texas, L.P. | Sherman Commons, L.P. | c/o CBRE, 2100 McKinney Ave., Suite 800, Dallas, TX, 75201 | 2308 | 4127 N Hwy 75 | March 28, 2012 Lease Agreement between Jo-Ann Stores, LLC and Sherman Commons, L.P. | $0.00 | 6/1/2025 |
| 17 | Burlington Coat Factory Warehouse Corporation | SRK Lady Lake 21 SPE, LLC | c/o The Benchmark Group, 4053 Maple Road, Suite 200, Amherst, NY, 14226 | 1598 | 540 N Us Hwy 441 | June 30, 2008 Lease Agreement between Jo-Ann Stores, LLC and SRK Lady Lake 21 SPE, LLC | $33,243.25 | 6/1/2025 |
| 18 | Burlington Coat Factory | Progress Square Partners, LP | c/o Argonaut Investments, 101 Larkspur Landing | 2329 | 720 W. Telegraph | February 29, 2012 Lease Agreement between Jo-Ann | $30,500.00 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| | Warehouse Corporation | | Circle, Suite 120, Larkspur, CA, 94939 | | | Stores, LLC and Progress Square Partners, LP | | |
| 19 | Burlington Coat Factory Warehouse Corporation | RPT Newnan LLC | 500 North Broadway, Suite 201, P.O. Box 9010, Jericho, NY, 11753 | 2364 | 1074 Bullsboro Drive, Unit #6 | December 20, 2012 Lease Agreement between Jo-Ann Stores, LLC and RPT Newnan LLC | $18,239.71 | 5/1/2025 |
| 20 | Burlington Coat Factory of Kentucky, Inc. | Shelbyville Road Plaza, LLC | c/o Hagan Properties, 12911 Reamers Road, Louisville, KY, 40245 | 2145 | 4600 Shelbyville Rd Ste 280 | January 18, 2008 Lease Agreement between Jo-Ann Stores, LLC and Shelbyville Road Plaza, LLC | $50,059.33 | 6/1/2025 |
| 21 | Burlington Coat Factory of Texas, L.P. | Rayzor Ranch Marketplace Associates, LLC | 8140 Walnut Lane, Suite 400, Attn: Property Manager, Dallas, TX, 75231 | 2212 | 2640 West University Dr | November 17, 2010 Lease Agreement between Jo-Ann Stores, LLC and Rayzor Ranch Marketplace Associates, LLC | $0.00 | 6/1/2025 |
| 22 | Burlington Coat Factory of Texas, Inc. | ECHO/Continental Lincoln Village, LLC | c/o Worth Capital, 2501 E. Main St. AND PO Box 9646 (Columbus, same zip), Columbus, OH, 43209 | 2054 | 4600 W Broad Street | August 22, 2003 Lease Agreement between Jo-Ann Stores, LLC and ECHO/Continental Lincoln Village, LLC | $22,548.01 | 6/1/2025 |
| 23 | Burlington Coat Factory Warehouse Corporation | Myrtle Beach Farms Company, Inc. | 8820 Marina Parkway, Attn: Lease Administration, Myrtle Beach, SC, 29572 | 2566 | 1120 Seaboard St | January 28, 2022 Lease Agreement between Jo-Ann Stores, LLC and Myrtle Beach Farms Company, Inc. | $38,121.49 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|-----|----------|----------|------------------|--------------|---------------|---------------------------|-------------|-----------------|
| 24 | Burlington Coat Factory of Texas, L.P. | BVA SPM SPE LLC | c/o Big V Properties LLC, 176 North Main Street, Suite 210, Florida, NY, 10921 | 2571 | 9500 S IH 35 Frontage Rd | December 22, 2021 Lease Agreement between Jo-Ann Stores, LLC and BVA SPM SPE LLC | $0.00 | 6/1/2025 |
| 25 | Burlington Coat Factory of Texas, L.P. | 380 Younger LLC | 14643 Dallas Parkway, Suite 950, Attn: Benjamin Smith, Younger Partners, DALLAS, TX, 75254 | 2296 | 2050 West University Dr Suite 250 | September 30, 2011 Lease Agreement between Jo-Ann Stores, LLC and 380 Younger LLC | $0.00 | 6/1/2025 |
| 26 | Burlington Coat Factory Warehouse Corporation | Spring Creek Owner, LLC | c/o DLC Management Corp., 565 Taxter Rd., Suite 400, Elmsford, NY, 10523 | 1894 | 3835 North Mall Ave | January 13, 2010 Lease Agreement between Jo-Ann Stores, LLC and Spring Creek Owner, LLC | $8,503.52 | 6/1/2025 |
| 27 | Burlington Coat Factory Warehouse Corporation | NORTH MAIN PHASE II AND III LLC | C/O CHILDRESS KLEIN, 301 S. COLLEGE ST., SUITE 2800, CHARLOTTE, NC, 28202 | 2351 | 1215-B North Main Street | November 29, 2012 Lease Agreement between Jo-Ann Stores, LLC and NORTH MAIN PHASE II AND III LLC | $22,345.83 | 6/1/2025 |
| 28 | Burlington Coat Factory of Texas, Inc. | Regency Centers, L.P. | c/o Regency Centers Corporation, One Independent Drive, Jacksonville, FL, 32202-5019 | 2589 | 3872 C Paxton Avenue ) | January 31, 2023 Lease Agreement between Jo-Ann Stores, LLC and Regency Centers, L.P. | $0.00 | 6/1/2025 |
| 29 | Burlington Coat Factory of | LNN Enterprises, Inc. | 9 W. Cherry Ave., Ste. A, Attn: Giavanna Nackard Bednar, VP of | 1831 | 1514 S Riordan Ranch St | April 06, 1979 Lease Agreement between Jo-Ann Stores, LLC | $0.00 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| | Texas, Inc. | | Operations, Flagstaff, AZ, 86001 | | | and LNN Enterprises, Inc. | | |
| 30 | Burlington Coat Factory Warehouse Corporation | GP Retail I, LLC - dba SRV Investors | c/o Gart Properties, LLC, 240 St. Paul Street, Suite 200, Denver, CO, 80206 | 2071 | 7360 South Gartrell Road | July 16, 2004 Lease Agreement between Jo-Ann Stores, LLC and GP Retail I, LLC - dba SRV Investors | $32,909.74 | 6/1/2025 |
| 31 | Burlington Coat Factory Warehouse Corporation | Goodmen Big Oaks, LLC | c/o TRI Inc., 1071 Fall Springs Rd., Collierville, TN, 38017 | 2225 | 3875 North Gloster Street | January 11, 2011 Lease Agreement between Jo-Ann Stores, LLC and Goodmen Big Oaks, LLC | $15,511.67 | 5/1/2025 |
| 32 | Burlington Coat Factory of Texas, Inc. | Widewaters Roseland Center Company, LLC | c/o The Widewaters Group, Inc., 5845 Widewaters Parkway, Suite 100, East Syracuse, NY, 13057 | 2211 | 3225 State Route 364 | November 19, 2010 Lease Agreement between Jo-Ann Stores, LLC and Widewaters Roseland Center Company, LLC | $14,014.52 | 6/1/2025 |
| 33 | Burlington Coat Factory Warehouse Corporation | The Williams Family Trust | c/o Alliance Development, 230 Ohio Street, #200, Oshkosh, WI, 54902 | 2348 | 1226 Koeller St | July 26, 2012 Lease Agreement between Jo-Ann Stores, LLC and The Williams Family Trust | $18,075.00 | 6/1/2025 |
| 34 | Burlington Coat Factory Warehouse Corporation | A.I. Longview LLC | dba Hedinger Group, 5440 SW Westgate Drive, Suite 250, Portland, OR, 97221 | 1867 | 700 Ocean Beach Hwy Ste 100 | September 30, 2008 Lease Agreement between Jo-Ann Stores, LLC and A.I. Longview LLC | $19,447.21 | 6/1/2025 |
| 35 | Burlington Coat Factory of Texas, Inc. | RCG-Bradley VII, LLC | c/o RCG Ventures, LLC, 3060 Peachtree Rd. NW, | 2587 | 2056 N State Rt. 50 (Unit 15) | September 29, 2022 Lease Agreement between Jo-Ann | $25,032.10 | 5/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| | | | Suite 400, Atlanta, GA, 30355 | | | Stores, LLC and RCG-Bradley VII, LLC | | |
| 36 | Burlington Coat Factory of Texas, Inc. | T SOUTHERN TIER PIL NY, LLC, T SOUTHERN TIER NY, LLC AND | TSOUTHERN TIER PIT NY, LLC, 16600 Dallas Pkwy, Suite 300, Dallas, TX, 75248 | 1868 | 1530 County Route 64 | April 06, 2009 Lease Agreement between Jo-Ann Stores, LLC and T SOUTHERN TIER PIL NY, LLC, T SOUTHERN TIER NY, LLC AND | $24,134.10 | 6/1/2025 |
| 37 | Burlington Coat Factory Warehouse Corporation | U-Blaine Properties LLC | c/o Inland Companies Inc. dba Colliers International, 833 E. Michigan St., Suite 500, Milwaukee, WI, 53202 | 1866 | 4045 Commonwealth Ave | August 26, 2008 Lease Agreement between Jo-Ann Stores, LLC and U-Blaine Properties LLC | $25,388.94 | 6/1/2025 |
| 38 | Burlington Coat Factory Warehouse Corporation | Pompano MZL LLC | c/o KPR Centers LLC (Katz Properties Retail), 535 Fifth Avenue, 12th Floor, New York, NY, 10017 | 1023 | 1131 S Federal Hwy | August 07, 1997 Lease Agreement between Jo-Ann Stores, LLC and Pompano MZL LLC | $33,550.96 | 5/1/2025 |
| 39 | Burlington Coat Factory of Texas, Inc. | PONTIAC MALL LIMITED PARTNERSHIP | C/O GERSHENSON REALTY & INVESTMENT, 31500 NORTHWESTERN HWY, SUITE 100, FARMINGTON HILLS, MI, 48334 | 2277 | 9052 Highland Road | July 28, 2011 Lease Agreement between Jo-Ann Stores, LLC and PONTIAC MALL LIMITED PARTNERSHIP | $30,966.35 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 40 | Burlington Coat Factory of Texas, Inc. | LCR Walpole LLC | c/o The Wilder Companies, Ltd., 800 Boylston Street - Suite 1300, Boston, MA, 02199 | 2403 | 96 Providence Highway | July 31, 2013 Lease Agreement between Jo-Ann Stores, LLC and LCR Walpole LLC | $17,755.77 | 6/1/2025 |
| 41 | Burlington Coat Factory of Texas, Inc. | RAF Investments Ltd. | 397 Churchill Hubbard Rd., Suite 2, Attn: Vince Fond, Jr., Youngstown, OH, 44505 | 2519 | 441 Boardman Poland Road | October 16, 2017 Lease Agreement between Jo-Ann Stores, LLC and RAF Investments Ltd. | $28,881.00 | 6/1/2025 |
| 42 | Burlington Coat Factory of Texas, L.P. | T Mesquite MKT WVS TX, LLC | 16600 Dallas Parkway, Suite 300, Attn: Zoe Lopez, Regional Property Manager, Dallas, TX, 75248 | 2575 | 19105 Lyndon B Johnson Fwy | February 01, 2022 Lease Agreement between Jo-Ann Stores, LLC and T Mesquite MKT WVS TX, LLC | $0.00 | 5/1/2025 |
| 43 | Burlington Coat Factory Warehouse Corporation | Big B1, Inc | 655 South 700 East, Attn: Bankim ("Bobby") Patel, Orem, UT, 84097 | 2576 | 3558 E Main St | May 09, 2022 Lease Agreement between Jo-Ann Stores, LLC and Big B1, Inc | $20,836.75 | 6/1/2025 |
| 44 | Burlington Coat Factory of Texas, L.P. | TXC Capital, LLC | c/o Crimson Capital LLC, 17 Elm Street, Morristown, NJ, 07960 | 2446 | 10501 Gateway Blvd W Bld 9 | June 23, 2014 Lease Agreement between Jo-Ann Stores, LLC and TX Crimson, LLC | $0.00 | 6/1/2025 |
| 45 | Burlington Coat Factory of Texas, L.P. | IA Round Rock University Oaks Limited Partnership | c/o InvenTrust Property Management, LLC, 3025 Highland Parkway, Ste. 350, Downers Grove, IL, 60515 | 2155 | 201 University Oaks Blvd | March 31, 2008 Lease Agreement between Jo-Ann Stores, LLC and IA Round Rock University Oaks Limited Partnership | $0.00 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 46 | Boot Barn, Inc. | CI Warner Robbins, LLC | c/o Fickling Management Services, 577 Mulberry Street, Suite 1100, Macon, GA, 31202 | 2490 | 2951 Watson Blvd | August 05, 2016 Lease Agreement between Jo-Ann Stores, LLC and CI Warner Robbins, LLC | $13,013.63 | 5/1/2025 |
| 47 | SFM, LLC | BV Waco Central Texas Marketplace, LLC | c/o Ball Ventures, LLC, 2194 Snake River Parkway, Suite 300, Idaho Falls, ID, 83402 | 2445 | 4633 S. Jack Kultgen Expy Unit 104 | May 30, 2014 Lease Agreement between Jo-Ann Stores, LLC and BV Waco Central Texas Marketplace, LLC | $26,727.83 | 6/1/2025 |
| 48 | Massa Furniture, Inc. | MFBY Ocala, LLC | c/o RD Management LLC, Attn: General Counsel, New York, NY, 10019 | 1244 | 2405 Sw 27Th Ave | November 10, 1980 Lease Agreement between Jo-Ann Stores, LLC and MFBY Ocala, LLC | $10,299.14 | 6/1/2025 |
| 49 | Cavender Stores, L.P. | Midlo Younger, LLC | c/o Younger Partners, 14643 Dallas Parkway, Suite 950, LB #58, Dallas, TX, 75254 | 2501 | 2000 F.M. 663 St 500 | March 09, 2017 Lease Agreement between Jo-Ann Stores, LLC and Midlo Younger, LLC | $0.00 | 6/1/2025 |
| 50 | Vitamin Cottage Natural Food Markets, Inc. | Lake Geneva Retail LeaseCo., L.L.C. | Inland Comm. Real Estate Services LLC #51573, 2901 Butterfield Rd, Oak Brook, IL, 60523 | 2322 | 600 N. Edwards Blvd | June 14, 2012 Lease Agreement between Jo-Ann Stores, LLC and Lake Geneva Retail LeaseCo., L.L.C. | $17,392.15 | 6/1/2025 |
| 51 | Harmon POS Sales LLC | SP 35 L.P. | c/o National Realty & Development Corp., Attn: Chief Operating Officer, New York, NY, 10281 | 593 | 1026 Broad St | September 15, 1976 Lease Agreement between Jo-Ann Stores, LLC and SP 35 L.P. | $0.00 | 6/1/2025 |

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[1] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 52 | Boot Barn, Inc. | Integris Ventures-TC, LLC | c/o Integris Ventures - Management, LLC, 655 Craig Road, Suite 100, Creve Coeur, MO, 63141 | 1893 | 1923 Old Fort Pkwy | January 18, 2010 Lease Agreement between Jo-Ann Stores, LLC and Integris Ventures-TC, LLC | $17,754.55 | 6/1/2025 |
| 53 | Cavender Stores, L.P. | De Anza Properties 4, LLC | c/o Corinthian Real Estate Inc., 3217 Montrose Blvd, Suite 228, Houston, TX, 77006 | 2387 | 1671 Ih-35 South, Suite 208 | April 09, 2013 Lease Agreement between Jo-Ann Stores, LLC and De Anza Properties 4, LLC | $0.00 | 5/1/2025 |
| 54 | Hobby Lobby Stores, Inc. | Real Sub, LLC | c/o Publix Super Markets, Inc., P.O. Box 407, Lakeland, FL, 33802-0407 | 1959 | 11215 Causeway Blvd | June 06, 2000 Lease Agreement between Jo-Ann Stores, LLC and Real Sub, LLC | $52,191.47 | 6/1/2025 |
| 55 | PARISINA INTERNATIONAL LLC | Pavilions North Shopping Center 18, LLC | c/o ACF Property Management, Inc., .12411 Ventura Boulevard, Studio City, CA, 91604 | 2157 | 25 Ne Loop 410 Ste 114 | May 05, 2008 Lease Agreement between Jo-Ann Stores, LLC and Pavilions North Shopping Center 18, LLC | $0.00 | 6/1/2025 |

**<u>Schedule 3</u>**

**Proposed Contract Assumption Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[7] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. _** |

### FIRST ORDER AUTHORIZING THE DEBTORS TO ASSUME AND
### ASSIGN CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[8] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Assumption Notice") satisfies the requirements set forth in the Procedures Order; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final

---

[7] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[8] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Contracts set forth in **Exhibit 1** attached hereto are assumed effective as of the Assumption Date and assigned to the Counterparty listed on **Exhibit 1**, as applicable.  The assumption of the Contracts set forth in **Exhibit 1** are subject to the Debtors' paying the cure amounts, if any, set forth in **Exhibit 1**, to the Contract Counterparty in a manner consistent with the terms of the applicable agreement (a) if the cure amount is undisputed, promptly after the entry of this Order or (b) if the cure amount is disputed, the earlier of (i) the date on which the Debtors and Contract Counterparty agree to a cure amount or (ii) the date specified in a final and non-appealable order entered by this Court following a hearing determining such cure amount scheduled with notice to the objecting Contract Counterparty.  Upon satisfaction of the cure amount, each Contract Counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other interests with respect to its Contract that arose, accrued, or came due on or before the Assumption Date.

2.     With regard to Contracts to be assigned incident to the closing of a sale under section 363 of the Bankruptcy Code which satisfies the requirements of Code section 363(f), pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Contract upon the closing of such sale shall:  (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guaranties of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Contract(s) (but only in connection with the assignment by the Debtor to the Assignee) or (B) in respect of any taxes), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Contract(s) and vests the applicable Assignee with all rights, titles, and interests to the applicable Contracts.[9]  For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee.

---

[9]    Certain of the Contracts may contain provisions that restrict, prohibit, condition, or limit the assumption and/or assignment of such Contract.  The Debtors rights are reserved with respect to the enforceability of such provisions, as are the rights of any party in interest to object to such claims.

3.      Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Contract, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to any Assignees the applicable Contracts, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Contracts except as otherwise provided for in this Order and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

4.      The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of any counterparty to object to such assertion.

5.      The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Contracts arising, accruing, or relating to a period prior to the applicable closing date; *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors or the applicable Assignee, as agreed by and among the Debtors and the applicable Assignee.

6.      Notwithstanding anything to the contrary herein, the Debtors are authorized to remove any Contract from the schedule to the Assumption Notice at any time prior to the Assumption Date.

7.      The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments with the written consent of the applicable Assumption Counterparty as set forth in an Assumption Notice.

8.      Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

9.      Nothing contained in the Assumption Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

10.     Notice of the Assumption Notice as provided therein shall be deemed good and sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

11.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

12.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

13.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

<u>**Schedule 1**</u>

**Assumed Contracts**

[*Schedule 1 intentionally omitted*]