# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*, | Case No. 25-10068 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | **Obj. Deadline:** May 12, 2025 at 4:00 p.m. (ET) |
| | **Hearing Date:** May 21, 2025 at 10:00 a.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER (I) APPROVING CLOSING AGREEMENT WITH UNITED STEELWORKERS AND (II) GRANTING RELATED RELIEF

JOANN, Inc. and the debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors"), hereby submit this motion (the "Motion") for entry of an order (the "Proposed Order"), substantially in the form attached hereto as **Exhibit A**, seeking relief under section 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the *Closing and Termination Agreement* (the "Closing Agreement") with United Steelworkers, on behalf of itself and its Local 48U (the "Union" and, together with the Debtors, the "Parties") a copy of which is attached as **Exhibit 1** to the Proposed Order and incorporated by reference herein. In support of the Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Debtors consent to the entry of a final order by the Court in connection with the Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue of these cases and the Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are section 105 of the Bankruptcy Code and Bankruptcy Rule 9019(a).

**BACKGROUND**

**I.     The Chapter 11 Cases**

4. On January 15, 2025, the Debtors filed voluntary petitions for relief in this Court, commencing cases (the "Chapter 11 Cases") under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession under sections 1107 and 1108 of the Bankruptcy Code.

5. On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] (the "Committee"). No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

6. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is

set forth in detail the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5].

## II. The Closing Agreement

7. The Debtors and the Union are parties to a Collective Bargaining Agreement effective May 6, 2023 through May 5, 2028 (the "CBA"), covering all bargaining unit employees as set forth more fully in the CBA.

8. In connection with these Chapter 11 Cases, the Debtors and the Union have engaged in arms' length negotiations with respect to the effects of the Debtors' decision to cease doing business at the Hudson, Ohio facility (the "Hudson DC"), the expiration of the CBA, and the cessation of the bargaining relationship between the Debtors and the Union.

9. As a result of these negotiations, on April 18, 2025, the Debtors and the Union executed the Closing Agreement on (i) certain operational issues at the Hudson DC that may occur between execution of the Closing Agreement and a full closure of the Hudson DC; and (ii) certain rights and benefits that will be provided by the Debtors to employees covered by the CBA.

## RELIEF REQUESTED

10. By this Motion, the Debtors seek approval of the Closing Agreement attached as **Exhibit 1** to the Proposed Order pursuant to Bankruptcy Rule 9019(a).

## BASIS FOR RELIEF

11. Bankruptcy Rule 9019(a) provides, in relevant part, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." Fed. R. Bankr. P. 9019(a). "[T]he authority to approve a compromise settlement is within the sound discretion of the bankruptcy court." *In re Key3Media Grp., Inc.*, 336 B.R. 87, 92 (Bankr. D. Del. 2005). A court should approve a compromise where it "is fair, reasonable, and in the interest of the estate." *In re Marvel Entm't Grp., Inc.*, 222 B.R. 243, 249 (D. Del. 1998) (*quoting In re Louise's, Inc.*, 211

B.R. 798, 801 (D. Del. 1997)); *see also Myers v. Martin (In re Martin),* 91 F.3d 389, 394 (3d Cir. 1996).

12. When considering the best interest of the estate, a court must "balance the value of the claim that is being compromised against the value to the estate of the acceptance of the compromise proposal." *Martin,* 91 F.3d at 393. In striking this balance, the court should consider the: (1) probability of success in litigation; (2) likely difficulties in collection of any judgment; (3) complexity of the litigation involved and the expense, inconvenience, and delay necessarily attending it; and (4) paramount interest of creditors. *Id.*; *see also Managed Storage Int'l, Inc.,* 601 B.R. 261, 265-66 (Bankr. D. Del. 2019).

13. A "court does not have to be convinced that the settlement is the best possible compromise. Rather, the court must conclude that the settlement is within the reasonable range of litigation possibilities." *In re World Health Alts., Inc.,* 344 B.R. 291, 296 (Bankr. D. Del. 2006) (internal citations and quotations omitted). A court will normally accept the judgment of the movant as long as a legitimate business justification exists. *E.g., Martin,* 91 F.3d at 395.

14. Applying the foregoing standards to the present case, the Debtors have concluded, in the proper exercise of their business judgment, that the resolution embodied in the Closing Agreement is fair, reasonable, and in the best interest of the Debtors and their estates and creditors. The Closing Agreement also satisfies the *Martin* factors set forth above.

15. First, the Debtors negotiated at arms-length with the Union. Entry into the Closing Agreement avoids protracted litigation with the Union in the Chapter 11 Cases over the Debtors' financial and operational obligations under the CBA. If the Debtors' obligations under the CBA were litigated, the Debtors would be forced to incur substantial costs. Such litigation is not without risk and could be complex, costly and protracted, thereby diverting attention of the Debtors'

management. Moreover, the Debtors have determined that entering into the Closing Agreement on the agreed-to terms will aid in the efficient and orderly shutdown of the Hudson DC, which will benefit the Debtors and their estates and creditors.

16. The "paramount interest of the creditors" also strongly supports approval of the Closing Agreement since the Debtors are realizing a substantial benefit without litigation. Accordingly, for the reasons set forth above, the Debtors submit that the Closing Agreement is "fair and equitable" and that the settlement between the parties, as set forth in this Motion, should be approved.

## NOTICE

17. Notice of this Motion will be given to: (i) the U.S. Trustee; (ii) counsel to the Committee; (iii) counsel to the Prepetition Term Loan Agent; (iv) counsel to the Prepetition ABL Agent; (v) counsel to the Prepetition FILO Agent; (iv) the parties to the Closing Agreements; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUESTS

18. No prior request for the relief sought in this Motion has been made to this or any other Court.

## **CONCLUSION**

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: April 28, 2025
Wilmington, Delaware

*/s/ Jack M. Dougherty*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |