## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Re: Docket No. 429** |

### TWENTIETH NOTICE OF REJECTION OF CERTAIN
### EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR CONTRACTS OR LEASES ON SCHEDULE 2 ATTACHED HERETO AND READ THE CONTENTS OF THIS NOTICE CAREFULLY.**

**PLEASE TAKE NOTICE** that on February 14, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order on the motion (the "Motion")[2] of debtors and debtors in possession (the "Debtors") (i) authorizing and approving procedures to reject, assume, or assume and assign executory contracts and unexpired leases and (ii) granting related relief [Docket No. 429] (the "Procedures Order"), attached hereto as **Schedule 1**.

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Procedures Order and by this written notice (this "Rejection Notice"), the Debtors hereby notify you that they have determined, in the exercise of their business judgment, that each Contract set forth on **Schedule 2** attached hereto is hereby rejected effective as of the date (the "Rejection Date") set forth in **Schedule 2**, or

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

such other date as the Debtors and the counterparty or counterparties to any such Contract agree. If any such Contract is an unexpired lease of non-residential real property (a "<u>Lease</u>"), the rejection effective date shall be the later of (a) the proposed effective date set forth on the Rejection Notice; and (b) the date the Debtors relinquish control of the premises by (1) notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and turning over the key, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but that the landlord may rekey the leased premises; *provided* that the Rejection Date for Lease rejected pursuant to this Rejection Notice shall not occur earlier than the date the Debtors filed and served this Rejection Notice.

**PLEASE TAKE FURTHER NOTICE** that parties seeking to object to the proposed rejection of any of the Contracts must file and serve a written objection so that such objection is filed with the Court on the docket of the Debtors' chapter 11 cases and is *actually received* by the following parties no later than fourteen (14) days after the date that the Debtors served this Notice and promptly serve such objection on the following parties: (a) the Debtors, 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (<u>aparna.yenamandra@kirkland.com</u>) and 333 West Wolf Point Plaza, Chicago, Illinois 60654, Attn.: Jeffrey Michalik (<u>jeff.michalik@kirkland.com</u>), and Lindsey Blumenthal (<u>lindsey.blumenthal@kirkland.com</u>) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 600, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (<u>preilley@coleschotz.com</u>), Stacy L. Newman (<u>snewman@coleschotz.com</u>), Michael E. Fitzpatrick (<u>mfitzpatrick@coleschotz.com</u>), and Jack M. Dougherty

(jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (e) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (f) counsel to GA Joann Retail Partnership, LLC, Lowenstein Sandler LLP, One Lowenstein Drive, Roseland, New Jersey 07068, Attn.: Andrew Behlmann (abehlmann@lowenstein.com); and (g) counsel to the Official Committee of Unsecured Creditors, (i) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) and (ii) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com).  Only those responses that are timely filed, served, and received will be considered at any hearing.

**PLEASE TAKE FURTHER NOTICE** that, absent an objection being timely filed, the rejection of each Contract shall become effective on the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the counterparty or counterparties to such

Contract agree.[3]  If the Contract is a Lease, the Debtors shall submit the Rejection Order to the Court under a certificate of no objection authorizing the rejection of each such Lease listed in this Rejection Notice to be rejected as of the later of (i) the applicable Rejection Date set forth in **Schedule 2** or such other date as the Debtors and the applicable Rejection Counterparty may agree and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises.

PLEASE TAKE FURTHER NOTICE that, if an objection to the rejection of any Contract is timely filed and not withdrawn or resolved, the Debtors shall file a notice for a hearing to consider the objection for the Contract or Contracts to which such objection relates.  If such objection is overruled or withdrawn, such Contract or Contracts shall be rejected as of the applicable Rejection Date set forth on **Schedule 2** attached hereto or such other date as the Debtors and Rejection Counterparty agree or as otherwise ordered by the Court.

PLEASE TAKE FURTHER NOTICE that, pursuant to the terms of the Procedures Order, if the Debtors have deposited monies with a Contract counterparty as a security deposit or other arrangement, the Contract counterparty may not set off or recoup or otherwise use such monies without further order of the Court, unless the Debtors and the counterparty or counterparties to such Contracts otherwise agree.

---

[3]    An objection to the rejection of any particular Contract listed in this Rejection Notice shall not constitute an objection to the rejection of any other contract or lease listed in this Rejection Notice.  Any objection to the rejection of any particular Contract listed in this Rejection Notice must state with specificity the Contract to which it is directed.  For each particular Contract whose rejection is not timely or properly objected to, such rejection will be effective in accordance with this Rejection Notice and the Order.

**PLEASE TAKE FURTHER NOTICE** that, absent timely objection, any personal property of the Debtors that is listed and described in **Schedule 2** attached hereto shall be deemed abandoned as of the Rejection Date.

**PLEASE TAKE FURTHER NOTICE** that, to the extent you wish to assert a claim with respect to rejection of your Contract or Contracts, you must do so by the later of (a) the claims bar date established in these chapter 11 cases, if any, and (b) thirty (30) days after the later of (1) the Rejection Date, if no objection is filed and (2) the date that all such filed objections have either been overruled or withdrawn.  IF YOU FAIL TO TIMELY SUBMIT A PROOF OF CLAIM IN THE APPROPRIATE FORM BY THE DEADLINE SET FORTH HEREIN, YOU WILL BE FOREVER BARRED, ESTOPPED, AND ENJOINED FROM (1) ASSERTING SUCH CLAIM AGAINST ANY OF THE DEBTORS AND THEIR CHAPTER 11 ESTATES, (2) VOTING ON ANY CHAPTER 11 PLAN OF REORGANIZATION FILED IN THESE CASES ON ACCOUNT OF SUCH CLAIM, AND (3) PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CHAPTER 11 CASES ON ACCOUNT OF SUCH CLAIM.

Dated: April 30, 2025
Wilmington, Delaware

/s/ Patrick J. Reilley

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:     (302) 652-3117
Email:          preilley@coleschotz.com
                    snewman@coleschotz.com
                    mfitzpatrick@coleschotz.com
                    jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:     (212) 446-4900
Email:          joshua.sussberg@kirkland.com
Email:          aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:     (312) 862-2200
Email:          anup.sathy@kirkland.com
                    jeff.michalik@kirkland.com
                    lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

## **Schedule 1**

**Procedures Order**

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket No. 16 and 401** |

## ORDER (I) AUTHORIZING AND APPROVING PROCEDURES TO REJECT OR ASSUME EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND (II) GRANTING RELATED RELIEF

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") for entry of an order (this "<u>Order</u>"), (a) authorizing and approving procedures for rejecting, assuming, or assuming and assigning executory contracts and unexpired leases (including any amendments or modifications thereto, collectively, the "<u>Contracts</u>") and (b) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this

Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the

Motion were appropriate under the circumstances and no other notice need be provided; and this

Court having reviewed the Motion and having heard the statements in support of the relief

requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having

determined that the legal and factual bases set forth in the Motion and at the Hearing establish just

cause for the relief granted herein; and upon all of the proceedings had before this Court; and after

due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Motion is granted as set forth herein.

2.    The following Rejection Procedures are approved in connection with rejecting

Contracts:

a.    ***Rejection Notice***.  The Debtors shall file a notice substantially in the form
attached hereto as **Exhibit 1** (the "Rejection Notice") indicating the
Debtors' intent to reject a Contract or Contracts pursuant to section 365 of
the Bankruptcy Code, which Rejection Notice shall set forth, among other
things:  (i) the Contract or Contracts to be rejected including the store
number and address; (ii) the names and addresses of the counterparties to
such Contract(s) (each a "Rejection Counterparty"); (iii) the proposed
effective date of rejection for each such Contract(s),
(each, the "Rejection Date"); (iv) if any such Contract is an unexpired lease
of non-residential real property (a "Lease"), the personal property to be
abandoned (the "Abandoned Property"), if any, and an estimate of the book
value of such property, if practicable; (v) with respect to any Lease, any
known third party having an interest in any remaining property, including
personal property, consigned goods, furniture, fixtures, and equipment,
located at the leased premises; and (vi) the deadlines and procedures for
filing objections to the Rejection Notice (as set forth below).  The Rejection
Notice may list multiple Contracts; *provided* that the number of
counterparties to Contracts listed on each Rejection Notice shall be limited
to no more than 100; *provided*, *further*, if any such Contract is a Lease, the
Rejection Notice shall be accompanied by a proposed form of order
(the "Rejection Order") approving the rejection of the Lease(s), which shall
be substantially in the form of Schedule 3 to the Rejection Notice, and no
Lease shall be deemed rejected absent entry of an applicable
Rejection Order.

b.    ***Service of the Rejection Notice***.  The Debtors will cause each Rejection Notice to be served:  (i) by overnight delivery service upon the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract (and upon such Rejection Counterparty's counsel by email, if known) and all parties who may have any interest in any Abandoned Property (if known); and (ii) by first class mail, email, or fax, upon (A) the Office of the United States Trustee for the District of Delaware, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (B) the Debtors' thirty largest unsecured creditors (on a consolidated basis); (C) the agents under the Debtors' prepetition secured facilities and counsel thereto; (D) the Official Committee of Unsecured Creditors (the "Committee"); (E) the United States Attorney's Office for the District of Delaware; (F) the Internal Revenue Service; (G) the attorneys general in the states where the Debtors conduct their business operations; (H) any known parties that have an interest in abandoned property at the premises; and (I) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 and Local Rule 2002-1(b) (collectively, the "Master Notice Parties").

c.    ***Objection Procedures***.  Parties objecting to a proposed rejection or the Debtors' proposed abandonment of the Abandoned Property must file and serve a written objection[3] so that such objection is filed with this Court on the docket of the Debtors' chapter 11 cases no later than fourteen (14) days after the date the Debtors file and serve the relevant Rejection Notice (the "Rejection Objection Deadline") and promptly serve such objection on the following parties (collectively, the "Objection Service Parties"):  (i) the Debtors, 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (ii) proposed co-counsel to the Debtors, (a) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (b) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snewman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (iii) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (iv) counsel to the Prepetition ABL Agent, (a) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher L. Carter (christopher.carter@morganlewis.com) and Marjorie Crider

---

[3]    An objection to the rejection of any particular Contract listed on a Rejection Notice shall not constitute an objection to the rejection of any other Contract listed on such Rejection Notice.

(marjorie.crider@morganlewis.com) and (b) Reed Smith LLP, 1201 North Market Street, Suite 1500, Wilmington, Delaware 19801, Attn.: Kurt F. Gwynne (kgwynne@reedsmith.com) and Jason D. Angelo (jangelo@reedsmith.com); (v) counsel to the Prepetition FILO Agent, (a) Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com) and (b) DLA Piper LLP (US), 1201 N Market St. Suite 2100, Wilmington, Delaware 19801, Attn.: Stuart Brown, Esq. (stuart.brown@dlapiper.com); (vi) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (vii) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (viii) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); (ix) proposed counsel to the Official Committee of Unsecured Creditors, (a) Kelley Drye & Warren LLP, 3 World Trade Center, New York, New York 10007, Attn: Jason Adams (jadams@kelleydrye.com), Maeghan McLoughlin (mmcloughlin@kelleydrye.com) and Connie Choe (cchoe@kelleydrye.com) and (b) Pachulski Stang Ziehl & Jones LLP, 919 North Market Street, 17th Floor, P.O. Box 8705, Wilmington, Delaware, 19899-8705, Attn: Bradford Sandler (bsandler@pszjlaw.com) and James O'Neill (joneill@pszjlaw.com); and (x) the applicable Rejection Counterparties (and upon such Rejection Counterparty's counsel by email, if known).

d. ***No Objection Timely Filed***. If no objection to the rejection of any Contract is timely filed, including to the proposed abandonment of any Abandoned Property, each Contract listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty agrees; *provided* that if a Rejection Counterparty files a response to the Rejection Notice on the docket of the Court explicitly requesting entry of an order approving such Rejection, the Debtors will submit such an order to the Court prior to the proposed Rejection Date or as soon as reasonably practicable thereafter; *provided*, *further*, if the Contract is a Lease, the Debtors shall submit the Rejection Order to the Court under a certificate of no objection authorizing the rejection of each such Lease listed in the applicable Rejection Notice to be rejected as of the later of (i) the applicable Rejection Date set forth in the Rejection Notice or such other date as the

Debtors and the applicable Rejection Counterparty may agree and (ii) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing of the Debtors' surrender of the premises and (A) turning over keys, key codes, and security codes, if any, to the affected landlord or (B) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Effective Date"); *provided, further,* that the Rejection Effective Date for a Lease rejected pursuant to these Rejection Procedures shall not occur earlier than the date the Debtors filed and served the applicable Rejection Notice.

e.    ***Unresolved Timely Objections***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least seven (7) days' notice of such hearing to the applicable Rejection Counterparty and the other Objection Service Parties.  If such objection is overruled or withdrawn, such Contract(s) shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date to which the Debtors and the applicable Rejection Counterparty agree, or as ordered by the Court.  For the avoidance of doubt, such Contract will only be deemed rejected upon the entry of a Rejection Order resolving the objection as between the Debtors and the applicable objecting party and/or Rejection Counterparty, unless the Debtors and the applicable Rejection Counterparty agree otherwise or as otherwise ordered by the court.

f.    ***Removal from Schedule***.  The Debtors reserve the right to remove any Contract from the schedule to a Rejection Notice at any time prior to the Rejection Date.

g.    ***No Application of Security Deposits***.  If the Debtors have deposited monies with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not set off or recoup or otherwise use such deposit without the prior approval of the Court, unless the Debtors and the applicable Rejection Counterparty otherwise agree.

h.    ***Abandoned Property***.  The Debtors, in consultation with the Prepetition ABL Agent and the Prepetition FILO Agent, are authorized, but not directed, at any time on or before the Rejection Effective Date, to remove or abandon any of the Debtors' personal property that may be located on the Debtors' leased premises that are subject to a rejected Contract.  The Debtors shall generally describe the property in the Rejection Notice and their intent to abandon such property.  Absent a timely objection, any and all property located on the Debtors' leased premises on the Rejection Effective Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Effective Date.  After the Abandoned Property is deemed abandoned pursuant to section 554 of the Bankruptcy Code, the applicable Contract counterparty or counterparties may, in their sole discretion and without

5

further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties, and, to the extent applicable, the automatic stay is modified to allow such disposition. The Contract counterparty's rights, if any, to file a claim for the disposal of such property are reserved, as are the rights of any party in interest to object to such claims. For the avoidance of doubt, nothing in this Order is intended to affect the rights of any party other than the Debtors in such Abandoned Property. The rights of any other party in Abandoned Property, and the rights of the landlord regarding such Abandoned Property, will be governed by applicable non-bankruptcy law.

i.      ***Proofs of Claim***.  Claims arising out of the rejection of Contracts, if any, must be filed on or before the later of (i) the deadline for filing proofs of claim established in these chapter 11 cases, if any, and (ii) thirty (30) days after the later of (A) the Rejection Date or, in the case, of a Lease, the Rejection Effective Date, and (B) the date of entry of an order rejecting the Contract. If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on account of such claim that may be made in connection with these chapter 11 cases.

3.    The following Assumption Procedures are approved in connection with assuming and assuming and assigning Contracts:

a.      ***Assumption Notice***.  The Debtors shall file a notice substantially in the form attached hereto as __**Exhibit 2**__ (the "<u>Assumption Notice</u>") indicating the Debtors' intent to assume a Contract or Contracts pursuant to section 365 of the Bankruptcy Code, which shall set forth, among other things: (i) the Contract or Contracts to be assumed including the store number and address; (ii) the names and addresses of the counterparties to such Contracts (each an "<u>Assumption Counterparty</u>"); (iii) the identity of the proposed assignee of such Contracts (the "<u>Assignee</u>"), if applicable; (iv) the effective date of the assumption for each such Contract (the "<u>Assumption Date</u>"); (v) the proposed cure amount, if any for each such Contract; (vi) with respect to any Lease which the Debtors seek to assume and assign (if any), any known third party having an interest in any consigned goods subject to such assignment; and (vii) the deadlines and procedures for filing objections to the Assumption Notice (as set forth below). If any such Contract is a Lease, the Assumption Notice shall be accompanied by a proposed form of order (the "<u>Assumption Order</u>") approving the assumption or assumption and assignment of the Lease(s), which shall be substantially in the form of <u>Schedule 3</u> to the Assumption Notice, and no Lease shall be deemed assumed absent entry of an applicable Assumption Order.

b.      ***Service of the Assumption Notice and Evidence of Adequate Assurance***.  The Debtors will cause the Assumption Notice to be served (i) by first class mail upon the Assumption Counterparties affected by the Assumption

Notice and each Assignee, if applicable, at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known) and (ii) by first class mail, email, or fax upon the Master Notice Parties.[4] To the extent the Debtors seek to assume and assign a lease of non-residential real property, the Debtors will cause evidence of adequate assurance of future performance to be served with the Assumption Notice by overnight delivery upon the Assumption Counterparties affected by the Assumption Notice at the address set forth in the notice provision of the applicable Contract (and upon the Assumption Counterparties' counsel, if known, by electronic mail).

c.    ***Objection Procedures***.  Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen (14) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.

d.    ***No Objection***.  If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* if the Contract is a Lease, the Debtors shall submit the Assumption Order to the Court under a certificate of no objection authorizing the assumption of each Lease, which shall be assumed or assumed and assigned upon entry of the Assumption Order or such other date as the Debtors and the applicable Assumption Counterparties may agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes*; provided, however,* that the Assumption Date for a Lease shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

e.    ***Unresolved Timely Objections***.  If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties.  Such Contract will only be assumed or assumed and assigned upon entry by the

---

[4]    The Debtors shall serve (by electronic mail, if requested) a counterparty to a Contract other than a lease of non-residential real property to be assumed under the Contract Procedures with evidence of adequate assurance as soon as reasonably practicable upon such counterparty's written request to the Debtors' proposed counsel.

[5]    An objection to the assumption of any particular Contract listed on an Assumption Notice shall not constitute an objection to the assumption of any other Contract listed on such Assumption Notice.

Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is overruled or withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and applicable Assumption Counterparty agree, or as ordered by the Court.

f.   ***Removal from Schedule***.   The Debtors reserve the right to remove any Contract from the schedule to an Assumption Notice at any time prior to the Assumption Date (including, without limitation, upon the failure of any proposed assumption and assignment to close).

4.   The Debtors' right to assert that any provisions in the Contract that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of such Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of any counterparty to object to such assertion.

5.   The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments to the Contracts with the written consent of the applicable Assumption Counterparty to the extent such amendments are set forth in an Assumption Notice in accordance with this Order.

6.   Approval of the Contract Procedures and this Order will not prevent the Debtors from seeking to reject, assume, or assume and assign a Contract by separate motion.

7.   Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

8.   Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief (including any payment made in accordance with this Order), nothing in this Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or

other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law; or (h) a concession by the Debtors that any liens (contractual, common law, statutory, or otherwise) that may be satisfied pursuant to the Motion are valid, and the rights of all parties are expressly reserved to contest the extent, validity, or perfection or seek avoidance of all such liens.

9.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction.  In addition, nothing in this Order or the Motion shall limit the Debtors' ability to subsequently assert that any particular Contract is expired or terminated and is no longer an executory contract or unexpired lease, respectively.

10.      To the extent that the Debtors propose to abandon any personal property that may contain "personally identifiable information," as that term is defined in section 101(41A) of the Bankruptcy Code, or other personal and/or confidential information about the Debtors' employees and/or customers, or any other individual (the "Confidential Information"), the Debtors shall remove the Confidential Information from such personal property before such abandonment.

11.     The Debtors are not authorized to abandon, and are directed to remove, any hazardous materials defined under applicable law from any non-residential real property subject to a rejected Contract as, and to the extent they are, required to do so by applicable law.

12.     Notice of the Rejection as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

13.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

14.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

15.     This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: February 14th, 2025**
**Wilmington, Delaware**

　　　　　　　　　　　**CRAIG T. GOLDBLATT**
　　　　　　　　　　　**UNITED STATES BANKRUPTCY JUDGE**

[*See Exhibits to the Order at Docket No. 429*]

## **Schedule 2**

**Rejected Contracts**

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|---|---|---|---|---|
| 1 | CREATIVE COLOR | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C315891 - DATED 09/25/2017 | 4/30/2025 |
| 2 | SYNDIGO LLC | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 12/05/2020 | 4/30/2025 |
| 3 | AMIGO MOBILITY CENTER | Jo-Ann Stores, LLC | Master Service Agreement Dated 02/25/2019 | 4/30/2025 |
| 4 | TABITHA SEWER | Jo-Ann Stores, LLC | FREELANCE DESIGN AND CRAFTING AGREEMENT DATED 02/01/2019 | 4/30/2025 |
| 5 | TABITHA SEWER | Jo-Ann Stores, LLC | PROMOTION AGREEMENT DATED 02/01/2021 | 4/30/2025 |
| 6 | TABITHA SEWER | Jo-Ann Stores, LLC | WATER & SEWER SERVICE AGREEMENT DATED 03/01/2024 | 4/30/2025 |
| 7 | TABITHA SEWER | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C318982 - DATED 02/01/2021 | 4/30/2025 |
| 8 | DADE PAPER COMPANY | Jo-Ann Stores, LLC | STORE SUPPLIES SERVICE AGREEMENT DATED 03/06/2022 | 4/30/2025 |
| 9 | DADE PAPER COMPANY | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C294023 DPB - DATED 08/12/2015 | 4/30/2025 |
| 10 | IDENTITY SYSTEMS, INC. | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 07/19/2023 | 4/30/2025 |
| 11 | MICROFRAME CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 07/15/2024 | 4/30/2025 |
| 12 | MICROFRAME CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C217980 - DATED 09/03/2013 | 4/30/2025 |
| 13 | ARDRON-MACKIE LTD | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 01/19/2022 | 4/30/2025 |
| 14 | ARDRON-MACKIE LTD | Jo-Ann Stores, LLC | STORE DEVELOPMENT SERVICE AGREEMENT DATED 07/19/2024 | 4/30/2025 |
| 15 | MCCUE CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/01/2023 | 4/30/2025 |
| 16 | MCCUE CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 05/20/2024 | 4/30/2025 |
| 17 | MCCUE CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C106953 - DATED 04/01/2019 | 4/30/2025 |
| 18 | GREEN BLUE INSTITUTE | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 05/12/2022 | 4/30/2025 |
| 19 | TM SHEA PRODUCTS INC | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 12/20/2023 | 4/30/2025 |
| 20 | TM SHEA PRODUCTS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C218428 - DATED 06/18/2016 | 4/30/2025 |
| 21 | GRAND HAVEN CUSTOM MOLDING LLC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/10/2024 | 4/30/2025 |

---

[1]   The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|---|---|---|---|---|
| 22 | GRAND HAVEN CUSTOM MOLDING LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C317038 - DATED 04/19/2018 | 4/30/2025 |
| 23 | THE PEGGS COMPANY INC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/01/2023 | 4/30/2025 |
| 24 | THE PEGGS COMPANY INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C293709 - DATED 04/01/2019 | 4/30/2025 |
| 25 | ALLIED PACKAGING CORP | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 12/22/2022 | 4/30/2025 |
| 26 | ALLIED PACKAGING CORP | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C216855 - DATED 12/21/2015 | 4/30/2025 |
| 27 | STORFLEX | Jo-Ann Stores, LLC | STORE DEVELOPMENT SERVICE AGREEMENT DATED 05/31/2024 | 4/30/2025 |
| 28 | STORFLEX | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C323235 - DATED 07/19/2021 | 4/30/2025 |
| 29 | AA BLUEPRINT COMPANY INC | Jo-Ann Stores, LLC | PRINTING SERVICES AGREEMENT DATED 01/03/2024 | 4/30/2025 |
| 30 | AZAR INTERNATIONAL INC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 08/08/2023 | 4/30/2025 |
| 31 | AZAR INTERNATIONAL INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C317283 - DATED 09/01/2020 | 4/30/2025 |
| 32 | 48FORTY SOLUTIONS LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C324654 - DATED 02/02/2018 | 4/30/2025 |
| 33 | AKRON AIR PRODUCTS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C141970 - DATED 05/01/2014 | 4/30/2025 |
| 34 | AKRON AIR PRODUCTS INC | Jo-Ann Stores, LLC | MAINTENANCE SERVICE AGREEMENT DATED 03/01/2021 | 4/30/2025 |
| 35 | GAHVEJIAN ENTERPRISES, INC. | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 12/06/2023 | 4/30/2025 |
| 36 | GAHVEJIAN ENTERPRISES, INC. | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C308064 - DATED 10/23/2015 | 4/30/2025 |
| 37 | INTERNATIONAL PAPER CO- CA | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C228729 - DATED 10/10/2016 | 4/30/2025 |
| 38 | INTERNATIONAL PAPER CO- OH | Jo-Ann Stores, LLC | CORRUGATED SERVICE AGREEMENT DATED 09/01/2022 | 4/30/2025 |
| 39 | INTERNATIONAL PAPER CO- OH | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C291808 - DATED 10/10/2016 | 4/30/2025 |
| 40 | INTERNATIONAL PAPER CO-AL | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C212918 - DATED 10/10/2016 | 4/30/2025 |
| 41 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 10/26/2023 | 4/30/2025 |
| 42 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 03/28/2024 | 4/30/2025 |
| 43 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | Master Service Agreement Dated 08/17/2020 | 4/30/2025 |
| 44 | OMNI SYSTEMS INC | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 05/03/2024 | 4/30/2025 |
| 45 | OMNI SYSTEMS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C304849 - DATED 06/02/2018 | 4/30/2025 |

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|-----|------------------------|--------------|---------------------------|----------------|
| 46 | PIVOTAL RETAIL GROUP LLC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 07/07/2023 | 4/30/2025 |
| 47 | PIVOTAL RETAIL GROUP LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C324849 - DATED 03/01/2022 | 4/30/2025 |
| 48 | CROWN EQUIPMENT CORPORATION | Jo-Ann Stores, LLC | LIFT TRUCKS SERVICE AGREEMENT DATED 04/02/2023 | 4/30/2025 |
| 49 | CROWN EQUIPMENT CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C213263 - DATED 09/03/2015 | 4/30/2025 |
| 50 | SIGMA COMPUTING INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C327966 - DATED 09/30/2024 | 4/30/2025 |
| 51 | SIGMA COMPUTING INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT DATED 11/08/2024 | 4/30/2025 |

## **Schedule 3**

**Proposed Contract Rejection Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 429 and [●]** |

### TWENTIETH ORDER AUTHORIZINGTHE DEBTORS TO REJECT
### CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *Twentieth Notice of Rejection of Certain Executory Contracts and/or Unexpired Leases* [Docket No. [●]] (the "Rejection Notice") satisfies the requirements set forth in the Procedures Order; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]  Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Rejection Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Rejection Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Rejection Notice and opportunity for a hearing on the Rejection Notice were appropriate and no other notice need be provided; and this Court having reviewed the Rejection Notice; and this Court having determined that the legal and factual bases set forth in the Rejection Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.    The Contracts set forth in **Exhibit 1** attached hereto are hereby rejected as of the Rejection Date established in the Rejection Notice; *provided*, *however*, if any such Contract is an unexpired lease of non-residential real property (a "Lease"), the rejection effective date shall be the later of (a) the applicable Rejection Date set forth in the Rejection Notice or such other date as the Debtors and the applicable Rejection Counterparty may agree and (b) the date the Debtors relinquish control of the premises by notifying the affected landlord in writing, with email being sufficient, of the Debtors' surrender of the premises and (i) turning over keys, key codes, and security codes, if any, to the affected landlord or (ii) notifying the affected landlord in writing, with email being sufficient, that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises (the "Rejection Effective Date").

2.    Any and all property located on the Debtors' leased premises on the Rejection Effective Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date.  The applicable Contract counterparty

or counterparties may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

3.      If any affected Rejection Counterparty to a Contract asserts a claim against the Debtors arising from the rejection of the Contract, the Counterparty must file a proof of claim on or before the later of (a) the applicable deadline for filing proofs of claim established in these chapter 11 cases and (b) thirty (30) days after the later of (i) the Rejection Date or, in the case of a Lease, the Rejection Effective Date and (ii) the date of entry of this Order.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.

4.      Nothing contained in the Rejection Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be:  (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Rejection Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property

3

of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.    All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of a Contract rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order or the Rejection Notice shall limit the Debtors' ability to subsequently assert that any particular Contract is terminated and is no longer an executory contract or unexpired lease, respectively.

6.    Notice of the Rejection Notice as provided therein shall be deemed good and sufficient notice of such Rejection Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7.    Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8.    Notwithstanding anything to the contrary herein, the Debtors are authorized to remove any Contract from the schedule to the Rejection Notice at any time prior to the Rejection Date.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

10.    This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## **Exhibit 1**

**Rejected Contracts**

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|---|---|---|---|---|
| 1 | CREATIVE COLOR | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C315891 - DATED 09/25/2017 | 4/30/2025 |
| 2 | SYNDIGO LLC | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 12/05/2020 | 4/30/2025 |
| 3 | AMIGO MOBILITY CENTER | Jo-Ann Stores, LLC | Master Service Agreement Dated 02/25/2019 | 4/30/2025 |
| 4 | TABITHA SEWER | Jo-Ann Stores, LLC | FREELANCE DESIGN AND CRAFTING AGREEMENT DATED 02/01/2019 | 4/30/2025 |
| 5 | TABITHA SEWER | Jo-Ann Stores, LLC | PROMOTION AGREEMENT DATED 02/01/2021 | 4/30/2025 |
| 6 | TABITHA SEWER | Jo-Ann Stores, LLC | WATER & SEWER SERVICE AGREEMENT DATED 03/01/2024 | 4/30/2025 |
| 7 | TABITHA SEWER | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C318982 - DATED 02/01/2021 | 4/30/2025 |
| 8 | DADE PAPER COMPANY | Jo-Ann Stores, LLC | STORE SUPPLIES SERVICE AGREEMENT DATED 03/06/2022 | 4/30/2025 |
| 9 | DADE PAPER COMPANY | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C294023 DPB - DATED 08/12/2015 | 4/30/2025 |
| 10 | IDENTITY SYSTEMS, INC. | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 07/19/2023 | 4/30/2025 |
| 11 | MICROFRAME CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 07/15/2024 | 4/30/2025 |
| 12 | MICROFRAME CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C217980 - DATED 09/03/2013 | 4/30/2025 |
| 13 | ARDRON-MACKIE LTD | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 01/19/2022 | 4/30/2025 |
| 14 | ARDRON-MACKIE LTD | Jo-Ann Stores, LLC | STORE DEVELOPMENT SERVICE AGREEMENT DATED 07/19/2024 | 4/30/2025 |
| 15 | MCCUE CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/01/2023 | 4/30/2025 |
| 16 | MCCUE CORPORATION | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 05/20/2024 | 4/30/2025 |
| 17 | MCCUE CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C106953 - DATED 04/01/2019 | 4/30/2025 |
| 18 | GREEN BLUE INSTITUTE | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 05/12/2022 | 4/30/2025 |
| 19 | TM SHEA PRODUCTS INC | Jo-Ann Stores, LLC | MASTER SERVICE AGREEMENT DATED 12/20/2023 | 4/30/2025 |
| 20 | TM SHEA PRODUCTS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C218428 - DATED 06/18/2016 | 4/30/2025 |
| 21 | GRAND HAVEN CUSTOM MOLDING LLC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/10/2024 | 4/30/2025 |

---

[1] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|---|---|---|---|---|
| 22 | GRAND HAVEN CUSTOM MOLDING LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C317038 - DATED 04/19/2018 | 4/30/2025 |
| 23 | THE PEGGS COMPANY INC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 04/01/2023 | 4/30/2025 |
| 24 | THE PEGGS COMPANY INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C293709 - DATED 04/01/2019 | 4/30/2025 |
| 25 | ALLIED PACKAGING CORP | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 12/22/2022 | 4/30/2025 |
| 26 | ALLIED PACKAGING CORP | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C216855 - DATED 12/21/2015 | 4/30/2025 |
| 27 | STORFLEX | Jo-Ann Stores, LLC | STORE DEVELOPMENT SERVICE AGREEMENT DATED 05/31/2024 | 4/30/2025 |
| 28 | STORFLEX | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C323235 - DATED 07/19/2021 | 4/30/2025 |
| 29 | AA BLUEPRINT COMPANY INC | Jo-Ann Stores, LLC | PRINTING SERVICES AGREEMENT DATED 01/03/2024 | 4/30/2025 |
| 30 | AZAR INTERNATIONAL INC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 08/08/2023 | 4/30/2025 |
| 31 | AZAR INTERNATIONAL INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C317283 - DATED 09/01/2020 | 4/30/2025 |
| 32 | 48FORTY SOLUTIONS LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C324654 - DATED 02/02/2018 | 4/30/2025 |
| 33 | AKRON AIR PRODUCTS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C141970 - DATED 05/01/2014 | 4/30/2025 |
| 34 | AKRON AIR PRODUCTS INC | Jo-Ann Stores, LLC | MAINTENANCE SERVICE AGREEMENT DATED 03/01/2021 | 4/30/2025 |
| 35 | GAHVEJIAN ENTERPRISES, INC. | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 12/06/2023 | 4/30/2025 |
| 36 | GAHVEJIAN ENTERPRISES, INC. | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C308064 - DATED 10/23/2015 | 4/30/2025 |
| 37 | INTERNATIONAL PAPER CO- CA | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C228729 - DATED 10/10/2016 | 4/30/2025 |
| 38 | INTERNATIONAL PAPER CO- OH | Jo-Ann Stores, LLC | CORRUGATED SERVICE AGREEMENT DATED 09/01/2022 | 4/30/2025 |
| 39 | INTERNATIONAL PAPER CO- OH | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C291808 - DATED 10/10/2016 | 4/30/2025 |
| 40 | INTERNATIONAL PAPER CO-AL | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C212918 - DATED 10/10/2016 | 4/30/2025 |
| 41 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | PACKAGING SUPPLIES SERVICE AGREEMENT DATED 10/26/2023 | 4/30/2025 |
| 42 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 03/28/2024 | 4/30/2025 |
| 43 | NPC GLOBAL CORPORATION | Jo-Ann Stores, LLC | Master Service Agreement Dated 08/17/2020 | 4/30/2025 |
| 44 | OMNI SYSTEMS INC | Jo-Ann Stores, LLC | STATEMENT OF WORK DATED 05/03/2024 | 4/30/2025 |
| 45 | OMNI SYSTEMS INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT  - C304849 - DATED 06/02/2018 | 4/30/2025 |

| No. | Rejection Counterparty | Debtor Party | Description of Contract[1] | Rejection Date |
|---|---|---|---|---|
| 46 | PIVOTAL RETAIL GROUP LLC | Jo-Ann Stores, LLC | FIXTURES & DISPLAYS SERVICE AGREEMENT DATED 07/07/2023 | 4/30/2025 |
| 47 | PIVOTAL RETAIL GROUP LLC | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C324849 - DATED 03/01/2022 | 4/30/2025 |
| 48 | CROWN EQUIPMENT CORPORATION | Jo-Ann Stores, LLC | LIFT TRUCKS SERVICE AGREEMENT DATED 04/02/2023 | 4/30/2025 |
| 49 | CROWN EQUIPMENT CORPORATION | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C213263 - DATED 09/03/2015 | 4/30/2025 |
| 50 | SIGMA COMPUTING INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT - C327966 - DATED 09/30/2024 | 4/30/2025 |
| 51 | SIGMA COMPUTING INC | Jo-Ann Stores, LLC | SERVICE AGREEMENT DATED 11/08/2024 | 4/30/2025 |