## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 27, 2025 at 4:00 p.m. (ET)** |

### NOTICE OF COMBINED FIRST MONTHLY FEE STATEMENT OF KELLEY DRYE & WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 30, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025

**PLEASE TAKE NOTICE** that on May 5, 2025, Kelley Drye & Warren LLP ("Kelley Drye") filed its *Combined First Monthly Fee Statement of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through and Including February 28, 2025* (the "Application").

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any, must be filed with the Clerk of the Bankruptcy Court and be served upon the Notice Parties as defined in the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order") so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on May 27, 2025** (the "Objection Deadline").[2]

---

[1]     The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]     Docket No. 552.

**PLEASE TAKE FURTHER NOTICE** that pursuant to the Interim Compensation Order, if no objections to the Application are timely filed and served in accordance with the above procedures and the Interim Compensation Order, the Debtors will be authorized to pay Kelley Drye 80% of the fees and 100% of the expenses requested in the Application without further order of the Bankruptcy Court.

**PLEASE TAKE FURTHER NOTICE** that if any objections to the Application are filed, a hearing on the Application will be held before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801, at a date and time convenient to the Bankruptcy Court.

PLEASE TAKE FURTHER NOTICE THAT IF YOU FAIL TO RESPOND ACCORDING TO THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

Dated:   Wilmington, Delaware
         May 5, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: *James E. O'Neill*
Bradford Sandler (DE Bar No. 4142)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
Email: bsandler@pszjlaw.com
       joneill@pszjlaw.com

and

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
       jadams@kelleydrye.com
       mmcloughlin@kelleydrye.com

*Counsel to the Official Committee of Unsecured
Creditors of JOANN Inc., et al.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 27, 2025 at 4:00 p.m. (ET)** |

## SUMMARY OF COMBINED FIRST MONTHLY FEE STATEMENT OF KELLEY DRYE & WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 30, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025

| | |
|---|---|
| Name of Applicant: | Kelley Drye & Warren LLP |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 30, 2025[2] |
| Period for which compensation and reimbursement is sought: | January 30, 2025 through and including February 28, 2025 |
| Amount of fees sought as actual, reasonable, and necessary: | $1,879,711.50 |
| Less 20% holdback per procedures for interim fees: | $375,942.30 |
| Total fees to be paid at this time: | $1,503,769.20 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $19,689.24 |
| Total fees and expenses to be paid at this time: | $1,523,458.44 |

This is a(n):   <u>X</u>  Monthly          __ Interim          __ Final Application

---

[1]  The Debtors in these chapter 11 cases (the "<u>Chapter 11 Cases</u>") are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]  Docket No. 594.

This is a combined monthly statement.  This is Kelley Drye's first monthly statement filed in these Chapter 11 Cases.

## **PRIOR MONTHLY FEE STATEMENT HISTORY**

No prior monthly fee statements have been filed.

## **PRIOR INTERIM APPLICATION HISTORY**

No prior interim fee applications have been filed.

## COMPENSATION BY TIMEKEEPER

| Name of Professional | Position | Law School Grad Year | Hourly Rate[3] | Total Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric Wilson | Partner | 1997 | $1,280.00 | 221.9 | $284,032.00 |
| | | | $640.00 | 4.7 | $3,008.00 |
| Jason Adams | Partner | 2000 | $1,150.00 | 226.6 | $260,590.00 |
| | | | $575.00 | 2.1 | $1,207.50 |
| Robert LeHane | Partner | 1998 | $1,195.00 | 18.0 | $21,510.00 |
| Wendy Clarke | Partner | 2009 | $1,010.00 | 32.2 | $32,522.00 |
| William Gyves | Partner | 1991 | $1,000.00 | 129.8 | $129,800.00 |
| Andrew Lee | Partner | 2001 | $1,060.00 | 4.1 | $4,346.00 |
| Jennifer L. Norkus | Partner | 2004 | $910.00 | 31.2 | $28,392.00 |
| Maeghan J. McLoughlin | Special Counsel | 2011 | $1,045.00 | 301.4 | $314,963.00 |
| | | | $522.50 | 6.0 | $3,135.00 |
| Rich Gage | Special Counsel | 2013 | $1,045.00 | 131.7 | $137,626.50 |
| | | | $522.50 | 3.0 | $1,567.50 |
| Benjamin D. Feder | Special Counsel | 1985 | $1,060.00 | 5.1 | $5,406.00 |
| John Ramirez | Special Counsel | 2008 | $1,045.00 | 18.9 | $19,750.50 |
| Nathan S. Greenberg | Special Counsel | 2013 | $920.00 | 17.2 | $15,824.00 |
| Jennifer D. Raviele | Special Counsel | 2008 | $895.00 | 0.9 | $805.50 |
| Randall Morrison Jr | Special Counsel | 2014 | $960.00 | 28.5 | $27,360.00 |
| Andres Barajas | Senior Associate | 2017 | $890.00 | 119.0 | $105,910.00 |
| Ashley A. Czechowski | Senior Associate | 2017 | $890.00 | 57.1 | $50,819.00 |
| Connie Choe | Associate | 2020 | $785.00 | 164.3 | $128,975.50 |
| John Churchill | Associate | 2021 | $735.00 | 58.6 | $43,071.00 |
| Lauren Kouser | Associate | 2021 | $735.00 | 2.3 | $1,690.50 |
| Paul Laudiero | Associate | 2021 | $735.00 | 99.3 | $72,985.50 |
| Matthew Nunez | Associate | 2021 | $735.00 | 6.2 | $4,557.00 |
| Jamie Sarmiento | Associate | 2022 | $660.00 | 30.8 | $20,328.00 |
| Julian Finer | Associate | 2023 | $605.00 | 25.4 | $15,367.00 |
| Timothy D. Hopper | Associate | 2023 | $605.00 | 69.7 | $42,168.50 |
| Nathan D. Verrilli | Associate | 2023 | $605.00 | 60.6 | $36,663.00 |
| Rachel Forman | Associate | 2024 | $565.00 | 49.1 | $27,741.50 |
| Tammy Zapata | Associate | 2024 | $565.00 | 60.0 | $33,900.00 |
| Miquel Lugo | Discovery Services | N/A | $435.00 | 0.3 | $130.50 |
| Tom Burns | Paralegal | N/A | $400.00 | 3.1 | $1,240.00 |
| Carmen Castro | Paralegal | N/A | $390.00 | 0.5 | $195.00 |
| Sherlly Alceus | Paralegal | N/A | $360.00 | 5.9 | $2,124.00 |
| | | | **Total:** | **1,995.5** | **$1,879,711.50** |

---

[3]    Non-Working Travel Time billed at 50% of normal rate.

## COMPENSATION BY PROJECT CATEGORY

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 22.1 | $19,443.00 |
| Pleadings Review | 9.2 | $7,629.00 |
| Retention Matters | 44.8 | $43,712.00 |
| Fee Matters | 1.6 | $1,860.00 |
| Financing | 61.5 | $62,902.50 |
| Asset Analysis and Disposition | 518.8 | $506,501.50 |
| Executory Contracts and Leases | 16.1 | $12,314.00 |
| Avoidance Actions | 0.6 | $742.00 |
| Claims Administration | 11.4 | $10,519.50 |
| Plan and Disclosure Statement | 50.8 | $58,353.00 |
| Committee and Creditor Communications | 142.7 | $150,665.50 |
| Business Operations | 17.3 | $14,997.00 |
| Court Hearings | 114.8 | $122,161.50 |
| Lender Investigation | 83.3 | $74,899.50 |
| Debtor Communications | 16.6 | $17,697.00 |
| Investigation | 160.4 | $152,234.00 |
| Litigation | 315.2 | $290,257.50 |
| Discovery | 293.0 | $222,123.00 |
| Committee Professional Communications | 99.5 | $101,782.00 |
| Non-Working Travel Time | 15.8 | $8,918.00 |
| **Total:** | **1,995.5** | **$1,879,711.50** |

## EXPENSE SUMMARY

| Expense Category | Amount |
|---|---:|
| Duplication | $18.60 |
| Local Travel | $426.00 |
| Long Distance Travel | $715.00 |
| Transcriptions | $1,201.20 |
| Cab Service | $1,269.92 |
| Meals | $285.22 |
| Binding | $19.25 |
| Professional Fees | $9,952.41 |
| Lodging | $2,077.32 |
| Discovery | $2,337.00 |
| Westlaw Research | $1,354.60 |
| Lexis Research | $9.82 |
| Parking | $22.90 |
| **Total:** | **$19,689.24** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>**Debtors.** | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 27, 2025 at 4:00 p.m. (ET)** |

**COMBINED FIRST MONTHLY FEE STATEMENT OF
KELLEY DRYE & WARREN LLP FOR COMPENSATION
FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD
FROM JANUARY 30, 2025 THROUGH AND INCLUDING FEBRUARY 28, 2025**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (II) Granting Related Relief* (the "Interim Compensation Order"),[2] Kelley Drye & Warren LLP ("Kelley Drye") hereby submits its combined first monthly fee statement (the "Application") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors-in-possession (the "Debtors"), for the period from January 30, 2025

---

[1]     The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]     Docket No. 552.

through and including February 28, 2025 (the "Application Period").    In support of this

Application, Kelley Drye respectfully represents as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider and decide this

Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C.

§§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are: (i) sections 330

and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-1.

## BACKGROUND

3.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a

voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Since the

Petition Date, the Debtors remained in possession of their assets and continue to operate and

manage their business as debtors-in-possession until the closing of the sale of substantially all of

their assets pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On January 28, 2025, the Office of the United States Trustee for Region 3

appointed a nine-member Committee consisting of: (i) Low Tech Toy Club LLC; (ii) SunYin (HK)

Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat

Ihracat A.S.; (vi) Advantus Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group,

Inc.; and (ix) Regency Centers, L.P.[3]

5.      On January 30, 2025, the Committee selected Kelley Drye as its lead

counsel and Province, Inc. ("Province") as its financial advisor.  On January 31, 2025, the

Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its Delaware counsel.

---

[3]      Docket No. 198.

2

6.    On February 13, 2025, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief* (the "Interim Compensation Motion") and, on March 4, 2025, the Court entered the Interim Compensation Order.[4]

7.    Pursuant to the terms of the Interim Compensation Order, among other things, if no objection is made to a monthly fee statement by the 21st day after service of the statement, the respective professional may be paid eighty percent (80%) of the fees and one hundred percent (100%) of the expenses set forth in the applicable monthly fee statement.

8.    On February 28, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of January 30, 2025* (the "Retention Application").[5]  On March 18, 2025, the Court entered an order approving the Retention Application, effective as of January 30, 2025.[6]

## SUMMARY OF SERVICES RENDERED

9.    As described below, Kelley Drye rendered professional legal services to the Committee throughout the Application Period, including:

a.    Coordinate internally and with PSZJ and Province to develop case strategies, identify key issues, and further facilitate the Committee's goals;

b.    Review and analyze the Debtors' proposed use of cash collateral, identify key issues to address with the Debtors and lenders, revise the proposed order, and coordinate with the Committee's professionals to evaluate the terms and propriety of the proposed budget;

---

[4]    Docket Nos. 426, 552.

[5]    Docket Nos. 526, 530.

[6]    Docket No. 594.

3

c.      Analyze the Debtors' proposed bidding procedures for a liquidation sale to an insider-affiliated stalking horse, Gordon Brothers;

d.      Prepare an omnibus objection to the proposed use of cash collateral and bidding procedures to address the Committee's various objections;

e.      Extensive negotiations with the Debtors and lenders to resolve the Committee's objections to cash collateral and the bidding procedures;

f.      Draft informal and formal information requests to aid in the Committee's investigation of the Debtors' prepetition capital structure, secured loans and prepetition conduct to assess potential viable claims;

g.      Conduct investigation into the Debtors' historic transactions and events leading to the bankruptcy, including broad document discovery and review, to assess claims;

h.      Serve rule 30(b)(6) deposition notices and conduct depositions of the Debtors, A&M, Centerview, BoA, and 1903P;

i.      Assess the ongoing sale process, analyze the bid packages, prepare a sale objection to address the Committee's sale issues, attend the auction, and work with the Debtors and successful bidders on revisions to the asset purchase agreement and sale order to document the settlement reached among the parties;

j.      Review the Debtors' first day motions and final proposed orders in connection with same and provide comments thereto;

k.      Prepare and file Kelley Drye's Retention Application and provide comments to the retention applications of other Committee professionals; and

l.      Conduct meetings and provide email updates to the Committee regarding general status of these Chapter 11 Cases, the Debtors' business operations, cash collateral use and budget, sale process, pleadings filed, and Kelley Drye's ongoing negotiations with the Debtors and their lenders regarding various pending matters.

## **SUMMARY OF SERVICES BY PROJECT**

10.     To assist the Court in its review of the fees requested in this Application, Kelley Drye has divided its time entries into the project categories set forth below.  Attached hereto as **Exhibit A** for January time entries, and **Exhibit B** for February time entries, are detailed itemizations, by project category, of all services performed by Kelley Drye with respect to these chapter 11 cases during the Application Period.

### **Case Administration** (Hours: 22.1 - Fees: $19,443.00)

11.     This category represents time spent by Kelley Drye addressing general administrative matters.  During the Application Period, Kelley Drye prepared the Committee's bylaws, negotiated confidentiality provisions with the Debtors to facilitate the sharing of information, and prepared and maintained a case task list, contacts list and critical dates chart.

### **Pleadings Review** (Hours: 9.2 - Fees: $7,629.00)

12.     This category represents time spent by Kelley Drye monitoring the docket and conducting initial reviews of relevant pleadings, including notices, objections, motions, declarations, applications, and proposed orders.

### **Retention Matters** (Hours: 44.8 - Fees: $43,712.00)

13.     This category represents time spent by Kelley Drye on matters related to the retention of estate professionals.  During the Application Period, Kelley Drye participated in the process of interviewing and selecting a financial advisor for the Committee.  Kelley Drye prepared its retention documents and reviewed and commented on retention applications for PSZJ and Province.  Kelley Drye also worked with PSZJ to analyze the Debtors' retention applications and motion to retain certain ordinary course professionals.

**Fee Matters** (Hours: 1.6 Fees: - $1,860.00)

14.     This category represents time spent by Kelley Drye attendant to all matters related to the preparation and filing of fee statements and applications.  During the Application Period, Kelley Drye coordinated with PSZJ to review and comment on the Interim Compensation Motion.

**Financing** (Hours: 61.5 - Fees: $62,902.50)

15.     This category represents time spent by Kelley Drye related to the Debtors' financing request in these Chapter 11 Cases.  During the Application Period, Kelley Drye analyzed the Debtors' cash collateral motion, the proposed cash collateral order, and case budget.  Kelley Drye conferred internally and with the PSJZ and Province teams regarding initial concerns and strategy to address the Committee's key concerns therewith.  Kelley Drye prepared an outline of the Committee's objections to cash collateral use and the budget to initiate negotiations with the Debtors and lenders to resolve the Committee's objections consensually.  Kelley Drye researched Third Circuit law and precedent on key issues related to the terms, including make-whole claims and the budget, and analyzed the credit agreements in connection with same.  While negotiations were ongoing, Kelley Drye prepared and filed an objection to the proposed cash collateral use as part of an omnibus objection.  After extensive negotiations, the parties reached a settlement.  Kelley Drye thereafter negotiated the final form of the cash collateral order with the Debtors and lenders.

**Asset Analysis and Disposition** (Hours: 518.8 - Fees: $506,501.50)

16.     This category represents time spent by Kelley Drye related to the Debtors' sale and auction process.  During the Application Period, Kelley Drye analyzed the Debtors' motion to approve bidding procedures, the underlying bid procedures, the proposed order, and the

Gordon Brothers' stalking horse agency agreement.  Kelley Drye prepared a comprehensive outline of the Committee's concerns to the bid process, sale timeline and Gordon Brothers' liquidation bid and stalking horse agreement for initial discussion with the Committee and the Debtors.  Kelley Drye engaged in extensive discussions with the Debtors and lenders in connection with these issues to facilitate a consensual resolution.

17.    While negotiations were ongoing, Kelley Drye prepared and filed an objection to the proposed bidding procedures as part of an omnibus objection, outlining the Committee's concerns.   Kelley Drye communicated with various landlords and parties in interest with respect to their concerns on the sale process.  Following extensive negotiations and review of multiple iterations of the bidding procedures, the proposed order and the stalking horse agreement, the Committee ultimately reached an agreement with the parties which was incorporated in the final revised form of order and approved by the Court at the February 14 hearing.

18.    Following resolution of the bidding procedures, Kelley Drye continued to analyze, and ultimately prepared objections to, the sale of the Debtors' assets to Gordon Brothers, an affiliate of lender and FILO Agent, 1903P.  In connection therewith, Kelley Drye researched Third Circuit law on various relevant issues, including, non-statutory insider sales, proposed releases in a 363 sale context, and recent law on *sub rosa* plans.  Kelley Drye Drye also analyzed tax implications of the sale and conducted related research.  Kelley Drye reviewed and analyzed documents produced by the Debtors including deposition transcripts of the Debtors, A&M, the Debtors' financial advisor, Centerview Partners LLP, the Debtors' investment banker, and 1903P in connection with drafting the sale objection.

19.    In advance of the auction, Kelley Drye analyzed bid packages including Great American's bid, and conducted a comparison analysis of the material terms.  Kelley Drye prepared for and participated in the two-day auction and engaged in negotiations with the lenders, Gordon Brothers and the Debtors.  Following the auction, Kelley Drye worked with the Debtors and successful bidders – Great American and the term lenders – on the form of sale order and agency agreement.  While negotiations were ongoing, Kelley Drye prepared an objection to the winning bid, specifically addressing the acquisition of all estate claims against 1903P and Gordon Brothers, and reserving the Committee's rights to preserve these claims.  Following extensive discussions, the Committee reached a global settlement with the Debtors, Gordon Brothers, and 1903P and worked with all parties to incorporate the settlement terms into the sale order, which was ultimately approved by the Court.

**Executory Contracts and Leases** (Hours: 16.1 - Fees: $12,314.00)

20.    This category represents time spent by Kelley Drye analyzing the Debtors' executory contracts and unexpired leases.  During the Application Period, Kelley Drye reviewed the Debtors' motion to approve assumption and rejection procedures and provided comments on the proposed order.  Kelley Drye analyzed the proposed store closing motion and negotiated with the Debtors to address and resolve the Committee's concerns.  Additionally, Kelley Drye conferred with various landlords regarding their comments on the proposed orders and addressed concerns related to the impact of the sale on the Debtors' unexpired leases and executory contracts.

**Avoidance Actions** (Hours: 0.6 - Fees: $742.00)

21.    This category represents time spent by Kelley Drye reviewing Province's preliminary analysis on certain avoidance actions.

**Claims Administration** (Hours: 11.4 - Fees: $10,519.50)

22.    This category represents time spent by Kelley Drye related to claims against the Debtors' estates.  During the Application Period, Kelley Drye analyzed and negotiated changes to the Debtors' bar date motion, notice and proposed order.  Kelley Drye also evaluated issues concerning administrative claims and conducted research on section 503(b)(9) claims in the Third Circuit, including the timing of payment for such claims.

**Plan and Disclosure Statement** (Hours: 50.8 - Fees: $58,353.00)

23.    This category represents time spent by Kelley Drye in connection with all matters attendant to the plan and disclosure statement.  During the Application Period, Kelley Drye engaged in extensive negotiations with the Debtors and the lenders to finalize the terms of a global settlement aimed at consensually resolving the Committee's case concerns.  Kelley Drye reviewed and provided comments on multiple drafts of the settlement term sheet and conferred both internally and with the Debtors and lenders regarding its terms.  Kelley Drye also commenced its review of the Debtors' preliminary proposed plan to assess needed changes to incorporate the global settlement.

**Committee and Creditor Communications** (Hours: 142.7 - Fees: $150,665.50)

24.    This category represents time spent by Kelley Drye preparing for and participating in regular committee meetings as well as communicating with Committee members and other creditors on an individual basis.  During the Application Period, Kelley Drye regularly updated the Committee and individual members of the Committee via weekly telephonic meetings and email reports on case developments, filed pleadings, cash collateral use, sale process, the global settlement, and other Committee business.  Kelley Drye coordinated with PSZJ and Province regarding materials for distribution to the Committee and preparation for Committee

9

meetings.    Also during the Application Period, Kelley Drye addressed inquiries from various vendors and landlords regarding case status and real estate related matters, and facilitated further communications between such creditors and the Debtors.

**Business Operations** (Hours: 17.3 - Fees: $14,997.00)

25.    This category represents time spent by Kelley Drye analyzing and monitoring the Debtors' business operations.    During the Application Period, Kelley Drye analyzed the Debtors' various "second-day" motions seeking operational relief including cash management, insurance, utilities, critical vendors, and provided comments to the proposed orders approving same.    Kelley Drye coordinated with Province to prepare initial diligence requests regarding the Debtors' operations, business plans and financial models, and conferred with the Debtors regarding same.

**Court Hearings** (Hours: 114.8 - Fees: $122,161.50)

26.    This category represents time spent by Kelley Drye preparing for and participating in hearings before the Court.    During the Application Period, Kelley Drye prepared for and attended the hearings scheduled for (i) February 14 on the Debtors' bidding procedures, and (ii) February 26 on the sale of the Debtors' assets.

**Lender Investigation** (Hours: 83.3 - Fees: $74,899.50)

27.    This category represents time spent by Kelley Drye investigating the liens and claims of the Debtors' prepetition lenders.    During the Application Period, Kelley Drye prepared demand letters to the Debtors and prepetition lenders to request the production of documents related to the lien investigation.    Kelley Drye began its analysis of the relevant debt and collateral documents produced to assess the validity of the lenders' liens and the perfection status of same.    Kelley Drye conducted follow-up requests and reviewed supplemental production

to further its investigation. Kelley Drye also worked with Province to analyze the Debtors' schedules and statements of financial affairs to identify various Debtors' asset categories and assess the means of perfection. Kelley Drye also prepared a presentation to the Committee summarizing the results of the lien investigation.

**Debtor Communications** (Hours: 16.6 - Fees: $17,697.00)

28. This category represents time Kelley Drye spent communicating with the Debtors. During the Application Period, Kelley Drye conferred with Debtors' counsel regarding initial case issues, revisions to various proposed orders, cash collateral, the sale process, information requests, hearing coordination and overall case status.

**Investigation** (Hours: 160.4 - Fees: $152,234.00)

29. This category represents time spent by Kelley Drye analyzing the Debtors' prepetition conduct, transactions and financial history. During the Application Period, Kelley Drye (i) propounded discovery requests; (ii) began reviewing documents produced by the Debtors and 1903P; (iii) coordinated meet and confers; and (iv) began investigating potential claims against various parties, including insiders. Kelley Drye reviewed and provided comments to a proposed protective order governing the production of documents. Kelley Drye also conducted extensive research on the Debtors' 2024 bankruptcy as well as Gordon Brothers and 1903P's prior involvement in retail bankruptcies. Also during the Application Period, Kelley Drye reviewed the Debtors' D&O policies to assess coverage issues.

**Litigation** (Hours: 315.2 - Fees: $290,257.50)

30. This category represents time spent by Kelley Drye addressing general litigation strategies for these cases. Kelley Drye drafted formal requests for production of documents and drafted Rule 30(b)(6) deposition notices for the Debtors, Centerview, Bank of

11

America, A&M and 1903P. Kelley Drye coordinated with various parties on a deposition schedule and the logistics governing same. In preparation for the depositions, Kelley Drye reviewed and gathered key exhibits and documents, and conducted depositions for all parties served with deposition notices. Kelley Drye participated in depositions of the relevant parties and analyzed the transcripts to assist in preparation for a contested evidentiary sale hearing and strategized internally regarding same.

**Discovery** (Hours: 293.0 - Fees: $222,123.00)

31.    This category represents time spent by Kelley Drye reviewing discovery produced in the Chapter 11 Cases. During the Application Period, Kelley Drye undertook a comprehensive review and cataloguing of documents received from the Debtors, the lenders, A&M and 1903P. As part of this process and as related to its investigation, Kelley Drye organized and assessed the documents to ensure efficient access and management. Kelley Drye conducted a thorough review of the documents produced to assess their responsiveness and relevance to the Committee's investigations. Upon identifying key documents, Kelley Drye prepared detailed summaries of those materials, as well as of deposition transcripts, and developed strategies to integrate the findings into a cohesive argument to protect the Committee's interests and support the negotiation of a global settlement.

**Committee Professional Communications** (Hours: 99.5 - Fees: $101,782.00)

32.    This category represents time spent by Kelley Drye communicating internally and with the other Committee Professionals. Kelley Drye conferred internally and coordinated with PSZJ and Province regarding case administration and strategy. Kelley Drye also participated in regular working group calls to manage case development and manage ongoing workstreams.

12

**Non-Working Travel Time** (Hours: 15.8 - Fees: $8,918.00)

33.    This category represents non-working time spent by Kelley Drye to travel to and from Delaware to attend the hearings on February 14 and 26.

## SUMMARY OF EXPENSES

34.    During the Application Period, Kelley Drye incurred out-of-pocket expenses in the amount of $19,689.24.[7] Attached hereto as **Exhibit C** for January and **Exhibit D** for February is a description of the expenses actually incurred by Kelley Drye in the performance of services rendered as lead counsel to the Committee.

## VALUATION OF SERVICES

35.    Kelley Drye's professionals have expended a total of 1,995.5 hours representing the Committee during the Application Period.  The amount of time spent by each of the professionals providing services to the Committee during the Application Period is set forth on **Exhibit A** and **Exhibit B**.  The rates charged are Kelley Drye's normal hourly rates for work of this character.  The reasonable value of the services Kelley Drye rendered during the Application Period is $1,879,711.50.

36.    Kelley Drye believes that the time entries included in **Exhibit A** and **Exhibit B**, and the expense breakdown set forth in **Exhibit C** and **Exhibit D** comply with the Interim Compensation Order and the requirements of Local Rule 2016-1.

37.    All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than

---

[7]    Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

members of the firm, for the sharing of compensation to be received in these Chapter 11 Cases.

38.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount requested is fair and reasonable given (i) the complexity of these cases and the time sensitivity of the matters addressed; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

## CERTIFICATE OF COMPLIANCE AND WAIVER

39.     The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with same.

40.     If the Application does not comply in all respects with the requirements of Local Rule 2016-1, Kelley Drye believes such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

41.     Pursuant to the Interim Compensation Order, notice of this Application has been provided to: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snowman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the

14

United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); and (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 50 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com). Kelley Drye respectfully submits that no further notice of the Application is necessary or required.

## CONCLUSION

**WHEREFORE,** Kelley Drye respectfully requests: (i) interim allowance of $1,879,711.50 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred by Kelley Drye during the Application Period in the sum of $19,689.24; (ii) payment of $1,523,458.44, which represents 80% of the fees and 100% of the expenses incurred during this Application Period; and (iii) such other relief as this Court deems just and proper.

Dated:  May 5, 2025

**KELLEY DRYE & WARREN LLP**

*/s/ Eric R. Wilson*
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
        jadams@kelleydrye.com
        mmcloughlin@kelleydrye.com