IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re<br><br>JOANN INC., *et al.*,<br><br>　　　　　　　　　　　Debtors. | Chapter 11<br><br>Case Nos. 25-10068 (CTG), *et seq.*<br>(Jointly Administered)<br><br>**Relates to Docket No(s). 760** |

### OBJECTION AND RESERVATION OF RIGHTS OF REAL SUB, LLC TO THE DEBTORS' FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES

Real Sub, LLC ("**Real Sub**" or "**Landlord**"), as the owner of the property identified herein, by its undersigned counsel, hereby files this objection and reservation of rights (this "**Objection**") to the *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* (Doc. No. 760) (the "**Notice**").[1]   In support of this Objection, Landlord respectfully states:

### BACKGROUND

1.     On or about June 6, 2000, Jo-Ann Stores, Inc., n/k/a JoAnn Inc. (the "**Debtor**") and the Landlord (as successor in interest to JDN Realty Corporation) entered into a certain lease of nonresidential real property (as amended, the "**Lease**") involving the Debtor's fabric and crafts store (the "**Leased Premises**") identified as:

| Shopping Center | Address |
|---|---|
| Lake Brandon Plaza<br>(Lease No. 0663) | 11215 Causeway Boulevard<br>Brandon, FL 33511-2903 (Store No. 1959) |

2.     On January 15, 2025, the Debtor and its related debtor affiliates (the "**Debtors**") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Notice.

3.      Upon information and belief, the Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      The Leased Premises is located in a "shopping center" as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1086-87 (3rd Cir. 1990).

5.      The Notice filed on April 28, 2025 identifies certain executory contracts and unexpired leases that the Debtor wishes to assume and assign as part of a proposed sale of substantially all of the Debtors' assets, including the Leases. The Debtor proposes the following Cure Amount for the Lease with Real Sub (the "**Proposed Cure Amount**"):

| Shopping Center | Proposed Cure Amount |
|---|---|
| Lake Brandon Plaza | $52,191.47 |

## OBJECTION

6.      Any assumption and assignment of the Lease must be conditioned on the Debtor's compliance with the requirements of section 365 of the Bankruptcy Code, including, but not limited to, curing all defaults under the Lease through the effective date of the assumption and assignment of the Lease.

7.      As of the date of this Objection, the cure amount owing under the Lease, is $296,523.73 (the "**Cure Amount**"), comprised of past due rent, property taxes and $2,500 in attorney's fees[2].  A breakdown of the Cure Amount is attached hereto as **Exhibit A**.

8.      The Cure Amount represents the amount currently due and owing to Landlord under the Lease. The Cure Amount may increase prior to any actual date of assumption and assignment of

---

[2] The Cure Amount includes $2,500.00 in attorneys' fees. This is only an estimate and the amount may be higher. Landlord is entitled to attorneys' fees as part of the Cure Amount for the Lease. In re Westview 74th Street Drug Corp., 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986) (payment of attorneys' fees required as condition to lease assumption).

the Lease, if the Debtor does not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance, and other amounts that may come due, pursuant to the terms of the Lease, and regardless of when those amounts accrued.

9.      Accordingly, Landlord expressly reserves its right to amend or supplement the Cure Amount from time to time and at any time, and requests that the Debtor remains liable for, among other things: (a) post-petition rent and other charges under the Lease; (b) certain amounts due and owing under the Lease, but which may be unbilled as of the date hereof, including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (c) any regular or periodic adjustment of charges under the Lease, which were not due or had not been determined as of the date of this Objection; (d) any percentage rent that may be due under the Lease; (e) any non-monetary defaults; and/or (f) insurance and indemnification obligations under the Lease.

10.      In addition, Landlord requests that any order approving the assumption and assignment of the Lease, provide, among other things, that any assignee of the Lease, will be responsible for all accrued, but unbilled charges under the Lease, including unpaid year-end adjustments and reconciliations, whether accruing prior to or after the effective date of assumption and/or assignment of the Lease, when such charges become due in accordance with the terms of the Lease (collectively, the "**Adjustment Amounts**").  This result is mandated by the requirement that the Debtor cures all arrears and that the Debtor provides adequate assurance of future performance under the terms of the Lease. *See* 11 U.S.C. § 365(b)(1).  To the extent that the Debtor is to remain responsible for any Adjustment Amounts, Landlord requests that at the closing of any sale, such funds be placed into a separate and segregated escrow account outside of the Debtor's chapter 11 bankruptcy estate so that there is no question that sufficient, earmarked, unencumbered funds will be available to pay Landlord when said Adjustment Amounts become due and owing to Landlord in accordance with the terms of the Lease.  Any assumption and/or assignment of the Lease should be

3

conditioned upon, among other things, full compliance with section 365 of the Bankruptcy Code, including, but not limited to, the payment to Landlord of all amounts due and owing under the Lease, through the effective date of assumption and assignment of the Lease, *i.e.*, the Cure Amount, and the provision by the Debtor and/or the proposed assignee of sufficient adequate assurance of future performance information.

11.     Landlord also requests that any assignee of the Lease, be required to comply with all contractual obligations in such leases to indemnify and hold Landlord harmless with regard to events which may have occurred before assumption and assignment of the Lease (in addition to events which occur on or after the assignment) but which were not known to either Landlord or the Debtor as of the date of the assumption and assignment of the Lease, including, but not limited to, claims for personal injury that occurred at the Leased Premises, damage and destruction to the Leased Premises or property by the Debtor or its agents, and environmental damage or environmental clean-up.

12.     Furthermore, because the Leased Premises is located in a shopping center, any adequate assurance of future performance information provided to Landlord in connection with any proposed sale must demonstrate that the heightened standards for adequate assurance of future performance in a shopping center will be satisfied by the proposed assignee, including, but not limited to, compliance with the use clause, radius and tenant mix provisions in Sections 2(m), 11, 14 and 26 of the Lease, and those certain use restrictions and exclusive use provisions of record recorded against the shopping center property, all in accordance with section 365 of the Bankruptcy Code. Accordingly, Landlord reserves all of its rights to assert objections on adequate assurance grounds.

**RESERVATION OF RIGHTS**

13.     Nothing in this Objection is intended to be, or should be construed as, a waiver by Landlord of any of its rights under the Lease, the Bankruptcy Code, or applicable law. Landlord expressly reserves all such rights including, without limitation, the right to: (a) supplement and/or amend this Objection and to assert any additional objections with respect to the Cure Amount, adequate assurance of future performance, and/or any proposed assumption and assignment of the Lease; (b) amend the Cure Amount; (c) assert any nonmonetary defaults under the Lease; (d) assert any rights for indemnification or contribution against the Debtor arising under the Lease; and (e) assert any further objections with respect to the relief requested that may subsequently be sought by the Debtor and/or any other party, as such requested relief relates to the Lease and/or the interests of Landlord.

**CONCLUSION**

WHEREFORE, Landlord respectfully requests that this Court enter an order: (a) sustaining this Objection; and (b) granting Landlord such other and further relief as this Court deems just and appropriate under the circumstances.

Dated:     May 8, 2025                    Respectfully submitted,
           Wilmington, Delaware

                                          HILLER LAW, LLC


                                          **/s/ Adam Hiller**
                                          Adam Hiller (DE No. 4105)
                                          300 Delaware Avenue, Suite 210, #227
                                          Wilmington, Delaware 19801
                                          (302) 442-7677 telephone
                                          ahiller@adamhillerlaw.com

                                          -and-

Stephanie C. Lieb, Esquire
TRENAM, KEMKER, SCHARF, BARKIN,
  FRYE, O'NEILL & MULLIS, P.A.
101 East Kennedy Boulevard, Suite 2700
Tampa, FL 33602
Telephone: 813-223-7474
Email: SLieb@trenam.com

*Attorneys for Real Sub, LLC*