**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*[1] | Case No. 25-10068 (CTG) |
| Debtors. | Jointly Administered |
| | **RE: D.I. 760** |

**LIMITED OBJECTION AND RESERVATION OF RIGHTS OF DKS INVESTMENTS, INC. TO THE DEBTORS' FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES**

DKS Investments, Inc. ("DKS" or "Landlord"), by and through its undersigned counsel, hereby submits this limited cure objection and reservation of rights (the "Objection") to the *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [D.I. 760] (the "Notice"). In support of this Objection, Landlord respectfully states as follows:

**BACKGROUND**

1.      On January 15, 2025 (the "Petition Date"), the above-captioned debtors and debtors in possession (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

2.      Landlord and one of the Debtors, Jo-Ann Stores, LLC ("Tenant"), are parties to that certain Lease dated October 30, 2009 (together with all amendments, modifications, and extensions thereof, the "Lease"), related to retail property located at 2210 Daniels Street, Manteca, California.[2]

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     Due to the voluminous nature of the Lease, it is not attached hereto but may be made available upon request.

3.      On April 28, 2025, the Debtors filed the Notice to notify certain contract counterparties of their intention to assume and assign their respective contracts.

4.      Pursuant to the Notice, the Debtors intend to assume and assign the Lease.  The Notice, as filed by the Debtors, listed the proposed cure amount of the Lease as $25,356.33 (the "Proposed Cure Amount").

**OBJECTION**

5.      Assumption of an unexpired lease is subject to the bankruptcy court's approval.  11 U.S.C. § 365(a).  Section 365(b) of the Bankruptcy Code provides, in pertinent part:

> (b)(1) If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee —
>
> > (A) cures, or provides adequate assurance that the trustee will promptly cure, such default . . . ;
> >
> > (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease, for any actual pecuniary loss to such party resulting from such default; and
> >
> > (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

6.      The Debtors must assume and assign the Lease in its entirety, and any assignee is subject to the terms and conditions of the Lease.  *See Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) ("It is well established that as a general proposition an executory contract must be assumed or rejected in its entirety.") (citation omitted); *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984) ("Should the debtor-in-possession elect to assume the executory contract, . . . it assumes the contract *cum onere* . . . and the expenses and

liabilities incurred may be treated as administrative expenses, which are afforded the highest priority on the debtor's estate.") (citations omitted).

7.     Under 11 U.S.C. § 365(b)(1)(A), the debtor-in-possession may not assume and assign an executory contract unless the debtor-in-possession "cures, or provides adequate assurance that [it] will cure" any monetary defaults under the contract. *See Spyglass Media Group, LLC V. Bruce Cohen Productions (In re Weinstein Company Holdings LLC)*, 997 F.3d 497, 501 (3d Cir. 2021) ("To assume an executory contract, a debtor must cure existing defaults and put the contract in the same place as if the bankruptcy never happened.").

8.     Landlord objects to the Proposed Cure Amount.  As of the date of this Objection, the cure amount due and owing under the Lease is $43,868.98 (the "Actual Cure Amount"), comprised of unpaid property taxes in the amount of $33,765.38 and the unpaid balance for past due rent for January 2025 in the amount of $10,103.60.

9.     Before they can assign the Lease, the Debtors must cure all outstanding defaults and compensate Landlord for any actual pecuniary loss resulting from the Debtors' defaults at the time of assumption.  11 U.S.C. § 365(b)(1)(B).

10.     The Actual Cure Amount represents the amount currently due and owing to Landlord under the Lease.  The Actual Cure Amount may increase prior to any actual date of assumption and assignment of the Lease, if the Debtor does not pay all amounts that accrue after the date of this Objection, and any taxes, common area maintenance, and other amounts that may come due, pursuant to the terms of the Lease, and regardless of when those amounts are accrued.

11.     Accordingly, Landlord expressly reserves its right to amend or supplement the Actual Cure Amount from time to time and at any time, and requests that the Debtor remains liable for, among other things: (a) post-petition rent and other charges under the Lease; (b) certain

amounts due and owing under the Lease, but which may be unbilled as of the date hereof, including but not limited to year-end adjustments for common area maintenance, taxes and similar charges; (c) any regular or periodic adjustment of charges under the Lease, which were not due or had not been determined as of the date of this Objection; (d) any percentage rent that may be due under the Lease; (e) any nonmonetary defaults; and/or (f) insurance and indemnification obligations under the Lease.

12.     Based on the foregoing, the actual and necessary cure amount due under the Lease is not less than $43,868.98, which is subject to Landlord's Reservation of Rights to assert additional sums that may accrue and/or become due under the Lease.

13.     DKS has communicated, through counsel, with the Debtors and GA Group in an effort to resolve the discrepancy between the Proposed Cure Amount and the Actual Cure Amount. However, as of the date hereof, no agreement has been reached.

## RESERVATION OF RIGHTS

14.     Nothing in this Objection is intended to be, or should be construed as, a waiver by DKS Investments, Inc. of any of its rights under the Lease, the Bankruptcy Code, or applicable law.

## CONCLUSION

WHEREFORE, Landlord respectfully requests that any assumption of the Lease be conditioned upon payment of the Actual Cure Amount plus any additional sums that may accrue and/or become under the Lease.

[*Signature Page to Follow*]

Dated: May 12, 2025                    **BENESCH, FRIEDLANDER,**
Wilmington, Delaware                         **COPLAN & ARONOFF LLP**

                        */s/ John C. Gentile*
                        Jennifer R. Hoover (DE No. 5111)
                        John C. Gentile (DE No. 6159)
                        Juan E. Martinez (DE No. 6863)
                        1313 North Market Street, Suite 1201
                        Wilmington, DE 19801
                        Telephone: (302) 442-7010
                        Facsimile: (302) 442-7012
                        E-mail: jhoover@beneschlaw.com
                                  jgentile@beneschlaw.com
                                  jmartinez@beneschlaw.com

                        *Counsel to DKS Investments, Inc.*