# **<u>EXHIBIT 1</u>**

## SUB-SUBLEASE

This SUB-SUBLEASE (this "lease"), dated as of this 7th day of December, 2001, by and between KIMCO OCALA 665, INC., a Florida corporation ("Landlord") and FCA OF OHIO, INC., an Ohio corporation ("Tenant"). Except as otherwise provided herein, all capitalized terms used herein shall have the meanings set forth in Schedule 1 attached hereto and made a part hereof.

## WITNESSETH:

WHEREAS, SERVICE MERCHANDISE COMPANY, INC., a Tennessee corporation ("SM") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on March 27, 1999. Since that time SM has remained in possession of its property and has continued to operate its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code. SM's Chapter 11 case (the "Bankruptcy Case") is currently pending before the United States Bankruptcy Court for the Middle District of Tennessee (the "Bankruptcy Court") in re Service Merchandise Company, Inc., et al., Case No. 399-02649 (PJW);

WHEREAS, pursuant to the Primary Lease, SM leases from Primary Landlord the Land and the Building;

WHEREAS, pursuant to the Sublease, SM subleases the Demised Premises to landlord; and

WHEREAS, Landlord desires to sub-sublease to Tenant and Tenant desires to sub-sublease from Landlord the Demised Premises for the term, at the rent, and upon and subject to the covenants, agreements, terms, conditions, limitations, exceptions and reservations herein contained.

NOW, THEREFORE, in consideration of mutual rights, responsibilities and covenants hereinafter set forth and upon the terms, covenants and conditions hereinafter set forth:

## ARTICLE 1
## DEMISE, DELIVERY OF DEMISED PREMISES

1.1   Demise.   Upon and subject to the terms, covenants and conditions hereinafter set forth and for the Term, Landlord hereby demises and sub-subleases to Tenant and Tenant hereby takes and sub-subleases from Landlord the Demised Premises.

1.2   Delivery of Demised Premises.   On the date that Landlord delivers physical possession of the Demised Premises to Tenant (the "Possession Date"), the Demised Premises shall be free and clear of all leases (except the Primary Lease and the Sublease), subleases, tenancies and occupancies. The Demised Premises shall be in broom clean condition on the Possession Date. Tenant agrees to accept the Demised Premises in "as is" condition.

1.3   Lease Terms.   All of the terms and provisions of this Lease shall be in full force and effect on the Possession Date.

1.4   Condition of Demised Premises.   Landlord has neither made nor does hereby make any representations or warranties, express or implied, with respect to the condition of the Demised Premises or the fitness of the Demised Premises for any particular use or with respect to zoning or any licenses, permits, certificates or similar governmental approvals required for Tenant's Work or Tenant's use of the Demised Premises.

1.5   Quiet Enjoyment by Tenant.   Landlord covenants that during the Term, and provided that Tenant has performed and observed all of the covenants and conditions on its part to be performed and observed under this Lease, Tenant's quiet and peaceful enjoyment of possession of the Demised Premises shall not be disturbed by Landlord or persons claiming by, through or under Landlord.

#1244 – Shady Oaks Mall - Ocala, Florida          1

ORIGINAL DOCUMENT
DO NOT REMOVE
FROM OFFICE

and that no cancellation thereof shall be effective until at least twenty (20) days prior notice of such cancellation has been given to the Landlord and SM.

6.4 [Intentionally Deleted]

6.5 Completion of Tenant's Work. Tenant agrees to commence Tenant's Work promptly after the Possession Date and to use its best efforts to complete Tenant's Work on or before the Completion Date.

6.6 Certificate of Occupancy. After Tenant's Work is complete, upon request, Tenant shall deliver to Landlord a copy of the certificate of occupancy issued by the appropriate government authority.

6.7 A. Not later than thirty (30) days after the later to occur of the following: (i) Tenant's opening for business in the Demised Premises; or (ii) Landlord's receipt of written notice from Tenant advising that all Tenant's Work is completed, accompanied by a copy of the certificate of occupancy referred to in Section 6.6 hereof and a lien waiver signed by Tenant's general contractor, Landlord shall pay Tenant $400,000 ("Landlord's Payment"). Except for the duty to pay Landlord's Payment in accordance with the foregoing, it is agreed that Landlord shall have no other duty to perform any work or to spend any money to render the Demised Premises fit for Tenant's use or occupancy, or otherwise.

B. Notwithstanding the provisions of "A" above, Landlord and Tenant agree that Tenant may apply for Landlord's Payment in up to but no more than three (3) "draws", provided that no more than one (1) "draw" shall be permitted in any thirty (30) day period; all "draws" seeking reimbursement for partially completed Tenant's Work shall be accompanied by partial lien waivers signed by all contractors who performed work or furnished materials for the portion of Tenant's Work for which reimbursement is sought; and Tenant's final "draw" request shall be only payable within thirty (30) days after Tenant complies with the provisions of Section 6.7(A))(i) and (ii) above.

6.8 Conduct of Tenant's Work. Tenant covenants and agrees that Tenant's Work shall not prohibit access, ingress and egress over the existing drives and access ways of the Shopping Center. To the extent practicable, Tenant covenants and agrees to perform Tenant's Work in a manner that shall have as little adverse affect as possible on the business and operation being conducted by SM.

## ARTICLE 7
## USE

7.1 Tenant's Use. Tenant may use the Demised Premises for any lawful retail use, subject to the restrictions set forth in the next succeeding sentence hereof and any restrictions on use contained in the Recorded Documents, the Sublease and the Primary Lease (any such permitted uses hereinafter referred to as "Permitted Uses"). Notwithstanding anything to the contrary contained in this lease, the Demised Premises shall not be used for the sale of jewelry or "home goods." For the purposes of this lease, "home goods" shall include the following: a variety of linens and domestics (including, but not limited to, sheets, bedspreads, comforters, duvets, pillows, pillow covers, chair pads, placemats, tablecloths, dish towels, oven mittens and aprons); bathroom items (including, but not limited to, shower curtains, bathroom rugs, toilet seats, personal care products and other bathroom appliances and accessories); housewares (including, but not limited to, kitchen utensils, kitchen appliances and kitchen "gadgets", cleaning appliances and supplies, cookware, bakeware, dishes and china, glassware, garbage pails, ironing boards and other laundry items, mops, brooms and ready-to-assemble furniture); window treatments; home furnishings; area rugs; wall and floor coverings; furniture (including, but not limited to, mattresses, box springs, bed frames and bedroom furniture); luggage; books; cards and stationary; and juvenile merchandise. Notwithstanding the foregoing, the parties agree that the operation of a Jo-Ann Fabrics as currently operated shall not be in violation of this Section 7.1.

7.2 Compliance with Laws. Tenant shall comply with and observe all federal, state, county, city, village and other laws, statutes, rules, orders, regulations and ordinances affecting the Demised Premises, including the improvements thereon, or the occupancy, operation or use thereof, and including those which require the making of unforeseen or extraordinary changes, alterations or additions, structural or otherwise (whether or not any such laws, statutes, charters, rules, orders, regulations and ordinances which may be hereafter enacted involve a change of policy on the part of the governmental body enacting