## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br>**RE: D.I. 760** |

### OBJECTION OF IGI21 KATY LLC TO
### FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT
### OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES

IGI21 KATY LLC, ultimate successor-in-interest to SCI Price Plaza Fund, LLC ("IGI21" or "Landlord"), by its undersigned counsel, hereby files this Objection (the "Objection") to the Debtors' *First Notice of Assumption and Assignment of Certain Executory Contract And/Or Unexpired Leases* (D.I. 760) (the "Notice") providing notice of the Debtors' proposed assignment of the JoAnn Lease (defined below) to Burlington Coat Factory Warehouse Corporation (or to any other entity affiliated therewith, or related thereto; collectively, "Burlington") for the operation of a Burlington store in the leased premises, as follows:

### INTRODUCTION

1.      In order to assume and assign a nonresidential real property lease in a shopping center, Section 365(b)(3) of the Bankruptcy Code requires, among other things, that the landlord

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

be provided with adequate assurance "that assumption or assignment of such lease is subject to all of the provisions thereof, including (but not limited to) provisions such as . . . *use, or exclusivity* provision, and *will not breach any such provision contained in any other lease . . . relating to such shopping center . . .* "  11 U.S.C. § 365(b)(3)(C) (emphasis added).  Here, the Debtors' proposed assignment of the JoAnn Lease (as defined below) to Burlington for their ordinary and customary use may cause a breach of the use and exclusivity provisions in its lease with another tenant in the same shopping center.  Accordingly, without adequate assurance that Burlington will operate in compliance with the Ross Exclusive (as defined below), Landlord hereby objects to the Debtors' assumption and assignment of the JoAnn Lease.

2.      Even assuming that the Bankruptcy Code's adequate assurance requirements could be met, the proposed $0 cure amount for the lease set forth in the Notice is inaccurate.  Currently, the Debtors owe no less than $161,734.05 under the JoAnn Lease, plus all additional amounts that may subsequently accrue or fall under the terms of the JoAnn Lease.  In addition, the JoAnn Lease requires that 50% of any amount to be paid to the Debtors in consideration for the lease assignment must be paid to the Landlord.

## BACKGROUND

3.      The Landlord is the lessor of JoAnn Store # 2226, located at 1219 North Fry Road, Suite B, Katy, TX 77449, (the "Premises"), within the Price Plaza shopping center.

4.      On April 28, 2025, the Debtors served the Notice, which – among other things – advised that the Debtors proposed to assign the Lease Agreement dated February 24, 2011, as amended, by and between Landlord and JO-ANN STORES, INC., as tenant, (the "JoAnn Lease") for the Premises to Burlington, presumably to operate a Burlington store at the Premises.

5.      The Premises is within a Shopping Center as that term is used in 11 U.S.C. § 365.

2

6.    The JoAnn Lease contains certain exclusives and restrictions relating to the Price Plaza shopping center to which the Lease is subject, including, but not limited to, the restriction in favor of Ross Dress for Less, Inc. ("Ross"), which expressly restricts the occupancy or use of a store in the same shopping center as the Location for an "Off-Price Use" as defined in the JoAnn Lease (the "Ross Exclusive").

7.    A copy of the JoAnn Lease is attached as **Exhibit A**.

## ARGUMENT

**A.    AN ASSIGNMENT OF THE JOANN LEASE TO BURLINGTON WOULD VIOLATE THE ROSS EXCLUSIVE**

8.    Section 11 of the JoAnn Lease expressly provides that "the Premises shall not be used in violation of the exclusive uses as are set forth on Exhibit F."  *See* JoAnn Lease, § 11, p. 22.  Exhibit F to the JoAnn Lease, which is incorporated by reference and made part of the JoAnn Lease, includes the prohibited and exclusive uses, including the following Ross Exclusive:

> Ross
> Without the prior written consent of [Ross], no tenant or occupant of Landlord's Parcel (other than Tenant) may use, and Landlord shall not permit any other tenant or occupant to use, ten thousand (10,000) square feet of LFA or more of its premises for the display and/or sale of apparel on an off-price basis ("Off-Price Use"). "Off-Price Use," for the purpose hereof, shall mean the retail sale (currently identified with such retailers as Tenant, T.J. Maxx, Marshall's, Stein Mart and ***Burlington Coat Factory***) of first quality, name brand apparel for men, women, and children on an every day basis at prices significantly reduced from those charged by full price retail apparel retailers, provided, however, that this definition shall not prohibit apparel sales events by a typical apparel retailer at prices discounted from that retailer's every day price. The current business operation of the following businesses are not within the definition of "Off-Price Use": Target, Fashion Bug, WalMart, K-Mart, Kohl's, Bob's Stores, Old Navy, Dress Barn, Sears, J.C. Penney and Mervyn's. The foregoing Off-Price Use protection shall only continue so long as Tenant continues its Off-Price business operations in the Store.

JoAnn Lease, Ex. F (emphasis added).

9.     Burlington is expressly listed as off-price apparel retailer that is restricted under the terms of the JoAnn Lease from leasing ten thousand (10,000) square feet or more of its premises for the display and/or sale of apparel on an off-price basis.

10.    Similarly, Section 9.4(a) of the Lease agreement dated October 11, 1999 by and between Landlord and Ross (the "Ross Lease"), contains an identical provision prohibiting off-price sale retailers including, Burlington, from leasing ten thousand (10,000) square feet or more of its premises for the display and/or sale of apparel on an off-price basis within the shopping center.

11.    Section 365(b)(3) of the Bankruptcy Code requires, among other things, that the landlord be provided with adequate assurance "that assumption or assignment of such lease is subject to all of the provisions thereof, including (but not limited to) provisions such as . . . *use, or exclusivity* provision, and *will not breach any such provision contained in any other lease . . . relating to such shopping center . . .* " 11 U.S.C. § 365(b)(3)(C) (emphasis added).  A Burlington store in the Premises would violate the Ross Exclusive contained in Section 9.4(a) of the Ross Lease and in Section 11 and Exhibit F of the JoAnn Lease, because Burlington is expressly identified as an "off price" retailer that is restricted by the Ross Exclusive to the extent its engages in an "Off-Price Use" in more than 10,000 square feet of the premises.

12.    Section 23 of the JoAnn Lease expressly restricts assignment of the Lease in circumstances where the assignment would violate the exclusive use provisions of another tenant within the shopping center, and states as follows:

> Tenant has the right to assign this Lease or sublet all or any part of the Premises for any lawful retail purpose, which use shall be subject to the prior written consent of Landlord not to be unreasonably withheld, *provided (i) that such assignee or sublessee uses the Premises for a primary use that does not violate any exclusive use rights granted to other tenants in the Shopping Center* or any

4

> restricted/prohibited uses that exist on the date of the assignment or sublease (subject, however, to Landlord's advising Tenant of such rights). . .

JoAnn Lease, § 23(a) (emphasis added).

13.    Section 23(a) of the JoAnn Lease further requires Landlord within 15 days after the receipt of a written request from Tenant to deliver "notice of any prohibitions or restrictions on the use of the premises enforceable by any other tenants of the Shopping Center."  JoAnn Lease, § 23(a).  The "[f]ailure to deliver to Tenant a list of any prohibitions or restrictions will constitute Landlord's covenant that there are not prohibitions or restrictions on the use of the Premises for any use and Landlord must indemnify, defend and hold Tenant harmless if there actually is a prohibition or restriction." *Id.*

14.    In accordance with Section 23(a), Landlord hereby gives notice of the Ross Exclusive and objects to the assignment of the JoAnn Lease to Burlington and to the operation (by Burlington or anyone else) of a Burlington store, or a retail store substantially similar thereto, or any other store that would violate the use and exclusivity restrictions in the JoAnn Lease, and would violate the Landlord's adequate assurance rights under 11 U.S.C. § 365(b)(3)(C).

15.    Moreover, if the Debtor were permitted to assume or assign the JoAnn Lease over Landlord's objection, Landlord could be subject to allegations of breach under the Ross Lease. Subparagraph 9.4(b) of the Ross Lease provides in pertinent part as follows:

> In the event any tenant or occupant violates the foregoing Off-Price Use protection. . . Tenant shall pay the lesser of Minimum Rent or Percentage Rent for a period not to exceed twelve (12) consecutive months thereafter, provided, however, that such Off-Price Use violation is still in effect. At the expiration of such twelve (12) month period, Tenant shall have the right, exercisable by written notice to Landlord, either to (i) terminate this Lease, or (ii) continue to pay the lesser of Minimum Rent or Percentage Rent for a period of thirty-six (36) consecutive months thereafter, so long as such Off-Price Use violation is in effect. . . .

61015880 v2

Ross Lease, § 9.4(b).

16.    Furthermore, Subparagraph 9.4(c) provides that if the Ross elects to terminate

pursuant to Subparagraph 9.4(b), Landlord would be required to pay Ross the unamortized costs

of Ross' leasehold improvements. In particular, Subparagraph 9.4(c) states:

> If Tenant elects to terminate, the Lease shall terminate on a date
> indicated by Tenant in its notice of termination, which in no event
> shall be sooner than ninety (90) days nor later than one hundred
> eighty (180) days after the date of Tenant's notice of termination. In
> the event of termination, Landlord shall pay Tenant for the
> unamortized costs of Tenant's leasehold improvements paid for by
> Tenant (as specified in Section 9.3(c) above), the amount of which
> Tenant shall specify in its notice of termination.

*Id.* at § 9.4(c).

17.    The potential consequences that could occur as a result of a Burlington store being

operated in the Shopping Center (and the related alleged violation of the Ross Exclusive) could

substantially harm Landlord in violation of 11 U.S.C. §365(b)(3)(C) by steeply reducing the

amount of rent payable by Ross and causing Landlord to be liable to Ross for certain tenant

improvement costs.

## B.    IN ORDER TO ASSUME THE JOANN LEASE, THE DEBTOR MUST CURE THE EXISTING DEFAULTS; THE STATED CURE FIGURE IS INCORRECT

18.    Assuming that the Court were to permit the assumption and assignment of the

JoAnn Lease despite the Ross Exclusive, the Landlord must be paid its full cure amount.  The

Notice incorrectly states the cure amount for the Lease as zero.

19.    The correct cure amount is at least $161,734.05, exclusive of fees and costs.

20.    The Landlord objects to any assumption or assignment of the Lease that does not

provide for payment of at least $161,734.05 in cure costs, plus all additional amounts that accrue

or fall due through the effective date of assumption and assignment.

21.    Moreover, Section 23(b) of the JoAnn Lease requires Debtor to pay fifty percent of

any consideration received as a part of assigning the JoAnn Lease to the Landlord.

22.     More specifically, Section 23(b) states:

> In the event Tenant desires to assign this Lease or sublease the entire Premises, Tenant shall provide to Landlord reasonable information on the proposed assignee or sublessee sufficient to ensure that the conditions in Section 23(a) above have been satisfied, as well as a full copy of the agreement by which Tenant proposes to assign or sublease the Premises. *Landlord shall be entitled to fifty percent (50%) of any and all consideration received by Tenant in the aggregate from any assignment of this Lease* and/or any subletting of the Premises over and above the Rent and charges due to Landlord from Tenant under the terms of this Lease . . . .

JoAnn Lease, § 23(b) (emphasis added).

23.     While the Notice does not disclose consideration to be paid by Burlington to the Debtors for the assumption of the JoAnn Lease, Landlord specifically demands that 50% of such amount be added to the cure amount paid to Landlord.

24.     The Landlord specifically reserves its right to object to any other relief sought by the Debtors in connection with the assumption or assignment of the Lease, including, but not limited to, claiming any additional amounts coming due under the Lease after the filing of this Objection.

**WHEREFORE**, the Landlord objects to the assignment of the Lease to Burlington as proposed in the Notice.

Dated:  May 13, 2025

**BURR & FORMAN LLP**

*/s/  J. Cory Falgowski*
J. Cory Falgowski (No. 4546)
222 Delaware Avenue, Suite 1030
Wilmington, DE  19801
Telephone:  (302) 830-2312
Email:  jfalgowski@burr.com

*Attorneys for Landlord*

61015880 v2