**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN Inc., et al, | ) | Case No. 25-10068 (CTG) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | **Re: Docket No. 760** |

**RAYZOR RANCH MARKETPLACE ASSOCIATES, LLC'S OBJECTION TO ASSUMPTION AND ASSIGNMENT OF UNEXPIRED LEASE FOR PREMISES LOCATED AT RAYZOR RANCH MARKETPLACE IN DENTON, TEXAS**

Rayzor Ranch Marketplace Associates, LLC ("**RR Landlord**"), a creditor and party-in-interest, files this objection to the proposed assumption and assignment of its lease (the "**RR Lease**") with Jo-Ann Stores, LLC (the "**Debtor**") for premises located at Rayzor Ranch Marketplace in Denton, Texas (the "**RR Premises**"), to Burlington Coat Factory Warehouse Corporation ("Burlington"). RR Landlord respectfully objects as follows:

**PRELIMINARY STATEMENT**

1.  The Debtor seeks to assign the RR Lease in the RR Premises to Burlington Coat Factory ("**Burlington**"). This assignment is impermissible. Approving the assignment would violate "tenant mix" requirements of the RR Premises, including the express terms of two existing leases relating to Ross Stores, Inc. (the "**Ross Lease**") and Marshalls, Inc. ("**Marshalls Lease**") entered subsequently to the RR Lease. Unless Burlington obtains consent under both the Ross Lease and the Marshalls Lease, assignment of the RR Lease is prohibited.

**BACKGROUND**

2.  Landlord and the Debtor are parties to that certain Lease Agreement dated November 17, 2010, as amended by a First Amendment dated January 25, 2013, and a Second

1

Amendment dated April 1, 2020 (together, the "**RR Lease**")[1] for the approximately 21,890 square foot premises in Denton, Texas.

3. On February 14, 2025, this Court entered an Order [Docket No. 429] approving assumption and assignment procedures (the "**Assumption Procedures Order**").

4. On April 28, 2025, the Debtors filed their First Notice of Assumption and Assignment [Docket No. 760] (the "**Assumption Notice**"), which identifies the RR Lease for assumption and assignment to Burlington. The Assumption Notice reflects a proposed cure amount of $0.

5. The RR Landlord has obtained an extension of the objection deadline and files this objection timely pursuant to that extension.

**OBJECTION TO ASSUMPTION AND ASSIGNMENT**

**A. The Lease Is Governed by Section 365(b)(3) as Part of a Shopping Center**

6. Rayzor Ranch Marketplace (the "**Center**") is a multi-tenant "shopping center" under 11 U.S.C. § 365(b)(3), and the RR Lease is therefore subject to the additional protections afforded to landlords of shopping centers under the Bankruptcy Code.

7. The RR Premises is part of a retail center purposefully developed to include a complementary mix of tenants, governed by restrictive covenants and exclusive use provisions that protect tenant expectations and the economic ecosystem of the center. Factors that courts in this district consider in analyzing whether the leased premises is located in a shopping center include (a) a combination of leases; (b) all leases held by a single landlord; (c) all tenants engaged in the commercial retail distribution of goods; (d) the presence of a common parking area; (e) the purposeful development of the premises as a shopping center; (f) the existence of a master lease;

---

[1] A copy of the RR Lease is available upon request.

2

(g) the existence of fixed hours during which all stores are open; (h) the existence of joint advertising; (j) contractual interdependence of the tenants as evidenced by restrictive use provisions in their leases; (k) The existence of percentage rent provisions in the leases; (l) the right of the tenants to terminate their leases if the anchor tenant terminates its lease; (m) joint participation by tenants in trash removal and other maintenance; (n) the existence of a tenant mix; and (o) the contiguity of the stores. *In re Sun TV and Appliances, Inc.*, 234 B.R. 356, 360 (1999) (quoting *In re Joshua Slocum Ltd.,* 922 F.2d 1081, 1087-88 (3d Cir. 1990).

8. **Many of these factors are present here:** (1) there is a combination of leases; (2) all leases are held by a single landlord; (3) all tenants are engaged in the commercial retail distribution of goods, save for a few small tenants that provide services commonly found in retail centers (such as hair or nail salons); (4) there is a common parking area; (5) the premises were purposefully developed as a shopping center; (6) there is contractual interdependence among tenants; (7) tenants have termination rights if an anchor tenant vacates; (8) tenants participate jointly in trash removal and other maintenance; (9) there is a defined tenant mix; and (10) the stores are contiguous. Out of the fourteen identified factors, at least ten are present in some form here.

9. Courts within the Third Circuit, including the United States Bankruptcy Court for the District of Delaware, have consistently applied these heightened standards. See *In re Joshua Slocum Ltd.*, 922 F.2d 1081, 1087–88 (3d Cir. 1990) (listing shopping center factors); *In re Three A's Holdings, L.L.C.*, 364 B.R. 550, 559 (Bankr. D. Del. 2007) (enforcing use restrictions against proposed assignee in shopping center).

**B. The Assignment Would Breach Binding Exclusivity Provisions (11 U.S.C. § 365(b)(3)(C))**

10. The Ross Lease at the Center prohibits off-price retail stores in excess of 10,000 square feet and expressly identifies Burlington as a restricted competitor. An excerpt is as follows:

> Without the prior written consent of Tenant, which consent may be withheld in the absolute and sole discretion of Tenant, no tenant or occupant of Landlord's parcel who occupies more than ten thousand (10,000) square feet of Leasable Floor Area (other than Tenant) may use, and Landlord, if it has the capacity to do so, shall not permit any other tenant or occupant of the Shopping Center who occupies more than ten thousand (10,000) square feet of leasable Floor Area to use its premises for the sale of Off-Price merchandise. . . . (As of the Effective Date, examples of retailers who conduct Off-Price sales include such retailers as . . . Burlington Coat.)

*See* Ross Lease at Section 15.3

11. The Marshall's Lease prohibits (i) off-price sales of apparel in excess of 15,000 square feet, (ii) footwear sales in excess of 7,500 square feet, and (iii) home furnishings sales in excess of 15,000 square feet. An excerpt is as follows:

> Landlord agrees that, from the date hereof until expiration of the term of this lease, no other premises in the Shopping Center shall at any time contain more than (i) fifteen thousand (15,000) square feet of floor area therein used or occupied for, or devoted to, the sale or display of apparel and related accessories on an "Off-Price" basis . . . and/or (ii) seven thousand five hundred (7,500) square feet of floor area therein used or occupied for, or devoted to the sale or display of shoes, footwear and related accessories, and/or (iii) fifteen thousand (15,000) square feet of floor area therein used or occupied for, or devoted to, the sale or display of furnishings for the home.

*See* Marshalls Lease at Schedule B, paragraph 4(B)

12. While the RR Lease predates both the Ross and Marshall's leases, the exclusivity provisions in those later leases are binding and enforceable against future occupants, including assignees of existing tenants. *See* Marshalls Lease at Article XVII and Ross Lease Sections 15.3 and 15.4.

13. Burlington is a prototypical off-price retailer whose core business model is in direct competition with the off-price restrictions negotiated by Ross and Marshalls, and its intended use

4

of the RR Premises would directly violate the exclusivity provisions benefiting both Ross and Marshall's.

14. Section 365(b)(3)(C) prohibits any assignment that would "breach any such provision contained in any other lease … relating to such shopping center." This prohibition is routinely enforced. See, e.g., *In re Trak Auto Corp.*, 367 F.3d 237, 245 (4th Cir. 2004); *Three A's Holdings*, 364 B.R. at 559.

15. Where assignment would expose the landlord to breach of other leases, courts uniformly deny such relief. See *In re Three A's Holdings*, 364 B.R. at 559. Because assignment of the RR Lease to Burlington would breach these protected exclusives with Ross and Marshalls, the assignment is impermissible under the Bankruptcy Code and must be denied.

**C. The Assignment Would Disrupt the Carefully Curated Tenant Mix (11 U.S.C. § 365(b)(3)(D))**

16. Even apart from exclusivity violations, the proposed assignment would substantially disrupt the tenant mix and balance of the Rayzor Ranch Marketplace.

17. Courts have consistently denied assignments that threaten this balance. See *In re Ames Dep't Stores, Inc.*, 316 B.R. 772, 796 (Bankr. S.D.N.Y. 2004) (assignment denied due to competitive harm to other tenants); *In re TSW Stores of Nanuet, Inc.*, 34 B.R. 299, 307 (Bankr. S.D.N.Y. 1983) (same).

18. Here, Burlington's operation in the RR Premises would directly encroach on protected tenant categories and undermine the spacing, product differentiation, and consumer experience at the center. Indeed, Burlington categorizes itself as an "off-price" retailer.[2] Their

---

[2] "As a nationally recognized off-price retailer . . . [Burlington] has over 1,000 stores across 46 states and Puerto Rico, principally under the name Burlington Stores." http://www.burlington.com/about/our-story

goods overlap with those of Marshalls and Ross. Burlington typically sells a broad selection of apparel, footwear, personal accessories, household items, seasonal items and cosmetics.

19. Section 365(b)(3)(D) requires that any assignment "not disrupt any tenant mix or balance in such shopping center." That standard is not met here.

**D. The Debtors Have Not Provided Adequate Assurance of Future Performance (11 U.S.C. §§ 365(b)(1), 365(f)(2), 365(b)(3)(A)–(D))**

20. The Debtors have not provided RR Landlord with sufficient adequate assurance information regarding Burlington's proposed use of the Premises, its compliance with exclusivity covenants, or its financial ability to perform.

21. Section 365(f)(2)(B) requires a showing of adequate assurance of future performance by any proposed assignee. For shopping center leases, section 365(b)(3) imposes additional requirements, including that:

   i. The financial condition and operating performance of the assignee must be similar to the original tenant;
   ii. Any percentage rent due under a lease must not decline substantially;
   iii. The assignment must comply with all lease terms, including use and exclusivity provisions; and
   iv. The assignment must not disrupt the tenant mix or balance of the center.

22. The Debtors have failed to demonstrate compliance with these heightened standards, including by failing to address the obvious use conflicts described above. Absent this required showing, the assignment must be denied. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 531–32 (1984); *In re Klein Sleep Prods., Inc.*, 78 F.3d 18, 24 (2d Cir. 1996); *In re Jamesway Corp.*, 201 B.R. 73, 76 (Bankr. S.D.N.Y. 1996).

23. Accordingly, because the Debtors have not met their burden under § 365, and because the proposed assignment violates statutory and contractual restrictions, the Debtor's request to assume and assign the RR Lease must be denied.

## RESERVATION OF RIGHTS

24. RR Landlord reserves all rights to amend or supplement this objection, including with respect to cure amounts, additional defaults, and any subsequently filed adequate assurance materials. RR Landlord also reserves the right to object to any proposed form of assumption or assignment order or any other relief inconsistent with this objection.

## PRAYER FOR RELIEF

WHEREFORE, Rayzor Ranch Marketplace Associates, LLC respectfully requests that the Court: (a) Deny the proposed assumption and assignment of the RR Lease to Burlington; (b) Require strict compliance with all exclusivity, use, and tenant mix restrictions in accordance with 11 U.S.C. § 365(b)(3); (c) Find that the Debtors have not provided adequate assurance of future performance as required by sections 365(b)(1) and (f)(2); and (d) Grant such other and further relief as this Court deems just and proper.

Dated: May 14, 2025  
Wilmington, DE

SULLIVAN · HAZELTINE · ALLINSON LLC

*/s/ William A. Hazeltine*  
William A. Hazeltine (No. 3294)  
919 North Market Street, Suite 420  
Wilmington, DE 19801  
Tel: (302) 428-8191  
Email: whazeltine@sha-llc.com

-and-

BRADLEY  
Jarrod B. Martin  
JPMorgan Chase Tower  
600 Travis Street, Suite 5600  
Houston, TX 77002  
Tel: (713)

Email: jbmartin@bradley.com

*Attorneys for Rayzor Ranch Marketplace Associates, LLC*