# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: Docket No. 760** |
| | ) |

## LIMITED OBJECTION OF ALAMEDA CROSSING STATION LLC TO FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES

Alameda Crossing Station LLC, an affiliate of Phillips Edison & Company (the "**Landlord**"), by and through its undersigned counsel, hereby files this limited objection to the *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 760] (as may be further amended, the "**Assumption Notice**").[2] In support hereof, the Landlord states as follows:

## BACKGROUND

1. The Landlord and Debtor Jo-Ann Stores LLC (or their predecessors-in-interest) are parties to a lease dated August 11, 2005 (as amended, the "**Lease**"), pursuant to which the Debtors lease certain nonresidential real property from the Landlord located at 1717 N. Dysart Road, Avondale, AZ 95392 [Store No. 2132] (the "**Premises**").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

55569777.1

- 2 -

2.      On January 15, 2025, the above-captioned debtors and debtors in possession in the above-captioned cases (collectively, the "**Debtors**") filed voluntary petitions (collectively, the "**Chapter 11 Cases**") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

3.      On February 26, 2025, the Court entered the *Order (A) Approving and Authorizing Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances and Other Interests, and (B) Granting Related Relief* [D.I. 520] (the "**Sale Order**"), pursuant to which the Court authorized, *inter alia*, the sale to GA Joann Retail Partnership, LLC and Wilmington Savings Fund Society, FSB of certain Lease/Contract Designation Rights (as defined in the Sale Order), which included the right to designate purchasers or other transferees of the Lease on the terms set forth therein.

4.      On April 28, 2025, the Debtors filed the Assumption Notice, which reflects a proposed assumption and assignment of the Lease to Burlington Coat Factory of Texas, Inc. ("**Burlington**"), effective as of June 1, 2025.  The Assumption Notice incorrectly reflects a cure amount for the Lease of $0.00 (the "**Proposed Cure Amount**").  The Assumption Notice also includes a proposed order approving the assumption and assignment of the Leases identified therein, which is attached as Schedule 3 to the Assumption Notice (the "**Proposed Assumption Order**").

5.      While the Landlord generally does not object to the assumption and assignment of the Lease to Burlington, its requires certainty that nothing set forth in the Proposed Assumption Order or any assignment agreement will cut off any rights of the Landlord under the Lease.  In addition, the Landlord objects to the Proposed Cure Amount insofar as it is inconsistent with the

Landlord's records, as described herein, and further reserves all rights to object to the Proposed Cure Amount to the extent additional amounts come due under the Lease and remain unpaid as of the proposed effective date of assignment.

6. As such, the Landlord files this Limited Objection to ensure that such rights are preserved.

## **LIMITED OBJECTION**

### A. The Lease Must be Assumed *Cum Onere*

7. A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The Debtors may not, through language in the Proposed Assumption Order, assignment agreement, or otherwise, modify or eliminate rights otherwise granted to landlords under their leases, including rights for indemnification or contribution arising against the Debtors under such leases.

8. In particular, notwithstanding any provision in the Proposed Assumption Order or any assignment agreement to the contrary, any assumption and assignment of the Lease by the Debtors must be subject to (a) applicable reciprocal easement agreements (or similar agreements) and other restrictive covenants applicable to the shopping center, (b) obligations to pay all accruing or accrued but unbilled charges or obligations due under the Lease, including un-billed year-end adjustments and reconciliations, which may come due in the future in accordance with the terms of the Lease, regardless of when they arose, (c) any contractual indemnification obligations to indemnify and hold the Landlord harmless with regard to claims for personal injuries or damages at the leased premises or shopping center that arise from the Debtors' use and occupancy of the

premises prior to assumption, but which may not be known to the Landlord as of the time of the assumption, and (d) and any rights of setoff to which the Landlord may be entitled under the Lease, including with respect to application of any security deposits maintained by the Landlord under the Lease.

9. Insofar as the Proposed Assumption Order or any assignment agreement contain provisions that appear to improperly cut off these rights and obligations, language should be added to the Proposed Assumption Order to make clear that assumption of the Lease is pursuant to the terms of the Lease, and does not cut off obligations arising thereunder.

10. To address the Landlord's concerns, the Landlord respectfully requests that the following language be added to the Proposed Assumption Order:

> Notwithstanding any provisions to the contrary in this Order or any assignment agreement, upon assumption and assignment of a Contract, the Assignee shall be responsible for all obligations under such contract *cum onere*, including, without limitation, liabilities for any defaults under such Contract, in each case arising or occurring after such assumption and assignment, and for payment or performance of any and all obligations under such Contract arising or occurring after such assumption and assignment when due in accordance with the terms of such Contract (irrespective of whether such obligations accrued before, on, or after assumption and assignment of the Contract), including with respect to (a) claims for indemnification, and (b) year-end adjustment and reconciliation amounts that become due or accrue after assumption and assignment, in each case subject to the terms and conditions of the Contract, and subject to any defenses provided by such Contract and applicable non-bankruptcy law and unless otherwise agreed with the counterparty to the Contract.

11. The Landlord has also shared certain other comments to the Proposed Assumption Order with counsel to Burlington and the Debtors and looks forward to continuing to work productively to resolve the concerns set forth herein.

B. **Disputed Cure Amounts**

12. As noted above, the Assumption Notice reflects a $0.00 cure amount for the Lease. The Landlord disputes such Proposed Cure Amount and believes the appropriate cure amount is as follows:

| Lease | Proposed Cure Amount | Actual Cure Amount |
|---|---|---|
| Alameda Crossing Station LLC (Store 2132) | $0.00 | $61,876.47 |

13. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or the Landlord suffers other pecuniary losses with respect to the Lease, the Landlord reserves the right to further dispute the Proposed Cure Amount to ensure that it includes additional amounts that continue to accrue, including non-monetary obligations, and any other obligations that arise and/or become known to the Landlord prior to the proposed effective date of assignment to Burlington.

## RESERVATION OF RIGHTS

14. Nothing contained herein is intended to be, or should be construed as, a waiver by the Landlord of any other rights under the Lease, the Bankruptcy Code, or applicable law. The Landlord expressly reserves all such rights, including the right to supplement and/or amend this Limited Objection and to assert any additional objections to the proposed assumption or assignment of the Lease.

[remainder of page left intentionally blank]

- 6 -

**CONCLUSION**

**WHEREFORE**, the Landlord respectfully asks the Court to (i) approve the inclusion of the Landlord's proposed language (or similarly clarifying language) in the Proposed Assumption Order, (ii) approve the corrected Cure Amount described above, and (iii) grant the Landlord such other and further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: May 15, 2025 | **SAUL EWING LLP**<br><br>*/s/ Monique B. DiSabatino*<br>Monique B. DiSabatino (DE Bar No. 6027)<br>1201 North Market Street, Suite 2300<br>P.O. Box 1266<br>Wilmington, DE 19899<br>Telephone: (302) 421-6806<br>Email: monique.disabatino@saul.com<br><br>*Attorneys for Alameda Crossing Station LLC and Phillips Edison & Company* |