## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>          Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Deadline: June 5, 2025 at 4:00 p.m. (ET)** |

## NOTICE OF FIRST INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 30, 2025 THROUGH AND INCLUDING MARCH 31, 2025

**PLEASE TAKE NOTICE** that on May 15, 2025, Kelley Drye & Warren LLP

("Kelley Drye") filed the *First Interim Fee Application of Kelley Drye & Warren LLP for*

*Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel*

*to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through*

*and Including March 31, 2025* (the "Application"), seeking compensation for the reasonable and

necessary services rendered to the Committee in the amount of $2,204,098.50 and

reimbursement for actual and necessary expenses in the amount of $22,665.92.

**PLEASE TAKE FURTHER NOTICE** that objections to the Application, if any,

must be filed with the Clerk of the Bankruptcy Court and be served upon the Application

Recipients as defined in the *Order (I) Establishing Procedures for Interim Compensation and*

*Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief*

---

[1]    The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

(the "Interim Compensation Order")[2] so as to be received no later than **4:00 p.m. (prevailing Eastern Time) on June 5, 2025** (the "Objection Deadline").

   **PLEASE TAKE FURTHER NOTICE** that a hearing to consider the Application will be held before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge for the District of Delaware, 824 North Market Street, 3rd Floor, Courtroom 7, Wilmington, Delaware 19801 will be scheduled at a later date.

   **PLEASE TAKE FURTHER NOTICE** THAT IF NO OBJECTIONS ARE FILED AND SERVED IN ACCORDANCE WITH THE ABOVE PROCEDURES, OR IF YOU FAIL TO RESPOND IN ACCORDANCE WITH THIS NOTICE, THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED BY THIS APPLICATION WITHOUT FURTHER NOTICE OR HEARING.

---

[2]   Docket No. 552.

Dated:  May 15, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: *James E. O'Neill*
Bradford Sandler (DE Bar No. 4142)
James E. O'Neill (DE Bar No. 4042)
919 North Market Street 17th Floor
P.O. Box 8705
Wilmington, DE 19899-8705 (Courier 19801)
Tel: (302) 652-4100
Fax: (302) 652-4400
Email: bsandler@pszjlaw.com
        joneill@pszjlaw.com

and

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
        jadams@kelleydrye.com
        mmcloughlin@kelleydrye.com

*Counsel to the Official Committee of*
*Unsecured Creditors of JOANN Inc., et al.*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline:  June 5, 2025 at 4:00 p.m. (ET)** |

## SUMMARY OF FIRST INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 30, 2025 THROUGH AND INCLUDING MARCH 31, 2025

| | |
|---|---|
| Name of applicant: | Kelley Drye & Warren LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Petition date: | January 15, 2025 |
| Date of retention: | Effective as of January 30, 2025[2] |
| Period for which compensation and reimbursement is sought: | January 30, 2025 through and including March 31, 2025 |
| Terms and conditions of employment | Hourly. No retainer. |
| Monthly/Interim/Final: | Interim |
| Total fees sought to be paid this period: | $2,204,098.50 |
| Total expenses sought to be paid this period: | $22,665.92 |
| Total fees and expenses sought this period: | $2,226,764.42 |
| Total fees and expenses approved by interim order to date: | N/A |

---

[1]    The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]    Docket No. 594.

| | |
|---|---|
| Blended rate in this application for all timekeepers: | $951.44 |
| Fees sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Expenses sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Number of timekeepers included in this application: | 32 |
| Number of timekeepers billing fewer than 15 hours to the case during this period: | 10 |
| Are any rates higher than those approved or disclosed at retention? | No |

This is a(n):   __  Monthly          _X_  Interim          __ Final application

## PRIOR MONTHLY APPLICATION HISTORY

| Date Filed and Docket No. | Period Covered | Requested | | Allowed (Pending) | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| May 5, 2025 Docket No. 808 | January 30, 2025 – February 28, 2025 | $1,879,711.50 | $19,689.24 | TBD[3] | TBD | $375,942.30 |
| May 8, 2025 Docket No. 830 | March 1, 2025 – March 31, 2025 | $324,387.00 | $2,976.68 | TBD[4] | TBD | $64,877.40 |
| **Totals:** | | **$2,204,098.50** | **$22,665.92** | | | **$440,819.70** |

## PRIOR INTERIM APPLICATION HISTORY

No prior interim fee applications have been filed.

---

[3]     The objection deadline to Kelley Drye's first monthly fee statement is May 27, 2025.

[4]     The objection deadline to Kelley Drye's second monthly fee statement is May 29, 2025.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline:  June 5, 2025 at 4:00 p.m. (ET)** |

## FIRST INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM <u>JANUARY 30, 2025 THROUGH AND INCLUDING MARCH 31, 2025</u>

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "<u>Interim Compensation Order</u>"),[2] Kelley Drye & Warren LLP ("<u>Kelley Drye</u>") submits its first interim fee application (the "<u>Application</u>") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), for the period from January 30, 2025 through and including March

---

[1]    The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]    Docket No. 552.

31, 2025 (the "Application Period").  In support of its Application, Kelley Drye respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.      The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-1.

## BACKGROUND

3.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Following the Petition Date, the Debtors remained in possession of their assets and continued to operate and manage their business as debtors-in-possession, until the closing of the sale of substantially all of their assets, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.      On January 28, 2025, the Office of the United States Trustee for Region 3 appointed a nine-member Committee consisting of: (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P.[3]

5.      On January 30, 2025, the Committee selected Kelley Drye as its lead counsel and Province, Inc. ("Province") as its financial advisor.  On January 31, 2025, the Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its Delaware counsel.

---

[3]      Docket No. 198.

6.        On February 13, 2025, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief*,[4] and on March 4, 2025, the Court entered the Interim Compensation Order.[5]

7.        On February 28, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of January 30, 2025* (the "Retention Application").[6]   On March 18, 2025, the Court entered an order approving the Retention Application, effective as of January 30, 2025.[7]

8.        On May 5, 2025, Kelley Drye filed the *Combined First Monthly Fee Statement for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through and Including February 28, 2025* (the "First Monthly Application").[8]

9.        On May 8, 2025, Kelley Drye filed the *Second Monthly Fee Statement for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from March 1, 2025 Through and Including March 31, 2025* (the "Second Monthly Application").[9]

10.       Kelley Drye incorporates by reference the First Monthly Application and the Second Monthly Application into this Application.

---

[4]        Docket No. 426.

[5]        Docket No. 552.

[6]        Docket Nos. 526, 530.

[7]        Docket No.  594.

[8]        Docket No. 808.

[9]        Docket No. 830.

## SUMMARY OF COMPENSATION AND
## EXPENSES REQUESTED FOR THE APPLICATION PERIOD

11.     By this Application, Kelley Drye requests interim allowance of (i) $2,204,098.50, as compensation for professional services rendered to the Committee during the Application Period, totaling 2,316.6 hours of professional time; and (ii) $22,665.92 as reimbursement for actual and necessary expenses incurred during the Application Period.

12.     Attached hereto as: (i) **Exhibit A** is a summary of compensation by each Kelley Drye professional that worked on these cases during the Application Period; (ii) **Exhibit B** is a summary of compensation by project category for the Application Period; (iii) **Exhibit C** is a summary of expenses incurred by Kelley Drye during the Application Period; (iv) **Exhibit D** is Kelley Drye's staffing plan for the Application Period; (v) **Exhibit E** is Kelley Drye's customary and comparable compensation disclosures; (vi) **Exhibit F** is Kelley Drye's budget for the Application Period; (vii) **Exhibit G** is a summary of fees and hours budgeted compared to fees and hours billed during the Application Period; and (viii) **Exhibit H** is the certification of Jason R. Adams, which certifies certain matters addressed in the Interim Compensation Order and UST Guidelines.

## VALUATION OF SERVICES

13.     Kelley Drye's professionals have expended a total of 2,316.6 hours in connection with this matter during the Application Period.  The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**.  The rates are Kelley Drye's normal hourly rates of compensation for work of this character.  The reasonable value of the services rendered by Kelley Drye for the Application Period as counsel for the Committee in these Cases is $2,204,098.50.

14.     All services for which compensation is requested by Kelley Drye were

4

performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these Cases.

15.     As described more fully in the First Monthly Application and the Second Monthly Application, Kelley Drye submits that the amount requested is fair and reasonable given the complexities and expedited nature of these cases, the time expended, the nature and extent of the services rendered, the value of such services and their benefits to the estates, and the costs of comparable services other than in a case under this title.

## EXPENSES

16.     Kelley Drye's out of pocket disbursements during the Application Period total $22,665.92.[10]  These disbursements are broken down into categories of charges, a summary of which is attached hereto as **Exhibit C**.

## CERTIFICATE OF COMPLIANCE AND WAIVER

17.     The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with them.

18.     If the Application does not comply in all respects with the requirements of Local Rule 2016-1, Kelley Drye believes that such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

19.     Pursuant to the Interim Compensation Order, notice of this Application has been provided to: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236,

---

[10]     Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in subsequent applications, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L. Newman (snowman@coleschotz.com), Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher Carter (christopher.carter@morganlewis.com) and Marjorie Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola (jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); and (h) counsel to Gordon Brothers Retail Partners, LLC,

Katten Muchin Rosenman LLP, 5 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com).    Kelley Drye respectfully submits that no further notice of the Application is necessary or required.

## **CONCLUSION**

   **WHEREFORE,** Kelley Drye respectfully requests: (i) interim allowance of and payment of $2,204,098.50 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred in the sum of $22,665.92; (ii) that the Debtors be authorized and directed to pay the outstanding amount of such sums to Kelley Drye; and (iii) such other relief as this Court deems just and proper.

Dated: May 15, 2025

       **KELLEY DRYE & WARREN LLP**

       */s/ Eric R. Wilson*
       Eric R. Wilson (admitted *pro hac vice*)
       Jason R. Adams (admitted *pro hac vice*)
       Maeghan J. McLoughlin (admitted *pro hac vice*)
       3 World Trade Center
       175 Greenwich Street
       New York, New York 10007
       Tel: (212) 808-7800
       Fax: (212) 808-7897
       Email: ewilson@kelleydrye.com
         jadams@kelleydrye.com
         mmcloughlin@kelleydrye.com

       *Counsel to the Official Committee of*
       *Unsecured Creditors*

## EXHIBIT A

## Compensation by Timekeeper

## January 30, 2025 through and including March 31, 2025

| Name of Professional | Position | Year of Law School Graduation | Hourly Rate[1] | Total Billed Hours | Total Compensation |
|---|---|---|---|---|---|
| Eric R. Wilson | Partner | 1997 | $1,280.00 | 257.8 | $329,984.00 |
| | | | $640.00 | 4.7 | $3,008.00 |
| Jason R. Adams | Partner | 2000 | $1,150.00 | 279.5 | $321,425.00 |
| | | | $575.00 | 2.1 | $1,207.50 |
| Robert L. LeHane | Partner | 1998 | $1,195.00 | 19.5 | $23,302.50 |
| Wendy Clarke | Partner | 2009 | $1,010.00 | 32.4 | $32,724.00 |
| William Gyves | Partner | 1991 | $1,000.00 | 129.8 | $129,800.00 |
| Andrew Lee | Partner | 2001 | $1,060.00 | 7.5 | $7,950.00 |
| Jennifer L. Norkus | Partner | 2004 | $910.00 | 31.2 | $28,392.00 |
| Maeghan J. McLoughlin | Special Counsel | 2011 | $1,045.00 | 425.8 | $444,961.00 |
| | | | $522.50 | 6.0 | $3,135.00 |
| Rich Gage | Special Counsel | 2013 | $1,045.00 | 134.2 | $140,239.00 |
| | | | $522.50 | 3.0 | $1,567.50 |
| Benjamin D. Feder | Special Counsel | 1985 | $1,060.00 | 5.1 | $5,406.00 |
| John Ramirez | Special Counsel | 2008 | $1,045.00 | 18.9 | $19,750.50 |
| Nathan S. Greenberg | Special Counsel | 2013 | $920.00 | 18.7 | $17,204.00 |
| Dana P. Kane | Special Counsel | 1998 | $945.00 | 4.8 | $4,536.00 |
| Jennifer D. Raviele | Special Counsel | 2008 | $895.00 | 1.5 | $1,342.50 |
| Randall Morrison Jr. | Special Counsel | 2014 | $960.00 | 28.9 | $27,744.00 |
| Andres Barajas | Senior Associate | 2017 | $890.00 | 135.3 | $120,417.00 |
| Ashley A. Czechowski | Senior Associate | 2017 | $890.00 | 57.1 | $50,819.00 |
| Connie Y. Choe | Associate | 2020 | $785.00 | 212.3 | $166,655.50 |
| John A. Churchill Jr. | Associate | 2021 | $735.00 | 84.4 | $62,034.00 |
| Lauren Kouser | Associate | 2021 | $735.00 | 2.3 | $1,690.50 |
| Paul Laudiero | Associate | 2021 | $735.00 | 99.3 | $72,985.50 |
| Matthew Nunez | Associate | 2021 | $735.00 | 6.2 | $4,557.00 |
| Jamie Sarmiento | Associate | 2022 | $660.00 | 32.0 | $21,120.00 |
| Julian Finer | Associate | 2023 | $605.00 | 25.4 | $15,367.00 |
| Timothy D. Hopper | Associate | 2023 | $605.00 | 69.7 | $42,168.50 |
| Nathan D. Verrilli | Associate | 2023 | $605.00 | 60.6 | $36,663.00 |
| Rachel Forman | Associate | 2024 | $565.00 | 49.1 | $27,741.50 |

---

[1] Non-Working Travel Time is billed at 50% of the normal rate.

| Tammy Zapata | Associate | 2024 | $565.00 | 60.0 | $33,900.00 |
|---|---|---|---|---|---|
| Miquel Lugo | Discovery Services | N/A | $435.00 | 0.3 | $130.50 |
| Tom Burns | Paralegal | N/A | $400.00 | 3.1 | $1,240.00 |
| Carmen Castro | Paralegal | N/A | $390.00 | 0.5 | $195.00 |
| Sherlly Alceus | Paralegal | N/A | $360.00 | 7.6 | $2,736.00 |
| | | | **Total:** | **2,316.6** | **$2,204,098.50** |

**EXHIBIT B**

**Compensation by Project Category**

**January 30, 2025 through March 31, 2025**

| Project Category | Total Hours | Total Fees |
|---|---|---|
| Case Administration | 27.3 | $25,186.50 |
| Pleadings Review | 12.3 | $10,551.50 |
| Retention Matters | 51.6 | $50,161.00 |
| Fee Matters | 14.8 | $16,443.00 |
| Financing | 64.2 | $65,792.00 |
| Asset Analysis and Disposition | 529.7 | $518,850.50 |
| Executory Contracts and Leases | 33.3 | $29,021.50 |
| Avoidance Actions | 0.6 | $742.00 |
| Claims Administration | 30.3 | $29,098.00 |
| Plan and Disclosure Statement | 162.9 | $170,768.50 |
| Committee and Creditor Communications | 233.9 | $243,161.00 |
| Business Operations | 18.2 | $15,958.50 |
| Court Hearings | 117.8 | $125,073.00 |
| Lender Investigation | 94.8 | $85,050.50 |
| Debtor Communications | 23.1 | $24,147.50 |
| Investigation | 163.6 | $155,789.50 |
| Litigation | 315.2 | $290,257.50 |
| Discovery | 293.0 | $222,123.00 |
| Committee Professional Communications | 114.2 | $117,005.50 |
| Non-Working Travel Time (billed at 50% rate) | 15.8 | $8,918.00 |
| **Total:** | **2,316.6** | **$2,204,098.50** |

## EXHIBIT C

**Expense Summary**

**January 30, 2025 through March 31, 2025**

| Expense Category | Amount |
|---|---|
| Duplication | $18.60 |
| Long Distance Travel | $2,046.00 |
| Transcriptions | $101.20 |
| Cab Service | $1,459.18 |
| Meals | $285.22 |
| Binding | $19.25 |
| Court Reporter | $11,602.41 |
| Lodging | $2,494.22 |
| UCC Lien Search | $2,337.00 |
| Westlaw & Lexis Research | $2,279.94 |
| Parking | $22.90 |
| **Total:** | **$22,665.92** |

### EXHIBIT D

**Staffing Plan**

**January 30, 2025 through March 31, 2025**

| CATEGORY OF TIMEKEEPER | NUMBER OF TIMEKEEPERS EXPECTED TO WORK ON THE MATTER DURING THE BUDGET PERIOD | AVERAGE HOURLY RATE |
|---|---|---|
| **Partner** | 7 | $1,150 |
| **Special Counsel** | 5 | $1,045 |
| **Associate** | 15 | $750 |
| **Paraprofessionals** | 2 | $400 |

## <u>EXHIBIT E</u>

**Customary and Comparable Compensation Disclosures**

| Category of Timekeeper | Blended Hourly Rate | |
|---|---|---|
| | **Billed or Collected in 2024 in KDW's New York Office (Excluding Bankruptcy)[1]** | **Billed in this Fee Application** |
| Partner | $1,055 | $1,148 |
| Special Counsel | $954 | $1,029 |
| Associate | $742 | $734 |
| Paraprofessionals | $374 | $374 |
| **All Timekeepers Aggregated** | **$789** | **$951** |

---

[1]     Under the UST Guidelines, "preceding year" means "either the applicant's prior completed fiscal year or a rolling 12-month year." Kelley Drye's blended rates reflect work performed in Kelley Drye's 2024 fiscal year in Kelley Drye's domestic offices, excluding all data from bankruptcy law matters.

**EXHIBIT F**
**Budget for Kelley Drye & Warren LLP**
**January 30, 2025 through March 31, 2025**

| Project Category | Estimated Hours | Estimated Fees |
|---|---|---|
| Case Administration | 70 | $60,000.00 |
| Pleadings Review | 50 | $40,000.00 |
| Retention Matters | 50 | $40,000.00 |
| Fee Matters | 60 | $50,000.00 |
| Financing | 100 | $75,000.00 |
| Asset Recovery and Disposition | 700 | $650,000.00 |
| Executory Contracts and Leases | 30 | $25,000.00 |
| Avoidance Actions | 10 | $10,000.00 |
| Claims Administration | 75 | $65,000.00 |
| Plan and Disclosure Statement | 200 | $175,000.00 |
| Committee and Creditor Communications | 250 | $225,000.00 |
| Business Operations | 30 | $25,000.00 |
| Court Hearings | 200 | $180,000.00 |
| Employee Matters | 25 | $20,000.00 |
| Lender Investigation | 200 | $150,000.00 |
| Debtor Communications | 50 | $40,000.00 |
| Investigation | 500 | $475,000.00 |
| Litigation | 350 | $300,000.00 |
| Discovery | 200 | $150,000.00 |
| Committee Professional Communications | 200 | $175,000.00 |
| Non-Working Travel Time | 30 | $15,000.00 |
| **Total:** | **3,380** | **$2,945,000.00** |

## EXHIBIT G

### Comparison of Fees and Hours Budgeted vs. Fees and Hours Billed

### January 30, 2025 through March 31, 2025

| Project Category | Estimated Hours | Hours Billed | Estimated Fees | Fees Incurred |
|---|---|---|---|---|
| Case Administration | 70 | 27.3 | $60,000.00 | $25,186.50 |
| Pleadings Review | 50 | 12.3 | $40,000.00 | $10,551.50 |
| Retention Matters | 50 | 51.6 | $40,000.00 | $50,161.00 |
| Fee Matters | 60 | 14.8 | $50,000.00 | $16,443.00 |
| Financing | 100 | 64.2 | $75,000.00 | $65,792.00 |
| Asset Recovery and Disposition | 700 | 529.7 | $650,000.00 | $518,850.50 |
| Executory Contracts and Leases | 30 | 33.3 | $25,000.00 | $29,021.50 |
| Avoidance Actions | 10 | 0.6 | $10,000.00 | $742.00 |
| Claims Administration | 75 | 30.3 | $65,000.00 | $29,098.00 |
| Plan and Disclosure Statement | 200 | 162.9 | $175,000.00 | $170,768.50 |
| Committee and Creditor Communications | 250 | 233.9 | $225,000.00 | $243,161.00 |
| Business Operations | 30 | 18.2 | $25,000.00 | $15,958.50 |
| Court Hearings | 200 | 117.8 | $180,000.00 | $125,073.00 |
| Employee Matters | 25 | 0.0 | $20,000.00 | $0.00 |
| Lender Investigation | 200 | 94.8 | $150,000.00 | $85,050.50 |
| Debtor Communications | 50 | 23.1 | $40,000.00 | $24,147.50 |
| Investigation | 500 | 163.6 | $475,000.00 | $155,789.50 |
| Litigation | 350 | 315.2 | $300,000.00 | $290,257.50 |
| Discovery | 200 | 293.0 | $150,000.00 | $222,123.00 |
| Committee Professional Communications | 200 | 114.2 | $175,000.00 | $117,005.50 |
| Non-Working Travel Time | 30 | 15.8 | $15,000.00 | $8,918.00 |
| Total: | 3,380 | 2,316.6 | $2,945,000.00 | $2,204,098.50 |

## **EXHIBIT H**

**Certification of Jason R. Adams**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25–10068 (CTG) |
| Debtors. | (Jointly Administered) |

**CERTIFICATION OF JASON R. ADAMS IN SUPPORT OF THE FIRST
INTERIM FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR
ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM
JANUARY 30, 2025 THROUGH AND INCLUDING MARCH 31, 2025**

I, Jason R. Adams, Esq., certify that I am a partner of Kelley Drye,[2] which is counsel to the Committee; that I am authorized to make this declaration on Kelley Drye's behalf; that the facts set forth in the Application are true and correct to the best of my information, knowledge, and belief; that I have reviewed the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware and the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), and submit that the Application substantially complies with such rules; that Kelley Drye has no agreement, directly or indirectly, and that no understanding exists in any form or guise with any person, for a division of the compensation requested in the Application, except

---

[1]     The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]     Capitalized terms used but not defined in this certification have the meanings ascribed to them in the *First Interim Fee Application of Kelley Drye & Warren LLP for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through and Including March 31, 2025* (the "Application"), filed contemporaneously herewith.

that compensation to be received by Kelley Drye will be shared among Kelley Drye's partners and employees as permitted by section 504 of the Bankruptcy Code.

1.      Pursuant to the U.S. Trustee Guidelines, I certify the following:

(a)     Kelley Drye did not agree to vary or alter our standard or customary billing rates, fees, or retention terms for this engagement.

(b)     None of the professionals included in this Application varied their hourly rate based on the geographic location of the Debtors' bankruptcy cases.

(d)     The Application includes 12 hours and $13,546.00 to review or revise time records or invoices, including to comply with confidentiality restrictions in these cases.

(e)     Fees billed by Kelley Drye during the Fee Period were more than $740,902.00 less than the firm's original budget for the Application Period.

2.      Any differences in the blended hourly rates of Kelley Drye's non-bankruptcy and bankruptcy timekeepers result from several factors.  First, a comparison of non-bankruptcy and bankruptcy rates fails to account for the demands of a chapter 11 case, as opposed to other more routine engagements, as well as alternative fee structures such as flat fee arrangements or capped fees that may apply to non-bankruptcy matters.

3.      Second, Kelley Drye's bankruptcy group differs from the general composition of Kelley Drye as a whole.  Kelley Drye's bankruptcy group has proportionately fewer junior attorneys given the nature of the matters handled by the firm's bankruptcy practice. As a creditor-oriented practice, Kelley Drye's bankruptcy group generally has more senior, experienced attorneys to effectively address the demands of a chapter 11 bankruptcy case and efficiently meet the needs of our clients.  The composition of Kelley Drye's bankruptcy group could not mirror the general composition of timekeepers across the firm without utilizing non-

2

bankruptcy lawyers to perform bankruptcy-specific tasks.  Doing that would lead to significant inefficiencies that would ultimately result in substantially increased fees.

4.    Third, Kelley Drye was engaged by the Committee to address time-sensitive, complex restructuring issues that required specialized expertise and, therefore, higher rates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on May 15, 2025

By:   _/s/ Jason R Adams_
           Jason R. Adams

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.,*[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |
| | ) | |

**ORDER GRANTING FIRST INTERIM FEE APPLICATION OF KELLEY DRYE &
WARREN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED
AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE
OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM
JANUARY 30, 2025 THROUGH AND INCLUDING MARCH 31, 2025**

Kelley Drye & Warren LLP ("Kelley Drye"), as lead counsel for the official committee of
unsecured creditors (the "Committee") in the above-captioned cases, filed its *First Interim Fee
Application of Kelley Drye & Warren LLP for Allowance of Compensation for Services Rendered
and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured
Creditors for the Period from January 30, 2025 through and Including March 31, 2025* (the "First
Interim Fee Application").  The Court has reviewed the First Interim Fee Application and finds
that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b)
notice of the First Interim Fee Application, and any hearing on the First Interim Fee Application,
was adequate under the circumstances; and (c) all persons with standing have been afforded the
opportunity to be heard on the First Interim Fee Application.  Accordingly, it is hereby

ORDERED that the First Interim Fee Application is GRANTED, on an interim basis.  The
Debtors in the above cases shall pay to Kelley Drye the sum of $2,204,098.50 as compensation for

---

[1] The Debtors in these chapter 11 cases are:  JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech
Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings
Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

necessary professional services rendered, and actual and necessary expenses in the amount of $22,665.92 for a total of $2,226,764.42 for services rendered and disbursements incurred by Kelley Drye for the period January 30, 2025 through March 31, 2025, less any amounts previously paid in connection with the Monthly Fee Statements.

ORDERED that this Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.