**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>                Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>Objection Deadline: May 16, 2025[2]<br>Hearing Date: To be Determined<br>Related to Docket Nos. 429 & 760 |

**OBJECTION OF NATIONAL REALTY & DEVELOPMENT CORP. TO
FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN
EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES**

National Realty & Development Corp., as managing agent for SP 35 L.P., (the "Landlord"), by and through its undersigned counsel, hereby files this objection (the "Objection") to the *Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [D.I. 760] (the "Notice of Assumption and Assignment")[3] and respectfully represents as follows:

## BACKGROUND

1.      On January 15, 2025 (the "Petition Date"), JOANN Inc. and its debtor affiliates in the above-captioned chapter 11 cases (the "Debtors", and each a "Debtor") filed their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") with the United States Bankruptcy Court for the District of Delaware (the "Court").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Extended by consent of Debtors' counsel.

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Notice of Assumption and Assignment.

31361915.2

2.      Upon information and belief, the Debtors continue to operate their business and manage their properties as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[4]

3.      The Landlord and Debtor Jo-Ann Stores, LLC are parties to an unexpired lease of non-residential real property dated July 21, 1976 (with all amendments and modifications, the "Lease"), located in a portion of the Shrewsbury Plaza shopping center in Shrewsbury, New Jersey (the "Premises").

4.      The Premises is located within a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code. *See In re Joshua Slocum, Ltd.*, 922 F.2d 1081, 1086-87 (3d Cir. 1990).

5.      On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases, and (II) Granting Related Relief* [D.I. 16] (the "Assumption and Assignment Procedures Motion"), seeking to establish procedures governing the future assumption and assignment of unexpired leases of non-residential real property.

6.      On the Petition Date, the Debtors filed the *Motion of Debtors for Entry of an Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines With Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [D.I. 17] (the "Sale

---

[4] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

Motion"), seeking to establish procedures governing the potential sale or sales of substantially all of the Debtors' assets.

7. On February 14, 2025, the Court entered an *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [D.I. 429] ("Assumption and Assignment Procedures Order"), which granted the Assumption and Assignment Procedures Motion.

8. On February 16, 2025, the Court entered the *Order (I) Approving Bidding Procedures, (II) Scheduling Certain Dates and Deadlines with Respect Thereto, (III) Approving the Form and Manner of Notice Thereof, (IV) Approving the Stalking Horse Agreement, (V) Establishing Notice and Procedures for the Assumption and Assignment of Contracts and Leases, (VI) Authorizing the Assumption and Assignment of Assumed Contracts and Leases, (VII) Approving the Sale of Assets, and (VIII) Granting Related Relief* [D.I. 446], which granted the procedural aspect of the Sale Motion.

9. On February 22, 2025, the Debtors filed the *Notice of Winning Bidder for Certain of the Debtors' Assets* [D.I. 480].

10. On February 26, 2025, the Court entered the *Order (A) Approving and Authorizing the Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* [D.I. 520] (the "Sale Order"). The Sale Order approved the purchase of the Debtors' assets, including the right to designate unexpired leases of non-residential real property for assumption and assignment, by parties including GA Joann Retail Partnership, LLC ("GA Group").

11. On April 22, 2025, GA Group, through its advisor A&G Realty Partners, conducted an auction for the Debtors' then-remaining unexpired leases of non-residential real property.

3

12. On April 28, 2025, the Debtors filed the Notice of Assumption and Assignment indicating their intent to assume and assign the Lease to Harmon POS Sales LLC ("Assignee") under the terms of the Assumption and Assignment Procedures Order with a proposed assumption and assignment date of June 1, 2025.

13. The Notice of Assumption and Assignment included a proposed cure amount of $0.00 (the "Proposed Cure Amount") in connection with any assumption and assignment of the Lease to Assignee.

## OBJECTION

*A. The Proposed Cure Amount Is Subject to Change*

14. As a condition of any assumption and assignment of the Lease, the Landlord is entitled to have all defaults cured. 11 U.S.C. § 365(b)(1)(A). While the Debtors are not currently in default under the Lease for failure to pay rent and other charges currently due and owing, that may change by the time the Lease is proposed to be assumed and assigned.

15. The Landlord objects to the Proposed Cure Amount to the extent that it does not reflect the correct cure amount for the Lease as of the date of assumption (the "Correct Cure Amount"). The Correct Cure Amount must also include attorneys' fees and accrued rent and charges and indemnity obligations that have continued to accrue post-petition.

*B. The Proposed Cure Amount Does Not Include Attorneys' Fees*

16. The Landlord further objects to the Proposed Cure Amount because it does not include attorneys' fees, which should be included as part of the Landlord's cure amount as pecuniary losses suffered as a result of the Debtors' defaults, under Section 365(b)(1)(B). *See In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001); *In re Williams*, Case No. 10-11108 (BLS), 2011 Bankr. LEXIS 2463, at *3 (Bankr. D. Del. June 24, 2011); *see also In re French*, 131

B.R. 138, 141 (Bankr. E.D. Miss. 1991); *Urban Retail Props. v. Loews Cineplex Entm't Corp.*, Case No. 01 Civ. 8946 (RWS), 2002 U.S. Dist. LEXIS 6186, at *25-28 (S.D.N.Y. Apr. 8, 2002); *In re Shangra-La, Inc.*, 167 F.3d 843, 849 (4th Cir. 1999); *In re Entertainment, Inc.*, 223 B.R. 141, 152-153 (Bankr. N.D. Ill. 1998).

17. Attorneys' fees have been accruing post-petition and will continue to increase through any assumption and assignment of the Lease, and the Landlord may seek to supplement this Objection by the time of any proposed assumption and assignment with the current amount of accrued attorneys' fees that will become due and owing.

    C.    *Any Assumption and Assignment Must Be Cum Onere, And Any Assignee Must Assume Liability for All Obligations for Accrued, but Unbilled or Not Due Rent and Charges and Indemnity Obligations*

18. It is well settled that a debtor seeking to assume a lease must do so *cum onere*, accepting both its benefits and burdens. *See In re Fleming Cos.,* 499 F.3d 300, 308 (3d Cir. 2007) (quoting *In re Italian Cook Oil Corp.*, 190 F.2d 994, 997 (3d Cir. 1951). The requirement that lease assumptions be *cum onere* applies equally to assignments, as assumption of an unexpired lease "is a necessary prerequisite to its assignment under § 365." *In re Sunterra Corp.*, 361 F.3d 257, 266 (4th Cir. 2004) (citing 11 U.S.C. § 365(f)(2)).

19. Therefore, in the event the Debtors seek to assume and assign the Lease to Assignee or any other assignee, the Debtors are first obligated to cure all outstanding defaults under the Lease, including the payment of the Correct Cure Amount, plus all additional attorneys' fees that accrue through the time of assumption and assignment.

20. Further, the Debtors have a continuing obligation to pay additional rent and charges, including, but not limited to, adjustments and reconciliations for the Debtors' proportionate share of certain common area maintenance charges, real property taxes, water, insurance premiums and any percentage rent which has accrued, or will accrue under the Lease

through any assumption and assignment of the Lease and are not yet due (collectively, "Accrued but Unbilled Rent and Charges").

21. Additionally, the Proposed Cure Amount does not include contractual obligations to indemnify the Landlord for events occurring prior to any assumption and assignment of the Lease. The Lease obligates the Debtors to indemnify and hold the Landlord harmless from and against various claims, liabilities and expenses. Assignee or any other assignee must assume liability for such obligations (collectively, the "Indemnity Obligations").

22. The Debtors' obligations to pay Accrued but Unbilled Rent and Charges and to satisfy their Indemnity Obligations are essential to the Landlord's entitlement pursuant to Section 365(b)(1) of the Bankruptcy Code to adequate assurance of future performance and must be assumed by any assignee *cum onere*. *See In re Interstate Bakeries Corp.*, 167 F.3d 843, 961 (8th Cir. 2014).

23. Therefore, all of these obligations must be assumed by Assignee or any other assignee as part of any assumption and assignment of the Lease in accordance with the requirement that the Landlord receives adequate assurance of future performance under the Lease.

D. *Any Assumption and Assignment Must Be Supported by Adequate Assurance of Future Performance*

24. The Landlord and Assignee have been in discussions regarding adequate assurance of future performance and as of the filing of this Objection, have reached a resolution in principle subject to documentation. To the extent the resolution is appropriately documented and the other issues raised in this Objection are satisfactorily resolved or adjudicated, Landlord does not object to the proposed assumption and assignment of the Lease to Assignee on the grounds of adequate assurance of future performance.

25. The Landlord reserves its right to further object to the proposed assumption and assignment of the Lease to Assignee or any other assignee absent strict compliance with the adequate assurance of future performance requirements of Section 365 of the Bankruptcy Code and the Assumption and Assignment Procedures Order, and the Landlord having sufficient notice and opportunity to be heard regarding any proposed assumption and assignment.

E.  *The Landlord Objects to the Proposed Assumption and Assignment Order*

26. The Landlord objects to the form of proposed assumption and assignment order as it relates to the Lease, including but not limited to with respect to Accrued but Unbilled Rent and Charges, Indemnity Obligations, any "go-dark" provisions that violate the provisions of the Lease, and certain anti-assignment provisions.

27. The objections raised herein and other concerns of the Landlord must be satisfactorily resolved in the proposed Lease assignment order. In particular, the order must provide for, among other things, (i) Assignee's assumption of Accrued but Unbilled Rent and Charges and Indemnity Obligations, (ii) not enforcing any anti-assignment lease provisions solely with respect to this sale transaction, and (iii) Bankruptcy Code section 365(k) being inapplicable unless and until the Lease is assumed and assigned and all defaults under the Lease are cured.

## **RESERVATION OF RIGHTS AND JOINDER**

28. The Landlord reserves its rights with respect to any proposed Lease assumption and assignment, proposed Lease assignment order and other related documents.

29. The Landlord reserves its rights to supplement this Objection and make such other and further objections as it deems necessary or appropriate, including, but not limited to, objecting to assumption and assignment of the Lease on any grounds.

30. The Landlord joins in the objections of other landlords of the Debtors to the extent not inconsistent herewith.

**WHEREFORE**, the Landlord respectfully requests that the Court enter an order consistent with this Objection and grant the Landlord any additional and further relief the Court deems just and proper.

| | |
|---|---|
| Dated: May 16, 2025<br>Wilmington, Delaware | By: */s/ Laurel D. Roglen*<br>Leslie C. Heilman, Esq. (DE No. 4716)<br>Laurel D. Roglen, Esq. (DE No. 5759)<br>**BALLARD SPAHR LLP**<br>919 North Market Street, 11th Floor<br>Wilmington, DE 19801<br>Telephone: (302) 252-4465<br>E-mail: heilmanl@ballardspahr.com<br>E-mail: roglenl@ballardspahr.com<br><br>-and-<br><br>**BARCLAY DAMON LLP**<br><br>Kevin M. Newman, Esq.<br>Barclay Damon Tower<br>125 East Jefferson Street<br>Syracuse, New York 13202-2020<br>Telephone: (315) 413-7115<br>E-mail: knewman@barclaydamon.com<br><br>Scott L. Fleischer, Esq.<br>1270 Avenue of the Americas, Suite 501<br>New York, New York 10020<br>Telephone: (212) 784-5810<br>E-mail: sfleischer@barclaydamon.com<br><br>*Counsel to National Realty & Development Corp., as managing agent for SP 35 L.P.* |