IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN, INC, *et al.*, | Case No. 25-10068 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | **Re: Docket No. 760** |

### ECHO/CONTINENTAL LINCOLN VILLAGE LLC'S OBJECTION AND RESERVATION OF RIGHTS TO DEBTORS' FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Echo/Continental Lincoln Village LLC ( "Echo/Continental" or, the "Landlord"), by and through its undersigned counsel, hereby files its objection and reservations of rights (the "Objection") to the Debtors' *First Notice of Assumption and Assignment of Executory Contracts and/or Unexpired Leases* [Docket No. 760] (the "Notice"). In support of its Objection, the Landlord respectfully sets forth as follows:

### BACKGROUND

1. On January 15, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

---

[1] The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: JOANN Inc. (5540); Needle Holdings, LLC (3814); Jo-Ann Stores, LLC (o629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594): JOANN Ditto Holdings, Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).. The Debtors' mailing address is 5555 Darrow road, Hudson, OH 44236.

55592014.2

2. Echo/Continental, successor in interest to Nationwide Mutual Insurance Company, and one of the Debtors, JO-ANN Stores, LLC ("Tenant"), are parties to that certain lease with a commencement date of August 22, 2003 (which lease, together with all amendments, modifications, and extensions thereof, is hereinafter referred to as the "JOANN Lease"), related to real property located at 4600 West Broad Street, Columbus, OH 43228 (the "Premises") that is located in the shopping center commonly known as Lincoln Village Plaza.

3. The term of the JOANN Lease currently ends on August 31, 2030, with one option period remaining thereafter.

## OBJECTION TO PROPOSED CURE AMOUNT

4. The Debtors are currently seeking to assume the JOANN Lease and assign the JOANN Lease to the Burlington Coat Factory of Texas, Inc. ("Burlington"). In connection therewith, on April 28, 2025, the Debtors filed the Notice [Docket No. 760]. Schedule 2 to the Notice lists, among other things, the proposed amount to be paid to cure existing defaults for unexpired leases of nonresidential real property to be assumed by the Debtors and assigned to various parties. The Debtors' proposed cure amount for the Premises is $22,548.01 (the "Proposed Cure Amount").

5. Landlord objects to the Proposed Cure Amount reflected in the Notice. Landlord asserts that, at present, the amount to be paid to cure existing monetary defaults under the JOANN Lease is not less than $63,738.60. A copy of Echo/Continental's ledger stating the amount currently owed is annexed hereto as **Exhibit A** and is incorporated herein by reference.

6. Further, Echo/Continental objects to the Proposed Cure Amount as it may not satisfy all of the Debtors' obligations under the JOANN Lease as required by section 365 of the Bankruptcy Code, including, *inter alia*, as it may not include amounts that may become due under

the JOANN Lease after it is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the JOANN Lease. Any order establishing the cure amount in connection with the assumption or assumption and assignment of the JOANN Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the JOANN Lease, notwithstanding the Proposed Cure Amount.[2]

7. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the JOANN Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

---

[2] Landlord reserves its right to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001).

the JOANN Lease after it is assumed or assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, real estate tax and common area maintenance reconciliations) as well as attorneys' fees and other amounts due under the JOANN Lease. Any order establishing the cure amount in connection with the assumption or assumption and assignment of the JOANN Lease must provide for the payment of all charges due and/or accrued in the ordinary course under the terms of the JOANN Lease, notwithstanding the Proposed Cure Amount.[2]

7. In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the JOANN Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

---

[2] Landlord reserves its right to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001).

8. Landlord reserves its right to supplement this Limited Objection to add additional sums that may accrue and/or become due under the JOANN Lease after the date hereof.

## OBJECTION FOR LACK OF ADEQUATE ASSURANCE OF FUTURE PERFOEMANCE BY BURLINGTON[3]

9. The Court cannot authorize the Debtors' proposed assumption and assignment of the JOANN Lease as they cannot meet their burden that adequate assurance of future performance of the JOANN Lease can be provided by Burlington under § 365(b)(3) of the Bankruptcy Code.

10. Because the JOANN Lease is a shopping center lease, the Bankruptcy Code imposes heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

---

[3] Landlord has been provided with a copy of correspondence between Burlington and Family Dollar waiving the use restriction provided in the Family Dollar Lease. Landlord is awaiting correspondence from Family Dollar to Landlord confirming that Burlington's use of the Premises will not result on a breach of the use restriction provided for in Family Dollar Lease. Landlord submits this portion of its Objection out of an abundance of caution pending receipt of the aforementioned correspondence from Family Dollar.

11. To the extent that Burlington intends to use all or a portion of the Premises as a discount clothing store, the Debtors are unable to satisfy the requirements of Section 365(b)(3)(C) of the Bankruptcy Code.

12. Specifically, in order to assume and assign a shopping center lease, the Debtors must provide adequate assurance that the assignment of the lease "is subject to all the provisions thereof, including (but not limited to) provisions such as radius, locations, use, or exclusivity provisions, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center." 11 U.S.C. § 365(b)(3)(C). The first clause of 11 U.S.C. § 365(b)(3)(C) calls for examining the lease between the landlord and the debtor-tenant, while the second clause calls for evaluating other leases with other tenants in the same shopping center. *See In re Heilig-Myers Co.*, 294 B.R. 660, 662 (Bankr. E.D. Va. 2001).

13. The Debtors cannot provide adequate assurance that the assignment of the JOANN Lease to Burlington will not result in claims being asserted against the Landlord for an alleged breach or violation of any other lease of any other tenant of Lincoln Village Plaza.

14. Relevant to this Objection, the lease between the Landlord and Family Dollar Stores of Ohio, Inc. ("Family Dollar") for space in Lincoln Village Plaza (the "Family Dollar Lease") includes a provision at Sec. 19 styled as Exclusive Use, which provides, among other things, that:

> Landlord agrees that so long as (i) Tenant is not in default of any material obligation hereunder beyond any applicable cure period, and (ii) the demised premises is being used as a variety store, variety discount store, discount store, discount clothing store or dollar store, or the failure to so use the demised premises is due to strikes, lock outs, labor troubles, failure of power or other utilities, fire or other casualty, restrictive governmental laws or regulations, riots insurrection, war or other reason beyond Tenant's reasonable control or for remodeling or renovations, Landlord and any other entity controlled by Landlord or other partner or principal of Landlord shall not lease (or permit the leasing or subleasing of) or sell any space in the shopping center, nor any space in any adjacent

5

or other property owned or controlled by Landlord or any entity controlled by Landlord or any partner or principal of Landlord within one mile of the demised premises to any variety store, variety discount store, discount department store, dollar store, discount clothing store including "one price" type of stores, off-price clothing store, clothing outlet store, liquidation or close out store, thrift store, any store selling used clothing, or any store similar to Tenant in operation or merchandising.

Family Dollar Lease, Sec. 19.

15. Landlord is informed and believes that Burlington intends to operate a discount clothing store in all or part of the Premises.

16. Landlord objects to the proposed assumption and assignment of the JOANN Lease to Burlington because the Debtors and/or Burlington cannot comply with the requirements of Sections 365(b) and (f) of the Bankruptcy Code. Accordingly, the proposed assumption and assignment of the JOANN Lease must be denied.

17. Pursuant to Section 365(f)(2)(B) of the Bankruptcy Code, the Debtors may only assume and assign the JOANN Lease if "adequate assurance of future performance by the assignee of such … lease is provided …." 11 U.S.C. § 365(f)(2)(B). As set forth in Section 365(b)(3), adequate assurance of future performance in the shopping center context, as here, includes, inter alia, adequate assurance:

> (C) that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and **will not breach any such provision contained in any other lease,** financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3) (emphasis added).

18.     In order to protect their business at Lincoln Village Plaza, certain tenants have negotiated provisions in their leases that prohibit the Landlord from leasing space in Lincoln Village Plaza to other parties for various uses. As set forth above, the Family Dollar Lease contains a provision prohibiting the Landlord from leasing space at Lincoln Village Plaza for use as a "discount clothing store." Landlord does not concede that the assignment of the JOANN Lease to Burlington and/or Burlington's occupation of the Premises would constitute a breach of this, or any other provision of the Family Dollar Lease. Nevertheless, the Landlord is concerned that, if the assignment to Burlington is approved, Family Dollar may assert claims against the Landlord related to an alleged violation of the Family Dollar Lease caused by this Court's approval of the assignment of the JOANN Lease to Burlington.

19.     Section 365(b)(3) is clear that this Court must consider not only any exclusive use provisions in the JOANN Lease, but also "any such provision contained in any other lease," including the Family Dollar Lease. 11 U.S.C. § 365(b)(3)(C).

20.     Even if the Court finds, however, that the proposed use as a discount clothing store is permitted under the terms of the JOANN Lease without violating Family Dollar's exclusive use provisions, Landlord respectfully asserts that the potential harm to the Landlord outweighs the possible loss to the Debtors or Burlington of the proposed assumption and assignment. Landlord could lose Family Dollar as a tenant or, perhaps even worse, suffer damages in an action brought by Family Dollar for breach of the exclusive use provision. Weighing the equities of the situation, the potential harm to the Landlord outweighs the possible loss to the Debtors or Burlington of the proposed assumption and assignment.

## RESERVATION OF RIGHTS

21. Landlord reserves its rights to supplement this Objection or introduce additional fact is support of this Objection prior to or at any hearing thereon.

WHEREFORE, Echo/Continental respectfully requests that the Court (i) sustain this Objection, (ii) condition the assumption and assignment of the JOANN Lease accordingly, and (iii) grant such other and further relief as is just and proper under the circumstances.

Dated: May 16, 2025
Wilmington, Delaware                              **SAUL EWING LLP**

/s/ *Lucian B. Murley*
Lucian B. Murley (DE Bar No. 4892)
1201 N. Market Street, Suite 2300
P.O. Box 1266
Wilmington, DE 19899
(302) 421-6898
luke.murley@saul.com

*Attorneys for Echo/Continental Lincoln Village, LLC*