# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date:** June 23, 2025, at 3:00 p.m. (ET) |
| | **Objection Deadline:** June 12, 2025, at 4:00 p.m. (ET) |

## SUMMARY COVER SHEET TO THE
## FIRST INTERIM FEE APPLICATION OF
## KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS
## INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS
## AND DEBTORS IN POSSESSION, FOR THE INTERIM FEE PERIOD
## FROM JANUARY 15, 2025, THROUGH AND INCLUDING MARCH 31, 2025

| | |
|---|---|
| Name of Applicant: | Kirkland & Ellis LLP |
| Authorized to Provide Professional Services to: | Debtors and Debtors in Possession |
| Date of Retention: | March 4, 2025, effective as of January 15, 2025 |
| Interim Period for which Compensation and Reimbursement is Sought: | January 15, 2025, through March 31, 2025 |
| Interim Amount of Compensation Sought as Actual, Reasonable and Necessary: | $8,797,978.00 |
| Interim Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $157,810.67 |
| Amount of Holdback Fees Sought for Applicable Period: | $1,759,595.60 |
| Total Compensation Approved by Interim Order to Date: | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

This is a(n) ___ monthly  _X_ interim ___ final application

This Fee Application includes 10.2 hours and $9,576.00 in fees incurred in connection with the preparation of Fee Applications.

### Prior Applications

| Date Filed; Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| April 16, 2025 [Docket No. 712] | January 15, 2025 - February 28, 2025 | $6,419,067.60 (80% of $8,023,834.50) | $81,287.92 | $6,419,067.60 | $81,287.92 |
| May 12, 2025 [Docket No. 842] | March 1, 2025 - March 31, 2025 | $619,314.80 (80% of $774,143.50) | $76,522.75 | N/A[2] | N/A[3] |
| **Total** | | **$7,038,382.30** | **$157,810.67** | **$6,419,067.60** | **$81,287.92** |

### Summary of Hours by Professional Billed in Interim Fee Period

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Olivia Acuna | Associate | Restructuring | 2021 | $1,465.00 | 408.50 | $598,452.50 |
| Nick Anderson | Associate | Restructuring | 2023 | $1,065.00 | 179.60 | $191,274.00 |
| Marcela Barba | Associate | Corporate - Capital Markets | 2020 | $1,525.00 | 9.60 | $14,640.00 |
| Ian M. Betts | Associate | Litigation - General | 2017 | $1,345.00 | 156.50 | $210,492.50 |
| Lindsey Blumenthal | Associate | Restructuring | 2018 | $1,525.00 | 298.70 | $455,517.50 |
| Henry Caldwell | Associate | Litigation - General | 2018 | $1,445.00 | 334.30 | $483,063.50 |
| Devon N. Chenelle | Associate | Restructuring | 2023 | $880.00 | 176.20 | $155,056.00 |
| Brigit Crosbie | Associate | Litigation - General | 2021 | $1,345.00 | 184.80 | $248,556.00 |
| Chad B. Crowell | Associate | International Trade | 2020 | $1,465.00 | 1.00 | $1,465.00 |
| Kaitlan Donahue | Associate | Restructuring | 2024 | $880.00 | 227.60 | $200,288.00 |
| Carlos Estrada | Associate | Litigation - General | 2023 | $1,025.00 | 140.50 | $144,012.50 |
| Fredrica George | Associate | Restructuring | 2024 | $1,065.00 | 128.00 | $136,320.00 |
| Alex Ingoglia | Associate | Litigation - General | 2021 | $1,345.00 | 243.30 | $327,238.50 |
| Liz Ji | Associate | Taxation | 2021 | $1,395.00 | 8.80 | $12,276.00 |
| Maggie Kate King | Associate | Technology & IP Transactions | 2021 | $1,375.00 | 1.90 | $2,612.50 |
| Alec Klimowicz | Associate | Restructuring | 2024 | $880.00 | 240.60 | $211,728.00 |

---

[2]    On May 12, 2025, the Debtors filed the *Second Monthly Fee Application of Kirkland & Ellis LLP and Kirkland & Ellis International LLP, Attorneys for the Debtors and Debtors in Possession, for the Period from March 1, 2025 Through and Including March 31, 2025* [Docket No. 842] (the "Second Monthly Fee Application") and the actual, reasonable, and necessary compensation sought therein is still pending court approval

[3]    On May 12, 2025, the debtors filed the Second Monthly Fee Application and the expense reimbursement sought therein is still pending court approval.

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Ben Kovach | Associate | Technology & IP Transactions | 2022 | $1,195.00 | 5.60 | $6,692.00 |
| Joshua J. Lustig | Associate | IP Litigation | 2023 | $1,025.00 | 148.40 | $152,110.00 |
| Colleen E. Mayer | Associate | ECEB - General | 2024 | $880.00 | 16.80 | $14,784.00 |
| Kelly Meyer | Associate | Restructuring | 2023 | $1,065.00 | 328.00 | $349,320.00 |
| Tyler Nappo | Associate | Antitrust/Competition | 2025 | $880.00 | 2.60 | $2,288.00 |
| Dan O'Connor | Associate | Corporate - M&A/Private Equity | 2021 | $1,465.00 | 18.10 | $26,516.50 |
| Armando L. Prather | Associate | Litigation - General | 2022 | $1,185.00 | 67.80 | $80,343.00 |
| Joshua Raphael | Associate | Restructuring | 2023 | $1,195.00 | 208.50 | $249,157.50 |
| Maayan Sachs | Associate | ECEB - Labor/ Employment | 2022 | $1,195.00 | 3.10 | $3,704.50 |
| Nick Stratman | Associate | Restructuring | 2023 | $1,065.00 | 212.80 | $226,632.00 |
| Matt Truedson | Associate | Corporate - Debt Finance | 2023 | $1,195.00 | 19.90 | $23,780.50 |
| Kruthi Venkatesh | Associate | Corporate - M&A/Private Equity | 2024 | $1,195.00 | 18.50 | $22,107.50 |
| Matt Waldrep | Associate | Restructuring | 2021 | $1,195.00 | 303.20 | $362,324.00 |
| Joe Walter | Associate | Litigation - General | 2023 | $1,025.00 | 171.30 | $175,582.50 |
| Daniel Z. Weiss | Associate | Corporate - General | 2024 | $880.00 | 6.70 | $5,896.00 |
| Dan Zagoren | Associate | Litigation - General | 2014 | $1,185.00 | 35.80 | $42,423.00 |
| Andrew Zhang | Associate | Taxation | 2024 | $925.00 | 6.00 | $5,550.00 |
| Matthew J. Zhu | Associate | Litigation - General | 2021 | $1,345.00 | 81.20 | $109,214.00 |
| James Ziemba | Associate | Restructuring | 2025 | $880.00 | 190.20 | $167,376.00 |
| Jack N. Bernstein | Of Counsel | ECEB - Employee Benefits | 1995 | $1,895.00 | 47.20 | $89,444.00 |
| Christie M. Alcala | Partner | ECEB - Labor/ Employment | 2010 | $2,045.00 | 5.00 | $10,225.00 |
| Bill Arnault, P.C. | Partner | Litigation - General | 2009 | $2,015.00 | 157.40 | $317,161.00 |
| Aulden Burcher-DuPont | Partner | Litigation - General | 2014 | $1,395.00 | 34.70 | $48,406.50 |
| Jacob R. Clark | Partner | Real Estate | 2017 | $1,725.00 | 1.60 | $2,760.00 |
| Bernadette Coppola | Partner | Technology & IP Transactions | 2013 | $1,725.00 | 0.40 | $690.00 |
| Jake Alexander Ebers | Partner | ECEB - Executive Compensation | 2015 | $1,815.00 | 1.60 | $2,904.00 |
| Susan D. Golden | Partner | Restructuring | 1988 | $1,795.00 | 5.90 | $10,590.50 |
| John Thomas Goldman | Partner | Real Estate | 2002 | $2,295.00 | 0.50 | $1,147.50 |
| Martha K. Harrison | Partner | Litigation - General | 1999 | $1,735.00 | 0.30 | $520.50 |
| Kathleen Vera Kinsella | Partner | Litigation - General | 2016 | $1,525.00 | 123.40 | $188,185.00 |
| Mike Kraft | Partner | Litigation - General | 2018 | $1,525.00 | 203.50 | $310,337.50 |
| Daniel Lewis, P.C. | Partner | Technology & IP Transactions | 2008 | $2,175.00 | 0.60 | $1,305.00 |
| Jeff Michalik | Partner | Restructuring | 2017 | $1,735.00 | 249.10 | $432,188.50 |
| Samantha R. Morelli | Partner | Antitrust/ Competition | 2016 | $1,815.00 | 3.30 | $5,989.50 |
| Peter Ott | Partner | Corporate - Debt Finance | 2018 | $1,725.00 | 11.00 | $18,975.00 |
| William T. Pruitt | Partner | Litigation - General | 2004 | $1,895.00 | 1.20 | $2,274.00 |
| Anup Sathy, P.C. | Partner | Restructuring | 1995 | $2,595.00 | 146.10 | $379,129.50 |
| Anthony Vincenzo Sexton, P.C. | Partner | Taxation | 2011 | $2,075.00 | 13.90 | $28,842.50 |
| Josh Sussberg, P.C. | Partner | Restructuring | 2004 | $2,595.00 | 8.80 | $22,836.00 |

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Steve Toth | Partner | Corporate - M&A/Private Equity | 2005 | $2,045.00 | 14.10 | $28,834.50 |
| Andy Veit, P.C. | Partner | Corporate - Debt Finance | 2010 | $2,175.00 | 23.70 | $51,547.50 |
| Nicholas Warther | Partner | Taxation | 2017 | $1,825.00 | 28.50 | $52,012.50 |
| Michael C. Whalen | Partner | Litigation - General | 2015 | $1,525.00 | 272.80 | $416,020.00 |
| Aparna Yenamandra, P.C. | Partner | Restructuring | 2013 | $1,995.00 | 188.10 | $375,259.50 |
| **Total** | | | | | **6,127.10** | **$8,216,379.00** |

## Interim Compensation by Project Category

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 2 | Chapter 11 Filing and First Day Pleading | 165.80 | $195,960.00 |
| 3 | Adversary Proceeding & Contested Matters | 91.50 | $141,564.50 |
| 4 | Corporate & Governance Matters | 52.80 | $75,250.50 |
| 5 | Disclosure Statement/Plan/Confirmation | 350.80 | $421,582.00 |
| 6 | Cash Collateral | 364.30 | $474,302.50 |
| 7 | Cash Management | 11.90 | $13,939.50 |
| 8 | Automatic Stay Issues | 16.90 | $21,262.00 |
| 9 | Asset Sales/Section 363/Use, Sale, & Dis | 1,103.80 | $1,612,595.00 |
| 10 | Executory Contracts & Unexpired Leases | 350.80 | $393,092.50 |
| 11 | Business Operations | 13.40 | $21,310.00 |
| 12 | Claims Administration | 60.90 | $66,420.50 |
| 13 | Schedules and Statements (SOFAs) | 32.50 | $34,761.50 |
| 14 | Creditor and Stakeholder Communications | 16.40 | $27,973.00 |
| 15 | U.S. Trustee Matters and Communications | 26.50 | $40,792.50 |
| 16 | Hearings | 98.30 | $161,840.50 |
| 17 | Insurance and Surety Matters | 47.20 | $50,329.50 |
| 18 | Utilities | 34.80 | $40,952.00 |
| 19 | Tax Matters | 56.80 | $98,048.00 |
| 20 | Case Administration | 115.90 | $129,035.00 |
| 21 | Retention – K&E | 434.10 | $403,142.00 |
| 22 | Retention – Non-K&E | 224.00 | $244,358.00 |
| 23 | Vendor Matters | 252.70 | $301,594.50 |
| 24 | Litigation | 2,909.10 | $3,467,514.00 |
| 25 | Non-Working Travel | 80.30 | $122,337.50 |
| 26 | Creditors' Committee Matters | 42.00 | $46,637.50 |
| 27 | Employee and Labor Matters | 124.90 | $191,383.50 |
| **Total** | | **7,078.40** | **$8,797,978.00** |

**Interim Expense Summary**

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Third Party Telephone Charges | | | $200.00 |
| Standard Copies or Prints | Kirkland & Ellis LLP | $0.10 | $2,760.40 |
| Color Copies or Prints | Kirkland & Ellis LLP | | $3,451.25 |
| Closing/Mini Books | Kirkland & Ellis LLP | | $12.00 |
| Local Transportation | | | $627.05 |
| Travel Expense | | | $19,235.92 |
| Airfare | | | $21,914.12 |
| Transportation to/from airport | | | $7,404.73 |
| Travel Meals | | | $2,083.61 |
| Other Travel Expenses | | | $160.00 |
| Court Reporter Fee/Deposition | Digital Evidence Group; Lexitas; Veritext; Reliable Wilmington | | $23,481.35 |
| Filing Fees | United States Copyright Office | | $785.00 |
| Other Court Costs and Fees | Miller Advertising Agency Inc. | | $35,294.82 |
| Professional Fees | Lexitas | | $790.00 |
| Outside Printing Services | PARCELS INC. | | $1,169.10 |
| Working Meals/K&E Only | | | $76.17 |
| Working Meals/K&E and Others | | | $1,212.91 |
| Catering Expenses | FLIK (Kirkland & Ellis LLP Internal) | | $8,193.20 |
| Outside Retrieval Service | CSC; United States Copyright Office; Clarivate Analytics (Compumark) Inc | | $2,360.20 |
| Computer Database Research | Restructuring Concepts LLC; RELX Inc DBA LexisNexis; PROQUEST LLC; CHEMICAL ABSTRACTS SERVICE | | $4,552.71 |
| Westlaw Research | THOMAS REUTERS – WEST PUBLISHING CORP | | $7,501.00 |
| LexisNexis Research | RELX Inc. DBA LexisNexis | | $2,153.58 |
| Overtime Transportation | Taxi | | $1,119.75 |
| Overtime Meals - Non-Attorney | Kirkland & Ellis LLP | | $78.98 |
| Overtime Meals - Attorney | Kirkland & Ellis LLP | | $1,222.68 |
| Rental Expenses | Aquipt Holdings LLC | | $9,012.82 |
| Overnight Delivery - Hard | Federal Express | | $883.42 |
| Computer Database Research - Soft | PACER | | $73.90 |
| **Total** | | | **$157,810.67** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**FIRST INTERIM FEE APPLICATION OF**
**KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS**
**INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND**
**DEBTORS IN POSSESSION, FOR THE (I) INTERIM FEE PERIOD**
**FROM JANUARY 15, 2025, THROUGH AND INCLUDING MARCH 31, 2025**

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors and debtors in possession (collectively, the "Debtors"), hereby submits their first interim fee application (the "Fee Application") for allowance of compensation for professional services provided in the amount of $8,797,978.00 and reimbursement of actual and necessary expenses in the amount of $157,810.67 that K&E incurred for the period from January 15, 2025 through March 31, 2025 (the "Fee Period"). In support of this Fee Application, K&E submits the declaration of Aparna Yenamandra, president of Aparna Yenamandra, P.C., a partner of K&E, (the "Yenamandra Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference. In further support of this Fee Application, K&E respectfully states as follows.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**Jurisdiction and Venue**

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court entering a final order in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "Interim Compensation Order").

**Background**

4.     On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request has been made for the appointment of

a trustee or examiner in these chapter 11 cases.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 198].

5.      A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions*, filed on January 15, 2025 [Docket No. 5] and incorporated herein by reference.

6.      On March 4, 2025, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.      On February 26, 2025, the Court entered the *Order (A) Approving and Authorizing Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* [Docket No. 520] (the "Approval Order"), which authorized the Debtors to sell substantially all of their assets in accordance with the terms set forth therein.  On February 27, 2025, the Debtors consummated a sale of substantially all of their assets (the "GA Transaction"), as contemplated by the Approval Order.

## Preliminary Statement

8.      During the Fee Period, K&E represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.  With K&E's advice and assistance, the Debtors successfully accomplished, among other things, the following in the Fee Period to advance these chapter 11 cases toward a value-maximizing conclusion:

a) facilitated the commencement of these chapter 11 cases through the filing of thirteen voluntary petitions;

b) drafted, reviewed, revised, and coordinated the filing of the Debtors' first day motions, the First Day Declaration, and first and second day orders;

c) negotiated with the Prepetition ABL Agent and the Prepetition FILO Agent regarding the consensual use of cash collateral and obtained Court approval of the same;

d) negotiated trade agreements and contracts with certain of the Debtors' key vendors and contract counterparties;

e) prepared and facilitated the filing of the Debtors' Schedules and Statements and monthly operating reports and prepared for and participated in the 341 meeting;

f) obtained approval of Bidding Procedures [Docket No. 446] (the "<u>Bidding Procedures Order</u>"), allowing the Debtors to solicit the best and highest offers for a sale of substantially all their assets and a comprehensive postpetition marketing process related thereto;

g) supported an extensive marketing process to develop and consummate a value-maximizing transaction for substantially all the Debtors' assets;

h) responded to various diligence requests from potential bidders, engaged in discussions with potential bidders, and conducted a multi-day auction;

i) negotiated, drafted documentation of, and obtained approval of a sale transaction for substantially all of the Debtors' assets [Docket No. 520];

j) assisted the Debtors' special committee in its investigation of potential estate causes of action and responded to requests and inquiries from the Committee to facilitate its investigation of same;

k) facilitated obtaining entry of an order authorizing the procedures for rejecting and assuming certain leases and contracts [Docket No. 429], and assisted the Debtors with the assumption, assumption and assignment, and the rejection process related to such leases and contracts;

l) negotiated, drafted, prepared, and filed the Plan [Docket No. 513] and Disclosure Statement [Docket No. 810]; and

m) obtained entry of the order setting the claims bar date to facilitate the timely administration of the Debtors' claims pool and began the process of reconciling claims and interests as promptly and efficiently as possible [Docket No. 561].

**Case Status Summary**

9.      During the Fee Period, the Debtors and their advisors have worked to resolve the complex issues in these chapter 11 cases and continue to do so as they work to maximize value for the Debtors and the Debtors' estates.  During the Fee Period, the Debtors completed their sale process, culminating in the closing of a sale of substantially all of the Debtors' assets to GA Joann Retail Partnership, LLC (the "Purchaser").  Since the closing of the Sale, the Debtors have been working to negotiate the Plan and Disclosure Statement (defined herein) with their key stakeholders ahead of a scheduled May 28, 2025 hearing to consider approval of the Disclosure Statement on a conditional basis.

**The Debtors' Retention of K&E**

10.      On March 4, 2025, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No. 545] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference. The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of K&E's engagement are detailed in the engagement letter by and between K&E and the Debtors, effective as of December 20, 2024, and attached hereto as **Exhibit C** (the "Engagement Letter").

11.      The Retention Order authorizes K&E to provide the following services consistent with and in furtherance of the services enumerated above:

a.    advising the Debtors with respect to their powers and duties as debtors-in-possession in the continued management and operation of their businesses and properties;

b.    preparing pleadings, including motions, applications, answers, orders, reports, and papers necessary or otherwise beneficial to the administration of the Debtors' estates and consistent with the services identified in the Retention Order;

c.    appearing before the Court and any appellate courts to represent the interests of the Debtors' estates before those courts in connection with the services in the Retention Order; and

d.    performing all other legal services reasonably necessary or otherwise beneficial for the Debtors in connection with these chapter 11 cases.

**Disinterestedness of K&E**

12.    To the best of the Debtors' knowledge and as disclosed in the *Declaration of Aparna Yenamandra in Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No. 456-3] (the "K&E Declaration"), (a) K&E is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtors' estates and (b) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declaration or the *First Supplemental Declaration of Aparna Yenamandra in Support of the Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No.589] (the "Supplemental Declaration").

13.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these

chapter 11 cases.  In the K&E Declaration and Supplemental Declaration, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts. K&E will continue to update the K&E Declaration, as appropriate, if K&E becomes aware of relevant and material new information.

14.     K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

15.     Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declaration, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

16.     Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

## Summary of Compliance with Interim Compensation Order

17.     This Fee Application has been prepared in accordance with the Interim Compensation Order.

18.     K&E seeks interim compensation for professional services rendered to the Debtors during the Fee Period in the amount of $8,797,978.00 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $157,810.67. During the Fee Period, K&E attorneys and paraprofessionals expended a total of 7,078.40 hours for which compensation is requested.

19.     In accordance with the Interim Compensation Order, as of the date hereof, K&E has received payments totaling $6,500,355.52 ($6,419,067.60 of which was for services provided

and $81,287.92 of which was for reimbursement of expenses) for the Fee Period. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, K&E seeks payment of the remaining $2,455,433.15, which amount represents the entire amount of unpaid fees and expenses incurred between January 15, 2025, and March 31, 2025.[2]

**Fees and Expenses Incurred During Fee Period**

**A.      Customary Billing Disclosures**.

20.      K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required. The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan (the "Budget and Staffing Plan") for this Fee Period and attached hereto as **Exhibit E** is a summary of blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

21.      In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates.

---

[2]      This amount also reflects the 20% holdback for the Fee Period.

For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first interim application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* (the "Retention Application").

C.    **Expenses Incurred During Fee Period**.

22.    In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.    K&E currently charges $0.16 per page for standard duplication in its offices in the United States.    Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication

services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

23.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

24.    As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

25.    To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[3]

| Matter Number | Matter Category Description | Hours | Total Compensation |
|---|---|---|---|
| 2 | Chapter 11 Filing and First Day Pleading | 165.80 | $195,960.00 |
| 3 | Adversary Proceeding & Contested Matters | 91.50 | $141,564.50 |
| 4 | Corporate & Governance Matters | 52.80 | $75,250.50 |
| 5 | Disclosure Statement/Plan/Confirmation | 350.80 | $421,582.00 |
| 6 | Cash Collateral | 364.30 | $474,302.50 |
| 7 | Cash Management | 11.90 | $13,939.50 |
| 8 | Automatic Stay Issues | 16.90 | $21,262.00 |

---

[3]    In certain instances, K&E may have billed the same amount of fees, but different number of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| Matter Number | Matter Category Description | Hours | Total Compensation |
|---|---|---|---|
| 9 | Asset Sales/Section 363/Use, Sale, & Dis | 1,103.80 | $1,612,595.00 |
| 10 | Executory Contracts & Unexpired Leases | 350.80 | $393,092.50 |
| 11 | Business Operations | 13.40 | $21,310.00 |
| 12 | Claims Administration | 60.90 | $66,420.50 |
| 13 | Schedules and Statements (SOFAs) | 32.50 | $34,761.50 |
| 14 | Creditor and Stakeholder Communications | 16.40 | $27,973.00 |
| 15 | U.S. Trustee Matters and Communications | 26.50 | $40,792.50 |
| 16 | Hearings | 98.30 | $161,840.50 |
| 17 | Insurance and Surety Matters | 47.20 | $50,329.50 |
| 18 | Utilities | 34.80 | $40,952.00 |
| 19 | Tax Matters | 56.80 | $98,048.00 |
| 20 | Case Administration | 115.90 | $129,035.00 |
| 21 | Retention – K&E | 434.10 | $403,142.00 |
| 22 | Retention – Non-K&E | 224.00 | $244,358.00 |
| 23 | Vendor Matters | 252.70 | $301,594.50 |
| 24 | Litigation | 2,909.10 | $3,467,514.00 |
| 25 | Non-Working Travel | 80.30 | $122,337.50 |
| 26 | Creditors' Committee Matters | 42.00 | $46,637.50 |
| 27 | Employee and Labor Matters | 124.90 | $191,383.50 |
| 28 | Expenses | - | $157,810.67 |
| **TOTALS** | | **7,078.40** | **$8,955,788.67** |

26.     The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.  The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

27.     In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of

expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

   (a)  **Chapter 11 Filing and First Day Pleading [Matter No. 2]**

    Total Fees: $195,960.00
    Total Hours: 165.80

28. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation, (a) reviewing and revising the Debtors' petitions and "first day" motions, proposed orders, affidavits and notices; and (b) preparing for the "first day" hearing, including drafting hearing notes and related materials and preparing potential witnesses in connection with certain of the first day motions.

29. Specifically, the Debtors filed several motions seeking orders authorizing the Debtors to pay various prepetition claims. Entry of these orders eased the strain on the Debtors' relationships with employees, vendors, customers, and taxing authorities as a consequence of the commencement of these chapter 11 cases. Among other things, these orders authorized the Debtors to (a) pay certain store support vendors and suppliers, and lien claimants; (b) pay certain prepetition employee wages and benefits; (c) maintain cash management systems; (d) use prepetition bank accounts, checks and other business forms; (e) make tax payments to federal, local, and state taxing authorities; (f) prohibit utility companies from discontinuing services; and (g) maintain prepetition insurance policies and enter into new insurance policies.

(b)    **Adversary Proceedings & Contested Matters [Matter No. 3]**

Total Fees:    $141,564.50
Total Hours:   91.50

30.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to litigation, adversary proceedings, or other adversarial matters. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching, analyzing, and preparing litigation strategies for potentially contested matters;

(ii)    preparing for contested hearings, including drafting exhibits, other presentations, and court materials;

(iii)    preparing responses and objections to formal discovery requests, including formal and informal requests by the Committee and the Prepetition Term Loan Ad Hoc Group;

(iv)    preparing direct examination outlines for potential witnesses called to support contested motions, including with respect to the Bidding Procedures motion and the GA Transaction;

(v)    reviewing and analyzing documents in connection with various discovery requests, including such requests by the Prepetition Term Loan Ad Hoc Group and the Committee;

(vi)    responding to informal information requests in connection with these matters; and

(vii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

(c)    **Corporate & Governance Matters [Matter No. 4]**

Total Fees:    $75,250.50
Total Hours:   52.80

31.    This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors and the Board of Directors (the "Board"). Specifically, K&E attorneys and paraprofessionals spent time:

(i)     complying with corporate governance requirements, including drafting and revising resolutions and drafting minutes from board meetings, as necessary;

(ii)    preparing for and participating in various meetings with the Board and senior management in connection with key issues and events regarding these chapter 11 cases;

(iii)   drafting and filing intellectual property security interest releases with the United States Patent and Trademark Office and United States Copyright Office; and

(iv)    providing updates to the Debtors and their advisors regarding the foregoing activities.

**(d)    Disclosure Statement / Plan / Confirmation [Matter No. 5]**

Total Fees:    $421,582.00
Total Hours:   350.80

32.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to developing a chapter 11 plan (the "Plan") and disclosure statement (the "Disclosure Statement") in connection with these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     researching and analyzing legal and factual issues relevant to the Plan and Disclosure Statement;

(ii)     drafting, revising, and filing the Plan [Docket No. 513];

(iii)   drafting, revising, and filing the motion to approve the Disclosure Statement and exhibits related thereto [Docket No. 811];

(iv)    researching issues related to solicitation of votes on the Plan; and

(v)     providing updates to the Debtors and their advisors regarding the foregoing activities.

**(e)    Cash Collateral [Matter No. 6]**

Total Fees:    $474,302.50
Total Hours:   364.30

33.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to obtaining approval of the use of cash collateral during these chapter

14

11 cases.  K&E's efforts were critical in securing the consensual use of cash collateral that provided the Debtors with the necessary liquidity to fund the Debtors' operations during these chapter 11 cases.  Specifically, K&E attorneys and paraprofessional spent time:

> (i)  obtaining entry of interim and final orders approving the Debtors' use of cash collateral;
>
> (ii)  analyzing cash collateral invoices and coordinating with the Debtors' advisors regarding payment; and
>
> (iii)  analyzing and discussing the terms of the use of the Debtors' cash collateral with the Debtors' other professionals and various key stakeholders.

**(f)**     **Cash Management [Matter No. 7]**

> Total Fees:     $13,939.50
> Total Hours:   11.90

34.     This Matter Category includes time spent on a variety of tasks that were necessary to ensure the continued operation and maintenance of the Debtors' cash management system.  Specifically, K&E attorneys spent time obtaining entry of interim and final orders authorizing the Debtors to operate their preexisting cash management system.

**(g)**     **Automatic Stay Issues/Relief from Stay [Matter No. 8]**

> Total Fees:     $21,262.00
> Total Hours:   16.90

35.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the imposition of the automatic stay.  Specifically, K&E attorneys and paraprofessionals spent time:

> (i)  researching issues regarding the automatic stay and analyzing litigation strategies regarding the same;
>
> (ii)  analyzing strategies regarding application of the automatic stay, and conferencing with counsel to lift-stay parties regarding the same; and
>
> (iii)  drafting automatic stay notices and enforcement letters.

(h)    **Asset Sales / Section 363 / Use, Sale, & Disposition of Property [Matter No. 9]**

Total Fees:    $1,612,595.00
Total Hours:    1,103.80

36.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the disposition of the Debtors' assets.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    reviewing, revising, and negotiating non-disclosure agreements, intellectual property schedules, and other materials with interested counterparties;

(ii)    drafting and filing a declaration in support of the Debtors' marketing process and Bidding Procedures [Docket No. 388];

(iii)    researching, drafting, negotiating, and obtaining approval of the Bidding Procedures [Docket No. 446-1];

(iv)    conferring with professional advisors, the Debtors, and lender groups regarding the sale process;

(v)    reviewing and analyzing issues related to the sale and communications with potential bidders related thereto;

(vi)    coordinating and negotiating with the Purchaser, drafting materials regarding the same, and consulting with the Committee on various related matters;

(vii)    drafting and revising a proposed order authorizing the sale of substantially all of the Debtors' assets;

(viii)    drafting, reviewing, negotiating, and preparing for the closing of the Agency Agreement [Docket No. 520] and related sale documentation;

(ix)    obtaining approval of the sale order [Docket No. 520];

(x)    planning for and taking all steps necessary to close the sale of substantially all of the Debtors' assets; and

(xi)    advising and coordinating with the Debtors and the Debtors' advisors with respect to the foregoing.

### (i)   <u>Executory Contracts, Unexpired Leases [Matter No. 10]</u>

Total Fees:   $393,092.50
Total Hours:   350.80

37.     This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases.   K&E attorneys spent time researching, analyzing, renegotiating, or rejecting the Debtors' obligations under their various executory contracts and unexpired leases.   Specifically, K&E attorneys spent time:

(i)     reviewing and analyzing various executory contracts and unexpired leases;

(ii)    drafting, revising, and filing procedures for the rejection or assumption of executory contracts and unexpired leases;

(iii)   drafting, revising, and filing a motion to extend the period during which the Debtors may assume or reject unexpired leases of nonresidential real property pursuant to section 365(d)(4) of the Bankruptcy Code [Docket No. 432];

(iv)    advising the Debtors with respect to their rights and obligations under their executory contracts and unexpired leases under relevant bankruptcy and non-bankruptcy law, including with respect to the rejection of such executory contracts and unexpired leases;

(v)     researching and analyzing issues related thereto;

(vi)    drafting and filing rejection notices for certain of the Debtors' leases; and

(vii)   coordinating with the Debtors, landlords, the Purchaser, and various other counterparties regarding treatment of unexpired leases and executory contracts.

### (j)   <u>Business Operations [Matter No. 11]</u>

Total Fees:   $21,310.00
Total Hours:   13.40

38.     It is important that the Debtors and their advisors create and implement an all-encompassing and cohesive strategy for maintaining business operations with minimal disruptions during the course of the Debtors' chapter 11 cases.   K&E attorneys and

paraprofessionals spent time developing a strategy with the Debtors to ensure a smooth transition into chapter 11 and to ensure that going forward the business operations continue without interruption. Specifically, K&E attorneys and paraprofessionals spent time communicating with Alvarez & Marsal and the Debtors regarding postpetition business operations and store closings.

### (k)    Claims Administration [Matter No. 12]

Total Fees:    $66,420.50
Total Hours:   60.90

39.    This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues. Specifically, K&E attorneys and paraprofessionals spent time:

(i)     drafting, revising, and filing the bar date motion [Docket No.473];

(ii)    obtaining approval of the bar date order [Docket No. 561];

(iii)   analyzing issues related to the administration of claims;

(iv)    corresponding with the Debtors, their advisors, creditors, and other stakeholders regarding claims related issues; and

(v)     reviewing, analyzing, and researching certain claims asserted against the Debtors.

### (l)    Schedules and Statements (SOFAs) [Matter No. 13]

Total Fees:    $34,761.50
Total Hours:   32.50

40.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to advising the Debtors, Kroll Restructuring Administration LLC, and other advisors in connection with the preparation, review, revision, and filing of the Debtors' schedules of assets and liabilities and statements of financial affairs (the "Schedules and Statements"). Moreover, K&E attorneys advised the Debtors regarding drafting the Schedules and Statements, attended regular conferences with the Debtors and their advisors regarding the same,

and conferred and corresponded with the Debtors and K&E professionals regarding the monthly operating reports.

### (m)    Creditor and Stakeholder Communications [Matter No. 14]

Total Fees:    $27,973.00
Total Hours:   16.40

41.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to creditors and various stakeholders, including noticing and other communications.

### (n)    U.S. Trustee Matters and Communications [Matter No. 15]

Total Fees:    $40,792.50
Total Hours:   26.50

42.    This Matter Category includes time spent by K&E attorneys and paraprofessionals corresponding with the U.S. Trustee with respect to the following issues:

(i)     preparing for and participating in the initial debtor interview;

(ii)    preparing for and participating in the creditors' meeting as required by section 341 of the Bankruptcy Code;

(iii)   conducting discussions, phone calls and correspondence with the U.S. Trustee regarding first day motions and K&E's retention and responding to questions and comments regarding the same; and

(iv)    coordinating efforts among the Debtors and their other professionals to address various concerns and issues raised by the U.S. Trustee and the Committee with respect to the retention of the Debtors' other professionals and ensuring that these professionals were ultimately retained to assist in the Debtors' chapter 11 cases.

### (o)    Hearings [Matter No. 16]

Total Fees:    $161,840.50
Total Hours:   98.30

43.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending several hearings during the Fee Period (each a "Hearing" and, collectively, the "Hearings"), including preparing agendas, orders, and

binders related to Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings.  These services also included conferences to discuss multiple matters scheduled for specific Hearings and coordinating Hearing logistics. During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings including:

> (i)     the Hearing on first day motions pertaining to operations, cash collateral, and related matters on January 16, 2025;
>
> (ii)    the Hearing to approve entry of the Bidding Procedures Order on February 14, 2025; and
>
> (iii)   the Hearing to approve entry of an order approving a sale of substantially all of the Debtors' assets on February 26, 2025.

**(p)     Insurance and Surety Matters [Matter No. 17]**

> Total Fees:    $50,329.50
> Total Hours:   47.20

44.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring that Debtors' insurance policies were maintained during these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time drafting, negotiating, and revising the insurance order, reviewing and analyzing the Debtors' insurance policies and surety bonds, engaging with counsel to the insurance providers, and researching and analyzing issues regarding the same.

**(q)     Utilities [Matter No. 18]**

> Total Fees:    $40,952.00
> Total Hours:   34.80

45.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to utility issues arising in connection with filing these chapter 11 cases, including reviewing, analyzing, and corresponding with utility providers regarding adequate assurance requests and continuation of services.

20

(r)      **Tax Matters [Matter No. 19]**

Total Fees:     $98,048.00
Total Hours:    56.80

46.      This Matter Category includes time spent by K&E attorneys and paraprofessionals conducting legal research, preparing correspondence and pleadings, and generally advising the Debtors on tax issues related to or arising during the chapter 11 cases.  During the Fee Period, K&E attorneys were responsible for researching and analyzing certain tax issues arising in connection with the Debtors' business operations, including the following:

(i)      researching and analyzing certain tax issues arising in connection with the Debtors' business operations;

(ii)     coordinating with the Debtors' tax and audit advisor, Deloitte;

(iii)    researching and analyzing certain tax issues related to the Agency Agreement and the Plan;

(iv)     researching and analyzing certain tax issues related to the Debtors' key man insurance policy; and

(v)      coordinating and communicating with the Debtors and the Debtors' advisors, and relevant stakeholders regarding the foregoing.

(s)      **Case Administration [Matter No. 20]**

Total Fees:     $129,035.00
Total Hours:    115.90

47.      This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)      coordinating, managing, and administering the Debtors' chapter 11 cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and work-in-process reports;

(ii)     ensuring compliance with the service and notice requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Bankruptcy Rules, including coordinating services of pleadings and other related

21

notices with the Debtors' local counsel and other retained professionals; and

(iii)     conducting regular internal conferences regarding the overall case status to ensure the efficient progress of workstreams.

48.     Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.

(t)     **Retention – K&E [Matter No. 21]**

Total Fees:    $403,142.00
Total Hours:   434.10

49.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtors' counsel.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     preparing pleadings and a comprehensive conflict analysis necessary to obtain the order of the Court approving the employment of K&E to represent the Debtors;

(ii)     implementing internally established procedures which require the continuous analysis of potential new conflicts;

(iii)     preparing updated professional disclosures for filing with the Court;

(iv)     preparing and distributing K&E's monthly fee statement in accordance with the Interim Compensation Order [Docket No. 712]; and

(v)     reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

(u)     **Retention – Non K&E [Matter No. 22]**

Total Fees:    $244,358.00
Total Hours:   224.00

50.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other professionals in these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)  assisting the Debtors' advisors with respect to their retention applications and orders related thereto, including:

(1)  Cole Schotz P.C., as co-counsel to the Debtors;

(2)  Centerview Partners LLC, as investment banker and financial advisor to the Debtors;

(3)  Alvarez & Marsal North America, LLC, to provide the Debtors an Interim Chief Executive Officer, an Interim Chief Financial Officer, and certain additional personnel;

(4)  Kroll Restructuring Administration LLC, as claims and noticing agent; and

(5)  Deloitte Tax LLP as tax services provider to the Debtors.

(ii)  Drafting, revising, and filing the *Motion of the Debtors for Entry of an Order (I) Authorizing the Debtors to Retain and Compensate Professionals Utilized in the Ordinary Course of Business and (II) Granting Related Relief* [Docket No. 427]

(iii)  coordinating with the Debtors and their other advisors with respect to ordinary course professional retentions and complying with the related disclosure requirements of applicable provisions of the Bankruptcy Code;

(iv)  assisting Deloitte in reviewing and resolving the U.S. Trustee's objection to Deloitte's retention; and

(v)  reviewing retention applications filed by the Committee's professionals and coordinating with the Committee to address the Debtors' concerns regarding these retentions and reviewing related fee statements.

(v)  **Vendor Matters [Matter No. 23]**

Total Fees:  $301,594.50
Total Hours:  252.70

51.  This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on vendor and supplier issues, including with respect to first day relief and postpetition business activities.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)  reviewing, analyzing, and researching vendor issues and corresponding with counsel to vendors, the Prepetition Term Loan

Ad Hoc Group, Alvarez & Marsal, and the Debtors regarding the same;

(ii)    analyzing various issues related to the Debtors' carriers and customs matters, and corresponding with counsel to carriers, Alvarez & Marsal and the Debtors regarding the same;

(iii)    negotiating with counsel to various vendors; and

(iv)    drafting and revising reclamation demand response letters.

**(w)**    <u>**Litigation [Matter No. 24]**</u>

Total Fees:    $3,467,514.00
Total Hours:  2,909.10

52.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to potential litigation matters.  Specifically, K&E attorneys spent time:

(i)    coordinating and analyzing diligence regarding the special committee's investigation of potential Estate causes of action and the Committee's investigation of the same;

(ii)    analyzing litigation strategies with the Debtors and their other advisors regarding discovery and diligence requests and related production, potential litigation issues, and contested hearings;

(iii)    conducting, reviewing, and analyzing voluminous discovery involving over 30,000 documents in connection with the Committee's requests for production;

(iv)    reviewing, analyzing, and responding to various discovery requests and reviewing potentially discoverable documents for privilege and confidentiality considerations;

(v)    reviewing, analyzing, researching, and preparing responses to potential and actual objections filed;

(vi)    preparing for and participating in depositions and preparing witnesses for the same;

(vii)    developing strategies around other potential litigation issues and drafting and revising documents in connection with the same; and

(viii)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

(x)     **Non-Working Travel Time [Matter No. 25]**

Total Fees:    $122,337.50
Total Hours:   80.30

53.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to traveling in connection with their representation of the Debtors.  The amounts presented for review and the request for payment in the Fee Application reflect a reduction of one half the charges for travel time.

(y)     **Creditors' Committee Matters [Matter No. 26]**

Total Fees:    $46,637.50
Total Hours:   42.00

54.     This Matter Category includes time spent by K&E attorneys meeting and corresponding with the Committee's advisors and the Debtors' prepetition lenders and their advisors to provide updates as to developments in the cases, providing relevant information and access to the Debtors and their records as requested, and responding to miscellaneous creditor inquiries.  During the Fee Period, K&E attorneys and paraprofessionals organized, prepared for, and attended the formational creditors' meeting.  K&E attorneys and paraprofessionals also spent time responding to information requests from the Committee and coordinating with the Debtors' other advisors to create and maintain a Share Point data site to more efficiently respond to diligence requests.  K&E attorneys also negotiated with the Committee on various matters throughout these chapter 11 cases, including but not limited to, various pleadings related to operational relief, the GA Transaction, and the Plan.

(z)     **Employee and Labor Matters [Matter No. 27]**

Total Fees:    $191,383.50
Total Hours:   124.90

55.     This Matter Category includes time spent by K&E attorneys and paraprofessionals addressing issues related to wages, compensation, and benefits, drafting materials related to

25

employee communications, and obtaining entry of a final order authorizing the Debtors to pay prepetition wages and continue employee benefits in the postpetition period.  Specifically, K&E attorneys spent time:

(i)  drafting a motion related to workers compensation, wages, severance, and other employee compensation issues;

(ii)  researching and analyzing issues and requirements related to the WARN Act, and drafting and revising WARN notices;

(iii)  reviewing and analyzing the Debtors' collective bargaining agreement and analyzing issues related to the Debtors' unionized employees;

(iv)  reviewing and analyzing ERISA issues and corresponding with the Debtors and Alvarez & Marsal regarding the same; and

(v)  coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**Actual and Necessary Expenses Incurred by K&E**

56.    As set forth in **Exhibit I** attached hereto, and as summarized in **Exhibit G** attached hereto, K&E has incurred a total of $157,810.67 in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit I** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

**Reasonable and Necessary Services Provided by K&E**

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

57.     The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

58.     Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 175 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

59.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate, and tax groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

60.     The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to

charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

61.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.  On many occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

62.     Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $354,644.50 and expenses by $1,914.40.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

63.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).  Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

28

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)    whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (e)    with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and expertise in the bankruptcy field; and
>
> (f)    whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

64.    K&E respectfully submits that the services for which it seeks compensation in this Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates. K&E further believes that it performed the services for the Debtors economically, effectively, and efficiently, and the results obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents. K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

65.    During the Fee Period, K&E's hourly billing rates for attorneys ranged from $785 to $2,675. The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for

restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.  K&E strives to be efficient in the staffing of matters.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

66.     Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

67.     In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

68.     No previous application for the relief sought herein has been made to this or any other Court.

### Reservation of Rights and Notice

69.     It is possible that some professional time expended, or expenses incurred, during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Debtors have provided notice of this Fee

Application to:  (a) the U.S. Trustee; (b) those persons who have formally appeared and requested service in these cases pursuant to Bankruptcy Rule 2002; (c) counsel to the Committee; (d) counsel to the Prepetition Term Loan Ad Hoc Group; (e) counsel to the Prepetition Term Loan Agent; (f) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; and (i) the state attorneys general for states in which the Debtors conduct business (collectively, the "Notice Parties").  Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties so that it is actually received on or before June 12, 2025 at 4:00 p.m. (prevailing Eastern Time).

## No Prior Request

70.     No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

31

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E interim compensation for professional and paraprofessional services provided during the Fee Period in the amount of $8,797,978.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $157,810.67; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: May 22, 2025
Wilmington, Delaware

*/s/ Jack M. Dougherty*

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com
              snewman@coleschotz.com
              mfitzpatrick@coleschotz.com
              jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:        joshua.sussberg@kirkland.com
              aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:        anup.sathy@kirkland.com
              jeff.michalik@kirkland.com
              lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*