**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date**: June 23, 2025, at 3:00 p.m. (ET) |
| | | **Objection Deadline**: June 12, 2025, at 4:00 p.m. (ET) |

**SUMMARY OF FIRST INTERIM**
**FEE APPLICATION OF COLE SCHOTZ P.C., DELAWARE**
**CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**FOR THE PERIOD FROM JANUARY 15, 2025 THROUGH MARCH 31, 2025**

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | JOANN Inc., *et al.* |
| Date of retention: | March 4, 2025 (Effective as of January 15, 2025) [Docket No. 546] |
| Period for which compensation and reimbursement is sought: | January 15, 2025 through March 31, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $576,281.50 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $7,688.52 |
| This is a: | ___monthly _X_ interim ___ final application |

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

Prior Interim Applications: None

Prior Monthly Fee Application(s):

| Monthly Application | | Requested Fees and Expenses | | Allowed Fees and Expenses | | Unpaid Fees and Expenses | |
|---|---|---|---|---|---|---|---|
| Monthly Fee Period, Application Docket No., and Date Filed | CNO Docket No. and Date Filed | Total Fees Requested | Total Expenses Requested | Fees – Amount Allowed | Expenses – Amount Allowed | Unpaid Fees | Unpaid Expenses |
| 01/15/25 – 2/28/25 D.I. 693 04/10/25 | D.I. 806 05/02/25 | $456,338.50 | $3,556.36 | $365,070.80 | $3,556.36 | $91,267.70 | $0.00 |
| 03/01/25 – 03/31/25 D.I. 827 05/07/25 | N/A[2] | $119,943.00 | $4,132.16 | $0.00 | $0.00 | $119,943.00 | $4,132.16 |
| Total | | $576,281.50 | $7,688.52 | $365,070.80 | $3,556.36 | $211,210.70 | $4,132.16 |

---

[2] The objection deadline with respect to Cole Schotz's Second Monthly Fee Application has not yet passed, and a certificate of no objection has, therefore, not yet been filed.

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | <u>Hearing Date</u>: June 23, 2025, at 3:00 p.m. (ET) |
| | <u>Objection Deadline</u>: June 12, 2025, at 4:00 p.m. (ET) |

### FIRST INTERIM FEE
### APPLICATION OF COLE SCHOTZ P.C., DELAWARE
### CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
### ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
### FOR THE PERIOD FROM JANUARY 15, 2025, THROUGH MARCH 31, 2025

Cole Schotz P.C. (the "<u>Applicant</u>" or "<u>Cole Schotz</u>"), Delaware co-counsel to the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby submits this first interim fee application (the "<u>Application</u>") pursuant to (i) sections 330 and 331 of title 11 of the United State Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and (iv) the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "<u>Interim Compensation Order</u>")[2] for allowance of compensation for services rendered and reimbursement

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Interim Compensation Order.

of expenses for the period from January 15, 2025 through March 31, 2025 (the "Interim Fee Period"). In support of this Application, Cole Schotz respectfully represents as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

## Background

**A.      The Chapter 11 Cases**

4.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2025, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103. On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee"). *See*

Docket No. 198.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.    A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* filed on January 15, 2025.  *See* Docket No. 5.

**B.    The Retention of Cole Schotz**

6.    On February 13, 2025, the Debtors applied to the Court for an order authorizing the retention and employment of Cole Schotz as Debtors' Delaware co-counsel effective as of the Petition Date.  *See* Docket No. 425.  On March 4, 2025, the Court entered an order authorizing such retention.  *See* Docket No. 546.

**C.    The Interim Compensation Order**

7.    The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these chapter 11 cases.  Specifically, the Interim Compensation Order provides that beginning with the period ending on March 31, 2025, and at three-month intervals thereafter, each of the Professionals may file an interim fee application (the "Interim Fee Application") for compensation and reimbursement of expenses sought in the Monthly Fee Statements.  *See* Interim Compensation Order ¶ 2(e).  Application Recipients will have twenty-one (21) days after service of an Interim Fee Application to object thereto (the "Interim Fee Application Objection Deadline").  *Id.*  Provided that no objection to an Interim Fee Application is filed by the Interim Fee Application Objection Deadline, the Court, in its discretion, may approve an uncontested Interim Fee Application without the need for a hearing upon the Professional's filing of a certificate of no objection.  *Id.* ¶ 2(f).  Upon allowance by the Court of a

3

Professional's Interim Fee Application, the Debtors shall be authorized to promptly pay such Professional all allowed fees (including the 20% holdback) and expenses not previously paid. *Id.*

## Relief Requested

8.      Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $576,281.50 in fees for professional services rendered by Cole Schotz during the Interim Fee Period.  This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Debtors.  In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Interim Fee Period in the amount of $7,688.52.

## Interim Fee Application and Compliance with Guidelines

9.      This Application was prepared in accordance with (a) Local Rule 2016-1, (b) the United States Trustee *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases*, adopted on June 11, 2013 (the "UST Guidelines"), and (c) the Interim Compensation Order (collectively with Local Rule 2016-1 and the UST Guidelines, the "Guidelines").

10.     Annexed hereto are various schedules required by the Guidelines, as applicable.

11.     Applicant provides the following responses to the questions set forth under ¶ C.5 of Appendix B of the UST Guidelines:

> Question:   Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period?  If so, please explain.
>
> Response:   No.
>
> Question:   If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client?

| | |
|---|---|
| Response: | The fees sought in this Application are less than the amount budgeted for the Interim Fee Period. |
| Question: | Have any of the professionals included in this fee application varied their hourly rates based on the geographic location of the bankruptcy case. |
| Response: | No. |
| Question: | Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices?  If so, please quantify by hours and fees. |
| Response: | No. |
| Question: | Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information?  If so, please quantify by hours and fees. |
| Response: | No. |
| Question: | Does this fee application include rate increases since retention? |
| Response: | No. |

**Reasonable and Necessary Services**

12.    The services for which Applicant seeks compensation were, at the time rendered, necessary for, beneficial to and in the best interests of the Debtors' estates.  The services rendered were consistently performed in a timely manner commensurate with the complexity, importance and nature of the issues involved.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by Applicant is fair and reasonable given (i) the complexity of these Chapter 11 Cases; (ii) the time expended; (iii) the nature and extent of the services rendered; (iv) the value of such services; and (v) the costs of comparable services other than in a case under this title.

**Certification of Compliance and Waiver**

13.    The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local

Rule.  To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

### Notice

14.     Cole Schotz will provide notice and serve this Application on the Application Recipients (as defined and set forth in the Interim Compensation Order).  In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

### No Prior Request

15.     No prior request for the relief sought in the Application has been made to this or any other court

### Conclusion

WHEREFORE, Cole Schotz respectfully requests the Court enter an order (i) approving the Application; (ii) awarding Cole Schotz compensation for the Application Period in the amount of $576,281.50 and reimbursement for actual and necessary expenses in the amount of $7,688.52; (iii) authorizing the payment of such sums to Cole Schotz pursuant to the Interim Compensation Order; and (iv) granting such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: May 22, 2025
Wilmington, Delaware

*/s/ Jack M. Dougherty*

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:      (302) 652-3131
Facsimile:      (302) 652-3117
Email:          preilley@coleschotz.com
                snewman@coleschotz.com
                mfitzpatrick@coleschotz.com
                jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:      (212) 446-4800
Facsimile:      (212) 446-4900
Email:          joshua.sussberg@kirkland.com
                aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:      (312) 862-2000
Facsimile:      (312) 862-2200
Email:          anup.sathy@kirkland.com
                jeff.michalik@kirkland.com
                lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*
*and Debtors in Possession*

*Co-Counsel to the Debtors*
*and Debtors in Possession*

**JOANN INC.,** *ET AL.*

**CUSTOMARY AND COMPARABLE COMPENSATION DISCLOSURES**

The aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York non-bankruptcy timekeepers (including both attorneys and paralegals) (the "Non-Bankruptcy Blended Rate") for the year ending December 31, 2024 (the "Comparable Period") was $592.88 per hour, and the aggregate hourly rate for all Cole Schotz Delaware, New Jersey and New York bankruptcy timekeepers (including both attorneys and paralegals) (the "Bankruptcy Blended Rate") for the Comparable Period was $714.98 per hour.

The blended hourly rate for all Cole Schotz timekeepers (including both attorneys and paralegals) who provided services to the Debtors during the Interim Fee Period was approximately $652.71 per hour.

| Category of Timekeeper | 2024 Bankruptcy Blended Rate | 2024 Non-Bankruptcy Blended Rate | Interim Fee Period Blended Rate |
|---|---|---|---|
| Member | $852.79 | $720.58 | $867.67 |
| Special Counsel | $670.00 | $662.20 | n/a |
| Associate | $504.86 | $460.46 | $537.09 |
| Paralegal | $376.65 | $349.10 | $404.99 |
| **Aggregate** | **$714.98** | **$592.88** | **$652.71** |

**JOANN INC.,** *ET AL.*

**STAFFING PLAN FOR COLE SCHOTZ P.C.**
**JANUARY 15, 2025 THROUGH MARCH 31, 2025**

*ALL FIGURES ARE ESTIMATES*

| Category of Timekeeper | Estimated Number of Timekeepers Expected to Work on Matters During the Budget Period | Average Hourly Rate |
|---|---|---|
| Members & Special Counsel | 4 | $890.00 |
| Associates | 3 | $530.00 |
| Paralegals | 1 | $405.00 |
| | **Estimated Blended Hourly Rate:** | **$600.00** |

**JOANN INC.,** *ET AL.*

## BUDGET AND BILLING BY PROJECT CATEGORY
## JANUARY 15, 2025 THROUGH MARCH 31, 2025

| Project Category | Budgeted Hours | Budgeted Fees | Total Hours | Total Fees |
|---|---|---|---|---|
| Asset Dispositions, Sales, Uses, and Leases | 200 | $120,000.00 | 139.5 | $104,762.00 |
| Automatic Stay Matters/Litigation | 50 | $30,000.00 | 75.6 | $52,538.50 |
| Business Operations | 5 | $3,000.00 | 4.7 | $2,702.50 |
| Case Administration | 150 | $90,000.00 | 118.8 | $88,070.00 |
| Cash Collateral and DIP Financing | 50 | $30,000.00 | 17.2 | $12,829.00 |
| Claims Analysis, Administration and Objections | 20 | $12,000.00 | 15.7 | $7,961.50 |
| Committee Matters and Creditor Meetings | 0 | $0.00 | 3.0 | $1,967.50 |
| Creditor Inquiries | 5 | $3,000.00 | 4.8 | $3,810.00 |
| Disclosure Statement/Voting Issues | 25 | $15,000.00 | 15.4 | $11,292.50 |
| Employee Matters | 0 | $0.00 | 3.2 | $1,562.00 |
| Executory Contracts | 50 | $30,000.00 | 31.9 | $21,245.00 |
| Fee Application Matters/Objections | 20 | $12,000.00 | 15.3 | $8,446.50 |
| General | 10 | $6,000.00 | 12.1 | $5,203.00 |
| Leases (Real Property) | 50 | $30,000.00 | 22.5 | $17,261.50 |
| Litigation/Gen. (Except Automatic Stay) | 20 | $12,000.00 | 17.4 | $11,020.50 |
| Preferences and Avoidance Actions | 0 | $0.00 | 0.2 | $154.00 |
| Preparation for and Attendance at Hearings | 150 | $90,000.00 | 149.5 | $89,590.00 |
| Reorganization Plan | 10 | $6,000.00 | 7.0 | $5,952.00 |
| Reports, Statements and Schedules | 20 | $12,000.00 | 31.3 | $19,043.50 |
| Retention Matters | 150 | $90,000.00 | 159.3 | $85,964.00 |
| Tax/General | 5 | $3,000.00 | 5.2 | $2,768.50 |
| U.S. Trustee Matters and Meetings | 20 | $12,000.00 | 10.5 | $6,888.50 |
| Utilities/Sec. 366 Issues | 5 | $3,000.00 | 8.1 | $5,469.50 |
| Vendor Matters | 5 | $3,000.00 | 14.7 | $9,779.50 |
| **TOTAL** | **1,020.0** | **$612,000.00** | **882.9** | **$576,281.50** |

**JOANN INC., *ET AL.***

**SUMMARY OF BILLING BY PROFESSIONAL**
**JANUARY 15, 2025 THROUGH MARCH 31, 2025**

| Attorney Name | Year Admitted | Position (Department) | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| Patrick J. Reilley | 2003 | Member (Bankruptcy) | $900.00 | 180.7 | $162,630.00 |
| David M. Bass | 1994 | Member (Bankruptcy) | $1,075.00 | 32.5 | $34,937.50 |
| Donald A. Ottaunick | 1983 | Member (Litigation) | $960.00 | 0.8 | $768.00 |
| Stacy L. Newman | 2007 | Member (Bankruptcy) | $800.00 | 110.5 | $88,400.00 |
| Mark Tsukerman | 2010 | Member (Bankruptcy) | $770.00 | 53.0 | $40,810.00 |
| Michael E. Fitzpatrick | 2022 | Associate (Bankruptcy) | $575.00 | 155.9 | $89,642.50 |
| Jack M. Dougherty | 2021 | Associate (Bankruptcy) | $575.00 | 90.4 | $51,980.00 |
| Elazar A. Kosman | 2022 | Associate (Bankruptcy) | $430.00 | 87.2 | $37,496.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) | $405.00 | 171.5 | $69,457.50 |
| Larry S. Morton | N/A | Paralegal (Bankruptcy) | $400.00 | 0.4 | $160.00 |
| | | | **TOTAL** | **882.9** | **$576,281.50** |

Total Requested Compensation:  **$576,281.50**
Total Attorney Compensation:  **$506,664.00**
Blended Rate All Attorneys:  **$712.61**
Blended Rate All Timekeepers:  **$652.71**

**JOANN INC., *ET AL.***

**SUMMARY OF BILLING BY EXPENSE CATEGORY**
**JANUARY 15, 2025 THROUGH MARCH 31, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (681 pages @ $0.10/page) | | $68.10 |
| Postage | | $1.77 |
| Court Fees | PACER Service Center | $5.40 |
| Filing Fees | Bankruptcy Court, District Court | $898.00 |
| Lunch/Dinner | Purebread, Bluebird, Washington Street Ale House | $1,509.75 |
| Deliver/Courier | Reliable; Parcels | $1,874.51 |
| Photocopies (Outside CS) | Parcels | $1,702.10 |
| Transcripts | Reliable | $1,382.65 |
| Online Research | Westlaw | $246.24 |
| **TOTAL:** | | **$7,688.52** |

| SUMMARY OF INTERIM FEE APPLICATION | |
|---|---|
| Name of Applicant | Cole Schotz P.C. |
| Name of Client | JOANN Inc., *et al.* |
| Fee period covered by Interim Fee Application | January 15, 2025 through March 31, 2025 |
| Total compensation sought during Interim Period | $576,281.50 |
| Total expenses sought during Interim Period | $7,688.52 |
| Petition Date | January 15, 2025 |
| Retention Date | March 4, 2025, effective as of January 15, 2025 |
| Date of order approving employment | March 4, 2025 |
| Total compensation approved by interim order to date | $0.00 |
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $365,070.80 |
| Total allowed expenses paid to date | $3,556.36 |
| Blended rate in Interim Fee Application for all Attorneys | $712.61 |
| Blended rate in Interim Fee Application for all Timekeepers | $652.71 |
| Compensation sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $365,070.80 |
| Expenses sought in this Interim Fee Application already paid pursuant to a monthly compensation order but not yet allowed | $3,556.36 |
| Number of professionals included in this Interim Fee Application | 10 |
| If applicable, number of professionals in this Interim Fee Application not included in staffing plan | 2 |
| If applicable, difference between fees budgeted and compensation sought for this Interim Fee Period | Budgeted: $612,000.00 Difference: ($35,718.50) |
| Number of professionals billing fewer than 15 hours to the case during this Interim Fee Period: | 2 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this Interim Fee Application using the rates originally disclosed in the retention application: | No |