## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10060 (CTG)<br><br>(Jointly Administered)<br><br>Re: Docket Nos. 760, 930 & 973<br>Hearing Date: July 10, 2025 at 10:00 a.m. (ET)<br>Obj. Deadline: June 6, 2025 at 4:00 p.m. (ET) |

**MOTION OF DEBTORS FOR ENTRY OF AN ORDER AUTHORIZING THE DEBTORS TO FILE UNDER SEAL CERTAIN CONFIDENTIAL INFORMATION IN THE AMENDED FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors"), by and through their counsel, hereby submit this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the filing of the Sealed Material (defined herein) contained in the *Amended First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 930] (the "Amended First Assumption Notice") under seal pursuant to: (i) sections 105(a) and 107(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"); (ii) Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"); and (iii) Rule 9018-1(b) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of this Motion, the Debtors respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to Local Rule 9013-1(f), the Debtors consent to entry of a final order by the Court in connection with this Motion to the extent it is later determined that, absent the consent of the parties, the Court cannot enter final orders or judgements herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested herein are sections 105(a) and 107(b) of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1(b).

## RELIEF REQUESTED

4. By this Motion, the Debtors request entry of the Proposed Order authorizing the filing of certain information in the Amended First Assumption Notice (the "Sealed Material") under seal. In addition, the Debtors request that the Sealed Material not be made available to anyone other than the Court, the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"), counsel to GA Joann Retail Partnership, LLC (the "Agent"), and counsel to Burlington (defined herein), except as ordered by the Court.

## BACKGROUND

5. On January 15, 2025, the Debtors commenced these chapter 11 cases by filing their voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

6. On February 14, 2025, the Court entered the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order").

7. On April 28, 2025, the Debtors filed the *First Notice of Assumption and Assignment of Certain Executory Contract[s] and/or Unexpired Leases* [Docket No. 760] (the "First Assumption Notice") pursuant to the Procedures Order.

8. The deadline to object to the First Assumption Notice expired on May 12, 2025.

9. On May 16, 2025, the Debtors filed the Amended First Assumption Notice. Attached to the Amended First Assumption Notice as Schedule 3 was a proposed contract assumption order (the "Burlington Assumption Order") authorizing the assumption and assignment of the Amended Notice Leases to Burlington Coat Factory Warehouse Corporation and Burlington Coat Factory of Texas, Inc. (together, "Burlington") pursuant to the terms of that certain *Assumption and Assignment Agreement* between and among Agent, as agent for the Debtors, and Burlington, substantially in the form attached to the Burlington Assumption Order as Exhibit B (the "Assumption and Assignment Agreement"). The Sealed Material relates to a portion of the Assumption and Assignment Agreement that lists the purchase price of the leases to be assumed and assigned to Burlington.

10. On May 23, 2025, the Debtors filed an unredacted version of the First Assumption Notice under seal with this Court. *See* D.I. 973.

**BASIS FOR RELIEF REQUESTED**

11. Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. Section 107(b) provides:

69001/0001-50072963v2

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
> (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

11 U.S.C. § 107(b). In addition, under section 105(a) of the Bankruptcy Code, the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions" of the Bankruptcy Code. 11 U.S.C. § 105(a).

12. Parties seeking to file information under seal in bankruptcy proceedings are not held to the same standards as applied under the Federal Rules of Civil Procedure in order to attain the protections offered by section 107(b) of the Bankruptcy Code. *See, e.g.*, *Video Software Dealers Ass'n v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information."); *Phar-Mor, Inc. v. Defendants Named Under Seal (In re Phar-Mor, Inc.)*, 191 B.R. 675, 679 (Bankr. N.D. Ohio 1995) ("In other areas of the law, courts have relied on showings of 'compelling reasons,' or balancing the interests of privacy and public right to know, when reviewing a request for judicial non-disclosure. The mandatory language of § 107(b) negates the need for such inquiries." (internal citations omitted)). If the material sought to be protected falls within any of the categories identified in section 107(b), "the court is required to protect a requesting party and has no discretion to deny the application." *In re Orion Pictures*, 21 F.3d at 27; *see also In re Altegrity, Inc.*, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015) ("[I]f it is established that the documents sought to be sealed fall within the enumerated statutory

exception, the court must grant the requested relief (or such other relief that protects the moving party).").

13. "Commercial information … need not rise to the level of a 'trade secret'" to be entitled to protection under section 107(b). *In re Altegrity*, 2015 WL 10963572, at *3; *see also In re Orion Pictures*, 21 F.3d at 28 (the "clear and unambiguous usage of 'or' neither equates 'trade secret' with 'commercial information' nor requires the latter to reflect the same level of confidentiality as the former"). Although "commercial information includes 'information which would cause an unfair advantage to competitors by providing them information as to the commercial operations'" of a party, it "extends beyond the requirement that such information will give an entity's competitors an unfair advantage." *In re Borders Grp.*, 462 B.R. 42, 47 (Bankr. S.D.N.Y. 2011) (quoting *In re Orion Pictures*, 21 F.3d at 28). Instead, "the term includes situations where a bankruptcy court may reasonably determine that allowing such disclosure would have a 'chilling effect on business negotiations.'" *Id.* (quoting *In re Lomas Fin. Corp.*, 1991 WL 21231, at *2 (S.D.N.Y. Feb. 11, 1991)). As made clear by the plain language of the Bankruptcy Code, a movant need only demonstrate that the "information" in question is both "confidential" and "commercial" in nature. *See* 11 U.S.C. § 107(b)(1).

14. The Sealed Material contained in the Amended First Assumption Notice satisfies section 107(b) because it contains confidential commercial information that is entitled to protection. In particular, the Sealed Material in the Amended First Assumption Notice consists of a limited portion of the Assumption and Assignment Agreement between the Agent and Burlington listing the purchase price of the leases to be assumed and assigned to Burlington.

15. Although maintaining the confidentiality with respect to the Sealed Material is essential, the Debtors understand that it is important for the Court to have a complete and

unredacted record with respect to such information.  Accordingly, the Debtors propose that they be permitted to file the unredacted Amended First Assumption Notice under seal and provide an unredacted version of the Amended First Assumption Notice to the Court, the U.S. Trustee, counsel to the Agent, counsel to Burlington and other parties-in-interest that obtain, after notice and a hearing, authorization from the Court.

### COMPLIANCE WITH LOCAL RULE 9018-1(d)

16. In accordance with Local Rule 9018-1(d), undersigned counsel hereby certifies that the Agent is the holder of Confidentiality Rights as defined by Local Rule 9018-1(d)(iii) and the Debtors have conferred with the Agent with respect to the proposed Sealed Material.  The Agent requested that the Sealed Material remain under seal and does not believe any additional information needs to remain under seal or any additional parties have any right to or interest in the material so filed.

### NOTICE

17. The Debtors will provide notice of this Motion to the U.S. Trustee, counsel to the Agent and counsel to Burlington.  In light of the nature of the relief requested herein, the Debtors submit that no other or further notice is necessary.

**CONCLUSION**

18.    For the reasons set forth above, the Debtors submit that the Court should grant the relief requested herein and that approval of this Motion is necessary and appropriate.

Dated: May 23, 2025
Wilmington, Delaware

/s/ *Jack M. Dougherty*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone:   (212) 446-4800 |
| Telephone:   (302) 652-3131 | Facsimile:   (212) 446-4900 |
| Facsimile:   (302) 652-3117 | Email:   joshua.sussberg@kirkland.com |
| Email:   preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
|   snewman@coleschotz.com | |
|   mfitzpatrick@coleschotz.com | - and - |
|   jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:   (312) 862-2000 |
| | Facsimile:   (312) 862-2200 |
| | Email:   anup.sathy@kirkland.com |
| |   jeff.michalik@kirkland.com |
| |   lindsey.blumenthal@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |