# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 811 and 990** |

**ORDER (I) CONDITIONALLY
APPROVING THE ADEQUACY OF THE DISCLOSURE
STATEMENT, (II) SCHEDULING A PLAN CONFIRMATION AND FINAL
DISCLOSURE STATEMENT APPROVAL HEARING AND SETTING DATES
AND DEADLINES, (III) APPROVING THE SOLICITATION PACKAGES AND
NOTICE PROCEDURES, (IV) APPROVING THE FORM OF THE BALLOTS AND
NOTICES IN CONNECTION THEREWITH, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for the entry of an order (this "Order"), (a) conditionally approving the adequacy of the Disclosure Statement, (b) scheduling a Plan Confirmation and final Disclosure Statement approval hearing, (c) establishing the Plan Objection Deadline and approving related procedures, (d) approving the Solicitation and Voting Procedures, (e) approving the form and manner of the Combined Hearing Notice, and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates* (the "Plan") or the *Amended Disclosure Statement for the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* (the "Disclosure Statement"), as applicable.

referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

**I. Conditional Approval of the Disclosure Statement.**

2. The Disclosure Statement, substantially in the form attached hereto as **Exhibit 1**, is hereby approved on a conditional basis as providing Holders of Claims entitled to vote on the Plan with adequate information to make an informed decision as to whether to vote to accept or reject the Plan in accordance with sections 105 and 1125(a)(1) of the Bankruptcy Code and Bankruptcy Rule 3017.

3. The Disclosure Statement (including all applicable exhibits thereto) provides Holders of Claims or Interests, and other parties in interest with sufficient notice of the injunction,

exculpation, and release provisions contained in Article VIII of the Plan, in satisfaction of the requirements of Bankruptcy Rule 3016(c).

**II.    Approval of the Solicitation and Voting Procedures.**

4.    The Debtors are authorized to solicit, receive, and tabulate votes to accept the Plan in accordance with the Solicitation and Voting Procedures, substantially in the form attached hereto as **Exhibit 2**, which are hereby approved in their entirety.

5.    Any party wishing to file a motion under Bankruptcy Rule 3018(a) to temporarily allow a Claim or Interest solely for purposes of voting to accept or reject the Plan shall have until fourteen (14) days from the filing of an objection to such Claim or Interest to file such a motion. The Debtors and other parties in interest shall have until seven (7) days prior to the Voting Deadline as the deadline to file objections to any motion filed pursuant to Bankruptcy Rule 3018(a).

**III.   Approval of the Materials and Timeline for Soliciting Votes and the Procedures for Confirming the Plan.**

   **A.    Approval of Certain Dates and Deadlines with Respect to the Plan and Disclosure Statement.**

6.    The following dates are hereby established (subject to modification as necessary) with respect to solicitation of votes on the Plan and Confirmation of the Plan (all times prevailing Eastern Time):

| Event | Date |
| --- | --- |
| Disclosure Statement Objection Deadline | May 21, 2025 |
| Voting Record Date | May 23, 2025 |
| Hearing on Conditional Approval of the Disclosure Statement | May 28, 2025 at 1:00 p.m. |
| Publication Deadline | Within two (2) business days following entry of the Order (or as soon as reasonably practicable thereafter) |
| Solicitation Deadline | Within two (2) business day following entry of the Order |
| Plan Supplement Filing Deadline | June 20, 2025 |

| Event | Date |
|---|---|
| Voting Deadline, Opt-In Deadline | June 30, 2025 at 4:00 p.m. |
| Plan Objection Deadline | June 27, 2025 at 4:00 p.m. |
| Voting Report Filing Deadline | July 7, 2025 |
| Combined Hearing | July 10, 2025 at 10:00 a.m. |

**B.     Approval of the Form of and Distribution of Solicitation Packages to Parties Entitled to Vote on the Plan.**

7.    In addition to a copy of this Order, the Solicitation Packages to be transmitted on or before the Solicitation Deadline to those Holders of Claims in the Voting Classes entitled to vote on the Plan as of the Voting Record Date, shall include the following, the form of each of which is hereby approved:

   a.   a Ballot, substantially in the form attached hereto as **Exhibit 3** and **Exhibit 4**, respectively, as determined by the Class of each Holder of Claims being solicited;[3]

   b.   the Cover Letter, substantially in the form attached hereto as **Exhibit 7**, containing instructions to access, via QR code, the Plan, the Disclosure Statement, and the Order, as well as instructions to access, via QR code, and electronically submit a Ballot on the Debtors' restructuring website; and

   c.   the Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 8**.

8.    The Solicitation Packages provide the Holders of Claims entitled to vote on the Plan with adequate information to make informed decisions with respect to voting on the Plan in accordance with Bankruptcy Rules 2002(b) and 3017(d), the Bankruptcy Code, and the Local Rules.

---

[3]   The Debtors will use commercially reasonable efforts to ensure that any Holder of a Claim who has filed duplicate Claims against the Debtors (whether against the same or multiple Debtors) that are classified under the Plan in the same Voting Class receives no more than one Solicitation Package (and, therefore, one Ballot) on account of such Claim and with respect to such Voting Class. Because the Plan is not substantively consolidated for tabulation purposes and the voting results will be presented on a debtor-by-debtor basis, in instances where a Class 4 General Unsecured Claimant has filed Claims against more than one Debtor, the Class 4 General Unsecured Claimant will receive separate Solicitation Packages (and multiple Ballots) for each Debtor against which it has filed a Claim.

9. The Debtors shall distribute Solicitation Packages by notice sent by first-class U.S. mail, to all Holders of Claims entitled to vote on the Plan on or before the Solicitation Deadline, and otherwise by email, where authorized by prior order of the Court. Such service shall satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

10. Upon request of a Holder of a Claim entitled to vote on the Plan, the Notice and Claims Agent shall provide a hard copy of the Solicitation Package within three (3) business days of receipt of such request, or as soon as reasonably practicable thereafter. On or before the Solicitation Deadline, the Debtors shall provide (a) the complete Solicitation Package (other than Ballots) to the U.S. Trustee and (b) the Order and the Combined Hearing Notice to all parties on the 2002 List as of the Voting Record Date.

11. Any party that would prefer to receive materials in paper format may contact the Notice and Claims Agent and request paper copies of the materials (to be provided at the Debtors' expense).

12. The Notice and Claims Agent is authorized to assist the Debtors in (a) distributing the Solicitation Packages, (b) receiving, tabulating, and reporting on Ballots cast to accept or reject the Plan by Holders of Claims and Interests against the Debtors, (c) responding to inquiries from Holders of Claims and Interests and other parties in interest relating to the Disclosure Statement, the Plan, the Ballots, the Solicitation Packages, and all other related documents and matters related thereto, including the procedures and requirements for voting to accept or reject the Plan and for objecting to the Plan, (d) soliciting votes on the Plan, and (e) if necessary, contacting creditors regarding the Plan.

13. The Notice and Claims Agent is also authorized to accept Ballots and Opt-In Forms via electronic online transmission solely through a customized online balloting portal on the

Debtors' restructuring website. The encrypted ballot data and audit trail created by such electronic submission shall become part of the record of any Ballot or Opt-In Form submitted in this manner and the creditor's electronic signature will be deemed to be immediately legally valid and effective.

14. All votes to accept or reject the Plan must be cast by using the appropriate Ballot. All Ballots must be properly executed, completed, and delivered according to the voting instructions by: (a) first class mail; (b) overnight courier; (c) personal delivery; or (d) via E-Ballot Portal, so that the Ballots are actually received by the Notice and Claims Agent no later than the Voting Deadline at the return address set forth in the Ballot. The Debtors are authorized to extend the Voting Deadline in their sole discretion and without further order of the Court.

### C. Approval of the Combined Hearing Notice.

15. The Combined Hearing Notice constitutes adequate and sufficient notice of the hearing to consider approval of the Plan, the manner in which a copy of the Plan could be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

16. The Combined Hearing Notice, substantially in the form attached hereto as **Exhibit 8**, shall be filed by the Debtors and served, within two (2) business days following entry of this Order, upon: (i) all holders of claims or interests, whether in voting classes or nonvoting classes, or unclassified; (ii) all parties on the 2002 List; (iii) the U.S. Trustee; (iv) the Internal Revenue Service; (v) all state and local taxing authorities in the states in which the Debtors do business; (vi) all federal, state and local authorities that regulate any portion of the Debtors' business; (vii) the Securities and Exchange Commission; (viii) the United States Attorney for the District of Delaware; (ix) all counterparties to executory contracts and leases; and (x) all persons or entities listed on the Debtors' creditor mailing matrix who are not otherwise covered by one of the foregoing categories.

17. In addition, the Debtors shall publish the Combined Hearing Notice in a format modified for publication (the "Publication Notice") one time, within two (2) business days after entry of this Order (or as soon as reasonably practicable thereafter), in *The New York Times* or another similar nationally circulated news publication.

**D. Approval of Notice of Filing of the Plan Supplement.**

18. The Debtors are authorized to file and post the Plan Supplement on the Debtors' restructuring website at https://cases.ra.kroll.com/Joann2025, which will be filed on the date that is (a) seven (7) days prior to the earlier of (i) the Voting Deadline or (ii) the deadline to object to Confirmation of the Plan or (b) such later date as may be approved by the Bankruptcy Court, substantially in the form attached hereto as **Exhibit 9**.

**E. Approval of the Form of Notices to Non-Voting Classes.**

19. Except to the extent the Debtors determine otherwise, the Debtors are not required to provide Solicitation Packages to Holders of Claims in Non-Voting Classes. Instead, on or before the Solicitation Deadline, the Notice and Claims Agent shall distribute by mail (first-class postage prepaid), and otherwise by email, where authorized by prior order of the Court, the Notices of Non-Voting Status, substantially in the form attached hereto as **Exhibits 6A**, **6B**, **or 6C**, as applicable, in lieu of a Solicitation Package, the form of each of which is hereby approved, to those parties who are not entitled to vote on the Plan. If such Holder requests a hard copy of the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibits 6A**, **6B**, **or 6C**, or the Opt-In Form, substantially in the form attached hereto as **Exhibit 5**, then the Notice and Claims Agent shall provide a hard copy within three (3) business days of receipt of such request, or as soon as reasonably practicable thereafter.

20. The Debtors are not required to distribute a Solicitation Package or other solicitation materials to the following: (a) Holders of Claims that have already been paid in full

during these chapter 11 cases or that are authorized to be paid in full pursuant to an order entered by this Court; (b) any party to whom a notice of the hearing regarding the Court's approval of the Disclosure Statement was sent but was subsequently returned as undeliverable; or (c) Holders of Class 5 Intercompany Claims and Class 6 Intercompany Interests.

**F.    Approval of Assumption Notice.**

21.    The Debtors are authorized to distribute by first-class U.S. mail and otherwise by email, where authorized by prior order of this Court, an Assumption Notice of any Executory Contracts or Unexpired Leases, substantially in the form attached hereto as **Exhibit 10**, to the applicable counterparties to Executory Contracts and Unexpired Leases that will be assumed pursuant to the Plan, within the time periods specified in the Plan.

**G.    Approval of the Procedures for Filing Objections to the Plan.**

22.    Objections to the Plan will not be considered by the Court unless such objections are timely filed and properly served in accordance with this Order. Additionally, all objections to the Plan or requests for modifications to the Plan, if any, must: (a) be in writing; (b) conform to the Bankruptcy Rules and the Local Rules; (c) state, with particularity, the legal and factual basis for the objection; and (d) be filed with the Court (contemporaneously with a proof of service) and served upon the notice parties identified in the Combined Hearing Notice on or before **June 27, 2025 at 4:00 p.m.**, prevailing Eastern Time. If practicable, any objections may include a proposed modification to the Plan (or related materials) that would resolve such objection.

**IV.    Miscellaneous.**

23.    The Debtors may make non-substantive changes to the Disclosure Statement, Plan (subject to the terms of the Plan), Combined Hearing Notice, Solicitation Packages, Notices of Non-Voting Status, Opt-In Form, Ballots, Publication Notice, Cover Letter, Solicitation and Voting Procedures, Plan Supplement Notice, Assumption Notice, Voting and Tabulation

Procedures, and related documents after the entry of this Order without further order of the Court, including changes to correct typographical and grammatical errors, if any, and to make conforming changes to the Disclosure Statement, the Plan (subject to the terms of the Plan), and any other materials in a Solicitation Package before distribution.

24. The Debtors reserve the right to modify the Plan without further order of the Court in accordance with Article X of the Plan.

25. The Debtors reserve the right to withdraw the Plan as to any or all Debtors at any time before the Confirmation Date without further order of the Court in accordance with Article X of the Plan.

26. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order is intended as or shall be construed or deemed to be: (a) an implication or admission as to the amount of, basis for, or validity of any particular claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission, or finding that any particular claim is an administrative expense claim, other priority claim, or otherwise of a type specified or defined in this Order or the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of the Debtors' or any other party in interest's claims, causes of action, or other rights under the Bankruptcy Code or any other applicable law.

27. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

28. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

29. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

30. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 27th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**