**Exhibit 2**

**Solicitation and Voting Procedures**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**SOLICITATION AND VOTING PROCEDURES**

**PLEASE TAKE NOTICE THAT** on [●], 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. [●]] (the "Conditional Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Amended Disclosure Statement for the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. [●]] (as modified, amended, or supplemented from time to time, the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

**A.    The Voting Record Date.**

The Court has established **May 23, 2025**, as the record date for purposes of determining which Holders of Claims in Class 3 (Prepetition Term Loan Claims) and Class 4 (General Unsecured Claims) (collectively, the "Voting Classes") are entitled to vote on the Plan (the "Voting Record Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan or the *Motion of Debtors for Entry of an Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Scheduling a Plan Confirmation and Final Disclosure Statement Approval Hearing and Setting Dates and Deadlines, (III) Approving the Solicitation Package and Notice Procedures, (IV) Approving the Form of Ballot and Notices in Connection Therewith, and (V) Granting Related Relief* [Docket No. 811].

**B.    The Voting Deadline.**

The Court has established **June 30, 2025, at 4:00 p.m., prevailing Eastern Time**, as the voting deadline (the "Voting Deadline") for the Plan.  The Debtors may extend the Voting Deadline without further order of the Court.  To be counted as votes to accept or reject the Plan, all ballots (collectively, the "Ballots") must be properly executed, completed, and delivered pursuant to the instructions provided on or with such Ballot.

**C.    Form, Content, and Manner of Notices.**

**1.    The Solicitation Package.**

The following materials shall constitute the solicitation packages (each, a "Solicitation Package") to be distributed to the Voting Classes:

a.  a Ballot, together with detailed voting instructions;

b.  the Cover Letter, including instructions to obtain access, free of charge, via https://cases.ra.kroll.com/Joann2025 or QR code, to the Plan, Disclosure Statement, and Conditional Disclosure Statement Order, as well as instructions to access, via QR code, and electronically submit a Ballot on the Debtors' restructuring website;

c.  the notice of hearing to be held by the court to consider the Disclosure Statement and Confirmation of the Plan (the "Combined Hearing" and, the notice thereof, the "Combined Hearing Notice"); and

d.  any other materials as the Court may direct.

**2.    Distribution of the Solicitation Package.**

The Debtors shall serve, or cause to be served, the materials in the Solicitation Package to Holders of Claims in the Voting Classes within two (2) business days after the entry of the Conditional Disclosure Statement Order who are entitled to vote, as described in **Section D** below, via email, where available, or by mailing the Cover Letter, which contains QR codes linking to the Debtors' case website (https://cases.ra.kroll.com/Joann2025) where Holders of Claims in the Voting Classes may view and submit materials in the Solicitation Package.  Paper copies are available upon request by contacting Kroll Restructuring Administration LLC, the claims and noticing agent retained by the Debtors in these chapter 11 cases (the "Claims and Noticing Agent") by:  (a) writing via first class mail, to JOANN Inc. (2025) Ballot Processing Center, c/o Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn, NY 11232; (b) writing via electronic mail to JoannInfo@ra.kroll.com (with "Joann Inc. Solicitation Inquiry" in the subject line); or (c) calling the Debtors' restructuring hotline at (844) 712-2239 (U.S./Canada, toll-free) or +1 (646) 863-7121 (International, toll).

The Debtors shall serve, or cause to be served, by email, where available, or otherwise by first class mail, (a) the complete Solicitation Package (excluding the Ballots) on the U.S. Trustee (for the avoidance of doubt, the Debtors may serve the U.S. Trustee via email) and (b) the Conditional Disclosure Statement Order and the Combined Hearing Notice on all parties required to be notified under Bankruptcy Rule 2002 and Local Rule 2002-1 (the "2002 List") as of the Voting Record Date.

For purposes of serving the Solicitation Package, the Debtors may rely on the address and email address (as applicable) information for the Voting Classes as compiled, updated, and maintained by the Claims and Noticing Agent as of the Voting Record Date. The Debtors and the Claims and Noticing Agent are not required to conduct any additional research for updated addresses or email addresses based on any undeliverable Solicitation Package (including any Ballot) or Non-Voting Status Notice.

To avoid duplication and reduce expenses, the Debtors will use commercially reasonable efforts to ensure that each Holder of a Claim entitled to vote on the Plan receives no more than one Solicitation Package (and, therefore, one Ballot per Class) and is only entitled to submit one Ballot on account of such Holder's Claim in a particular Class.

**3. Resolution of Disputed Claims for Voting Purposes; Resolution Event.**

a. The Debtors shall have until twenty-one (21) days prior to the Voting Deadline to object to Proofs of Claims for purposes of voting on the Plan (the "Voting Claims Objection Deadline"). To the extent the Debtors wish to object to a Proof of Claim that is timely filed following the Voting Claims Objection Deadline but prior to the Voting Deadline, the Debtors shall promptly file such objection. Any such objection that remains pending as of the Combined Hearing Date will be heard on an emergency basis at the Combined Hearing.

b. If a Claim in a Voting Class is subject to a "reduce and allow" objection that is filed with the Court twenty-one (21) days prior to the Voting Deadline: (i) the Debtors shall notify the applicable Holder of such objection; and (ii) the applicable Holder shall be entitled to vote such Claim in the reduced amount contained in such objection, subject to the Holder's right to file a Rule 3018(a) motion as provided herein.

c. If a Claim in a Voting Class is subject to an objection other than a "reduce and allow" objection that is filed with the Court twenty-one (21) days prior to the to the Voting Deadline: (i) the Debtors shall notify the applicable Holder of such objection; and (ii) such Claim shall be temporarily allowed, disallowed or reclassified for voting purposes as if the relief requested in the objection were granted, subject to the Holder's right to file a Rule 3018(a) motion as provided herein.

d. Any Holder of a Claim that is the subject of a claim objection filed at least twenty-one (21) days before the Voting Deadline who wishes to contest such objection must file and serve a motion under Bankruptcy Rule 3018(a) by no later

than fourteen (14) days after the objection is served upon them. Any Holder of a Claim who files a Rule 3018(a) motion in accordance with this paragraph shall be provided with a Solicitation Package by the Claims and Noticing Agent and shall be permitted to cast a provisional vote to accept or reject the Plan. If and to the extent that the Debtors and such Holder are unable to resolve the issues raised by the Rule 3018(a) motion prior to the Voting Deadline, then the Court shall determine whether the provisional ballot should be counted as a vote on the Plan at the Combined Hearing. This procedure is without prejudice to the rights of the Debtors and any affected Holders to resolve a Claim objection through a "Resolution Event," which shall mean the occurrence of one or more of the following at least two (2) business days prior to the Voting Deadline:

    i.      an order of the Court is entered allowing such Claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing;

    ii.     an order of the Court is entered temporarily allowing such Claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing;

    iii.    a stipulation or other agreement is executed between the Holder and the Debtors resolving the objection and allowing such Claim in an agreed upon amount; or

    iv.    the pending objection is voluntarily withdrawn by the objecting party.

e.      To the extent an applicable Claim is in a Voting Class, no later than one (1) business day following the occurrence of a Resolution Event, or as soon as reasonably practicable thereafter, the Debtors shall cause the Claims and Noticing Agent to distribute via email, hand delivery, or overnight courier service a Solicitation Package and a pre-addressed, postage pre-paid envelope, if applicable, to the relevant Holder to the extent such Holder has not already received a Solicitation Package.

**4.**    **Non-Voting Status Notices for Unclassified Claims, Unimpaired Classes, Classes Deemed to Reject the Plan, and non-solicited Claims.**

Certain (i) Holders of Claims that are Unimpaired under the Plan and who are, pursuant to section 1126(f) of the Bankruptcy Code, conclusively presumed to accept the Plan, (ii) Holders of Claims that are Impaired under the Plan and who are, pursuant to section 1126(g) of the Bankruptcy Code, conclusively deemed to reject the Plan, and (iii) Holders of Claims or Interests that are subject to a pending objection by the Debtors and who are not entitled to vote the disputed portion of such Claim will receive the applicable *Notice of Non-Voting Status*, substantially in the form annexed as Exhibit 6A, 6B, and 6C to the Conditional Disclosure Statement Order. Such notice will instruct these Holders as to how they may obtain copies of the documents contained in the Solicitation Package (*excluding* Ballots)**.**

5. **Notices Regarding Executory Contracts and Unexpired Leases Assumed or Assumed and Assigned, Under the Plan.**

Counterparties to Executory Contracts or Unexpired Leases that receive an Assumption Notice, substantially in the form attached as Exhibit 8 to the Conditional Disclosure Statement Order, may file an objection to the Debtors' proposed assumption, assumption and assignment, and/or cure amount, each under the Plan, as applicable. Any objection by a counterparty to an Executory Contract or Unexpired Lease in connection with a proposed assumption or assumption and assignment or related cure amount (in each case, under the Plan) must be Filed, served, and actually received by the Debtors by no later than fourteen (14) days after actual receipt of this Notice, *provided* that, if the Debtors modify the Assumed Executory Contract or Unexpired Lease List (for the avoidance of doubt, under the Plan), any party affected by such modifications shall have fourteen (14) days to object to the proposed modified treatment from the date of their receipt of notice of such modification.

For the avoidance of doubt, the objection deadline(s) as to any proposed assumption or assumption and assignment of an Executory Contract or Unexpired Lease outside of the Plan (including as to related cure amounts) shall be as set forth in the Court order(s) applicable to such proposed assumption or assumption and assignment, as the case may be.

**D. Voting and Tabulation Procedures.**

**1. Holders of Claims Entitled to Vote.**

Only the following Holders of Claims in the Voting Classes shall be entitled to vote with regard to such Claims:

a. Holders of Claims who on or before the Voting Record Date, have filed a Proof of Claim that (i) has not been expunged, disallowed, disqualified, withdrawn, or superseded prior to the Voting Record Date and (ii) subject to the disputed Claim resolution procedures described above, is not the subject of a pending objection, other than a "reduce and allow" objection, filed with the Court prior to the Voting Deadline; *provided* that a Holder of a Claim that is the subject of (i) a pending objection on a "reduce and allow" basis, or (ii) a Rule 3018(a) motion shall receive a Solicitation Package and be entitled to vote such Claim in the reduced amount contained in such objection;

b. Holders of Claims that are listed in the Schedules;[3] *provided* that Claims that are scheduled as contingent, unliquidated, or disputed (excluding such scheduled disputed, contingent, or unliquidated Claims that have been paid or superseded by a timely Filed Proof of Claim prior to the Voting Record Date) shall be allowed for voting purposes for numerosity only and not for amount (unless the applicable

---

[3] The "Schedules" shall mean the schedules of assets and liabilities, schedules of current income and expenditures, and statements of financial affairs filed by the Debtors on the consolidated docket for the Debtors' chapter 11 cases.

        Claims Bar Date has not yet expired, in which case such scheduled claims would be allowed to vote in the amount of $1.00);

c.    Holders of Claims for which a Proof of Claim has been filed and has not been disallowed, but is listed, marked or otherwise referenced on its face as contingent, unliquidated or disputed, either in whole or in part; *provided*, that such Claims shall be temporarily allowed for voting purposes in the amount of $1.00, irrespective of how such Claims may or may not be set forth on the Schedules; *provided, further*, that any undisputed portion, if any, of such Claims shall be deemed temporarily allowed for voting purposes, subject to the procedures set forth herein;

d.    Holders of Claims that are deemed allowed in accordance with the Plan; *provided*, that such Claims will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan;

e.    Holders of Claims that arise (i) pursuant to an agreement or settlement with the Debtors, as reflected in a document filed with the Court, (ii) in an order entered by the Court, or (iii) in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a Proof of Claim has been filed;

f.    Holders of Disputed Claims that have been temporarily allowed to vote on the Plan pursuant to Bankruptcy Rule 3018; and

g.    the assignee of any Claim that was transferred on or before the Voting Record Date by any Entity described in subparagraphs (a) through (f) above; *provided* that such transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

    **2.**    **Establishing Claim Amounts for Voting Purposes.**

**Claims in Class 3**. For voting purposes, claim amounts for Claims in Class 3 (Prepetition Term Loan Claims) will be established by reference to all of the outstanding amounts of the applicable positions held by Holders of Class 3 Claims, as of the Voting Record Date, as evidenced by the applicable records (including any lender list or lender register) provided, or to be provided, by the Prepetition Term Loan Agent to the Debtors or the Claims and Noticing Agent in Microsoft Excel format by no later than one business day following the Voting Record Date.

**Claims in Class 4 (General Unsecured Claims)**. For voting purposes only, the claim amounts for Claims in Class 4 (General Unsecured Claims) will be established based on the amount of the applicable positions held by such Holder of General Unsecured Claims as of the Voting Record Date, as evidenced by (a) the Schedules and (b) the Claims Register maintained in these chapter 11 cases. The claim amounts for Prepetition Term Loan Deficiency Claims For Claims in Class 4 (General Unsecured Claims) will be established by reference to the (a) Plan, (b) Debtors' applicable books and records, or (c) applicable records (including any lender list or

lender register) provided, or to be provided, by the Prepetition Term Loan Agent to the Debtors or the Claims and Noticing Agent in Microsoft Excel format by no later than one business day following the Voting Record Date. In the event of any conflict between the Debtors' applicable books and records and the list lender list or lender register to be provided by the Prepetition Term Loan Agent, the latter shall control for purposes of determining the amount of Prepetition Term Loan Deficiency Claim for voting purposes.

### 3. Voting and Ballot Tabulation Procedures.

The following voting procedures and standard assumptions shall be used in tabulating Ballots, subject to the Debtors' right to waive any of the below specified requirements for completion and submission of Ballots so long as such requirement is not otherwise required by the Bankruptcy Code, Bankruptcy Rules, or Local Rules.

a. Except as otherwise provided in the Solicitation and Voting Procedures, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline (as the same may be extended by the Debtors), the Debtors, in their sole discretion, shall be entitled to reject such Ballot as invalid and, therefore, not count it in connection with Confirmation of the Plan.

b. Before the Combined Hearing, the Debtors will file with the Court a voting report (the "Voting Report"). The Voting Report shall, among other things, delineate every Ballot that does not conform to the voting instructions or that contains any form of irregularity including, but not limited to, those Ballots that are late or (in whole or in material part) illegible, unidentifiable, lacking signatures, or lacking necessary information, received via facsimile, or damaged (in each case, an "Irregular Ballot"). As to each Irregular Ballot, the Voting Report shall (i) indicate the Debtors' intentions or action with respect thereto; and (ii) in the case of any rejected Irregular Ballot, whether the Claims and Noticing Agent later received a valid Ballot for the corresponding Claim.

c. The method of delivery of Ballots to be sent to the Claims and Noticing Agent is at the election and risk of each Holder. Except as otherwise provided, a Ballot will be deemed delivered only when the Claims and Noticing Agent actually receives the properly executed Ballot.

d. An executed Ballot is required to be submitted by the Entity submitting such Ballot. Delivery of a Ballot to the Claims and Noticing Agent by facsimile, telecopy, electronic mail, or any electronic means other than the Claims and Noticing Agent's online portal will not be valid.

e. No Ballot should be sent to the Debtors, the Debtors' agents (other than the Claims and Noticing Agent), or the Debtors' financial or legal advisors, and if sent, will not be counted.

f. If multiple Ballots are received from the same Holder with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior received Ballot;

*provided however*, that where an ambiguity exists as to which Ballot was the last received, the Claims and Noticing Agent shall have the right to contact the Holder of the Claim and tabulate the vote according to such Holder's stated intent. This procedure is without prejudice to the Debtors' rights to object to the validity of the superseding Ballot(s) on any basis permitted by law and, if the objection is sustained, to count the first Ballot for all purposes.

g. Holders must vote all of their Claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted. Further, to the extent there are multiple Claims within the same Class, the applicable Debtor may, in its discretion, aggregate the Claims of any particular Holder within a Class for the purpose of counting votes.

h. Holders of Claims that may be asserted against multiple Debtors must vote such Claims either to accept or reject the Plan at each such Debtor and may not vote any such Claim to accept at one Debtor and reject at another Debtor. Accordingly, a Ballot that rejects the Plan for a Claim at one Debtor and accepts the Plan for the same Claim at another Debtor will not be counted.

i. A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity of a Holder of Claims must indicate such capacity when signing, and if so requested by the Debtors or the Claims and Noticing Agent, must submit proper evidence satisfactory to the Debtors of its authority to so act.

j. The Debtors, subject to a contrary order of the Court, may waive any defects or irregularities as to any particular Irregular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report or a supplemental voting report, as applicable.

k. Neither the Debtors, nor any other Entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting Report, nor will any of them incur any liability for failure to provide such notification.

l. Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured by the Holder of Claims prior to the Voting Deadline or such Ballots will not be counted.

m. In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to that Claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected.

n. Subject to any order of the Court, the Debtors reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Debtors, would not be in accordance with the provisions of the Bankruptcy Code or

    the Bankruptcy Rules; *provided* that any such rejections will be documented in the Voting Report.

o. If a Claim has been estimated or a Claim has otherwise been Allowed only for voting purposes by order of the Court, such Claim shall be temporarily Allowed in the amount so estimated or Allowed by the Court for voting purposes only, and not for purposes of allowance or distribution.

p. If an objection to a Claim is filed, such Claim shall be treated in accordance with the procedures set forth herein.

q. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the Holder of such Claim; (ii) any Ballot cast by any Entity that does not hold a Claim in a Voting Class; (iii) any Ballot cast for a Claim scheduled as unliquidated, contingent, or disputed for which no Proof of Claim was timely filed by the Voting Record Date (unless the applicable bar date has not yet passed, in which case such Claim shall be entitled to vote in the amount of $1.00); (iv) any unsigned Ballot; (v) any Ballot not marked to accept or reject the Plan or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein.

r. After the Voting Deadline, no Ballot may be withdrawn or modified without the entry of a Final Order pursuant to Bankruptcy Rule 3018(a); *provided* that such withdrawal or modification will be disclosed in the Voting Report.

s. The Debtors are authorized to enter into stipulations with the Holder of any Claim agreeing to the amount of a Claim for voting purposes. The Debtors will provide notice to the Committee of any such stipulation as soon as reasonably practicable following entry into the stipulation.

t. Where any portion of a single Claim has been transferred to a transferee, all Holders of any portion of such single Claim will be (i) treated as a single creditor for purposes of the numerosity requirements in section 1126(c) of the Bankruptcy Code (and for the other voting and solicitation procedures set forth herein), and (ii) required to vote every portion of such Claim collectively to accept or reject the Plan. In the event that (x) a Ballot, (y) a group of Ballots within a Voting Class received from a single creditor, or (z) a group of Ballots received from the various Holders of multiple portions of a single Claim partially reject and partially accept the Plan, such Ballots shall not be counted.

u. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code, separate Claims held by a single creditor in a particular Class will be aggregated and treated as if such creditor held one Claim in such Class, and all votes related to such Claim will be treated as a single vote to accept or reject the Plan; *provided* that if separate affiliated entities hold Claims in a particular Class, these Claims will not be aggregated and will not be treated as if such creditor held one

Claim in such Class, and the vote of each affiliated entity will be counted separately as a vote to accept or reject the Plan.

### E. Amendments to the Plan and Solicitation and Voting Procedures.

The Debtors reserve the right to make non-substantive or immaterial changes to the Disclosure Statement, Plan (subject to the terms of the Plan) (including, for the avoidance of doubt, the Plan Supplement), Ballots, Combined Hearing Notice, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors, if any, and to make conforming changes among the Disclosure Statement, the Plan (subject to the terms of the Plan), and any other materials in the Solicitation Package before its distribution. The Debtors shall notice the U.S. Trustee of any amendments described herein.