# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE: ) | Chapter 11 |
| ) | Case No. 25-10068 (CTG) |
| JOANN INC., *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Re: Docket No. 760** |
| ) | |

## LIMITED OBJECTION OF LANDLORD, SUBURBAN PLAZA, LLC, TO DEBTORS' FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

Landlord, Suburban Plaza, LLC ("Suburban"), files its Limited Objection[2] to the *First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Dkt. No. 760] (the "Assumption/Cure Notice") filed by Joann Inc. and its debtor affiliates (collectively, the "Debtors"), and respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(b) and 157. This matter constitutes a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND

2. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the United States Code. The Debtors have remained in possession of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Suburban is actively engaged in negotiations with Burlington concerning the proposed order for the Assumption/Cure Notice. Suburban reserves all rights to file an objection to the proposed order as provided for in the *Amended First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Dkt No. 930] and/or enter into a side letter.

1

their assets and continue to manage their financial affairs, including the Leased Premises, pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Suburban, as landlord, and Jo-Ann Stores, LLC, as the current tenant, are parties to a lease agreement (the "Lease Agreement") related to real property in the Suburban Plaza LLC shopping center (the "Shopping Center") located in North Decatur, Georgia, for JOANN Store #2412 (the "Leased Premises"). The Lease Agreement was originally entered into on December 8, 2014 (the "Effective Date"). Pursuant to the Lease Agreement, the Debtors are obligated to satisfy certain obligations. Additionally, per Exhibit F, the Lease Agreement is subject to various use restrictions associated with the Shopping Center including the Ross Protection (as defined below). Attached as **Exhibit A** is a copy of the Lease Agreement.

4. On February 14, 2025, the Court entered its Order [Dkt. No. 429] (the "Procedures Order") authorizing and approving procedures for the Debtors to reject, assume, or assume and assign executory contracts and unexpired leases.

5. On April 28, 2025, the Debtors filed the Assumption/Cure Notice, which provides notice of executory contracts and unexpired leases that the Debtors may assume or assume and assign. Pursuant to Schedule 2 of the Assumption/Cure Notice, the Debtors have identified the Lease Agreement with Suburban as a potential contract to be assumed and assigned to Burlington Coat Factory Warehouse Corporation ("Burlington") effective on June 1, 2025 (the "Lease Assumption Date"), with a proposed Cure Amount of $24,347.51 (the "Proposed Cure").

6. Suburban received a letter from Ross Dress For Less, Inc. ("Ross") dated May 5, 2025 (the "Ross Letter") concerning the potential assumption and assignment of the Lease Agreement to Burlington. Attached as **Exhibit B** is a copy of the Ross Letter. Ross is a tenant in the Shopping Center and the Ross Letter states that the proposed assumption and assignment of

the Lease Agreement to Burlington is a violation of Section 15.3 of the Ross lease agreement (the "Ross Protection") relating to use restrictions and protections for Ross. Attached as **Exhibit C** is a copy of the lease agreement between Ross and Suburban. For ease of reference, the Ross Protection is provided below:

> Without the prior written consent of Tenant, which consent may be withheld in the absolute and sole discretion of Tenant, during the Term, no tenant or occupant of the Shopping Center (excluding the Wal-Mart Tract so long as the lease therefor between Landlord and Wal-Mart remains in effect), other than Tenant, may use, and Landlord, if it has the capacity to do so, shall not permit any other tenant or occupant of the Shopping Center to use (a) its premises for the Off Price Sale (as hereinafter defined) of merchandise; provided, however, one (1) Off Price Sale retailer shall be permitted to occupy up to a maximum of twenty-five thousand (25,000) square feet of Leasable Floor Area in the Shopping Center, or (b) intentionally deleted, or (c) more than ten thousand (10,000) square feet of Leasable Floor Area of its premises for the sale of apparel (except for discount department stores in excess of eighty-five thousand (85,000) square feet of Leasable Floor Area, and retailers whose apparel merchandise consists of athletic apparel such as golf, running and other sporting apparel, as opposed to general men's, women's and children's apparel such as pants, dresses, blouses and the like). For purposes of this Section 15.3, "Off Price Sale" shall mean the retail sale of merchandise on an everyday basis at prices reduced from those charged by full price retailers, such as full price department stores; provided, however, this definition shall not prohibit sales events by a retailer at a price discounted from that retailer's everyday price; and provided further, retailers such as Target, Wal-Mart, J.C. Penney, Old Navy, Rack Room Shoes, DSW, Off Broadway, Shoe Carnival, Five Below, Half Price Books, and Kohl's shall not be deemed Off Price Sale retailers. (As of the Effective Date, examples of Off Price Sale retailers include such retailers as T.J. Maxx, Marshalls, A.J. Wright, Falls Paredes, Nordstrom Rack, Goody's, Factory 2U, Burlington Coat, Steinmart, Filene's Basement, and Beall's Outlet.) If any of the foregoing provisions is violated ("Protection Violation"), commencing on the first day of the Protection Violation and continuing throughout the period of the Protection Violation, Tenant, in addition to all other remedies available at law or in equity, including injunctive relief, shall have the ongoing right, exercisable by written notice to Landlord, either to terminate this Lease or to pay Substitute Rent within fifteen (15) days after the close of each calendar month. The parties agree that the monetary damages to be suffered by Tenant as a result of a breach by Landlord (or Landlord's tenant(s)) of the provisions of this Section 15.3 are difficult to ascertain and that the payment of Substitute Rent, after negotiation, constitutes the best estimate by the parties of the amount of such damage. If Tenant elects to terminate this Lease as provided in this Section 15.3, this Lease shall terminate on a date indicated by Tenant in its notice of termination, which in no event shall be sooner than thirty (30) nor later than ninety (90) days after the date of Tenant's notice of termination. In the event of termination, Landlord shall be obligated to pay Tenant for the Unamortized Cost of Tenant's

leasehold improvements in the Store, which costs Tenant agrees to specify in its notice of termination. If Tenant elects to pay Substitute Rent, (a) such payment of Substitute Rent shall be retroactive to the date any such Protection Violation commenced, and Tenant shall deduct any overpayments of Rent from Rent coming due under this Lease, and (b) at such time as *all* such Protection Violations cease (the "Cure Date"), Rent shall resume at the rate which would have pertained at the Cure Date had the Protection Violation not occurred. The provisions of this Section 15.3 shall apply to any subsequent Protection Violation. Notwithstanding the provisions of this Section 15.3, the use restrictions set forth in this Section 15.3 shall not apply to or restrict any use, business or operation of (i) Wal-Mart, or TJX Companies, Inc. (or its affiliates) or HomeGoods (or its affiliates) (each, an "Excluded Tenant"), or (ii) any successor, assign or subtenant of an Excluded Tenant (each, an "Excluded Transferee"). Landlord covenants and agrees that if Landlord has the right to withhold its consent to a change in use of the premises occupied by any such Excluded Tenant or Excluded Transferee, Landlord shall withhold such consent to a change in use of the premises which violates the provisions set forth in this Section 15.3.

7.      As reflected above, HomeGoods is *excluded* from the Use Protection and Half-Price Books is specifically stated as *not* being an "Off Price Sale retailer." Attached as **Exhibit D** is a copy of the current tenants in the Shopping Center.

8.      Suburban does *not* agree with Ross' interpretation of the Lease Agreement and alleged violation of the Ross Protection. It is Suburban's position that the Ross Protection is unambiguous, and Suburban is permitted one exception for an "Off Price Sale retailer," which as reflected in Exhibit D no tenant currently holds. Furthermore, pursuant to the Lease Agreement, the Debtor need not seek consent from Suburban for the assumption and assignment. Accordingly, the assumption and assignment is *not* a violation of the Lease Agreement or the Ross Protection.

9.      Nevertheless, Ross has taken ahold of the assumption and assignment process and forced Suburban's hand to file this Limited Objection. Accordingly, Suburban files this Limited Objection to seek the Court's ruling on whether a violation of the Lease Agreement and in particular the Use Restriction occurs with the proposed assumption and assignment to Burlington.

10.     The objection deadline was extended for Suburban until May 28 at 12:00 PM CT by agreement between the parties.

4

## LIMITED OBJECTION TO ASSUMPTION/CURE NOTICE

Suburban does not oppose the assumption and assignment to Burlington as long as it complies with all of the terms of the Lease Agreement and that the Lease Agreement is assume with all of its benefits and burdens.

A. **Section 365(b)(1) –**

11. The Debtors have the burden of persuasion that an unexpired lease of nonresidential real property that is subject to assumption and assignment will comply with all requirements under § 365 of the Bankruptcy Code—including adequate assurance of future performance that the lease agreement will be fully complied with. 11 U.S.C. § 365(b)(1)(A); *In re Rachels Indus., Inc.*, 109 B.R. at 802; *In re Memphis-Fridays Assocs.*, 88 B.R. 830, 840-41 (Bankr. W.D. Tenn. 1988); *see also Richmond Leasing Co. v. Capital Bank, N.A.*, 762 F.2d 1303, 1309 (5th Cir. 1985). Section 365(b)(1) is intended to provide protection to a counterparty to a nonresidential lease agreement with the full benefit of its bargain upon assumption in a bankruptcy proceeding. *In re Bon Ton Restaurant & Pastry Shop, Inc.*, 53 B.R. at 793 (emphasis added); *accord In re Valley View Shopping Center, L.P.*, 260 B.R. at 25. While adequate assurance of future performance is not itself defined in the Bankruptcy Code, Courts have found that "the term was intended to be given a practical, pragmatic construction in light of the facts of each case." *In re Natco Indus., Inc.*, 54 B.R. 436, 440-41 (Bankr. S.D.N.Y. 1985); see also *In re Vice Grp. Holding Inc.*, 652 B.R. 423, 429 (Bankr. S.D.N.Y. 2023). A debtor-in-possession must assume a contract *cum onere*, meaning subject to all its burdens. *In re Eastman Kodak Co.*, 495 B.R. 618, 624 (Bankr. S.D.N.Y. 2013); *In re Fleming Companies, Inc.*, 499 F.3d 300, 308 (3d Cir. 2007).

12. While Suburban does not necessarily oppose the assumption and assignment to Burlington, doing so must be in full compliance with the Lease Agreement and the entire Lease

Agreement must be assumed and assigned to satisfy § 365(b)(1). These obligations include, but are not limited to, the accrued but unbilled or unasserted monetary obligations such as amounts for common area costs and taxes must be satisfied by Burlington. Furthermore, the assignment can neither be free and clear nor can the Debtors avoid their responsibility for any contractual indemnification obligations to indemnify and hold Suburban harmless with regard to claims for personal injuries and/or damage to the Lease Premises or Shopping Center arising from the Debtors' use and occupancy prior to the assumption and assignment (the "<u>Indemnification Obligations</u>"). The assumption and assignment should not preclude Suburban from pursuing the Debtors' insurance or any other party liable under the Lease Agreement. In conjunction with § 365(b)(3), the assumption and assignment leave enforceable any restrictive easement agreements, covenants, restrictions or similar land use agreement or ground or master lease and any local law related to the Shopping Center or other encumbrances that the Lease Agreement is subject to at the time of the assumption and assignment. Accordingly, the proposed order must make clear that the assumption and assignment will not cut-off the obligations pursuant to the Lease Agreement including, but not limited to, the restrictive easement agreements, covenants, restrictions or similar land use agreement or ground or master lease and any local law related to the Shopping Center or other encumbrances that the Lease Agreement is subject to at the time of the assumption and assignment, accrued but unbilled amounts and the Indemnification Obligations (the "<u>Continued Obligations</u>").[3]

**B. Section 365(b)(3) –**

13. In addition to the adequate assurance of future performance required under § 365(b)(1), a debtor must satisfy a heightened standard when the lease agreement is associated

---

[3] Suburban is in active negotiations with Burlington concerning the proposed order to resolve this issue amicably. Suburban reserves all rights to further object to the proposed order.

with a premises within a shopping center. *In re Joshua Slocum, Ltd.*, 922 F.2d at 1086; *In re Trak Auto Corporation*, 277 B.R. 655, 665-66 (Bankr. E.D. Va. 2002). The Leased Premises is in a shopping center. Section 365(b)(3) of the Bankruptcy Code provides that for a lease agreement of property in a shopping center adequate assurance includes

> A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;
>
> (C) that *assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision*, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and
>
> (D) that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3) (emphasis added).

14.     If Burlington's intended use violates the Use Protection as alleged by Ross or any other agreements, restrictions or obligations that the Lease Agreement is subject to this Court cannot approve the assignment of the Lease Agreement under § 365(b)(3)(C). *See, e.g., In re Three A's Holdings, L.L.C.*, 364 B.R. 550, 560 (Bankr. D. Del. 2007).

15.     As discussed above, it is Suburban's position that Burlington's assumption and assignment does *not* violate the Use Restriction or Lease Agreement. However, Ross takes the position that the assumption and assignment violates the Lease Agreement as it relates to the Use Protection. Accordingly, Suburban files this Limited Objection to request that the Court interpret the

Lease Agreement's assignability to Burlington given the Ross Letter's alleged violation of the Use Protection.

## RESERVATION OF RIGHTS

16. This Limited Objection is not intended to be, and should not be constructed as, a waiver by Suburban of any of its rights under the Lease Agreement, the Bankruptcy Code, or applicable law. Suburban reserves the right to amend, modify or supplement this Limited Objection, including, but not limited to, (i) objecting to the cure amounts; (ii) asserting additional non-monetary defaults under the Lease Agreement; (iii) asserting rights for indemnification or contribution against the Debtors arising under the Lease Agreement; and (iv) asserting any further objections as it deems necessary or appropriate as it relates to the Lease Agreement including objecting to the proposed order.

## JOINDER

17. Suburban joins into the objections filed by other of the Debtors' landlords to the extent not inconsistent with the Limited Objection herein.

## CONCLUSION

Wherefore, Suburban respectfully requests the entry of an Order that (i) provides that the assumption and assignment is subject to, and not free and clear from, any of the restrictions and obligations in the Lease Agreement including the Continued Obligations; (ii) holds whether a violation of the Lease Agreement occurs with the assumption and assignment to Burlington, and (iii) granting such other and further relief as this Court deems appropriate under the circumstances.

| | |
|---|---|
| Dated: May 28, 2025 | Respectfully submitted, |
| | **CLARK HILL PLC** |
| | /s/ *Karen Grivner* |
| | Karen M. Grivner (Bar No. 4372) |
| | 824 N. Market Street, Suite 710 |
| | Wilmington, DE 19801 |
| | Telephone: (302) 250-4750 |
| | Facsimile: (302) 421-9439 |
| | kgrivner@clarkhill.com |
| | -and- |
| | Audrey L. Hornisher (TX Bar No. 24094369) |
| | Tara L. Bush (TX Bar No. 24122050) |
| | 901 Main Street, Suite 6000 |
| | Dallas, Texas 75202 |
| | Telephone: (214) 651-4300 |
| | Facsimile: (214) 651-4330 |
| | ahornisher@clarkhill.com |
| | tbush@clarkhill.com |
| | **COUNSEL FOR SUBURBAN PLAZA, LLC** |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served upon all parties that are registered to receive electronic notices via the electronic notification pursuant to the ECF procedures in this District, and on the parties on the attached service list via email on this 28th day of May 2025.

/s/ *Karen Grivner*
Karen Grivner

ClarkHill\100930\1003355\282199324.v1-5/28/25

**SERVICE LIST**

JOANN Inc.
Attn: Ann Aber, EVP, Chief Legal and Human Resources Officer
5555 Darrow Road
Hudson, Ohio 44236

Aparna Yenamandra
Kirkland & Ellis LLP
601 Lexington Avenue
New York, New York 10022
aparna.yenamandra@kirkland.com

Jeffrey Michalik
Lindsey Blumenthal
Kirland & Ellis LLP
333 West Wolf Point Plaza
Chicago, Illinois 60654
jeff.mickalik@kirkland.com
lindsey.blumenthal@kirkland.com
*Counsel to the Debtors*

Scott Greenberg
Kevin Liang
Josh Brody
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166
sgreenberg@gibsondunn.com
kliang@gibsondunn.com
jbrody@gibsondunn.com
*Counsel to the Prepetition Term Loan Lender Ad Hoc Group*

Malcom M. Bates
United States Trustee
844 King Street, Suite 2207
Lockbox 35
Wilmington, Delaware 19801
malcolm.m.bates@usdoj.gov

Patrick J. Reilley
Stacy L. Newman
Michael E. Fitzpatrick
Jack M. Dougherty
Cole Schotz P.C.,
500 Delaware Ave., Suite 600
Wilmington, Delaware 19801
preilley@coleschotz.com
snewman@coleschotz.com
mfitzpatrick@coleschotz.com
jdougherty@coleschotz.com
*Counsel to the Debtors*

Jeffrey Gleit
ArentFox Schiff LLP
1301 Avenue of the Americas, 42nd Floor
New York, New York 10019
jeffrey.gleit@afslaw.com

Jonathan Bagg
ArentFox Schiff LLP
1717 K Street NW
Washington, D.C. 20006
jonathanbagg@afslaw.com

Matthew Bentley
ArentFox Schiff LLP
233 South Wacker Drive, Suite 7100
Chicago, Illinois 60606
matthew.bentley@afslaw.com
*Counsel to the Prepetition Term Loan Agent*

| | |
|---|---|
| Andrew Behlmann<br>Lowenstein Sandler LLP<br>One Lowenstein Drive<br>Roseland, New Jersey 07068<br>abehlmann@lowenstein.com<br>*Counsel to the GA Joann Retail Partnership, LLC* | Jason Adams<br>Maeghan McLoughlin<br>Connie Choe<br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>New York, New York 10007<br>jadams@kelleydrye.com<br>mmcloughlin@kelleydrye.com<br>cchoe@kelleydrye.com<br>*Counsel to the Official Committee of Unsecured Creditors* |
| Bradford Sandler<br>James O'Neill<br>Pachulski Stang Ziehl & Jones LLP<br>919 N. Market Street, 17th Floor<br>P.O. Box 8705<br>Wilmington, Delaware 19899<br>bsandler@pszjlaw.com<br>joneill@pszjlaw.com<br>*Counsel to the Official Committee of Unsecured Creditors* | |

11