IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JOANN INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case Nos. 25-10068 (CTG)<br>(Jointly Administered) |

**JOINT STIPULATION BY AND AMONG THE DEBTORS AND CBTS REJECTING MASTER SERVICES, PRODUCTS, AND LICENSE AGREEMENT AND SURRENDERING EQUIPMENT**

This joint stipulation ("Stipulation") is made and entered into by and among CBTS Technology Solutions LLC ("CBTS") and the above-captioned debtors and debtors in possession (collectively, the "Debtors," and with CBTS, the "Parties"), including Jo-Ann Stores, LLC (the "Debtor"). The Parties hereby stipulate and agree as follows:

RECITALS

WHEREAS, on January 15, 2025 (the "Petition Date"), the Debtors) filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and

WHEREAS, on the Petition Date, CBTS and the Debtor were parties to a certain Master Services, Products, and License Agreement (the "Agreement"), which may constitute an executory contract as that term is used under § 365 of the Bankruptcy Code; and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

WHEREAS, the Agreement is a master agreement, pursuant to which CBTS and the Debtor entered into various schedules from time to time, and the purpose of the Agreement and the associated schedules is for CBTS to supply the Debtor with various technology services, products, and licenses; and

WHEREAS, on the Petition Date, the Debtor was indebted to CBTS under the Agreement and its associated schedules in the total amount of $507,065.81, of which the entire amount is now in default; and

WHEREAS, the Parties desire to reject and terminate the Agreement and any schedules thereto that have not been performed in full; and

WHEREAS, as part of CBTS's services to the Debtor, the Debtor delivered to CBTS various pieces of equipment for storage in CBTS's warehouse in relation to the Agreement (the "Equipment"), and CBTS continues to store them in its warehouse in Ohio; and

WHEREAS, CBTS asserts that under Ohio law, CBTS may be entitled to assert a possessory lien upon the Equipment to secure its claims for storage under the Agreement; and

WHEREAS, on April 4, 2025, CBTS filed a proof of claim docketed by the Court's claims agent as Claim No. 10735 (the "Proof of Claim"), asserting a claim in the amount of $507,065.81 secured by the Equipment;

NOW THEREFORE, the Parties hereby stipulate to the following relief, subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Court") in the above-captioned cases:

STIPULATION

1.    The Agreement and any schedules thereto that have not been performed in full shall be deemed rejected and terminated as of the date this stipulation has been approved by the

Court. Without limitation, CBTS shall no longer be required to perform any obligations arising under the Agreement.

2.  Within 5 business days after approval of this stipulation by the Court, the Debtor shall pay CBTS by ACH funds in the amount of $17,096.61 (the "Storage Payment") in full and final satisfaction of any liens CBTS may have on the Equipment. Within five (5) business days after the later of (i) approval of this Stipulation by the Court, and (ii) CBTS's receipt of the Storage Payment, CBTS shall tender possession of the Equipment to the Debtor or the Debtor's designee at CBTS's warehouse where the Equipment is currently located.

3.  Upon receipt of the Storage Payment, CBTS's Proof of Claim shall be deemed amended to reclassify CBTS's claim to a general unsecured claim without further order of the Court. The Debtors' claims and noticing agent is authorized and directed to modify the claims register in accordance with the approved Stipulation. The Parties and the Official Committee of Unsecured Creditors reserve all other rights, claims, and defenses with respect to the Proof of Claim, including the right to object on any grounds, other than with respect to the validity, priority, and amount of the lien on the Equipment to secure the Storage Payment. For the avoidance of doubt, the Debtor shall pay CBTS the Storage Payment in accordance with this Agreement in full and final satisfaction of any liens CBTS may have on the Equipment.

4.  To the extent that the automatic stay applies to any of the transactions set forth herein pursuant to § 362(a) of the Bankruptcy Code, the automatic stay is modified for cause pursuant to § 362(d).

5.  This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, whether written or oral, between the Parties. This Stipulation may not be modified, amended, or

supplemented except by a written agreement signed by each of the Parties or their authorized representatives.

6. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, and affiliates, including any trustee, plan administrator, or other estate representative appointed in the above-captioned cases. This Stipulation shall survive the dismissal of this case and/or the conversion of this case to a case under another chapter of the Bankruptcy Code.

7. Each person who executes this Stipulation on behalf of a party represents and warrants that they are duly authorized to execute this Stipulation on behalf of such party and that such party has full knowledge of and has consented to this Stipulation.

8. This Stipulation shall be of no force or effect unless and until it is approved by an order of the Court. In the event that the Court denies approval of this Stipulation, then this Stipulation shall have no effect and the Parties shall have no obligations hereunder.

9. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures delivered by facsimile, email, or other electronic means shall be deemed originals for purposes of this stipulation.

[signature page follows]

| | |
|---|---|
| COLE SCHOTZ P.C. | HILLER LAW, LLC |
| **/s/ Patrick J. Reilley** | **/s/ Adam Hiller** |
| Patrick J. Reilley (No. 4451) | Adam Hiller (DE No. 4105) |
| Stacy L. Newman (No. 5044) | 300 Delaware Ave., Ste. 210, #227 |
| Michael E. Fitzpatrick (No. 6797) | Wilmington, Delaware 19801 |
| Jack M. Dougherty (No. 6784) | (302) 442-7677 telephone |
| 500 Delaware Avenue, Suite 600 | ahiller@adamhillerlaw.com |
| Wilmington, Delaware 19801 | |
| Telephone:  (302) 652-3131 | *Attorney for CBTS Technology Solutions LLC* |
| Facsimile:  (302) 652-3117 | |
| preilley@coleschotz.com | |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | |
| jdougherty@coleschotz.com | |

-and-

Joshua A. Sussberg, P.C.
Aparna Yenamandra, P.C.
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:  (212) 446-4900
joshua.sussberg@kirkland.com
aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C.
Jeffrey Michalik
Lindsey Blumenthal
KIRKLAND & ELLIS LLP
KIRKLAND & ELLIS INTERNATIONAL
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:  (312) 862-2200
Email: anup.sathy@kirkland.com
jeff.michalik@kirkland.com
lindsey.blumenthal@kirkland.com

*Attorneys for the Debtors and Debtors-in-possession*