# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IN RE: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al,* [1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| DEBTORS. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Related Docket No. 862** |

## AMENDED OBJECTION OF YOUNGER INVESTMENTS
## TO PROPOSED CURE AMOUNTS

Younger Partners Investments, LLC, on behalf of 380 Younger LLC and Midlo Younger, LLC (collectively, "Younger"), files this amended objection (the "Amended Objection") to the *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Dkt. No. 760] (the "Cure Notice"), and respectfully states as follows:

### Background

1. Jo-Ann Stores, LLC (the "Debtor," and together with its affiliated debtors, the "Debtors") leases retail space at (i) the 380 Towne Crossing shopping center located at 2050 W. University Dr., Suite, 250, McKinney, TX 75070, pursuant to a lease dated September 30, 2011 (as subsequently, amended, modified, and supplemented, the "380 Lease") with 380 Younger, LLC; and (ii) the Midlothian Towne Crossing shopping center located at 2000 FM 663, Suite 500, Midlothian, TX 76065, pursuant to a lease dated March 9, 2017 (as subsequently, amended, modified, and supplemented, the "Midlothian Lease," and together with the 380 Lease, the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

"Leases")[2] with Midlo Younger, LLC. The Cure Notice refers to the 380 Lease as "Store No. 25" and the Midlothian Lease as "Store No. 49." *See* Dkt. No. 760 at pp. 23, 27.

2. The Debtors' current monthly obligations under the Midlothian Lease include, among other things, (i) $14,062.50 in base rent; (ii) $2,910.50 in CAM;[3] and (iii) between $167.95 and $188.24 in monthly water bills. Additionally, under the Midlothian Lease, the Debtors are required to pay a yearly tax payment, which is not included in the monthly obligations.[4] The total monthly obligations under the Midlothian Lease is not less than $17,140.95.[5]

3. On April 28, 2025, the Debtors filed the Cure Notice, which incorrectly stated that the amount necessary to cure defaults under the Leases is $0 (the "Proposed Cure Amount") and proposes June 1, 2025 as the date on which the Leases are to be assumed (the "Proposed Assumption Date"). *See* Dkt. No. 760 at pp. 23, 27.

4. On May 12, 2025, Younger filed an objection to the Proposed Cure Amount [Dkt. No. 862] (the "Initial Objection").

5. On May 16, 2025, GA Group agreed to the cure amounts asserted in the Initial Objection for both Leases and informed counsel for Younger that an amended Cure Notice would not be filed.

6. That same day, the Debtors filed an amendment to the Cure Notice [Dkt. No. 930] (the "Amended Cure Notice"). The Amended Cure Notice correctly lists the Proposed Cure Amount for the 380 Lease as $8,420.00.

---

[2] The Debtors are in possession of the Leases and the monthly statements issued to the Debtors under the Leases. Copies of such documents are available upon written request to Younger's attorneys.
[3] The amount owed for CAM in January 2025 was $2,825.73, but subsequently increased to $2,910.50.
[4] The 2024 tax contribution is $47,223.56, which remains outstanding, and is subject to reconciliation.
[5] Charges for certain amounts, including, but not limited to, CAM and taxes, are subject to reconciliation at the end of each calendar year, and Younger reserves all rights in connection therewith.

7. The Amended Cure Notice does not list an updated Proposed Cure Amount for the Midlothian Lease.

**Objection**

8. As the Amended Cure Notice correctly lists the cure amount for the 380 Lease as $8,420.00, Younger withdraws its objection solely as to the 380 Lease. Younger reasserts its objection to the Debtors' Proposed Cure Amount for the Midlothian Lease.

9. As of the date of this filing, the Debtors are currently in default of their obligations under the Midlothian Lease in the amount of $47,780.74, which includes balances owed for obligations incurred before January 2025. As outlined below, as monthly obligations became due, the Debtors made monthly payments but have failed to satisfy their obligations in full:[6]

| | |
|---|---|
| Annual Tax Contribution (Dec. 2024) | $47,223.56 |
| **Total December Shortfall** | **$47,546.50** |
| | |
| January Base Rent | $ 14,062.50 |
| January CAM | $ 2,825.73 |
| January Water Bills | $ 167.95 |
| Payment(s) | ($ 16,888.23) |
| **Total January Shortfall** | **$ 47,714.45** |
| | |
| February Base Rent | $ 14,062.50 |
| February CAM | $ 2,910.50 |
| February Water Bills | $ 167.95 |
| Payment(s) | ($ 17,277.90) |
| **Total February Shortfall** | **$ 47,577.50** |
| | |
| March Base Rent | $ 14,062.50 |
| March CAM | $ 2,910.50 |
| March Water Bills | $ 174.71 |
| Payment(s) | ($ 17,132.71) |
| **Total March Shortfall** | **$ 47,592.50** |
| | |
| April Base Rent | $ 14,062.50 |
| April CAM | $ 2,910.50 |
| April Water Bills | $ 188.24 |

---

[6] A true and correct copy of the ledger for the Midlothian Lease is attached to the Initial Objection as **Exhibit B**.

| | |
|---|---|
| Payment(s) | ($ 16,973.00) |
| **Total April Shortfall** | **$ 47,780.74** |
| | |
| May Base Rent | $ 14,062.50 |
| May CAM | $ 2,910.50 |
| May Water Bills | $ not yet available |
| Payment(s) | ($ 16,973.00) |
| **Total May Shortfall** | **$ 47,780.74** |

10. As such, the actual cure amount for the Midlothian Lease is not less than $47,780.74.

11. Further, the Cure Notice also fails to specify the date on which the Proposed Cure Amount was calculated. The amount of a cure claim changes depending upon the date on which it is calculated. As such, any cure amount must be as of a date certain.

12. Additionally, at a minimum, the Debtors will continue to incur obligations under the Midlothian Lease, which are not captured in the Proposed Cure Amount, including, without limitation, base rent, CAM, and taxes, as well as any additional amounts, arrears, or obligations that may come due and owing under the Midlothian Lease prior to the Proposed Assumption Date (the "Additional Obligations"). Specifically, on the Proposed Assumption Date, the Debtors' monthly obligations for June will become due. To the extent these amounts remain unpaid, or any Additional Obligations arise before the Proposed Assumption Date, such amounts must be included in the calculation of any cure amount.

13. Further, under section 365(b)(1)(B) of the Bankruptcy Code, in order to assume a lease in which the Debtors are in default, the Debtors must compensate or provide adequate assurances that the Debtors will promptly compensate the other party for any pecuniary loss resulting from the Debtors' defaults. Here, Younger has incurred legal fees and expenses (and continues to incur such fees and expenses) resulting from the Debtors' defaults under the Leases and in connection with these bankruptcy cases.

4

14. Accordingly, the total and correct amount of Younger's cure claim under the Midlothian Lease is $47,780.74, *plus* legal fees and expenses, *plus* any Additional Obligations that may accrue and be due as of the Proposed Assumption Date.

## Reservation Of Rights

15. Nothing in this Objection is intended to be, or shall be construed as, a waiver of any of Younger's rights and remedies under the Leases, the Bankruptcy Code, and all other applicable law, all of which are hereby reserved, including without limitation any rights relating to any assumption or assignment of the Leases. Younger reserves its right to amend this Objection, including to reflect updated information based on cure amounts, claims, or additional breaches that may arise under the Leases.

## Conclusion

WHEREFORE, Younger respectfully requests that the (i) Court sustain this Objection; (ii) fix the cure amount of the Midlothian Lease to include (a) $47,780.74, (b) legal fees and expenses, and (c) any Additional Obligations that may accrue and be due as of the Proposed Assumption Date or such other date upon which the Midlothian Lease is actually assumed and assigned; (iii) and grant Younger such other and further relief as is just and proper.

Dated: May 29, 2025　　　　　　　　　　**SULLIVAN · HAZELTINE · ALLINSON LLC**
　　　　Wilmington, DE

　　　　　　　　　　　　　　　　　　　　*/s/ William D. Sullivan*
　　　　　　　　　　　　　　　　　　　　William D. Sullivan (No. 2820)
　　　　　　　　　　　　　　　　　　　　919 North Market Street, Suite 420
　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19801
　　　　　　　　　　　　　　　　　　　　Tel: 302.428.8191
　　　　　　　　　　　　　　　　　　　　Email: bsullivan@sha-llc.com

　　　　　　　　　　　　　　　　　　　　and

Cameron K. Rivers
Texas State Bar No. 24102846
**HOLLAND & KNIGHT LLP**
811 Main Street, Ste. 2500
Houston, Texas 77002
Telephone: 713.217.2886
E-Mail: Cameron.rivers@hklaw.com

**ATTORNEYS FOR YOUNGER INVESTMENTS**