## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | Chapter 11 |
|  | : |  |
| JOANN, INC, *et al.*, | : | Case No. 25-10068 (CTG) |
|  | : |  |
|  | : | (Jointly Administered) |
| Debtors.[1] | : |  |
|  | : | **Re: Docket No. 923** |
|  | : |  |

### GVD COMMERCIAL PROPERTIES, INC.'S OBJECTIONS AND RESERVATION OF RIGHTS TO DEBTORS' FOURTH NOTICE OF ASSUMPTION AND ASSIGNMENT OF THEIR UNEXPIRED LEASE

GVD Commercial Properties, Inc. ( "GVD" or, the "Landlord"), by and through its undersigned counsel, hereby files its objection and reservations of rights (the "Objection") to the Debtors' *Fourth Notice of Assumption and Assignment of Executory Contract and/or Unexpired Leases* [Docket No. 923] (the "Notice"). In support of its Objection, the Landlord respectfully sets forth as follows:

### BACKGROUND

1.        On January 15, 2025 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") each commenced a case under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code"). The Debtors' chapter 11 cases have been consolidated for procedural purposes only and are being administered jointly.

---

[1]        The debtors and debtors in possession in these chapter 11 cases, along with the last four digits of their respective employer identification numbers, are as follows: JOANN Inc. (5540); Needle Holdings, LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594): JOANN Ditto Holdings, Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).. The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

2.    On February 26, 2025, the Court entered the *Order (A) Approving and Authorizing the Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and **(B)** Granting Related Relief* [D.I. 520] (the "Sale Order"). The Sale Order approved the purchase of the Debtors' assets, including the right to designate unexpired leases of nonresidential real property for assumption and assignment, by parties including GA Joann Retail Partnership, LLC ("GA Group").

3.    GVD, and one of the Debtors, JO-ANN Stores, LLC ("Tenant"), are parties to that unexpired lease with an execution date of May 15, 2018 (which lease, together with all amendments, and modifications, is hereinafter referred to as the "JOANN Lease"), related to real property located at 1411 Tustin St., Orange, CA 92867 (the "Premises") that is located in the shopping center commonly known as Orange Park Plaza, Orange, CA 92867, Store number 2523.

4.    The term of the JOANN Lease ends in 2028, subject to three possible 5-year extensions.

## OBJECTION TO PROPOSED CURE AMOUNT

5.    The Debtors are seeking to assume the JOANN Lease and assign the JOANN Lease to Anaheim Feed & Pet Supply, Inc. ("AFPS"). In connection therewith, on May 16, 2025, the Debtors filed the Notice [Docket No. 923]. Schedule 2 to the Notice lists, among other things, the proposed amount to be paid to cure existing defaults for the Joann lease 2523 of nonresidential real property (the description of the lease on schedule 2 is incorrect) to be assumed by the Debtors and assigned to AFPS. The Debtors' proposed monetary cure amount for the Premises is $24,284.00 (the "Proposed Cure Amount").

6.    Landlord objects to the Proposed Cure Amount reflected in the Notice. Landlord asserts that, at present, the amount to be paid to cure existing pre and post-petition monetary

defaults under the JOANN Lease, as of May 20, 2025, is not less than $80,761.13 plus all attorney's fees of GVD incurred post-petition in this bankruptcy case. A copy of GVD's ledger stating the amount currently owed is annexed hereto as **Exhibit A** and is incorporated herein by reference. GVD also timely filed a proof of claim as to the pre-petition amounts and post-petition amounts through February 26, 2025.

7.    Further, GVD objects to the Proposed Cure Amount as it may not satisfy all of the Debtors' obligations under the JOANN Lease as required by Section 365 of the Bankruptcy Code, including, *inter alia*, as it may not include amounts that may become due under the JOANN Lease after it is assumed and assigned, but which may relate to the pre-assumption period (*i.e.*, personal injury and property damage claims, real estate tax and common area maintenance reconciliations) as well as the attorneys' fees and other amounts due under the JOANN Lease. Any order establishing the cure amount in connection with the assumption or assumption and assignment of the JOANN Lease must provide for the payment of all charges and liabilities due and/or accrued in the ordinary course, attorney's fees under the terms of the JOANN Lease, and assume all indemnity obligations. Landlord is also entitled to collect any attorneys' fees incurred in connection herewith. Reasonable attorneys' fees are recoverable under Section 365(b)(1) of the Bankruptcy Code if the lease sought to be assumed and assigned provides for the payment of such fees. *In re Crown Books Corp.*, 269 B.R. 12, 18 (Bankr. D. Del. 2001). See Section 55 of the Lease.

8.    In order to assume an executory contract or unexpired lease, a debtor must at the time of assumption: (a) cure all existing defaults; (b) compensate the non-debtor party for any actual pecuniary loss resulting from such defaults; and (c) provide adequate assurance of future performance under the contract or lease. 11 U.S.C. § 365(b)(1). A debtor's assumption of a contract or lease must be *cum onere* – including all of the conditions, liabilities and obligations as well as

3

the benefits of such contract or lease. *See N.L.R.B. v. Bildisco & Bildisco,* 465 U.S. 513, 531 (1984) (discussing that a debtor is required to assume a contract "*cum onere*"); *In re Fleming Companies, Inc.,* 499 F.3d 300, 308 (3d Cir. 2007) (same). The proper cure amount must include all liabilities and obligations that have arisen or accrued under the JOANN Lease after the Petition Date as well as prior to or as of the Petition Date. *See* 11 U.S.C. § 365(b)(1)(A) ("If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, *at the time of assumption of such contract or lease*, the trustee —cures, or provides adequate assurance that the trustee will promptly cure, such default . . .") (emphasis added).

9.      Landlord reserves its right to supplement this Objection to add additional cure amounts that may accrue and/or become due under the JOANN Lease after the date hereof.

## OBJECTION FOR LACK OF ADEQUATE ASSURANCE OF FUTURE PERFORMANCE BY AFPS

10.      The Court cannot authorize the Debtors' proposed assumption and assignment of the JOANN Lease as they cannot meet their burden that adequate assurance of future performance of the JOANN Lease can be provided by AFPS under § 365(b)(3) of the Bankruptcy Code.

11.      The JOANN Lease is a shopping center lease, and in such case, the Bankruptcy Code imposes heightened adequate assurance requirements, including assurances:

> (A) of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;
>
> (B) that any percentage rent due under such lease will not decline substantially;

4

(C)  that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D)   that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

11 U.S.C. § 365(b)(3).

12.    The information provided by the Debtor or the GA Group as to the financial condition and historical operating performance of the proposed assignee AFPS is dated, does not describe any business plan or projected operating performance, the sources of financing, the ability to support the relocation or expansion of its business to the Premises, its ownership or the number of other business locations that would show that its operating performance would be similar to the Debtor's projected performance in 2018.

13.    Nothing provided to date shows that AFPS can afford to pay the monthly base rent of $18,701.56 and related CAM insurance, taxes, and management fees of over $9,000.00 per month to lease the GVD premises. No information as to the amount AFPS has agreed to pay to acquire the rights to an assignment of the lease and what impact, if any, that cost would have on AFPS's balance sheet and projected income has been provided.

14.    The Debtor has not disclosed how AFPS intends to use the Premises. The Joann lease contains use limitations and the other leases in the shopping center have exclusive use provisions. Without more information as to what business AFPS will engage in at the leased location, the Debtors and AFPS are unable to satisfy the requirements of Section 365(b)(3)(C) of the Bankruptcy Code.

15.     If this Lease is to be assumed and assigned, all defaults are cured and the proof of adequate assurance of future performance is satisfactory to Landlord, the objections raised herein and other concerns of the Landlord must be satisfactorily resolved in the proposed Lease assignment order. In particular, the order must provide for, among other things, (i) Assignee's assumption of Accrued but Unbilled Rent and Charges and Indemnity Obligations, (ii) not enforcing any anti-assignment lease provisions solely with respect to this sale transaction, and (iii) All monetary cure amounts are paid in full and (iv) That Bankruptcy Code section 365(k) is inapplicable unless and until the Lease is assumed and assigned and all defaults under the Lease are cured.

## RESERVATION OF RIGHTS

16.     Landlord reserves its rights to supplement this Objection and introduce evidence in support of this Objection prior to or at any hearing thereon.

WHEREFORE, GVD respectfully requests that the Court (i) sustain this Objection, (ii) deny or condition the assumption and assignment of the JOANN Lease accordingly, and (iii) grant such other and further relief as is just and proper under the circumstances.

**BROCKSTEDT MANDALAS FEDERICO LLC**

*/s/ Stephen W. Spence*
Stephen W. Spence (DE Bar No. 2033)
1413 Savannah Road, Suite 1
Lewes, DE 19958
(302) 645-2262
sspence@lawbmf.com
*Attorneys for GVD Commercial Properties, Inc.*

Dated: May 29, 2025