# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | Re: Docket No. 1027 |

## AGREED ORDER GRANTING VIVVENTE BROWN
## LIMITED RELIEF FROM THE AUTOMATIC STAY

Upon consideration of the *Certification of Counsel Regarding Agreed Order Granting Vivvente Brown Limited Relief From the Automatic Stay* (the "COC");[2] and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and the Court having venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that no other or further notice is required; and after due deliberation, and good and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the COC.

1. The automatic stay imposed by section 362(a) of the Bankruptcy Code is hereby modified to the extent, but only to the extent necessary, to permit Claimant to continue the prosecution of the Prepetition Action against any of the Debtors (including any subsequent appeals taken by any of the parties thereto) for the sole purpose of determining the liability of the Debtors and/or damages due to Claimant, if any.

2. The sole and exclusive right and remedy of Claimant regarding the enforcement of any of the claims asserted against the Debtors (including any judgment obtained against the Debtors, the Debtors' estates and/or any trustee) shall be limited to recovery from any available insurance proceeds or coverage available from any insurer of the Debtors (the "<u>Insurance Proceeds</u>").  For the avoidance of doubt, Claimant shall only seek to recover from the Insurance Proceeds amounts in excess of the self-insured retention or deductible set forth in the applicable insurance policies. Claimant shall be deemed to have waived and released any and all claims against the Debtors' bankruptcy estates, and any filed or scheduled claim by or in favor of Claimant shall be deemed immediately expunged on the claims register maintained in the Debtors' chapter 11 cases. The Debtors' claims and noticing agent is authorized to take all necessary actions to reflect the foregoing on the official claims register for the chapter 11 cases.

3. The provisions of Section 362 of the Bankruptcy Code prohibiting execution, enforcement, or collection of any judgment which may be obtained in the Prepetition Action against any and all assets or property of the Debtors' estates shall remain in full force and effect, and neither Claimant nor any of her respective agents, servants, attorneys, employees or other representatives shall ever attempt to cause any action whatsoever to be taken to collect any portion of any such judgment from the assets or properties of the Debtors' estates other than from any applicable Insurance Proceeds.

4. In the event that Claimant obtains a judgment against any of the Debtors, Claimant is authorized to take any necessary actions to enforce and collect such judgment from available Insurance Proceeds.

5. Nothing in this Order is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of any insurance policies (the "Insurance Policies") issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) expand any coverage provided by the Insurance Policies, (iii) alter or modify the duty, if any, that any applicable insurer or third party administrator (each, an "Insurer" and together, the "Insurers") has to pay claims covered by any alleged applicable insurance policy; (iv) create or enlarge, or restrict or diminish, any right of action of the Claimant against any Insurers; (v) preclude or limit the Insurers to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies or to assert any defenses to coverage under the Insurance Policies; (vi) require the Debtors or their estates to pay or otherwise satisfy (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with an Insurer pursuant to the terms of any insurance policy, (c) any defense costs, (d) any judgment, or (e) any other costs of any kind arising out of or related to the Prepetition Action, including, without limitation, costs associated with any discovery conducted in connection with the Prepetition Action; or (vii) restrict Claimant from pursuing and collecting any amount in excess of the self-insured retention from the Insurer or the Insurance Proceeds.

8

6.       This Court shall retain jurisdiction over any and all matters arising from or related the implementation or interpretation of this Order.

**Dated: May 30th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**