**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) ) ) | (Jointly Administered)<br><br>**Obj. Deadline: June 13, 2025, at 4:00 p.m. (ET)**<br>**Hearing Date:  June 23, 2025, at 3:00 p.m. (ET)** |

**MOTION OF DEBTORS FOR
ENTRY OF AN ORDER GRANTING (I) LEAVE FROM LOCAL
RULE 3007-1(e) RELATED TO THE FILING OF SUBSTANTIVE
OMNIBUS OBJECTIONS TO CLAIMS AND (II) RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:

**Relief Requested**

1. The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) granting leave from the requirements of Rules 3007-1(e)(i)-(ii) and (iv) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to: (a) permit the Debtors to exceed the number of substantive claim objections filed per month, (b) permit the Debtors to exceed the number of claims permitted to be included on substantive claim objections, and (c) not require the Debtors to raise all substantive objections to each claim in the initial substantive claim objection; and (ii) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**Jurisdiction and Venue**

2. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein is section 502 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 1001-1 and 3007-1.

**Background**

**A.    The Chapter 11 Cases.**

5. On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

6. The Debtors are managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7. On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103.

8.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.  *See* Docket No. 198.

9.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.      Schedules, SOFAs, and Bar Date Order.**

10.     On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities and Statements of Financial Affairs [Docket Nos. 359-384].

11.     On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, that assert a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim.

3

12. Notice of the Bar Dates was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Docket Nos. 579 & 689.

**C.    Claims Resolution Process.**

13. To date, more than 18,000 proofs of claim have been filed in the chapter 11 cases. The Debtors have been reviewing and reconciling the filed proofs of claim with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying particular categories of claims that may be targeted for reclassification, reduction, and/or disallowance and expungement, to avoid possible improper recovery by claimants.

## Relief Requested

14. By this Motion, the Debtors request the entry of the Proposed Order, (i) granting leave from the requirements of Rules 3007-1(e)(i)-(ii) and (iv) of the Local Rules to: (a) permit the Debtors to exceed the number of substantive claim objections filed per month, (b) permit the Debtors to exceed the number of claims permitted to be included on substantive claim objections, and (c) not require the Debtors to raise all substantive objections to each claim in the initial substantive claim objection; and (ii) granting related relief.

## Basis for Relief

15. The Debtors and their advisors have begun a comprehensive review of the claims register in these chapter 11 cases with the goal of reconciling claims against the Debtors. While this analysis and reconciliation remains ongoing, the Debtors anticipate filing a significant number of substantive omnibus objections to claims in these chapter 11 cases.

16. In order to streamline the claims objection process, the Debtors request relief from certain default requirements set forth in Bankruptcy Rule 3007 and Local Rule 3007-1, to permit the Debtors to file substantive omnibus objections to proofs of claim in an orderly and efficient

manner. The voluminous number of claims in these chapter 11 cases warrants the adoption of procedures that allow for omnibus objections under section 502 of the Bankruptcy Code and Local Rule 3007, so that the parties can address, and the Court can resolve, issues in a more efficient manner. Strict application of the Bankruptcy Rules and Local Rules applicable to substantive omnibus objections to claims would make the assertion of objections and resolution of claims highly problematic.

17. Absent relief from the Court, the applicable Bankruptcy Rules prescribe that claim objections be filed individually or, in the case of non-substantive omnibus objections, up to a limit of 100 claims per objection. *See* Fed. R. Bankr. P. 3007(c), (d) & (e)(6). The Local Rules provide that substantive objections may not contain more than 100 claims and no more than 3 substantive objections may be filed in a calendar month. *See* Local Rules 3007-1(e)(i)-(ii). The Local Rules also require that a substantive claim objection include *all* substantive grounds for objection to the claim in a single objection unless the basis for the objection is the incorrect classification of a claim. *See* Local Rule 3007-1(e)(iv) (emphasis added).

18. The Court has the discretion to modify these rules. *See* Bankruptcy Rule 3007(c) (providing that the Court may order variation from the default limits on joinder of claims in a single objection); *see also* Local Rule 1001(d) ("The Court may modify application of these Local Rules in any case or proceeding in the interest of justice."). Pursuant to the Local Rules, "[t]he Court may grant leave from the requirements of subsections (e)(i) and (e)(ii) of th[e] Local Rule[s] upon a motion filed and heard before the objection is filed." *See* Local Rule 3007-1(e)(iii).

19. Here, the Court should permit the Debtors to vary from the default rules, to the extent requested, in light of the facts of these chapter 11 cases. The alternative—substantive objections limited to 100 claims per objection capped at 3 objections per calendar month—when

the Debtors are faced with a voluminous quantity of claims potentially subject to reclassification, reduction, and/or disallowance and expungement on common grounds, would be burdensome, dilatory and without benefit.

20. As noted, pursuant to the Local Rules, substantive omnibus objections to claims may contain no more than 100 claims per objection, and only 3 such objections may be filed per month, for a total of 300 objections, split across 3 pleadings, without regard to the similarity of the claims and objections. *See* Local Rules 3007-1(e)(i)-(ii).

21. Proceeding according to the default rule would require the Debtors to generate additional, entirely duplicative objections, and do so over an artificially extended time period. In the absence of the relief requested, the Debtors will be subject to additional burden and delay, without any identifiable benefit. Those burdens and delays, if extensive enough, could jeopardize the Debtors' ability to efficiently and expeditiously confirm a plan in these chapter 11 cases.

22. Moreover, in these chapter 11 cases, application of Local Rule 3007-1(e)(iv) would require the Debtors to develop and state objections to every conceivable aspect of each claim, many of which the Debtors believe can be summarily disallowed on threshold issues. For example, the Debtors intends to assert that many claims have no basis at all, and the Debtors should not be tasked with imagining other possible bases for objection in order to refute all aspects of the claims.

23. Accordingly, the Court should exercise its discretion to grant relief from Local Rules 3007-1(e)(i)-(ii) and (iv) to (a) permit the Debtors to exceed the number of substantive claim objections filed per month, (b) permit the Debtors to exceed the number of claims permitted to be included on substantive claim objections, and (c) not require the Debtors to raise all substantive objections to each claim in the initial substantive claim objection. Simply put, relief from Local

Rules 3007-1(e)(i)-(ii) and (iv) is essential to an efficient and workable claims objection process in these chapter 11 cases.

24. Courts in this district have granted similar relief from the Local Rules in other cases under analogous circumstances. *See, e.g., In re FTX Trading Ltd., et al.,* Case No. 22-11068 (JTD) (Bankr. D. Del. Dec. 31, 2023) [Docket No. 3429]; *In re Destination Maternity Corp.*, Case No. 19-12256 (BLS) (Bankr. D. Del. Nov. 15, 2021) [Docket No. 1170]; *In re Mallinckrodt PLC*, Case No. 20-12522 (JTD) (Bankr. D. Del. July 30, 2021) [Docket No. 3478]; *In Re PES Holdings, LLC*, Case No. 19-11626 (KG) (Bankr. D. Del. Dec. 9, 2019) [Docket No. 652]; *In re TK Holdings, Inc.*, Case No. 17-11375 (BLS) (Bankr. D. Del. Aug. 27, 2018) [Docket No. 3307]; *In re Energy Future Holdings Corp.*, Case No 14-10979 (CSS) (Bankr. D. Del. July 9, 2015) [Docket No. 4956].

25. In sum, for all the reasons set forth herein, cause exists to warrant the Court to exercise its discretion to grant the requested relief. The requested relief is in the best interest of the Debtors, the Debtors' estates and all parties in interest, and will help the Debtors efficiently and expeditiously confirm a plan in these chapter 11 cases.

### **Reservation of Rights**

26. Nothing in this Motion is intended or should be construed as: (a) an admission as to the validity or priority of any claim or interest against the Debtors or the Debtors' estates; (b) a waiver of Debtors right to dispute or otherwise object to any claim or interest on any grounds or basis; (c) a promise or requirement to pay any claim, (d) an implication or admission that any particular claim is of a type specified or defined in this motion or the Proposed Order; or (e) a waiver or release of the Debtors or any other party in interests' rights, claims, defenses, or counterclaims under the Bankruptcy Code or any other applicable law.

**<u>Notice</u>**

27. The Debtors will provide notice of this motion to the following parties or their respective counsel: (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Term Loan Agent; and (d) any party that is entitled to notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Debtors request entry of the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

[*Remainder of Page Intentionally Left Blank*]

Dated: May 30, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |