**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br>**RE: D.I. 930** |

**RENEWED OBJECTION OF IGI21 KATY LLC TO
AMENDED FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT
OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES**

IGI21 KATY LLC, ultimate successor-in-interest to SCI Price Plaza Fund, LLC ("IGI21" or "Landlord"), by its undersigned counsel, hereby files this Renewed Objection (the "Renewed Objection") to the Debtors' *Amended First Notice of Assumption and Assignment of Certain Executory Contract And/Or Unexpired Leases* (D.I. 930) (the "Amended Notice"), to renew its previously filed timely objection (D.I. 868) (the "Objection") to Debtor's *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* (D.I. 760) (the "First Notice"), providing notice of the Debtors' proposed assignment of the JoAnn Lease (defined below) to Burlington Coat Factory Warehouse Corporation (or to any other entity affiliated therewith, or related thereto; collectively, "Burlington") for the operation of a Burlington store in the leased premises, as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

1. As set forth fully in the Objection, Landlord is the lessor of JoAnn Store # 2226, located at 1219 North Fry Road, Suite B, Katy, TX 77449, (the "Premises"), within the Price Plaza shopping center.

2. The Premises is within a Shopping Center as that term is used in 11 U.S.C. § 365.

3. On April 28, 2025, the Debtors served the First Notice, which – among other things – advised that the Debtors proposed to assign the Lease Agreement dated February 24, 2011, as amended, by and between Landlord and JO-ANN STORES, INC., as tenant, (the "JoAnn Lease") for the Premises to Burlington, presumably to operate a Burlington store at the Premises.

4. On May 13, 2025, Landlord filed its timely Objection to the First Notice.

5. In the Objection, Landlord opposed Debtors' proposed assignment of the JoAnn Lease to Burlington because their ordinary and customary use may cause a breach of the use and exclusivity provisions in its lease with another tenant in the same shopping center in contravention of 11 U.S.C. § 365. In particular, the JoAnn Lease contains certain exclusives and restrictions relating to the Price Plaza shopping center to which the Lease is subject, including, but not limited to, the restriction in favor of Ross Dress for Less, Inc. ("Ross"), which expressly restricts the occupancy or use of a store in the same shopping center as the Location for an "Off-Price Use" as defined in the JoAnn Lease (the "Ross Exclusive").

6. Section 365(b)(3) of the Bankruptcy Code requires, among other things, that the landlord be provided with adequate assurance "that assumption or assignment of such lease is subject to all of the provisions thereof, including (but not limited to) provisions such as . . . *use, or exclusivity* provision, and *will not breach any such provision contained in any other lease . . . relating to such shopping center . . .* " 11 U.S.C. § 365(b)(3)(C) (emphasis added).

2

7.  Accordingly, without adequate assurance that Burlington will operate in compliance with the Ross Exclusive, Landlord objected to the Debtors' assumption and assignment of the JoAnn Lease.

8.  Moreover, Landlord objected on the grounds that even assuming that the Bankruptcy Code's adequate assurance requirements could be met, the proposed $0 cure amount for the lease set forth in the Notice is inaccurate. Currently, the Debtors owe no less than $161,734.05 under the JoAnn Lease, plus all additional amounts that may subsequently accrue or fall under the terms of the JoAnn Lease. In addition, the JoAnn Lease requires that 50% of any amount to be paid to the Debtors in consideration for the lease assignment must be paid to the Landlord.

9.  Thereafter, the Debtors filed their Amended Notice, which includes a proposed order (the "Proposed Order") annexed thereto as Schedule 3 and included a "Proposed Order Objection Deadline" of May 30, 2025. The Proposed Order provides that unresolved timely objections will be set for hearing. More specifically, paragraph 3(e) states as follows:

> ***Unresolved Timely Objections.*** If an objection to an Assumption Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Debtors shall schedule a hearing on such objection and shall provide at least ten (10) days' notice of such hearing to the applicable Assumption Counterparty and the other Objection Service Parties. Such Contract will only be assumed or assumed and assigned upon entry by the Court of a consensual form of Assumption Order resolving the objection as between the objecting party and the Debtors or, if resolution is not reached and/or the objection is overruled or withdrawn, upon further order of the Court and shall be assumed or assumed and assigned as of the applicable Assumption Date set forth in the Assumption Notice or such other date to which the Debtors and applicable Assumption Counterparty agree, or as ordered by the Court.

(D.I. 930.)

61164929 v1

10. The Objection, however, has not yet been set for hearing notwithstanding the fact that it remains unresolved. While Landlord does not oppose the procedure set forth in the Procedures Order relating to unresolved timely objections, it files this Renewed Objection in the abundance of caution to preserve its right to a hearing on the Objection to the assumption and assignment to Burlington.

**WHEREFORE**, the Landlord objects to the assignment of the Lease to Burlington as proposed in the Notice and Amended Notice.

Dated: May 30, 2025                                              **BURR & FORMAN LLP**

*/s/ Shannon D. Humiston*
J. Cory Falgowski (No. 4546)
Shannon D. Humiston (No. 5740)
222 Delaware Avenue, Suite 1030
Wilmington, DE  19801
Telephone:  (302) 830-2312
Email:  jfalgowski@burr.com
            shumiston@burr.com

*Attorneys for Landlord*

61164929 v1