## **EXHIBIT C**

Smith Declaration

Case 25-10068-CTG    Doc 1048-4    Filed 05/30/25    Page 1 of 4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |

**DECLARATION OF STEVEN SMITH IN SUPPORT OF MOTION OF THE DEBTORS FOR ENTRY OF AN ORDER, PURSUANT TO SECTIONS 105 AND 363 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 6004, AND LOCAL RULE 6004-1, AUTHORIZING THE SALE OF CERTAIN ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES**

Steven Smith hereby declares as follows pursuant to 28 U.S.C. § 1746:

1. I am the Executive Vice President of Financial Operations of GA Retail Solutions, LLC, an affiliate of GA Joann Retail Partnership LLC (the "Agent"), the agent appointed pursuant to the order of this Court (the "Approval Order") [D.I. 520] dated February 26, 2025, which, among other relief, approved an Agency Agreement of even date therewith and granted Agent the exclusive right to market and sell, and/or otherwise designate the purchasers, licensees and assignees of, any of all of the assets of the Debtors free and clear of all liens, claims, and encumbrances thereon (other than the Permitted Encumbrances).

2. I submit this Declaration in support of the motion (the "Motion") of the above-captioned debtors in possession (the "Debtors") for a further order (the "Sale Order"), as contemplated by the Approval Order, authorizing the sale of certain assets of the Debtors (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

"Sale") to Singer Sourcing Limited LLC ("Buyer") pursuant to the *Intellectual Property Asset Purchase Agreement* (the "Purchase Agreement") annexed to the Motion as **Exhibit B**.

3. The proposed Sale is merely an extension of the transaction approved in the Approval Order after a robust auction process, which the Court found were "a sound exercise of the Debtors' business judgment," "the highest or otherwise best value for the Assets for the Debtors and their estates, and [] in the best interest of the Debtors, their estates, and their creditors." Approval Order, ¶ I.

4. The Approval Order authorizes the Agent to designate the purchasers of the Debtors' assets free and clear of claims and interests pursuant to section 363 of the Bankruptcy Code without the necessity of a further order of the Court but expressly permits the Agent to "seek other or further orders of the Court in connection with the sale or other disposition of any Assets." *Id.*, ¶¶ 6, 25. The Sale Order requested by the Motion, which Buyer requires as a condition of the Sale, constitutes such a further order.

5. There is no need to conduct a further public auction and sale of the Acquired Assets. A robust auction has already occurred, through which the Agent acquired the right to designate purchasers of the Acquired Assets with without further order of the Court (unless requested). The Agent has the irrevocable right to sell any of the Debtors' assets to anyone it decides, or to no one. Because the Purchaser (as defined in the Approval Order) retains all proceeds of sale for its own account, the method of sale of the Acquired Assets has no direct impact on the Debtors' estates. A further auction would be costly and impractical, and would not produce any incremental benefit to any party.

6. The proposed Sale will provide additional benefits to the Debtors' estates beyond the consideration already paid pursuant to the Approval Order. Specifically, the Purchase

Agreement and Sale Order provide for affiliates of the Buyer to waive certain alleged priority and secured claims against the Debtors, retaining only a single unsecured claim. Among the waived claims is an alleged claim entitled to administrative expense priority under section 503(b)(9) of the Bankruptcy Code. The waiver of that claim will result in a benefit to the Debtors' unsecured creditors pursuant to paragraph G of the Approval Order, which allocates 50% of the "503(b)(9) Savings" (the amount by which the sum of all section 503(b)(9) claims allowed against the Debtors is less than $30 million) for the benefit of unsecured creditors.

7. The Sale has been proposed in good faith. The Purchase Agreement was the product of good faith, arm's length negotiations between the Agent, as agent for the Debtors pursuant to the Approval Order, and the Buyer, and was negotiated with the active and very extensive involvement of professional advisors on both sides. The Sale pursuant to the terms and conditions of the Purchase Agreement is not the product of collusion or bad faith.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief as of the date hereof.

Dated: May 30, 2025                                        */s/ Steven Smith*
                                                                                   Steven Smith