IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., et al.,<br><br>　　　　　Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>Objection Deadline: May 30, 2025 at 4:00 p.m. (ET)<br>Hearing Date: To be scheduled if necessary<br>Re:  D.I. 930 |

**OBJECTION AND RESERVATION OF RIGHTS OF LNN ENTERPRISES, INC. TO AMENDED FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES**

　　　　LNN Enterprises, Inc. ("Landlord"), by and through its undersigned counsel, hereby submits this objection (the "Objection") to the Amended First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases (D.I. 930), and respectfully states as follows:

**BACKGROUND**

**THE LEASE**

　　　　1.　　Landlord and Debtor Jo-Ann Stores, LLC (the "Debtor"), as tenant, through their respective predecessors-in-interest, are parties to a certain lease (the "Lease") for the property located at 1514 S. Riordan Ranch Road located in Flagstaff, Arizona (the "Premises") in a retail shopping center known as South Riordan Ranch Road ("Riordan Ranch").  A true and correct copy of the Lease and its amendments is attached hereto and incorporated hereby as **Exhibit A**.

　　　　2.　　The Use of Premises clause in Section 4 of the Fourth Amendment to the Lease provides, in relevant part, "[t]he Premises shall be used for the purpose of the operation of a retail

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

sale of *all types of fabrics, notions, arts and crafts, artificial flowers, sewing machines and other items normally sold in a fabric and arts and crafts store* (emphasis added)."

**PROCEDURAL HISTORY**

3. On January 15, 2025, the above-captioned Debtors and Debtors in Possession commenced these chapter 11 cases by filing their voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. On April 28, 2025, the Debtors filed the First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases ("First Notice") (D.I. No. 760) seeking to assume and assign certain leases of the Debtors, including the Lease of the Premises, to Burlington Coat Factory ("Burlington"). The last sentence of Paragraph 2 of the proposed order attached as Schedule 3 to the First Notice (the "First Proposed Order") contains the following language: "For the avoidance of doubt, all provisions of the applicable assigned Contract, including any provision limiting assignment, shall be binding on the applicable Assignee." Not surprisingly, this reassured LNN that Burlington was not seeking any alteration of the terms of the Lease.

5. On May 16, 2025, the Debtors filed the Amended First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases ("Amended Notice" and, together with the First Notice, the "Notices") (D.I. 930) which also included a proposed order (the "Revised Proposed Order").

6. The Revised Proposed Order includes a finding that "[t]he assumption and assignment of the Leases to Burlington is in compliance with section 365(b)(3) of the Bankruptcy Code." (Proposed Order, ¶ D). It also includes relief that provides that certain provisions in the Leases shall be deemed unenforceable, including provisions "prohibiting Burlington's intended use of the premises." (*Id.* ¶ 9.a.)

7. Neither the Debtors nor Burlington have provided Landlord with any explanation of what use Burlington intends for the Premises.

8.      Landlord did not file an objection to the First Notice, as it does not have an objection *per se* to the assumption and assignment of the Lease or the language included in the First Proposed Order. However, the language in the Revised Proposed Order as it was filed with the Amended Notice and described in Paragraph 5, above, gives rise to the instant Objection.

## ARGUMENT

9.      Landlord objects to the Notices because the Debtors cannot provide adequate assurance of future performance under the Lease.

10.     Section 365(b)(3) of the Bankruptcy Code states:

(3) For the purposes of paragraph (1) of this subsection and paragraph (2)(B) of subsection (f), adequate assurance of future performance of a lease of real property in a shopping center includes adequate assurance-

(A)     of the source of rent and other consideration due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee and its guarantors, if any, shall be similar to the financial condition and operating performance of the debtor and its guarantors, if any, as of the time the debtor became the lessee under the lease;

(B)     that any percentage rent due under such lease will not decline substantially;

(C)     *that assumption or assignment of such lease is subject to all the provisions thereof, including (but not limited to)* provisions such as a radius, location, use, or *exclusivity provision*, and will not breach any such provision contained in any other lease, financing agreement, or master agreement relating to such shopping center; and

(D)     that assumption or assignment of such lease will not disrupt any tenant mix or balance in such shopping center.

Id. § 365(b)(3) (emphasis added).

10.     Riordan Ranch constitutes a "shopping center" as that term is used in § 365(b)(3) of the Bankruptcy Code, making the Lease of the Premises a "lease of real property in a shopping center" and, as such, any assumption and assignment thereof is subject to all existing provisions of the Lease, including use restrictions. "Although the Court has broad authority under [Bankruptcy Code] section 365(f)(1) to authorize the assumption or assignment of leases in violation of their terms, this discretion is severely constrained if the assumption or assignment involves a lease of real property in a shopping center. In 1984, Congress provided for heightened

3

restrictions in section 365(b)(3) to provide framework for enforcing common provisions found in shopping center leases." *In re Three A's Holdings, L.L.C.*, 364 B.R. 550 (Bankr. D. Del. 2007). The debtors in *Three A's Holdings* were attempting to assume and assign a lease of non-residential real property located in a shopping center to Walgreens, where the original tenant to the lease was Tower Records. This Court held that it "can only approve the assumption and assignment of the Lease to Walgreens if its proposed use does not violate the use restrictions set forth in [the Lease]" and, due to the disparate nature of Walgreens' business to that of Tower Records and the inclusion of the restrictive covenants in that lease, "any assumption and assignment of the Lease to Walgreens would be foreclosed by section 365(b)(3)(C)." *Id.* S*ee also In re Sun TV & Appliances, Inc.*, 234 B.R. 356, 371 (Bankr. De. Del. 1999) (enforcing use restrictions on leases in shopping centers); and *In re Joshua Slocum Ltd.*, 922 F. 2d. 1081, 1092 (same).

11. According to the adequate assurance information provided to Landlord via Burlington's 10-k and 8-k filings, Burlington Stores, Inc. is:

> a nationally recognized off-price retailer of high-quality, branded merchandise at everyday low prices. We opened our first store in Burlington, New Jersey in 1972, selling primarily coats and outerwear. Since then, we have expanded our store base to 1,103 stores as of November 2, 2024 in 46 states, Washington D.C. and Puerto Rico. We have diversified our product categories by offering an extensive selection of in-season, fashion focused merchandise at up to 60% off other retailers' prices, including: women's ready-to-wear apparel, menswear, youth apparel, baby, beauty, footwear, accessories, home, toys, gifts and coats. We sell a broad selection of desirable, first-quality, current-brand, labeled merchandise acquired directly from nationally-recognized manufacturers and other suppliers.

Though not made explicit to Landlord, it is assumed that Burlington, if confirmed as the assignee of the Lease, intends to operate a Burlington Coat Factory retail store in the Premises. Per its described business use, including selling "a broad selection of desirable, first-quality, current-brand, labeled merchandise" such operation would be in violation of the Lease's limited permitted uses, i.e. selling "all types of fabrics, notions, arts and crafts, artificial flowers, sewing machines and other items normally sold in a fabric and arts and crafts store" as provided for in the Lease.

Clearly, the business conducted by Burlington is not at all contemplated by the permitted uses under the Lease. Therefore, the Debtors cannot provide adequate assurance of future performance under the Lease pursuant to section 365(b)(3) of the Bankruptcy Code.

12. In light of the above, Landlord hereby objects to the Notices.

### **RESERVATION OF RIGHTS AND JOINDER**

13. Landlord reserves its rights to supplement this Objection and make such other and further objections as it deems necessary or appropriate, including with respect to any (i) proposed form of assumption and assignment order covering the Lease, and (ii) modifications or additions to the adequate assurance information provided by the Debtors and/or Burlington.

14. The Landlord hereby joins any other objections filed by the Debtors' other landlords to the extent such objections are not inconsistent with the relief sought herein.

**WHEREFORE,** Landlord respectfully requests that the Court (i) deny the Debtors' proposed assumption and assignment of the Lease to the Burlington (or any proposed assignee) and (ii) grant such other and further relief in favor of the Landlord as the Court may deem just or proper.

| | |
|---|---|
| Dated: May 31, 2025<br>Wilmington, Delaware | GELLERT SEITZ BUSENKELL & BROWN, LLC<br><br>  /s/ Ronald Gellert<br>Ronald Gellert, Esq. (DE 4259)<br>Margaret M. Manning, Esq. (DE 4183)<br>1201 N. Orange Street, Suite 300<br>Wilmington, DE 19801<br>Telephone: 302-425-5812<br>Facsimile: 302-425-5814<br>Email: rgellert@gsbblaw.com<br>          mmanning@gsbblaw.com<br>*Counsel to LNN Enterprises, Inc.* |