**DRYEIN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
|       Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: July 10, 2025 at 10:00 a.m. (ET)** |
| | ) | **Obj. Deadline: June 25, 2025 at 4:00 p.m. (ET)** |

**DEBTORS' SIXTH OMNIBUS
OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)
(Reduced and Reclassified Claims, Reclassified Claims,
Substantive Duplicate Claims, Cross-Debtor Duplicate Claims)**

> *TO ALL PARTIES RECEIVING THIS OBJECTION:*
>
> **YOU SHOULD REVIEW THE PROPOSED ORDER, INCLUDING <u>EXHIBIT 1</u>, <u>EXHIBIT 2</u>, <u>EXHIBIT 3</u> AND <u>EXHIBIT 4</u>, TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED IN THE PROPOSED ORDER AND/OR ARE ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**
>
> **YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

The above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") hereby file this objection (the "<u>Objection</u>") seeking entry of an order, substantially in the form

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1,

attached hereto as **Exhibit A** (the "Proposed Order"), (i) to reduce and reclassify the claims listed on **Exhibit 1** of the Proposed Order; (ii) to reclassify the claims listed on **Exhibit 2** of the Proposed Order; (iii) to disallow and expunge the substantive duplicate claims listed on **Exhibit 3** of the Proposed Order; and (iv) to disallow and expunge the cross-debtor duplicate claims listed on **Exhibit 4** of the Proposed Order.  In support of the Objection, the Debtors submit and incorporate herein the declaration of Nicholas Haughey of Alvarez & Marsal North America, LLC attached hereto as **Exhibit B** (the "Haughey Declaration"), and respectfully represent as follows:

### Jurisdiction

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Debtors consent to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested in the Objection are section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure

---

LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

(the "Bankruptcy Rules"), Local Rule 3007-1, and the *General Order Regarding Applicability of Rule 3007(c) of the Amended Federal Rules of Bankruptcy Procedure*, dated November 27, 2007.

**Background**

**A.     The Chapter 11 Cases.**

4.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      The Debtors are managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.      On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 103.

7.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.  *See* Docket No. 198.

8.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.    Schedules, SOFAs, and Bar Date Order.**

9.      On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

10.     On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, that assert a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim. The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankrutpcy Code arising prior to February 26, 2025 to file a proof of claim.

11.     Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Docket Nos. 579 & 689.

**C.    Claims Resolution Process.**

12.     More than 18,000 proofs of claim were filed in the chapter 11 cases. The Debtors have been reviewing and reconciling the filed proofs of claim with the Debtors' books and records to determine the validity of the asserted claims. This reconciliation process includes identifying particular categories of claims that may be targeted for reduction, reclassification, disallowance and expungement. To avoid possible improper recovery by claimants, the Debtors

are filing this Objection to the claims set forth on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4**.

### Relief Requested

13. By this Objection, the Debtors object to the claims set forth on **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** to the Proposed Order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1. The Debtors respectfully request entry of the Proposed Order: (i) reducing and reclassifying the claims on **Exhibit 1** to the Proposed Order; (ii) reclassifying the reclassified claims on **Exhibit 2** to the Proposed Order, (iii) disallowing and expunging the substantive duplicate claims listed on **Exhibit 3** to the Proposed Order; and (iv) disallowing and expunging the cross-debtor duplicate claims on **Exhibit 4** to the Proposed Order, as set forth herein.

### Objection to Disputed Claims

**A.    Reduced and Reclassified Claims.**

14. The claimants asserting claims listed on **Exhibit 1** to the Proposed Order (collectively, the "Reduced and Reclassified Claims") (i) improperly assert that their claims, either in whole or in part, are entitled to administrative status under section 503(b)(9) of the Bankruptcy Code and (ii) overstate the liability owed by the Debtors to the claimants. The Debtors have reviewed the Reduced and Reclassified Claims and any related supporting documentation provided by each applicable claimant, along with the Debtors' books and records, and have determined that the Reduced and Reclassified Claims should instead be reduced in amount and be reclassified as either: (i) a partial 503(b)(9) claim and partial non-priority general unsecured claim or (i) a non-priority general unsecured claim. The Reduced and Reclassified Claims have been overstated by the claimants and do not relate to goods received by the Debtors

5

within 20 days of the Petition Date and are therefore not entitled to the asserted amount and administrative status under section 503(b)(9) of the Bankruptcy Code. A further explanation for the proposed reduction and reclassification of each Reduced and Reclassification Claim is set forth on **Exhibit 1** to the Proposed Order.

15. Any failure to reduce and reclassify the Reclassified Claims, as indicated on **Exhibit 1** to the Proposed Order, will award the applicable claimants undue administrative priority status and an unwarranted recovery to the detriment of other creditors in these chapter 11 cases. Accordingly, subject to further objection, the Debtors request entry of the Proposed Order reducing and reclassifying the Reduced and Reclassified Claims as indicated on **Exhibit 1** to the Proposed Order.

**B.     Reclassified Claims.**

16. The claimants asserting claims listed on **Exhibit 2** to the Proposed Order (collectively, the "Reclassified Claims") improperly assert that their claims are entitled to administrative status under section 503(b)(9) of the Bankruptcy Code. The Debtors have reviewed the Reclassified Claims and any related supporting documentation provided by each applicable claimant, along with the Debtors' books and records, and have determined that the Reclassified Claims should instead be classified as non-priority general unsecured claims. The Reclassified Claims do not relate to goods received by the Debtors within 20 days of the Petition Date and are therefore not entitled to administrative status under section 503(b)(9) of the Bankruptcy Code. A further explanation for the proposed reclassification of each Reclassified Claim is set forth on **Exhibit 2** to the Proposed Order.

17. Any failure to reclassify the Reclassified Claims, as indicated on **Exhibit 2** to the Proposed Order, will award the applicable claimants undue administrative priority status to the

detriment of other creditors in these chapter 11 cases. Accordingly, subject to further objection, the Debtors request entry of the Proposed Order reclassifying the Reclassified Claims as indicated on **Exhibit 3** to the Proposed Order.

**C.     Substantive Duplicate Claims.**

18.    The Debtors object to the claims listed on **Exhibit 3** to the Proposed Order (collectively, the "Substantive Duplicate Claims") as claims that are duplicative of other proofs of claim filed by, or on behalf of, the same claimant in respect of the same liabilities, but with certain differences. The specific reasoning for the disallowance of each Substantive Duplicate Claim is set forth in greater detail on **Exhibit 3** to the Proposed Order.

19.    Failure to disallow the Substantive Duplicate Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates to the detriment of creditors in these chapter 11 cases. Accordingly, the Debtors request entry of an order disallowing each Substantive Duplicate Claim identified on **Exhibit 3** to the Proposed Order.

**D.     Cross-Debtor Duplicate Claims.**

20.    The claimants asserting claims listed on **Exhibit 4** to the Proposed Order (collectively, the "Cross-Debtor Duplicate Claims") filed claims against multiple Debtors that are based on the same liability. The Debtors have reviewed the Cross-Debtor Duplicate Claims and any related supporting documentation provided by each applicable claimant, along with the Debtors' books and records, and have determined that the Cross-Debtor Duplicate Claims were filed against the wrong Debtor. Each claimant whose Cross-Debtor Duplicate Claim is subject to this Objection has another claim filed against another Debtor, which the Debtors submit is the correct Debtor. The Debtors believe that it was not the intention of the claimants asserting the

Cross-Debtor Duplicate Claims to seek a double recovery against the Debtors' estates. Rather, the claimants may not have known which Debtor to assert their claims against and therefore filed claims against multiple Debtors. Regardless of the claimants' reasons for filing the Cross-Debtor Duplicate Claims, however, only one claim against the appropriate Debtor should be allowed for each claimant.

21. Failure to disallow the Cross-Debtor Duplicate Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates to the detriment of creditors in these chapter 11 cases. Accordingly, the Debtors request entry of an order disallowing each Cross-Debtor Duplicate Claims identified on **Exhibit 4** to the Proposed Order.

### Basis for Relief

22. When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *See In re Energy Future Holdings,* 2016 WL 4925052, at *3 (D. Del. Sept. 14, 2016) ("The initial burden is on the claimant to allege sufficient facts to support the claim"); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992). Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *See Allegheny Int'l*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *See Energy Future Holdings*, 2016 WL 4925052, at *3 ("The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency"); *see also* 11 U.S.C. § 502(a); Fed. R. Bankr. P. 3001(f).

23. A claim, however, should not be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or applicable law. *See* 11 U.S.C.

§ 502(b)(1). If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim. *See Allegheny Int'l*, 954 F.2d at 172. In addition, Bankruptcy Rule 3007 and Local Rule 3007-1 permit the Debtors to make omnibus objections to the Reduced and Reclassified Claims, Reclassified Claims, Substantive Duplicate Claims and Cross-Debtor Duplicate Claims.

24. For the reasons set forth herein, the claims addressed in this Objection should be reduced and reclassified, reclassified or disallowed and expunged, as set forth in **Exhibit 1**, **Exhibit 2**, **Exhibit 3**, and **Exhibit 4** to the Proposed Order.

### Separate Contested Matters

25. To the extent that a response is filed regarding any Reduced and Reclassified Claim, Reclassified Claim, Substantive Duplicate Claim, and Cross-Debtor Duplicate Claim listed in the Objection and the Debtors are unable to resolve the response, each such claim, and the objection by the Debtors to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Debtors respectfully request that any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each claim.

### Reservation of Rights

26. The Debtors hereby reserve the right to further object to the Reclassified Claims on any additional factual or legal grounds. Without limiting the generality of the foregoing, the Debtors specifically reserve the right to amend the Objection, file additional objections to the Reclassified Claims on any other basis or take other appropriate actions, including, but not limited to: (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a

claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Debtors or through discovery.

### Compliance with Local Rule 3007-1

27.    To the best of the Debtors' knowledge and belief, the Objection, including the exhibits annexed to the Proposed Order, substantially complies with Local Rule 3007-1. To the extent that the Objection does not comply with the requirements of Local Rule 3007-1, the Debtors submit that the deviations are not material and respectfully request that those requirements be waived.

### No Prior Request

28.    No prior request for the relief sought in the Objection has been made to this or any other court.

### Notice

29.    The Debtors will provide notice of this Objection to the following parties or their respective counsel: (a) the Office of the United States Trustee for the District of Delaware; (b) the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition Term Loan Ad Hoc Group; (e) claimants whose claims are subject to this Objection; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**Conclusion**

WHEREFORE, for the reasons stated herein, the Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

Dated: June 4, 2025
Wilmington, Delaware

*/s/ Michael E. Fitzpatrick*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |