**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC, *et al.*,<br><br>Debtors. | Chapter 11<br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br>**Re: Docket No. 1051** |

**RESPONSE OF OOCL USA INC. TO OBJECTION TO CLAIM # 1432**
**IN DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS**

OOCL USA Inc. ("OOCL"), by and through its undersigned attorneys, hereby responds (the "Response") to the objection (the "Objection") of the Debtors, Joann Inc., *et al.* (the "Debtors"), to OOCL's pre-petition claim number 1432 (the "Claim") contained in the Debtors' First Omnibus Objection to Certain Claims (Substantive) [Docket No. 1051] pursuant to section 502(b) of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"). A copy of the Claim is annexed hereto as Exhibit "A."

**PRELIMINARY STATEMENT**

1. On January 15, 2025 (the "Petition Date"), the Debtors filed their voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. OOCL is entitled to priority treatment under Bankruptcy Code Section 503(b)(9) for the $238,514.00 portion of its total pre-petition claim in the amount of $1,005,971.00 that was incurred within 20 days before the Petition Date, because it delivered goods (as defined herein) to the Debtors during that period; or, would have delivered goods to the Debtors if the Debtors had not abandoned the goods, eventually leading to an Agreed Order Granting Relief from the Automatic Stay [Docket No. 804].

1

3.  In the alternative, if OOCL is not entitled to treatment of the $238,514.00 portion of its $1,005,971.00 total pre-petition claim as a priority claim pursuant to Bankruptcy Code Section 503(b)(9), then OOCL is entitled to an allowed, pre-petition, general, unsecured claim in the total amount of $1,005,971.00, rather than only a reduced general, unsecured claim in the amount of $767,457.00, as asserted in the Objection.

## BACKGROUND FACTS

4.  OOCL USA Inc. is the agent in the United States for Orient Overseas Container Line, a common carrier of goods via ocean going vessels which has its principal place of business in Hong Kong. OOCL USA Inc. has its principal place of business at 10913 S. River Front Parkway, Suite 200, South Jordan, UT 84095.

5.  Prior to the Petition Date, OOCL issued certain bills of lading (the "Bills of Lading") to one or more Shippers to carry various cargo for delivery to one or more of the Debtors.

6.  Under the Bills of Lading, at least one of the Debtors, Jo-Ann Stores, LLC, was listed as the Consignee of the Cargo and was entitled to delivery or receipt of the Cargo.

7.  On March 26, 2025, Jeffrey Dwyer, the Interim Chief Financial Officer for the Debtors, sent a letter to OOCL which stated that: "OOCL USA Inc. ("Carrier") provided JOANN with services related to the transportation of certain goods ordered by JOANN (collectively, the "Goods"), and Carrier may be in possession of such Goods. As of the date hereof, the Debtors have not received or taken possession of the Goods, and the Debtors do not believe that the Goods are property of the Debtors' bankruptcy estate. The Debtors do not oppose the Carrier disposing of or otherwise using the Goods in its discretion."

8.  On April 8, 2025, OOCL filed the MOTION OF OOCL USA INC. FOR AN

ORDER FOR RELIEF FROM THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(d) OR TO COMPEL ABANDONMENT PURSUANT TO 11 U.S.C. § 554(b) [Docket No. 685] (the "Motion for Stay Relief").

9. On May 2, 2025, the Court entered an Agreed Order Granting Relief from the Automatic Stay Pursuant to 11 U.S.C. ¶ 362(d) Solely to the Extent it Applies. [Docket No. 804], which settled the Motion for Stay Relief.

### THE CLAIM

10. On March 3, 2025, OOCL filed the Claim in the total amount of $1,005,971.00, bifurcating the Claim into one part in the amount of $767,457.00, which OOCL denominated as a general, unsecured, pre-petition claim, and a second part in the amount of $238,514.00, which OOCL asserted was entitled to priority treatment pursuant to Section 503(b)(9) of the Bankruptcy Code. *See* the Claim, Number 13.

11. Attached to the Claim filed in the total amount of $1,005,971.00 is a Statement of Account that shows that all the Invoices included in the Claim have dates up to the Petition Date, but certain Invoices totaling $238,514.00 have dates corresponding to the 20 day period up to the Petition Date for ocean freight charges for delivery of goods consigned to the Debtors; or, for detention charges related to failure to timely return shipping containers containing the Goods consigned and delivered to the Debtors or that were supposed to be delivered to the Debtors if the Debtors had not abandoned the Goods. *See* the Statement of Account attached to the Claim.

### THE OBJECTION

12. On May 30, 2025, the Debtors filed the Objection, seeking to reduce and reclassify the Claim. The Objection states that the requested modification would reduce

the Claim from a total amount of $1,005,971.00 to a total amount of $767,457.00 and reclassify the reduced amount of $767,457.00 as unsecured.  *See* the Objection, Exhibit 1, Number 13.

13. The Objection is improper in that it seeks to reclassify the portion of the Claim that asserts a priority pursuant to Bankruptcy Code Section 503(b)(9).

14. Even assuming, *arguendo*, that OOCL is not entitled to a 503(b)(9) claim at all, the Objection improperly seeks to reduce the $1,005,971.00 total amount of the Claim, rather than merely reclassifying the $238,514.00 portion of the Claim that OOCL asserted is entitled to priority treatment under Section 503(b)(9), as a general, unsecured claim.

## THE 503(b)(9) PORTION OF THE CLAIM

15. OOCL is entitled to priority treatment under Bankruptcy Code Section 503(b)(9) for the $238,514.00 portion of its total claim of $1,005,971.00 that was incurred for delivery of the Goods to the Debtors during the 20 day period before the Petition Date. *Cf*. In re Goody's Family Clothing, Inc., 401 B.R. 131, 136 (Bankr. D. Del. 2009) ("section 503(b)(9) does not provide for the allowance of an administrative claim for goods *shipped*. Instead, section 503(b)(9) allows an administrative claim for good *sold*.").

16. In the alternative, if OOCL is not entitled to treatment of the $238,514.00 portion of its $1,005,971.00 total pre-petition claim as a priority claim pursuant to Bankruptcy Code Section 503(b)(9), then OOCL is still entitled to a total pre-petition, general, unsecured claim in the amount of $1,005,971.00, rather than only a reduced general, unsecured claim in the amount of $767,457.00, as asserted in the Objection.

17. The Objection improperly seeks to reduce the Claim by the disputed priority part, rather than merely seeking to reclassify the disputed part from priority to general,

unsecured. The Objection does not deny or dispute that OOCL provided goods or services to the Debtors that remained due on the Petition date in the total amount of 1,005,971.00.

18. The Objection should be denied to the extent that it seeks not only to reclassify the Claim as to the Section 503(b)(9) portion but to reduce it from $1,005,971.00 total to $767,457.00 total. OOCL is entitled to at least a total allowed general, unsecured claim in the amount of $1,005,971.00.

**WHEREFORE**, OOCL requests that the Objection be denied in its entirety. Alternatively, OOCL requests that the Claim be modified and reclassified only as stated herein and be allowed as a general, unsecured claim in the amount of $1,005,971.00.

Dated: Woodcliff Lake, New Jersey
       June 5, 2025

**HOGAN MCDANIEL**

By:      /s/ Daniel C. Kerrick
Daniel C. Kerrick, Esq. (DE Bar ID # 5027)
1311 Delaware Avenue
Wilmington, DE 19806
Tel:   (302) 656-7540
Fax:  (302) 656-7599

-and-

**PRICE MEESE SHULMAN & D'ARMINIO, P.C.**

By:      /s/ Rick A. Steinberg
Rick A. Steinberg
50 Tice Boulevard, Suite 380
Woodcliff Lake, New Jersey 07677
Tel. (201) 391-3737
Fax (201) 391-9360
Email: rsteinberg@pricemeese.com
*(Pro Hac Vice Admission Pending)*

Attorneys for OOCL USA Inc.