## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Re: Docket Nos. 760 and 1093** |

## ORDER AUTHORIZING THE ASSUMPTION AND ASSIGNMENT OF CERTAIN UNEXPIRED LEASE TO MASSA FURNITURE, INC.

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *First Notice of Assumption and Assignment of Certain Executory Contracts [and/or] Unexpired Leases* [Docket No. 760] (the "Assumption Notice") satisfies the requirements set forth in the Procedures Order; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The unexpired lease of nonresidential real property, by and among Jo-Ann Stores, LLC and MFBY Ocala, LLC (the "Lease Counterparty"), as more fully set forth in **Exhibit 1** attached hereto (the "Lease"), is hereby assumed by the Debtors effective as of the Assumption Date and assigned to Massa Furniture, Inc. (the "Assignee"), pursuant to the terms of this Order and that certain assumption and assignment agreement (the "Assignment Agreement") by and between GA Joann Retail Partnership, LLC, in its capacity as agent for the Debtors, and Assignee dated as of April 16, 2025. The assumption and assignment of the Lease is subject to the Debtors' paying the cure amount, if any, set forth in **Exhibit 1**, to the Lease Counterparty in a manner consistent with the terms of the applicable agreement promptly after the entry of this Order. Upon satisfaction of the cure amount, except as otherwise expressly provided in this Order or the Assignment Agreement, the Lease Counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other

interests or monetary defaults with respect to its Lease that arose, accrued, and came due and were not paid on or before the Assumption Date.

2. Subject to the Assumption Date, the assignment of the Lease shall: (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to the Assignee) or (B) in respect of any taxes), *provided*, *however*, notwithstanding anything to the contrary set forth in this Order or in the Assignment Agreement, in all respects, the assumption and assignment of the Lease shall not be free and clear and Buyer shall assume all of the terms, covenants, and obligations arising or accruing under the Acquired Lease, and Assignee agrees to assume and undertake to pay, perform and discharge all of the obligations and duties with respect to such Lease when due in accordance with terms of the Lease as tenant thereunder from and after June 1, 2025, including but not limited to any accrued but unbilled or not due rent and charges under Lease irrespective of the period in which they relate, including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors and assigned to the Assignee, as agreed by and among the Debtors and the applicable Assignee; and (b) constitutes a legal, valid, and effective transfer of such Lease and vests the Assignee with all rights, titles, and

interests to Lease. For the avoidance of doubt, all provisions of the Lease, including any provision limiting assignment, shall be binding on the applicable Assignee, and Assignee shall be responsible for the payment of the rent and other charges due under the Lease for the month of June, 2025 forward. The assumption and assignment of the Lease, as approved by this Order and as set out in the Assignment Agreement, constitutes a legal, valid, and effective transfer of the Lease and vests the Buyer with all rights, titles, and interests to the Lease and the leased premises; *provided*, *further*, nothing in this Order or the Assignment Agreement to the contrary, shall impair or prejudice the Landlord's rights with respect to the Debtors' available insurance with respect to any third-party claims asserted or arising from or in connection with the Debtors' use and occupancy of the leased premises subject to the Lease with regard to events that occurred prior to the Assumption Date.

3. Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of the Lease, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to the Assignee the Lease, and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Contract.

4. The Debtors' right to assert that any provisions in the Lease that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Contract to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of the Lease Counterparty to object to such assertion.

5. The Assignee shall have no liability or obligation with respect to monetary defaults relating to the Lease for the period prior to the applicable closing date; *provided* that any such

assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under the Lease including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed by the Debtors and assigned to the Assignee, as agreed by and among the Debtors and the Assignee.

6. Notice of the Assumption Notice as provided therein shall be deemed good and sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

9. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 9th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**