# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>Hearing Date: July 10, 2025 at 10:00 a.m. (ET)<br>Objection Deadline: June 25, 2025 at 4:00 p.m. (ET) |

## MOTION OF WILSHIRE PLAZA INVESTORS, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)(A)

Wilshire Plaza Investors, LLC ("**Landlord**"), by and through its undersigned counsel, hereby files its *Motion for Allowance and Payment of Administrative Claim Pursuant to 11 U.S.C. § 503(b)(1)(A)* (the "**Motion**"), which seeks entry of an order allowing an administrative claim for outstanding postpetition rent charges and providing for payment thereof. In support of the Motion, Landlord states as follows:

### JURISDICTION AND VENUE

1. The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a). This Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The relief requested by this Motion may be granted pursuant to 11 U.S.C. §§ 105 and 503.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**BACKGROUND**

2. On January 15, 2025 (the "**Petition Date**"), the Debtors commenced these voluntary cases under Chapter 11 of the Bankruptcy Code, 11 U.S.C. §§ 101 *et seq*. by filing petitions with this Court.

3. Landlord and Debtor Jo-Ann Stores, LLC ("**Tenant**") are parties to a Lease dated July 12, 2019 (the "**Lease**") whereby the Tenant leased from Landlord commercial property located in Metairie, Louisiana (the "**Premises**"). A true and correct copy of the Lease is attached hereto as **Exhibit A** and is incorporated herein by reference.

4. The Lease required Tenant to pay to Landlord monthly rent and related charges.

5. On May 30, 2025, Tenant provided notice that it was rejecting the Lease effective May 31, 2025 (the "**Rejection Date**") [Doc. 1044].

6. As of the Rejection Date, the amount of $20,826.56 (the "**Balance**") was owing in rent and related charges for May 2025.

**RELIEF REQUESTED**

7. Landlord hereby requests that the Court enter an Order: (1) granting Landlord an administrative claim for the Balance, and (2) directing payment of the Balance.

**BASIS FOR RELIEF REQUESTED**

8. A claimant's expenses for providing postpetition services to the Debtor may be afforded administrative status (1) if it arises out of a transaction between the creditor and the debtor-in-possession, and (2) only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession. *In re Globe Metallurgical*, 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004). Tenant's post-petition use of the Premises benefited Tenant's bankruptcy estate within the meaning of Section 503(b)(1).

9. Accordingly, pursuant to Section 503(b)(1)(A) of the Bankruptcy Code, Landlord is entitled to an administrative expense claim in the amount of the Balance.

10. As an administrative expense under Bankruptcy Code Section 503(b)(1)(A), Landlord's claim is entitled to priority in any distribution from assets of the Debtor's estate. 11 U.S.C. § 507(a)(2). Further, Section 105 of the Bankruptcy Code allows the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11. In *In re HQ Global Holdings, Inc.*, 282 B.R. 169 (Bankr. D. Del. 202), the court held "[t]he determination of the timing of payment of administrative expenses is a matter within the discretion of the bankruptcy court." *Id.* at 173; *In re Verco Industries*, 20 B.R. 664, 665 (B.A.P. 9th Cir. 1982); *In re Baptist Medical Center of New York, Inc.*, 52 B.R. 417, 421 (E.D.N.Y. 1985).

WHEREFORE, Landlord requests the entry of an order, in substantially the form attached hereto as **Exhibit B**: (1) allowing Landlord an administrative claim for the Balance in the amount of $20,826.56; (2) directing payment of the allowed administrative claim; and (3) granting Landlord such other and further relief to which it may be entitled.

Dated: June 11, 2025                                  Respectfully submitted,

**STEVENS & LEE, P.C.**

*/s/ Gregory T. Donilon*
Gregory T. Donilon (No. 4244)
919 North Market Street
Suite 1300
Wilmington, Delaware  19801
Telephone:  (302) 425-3311
Facsimile:  (610) 371-7371
Email:  gregory.donilon@stevenslee.com

-and-

**BALCH & BINGHAM LLP**
Jeremy L. Retherford
(*pro hac vice* motion to be filed)
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama  35203-4642
Telephone:  (205) 226-3479
Facsimile:  (205) 226-8799
Email:  Jretherford@balch.com

*Counsel for Wilshire Plaza Investors, LLC*