# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>            Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>Objection Deadlines:  June 13, 2025<br>Re:  Docket Nos. 429, 1028 |

### LIMITED OBJECTION OF WINKAL HOLDINGS, LLC TO DEBTORS' EIGHTEENTH NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT AND/OR UNEXPIRED LEASES

Winkal Holdings, LLC c/o WIN Properties, Inc. (the "Landlord"), by and through its undersigned counsel submits this limited objection (the "Objection") to the *Debtors' Eighteenth Notice of Assumption and Assignment of Certain Executory Contract And/or Unexpired Leases* (*the* "Assignment Notice").[2]  In support of this Objection, Landlord respectfully states as follows:

### PRELIMINARY STATEMENT

1. Landlord objects to the proposed assumption of the Lease by Debtors because (ii) Debtors have not provided Landlord with adequate assurance of their future performance under the Lease, including that the proposed assignee will comply with all of the Lease provisions on a go-forward basis, (ii) the proposed cure amount does not include all amounts due and owing under the Lease and address all non-monetary defaults that must be cured, and (iii)

---

[1]  The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]  Docket No 1028.  Capitalized terms used, but not defined, herein shall have the meanings ascribed to them in the applicable Assignment Notice.

the correct cure amount must be paid to Landlord upon the effective date of the lease assumption, if approved.

2. First, to satisfy Debtors' burden under section 365 of the Bankruptcy Code, Debtors must furnish Landlord with sufficient adequate assurance information for the proposed assignee to determine if they will be a creditworthy and viable operator of the business, specifically in the context of heightened requirements afforded to counterparties to shopping center leases under section 365(b)(3) of the Bankruptcy Code.

3. Second, in connection with the potential assumption of the Lease, Debtors must be required to pay the cure amount set forth in the column "Landlord Cure Amount" on **Exhibit A**, attached hereto, plus any additional pecuniary losses suffered by Landlord, including reasonable attorneys' fees.  Debtors must also cure or provide adequate assurance that they will cure all non-monetary defaults under the Lease.  The Landlord Cure Amount must be paid to Landlord contemporaneously with the effective date of the lease assumption.

4. Third, as part of adequate assurance of future performance, Debtors must satisfy any Adjustment Amounts (as defined below) which have not yet been billed or have not yet become due under the terms of the Lease.  Debtors must also (i) be required to comply with all contractual obligations to indemnify and hold Landlord harmless with regard to events which occurred before assumption, but which were not known to Landlord as of the date of the assumption, and (ii) continue to timely pay all rent, additional rent, and percentage rent due under the Lease until the Lease is assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code.

## BACKGROUND

### I. The Lease

5. Landlord is the owner or affiliate of or managing agent for the owner of the shopping center (the "Shopping Center") located at 2160 Foothill Blvd, La Canada, CA, where Debtors lease retail space pursuant to a written lease (the "Lease"). The Leased Premises are located in a shopping center as that term is used in section 365(b)(3) of the Bankruptcy Code. *See, e.g.*, *In re Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

6. The Lease requires payment of all amounts due, including rent and additional rent, as follows:

> Rent payable by Tenant under this Lease shall be paid to Landlord in monthly installments in advance on or before the first day of each month without prior notice or demand therefor….

Lease ¶ 4.7.

### II. The Bankruptcy Cases

7. On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court. Since the Petition Date, the Debtors have remained in possession of their assets and have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

8. On February 14, 2025, the Court entered an *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* (the "Procedures Order").[3]

---

[3] Docket No. 429.

9. On February 26, 2025, the Court entered the *Order (A) Approving and Authorizing the Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* (the "Sale Order").[4] The Sale Order approved the purchase of the Debtors' assets, including the right to designate unexpired leases of nonresidential real property for assumption and assignment, by parties including GA Joann Retail Partnership, LLC ("GA Group").

10. On April 22, 2025, in accordance with the terms of the Sale Order, GA Group conducted an auction for the sale of certain unexpired leases to potential bidders.

11. On May 30, 2025, in accordance with the Procedures Order, the Debtors filed the *Eighteenth Notice of Assumption and Assignment of Certain Executory Contract And/or Unexpired Lease*. The Assignment Notice identifies the Lease as a lease to be assigned to Dollar Tree as of June 1, 2025 (the "Assumption Date")." The Assignment Notice asserted that the cure amount owed to Landlord in connection with the proposed assumption and assignment is $0.00.

## OBJECTION

**I. Debtors Must Provide Evidence of Adequate Assurance of Future Performance Under the Jo-Ann Stores Lease**

12. In connection with the assumption and assignment of leases, shopping center landlords are afforded special statutory protections under the Bankruptcy Code in the form of adequate assurance of future performance. *In re Joshua Slocum*, 922 F.2d at 1086; *In re Trak Auto Corp.*, 277 B.R. 655 (Bankr. E.D. Va. 2002). Section 365(f)(2) provides:

> The trustee may assign an executory contract or unexpired lease of the debtor only if–
>
> (A) the trustee assumes such contract or lease in accordance with the provisions of this section; and

---

[4] Docket No. 520.

4

  (B) adequate assurance of future performance by the assignee of such contract or lease is provided, whether or not there has been a default in such contract or lease.

11 U.S.C. § 365(f)(2).

  13. Section 365(b)(1) of the Bankruptcy Code provides:

If there has been a default in an executory contract or unexpired lease of the debtor, the trustee may not assume such contract or lease unless, at the time of assumption of such contract or lease, the trustee–

  (A) cures, or provides adequate assurance that the trustee will promptly cure, such default…;

  (B) compensates, or provides adequate assurance that the trustee will promptly compensate, a party other than the debtor to such contract or lease for any actual pecuniary loss to such party resulting from such default; and

  (C) provides adequate assurance of future performance under such contract or lease.

11 U.S.C. § 365(b)(1).

  14. In connection with the assumption and assignment of a shopping center lease, adequate assurance of future performance includes adequate assurance:

  (A) of the source of rent… due under such lease, and in the case of an assignment, that the financial condition and operating performance of the proposed assignee… shall be similar to the financial condition and operating performance of the debtor… as of the time the debtor became the lessee under the lease;

  (B) that any percentage rent due under such lease will not decline substantially;

  (C) that assumption or assignment of such lease is *subject to all the provisions thereof*, including (but not limited to) provisions such as a radius, location, use, or exclusivity provision, and *will not breach any such provision contained in any other lease, financing agreement, or master agreement related to such shopping center*; and

  (D) that assumption or assignment of such lease *will not disrupt any tenant mix or balance in such shopping center*.

11 U.S.C. § 365(b)(3).

15. Debtors bear the burden of proving adequate assurance of future performance in connection with the potential assumption and assignment of the Lease. *In re F.W. Restaurant Assoc., Inc.*, 190 B.R. 143 (Bankr. D. Conn. 1995); *In re Rachels Indus. Inc.*, 109 B.R. 797, 802 (Bankr. W.D. Tenn. 1990); *In re Lafayette Radio Electronics Corp.*, 12 B.R. 302, 312 (Bankr. E.D.N.Y. 1981).

### A.     The Lease Must Be Assumed and Assigned Cum Onere

16. Section 365(b)(3)(C) of the Bankruptcy Code provides that the assumption of a shopping center lease "is subject to all the provisions thereof…". 11 U.S.C. § 365(b)(3)(C). Bankruptcy courts have described the assumption of an unexpired lease as "an all-or-nothing proposition – either the whole contract [or lease] is assumed or the entire contract [or lease] is rejected." *See, e.g.*, *In re CellNet Data Sys., Inc.*, 327 F.3d 242, 249 (3d Cir. 2003).

17. As the court noted in *In re Washington Capital Aviation & Leasing*:

> Adequate assurance of future performance by the assignee is important because 11 U.S.C. § 365(k) "relieves the ... estate from any liability for any breach of such ... lease occurring after such assignment." A party subject to a contractually created obligation ordinarily cannot divest itself of liability by substituting another in its place without the consent of the party owed the duty. *See* Douglas G. Baird and Thomas H. Jackson, Bankruptcy 285 (2d ed. 1990) (citing Restatement (Second) of Contracts § 318(3) (1981) ("delegation of performance ... does not discharge any duty or liability of the delegating obligor")). While the assignee may be entitled to perform for the original obligor, the original obligor remains ultimately liable until discharged by performance or otherwise. Section 365(k) changes this common law rule and relieves the estate from all liability under the lease following assignment.

156 B.R. at 167, 175 n. 3 (Bankr. E.D. Va. 1993); *see also In re Rickel Home Ctrs., Inc.*, 209 F.3d 291, 299 (3d Cir. 2000) (adequate assurance is "necessary to protect the rights of the non-debtor party to the contract or lease, because assignment relieves the trustee and the estate from liability arising from a post-assignment breach"). Debtors are not entitled to the benefits and protections

of section 365(k) if they do not assume and assign a lease *cum onere* — with all benefits and burdens. *See, e.g.*, *Am. Flint Glass Workers Union v. Anchor Resolution Corp.*, 197 F.3d 76 (3d Cir. 1999).

## II. The Proposed Cure Amount Is Incorrect

18. Landlord disputes the cure amount proposed by Debtors in the Assignment Notice. The correct cure amount for the Lease is set forth on the attached **Exhibit A** (the "Landlord Cure Amount"), which includes an estimate of attorneys' fees incurred to date. Landlord reserves the right to amend the Landlord Cure Amount to include additional amounts that continue to accrue and any obligations that arise and/or become known to Landlord prior to assumption and assignment of the Jo-Ann Stores Lease.

19. Pursuant to the Lease, Debtors are obligated to pay regular installments of fixed monthly rent, percentage rent, and/or gross rent, as well as a share of common area maintenance costs, real estate taxes, and assessments. In addition, prior to assumption and assignment of the Lease, Debtors are required by section 365(b)(1) of the Bankruptcy Code to cure all outstanding defaults under the Lease and compensate Landlord for any actual pecuniary loss, including the payment of related attorneys' fees. *See* 11 U.S.C. §365(b)(1)(B). Attorney's fees due under the Lease are compensable. *See LJC Corp. v. Boyle*, 768 F.2d 1489, 1494–96 (D.C. Cir. 1985); *In re Bullock*, 17 B.R. 438, 439 (B.A.P. 9th Cir. 1982); *In re Crown Books Corp.*, 269 B.R. 12, 14-15 (Bankr. D. Del. 2001); *In re BAB Enters., Inc.*, 100 B.R. 982, 984 (Bankr. W.D. Tenn. 1989); *In re Westview 74th St. Drug Corp.*, 59 B.R. 747, 757 (Bankr. S.D.N.Y. 1986); *In re Ribs of Greenwich Vill., Inc.*, 57 B.R. 319, 322 (Bankr. S.D.N.Y. 1986). Accordingly, as part of its pecuniary losses, Landlord is entitled to attorney's fees in connection with Debtors' obligation to cure all monetary defaults under the Lease.

### III. Debtors or Dollar Tree Must Be Responsible for (A) Payment of Adjustment Amounts When They Come Due in the Ordinary Course of Business, and (B) Satisfaction of Indemnification Obligations

20. To the extent that rent, attorneys' fees, interest, and/or other charges continue to accrue, and/or Landlord suffers other pecuniary losses with respect to the Jo-Ann Stores Lease, Landlord hereby reserves the right to amend the Landlord Cure Amount to reflect such additional amounts or to account for year-end adjustments, including, without limitation, adjustments for 2024 and 2025, which have not yet been billed or have not yet become due under the terms of the Lease (the "Adjustment Amounts"). Debtors or the Dollar Tree must be responsible for satisfying all accrued but unbilled obligations under the Lease, including the Adjustment Amounts, if any, when due in accordance with the terms of the Lease, regardless of when such Adjustment Amounts were incurred.

21. Furthermore, Debtors or Dollar Tree must be required to comply with all contractual obligations to indemnify and hold Landlord harmless for events which occurred before assumption and assignment, but which were not known to Landlord as of the date of the assumption and assignment. This includes, but is not limited to, (i) claims for personal injury that occurred at the Leased Premises, (ii) damage and destruction to the Leased Premises or property by Debtors or their agents, and (iii) environmental damage or clean-up. To cure possible pre-assignment, non-monetary defaults and provide adequate assurance of future performance with respect to the indemnification obligations under the Lease, either (a) Debtors or Dollar Tree must be required to satisfy any and all such claims, notwithstanding anything to the contrary contained in a plan or any court order, or (b) Debtors must be required to demonstrate or obtain adequate insurance (by purchase of "tail" coverage or otherwise) in order to satisfy potential indemnification obligations based on events or occurrences that occurred prior to the effective date of an assignment. Such claims for indemnity could include claims for personal injury occurring at the

Leased Premises where Landlord is joined as a party to a lawsuit or for damage and destruction of property by Debtors or their agents or employees.

    **IV.** **Debtors Must Be Responsible for Timely Payment of All Post-Petition Rent And Additional Rent Due Under the Lease Until It Is Assumed, Assumed and Assigned, or Rejected**

    22.    Section 365(d)(3) of the Bankruptcy provides, in pertinent part:

> The [debtor] shall timely perform all the obligations of the debtor…arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of [the Bankruptcy Code].

11 U.S.C. § 365(d)(3).

    23.    Landlord requests that any assumption and assignment of the Lease be conditioned upon Debtors' timely performance of all obligations arising under the Lease before it is assumed, assumed and assigned, or rejected pursuant to section 365(d)(3) of the Bankruptcy Code. This includes, without limitation, the payment in full of rent and related charges on the first day of each month.

    **V.** **Demand for Security**

    24.    Section 365(l) of the Bankruptcy Code provides, in pertinent part:

> If an unexpired lease under which the debtor is lessee is assigned pursuant to this section, the lessor of the property may require a deposit or other security for the performance of the debtor's obligations under the lease substantially the same as would have been required by the landlord upon the initial leasing to a similar tenant.

11 U.S.C. § 365(l).

    25.    In the ordinary course of business, Landlord requires security deposits, letters of credit, and/or guaranties when leasing (or assessing an assignment of a lease) to certain companies based on their financial information and history. In connection with the proposed assumption and assignment of the Jo-Ann Stores Lease, Landlord hereby demands such security

in one of those forms as required by section 365(l) of the Bankruptcy Code. Until the complete financials of Dollar Tree are known to Landlord, Landlord reserves its right to specify the exact form and amount of such security; however, Landlord would typically require a parent or personal guaranty in connection with leasing to a new tenant and a security deposit equal to six months of rent and related charges.

## RESERVATION OF RIGHTS

26.     Landlord reserves the right to amend and/or supplement this Objection on any basis, including, without limitation, by adding or supplementing objections to Debtors' proposed cure amount and by adding or supplementing objections to the adequate assurance of future performance provided by Debtors or Dollar Tree.

## CONCLUSION

**WHEREFORE,** Landlord respectfully requests that the Court enter an order (i) denying the Motion as it relates to the Lease or conditioning assumption of the Lease on (a) Debtors paying, on the assumption effective date, the cure amount set forth in the column titled "Landlord Cure Amount", plus any additional pecuniary losses suffered by Landlord, including reasonable attorneys' fees, and (b) Debtors providing adequate assurance of future performance to Landlord in accordance with section 365(b) of the Bankruptcy Code; (ii) requiring Debtors to continue to comply with all obligations under the Lease, including payment of the Adjustment Amounts and satisfaction of any indemnification obligations in the regular course of business; and (ii) granting such other and further relief as this Court deems just and proper.

Dated: June 13, 2025                           LAW OFFICE OF SUSAN E. KAUFMAN, LLC

*/s/ Susan E. Kaufman*
Susan E. Kaufman, (DSB# 3381)
919 North Market Street, Suite 460
Wilmington, DE 19801
(302) 472-7420
(302) 792-7420 Fax
skaufman@skaufmanlaw.com

*Counsel for Winkal Holdings, LLC*

**Exhibit A**

**Winkal Holdings, LLC**
**c/o WIN Properties, Inc.**

| Store No. | Landlord | Location | Debtor Cure Amount | Landlord Cure Amount |
|---|---|---|---|---|
| 1803 | Winkal Holdings, LLC c/o WIN Properties, Inc. | 2160 Foothill Blvd La Canada, CA | $0.00 | $25,000 |