IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | Case No. 25-10068 (CTG) |
| JOANN INC., *et al.*,[1] ) | (Jointly Administered) |
| ) | |
| Debtors. ) | **Re: Docket No. 1162** |

## ORDER AUTHORIZING THE DEBTORS TO ASSUME UNEXPIRED LEASE

Upon the certification of counsel (the "COC") filed by the above-captioned debtors and debtors in possession (collectively, the "Debtors") seeking entry of an order authorizing the Debtors to assume and assign (the "Assumption and Assignment") their Lease Agreement dated July 26, 2021 with Parker Associates ("Landlord"), as amended by that certain First Amendment to Lease Agreement dated July 17, 2024, for the non-residential real property located at 2560 Ninth Street, Suites 314/316, Berkeley, California 94710, (collectively, the "Lease") to Creativebug Holdings LLC ("Buyer") pursuant to the Assumed Lease Assignment Agreement attached as Exhibit A-1 to the COC (the "Agreement") incident to and consistent with the closing of a sale to Buyer of certain of the Debtors' assets under section 363 of the Bankruptcy Code (the "Sale"); and pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[2] entered in the Debtors' chapter 11 cases; and the Landlord having consented to the Assumption and Assignment, as evidenced by and set forth in the Agreement; and the entry of this Order with the COC and Agreement being consistent with the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

requirements set forth in the Procedures Order; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having determined that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and that this Court may enter a final order consistent with Article III of the United States Constitution; and venue of this proceeding in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that the relief requested in the COC and herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest and that the COC and opportunity for a hearing on the Assumption and Assignment were appropriate and no other notice need be provided; and this Court having determined that just cause for the relief granted herein exists; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Lease is assumed and assigned to the Buyer as of 11:59 pm on the Closing Date (as defined in the Agreement). The Assumption and Assignment is subject to payment of the Cure Claim in a manner consistent with the terms of the Agreement. Upon satisfaction of the Cure Claim and the Post Closing Amounts, Landlord is forever barred, estopped, and enjoined from asserting against the Debtors, the Agent or their respective successors or assigns any additional cure costs or other claims or interests that arose, accrued, or came due on or before the Effective Date (as defined in the Agreement) with respect to the Lease (but Landlord may still seek recovery from available insurance proceeds with respect to any indemnity obligations under the Lease).

2.  Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of the Lease to Buyer shall (a) be free and clear of (i) all liens (and any liens shall attach to the proceeds of the Sale in the same order and priority subject to all existing defenses, claims, setoffs,

and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any of the Debtors or of Buyer, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to the Buyer) or (B) in respect of any taxes.

3. The assignment of the Lease to Buyer constitutes a legal, valid, and effective transfer of the Lease and vests the Buyer with all rights, titles, and interests to the Lease. For the avoidance of doubt, except to the extent that the Agreement specifically provides otherwise, all provisions of the Lease, including any provision limiting assignment, shall be binding on the Buyer.

4. Subject to and conditioned upon the Agreement and the occurrence of the closing of the Sale, and subject to the other provisions of this Order, the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to Buyer the Lease and Buyer shall be responsible only for the Cure Claim and post-assignment liabilities or defaults under the Lease, and (b) execute and deliver to Buyer such assignment documents as may be reasonably necessary to sell, assign, and transfer the Lease, including the Agreement.

5. Upon payment of the Cure Claim and the Post Closing Amounts, the Buyer shall have no liability or obligation with respect to defaults relating to the Lease arising, accruing, or relating to a period prior to the Effective Date.

6. The COC of the Assumption and Assignment as provided therein shall be deemed good and sufficient notice of such Assumption and Assignment and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

3. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon entry of this Order.

4. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

5. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: June 16th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**