IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et.al.*, [1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 520, 760, 857, 930** |

**DECLARATION OF JEFFREY MORROW IN SUPPORT OF ASSUMPTION AND ASSIGNMENT OF THE ASHEVILLE, NC LEASE TO BURLINGTON**

I, Jeffrey Morrow, hereby declare under penalty of perjury:

1. I am the Senior Vice President of Real Estate for Burlington Stores, Inc. ("Burlington"). I have over 25 years of retail real estate experience. I have been an employee of Burlington for almost 12 years, where I started as a Director of Real Estate and was most recently promoted to Senior Vice President of Real Estate. Prior to joining Burlington, I was a principal at Webcor Retail Advisors, a retail real estate consulting firm for just under 1 year, following a brief 3-month term at Charlotte Russe where I was Vice President of Real Estate. I spent 5 years as the Senior Director of Real Estate for The Children's Place. Before that I was a Director of Real Estate for Regis Corporation for 4.5 years, and a Divisional Manager of Real Estate at RadioShack for just under 3 years. I received a B.A. in Business Communications from the University of North Texas in 2000.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

2. During the course of my career, I gained a broad range of experience across general retail operations, and particularly in real estate development, store planning and lease management and administration operations. I am familiar with the Lease (defined below) at issue here and how such Lease would be utilized by Burlington.

3. I submit this declaration (this "Declaration") in support the Debtors' proposed assumption and assignment of the Asheville, NC lease, including any ancillary agreements thereto (collectively, the "Lease") to Burlington, as outlined in the *Amended First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 930] (the "Designation Notice") pursuant to the designation rights process approved by the *Order (A) Approving and Authorizing Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* [Docket No. 520] (the "Sale Order").[2]

4. Unless otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge. If I were called upon as a witness, I could and would testify competently to the facts set forth herein.

5. Burlington is a nationally recognized off-price retailer with its headquarters in Burlington, New Jersey. Burlington is a Fortune 500 company and its common stock is traded on the New York Stock Exchange under the ticker symbol "BURL." As of the end of the 2024 fiscal year, Burlington operated 1,108 stores, in 46 states, and in Washington D.C. and Puerto Rico, principally under the name "Burlington Stores." Burlington's stores offer an extensive selection of in-season, fashion-focused merchandise at up to 60% off other retailers' prices, including women's ready-to-wear apparel, menswear, youth apparel, baby, beauty, footwear, accessories,

---

[2] Capitalized but undefined terms herein shall have the same meaning ascribed to them in the Sale Order.

home, toys, gifts and coats. Burlington's business model relies on the sort of commercial real estate included within the contemplated transaction.

6. In accordance with the designation rights procedures approved in the Sale Order, the purchaser, GA Joann Retail Partnership, LLC ("GA"), oversaw the sale of the Debtors' remaining lease assets. In connection with that lease sale process, Burlington submitted a bid to GA for a package of forty-six (46) stores. At all times prior to and during the lease sale process, and at all times in the subsequent negotiations with GA that followed, Burlington conducted itself in good faith, without collusion, and consistent with its arm's-length bargaining position. Burlington did not collude with any other bidders or potential purchasers. GA selected Burlington's bid and requested the Debtors designate the Lease for assumption and assignment.

7. Based upon my participation in the process, I believe Burlington is a good faith buyer within the meaning of section 363(m) of the Bankruptcy Code. Burlington is not an "insider" of any Debtor (as defined under section 101(31) of the Bankruptcy Code). Neither Burlington nor the Debtors engaged in any conduct that would cause or permit the contemplated transaction to be avoided, or for any costs or damages to be imposed, under section 363 of the Bankruptcy Code. I believe Burlington is entitled to all of the protections afforded under section 363(m) of the Bankruptcy Code.

8. On April 28, 2025, the Debtors filed their *First Notice of Assumption and Assignment of Certain Executory Contract[s] and/or Unexpired Leases* [Docket 760], which disclosed that Burlington was selected as the successful bidder for forty-five (45) locations. The Debtors amended the Designation Notice on May 16, 2025, to attach the correct proposed order

3

with respect to Burlington's target leases[3] and to extend the objection deadline solely with respect to such revised proposed order.[4]

9.  As is evident from Burlington's consolidated financial statements, available at https://www.burlingtoninvestors.com, Burlington has the financial wherewithal to meet all future obligations under the Lease. Burlington had over $10.6 billion in net sales during the fiscal year ended February, 2025. As of today, Burlington is a tenant in one other shopping center with the Landlord. Burlington is both financially solvent and operationally capable to perform under the Lease and will work cooperatively the Debtors and the Landlord to ensure a smooth transition.

### *Asheville, North Carolina*

10. In response to the Designation Notice, Overlook Village Asheville, LLC (the "Landlord") filed the *Objection of Overlook Village Asheville, LLC to First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 857] (the "Asheville Objection"). In light of the Asheville Objection, Burlington will tailor its use of the store subject to the Lease to comply with the Ross Exclusive. Attached as Exhibit A is an illustrative floor plan prepared by my colleague at my direction depicting one way Burlington can use no more than 15,000 square feet of Leasable Floor Area (as defined in the Lease) for the Off Price Sale (as defined in the Lease) of apparel and/or soft goods to comply with the Ross Exclusive. There are a number of other display configurations and combinations that would similarly comply with the Ross Exclusive.

---

[3] Burlington's target leases were amended to include one additional lease designated to Burlington in the Debtors' *Third Notice of Assumption and Assignment of Certain Executory Contractor and/or Unexpired Leases* [Docket No. 847] filed on May 12, 2025.

[4] *See* Docket No. 930.

11. In fact, beginning in 2020-21 Burlington has transitioned from operating in larger stores (of 50,000+ square feet) to opening in smaller stores, some less than 20,000 square feet, focusing on a flexible footprint and layout in order fit into desired locations. Burlington operates in many other shopping centers with relatively smaller store footprints and subject to sale restrictions similar to the Ross Exclusive. Burlington is also comfortable operating as a co-tenant with Ross Dress for Less and currently does so in two-hundred and seventy-two (272) locations. In short, Burlington intends to fully comply with any exclusivity provisions and/or other use restrictions that are binding upon the Debtors, including the Ross Exclusive, pursuant to the terms of the Lease.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the facts set forth in the foregoing declaration are true and correct to the best of my knowledge, information and belief.

Dated:  June 18, 2025

/s/ *Jeffery Morrow*
Jeffrey Morrow
Senior Vice President of Real Estate
Burlington Stores, Inc.