## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et.al.*, [1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
|  | **Re: D.I. 520, 760, 857, 930, 1004, 1178** |

### BURLINGTON STORES, INC.'S OMNIBUS REPLY TO OBJECTIONS TO BURLINGTON'S ASSIGNMENT AND ASSUMPTION OF DECATUR, GA AND ASHEVILLE, NC LEASES

Burlington Stores, Inc.[2] ("Burlington") states as follows (this "Reply") in response to the objections of (i) Suburban Plaza, LLC (the "Decatur Landlord") [Docket No. 1004] (the "Decatur Objection"), and (ii) Overlook Village Asheville, LLC (the "Asheville Landlord," and together with the Decatur Landlord, the "Landlords") [Docket No. 857] (the "Asheville Objection," and together with the Decatur Objection, the "Objections") regarding certain leases for real property at Store #2412 located at 2655 N. Decatur Road, Decatur, GA (the "Decatur Lease") and Store #2284 located at 80 South Tunnel Road, Suite 30, Asheville, NC (the "Asheville Lease," and together with the Decatur Lease, the "Leases").

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Burlington Stores, Inc. is the parent of the designated Buyer, Burlington Coat Factory Warehouse Corporation, for the Leases (as defined herein) listed in Schedule 2 attached to the *Amended First Notice of Assumption and Assignment of Certain Executory Contacts and/or Unexpired Leases* [Docket No. 930] (the "Notice").

**Preliminary Statement**

1.        Burlington—a nationally recognized off-price retailer and Fortune 500 company—is the successful bidder for the Leases.  Burlington was the successful bidder for forty-six (46) unexpired leases of nonresidential real property from the above-captioned debtors and debtors in possession (collectively, the "Debtors") through the lease asset sale process run by GA Joann Retail Partnership, LLC ("GA"), whose purchase of the designation rights for such lease assets generated significant funds for the benefit of the Debtors' estates.  As such, Burlington has been a valuable partner to the Debtors and to GA.

2.        Burlington stands ready, willing and able to comply with each one of the Leases at issue here.  In the case of Decatur, the Burlington fits squarely within an exception to the asserted exclusive, and thus nothing infringes upon or restricts Burlington's ability to operate under such Lease.  In the case of Asheville, Burlington will operate within the applicable square footage limitations contained in the Lease.  Each of the Landlords however, under written threat of retaliation from Burlington's direct competitor, Ross, has been compelled to object to Burlington's proposed assumption of the Leases.  Here, the Court need not reach the issue of whether the proposed assignment to Burlington should be approved notwithstanding prohibitive exclusivity provisions contained in other leases in the shopping centers—*i.e.*, the Ross Leases— because the proposed assumption complies with the Leases and by extension, the Ross Leases, which were prior-in-time and thus virtually identical.[3]

---

[3]    For the avoidance of doubt, such an argument is wrong and inconsistent with the reasoning and ruling of this Court in similar matters as well as persuasive authority in this and other jurisdictions. *See In re Big Lots, Inc., et al.*, Case No. 24-11967 (JKS) (Bankr. D. Del.), at Docket Nos. 1838 (Transcript re Hearing Held 1/21/2025) and 1951 (Order Authorizing Assumption and Assignment). Burlington does not concede, and in fact, vigorously contests the notion that it must comply with any later-in-time exclusives granted to other tenants in the shopping center to show adequate assurance of future performance under Bankruptcy Code section 365(b)(3)(C) or 365(b)(3)(D).

3.      For this reason, Burlington requests that this Court overrule the Objections and approve the assumption and assignment of the Leases to Burlington.

## **REPLY**

**I.      Burlington Has Shown Adequate Assurance of Future Performance of the Leases as it Will Comply with All Applicable Exclusives.**

### *A.      Decatur Lease.*

4.      The Decatur Lease is subject to a prior-in-time exclusive that restricts the off-price sale of merchandise but permits one off-price retailer to operate within twenty-five thousand (25,000) square feet.  It provides that:

> "no tenant or occupant of the Shopping Center…other than Tenant, may use, and ***Landlord, if it has the capacity to do so, shall not permit any other tenant or occupant to use (a) its premises for the Off Price Sale (as hereinafter defined) of merchandise, provided however, <u>one (1) Off Price Sale retailer shall be permitted a maximum of twenty-five thousand (25,000) square feet of Leasable Floor area in the Shopping Center</u>***…[(c) more than ten thousand (10,000) square feet of Leasable Floor Area of its premises for the sale of apparel.  For purposes of this Section 15.3, "Off Price Sale" shall mean the retail sale of merchandise on an everyday basis at prices reduced from those charged by full price retailers, such as full price department stores….(As of the Effective Date, examples of Off Price Sale retailers include such retailers as T.J. Maxx, Marshall's, A.J. Wright, Fallas Parades, Nordstrom Rack, Goody's, Factory 2U, Burlington Coat, Steinmart, Filene's Basement and Beall's Outlet.) Notwithstanding the provisions of this Section 15.3, the use restrictions set forth in this Section 15.3 shall not apply to or restrict any use, business or operation of (i) Wal-Mart or the TJX Companies, Inc. (or its affiliates) or HomeGoods, Inc. (or its affiliates) (each an "Excluded Tenant"), or (ii) any successor, assign, or subtenant of an Excluded Tenant (each an "Excluded Transferee.")." (the "<u>Ross Exclusive</u>")

Decatur Lease ¶ Exh. F (emphasis added).

5.      Burlington's proposed usage falls squarely within this restriction, as the premises is smaller than 25,000 square feet in total and will have less than 10,000 square feet dedicated to

the sale of apparel.  As the Decatur Landlord has confirmed, none of the other tenants within the

shopping center are off-price retailers.  *See* Objection at ¶ 7.  In short, the proposed assignment

to Burlington plainly does not violate the Ross Exclusive contained in the Decatur Lease, Ross's

letter notwithstanding.[4]  Moreover, the Decatur Lease contains language which expressly makes

enforcement of the Ross Exclusive subject to the Decatur Landlord's "capacity."   Entry of an

order denying the Decatur Objection here will shield the Decatur Landlord from collateral attack

by Ross following entry of a Court order authorizing the instant assumption. *See In re Bed Bath

& Beyond, Inc.*, Case No. 23-13359 (VFP) (Bankr. D. N.J. 2023), 8/30/2023 Hr'g Tr., Docket

No. 2115 at pgs. 125-126 (explaining that the assumption and assignment of the lease is a

judicial action that may render the landlord unable to comply with the restriction contained in

another lease and the law would excuse performance that has been rendered legally impossible).

Regardless, the Decatur Landlord, and/or by extension Ross, does not (and should not) have the

ability to prevent the Debtors from exercising their right to assume and assign the Decatur Lease

to Burlington given Burlington's adequate assurance of performance under the Decatur Lease.

> **B.**    ***Asheville Lease.***

6.     The Asheville Lease is also subject to a prior-in-time exclusive that restricts the

off-price sale of apparel and/or soft goods.  It provides that:

> "No tenant or occupant of the Shopping Center (other than Tenant)
> may use, and ***Landlord shall not permit any other tenant or
> occupant of the Shopping Center to use in excess of fifteen
> thousand (15,000) square feet of Leasable Floor Area of its
> premises for the Off Price Sale of apparel and/or soft goods***.  For
> purposes of this restriction "Off-Price Sale" shall mean the retail
> sale or display of apparel and/or soft goods on an every day basis

---

[4]    *See In re Martin Paint Stores*, 199 B.R. 258, 264 (Bankr. S.D.N.Y. 1996), *aff'd sub nom.*, *S. Blvd., Inc. v. Martin Paint Stores*, 207 B.R. 57 (S.D.N.Y. 1997) ("Section 365 aims to ensure that the landlord receives the benefit of his bargain, and looks, therefore, to the prejudice to the landlord. It does not deal with a third party's benefit of its own bargain with the landlord, and Persuasion's position is analogous to the creditor of a creditor.").

at prices reduced from those charged by full price retailers, such as full price department stores (i.e., J.C. Penny, Kohl's)….As of the Effective Date, examples of Off Price Sale retailers include such retailers as T.J. Maxx, Marshall's [,]Nordstrom Rack, Factory 2U, Burlington Coat, Steinmart, and Filene's Basement.)." (the "Ross Exclusive")

Asheville Lease ¶ Exh. F (emphasis added).  The proposed assignment to Burlington will not violate the Ross Exclusive or any other exclusive right in Asheville to which the Asheville Lease is subject.  Specifically, Burlington has agreed to restrict its sale of off-price apparel and/or soft goods to fifteen thousand (15,000) square feet to comply with the Ross Exclusive within the Asheville Lease.  *See* Asheville Declaration at 10 [Docket No. 1178].  As such, the proposed assignment to Burlington will not violate the Ross Exclusive contained in the Asheville Lease. Here too, an order from this Court authorizing the assignment to Burlington will insulate the Ashville Landlord from collateral attack by Ross following entry of a Court order authorizing the instant assumption, but in any event, there is no basis to oppose the proposed assignment to Burlington.

7.      The Objections should be overruled, and the assignment of the Leases should be approved.

*[Signature page follows]*

Dated: June 18, 2025

/s/ *Marcy J. McLaughlin Smith*

**WOMBLE BOND DICKINSON (US) LLP**
Matthew P. Ward (DE Bar No. 4471)
Marcy J. McLaughlin Smith (DE Bar No. 6184)
1313 North Market Street, Suite 1200
Wilmington, DE 19801
Telephone: (302) 252-4320
Facsimile: (302) 252-4330
Email: matthew.ward@wbd-us.com
        marcy.smith@wbd-us.com

-and-

**JACKSON WALKER LLP**
Kristhy M. Peguero (TX Bar No. 24102776)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email:   kpeguero@jw.com

Jennifer F. Wertz (TX Bar No. 24072822)
100 Congress Ave., Suite 1100
Austin, TX 78701
Telephone: (512) 236-2247
Email:   jwertz@jw.com

William Farmer (TX Bar No. 24127156)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-5859
Email:  wfarmer@jw.com

*Co-Counsel for Burlington Stores, Inc.*