## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.,* [1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1051**<br><br>**Hearing Date: July 10, 2025 at 10:00 a.m. (ET)**<br>**Objection deadline June 20, 2025 at 4:00 p.m. (ET)** |

### RESPONSE OF SINCERE CREATES & MANUFACTURES LIMITED TO DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)

Creditor Sincere Creates & Manufactures Limited ("SCML"), by and through its undersigned counsel, files this response in opposition to the *Debtors' First Omnibus Objection to Certain Claims (Substantive)* (the "First Omnibus Objection") [D.I. 1051]. In support of the Response, SCML states as follows:

### BACKGROUND

1.　On January 15, 2025 (the "Petition Date"), Joann Inc. and affiliated entities, including Jo-Ann Store, LLC (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

2.　SCML is a seller of artificial floral and greenery products, and was a vendor that provided goods to Debtor Jo-Ann Stores, LLC prior to the Petition Date.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

1

3. On January 21, 2025, SCML timely filed a proof of claim (the "Claim") via UPS to Kroll Restructuring Administration LLC, 850 Third Avenue, Suite 412, Brooklyn NY, 11232. The total Claim amount asserted against Debtor Jo-Ann Stores, LLC was $402,089.97 of which $42,044.19 was asserted as an administrative priority claim pursuant to 11 U.S.C. § 503(b)(9) of the Bankruptcy Code. The remaining portion of the Claim was asserted as a general unsecured claim. The Claim filing was comprised of the proof of claim form and 190 pages of supporting documentation, including 28 corresponding purchase orders, invoices, freight forwarder cargo receipts, open account payment instructions issued by Bank of America, and a four-page cover letter from Benjamin Lam, Vice President of SCML. The cover letter summarized the contents of the Claim submission and provided a table identifying the purchase orders and invoices (by number and amount) comprising both the total Claim amount and Section 503(b)(9) claim amount.

4. Kroll Restructuring Administration marked the Claim (No. 373) "received" on January 22, 2025 and returned a date stamped copy to SCML.

5. On March 5, 2025, the Court entered an Order [D.I. 561] setting bar dates for filing proofs of claim, including claims under Section 503(b)(9). The Order set the General Bar Date for filing proofs of claim, including requests for payment under Section 503(b)(9), as April 4, 2025 at 11:59 PM prevailing Eastern Time, and set forth the substantive requirements for proofs of claim in Section V thereof.

6. On May 30, 2025, the Debtors filed the First Omnibus Objection. SCML's Claim is listed at no. 26 on Exhibit 2 to the Proposed Order ("No Liability Claims"). Section B, par. 16-18 of the First Omnibus Objection addresses "No Liability Claims." The Debtors asserted in the in Section B that:

> Upon review of the Debtors' books and records, along with the No Liability Claims and their supporting materials (if any), the Debtors have determined that the applicable Debtor against whom such No Liability Claim is asserted is not liable

for each No Liability Claim.  The specific basis for the Debtors' objection to each No Liability Claim is further explained in Exhibit 2 to the Proposed Order.

First Omnibus Objection, par. 17.

7.     On Exhibit 2 to the Proposed Order, the reason stated for disallowance of SCML's Claim was "[t]he Debtors are not liable for the claim per a review of the claimant's proof of claim, the documents attached thereto, and a reasonable review of the Debtors' books and records."

## RESPONSE

8.     A proof of claim signed and filed in accordance with the Bankruptcy Rules is prima facie evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f); see, e.g., *In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011). The objector must then "produce evidence equal in force to the prima facie case." *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992). Boiler-plate objections without evidence or analysis are insufficient for such a rebuttal. *See In re Coppedge*, 555 B.R. 456, 458, 460 (Bankr. M.D. Pa. 2016) (overruling "boiler-plate" objections even where no response to claim objection was filed). The challenger must rebut the presumption of validity with affirmative proof, and more than a mere general assertion is necessary to overturn the presumption. *See In re Colorado Corp.,* 531 F.2d 463, 467 (10th Cir. 1976); *In re Lampe*, 665 F.3d at 514. On the whole, "[a]n objecting party 'bears the initial burden of production and must provide evidence showing the claim is legally insufficient' under 11 U.S.C. § 502." *In re Lehman Bros. Holdings, Inc.,* 519 B.R. 47, 53 (Bankr. S.D.N.Y. 2014) (quoting *Alsohaibi v. Arcapita Bank B.S.C.(c) (In re Arcapita Bank B.S.C.(c)),* 508 B.R. 814, 817 (S.D.N.Y. 2014)).

9.     In the present case, the Debtors have not met their burden. The First Omnibus Objection, as to SCML's Claim, is based solely on a conclusory assertion that the Debtors have "no liability" without providing any claim-specific factual or legal explanation.  While Section B of the First Omnibus Objection states that "[t]he specific basis for the Debtors' objection to each

No Liability Claim is further explained in Exhibit 2 to the Proposed Order, " no such *specific* basis is actually provided. The stated reason for disallowance that appears in Exhibit 2 to the Proposed Order is the same verbatim sentence that was provided for all twenty-six "No Liability" claims that were objected to by the Debtors: "The Debtors are not liable for the claim per a review of the claimant's proof of claim, the documents attached thereto, and a reasonable review of the Debtors' books and records."

10. The First Omnibus Objection is devoid of any Claim-specific information supportive of the objection to SCML's Claim. It offers only vague and conclusory statements regarding Debtors' "no liability" determination and provides no indication whatsoever as to why or how the claim is defective.

11. SCML also questions the basis upon which the Debtors contend "the Debtors are not liable for the claim per a . . . reasonable review of the Debtors' books and records." The Debtors' have scheduled "Sincere Creates & Manufactures Ltd" (same company name with the same address listed) as holding an undisputed general unsecured claim against Debtor Jo-Ann Stores, LLC in the amount of $381,029.97. See Schedule Number 6286330. Certainly, SCML's Claim is not a "No Liability" claim.

12. Given that the Debtors' First Omnibus Objection has failed to rebut the presumption of validity of SCML's Claim with any specific evidence, and considering the boilerplate "reason for disallowance" language included in Exhibit 2 to the Proposed Order is blatantly contradicted by the Debtors having scheduled a claim for SCML in the amount of $381,029.97, the First Omnibus Objection, as to SCML's claim, should be overruled.

**RESERVATION OF RIGHTS**

13. SCML reserves the right to supplement and/or amend this Response on any basis and to make such other and further objections to the relief sought in the First Omnibus Objection as may be appropriate.

**WHEREFORE**, it is respectfully requested that the Court overrule the First Omnibus Objection as to SCML's Claim, deny the relief sought therein as to the SCML Claim, allow SCML's Claim No. 373 in full, and grant such other and further relief as the Court deems appropriate.

Dated: June 19, 2025
Wilmington, Delaware

Respectfully submitted,

**AUSTRIA LEGAL, LLC**

*/s/ Matthew P. Austria*
Matthew P. Austria (DE No. 4827)
1007 N. Orange Street, 4th Floor
Wilmington, Delaware 19801
Telephone: (302) 521-5197
Facsimile: (302) 291-1722
Email: maustria@austriallc.com

***Counsel for Sincere Creates & Manufactures Limited***