## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANNE INC., *et al.*[1] | ) Case No.  25-10068 (CTG) |
| | )  (Jointly Administered) |
| | ) |
| Debtors. | ) |
| | ) Related to Docket No. 1051 |
| _____ | ) |

### DMC CORPORATION'S RESPONSE AND OBJECTON TO DEBTORS' FIRST OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)

Claimant, **DMC CORPORATION** ("Claimant" and/or "DMC"), respectfully submits the following Response and Objection to the Debtors' First Omnibus Objection to Certain Claims (Substantive)(Reduced and Reclassified Claims, No Liability Claims, Reclassified Claims) [D.I. 1051].

## I.     BACKGROUND

**General**

1.     On January 15, 2025, each of the Debtors commenced a voluntary case under chapter 11 of the Bankruptcy Code (the "Petition Date").

2.     The Debtors' cases are being jointly administered under Case No. 25-10068 (CTG) pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1. *See Order (I) Directing the Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [D.I. 103] (the "Joint

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

Administration Order").

**The Proof of Claim**

3.      On or about March 28, 2025, Claimant filed a Proof of Claim alleging Debtors owed Claimant $936,200.78 comprised of $630,478.30 as a priority claim and $305,722.48 as a general unsecured claim.  A true and correct copy of the Proof of Claim is attached hereto and marked as **Exhibit A**.

4.      On or about May 30, 2025, Debtors' submitted their First Omnibus Objection to Certain Claims (the "First Omnibus Objection") which asserted, inter alia, that *"[the] Debtors have reviewed the Reduced and Reclassified Claims and any related supporting documentation provided by each applicable claimant, along with the Debtors' books and records, and have determined that the Reduced and Reclassified Claims should instead be reduced in amount and be reclassified as either: (i) a partial 503(b)(9) claim and partial non-priority general unsecured claim…[t]he Reduced and Reclassified Claims have been overstated by the claimants and do not relate to goods received by the Debtors within 20 days of the Petition Date and are therefore not entitled to the asserted amount and administrative status under section 503(b)(9) of the Bankruptcy Code."* **First Omnibus Objection** at ¶14.  The Objection then urges that said claims, including DMC's, be reduced and reclassified.  *Id.* at ¶15.

5.      The only specific allegation directed at DMC's claim is found in Exhibit 1 to the First Omnibus Objection, setting forth claims asserted to have been reduced and reclassified.  In the section for DMC's claim, the following is alleged: "Modified priority reflects liabilities that were asserted as 503(b)(9) status, which are ineligible for such classification and shall be modified to a general unsecured claim.  **First Omnibus Objection, Exhibit 1, p. 1**.

## II.      JURISDICTION

6.      The Bankruptcy Court continues to have jurisdiction over this matter and DMC agrees that venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware, DMC consents to the entry of a final order by the Court in connection with the First Omnibus Objection to the extent it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## III.     RELIEF REQUESTED

7.      As will be shown below and in the attached Declaration, the Objection is factually and legally incorrect, and accordingly, the objection and reclassification of DMC's claim should be overruled and DMC's claim should be allowed to stand as a § 503(b)(9) claim in the amount of $630,478.30 and as a general unsecured claim in the amount of $305,722.48.

## IV.     BASIS FOR RELIEF REQUESTED

8.      When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. See *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992); see also *In re Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where the claimant alleges sufficient facts to support its claim, its claim is afforded prima facie validity. *In re Allegheny Int 'l, Inc.*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity. *Id.* In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id.* at 173-74.  Once the objecting part

produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id.* at 174.

9.  DMC has set forth sufficient facts to support its claim as follows:

a.  As of the commencement date, DMC had provided goods and services to Joanne Stores, Inc. ("Joanne") for which Joanne had failed to pay;

b.  As of the commencement date, the amount owed by Joanne to DMC was $936,200.78.  DMC's claim as filed with this Court asserted $630,478.30 as a 503(b)(9) claim, as this represented goods delivered to Joanne within twenty (20) days before the commencement date, and the balance of $305,722.48, which represented earlier amounts due and owing as a general unsecured claim.  *See* **Exhibit A**.

10.  In fact, the First Omnibus Objection fails to overcome DMC's *prima facie* showing, in that there is no evidence put in record that, as the Objection states, DMC's 503(b)(9) claim is *"ineligible for such classification and shall be modified to a general unsecured claim."* **First Omnibus Objection, Exhibit 1, p. 1**.

11.  However, even assuming the First Omnibus Objection sufficiently shifts the burden back to DMC, DMC can still meet its burden by a preponderance of evidence.

**V.    CLAIMANT'S CLAIM IS PROPERLY BROUGHT UNDER §503(b)(9)**

12.  Claimant timely objects to the First Omnibus Objection.

13.  Under 11 U.S.C. § 503(b)(9), a claim is entitled to administrative priority to the extent it represents "the value of any goods received by the debtor within 20 days before the commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business."

14. DMC has set forth sufficient facts to support its claim in the total amount of $936,200.78. These are as follows:

**Unsecured Claim:**

Joanne's purchase orders and related DMC invoices for goods and services provided to Joanne represent the general unsecured portion of DMC's claim in the amount of $305,722.48. *See* **Exhibit A**.

| Customer | Name | Invoice | Invoice Date | Delivery Date | Carrier | Due Date | Sales Order | Customer PO Number | BOL # | POD # | Invoice Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00000000323300 | JOANN STORES, INC. | 00000000574375 | 9/30/2024 | | | 12/29/2024 | 00000001910343 | 0174234608 | | | 13,557.84 |
| 00000000323300 | JOANN STORES, INC. | 00000000574376 | 9/30/2024 | | | 12/29/2024 | 00000001915263 | 0174405629 | | | 43,133.74 |
| 00000000323300 | JOANN STORES, INC. | 00000000574377 | 9/30/2024 | | | 12/29/2024 | 00000001910342 | 0174234224 | | | 13,451.48 |
| 00000000323300 | JOANN STORES, INC. | 00000000574378 | 9/30/2024 | | | 12/29/2024 | 00000001915264 | 0174405827 | | | 27,137.26 |
| 00000000323300 | JOANN STORES, INC. | 00000000574380 | 9/30/2024 | | | 12/29/2024 | 00000001910341 | 0174234686 | | | 19,281.62 |
| 00000000323300 | JOANN STORES, INC. | 00000000574381 | 9/30/2024 | | | 12/29/2024 | 00000001915265 | 0174406085 | | | 56,855.56 |
| 00000000323300 | JOANN STORES, INC. | 00000000581498 | 10/22/2024 | | | 1/20/2025 | 00000001941995 | 0175306163 | | | 40,025.46 |
| 00000000323300 | JOANN STORES, INC. | 00000000581536 | 10/23/2024 | | | 1/21/2025 | 00000001941997 | 0175311791 | | | 44,203.62 |
| 00000000323300 | JOANN STORES, INC. | 00000000581537 | 10/23/2024 | | | 1/21/2025 | 00000001941996 | 0175309967 | | | 40,971.54 |
| 00000000323300 | JOANN STORES, INC. | 00000000582928 | 10/24/2024 | | | 1/22/2025 | 00000001929987 | 0174921118 | | | 170.64 |
| 00000000323300 | JOANN STORES, INC. | 00000000583009 | 10/24/2024 | | | 1/22/2025 | 00000001909993 | 0174921215 | | | 318.60 |
| 00000000323300 | JOANN STORES, INC. | 00000000583548 | 10/31/2024 | | | 1/29/2025 | 00000001952168 | 0175706257 | | | 3,571.56 |
| 00000000323300 | JOANN STORES, INC. | 00000000583549 | 10/31/2024 | | | 1/29/2025 | 00000001952169 | 0175706378 | | | 2,267.40 |
| 00000000323300 | JOANN STORES, INC. | 00000000583550 | 10/31/2024 | | | 1/29/2025 | 00000001952167 | 0175705138 | | | 776.16 |
| | | | | | | | | | | | **305,722.48** |

**Administrative Priority Claim:**

Joannes purchase orders, related DMC invoices and proof of delivery for DMC's goods and services were delivered to and accepted by Joanne on December 30, 2024; January 3, 2025; and January 9, 2025, all within twenty (20) days prior to the commencement date, and as such are entitled to priority treatment under 11 U.S.C. § 503(b)(9) in the amount of $630,478.30. *See* **Exhibit A**.



| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 00000000323300 | JOANN STORES, INC. | 00000000607342 | 12/30/2024 | 1/3/2025 | Ward Trucking | 3/30/2025 | 00000001964605 | 0176344475 | 52914 | 023-0808383 | 58,896.00 |
| 00000000323300 | JOANN STORES, INC. | 00000000607343 | 12/30/2024 | 1/3/2025 | Ward Trucking | 3/30/2025 | 00000001964610 | 0176344476 | 52914 | 023-0808383 | 81,674.40 |
| 00000000323300 | JOANN STORES, INC. | 00000000607344 | 12/30/2024 | 1/3/2025 | Ward Trucking | 3/30/2025 | 00000001964491 | 0176344481 | 52914 | 023-0808383 | 82,149.34 |
| 00000000323300 | JOANN STORES, INC. | 00000000607346 | 12/30/2024 | 1/3/2025 | Ward Trucking | 3/30/2025 | 00000001939367 | 0176344950 | 52914 | 023-0808383 | 17,756.40 |
| 00000000323300 | JOANN STORES, INC. | 00000000607357 | 12/30/2024 | 12/30/2024 | Ward Trucking | 3/30/2025 | 00000001959366 | 0176044849 | 52913 | 023-0808384 | 51,498.72 |
| 00000000323300 | JOANN STORES, INC. | 00000000607358 | 12/30/2024 | 12/30/2024 | Ward Trucking | 3/30/2025 | 00000001964604 | 0176344474 | 52913 | 023-0808384 | 91,054.72 |
| 00000000323300 | JOANN STORES, INC. | 00000000607359 | 12/30/2024 | 1/9/2025 | Ward Trucking | 3/30/2025 | 00000001964612 | 0176344482 | 52915 | 023-0635389 | 62,055.12 |
| 00000000323300 | JOANN STORES, INC. | 00000000607360 | 12/30/2024 | 1/9/2025 | Ward Trucking | 3/30/2025 | 00000001964614 | 0176344484 | 52915 | 023-0635389 | 72,424.72 |
| 00000000323300 | JOANN STORES, INC. | 00000000607361 | 12/30/2024 | 1/9/2025 | Ward Trucking | 3/30/2025 | 00000001964613 | 0176344483 | 52915 | 023-0635389 | 93,531.08 |
| 00000000323300 | JOANN STORES, INC. | 00000000607427 | 12/30/2024 | 1/9/2025 | Ward Trucking | 3/30/2025 | 00000001959368 | 0176044651 | 52915 | 023-0635389 | 19,437.80 |
| | | | | | | | | | | | **630,478.30** |

15.     Based on the foregoing, there is no doubt that the goods and services referred to in paragraph 14 above were delivered to Joanne within the administrative window.  Accordingly, Joanne had possession of these items within that time, and DMC's evidentiary burden is satisfied, as is the legal requirement of physical possession by Joanne.  *See, e.g., In re: SRC Liquidation, LLC*, 573  B.R. 537 (Bankr. D. Del. 2017) (goods must be physically received by the debtor within the administrative period for § 503(b)(9) administrative priority to apply); *In re: World Imports, Ltd.*, 862 F.3d 338 (3d Cir. 2017) (same); *See also In re: Wezbra Dairy, LLC*, 493 B.R. 768 (Bankr. N.D. Ind. 2013) and *In re: Circuit City Stores, Inc.*, 432 B.R. 225 (Bankr. E.D. Va. 2010) (holding that goods are "received" under section 503(b)(9) when they come into the debtor's physical possession, rather than when title to the goods transfers to the debtor).

## III.    RESERVATION OF RIGHTS AND JOINDER

16.     Claimant reserves its right to assert claims against the Debtors for amounts not contemplated by this Response and to amend, modify and/or supplement this request, as appropriate under the circumstances.

WHEREFORE, the claimant, DMC Corporation respectfully requests that the First Omnibus Objection of the Debtors, insofar as such Objection relates to claimant DMC's claim, be denied and DMC's claim be allowed to stand as submitted on March 26, 2025, and filed with this Court on March 28, 2024, and for such other and further relief as the Court deems just and proper.

Dated:   June 20, 2025                    **REGER RIZZO & DARNALL LLP**

                                          */s/ Louis J. Rizzo, Jr., Esquire*
                                          Louis J. Rizzo, Jr., Esquire (#3374)
                                          Brandywine Plaza West
                                          1521 Concord Pike, Suite 305
                                          Wilmington, DE 19803
                                          (302) 477-7100
                                          *Attorney for Claimant, DMC Corporation*

**CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies on this 20th day of June 2025, that a true and correct copy of the foregoing was caused to be served upon all parties required to receive notice pursuant to De. Bankr. LR 4001-1 via this Court's ECF filing system:

**BY ELECTRONIC MAIL**:

| | |
|---|---|
| Michael E. Fitzpatrick<br>Jack M. Dougherty<br>Stacy L. Newman<br>Patrick J. Reilley<br>Cole Schotz P.C.<br>500 Delaware Avenue, Suite 1410<br>Wilmington<br>Wilmington, DE 19801 | Olivia F. Acuna<br>Joshua A. Sussberg<br>Aparna Yenamandra<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, NY 10022 |
| William E. Arnault<br>Lindsey Blumenthal<br>Brigit Crosbie<br>Jeffrey T. Michalik<br>Anup Sathy<br>Michael C. Whalen<br>KIRKLAND & ELLIS LLP<br>333 West Wolf Point Plaza<br>Chicago, IL 60654 | Alex Ingoglia<br>KIRKLAND & ELLIS LLP<br>4550 Travis Street<br>Dallas, TX 75205 |
| Malcolm M. Bates, Esquire<br>Office of the United States Trustee<br>U.S. Department of Justice<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | James E O'Neill<br>Bradford J. Sandler<br>Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, DE 19801 |
| Benjamin Joseph Steele<br>Kroll Restructuring Administration LLC<br>(F/K/A Prime Clerk LLC)<br>850 Third Avenue<br>Suite 412<br>Brooklyn, NY 11232 | Jason R. Adams<br>Andres Barajas<br>Connie Y. Choe<br>William M. Gyves<br>Maeghan J. McLoughlin<br>Randall L. Morrison<br>Eric R. Wilson<br>Kelley Drye & Warren LLP<br>3 World Trade Center<br>175 Greenwich Street<br>New York, NY 10007 |

**REGER RIZZO & DARNALL LLP**

*/s/ Louis J. Rizzo, Jr., Esquire*
Louis J. Rizzo, Jr., Esquire (#3374)
Brandywine Plaza West
1521 Concord Pike, Suite 305
Wilmington, DE 19803
(302) 477-7100
*Attorney for Claimant, DMC Corporation*