## EXHIBIT A

Proposed Omnibus Fee Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*, | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 895, 896, 897, 919, 967, 968 and ___** |

**FIRST OMNIBUS ORDER APPROVING INTERIM FEE APPLICATIONS FOR
ALLOWANCE AND PAYMENT OF COMPENSATION FOR PROFESSIONAL
SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED**

Upon consideration of the interim fee applications [Docket Nos. 895, 896, 897, 919, 967 and 968] (each an "Interim Fee Application" and collectively, the "Interim Fee Applications") of various professionals (each a "Professional" and collectively, "Professionals") retained in the chapter 11 cases of the above-captioned debtors, for the interim allowance of compensation, including all holdbacks, and reimbursement of expenses, as set forth in **Exhibit 1**, related to services performed during the scope of each Professional's retention in the above-captioned chapter 11 cases, including the period from January 15, 2025 through and including March 31, 2025 (the "Interim Compensation Period"), filed in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "Interim Compensation Order"); and the Court having reviewed the Interim Fee Applications; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; (b) notice of the Interim Fee Applications and the hearing thereon was adequate under the circumstances; (c) all parties with notice of the Interim Fee Applications have been afforded the opportunity to be heard on the Interim Fee Applications; and (d) all of the procedural requirements of 11 U.S.C. §§ 327, 328, 330, 331 and 503(b), Bankruptcy Rule 2016, and Local Rule 2016-1 have been

satisfied; and after due deliberation and sufficient and good cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1.        Each Interim Fee Application is GRANTED and APPROVED as set forth herein.

2.        Each of the Professionals is allowed compensation on an interim basis for services rendered and reimbursement of actual and necessary expenses incurred during the Interim Compensation Period in the amounts set forth on **Exhibit 1**.

3.        To the extent not already paid pursuant to the Interim Compensation Order, each Professional shall be paid one-hundred percent (100%) of the fees and one-hundred percent (100%) of the expenses listed on **Exhibit 1** under the column labeled "Total Amount of Fees and Expenses Approved Under this Order" that have not yet been paid in satisfaction of the allowed fees and expenses for services rendered and expenses incurred during the Interim Compensation Period.

4.        This Order shall be deemed a separate order with respect to each Interim Fee Application. Any stay of this Order pending appeal with respect to any one Professional shall only apply to the particular Professional that is subject to such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any other of the Professionals.

5.        This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and/or enforcement of this Order.

**<u>EXHIBIT 1</u>**

**Interim Fee Applications for the Period from
January 15, 2025 through and including March 31, 2025
JOANN Inc., *et al.*
Case No. 25-10068 (CTG)**

| Professional, Title, and Docket Number | Interim Compensation Period | Interim Fees Requested | Interim Expenses Requested | Total Amount of Fees and Expenses Approved Under this Order |
|---|---|---|---|---|
| **Cole Schotz P.C.** <br> *Co-Counsel to the Debtors* <br> Docket No. 968 | 1/15/2025 – 3/31/2025 | $576,281.50 | $7,688.52 | $580,740.02[1] |
| **Kirkland & Ellis LLP** <br> **Kirkland & Ellis International LLP** <br> *Co-Counsel to the Debtors* <br> Docket No. 967 | 1/15/2025 – 3/31/2025 | $8,776,015.00 | $142,343.59 | $8,918,358.59[2] |
| **Kroll Restructuring Administration LLC** <br> *Administrative Advisor to the Debtors* <br> Docket No. 919 | 1/15/2025 – 3/31/2025 | $4,719.19 | $0.00 | $4,719.19 |
| **Kelley Drye & Warren LLP** <br> *Counsel to the Committee* <br> Docket No. 895 | 1/30/2025 – 3/31/2025 | $2,204,098.50 | $22,665.92 | $2,224,530.29[3] |
| **Pachulski Stang Ziehl & Jones LLP** <br> *Co-Counsel to the Committee* <br> Docket No. 896 | 1/31/2025 – 3/31/2025 | $335,121.00 | $3,326.46 | $333,372.96[4] |
| **Province, LLC** <br> *Financial Advisor to the Committee* <br> Docket No. 897 | 1/30/2025 – 3/31/2025 | $840,132.00 | $1,580.46 | $841,712.46 |
| **TOTAL** | **N/A** | **$12,736,367.19** | **$177,604.95** | **$12,903,433.51** |

[1] Reflects voluntary reductions by Cole Schotz P.C. in the aggregate amount of $3,230.00 based on informal comments received from the U.S. Trustee.

[2] Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $37,430.08 ($21,963.00 in fees and $15,467.08 in expenses) based on informal comments received from the U.S. Trustee.

[3] Reflects voluntary reductions by Kelley Drye & Warren LLP in the aggregate amount of $2,234.13 ($2,190.00 in fees and $44.13 in expenses) based on informal comments received from the U.S. Trustee.

[4] Reflects voluntary reductions by Pachulski Stang Ziehl & Jones LLP in the aggregate amount of $5,074.50 based on informal comments received from the U.S. Trustee.