## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: D.I. 929, 1234** |
| | **Hearing Date: To be determined**<br>**Objection Deadline: July 7, 2025, at 4:00 p.m. (ET)** |

### MOTION OF AFP ROCKRIDGE 2019, LLC FOR LEAVE TO FILE A LATE OBJECTION TO THE FIFTH NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACT[S] AND/OR UNEXPIRED LEASES

AFP Rockridge 2019, LLC ("Landlord"), by and through its undersigned counsel, respectfully moves as follows (this "Motion for Leave"):

### RELIEF REQUESTED

1. By this Motion for Leave, Landlord moves the Court for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), granting it leave to file the objection (the "Objection") (D.I. 1234) filed contemporaneously herewith to the *Fifth Notice of Assumption and Assignment of Certain Executory Contract[s] [sic] and/or Unexpired Leases* (D.I. 929) (the "Assignment Notice").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection or Assignment Notice.

## BACKGROUND

2.      On May 16, 2025, the Debtors filed and served the Assignment Notice, seeking to assume and assign that certain unexpired nonresidential real property lease dated February 8, 1994 between Jo-Ann Stores, LLC and AFP Rockridge 2019, LLC to Dollar Tree Stores, Inc. ("Dollar Tree").

3.      Landlord's address for all written correspondence is: 4010 82nd Street, Suite 100, Lubbock, TX 79423.  However, it has come to Landlord's attention that the Debtors have been mailing all notices of filings in these cases to Landlord's prior address: 5307 W. Loop 289, Suite 302 P.O. Box 65207, 79464 (Mailings) Lubbock, TX 79414.  As a result, Landlord never received notice of the Assignment Notice, nor notice of these bankruptcy proceedings in the first instance.

4.      After learning through word of mouth, on June 6, 2025, that the Debtors had filed for bankruptcy, Landlord conducted a thorough review of the docket in these cases and discovered that the Lease was included on the Assignment Notice.  Thereafter, Landlord retained the undersigned counsel on or about June 10, 2025.

5.      The deadline to object to the proposed assumption and assignment of the Lease was May 30, 2025 (the "Objection Deadline").  Given the deficiency in notice and counsel's expeditious retention, Landlord, through counsel, requested that the Debtors reset the Objection Deadline to the Assignment Notice.  As of the filing of this Motion, however, the Debtors have not responded to the extension request notwithstanding the notice deficiency, nor has Dollar Tree agreed to an extension of the time for the Landlord to object to the Assignment Notice without condition.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction to consider this Motion for Leave pursuant to 28 U.S.C. §§ 157 and 1334(b), and the Amended Standing Order of Reference from the United States District Court for the District of Delaware dated as of February 29, 2012.

7.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

8.      Venue of these cases and the Motion for Leave is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

9.      Landlord consents, pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by this Court in connection with this Motion for Leave to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

10.     The basis for the relief requested herein is section 105(a) of title 11 of the United States Code (the "Bankruptcy Code") and rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## BASIS FOR RELIEF REQUESTED

11.     Bankruptcy Rule 9006(b)(1), in relevant part, provides as follows:

> *In General.* This paragraph (1) applies when these rules, a notice given under these rules, or a court order requires or allows an act to be performed at or within a specified period.  Except as provided in (2) and (3), the court may-at any time and for cause-extend the time to act if . . . (B) on motion made after the specified period expires, the failure to act within that period resulted from excusable neglect.

Fed. R. Bankr. P. 9006(b)(1).

12.     Section 105(a) of the Bankruptcy Code provides in pertinent part that the Court may issue any order that is "necessary or appropriate" to carry out the provisions of the Bankruptcy Code.  11 U.S.C. § 105(a).

13.     The determination of whether neglect to file a timely objection is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  The Supreme Court has held that courts should consider (i) the danger of prejudice to the debtor, (ii) the length of the delay and its potential impact on judicial proceedings, (iii) the reason for the delay, including whether it was within the reasonable control of the movant, and (iv) whether the movant acted in good faith.  *Id.*  The balance of the foregoing factors weighs in favor of permitting Landlord to file the Objection.

**I.      The Debtor Will Not Be Prejudiced by Allowing Landlord to File the Objection.**

14.     The Debtors will not be prejudiced by allowing Landlord to file the Objection.  On June 10, 2025, Landlord, through counsel, brought the deficiency of the service of the Assignment Notice to the Debtors' attention and asked that the 14-day Objection Deadline be reset to allow time to prepare any necessary objection to the assignment.  The Debtors have failed to respond to the extension request.  Notwithstanding, on June 16, 2025, the Debtors filed a revised form of order removing the Lease from the proposed order granting assumption (the "Proposed Assumption Order") in order to address "informal comments" received from Landlord's counsel (D.I. 1168).  Eight other leases were also removed from the Proposed Assumption Order to address unresolved issues.

15.     Further, the Assignment Notice has not been scheduled for hearing. Accordingly, the Debtors will have an appropriate amount of time to respond to the Objection prior to any hearing on the Assignment Notice.

## II.    The Length of the Delay Will Have Little Impact on these Chapter 11 Cases.

16.     "[T]he court should consider the length of delay in absolute terms." *In re Garden Ridge Corp.*, 348 B.R. 642, 646 (citing *In re O'Brien Env't Energy, Inc.*, 188 F.3d 116, 130 (3d Cir. 1999)).  The actual length of the delay is 21 days.  However, allowing Landlord to file the Objection now will have little impact on these chapter 11 cases.  The Debtors' process of assuming, assuming and assigning, and rejecting leases is still underway and many of the proposed lease assignments to Dollar Tree Stores, Inc., as assignee, have not yet closed.  As discussed, with respect to the Assignment Notice alone, eight other leases were removed from the Proposed Assumption Order to address unresolved issues.  Addressing the Objection at this time will not be the "straw that breaks the camels back," so to speak.

## III.    The Delay in Filing the Objection is Due to Deficient Notice of the Assignment Notice.

17.     In examining the reason for the delay in filing an objection, the debtor's role is essential in determining whether the claimant's neglect was excusable.  *O'Brien*, 188 F.2d at 128-29; *see also Chemetron Corp. v. Jones*, 72 F.3d 341, 350 (3d Cir.1995) (remanding issue of analysis of excusable neglect under *Pioneer* standard to bankruptcy court upon finding that bankruptcy court and district court failed to adequately consider, *inter alia*, debtor's role in contributing to delay).

18.     As mentioned above, the Debtors sent notice of the Assignment Notice to the wrong address.  *See* D.I. 929.  However, the Debtors were previously put on notice of Landlord's change in address as of July 30, 2024 (the "Change of Address Notice").  The change

in address to 4010 82nd Street, Suite 100, Lubbock, TX 79423 took effect on August 1, 2024.  The

Change of Address Notice is attached hereto as **Exhibit B**.  Therefore, the Debtors were aware, or

should have been aware, that service to 5307 W. Loop 289, Suite 302 P.O. Box 65207, 79464

(Mailings) Lubbock, TX 79414 was improper.

19.    Despite this, notice of the Assignment Notice was mailed to the wrong

address and Landlord was therefore unaware of the Lease's inclusion on the Assignment Notice

and the corresponding Objection Deadline.  In fact, since the Petition Date, Landlord has not

received notice of any filing in these cases because the Debtors have consistently mailed notice to

the wrong address. Landlord was therefore not properly noticed of the Assignment Notice and

remained unaware of the bankruptcy in its entirety until early June 2025.

20.    Upon learning that the Debtors had filed for bankruptcy, Landlord diligently

reviewed the docket in these cases and discovered that the Lease was included on the Assignment

Notice.  Landlord then immediately retained counsel who contacted the Debtors to notify them of

the deficiency in notice.  *See* **Exhibit C**.

### IV.    Landlord Acted in Good Faith, and Its Delay Was Excusable.

21.    Landlord acted in good faith in seeking leave to file the Objection late and

would suffer significant prejudice if not permitted to file the Objection.  Any delay in filing the

Objection was due to excusable neglect as defined in *Pioneer*.  Landlord never received notice of

the Assignment Notice, although the Debtors were aware, or should have been aware, that the

Assignment Notice was being served upon the wrong address.  Upon learning of the Lease's

inclusion on the Assignment Notice, Landlord acted without delay in contacting the Debtors.  The

principals of equity therefore support allowing Landlord to file the Objection.

## CONCLUSION

WHEREFORE, Landlord respectfully requests the entry of the Proposed Order: (i) authorizing Landlord to file the Objection; (ii) deeming the Objection to be timely-filed; and (iii) granting Landlord such other relief as just and proper.

Respectfully submitted,

Dated: June 20, 2025
Wilmington Delaware

*/s/ Leslie C. Heilman*
Leslie C. Heilman, Esquire
Laurel D. Roglen, Esquire
Margaret A. Vesper, Esquire
BALLARD SPAHR LLP
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801-3034
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
         roglenl@ballardspahr.com
         vesperm@ballardspahr.com

*Counsel to AFP Rockridge 2019, LLC*