# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: July 10, 2025 at 10:00 am**<br>**Objection Deadline: July 3, 2025 at 4:00 pm** |

### MOTION OF TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(b)(1)

Tamarack Village Shopping Center, A Limited Partnership ("Tamarack" or "Claimant"), by and through its undersigned counsel, hereby moves for entry of an order, substantially in the form attached hereto, granting the allowance and requiring immediate payment of Tamarack's post-petition claim in the amount of $273,425.42 resulting from the breach by Jo-Ann Stores, LLC, an Ohio limited liability company ("Jo-Ann Stores" or the "Debtor") of a certain Lease Agreement, as amended (the "Lease") which governs the Debtor's possession, use and obligations related to premises in a shopping center owned by the Claimant in Woodbury, Minnesota, pursuant to 11 U.S.C. §§365(d)(3) and 503(b)(1)(A), and in support hereof respectfully represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

53617440.v1

**JURISDICTION**

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue of the Debtor's case in this district is proper pursuant to 28 U.S.C. § 1408.

2. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). This Court has the constitutional authority to enter a final order in this matter. If it is determined that the bankruptcy judge does not have constitutional authority to enter a final order or a judgment in this matter, Claimant consents to entry of a final order or judgment.

3. Relief is requested herein pursuant to 11 U.S.C. §§365(d)(3) and 503(b)(1)(A).

**BACKGROUND**

4. On February 25, 1997, Claimant and Jo-Ann Stores (as successor in interest) entered into the Lease, under the terms of which Claimant leased nonresidential, commercial property in the shopping center known as Tamarack Village located in Woodbury, Minnesota. (the "Lease"). Pursuant to the Lease, the term was to expire January 31, 2028. A true and correct copy of the Lease and all amendments is attached as **Exhibit A** to the Declaration of Peter Barott (herein "Barott Decl." or "Barott Declaration") submitted herewith.

5. On January 15, 2025, (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor failed to pay January 2025 rent.

6. The Debtor conducted going out of business sales from many of their retail locations, including the location leased from Claimant, winding down its operations overall and going through a Court approved process for rejecting leases.

7. Debtor has paid the bulk of the post-petition base rent and common area maintenance charges coming due under the Lease. However, Debtor did not pay (1) January 2025 "stub rent" and certain insurance and common area maintenance charges for the following months

in the amount of $2,603.76, (2) the ad valorem taxes due on May 15, 2025 and May 30, 2025 under the Lease in the amount of $230,821.66 and (3) the costs of signage removal and clean-up required by the Lease in the estimated amount of $40,000.

## RELIEF REQUESTED

8.     Claimant respectfully requests an order allowing Claimant an administrative expense claim in the amount of $273,425.42 under its Lease with Debtor. The Lease was rejected on May 31, 2025.

## ARGUMENT AND AUTHORITIES

### I.     Debtor's Obligation for Real Estate Taxes Are Entitled to Administrative Priority Pursuant to 11 U.S.C. §365(d)(3)

9.     Attached to the Barott Declaration as **Exhibit B** is a true and correct copy of the invoices to Debtors which were delivered on April 15 and April 30, 2025 and, pursuant to Section 8(a) of the Lease, were due and payable within 30 days of the date of Debtor's receipt of the invoice.

10.     Section 365(d)(3) of the Bankruptcy Code requires a trustee to timely perform the obligations of the debtor under any unexpired lease of nonresidential real property until assumption or rejection. In other words, if the obligations under the lease become due following the petition date, but prior to the rejection of the lease, the obligations are payable immediately. *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3rd Cir. 2001). Claims for rent obligations arising post-petition are classified as "administrative" claims, which are entitled to prioritized treatment under the bankruptcy code and must be paid in full in order for a debtor to confirm a plan of reorganization. *Id.* (citing § 365).

11.     Courts in this jurisdiction have held that a lessor is entitled to an administrative expense under the same provision for "any charge" in a lease "enforceable under state law." *In re*


*MUMA Servs., Inc.,* 279 B.R. 478, 487-89 (Bankr. D. Del. 2002). Further, District of New Jersey bankruptcy courts have held that real estate taxes can be considered "administrative expenses" payable at the time they are due. *See e.g., Matter of Henry*, 173 B.R. 878, 881 (Bankr. D.N.J. 1993) (finding that accrued post-petition real estate taxes are characterized as administrative expenses); *In re Sea Garden Motel and Apartments*, 195 B.R. 294, 300 (Bankr. D.N.J. 1996) (concluding that $95,000 in post-petition real estate taxes and water and sewage charges constitute administrative expenses that are required to be paid in full); *In re Pelican Pool & Ski Center, Inc.*, No. 05-22983 (DHS), 2009 WL 2244573, at *5 (D.N.J. July 27, 2009) (defining outstanding real estate taxes and CAM charges billed after the petition but before acceptance or rejection as administrative expenses). In the Third Circuit, such administrative expenses become "due" for the purposes of Section 365(d)(3) at the time of *billing*. *See In re Pelican*, 2009 WL 2244573, at *13 (adopting *In re Montgomery* and recognizing "billing approach").

12. Under Minnesota law, which controls the lease at issue here, "parties are free to contract to whatever terms they agree, provided that those terms are not prohibited by law." *Persigehl v. Ridgebrook Inv. Ltd. P'ship*, 858 N.W.2d 824, 832 (Minn. Ct. App. 2015). A lease is a contract and is construed according to ordinary contract rules of interpretation. *York Apartments v. Jelinek*, No. C7-97-148, 1997 WL 658939, at *5 (Minn. Ct. App. Oct. 21, 1997). Where parties freely enter into a binding lease agreement which includes an "additional-rent" clause referencing real estate taxes, the landlord may rightfully collect or bill "additional" rent as needed to reimburse itself for the expense. *Space Ctr., Inc. v. 451 Corp.*, 298 N.W.2d 443, 452 (Minn. 1980).

13. Because the Debtor's obligation to pay the $230,821.66 came due post-petition but prior to rejection of the lease, Tamarack is entitled to be paid in full immediately as an

"administrative expense" in accordance with well-established Third Circuit and Eighth Circuit precedent.

14. Additionally, for the same reasons stated above, Debtor failed to pay $2,603.76 in post-petition stub rent, insurance and common area maintenance charges arising prior to rejection. Attached to the Barott Declaration as **Exhibit C** is a true and correct statement of the amounts due between January and May, 2025.

15. Finally, Debtor was required to comply with the Lease vacation provisions, including leaving the premises in a clean condition and removal of signs. Claimant estimates that the cost of the sign removal is $15,000 and the cost of cleaning up and removing and disposing items abandoned by the Debtor are $25,000. Claimant will provide invoices with the exact amounts when available.

II. **Even if Debtor's Obligation for Real Estate Taxes are not Entitled to Administrative Priority Pursuant to 11 U.S.C. § 365(d)(3), Claimant is Entitled to an Administrative Expense Under 11 U.S.C. § 503(b)(1)(a).**

16. In addition to allowance of Debtor's obligation to pay the taxes as an administrative expense claim pursuant to Section 365(c)(3), the taxes are entitled to administrative priority under Section 503(b)(1) as they constitute "actual, necessary costs and expenses of preserving the estate. . ." *See In re Goody's Family Clothing Inc.,* 610 F.3d 812, 818 (3rd Cir. 2010) (holding that the enactment of Section 365(c)(3) did not preempt or preclude analysis of commercial lease obligations under Section 503). The Debtor's occupancy must confer an actual benefit to the estate. *Id.* Where parties are induced to supply goods or services to the debtor in possession pursuant to a contract or lease that has not been rejected, the purposes of administrative priority plainly require that their claims be afforded priority. *Id.* (citing *In re Mammoth Mart*, 536 F.2s, 950, 954 (1st Cir. 1976)). A landlord is entitled to the value of the

premises utilized by a Debtor. *Id.* (citing *In re DVI, Inc.,* 308 B.R. 703, 707-8 (Bankr. D.Del. 2004)). Absent evidence to the contrary, the lease rate is presumed to be the fair market value of the premises. *See In Re. ZB Co., Inc.*, 302 B.R. 316, 319 (Bankr.D.Del 2003) (citing *HQ Global Holdings*, 282 B.R.169, 173 (Bankr.D.Del. 2002)).

17. As with the Debtor in *In re Goody*, Debtor benefited from the use of the Claimant's property through operations and through going concern sales and the opportunity to sell the Lease. Claimant's claim is for the stub rent, unpaid postpetition rent, tax payment and cleanup caused by Debtor's use in 2025.

## CONCLUSION

WHEREFORE, claimant Tamarack Village Shopping Center, A Limited Partnership, respectfully requests that this Court grant this application for allowance and order payment of administrative expense claim in the amount of $273,425.42.

Dated: June 23, 2025
Wilmington, Delaware

McCARTER & ENGLISH LLP

By: */s/ Kate Roggio Buck*
Kate Roggio Buck (DE #5140)
McCarter & English LLP
Renaissance Centre
405 N. King Street, 8th Floor
Wilmington, Delaware 19801
Tel: 302-984-6300
Fax: 302-984-6399
Email: kbuck@mccarter.com