**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: <br><br> JOANN INC., *et al.*, <br><br> Debtors. | Chapter 11 <br><br> Case No. 25-10068 (CTG) <br> (Jointly Administered) |

## **ORDER**

This matter having come before the Court on the motion (the "Motion") of Tamarack Village Shopping Center, a Limited Partnership ("Tamarack"), pursuant to 11 U.S.C. §365 and Federal Rule of Bankruptcy Procedure 6006, and any objections or responses to the relief requested therein, and after notice and an opportunity for hearing, and good cause appearing for the relief requested, it is hereby:

ORDERED, pursuant to 11 U.S.C. §365, that the Motion be and hereby is granted; and it is further;

ORDERED, in accordance with the foregoing, that Tamarack is entitled to immediate payment of an administrative expense of $273,425.42 by Debtor Jo-Ann Stores, LLC.

53617440.v1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered) |

### CERTIFICATION OF PETER BAROTT IN SUPPORT OF TAMARACK VILLAGE SHOPPING CENTER, A LIMITED PARTNERSHIP'S MOTION FOR ALLOWANCE AND PAYMENT OF <u>ADMINISTRATIVE EXPENSE CLAIM</u>

Peter Barott, being duly sworn, hereby certifies as follows:

1. I am an adult individual and am the senior vice president for RCMuir Management, LLC as an agent for Tamarack Village Shopping Center, a Limited Partnership, a Minnesota limited partnership ("Tamarack") which owns the property subject to the Lease (defined below).

2. I have personal knowledge of the business relationship between Tamarack Village Shopping Center ("Tamarack") and Jo-Ann Stores, LLC ("Debtor").

3. I have reviewed and am familiar with the motion for allowance and payment of administrative expense claim (the "Motion") seeking to reimburse Tamarack for certain real estate taxes paid on behalf of Debtor in 2025.

4. Based on my knowledge of this motion and the facts underlying this claim, I make the following declarations.

5. On February 25, 1997, Tamarack and Debtor (as successor in interest) entered into a lease agreement which was amended three times and was set to expire January 31, 2028 ("the Lease"). A true and correct copy of the Lease and amendments is attached hereto **<u>Exhibit A.</u>**

53617440.v1

6. Section 8 of the Lease outlined certain obligations for both Tamarack and Debtor as it relates to payment of real estate taxes.

7. Under this same section, Tamarack is required to pay the applicable annual real estate taxes due on the property "before any fine, penalty, interest or cost may be added thereto for nonpayment thereof."

8. Tamarack was permitted to provide to Debtor with "Statements assessing and prorating the taxes, if any, shall be rendered by Landlord, together with copies of the tax bills for which reimbursement is sought and reasonable verification for the computation of Tenant's Proportionate Share". Section 8 of Lease.

9. Once these documents are received, Debtor then has thirty days to pay the outstanding amount.

10. Debtor's pro-rata share of Real Estate Taxes Tamarack paid was $230,821.66.

11. Tamarack provided Debtor with two invoices and computations of Debtor's pro-rata on April 15 and April 30, 2025. A true and correct copy of the invoices delivered is attached hereto as **Exhibit B.**

12. Debtor has failed and refused to pay any portion of its outstanding pro-rata share of real estate taxes.

13. Debtor also failed to pay January 2025 rent and certain other charges from February to May 2025. Attached hereto as **Exhibit C** is a true and accurate account statement of the amounts remaining unpaid and due by the Debtor. The total unpaid rent and additional charges other than taxes due and owing less than prepetition portion of January is $2,603.76.

14. The costs of cleaning up from Debtor's going concern sale is estimated at $25,000 and the cost to remove Debtor's signage, as require by the Lease, is $15,000.

15. To the best of my knowledge, all facts stated in the Motion are true and accurate.

16. I understand that I am subject to the penalties of perjury if I have willfully misstated any of the information set forth herein.


Dated: June 26, 2025                                       /s/ Peter Barott
                                                          PETER BAROTT