IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>Related Docket No. 1071<br><br>Hearing Date: July 10, 2025 at 10:00 a.m. EDT |

**RESPONSE OF JANOME AMERICA INC. IN OPPOSITION
TO DEBTORS' OBJECTION TO ALLOWANCE OF CLAIM**

Janome America Inc. ("Janome"), by and through its undersigned counsel, hereby responds in opposition to the Debtors' *Sixth Omnibus Objection to Certain Claims (Substantive)* [Docket No. 1071] (the "Objection") filed by Joann Inc. and its affiliated debtors in the above-referenced cases (the "Debtors") with respect to the claim filed by Janome in these cases, and in support states the following.

**Background**

1. On January 15, 2025 (the "Petition Date"), Debtors filed multiple voluntary petitions commencing the above-captioned bankruptcy cases under title 11 of the United States Code, 11 U.S.C., §§ 101, *et seq*. (the "Bankruptcy Code").

2. Prior to the aforementioned bankruptcy filing, Debtors served as a leading national retailer of sewing, arts and crafts, and home décor products, operating approximately 800 stores across 49 states. In such capacity, the Debtors sold various products used for and related to sewing, arts and crafts, and home décor, including certain sewing machines sold to the Debtors by Janome.

3. Janome is the U.S. subsidiary of Janome Corporation, a Japanese corporation that manufactures and sells sewing machines and conducts related businesses. For many years prior to

the Petition Date, Janome sold sewing machines to debtor Joann Stores LLC in the ordinary course of business for both parties. As a regular part of its business, Debtors purchased sewing machines and related products from Janome, which the Debtors sold to their customers on a retail basis.

5.      Janome sold products to the Debtors under two different formats: (i) sales to the Debtors, who then stocked the products in their retail locations for resale to their retail customers and (ii) sales to the Debtors' customers, primarily on-line through the Debtors' website, in which the customer paid the Debtors for the product purchased and Janome directly "drop-shipped" the product to the customer. In either case, Janome sold the product to the Debtors, who then sold the product to their customers.

6.      On or about April 1, 2025, Janome filed a Proof of Claim in this bankruptcy case, known as Claim No. 8170 (the "Proof of Claim"), in the amount of $1,225,240.19 (the "Claim"). A copy of the Proof of Claim, including Exhibit B[1] thereto, is attached to this Response as Exhibit A hereto.

7.      The Claim asserted in the Proof of Claim consists of a general unsecured claim in the amount of $1,116,505.79 and a section 503(b)(9) administrative priority claim in the amount of $108,734.40 (the "503(b)(9) Claim").

8.      On June 4, 2025, the Debtors filed the Objection, in which the Debtors, *inter alia*, requested in Exhibit 1 thereto that this court modify and reduce the Claim to $1,116,505.79 by striking the 503(b)(9) Claim in its entirety, on the alleged grounds that "[t]he Debtors are not liable for the claim per a review of the claimant's proof of claim, the documents attached thereto, and a reasonable review of the Debtors' books and records." Obj., Ex. 1, 3.

---

[1] Exhibit A to the Proof of Claim, which contains a comprehensive list of all invoices for products purchased by the Debtors as well as all other outstanding credits and debits, has been omitted from this Response due to its size. A complete copy is available upon request.

9. A review of the Proof of Claim, including Exhibit B thereto, indicates that the Claim should be allowed in the total amount of $1,225,240.19, with $70,880.00 allowed as a 503(b)(9) Claim, leaving a general unsecured claim in the amount of $1,154,360.19.

10. A closer review of Exhibit B to the Proof of Claim indicates that Janome "directly drop-shipped" products valued at $37,854.40 to customers of the Debtors during the twenty (20) day period preceding the Petition Date, and delivered additional products valued at $70,880.00 (at wholesale) directly to the Debtors, as set out in detail below:

| Invoice No. | Invoice Date | Amount | Date of Receipt by Debtors | Tracking No. | Shipped From | Shipped To |
|---|---|---|---|---|---|---|
| EDI00027347 | 12/23/2024 | $22,525.00 | 12/26/2024 | 339479140 | Sparks, NV | Fresno, CA |
| EDI00027346 | 12/24/2024 | $35,265.00 | 12/31/2024 | 339698494 | Sparks, NV | Uniontown, OH |
| EDI00027348 | 12/24/2024 | $13,090.00 | 1/2/2025 | 339479136 | Sparks, NV | Montgomery, AL |
| | Total: | $70,880.00 | | | | |

11. All three of the above shipments (the "Priority Shipments") were effectuated using XPO, a major shipping and logistics provider, and were all received by the Debtors within the twenty (20) day period required under section 503(b)(9) of the Bankruptcy Code.[2]  Evidence of receipt of the Priority Shipments by the Debtors is attached to this Response as Exhibit B hereto.

12. A closer review of Janome's records indicates that the first shipment listed above was received by the Debtors at their Visalia, California Distribution Center located at 2500 North Plaza Drive, Visalia, CA 93291; the second shipment above was received by the Debtors at their Hudson, Ohio Distribution Center, located at 1500 Terex Road, Hudson, OH 44236; and the third shipment was received by the Debtors at their retail store located at 2400 JoAnn Drive, Opelika,

---

[2] Based on the January 15, 2025 Petition Date, this 20-day period ran from December 26, 2024 through January 15, 2025.

Alabama 36801. All three (3) of the Priority Shipments were received by the Debtors within the required twenty (20) day period.

## Argument

13. Debtors' Objection is critically flawed and should be overruled for the reasons set forth below—most notably, that Janome sold and shipped products valued at $70,880.00 (based on their wholesale price) to the Debtors, which were received by the Debtors within the applicable twenty (20) day period. As such, these goods satisfy the requirements for priority treatment under section 503(b)(9) of the Bankruptcy Code ("Section 503(b)(9)").

14. Section 503(b)(9) requires that "[a]fter notice and a hearing, there shall be allowed [as] administrative expenses . . . the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9).

15. Based on the chart above, which reflects the information contained in Exhibit B to the Proof of Claim, all three of the Priority Shipments were received by the Debtors within the twenty (20) day period prescribed by Section 503(b)(9).

16. Secondly, there is no doubt that the products covered by the Priority Claims constitute "goods . . . sold [by Janome] to the debtor[s] in the ordinary course of . . . debtor[s]' business," as required under Section 503(b)(9). 11 U.S.C. § 503(b)(9). For many years prior to the Petition Date, Janome regularly sold sewing machines to the Debtors, and these transactions were consistently conducted in the ordinary course of business for both parties.

17. Finally, based on the foregoing, it is evident that the goods comprising ***all three*** of the Priority Shipments were ***received*** by the Debtors within the applicable twenty (20) day period under Section 503(b)(9).

18. Multiple cases have identified that the key issue in determining whether goods sold to a debtor qualify for priority treatment under Section 503(b)(9) is whether the goods in question were "received by the debtor" during the applicable twenty (20) day period.

19. The U.S. Bankruptcy Court for the District of Delaware and the Third Circuit Court of Appeals have interpreted the term "received" to mean ***physical possession by the debtor or its agent***. While goods that are "drop shipped" directly to third parties have generally been found not to satisfy this requirement, goods delivered into the physical possession of the debtor have been held to qualify as being "received" by the debtor for the purposes of Section 503(b)(9). See, e.g., *In re SRC Liquidation, LLC*, 573 B.R. 537, 542 (Bankr. D. Del. 2017); See also *In re World Imports, Ltd.*, 862 F.3d 338, 342 (3d Cir. 2017); *In re ADI Liquidation, Inc.*, 572 B.R. 543, 550 (Bankr. D. Del. 2017), aff'd, No. BR 14-12092 (KJC), 2019 WL 211528 (D. Del. Jan. 16, 2019).

20. In *In re World Imports*, the Third Circuit court held that the term "received" under Section 503(b)(9) requires physical possession by the debtor or its agent. *In re World Imports, Ltd.*, 862 F.3d at 342 ("Based on the ordinary meaning of 'received,' the legislative context of the Bankruptcy Code, and persuasive decisions finding that Congress meant to use the UCC definitions for this particular amendment to the Bankruptcy Code, we hold that goods are 'received' when the debtor or its agent takes physical possession of them.").

21. Noting that the Bankruptcy Code does not define the term "received," the court in *SRC Liquidation* looked to the Uniform Commercial Code ("U.C.C."), stating that "[t]he U.C.C. defines receipt of goods as 'taking physical possession of them,' 'unless the context clearly requires otherwise.' U.C.C. § 2–103(1)(c)[,]" further providing that "the U.C.C. recognizes 'receipt' in both its actual and constructive forms. See U.C.C. §§ 2–103(1)(c),–705(2)." *In re SRC Liquidation, LLC*, 573 B.R. at 540-41.

22. Based on the foregoing, the goods in the Priority Shipments, with an aggregate wholesale purchase price of $70,880.00, were physically received by the Debtors within the requisite twenty (20) day period. Accordingly, the full amount qualifies for priority treatment under Section 503(b)(9) of the Bankruptcy Code and should be allowed as a Section 503(b)(9) claim in this case. The remaining $1,154,360.19 of Janome's claim should be allowed as a general unsecured claim.

WHEREFORE, Janome America Inc. respectfully requests that this court enter an order (i) overruling the Objection; (ii) modifying Janome's Claim as a priority claim under Section 503(b)(9) of the Bankruptcy Code in the amount of $70,880.00 and as a general unsecured claim in the amount of $1,154,360.19; and (iii) granting such other and further relief as the Court deems just and proper.

Dated: June 25, 2025

**SULLIVAN HAZELTINE ALLINSON LLC**

*/s/ William A. Hazeltine*
William D. Sullivan (No. 2820)
William A. Hazeltine (No. 3294)
919 N. Market St., Suite 420
Wilmington, DE  19801
Tel: (302) 428-8191
Fax: (302) 428-8195
Email: bsullivan@sha-llc.com
           whazeltine@sha-llc.com

and

**HOLLAND & KNIGHT LLP**

/s/ Arthur E. Rosenberg
Arthur E. Rosenberg, Esq.
787 Seventh Avenue, Suite 3100
New York, NY 10019
Tel: (212) 513-3200
Fax:  (212) 385-9010
E-mail: arthur.rosenberg@hklaw.com

*Counsel for Janome America, Inc.*

8

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this ____ day of June 2025 a true and correct copy of the foregoing was served via electronic transmission on all CM/ECF registered users for this case.

/s/ _____