IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>             Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>Jointly Administered<br><br>**Re: D.I. 1070** |

**NOTIONS MARKETING CORPORATION'S RESPONSE TO
DEBTORS' FIFTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)**

Notions Marking Corporation ("Notions") responds as follows to the *Debtors' Fifth Omnibus Objection to Certain Claims (Substantive)* (D.I. 1070, the "Claim Objection")[2] with respect to claim number 470 ("Notions Claim").

**PRELIMINARY STATEMENT**

The Notions Claim reflects amounts owed to Notions by Debtors for goods shipped directly to Debtors' customers within the twenty days preceding the Petition Date (i.e. between December 26, 2024 and January 15, 2025). Such deliveries were made in the ordinary course of Debtors' and Notions' business relationship whereby customers who purchased goods directly from Debtors' website, Joann.com, were shipped the goods directly from Notions' warehouse. While the Debtors never physically received possession of the goods, they did so constructively upon each customer's receipt of the goods. Further, there is no doubt that Notions' continued provision of services to Debtors in the days leading up to these Bankruptcy Cases provided a benefit to Debtors' estates and allowed them to continue operating in the ordinary course. The provision of such services is

---

[1] The Debtors in the above-captioned chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Maxus Energy Corporation (1531), Tierra Solutions, Inc. (0498), Maxus International Energy Company (7260), Maxus (U.S.) Exploration Company (2439), and Gateway Coal Company (7425).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Claim Objection.

entirely consistent with the intent of section 503(b)(9) of the Bankruptcy Code, and as a result, the Notions Claim is entitled to administrative expense priority.

## RELEVANT BACKGROUND

1. On January 15, 2025 (the "Petition Date"), Debtors filed chapter 11 in this Court.

2. On or about June 1, 2020, Notions and Debtor Joann.com, LLC entered into a Fulfillment Services Agreement (the "Agreement") pursuant to which Notions agreed to fulfill, package, and ship certain orders made through Debtors' website, joann.com. In exchange, Debtors agreed to pay Notions certain merchandise fees, shipping fees, and annual account maintenance fees.

3. As of the Petition Date, Debtors owed to Notions $480,622.86 for goods shipped prepetition, of which $58,227.07 was shipped within 20 days prior to the Petition Date.

4. On June 4, 2025, the Debtors filed the Claim Objection.

## ARGUMENT

**I.    Debtors Failed to Meet Their Burden to Rebut Notions' Proof of Claim**

5. A proof of claim signed and filed in accordance with the Bankruptcy Rules is prima facie evidence of the claim's validity and amount. Fed. R. Bankr. P. 3001(f); *see, e.g., In re Lampe*, 665 F.3d 506, 514 (3d Cir. 2011). The objector must then "produce evidence equal in force to the prima facie case." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Boiler-plate objections without evidence or analysis are insufficient for such a rebuttal. *See In re Coppedge*, 555 B.R. 456, 458, 460 (Bankr. M.D. Pa. 2016) (overruling "boiler-plate" objections even where no response to claim objection was filed). The challenger must rebut the presumption of validity with affirmative proof, and more than a mere general assertion is necessary to overturn the

presumption. *See In re Colorado Corp.*, 531 F.2d 463, 467 (10th Cir. 1976); *In re Lampe*, 665 F.3d at 514.

6. The Debtors have provided no evidence to rebut the existence and validity of the Claim. Rather, the Claim Objection merely states that "[t]he Reclassified Claims do not related to goods received by the Debtors within 20 days of the Petition Date and are therefore not entitled to administrative status under section 503(b)(9) of the Bankruptcy Code." Exhibit 1 further clarifies that the reasoning for the Claim Objection, with regard to the Claim specifically, is to modify "priority [which] reflects liabilities that were asserted as 503(b)(9) status, which are ineligible for such classification and shall be modified to a general unsecured claim." Claim Objection, p. 30. The Debtors provide no explanation or basis for the modification of the Claim, but rather that it is simply "ineligible" for 503(b)(9) classification. Accordingly, in the first instance, Debtors have failed to meet their burden, and the Claim Objection, therefore, should be overruled.

II. **Notions' is Entitled to an Administrative Expense Claim Under 503(b)(9) For Goods Received By Debtors' Subpurchaser-Customers**

7. Additionally, pursuant to section 503(b)(9) of the Bankruptcy Code, an allowed administrative expense includes "the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. §503(b)(9). The Third Circuit has recognized that in order to establish a valid administrative expense claim under section 503(b)(9), a claimant must demonstrate that: "(1) the vendor sold 'goods' to the debtor; (2) the goods were received by the debtor within twenty days [before the bankruptcy] filing; and (3) the goods were sold ... in the ordinary course of business." *In re World Imports, Ltd.*, 862 F.3d 338, 341 (3d Cir. 2017) (citation omitted). This Court has also recognized that "[p]ossession may be

actual or constructive, and occurs when the seller can no longer stop delivery and is left only with the remedy of reclamation." *In re ADI Liquidation, Inc.*, 572 B.R. 543, 548 (Bankr. D. Del. 2017).

8. While the phrase "received by the debtor" is not defined in the Bankruptcy Code, several courts, including this Court, have looked to Article 2 of the Uniform Commercial Code when analyzing section 503(b)(9) claims. *In re SRC Liquidation, LLC*, 573 B.R. 537 (Bankr. D. Del. 2017). "The U.C.C. defines receipt of goods as 'taking physical possession of them,' 'unless the context clearly requires otherwise.'" *Id*. Further, comment 2 to section 2-705 specifies that "'[r]eceipt by the buyer' includes receipt by the buyer's designated representative, the subpurchaser, when shipment is made direct to him and the buyer himself never receives the goods. It is entirely proper under this Article that the seller, by making such direct shipment to the sub-purchaser, be regarded as acquiescing in the latter's purchase and as thus barred from stoppage of the goods as against him." U.C.C. §2-705, comment 2.

9. While the Third Circuit has held that receipt by an agent or carrier does not equate to "receipt by buyer," (*see, e.g. World Imports*, 862 F.3d at 345-46, and *SRC*, 573 B.R. at 542), receipt by a customer who was shipped an item directly from a vendor, on a debtor's behalf is entirely distinguishable. In Debtors' ordinary course of business, customers purchase items directly from Debtors' websites, and remit payment to Debtors. At the same time, Notions, shipped the purchased items from Notions' warehouse to the customer. While the Debtors never, physically, received possession of the goods, the customers, as sub-purchasers, did. As a result, according to the Uniform Commercial Code, Debtors are deemed to have received possession of the goods upon receipt by the customer.

10. Unlike in *ADI Liquidation*, where this Court refused to deem the debtors in constructive receipt of goods that were shipped to third party, non-bailees, here, the customers who

received the goods were making their purchases from and remitting payment directly to the Debtors through their website, joann.com. Notions would separately ship the goods from their warehouses on behalf of the Debtors to their subpurchasers, who would then remit payment to Notions. The debtor in *ADI*, however, was a cooperative food distributor that provided distribution and retail services to member retailers who <u>made purchases through and were shipped goods directly from third-party manufacturers</u>. There, unlike here, the debtor merely collected payment from the customer while the third-party handled the order and delivery.

11.     Accordingly, the issue of whether or not Debtors received physical possession is a red herring because the goods were received by their sub-purchasers, resulting in constructive possession to Debtors pursuant to Section 2-705 of the Uniform Commercial Code.

## **CONCLUSION**

**WHEREFORE**, Notions respectfully requests that the Court overrule the Claim Objection as it relates to the Claim and grant Notions such other and further relief as the Court deems just and proper.

Dated: June 25, 2025  
Wilmington, Delaware

**BLANK ROME LLP**

*/s/ Jordan L. Williams*  
Jordan L. Williams (DE No. 7128)  
1201 Market Street, Suite 800  
Wilmington, Delaware 19801  
Telephone:   (302) 425-6400  
E-mail:          jordan.williams@blankrome.com

John E. Lucian (*pro hac vice* forthcoming)  
One Logan Square  
130 N. 18th Street  
Philadelphia, PA 19103  
Telephone:   (215) 569-5455  
Email:           john.lucian@blankrome.com

*Counsel to Notions Marketing Corporation*