# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN, INC., *et al.*, | Case No. 25-10068 (CTG) |
| Debtors.[1] | (Jointly Administered) |
| | **Objection Deadline: July 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed.** |

**SUMMARY OF FOURTH MONTHLY APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PROVINCE, LLC AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS, FOR THE PERIOD FROM MAY 1, 2025 THROUGH MAY 31, 2025**

| | |
|---|---|
| Name of Applicant: | Province, LLC |
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 30, 2025 by order entered on March 18, 2025 |
| Period for which Compensation and Reimbursement is Sought: | May 1, 2025 through May 31, 2025[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $114,240.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $61.20 |

This is a:   X  monthly   ___ interim   ___ final application.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

4937-7142-3568.1 46699.00002

## MONTHLY BILLING SUMMARY

| Date & Docket No. | Filing Period | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses | CNO Date & Docket No. |
|---|---|---|---|---|---|---|
| 4/29/2025 Doc 775 | January 30, 2025 - February 28, 2025 | $729,868.00 | $1,560.46 | $729,868.00 | $1,560.46 | 5/21/2025 Doc 944 |
| 5/6/2025 Doc 818 | March 1, 2025 - March 31, 2025 | $110,264.00 | $20.00 | $110,264.00 | $20.00 | 5/29/2025 Doc 1022 |
| 5/30/2025 Doc 1033 | April 1, 2025 - April 30, 2025 | $70,922.00 | $60.00 | $56,737.60 | $60.00 | 6/23/2025 Doc 1251 |
| **Grand Total** | | **$911,054.00** | **$1,640.46** | **$896,869.60** | **$1,640.46** | |

## PROVINCE PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sanjuro Kietlinski | Partner - Corporate restructuring and investment banking. | $1,250 | 82.2 | $102,750.00 |
| Hughes Congleton | Vice President - Investment banking and financial analytics. | $730 | 12.9 | $9,417.00 |
| Nick Steffen | Senior Analyst | $470 | 3.1 | $1,457.00 |
| | Subtotal | | 98.2 | $113,624.00 |
| | Blended Rate for Professionals | $1,157.07 | | |
| **Paraprofessionals** | | Hourly Billing Rate | Total Hours Billed | Total Compensation |
| Laura Conn | Matter Administrator | $280 | 2.2 | $616.00 |
| | Subtotal | | 2.2 | $616.00 |
| | | | Fee Statement Hours | Total Compensation |
| | Grand Total | | 100.4 | $114,240.00 |
| | Blended Rate for all Timekeepers | $1,137.85 | | |

4937-7142-3568.1 46699.00002

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Business Analysis / Operations | 26.9 | $32,897.00 |
| Claims Analysis and Objections | 35.8 | $39,082.00 |
| Committee Activities | 9.0 | $9,482.00 |
| Court Filings | 7.6 | $9,240.00 |
| Fee / Employment Applications | 10.8 | $10,664.00 |
| Plan and Disclosure Statement | 10.3 | $12,875.00 |
| **Grand Total** | **100.4** | **$114,240.00** |

## EXPENSE SUMMARY

| Expense Category | Description | Total Expenses |
|---|---|---|
| Meals | Working meals. | $60.00 |
| Miscellaneous | Research fees. | $1.20 |
| **Total Expenses** |  | **$61.20** |

*[Remainder of Page Left Intentionally Blank]*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN, INC., *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: July 16, 2025 at 4:00 p.m. (ET)**<br>**Hearing Date: Only if an objection is filed.** |

**FOURTH MONTHLY APPLICATION FOR COMPENSATION**
**AND REIMBURSEMENT OF EXPENSES OF PROVINCE, LLC**
**AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE**
**OF UNSECURED CREDITORS, FOR THE PERIOD FROM**
**MAY 1, 2025 THROUGH MAY 31, 2025**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's *Order (i) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (ii) Granting Related Relief* (the "Administrative Order"), Province, LLC ("Province" or the "Firm"), financial advisor for the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Fourth Monthly Application for Compensation and for Reimbursement of Expenses of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors, for the Period from May 1, 2025 through May 31, 2025* (the "Application").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

4937-7142-3568.1 46699.00002

By this Application, Province seeks a monthly interim allowance of compensation in the amount of $114,240.00 and actual and necessary expenses in the amount of $61.20 for a total allowance of $114,301.20 and payment of $91,392.00 (80% of the allowed fees) and reimbursement of $61.20 (100% of the allowed expenses) for a total payment of $91,453.20 for the period May 1, 2025 through May 31, 2025 (the "Fourth Monthly Fee Period").

Pursuant to Local Bankruptcy Rule 2016-1, this Application is supported by the Certification of Sanjuro Kietlinski which is annexed hereto as Exhibit A. In support of this Application, Province respectfully represents as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Venue of these cases and the Application in this District is proper under 28 U.S.C. §§ 1408 and 1409.

2. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court. Province confirms its consent, pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), to the entry of a final order or judgment by the Court in connection with this Fourth Monthly Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. The statutory predicates for the relief requested herein are sections 328, 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## BACKGROUND

4.  On January 15, 2025 (the "Petition Date"), the Debtors each filed their voluntary petitions with this Court under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108(a) of the Bankruptcy Code. No trustee or examiner has been appointed in these chapter 11 cases.

5.  On January 28, 2025, pursuant to section 1102(a)(1) of the Bankruptcy Code, the Office of the United States Trustee for Region 3, District of Delaware (the "U.S. Trustee"), appointed the Committee. *See* Docket No. 198. The following are the current members of the Committee: (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus, Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P.

6.  On January 30, 2025, the Committee selected Province as its proposed financial advisor.

7.  On March 4, 2025, the Court entered the Administrative Order, authorizing the Committee's professionals ("Professionals") to submit monthly applications for interim compensation and reimbursement of expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may file monthly fee applications. If no objections are made within twenty-one (21) days after

service of the monthly fee application, the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.  At three-month intervals or such other intervals convenient to the Court, each Professional shall file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period.  All fees and expenses paid are on an interim basis until final allowance by the Court.

8. The retention of Province, as financial advisor to the Committee, was approved effective as of January 30, 2025, by this Court's *Order Authorizing and Approving the Employment of Province, LLC as Financial Advisor to the Official Committee of Unsecured Creditors Effective as of January 30, 2025* [Docket No. 595], entered on March 18, 2025 (the "Retention Order").  The Retention Order authorized Province to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

### PROVINCE'S APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

9. All services for which Province requests compensation were performed for or on behalf of the Committee.

10. Province has received no payment and no promises for payment from any source other than the estate for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between Province and any other person other than the employees of Province for the sharing of compensation to be received for services rendered in these cases.  Province has received no retainer in this matter.

**Fee Statements**

11. Province seeks allowance of compensation and payment for professional services rendered to the Committee during the Fourth Monthly Fee Period in the aggregate amount of $114,240.00 and for reimbursement of expenses incurred in connection with the rendition of such services in the aggregate amount of $61.20.

12. Attached as Exhibit B is a list of professionals providing services; their respective billing rates; the aggregate hours expended by each professional; a general description of services rendered, summarized by project category; a fee summary; detailed time records with a description of the services performed by each professional and the time expended; and a summary and detail of out-of-pocket expenses incurred.

**Summary of Services**

13. The employees of Province who have rendered professional services during the Fourth Monthly Fee Period in these cases are as follows: Sanjuro Kietlinski, Hughes Congleton, and Nick Steffen.

14. During the Fourth Monthly Fee Period, the Committee relied heavily on the experience and expertise of the above-named persons in dealing with matters described in detail below. As a result, Province's highly skilled restructuring and bankruptcy professionals devoted significant time and effort to perform properly and expeditiously the required professional services.

15. A summary of some of the more significant services rendered by Province during the Fourth Monthly Fee Period follows. This summary is divided according to the project categories used by Province in its billing in these cases. A detailed time log of all

tasks performed by Province during the Fourth Monthly Fee Period is set forth on <u>Exhibit B</u> hereto.

A.     **Business Analysis / Operations**

      **Fees: $32,897.00**               **Total Hours: 26.9**

16.    Incorporated within this project category is time incurred by Province personnel in connection with the evaluation and analysis of certain aspects of the Debtors' business and industry of operation. The work performed in this task code was necessary for the Committee to be informed on the Debtors' historical and future operating performance and strategy.

17.    Specific services provided by Province during the Fourth Monthly Fee Period include, but are not limited to:

    i. Analyzing and evaluating financial information, including weekly cash flow forecasts, weekly cash flow variance reports, and long-term financial projections;
    ii. Corresponding with the Debtors' advisors regarding financial performance, updates on operations, sale process and business plan initiatives;
    iii. Developing and evaluating alternate budget scenarios and applying sensitivities to the Debtors' financial forecasts;
    iv. Preparing various analyses related to the Debtors' operations, historical balance sheets, income statements, and cash flow statements;
    v. Reviewing and indexing financial information and other documents provided by the Debtors and their advisors;
    vi. Review and analysis of SOFA and SOAL filing data;
    vii. Analysis and review of case filings, and input and analysis of data from case filings;
    viii. Assisting in the preparation of financial information for distribution to the Committee and legal counsel, including projections and budgets, analysis of the effect of various assumptions on projected financial results, and other ad hoc analyses as requested or deemed necessary; and

      ix. Corresponding and discussing budget and other business and financial results with counsel, committee professionals and within internal team.

**B.** **Claims Analysis and Objections**

**Fees: $39,082.00**     **Total Hours: 35.8**

18. Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the preliminary analysis and estimate of potential claims, including administrative and general unsecured claims.

**C.** **Committee Activities**

**Fees: $9,482.00**     **Total Hours: 9.0**

19. Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to preparing for, meeting with, and corresponding with the Committee of these chapter 11 cases. Province provided updates summarizing various analyses to the Committee and provided recommendations with regards to the Committee's position and next steps.

20. Specific services provided by Province during the Fourth Monthly Fee Period include, but are not limited to:

      i. Preparing for and participating in calls with the Committee and its counsel on issues related to the bankruptcy proceeding;
      ii. Preparing summaries of various analyses into presentation materials to be shared with the Committee and its counsel;
      iii. Conferring with members of the Committee and its counsel directly related to questions and concerns of the Committee regarding actions and projections of the Debtors; and
      iv. Conferring with other Province professionals regarding various analyses and issues directly related to questions and concerns of the Committee.

**D.** **Court Filings**

**Fees: $9,240.00**     **Total Hours: 7.6**

21.     Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to reviewing, evaluating and commenting on the Debtors' motions and orders filed on the docket, including analysis of various motions and proposed orders.

E.  **Fee / Employment Applications**

**Fees: $10,664.00**                    **Total Hours:  10.8**

22.     Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the monthly fee applications of Province for these chapter 11 cases.

F.  **Plan and Disclosure Statement**

**Fees: $12,875.00**                    **Total Hours:  10.3**

23.     Incorporated within this project category is time incurred by Province personnel while performing various functions directly related to the Debtors' proposed plan and disclosure statement.

## ACTUAL AND NECESSARY EXPENSES

24.     It is Province's policy to charge its clients for identifiable, non-overhead travel expenses incurred in connection with the client's case that would not have been incurred except in connection with the representation of that particular client.  It is also Province's policy to charge its clients only the amount actually incurred by Province in connection with such items.  Such charges would include industry or company specific research as required or as requested by counsel.  Examples of travel expenses are described below.  Province **does not** charge for telephone calls (except the cost of specifically identified conference call charges), faxes, and other administrative expenses.  The policies

employed by Province for seeking reimbursement for out-of-pocket travel expenses are as follows:

      i.   **Airfare/Train** – Costs incurred by Province professionals when traveling by air or train to/from other cities on behalf of the Committee are incorporated into this Application;

      ii.   **Ground Transportation** – Expenses incurred by Province professionals for local transportation while outside of their home cities (on matters related to these chapter 11 cases) are incorporated into this Application. Such costs consist primarily of taxi-cab fares incurred by Province personnel while traveling. Also incorporated within this category are expenses incurred by Province professionals in connection with traveling to/from airports and parking at airports while traveling out-of-town on client matters;

      iii.   **Lodging** – Costs incurred by Province professionals for lodging while traveling on behalf of the Committee (on matters related to these chapter 11 cases) are incorporated into this Application;

      iv.   **Meals** – Costs incurred by Province professionals for meals while traveling outside of their home cities or for working meetings (on matters related to these chapter 11 cases) are incorporated into this Application; and

      v.   **Miscellaneous** – Costs incurred by Province professionals for various charges including supplies and financial research.

      vi.   **Telephone/Internet** - Costs incurred by Province professionals for various charges including in-flight Wi-Fi and conference call fees.

## SUMMARY OF FEES AND EXPENSES

25. The Application covers Province's fees and expenses incurred during the Fourth Monthly Fee Period. The fees incurred total $114,240.00 and the expenses incurred total $61.20. These fees and expenses are consistent with Province's arrangement with the Committee and the terms of the Retention Order. Province respectfully submits that if necessary, a consideration of these factors would result in this Court's allowance of the full compensation requested.

26. *Time and expertise required.* Province's professional services on behalf of the Committee have required 100.4 hours of professional time in this Fourth Monthly Fee

Period. Province has staffed this case efficiently. Where work could be performed by professionals with lower rates, Province used such professionals to perform the assignments. A significant amount of the services rendered required a high degree of professional competence and expertise. For those services, Province used senior professionals in the interest of staffing the case efficiently.

27. *Time limitation imposed by these cases*. The Committee was required to understand a large volume of information in a very short time related to the financing, reorganization and potential sale of the Debtors.

28. *The difficulty of questions*. Unique and complex issues arose during the Fourth Monthly Fee Period. Province has advised the Committee and its counsel in regard to these issues.

29. *The skill required to perform the financial advisory services properly*. These bankruptcy cases address issues which raise complex questions. The cases require a high level of skill and expertise to efficiently and accurately analyze the economic effects of proposed sale of the Debtors and to accurately forecast the performance of the Debtors during these chapter 11 proceedings, among other things.

30. *The amount involved and results obtained*. Province has been prudent in the amount of time incurred on various tasks and believes its efforts benefited the Committee and these cases.

31. *The preclusion of other employment by the Applicant due to acceptance of the cases*. Province is not aware of any other employment specifically precluded by acceptance of these cases; however, Province professionals providing services to the Committee were not available to service other clients at their customary rates.

4937-7142-3568.1 46699.00002

32. *The fee.* Pursuant to the terms of the Retention Order, Province will bill at their standard hourly rates.

33. *Whether the fee is fixed or contingent.* Province's fees are fixed, not dependent on the outcome of these cases; however pursuant to Bankruptcy Code sections 330 and 331, all fees sought by professional retained under sections 327 or 1103 of the Bankruptcy Code are contingent pending final approval by the Court.

34. *The experience, reputation, and ability of Province.* Province's professionals engaged in this case have also worked in several large bankruptcy cases. Province has extensive experience representing official creditors' committees, debtors, creditors, trustees, and others in a wide variety of bankruptcy cases, including, as (i) financial advisor to the official committees of unsecured creditors of A.B.C. Carpet, AgileThought, Alex and Ani, Armstrong Flooring, Aruze Gaming, Ascena Group, Avadim Health, Barretts Minerals, Benitago, BL Restaurants Holding, Carbonlite Holdings, Cherry Man Industries, Cyprus Mines, David's Bridal, DCL Holdings (USA), Destination Maternity, DirectBuy Home Improvement, Eastern Outfitters, EHT US1 (Eagle Hospitality), Endo International, Francesca's Holding Corporation, Honx, Insys Therapeutics, Independent Pet Partners, Invacare, J Crew, Lucky's Market, L'Occitane, Mallinckrodt, Mountain Express Oil Company, Nielsen & Bainbridge (NBD Home), Neopharma, Noble House, One Web, Papyrus, Path Medical, Pier 1, PBS Brand Co. (Punch Bowl), Purdue Pharma, Prime Core Technologies, Restoration Forest Products Group, LLC, Reverse Mortgage, Revlon, SiO2 Medical Products, Stimwave Technologies, Surgalign, TECT Aerospace Group, The Rockport Company, True Religion Apparel, Tuesday Morning, Virgin Orbit, Water Gremlin, Wesco Aircraft, White Stallion Energy,

Whittaker, Clark & Daniels, and Winsor Terrace; (ii) financial advisor to the debtors 4E Brands, Basic Energy Services, Cherry Man Industries, Cinemex Holdings USA, Codiak BioSciences, Coin Cloud, Frontsight Management, Penthouse Global Media, Superior Linen, True Religion Apparel, WeWork and Woodbridge Group of Companies; and (iii) trustee or trustee advisor in Aegean Marine Petroleum, Advance Watch, American Apparel, Aruze, Borden Dairy, CS Mining, Cycle Force, DCL, EBH Topco, Eclipse Berry Farms, Energy & Exploration (ENXP), Fieldwood, Gump's, Invacare, La Paloma Generating Company, Limetree Bay Services, Invacare, Mallinckrodt, Maxus Energy, Neogenix, PBS Brand Co. (Punch Bowl), Promise Healthcare Group, RadioShack Corporation, RMIT (Reverse Mortgage), Samson Resources, SiO2, Stimwave Technologies, and Vesta Holdings, among others.

## **RESERVATION**

35.    To the extent time or disbursement charges for services rendered or disbursements incurred relate to this Fourth Monthly Fee Period but were not processed prior to the preparation of this Application, or Province has for any other reason not sought compensation or reimbursement of expenses herein for any services rendered or expenses incurred during the Fourth Monthly Fee Period, Province reserves the right to request additional compensation for such services and reimbursement of expenses in a future application.

## **CONCLUSION**

36.    It is respectfully submitted that the amount requested by Province is fair and reasonable given (a) the complexity of the issues presented, (b) the time and labor required, (c) the skill necessary to perform the financial advisory services, (d) the preclusion of other

employment, and (e) the customary fees charged to clients in bankruptcy and non-bankruptcy situations.

WHEREFORE, Province respectfully requests (i) approval of compensation in the amount of $114,240.00 and reimbursement of actual and necessary expenses in the amount of $61.20 for a total allowance of $114,301.20; (ii) payment of $91,453.20 (80% of the allowed fees and 100% of the allowed expenses); and (iii) such other and further relief as this Court may deem just and proper.

Dated: June 25, 2025                               PROVINCE, LLC

By: */s/Sanjuro Kietlinski*
Sanjuro Kietlinski, Partner
2360 Corporate Circle, Suite 340
Henderson, NV 89074
Telephone: 702.685.5555
Email: skietlinski@provincefirm.com

*Financial Advisor to the Official Committee of Unsecured Creditors*