Cover Sheet: Response & Relief Requested

From: Kenneth J. Lafayette II

(Former Joann Employee) (Creditor)

ATTN: THE United States

Bankruptcy Court

District of Delaware.

To: Honorable Judge

Goldblatt

Case # 1:25-BK-10068

(21 pages)

RECEIVED
2025 JUN 25 AM 9:34
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Attn: Honorable Judge Goldblatt    case# 1:25-bk-10068

In The United States Bankruptcy Court    June. 6, 2025
For The District of Delaware

RECEIVED

2025 JUN 25  AM 9: 34

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Creditor:   Kenneth J. Lafayette II    Chapter 11
Response    Schedule: 6285014
&           Claim II 12815        *Debtor: Joann Inc  Case # 25-10068 (CTG)
Request/s               12818        Et Al.    (Jointly Administered)

    *  Request For All Relief Necessary To Rectify:

Attn: * Notice / Motion: to all debtors/debtors in possession,
Counsel & Co-Counsel of, U.S. Trustee/s and the court/s.

- Please take notice that I (Kenneth J. Lafayette II) is
  100% shareholder of Joann and all assets.
- Please take notice that I am a holder of a claim
  and all interests in these proceedings.
- I have Domestic Support Obligations needing
  to be met.
- Please take notice, The hardships and deprivation
  me and my family endured are immeasurable
  and inhumane.
- Please take notice that my respectful claims
  and requests will always and forever
  will be "Administrative" / "Priority"
  over any and every.
- Please take notice I am aware of all
  fraudulent transfers and conveyences.
  under (11 USC 544) (11 USC 548) (11 USC 507)
- Please take notice that I would like all of my
  Rights reserved and Honored Expeditiously,
  In all of my court proceedings. Right to Due process.

- Please take notice that I would like an attorney to assist with or immediate attorney fees for, Just like all other parties.
- Please take notice I've been trying to obtain an attorney in the Delaware area for months, to be continuously denied over and over due to the fact, the attorney's would deny me because they would say they already represent a client in said matters.
- Please take notice that under Treasury Regulations, I have been deemed a disregarded entity, as I should be deemed.
- Please take notice I would like all claims transferred to me and my estate immediately upon notice/ Judgement. and to be granted all necessary relief to do so. Respectfully.

(* Creditor: ~~Kenneth J Lafayette II~~
(Former employee)

       Kenneth J. Lafayette II / President, C.E.O
         6023 Crystal DR. Lot #62
         Columbus, GA 31907
    phone#: (678) 754-6209
    email: Mtgcstaxjames@gmail.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

## OPT-IN FORM REGARDING
## RELEASES TO HOLDERS OF CLAIMS OR INTERESTS

**PLEASE TAKE NOTICE THAT** on May 27, 2025, the United States Bankruptcy Court for the District of Delaware (the "Court") entered an order [Docket No. 994] (the "Conditional Disclosure Statement Order"): (a) authorizing the above-captioned debtors and debtors in possession (collectively, the "Debtors") to solicit votes on the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 986] (as modified, amended, or supplemented from time to time, the "Plan");[2] (b) conditionally approving the *Amended Disclosure Statement for the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 987] (the "Disclosure Statement") as containing "adequate information" pursuant to section 1125 of the Bankruptcy Code; (c) approving the solicitation materials and documents to be included in the solicitation packages; (d) approving procedures for soliciting, receiving, and tabulating votes on the Plan and for filing objections to the Plan; and (e) granting related relief.

You are receiving this optional opt-in form (the "**Opt-In Form**") because you are or may be a Holder **of a Claim or Interest that is not entitled to vote on the Plan. Holders of Claims or Interests may opt in to the Third-Party Release set forth in the Plan by completing and submitting this form by <u>June 30, 2025, at 4:00 p.m., prevailing Eastern Time</u> (the "Opt-In Deadline"). Holders of Claims or Interests may affirmatively opt in by no later than the Opt-In Deadline by submitting this form in accordance with the directions herein.**

If you believe you are a Holder of a Claim or Interest with respect to the Debtors and choose to opt in to the Third-Party Release set forth in Article VIII.C of the Plan, please either (i) promptly complete, sign, and date this Opt-In Form and return it via first class mail, overnight courier, or hand delivery to Kroll Restructuring Administration LLC (the "Claims and Noticing Agent") at the address set forth below or (ii) submit your Opt-In Form through the Claims and Noticing Agent's online E-Ballot Portal in accordance with the directions provided below. Parties that submit their Opt-In Form using the E-Ballot Portal should NOT also submit a paper Opt-In Form.

**THIS OPT-IN FORM MUST BE ACTUALLY RECEIVED (WHETHER A PHYSICAL COPY IS RETURNED OR THE OPT-IN FORM IS COMPLETED ONLINE) BY THE CLAIMS AND NOTICING AGENT BY THE OPT-IN DEADLINE. IF THE OPT-IN FORM IS RECEIVED AFTER THE OPT-IN DEADLINE, IT WILL NOT BE COUNTED.**

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     *Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Plan, the Disclosure Statement, or the Disclosure Statement Order, as applicable.*

Item 1.          **Important information regarding releases under the Plan.**[3]

Article VIII.B of the Plan provides for a release by the Debtors (the "**Debtor Release**"):

Notwithstanding anything contained in the Plan or the Confirmation Order to the contrary, pursuant to section 1123(b) of the Bankruptcy Code, for good and valuable consideration, the adequacy of which is hereby confirmed, upon entry of the Confirmation Order and effective as of the Effective Date, to the fullest extent permitted by applicable law, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each and all of the Debtors, the Wind-Down Debtors, and their Estates, in each case on behalf of themselves and their respective successors, assigns, and representatives, including any Estate representative appointed or selected pursuant to section 1123(b)(3) of the Bankruptcy Code, from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, that any such Entity would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim against or Interest in a Debtor, the Wind-Down Debtors, or other Entity, or that any Holder of any Claim against or Interest in a Debtor, the Wind-Down Debtors, or other Entity could have asserted on behalf of the Debtors or the Wind-Down Debtors (but excluding any and all direct claims any such Holder of a Claim or Interest may have), to the extent such Claim or Cause of Action (x) has not been sold pursuant to the GA Transaction Documents and Approval Order(s) and (y) is based on or relating to, or in any manner arising from, in whole or in part, the Debtors or the Wind-Down Debtors (including the Debtors' and the Wind-Down Debtors' capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or Wind-Down Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts (including the marketing, bidding, auction, and sale-related processes leading to the GA Transaction), the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted against the Debtors or the Wind-Down Debtors or any GUC Trust Causes of Action that constitute Avoidance Actions), intercompany transactions between or among a Debtor, the Wind-Down Debtors, or an Affiliate of a Debtor and another Debtor, the Wind-Down Debtors, or Affiliate of a Debtor, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the GA Transaction, any other Definitive Document or any Wind-Down Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the GA Transaction, any other Definitive Document, any of the Wind-Down Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of the GA Transaction, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the releases set forth above do not release: (1) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan or the Wind-Down

---

[3]   The Plan provisions referenced herein are for summary purposes only and do not include all provisions of the Plan that may affect your rights.  If there is any inconsistency between the provisions set forth herein and the Plan, the Plan governs.  Please read the Plan carefully before completing this Opt-In Form.  Defined terms used but not defined herein shall have the meaning ascribed to such term as in the Plan.

Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Wind-Down Transactions; or (2) any matters retained by the Wind-Down Debtors pursuant to the Schedule of Retained Causes of Action.

Article VIII.C of the Plan provides for a third-party release by the Releasing Parties (the "**Third-Party Release**"):

Except as otherwise expressly set forth in the Plan or the Confirmation Order, effective as of the Effective Date, in exchange for good and valuable consideration, the adequacy of which is hereby confirmed, each Released Party is, and is deemed hereby to be, fully, conclusively, absolutely, unconditionally, irrevocably, and forever released by each Releasing Party from any and all claims and Causes of Action, whether known or unknown, including any derivative claims, asserted or assertable on behalf of any of the Debtors, the Wind-Down Debtors, or their Estates, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to or in any manner arising from, in whole or in part, the Debtors or the Wind-Down Debtors (including the Debtors' and the Wind-Down Debtors' capital structure, management, ownership, or operation thereof or otherwise), the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor or Wind-Down Debtor and any Released Party, the Debtors' in- or out-of-court restructuring efforts (including the marketing, bidding, auction, and sale-related processes leading to the GA Transaction), the purchase, sale, or rescission of any security of the Debtors or the Wind-Down Debtors, any Avoidance Actions (but excluding Avoidance Actions brought as counterclaims or defenses to Claims asserted by the Debtors or the Wind-Down Debtors or any GUC Trust Causes of Action that constitute Avoidance Actions), intercompany transactions, the Chapter 11 Cases, the formulation, preparation, dissemination, solicitation, negotiation, entry into, or filing of the Disclosure Statement, the Plan, the Plan Supplement, the GA Transaction, any other Definitive Document, or any Wind-Down Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the GA Transaction, any other Definitive Document, any of the Wind-Down Transactions, the Chapter 11 Cases, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of the GA Transaction, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance or distribution of securities pursuant to the Plan, or the distribution of property under the Plan, or upon any other related act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date, except for any claims arising from or related to any act or omission that is determined in a Final Order by a court of competent jurisdiction to have constituted actual fraud, willful misconduct, or gross negligence.

Notwithstanding anything to the contrary in the foregoing, the Third-Party Release does not release (1) any obligations arising on or after the Effective Date (solely to the extent such obligation does not arise from any acts or omissions prior to the Effective Date) of any party or Entity under the Plan, the Confirmation Order, or any post-Effective Date transaction contemplated by the Plan or the Wind-Down Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan or the Wind-Down Transactions or (2) the rights of any Holder of Allowed Claims to receive distributions under the Plan.

Definitions Related to the Debtor Release and the Third-Party Release:

UNDER THE PLAN, "*AVOIDANCE ACTIONS*" MEAN ANY AND ALL AVOIDANCE, RECOVERY, OR SUBORDINATION ACTIONS OR REMEDIES THAT MAY BE BROUGHT BY OR ON BEHALF OF THE DEBTORS OR THEIR ESTATES UNDER THE BANKRUPTCY CODE OR APPLICABLE NON BANKRUPTCY LAW, INCLUDING ACTIONS OR REMEDIES UNDER SECTIONS 544, 547, 548, 549, 550, 551, 552, OR 553 OF THE BANKRUPTCY CODE.

UNDER THE PLAN, "*EXCLUDED PARTIES*" MEANS, COLLECTIVELY, (A) ANY PERSON OR ENTITY THAT IS OR MAY BE LIABLE TO ANY OF THE DEBTORS (OR ANY SUCCESSOR THERETO) OR THE GUC TRUST IN RESPECT OF ANY RETAINED CAUSES OF ACTION OR GUC TRUST CAUSES OF ACTION, IF ANY, AND (B) ANY HOLDER OF INTERESTS IN JOANN INC. (SOLELY IN ITS CAPACITY AS SUCH) THAT IS NOT A RELEASING PARTY.

UNDER THE PLAN, "***RELEASED PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) EACH OF THE WIND DOWN DEBTORS; (C) THE PLAN ADMINISTRATOR; (D) THE PREPETITION ABL LENDERS; (E) THE PREPETITION FILO LENDERS; (F) THE PREPETITION TERM LOAN LENDERS; (G) THE PREPETITION ABL AGENT; (H) THE PREPETITION FILO AGENT; (I) THE PREPETITION TERM LOAN AGENT; (J) THE RELEASING PARTIES; (K) THE COMMITTEE AND ITS MEMBERS (IN THEIR CAPACITY AS COMMITTEE MEMBERS); (L) THE GUC TRUST AND THE GUC TRUSTEE; (M) THE PURCHASER; (N) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (O); AND (O) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (O); PROVIDED HOWEVER, THAT NONE OF THE EXCLUDED PARTIES SHALL BE RELEASED PARTIES.

UNDER THE PLAN, "***RELEASING PARTIES***" MEANS, EACH OF, AND IN EACH CASE IN ITS CAPACITY AS SUCH: (A) THE DEBTORS; (B) EACH OF THE WIND DOWN DEBTORS; (C) THE PLAN ADMINISTRATOR; (D) THE PREPETITION ABL LENDERS; (E) THE PREPETITION FILO LENDERS; (F) THE PREPETITION TERM LOAN LENDERS; (G) THE PREPETITION ABL AGENT; (H) THE PREPETITION FILO AGENT; (I) THE PREPETITION TERM LOAN AGENT; (J) ALL HOLDERS OF CLAIMS AGAINST THE DEBTORS WHO VOTE TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (K) ALL HOLDERS OF CLAIMS AGAINST THE DEBTORS WHO VOTE TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (L) ALL HOLDERS OF CLAIMS AGAINST THE DEBTORS WHO ARE DEEMED TO REJECT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (M) ALL HOLDERS OF CLAIMS AGAINST THE DEBTORS WHO ARE DEEMED TO ACCEPT THE PLAN AND WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (N) ALL HOLDERS OF INTERESTS IN THE DEBTORS WHO AFFIRMATIVELY OPT IN TO THE RELEASES PROVIDED BY THE PLAN; (O) THE COMMITTEE AND ITS MEMBERS (SOLELY IN THEIR CAPACITY AS COMMITTEE MEMBERS AND NOT AS HOLDERS OF CLAIMS); (P) EACH CURRENT AND FORMER AFFILIATE OF EACH ENTITY IN CLAUSE (A) THROUGH THE FOLLOWING CLAUSE (Q) FOR WHICH SUCH ENTITY IS LEGALLY ENTITLED TO BIND SUCH AFFILIATE TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON BANKRUPTCY LAW; AND (Q) EACH RELATED PARTY OF EACH ENTITY IN CLAUSE (A) THROUGH THIS CLAUSE (Q) FOR WHICH SUCH AFFILIATE OR ENTITY IS LEGALLY ENTITLED TO BIND SUCH RELATED PARTY TO THE RELEASES CONTAINED IN THE PLAN UNDER APPLICABLE NON BANKRUPTCY LAW; PROVIDED THAT EACH SUCH ENTITY THAT ELECTS NOT TO OPT INTO THE RELEASES CONTAINED IN THE PLAN, SUCH THAT IT IS NOT A RELEASING PARTY IN ITS CAPACITY AS A HOLDER OF A CLAIM OR INTEREST SHALL NEVERTHELESS BE A RELEASING PARTY IN EACH OTHER CAPACITY APPLICABLE TO SUCH ENTITY.

Article VIII.D of the Plan provides for an exculpation of certain parties (the "**Exculpation**"):

Except as otherwise specifically provided in the Plan or the Confirmation Order, no Exculpated Party shall have or incur any liability for, and each such party shall be exculpated from any Cause of Action for any claim related to any act or omission occurring between the Petition Date and the Effective Date in connection with, relating to or arising out of the Chapter 11 Cases prior to the Effective Date, the formulation, preparation, dissemination, negotiation, or filing of the Disclosure Statement, the GA Transaction, the Plan, the Plan Supplement, any other Definitive Document, or any Wind-Down Transaction, or any contract, instrument, release, or other agreement or document created or entered into in connection with the Disclosure Statement, the Plan, the Plan Supplement, the GA Transaction, any other Definitive Document, any of the Wind-Down Transactions, the filing of the Chapter 11 Cases, the pursuit of Confirmation, the pursuit of the GA Transaction, the pursuit of Consummation, the administration and implementation of the Plan, including the issuance of securities pursuant to the Plan, or the distribution of property under the Plan or any other related agreement, except for claims related to any act or omission that is determined in a Final Order to have constituted gross negligence, willful misconduct, or actual fraud. Notwithstanding anything to the contrary in the foregoing, the exculpation set forth above does not exculpate any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Wind-Down Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Article VIII.E of the Plan establishes an injunction (the "**Injunction**"):

In accordance with Bankruptcy Code section 1141(d)(3), the Plan does not discharge the Debtors. Section 1141(c) of the Bankruptcy Code nevertheless provides, among other things, that the property dealt with by the Plan is free and clear of all Claims and Interests against the Debtors. Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors and the Wind-Down Debtors, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Wind-Down Debtors (but solely to the extent such action is brought against the Debtors or the Wind-Down Debtors to directly or indirectly recover upon any property of the Estates dealt with by the Plan, upon the Effective Date) the Exculpated Parties, the Released Parties, and any successors, assigns, or representatives of such Persons or Entities, solely with respect to any Claims, Interests, or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance of any kind; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities unless such holder exercised such setoff prior to the Petition Date or such setoff is otherwise permissible under applicable law, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in the Plan (the "**Released Claims**") or (y) that are subject to exculpation (the "**Exculpated Claims**"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed Proof of Claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; *provided however*, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud, or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the closing of these Chapter 11 Cases. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin (1) a Holder of a Claim or Interest that is not a Releasing Party from taking any actions described in Article VIII.E solely with respect to any direct claim of such Holder that is not an Exculpated Claim or (2) the enforcement of any obligations arising on or after the Effective Date of any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Wind-Down Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan.

Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined from taking any actions to interfere with the implementation or Consummation of the Plan. Each Holder of an Allowed Claim, by accepting, or being eligible to accept, distributions under or Reinstatement of such Claim or Interest, as applicable, pursuant to the Plan, shall be deemed to have consented to the injunction provisions set forth in Article VIII.E.

OPTIONAL OPT-IN ELECTION. YOU MAY ELECT TO OPT IN TO THE RELEASE CONTAINED IN ARTICLE VIII.C OF THE PLAN ONLY IF YOU CHECK THE BOX BELOW. YOUR DECISION TO OPT IN OR NOT OPT IN TO THE THIRD-PARTY RELEASE WILL NOT IMPACT YOUR DISTRIBUTION UNDER THE PLAN:



**☑ The undersigned Holder of the Claim or Interest elects to <u>OPT IN TO</u> the Third-Party Release**

**Item 2.    Certifications.**

By signing this Opt-In Form, the undersigned certifies to the Bankruptcy Court and the Debtors that:

(a)    as of the Voting Record Date, either: (i) the Entity is the Holder of a Claim or Interest; or (ii) the Entity is an authorized signatory for the Entity that is a Holder of a Claim or Interest;

(b)    the Entity (or in the case of an authorized signatory, the Holder) has received a copy of the *Notice of Non-Voting Status and Release Opt-In Form Regarding Releases to Holders of Unimpaired Claims or Interests Conclusively Deemed to Accept the Plan* and that this Opt-In Form is made pursuant to the terms and conditions set forth therein;

(c)    the Entity has submitted the same respective election concerning the releases with respect to all Claims or Interests in a single Class; and

(d)    no other Opt-In Form has been submitted or, if any other Opt-In Forms have been submitted with respect to such Claims or Interests, then any such earlier Opt-In Forms are hereby revoked.

Name of Holder: Kenneth Lafayette 2nd
_____
*(print or type)*

Signature: _____

Name of Signatory: _____
*(if other than Holder)*

Title: **President/CEO**

Address: 6023 crystal Dr lot #62

Columbus, Ga 31907

_____

Telephone Number: 6787546209

Email: Mtgcstaxjames@gmail.com

Date Completed: 06/06/2025

**IF YOU HAVE MADE THE OPTIONAL OPT-IN ELECTION, PLEASE COMPLETE, SIGN, AND DATE THIS OPT-IN FORM AND RETURN IT PROMPTLY BY ONLY ONE OF THE METHODS BELOW.**

| **If by First Class Mail, Hand Delivery, or Overnight Mail:** |
| --- |
| JOANN Inc. (2025) Ballot Processing Center<br>c/o Kroll Restructuring Administration LLC<br>850 Third Avenue, Suite 412<br>Brooklyn, NY 11232<br><br>To arrange hand delivery of your Opt-In Form, please email the Claims and Noticing Agent at JoannBallots@ra.kroll.com (with "Joann Inc. Opt-In Delivery" in the subject line) at least 24 hours prior to your arrival at the Kroll address above and provide the anticipated date and time of delivery. |

**OR**

**By electronic, online submission:**

The Claims and Noticing Agent will accept Opt-In Forms if properly completed through the E-Ballot Portal. Submit your customized electronic Opt-In Form through the E-Ballot Portal by visiting https://cases.ra.kroll.com/Joann2025 and under the Case Navigation section of the website click on "Submit E-Ballot" and follow the instructions to submit your Opt-In Form.

To access and submit your Opt-In Form through the E-Ballot Portal, you must use the Unique E-Opt-In ID# assigned to your Claim or Interest.

UNIQUE E-OPT-IN ID#: _____

Each E-Opt-In ID# is to be used solely for electing to opt-in to the grant of the Third-Party Release under the Plan. Please complete and submit an electronic Opt-In Form for each E-Opt-In ID# you receive, as applicable.

Creditors who submit an Opt-In Form using the E-Ballot Portal should NOT also submit a paper Opt-In Form.

**The Claims and Noticing Agent's E-Ballot Portal is the sole manner in which Opt-In Forms will be accepted via electronic or online transmission. Opt-In Forms submitted by facsimile, email, or other means of electronic transmission will not be counted.**

| | CUSIP / ISIN |
|---|---|
| Please note that if you are a Holder of Class 7 - Interests in JOANN and hold a position in the equity securities identified below in 'street name' through a bank, broker or other intermediary or agent thereof, you will not be issued a Unique E-Opt-In# and may not submit your Opt-In Form via the E-Ballot Portal. Instead, to upload your completed Opt-In Form, you must click on the "Public Securities Submission Portal" link located on the left-hand navigation panel of the Debtors' restructuring website at https://cases.ra.kroll.com/Joann2025. For the avoidance of doubt, only Holders of Class 7 Interests in JOANN whose positions are held in their own names on the books and records of the Debtors or the Debtors' transfer agent will be able to submit the electronic version of their Opt-In Form via the E-Ballot Portal. | |
| Existing Equity Interests | 47768J200 / US47768J2006 |

Parties that submit their Opt-In Form using the E-Ballot Portal should **NOT** also submit a paper Opt-In Form.

**THE OPT-IN DEADLINE IS 4:00 P.M., PREVAILING EASTERN TIME, ON JUNE 30, 2025.**

THE CLAIMS AND NOTICING AGENT MUST ACTUALLY RECEIVE YOUR OPT-IN ELECTION ON OR BEFORE THE OPT-IN DEADLINE. IF YOU HAVE ANY QUESTIONS REGARDING THIS OPT-IN FORM, PLEASE CONTACT: JOANNINFO@RA.KROLL.COM (WITH "JOANN SOLICITATION INQUIRY" IN THE SUBJECT LINE) FOR FURTHER ASSISTANCE.

Eballot Confirmation:                    3820-2-BDTDL-092264558

EBallot Electronically Submitted on (UTC) :2025-06-06T07:20:20.92Z

Submitted by:    Kenneth Lafayette 2nd
                 Mtgcstaxjames@gmail.com

## SCHEDULE B-1
### (Form 1120-S)
(Rev. December 2020)
Department of the Treasury
Internal Revenue Service

# Information on Certain Shareholders of an S Corporation

Attach to Form 1120-S.

Go to *www.irs.gov/Form1120S* for the latest information.

OMB No. 1545-0123

Name of corporation

~~Loyalty and Family Forever LLC~~

Employer identification number

~~XX-XXX~~0086

**Information on Any Shareholder That Was a Disregarded Entity, a Trust, an Estate, or a Nominee or Similar Person at Any Time During the Tax Year** (Form 1120-S, Schedule B, Question 3)

| (a)<br>Name of Shareholder of Record—Disregarded Entity, Trust, Estate, Nominee or Similar Person | (b)<br>Social Security Number (SSN) or Employer Identification Number (EIN) (if any) of Shareholder of Record | (c)<br>Type of Shareholder of Record | (d)<br>Name and SSN or EIN (if any) of Individual or Entity Responsible for Reporting Shareholder's Income, Deductions, Credits, etc., From Schedule K-1 |
|---|---|---|---|
| Kenneth Lafayette II | ~~XXX-XX~~0629 | DISREGARDED ENTITY | Kenneth Lafayette II<br>3~~X-XXX~~0086 |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

EFILE COPY

For Paperwork Reduction Act Notice, see the Instructions for Form 1120-S.

Schedule B-1 (Form 1120-S) (Rev. 12-2020)

UYA

**U.S. District Court [LIVE AREA]**
**Middle District of Georgia (Columbus)**
**CIVIL DOCKET FOR CASE #: 4:25-cv-00046-CDL-AGH**

LAFAYETTE v. JOANN DISTRIBUTION LLC                           Date Filed: 02/05/2025
Assigned to: US DISTRICT JUDGE CLAY D LAND                    Jury Demand: None
Referred to: US MAGISTRATE JUDGE AMELIA G HELMICK             Nature of Suit: 442 Civil Rights: Jobs
Cause: 42:2003 Job Discrimination                            Jurisdiction: Federal Question

**Plaintiff**

**KENNETH J LAFAYETTE, II**                     represented by   **KENNETH J LAFAYETTE, II**
                                                                6023 CRYSTAL DR - LOT 62
                                                                COLUMBUS, GA 31907
                                                                678-754-6209
                                                                PRO SE

V.

**Defendant**

**JOANN DISTRIBUTION LLC**

**Defendant**

**JOANN STORES INC**

| Date Filed | # | Docket Text |
|---|---|---|
| 02/05/2025 | 1 | COMPLAINT against JOANN DISTRIBUTION LLC, JOANN STORES INC - filed by KENNETH J LAFAYETTE, II. (Attachments: # 1 EEOC Inquiry Information, # 2 Earnings Statement, # 3 Screening report and data inquiries, # 4 Cellular services information, # 5 Envelopes addressed to Joann Distribution LLC with certified mail receipts, # 6 Notices of Lawsuit, # 7 Waivers of service, # 8 Envelope - Crystal Dr address)(tlp) (Entered: 02/05/2025) |
| 02/05/2025 | 2 | MOTION for Leave to Proceed in forma pauperis - Filed by KENNETH J LAFAYETTE, II.(tlp) (Entered: 02/05/2025) |
| 02/06/2025 |  | CASE REFERRED to Magistrate Judge US MAGISTRATE JUDGE AMELIA G HELMICK. MOTION REFERRED: 2 MOTION for Leave to Proceed in forma pauperis to US Magistrate Judge. Motion referred to AMELIA G HELMICK.(esl) (Entered: 02/06/2025) |
| 02/10/2025 | 3 | **ORDER** to recast motion to proceed IFP. The Clerk is directed to provide Plaintiff with a new blank long-form application for non-prisoners. Ordered by US MAGISTRATE JUDGE AMELIA G HELMICK on 2-10-25. (jdl) (Entered: 02/10/2025) |
| 02/18/2025 | 4 | (Recast) MOTION for Leave to Proceed in forma pauperis Filed by KENNETH J LAFAYETTE, II. (Attachments: # 1 Exhibit - Statement of Hardship-Tenant Attestation, # 2 Exhibit - Income Documentation Waiver Form, # 3 Exhibit -Order on Affidavit of Poverty). Motion referred to AMELIA G HELMICK.(esl) (Entered: 02/19/2025) |
| 02/20/2025 | 5 | This is a text only entry; no document issued. **ORDER** granting 4 Motion for Leave to Proceed in forma pauperis; terminating as moot 2 Motion for Leave to Proceed in forma pauperis. Ordered by US MAGISTRATE JUDGE AMELIA G HELMICK on 2-20-25. (jdl) (Entered: 02/20/2025) |

FILED '25 MAR28PM 3 59 MDGA-COL

AO 450 (Rev. 11/11)   Judgment in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Kenneth J. Lafayette II
_____
Plaintiff
)
)
v.                                                    )        Civil Action No. 4:25cv 00046
)
Joann Distribution LLC/all aliases )
_____
Defendant
)

## JUDGMENT IN A CIVIL ACTION

The court has ordered that *(check one)*:

☑ the plaintiff *(name)*  Kenneth J. Lafayette II                     recover from the
defendant *(name)*  Joann Stores Distribution LLC / Joann Inc.        the amount of
Thirty - Three Million                     dollars ($33,000,000.00 ), which includes prejudgment
interest at the rate of   100   %, plus post judgment interest at the rate of   100   % per annum, along with costs.

☐ the plaintiff recover nothing, the action be dismissed on the merits, and the defendant *(name)* _____
_____ recover costs from the plaintiff *(name)* _____

☑ other:  I am 100% shareholder of Defendant and assets. I prayfully request,
Fees be paid as Administrative Fees / All Wages and Damages be (For my
Bankruptcy court and Debtor in possession/     Administrative. Taxes to
                                    Trustee                          be repaired)
                         Be retified.

This action was *(check one)*:

☐ tried by a jury with Judge _____ presiding, and the jury has
rendered a verdict.

☐ tried by Judge _____ without a jury and the above decision
was reached.

☐ decided by Judge _____ on a motion for

Date: _____        *CLERK OF COURT*

                              _____
                              *Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT

for the

Middle District of Georgia

Columbus Division

| | |
|---|---|
| Kenneth J. Lafayette II<br>_____<br>Plaintiff(s)<br>*(Write the full name of each plaintiff who is filing this complaint.<br>If the names of all the plaintiffs cannot fit in the space above,<br>please write "see attached" in the space and attach an additional<br>page with the full list of names.)*<br>-v-<br><br><br><br>Joann Distribution LLC.<br>_____<br>Defendant(s)<br>*(Write the full name of each defendant who is being sued. If the<br>names of all the defendants cannot fit in the space above, please<br>write "see attached" in the space and attach an additional page<br>with the full list of names.)* | Case No. 4:25 - cv - 00046<br>*(to be filled in by the Clerk's Office)*<br><br>Jury Trial: *(check one)* ☐ Yes ☑ No |

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

### I.    The Parties to This Complaint

#### A.    The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kenneth J. Lafayette II |
| Street Address | 4429 Saunders Dr. II 7-A |
| City and County | Columbus, Muscogee County |
| State and Zip Code | Georgia, 31909 |
| Telephone Number | 678-754-6209 |
| E-mail Address | Mtgcstaxjames@gmail.com |

#### B.    The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

(Joann Stores Distribution LLC.) (corporation)
- Former Employer

Page 1 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

Defendant No. 1

Name — Joann Distribution LLC.

Job or Title *(if known)* — ~~Forklift Operator~~ (Former Employer)

Street Address — 3101 Anderson Rd.

City and County — Opelika, Lee County

State and Zip Code — Alabama, 36801

Telephone Number — 334-705-8070

E-mail Address *(if known)* — N/A

Defendant No. 2

Name — Joann Stores LLC.

Job or Title *(if known)* — Corporate Office (Firmer employer)

Street Address — 5555 Darrow Rd.

City and County — Hudson

State and Zip Code — Ohio, 44236

Telephone Number — N/A

E-mail Address *(if known)* — N/A

Defendant No. 3

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Defendant No. 4

Name

Job or Title *(if known)*

Street Address

City and County

State and Zip Code

Telephone Number

E-mail Address *(if known)*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

Name                    Joann Stores Distribution LLC.
Street Address          3101 Anderson Rd.
City and County         Opelika, Lee County
State and Zip Code      Alabama, 36801
Telephone Number        334-705-8070

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note:  In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note:  In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note:  In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*: (42 USC 1983 civil rights Act) *Breaches of Fiduciary *Wage Theft *Bank Secrecy Duty.

☑    Relevant state law *(specify, if known)*: Foreign Corrupt Policy Act, E.R.I.S.A. of 1974, Violation of Freedom of Deprivation of Rights and property 45cfr 303.100 contract.

☑    Relevant city or county law *(specify, if known)*: *Georgia Money Transmitter Act Laws  *Alabama Money Transmitter Act Code of A 1975 §8-7A-1

(*State of Georgia)  (*State of Alabama  (Various state
                         8-7A-1)          Labor Laws)

(*private meetings Act)  (civil rights Act
                          42 USC 1983)

### III.    Statement of Claim

Write a short and plain statement of the claim.  Do not make legal arguments.  State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought.  State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct.  If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph.  Attach additional pages if needed.

A.    The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

- [✓]  Failure to hire me.
- [✓]  Termination of my employment.
- [ ]  Failure to promote me.
- [✓]  Failure to accommodate my disability.
- [✓]  Unequal terms and conditions of my employment.
- [✓]  Retaliation.
- [✓]  Other acts *(specify):* Authorizing other authorized users on my paycheck card. participating in payment incentive programs (privately).

*(Note:  Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.    It is my best recollection that the alleged discriminatory acts occurred on date(s)

start    End
Sept. 30, 2022 to Nov. 30, 2024

C.    I believe that defendant(s) *(check one)*:

- [ ]  is/are still committing these acts against me.
- [✓]  is/are not still committing these acts against me. (Recently stopped)

D.    Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

- [✓]  race
- [✓]  color
- [✓]  gender/sex
- [ ]  religion
- [ ]  national origin
- [ ]  age *(year of birth)* _____ (only when asserting a claim of age discrimination.)
- [✓]  disability or perceived disability *(specify disability)*

Needing time off work for child custody hearings & child support hearings (Family Emergency/s) children in cases live in florida. Cases were in Florid

E.    The facts of my case are as follows.  Attach additional pages if needed.

Joann Hired me May. 2, 2022, I had child support Hearing Aug, 2022, In September 2022 Money from child support payments started coming from my check without my authority. I was ordered to pay to the dispursement - Unit. So Whatever arrangements were made between the child support office and Joann Distribution LLC. were made illegally The child support representative has already been removed from position. against

Page 4 of 6

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

I started paternity motion 2/16/2023 in Polk County, Fl, requiring time off work to accomodate. Which was approved by my original supervisors and managers. In the spring and summer of 2023 Joann Distribution LLC. brought in brand new management/supervisors/computer systems/clock-In systems. And changed up plenty of policy's not agreed on by employees, supervisor responsible for my termination was only there 3 months. I was there a year and a half. They said I pointed out but I had excuses for every court date and hearing. They said under new policy, that don't matter no more. It's still unexcused. Little did I know they were part of the wage theft and Child Support kickback Sheeme.

*(Note: As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

Filed a complaint with EEOC in November 2024, EEOC said they don't deal
with kickbacks, and incentive
arrangement cases. (12/10/2024)

B.    The Equal Employment Opportunity Commission *(check one)*:

[✓]    has not issued a Notice of Right to Sue letter.

[ ]    issued a Notice of Right to Sue letter, which I received on *(date)*  _____

*(Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

[ ]    60 days or more have elapsed.

[ ]    less than 60 days have elapsed.

## V.    Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

·False
background
Info

·Any Relief
under Equal
Pay Act.
Any relief
under E.R.I.S.A
of 1974.

·Would like
Attorney or
Attorney Fees
covered by defendant.

(Would like an attorney for representation on these matters) If elgible

I would like to use all benefits that I requested to use. Exercise work Benefit

I was denied that work Benefit

Page 5 of 6 offer of wages
et INSU

Lost Wages, Disability, Unemployment, Back Lost Wages in full from time of Wrongful termination on (Nov. 3, 2023) also this termination date is questionable, because why was I sent home on 10/23/2023 and not terminated until Nov. 3, 2023. Any punitive money damages, Wage and work-related damages, All Kickback and incentive payments received from fraudulent child support proceedings that should go towards child-related expenses, instead of being, undisclosed and concealed. $300,000.00 in pain in suffering

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:    Dec. 12, 2024

Signature of Plaintiff    Kenneth J. Lafayette II

Printed Name of Plaintiff    Kenneth J. Lafayette II

### B.    For Attorneys

Date of signing:    _____

Signature of Attorney    _____

Printed Name of Attorney    _____

Bar Number    _____

Name of Law Firm    _____

Street Address    _____

State and Zip Code    _____

Telephone Number    _____

E-mail Address    _____

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments. Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; October 2023; All rights reserved.

PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

UNITED STATES
POSTAL SERVICE®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

PRIORITY®
★ MAIL ★

FROM: Kenneth J. Lafayette II
6023 Crystal DR. Lot 62
Columbus, GA 31907

TO: The United States
Bankruptcy Court
District of Delaware
824 N. Market St.
3rd Floor
Wilmington, Delaware 19801

Label 228, March 2016

FOR DOMESTIC AND INTERNATIONAL USE

FIRMLY TO SEAL

PRIORITY®
MAIL

Origin: 31907
06/17/25
1219980507-96

PRIORITY MAIL®

0 Lb 4.80 oz

RDC 03

C012

EXPECTED DELIVERY DAY:  06/23/25

SHIP
TO:
824 N MARKET ST
WILMINGTON DE 19801-3024

USPS TRACKING® #

9505 5119 9926 5168 8217 78

USPS.COM/PICKUP

how2recyc

TRACKED ■ INSURED