# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) <br><u>Hearing Date</u>: *Only if Objections are filed* <br><u>Objection Deadline</u>: **July 18, 2025, at 4:00 p.m. (ET)** |

## SUMMARY OF FOURTH MONTHLY
## FEE APPLICATION OF COLE SCHOTZ P.C., DELAWARE
## CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
## ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
## FOR THE PERIOD FROM MAY 1, 2025 THROUGH MAY 31, 2025

| | |
|---|---|
| Name of Applicant: | Cole Schotz P.C. |
| Authorized to provide professional services to: | JOANN Inc., *et al*. |
| Date of retention: | March 4, 2025 (Effective as of January 15, 2025) [Docket No. 546] |
| Period for which compensation and reimbursement is sought: | May 1, 2025 through May 31, 2025 |
| Amount of compensation sought as actual, reasonable and necessary: | $166,063.20 (80% of $207,579.00) |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $770.49 |
| This is a(n): | <u>X</u> monthly ___ interim ___ final application |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**Prior Monthly Applications:**

| Application DI No. | Date Filed | Period Covered | Requested Fees/Expenses | Approved Fees (100%)/ Expenses (100%) |
|---|---|---|---|---|
| First Monthly DI 693 | 4/10/2025 | 1/15/2025 – 2/28/2025 | $456,338.50/$3,556.36 | $573,051.50/$7,688.52 |
| Second Monthly DI 827 | 5/7/2025 | 3/1/2025 – 3/31/25 | $119,943.00/$4,132.16 | |
| **Application DI No.** | **Date Filed** | **Period Covered** | **Requested Fees/Expenses** | **Authorized Fees (80%)/ Expenses (100%)** |
| Third Monthly DI 1276 | 6/24/2025 | 4/1/25 – 4/30/2025 | $157,743.50/$265.93 | N/A[2] |

---

[2] The objection deadline for the Third Monthly is July 15, 2025.

**JOANN INC.,** *et al.*

**SUMMARY OF BILLING BY PROFESSIONAL**
**MAY 1, 2025 THROUGH MAY 31, 2025**

| Attorney Name | Year Admitted | Position (Department) | Hourly Billing Rate | Total Hours Billed | Total Compensation |
|---|---|---|---|---|---|
| David M. Bass | 1994 | Member (Bankruptcy) | $1,075.00 | 0.7 | $752.50 |
| Patrick J. Reilley | 2003 | Member (Bankruptcy) | $900.00 | 78.3 | $70,470.00 |
| Stacy L. Newman | 2007 | Member (Bankruptcy) | $800.00 | 36.7 | $29,360.00 |
| Mark Tsukerman | 2010 | Member (Bankruptcy) | $770.00 | 17.0 | $13,090.00 |
| Jack M. Dougherty | 2021 | Associate (Bankruptcy) | $575.00 | 43.0 | $24,725.00 |
| Michael E. Fitzpatrick | 2022 | Associate (Bankruptcy) | $575.00 | 46.7 | $26,852.50 |
| Elazar A. Kosman | 2022 | Associate (Bankruptcy) | $430.00 | 15.1 | $6,493.00 |
| Pauline Z. Ratkowiak | N/A | Paralegal (Bankruptcy) | $405.00 | 87.2 | $35,316.00 |
| Larry S. Morton | N/A | Paralegal (Bankruptcy) | $400.00 | 1.3 | $520.00 |
| | | | **TOTAL** | **326.0** | **$207,579.00** |

**Blended Rate:  $636.75**

## JOANN INC., *et al.*

## SUMMARY OF BILLING BY PROJECT CATEGORY
## MAY 1, 2025 THROUGH MAY 31, 2025

| Project Category | Monthly Hours | Monthly Fees |
|---|---|---|
| Asset Dispositions, Sales, Uses, And Leases (Section 363) | 6.5 | $4,196.50 |
| Automatic Stay Matters/Litigation | 7.1 | $4,748.50 |
| Case Administration | 16.6 | $13,578.50 |
| Cash Collateral and DIP Financing | 0.1 | $90.00 |
| Claims Analysis, Administration and Objections | 64.5 | $41,917.50 |
| Committee Matters and Creditor Meetings | 0.1 | $43.00 |
| Creditor Inquiries | 1.0 | $785.50 |
| Disclosure Statement/Voting Issues | 23.3 | $15,903.00 |
| Employee Matters | 0.1 | $57.50 |
| Executory Contracts | 51.6 | $32,194.00 |
| Fee Application Matters/Objections | 42.3 | $21,469.00 |
| Leases (Real Property) | 67.8 | $46,438.50 |
| Litigation/ Gen. (Except Automatic Stay Relief) | 1.2 | $486.00 |
| Preparation for and Attendance at Hearings | 16.3 | $6,963.50 |
| Reorganization Plan | 17.2 | $12,046.50 |
| Reports; Statements and Schedules | 4.2 | $2,363.00 |
| Retention Matters | 0.1 | $57.50 |
| U.S. Trustee Matters and Meetings | 0.6 | $258.00 |
| Vendor Matters | 4.1 | $2,982.00 |
| Business Operations | 1.3 | $1,001.00 |
| **TOTAL** | **326.0** | **$207,579.00** |

**JOANN INC.,** *et al.*

**SUMMARY OF BILLING BY EXPENSE CATEGORY**
**MAY 1, 2025 THROUGH MAY 31, 2025**

| Expense Category | Service Provider (if applicable) | Total Expenses |
|---|---|---|
| Photocopying/Printing/Scanning (217 pages @ $0.10 per page) | | $21.70 |
| Working Meals | | $307.00 |
| Court Fees | PACER Service Center | $14.10 |
| Online Research | Westlaw | $427.69 |
| **TOTAL** | | **$770.49** |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | <u>Hearing Date</u>: *Only if Objections are filed* |
| | ) | <u>Objection Deadline</u>: July 18, 2025, at 4:00 p.m. (ET) |

**FOURTH MONTHLY FEE
APPLICATION OF COLE SCHOTZ P.C., DELAWARE
CO-COUNSEL TO THE DEBTORS AND DEBTORS IN POSSESSION, FOR
ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES
FOR THE PERIOD FROM MAY 1, 2025 THROUGH MAY 31, 2025**

Cole Schotz P.C. (the "<u>Applicant</u>" or "<u>Cole Schotz</u>"), Delaware co-counsel to the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>"), hereby submits this fourth monthly fee application (the "<u>Application</u>") pursuant to (i) sections 330 and 331 of title 11 of the United State Code, 11 U.S.C. §§ 101-1532 (the "<u>Bankruptcy Code</u>"), (ii) Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), (iii) Rule 2016-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and (iv) the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "<u>Interim Compensation Order</u>") for allowance of compensation for services rendered and reimbursement of expenses for the period from May 1, 2025 through May 31, 2025 (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

"Application Period"). In support of this Application, Cole Schotz respectfully represents as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 330 and 331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-1.

**Background**

**A.    The Chapter 11 Cases**

4. On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2025, the Court entered an order authorizing the joint administration and procedural consolidation of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103. On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee"). *See*

Docket No. 198.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

5.      A description of the Debtors' business, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions* filed on January 15, 2025.  *See* Docket No. 5.

**B.     The Retention of Cole Schotz**

6.      On February 13, 2025, the Debtors applied to the Court for an order authorizing the retention and employment of Cole Schotz as Debtors' Delaware co-counsel effective as of the Petition Date.  *See* Docket No. 425.  On March 4, 2025, the Court entered an order authorizing such retention.  *See* Docket No. 546.

**C.     The Interim Compensation Order**

7.      The Interim Compensation Order sets forth the procedures for interim compensation and reimbursement of expenses in these chapter 11 cases.  Specifically, the Interim Compensation Order provides that on or after the fifth (5th) day of each month following the month for which compensation is sought, each Professional (as defined in the Interim Compensation Order) seeking compensation may file an application (each, a "Monthly Fee Statement") for interim allowance of compensation for services rendered and reimbursement of expenses incurred during the preceding month.  *See* Interim Compensation Order ¶ 2(a).  Provided that no objection to a Monthly Fee Statement is filed within twenty-one (21) days (or the next business day if such day is not a business day) following service of the Monthly Fee Statement, the applicable Professional may file a certificate of no objection (a "CNO") with the Court with respect to the unopposed portion of the fees and expenses requested in the Monthly Fee Statement.  *Id*. ¶ 2(b).

After a CNO is filed with the Court, the Debtors are authorized to pay the Professional an amount equal to eighty percent (80%) of the fees and one hundred percent (100%) of the expenses requested in the applicable Monthly Fee Statement. *Id*.

### Relief Requested

8. Pursuant to the Interim Compensation Order and section 331 of the Bankruptcy Code, Cole Schotz is seeking compensation in the amount of $166,063.20, which is equal to eighty percent (80%) of the $207,579.00 in fees for professional services rendered by Cole Schotz during the Application Period. This amount is derived solely from the applicable hourly billing rates of Cole Schotz personnel who rendered such services to the Debtors. In addition, Cole Schotz is seeking reimbursement of expenses incurred during the Application Period in the amount of $770.49.

**A.     Compensation Requested**

9. Attached hereto as **Exhibit A** is a detailed itemization, by project category, of all services performed by Cole Schotz with respect to the chapter 11 cases during the Application Period. This detailed itemization complies with Local Rule 2016-1(d) in that each time entry contains a separate time allotment, a description of the type of activity and the subject matter of the activity, all time is billed in increments of one-tenth of an hour, time entries are presented chronologically in categories and all meetings or hearings are individually identified. *See* DEL. BANKR. L.R. 2016-1(d).

10. The attorneys and professionals who rendered services related to each category are identified in **Exhibit A**, along with the number of hours for each individual and the total compensation.

**B.     Expense Reimbursement Requested**

11. Cole Schotz incurred out-of-pocket expenses during the Application Period in the amount of $770.49. Attached hereto as **Exhibit B** is a description of the expenses actually incurred by Cole Schotz in the performance of services rendered as Delaware co-counsel to the Debtors. The expenses are broken down into categories of charges, including, among other things, the following charges: photocopying, scanning and printing, dinner, Court fees, and online research. *See* DEL. BANKR. L.R. 2016-1(e).[2]

## Valuation of Services

12. Attorneys and professionals of Cole Schotz have expended a total of 326.0 hours in connection with this matter during the Application Period.

13. The amount of time spent by each of the Cole Schotz professionals providing services to the Debtors for the Application Period is set forth in **Exhibit A**. The rates are Cole Schotz's normal hourly rates of compensation for work of this character. The reasonable value of the services rendered by Cole Schotz for the Application Period as Delaware co-counsel to the Debtors in these chapter 11 cases is $207,579.00.

14. Cole Schotz believes that the time entries included in **Exhibit A** attached hereto and the expense breakdown set forth in **Exhibit B** attached hereto comply with the requirements of Local Rule 2016-1.

15. Cole Schotz itemized time records for professionals performing services for the Debtors during the Application Period are attached hereto as **Exhibit C**.

---

[2] In accordance with Local Rule 2016-1(e)(iii), Cole Schotz does not charge more than $0.10 per page for photocopies. Applicant does not surcharge for computerized research. DEL. BANKR. L.R. 2016-1(e)(iii).

5

16. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amounts requested by this Application are fair and reasonable given: (a) the complexity of these chapter 11 cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

**Notice**

17. Cole Schotz will provide notice and serve this Application on the Application Recipients (as defined and set forth in the Interim Compensation Order). In light of the nature of the relief requested in this Application, Cole Schotz submits that no other or further notice is required.

**No Prior Request**

18. No prior request for the relief sought in the Application has been made to this or any other court.

**Certification of Compliance and Waiver**

19. The undersigned representative of Cole Schotz certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with that Local Rule. To the extent that the Application does not comply in all respects with the requirements of Local Rule 2016-1, Cole Schotz believes that such deviations are not material and respectfully requests that any such requirements be waived.

**Conclusion**

WHEREFORE, Cole Schotz respectfully requests (i) interim allowance of (a) compensation in the amount of $166,063.20 (80% of $207,579.00) for professional services rendered and (b) reimbursement for actual and necessary costs in the amount of $770.49;

(ii) payment by the Debtors of the foregoing amounts; and (iii) such other and further relief as the Court deems just and proper.

Dated: June 27, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
|---|---|
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone: (212) 446-4800 |
| Telephone: (302) 652-3131 | Facsimile: (212) 446-4900 |
| Facsimile: (302) 652-3117 | Email: joshua.sussberg@kirkland.com |
| Email: preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone: (312) 862-2000 |
| | Facsimile: (312) 862-2200 |
| | Email: anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |