## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*,[1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Hearing Date: July 31, 2025 at 10:00 a.m. (ET)** |
| | **Obj Deadline: July 24, 2025 at 4:00p.m. (ET)** |

## MOTION OF DEBTORS FOR ENTRY
## OF AN ORDER (I) EXTENDING THE DEBTORS'
## EXCLUSIVE PERIOD TO SOLICIT ACCEPTANCES
## OF A CHAPTER 11 PLAN PURSUANT TO SECTION 1121 OF
## THE BANKRUPTCY CODE AND (II) GRANTING RELATED RELIEF

The above-captioned debtors and debtors in possession (collectively, the "Debtors") state as follows in support of this motion:[2]

### Relief Requested

1.     The Debtors seek entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (a) extending the deadline by which the Debtors have the exclusive right to solicit votes on a chapter 11 plan through and including September 12, 2025

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]   A detailed description of the Debtors and their businesses, including the facts and circumstances giving rise to the Debtors' Chapter 11 Cases, is set forth in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, In Support of Chapter 11 Petitions and First Day Motions* [Docket No. 5] (the "First Day Declaration"). Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the First Day Declaration or the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as may be amended, supplemented, or otherwise modified, the "Plan"), as applicable.

(the "Exclusivity Period"),[3] without prejudice to the Debtors' right to seek further extension of the Exclusivity Period, and (b) granting related relief.  Absent the relief requested herein, the Exclusivity Period will expire on July 14, 2025.

### Preliminary Statement

2.    On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order"), confirming the Plan.  While the Debtors anticipate that the effective date of the Plan (the "Effective Date") will occur in the near term, the current Exclusivity period—set to expire July 14, 2025—could expire prior to the occurrence of the Effective Date.  Maintaining the status quo at this point in the Debtors' chapter 11 cases is critical as the Debtors and their stakeholders work towards consummating the Plan and will not prejudice any parties in interest.  Accordingly, out of an abundance of caution, the Debtors seek to extend the Exclusivity Period for 60 days through and including September 12, 2025, to ensure that the Debtors can consummate the Plan without the potential distraction of competing plans.  To the extent the Effective Date occurs prior to the hearing on this motion, the Debtors intend to withdraw the motion.

3.    Moreover, an extension is warranted as the Debtors have made significant progress during these chapter 11 cases, including, among other things:

---

[3]    The Debtors' exclusive period to file and solicit votes on a plan has been automatically extended by sixty days from May 15, 2025, through and including July 14, 2025, by operation of section 1121(c)(3) of the Bankruptcy Code.  Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  Accordingly, Local Rule 9006-2 automatically extends the Exclusivity Period pending the Court's consideration of the relief requested by this motion.

- ***Conducting a Comprehensive Marketing and Sale Process***.  The Debtors entered these chapter 11 cases with the intention of continuing their prepetition marketing process for the sale of substantially all off their assets.  On the Petition Date, the Debtors filed a motion requesting entry of an order establishing bidding procedures to continue marketing the Debtors' assets [Docket No. 17], which was approved by the Court on February 16, 2025 [Docket No. 446] (the "Bidding Procedures Order").  Following the entry of the Bidding Procedures Order, the Debtors commenced an auction for substantially all of the Debtors' assets on February 21, 2025.  After two days and multiple rounds of competitive bidding, the Debtors announced GA Joann Retail Partnership, LLC, a subsidiary of GA Group, and Wilmington Savings Fund Society, FBS, in its capacity as Prepetition Term Loan Agent (together, the "Agent") as having the highest and best bid for substantially all of the Debtors' assets.  Thereafter, on February 26, 2025, the Court entered an order approving the Debtors' entry into the and performance under an agreement with the Agent for the right to liquidate substantially all of the Debtors' assets (the "GA Transaction") [Docket No. 520].  As contemplated by the GA Transaction, the Debtors are operating their businesses in coordination with the Purchaser to liquidate the assets subject to the Agency Agreement.

- ***Filing the Plan and Disclosure Statement***.  On February 26, 2025, the Debtors filed the *Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 513].  The Debtors subsequently filed amended versions of the Plan on May 5, 2025, May 24, 2025, and July 8, 2025 [Docket Nos. 809, 986, 1353].  The Debtors filed the Disclosure Statement on May 5, 2025 [Docket No. 810].

- ***Obtaining Conditional Approval of the Disclosure Statement and Completing Solicitation of the Plan***.  On May 27, 2025, the Court entered an order conditionally approving the Disclosure Statement and authorized the Debtors to solicit votes on the Plan [Docket No. 994].  The Debtors completed solicitation of the Plan on June 30, 2025 and received overwhelming support of the Plan from the Voting Classes.

- ***Filing the Plan Supplement***.  On July 8, 2025, the Debtors filed with the Court the *Amended Plan Supplement for the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1357].

- ***Confirmation of the Plan***.  On July 10, 2025, the Court held the Combined Hearing to consider final approval of the Disclosure Statement and Confirmation of the Plan.  No Parties objected to confirmation of the Plan at the Combined Hearing, after which the Court entered the Confirmation Order.

4.     Based on the current posture of these chapter 11 cases, as well as their size and complexity, the Debtors believe sufficient cause exists to warrant an extension of the Exclusivity

Period. Accordingly, for these reasons, and the reasons set forth below, the Debtors respectfully submit that "cause" exists under section 1121 of the Bankruptcy Code to extend the Exclusivity Period for a period of 60 days on the terms set forth herein.

## Jurisdiction and Venue

5.    The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

6.    Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

7.    The statutory and other legal bases for the relief requested herein are sections 1121 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), rule 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rules 2002-1, 9006-2, and 9013-1.

## Background

8.    JOANN Inc., together with its Debtor and non-Debtor affiliates (collectively, "JOANN" or the "Company"), filed a voluntary petition on January 15, 2025 (the "Petition Date") for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their business and managing their property as debtors in possession pursuant to sections

1107(a) and 1108 of the Bankruptcy Code.  On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.    On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 198] (the "Committee").  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases).  On July 10, 2025, the Court confirmed the Plan [Docket No. 1387].

## Basis for Relief

9.    Section 1121(d)(1) of the Bankruptcy Code permits a court to extend a debtor's exclusivity "for cause," subject to certain limitations not relevant here.    Specifically, section 1121(d) of the Bankruptcy Code provides that "on request of a party in interest made within the respective periods . . . of this section and after notice and a hearing, the court may for cause reduce or increase the 120-day period or the 180-day period referred to in this section."  Although the term "cause" is not defined by the Bankruptcy Code, such term should be viewed flexibly in this context "in order to allow the debtor to reach an agreement."  H.R. Rep. No. 95, 95th Cong., 1st Sess. 232 (1997); *see also In re Pub. Serv. Co. of New Hampshire*, 88 B.R. 521, 533–534 (Bankr. D.N.H. 1988) ("legislative intent . . . [is] to promote maximum flexibility") (quoting *In re Lake In The Woods*, 10 B.R. 338, 340, 345 (E.D. Mich. 1981)).  Simply put, a debtor should be given a reasonable opportunity to negotiate an acceptable plan with creditors and to prepare adequate financial and nonfinancial information concerning the ramifications of any proposed plan for disclosure to creditors.  *See In re Texaco Inc.*, 76 B.R. 322, 327 (Bankr. S.D.N.Y. 1987).

10.    Courts within the Third Circuit and in other jurisdictions have held that the decision to extend a debtor's exclusive period to file a chapter 11 plan and solicit votes thereon is left to the

sound discretion of a bankruptcy court and should be based on the totality of circumstances in each case.  *See, e.g.*, *First Am. Bank of N.Y. v. Sw. Gloves & Safety Equip., Inc.*, 64 B.R. 963, 965 (D. Del. 1986); *In re Dow Corning Corp.*, 208 B.R. 661, 664 (Bankr. E.D. Mich. 1997); *In re Express One Int'l, Inc.*, 194 B.R. 98, 100 (Bankr. E.D. Tex. 1996); *In re McLean Indus., Inc.*, 87 B.R. 830, 834 (Bankr. S.D.N.Y. 1987).   In particular, courts examine a number of factors to determine whether a debtor has had an adequate opportunity to develop, negotiate, and propose a chapter 11 plan and thus whether there is "cause" for extension of the Exclusivity Periods.   These factors include the following:

(a)    the size and complexity of the case;

(b)    the existence of good-faith progress towards a chapter 11 plan;

(c)    the necessity of sufficient time to negotiate and prepare adequate information to allow a creditor to determine whether to accept such chapter 11 plan;

(d)    whether the debtor is paying its debts as they become due;

(e)    whether the debtor has demonstrated reasonable prospects for filing a viable plan;

(f)    whether the debtor has made progress negotiating with creditors;

(g)    the length of time a case had been pending;

(h)    whether the debtor is seeking an extension to pressure creditors; and

(i)    whether or not unresolved contingencies exist.

*See In re Cent. Jersey Airport Servs., LLC*, 282 B.R. 176, 184 (Bankr. D.N.J. 2002); *McLean Indus.*, 87 B.R. at 834; *see also Dow Corning*, 208 B.R. at 664–65 (identifying the above factors and noting that courts generally rely on the same factors to determine whether exclusivity should be extended); *In re Friedman's Inc.*, 336 B.R. 884, 888 (Bankr. D. Ga. 2005) (same).

11.    Not all of these factors are relevant to every case, and courts use only the relevant subset of the above factors to determine whether cause exists to grant an exclusivity extension in

6

a particular chapter 11 case. *See, e.g.*, *Express One*, 194 B.R. at 100–101 (identifying four of the factors as relevant in determining whether "cause" exists to extend exclusivity); *In re United Press Int'l, Inc.*, 60 B.R. 265, 269 (Bankr. D.D.C. 1986) (finding that the debtor showed "cause" to extend exclusivity based upon three of the factors); *In re Pine Run Trust, Inc.*, 67 B.R. 432, 435 (Bankr. E.D. Pa. 1986) (relying on two of the factors in holding that cause existed to extend exclusivity). For example, both Congress and courts have recognized that the size and complexity of a debtor's case alone may constitute cause for extension of a debtor's exclusive periods to file a plan and solicit acceptances of such a plan. H.R. No. 95-595, at 231–232, 406 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 6191 ("[I]f an unusually large company were to seek . . . [relief] . . . under chapter 11, the court would probably need to extend the time in order to allow the debtor to reach an agreement."); *see also Texaco*, 76 B.R. at 326 ("The large size of the debtor and the consequent difficulty in formulating a plan . . . for a huge debtor with a complex financial structure are important factors which generally constitute cause for extending the exclusivity periods.").

12.    As set forth below, these chapter 11 cases satisfy the relevant factors and, thus, sufficient "cause" exists to extend the Exclusivity Periods as provided herein. There is ample precedent in this district and others for an initial extension of exclusivity as the Debtors seek here. *See, e.g.*, *In re Franchise Group, Inc.*, No. 24-12480 (LSS) (Bankr. D;. Del. April 7, 2025) (granting an initial extension of the exclusive periods by approximately ninety days); *In re Accuride Corp.*, No. 24-12289 (JKS) (Bankr. D. Del. Feb. 12, 2025) (same); *In re American Tire Distribs., Inc.*, No. 24-12391 (CTG) (Bankr. D. Del. Feb. 6, 2025) (same); *In re Tupperware*

*Brands Corp.*, No. 24-12156 (BLS) (Bankr. D. Del. Jan. 10, 2025); *In re Vyaire Med. Inc.,*
No. 24-11217 (BLS) (Bankr. D. Del. Sept. 27, 2024) (same).[4]

**I.      The Debtors' Chapter 11 Cases Are Large and Complex.**

13.      These chapter 11 cases involve thirteen affiliated-Debtor entities, which had, at the
outset of these cases, approximately 19,000 employees, approximately 800 stores and
4 distribution centers, with operations across 49 states.  The Debtors have a wide variety of parties
in interest, from various vendors and contractual and litigation counterparties to local, state, and
federal agencies.  As of the Petition Date, the Debtors had approximately $615.7 million in total
funded debt obligations.

14.      Following a comprehensive sale and marketing process, the Debtors entered into
the Agency Agreement with the Agent for the right to liquidate substantially all of the Debtors'
assets.  After closing the GA Transaction, the Debtors have focused their efforts on working with
the Agent and their advisors to completely wind-down the remaining operations and working
towards a successful and value-maximizing conclusion to these chapter 11 cases.

**II.     The Debtors Have Made Good-Faith Progress Towards Conclusion of these
         Chapter 11 Cases.**

15.      During their time in chapter 11, the Debtors have made significant progress in
negotiating with their stakeholders and administering these chapter 11 cases.  The Court has
already entered the Confirmation Order and the Debtors expect to consummate the Plan in the near
term.  The Debtors seek an extension of the Exclusivity Period solely out an abundance of caution
to ensure that the Exclusivity Period will not lapse prior to the Effective Date.

---

[4]   Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion.
      Copies of these orders are available upon request of the Debtors' counsel.

**III.       The Debtors Are Paying Their Bills as They Come Due.**

16.     Since the Petition Date, the Debtors have paid their undisputed postpetition

obligations in the ordinary course or as otherwise provided by Court order.

**IV.       The Debtors Have Filed a Viable Plan.**

17.     As noted above, the Debtors have already confirmed the Plan.

**V.       These Cases Are Less Than Six Months Old.**

18.     The Debtors' request for an extension of the Exclusivity Period is the Debtors' first

such request and comes less than six months after the Petition Date.  As discussed above, during

this time, the Debtors have accomplished a great deal and continue to work diligently with all

stakeholders towards an orderly and efficient resolution of these chapter 11 cases.

**VI.       An Extension of the Exclusivity Period Will Not Pressure Creditors.**

19.     The Debtors are not seeking an extension of the Exclusivity Period to pressure or

prejudice any of their stakeholders.  As discussed above, the Debtors have successfully confirmed

the Plan.  Thus, the Debtors' request for an extension of the Exclusivity Period is not requested for

the impermissible purpose of pressuring creditors to support the Debtors' proposed plan.

Accordingly, the relief requested herein is without prejudice to the Debtors' creditors and will

benefit the Debtors' estates, their creditors, and all other key parties in interest.

20.     An objective analysis of the relevant factors demonstrates that the Debtors are

working to facilitate a successful and largely consensual conclusion to these chapter 11 cases, and

that sufficient cause exists to extent the Exclusivity Period for 60 days.  Accordingly, the Debtors

request that the Court grant the relief requested herein.

**<u>Notice</u>**

21.     The Debtors will provide notice of this motion to the following parties or their

respective counsel:  (a) the U.S. Trustee; (b) the Committee; (c) counsel to the Prepetition Term

Loan Agent; (d) counsel to the Prepetition Term Loan Ad Hoc Group; (e) counsel to GA Joann Retail Partnership, LLC; (f) the creditors listed on the Debtors' consolidated list of thirty (30) creditors holding the largest unsecured claims; (g) the United States Attorney for the District of Delaware; (h) the Internal Revenue Service; (i) the state attorneys general for states in which the Debtors conduct business; and (j) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

*[Remainder of page intentionally left blank]*

WHEREFORE, the Debtors request entry of the Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, (a) granting the relief requested herein and (b) granting such other relief as the Court deems appropriate under the circumstances.

Dated:  July 10, 2025
Wilmington, Delaware

*/s/ Patrick J. Reilley*

| | |
|---|---|
| **COLE SCHOTZ P.C.** | **KIRKLAND & ELLIS LLP** |
| Patrick J. Reilley (No. 4451) | **KIRKLAND & ELLIS INTERNATIONAL LLP** |
| Stacy L. Newman (No. 5044) | Joshua A. Sussberg, P.C. (admitted *pro hac vice*) |
| Michael E. Fitzpatrick (No. 6797) | Aparna Yenamandra, P.C. (admitted *pro hac vice*) |
| Jack M. Dougherty (No. 6784) | 601 Lexington Avenue |
| 500 Delaware Avenue, Suite 600 | New York, New York 10022 |
| Wilmington, Delaware 19801 | Telephone:    (212) 446-4800 |
| Telephone:    (302) 652-3131 | Facsimile:    (212) 446-4900 |
| Facsimile:    (302) 652-3117 | Email:    joshua.sussberg@kirkland.com |
| Email:    preilley@coleschotz.com | aparna.yenamandra@kirkland.com |
| snewman@coleschotz.com | |
| mfitzpatrick@coleschotz.com | - and - |
| jdougherty@coleschotz.com | |
| | Anup Sathy, P.C. (admitted *pro hac vice*) |
| | Jeffrey Michalik (admitted *pro hac vice*) |
| | Lindsey Blumenthal (admitted *pro hac vice*) |
| | 333 West Wolf Point Plaza |
| | Chicago, Illinois 60654 |
| | Telephone:    (312) 862-2000 |
| | Facsimile:    (312) 862-2200 |
| | Email:    anup.sathy@kirkland.com |
| | jeff.michalik@kirkland.com |
| | lindsey.blumenthal@kirkland.com |
| | |
| *Co-Counsel to the Debtors* | *Co-Counsel to the Debtors* |
| *and Debtors in Possession* | *and Debtors in Possession* |