Corey E. Taylor (Bar No. 178501)
Paige K. Miller (Bar No. 338873)
Law Office of Corey E. Taylor, APC
629 Camino de los Mares, Suite 305
San Clemente, CA 92673
Tel. (949) 429-3481
Fax. (949) 271-2704
E-Mail: corey@taylorlawoc.com
E-Mail: paige@taylorlawoc.com

Attorney for Respondent Conejo Valley Plaza 2, LLC

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF DELAWARE

In Re:

JOANN INC., et al[1].,

Debtors.

Chapter 11

Case No. 25-10068 (CTG)

(Jointly Administered)

**RESPONSE OF CONEJO VALLEY PLAZA 2, LLC TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE) – EXHIBIT 2, ITEM 15**

Hearing Date: August 14, 2025 at 10:00 a.m. (ET)

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

Response to Ninth Objection – Item 15 on Ex 2.

Claimant Conejo Valley Plaza 2, LLC ("**Respondent**") provides the following response to Debtors' Ninth Omnibus Objection To Certain Claims (Substantive) (Reduced And Reclassified Claims, Reclassified Claims, Substantive Duplicate Claims, Cross-Debtor Duplicate Claims) ("**Objection**") as concern's Respondent's claim for unpaid rents under a commercial (non-residential) lease with Debtor Jo-Ann Stores, LLC ("**Debtor**"; collectively with all others listed in footnote 1 above, "**Debtors**").

On April 4, 2025, Respondent timely filed its claim ("**Claim**")[2] 11810 for unpaid rents coming due pre and post-petition pursuant to a written lease ("**Lease**") for the premises located at 1516 Moorpark Road in Thousand Oaks, California ("**Premises**"). The Claim includes calculation of rents due and unpaid as well as Lease excerpts and other supporting documentation.

The Claim amount consists of the following:

| **Pre-Petition Item** | **Amount** |
|---|---|
| Pre-Petition Rent Due - 2022 Property Tax Shortfall | $1,470.63 |
| Pre-Petition Rent Due - 2023 Property Tax Shortfall | $3,168.77 |
| Pre-Petition Rent Due - 2024 Property Tax Shortfall | $5,268.39 |
| Pre-Petition Rent Due - Jan 1- 14, 2025 | $28,751.80 |
| Rejection Rent (TBD - Unknown at this time) | |
| Legal Fees (6.0 atty hours) | $3,150.00 |
| **TOTAL NON PRIORITY CLAIM** | **$41,809.59** |

| **Post Petition Item** | **Amount** |
|---|---|
| Post Petition Rent Due - Jan 1- 14, 2025 | $32,859.20 |
| Post Petition Rent Due - Feb 2025 | $67,936.00 |
| Post Petition Rent Due - Mar 2025 | $67,936.00 |
| Post Petition Rent Due - April 2025 | $67,936.00 |
| Post Petition Rent Due - Property Taxes | $108,214.68 |

---

[2] Proof of Claim Confirmation: 3820-1-RORLA-671538151

Response to Ninth Objection – Item 15 on Ex 2
-2-

| TOTAL PRIORITY CLAIM* | $344,881.88 |
|---|---|
| | |
| *Figures are through April 30, 2025 | |

Per the Objection at Exhibit 2, Item 15, Debtors object to the Claim, seeking to modify the priority of the post-petition rent figure of $344,881.88:

> Reason: Modified priority reflects that, according to documentation filed with the proof of claim, the claim is for services or other non-goods, which do not qualify for 503(b)(9) for priority.
>
> Objection, Exhibit 2, Item 15.

While Debtors are correct that 503(b)(9) does not apply, they are incorrect in seeking to reclassify the entire claim amount as unsecured non-priority debt: Claimant's claim for unpaid post-petition rent is entitled to administrative priority under 11 U.S.C.A. §§ 365(d)(3), 507(a).

As evidenced by the Claim itself, Respondent agrees that its claim for pre-petition rent totaling $41,809.59 is unsecured and non-priority. However, the bulk of its claim, $344,881.88, is for unpaid rent coming due under the commercial lease post-petition.

Section 365(d)(3) of the Bankruptcy Code provides that a bankruptcy trustee or chapter 11 debtor-in-possession ("DIP") "shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any expired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1)."

The landlord may claim first priority as a creditor to whom the debtor owes rent as an "actual, necessary cost[ ] ... of preserving the estate." *Zagata Fabricators, Inc. v. Superior Air Products* (3d Cir. 1990) 893 F.2d 624, 627–628; citing 11 U.S.C. §§ 503, 507. This Court has confirmed that an administrative claim could be allowed under section 503(b) where a landlord's premises are used and occupied post-petition under an unexpired lease that is ultimately rejected. *In re Sportsman's Warehouse, Inc.* (Bankr. D. Del. 2009) 436 B.R. 308, 313.

\\\

\\\

\\\

Given the foregoing, Respondent objects to Debtors' attempt to reclassify its claim for $344,881.88 in unpaid post-petition rent as general unsecured and, instead, asks this Court to reclassify it as a priority administrative claim.

DATED: July 21, 2025

Respectfully submitted,

LAW OFFICE OF COREY E. TAYLOR, APC

By: _____
Corey E. Taylor, Esq.
Paige K. Miller, Esq.
Attorney for Respondent Conejo Valley Plaza 2, LLC

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this proceeding. My business address is: **629 Camino de los Mares, Suite 305, San Clemente, CA 92673**

A true and correct copy of the foregoing document entitled (*specify*): **RESPONSE OF CONEJO VALLEY PLAZA 2, LLC TO DEBTORS' NINTH OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE) – EXHIBIT 2, ITEM 15**

will be served in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) 10/26/2024, I checked the CM/ECF docket for this proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (*date*), I served the following persons and/or entities at the last known addresses in this proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling BRCP or LR, on July 21, 2025, I served the following persons and/or entities by email as follows:

☒ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 7/21/2025 | Corey E. Taylor | /s/ Corey E. Taylor |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

## EMAIL SERVICE LIST

**Co-Counsel for Debtors**

COLE SCHOTZ P.C.

- Patrick J. Reilley (preilley@coleschotz.com)
- Stacy L. Newman (snewman@coleschotz.com
- Michael E. Fitzpatrick (mfitzpatrick@coleschotz.com)
- Jack M. Dougherty (jdougherty@coleschotz.com)

KIRKLAND & ELLIS LLP

KIRKLAND & ELLIS INTERNATIONAL LLP

- Joshua A. Sussberg, P.C. (joshua.sussberg@kirkland.com)
- Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com)
- Anup Sathy, P.C. (anup.sathy@kirkland.com)
- Jeffrey Michalik (jeff.michalik@kirkland.com)
- Lindsey Blumenthal (lindsey.blumenthal@kirkland.com)