**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al.*, | Case No. 25-10068 (CTG) |
| Debtors.[1] | Jointly Administered |
| | Objections due by: August 11, 2025 at 4 p.m |
| | Hearing Date: August 14, 2025 at 10:00 a.m. |

**MOTION OF CLAIMANT SHENYANG LARGE CIRCLE ARTS & CRAFTS CO., LTD., PURSUANT TO 11 U.S.C. § 502(j) AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 3008 AND 9023 REQUESTING RECONSIDERATION OF ORDER REDUCING AND RECLASSIFYING CLAIM**

Shenyang Large Circle Arts & Crafts, Co., Ltd. ("Movant" or "Shenyang Large Circle"), by its undersigned counsel, submits this motion (this "Motion") requesting, pursuant to 11 U.S.C. § 502(j) and Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") 3008 and 9023, reconsideration of the Court's entry of an order [D.I. 1383] sustaining the Sixth Omnibus Objection insofar as it mistakenly and incorrectly reduced and reclassified Movant's debt claim. In support of the Motion, the Movant states:

**JURISDICTION AND VENUE**

The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

February 29, 2012. Movant confirms its consent, pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The bases for the relief requested herein are section 502(j) of title 11 of the United States Code (the "Bankruptcy Code"), and Rules 3008 and 9023 of the Bankruptcy Rules.

## BACKGROUND

**A. The Chapter 11 Cases.**

On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

The Debtors are managing their property as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103.

No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.

On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. *See* [D.I. 198]. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of*

*Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [D.I. 5], which was filed on the Petition Date.

**B. Shenyang Large Circle's Proof of Claim and Objection Thereto**

On January 27, 2025, Movant filed its proof of claim in the total amount of $1,861,777.86, comprising general unsecured $1,398,693.38 and 503(b)(9) priority $463,084.48 (the "Shenyang Claim").

Previously, the Debtors had filed a schedule entry for Shenyang Large Circle, Schedule # 6285360, in the amount of $1,637,118.69, not marked as contingent, unliquidated, disputed, or foreign.

On June 30, 2025, the Debtors filed the *Debtors' Sixth Omnibus Objection to Certain Claims (Substantive)* [D.I.1071] (the "Sixth Omnibus Objection").

In the proposed order submitted with the Sixth Omnibus Objection, the Debtors included the Shenyang Claim in its Exhibit 1 "Reduced and Reclassified Claims" seeking to reduce the Shenyang claims from a 503(b)(9) claim in the amount of $463,084.48 and a general unsecured claim in the amount of $1,398,693.38 to a single general unsecured claim in the amount of $29,811.77 (the "Reduced Claim").

On July 10, 2025, the Court entered an order approving the Sixth Omnibus Objection, including the Reduced Claim. (the "Sixth Omnibus Order") [D.I. 1383].

Shenyang Large Circle received notice of the Sixth Omnibus Order by paper mail and instructed its insurer's counsel ("Movant's Counsel") to determine what the grounds for the objection were, and to defend the original claim amount if possible. It is unclear at this time whether Shenyang Large Circle received notice of the Sixth Omnibus Objection.

Movant's Counsel inquired of Debtors' counsel and sent to Debtors' counsel evidence that the original claimed amount was correct and that there was a meritorious 503(b)(9) claim. In particular, there was evidence that goods invoiced at around $216,206.62 had arrived to the appropriate Debtor within twenty (20) days before the filing of the bankruptcy, and Shenyang Large Circle's claim otherwise was supported by documentary evidence. Debtors' counsel responded that the reduction of the total claim amount to $29,811.77 had been a "mistake" and offered to stipulate to revise the claim to be an entirely general unsecured claim in the amount of $1,637,118.69, the Debtors' originally scheduled figure. Negotiations and data reconciliation continue into whether that amount or an amount closer to Shenyang Large Circle's original claim is closer to the truth. But what is established is that the reduction to $29,811.77 at least was wrong, and likely the reclassification as well.

## **RELIEF REQUESTED AND BASIS THEREFOR**

Movants seek reconsideration under Bankruptcy Code section 502(j) and Bankruptcy Rule 3008. Bankruptcy Code section 502(j) provides that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." 11 U.S.C. § 502(j). Bankruptcy Rule 3008 implements section 502(j), providing that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate." Fed. R. Bankr. P. 3008. A creditor's motion pursuant to Bankruptcy Rule 3008 that is filed prior to the expiration of the appeal period should be treated as a motion to amend judgment. *See In re Aguilar*, 861 F.2d 873, 874 (5th Cir. 1988); *VFB LLC v. Campbell Soup Co.*, 336 B.R. 81, 86 (D. Del. 2005), *aff'd*, 482 F.3d 624 (3d Cir. 2007).

Bankruptcy Code section 502(j) does not define "cause." Courts in this District have held that "for cause" under section 502(j) requires a showing under at least one of the grounds set forth

in Rule 59 or Rule 60(b) of the Federal Rules of Civil Procedure ("FRCP").[2] *See, e.g., Hayes v. Genesis Health Ventures, Inc. (In re Genesis Health Ventures, Inc.)*, 362 B.R. 657, 661 (D. Del. 2007); *Gonzalez v. Green (In re TK Hldgs. Inc.)*, 2024 WL 964205 *1, *6 (D. Del.); *In re Nortel Networks Inc.*, 2017 WL 3141906 *1, *1 (Bankr. D. Del.)

Bankruptcy Rule 9023 incorporates Rule 59 of the FRCP, which provides that a court may grant a new trial on any issue and as to any party "for any reason for which a rehearing has heretofore been granted in a suit in equity in federal court." Fed. R. Civ. Pro. 59(a). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after entry of the judgment." "A proper Rule 59(e) motion ... must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010). The Third Circuit has described reconsideration's purpose as follows: "'The purpose of a motion for reconsideration … is to correct manifest errors of law or fact'" *Max's Seafood Café ex rel. Lou-Ann, Inc. v, Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (quoting *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)).

**A. The Court Should Reconsider the Sixth Omnibus Order Under Rule 59(e) Standards as it Pertains to Movant.**

It is easy to show that the reduction of the total claim amount to only $29,811.77 and its reclassification to an entirely general unsecured claim was based on an error of fact.

As an initial matter, the Debtors' own schedules reflect that for Shenyang Large Circle, Schedule # 6285360, the claim amount should be $1,637,118.69. The scheduled claim was not marked as contingent, unliquidated, or disputed. Attached hereto as **Exhibit 1** are invoices issued by Shenyang Large Circle for goods ordered by and delivered to the Debtors. These invoices show

that goods invoiced at a value of $210,801.46 arrived to port on November 20, 2024 (Ex. 1, p. 1) and arrived to the debtor on December 30 or 31, 2024. This Exhibit 1 shows that these goods were covered by six invoices, of the following values: 24J-5026BH at $7,283.60, 24J-5027BH at $16,041.40, 24J-5028H at $11,232.00, 24J-5029H at $30,160.73, 24J-5030H at $136,705.01, and 24J-5024BH at $9,378.72, adding up to a total invoiced value of $210,801.46.

In addition, attached hereto as **Exhibit 2**, the first eight pages of the Movant's proof of claim (subsequent trade documents omitted), show the table of invoice values submitted with the claim. This table shows slightly different values for these invoices, adding up to $216,206.62.

Thus, the correct 503(b)(9) amount is not $0, and an unsecured claim amount of $29,811.77 is simply the incorrect number.

Debtors' counsel has admitted that reduction of the total claim amount to $29,811.77 was a "mistake," and offered to settle for a total claim amount of $1,637,118.69. Movant's Counsel has disputed whether that figure is right, and Debtors' counsel and Movant's Counsel are continue to reconcile the correct numbers.

WHEREFORE, Movant respectfully requests that this Court enter an Order (a) granting reconsideration of the Court's order sustaining the Sixth Omnibus Objection insofar as it reduced and reclassified Movant's claim; (b) vacating the Sixth Omnibus Order as it pertains to the Shenyang Claim; and (c) granting such other and further relief as the Court may deem just, equitable, and proper.

Dated: July 24, 2025                    **COOCH AND TAYLOR, P.A**

*/s/R. Grant Dick IV*
R. Grant Dick IV (Del. No. 5123)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Telephone: 302-984-3800
Facsimile: 302-984-3939
Email: gdick@coochtaylor.com

- and -

**MAZZOLA LINDSTROM LLP**
Adam D. Wiener
1350 Avenue of the Americas, Second Floor
New York, New York 10019
Telephone: 732-947-9111
Email: adam@mazzolalindstrom.com

*Attorneys for Movant Shenyang Large Circle Arts & Crafts Co., Ltd.*