**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et.al.*,[1]<br><br>　　　　　　Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: July 31, 2025 at 9:30 a.m. (ET)**<br>**Objection Deadline: At or before the hearing**<br><br>**Re: D.I. Nos. 760, 823, 847, 849, 859, 876, 930, 945, 995, 1055 and 1457** |

**MOTION OF BURLINGTON STORES, INC. FOR LEAVE TO FILE LATE AMENDED OMNIBUS REPLY TO OBJECTIONS TO BURLINGTON'S ASSIGNMENT AND ASSUMPTION OF MYRTLE BEACH, SC, WASHINGTON, UT, BELLEVUE, NE, FLAGSTAFF, AZ, AND FAYETTEVILLE, AR LEASES**

Burlington Stores, Inc.[2] ("Burlington"), by its undersigned counsel, hereby moves the Court (this "Motion for Leave") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to Rule 9006-1(d) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), granting Burlington leave and permission to file the *Motion of Burlington Stores, Inc. for Leave to File Late Amended Omnibus Reply to Objections to Burlington's Assignment and Assumption of Myrtle Beach, SC, Washington, UT, Bellevue, NE,*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Burlington Stores, Inc. is the parent of the designated Buyer, Burlington Coat Factory Warehouse Corporation, for the Leases (as defined herein) listed in Schedule 2 attached to the *Amended First Notice of Assumption and Assignment of Certain Executory Contacts and/or Unexpired Leases* [Docket No. 930] (the "Notice").

*Flagstaff, AZ, and Fayetteville, AR Leases*, filed concurrently herewith (the "Amended Reply").[3] In support of this Motion for Leave, Burlington respectfully states as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion for Leave pursuant to 28 U.S.C. §§ 157(a) and 1334. The Motion for Leave constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (g).

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. Pursuant to pursuant to Local Rule 9013-1(f), Burlington consents to the entry of a final judgment or order with respect to this Motion for Leave if it is determined that the Court would lack Article III jurisdiction to enter such final order or judgment absent consent of the parties.

4. The statutory bases for the relief requested herein are sections 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code") and Local Rule 9006-1(d).

## BACKGROUND

5. On May 16, 2025, the above-captioned debtors and debtors in possession (collectively, the "Debtors") filed the *Amended First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 930] (the "Assumption Notice"). The Assumption Notice designated certain of the Debtors' leases as being assumed and assigned to Burlington and set forth an objection deadline for parties in interset to object to the assumption and assignment of such leases to Burlington.

---

[3] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Amended Reply.

6. Prior to the Assumption Notice's objection deadline, various landlords filed objections to the assumption and assignment of certain of the Debtors' leases to Burlington. One such landlord was BV Wolf Creek, LLC ("BV Wolf"), which filed its *Amended Objection to Proposed Assumption and Assignment of BV Wolf Creek, LLC Lease to Burlington Coat Factory Warehouse Corporation, and Objection to Proposed Form of Assumption Order* [Docket No. 945] (the "BV Wolf Objection") on May 21, 2025.

7. Certain of those landlord objections, including the BV Wolf Objection, are scheduled to be heard on July 31, 2025 at 9:30 a.m. (ET) (the "Hearing"). *See* Docket Nos. 1405, 1432.

8. On July 28, 2025, Burlington filed *Burlington Stores, Inc.'s Omnibus Reply to Objections to Burlington's Assignment and Assumption of Myrtle Beach, SC, Washington, UT, Bellevue, NE, Flagstaff, AZ, and Fayetteville, AR Leases* [Docket No. 1457] (the "Original Reply").

9. After the Original Reply was filed, BV Wolf's counsel informed Burlington's counsel that Burlington had inadvertently omitted a reply to one of the objection bases in the BV Wolf Objection. Burlington has prepared an Amended Reply to address this objection basis which does not change the substance of any other aspect of the Original Reply.

**RELIEF REQUESTED**

10. By this Motion, Burlington respectfully requests entry of an order granting Burlington leave and permission to file the late Amended Reply, and deeming such Amended Reply as timely filed, without any further action by Burlington.

11. Pursuant to Local Rule 9006-1(d), "[r]eply papers may be filed and, if filed, shall be served so as to be received by 4:00 p.m. prevailing Eastern Time the day prior to the deadline

for filing the agendas." Accordingly, the deadline to reply to objections was July 28, 2025 at 4:00 p.m. (prevailing Eastern Time) (the "Reply Deadline"). The Original Reply was filed timely. However, the Amended Reply was not filed until the evening of July 29, 2025.

12. Local Rule 9006-1(d) contemplates a party's right to seek leave to file late reply: "If a motion for leave to file a late reply is filed, a motion to shorten notice is not be required unless otherwise ordered by the Court" DEL. BANKR. L.R. 9006-1(d). Accordingly, because the Reply Deadline occurred before the Amended Reply was filed, Burlington hereby requests an extension of the time to file the Amended Reply.

13. Burlington submits that no party in interest will be prejudiced by the filing of the late Amended Reply because the Amended Reply will be filed and served on the relevant parties in advance of the Hearing, and those parties in interest will have the ability to object to the Motion for Leave at the Hearing. *See* Del. Bankr. L.R. 9006-1(d) ("The Court will consider the motion for leave at the hearing on the underlying motion papers and any objections to the motion for leave may be presented at the hearing."). Additionally, Burlington's Original Reply was timely filed before the Reply Deadline. The Amended Reply's only difference from the timely-filed Original Reply is the addition of one response section to the BV Wolf Objection. Furthermore, the oversight of a response in the Original Reply to one of the bases of the BV Wolf Objection was brought to Burlington's attention by BV Wolf's counsel. Moreover, Burlington submits that the Amended Reply will assist the Court in consideration of the Assumption Notice and the BV Wolf Objection.

WHEREFORE, Burlington respectfully requests entry of the order attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as the Court may deem appropriate under the circumstances.

-5-

Dated: July 29, 2025

/s/ Kristhy M. Peguero
------

**JACKSON WALKER LLP**
Kristhy M. Peguero (DE Bar No. 4903; TX Bar No. 24102776)
Victoria Argeroplos (TX Bar No. 24105799
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email:   kpeguero@jw.com
         vargeroplos@jw.com

William Farmer (TX Bar No. 24127156)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-5859
Email:  wfarmer@jw.com

*Co-Counsel for Burlington Stores, Inc.*