# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JOANN, INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Dkt. No. 1483** |

**DECLARATION OF SAM RUBENSTEIN IN SUPPORT OF MOTION OF CRAFTY (AL) LLC FOR ENTRY OF AN ORDER: (I) REQUIRING PAYMENT OF ADMINISTRATIVE CLAIM FOR UNPAID PRORATED 2025 REAL ESTATE TAXES; (II) COMPELLING PAYMENT OF CLAIM FOR REMOVAL OF IMPROPERLY "ABANDONED" PROPERTY AS EITHER AN ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS AND/OR LIABILITY OF PURCHASER; AND (III) GRANTING RELATED RELIEF**

I, Sam Rubenstein, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the following is true to the best of my knowledge except where otherwise stated:

1. I am the Vice President of W.P. Carey, Inc. ("**W.P. Carey**"), which is located at One Manhattan West, 295 9th Ave., 58th Floor, New York, NY 10001.

2. CRAFTY (AL) LLC ("**Landlord**") is a wholly owned subsidiary of W.P. Carey.

3. Pursuant to the Lease Agreement, dated June 7, 2021 (the "**Lease**"), by and between Landlord and Debtor Jo-Ann Stores, LLC as tenant ("**Debtor Tenant**"), the Debtor Tenant leased

---

[1] The debtors (the "**Debtors**") in these chapter 11 cases together with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

real property used as a distribution center and located at 3101 Anderson Road, Opelika, Alabama (the "**Leased Premises**").

4. In my position as a Vice President of W.P. Carey, one of my responsibilities is management of the Leased Premises, which is a former Joann distribution center.

5. In or around March 2025, on behalf of Landlord, once we came to understand that the Debtor Tenant and/or the purchaser of substantially all the Debtors' assets likely would be leaving furniture, fixtures, equipment, and other personal property at the Leased Premises (collectively, the "**Improperly Abandoned Assets**"), our team sought offers to remove and dispose of that property from the Leased Premises.

6. We received approximately three (3) offers but only one of them accounted for removal of all the Improperly Abandoned Assets left at the Leased Premises.

7. A copy of that offer, a Scope of Work submitted from D.H. Griffin Wrecking Co., Inc., dated March 28, 2025, is attached hereto as **Exhibit 1**.

8. As stated in Exhibit 1, the removal and disposal of all the Improperly Abandoned Assets left at the Leased Premises would cost $890,385.00 (the "**Removal Costs**").

9. I understand that Landlord's counsel contacted the Debtors' and Purchaser's counsel requesting removal of the Improperly Abandoned Assets and/or the Debtors' and/or Purchaser's payment of the Removal Costs, but that the Debtors' counsel stated the Improperly Abandoned Assets were "abandoned" to Landlord such that Landlord had the right to remove and dispose of that property and Landlord only would have an unsecured post-petition claim for damages based on the Removal Costs. Attached hereto as **Exhibit 2** is what I understand is a copy of the applicable email, dated June 9, 2025, sent from the Debtors' counsel to Landlord's counsel.

10. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge except where otherwise stated.

Dated: July 29, 2025

By: _____
Sam Rubenstein
Vice President
W.P. CAREY INC.

3