**Exhibit A**

**Revised Assumption Order**

Case 25-10068-CTG    Doc 1485-1    Filed 07/30/25    Page 1 of 9

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 429, 760, 863,** |
| | ) | **1002 and 1455** |

### ORDER AUTHORIZING THE DEBTORS TO ASSUME AND ASSIGN CERTAIN UNEXPIRED LEASE

Pursuant to and in accordance with the *Order (I) Authorizing and Approving Procedures to Reject or Assume Executory Contracts and Unexpired Leases and (II) Granting Related Relief* [Docket No. 429] (the "Procedures Order")[2] entered in the chapter 11 cases of the above-captioned debtors and debtors in possession (collectively, the "Debtors"); and it appearing that the *First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 760] (the "Assumption Notice") satisfies the requirements set forth in the Procedures Order; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Assumption Notice in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Assumption Notice is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Assumption Notice and opportunity for a hearing on the Assumption Notice were appropriate and no other notice need be provided; and this Court having reviewed the Assumption Notice; and upon *Cavender Stores, L.P.'s Objection to First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 863]; and upon the *Reply of Boot Barn, Inc. to Cavender Stores, L.P.'s Objection to First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 1002]; and upon *Notice of Withdrawal of Cavender Stores, L.P.'s Objection to First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 1455]; and this Court having determined that the legal and factual bases set forth in the Assumption Notice establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The unexpired lease of nonresidential real property, by and among Jo-Ann Stores, LLC and Integris Ventures-TC, LLC (the "Lease Counterparty"), dated January 18, 2010, as more fully set forth in Exhibit 1 attached hereto (the "Lease"), is hereby assumed by the Debtors effective as of the Assumption Date and assigned to Boot Barn, Inc. (the "Assignee"), pursuant to the terms of this Order and that certain assumption and assignment agreement (the "Assignment Agreement") by and between GA Joann Retail Partnership, LLC, in its capacity as agent for the

Debtors, and Assignee dated as of April 16, 2025. The assumption of the Lease set forth in **Exhibit 1** is subject to the Debtors paying the cure amount, if any, set forth in **Exhibit 1**, to the Lease Counterparty in a manner consistent with the terms of the applicable agreement promptly after the entry of this Order. Upon satisfaction of the cure amount, the Lease Counterparty is forever barred, estopped, and enjoined from asserting against the Debtors or their successors or assigns any additional cure costs or other interests with respect to its Lease that arose, accrued, came due and were not paid on or before the Assumption Date.

2. With regard to Lease to be assigned incident to the closing of a sale under section 363 of the Bankruptcy Code which satisfies the requirements of Code section 363(f), pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, the assignment of any Lease upon the closing of such sale shall: (a) be free and clear of any interest, including, without limitation (i) all liens (and any liens shall attach to the proceeds in the same order and priority subject to all existing defenses, claims, setoffs, and rights) and (ii) any and all claims (as that term is defined in section 101(5) of the Bankruptcy Code), obligations, demands, guarantees of or by the Debtors, debts, rights, contractual commitments, restrictions, interests, and matters of any kind and nature, whether arising prior to or subsequent to the commencement of these chapter 11 cases, and whether imposed by agreement, understanding, law, equity, or otherwise (including, without limitation, claims and encumbrances (A) that purport to give to any party a right or option to effect any forfeiture, modification, or termination of the interest of any Debtor or Assignee, as the case may be, in the Lease (but only in connection with the assignment by the Debtor to the Assignee) or (B) in respect of any taxes), *provided*, *however*, that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for the period

prior to the Assumption Date which shall be assumed and paid by the Debtors or the Assignee promptly after entry of this Order; and (b) constitutes a legal, valid, and effective transfer of such Lease and vests the applicable Assignee with all rights, titles, and interests to the applicable Lease. For the avoidance of doubt, all provisions of the applicable assigned Lease, including any provision limiting assignment, shall be binding on the applicable Assignee.

3. Subject to and conditioned upon the occurrence of a closing with respect to the assumption and assignment of any Lease, and subject to the other provisions of this Order (including the aforementioned Assumption Procedures), the Debtors are authorized in accordance with sections 365(b) and (f) of the Bankruptcy Code to (a) assume and assign to the Assignee the applicable Lease, with any applicable Assignee being responsible only for the post-assignment liabilities or defaults under the applicable Lease and (b) execute and deliver to any applicable Assignee such assignment documents as may be reasonably necessary to sell, assign, and transfer any such Lease.

4. The Debtors' right to assert that any provisions in the Lease that expressly or effectively restrict, prohibit, condition, or limit the assignment of or the effectiveness of the Lease to an Assignee are unenforceable anti-assignment or *ipso facto* clauses is fully reserved, as are the rights of any counterparty to object to such assertion.

5. The Assignee shall have no liability or obligation with respect to defaults relating to the assigned Lease arising, accruing, or relating to a period prior to the Assumption Date; *provided* that any such assignment shall not be free and clear of any accrued but unbilled or not due rent and charges under a lease of non-residential real property including adjustments, reconciliations, and indemnity obligations, liability for which shall be assumed and paid by the Debtors or the Assignee promptly after entry of this Order.

6. The Debtors are hereby authorized, pursuant to section 363(b) of the Bankruptcy Code, to enter into consensual amendments with the written consent of the applicable Lease Counterparty as set forth in an Assumption Notice.

7. Notwithstanding anything to the contrary contained herein, any payment to be made hereunder, and any authorization contained herein, shall be subject to any interim and final orders, as applicable, approving the use of cash collateral, and any budgets in connection therewith governing any such use of cash collateral.

8. Nothing contained in the Assumption Notice or this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in the Assumption Notice or this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

9. Notice of the Assumption Notice as provided therein shall be deemed good and sufficient notice of such Assumption Notice and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

10. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

11. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

## Schedule 1

**Assumed Lease**

| No. | Assignee | Landlord | Landlord Address | Store Number | Store Address | Description of Contract[3] | Cure Amount | Assumption Date |
|---|---|---|---|---|---|---|---|---|
| 52 | Boot Barn, Inc. | Integris Ventures-TC, LLC | c/o Integris Ventures - Management, LLC, 655 Craig Road, Suite 100, Creve Coeur, MO, 63141 | 1893 | 1923 Old Fort Pkwy | January 18, 2010 Lease Agreement between Jo-Ann Stores, LLC and Integris Ventures-TC, LLC | $17,754.55 | 8/1/2025 |

---

[3] The inclusion of a Contract on this list does not constitute an admission as to the executory or non-executory nature of the Contract, or as to the existence or validity of any claims held by the counterparty or counterparties to such Contract.