**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: August 14, 2025 at 10:00 a.m. (ET)**<br>**Objection Deadline: August 7, 2025 at 4:00 p.m. (ET)** |

**MOTION OF MICHAEL PRENDERGAST, JEFFREY DWYER, ROBERT WILL, CHRISTOPHER DITULLIO, HEATHER HOLODY, MICHAEL KENNEDY, AND MELISSA BOWERS FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, TO ALLOW PAYMENT AND/OR ADVANCEMENT OF DEFENSE COSTS AND RELATED EXPENSES UNDER INSURANCE POLICY**

Michael Prendergast, Jeffrey Dwyer, Robert Will, Christopher Ditullio, Heather Holody, Michael Kennedy, and Melissa Powers (together, the "Movants"), current and former officers and employees of JOANN Inc. ("JOANN" and, together with the other debtors in the above-captioned cases, the "Debtors"), by and through their undersigned counsel, hereby move (this "Motion"), for entry of an order substantially in the form attached hereto as Exhibit A (the "Proposed Order"), modifying the automatic stay under 11 U.S.C. § 362 (the "Automatic Stay"), to the extent the Automatic Stay applies, to permit the Federal Insurance Company ("Chubb") to advance and/or pay proceeds (the "Proceeds") of ForeFront Portfolio Policy No. J06635374 (the "Policy") to or on behalf of the Movants.

In support of this Motion, the Movants respectfully state as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**PRELIMINARY STATEMENT**

1. A handful of unsecured creditors have attempted to ignore the ordinary priority scheme provided by the Bankruptcy Code and instead attempt to lay responsibility for their losses related to the Debtors at the feet of officers and employees of JOANN. While the Debtors have initiated an adversary proceeding to enforce the Automatic Stay and preliminarily enjoin the Ohio Plaintiffs (defined below) from prosecuting that misguided action, the Movants do not have the luxury to stand idly by. The Movants have needed to retain counsel to both advise them regarding the Debtors' efforts in this court and to prepare in the event that the Ohio Plaintiffs are permitted to prosecute their claims against the Movants.

2. The Automatic Stay aims to protect and preserve bankruptcy estate assets for an orderly, centralized resolution of creditor claims—not to deny a debtor's officers and employees access to proceeds of insurance that the debtor purchased in the ordinary course of business to protect those officers and employees from the potentially ruinous cost of litigation arising out of their service to the debtor. This Court and numerous others have, for this reason, consistently allowed insurers to advance and/or pay proceeds of director and officer liability insurance policies to or on behalf of corporate officers and employees, even when the corporation is in bankruptcy proceedings.

3. The Movants—current and former officers and employees of JOANN—are facing claims actions Movants allegedly made during their service to JOANN. The allegations involve conduct solely within the scope of the Movants' positions as JOANN's corporate officers and employees. The Movants have already incurred and will continue to incur substantial defense costs in responding to these claims.

4.      Well before filing a petition for relief under chapter 11 of the Bankruptcy Code, JOANN purchased the Policy for the specific purpose of protecting its officers and employees in situations such as this one—where they may face substantial potential liability for the decisions and actions they made in furtherance of JOANN's corporate mission.  Without access to the Proceeds, the Movants will not be able to mount an effective defense, will suffer immediate and irreparable harm, and may assert administrative expense or substantial contribution claims against the bankruptcy estate.  Making the Proceeds available to the Movants would therefore maximize the estate's value for other creditors by reducing or eliminating the Movants' potential claims for advancement and/or indemnification against the estate.

5.      And indeed, Chubb has agreed, subject to ordinary course reservations of rights, that the Movants are entitled to coverage under the Policy.  However, Chubb has preconditioned any advancement of Proceeds on the Movants obtaining an order from this Court confirming that Chubb is permitted to do so without violating the Automatic Stay.

6.      The Movants therefore request that the Court lift the Automatic Stay, to the extent it applies, to allow Chubb to advance and/or pay the defense costs to or on behalf of the Movants.

## JURISDICTION AND VENUE

7.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1337 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding under 28 U.S.C. § 157(b).

8.      Venue is proper under 28 U.S.C. §§ 1408 and 1409.

9. Sections 105(a), 362(d)(1), and 541 of title 11 of the U.S. Code (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") provide the statutory and legal bases for the relief that this Motion seeks.

10. Pursuant to Local Rule 9013-1(f), the Movants consent to entry of a final order or judgment regarding this Motion consisted with Article III of the U.S. Constitution.

## FACTUAL BACKGROUND

11. JOANN obtained an insurance policy in the ordinary course of business to provide director and officer liability coverage. Chubb issued the Policy, effective from April 30, 2024 to October 30, 2025. The Policy contains three relevant insurance clauses. Clause (A) requires Chubb to pay, on behalf of JOANN's officers or employees (each an "Insured Party" and, together, the "Insured Parties"), for any loss on account of a claim against such Insured Parties in their capacities as JOANN's officers and/or employees, to the extent that JOANN does not indemnify the loss. Clause (B) requires Chubb to pay, on JOANN's behalf, for any loss on account of a claim against the Insured Parties in their capacities as JOANN's officers and/or employees, to the extent that JOANN indemnifies the Insured Parties for such loss. Clause (C) requires Chubb to pay, on behalf of JOANN, for any loss on account of a claim made against JOANN. The Policy has an aggregate coverage limit of $10 million, including defense costs, and an additional limit of $1 million for executives' losses under Clause (A).

12. On January 15, 2025 (the "Petition Date"), JOANN filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court. The next day, this Court issued an order directing the joint administration of JOANN's bankruptcy case with the cases of JOANN's

affiliates.  *Order (I) Directing the Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [Docket No. 103].  On July 10, 2025, this Court approved the *Disclosure Statement for the Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 810] (the "<u>Disclosure Statement</u>") and confirmed the *Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 809] (the "<u>Plan</u>").  *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement for, and Confirming the Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387].

13.     On May 15, 2025 (about two months before the Plan's confirmation), Advantus, Corp., Fairfield Processing Corp., Gwen Studios, LLC, Low Tech Toy Club LLC, Ormo Ithalat Ihracat A.S., and Springs Creative Products Group, LLC (the "<u>Ohio Plaintiffs</u>")—all unsecured creditors of JOANN—filed a complaint (the "<u>Complaint</u>") against the Movants in the Court of Common Pleas in Summit County, Ohio (the "<u>Lawsuit</u>").  <u>Advantus, Corp. v. Prendergast</u>, Case No. 5:25-cv-01250-JRA (N.D. Ohio) [Docket No. 1, Exh. A].  The Complaint asserts causes of action against the Movants for decisions that they allegedly made in their official capacities as JOANN's officers and employees.  <u>Id.</u>  It alleges that, leading up to the Petition Date, the Movants misrepresented JOANN's financial health and stability, misleading the Plaintiffs into providing product and extending credit to JOANN that JOANN would ultimately not be able to honor due to its bankruptcy filing.  <u>Id.</u>  The Complaint does not, however, allege that the Movants deviated from their duties as JOANN's officers and employees.  <u>See</u> <u>id.</u>

14.     In a letter dated May 30, 2025, Chubb stated that the Movants are Insured Parties under the Policy and that Chubb is prepared to advance defense costs subject to a reservation of

rights. Chubb also stated that it would not advance defense costs, however, unless and until this Court either confirms that the Automatic Stay does not apply to the Proceeds or, alternatively, grants necessary relief from the Automatic Stay.

## BASIS FOR RELIEF

15. The Movants seek relief from the Automatic Stay because the Automatic Stay does not apply to the Proceeds and, even if it did, good cause exists to grant the Movants relief from the Automatic Stay for the purpose of accessing the Proceeds.

### A. The Automatic Stay Does Not Apply to the Proceeds

16. The Automatic Stay does not apply to the Proceeds because the Proceeds are not property of the Debtors' bankruptcy estate. The Automatic Stay prohibits "any act to obtain possession of property of the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a). If the Proceeds are not estate property, then the Automatic Stay does not apply. See, e.g., In re Downey Fin. Corp., 428 B.R. 595, 602 (Bankr. D. Del. 2010) ("If the proceeds are not property of the estate, then [the insurer] would not . . . violat[e] the automatic stay by paying the Insured's defense costs.").

17. Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This Court has consistently held that policies providing insurance directly to directors and officers are not estate property because the proceeds are payable to the directors and officers, rather than the estate. See Downey, 428 B.R. at 603 ("[W]hen the liability insurance policy only provides direct coverage to the directors and officers, courts generally hold that the proceeds are not property of the estate."); In re Allied Digital Techs. Corp., 306 B.R. 505, 510 (Bankr. D. Del. 2004) ("Generally, when insurance policies provide direct coverage to directors and officers, the

proceeds of the insurance policy are not property of the bankruptcy estate because the proceeds are payable to the directors and officers not the estate.").

18. The Proceeds here are not property of the Debtors' estate because Chubb would pay the Proceeds on behalf of the Insured Parties, rather than JOANN. Clause (A) of the Policy only covers Insured Parties and does not require Chubb to pay for any losses on JOANN's or any other Debtor's behalf. See Allied Digital, 306 B.R. at 510 (holding that insurance proceeds were not estate property in part because "Clause A provides direct coverage to the directors and officers").

19. JOANN's contractual right to coverage under Clauses (B) and (C) does not change this conclusion. Proceeds of a policy insuring both a debtor and its officers/employees may be estate property "if depletion of the proceeds would have an adverse effect on the estate to the extent the policy actually protects the estate's other assets." Id. at 512 (finding that insurance proceeds were not estate property in part because no ongoing or potential claims against the debtor would trigger the policy's coverage of the debtor). But such proceeds are not estate property if the debtor's potential claim against the policy is speculative or hypothetical. See id. at 512 ("[W]hen the liability policy provides the debtor with indemnification coverage but indemnification either has not occurred, is hypothetical, or speculative, the proceeds are not property of the bankruptcy estate.").

20. Paying the Movants' defense costs and other covered losses associated with the Lawsuit would not have any adverse effect on the Debtors' estate. Clause (B) only applies to the extent that JOANN actually indemnifies an Insured Party, but the likelihood that JOANN will indemnify the Movants or any other Insured Party is speculative. Moreover, making the Proceeds available to the Movants would reduce or eliminate the Movants' potential claims for

advancement and/or indemnification against the Debtors' estate, maximizing value for other creditors.

21. The likelihood that JOANN would have claims for coverage under Clause (C) is equally low. The Debtors do not have any pending litigation entitled to coverage. Indeed, the Ohio Plaintiffs, in a transparent attempt to subvert the Bankruptcy Code's ordinary priority scheme, assert claims in the Lawsuit only against the Movants. And speculation regarding hypothetical situations in which JOANN may trigger coverage is not sufficient to render the Proceeds estate property.

B. **Alternatively, Good Cause Exists to Grant Relief From the Automatic Stay**

22. Even if the Automatic Stay applies to the Proceeds, the Court should grant relief from the Automatic Stay so that the Movants can access the Proceeds to pay for defense costs and other covered losses related to the Lawsuit.

23. Section 362(d)(1) of the Bankruptcy Code authorizes the Court to grant relief from the Automatic Stay "for cause, including the lack of adequate protection of an interest in property." In determining whether cause exists, this Court should consider (i) whether lifting the Automatic Stay would cause great prejudice to the Debtors or their estate and (ii) whether the hardship that the Movants would experience from maintenance of the Automatic Stay considerably outweighs the Debtors' hardship. See Downey, 428 B.R. at 609 (finding that the balance of equities weighed in the movants' favor because paying for defense costs with their own funds would cause significant and irreparable harm, while the estate's interests in the proceeds were speculative and remote).

24. First, the Debtors would not experience any prejudice as a result of lifting the Automatic Stay to allow Chubb to pay coverage obligations on the Movants' behalf. The

Debtors are not facing any pending litigation entitled to coverage and, even if this Court decides that JOANN has an interest in the Proceeds, making the Proceeds available to the Movants would allow the Debtors to reduce or eliminate any potential claims by the Movants against the estate for indemnification.

25.     Second, without relief from the Automatic Stay, the Movants would suffer substantial and irreparable harm.  Without the Proceeds, the Movants will not have the resources to pay their attorneys' fees and other defense costs in connection with the Lawsuit.  See Downey, 428 B.R. at 610 (recognizing that the movants "may suffer substantial and irreparable harm if prevented from exercising their rights to defense payments"); Allied Digital, 306 B.R. at 514 ("Without funding, the [movants] will be prevented from conducting a meaningful defense to the [plaintiff's] claims and may suffer substantial and irreparable harm.").

26.     The balance of equities therefore weighs heavily in the Movants' favor. The Movants relied on the Policy's existence when serving in their capacities for JOANN. Stripping them of their rights to the Proceeds would deprive them of the funds they need to defend themselves against claims arising from their alleged conduct in those capacities. The Debtors, on the other hand, would not experience any harm as a result of this limited relief from the Automatic Stay because they are not entitled to Proceeds payable to the Movants.

## **CONSENT**

27.     Prior to the filing of the Motion, the Movants shared a copy of this Motion and the accompanying Proposed Order with counsel for the Plan Administrator (as defined in the Plan).  Counsel for the Plan Administrator informed the Movants that the Plan Administrator consents to the relief sought herein.

**CONCLUSION**

WHEREFORE, the Movants respectfully request that the Court enter the Proposed Order granting the relief requested in this Motion and such other relief as the Court deems appropriate under these circumstances.

Dated: July 31, 2025

| | |
|---|---|
| OF COUNSEL:<br>MORGAN, LEWIS & BOCKIUS LLP<br>Wendy West Feinstein (*pro hac vice*)<br>One Oxford Centre<br>Thirty-Second Floor<br>Pittsburgh, PA 15219<br>(412) 560-7455<br>wendy.feinstein@morganlewis.com<br><br>John C. Goodchild, III (*pro hac vice*)<br>Matthew C. Ziegler (*pro hac vice*)<br>Jeffrey J. Masters (*pro hac vice*)<br>Reuben J. Lacy (*pro hac vice*)<br>2222 Market Street<br>Philadelphia, PA 19103-3007<br>(215) 963-5000<br>john.goodchild@morganlewis.com<br>matthew.ziegler@morganlewis.com<br>jeffrey.masters@morganlewis.com<br>reuben.lacy@morganlewis.com | MORGAN, LEWIS & BOCKIUS LLP<br><br>*/s/ Jody C. Barillare*<br>Jody C. Barillare (#5107)<br>1201 N. Market Street, Suite 2201<br>Wilmington, DE 19801<br>(302) 574-3000<br>jody.barillare@morganlewis.com<br><br><br><br><br><br><br>*Counsel for Defendants Michael Prendergast and Jeffrey Dwyer* |
| OF COUNSEL:<br>JONES DAY<br>Geoffrey J. Ritts (*pro hac vice*)<br>Adrienne Ferraro Mueller (*pro hac vice*)<br>901 Lakeside Avenue<br>Cleveland, OH 44114<br>(216) 586-3939<br>gjritts@jonesday.com<br>afmueller@jonesday.com | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Zachary I. Shapiro*<br>Zachary I. Shapiro (#5103)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>302-651-7819<br>shapiro@rlf.com<br><br>*Counsel for Defendants Heather Holody, Michael Kennedy, and Melissa Bowers* |

| | |
|---|---|
| OF COUNSEL:<br>BROWN RUDNICK LLP<br>Bennett S. Silverberg (*pro hac vice*)<br>Sharon I. Dwoskin (*pro hac vice*)<br>7 Times Square<br>New York, New York 10036<br>(212) 209-4800<br>bsilverberg@brownrudnick.com<br>sdwoskin@brownrudnick.com<br><br>Mark S. Baldwin (*pro hac vice*)<br>Anthony J. Boccamazzo (*pro hac vice*)<br>185 Asylum Street<br>Hartford, Connecticut 06103<br>(860) 509-6500<br>mbaldwin@brownrudnick.com<br>aboccamazzo@brownrudnick.com | RICHARDS, LAYTON & FINGER, P.A.<br><br>*/s/ Zachary I. Shapiro*<br>Zachary I. Shapiro (#5103)<br>One Rodney Square<br>920 N. King Street<br>Wilmington, DE 19801<br>302-651-7819<br>shapiro@rlf.com<br><br><br><br>*Counsel for Defendant Robert Will* |