# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC., *et al.*,[1] | ) ) | Case No. 25-10068 (CTG) |
| Debtors. | ) ) ) ) | (Jointly Administered) |
| | | Re: Docket Nos. 760, 849 & 930 |

### CERTIFICATION OF COUNSEL REGARDING AMENDED FIRST NOTICE OF ASSUMPTION AND ASSIGNMENT OF CERTAIN EXECUTORY CONTRACTS AND/OR UNEXPIRED LEASES

The undersigned counsel to Ann Aber in her capacity as Plan Administrator in the above-captioned cases (the "Plan Administrator"), hereby certifies as follows:

1. On April 28, 2025, the debtors and debtors-in-possession in the above-captioned cases (the "Debtors") filed the *First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 760] (the "First Assumption Notice") regarding the assumption and assignment of the unexpired leases set forth on Schedule 2 to the First Assumption Notice (the "Original Assumption List").

2. On May 16, 2025, the Debtors filed the *Amended First Notice of Assumption and Assignment of Certain Executory Contracts and/or Unexpired Leases* [Docket No. 930] (the "Amended First Assumption Notice"). Attached as Schedule 2 to the Amended First Assumption Notice was a revised schedule of unexpired leases (the "Revised Assumption List"). Attached as Schedule 3 to the Amended First Assumption Notice was a proposed form of order (the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

"Assumption Order") authorizing the assumption and assignment of the unexpired leases on the Revised Assumption List.

3. The deadline to object to the Amended First Assumption Notice was May 30, 2025 (the "Objection Deadline").

4. On May 12, 2025, the landlord of Store No. 2211 (the "Washington Landlord") filed the *Objection to First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Lease* [Docket No. 823] (the "Objection").

5. On July 31, 2025, the Court held a hearing on the Amended First Assumption Notice and the Objection (the "Hearing"). At the Hearing, the Court overruled the Objection.

6. Following the Hearing, Burlington and the Washington Landlord were unable to agree upon revisions to the form of order that accurately describe the Court's ruling on the record at the Hearing. The Court's ruling was that the use provision in the Washington Lease is an anti-assignment provision that would be voided by section 365(f). *See* Transcript at 40:22-25, 41:1-2 ("I think Mr. St. James' description of the restrictions in this lease essentially conceded that that's what this is, that it was designed for JOANN's. So that, effectively, is an anti-assignment provision that would be voided by the application of Section 365, and for those reasons, I will enter an order authorizing the assignment."). The ruling did not hinge upon the Washington Landlord's ability to withhold consent to a change in use, as the Washington Landlord's proposed language suggests.

7. Attached as **Exhibit A** is a revised Assumption Order (the "Revised Assumption Order"), which the Plan Administrator and Burlington believe is consistent with the Court's ruling on the record at the Hearing. A blackline comparing the Revised Assumption Order to the Assumption Order is attached hereto as **Exhibit B.** A blackline comparing the Plan

Administrator's Revised Assumption Order to the version filed by the Washington Landlord is attached hereto as **Exhibit C.**  A copy of the transcript of the Hearing is attached as **Exhibit D.**

8. Any unresolved objections and informal comments received regarding the remaining balance of the leases included in the Amended First Assumption Notice (collectively, the "Outstanding Leases") are not included in the Revised Assumption Order.  For the avoidance of doubt, the Amended First Assumption Notice remains pending, and has not been withdrawn, with respect to the Outstanding Leases.

9. Accordingly, the Plan Administrator requests entry of the Revised Proposed Order attached hereto as **Exhibit A** at the Court's earliest convenience.

Dated: August 1, 2025
Wilmington, Delaware

                                */s/ Jack M. Dougherty*
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:   (302) 652-3131
Facsimile:    (302) 652-3117
Email:         preilley@coleschotz.com
              snewman@coleschotz.com
              jdougherty@coleschotz.com
              mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (Admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:   (216) 274-2489
Facsimile:    (216) 241-2824
Email:         cwick@hahnlaw.com

*Co-Counsel to the Plan Administrator*