## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| | ) | (Jointly Administered) |
| Post-Confirmation Debtor. | ) | |
| | ) | **Objections due by: August 8 at 4:00 p.m.** |
| | ) | **Hearing Date:  August 14, 2025 at 10:00 a.m.** |

## MOTION OF MARIA MARGARITA AGUILAR MARTINEZ FOR RELIEF FROM THE PLAN INJUNCTION

Maria Margarita Aguilar Martinez ("Martinez" or "Movant"), by and through her undersigned counsel, files this motion for relief from the plan injunction to allow prosecution of a personal injury claim to be pursued in California against the above captioned post-confirmation debtor and/or any debtor affiliates thereof (the "Debtors"). In support of the Motion, Martinez states as follows:

### JURISDICTION AND VENUE

1.     This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the standing order of reference to this Court.

2.     This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.     Pursuant to 28 U.S.C. § 1409, venue of this Motion is proper in this Court.

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

4.      Pursuant to Del. Bankr. L.R. 9013-1(f), Movant does consent to the entry of final orders or judgments by the Court with respect to the Motion if it is determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. Movant does not, however, consent to the adjudication of her claim by this Court nor does she concede that jurisdiction is proper as to such adjudication under 28 U.S.C. § 1334 or otherwise.

## FACTUAL BACKGROUND

### A.  The Accident

5.      On May 23, 2022, Maria Margarita Aguilar Martinez was shopping inside the Joann Fabrics store located at 19819 Rinaldi Street, Northridge, California 91326 (the "Premises"), when her walker got stuck on the edge of the cashier register causing her to slip and fall onto the floor.

6.      On information and belief, at all relevant times the Premises were owned and operated by Debtor Jo-Ann Stores, LLC ("Jo-Ann Stores").

7.      As a result of the negligence of Jo-Ann Stores and its employees, Martinez became afflicted with serious injuries including, *inter alia*, an acute intertrochanteric right hip fracture that required open reduction and internal fixation right hip surgery, and bilateral knee pain.

8.      On April 17, 2024, Movant commenced an action against Jo-Ann Stores and Does 1 to 20 by filing a Complaint in the Superior Court of California, County of Los Angeles (the "State Court"), which is pending at 24CHCV01411 (the "State Court Action") related to her injuries consequent to the Accident.  Ms. Martinez is represented by Robert L. Booker II of the Law Offices of Jacob Emrani ("Trial Counsel") in the State Court Action.

### B.  The Joann Inc. Bankruptcy

9.      On January 15, 2025 (the "Petition Dates"), Joann Inc. and several affiliated debtors (collectively, the "Debtors") each filed a voluntary petition for relief under Chapter 11 of the

United States Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The cases are pending before the Honorable Craig T. Goldblatt and are jointly administered under Case No. 25-10068 (CTG).

10.     Movant, through her litigation counsel, filed her proof of claim with the Debtors' claims agent as follows:

| Claim No. | Claim Amount | Date Filed | Debtor |
|-----------|--------------|------------|--------|
| 10821 | $2,500,000 | 4/04/2025 | Jo-Ann Stores, LLC |

### C.  The Plan

11.     The Debtors filed their disclosure statement related to their amended joint chapter 11 plan (the "Disclosure Statement", D.I. 810) on May 5, 2025.  According to the estimated chart of distribution (Disclosure Statement at 5-6), general unsecured claims are estimated to receive a dividend of 0 – 1%.

12.     On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order, Approving the Debtors' Disclosure Statement for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann, Inc., and Its Debtor Affiliates (Technical Modifications)* (D.I. 1387, the "Confirmation Order") which confirmed the *Second Amended Joint Chapter 11 Plan of Joann Inc., and its Debtor Affiliates (Technical Modifications)* (the "Plan").

13.     Because the Plan is one of liquidation, the Debtors did not receive a discharge pursuant to 11 U.S.C. § 1141(d)(3).  Plan at Art. VIII(E).

14.     Moreover, pursuant to 11 U.S.C. § 362(c)(2)(C) and Art. VIII(E) of the Plan, the automatic stay of 11 U.S.C. § 362(a) terminated as of the Effective Date.

15.     However, the Plan contains an injunction (the "Plan Injunction") which provides:

Except as otherwise expressly provided in the Plan or for obligations issued or required to be paid pursuant to the Plan or the Confirmation Order, all Persons or Entities who have held, hold, or may hold Claims, Interests, or Causes of Action in the Debtors and the

Wind-Down Debtors, shall be precluded and permanently enjoined on and after the Effective Date, from taking any of the following actions against the Debtors, the Wind-Down Debtors (but solely to the extent such action is brought against the Debtors or the Wind-Down Debtors to directly or indirectly recover upon any property of the Estates dealt with by the Plan, upon the Effective Date), the Exculpated Parties, the Released Parties, and any successors, assigns, or representatives of such Persons or Entities, solely with respect to any Claims, Interests, or Causes of Action that will be or are treated by the Plan: (a) commencing or continuing in any manner any Claim, action, or other proceeding of any kind; (b) enforcing, attaching, collecting, or recovering by any manner or means of any judgment, award, decree, or order; (c) creating, perfecting, or enforcing any encumbrance of any kind; (d) asserting any right of setoff or subrogation of any kind against any obligation due from such Entities or against the property of such Entities unless such holder has exercised such setoff prior to the Petition Date or such setoff is otherwise permissible under applicable law, and notwithstanding an indication of a Claim or Interest or otherwise that such holder asserts, has, or intends to preserve any right of setoff pursuant to applicable law or otherwise; and (e) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Interests, or Causes of Action released or settled pursuant to the Plan (the "Injunction"); provided however, that the Debtors and Wind-Down Debtors, in their capacities as Released Parties, shall receive the benefit of the Injunction through and until the date upon which all remaining property of the Debtors' estates vested in the Wind-Down Debtors has been fully liquidated, administered and distributed. All Persons or Entities who directly or indirectly have held, hold, may hold, or seek to assert Claims or Causes of Action that (x) have been released in this Plan (the "Released Claims") or (y) that are subject to exculpation (the "Exculpated Claims"), shall be enjoined from (i) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (ii) enforcing, attaching, collecting or recovering by any manner or means any judgment, award, decree, or order on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iii) creating, perfecting, or enforcing any encumbrance of any kind on account of or in connection with or with respect to the Released Claims and Exculpated Claims; (iv) asserting any right of subrogation on account of or in connection with or with respect to the Released Claims and Exculpated Claims, except to the extent that a permissible right of subrogation is asserted with respect to a timely filed Proof of Claim; or (v) or commencing or continuing in any manner any action or other proceeding on account of or in connection with or with respect to the Released Claims and Exculpated Claims; provided however, that the foregoing injunction shall have no effect on the liability of any person or Entity that results from any act or omission based on or arising out of gross negligence, fraud, or willful misconduct. Notwithstanding anything to the contrary in the Plan, the Plan Supplement, or the Confirmation Order, the automatic stay pursuant to section 362 of the Bankruptcy Code shall remain in full force and effect with respect to the Debtors and any property dealt with by the Plan until the Effective Date, at which point the Injunction shall take effect as provided herein. Notwithstanding anything to the contrary in the foregoing, the injunction set forth above does not enjoin (1) a Holder of a Claim or Interest from taking any actions described in this Article VIII.E solely with respect to any direct claim of such Holder that is not a Released Claim or Exculpated Claim or (2) the enforcement of any obligations arising on or after the Effective Date of

any Person or Entity under the Plan, any post-Effective Date transaction contemplated by the Wind-Down Transactions, or any document, instrument, or agreement (including those set forth in the Plan Supplement) executed to implement the Plan. Upon entry of the Confirmation Order, all Holders of Claims and Interests and their respective current and former employees, agents, officers, directors, managers, principals, and direct and indirect Affiliates, in their capacities as such, shall be enjoined as provided in this section.

Plan Art. VIII § E.

16.     The Plan also contains extensive provisions governing the Debtors' insurance policies.  Plan Art. V(E).

17.     The Plan became effective on July 16, 2025 (the "Effective Date").  <u>See</u> Notice of Effective Date (D.I. 1416).

## <u>RELIEF REQUESTED AND REASONS THEREFOR</u>

18.     By virtue of 11 U.S.C. § 362(a), the commencement of or prosecution of any action against the Debtors was stayed as of the Petition Date:

19.     Section 362(d) of the Bankruptcy Code provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—

(1)     for cause, including lack of adequate protection of an interest in property of such part in interest;

(2)     with respect to a stay of an act against property under subsection (a) of this section, if—

(A)     the debtor does not have an equity in such property; and

(B)     such property is not necessary to an effective reorganization.

20.     However, the automatic stay terminates upon the effective date of a confirmed plan. 11 U.S.C. § 362(c).  *See Rauso v. Martinez*, Nos. 20-2927, 21-1503, 2022 U.S. App. LEXIS 27651, at *9 (3d Cir. Oct. 4, 2022) (automatic stay terminated upon plan confirmation).

21.     While the automatic stay of section 362 has terminated, the Plan provides for the

Plan Injunction which arguably enjoins Martinez from proceeding with litigation.[2]

22.     This Court may grant relief from the Plan Injunction pursuant to, *inter alia*, Fed. R.

Civ. P. 60(b), as applicable under Fed. R. Bankr. P. 9024.  Rule 60(b) provides in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party … from a
> final judgment, order, or proceeding for the following reasons:  (1) mistake,
> inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which
> by due diligence could not have been discovered in time to move for a new trial;
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation
> or other misconduct of an adverse party; (4) the judgment is void; or (6) such other
> reason justifying relief from the operation of the judgment.  The motion shall be
> made within a reasonable time, and for reasons (1), (2) and (3) not more than one
> year after the judgment, order or proceeding was entered or taken….  This rule does
> not limit the power of a court to entertain an independent action to relieve a party
> from a judgment, order or proceeding … or to set aside a judgment for fraud upon
> the court.  … [T]he procedure for obtaining any relief from a judgment shall be by
> motion as prescribed in these rules or by independent action.

23.     Hence, this Court has broad authority to grant relief from its own orders for "other

reason justifying relief from the operation of the judgment."

24.     Although there is no automatic stay, courts typically consider the case law

governing motions for relief from the automatic stay to proceed with litigation in another forum

when addressing motions for relief from plan injunctions.

25.     In determining whether cause exists to lift the stay to permit a party to pursue an

action outside of the Bankruptcy Court, this Court may consider whether:

a.  Any great prejudice to either the bankrupt estate or the debtor will
result from continuation of the civil suit,

b.  The hardship to the non-bankrupt party by maintenance of the stay
considerably outweighs the hardship of the debtor, and

c.  The creditor has a probability of prevailing on the merits.

---

[2] Martinez does not concede that the Plan Injunction applies here.

*In re Rexene Prods. Co.*, 141 B.R. 574, 576 (Bankr. D. Del. 1992); *see also American Airlines, Inc. v. Continental Airlines, Inc. (In re Continental Airlines, Inc.)*, 152 B.R. 420, 424 (D. Del. 1993); *Levitz Furniture Inc. v. T. Rowe Price Recovery Fund, L.P. (In re Levitz Furniture Inc.)*, 2000 Bankr. LEXIS 1322, *15 (Bankr. D. Del. 2000); *Save Power Limited v. Pursuit Athletic Footwear, Inc. (In re Pursuit Athletic Footwear, Inc.),* 193 B.R. 713, 718 (Bankr. D. Del. 1996).

Further, courts are directed to consider the following legislative history:

> It will often be more appropriate to permit proceedings to continue in their place of origin, where no great prejudice to the bankruptcy estate would result, in order to leave the parties to their chosen forum and to relieve the bankruptcy court from many duties that may be handled elsewhere.

*Rexene Products*, 141 B.R. at 576; *In re Wilson*, 85 B.R. 722, 728-29 (Bankr. E.D. Pa. 1988) (citing S. Rep. No. 989, 95th Cong., 2d. Sess. 50, reprinted in [1978] *U.S. Code Cong. & Ad. News* 5836).

26.    The legislative history of section 362 indicates that cause may be established by a single factor such as "a desire to permit an action to proceed . . . in another tribunal," or "lack of any connection with or interference with the pending bankruptcy case." H.R. Rep. No. 95-595, 95th Cong., 1st Sess., 343-344 (1977) *U.S. Code Cong. & Admin. News*, pp. 5787, 6300. *See also In re Rexene*, 141 B.R. at 576 ("cause" for relief was found in order to allow civil plaintiffs to proceed with a class action against the debtor because discovery was nearly complete, both parties were nearly ready for trial prior to the bankruptcy filing, trial of the claim in bankruptcy court would be burdensome to plaintiffs and risk unnecessary, duplicative litigation, and plaintiffs had at least some probability of success on merits of suit); s*ee also In re Drexel Burnham Lambert Group, Inc.*, 113 B.R. 830, 838 n. 8 (Bankr. S.D.N.Y. 1990) (citing various examples of "cause" to permit litigation in another forum such as liquidation of a personal injury, arbitration or specialized jurisdiction claims).

27.     This Court, in the *Continental Airlines* decision referred to above, set forth the following framework for analyzing motions for relief from the automatic stay:

> There is no rigid test for determining whether sufficient cause exists to modify an automatic stay. Rather, in resolving motions for relief for "cause" from the automatic stay courts generally consider the policies underlying the automatic stay in addition to the competing interests of the debtor and the Movant. In balancing the competing interests of the debtor and the Movant, Courts consider three factors: (1) the prejudice that would be suffered should the stay be lifted; (2) the balance of the hardships facing the parties; and (3) the probable success on the merits if the stay is lifted. *See Int'l Business Machines v. Fernstrom Storage & Van Co. (In re Fernstrom Storage & Van Co.*) 938 F. 2d 731. 734-37 (7th Cir. 1991).

> *In re Continental Airlines*, 152 B.R. at 424.

28.     Application of the standards set forth in the case law here weighs overwhelmingly in favor of granting stay relief. The prejudice to Movant in forcing her to pursue claims in Delaware, or not pursing these claims at all until possibly after this bankruptcy case is fully administered, is manifest. Most if not all witnesses and parties are located in California. And in any event, because Movant's claim is in the nature of personal injury, this Court lacks jurisdiction to adjudicate that claim. 28 U.S.C. § 157(b)(5).

29.     By contrast, adjudication of Movant's claims in a commercial bankruptcy such as this would have no discernable effect on the administration of the Debtors' cases.

30.     As to probability of success on the merits, this Court need not conduct a 'mini-trial' to determine the merits of the case, even in fairly complex cases. *In re Adelphia Commun. Corp.,* 285 B.R. 580, 595 (Bankr. S.D.N.Y. 2002) vacated, 298 B.R. 49 (S.D.N.Y. 2003) ("The fact that allegations have not been proven is more than a 'technical consideration[ ],' and this Court, like most bankruptcy courts, is ill-suited to conducting mini-trials on insureds' culpability incident to determining their entitlement to relief from the stay on access to the D & O policy proceeds that were put in place, at least in part, to help them in litigation to determine that very issue."). Rather, this prong merely requires a showing that the cause of action has some merit.

31.     In this case, Martinez was seriously injured as a result of the negligence of the Debtors. This is a personal injury action like many others and no detailed showing is required to obtain stay relief in such cases. There is little doubt that Martinez's injuries were the result of Debtors' negligence.

32.     No prior request for the relief sought herein has been made.

WHEREFORE, Movant requests that the Court approve the order attached hereto, granting relief from the Plan Injunction to permit her to prosecute the State Court Action in California, and granting such other and further relief as this Court deems just and proper.

DATED:  August 1, 2025

*/s/ Christopher D. Loizides*
Christopher D. Loizides (No. 3968)
LOIZIDES, P.A.
1225 King Street, Suite 800
Wilmington, DE  19801
Telephone:     (302) 654-0248
Facsimile:      (302) 654-0728
Email:          loizides@loizides.com

*Counsel for MARIA MARGARITA*
*AGUILAR MARTINEZ*