# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN, INC., *et al.*,[1]<br><br>             Debtor. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date: TBD**<br>**Objection Date: August 18, 2025 at 4:00 p.m.** |

## ROTH BROS., INC.'s MOTION FOR ALLOWANCE
## AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Roth Bros., Inc. (a Sodexo Company) ("Roth Bros.")[1] hereby files this Motion for allowance and payment of an administrative expense claim in the amount of **$9,530.77**, or such other amount to be determined ("Request"), and in support thereof, states as follows:

## BACKGROUND

1. JOANN Inc. and related debtors (collectively, the "Debtors") filed petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §101 et seq. ("Code" or "Bankruptcy Code") on January 15, 2025 (the "Petition Date").

2. On February 26, 2025, the Debtors filed its *Joint Chapter 11 Plan of JOANN Inc and its Debtor Affiliates* (the "Plan") [DI 513].

3. On May 5, 2025, the Debtors filed their *Amended Joint Chapter 11 Plan of JOANN Inc. and its Affiliated Debtors* [DI 810] and *Motion for Entry of An Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Scheduling a Plan*

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings I, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

*Confirmation and Final Disclosure Statement Approval Hearing and Setting Dates and Deadlines* [DI 811].

4. On May 24, 2025, Debtors filed their *Second Amended Joint Chapter 11 Plan of JOANN Inc and its Debtor Affiliates* [DI 986].

5. On July 10, 2025, the Bankruptcy Court entered its *Findings of Fact, Conclusions of Law and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates* [DI 1387].

6. On July 16, 2025, the Debtors filed the *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [DI 1416], which set the deadline to file requests for allowance and payment of Administrative Claims for August 6, 2025 (the "Administrative Claim Bar Date").

7. Roth Bros. files this Request seeking allowance and payment of its claim as a claim with administrative expense priority under Section 503(b) of the Bankruptcy Code.[2]

## JURISDICTION AND VENUE

8. The Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

9. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

10. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

11. Roth Bros. and Jo-Ann Stores, LLC are parties to a Master Service Agreement, as amended with related Statements of Work (collectively, the "MSA") pursuant to which Roth

---

[2] Pursuant to the *Order Sustaining Debtors' Sixth Omnibus Objection to Certain Claims (Substantive)* [DI 1383], Roth Bros.'s proof of claim was reduced and modified to a total claim of $75,141.89, including an administrative expense claim of $3,506.96. The administrative expense claim sought in this Request is in addition to this previously allowed administrative expense claim.

2

Bros. provided, among others, heating, ventilation and air conditioning goods and services to the Debtors at various locations.[3]

12. Pursuant to the terms of the Plan, the Agreement was rejected as of the Plan's Effective Date, July 16, 2025.

13. As of the filing of this Request, the Debtors are indebted to Roth Bros. for unpaid goods and services provided after the Petition Date up to the date of rejection of the Agreement in the total sum of **$9,530.77**. Attached hereto collectively as **Exhibit "A"** are the invoices along with a spreadsheet setting forth sums due and owing to Roth Bros. for post-petition goods and services.

## GROUNDS FOR RELIEF

14. Pursuant to 11 U.S.C. § 503(b)(1), Roth Bros. asserts a right to allowance and payment of an administrative expense claim of **$9,530.77.**

15. Section 503 provides two ways for a claim to qualify for "administrative expense" status, which are "either as a nonlisted 'actual, necessary' expense of preserving the estate under 503(b)(1)(A) or as a nonlisted administrative expense under 503(b) in general...." *In re Hackney*, 351 B.R. 179, 184–85 (Bankr. N.D. Ala. 2006) (noting that statutory language in Section 503(b) "including" certain types of administrative expenses is not an exhaustive list and an expense may still constitute an administrative claim even if it is not listed in Section 503(b)) (*citing*, among numerous other cases from various circuits, *In re Insilco Tech., Inc.,* 309 B.R. 111, 114 (Bankr. D. Del. 2004); *In re Valley Media, Inc.,* 279 B.R. 105, 141 (Bankr. D. Del. 2002); and *In re Mid-*

---

[3] Sodexo has not attached the Agreement to this Request as it contains confidential and proprietary information. It is available to the Court as may be necessary and otherwise subject to appropriate confidentiality restrictions.

*Am. Waste Sys., Inc.,* 228 B.R. 816, 821 (Bankr. D. Del. 1999)). Accordingly, an expense can constitute an administrative claim even if not specifically listed as one under Section 503(b).

16. "Section 503(b)(1) of the Code provides that 'actual, necessary costs and expenses of preserving the estate' shall constitute administrative expenses entitled to priority." *In re Newpage Corp.*, 555 B.R. 444, 451 (Bankr. D. Del. 2016) (*citing* 11 U.S.C. § 503(b)(1)(A)). "Courts in this Circuit have held that in order to be considered an administrative expense under section 503(b)(1), the claimant must demonstrate that the '(1) expense arose from a post-petition transaction between the debtor and (2) the transaction accorded the estate an actual benefit.'" *Id.* (*quoting In re Insilco Tech.,* 309 B.R. at 114). "Section 503(b) contemplates some quid-pro-quo wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate. Priority is granted to compensate the providers of necessary goods, services or labor." *In re Valley Media, Inc.*, 279 B.R. 105, 140 (Bankr. D. Del. 2002) (*citing Pennsylvania Dept. of Envtl. Resources v. Tri–State Clinical Lab., Inc.*, 178 F.3d 685, 689-90 (3d Cir.1999)).

17. This Court has held that an administrative claim can exist where the expense at issue arose post-petition. *In re Insilco Tech.*, 309 B.R. at 114 ("This requires the claimant to establish that its: (1) expense arose from a post-petition transaction with the debtor and (2) that the transaction accorded the estate an actual benefit."); *In re Mid-Am. Waste Sys., Inc.,* 228 B.R. 816, 821 (Bankr. D. Del. 1999) ("To establish administrative priority under § 503(b)(1)(A), the [claimants] must demonstrate that the claimed expenses (i) arose out of a postpetition transaction with the debtor-in-possession and (ii) directly and substantially benefitted the estate."). "Such an interpretation would be consistent with longstanding law that only debts that arise postpetition can be treated as administrative expenses." *In re Philadelphia Newspapers, LLC*, 433 B.R. 164,

172 (Bankr. E.D. Pa. 2010) (*citing In re Ybarra,* 424 F.3d 1018, 1025-26 (9th Cir. 2005) and *In re Palau Corp.*, 18 F.3d 746, 751 (9th Cir. 1994)).

18.     Here, Roth Bros. provided valuable goods and HVAC services to the Debtors as requested and transmitted all required documentation and invoicing to the Debtors for payment. The Debtors have been paying Roth Bros. for such post-petition goods and services but there remain amounts due and owing as of the Administrative Claim Bar Date. Thus, out of an abundance of caution Roth Bros. submits this Request seeking allowance and payment.

WHEREFORE, Roth Bros. requests allowance and payment of an administrative expense in the amount of **$9,530.77**.

Dated: August 4, 2025
Wilmington, Delaware

**BROWN NIMEROFF LLC**

By: */s/ Jami B. Nimeroff*
    Jami B. Nimeroff, Esquire
919 N. Market Street, Suite 420
Wilmington, Delaware  19801
T:  (302) 428-8142
Email: jnimeroff@brownnimeroff.com

*Attorneys for Roth Bros., Inc., a Sodexo Company*

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN, INC., *et al.*,<br><br>           Debtor. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered) |

## **CERTIFICATE OF SERVICE**

I, Jami B. Nimeroff, hereby certify that on this 4th day of August, 2025 I caused a true and correct copy of the foregoing to be electronically filed with the Clerk of the US Bankruptcy Court using the CM/ECF system, which sent notification to all counsel and parties of record.


                                                 */s/ Jami B. Nimeroff*
                                                 Jami B. Nimeroff

# EXHIBIT A

| Name 1 | Reference | Document Number | Document Date | Amount in local currency | Local Currency |
|---|---|---|---|---|---|
| JOANN STORES CORP OFFICE | 1002828987 | 4900037331 | 6/25/2025 | $4,878.98 | USD |
| JOANN STORES CORP OFFICE | 1002840863 | 4900039315 | 7/21/2025 | $4,651.79 | USD |
|  |  |  |  | **$9,530.77** | **USD** |



**INVOICE**

HVAC Service
Roofing
Facilities Automation
HVAC
Electrical
Energy Management

3821 CRUM ROAD
YOUNGSTOWN OH  44515
1-800-USA-ROTH

**TO:**
JOANN STORES CORP OFFICE
5555 DARROW ROAD
HUDSON OH  44236
USA

| Field | Value |
|---|---|
| Invoice Number | 1002828987 |
| Division | HVAC Service |
| Invoice Date | 06/25/2025 |
| Customer Number | 100033966 |
| Job Number |  |
| Ticket No. | 1520693 |
| Customer PO No. | 595802313 |
| Terms | 30 days from date of invoice |

| Description | Amount | Tax |
|---|---:|---:|
| JO-ANN CORP OFFICE-TR EMS  5555 Darrow Road  Hudson OH 44236 | | |
| CUSTOMER PO # 595802313 | | |
| LEAK CHECK AND REPAIR 6/16-6/20/25 | | |
| MATERIAL | 860.22 | 58.06 |
| LABOR-REG | 3,640.00 | 245.70 |
| TRUCK CHARGE | 75.00 | 0.00 |
| Subtotal | **4,575.22** | **303.76** |
| Total : 4878.98 | | |
| NET VALUE | | 4,575.22 |
| TOTAL TAX | | 303.76 |
| TOTAL AMOUNT IN US DOLLARS | | 4,878.98 |

**TERMS: PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE UNLESS  OTHERWISE SPECIFIED BY CONTRACT OR IN WRITING. A LATE FEE CHARGE MAY BE ASSESSED ON ANY PAST DUE AMOUNT. ANNUAL PERCENTAGE RATE NOT TO EXCEED STATUTORY LIMITATIONS.**
*Consider changing to ACH payments. Automatic Clearing House transactions facilitate faster processing at a lower cost than paper checks.*
*Customer acknowledges that any requests received from the Sodexo entity to change payment information (remit address or bank account) will only be communicated to Customer in writing by a Sodexo Authorized Officer (Treasurer or Assistant Treasurer).*

---

| | |
|---|---|
| Invoice Amount     $4,878.98 | Please remit this portion |
| Amount Due         $4,878.98 | with your payment to: |
| Retention | |
| | |
| Invoice Number 1002828987 | SODEXO, INC & AFFILIATES |
| Customer Number 100033966 | PO BOX 360170 |
| | PITTSBURGH PA  15251-6170 |
| | USA |

Seller represents that the goods or services covered by this invoice have been produced or rendered in full compliance
with the requirements of the Fair Labor Standards Act of 1938, as amended, including Section 12(A)

8659314                                                                                                                                                                    1 /1



**INVOICE**

HVAC Service
Roofing
Facilities Automation
HVAC
Electrical
Energy Management

3821 CRUM ROAD
YOUNGSTOWN OH  44515
1-800-USA-ROTH

**TO:**
JOANN STORES CORP OFFICE
5555 DARROW ROAD
HUDSON OH  44236
USA

| | |
|---|---|
| Invoice Number | 1002840863 |
| Division | HVAC Service |
| Invoice Date | 07/21/2025 |
| Customer Number | 100033966 |
| Job Number | |
| Ticket No. | 1523811 |
| Customer PO No. | |
| Terms | 30 days from date of invoice |

| Description | Amount | Tax |
|---|---:|---:|
| JO-ANN CORP OFFICE-TR EMS  5555 Darrow Road  Hudson OH 44236 | | |
| COIL CLEANING | 353.65 | 23.87 |
| COIL CLEANING MATERIAL | | |
| LABOR-REG | 4,004.00 | 270.27 |
| Subtotal | **4,357.65** | **294.14** |
| Total  : 4651.79 | | |
| NET VALUE | | 4,357.65 |
| TOTAL TAX | | 294.14 |
| TOTAL AMOUNT IN US DOLLARS | | 4,651.79 |

**TERMS: PAYMENT IS DUE UPON RECEIPT OF THIS INVOICE UNLESS  OTHERWISE SPECIFIED BY CONTRACT OR IN WRITING. A LATE FEE CHARGE MAY BE ASSESSED ON ANY PAST DUE AMOUNT. ANNUAL PERCENTAGE RATE NOT TO EXCEED STATUTORY LIMITATIONS.**
*Consider changing to ACH payments. Automatic Clearing House transactions facilitate faster processing at a lower cost than paper checks.*
*Customer acknowledges that any requests received from the Sodexo entity to change payment information (remit address or bank account) will only be communicated to Customer in writing by a Sodexo Authorized Officer (Treasurer or Assistant Treasurer).*

-----------------------------------------------------------------------------------------------------------------------------------------------------

| | |
|---|---|
| Invoice Amount        $4,651.79 | Please remit this portion |
| Amount Due             $4,651.79 | with your payment to: |
| Retention | |
| | |
| Invoice Number 1002840863 | SODEXO, INC & AFFILIATES |
| Customer Number 100033966 | PO BOX 360170 |
| | PITTSBURGH PA  15251-6170 |
| | USA |

Seller represents that the goods or services covered by this invoice have been produced or rendered in full compliance
with the requirements of the Fair Labor Standards Act of 1938, as amended, including Section 12(A)

8659314                                                                                                                                                         1 /1