# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*.[1]<br><br>　　　　　　　　Debtors. | Chapter 11<br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date:** To be Determined<br>**Objection Deadline:** August 20, 2025 at 4:00 p.m. (ET) |

## MOTION OF KONICA MINOLTA BUSINESS SOLUTIONS U.S.A., INC., FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM PURSUANT TO 11 U.S.C. § 503(B)(1)

Konica Minolta Business Solutions U.S.A., Inc. ("**KMBS**"), by and through its undersigned counsel, hereby moves for entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the allowance and requiring immediate payment of KMBS's post- petition claim in the amount of $49,704.00 for post-petition equipment maintenance services KMBS provided to Jo-Ann Stores, Inc. ("**Debtor**") pursuant to 11 U.S.C. 503(b)(1)(A), and in support hereof respectfully represents as follows:

### JURISDICTION AND VENUE

1.　　This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334. Venue of the Debtor's case in this district is proper pursuant to 28 U.S.C. § 1408.

2.　　This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B) and (O). Pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

States Bankruptcy Court for the District of Delaware (the "Local Rules"), KMBS consents to the entry of a final order or judgment by the Court in connection with the Motion if it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution. .

3. Relief is requested herein pursuant to 11 U.S.C. § 503(b)(1)(A).

## BACKGROUND

4. On January 15, 2025, ("**Petition Date**"), the Debtor and its affiliates (collectively, "**Debtors**") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

5. The Debtor continued operating its businesses after the Petition Date, albeit with the goal of reorganizing through a sale or liquidation of its assets and the winding down of its business. Because it did not cease operations completely after the Petition Date, the Debtor had continued need of the business equipment maintenance services KMBS had been providing the Debtor before the Petition Date.

6. On July 10, 2025, this Court entered an order confirming the Debtors' Second Amended Joint Plan of Reorganization ("**Plan**"). [Dkt. No. 1387]  The Plan became effective on July 16, 2025 ("**Effective Date**"). *See* Dkt. No. 1416.

6. For that reason, KMBS continued to provide the Debtor with those business equipment maintenance services. The Debtor has not paid KMBS for those services. As demonstrated by the copies of KMBS's invoices to the Debtor which are attached hereto as consolidated **Exhibit B**, the sum of **$49,704.00** remains due and owing to KMBS for post-petition services it provided the Debtor prior to the Effective Date.

**RELIEF REQUESTED**

7. KMBS respectfully requests an order allowing it an administrative expense claim in the amount of **$49,704.00**, representing charges for post-petition business equipment maintenance for which the Debtor has not made payment.

**BASIS FOR RELIEF REQUESTED**

8. Section 503(b)(1)(A) of the Bankruptcy Code provides, "After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserving the estate[.]" 11 U.S.C. § 503(b)(1)(A). Section 507(a) of the Bankruptcy Code grants priority to administrative expense claims that are allowed under Section 503(b) of the Bankruptcy Code. 11 U.S.C.§ 507(a)(2).

9. "When third parties are induced to supply goods or services to the debtor-in-possession … the purposes of [Section 503] plainly require that their claims be afforded priority." *In re Goody's Family Clothing, Inc*., 610 F.3d 812, 818 (3rd Cir. 2010).

10. In the present case, the Debtors have failed to pay for post-petition business equipment maintenance provided by KMBS in the amount of **$49,704.00,** as set forth in greater detail on **Exhibit BA** hereto.

11. Here, the Debtor benefited from the business equipment maintenance provided by KMBS through its post-petition operations. Accordingly, KMBS is entitled to allowance and payment of its post-petition claim in the amount of **$49,704.00**.

## **CONCLUSION**

**WHEREFORE**, KMBS respectfully requests that this Court grant this application for allowance and order payment of administrative expense claim in the amount of **$49,704.00**.

Dated:  August 6, 2025
Wilmington, Delaware

*/s/ Katharina Earle*
Katharina Earle (No. 6348)
**GIBBONS P.C.**
300 Delaware Avenue, Suite 1015
Wilmington, Delaware 19801-1671
Tel: (302) 518-6300
Fax: (302) 429-6294
Email: kearle@gibbonslaw.com

*-and-*

David N. Crapo
One Gateway Center
Newark, New Jersey 07102-5310
Tel: (973) 596-4523
Fax: (973) 639-6244
E-mail:  dcrapo@gibbonslaw.com

*Counsel for Konica Minolta Business Solutions U.S.A., Inc.*