# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.,* | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | Jointly Administered |

## REQUEST BY POLARIS TOWNE CENTER SC, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

Polaris Towne Center SC, LLC ("Landlord"), by and through its undersigned counsel, hereby submits this request for allowance and payment of its administrative expense claim in the amount of $80,865.92 pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code (defined below), and in support hereof, respectfully represents as follows:

### Background

1. On January 15, 2025 (the "Petition Date"), each of the above captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, a predecessor of one of the Debtors, JoAnn Stores, Inc., as tenant, and a predecessor of Landlord, as landlord, entered into a non-residential real property lease, as it has been amended from time to time (the "Lease"), pursuant to which the Debtors rented from Landlord that certain non-residential property located at the shopping center known as Polaris Towne Center located in Columbus, Ohio (the "Premises"). Among other things, the Lease required the Debtors to pay monthly charges for rent, common area maintenance, taxes, and insurance for its use of the Premises. The Debtors rejected the Lease as of May 31, 2025 (the "Rejection Date").

3. Subsequent to the Petitoin Date and prior to the Rejection Date, on or about April 21, 2025 and April 30, 2025, pursuant to the terms of the Lease, Landlord submitted invoices to the Debtors for charges related to real estate taxes and common area maintenance charges that were due for the Premises and under the Lease. True and correct copies of the foregoing invoices are attached hereto as Exhibit A (the "Invoices"). The Invoices total $95,582.44. Subsequent to the billing of the Invoices, Landlord made certain adjustments to the Invoices that are reflected on Exhibit B attached hereto (the "Adjustments"). Pursuant to the Invoices, as modified by the Adjustments, the Debtors currently owe Landlord $80,865.92 for real estate taxes, common area maintenance and other charges and credits billed under the Lease post-petition and prior to the Rejection Date.

4. On or about July 10, 2025, the Debtors' Second Amended Joint Plan of Reorganization (Docket No. 1353) (the "Plan") was confirmed by the Court, and the Plan went effective on July 16, 2025 (the "Effective Date"). On or about July 16, 2025, the Debtors filed the Notice of (i) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates (Docket No. 1416), which states that all claims arising or deemed to have arisen between February 27, 2025 and the Effective Date, must be filed with the Court by August 6, 2025.

5. The Invoices were billed pursuant to the terms of the Lease, and arose subsequent to February 27, 2025 and prior to the Rejection Date and the Effective Date, and the Invoices, as modified by the Adjustments, remain unpaid to date. Accordingly, Landlord is filing this request for allowance and payment of the amount of the Invoices, as modified by the Adjustments, as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

### Administrative Expense Claim Request

6. Bankruptcy Code section 365(d)(3) requires that debtors timely pay post-petition, pre-rejection obligations that they incur under unexpired leases of non-residential real property, such as the Lease. Bankruptcy Code section 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, the actual, necessary costs and expenses of preserving the bankruptcy estate. Section 507(a)(2) provides second administrative expense priority for claims that are allowed under section 503(b) of the Bankruptcy Code.

7. The Debtors owe Landlord $80,865.92 as an administrative expense claim under sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code. The foregoing amount relates to amounts incurred by the Debtors under the Lease subsequent to February 27, 2025 and prior to the Rejection Date and the Effective Date. The Invoices, as modified by the Adjustments, remain unpaid to date, and the Debtors and their estates directly benefitted from their use of the Premises post-petition as they were able to liquidate their inventory and assets located at the Premises.

8. Accordingly, this Court should award Landlord an administrative expense claim in the total amount of $80,865.92, to be paid to Landlord when distributions are made to holders of allowed chapter 11 administrative expense claims pursuant to the Plan.

WHEREFORE, Landlord respectfully requests that its Request For Allowance and Payment of Administrative Expense Claim be granted as requested herein and that it be granted such other and further relief as the Court deems just and proper.

Dated: August 6, 2025

**CONNOLLY GALLAGHER LLP**

*/s/ Karen C. Bifferato*
Karen C. Bifferato (#3279)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 757-7300
Email: kbifferato@connollygallagher.com

*Attorneys for Polaris Towne Center SC, LLC*