**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>                    Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:  TBD**<br>**Objection Deadline:  August 20, 2025 at 4:00 p.m.** |

**REQUEST OF SVAP III CORAL LANDINGS, LLC, SVAP IV FAIRFAX, LLC, AND SVAP IV PRESIDENTIAL, LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS**

SVAP III Coral Landings, LLC, SVAP IV Fairfax, LLC, and SVAP IV Presidential, LLC (collectively, the "Landlords"), by and through their undersigned counsel, pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b), hereby respectfully file this Request (the "Request") for an order granting the allowance and payment of Landlords' administrative expense claims in the amounts set forth herein.  In support of this Request, Landlords state as follows:

**JURISDICTION AND VENUE**

1. This matter is a core proceeding under 28 U.S.C. § 157(b)(2) and this Court has jurisdiction over the Request pursuant to 28 U.S.C. § 157 and 28 U.S.C. § 1334.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

**BACKGROUND FACTS**

3. On January 15, 2025 (the "Petition Date"), JOANN Inc. and certain of its debtor affiliates (the "Debtors", and each a "Debtor") each filed a voluntary petition for relief under

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

chapter 11 of title 11 of the United States Code with the United States Bankruptcy Court for the District of Delaware (the "Court"), which cases have been jointly consolidated for administrative purposes only (the "Chapter 11 Cases"). The Debtors continue to operate their businesses and manage their properties as debtors and debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[2] No trustee or examiner has been appointed in the Chapter 11 Cases.

4. Landlords are the owners or the agents for the owners of certain shopping centers in which Debtors operate retail stores pursuant to written leases (the "Leases," and each a "Lease"), as more fully set forth in Schedule A attached hereto.

5. The Leases are leases "of real property in a shopping center" as that term is used in Section 365(b)(3). See In re Joshua Slocum, Ltd., 922 F.2d 1081, 1086-87 (3d Cir. 1990).

6. On February 26, 2025, the Debtors filed their *Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [D.I. 513].

7. On May 5, 2025, the Debtors filed their *Amended Joint Chapter 11 Plan of JOANN Inc. and its Affiliated Debtors* [DI 810] and *Motion for Entry of An Order (I) Conditionally Approving the Adequacy of the Disclosure Statement, (II) Scheduling a Plan Confirmation and Final Disclosure Statement Approval Hearing and Setting Dates and Deadlines* [D.I. 811].

8. On May 24, 2025, Debtors filed their *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [D.I. 986] (the "Plan").

9. On June 2, 2025, the Court entered its *Findings of Fact, Conclusions of Law and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of JOANN Inc. and its Debtor Affiliates* [D.I. 1387], (the "Confirmation

---

[2] Unless otherwise specified, all statutory references to "Section" are to 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

Order"), which approved on a final basis the *Amended Disclosure Statement for the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [D.I. 987] (the "Disclosure Statement"), and confirmed the Plan.

10. On July 16, 2025, the Debtors filed the *Notice of (i) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates* [D.I. 1416], which established, among other things, August 6, 2025, as the deadline for filing all requests for the allowance and payment of the administrative claims (the "Administrative Bar Date").

11. The Effective Date of the Plan occurred on July 16, 2025. See D.I. 1416.

12. Under the terms of the Leases, the Debtors are required to make certain payments to the Landlords arising out of their use and occupancy of the Premises. These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Leases, including year-end adjustments and reconciliations for charges that the Debtors pay on an estimated basis. The Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from and after the Petition Date through applicable termination date of Leases (each, a "Termination Date"), which obligations were to be paid and not released pursuant to the terms of the applicable termination agreements.[3] The Landlords are entitled to administrative expense claims for such obligations (the "Post-Petition Rents"), as set forth in greater detail in Schedule A and Exhibits 1-3 attached hereto, plus any indemnity obligations, amounts subject to setoff and/or recoupment, and attorneys' fees.

---

[3] The Leases were terminated pursuant to certain lease termination agreements entered into between the Debtor and the applicable landlord counterparty to the Leases and authorized by the Court pursuant to that certain *Consent Order Authorizing the Debtors to Reject Certain Executory Contracts and/or Unexpired Leases* entered on June 16, 2025 (the "Termination Order"), which such terminations effective upon the "Termination Effective Dates" set forth on Exhibit 1 to the Termination Order.

13. The Landlords have been working with both counsel to the Debtors and/or GA Joann Retail Partnership, LLC ("GA Group" or "Purchaser"), and their representatives, respectively, to reconcile and obtain payment of the outstanding Post-Petition Rents for a number of months to alleviate the necessity of filing this Request; however, as of the filing of this Request, certain amounts continue to remain outstanding as more fully set forth in Exhibits 1-3 attached hereto. Notwithstanding the filing of this Request, Landlords will continue working with the Debtors and/or GA Group to reconcile and obtain payment for the delinquent Post-Petition Rents on a consensual basis.

## RELIEF REQUESTED

14. The Landlords respectfully request that the Court enter an order for allowance and payment of their administrative priority expense claims in the amounts set forth herein, for payment obligations arising or accruing under the Leases from the Petition Date through the applicable Termination Date, pursuant to Bankruptcy Code sections 365(d)(3), 503(a), 503(b)(1)(A), and 507(a)(2).

## BASIS FOR THE RELIEF REQUESTED

15. Section 365(d)(3) provides that a debtor is required to "timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title." 11 U.S.C. § 365(d)(3). See also Centerpoint Properties v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.), 268 F.3d 205, 209 (3d Cir. 2001) (holding that the Code imposes on a debtor in possession the obligation to perform when due all of its obligations under a lease of nonresidential real property until the lease is rejected); In re

Valley Media, Inc., 290 B.R. 73, 76-77 (Bankr. D. Del. 2003) (section 365(d)(3) "calls for the pre-rejection timely performance of lease obligations 'notwithstanding section 503(b)(1)'").

16. The majority of courts that have considered the operation of Section 365(d)(3) have arrived at the same conclusion: costs and expenses incurred for post-petition, pre-assumption or rejection performance under an unexpired nonresidential real estate lease must be allowed as an administrative expense regardless of Section 503(b)(1)(A) limitations. Id. See also In re Liberty Outdoors, Inc., 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (lessor entitled to recover unpaid expenses pursuant to section 365(d)(3) of the Bankruptcy Code regardless of whether such "expenses benefited or preserved the estate"); In re Worths Stores Corp., 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991) (same); In re S. Lincoln Med. Grp., P.C., Case No. BK07-41636-TLS, 2008 WL 506086, at *2 (Bankr. D. Neb. Feb. 21, 2008) (citing In re Brewer, 233 B.R. 825, 829 (Bankr. E.D. Ark. 1999). Thus, the plain language of Section 365(d)(3) and the relevant case law clearly requires the Debtors' immediate payment of all rents and related charges that arise post-petition as administrative expenses of these estates.

17. In addition, Section 503(b)(1) provides for an administrative expense claim for "the actual, necessary costs and expenses of preserving the estate." See 11 U.S.C. § 503(b)(1). A landlord's administrative claim under Section 503(b)(1) is equal to the lease contract rate. In re ZB Co., Inc., 302 B.R. 316, 319 (Bankr. D. Del. 2003) (contract rate is presumed to be the fair rental value.). "There is no question, of course, that the payment of rent for the use and occupancy of real estate ordinarily counts as an 'actual, necessary' cost to which a landlord, as a creditor, is entitled." Zagata Fabricators, Inc. v. Superior Air Prods., 893 F.2d 624, 627 (3d Cir. 1990). Section 507(a) of the Bankruptcy Code provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. See 11 U.S.C. § 507(a)(2).

18. Here, the Debtors' obligations that accrued from the Petition Date through the applicable Termination Date also qualify as administrative expense claims pursuant to sections 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code because they were incurred by the Debtors' estates and preserved the Debtors' estates. Debtors benefited from the post-petition use and occupancy of the Premises by having continued access to and use of the Premises for the direct benefit of themselves and their lenders or GA Group, as applicable, through the applicable Termination Date. As a result, the Debtors' obligations to Landlords were an actual and necessary cost and expense of operating the Debtors' businesses.

19. For the foregoing reasons, Landlords respectfully request that the Court enter an order allowing their administrative expense claims in the amounts outlined in Schedule A, as more fully set forth in Exhibits 1-3.

## NO PRIOR REQUEST

20. Landlords submit that no prior request for the relief requested herein has been made to this Court or any other Court.

## NOTICE

21. Service of this Request will be made upon counsel to the Debtors. In light of the relief requested, Landlords submit that no other or further notice is required.

WHEREFORE, Landlord respectfully request that the Court enter an Order: (i) awarding the allowance and payment of the Landlords' administrative expense claims against the Debtors' estates under sections 365(d)(3) and 503(b) of the Bankruptcy Code in the amounts outlined in Schedule A and (ii) providing such other relief the Court deems just and necessary.

| | |
|---|---|
| Dated: August 6, 2025<br>Wilmington, Delaware | */s/ Leslie C. Heilman*<br>Leslie C. Heilman (DE No. 4716)<br>Laurel D. Roglen (DE No. 5759)<br>Margaret A. Vesper (DE No. 6995)<br>BALLARD SPAHR LLP<br>919 N. Market Street, 11th Floor<br>Wilmington, Delaware 19801-3034<br>Telephone: (302) 252-4465<br>Facsimile: (302) 252-4466<br>E-mail: heilmanl@ballardspahr.com<br>　　　　　roglenl@ballardspahr.com<br>　　　　　vesperm@ballardspahr.com<br><br>*SVAP III Coral Landings, LLC, SVAP IV Fairfax, LLC and SVAP IV Presidential, LLC* |