IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN, INC., et al.,<br><br>                Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>Hearing date:  To be determined<br>Objection Deadline: August 25, 2025 at 4:00 p.m. (ET) |

## COUPA SOFTWARE INC.'S MOTION FOR THE ALLOWANCE AND PAYMENT OF AN ADMINISTRATIVE EXPENSE CLAIM

Coupa Software Inc. ("Coupa"), by and through its undersigned counsel, hereby files this motion for allowance and payment of a chapter 11 administrative expense claim (the "Motion"), pursuant to § 503(b) of title 11 of the United States Code §§ 101, *et seq.* (the "Bankruptcy Code"), related to services provided to Jo-Ann Stores, LLC ("Jo-Ann Stores") on or after the Petition Date in an amount no less than $136,370.49 (the "Administrative Claim").  In support of this Motion, Coupa respectfully states as follows:

### I. FACTUAL BACKGROUND

1.    Coupa asserts an administrative expense claim pursuant to 11 U.S.C. § 503(b)(1)(A) against the Debtors, including Jo-Ann Stores, for post-petition services provided by Coupa at the request, and for the benefit, of the Debtors.

2.    On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under Chapter 11 of Title 11 of the Bankruptcy Code in this Court.  Pursuant to the *Order*

---

[1] The debtors (the "Debtors") in these chapter 11 cases together with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

*(I) Directing the Joint Administration of Chapter 11 Cases, and (II) Granting Related Relief* [D.I. 103], the Debtors' cases are being jointly administered in the above captioned case.

3. Prior to the Petition Date, Jo-Ann Stores and Coupa entered into that certain Coupa Master Subscription and Professional Services Agreement (the "Contract"),[2] dated December 31, 2012, whereby Coupa agreed to provide certain software services to Jo-Ann Stores, and Jo-Ann Stores agreed to pay Coupa for such services.

4. In connection with the Contract, Coupa and Jo-Ann Stores executed that certain Order Form (the "Order"), whereby Jo-Ann Stores entered into a subscription for software services from Coupa for the period beginning December 31, 2024, and ending on December 30, 2027, and Jo-Ann Stores agreed to pay for such services on an annual basis in advance on net 30 terms. A true and correct copy of the Order is attached hereto as **Exhibit 1** and is incorporated herein by reference as if fully set forth at length.

5. In connection with the Order, Coupa sent Jo-Ann Stores an invoice (the "Invoice"), dated December 31, 2024, requesting payment for software services to be provided from December 31, 2024, through December 30, 2025, in the amount of $271,536.77. A true and correct copy of the Invoice is attached hereto as **Exhibit 2** and is incorporated herein by reference as if fully set forth at length.

6. Jo-Ann Stores failed to pay the Invoice.

7. On and after the Petition Date, Coupa has continued to provide services to Jo-Ann Stores pursuant to the Contract, Order, and Invoice. Such services include, without limitation, access to business management software.

---

[2] Because the Contract contains sensitive and proprietary information, it is not attached hereto.

8. On and after the Petition Date, Jo-Ann Stores has received and benefitted from the services that Coupa has provided pursuant to the Contract and Order.

9. On July 8, 2025, the Debtors filed that certain *Amended Plan Supplement for the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates* [D.I. 1357], which identified the Contract as an assumed contract of the Debtors.

10. On July 10, 2025, the Court entered an order confirming the Plan [D.I. 1387], which resulted in the Contract being assumed by the Debtors.

11. From the Petition Date through the Effective Date, the total value of services that Coupa has provided to Jo-Ann Stores pursuant to the Contract is no less than the Administrative Claim.

12. None of the Debtors has paid Coupa for the Administrative Claim, which remains outstanding.

## II. LEGAL ARGUMENT

13. "Section 503(b)(1) of the Code provides that 'actual, necessary costs and expenses of preserving the estate' shall constitute administrative expenses entitled to priority." *In re Newpage Corp.*, 555 B.R. 444, 451 (Bankr. D. Del. 2016) (citing 11 U.S.C. § 503(b)(1)(A)). "Courts in this Circuit have held that in order to be considered an administrative expense under section 503(b)(1), the claimant must demonstrate that the '(1) expense arose from a post-petition transaction between the debtor and (2) the transaction accorded the estate an actual benefit.'" *Id.* (quoting *In re Insilco Techs., Inc.*, 309 B.R. 111, 114 (Bankr. D. Del. 2004)). "Section 503(b) contemplates some quid-pro-quo wherein the estate accrues debt in exchange for some consideration necessary to the operation of the estate. Priority is granted to compensate the providers of necessary goods, services or labor." *In re Valley Media, Inc.*, 279 B.R. 105, 141

(Bankr. D. Del. 2002) (citing *Penn. Dept. of Envtl. Resources v. Tri–State Clinical Lab., Inc.*, 178 F.3d 685, 689-90 (3d Cir.1999)).

14. This Court has held that an administrative claim can exist where the expense at issue arose post-petition. *In re Insilco Tech.*, 309 B.R. at 114 ("This requires the claimant to establish that its: (1) expense arose from a post-petition transaction between with the debtor and (2) that the transaction accorded the estate an actual benefit.").

15. Coupa is entitled to payment and allowance of the Administrative Claim against the Debtors under § 503(b)(1)(A) of the Bankruptcy Code, which provides that there shall be allowed administrative expenses for the actual, necessary costs and expenses of preserving the bankruptcy estate.

16. After the Petition Date, Jo-Ann Stores continued to use, and benefit from, software provided by Coupa. The benefit provided by Coupa is evident in the fact that the Debtors opted to assume the Contract and continue receiving the services thereunder from Coupa. If Coupa's services were not beneficial to the Debtors, the Debtors would have rejected the Contract along with numerous other contracts at plan confirmation.

17. Jo-Ann Stores did not pay for Coupa's services prior to the Petition Date, and has not paid for such services after the Petition Date. The Administrative Claim constitutes actual, necessary costs of preserving the estate because these amounts are owed to Coupa for providing business management software, which was intended to minimize costs and maximize efficiency for the Debtors and thereby preserve the possibility of a going-concern value of the Debtors' assets.

### III. NO PRIOR REQUEST

18. No prior request for the relief sought in this Motion by Coupa has been made to this Court or any other court.

## IV. RESERVATION OF RIGHTS

19. Coupa expressly reserves all rights to: (a) supplement and/or amend this Motion and to assert any additional administrative claims; and (b) amend the amount of the Administrative Claim.

WHEREFORE, Coupa respectfully requests that the Court enter an order: (i) allowing the Administrative Claim in the amount of $136,370.49 against the Debtors; and (ii) for all other and further relief that is just and proper.

Dated: August 6, 2025
Wilmington, Delaware

**BARNES & THORNBURG LLP**

*/s/ Amy E. Tryon*
Mark R. Owens (DE No. 4364)
Amy E. Tryon (DE No. 6945)
222 Delaware Avenue, Suite 1200
Wilmington, DE 19801
Tel: (302) 300-3434
Email: Mark.Owens@btlaw.com
Email: Amy.Tryon@btlaw.com

*Counsel for Coupa Software Inc.*