UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re: | |
|---|---|
| JOANN INC., et al., | Chapter 11 |
| Debtors | Case No. 25-10068-CTG |
| | (Jointly Administered) |

### REQUEST BY FOF 1073 LLC FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIM

FOF 1073 LLC ("Landlord"), by and through its undersigned counsel, hereby submits this request for allowance and payment of its administrative expense claim in the amount of $31,310.01 pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code (defined below), and in support hereof, respectfully represents as follows:

#### Background

1. On January 15, 2025 (the Petition Date"), each of the above captioned debtors (the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. Prior to the Petition Date, one of the Debtors, Jo-Ann Stores, LLC, as tenant, and a predecessor of the Landlord, as landlord, entered into a non-residential real property lease, as it has been amended from time to time (the "Lease"), pursuant to which the Debtors rented from Landlord that certain non-residential property located at the shopping center known as Broadway Shopping Center located in Saugus, MA (the "Premises"). Among other things, the Lease required the Debtors to pay monthly charges for rent, common area maintenance and the applicable real estate taxes for the use of the Premises. The Debtors rejected the Lease as of May 31, 2025 (the "Rejection Date").

3. Both in January 2025 and in April 2025 the Landlord submitted copies of the real estate tax bills for the 3rd and 4th quarters (of fiscal year 2025) for reimbursement by the Debtor as required under the lease. See copies of said tax bills attached as Exhibit A. The total of the 3rd and 4th

quarter tax bills amounts to $60,385.99.  Pursuant to certain adjustments to the tax bill amounts as reflected in the attached Exhibit B, the Debtors currently owe Landlord $31,310.01 for the real estate taxes due under the Lease for the relevant post-petition period (on or after February 27, 2025) and prior to the Rejection Date.

4. On or about July 10, 2025, the Debtors' Second Amended Joint Plan of Reorganization (Doc #1353) (the "Plan") was confirmed by the Court, and the Plan went into effect on July 16, 2025 (the "Effective Date").  On or about July 16, 2025, the Debtors filed the Notice of (i) Entry of Confirmation Order, (ii) Occurrence of Effective Date, and (iii) Related Bar Dates (Doc# 1416), which states that all claims arising or deemed to have arisen between February 27, 2025 and the Effective Date, must be filed with the Court by August 6, 2025.

5. The real estate bills for the 3rd and 4th quarters of fiscal year 2025 were forwarded to the Debtor for payment pursuant to the terms of the Lease, and the pro-rated amounts reflected on Exhibit B represents the amount due between February 27, 2025 and the Rejection Date which is prior to the Effective Date.  To date the Debtor has not paid any amount of these real estate tax bills.

6. Accordingly, the Landlord is filing this request for allowance and payment of the amount of the tax bills, as modified by the adjustments reflected in Exhibit B, as an administrative expense claim pursuant to sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.

### Administrative Expense Claim Request

7. Bankruptcy Code section 365(d)(3) requires that debtors timely pay post-petition, pre-rejection obligations that they incur under unexpired leases of non-residential real property, such as the Lease.  Bankruptcy Code section 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, the actual, necessary costs and expenses of preserving the bankruptcy estate.  Section 507(a)(2) of the Bankruptcy Code provides second administrative expense priority for claims that are allowed under section 503(b).

8. The Debtors owe Landlord $31,310.01 as an administrative expense claim, for the period in question, under sections 365(d)(3), 503(b)(1)(A) and 507(a)(2) of the Bankruptcy Code.  The foregoing amount relates to amounts due for taxes incurred by the Debtors under the Lease on or

after February 27, 2025 and prior to the Rejection Date and the Effective Date.  The real estate taxes, as modified by the adjustments on Exhibit B, remain unpaid to date and the Debtors and their estates directly benefited from their use of the Premises post-petition as they were able to liquidate their inventory and assets located at the Premises.

9. As a result of all the above, this Court should award Landlord an administrative expense claim in the total amount of $31,310.01 to be paid to Landlord when the distributions are made to holders of allowed chapter 11 administrative expense claims pursuant to the Plan.[1]

**WHEREFORE**, Landlord respectfully requests that its Request for Allowance and Payment of Administrative Expense Claim be granted as requested herein and that it be granted such other and further relief as the Court deems just and proper.

Date:  8/6/25

Respectfully submitted,
FOF 1073 LLC,
By its attorney,

*/s/ Stephen M. Kaplan*
Stephen M. Kaplan (BBO# 259220)
45 Addington Road
West Roxbury, MA 02132
ph: (781)248-6407  fax: (888)380-9457
Email:  kaplanlawworks@aol.com
c:/FOF1073LLC/ch11/Req.forallowance&paymentof admexp8.6.25

---

[1] No part of this requested administrative expense claim is intended to duplicate any previously filed claim of FOF 1073 LLC and, to the extent this administrative claim is allowed and paid, an appropriate reduction should be made to any prior claim for any duplicated amount contained herein.