## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: September 22, 2025, at 2:00 p.m. (ET)** |
| | ) | **Obj. Deadline: August 25, 2025, at 4:00 p.m. (ET)** |

## MOTION OF PLAN ADMINISTRATOR AND GUC
## TRUST FOR ENTRY OF A SECOND ORDER (I) ENLARGING
## THE PERIOD WITHIN WHICH THE PLAN ADMINISTRATOR AND GUC
## TRUST MAY REMOVE ACTIONS AND (II) GRANTING RELATED RELIEF

Ann Aber, solely in her capacity as Plan Administrator[2] in the above-captioned cases, and the Joann GUC Trust (the "GUC Trust"), by and through their undersigned counsel, state as follows in support of this motion (the "Motion"):

### Relief Requested

1.      The Plan Administrator and the GUC Trust seek entry of a second order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"):  (a) enlarging the period of time (the "Removal Period") set forth in rule 9027(a)(2)(A) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), during which the Plan Administrator and GUC Trust may seek removal of certain actions (collectively, the "Actions") pursuant to 28 U.S.C. § 1452 and Bankruptcy Rule 9027 by 180 days, up to and including February 9, 2026, without

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]    Capitalized terms used but not defined herein have the meanings ascribed to them in the Plan (as defined below).

prejudice to the Plan Administrator's and GUC Trust's right to seek additional extensions of the Removal Period; and (b) granting related relief.

## Jurisdiction and Venue

2.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Plan Administrator and GUC Trust confirm their consent, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested herein are 28 U.S.C. § 1452, Bankruptcy Rules 9006 and 9027 and Local Rule 9006-2.

## Relevant Background

5.      JOANN Inc., and its debtor affiliates (the "Debtors") filed voluntary petitions on January 15, 2025 (the "Petition Date") for relief under chapter 11 of the Bankruptcy Code.  No trustee or examiner was appointed in the Debtors' chapter 11 cases.

6.      The Debtors' chapter 11 cases were jointly administered for procedural purposes only, pursuant to Bankruptcy Rule 1015(b) and Rule 1015-1 of the Local Rules.

7.      On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). *See* Docket No. 198.

8.      On May 1, 2025 the Court entered an *Order (I) Enlarging the Period Within Which the Debtors May Remove Actions and (II) Granting Related Relief* [Docket No. 800] (the "First Removal Extension Order").  The First Removal Extension Order extended the Removal Period initially established by Bankruptcy Rule 9027 to August 13, 2025.

9.      On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (the "Plan").

10.     The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See* Docket No. 1416.

11.     Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, the Plan Administrator, Ann Aber, was appointed to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement, and Steven Balasiano, not individually but solely in his capacity as trustee of the Joann Liquidating Trust (the "GUC Trustee") was appointed as the trustee and administrator of the GUC Trust.  *See* Confirmation Order ¶¶ 102-105.

## The Actions

12.     The Debtors, now the Wind-Down Debtors, are parties to various civil actions commenced prepetition in various forums.  The Plan Administrator, in consultation with the GUC

Trust, continue to review the Debtors' books and records and are in the process of determining whether to remove any Actions to a district court pursuant to 28 U.S.C. § 1452(a).  Since the Effective Date, the Plan Administrator and GUC Trust have worked diligently on a number of critical matters and have not yet decided which, if any, of the Actions they will seek to remove.

13.    Since the Effective Date, the Plan Administrator and GUC Trust, as applicable, have been working diligently on, among other things:

- implementing the Plan and taking all actions necessary to further such implementation;

- reviewing and reconciling claims, including 503(b)(9), administrative, and general unsecured claims;

- addressing outstanding matters related to the assumption and assignment of certain unexpired leases, including preparing for and attending hearings on these matters;

- preparing and filing the Debtors' monthly operating reports; and

- responding to various creditor inquiries now that the Plan has gone effective.

As a result of their focus on other matters associated with winding down the Debtors' affairs, the Plan Administrator and the GUC Trust have not yet been able to undertake a thorough analysis of the Actions or develop a strategy with respect to whether they should remove certain Actions. Additionally, as a result of the sale of the Debtors' assets, all causes of action existing as of February 27, 2025 were transferred to the Purchaser, as defined in the Agency Agreement.

14.    The Plan Administrator and GUC Trust submit that an extension of the Removal Period is appropriate under the circumstances to provide the Plan Administrator and GUC Trust, as applicable, with sufficient time to make fully informed decisions concerning the removal of any Actions.

15.     It is also possible that the Plan Administrator or GUC Trust may become aware of additional Actions following their review of proofs of claim filed in these chapter 11 cases, at which point the Plan Administrator or GUC Trust, as applicable, will need to analyze such potential Actions to determine whether to remove any such Actions.  Consequently, the Plan Administrator and GUC Trust are seeking an extension of the Removal Period to provide them with sufficient time to decide whether to remove any of the Actions.

**Basis for Relief**

16.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases.  Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

17.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action.  Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed [in the bankruptcy court] only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

FED. R. BANKR. P. 9027(a)(2).

18.    Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027.    Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or extended by a previous order . . . .

FED. R. BANKR. P. 9006(b)(1).

19.    It is well-settled that the Court is authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984), *overruled on other grounds by Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 134–35, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995) (holding the bankruptcy court's power to grant an extension of the removal period pursuant to Bankruptcy Rule 9006(b) is "clear"); *Caperton v. A.T. Massey Coal Co., Inc.*, 251 B.R. 322, 325 (S.D.W. Va. 2000); (Bankruptcy Rule 9006 provides authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

20.     The Plan Administrator and GUC Trust are seeking to extend the Removal Period, which would otherwise expire on August 13, 2025,[3] to ensure the Plan Administrator's and GUC Trustee's right to remove is preserved pending a thorough review of the Actions and determination as to whether to remove any Actions.

21.     The Plan Administrator's and GUC Trust's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: (a) the importance of the Action to the resolution of these chapter 11 cases; (b) the time required to complete the Action in its current venue; (c) the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; (d) the relationship between the Action and the matters to be considered in connection with the bankruptcy case post-effective Date; and (e) the progress made to date in the Action.  To make the appropriate determination, the Plan Administrator and GUC Trust must analyze each Action in light of such factors.

22.     Based on the nature of the Actions, as well as any other prepetition claims that may involve the assertion of a new Action, the Plan Administrator and GUC Trust need additional time to review and address the issues involved.

23.     The Effective Date occurred less than one month ago.  To date, the Plan Administrator and GUC Trust have not yet had an opportunity to determine conclusively which Actions, if any, they may seek to remove.  The Plan Administrator and GUC Trustee believe that the extension requested herein will provide the Plan Administrator and GUC Trustee with the

---

[3]     Local Rule 9006-2 provides that "[u]nless otherwise provided in the [Bankruptcy] Code or in the [Bankruptcy Rules], if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order."  DEL. BANKR. L.R. 9006-2.  Accordingly, under such circumstances, Local Rule 9006-2 would automatically extend the Removal Period until the Court acts on this Motion.

ability to make fully informed decisions concerning the removal of any such Actions and will ensure that the Wind-Down Debtors' and GUC Trust's rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternatively, if such an extension is not granted, the Plan Administrator and the GUC Trust, as applicable, may not become aware of Actions until after the Removal Period expires.

24.    Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Plan Administrator's and GUC Trust's requested extension of the Removal Period.  If the Plan Administrator and GUC Trustee ultimately seek to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).  Accordingly, the Plan Administrator and GUC Trust submit that cause exists for the relief requested herein.

25.    Courts in this district have regularly granted the relief requested herein in other chapter 11 cases.  *See, e.g.*, *In re Seaplane Debtor 1, Inc.*, No. 24-10703 (CTG) (Bankr. D. Del. May 13, 2025) (granting a 180-day extension, without prejudice to the plan administrator's ability to seek further extensions); *In re Tricida, Inc.*, No. 23-10024 (JTD) (Bankr. D. Del. Feb. 20, 2025) (granting a 180-day extension, without prejudice to the liquidating trustee's ability to seek further extensions); *In re Legacy EJY Inc.*, No. 22-10580 (JKS) (Bankr. D. Del. Feb. 23, 2025) (granting a one-year extension, without prejudice to the plan administrator's ability to seek further extensions).  The 180-day extension requested herein is consistent with the extensions granted by this and other courts in this district under similar circumstances.  Accordingly, the Plan Administrator's and GUC Trust's requested extension is reasonable and should be granted.

**Reservation of Rights**

26.     Nothing contained in this Motion or any actions taken pursuant to any order granting the relief requested by this Motion is intended or should be construed as: (a) an admission as to the validity of any particular claim against the Debtors, (b) a waiver of the Plan Administrator's and GUC Trust's right to dispute any particular claim on any grounds, (c) a promise or requirement to pay any particular claim, (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion, or (e) a waiver or limitation of the Plan Administrator's and GUC Trust's rights under the Bankruptcy Code or any other applicable law.

**No Prior Request**

27.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

**Notice**

28.     The Plan Administrator and the GUC Trust will provide notice of this Motion to: (a) counsel to the Prepetition ABL Agent; (b) counsel to the Prepetition FILO Agent; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition Term Loan Ad Hoc Group; (e) counsel to GA Joann Retail Partnership, LLC; (f) the U.S. Trustee; (g) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002; and (h) all parties to the Actions.  The Plan Administrator and GUC Trust submit that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Plan Administrator and GUC Trust respectfully request entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, (a) granting the relief

requested herein and (b) granting such other relief as the Court deems appropriate under the

circumstances.

Dated:  August 11, 2025
Wilmington, Delaware

| | |
|---|---|
| */s/ James E. O'Neill* | */s/ Michael E. Fitzpatrick* |

| | |
|---|---|
| **PACHULSKI STANG ZIEHL & JONES, LLP** | **COLE SCHOTZ P.C.** |
| Bradford J. Sandler (No. 4142) | Patrick J. Reilley (No. 4451) |
| James E. O'Neill (No. 4042) | Stacy L. Newman (No. 5044) |
| 919 North Market Street, 17th Floor | Jack M. Dougherty (No. 6784) |
| P.O. Box 8705 | Michael E. Fitzpatrick (No. 6797) |
| Wilmington, DE 19801 | 500 Delaware Avenue, Suite 600 |
| Telephone:     (302) 652-4100 | Wilmington, Delaware 19801 |
| Facsimile:      (302) 652-4400 | Telephone:      (302) 652-3131 |
| Email:           bsandler@pszjlaw.com | Facsimile:       (302) 652-3117 |
|                      joneill@pszjlaw.com | Email:            preilley@coleschotz.com |
| | snewman@coleschotz.com |
| -and- | jdougherty@coleschotz.com |
| | mfitzpatrick@coleschotz.com |
| **KELLEY DRYE & WARREN LLP** | |
| Eric R. Wilson (admitted *pro hac vice*) | - and - |
| Maeghan J. McLoughlin (admitted *pro hac vice*) | |
| Charles J. Fendrych (admitted *pro hac vice*) | **HAHN LOESER & PARKS LLP** |
| 3 World Trade Center | Christopher B. Wick (admitted *pro hac vice*) |
| 175 Greenwich Street | 200 Public Square, Suite 2800 |
| New York, New York 10007 | Cleveland, Ohio 44114 |
| Telephone:     (212) 808-7800 | Telephone:      (216) 274-2489 |
| Facsimile:      (212) 808-7897 | Facsimile:       (216) 241-2824 |
| Email:           ewilson@kelleydrye.com | Email:            cwick@hahnlaw.com |
|                      mmcloughlin@kelleydrye.com | |
|                      cfendrych@kelleydrye.com | |
| | |
| *Co-Counsel to the GUC Trustee* | *Co-Counsel to the Plan Administrator* |