IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et.al.*, [1] | Case No. 25-10068 (CTG) |
| Debtors. | (Jointly Administered) |

**NOTICE OF INTENTION TO TAKE ORAL DEPOSITION OF CORPORATE REPRESENTATIVE(S) OF LNN ENTERPRISES INC.**

TO: LNN Enterprises Inc., by and through its counsel of record, Ronald Gellert, Margaret M. Manning, 1201 N. Orange Street, Suite 300, Wilmington, Delaware 19801.

**PLEASE TAKE NOTICE THAT** pursuant to Rules 28 and 30 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rule 9014, 7028, and 7030 of the Federal Rules of Bankruptcy Procedure, Burlington Stores, Inc. ("Burlington") shall take the oral deposition of the corporate representative of LNN Enterprises, Inc. ("Landlord") in connection with the Debtors' *Amended First Notice of Assumption and Assignment of Certain Executory Contract and/or Unexpired Leases* [Docket No. 930].

The deposition shall take place on August 15, 2025, beginning at 10:30 a.m. Central Time and will continue from day to day until complete. The deposition will take place via Zoom, in the presence of a certified court reporter authorized by law to administer oaths and shall be recorded stenographically.

Landlord must designate the corporate representative(s) to testify on Landlord's behalf on

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joan.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

the matters listed in the attached **Exhibit A**. The deposition may be used as evidence in the above-styled case.

Dated: August 11, 2025

        */s/ Kristhy M. Peguero*
**JACKSON WALKER LLP**
Kristhy M. Peguero (DE Bar No. 4903; TX Bar No. 24102776)
Victoria Argeroplos (TX Bar No. 24105799
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Email:  kpeguero@jw.com
        vargeroplos@jw.com

William Farmer (TX Bar No. 24127156)
2323 Ross Avenue, Suite 600
Dallas, TX 75201
Telephone: (214) 953-5859
Email:  wfarmer@jw.com

*Co-Counsel for Burlington Stores, Inc.*

### CERTIFICATE OF SERVICE

This is to certify that on this 11th day of August, 2025, a true and correct copy of the above and foregoing document was served via e-service and/or via electronic mail upon:

Ronald Gellert
Margaret M. Manning
1201 N. Orange Street, Suite 300,
Wilmington, Delaware 19801
rgellert@gsbblaw.com
mmanning@gsbblaw.com

*Attorneys for LNN Enterprises Inc.*

        */s/ Kristhy M. Peguero*
        Kristhy M. Peguero

# UNITED STATES BANKRUPTCY COURT

_____ District of Delaware

In re JOANN INC., et.al.,
        Debtor

*(Complete if issued in an adversary proceeding)*

Case No. 25-10068

_____
        Plaintiff

Chapter 11

v.

_____
        Defendant

Adv. Proc. No. _____

**SUBPOENA TO TESTIFY AT A DEPOSITION
IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)**

To:  LNN Enterprises Inc.

*(Name of person to whom the subpoena is directed)*

☒ *Testimony*: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| PLACE<br>via ZOOM | DATE AND TIME<br>August 15, 2025 at 10:30 a.m. Central Time |
|---|---|

The deposition will be recorded by this method:     stenographically

☐ *Production*: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

    The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 8/11/2025

    CLERK OF COURT

                                    OR

_____      /s/ Victoria Argeroplos
*Signature of Clerk or Deputy Clerk*     *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Burlington Stores, Inc., who issues or requests this subpoena, are: Kristhy M. Peguero, Victoria Argeroplos, Jackson Walker LLP, 1401 McKinney St., Suite 1900, Houston, Texas 77010, (713) 752-4334, kpeguero@jw.com, vargeroplos@jw.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE
**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on (*date*) _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of  $ _____ .

 My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
  (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
  *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
  *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
  *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

## I.  DEFINITIONS

As used in these topics, the following terms have specific meanings as defined in this section:

1. The "Bankruptcy Case" refers to Case No. 25-10068; *In re JoAnn, Inc., et al.*; in the United States Bankruptcy Court for the District of Delaware.

2. The "Debtor" refers to JoAnn, Inc. and any of its affiliates who are debtors in the Bankruptcy Case, including but not limited to Jo-Ann Stores, LLC.

3. The "Fourth Amendment" refers to that certain Fourth Amendment to Lease Agreement dated July 28, 2020 between Landlord and Tenant regarding the Premises.

4. "Landlord" refers to LNN Enterprises, Inc. and its officers, directors, employees, partners, corporate parent, subsidiaries, affiliates, brokers, attorneys, representatives, and anyone acting for or on behalf of LNN Enterprises, Inc.

5. The "Lease" refers collectively to the Master Lease and the Sublease, as same have been amended from time to time, including (without limitation) the Fourth Amendment.

6. The "Master Lease" refers to that certain Lease dated April 6, 1979 between White Pine Associates, II as predecessor-in-interest to Landlord and Arden-Mayfair, Inc., as predecessor-in-interest to Tenant regarding the Premises.

7. The "Premises" refers to certain premises consisting of approximately 17,520 square feet of ground floor area in the shopping center known as South Riordan Ranch Road located in Flagstaff, Arizona.

8. The "Sublease" refers to that certain Sublease dated December 19, 1991 between Arden-Mayfair, Inc. as sublessor and SOFRO Fabrics, Inc. as sublessee and predecessor-in-interest to Tenant regarding the Premises.

9. "Tenant" refers to Jo-Ann Stores, LLC.

## II.  TOPICS FOR DEPOSITION

1. Landlord's reason for withholding consent to the proposed change in use under the Lease.

2. The circumstances under which Landlord would accept Burlington as a tenant under the Lease.

3