IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In Re: ) | Chapter 11 | |
| ) | | |
| BOUNDLESS BROADBAND, LLC., *et al.*,[1] ) | Case No 25-10068 (CTG) | |
| ) | | |
| Debtors ) | (Jointly Administered) | |
| ) | | |
| ) | Re: Docket No. 321 | |
| ) | | |

**RESPONSE AND RESERVATION OF RIGHTS OF SITETRACKER, INC. TO THE NOTICE OF COUNTERPARTIES TO POTENTIALLY ASSUMED EXECUTORY CONTRACTS AND UNEXPIRED LEASES REGARDING CURE AMOUNTS**

Sitetracker, Inc. ("*Sitetracker*"), by its undersigned attorneys, hereby submits this Response and Reservation of Rights to the Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to Stalking Horse Bidder or Such Other Successful Bidder at Auction [Docket. No. 321] (the "*Reservation of Rights*"):

**BACKGROUND**

1. On May 29, 2025 (the "*Petition Date*"), each of the above-captioned debtors (the "*Debtors*") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the District of Delaware (this "*Court*").

2. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Boundless Broadband, LLC. (9851); Tilson Technology Management, Inc. (9537) and Tilson Middle Street Holding, LLC (9323).The Debtors' mailing address is 16 Middle Street, 4th Floor, Portland, ME 04101.

3.      On or about June 13, 2025, the Debtor filed its Motion for Entry of an (i) Order (A) Approving Bid Procedures in Connection With the Sale of Substantially All Assets of Debtor, (B) Scheduling an Auction and Sale Hearing, (C) Approving the Form and Manner of Notice Thereof, (D) Authorizing Designation of Stalking Horse Bidder, (E) Approving Bid Protections, (F) Approving Procedures for the Assumption and Assignment of Contracts and Leases, and (G) Granting Related Relief; and (ii) an Order (A) Approving the Sale of Substantially all Assets of the Debtors, Free and Clear of all Liens, Claims, Encumbrances, and Interests, (B) Authorizing the Assumption and Assignment of Leases and Contracts, and (C) Granting Related Relief (the "*Procedures Motion*") [Docket No. 86.]

4.      On or about July 24, 2025, the Court entered an order granting the relief requested in the Procedures Motion [Docket No. 281] as modified by Order Dated August 7, 2025 [Docket No. 319].

5.      On August 7, 2025, Debtors filed their Notice to Counterparties to Potentially Assumed Executory Contracts and Unexpired Leases Regarding Cure Amounts and Possible Assignment to Stalking Horse Bidder or Such Other Successful Bidder at Auction (the "*Notice of Assumption*") [Docket No.321] which sets forth proposed cure amount for assumptions of certain executory contracts and leases.

6.      On or about July 26, 2016, Tilson Technology Management Inc. ("Customer") and Sitetracker entered into a Master Services and License Agreement ("Master Agreement"), annexed as Exhibit A to the Declaration of Michael Creegan and associated Order Forms. Pursuant to the Master Agreement Sitetracker granted Customer a limited, non-transferable, non-exclusive license to use and access certain software application for the conduct of Customer's business for the duration of the subscription period. The proposed cure amount

according to the Notice of Assumption is $0.

7.  As a preliminary matter, Sitetracker does not object to the sale or the possible assumption and assignment of the Master Agreement, so long as its rights, claims and interests are recognized and preserved. At this time, it is not possible to ascertain with certainty whether the Master Agreement will be assumed and assigned and when.

8.  As of the Petition Date, Customer was current. However, the next payment cycle starts in October and the amount of $748,757.04 would become due under the Master Agreement around the time of or shortly after the closing of the proposed potential sale. Therefore, the proposed cure amount listed by the Debtors is not an accurate reflection of all amounts outstanding under the Master Agreement.

9.  Section 365 of the Bankruptcy Code affords debtors the ability to reject, assume, or assume and assign their executory contracts. 11 U.S.C. § 365. A debtor has the burden of establishing that a contract is assumable and that the requirements of section 365 of the Bankruptcy Code have been met. *In re Thane International, Inc.*, 586 B.R. 540, 546 (Bankr. D. Del. 2018). Section 365(b)(1) of the Bankruptcy Code provides that a debtor may not assume a contract on which there has been a default unless, "at the time of the assumption," it:

> (a) "cures [the default], or provides adequate assurance that the [debtor] will promptly cure, such default . . .";
> (b) "compensates, or provides adequate assurance that the [debtor] will promptly compensate, a party other than the debtor to such contract . . . for any actual pecuniary loss to such party resulting from such default"; and
> (c) "provides adequate assurance of future performance under such contract . . . ."

11 U.S.C. § 365(b)(1). An executory contract cannot be assumed unless defaults are cured as of the time of assumption. *See, e.g.*, *In re Kiwi Int'l Air Lines, Inc.*, 344 F.3d 311, 318 (3d Cir. 2003). Both pre-petition and post-petition defaults must be cured. *In re McLean Industries, Inc.*, 96 B.R. 440, 449 n.11

(Bankr. S.D.N.Y. 1989) ("[A]ssumption creates a post-petition liability and requires cure of pre-petition and post-petition defaults."). A "cure" of monetary defaults under section 365 requires that all unpaid amounts due under the executory contract must be paid. *In re Network Access Solutions, Corp.*, 330 B.R. 67, 76 (Bankr. D. Del. 2005).

## RESERVATION OF RIGHTS

10. Sitetracker expressly reserves its right to assert any additional objections with respect to any proposed assumption and assignment of the Master Agreement, on any and all grounds. Further, Sitetracker reserves any and all rights to supplement and/or amend this Reservation of Rights and expressly reserves its rights to object to any additional relief sought by the Debtors in the Notice of Assumption or at any hearing in connection therewith or related thereto.

11. Sitetracker further respectfully reserves, retains, and does not waive any arguments, rights, claims, actions, defenses, or other matters, whether jurisdictional, procedural or substantive, including, without limitation, with respect to these proceedings, the Debtors, the matters addressed herein, and any ruling, determination or relief granted by the Court in connection with the assumption and assignment of the Master Agreement.

**WHEREFORE**, Sitetracker respectfully request that this Court (a) require the Debtors to pay all amounts owing to Sitetracker through the effective date of any assumption and assignment of the Master Agreement; (c) condition any assumption and assignment upon Assignees remaining liable for yet unbilled obligations that come due post-assignment, including those portions of the unbilled obligations that include the pre-assignment period; (d) require the Debtors to provide sufficient adequate assurance of future performance; and (e) grant Sitetracker such other and further relief as this Court deems just and equitable.

Dated: August 21, 2025

OFFIT KURMAN, P.A.

*/s/ Brian J. McLaughlin*
Brian J. McLaughlin (DE#2462)
OFFIT KURMAN, P.A.
222 Delaware Avenue, Suite 1105
Wilmington, DE  19801
(302) 351.0916
brian.mclaughlin@offitkurman.com

and

Albena Petrakov (pro hac vice admission pending)
590 Madison Avenue. 6th Floor
New York, New York 10022
Telephone: 212.380.4106
Email: apetrakov@offitkurman.com

*Attorney for Sitetracker*