IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | | Re: Docket Nos. 1483, 1484 |

**JOINDER OF GA JOANN RETAIL PARTNERSHIP, LLC TO
PLAN ADMINISTRATOR'S OBJECTION TO MOTION OF CRAFTY (AL) LLC
FOR ENTRY OF AN ORDER: (I) REQUIRING PAYMENT OF ADMINISTRATIVE
CLAIM FOR UNPAID PRORATED 2025 REAL ESTATE TAXES;
(II) COMPELLING PAYMENT OF CLAIM FOR REMOVAL OF IMPROPERLY
"ABANDONED" PROPERTY AS EITHER AN ADMINISTRATIVE EXPENSE
CLAIM AGAINST THE DEBTORS AND/OR LIABILITY OF PURCHASER;
AND (III) GRANTING RELATED RELIEF**

GA Joann Retail Partnership, LLC ("Agent"), by and through undersigned counsel, hereby files this joinder (this "Joinder") to the objection (the "Objection") [D.I. 1651] of the plan administrator appointed in the chapter 11 cases of the above-captioned debtors (the "Debtors") to the motion (the "Motion") [D.I. 1483] filed by Crafty (AL) LLC (the "Landlord") seeking payment of an alleged administrative claim against the Debtors arising for alleged damages arising from the rejection of a lease between the Landlord and the Debtors (the "Rejection Damage Claim") for a former retail store located in Alabama (the "Leased Premises") or, alternatively, seeking payment from Agent for the portion of the Rejection Damage Claim arising from the abandonment of the Debtors' furniture, fixtures, and equipment located in the Leased Premises (the "Abandoned FF&E"). As and for this Joinder, Agent respectfully states as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

## **JOINDER**

1. Agent joins and adopts the arguments and factual and legal bases set forth in the Objection as if fully set forth herein. Nothing in this Joinder is intended to be or shall be construed as a waiver by Agent of any of its rights, claims, or defenses under the Bankruptcy Code, or applicable law. Agent hereby reserves all rights, including but not limited to the right to amend, modify, and/or supplement this Joinder at any time and on any basis.

2. In addition, the Landlord provides no legitimate contractual, legal, or other justification for its assertion that Agent should be responsible for the portion of the Rejection Damage Claim arising from the Debtors' abandonment of the Abandoned FF&E.[2]

3. Pursuant to the *Order (A) Approving and Authorizing Sale of the Debtors' Assets, Free and Clear of All Liens, Claims, Encumbrances, and Other Interests, and (B) Granting Related Relief* [Doc. No. 520] (the "Approval Order") entered by this Court on February 26, 2025 and the Agency Agreement approved thereby (the "Agency Agreement"), Agent purchased only the exclusive right to designate the purchasers, assignees, or other transferees of the Debtors' leases and executory contracts, and to market, sell, and otherwise designate the purchasers, assignees, or other transferees of the Debtors' other assets. The Approval Order and Agency Agreement are crystal clear that Agent did not purchase the Leased Premises or the Abandoned FF&E, only the rights to market and sell them.

4. As the Landlord concedes, Agent did not purchase or take legal title to the Abandoned FF&E (or any other assets of the Debtors) through the Sale Order. *See* Motion, ¶¶ 18-20 (quoting Agency Agreement provisions deeming the Debtors to hold assets in trust for the

---

[2] Requesting such relief by motion is procedurally improper in any event. *See* Fed. R. Bankr. P. 7001(a).

benefit of Agent and granting Agent the exclusive right to designate the purchasers or other designees thereof).

5. The Landlord further concedes that any such assets that were not designated for assignment by the conclusion of the Debtors' going-out-of-business sale re-vested in the Debtors. *Id.*, ¶ 23-24. Despite the Landlord's creative misinterpretation of the Approval Order and Agency Agreement, there is no legitimate dispute that Purchaser did not acquire the Abandoned FF&E, which reverted to the Debtors and was abandoned by the Debtors. At best, that might give rise to a general unsecured rejection damage claim against the Debtors, on issue on which Agent takes no position – but in no event does it give rise to any claims against Agent.

## CONCLUSION

**WHEREFORE**, for the reasons set forth above, Agent respectfully requests that the Court deny the Motion.

Dated  August 25, 2025
    Wilmington, Delaware

**CROSS & SIMON, LLC**

*/s/ Christopher P. Simon*
Christopher P. Simon (No. 3697)
1105 North Market Street, Suite 901
Wilmington, DE 19801
Telephone: (302) 777-4200
E-mail: csimon@crosslaw.com

 - and -

**LOWENSTEIN SANDLER LLP**
Andrew Behlmann, Esq.
Michael Papandrea, Esq.
Carolyn Gauvin, Esq.
One Lowenstein Drive
Roseland, New Jersey 07068
Telephone: (973) 597-2500
E-mail: abehlmann@lowenstein.com
E-mail: mpapandrea@lowenstein.com
E-mail: cgauvin@lowenstein.com

*Counsel to* GA Joann Retail Partnership, LLC