## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:  October 8, 2025 at 3:00 p.m. (ET)**<br>**Objection Deadline: September 19, 2025 at 4:00 p.m. (ET)** |

### SUMMARY OF FINAL FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 30, 2025 THROUGH AND INCLUDING JULY 16, 2025

| | |
|---|---|
| Name of applicant: | Kelley Drye & Warren LLP |
| Authorized to provide professional services to: | Official Committee of Unsecured Creditors |
| Petition date: | January 15, 2025 |
| Date of retention: | Effective as of January 30, 2025[2] |
| Period for which compensation and reimbursement is sought: | January 30, 2025 through and including July 16, 2025 |
| Terms and conditions of employment | Hourly. No retainer. |
| Monthly/Interim/Final: | Final |
| Total fees sought to be paid this period: | $2,672,272.50[3] |

---

[1]  The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]  Docket No. 594.

[3]  Represents $2,651,573.00 in total fees incurred, minus a voluntary reduction of $4,300.50, plus an estimated $25,000 in additional fees and expenses incurred after July 16, 2025 in connection with (i) preparing Kelley Drye's combined May, June, and July monthly fee application, (ii) preparing this Application, (iii) responding to objections to the Application, if any, and (iv) attending the hearing thereon. Kelley Drye reserves the right to seek additional fees or expenses incurred during the time period indicated above if not accounted for herein, and in preparing this Application and reviewing the final fee applications of other professionals.  Kelley Drye will only seek payment of actual fees and expenses incurred, subject to prior orders of the Bankruptcy Court.

| | |
|---|---|
| Total expenses sought to be paid this period: | $23,068.33[4] |
| Total fees and expenses sought this period: | $2,695,340.83 |
| Total fees and expenses approved by interim order to date: | $2,224,530.29 |
| Blended rate in this application for all timekeepers: | $945.57 |
| Fees sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Expenses sought in this application paid pursuant to a monthly compensation order but not yet allowed: | $0.00 |
| Number of timekeepers included in this application: | 33 |
| Number of timekeepers billing fewer than 15 hours to the case during this period: | 9 |
| Are any rates higher than those approved or disclosed at retention? | Yes.  In July 2025, Maeghan J. McLoughlin was promoted from Special Counsel to Partner.  As a result, her hourly rate increased from $1,045 to $1,060. |

This is a(n):     __ Monthly          __ Interim          X Final application

---

[4] Represents $23,112.46 in total expenses incurred minus a voluntary reduction of $44.13.

## PRIOR MONTHLY APPLICATION HISTORY

| Date Filed and Docket No. | Period Covered | Requested | | Allowed (Pending) | | 20% Holdback |
|---|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses | |
| May 5, 2025 Docket No. 808 | January 30, 2025 – February 28, 2025 | $1,879,711.50 | $19,689.24 | $1,879,711.50 | $19,689.24 | N/A |
| May 8, 2025 Docket No. 830 | March 1, 2025 – March 31, 2025 | $324,387.00 | $2,976.68 | $324,387.00 | $2,976.68 | N/A |
| June 9, 2025 Docket No. 1102 | April 1, 2025- April 30, 2025 | $183,728.50 | $116.31 | $146,982.80 | $116.31 | $36,745.70 |
| August 25, 2025 Docket No. 1636 | May 1, 2025 – July 16, 2025 | $263,746.00 | $330.23 | Objection Deadline Pending[5] | Objection Deadline Pending | $52,749.20 |
| **Totals:** | | **$2,651,573.00** | **$23,112.46** | **TBD** | **TBD** | **$89,494.90** |

## PRIOR INTERIM APPLICATION HISTORY

| Date Filed and Docket No. | Period Covered | Requested | | Allowed | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| May 15, 2025 Docket No. 895 | January 30, 2025 – March 31, 2025 | $2,204,098.50 | $22,665.92 | $2,201,908.50[6] | $22,621.79[7] |

---

[5]    The deadline to object to Kelley Drye's combined monthly application for May through July 16 is September 15, 2025. Kelley Drye has agreed to a voluntary reduction of $2,110.50 based on informal comments received from U.S. Trustee.

[6]    Reflects voluntary reduction by Kelley Drye in the amount of $2,190.00 based on informal comments received from U. S. Trustee.

[7]    Reflects voluntary reduction by Kelley Drye in the amount of $44.13 based on informal comments received from U. S. Trustee.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered)<br><br>**Hearing Date:  October 8, 2025 at 3:00 p.m. (ET)**<br>**Objection Deadline: September 19, 2025 at 4:00 p.m. (ET)** |

**FINAL FEE APPLICATION OF KELLEY DRYE & WARREN LLP**
**FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED**
**AND REIMBURSEMENT OF EXPENSES INCURRED AS LEAD COUNSEL TO THE**
**OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM**
**<u>JANUARY 30, 2025 THROUGH AND INCLUDING JULY 16, 2025</u>**

Pursuant to sections 330 and 331 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Rule 2016-1 of the Local Rules of Bankruptcy Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), and in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* (the "<u>Interim Compensation Order</u>"),[2] Kelley Drye & Warren LLP ("<u>Kelley Drye</u>") submits its final fee application (the "<u>Application</u>") for compensation for professional services rendered and reimbursement of expenses incurred as lead counsel to the Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors-in-possession (the "<u>Debtors</u>"), for the period from January 30, 2025 through and including July 16, 2025

---

[1]     The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]     Docket No. 552.

(the "Application Period").  In support of its Application, Kelley Drye respectfully states as follows:

## JURISDICTION AND VENUE

1.	This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.	The statutory predicates for the relief requested herein are: (i) sections 330 and 331 of the Bankruptcy Code; (ii) Bankruptcy Rule 2016; and (iii) Local Rule 2016-1.

## BACKGROUND

3.	On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.  Following the Petition Date, the Debtors remained in possession of their assets and continued to operate and manage their business as debtors-in-possession, until the closing of the sale of substantially all of their assets, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

4.	On January 28, 2025, the Office of the United States Trustee for Region 3 appointed a nine-member Committee consisting of: (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P.[3]

5.	On January 30, 2025, the Committee selected Kelley Drye as its lead counsel and Province, Inc. ("Province") as its financial advisor.  On January 31, 2025, the Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its Delaware counsel.

---

[3]	Docket No. 198.

6.      On February 13, 2025, the Debtors filed their *Motion for Entry of an Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Professionals and (II) Granting Related Relief*,[4] and on March 4, 2025, the Court entered the Interim Compensation Order.[5]

7.      On February 28, 2025, the Committee filed the *Application of the Official Committee of Unsecured Creditors for Entry of an Order Authorizing the Employment of Kelley Drye & Warren LLP as Lead Counsel Effective as of January 30, 2025* (the "Retention Application").[6]   On March 18, 2025, the Court entered an order approving the Retention Application, effective as of January 30, 2025.[7]

8.      On May 5, 2025, Kelley Drye filed the *Combined First Monthly Fee Statement for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through and Including February 28, 2025* (the "First Monthly Application").[8]

9.      On May 28, 2025, Kelley Drye filed the *Certification of No Objection Regarding the Combined First Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from January 30, 2025 Through and Including February 28, 2025.*[9]

10.      On May 8, 2025, Kelley Drye filed the *Second Monthly Fee Statement for*

---

[4]      Docket No. 426.

[5]      Docket No. 552.

[6]      Docket Nos. 526, 530.

[7]      Docket No.  594.

[8]      Docket No. 808.

[9]      Docket No. 1005.

*Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from March 1, 2025 Through and Including March 31, 2025* (the "Second Monthly Application").[10]

11.     On May 30, 2025, Kelley Drye filed the *Certification of No Objection Regarding Second Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from March 1, 2025 Through and Including March 31, 2025.*[11]

12.     On June 9, 2025, Kelley Drye filed the *Third Monthly Fee Statement for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from April 1, 2025 Through and Including April 30, 2025* (the "Third Monthly Application").[12]

13.     On July 1, 2025, Kelley Drye filed the *Certification of No Objection Regarding Third Monthly Fee Application for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from April 1, 2025 Through and Including April 30, 2025.*[13]

14.     On August 25, 2025, Kelley Drye filed the *Combined Fourth Monthly Fee Statement for Compensation for Services Rendered and Reimbursement of Expenses Incurred as Lead Counsel to the Official Committee of Unsecured Creditors for the Period from May 1, 2025 Through and Including July 16, 2025* (the "Fourth Monthly Application").[14]

15.     Kelley Drye incorporates by reference the First Monthly Application,

---

[10]     Docket No. 830.

[11]     Docket No. 1035.

[12]     Docket No. 1102.

[13]     Docket No. 1331.

[14]     Docket No. 1636.

Second Monthly Application, Third Monthly Application and the Fourth Monthly Application (the "Monthly Applications") into this Application.

## SUMMARY OF COMPENSATION AND
## EXPENSES REQUESTED FOR THE APPLICATION PERIOD

16.     By this Application, Kelley Drye requests final allowance of (i) $2,672,272.50,[15] as compensation for professional services rendered to the Committee during the Application Period, totaling 2,804.2 hours of professional time; and (ii) $23,068.33[16] as reimbursement for actual and necessary expenses incurred during the Application Period.

17.     Attached hereto as: (i) **Exhibit A** is a summary of compensation by each Kelley Drye professional that worked on these cases during the Application Period; (ii) **Exhibit B** is a summary of compensation by project category for the Application Period; (iii) **Exhibit C** is a summary of expenses incurred by Kelley Drye during the Application Period; (iv) **Exhibit D** is Kelley Drye's staffing plan; (v) **Exhibit E** is Kelley Drye's customary and comparable compensation disclosures; (vi) **Exhibit F** is Kelley Drye's budget for the Application Period; (vii) **Exhibit G** is a summary of fees and hours budgeted compared to fees and hours billed during the Application Period; and (viii) **Exhibit H** is the certification of Jason R. Adams, which certifies certain matters addressed in the Interim Compensation Order and UST Guidelines.

---

[15]     Represents $2,651,573.00 in total fees incurred, minus a voluntary reduction of $4,300.50, plus an estimated $25,000 in additional fees and expenses incurred after July 16, 2025 in connection with (i) preparing Kelley Drye's Fourth Monthly Application, (ii) preparing this Application, (iii) responding to objections to the Application, if any, and (iv) attending the hearing thereon.  Kelley Drye reserves the right to seek additional fees or expenses incurred during the time period indicated above if not accounted for herein, and in preparing this Application and reviewing the final fee applications of other professionals. Kelley Drye will only seek payment of actual fees and expenses incurred, subject to prior orders of the Bankruptcy Court.

[16]     Represents $23,112.46 in total expenses incurred minus a voluntary reduction of $44.13.

## **VALUATION OF SERVICES**

18.     Kelley Drye's professionals have expended a total of 2,804.2 hours in connection with this matter during the Application Period.  The amount of time spent by each of the professionals providing services to the Committee for the Application Period is set forth in **Exhibit A**.  The rates are Kelley Drye's normal hourly rates of compensation for work of this character.  The reasonable value of the services rendered by Kelley Drye for the Application Period as counsel for the Committee in these cases is $2,672,272.50.

19.     All services for which compensation is requested by Kelley Drye were performed for or on behalf of the Committee, and not on behalf of the Debtors or other persons. There is no agreement or understanding between Kelley Drye and any other person, other than members of the firm, for the sharing of compensation to be received in these cases.

20.     As described more fully in the Monthly Applications, Kelley Drye submits that the amount requested is fair and reasonable given the complexities and expedited nature of these cases, the time expended, the nature and extent of the services rendered, the value of such services and their benefits to the estates, and the costs of comparable services other than in a case under this title.

## **EXPENSES**

21.     Kelley Drye's out of pocket disbursements during the Application Period total $23,068.00.[17]  These disbursements are broken down into categories of charges, a summary of which is attached hereto as **Exhibit C**.

---

[17]     Kelley Drye reserves the right to request reimbursement of additional expenses incurred during the Application Period in a supplement to this Application, to the extent that any such additional expenses have not been processed to date in Kelley Drye's billing system.

## CERTIFICATE OF COMPLIANCE AND WAIVER

22.     The undersigned representative of Kelley Drye certifies that he has reviewed the requirements of Local Rule 2016-1, and that the Application substantially complies with them.

23.     If the Application does not comply in all respects with the requirements of Local Rule 2016-1, Kelley Drye believes that such deviations are not material and respectfully requests that any such requirements be waived.

## NOTICE

24.     Pursuant to the Interim Compensation Order, notice of this Application has been provided to: (a) the Debtors, JOANN Inc., 5555 Darrow Road, Hudson, Ohio 44236, Attn.: Ann Aber, EVP, Chief Legal and Human Resources Officer; (b) co-counsel to the Debtors, (i) Kirkland & Ellis LLP, 601 Lexington Avenue, New York, New York 10022, Attn.: Aparna Yenamandra, P.C. (aparna.yenamandra@kirkland.com) and 333 West Wolf Point Plaza, Chicago Illinois 60654, Attn.: Jeffrey  Michalik (jeff.michalik@kirkland.com), and Lindsey Blumenthal (lindsey.blumenthal@kirkland.com) and (ii) Cole Schotz P.C., 500 Delaware Avenue, Suite 1410, Wilmington, Delaware 19801, Attn.: Patrick J. Reilley (preilley@coleschotz.com), Stacy L.   Newman   (snowman@coleschotz.com),   Michael   E.   Fitzpatrick (mfitzpatrick@coleschotz.com), and Jack M. Dougherty (jdougherty@coleschotz.com); (c) the United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn.: Malcolm M. Bates (malcolm.m.bates@usdoj.gov); (d) counsel to the Prepetition ABL Agent, Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn.: Christopher   Carter   (christopher.carter@morganlewis.com)   and   Marjorie   Crider (marjorie.crider@morganlewis.com); (e) counsel to the Prepetition FILO Agent, Choate Hall & Stewart LLP, 2 International Place, Boston, Massachusetts 02110, Attn.: John Ventola

(jventola@choate.com) and Jonathan Marshall (jmarshall@choate.com); (f) counsel to the Prepetition Term Loan Lender Ad Hoc Group, Gibson, Dunn & Crutcher LLP, 200 Park Avenue New York, New York 10166, Attn.: Scott Greenberg (SGreenberg@gibsondunn.com), Kevin Liang (KLiang@gibsondunn.com), and Josh Brody (JBrody@gibsondunn.com); (g) counsel to the Prepetition Term Loan Agent, ArentFox Schiff LLP, 1301 Avenue of the Americas, 42nd Floor, New York, New York 10019, Attn.: Jeffrey Gleit (jeffrey.gleit@afslaw.com) and 1717 K Street NW, Washington, D.C. 20006, Attn.: Jonathan Bagg (jonathan.bagg@afslaw.com), and 233 South Wacker Drive, Suite 7100, Chicago, Illinois 60606, Attn.: Matthew Bentley (matthew.bentley@afslaw.com); (h) counsel to Gordon Brothers Retail Partners, LLC, Katten Muchin Rosenman LLP, 5 Rockefeller Plaza, New York, New York 10020, Attn.: Steven Reisman (sreisman@katten.com) and Cindi Giglio (cgiglio@katten.com); and (i) counsel to the Plan Administrator Ann Aber, Hahn Loeser & Parks LLC, 200 Public Square, Suite 2800, Cleveland, OH 44114, Attn: Christopher B. Wick (cwick@hahnlaw.com).    Kelley Drye respectfully submits that no further notice of the Application is necessary or required.

## <u>CONCLUSION</u>

**WHEREFORE,** Kelley Drye respectfully requests: (i) final allowance of $2,672,272.50 in fees for necessary professional services rendered to the Committee during the Application Period and reimbursement of actual and necessary expenses incurred in the sum of $23,068.33; (ii) that the Debtors be authorized to pay the outstanding amount of such sums to Kelley Drye, subject to prior orders of this Court; and (iii) such other relief as this Court deems just and proper.

Dated:  August 29, 2025

**KELLEY DRYE & WARREN LLP**

*/s/ Jason R. Adams*
Eric R. Wilson (admitted *pro hac vice*)
Jason R. Adams (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
        jadams@kelleydrye.com
        mmcloughlin@kelleydrye.com

*Counsel to the Official Committee of*
*Unsecured Creditors*