**EXHIBIT H**

**Certification of Jason R. Adams**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>　　　　　　　　　Debtors. | Chapter 11<br><br>Case No. 25–10068 (CTG)<br><br>(Jointly Administered) |

**CERTIFICATION OF JASON R. ADAMS IN SUPPORT OF THE FINAL
FEE APPLICATION OF KELLEY DRYE & WARREN LLP FOR ALLOWANCE OF
COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF
EXPENSES INCURRED AS LEAD COUNSEL TO THE OFFICIAL COMMITTEE
OF UNSECURED CREDITORS FOR THE PERIOD FROM
JANUARY 30, 2025 THROUGH AND INCLUDING JULY 16, 2025**

　　　　　I, Jason R. Adams, Esq., certify that I am a partner of Kelley Drye, which served as counsel to the Committee; that I am authorized to make this declaration on Kelley Drye's behalf; that the facts set forth in the Application are true and correct to the best of my information, knowledge, and belief; that I have reviewed the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware and the *United States Trustee Program's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases* (the "U.S. Trustee Guidelines"), and submit that the Application substantially complies with such rules; that Kelley Drye has no agreement, directly or indirectly, and that no understanding exists in any form or guise with any person, for a division of the compensation requested in the Application, except that compensation to be received by Kelley Drye will be shared among Kelley Drye's partners and employees as permitted by section 504 of the Bankruptcy Code.

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

1. Pursuant to the U.S. Trustee Guidelines, I certify the following:

    (a) Kelley Drye did not agree to vary or alter our standard or customary billing rates, fees, or retention terms for this engagement.

    (b) None of the professionals included in this Application varied their hourly rate based on the geographic location of the Debtors' bankruptcy cases.

    (d) The Application includes approximately 19.7 hours and $21,560.50 to reviewing or revising time records or invoices, including to comply with confidentiality restrictions in these cases.

    (e) Fees billed by Kelley Drye during the Fee Period were approximately $290,00.00 less than the firm's original budget for the period from January 30, 2025 through March 31, 2025.

2. Any differences in the blended hourly rates of Kelley Drye's non-bankruptcy and bankruptcy timekeepers result from several factors. First, a comparison of non-bankruptcy and bankruptcy rates fails to account for the demands of a chapter 11 case, as opposed to other more routine engagements, as well as alternative fee structures such as flat fee arrangements or capped fees that may apply to non-bankruptcy matters.

3. Second, Kelley Drye's bankruptcy group differs from the general composition of Kelley Drye as a whole. Kelley Drye's bankruptcy group has proportionately fewer junior attorneys given the nature of the matters handled by the firm's bankruptcy practice. As a creditor-oriented practice, Kelley Drye's bankruptcy group generally has more senior, experienced attorneys to effectively address the demands of a chapter 11 bankruptcy case and efficiently meet the needs of our clients. The composition of Kelley Drye's bankruptcy group could not mirror the general composition of timekeepers across the firm without utilizing non-bankruptcy lawyers to perform bankruptcy-specific tasks. Doing that would lead to significant inefficiencies that would ultimately result in substantially increased fees.

4. Third, Kelley Drye was engaged by the Committee to address time-sensitive, complex restructuring issues, including a sale of the Debtors' assets within four weeks of being engaged. These services required specialized expertise and, therefore, higher rates.

I declare under penalty of perjury that the foregoing is true and correct to the best of my information, knowledge, and belief.

Executed on August 29, 2025

By:  /s/ Jason R Adams
      Jason R. Adams