# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 ) |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) ) |
|  | ) (Jointly Administered) |
| Debtors. | ) |
|  | ) **Objection Deadline:** September 19, 2025 at 4:00 p.m. (ET) |
|  | **Hearing Date:** October 8, 2025 at 3:00 p.m. (ET) |

**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 31, 2025 THROUGH JULY 16, 2025**

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Authorized to Provide Professional Services to: | The Official Committee of Unsecured Creditors |
| Date of Retention: | Effective as of January 31, 2025 by Order signed March 24, 2025 |
| Period for which Compensation and Reimbursement is Sought: | January 31, 2025 – July 16, 2025[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $469,030.50[3] |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $5,255.92 |
| Rates are Higher than those Approved or Disclosed at Retention?  Yes __ No  X  If yes, Total Compensation Sought Using Rates Disclosed in Retention Application: |  |

---

[1] The Debtors in these chapter 11 cases are:  JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] Applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

[3] Reflects voluntary reductions by PSZJ in the aggregate amount of $5,322.00 based on informal comments received from the U.S. Trustee, plus $20,000 in additional fees and expenses incurred after July 16, 2025 in connection with the preparation of PSZJ's June Monthly Fee Application and PSZJ's Final Fee Application.

4901-2098-3393.1 46699.00002

| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
|---|---|
| Compensation Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $49,098.80 |
| Expenses Sought in this Application Already Paid Pursuant to a Monthly Compensation Order but not yet Allowed: | $433.50 |
| Number of Professionals Included in this Application: | 9 |
| If Applicable, Number of Professionals in this Application not Included in Staffing Plan Approved by Client: | N/A |
| Number of Professionals Billing Fewer than 15 Hours to the Case During this Period: | 9 |

This is a:    ☐ monthly    ☐ interim    ☒ final application.

The total time expended for fee application preparation is approximately 3.0 hours and the corresponding compensation requested is approximately $1,950.00.

**PRIOR APPLICATIONS FILED**

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 4/21/25 | 1/31/25 – 2/28/25 | $311,352.50 | $3,157.76 | $249,082.00 | $3,157.76 |
| 4/22/25 | 3/1/25 – 3/31/25 | $23,768.50 | $168.70 | $19,014.80 | $168.70 |
| 5/15/25 (First Interim Fee Application) | 1/31/25 – 3/31/25 | $335,121.00 | $3,326.46 | $330,046.50[4] | $3,326.46 |
| 6/19/25 | 4/1/25 – 5/131/25 | $61,373.50 | $433.50 | Pending | Pending |
| 8/22/25 | 6/1/25 – 6/30/25 | 36,239.50 | $639.42 | Pending | Pending |

---

[4] Reflects voluntary reductions by PSZJ in the aggregate amount of $5,074.50 based on informal comments received from the U.S. Trustee on the first interim fee application.

**PSZJ PROFESSIONALS**

| Name of Professional Individual | Position of the Applicant, Year of Obtaining License to Practice | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Sandler, Bradford J. | Partner, 1996 | $1,895.00 | 43.40 | $82,243.00 |
| Morris, John A. | Partner, 1991 | $1,875.00 | 6.10 | $11,437.50 |
| O'Neill, James E. | Partner, 2001 | $1,475.00 | 149.30 | $220,217.50 |
| O'Neill, James E. | Partner, 2001 | $1,395.00 | 1.60 | $2,232.00 |
| Litvak, Maxim B. | Partner, 1997 | $1,725.00 | 10.60 | $18,285.00 |
| Feinstein, Robert J. | Partner, 1982 | $1,950.00 | 0.40 | $780.00 |
| Levine, Beth E. | Counsel, 1993 | $1,350.00 | 2.70 | $3,645.00 |
| Robinson, Colin R. | Counsel, 2001 | $1,325.00 | 8.40 | $11,130.00 |
| Keane, Peter J. | Counsel, 2010 | $1,295.00 | 24.00 | $31,080.00 |
| Corma, Edward A. | Associate, 2020 | $875.00 | 3.30 | $2,887.50 |
| Bates, Andrea T. | Paralegal | $650.00 | 66.30 | $43,095.00 |
| Knotts, Cheryl A. | Paralegal | $575.00 | 1.80 | $1,035.00 |
| Yee, Karina K. | Paralegal | $625.00 | 0.20 | $125.00 |
| Flores, Melissa N. | Paralegal | $625.00 | 0.50 | $312.50 |
| Cuniff, Patricia E. | Paralegal | $625.00 | 7.30 | $4,562.50 |
| Paul, Andrea R. | Case Management Assistant | $495.00 | 5.60 | $2,772.00 |
| Bouzoukis, Charles, J. | Case Management Assistant | $495.00 | 25.40 | $12,573.00 |
| Arnold, Gary L. | Case Management Assistant | $495.00 | 10.50 | $5,197.50 |
| Grayson, Janet | Case Management Assitant | $495.00 | 3.30 | $742.50 |
| **Total** | | | 370.70 | $454,352.50 |
| **Less voluntary fee reduction on first interim fee application and June monthly** | | | | **($5,322.00)** |
| **Aggregate Fees** | | | | $449,030.50 |
| **Plus Fee Estimate** | | | | $20,000.00 |
| **TOTAL FEES REQUESTED** | | | | $469,030.50 |

Total:        $449,030.50
Total Hours:     370.70
Blended Rate:   $1,211.30

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Asset Disposition | 46.30 | $68,512.00 |
| Bankruptcy Litigation | 39.50 | $56,584.50 |
| Case Administration | 30.10 | $31,905.00 |
| Claims Administration and Objections | 5.90 | $10,256.50 |
| PSZJ Compensation | 18.10 | $16,263.50 |
| Other Professional Compensation | 19.80 | $21,669.00 |
| Contract and Lease Matters | 1.30 | $1,917.50 |
| Fee/Employment Application | 0.60 | $1,137.00 |
| Financial Filings | 1.20 | $1,770.00 |
| Financing/Cash Collateral/Cash Management | 29.80 | $49,868.00 |
| General Creditors' Committee | 6.90 | $11,581.50 |
| Hearings | 86.20 | $69,558.00 |
| Meetings of and Communications With Creditors | 7.20 | $8,640.00 |
| Operations | 2.70 | $4,642.50 |
| Plan and Disclosure Statement | 22.60 | $34,511.00 |
| Relief from Stay | 0.70 | $1,326.50 |
| PSZJ Retention | 15.70 | $14,909.00 |
| Other Professional Retention | 36.10 | $49,301.00 |
| **Totals** | **370.70** | **$454,352.50** |
| **Less voluntary fee reduction on first interim fee application and June monthly** | | **($5,322.00)** |
| **Aggregate Fees** | | **$449,030.50** |
| **Plus Fee Estimate** | | **$20,000.00** |
| **TOTAL FEES REQUESTED** | | **$469,030.50** |

**EXPENSE SUMMARY**

| Expense Category | Total Expenses |
|---|---:|
| Working Meals | $430.87 |
| Delivery/Courier Services | $120.00 |
| Court Fees | $350.00 |
| Lexis/Nexis-Legal Research | $280.95 |
| Litigation Support Vendors | $131.10 |
| PACER - Court Research | $947.60 |
| Postage | $161.88 |
| Reproduction Expense | $1,862.70 |
| Transcript | $970.82 |
| **Total** | **$5,255.92** |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
|  | ) | (Jointly Administered) |
| Debtors. | ) |  |
|  | ) | **Objection Deadline: September 19, 2025 at 4:00 p.m. (ET)** |
|  | ) | **Hearing Date: October 8, 2025 at 3:00 p.m. (ET)** |

**FINAL APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS CO-COUNSEL FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR THE PERIOD FROM JANUARY 31, 2025 THROUGH JULY 16, 2025**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules") and the Court's *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Retained Professionals and (II) Granting Related Relief* signed on or about March 4, 2025 [Docket No. 552] (the "Administrative Order"), Pachulski Stang Ziehl & Jones LLP ("PSZJ" or the "Firm"), co-counsel to the Official Committee of Unsecured Creditors (the "Committee"), hereby submits its *Final Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel to the Official Committee of Unsecured Creditors for the Period from January 31, 2025 Through July 16, 2025* (the "Application").

---

[1] The Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

4901-2098-3393.1 46699.00002

By this Application PSZJ seeks a final allowance of compensation in the amount of $469,030.50[2] and actual and necessary expenses in the amount of $5,255.92 for a total allowance of $474,286.42 and payment of the unpaid amount of such fees and expenses for the period January 31, 2025 through July 16, 2025 (the "Fee Period"). In support of this Application, PSZJ respectfully represents as follows:

## Background

1. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware. The Debtors are authorized to continue operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. The Debtors' chapter 11 cases are being jointly administered for procedural purposes only pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. No request for the appoint of a trustee or examiner has been made in these chapter 11 cases.

2. On January 28, 2025, the Office of the United States Trustee appointed the Committee in this case pursuant to 11 U.S.C. § 1102 [Docket No. 198]. The members appointed to the Committee are (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (iv) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus, Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P.

3. On January 30, 2025, the Committee selected Kelley Drye & Warren LLP ("Kelley Drye") as its lead counsel and Province, Inc. ("Province") as its financial advisor. On January 31, 2025, the Committee selected Pachulski Stang Ziehl & Jones, LLP ("PSZJ") as its co-counsel.

---

[2] Reflects voluntary reductions by PSZJ in the aggregate amount of $5,322.00 based on informal comments received from the U.S. Trustee, plus $20,000 in additional fees and expenses incurred after July 16, 2025 in connection with the preparation of PSZJ's June Monthly Fee Application and PSZJ's Final Fee Application.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5. On March 4, 2025, the Court entered the Administrative Order, authorizing estate professionals ("Professionals") to submit applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Administrative Order provides, among other things, that a Professional may submit monthly fee applications. If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtors are authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses. Beginning with the period ending on March 31, 2025, and at three-month intervals thereafter, each of the Professionals may file and serve an interim application for allowance of the amounts sought in its monthly fee applications for that period. All fees and expenses paid are on an interim basis until final allowance by the Court.

6. The retention of PSZJ, as co-counsel to the Committee, was approved effective as of January 31, 2025, by this Court's *Order Authorizing the Employment and Retention of Pachulski Stang Ziehl & Jones LLP as Co-Counsel to the Official Committee of Unsecured Creditors Effective as of January 31, 2025* [Docket No. 634] (the "Retention Order"). The Retention Order authorized PSZJ to be compensated on an hourly basis and to be reimbursed for actual and necessary out-of-pocket expenses.

7. Attorneys retained pursuant to sections 327 or 1103 of the Bankruptcy Code must comply with certain requirements of the *United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. §330 by Attorneys in Larger Chapter 11 Cases* (the "Revised UST Guidelines"). The Office of the United

States Trustee has promulgated forms to aid in compliance with the Revised UST Guidelines. Charts and tables based on such forms are attached hereto as exhibits and filled out with data to the extent relevant to these cases: **Exhibit A**, Customary and Comparable Compensation Disclosures with Fee Applications; **Exhibit B**, Summary of Timekeepers Included in this Fee Application, **Exhibit C**, Staffing Plan; **Exhibit D-1**, Summary of Compensation Requested by Project Category; **Exhibit D-2**, Summary of Expense Reimbursement Requested by Category; and **Exhibit E**, Summary Cover Sheet of Fee Application.

### PSZJ's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

#### Compensation Paid and Its Source

8. Pursuant to the Administrative Order, PSZJ filed and served its *First Interim Application for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel for the Official Committee of Unsecured Creditors for the Period From January 31, 2025 Through March 31, 2025* [Docket No. 1152] (the "First Interim Application") requesting $335,121.00 in fees and $3,326.46 in expenses. PSZJ received informl comments from the U.S. Trustee and reduced its fees by $5,074.50, for an aggregate fee request in the amount of $330,046.50. The *First Omnibus Order Approving Interim Fee Applications for Allowance and Payment of Compensation for Professional Services Rendered and Reimbursement of Expenses Incurred* approving the First Interim Application was entered on June 23, 2025 [Docket No. 1260].

9. On June 19, 2025, PSZJ filed its *Third Monthly Fee Statement for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel for the Official Committee of Unsecured Creditors, for the Period from April 1, 2025 through May 30, 2025* (the "Third Monthly Fee Statement") requesting $61,373.50 in fees and $433.50 in expenses. As of the filing date of this Application, PSZJ has not been paid on account of the Third Monthly

4901-2098-3393.1 46699.00002                4

Fee Statement. A true and correct copy of the Third Monthly Fee Statement is attached hereto as **Exhibit F**.

10. On August 22, 2025, PSZJ filed its *Fourth Monthly Fee Statement for Compensation and Reimbursement of Expenses of Pachulski Stang Ziehl & Jones LLP, as Co-Counsel for the Official Committee of Unsecured Creditors, for the Period from June 1, 2025 Through June 30, 2025* (the "Fourth Monthly Fee Statement") requesting $36,239.50 in fees and $639.42 in expenses. The deadline for objections on the Fourth Monthly Fee Statement is September 12, 2025 (the "Objection Deadline"). Prior to the Objection Deadline, the U.S. Trustee provided informal comments, which resulted in PSZJ voluntarily reducing its fees by $247.50, resulting in an aggregate fee request in the amount of $35,992.00. A true and correct copy of the Fourth Monthly Fee Statement is attached hereto as **Exhibit G**.

11. The Monthly Fee Statements covered by this Application contain detailed daily time logs describing the actual and necessary services provided by PSZJ during the periods covered by such applications as well as other detailed information required to be included in fee applications.

**Final Monthly Invoice**

12. The invoice for the period of July 1, 2025 through July 16, 2025 (the "Final Monthly Period") is attached hereto as **Exhibit H**. This statement contains daily time logs describing the time spent by each attorney and paraprofessional during the Final Monthly Period. To the best of PSZJ's knowledge, this Statement complies with sections 330 and 331 of the Bankruptcy Code, the Bankruptcy Rules and the Administrative Order. PSZJ's time reports are initially handwritten or directly entered in the billing system, by the attorney or paralegal performing the described services. The time reports are organized on a daily basis. PSZJ is

particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular client, separate time entries are set forth in the time reports. PSZJ's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code. To the extent it is feasible, PSZJ professionals attempt to work during travel.

13. A summary of the actual and necessary expenses incurred by PSZJ for the Final Monthly Period is attached hereto as part of **Exhibit H**. PSZJ customarily charges $0.10 per page for photocopying expenses related to cases, such as this, arising in Delaware. PSZJ's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZJ summarizes each client's photocopying charges on a daily basis.

14. PSZJ charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZJ's calculation of the actual costs incurred by PSZJ for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZJ does not charge the Debtor for the receipt of faxes in this case.

15. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZJ charges the standard usage rates these providers charge for computerized legal research. PSZJ bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZJ is passed on to the client.

16. PSZJ believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZJ believes that such charges are in accordance

with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

**Summary of Services Rendered During the Final Monthly Period**

17. The names of the timekeepers of PSZJ who have rendered professional services in this case during the Final Monthly Period are set forth in the attached **Exhibit H**. PSZJ, by and through such persons, has prepared and assisted in the preparation of various motions and orders submitted to the Court for consideration, advised the Committee on a regular basis with respect to various matters in connection with the Debtors' cases, and performed all necessary professional services which are described and narrated in detail below.

18. The services rendered by PSZJ during the Final Monthly Period can be grouped into the categories set forth below. PSZJ attempted to place the services provided in the category that best relates to such services. However, because certain services may relate to one or more categories, services pertaining to one category may in fact be included in another category. These services performed, by categories, are generally described below, with a more detailed identification of the actual services provided set forth on the attached **Exhibit H**. Exhibit H identifies the attorneys and paraprofessionals who rendered services relating to each category, along with the number of hours for each individual and the total compensation sought for each category.

**A.    Bankruptcy Litigation**

19. During the Fee Period, the Firm, reviewed certifications of counsel and amended orders.

Fees: $1,180.00             Hours: 0.80

**B.     Case Administration**

20.     During the Fee Period, the Firm, among other things, (i) reviewed correspondence and pleadings; and (ii) maintained a calendar of critical dates and deadlines.

Fees: $260.00          Hours: 0.40

**C.     PSZJ Compensation**

21.     During the Fee Period, the Firm (i) drafted and filed monthly fee applications; (ii) drafted and filed a certifications of no objection regarding same; and (iii) worked on fee estimates.

Fees: $3,080.00          Hours: 2.20

**D.     Other Professional Compensation**

22.     During the Fee Period, the Firm drafted and filed certifications of no objection for financial advisor and co-counsel's monthly fee applications.

Fees: $637.50          Hours: 0.60

**E.     Hearings**

23.     During the Fee Period, the Firm, among other things, (i) prepared virtual and hard copy hearing binders for various hearings.

Fees: $5,103.50          Hours: 10.10

**F.     Plan and Disclosure Statement**

24.     During the Fee Period, the Firm, (i) reviewed the proposed confirmation order and exhibits and conferred with co-counsel re: same; and (ii) attended the confirmation hearing.

Fees: $11,375.50          Hours: 7.70

**Requested Relief**

25. By this Application, PSZJ requests that the Court approve payment of one-hundred percent (100%) of the fees and expenses incurred by PSZJ during the Interim Period of January 31, 2025 through July 16, 2025.

26. At all relevant times, PSZJ has not represented any party having an interest adverse to these cases.

27. All services for which PSZJ requests compensation were performed for or on behalf of the Committee, and not on behalf of the Debtors, any other committee, creditor or other person.

28. PSZJ, and any partner, of counsel, or associate thereof, have received no payment and no promises for payment from any source other than from the Debtors for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZJ and any other person other than among the partners, of counsel, or associates of PSZJ for the sharing of compensation to be received for services rendered in these cases.

29. The professional services and related expenses for which PSZJ requests interim allowance of compensation and reimbursement of expenses were rendered and incurred in connection with these cases in the discharge of PSZJ's professional responsibilities as attorneys for the Committee in these chapter 11 cases. PSZJ's services have been necessary and beneficial to the Committee, the Debtors and their estates, creditors and other parties in interest.

30. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZJ is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under

the Bankruptcy Code. Moreover, PSZJ has reviewed the requirements of Del. Bankr. LR 2016-2 and the Administrative Order and believes that this Application complies with such Rule and Order.

## Statement from PSZJ

31. Pursuant to the Appendix B Guidelines for Reviewing Application for Compensation and Reimbursement of Expenses Filed under the United States Code by Attorneys in Larger Chapter 11 Cases, PSZJ responds to the following questions regarding the Application:

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the application period? If so, please explain. | | No | |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application higher by 10% or more, did you discuss the reasons for the variation with the client? | | N/A | |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | | No | |
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? | | No | |
| Does this fee application include time or fees for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | | No | |

| Question | Yes | No | Additional Explanation or Clarification |
|---|---|---|---|
| If the fee application includes any rate increases since retention in these Cases:<br>  i. Did your client review and approve those rate increases in advance?<br>  ii. Did your client agree when retaining the law firm to accept all future rate increases?  If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? |  | No |  |

WHEREFORE, PSZJ respectfully requests that, for the period January 31, 2025 through July 16, 2025, a final allowance be made to PSZJ for compensation in the amount of $469,030.50[3] and actual and necessary expenses in the amount of $5,255.92 for a total allowance of $474,286.42 and that the Debtors be authorized and directed to pay to PSZJ the outstanding amount of such sums; and for such other and further relief as may be just and proper.

---

[3] Reflects voluntary reductions by PSZJ in the aggregate amount of $5,322.00 based on informal comments received from the U.S. Trustee, plus $20,000 in additional fees and expenses incurred after July 16, 2025 in connection with the preparation of PSZJ's June Monthly Fee Application and PSZJ's Final Fee Application.

Dated: August 29, 2025

**PACHULSKI STANG ZIEHL & JONES LLP**

By: */s/ James E. O'Neill*
  Bradford J. Sandler (DE Bar No. 4142)
  James E. O'Neill (DE Bar No. 4042)
  919 North Market Street, 17th Floor
  P.O. Box 8705
  Wilmington, DE 19801
  Telephone: (302) 652-4100
  Facsimile: (302) 652-4400
  Email: bsandler@pszjlaw.com
      joneill@pszjlaw.com

  - and –

**KELLEY DRYE & WARREN LLP**
Jason R. Adams (admitted *pro hac vice*)
Eric R. Wilson (admitted *pro hac vice*)
William S. Gyves (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, NY 10007
Tel.: (212) 808-7800
Email:  jadams@kelleydrye.com
    ewilson@kelleydrye.com
    wgyves@kelleydrye.com
    mmcloughlin@kelleydrye.com

*Co-Counsel to the Official Committee of Unsecured Creditors*

**DECLARATION**

STATE OF DELAWARE        :
                         :
COUNTY OF NEW CASTLE     :

James E. O'Neill, after being duly sworn according to law, deposes and says:

a)  I am a partner with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and am admitted to appear before this Court.

b)  I am familiar with the legal services rendered by PSZJ as counsel to the Committee.

c)  I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief. Moreover, I have reviewed Del. Bankr. LR 2016-2, and the Administrative Order signed on or about March 4, 2025, and submit that the Application substantially complies with such rule and orders.

*/s/ James E. O'Neill*
James E. O'Neill
