## Exhibit A

**Proposed Rejection Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket Nos. 929, 1664 & 1679** |

## ORDER REJECTING LUBBOCK, TX LEASE

Upon consideration of the *Certification of Counsel Regarding Order Rejecting Lubbock, TX Lease* [Docket No. 1679] (the "Certification"),[2] it is HEREBY ORDERED THAT:

1. That certain nonresidential real property lease dated February 8, 1994, between Jo-Ann Stores, LLC and AFP Rockridge 2019, LLC (the "Landlord") located at Rockridge Plaza 5217 82nd St., Unit 123, Lubbock, TX (Store No. 1488) (the "Lease") is hereby rejected effective as of August 28, 2025 (the "Rejection Effective Date").

2. Any and all personal property, including any furniture, fixtures and equipment, located on or in the Debtors' leased premises as of the Rejection Effective Date shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Effective Date. The Landlord may, in their sole discretion and without further notice or further order of this Court, utilize and/or dispose of such property without further notice or liability to the Debtors or consenting third parties and, to the extent applicable, the automatic stay is modified to allow such disposition.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defied herein have the meanings ascribed to them in the Certification.

3.      If there are any claims against the Debtors arising from the rejection of the Lease, the Landlord must a proof of claim and/or an administrative expense claim, as applicable, on or before 30 days from the date of entry of this Order. If no proof of claim is timely filed, the Landlord shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these chapter 11 cases.  For the avoidance of doubt, any such claims filed by the Landlord within the time permitted under this Order shall be deemed timely filed.

4.      Nothing contained in this Order, and no action taken pursuant to the relief requested or granted (including any payment made in accordance with this Order), is intended as or shall be construed or deemed to be: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the Debtors' or any other party in interest's right to dispute any claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication, admission or finding that any particular claim is an administrative expense claim, other priority claim or otherwise of a type specified or defined in this Order; (e) a request or authorization to assume, adopt, or reject any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code other than the Lease subject to this Order; (f) an admission as to the validity, priority, enforceability or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (g) a waiver or limitation of any claims, causes of action or other rights of the Debtors or any other party in interest against any person or entity under the Bankruptcy Code or any other applicable law.

5.      All rights and defenses of the Debtors are preserved, including all rights and defenses of the Debtors with respect to a claim for damages arising as a result of the Lease

rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in this Order shall limit the Debtors' ability to subsequently assert that the Lease terminated and is no longer an executory contract or unexpired lease.

6.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

7.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order.

8.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.