**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br>       Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: October 8, 2025 at 3:00 p.m. (ET)**<br><br>**Obj. Deadline: Sept. 19, 2025 at 4:00 p.m. (ET)** |

**SUMMARY OF FOURTH MONTHLY AND FINAL FEE APPLICATION OF CENTERVIEW PARTNERS LLC FOR ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES AS INVESTMENT BANKER FOR THE DEBTORS AND DEBTORS IN POSSESSION FOR THE MONTHLY PERIOD FROM MAY 1, 2025 THROUGH JULY 10, 2025 AND FOR THE FINAL FEE PERIOD FROM JANUARY 15, 2025 THROUGH JULY 10, 2025**

| | |
|---|---|
| Name of applicant: | Centerview Partners LLC |
| Authorized to provide professional services to: | Debtors and Debtors in Possession |
| Date of retention: | March 4, 2025 *nunc pro tunc* to January 15, 2025 |
| Period for which compensation and reimbursement is sought: | May 1, 2025 through July 10, 2025 |
| Amount of compensation sought as actual, reasonable and necessary for this period: | $5,500,000.00[2] |
| Final fee period for which reimbursement is sought: | January 15, 2025 through July 10, 2025 |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]  Represents Transaction Fee in the amount of $5,500,000. As part of prior settlement with the ABL/FILO lenders, Ad Hoc Group of Term Loan Lenders, and the Unsecured Creditors Committee, Centerview voluntarily agreed to waive all Monthly Advisory Fees after April 2025.

| | |
|---|---|
| Final amount of compensation sought as actual, reasonable and necessary: | $6,025,000.00[3] |
| Final amount of expense reimbursement sought as actual, reasonable and necessary: | $20,826.98 |

This is an: _X_ monthly ____ interim _X_ final application

## PRIOR MONTHLY FEE APPLICATIONS FILED:

| Docket No. | Compensation Period | Requested | | Approved | |
|---|---|---|---|---|---|
| | | Fees | Expenses | Fees | Expenses |
| #606 | January 15, 2025 through February 28, 2025 | $175,000.00 | $3,551.98 | $140,000.00 | $3,551.98 |
| #721 | March 1, 2025 through March 31, 2025 | $175,000.00 | $17,275.00 | $140,000.00 | $17,275.00 |
| #1,020 | April 1, 2025 through April 30, 2025 | $175,000.00 | - | $140,000.00 | - |

## TIME RECORD SUMMARY BY PROFESSIONAL
## MAY 1, 2025 THROUGH JULY 10, 2025

| Name of Professional | Title | Hours |
|---|---|---|
| Karn Chopra | Partner | 1.0 |
| Ryan Kielty | Partner | 4.0 |
| Daniel Bendetson | Principal | 5.0 |
| Callan Heidkamp | Associate | 7.0 |
| Matthew Current | Analyst | - |
| **Total** | | **17.0** |

## TIME RECORD SUMMARY BY CATEGORY
## MAY 1, 2025 THROUGH JULY 10, 2025

| Category | Total Hours |
|---|---|
| Travel | - |

---

[3] Comprised of Centerview's Transaction Fee plus accrued but unpaid Monthly Advisory Fees from February through April 2025 ($175,000 per month x 20%).

| | |
|---|---|
| CVP Internal Coordination | - |
| Preparation of Analysis / Materials | - |
| Sale Process | - |
| Coordination with Debtor / Debtor Professionals | 9.0 |
| Coordination with Stakeholders and Non-Debtor Professionals[4] | - |
| Chapter 11 Court Process | 8.0 |
| **Total** | **17.0** |

**TIME RECORD SUMMARY BY PROFESSIONAL**
**JANUARY 15, 2025 THROUGH JULY 10, 2025**

| Name of Professional | Title | Hours |
|---|---|---|
| Karn Chopra | Partner | 134.0 |
| Ryan Kielty | Partner | 225.0 |
| Daniel Bendetson | Principal | 272.5 |
| Callan Heidkamp | Associate | 249.0 |
| Matthew Current | Analyst | 214.0 |
| **Total** | | **1,094.5** |

**TIME RECORD SUMMARY BY CATEGORY**
**JANUARY 15, 2025 THROUGH JULY 10, 2025**

| Category | Total Hours |
|---|---|
| Travel | 27.0 |
| CVP Internal Coordination | 112.5 |
| Preparation of Analysis / Materials | 81.0 |

---

[4] Includes the Ad Hoc Group of Term Loan Lenders and their advisors, advisors to the Unsecured Creditors Committee and ABL/FILO Lenders and their advisors.

| | |
|---|---|
| Sale Process | 474.5 |
| Coordination with Debtor / Debtor Professionals | 273.5 |
| Coordination with Stakeholders and Non-Debtor Professionals[5] | 41.0 |
| Chapter 11 Court Process | 85.0 |
| **Total** | **1,094.5** |

**EXPENSE SUMMARY**
**JANUARY 15, 2025 THROUGH JULY 10, 2025**

| Category | Total |
|---|---|
| Computer/Phone[6] | $250.00 |
| Train / Airfare | $2,126.56 |
| Hotel | $569.01 |
| Taxi/Car | $1,942.68 |
| OT Meals | $679.77 |
| Legal[7] | $17,275.00 |
| **Total Expenses** | **$22,843.02** |
| *Less: Total Write-offs[8]* | *($2,016.04)* |
| **Total Expenses Billed** | **$20,826.98** |

---

[5] Includes the Ad Hoc Group of Term Loan Lenders and their advisors, advisors to the Unsecured Creditors Committee and ABL/FILO Lenders and their advisors.

[6] Includes expenses incurred by Centerview to comply with discover requests by counsel to the Ad Hoc Group of Term Loan Lenders.

[7] Includes expenses incurred by Centerview for counsel related to depositions and production of documents requested.

[8] Centerview proactively wrote-off certain expenses, including the value of OT Meals exceeding $20 and certain Taxi/Cars and Train/Airfare expenses.

4

**IN THE UNITED STATES BANKRUPTCY COURT,**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[9]<br>                  Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Hearing Date: October 8, 2025 at 3:00 p.m. (ET)**<br><br>**Obj. Deadline: Sept. 19, 2025 at 4:00 p.m. (ET)** |

**FOURTH MONTHLY AND FINAL FEE APPLICATION OF CENTERVIEW PARTNERS LLC FOR PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE MONTHLY PERIOD FROM MAY 1, 2025 THROUGH JULY 10, 2025 AND FOR THE FINAL FEE PERIOD FROM JANUARY 15, 2025 THROUGH JULY 10, 2025**

Pursuant to sections 328(a) and 331 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals and (II) Granting Related Relief*, dated March 4, 2025 [Docket No. 552] (the "Interim Compensation Order"), Centerview Partners LLC ("Centerview") submits its fourth monthly application (the "Monthly Fee Application") for: (a) compensation for professional services rendered as investment banker to the debtors and debtors in possession (collectively, the "Debtors") in the amount of $5,500,000.00 and (b) payment in the amount of $5,500,000.00, which is equal to 100% of Centerview's Transaction Fee earned during the period commencing May 1, 2025 through and including July 10, 2025 (the "Monthly Fee Period). As part of a

---

[9] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

prior settlement with the ABL/FILO lenders, Ad Hoc Group of Term Loan Lenders, and the Unsecured Creditors Committee, Centerview agreed to waive all Monthly Advisory Fees after April 2025.

Centerview further hereby files this application (this "Final Application" and together with the Monthly Fee Application, the "Application"), by which Centerview seeks final allowance and payment of (a) compensation for services rendered in the amount of $6,025,000.00 and (b) reimbursement of actual and necessary expenses in the amount of $20,826.98 incurred during the final fee period of January 15, 2025 through July 10, 2025 (the "Final Fee Period"). In support of this Monthly Fee Application and Final Application, Centerview respectfully represents as follows:

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue for this matter is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtors consent pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgements in connection herewith consistent with Article III of the United States Constitution.

## BACKGROUND

3. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief pursuant to chapter 11 of the Bankruptcy Code.

4. Pursuant to an order, dated March 4, 2025 [Docket No. 555] (the "Retention Order"), Centerview was retained by the Debtors as investment banker in connection with these chapter 11 cases effective as of the Petition Date. The fee structure set forth in the Engagement Letter (as defined in the

Retention Order) includes a Monthly Advisory Fee (as defined in the Engagement Letter) of $175,000.00 as well as potential DIP financing and restructuring transaction fees. Monthly Advisory Fees were payable on the 9th day of each month, *see* Engagement Letter ¶ 2(a); transaction-based fees were earned and payable as set forth in the Engagement Letter with respect to the applicable fee, *see* Engagement Letter ¶¶ 2(b)-(c). The Retention Order authorized Centerview to be compensated in accordance with the terms and conditions of the Engagement Letter, *provided* that payment of any transaction-based fees and reimbursement of actual and necessary out-of-pocket expenses were required to be included in a monthly, interim or final fee application and authorized for payment pursuant to an applicable order of the Court, including the Interim Compensation Order. *See* Retention Order ¶ 4.

5. Pursuant to the Retention Order, the requirements of Local Rule 2016-2 were modified to, among other things, (a) allow Centerview's professionals to maintain time records in half-hour increments; and (b) exempt Centerview non-investment banking professionals in administrative departments from the requirement to maintain time records.

6. On March 4, 2025, the Court entered the Interim Compensation Order, which generally sets forth the procedures for interim compensation and expense reimbursement for all retained professionals in these cases. The Interim Compensation Order provides that each professional may, on or after the fifth day of each calendar month following the month for which compensation is sought, file and serve a statement requesting allowance and payment of compensation for services rendered and reimbursement of expenses incurred during the preceding month (each a "Monthly Fee Application"). Parties have 21 days after service of a Monthly Fee Application to object to such Monthly Fee Application (the "Objection Deadline"). At the expiration of the Objection Deadline, the Debtors are authorized to pay 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application to which no objection has been served.

**RELIEF REQUESTED**

7. By this Monthly Fee Application, Centerview requests approval and payment of $5,500,000.00 in aggregate fees incurred during the Monthly Fee Period, consisting entirely of the Transaction Fee. Per a prior settlement with the ABL/FILO lenders, Ad Hoc Group of Term Loan Lenders, and the Unsecured Creditors Committee, Centerview has agreed to waive all Monthly Advisory Fees after April 2025.

8. By this Final Application, Centerview also requests final allowance and payment of (a) compensation for services rendered during the Final Fee Period in the amount of $6,025,000.00[10] and (b) reimbursement of actual and necessary expenses in the amount of $20,826.98 incurred during the Final Fee Period.

**SUMMARY OF SERVICES RENDERED**

9. Attached hereto as **Exhibit A** and **Exhibit B** are Centerview's time records for the Monthly Fee Period and Final Fee Period, respectively, setting forth, as permitted by the Retention Order, a summary description of services provided, describing each professional's tasks on a daily basis, including reasonably detailed descriptions of the services, and the individuals that provided such services. Although Centerview does not typically bill by the hour, pursuant to the Retention Order, Centerview has recorded its postpetition time in half-hour increments.

10. The following summaries highlight certain key areas in which Centerview provided services to the Debtors:

   a) *Travel:* Time spent by Centerview professionals traveling to and from (i) the Debtors' headquarters for in-person meetings and (ii) the Court for necessary appearances.

---

[10] Comprised of Centerview's Transaction Fee plus accrued but unpaid Monthly Advisory Fees from February through April 2025 ($175,000 per month x 20%).

b) *CVP Internal Coordination:* Time spent by Centerview professionals coordinating internally on the sale process, deliberating on case strategy, and discussing and reviewing various analyses, primarily related to the sale process.

c) *Preparation of Analysis / Materials:* Time spent by Centerview professionals preparing presentations to the Board of Directors, management and other key stakeholders, providing updates on the sale process and other significant developments in the case. In addition, Centerview professionals allocated significant time to preparing various financial analyses to illustrate the recoveries to various stakeholders under different strategic alternatives / proposals.

d) *Sale Process:* Time spent by Centerview professionals managing the sale process and coordinating interactions with potential bidders, including (i) conducting outreach to potential bidders, (ii) developing and distributing marketing materials, (iii) responding to diligence questions and / or facilitating management calls with potential bidders, (iv) preparation of analyses and other materials as requested by potential bidders, (v) maintaining a virtual data room available to all bidders, and (vi) negotiating with bidders to optimize the value under their bid. In addition, Centerview professional devoted substantial time to organizing and hosting the auction, which entailed active negotiations with bidders on various proposals and conducting "live", on-the-record sessions to provide formal auction updates and announce the winning bidder.

e) *Coordination with Debtor / Debtor Professionals:* Time spent by Centerview professionals communicating and participating in meetings with the Debtors and their financial and legal advisors to discuss case strategy, prepare for upcoming hearings, coordinate interaction with various non-Debtor stakeholders and share sale process updates.

f) *Coordination with Stakeholders and Non-Debtor Professionals:* Time spent by Centerview professionals communicating and meeting with the Ad Hoc Group of Term Loan Lenders, the Unsecured Creditors Committee and the ABL / FILO Lenders, and their respective financial and

/ or legal advisors. These communications covered weekly updates on the sale process, reviewing various strategic alternatives as well as responding to numerous diligence requests.

g) *Chapter 11 Court Process:* Time spent by Centerview professionals (i) participating in or monitoring Court hearings, (ii) engaging in research or other preparation for court proceedings, (iii) preparing and reviewing filings related to the sale of the Debtor's assets and (iv) preparing fee applications in compliance with the Local Rules.

## DISBURSEMENTS

11. Centerview has not incurred any out-of-pocket disbursements during the Monthly Fee Period. As set forth in detail in the summary attached hereto as **Exhibit C**, Centerview's total expenses incurred during the Final Fee Period are $20,826.98.

## VALUATION OF SERVICES

12. The fees charged by Centerview were approved by the Court under section 328(a) of the Bankruptcy Code and have been billed in accordance with the Retention Order and Engagement Letter and are comparable to those fees charged by Centerview for professional services rendered in connection with similar restructuring matters. Centerview submits that such fees are reasonable based upon the customary compensation charged by similarly skilled practitioners in comparable bankruptcy cases and in non-bankruptcy matters in the investment banking market.

13. All services for which compensation is requested by Centerview herein were performed for or on behalf of the Debtors.

## LEGAL STANDARDS

14. Centerview was retained pursuant to section 328(a) of the Bankruptcy Code and, pursuant to the Retention Order, all of its requested fees and expense reimbursements are subject to review only pursuant to section 328(a) of the Bankruptcy Code, and shall not be subject to the standards set forth in section 330 of the Bankruptcy Code, except by the U.S. Trustee. Section 328(a) of the Bankruptcy Code provides, in pertinent part:

> *The trustee, or a committee appointed under § 1102 of this title, with the Court's approval, may employ or authorize the employment of a professional person under §§ 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingent fee basis.*

15. Section 328(a) of the Bankruptcy Code further provides that the Court may allow compensation different from the compensation provided under the previously approved terms and conditions after the conclusion of such employment, only if such terms and conditions "prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions." *Id*. While the bankruptcy court has discretion to alter fee agreements when the circumstances warrant, such alteration must be supported by evidence that the final fee terms proved to have been improvident by reason of subsequent developments not capable of being anticipated at the time of the order fixing the compensation agreement. *See, e.g., In re Confections by Sandra, Inc.,* 83 B.R. (9th Cir. B.A.P. 1987) (absent evidence of unanticipated developments, a bankruptcy court abuses its discretion by altering a previously approved fee arrangement). Where the court specifically approved a professional's employment and its compensation arrangement under section 328(a) of the Bankruptcy Code and there is no evidence that unexpected or unforeseen circumstances have occurred that would cause the compensation arrangement to be improvident, the court cannot conduct a section 330 reasonableness review of the fees requested. *See e.g., In re Olympia Holding Corp.,* 179 B.R. 962, 966 (Bankr. M.D. Fla. 1994).

16. Under the terms of the Engagement Letter, Centerview has provided valuable services to the Debtors, and Centerview respectfully submits that the professional services for which it requests compensation and the expenditure for which it seeks reimbursement in this Monthly Fee Application and Final Application were necessary and beneficial to the Debtors, the Debtors' estates, and their creditors. Specifically, the compensation and expense reimbursement Centerview requests is fair and reasonable given (a) the complexity of these cases, (b) the time expended by Centerview, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable

services other than in a case under the Bankruptcy Code. As noted above, all services for which Centerview requests compensation were performed for and on behalf of the Debtors and not on behalf of any other person or stakeholder. No agreement or understanding exists between Centerview and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with these proceedings.

## CERTIFICATION OF COMPLIANCE

17. The undersigned has reviewed the requirements of Local Rule 2016-2 and certifies that, to the best of his knowledge, information, and belief, this Application complies with that Rule except to the extent waived by the Retention Order or otherwise modified by applicable orders of the Court.

WHEREFORE, Centerview requests allowance and payment of compensation for professional services rendered on behalf of the Debtors during the Monthly Fee Period in the amount of $5,500,000.00. Centerview further requests final allowance and payment of (a) compensation for services rendered during the Final Fee Period in the amount of $6,025,000.00, and (b) reimbursement of actual and necessary expenses in the amount of $20,826.98, and (c) such other and further relief as this Court may deem just and proper.

Dated: New York, New York  
      August 28, 2025

*/s/* Ryan Kielty  
Ryan Kielty, Partner  
Centerview Partners LLC