# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |
|  | ) | **Obj. Deadline: September 23, 2025 at 4:00 p.m. (ET)** |
|  |  | **Hearing Date: October 8, 2025 at 3:00 p.m. (ET)** |

**SUMMARY
COVER SHEET TO THE
FIFTH COMBINED MONTHLY
AND FINAL FEE APPLICATION OF
KIRKLAND & ELLIS LLP AND KIRKLAND
& ELLIS INTERNATIONAL LLP, ATTORNEYS FOR
THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE
(I) COMBINED MONTHLY FEE PERIOD FROM JUNE 1, 2025
THROUGH AND INCLUDING JULY 16, 2025, AND (II) FINAL FEE
PERIOD FROM JANUARY 15, 2025 THROUGH AND INCLUDING JULY 16, 2025**

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

| | |
|---|---|
| Name of Applicant: | <u>Kirkland & Ellis LLP and Kirkland & Ellis International LLP</u> |
| Authorized to Provide Professional Services to: | <u>Debtors and Debtors in Possession</u> |
| Date of Retention: | <u>March 4, 2025, effective as of January 15, 2025</u> |
| Monthly Period for which Compensation and Reimbursement is Sought: | <u>June 1, 2025 through July 16, 2025</u> |
| Amount of Monthly Compensation Sought as Actual, Reasonable and Necessary: | $1,601,148.80 (80% of $2,001,436.00) |
| Amount of Monthly Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $13,977.62 |
| Final Period for which Compensation and Reimbursement is Sought: | <u>January 15, 2025 through July 16, 2025</u> |
| Final Amount of Compensation Sought as Actual, Reasonable and Necessary: | $12,078,588.00[2] |
| Final Amount of Expense Reimbursement Sought as Actual, Reasonable, and Necessary: | $197,934.39[3] |

This is a(n) **X** monthly ___ interim **X** final application

This Fee Application includes 65.10 hours and $75,037.50 in fees incurred in connection with the preparation of the Fee Applications.

---

[2]   Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $21,963.00 in fees.

[3]   Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $15,467.08 in expenses.

**Prior Applications**

| Date Filed; Docket No. | Period Covered | Requested | | Approved | |
|---|---|---|---|---|---|
| | | **Fees** | **Expenses** | **Fees** | **Expenses** |
| May 22, 2025 [Docket No. 967] | January 15, 2025 – March 31, 2025 | $8,797,978.00 | $157,810.67 | $8,776,015.00[4] | $142,343.59[5] |
| June 26, 2025 [Docket No. 1292] | April 1, 2025 – April 30, 2025 | $526,592.40 (80% of $658,240.50) | $7,097.85 | $526,592.40 (80% of 658,240.50) | $7,097.85 |
| August 7, 2025 [Docket No. 1558] | May 1, 2025 – May 31, 2025 | $514,317.20 (80% of $642,896.50) | $34,515.33 | $514,317.20 (80% of $642,896.50) | $34,515.33 |
| **Total** | | **$9,838,887.60** | **$199,423.82** | **$9,816,924.60** | **$183,956.77** |

**Summary of Hours by Professional Billed**
**From June 1, 2025 through July 16, 2025**

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Olivia Acuna | Associate | Restructuring | 2021 | $1,465.00 | 82.40 | $120,716.00 |
| | | | | $1,525.00 | 72.90 | $111,172.50 |
| Nick Anderson | Associate | Restructuring | 2023 | $1,065.00 | 1.20 | $1,278.00 |
| | | | | $1,195.00 | 4.20 | $5,019.00 |
| Lindsey Blumenthal | Associate | Restructuring | 2018 | $1,525.00 | 55.40 | $84,485.00 |
| | | | | $1,735.00 | 32.10 | $55,693.50 |
| Devon N. Chenelle | Associate | Restructuring | 2023 | $880.00 | 4.90 | $4,312.00 |
| | | | | $1,065.00 | 1.60 | $1,704.00 |
| Brigit Crosbie | Associate | Litigation - General | 2021 | $1,345.00 | 37.70 | $50,706.50 |
| | | | | $1,445.00 | 19.10 | $27,599.50 |
| Kaitlan Donahue | Associate | Restructuring | 2024 | $880.00 | 31.20 | $27,456.00 |
| | | | | $1,065.00 | 18.10 | $19,276.50 |
| Marie Hayashi | Associate | Litigation - General | 2021 | $1,295.00 | 15.70 | $20,331.50 |
| Liz Ji | Associate | Taxation | 2021 | $1,395.00 | 2.20 | $3,069.00 |
| | | | | $1,575.00 | 0.70 | $1,102.50 |
| Alec Klimowicz | Associate | Restructuring | 2024 | $880.00 | 106.40 | $93,632.00 |
| | | | | $1,065.00 | 50.50 | $53,782.50 |

---

[4]    Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $21,963.00 in fees.

[5]    Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $15,467.08 in expenses.

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Kelly Meyer | Associate | Restructuring | 2023 | $1,065.00 | 27.70 | $29,500.50 |
| | | | | $1,195.00 | 6.20 | $7,409.00 |
| Armando L. Prather | Associate | Litigation - General | 2022 | $1,185.00 | 1.00 | $1,185.00 |
| | | | | $1,295.00 | 0.70 | $906.50 |
| Joshua Raphael | Associate | Restructuring | 2023 | $1,195.00 | 13.60 | $16,252.00 |
| | | | | $1,375.00 | 7.20 | $9,900.00 |
| Nick Stratman | Associate | Restructuring | 2023 | $1,065.00 | 2.50 | $2,662.50 |
| | | | | $1,195.00 | 2.00 | $2,390.00 |
| Lauren Valentor | Associate | Litigation - General | 2021 | $1,345.00 | 125.80 | $169,201.00 |
| | | | | $1,345.00 | 77.90 | $104,775.50 |
| Matt Waldrep | Associate | Restructuring | 2021 | $1,195.00 | 168.90 | $201,835.50 |
| | | | | $1,375.00 | 106.50 | $146,437.50 |
| Matthew Calloway Walker | Associate | Litigation - General | 2023 | $1,025.00 | 27.40 | $28,085.00 |
| | | | | $1,185.00 | 12.60 | $14,931.00 |
| Andrew Zhang | Associate | Taxation | 2024 | $925.00 | 7.90 | $7,307.50 |
| James Ziemba | Associate | Restructuring | 2025 | $880.00 | 0.50 | $440.00 |
| Bill Arnault, P.C. | Partner | Litigation - General | 2009 | $2,015.00 | 30.80 | $62,062.00 |
| | | | | $2,015.00 | 36.60 | $73,749.00 |
| Lamina Bowen | Partner | Litigation - General | 2016 | $1,675.00 | 0.50 | $837.50 |
| Susan D. Golden | Partner | Restructuring | 1988 | $1,795.00 | 3.40 | $6,103.00 |
| George W. Hicks Jr., P.C. | Partner | Litigation - General | 2006 | $2,125.00 | 3.00 | $6,375.00 |
| Ian G. John, P.C. | Partner | Antitrust/ Competition | 1996 | $2,675.00 | 1.50 | $4,012.50 |
| Jeff Michalik | Partner | Restructuring | 2017 | $1,735.00 | 14.90 | $25,851.50 |
| | | | | $1,735.00 | 44.00 | $76,340.00 |
| William T. Pruitt | Partner | Litigation - General | 2004 | $1,895.00 | 2.50 | $4,737.50 |
| | | | | $1,895.00 | 1.40 | $2,653.00 |
| Anup Sathy, P.C. | Partner | Restructuring | 1995 | $2,595.00 | 14.80 | $38,406.00 |
| | | | | $2,595.00 | 8.40 | $21,798.00 |
| Anthony Vincenzo Sexton, P.C. | Partner | Taxation | 2011 | $2,075.00 | 0.20 | $415.00 |
| Josh Sussberg, P.C. | Partner | Restructuring | 2004 | $2,595.00 | 0.20 | $519.00 |
| | | | | $2,595.00 | 1.10 | $2,854.50 |
| Nicholas Warther | Partner | Taxation | 2017 | $1,825.00 | 2.10 | $3,832.50 |
| | | | | $1,825.00 | 1.00 | $1,825.00 |
| Michael C. Whalen | Partner | Litigation - General | 2015 | $1,525.00 | 60.80 | $92,720.00 |
| | | | | $1,525.00 | 50.70 | $77,317.50 |
| Aparna Yenamandra, P.C. | Partner | Restructuring | 2013 | $1,995.00 | 16.40 | $32,718.00 |
| | | | | $1,995.00 | 14.20 | $28,329.00 |
| **Total** | | | | | **1,433.20** | **$1,988,010.00** |

**Summary of Hours by Paraprofessional Billed**
**From June 1, 2025 through July 16, 2025**

| Paraprofessional Name | Position | Department | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|
| Christian Mancino | Junior Paralegal | Restructuring | $395.00 | 10.20 | $4,029.00 |
| Jessica Moskowitz | Junior Paralegal | Litigation - General | $395.00 | 1.20 | $474.00 |
| Julia F. Burnson | Paralegal | Restructuring | $685.00 | 3.10 | $2,123.50 |
| Uzo Dike | Paralegal | Litigation - General | $705.00 | 2.40 | $1,692.00 |
| Amy Donahue | Paralegal | Restructuring | $685.00 | 0.40 | $274.00 |
| Ashlyn Gallagher | Paralegal | Restructuring | $495.00 | 1.00 | $495.00 |
| Joshua King | Paralegal | Litigation - General | $595.00 | 2.50 | $1,487.50 |
| Marina Corbisiero | Litigation Services Assistant | Litigation Services | $355.00 | 0.80 | $284.00 |
| Keith Huang | Litigation & Practice Tech Senior Analyst | Litigation & Practice Tech | $560.00 | 1.80 | $1,008.00 |
| Ken Lee | Litigation & Practice Tech Project Manager | Litigation & Practice Tech | $560.00 | 1.90 | $1,064.00 |
| Tiffany Tulsiram | Senior Assistant Managing Clerk | Litigation Services | $550.00 | 0.90 | $495.00 |
| **Total** | | | | **26.20** | **$13,426.00** |

**Compensation By Project Category**
**From June 1, 2025 through July 16, 2025**

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 3 | Adversary Proceeding & Contested Matters | 2.10 | $4,231.50 |
| 4 | Corporate & Governance Matters | 9.00 | $14,390.50 |
| 5 | Disclosure Statement/Plan/Confirmation | 662.20 | $880,529.50 |
| 6 | Cash Collateral | 4.40 | $5,708.00 |
| 9 | Asset Sales/Section 363/Use, Sale, & Dis | 1.70 | $2,089.50 |
| 10 | Executory Contracts & Unexpired Leases | 53.10 | $65,247.00 |
| 12 | Claims Administration | 78.50 | $98,681.00 |
| 14 | Creditor and Stakeholder Communications | 0.30 | $778.50 |
| 16 | Hearings | 5.70 | $6,729.50 |
| 17 | Insurance and Surety Matters | 1.70 | $3,221.50 |
| 18 | Utilities | 0.70 | $1,007.50 |
| 19 | Tax Matters | 6.40 | $8,401.00 |
| 20 | Case Administration | 18.40 | $16,303.00 |

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 21 | Retention – K&E | 33.90 | $41,207.50 |
| 22 | Retention – Non-K&E | 0.70 | $872.50 |
| 23 | Vendor Matters | 6.70 | $8,966.50 |
| 24 | Litigation | 550.40 | $807,000.00 |
| 25 | Non-Working Travel | 23.50 | $36,071.50 |
| **Total** | | **1,459.40** | **$2,001,436.00** |

## Expense Summary
## From June 1, 2025 through July 16, 2025

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Airfare | | | $3,650.31 |
| Transportation to/from airport | | | $369.24 |
| Overtime Transportation | | | $223.83 |
| Travel Meals | | | $386.10 |
| Color Copies or Prints | Kirkland & Ellis LLP | | $78.65 |
| Standard Copies or Prints | Kirkland & Ellis LLP | $0.10 | $69.30 |
| Local Transportation | | | $422.94 |
| Travel Expense | | | $1,750.00 |
| Westlaw Research | | | $5,012.84 |
| Overtime Meals - Attorney | | | $140.00 |
| LexisNexis Research | | | $1,308.93 |
| OCR Only | | | $41.28 |
| Outside Retrieval Service | | | $187.00 |
| Third Party Telephone Charges | | | $16.00 |
| Computer Database Research | | | $145.00 |
| Computer Database Research - Soft | | | $176.20 |
| **Total** | | | **$13,977.62** |

| SUMMARY OF FINAL APPLICATION | |
|---|---|
| Name of Applicant | Kirkland & Ellis LLP and Kirkland & Ellis International LLP |
| Name of Client | Debtors and Debtors in Possession |
| Time Period Covered by Final Application | January 15, 2025, through July 16, 2025 |
| Total Compensation Sought During Final Application Period after all Voluntary Reductions | $12,078,588.00 |
| Total Expenses Sought During the Final Application Period | $197,934.39 |
| Petition Date | January 15, 2025 |
| Retention Date | January 15, 2025 |
| Date of Order Approving Employment | March 4, 2025 |

| SUMMARY OF FINAL APPLICATION | |
|---|---|
| Total Compensation Approved by Interim Order to Date | $8,776,015.00 |
| Total Expenses Approved by Interim Order to Date | $142,343.59 |
| Total Allowed Compensation Paid to Date | $9,302,607.40 |
| Total Allowed Expenses Paid to Date | $149,441.44 |
| Blended Rate in Final Application for all Attorneys | $1,332.84 |
| Blended Rate in Final Application for all Timekeepers | $1,257.95 |
| Compensation Sought in the Final Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed | $526,592.40 |
| Expenses Sought in Final Application Already Paid Pursuant to a Monthly Compensation Order but Not Yet Allowed | $7,097.85 |
| Number of Professionals Included in Final Application | 91 |
| If Applicable, Number of Professionals in Final Application not Included in Staffing Plan Approved by Client | N/A |
| If Applicable, Difference Between Fees Budgeted and Compensation Sought During Final Application Period | N/A |
| Number of Professionals Billing Fewer than 15 hours to the Case during Final Application Period | 32 |
| Are Any Rates Higher Than Those Approved or Disclosed at Retention? | No |

### Summary of Hours by Professional Billed in Final Fee Period

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Olivia Acuna | Associate | Restructuring | 2021 | $1,471.30 | 693.80 | $1,020,791.00 |
| Nick Anderson | Associate | Restructuring | 2023 | $1,067.79 | 195.60 | $208,860.00 |
| Marcela Barba | Associate | Corporate - Capital Markets | 2020 | $1,525.00 | 9.60 | $14,640.00 |
| Ian M. Betts | Associate | Litigation - General | 2017 | $1,345.00 | 156.50 | $210,492.50 |
| Lindsey Blumenthal | Associate | Restructuring | 2018 | $1,540.35 | 439.10 | $676,368.50 |
| Henry Caldwell | Associate | Litigation - General | 2018 | $1,445.00 | 334.80 | $483,786.00 |
| Devon N. Chenelle | Associate | Restructuring | 2023 | $881.59 | 186.50 | $164,416.00 |
| Brigit Crosbie | Associate | Litigation - General | 2021 | $1,352.91 | 241.60 | $326,862.00 |
| Chad B. Crowell | Associate | International Trade | 2020 | $1,465.00 | 2.30 | $3,369.50 |
| Kaitlan Donahue | Associate | Restructuring | 2024 | $890.87 | 308.10 | $274,476.50 |

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Carlos Estrada | Associate | Litigation - General | 2023 | $1,025.00 | 140.50 | $144,012.50 |
| Fredrica George | Associate | Restructuring | 2024 | $1,065.00 | 184.20 | $196,173.00 |
| Marie Hayashi | Associate | Litigation - General | 2021 | $1,295.00 | 15.70 | $20,331.50 |
| Alex Ingoglia | Associate | Litigation - General | 2021 | $1,345.00 | 246.00 | $330,870.00 |
| Liz Ji | Associate | Taxation | 2021 | $1,402.28 | 17.30 | $24,259.50 |
| Maggie Kate King | Associate | Technology & IP Transactions | 2021 | $1,375.00 | 1.90 | $2,612.50 |
| Alec Klimowicz | Associate | Restructuring | 2024 | $895.40 | 606.50 | $543,062.50 |
| Ben Kovach | Associate | Technology & IP Transactions | 2022 | $1,195.00 | 5.60 | $6,692.00 |
| Joshua J. Lustig | Associate | IP Litigation | 2023 | $1,025.00 | 148.40 | $152,110.00 |
| Colleen E. Mayer | Associate | ECEB - General | 2024 | $880.00 | 19.20 | $16,896.00 |
| Kelly Meyer | Associate | Restructuring | 2023 | $1,066.82 | 443.80 | $473,453.00 |
| Tyler Nappo | Associate | Antitrust/ Competition | 2025 | $880.00 | 2.60 | $2,288.00 |
| Dan O'Connor | Associate | Corporate - M&A/Private Equity | 2021 | $1,465.00 | 18.10 | $26,516.50 |
| Armando L. Prather | Associate | Litigation - General | 2022 | $1,186.11 | 69.50 | $82,434.50 |
| Joshua Raphael | Associate | Restructuring | 2023 | $1,200.17 | 250.80 | $301,002.00 |
| Maayan Sachs | Associate | ECEB - Labor/ Employment | 2022 | $1,195.00 | 3.60 | $4,302.00 |
| Nick Stratman | Associate | Restructuring | 2023 | $1,065.88 | 296.60 | $316,139.00 |
| Matt Truedson | Associate | Corporate - Debt Finance | 2023 | $1,195.00 | 23.20 | $27,724.00 |
| Lauren Valentor | Associate | Litigation - General | 2021 | $1,345.00 | 203.70 | $273,976.50 |
| Kruthi Venkatesh | Associate | Corporate - M&A/Private Equity | 2024 | $1,195.00 | 18.50 | $22,107.50 |
| Matt Waldrep | Associate | Restructuring | 2021 | $1,217.82 | 840.20 | $1,023,209.00 |
| Matthew Calloway Walker | Associate | Litigation - General | 2023 | $1,075.40 | 40.00 | $43,016.00 |
| Joe Walter | Associate | Litigation - General | 2023 | $1,025.00 | 171.30 | $175,582.50 |
| Daniel Z. Weiss | Associate | Corporate - General | 2024 | $880.00 | 6.70 | $5,896.00 |
| Dan Zagoren | Associate | Litigation - General | 2014 | $1,185.00 | 35.80 | $42,423.00 |
| Andrew Zhang | Associate | Taxation | 2024 | $925.00 | 17.40 | $16,095.00 |

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Matthew J. Zhu | Associate | Litigation - General | 2021 | $1,345.00 | 81.20 | $109,214.00 |
| James Ziemba | Associate | Restructuring | 2025 | $880.00 | 191.80 | $168,784.00 |
| Jack N. Bernstein | Of Counsel | ECEB - Employee Benefits | 1995 | $1,895.00 | 47.20 | $89,444.00 |
| Christie M. Alcala | Partner | ECEB - Labor/ Employment | 2010 | $2,045.00 | 5.50 | $11,247.50 |
| Bill Arnault, P.C. | Partner | Litigation - General | 2009 | $2,015.00 | 224.80 | $452,972.00 |
| Lamina Bowen | Partner | Litigation - General | 2016 | $1,675.00 | 0.50 | $837.50 |
| Aulden Burcher-DuPont | Partner | Litigation - General | 2014 | $1,395.00 | 34.70 | $48,406.50 |
| Jacob R. Clark | Partner | Real Estate | 2017 | $1,725.00 | 1.60 | $2,760.00 |
| Bernadette Coppola | Partner | Technology & IP Transactions | 2013 | $1,725.00 | 0.40 | $690.00 |
| Jake Alexander Ebers | Partner | ECEB - Executive Compensation | 2015 | $1,815.00 | 1.60 | $2,904.00 |
| Susan D. Golden | Partner | Restructuring | 1988 | $1,795.00 | 22.90 | $41,105.50 |
| John Thomas Goldman | Partner | Real Estate | 2002 | $2,295.00 | 0.50 | $1,147.50 |
| Martha K. Harrison | Partner | Litigation - General | 1999 | $1,735.00 | 0.30 | $520.50 |
| George W. Hicks Jr., P.C. | Partner | Litigation - General | 2006 | $2,125.00 | 3.00 | $6,375.00 |
| Ian G. John, P.C. | Partner | Antitrust/Competition | 1996 | $2,675.00 | 1.50 | $4,012.50 |
| Kathleen Vera Kinsella | Partner | Litigation - General | 2016 | $1,525.00 | 123.40 | $188,185.00 |
| Mike Kraft | Partner | Litigation - General | 2018 | $1,525.00 | 203.50 | $310,337.50 |
| Daniel Lewis, P.C. | Partner | Technology & IP Transactions | 2008 | $2,175.00 | 0.60 | $1,305.00 |
| Jeff Michalik | Partner | Restructuring | 2017 | $1,735.00 | 349.50 | $606,382.50 |
| Samantha R. Morelli | Partner | Antitrust/ Competition | 2016 | $1,815.00 | 3.30 | $5,989.50 |
| Peter Ott | Partner | Corporate - Debt Finance | 2018 | $1,725.00 | 12.30 | $21,217.50 |
| William T. Pruitt | Partner | Litigation - General | 2004 | $1,895.00 | 6.30 | $11,938.50 |
| Anup Sathy, P.C. | Partner | Restructuring | 1995 | $2,595.00 | 179.50 | $465,802.50 |

| Attorney Name | Position | Department | Date of Admission | Hourly Billing Rate In this Application | Hours Billed In this Application | Fees Billed In this Application |
|---|---|---|---|---|---|---|
| Anthony Vincenzo Sexton, P.C. | Partner | Taxation | 2011 | $2,075.00 | 14.80 | $30,710.00 |
| Josh Sussberg, P.C. | Partner | Restructuring | 2004 | $2,595.00 | 10.40 | $26,988.00 |
| Steve Toth | Partner | Corporate - M&A/Private Equity | 2005 | $2,045.00 | 14.10 | $28,834.50 |
| Andy Veit, P.C. | Partner | Corporate - Debt Finance | 2010 | $2,175.00 | 24.70 | $53,722.50 |
| Nicholas Warther | Partner | Taxation | 2017 | $1,825.00 | 34.80 | $63,510.00 |
| Michael C. Whalen | Partner | Litigation - General | 2015 | $1,525.00 | 394.10 | $601,002.50 |
| Aparna Yenamandra, P.C. | Partner | Restructuring | 2013 | $1,995.00 | 242.60 | $483,987.00 |
| **Totals** | | | | | **8,626.40** | **$11,497,579.00** |

## Final Compensation by Project Category

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 2 | Chapter 11 Filing and First Day Pleading | 165.80 | $195,960.00 |
| 3 | Adversary Proceeding & Contested Matters | 101.70 | $158,665.50 |
| 4 | Corporate & Governance Matters | 73.20 | $108,271.50 |
| 5 | Disclosure Statement/Plan/Confirmation | 1,634.30 | $2,022,099.00 |
| 6 | Cash Collateral | 390.90 | $507,956.50 |
| 7 | Cash Management | 11.90 | $13,939.50 |
| 8 | Automatic Stay Issues | 56.30 | $69,958.50 |
| 9 | Asset Sales/Section 363/Use, Sale, & Dis | 1,112.00 | $1,624,232.00 |
| 10 | Executory Contracts & Unexpired Leases | 503.00 | $580,552.50 |
| 11 | Business Operations | 16.50 | $25,539.50 |
| 12 | Claims Administration | 182.30 | $222,296.50 |
| 13 | Schedules and Statements (SOFAs) | 32.50 | $34,761.50 |
| 14 | Creditor and Stakeholder Communications | 17.00 | $29,390.00 |
| 15 | U.S. Trustee Matters and Communications | 26.50 | $40,792.50 |
| 16 | Hearings | 104.00 | $168,570.00 |
| 17 | Insurance and Surety Matters | 48.90 | $53,551.00 |
| 18 | Utilities | 44.30 | $51,616.50 |
| 19 | Tax Matters | 74.30 | $120,889.50 |

| Matter Number | Project Category Description | Total Hours | Total Fees |
|---|---|---|---|
| 20 | Case Administration | 150.60 | $162,532.50 |
| 21 | Retention – K&E | 586.10 | $589,762.00 |
| 22 | Retention – Non K&E | 235.90 | $259,187.50 |
| 23 | Vendor Matters | 293.40 | $355,452.00 |
| 24 | Litigation | 3,474.70 | $4,294,047.00 |
| 25 | Non-Working Travel | 103.80 | $158,409.00 |
| 26 | Creditors' Committee Matters | 43.30 | $48,272.00 |
| 27 | Employee and Labor Matters | 136.10 | $203,847.00 |
| **Total** | | **9,619.30** | **$12,100,551.00** |

## Final Expense Summary

| Expense | Vendor (if any) | Unit Cost (if applicable) | Amount |
|---|---|---|---|
| Third Party Telephone Charges | | | $258.42 |
| Standard Copies or Prints | Kirkland & Ellis LLP | $0.10 | $2,914.60 |
| Color Copies or Prints | Kirkland & Ellis LLP | | $3,581.05 |
| OCR Only | | | $41.28 |
| Closing/Mini Books | Kirkland & Ellis LLP | | $12.00 |
| Local Transportation | | | $888.02 |
| Travel Expense | | | $20,985.92 |
| Airfare | | | $25,564.43 |
| Transportation to/from airport | | | $7,773.97 |
| Travel Meals | | | $2,469.71 |
| Other Travel Expenses | | | $160.00 |
| Court Reporter Fee/Deposition | | | $23,481.35 |
| Filing Fees | | | $4,030.00 |
| Other Court Costs and Fees | | | $68,275.53 |
| Professional Fees | | | $790.00 |
| Outside Printing Services | | | $1,169.10 |
| Working Meals/K&E Only | | | $76.17 |
| Working Meals/K&E and Others | | | $1,212.91 |
| Catering Expenses | | | $8,193.20 |
| Outside Retrieval Service | | | $2,547.20 |
| Computer Database Research | | | $5,043.71 |
| Westlaw Research | | | $15,474.72 |
| LexisNexis Research | | | $4,482.17 |
| Overtime Transportation | | | $1,990.06 |
| Overtime Meals - Non-Attorney | | | $78.98 |
| Overtime Meals - Attorney | | | $1,705.13 |
| Rental Expenses | | | $9,012.82 |
| Overnight Delivery - Hard | | | $883.42 |
| Computer Database Research - Soft | | | $305.60 |
| **Totals** | | | **$213,401.47** |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Obj. Deadline: September 23, 2025 at 4:00 p.m. (ET)** |
| | | **Hearing Date: October 8, 2025 at 3:00 p.m. (ET)** |

## FIFTH COMBINED MONTHLY AND FINAL FEE APPLICATION OF KIRKLAND & ELLIS LLP AND KIRKLAND & ELLIS INTERNATIONAL LLP, ATTORNEYS FOR THE DEBTORS AND DEBTORS IN POSSESSION, FOR THE (I) COMBINED MONTHLY FEE PERIOD FROM JUNE 1, 2025 THROUGH AND INCLUDING JULY 16, 2025, AND (II) FINAL FEE PERIOD FROM JANUARY 15, 2025 THROUGH AND INCLUDING JULY 16, 2025

Kirkland & Ellis LLP and Kirkland & Ellis International LLP (together, "K&E"), attorneys for the above-captioned debtors (before the Effective Date,[2] collectively, the "Debtors," and after the Effective Date, collectively, the "Post-Effective Date Debtors"), hereby submits its fifth combined monthly and final fee application (the "Fee Application") for (a) allowance of compensation for professional services provided in the amount of $2,001,436.00 and reimbursement of actual and necessary expenses in the amount of $13,977.62 that K&E incurred for the period from June 1, 2025 through July 16, 2025 (the "Monthly Fee Period"); and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms later in this Fee Application, in the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 986] (as amended, supplemented, or otherwise modified from time to time, the "Plan"), or the Confirmation Order (as defined herein), as applicable.

(b) allowance of compensation for professional services provided in the amount of $12,078,588.00[3] and reimbursement of actual and necessary expenses in the amount of $197,934.39[4] that K&E incurred for the period from January 15, 2025 through July 16, 2025 (the "Final Fee Period" and together with the Monthly Fee Period, the "Fee Period").  In support of this Fee Application, K&E submits the declaration of Aparna Yenamandra, president of Aparna Yenamandra, P.C., a partner of K&E (the "Yenamandra Declaration"), which is attached hereto as **Exhibit A** and incorporated by reference.  In further support of this Fee Application, K&E respectfully states as follows.

### Jurisdiction and Venue

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The Debtors confirm their consent to the Court entering a final order in connection with this Fee Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy

---

[3]     Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $21,963.00 in fees.

[4]     Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $15,467.08 in expenses.

Procedure (the "Bankruptcy Rules"), rule 2016-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "Interim Compensation Order").

### Background

4.      On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  During the chapter 11 cases, the Debtors operated their businesses and managed their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  No request has been made for the appointment of a trustee or examiner in these chapter 11 cases.  On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Committee") [Docket No. 198].

5.      A description of the Debtors' businesses, the reasons for commencing the chapter 11 cases, and the relief sought from the Court to allow for a smooth transition into chapter 11 are set forth in the *Declaration of Michael Prendergast, Interim Chief Executive*

*Officer, in Support of Chapter 11 Petitions and First Day Motions*, filed on January 15, 2025 [Docket No. 5] and incorporated herein by reference.

6.      On March 4, 2024, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these cases.

7.      On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates (Technical Modifications)* (the "Confirmation Order") [Docket No. 1387], pursuant to which the Court approved and confirmed the Plan.  On July 16, 2025, the Effective Date of the Plan occurred and the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1416] (the "Effective Date").

**Preliminary Statement**

8.      During the Fee Period, K&E represented the Debtors professionally and diligently, advising them on a variety of complex matters and issues, as a result of which the Debtors took action to maximize the value of their estates for the benefit of all parties in interest.

9.      With K&E's advice and counsel, the Debtors successfully accomplished, among other things, the following achievements:

(a)     facilitated the commencement of these chapter 11 cases through the filing of 13 voluntary petitions;

(b)     drafted, reviewed, revised, and secured approval of all "first day" motions, allowing the Debtors to smoothly transition into chapter 11;

(c)     obtained approval of the use of cash collateral necessary to facilitate these chapter 11 cases;

(d)     filed a motion seeking approval of procedures to assume or reject executory contracts and unexpired leases and obtained Court approval of the same [Docket Nos. 16, 429];

(e)     prepared and facilitated the filing of the Debtors' schedules of assets and liabilities and statements of financial affairs and filed monthly operating reports for each month of the Fee Period;

(f)     obtained approval of the bidding procedures (the "Bidding Procedures") and the Stalking Horse Agreement [Docket No. 446], that allowed the Debtors to solicit the highest and best offers for the Debtors' assets;

(g)     continued the Debtors' prepetition marketing efforts and held an auction for substantially all of the Debtors' assets, resulting in competition between two bidders;

(h)     negotiated and achieved a global settlement with the Committee, the Prepetition ABL Agent, the Prepetition FILO Agent, the Prepetition Term Loan Agent, the Prepetition Term Loan Ad Hoc Group, and GA Joann Retail Partnership, LLC that resolved certain complex issues and provided value to the Debtors' estates;

(i)     obtained Court approval to enter into the Agency Agreement [Docket No. 520] by and between the Debtors, GA JOANN Retail Partnership, LLC, and the Prepetition Term Loan Agent for the right to liquidate substantially all of the Debtors' assets;

(j)     drafted and filed the bar date motion and obtained Court approval of the same [Docket Nos. 475, 561];

(k)     negotiated, drafted, and filed the Plan, the Disclosure Statement, the Disclosure Statement Motion, the Plan Supplement, and the Confirmation Order;[5]

(l)     negotiated and resolved numerous disputes with vendors, landlords, contract counterparties, and litigation counterparties;

(m)     commenced and completed solicitation of the Plan;

(n)     obtained approval of the Debtors' Disclosure Statement on a conditional and final basis [Docket Nos. 994, 1387] and obtained entry of the Confirmation Order [Docket No. 1387]; and

---

[5]     Docket Nos. 1353, 810, 811, 1357, 1387.

(o)     timely consummated the wind-down transactions contemplated by the Plan and emerged from chapter 11 on the Effective Date.

10.     Given these accomplishments during the Fee Period and the complexities of these chapter 11 cases, K&E submits that the compensation and expense reimbursement sought herein for the necessary and beneficial professional services K&E provided to the Debtors during the Fee Period are reasonable and appropriate, commensurate with the scale, nature, and complexity of these chapter 11 cases, and should be approved.

## Case Status Summary

11.     The Debtors commenced these chapter 11 cases with a stalking horse bid and continued their prepetition marketing process to solicit bids for the value-maximizing sale of some or all of the Debtors' business as a going-concern or otherwise.  Following a robust marketing process, the Debtors received no actionable bids for a going concern sale of their business, which prompted the Debtors to focus on obtaining the highest value possible for their assets. Following a two-day auction, the Debtors negotiated and entered into an agreement with GA Retail Partnership, LLC for the right to liquidate substantially all of the Debtors' assets.  Following the consummation of the GA Transaction, the Debtors operated their business in coordination with the Purchaser and commenced the liquidation of the Debtors' assets obtained under the Agency Agreement.

12.     In advance of the Confirmation Hearing, the Debtors resolved all informal confirmation objections and addressed all comments to the Plan and Confirmation Order from various parties in interest.  On July 10, 2025, the Court entered the Confirmation Order.  On July

16th, 2025, after consummating the wind-down transactions contemplated by the Plan, the Effective Date occurred and the Plan went effective [Docket No. 1416].

13.     During the Fee Period, the Debtors, with the assistance of K&E and their other advisors, accomplished a great deal to resolve complex issues in these chapter 11 cases and maximize value for all stakeholders.  Among other things, the Debtors' efforts over the Fee Period resulted in (a) the consummation of the GA Transaction pursuant to the Agency Agreement, which represented the highest bid for substantially all of the Debtors' assets; (b) approval of the Disclosure Statement and confirmation of the Plan; and (c) consummation of the Plan and emergence from chapter 11, all as more fully described herein.

14.     As counsel for the Debtors, K&E was instrumental in facilitating the administration of these chapter 11 cases and building significant consensus toward a Plan that was unanimously supported by the Debtors' key stakeholders, and in the best interests of the Debtors, their estates, and other parties in interest. Such a result would not have been possible without the hard work, extensive negotiations, coordination, and leadership of K&E.

**The Debtors' Retention of K&E**

15.     On March 4, 2025, the Court entered the *Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No. 545] (the "Retention Order"), attached hereto as **Exhibit B** and incorporated by reference.  The Retention Order authorizes the Debtors to compensate and reimburse K&E in accordance with the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and the Interim Compensation Order.  The Retention Order also authorizes the Debtors to compensate K&E at K&E's hourly rates charged for services of this type and to reimburse K&E for K&E's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular

terms of K&E's engagement are detailed in the engagement letter by and between K&E and the

Debtors, effective as of December 20, 2024, and attached hereto as **Exhibit C** (the "Engagement

Letter").

16.     The Retention Order authorizes K&E to provide the following services consistent

with and in furtherance of the services enumerated above:

a.     advising the Debtors with respect to their powers and duties as
debtors-in-possession in the continued management and operation of their
businesses and properties;

b.     preparing pleadings, including motions, applications, answers, orders,
reports, and papers necessary or otherwise beneficial to the administration
of the Debtors' estates and consistent with the services identified in the
Retention Order;

c.     appearing before the Court and any appellate courts to represent the interests
of the Debtors' estates before those courts in connection with the services
in the Retention Order; and

d.     performing all other legal services reasonably necessary or otherwise
beneficial for the Debtors in connection with these chapter 11 cases.

**Disinterestedness of K&E**

17.     To the best of the Debtors' knowledge and as disclosed in (a) the *Declaration of

Aparna Yenamandra in Support of the Debtors' Application for the Entry of an Order Authorizing

the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP

as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025*

[Docket No. 456-3]; and (b) the *First Supplemental Declaration of Aparna Yenamandra in

Support of the Debtors' Application for the Entry of an Order Authorizing the Retention and

Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the

Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No. 589] ((a) and

(b), collectively, the "K&E Declarations"), (i) K&E is a "disinterested person" within the meaning

of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code,

and does not hold or represent an interest adverse to the Debtors' estates and (ii) K&E has no connection to the Debtors, their creditors, or other parties in interest, except as may be disclosed in the K&E Declarations.

18.    K&E may have in the past represented, may currently represent, and likely in the future will represent parties in interest in connection with matters unrelated to the Debtors in these chapter 11 cases.  In the K&E Declarations, K&E disclosed its connections to parties in interest that it has been able to ascertain using its reasonable efforts.

19.    K&E performed the services for which it is seeking compensation on behalf of the Debtors and their estates, and not on behalf of any committee, creditor, or other entity.

20.    Except to the extent of the advance payments paid to K&E that K&E previously disclosed to this Court in the K&E Declarations, K&E has received no payment and no promises for payment from any source other than the Debtors for services provided or to be provided in any capacity whatsoever in connection with these chapter 11 cases.

21.    Pursuant to Bankruptcy Rule 2016(b), K&E has not shared, nor has K&E agreed to share (a) any compensation it has received or may receive with another party or person other than with the partners, counsel, and associates of K&E or (b) any compensation another person or party has received or may receive.

**<u>Summary of Compliance with Interim Compensation Order</u>**

22.    This Fee Application has been prepared in accordance with the Interim Compensation Order, and Article 2.C of the Plan.

23.    In accordance with the Interim Compensation Order, as of the date hereof, K&E has received payments totaling $9,452,048.84 ($9,302,607.40 of which was for services provided and $149,441.44 of which was for reimbursement of expenses) for the Fee Period.  Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the

hearing on this Fee Application, K&E seeks payment of the remaining $2,824,473.47, which amount represents the entire amount of unpaid fees and expenses incurred during the Final Fee Period.[6]

24.    K&E seeks final allowance and approval of compensation for professional services rendered to the Debtors during the Fee Period in the aggregate amount of $12,078,588.00 and reimbursement of actual expenses incurred in connection with such services in the aggregate amount of $197,934.39, for a total allowance of $12,276,522.39 for fees and expenses incurred. To date, K&E has received total payment of $9,302,607.40 for legal services rendered to the Debtors and $149,441.44 for related expenses during the Fee Period pursuant to the Interim Compensation Order.

**Fees and Expenses Incurred During Fee Period**

**A.    Customary Billing Disclosures**.

25.    K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses.  The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for other restructuring matters, as well as similar complex corporate, securities, and litigation matters whether in court or otherwise, regardless of whether a fee application is required.  The rates and rate structure reflect that such restructuring and other complex matters typically are national in scope and typically involve great complexity, high stakes, and severe time pressures.  For the convenience of the Court and all parties in interest, attached hereto as **Exhibit D** is K&E's budget and staffing plan (the "Budget and Staffing Plan") for this Fee Period, and attached hereto as **Exhibit E** is a summary of blended

---

[6]    These amounts also reflect the 20% holdback for the Fee Period.

hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtors during the Fee Period.

**B.      Fees Incurred During Fee Period**.

26.      In the ordinary course of K&E's practice, K&E maintains computerized records of the time expended to render the professional services required by the Debtors and their estates. For the convenience of the Court and all parties in interest, attached hereto as **Exhibit F** is a summary of fees incurred and hours expended during the Fee Period, setting forth the following information:

- the name of each attorney and paraprofessional for whose work on these chapter 11 cases compensation is sought;

- each attorney's year of bar admission and area of practice concentration;

- the aggregate time expended and fees billed by each attorney and each paraprofessional during the Fee Period;

- the hourly billing rate for each attorney and each paraprofessional at K&E's current billing rates;

- the hourly billing rate for each attorney and each paraprofessional as disclosed in the first and final application;

- the number of rate increases since the inception of the case; and

- a calculation of total compensation requested using the rates disclosed in the *Debtors' Application for Entry of an Order Authorizing the Retention and Employment of Kirkland & Ellis LLP and Kirkland & Ellis International LLP as Attorneys for the Debtors and Debtors in Possession Effective as of January 15, 2025* [Docket No. 424] (the "Retention Application").

**C.      Expenses Incurred During Fee Period**.

27.      In the ordinary course of K&E's practice, K&E maintains a record of expenses incurred in the rendition of the professional services required by the Debtors and their estates and for which reimbursement is sought.   K&E currently charges $0.16 per page for standard

11

duplication in its offices in the United States.  Notwithstanding the foregoing and consistent with the Local Bankruptcy Rules, K&E charged no more than $0.10 per page for standard duplication services in these chapter 11 cases.  K&E does not charge its clients for incoming facsimile transmissions.

28.    For the convenience of the Court and all parties in interest, attached hereto as **Exhibit G** is a summary for the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which K&E is seeking reimbursement.

### Summary of Legal Services Rendered During the Fee Period

29.    As discussed above, during the Fee Period, K&E provided extensive and important professional services to the Debtors in connection with these chapter 11 cases.  These services were often performed under severe time constraints and were necessary to address a multitude of critical issues both unique to these chapter 11 cases and typically faced by large corporate debtors in similar cases of this magnitude and complexity.

30.    To provide a meaningful summary of K&E's services provided on behalf of the Debtors and their estates, K&E has established, in accordance with its internal billing procedures, certain subject matters categories (each, a "Matter Category") in connection with these chapter 11 cases.  The following is a summary of the fees and hours billed for each Matter Category in the Fee Period:[7]

| Matter Number | Matter Category Description | Hours | Total Compensation |
|---|---|---|---|
| 2 | Chapter 11 Filing and First Day Pleading | 165.80 | $195,960.00 |
| 3 | Adversary Proceeding & Contested Matters | 101.70 | $158,665.50 |
| 4 | Corporate & Governance Matters | 73.20 | $108,271.50 |

---

[7]    In certain instances, K&E may have billed the same amount of fees, but different number of hours to different Matter Categories.  This difference is the result of different staffing of each such Matter Category.

| 5 | Disclosure Statement/Plan/Confirmation | 1,634.30 | $2,022,099.00 |
|---|---|---|---|
| 6 | Cash Collateral | 390.90 | $507,956.50 |
| 7 | Cash Management | 11.90 | $13,939.50 |
| 8 | Automatic Stay Issues | 56.30 | $69,958.50 |
| 9 | Asset Sales/Section 363/Use, Sale, & Dis | 1,112.00 | $1,624,232.00 |
| 10 | Executory Contracts & Unexpired Leases | 503.00 | $580,552.50 |
| 11 | Business Operations | 16.50 | $25,539.50 |
| 12 | Claims Administration | 182.30 | $222,296.50 |
| 13 | Schedules and Statements (SOFAs) | 32.50 | $34,761.50 |
| 14 | Creditor and Stakeholder Communications | 17.00 | $29,390.00 |
| 15 | U.S. Trustee Matters and Communications | 26.50 | $40,792.50 |
| 16 | Hearings | 104.00 | $168,570.00 |
| 17 | Insurance and Surety Matters | 48.90 | $53,551.00 |
| 18 | Utilities | 44.30 | $51,616.50 |
| 19 | Tax Matters | 74.30 | $120,889.50 |
| 20 | Case Administration | 150.60 | $162,532.50 |
| 21 | Retention – K&E | 586.10 | $589,762.00 |
| 22 | Retention – Non-K&E | 235.90 | $259,187.50 |
| 23 | Vendor Matters | 293.40 | $355,452.00 |
| 24 | Litigation | 3,474.70 | $4,294,047.00 |
| 25 | Non-Working Travel | 103.80 | $158,409.00 |
| 26 | Creditors' Committee Matters | 43.30 | $48,272.00 |
| 27 | Employee and Labor Matters | 136.10 | $203,847.00 |
| **Total** | | **9,619.30** | **$12,100,551.00**[8] |

31.    The following is a summary, by Matter Category, of the most significant professional services provided by K&E during the Fee Period.  This summary is organized in accordance with K&E's internal system of matter numbers.  The detailed descriptions demonstrate that K&E was heavily involved in performing services for the Debtors on a daily basis, often including night and weekend work, to meet the needs of the Debtors' estates in these chapter 11 cases.  A schedule setting forth a description of the Matter Categories utilized in this case, the

---

[8]    Total amount does not reflect agreed to voluntary reductions.

number of hours expended by K&E partners, associates and paraprofessionals by matter, and the aggregate fees associated with each matter is attached hereto as **Exhibit H**.

32.     In addition, K&E's computerized records of time expended providing professional services to the Debtors and their estates are attached hereto as **Exhibit I**, and K&E's records of expenses incurred during the Fee Period in the rendition of professional services to the Debtors and their estates are attached as **Exhibit J**.

**(a)     Chapter 11 Filing and First Day Pleading [Matter No. 2]**

Total Fees:     $195,960.00
Total Hours:    165.80

33.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the filing of the Debtors' chapter 11 petitions and various "first day" pleadings and related notices during the initial days of these chapter 11 cases, including, without limitation, (a) reviewing and revising the Debtors' petitions and First Day Motions, proposed orders, affidavits, and notices; and (b) preparing for the "first day" hearing, including drafting hearing notes and related materials and preparing potential witnesses in connection with certain of the First Day Motions.

34.     Specifically, the Debtors filed several motions seeking orders authorizing the Debtors to pay various prepetition claims.  Entry of these orders eased the strain on the Debtors' relationships with employees, vendors, customers, and taxing authorities as a consequence of the commencement of these chapter 11 cases.  Among other things, these orders authorized the Debtors to (a) pay certain critical vendors, suppliers, and lien claimants; (b) pay certain prepetition employee wages and benefits; (c) maintain cash management systems; (d) use prepetition bank accounts, checks, and other business forms; (e) make tax payments to federal, local, and state

14

taxing authorities; (f) prohibit utility companies from discontinuing services; and (g) maintain

prepetition insurance policies and enter into new insurance policies.

**(b)**      **Adversary Proceedings & Contested Matters [Matter No. 3]**

Total Fees:     $158,665.50
Total Hours:   101.70

35.     This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to adversary proceedings or other contested matters.  Specifically, K&E

attorneys and paraprofessionals spent time:

(i)     researching, drafting, negotiating, and seeking approval of various bankruptcy pleadings related to contested matters, including related to the adversary proceeding arising out of the Ohio Action (the "Ohio Litigation Adversary Proceeding.");

(ii)     preparing for contested hearings, including drafting exhibits, presentations and court materials, and preparing witnesses for the same.

(iii)     preparing responses and objections to formal discovery requests, including formal and informal requests by the Committee;

(iv)     preparing direct examination outlines for potential witnesses called to support contested motions, including with respect to the Bidding Procedures motion and the GA Transaction;

(v)     collecting, reviewing, and producing documents in response to numerous discovery requests made by the Committee; and

(vi)     coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(c)**      **Corporate & Governance Matters [Matter No. 4]**

Total Fees:     $108,271.50
Total Hours:   73.20

36.     This Matter Category includes time spent by K&E attorneys and paraprofessionals

advising the Debtors, the board of directors (the "Board"), and the special committee of JOANN's

board of directors (the "Special Committee"), as applicable, regarding various corporate and

governance issues related to the Debtors' chapter 11 cases, including the investigation carried out

by the Special Committee.  Specifically, K&E attorneys and paraprofessionals spent time:

> (i)     complying with corporate governance requirements, including drafting and revising resolutions, minutes, certificates, and amendments to corporate documents, as necessary;
>
> (ii)    preparing for and participating in meetings with the Board and senior management in connection with key issues and events regarding these chapter 11 cases;
>
> (iii)   reviewing, analyzing, and advising the Debtors with respect to various corporate governance and compliance issues;
>
> (iv)    providing updates to the Debtors and their other advisors regarding the foregoing activities.

**(d)      Disclosure Statement / Plan / Confirmation [Matter No. 5]**

Total Fees:      $2,022,099.00
Total Hours:    1,634.30

37.      This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to developing the Plan and the Disclosure Statement in connection with

these chapter 11 cases, as well as services related to obtaining confirmation of the Plan.

Specifically, K&E attorneys and paraprofessionals spent time:

> (i)     researching and analyzing complex legal and factual issues related to the Plan and the Disclosure Statement, and advising the Debtors on all aspects of their chapter 11 strategy;
>
> (ii)    drafting, negotiating, revising, and filing the Plan, the Amended Plan, the Second Amended Plan, the Disclosure Statement, and the Plan Supplement [Docket Nos. 513, 809, 810, 986, and 1241], and all related motions and exhibits;
>
> (iii)   obtaining approval of the Disclosure Statement on a conditional and final basis [Docket Nos. 994, 1387];
>
> (iv)    researching issues related to solicitation of votes on the Plan and coordinating with the Debtors' claims and noticing agent, Kroll Restructuring Administration, LLC ("Kroll") on issues related to the same;

(v) researching, drafting, negotiating, revising, and filing the Confirmation Order, the accompanying memorandum of law [Docket No. 1355], and the declarations in support thereof [Docket Nos. 1348, 1356];

(vi) engaging with creditors' counsel, counsel to landlords, the Committee, and other parties in interest regarding informal comments to the Disclosure Statement, the Plan, and the Confirmation Order and negotiating and drafting modifications to the Plan and the Confirmation Order to resolve such responses and objections;

(vii) engaging in discussions with various stakeholders to secure their support for confirmation of the Plan;

(viii) obtaining confirmation of the Plan [Docket No. 1387];

(ix) drafting and filing a motion to extend the Debtors' exclusive period for filing a chapter 11 plan and soliciting votes thereon [Docket No. 1390];

(x) implementing the Wind-Down Transactions contemplated under the Plan, including addressing emergence-related issues and preparing applicable documents related thereto; and

(xi) providing updates to the Debtors, the Debtors' other advisors, and other stakeholders regarding the foregoing activities.

**(e)** **Cash Collateral [Matter No. 6]**

Total Fees:    $507,956.50
Total Hours:    390.90

38.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the Debtors' consensual use of cash collateral and the DIP Facility, as well as the Debtors' prepetition and exit financing facilities.  Specifically, K&E attorneys and paraprofessionals spent time:

(i) obtaining entry of interim and final orders approving the Debtors' use of cash collateral;

(ii) analyzing cash collateral invoices and coordinating with the Debtors' advisors regarding payment;

(iii)  analyzing and discussing issues related to the Debtors' prepetition credit agreements; and

(iv)  coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant stakeholders regarding the foregoing activities.

**(f)**     **Cash Management [Matter No. 7]**

Total Fees:     $13,939.50
Total Hours:    11.90

39.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services critical to ensuring the continued operation and maintenance of the Debtors' cash management system.  Specifically, K&E attorneys spent time obtaining entry of interim and final orders authorizing the Debtors to operate their preexisting cash management system.

**(g)**     **Automatic Stay Issues/Relief from Stay [Matter No. 8]**

Total Fees:     $69,958.50
Total Hours:    56.30

40.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services relating to the imposition, effect, and enforcement of the automatic stay. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching automatic stay issues and analyzing litigation strategies regarding the same;

(ii)   analyzing strategies regarding application of the automatic stay, and conferencing with counsel to lift-stay parties regarding the same;

(iii)  drafting and revising automatic stay notices, stipulations, and enforcement letters;

(iv)   objecting to, or other otherwise defending against, relief from the automatic stay motions, including researching issues related thereto;

(v)    drafting and revising pleadings with respect to enforcing the automatic stay, including legal research related thereto; and

(vi)   advising the Debtors' management and other advisors regarding automatic stay matters.

(h)    **Asset Sales / Section 363 / Use, Sale, & Disposition of Property [Matter No. 9]**

Total Fees:      $1,624,232.00
Total Hours:    1,112.00

41.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the disposition of the Debtors' assets and the marketing and sale process.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)     reviewing, revising, and negotiating non-disclosure agreements and other materials with interested counterparties;

(ii)    researching, drafting, negotiating, and obtaining approval of the Bidding Procedures and Stalking Horse Agreement [Docket No. 446-1] and drafting and filing declarations in support of the same [Docket Nos. 388, 391];

(iii)   conferring with professional advisors, the Debtors, and lender groups regarding the marketing and sale process;

(iv)    reviewing and analyzing issues related to the sale and communications with potential bidders related thereto;

(v)     negotiating, reviewing, and revising intellectual property schedules with counterparties;

(vi)    coordinating and negotiating with the Purchaser regarding sale related matters, drafting materials regarding the same, and consulting with the Committee on various related matters;

(vii)   drafting, negotiating, revising, and filing a proposed order authorizing the sale of substantially all of the Debtors' assets, and obtaining approval of the same [Docket No. 520];

(viii)  drafting, reviewing, negotiating sale related documentation, and preparing for the closing of the GA Transaction; and

(ix)    advising and coordinating with the Debtors and the Debtors' advisors with respect to the foregoing.

### (i)    Executory Contracts, Unexpired Leases [Matter No. 10]

Total Fees:    $580,552.50
Total Hours:    503.00

42.    This Matter Category includes time spent by K&E attorneys examining issues related to the Debtors' executory contracts and unexpired leases.  K&E attorneys spent time researching, analyzing, renegotiating, or rejecting the Debtors' obligations under their various executory contracts.  Specifically, K&E attorneys spent time:

(i)    analyzing and researching the Debtors' obligations under executory contracts and unexpired leases and advising the Debtors with respect to their rights and obligations under such agreements pursuant to bankruptcy law and applicable non-bankruptcy law, including with respect to the assumption, assumption and assignment, or rejection of such agreements;

(ii)    drafting, revising, and filing procedures for the rejection or assumption of executory contracts and unexpired leases;

(iii)    drafting and filing a motion to extend the period during which the Debtors may assume or reject unexpired leases of nonresidential real property [Docket No. 157] and obtaining entry of an order approving the same [Docket No. 432];

(iv)    drafting and filing a motion requesting approval of store closing sales [Docket No. 385];

(v)    drafting and filing assumption notices [Docket Nos. 760, 764, 847, 929];

(vi)    obtaining Court approval of numerous omnibus rejection orders pursuant to sections 105(a), 365(a), and 554 of the Bankruptcy Code by which the Debtors rejected  numerous leases of nonresidential real property and/or executory contracts at the direction of the Purchaser [Docket Nos. 698, 699, 713, 714, 715, 801, 820, 910, 911, 912, 913, 914, 932, 933, 934, 935, 936, 939, 948, 949, 1202, 1203, 1204, 1205, 1206, 1250, 1252, 1253, 1254, 1253, 1254, 1338, 1347, 1391, 1401, and 1402];

(vii)    corresponding and conferencing with counterparties regarding treatment of their executory contracts and unexpired leases during the chapter 11 cases;

20

(viii)   negotiating consensual resolutions with contract counterparties with respect to formal and informal objections; and

(ix)   negotiating consensual resolutions to issues with landlords with respect to the treatment of their unexpired leases.

**(j)** **Business Operations [Matter No. 11]**

Total Fees:     $25,539.50
Total Hours:   16.50

43.     It was important that the Debtors and their advisors created and implemented an all-encompassing and cohesive strategy for maintaining business operations with minimal disruptions during the course of the Debtors' chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time developing a strategy with the Debtors to ensure that business operations continued without interruption. K&E attorneys and paraprofessionals also spent time advising the Debtors regarding various operational issues, including with respect to operating their businesses as debtors in possession and maintaining ordinary course operations.

**(k)** **Claims Administration [Matter No. 12]**

Total Fees:     $222,296.50
Total Hours:   182.30

44.     This Matter Category includes time K&E attorneys and paraprofessionals spent on matters related to claims administration and claims-related issues. Specifically, K&E attorneys and paraprofessionals spent time:

(i)   responding to inquiries regarding the Claims Bar Date, related Bar Date Order, and payment of claims;

(ii)   corresponding with the Debtors, their advisors, stakeholders, and other parties in interest regarding claims-related issues including 503(b)(9) claims;

(iii)   drafting, negotiating and filing the 503(b)(9) Reconciliation Procedures;

(iv)   reviewing, analyzing, and researching claims-related issues raised by creditors; and

21

(v)     reviewing and analyzing pleadings with respect to allowance of administrative claims and corresponding with claimants' counsel regarding the same.

**(l)    Schedules and Statements (SOFAs) [Matter No. 13]**

Total Fees:    $34,761.50
Total Hours:   32.50

45.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to advising the Debtors, Kroll, and other advisors in connection with the preparation, revision, and filing of the Debtors' amended schedules of assets and liabilities and statements of financial affairs.

**(m)    Creditor and Stakeholder Communications [Matter No. 14]**

Total Fees:    $29.390.00
Total Hours:   17.00

46.    This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to creditors and various stakeholders, including noticing and other communications. Specifically, K&E attorneys and paraprofessionals spent time:

(i)     corresponding with the Debtors, various stakeholders, and their respective advisors to provide updates as to developments in these chapter 11 cases;

(ii)    conducting meetings and telephone conferences with key stakeholders and their advisors regarding the Disclosure Statement, the Plan, the Confirmation Order, and the status of the chapter 11 cases; and

(iii)   responding to miscellaneous creditor inquiries and researching issues regarding the same.

**(n)    U.S. Trustee Matters and Communications [Matter No. 15]**

Total Fees:    $40,792.50
Total Hours:   26.50

47.     This Matter Category includes time spent by K&E attorneys and paraprofessionals corresponding with the U.S. Trustee with respect to the following issues:

(i)     preparing for and participating in the initial debtor interview;

(ii)    preparing for and participating in the creditors' meeting as required by section 341 of the Bankruptcy Code; and

(iii)   resolving the U.S. Trustee's informal comments to the Plan, Disclosure Statement, Plan Supplement, Confirmation Order, Sale Order and certain other motions and proposed orders filed by the Debtors in these chapter 11 cases.

**(o)     Hearings [Matter No. 16]**

Total Fees:     $168,570.00
Total Hours:    104.00

48.     This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to preparing for and attending several hearings and status conferences during the Fee Period (each a "Hearing," and collectively, the "Hearings"), including preparing agendas, orders, and binders related to Hearings, settling orders before and after Hearings, and corresponding with various parties in preparation for, and after the Hearings.  These services also included conferences to discuss multiple matters scheduled for a specific Hearing and coordinating Hearing logistics.  During the Fee Period, K&E attorneys and paraprofessionals spent considerable time preparing for and attending Hearings including:

(i)     the "first day" hearing on January 16, 2025;

(ii)    the Hearing to approve entry of the Bidding Procedures Order on February 14, 2025;

(iii)   the Hearing to approve the sale of substantially all of the Debtors' assets to the Purchaser on February 26, 2025; and

(iv)    the Confirmation Hearing on July 10, 2025.

(p)    **Insurance and Surety Matters [Matter No. 17]**

Total Fees:    $53,551.00
Total Hours:    48.90

49.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to ensuring that Debtors' insurance policies were maintained during

these chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    coordinating the payment and renewal of certain insurance
premiums; and

(ii)   corresponding with the Debtors, the Debtors' advisors, and parties
in interest regarding the scope of the Debtors' insurance policies and
the continuation of the Debtors' insurance policies during these
chapter 11 cases.

(q)    **Utilities [Matter No. 18]**

Total Fees:    $51,616.50
Total Hours:    44.30

50.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

providing services related to utility issues arising in connection with filing these chapter 11 cases,

including corresponding with utilities providers and the Debtors' other advisors regarding

postpetition payments and requests for adequate assurance.

(r)    **Tax Matters [Matter No. 19]**

Total Fees:    $120,889.50
Total Hours:    74.30

51.    This Matter Category includes time spent by K&E attorneys and paraprofessionals

conducting legal research, preparing correspondence and pleadings, and generally advising the

Debtors on tax issues related to or arising during the chapter 11 cases.  During the Fee Period,

K&E attorneys were responsible for researching and analyzing certain tax issues arising in

connection with the Debtors' business operations, including the following:

(i)    Researching and analyzing certain tax issues in connection with the
Debtors' business operations;

24

(ii)    corresponding with the Debtors' tax, accounting, and valuation services provider, Deloitte Tax LLP, regarding various tax-related issues including the Debtors' key man insurance policy;

(iii)   researching and analyzing certain tax issues related to the Agency Agreement;

(iv)   analyzing, and revising the Plan, the Disclosure Statement, and Plan Supplement with respect to tax considerations; and

(v)    coordinating and communicating with the Debtors, the Debtors' advisors, and relevant stakeholders regarding the foregoing activities.

**(s)    <u>Case Administration [Matter No. 20]</u>**

Total Fees:    $162,532.50
Total Hours:   150.60

52.    This Matter Category includes time spent on a variety of tasks that were necessary to ensure the efficient and smooth administration of legal services related to the Debtors' chapter 11 cases.  Specifically, K&E attorneys and paraprofessionals spent time:

(i)    coordinating, managing, and administering the Debtors' chapter 11 cases on a daily basis, including monitoring critical dates and maintaining a case calendar, task lists, and works-in-process reports;

(ii)   monitoring the case docket and reviewing docket entries as they were filed to apprise the Debtors and their professionals of developments in these chapter 11 cases;

(iii)   managing case management tasks among K&E personnel and other retained professionals, including holding weekly telephonic works-in-process conferences; and

(iv)   facilitating compliance with applicable requirements of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and orders or procedures issued by the Court.

53. Time billed to this Matter Category also includes work and meetings related to multiple matters such that the time cannot be easily allocated to one of the other matters.

**(t)** **Retention – K&E [Matter No. 21]**

Total Fees:    $589,762.00
Total Hours:   586.10

54. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to the retention of K&E as the Debtors' counsel. Specifically, K&E attorneys and paraprofessionals spent time:

(i) preparing pleadings and a comprehensive conflict analysis necessary to obtain the order of the Court approving the employment of K&E to represent the Debtors;

(ii) implementing internally established procedures which require the continuous analysis of potential new conflicts;

(iii) preparing updated professional disclosures for filing with the Court;

(iv) drafting, revising, and filing the Retention Application;

(v) preparing and distributing K&E's monthly fee statements in accordance with the Interim Compensation Order; and

(vi) reviewing all time entries to ensure compliance with the Interim Compensation Order and applicable provisions of the Bankruptcy Code, and to make necessary redactions to preserve the confidentiality of the work performed for the Debtors.

**(u)** **Retention – Non K&E [Matter No. 22]**

Total Fees:    $259,187.50
Total Hours:   235.90

55. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to ensuring the retention of the Debtors' other professionals in these chapter 11 cases. Specifically, K&E attorneys and paraprofessionals spent time coordinating with the Debtors and the Debtors' other advisors regarding non-K&E advisor fee applications and compliance with the disclosure requirements of the applicable provisions of the Bankruptcy Code

with respect to each professionals' retention, including resolving the U.S. Trustee's objection to Deloitte's retention. K&E attorneys and paraprofessionals also spent time coordinating with the Debtors and the Debtors' other advisors with respect to ordinary course professional retentions and complying with the related disclosure requirements of the applicable provisions of the Bankruptcy Code.

(v)    **Vendor Matters [Matter No. 23]**

Total Fees:    $355,452.00
Total Hours:   293.40

56.    This Matter Category includes time spent by K&E attorneys and paraprofessionals advising the Debtors on vendor and supplier issues, including with respect to their postpetition business activities. Specifically, K&E attorneys and paraprofessionals spent time reviewing, analyzing, and researching vendor issues, including issues related to the delivery of goods and customs and corresponding with counsel to the vendors, the Purchaser, the Debtors, and the Debtors' other advisors regarding the same.

(w)    **Litigation [Matter No. 24]**

Total Fees:    $4,294,047.00
Total Hours:   3,474.70

57.    This Matter Category includes time spent by K&E attorneys and paraprofessionals reviewing and resolving matters related to new and ongoing litigation. Specifically, K&E attorneys and paraprofessionals spent time:

(i)    researching, drafting, negotiating, and seeking approval of various bankruptcy pleadings related to contested matters;

(ii)    preparing for contested hearings, including drafting exhibits, witness and exhibit lists, and other court materials;

(iii)    preparing witnesses to testify in support of contested pleadings and defending depositions in connection therewith;

   (iv) developing strategies around potential litigation issues and drafting and revising documents in connection with the same;

   (v) reviewing and analyzing documents in connection with, and preparing responses and objections to, various discovery requests;

   (vi) researching, drafting, and analyzing issues related to the Ohio Litigation Adversary Proceeding; and

   (vii) coordinating and communicating with the Debtors, the Debtors' other advisors, and relevant parties in interest regarding the foregoing activities.

  **(x)**  **Non-Working Travel Time [Matter No. 25]**

   Total Fees: $158,409.00
   Total Hours: 103.80

 58. This Matter Category includes time spent by K&E attorneys and paraprofessionals providing services related to traveling in connection with their representation of the Debtors.  The amounts presented for review and the request for payment in the Fee Application reflect a reduction of one half the charges for travel time.

  **(y)**  **Creditors' Committee Matters [Matter No. 26]**

   Total Fees: $48,272.00
   Total Hours: 43.30

 59. This Matter Category includes time spent by K&E attorneys meeting and corresponding with the Committee's advisors to provide updates as to developments in the chapter 11 cases, providing relevant information and access to the Debtors and their records as requested, and responding to miscellaneous creditor inquiries.  During the Fee Period, K&E attorneys and paraprofessionals organized, prepared for, and attended the creditors' meeting as required by section 341 of the Bankruptcy Code.    K&E attorneys also negotiated with the Committee on various matters throughout these chapter 11 cases, including but not limited to, various pleadings related to operational relief, the Plan, the Disclosure Statement, and the Confirmation Order.

#### (z)    **Employee and Labor Matters [Matter No. 27]**

Total Fees:    $203,847.00
Total Hours:   136.10

60.    This Matter Category includes time spent by K&E attorneys and paraprofessionals addressing issues related to employee compensation and benefits and the terms of the collective bargaining agreement covering unionized employees.  K&E attorneys and paraprofessionals also spent time drafting and researching WARN Act notices and coordinating with the Debtors and the Debtors' other advisors regarding the same.

### **Actual and Necessary Expenses Incurred by K&E**

61.    As set forth in **Exhibit J** attached hereto, and as summarized in **Exhibit H** attached hereto, K&E has incurred a total of $213,401.47[9] in expenses on behalf of the Debtors during the Fee Period.  These charges are intended to reimburse K&E's direct operating costs, which are not incorporated into the K&E hourly billing rates.  K&E charges external copying and computer research at the provider's cost without markup.  Only clients who actually use services of the types set forth in **Exhibit J** of this Fee Application are separately charged for such services.  The effect of including such expenses as part of the hourly billing rates would impose that cost upon clients who do not require extensive photocopying and other facilities and services.

### **Reasonable and Necessary Services Provided by K&E**

**A.    Reasonable and Necessary Fees Incurred in Providing Services to the Debtors.**

62.    The foregoing professional services provided by K&E on behalf of the Debtors during the Fee Period were reasonable, necessary, and appropriate to the administration of these chapter 11 cases and related matters.

---

[9]    Total amount does not reflect agreed to voluntary reductions.

63.     Many of the services performed by partners and associates of K&E were provided by K&E's Restructuring Group.  K&E has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of troubled companies, with over 175 attorneys focusing on this area of the law.  The attorneys at K&E have represented either the debtor or the creditors' committee or have acted as special counsel in many large chapter 11 cases.

64.     In addition, due to the facts and circumstances of these chapter 11 cases, attorneys from K&E's litigation, corporate, and tax groups were heavily involved with K&E's representation of the Debtors.  These practice groups also enjoy a national and international reputation for their expertise.  Overall, K&E brings to these chapter 11 cases a particularly high level of skill and knowledge, which inured to the benefit of the Debtors and all stakeholders.

**B.     Reasonable and Necessary Expenses Incurred in Providing Services to the Debtors.**

65.     The time constraints imposed by the circumstances of these chapter 11 cases required K&E attorneys and other employees to devote substantial time during the evenings and on weekends to perform services on behalf of the Debtors.  These services were essential to meet deadlines, respond to daily inquiries from various creditors and other parties in interest on a timely basis, and satisfy the demands of the Debtors' businesses and ensure the orderly administration of their estates.  Consistent with firm policy, and as further disclosed in the Retention Application, K&E attorneys and other K&E employees who worked late in the evenings or on weekends were reimbursed for their reasonable meal and transportation costs.  K&E's regular practice is not to include components for those charges in overhead when establishing billing rates, but rather to

charge its clients for these and all other out-of-pocket disbursements incurred during the regular course of the rendition of legal services.

66.     In addition, due to the location of the Debtors' businesses, co-counsel, creditors, and other parties in interest in relation to K&E's offices, frequent multi-party telephone conferences involving numerous parties were required.  On certain occasions, the exigencies and circumstances of these chapter 11 cases required overnight delivery of documents and other materials.  The disbursements for such services are not included in K&E's overhead for the purpose of setting billing rates and K&E has made every effort to minimize its disbursements in these chapter 11 cases.  The actual expenses incurred in providing professional services were necessary, reasonable, and justified under the circumstances to serve the needs of the Debtors in these chapter 11 cases.

67.     Among other things, K&E makes sure that all overtime meals, travel meals, hotel rates, and airfares are reasonable and appropriate expenses for which to seek reimbursement. Specifically, K&E regularly reviews its bills to ensure that the Debtors are only billed for services that were actual and necessary and, where appropriate, prorates expenses.  In that regard, K&E will waive certain fees and reduce its expenses if necessary.  In the Fee Period, K&E voluntarily reduced its fees by $691,401.50 and expenses by $22,879.27.  Consequently, K&E does not seek payment of such fees or reimbursement of such expenses in the Fee Application.

### K&E's Requested Compensation and Reimbursement Should be Allowed

68.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses."  11 U.S.C.

§ 330(a)(1).  Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such

compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded . . .
> the court shall consider the nature, the extent, and the value of such
> services, taking into account all relevant factors, including—
>
> (a)    the time spent on such services;
>
> (b)    the rates charged for such services;
>
> (c)    whether the services were necessary to the
> administration of, or beneficial at the time at which
> the service was rendered toward the completion of,
> a case under this title;
>
> (d)    whether the services were performed within a
> reasonable amount of time commensurate with the
> complexity, importance, and nature of the problem,
> issue, or task addressed;
>
> (e)    with respect to a professional person, whether the
> person is board certified or otherwise has
> demonstrated skill and expertise in the bankruptcy
> field; and
>
> (f)    whether the compensation is reasonable based on
> the customary compensation charged by
> comparably skilled practitioners in cases other than
> cases under this title.

11 U.S.C. § 330(a)(3).

69.    K&E respectfully submits that the services for which it seeks compensation in this

Fee Application were, at the time rendered, necessary for and beneficial to the Debtors and their

estates and were rendered to protect and preserve the Debtors' estates.  K&E further believes that

it performed the services for the Debtors economically, effectively, and efficiently, and the results

obtained benefited not only the Debtors, but also the Debtors' estates and the Debtors' constituents.

K&E further submits that the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

70.     During the Fee Period, K&E's hourly billing rates for attorneys ranged from $880 to $2,675.   The hourly rates and corresponding rate structure utilized by K&E in these chapter 11 cases are equivalent to the hourly rates and corresponding rate structure used by K&E for restructuring, workout, bankruptcy, insolvency, and comparable matters, and similar complex corporate, securities, and litigation matters, whether in court or otherwise, regardless of whether a fee application is required.   K&E strives to be efficient in the staffing of matters.   These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes, and severe time pressures—all of which were present in these chapter 11 cases.

71.     Moreover, K&E's hourly rates are set at a level designed to compensate K&E fairly for the work of its attorneys and paraprofessionals and to cover certain fixed and routine overhead expenses.   Hourly rates vary with the experience and seniority of the individuals assigned.   These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

72.     In sum, K&E respectfully submits that the professional services provided by K&E on behalf of the Debtors and their estates during these chapter 11 cases were necessary and appropriate given the complexity of these chapter 11 cases, the time expended by K&E, the nature and extent of K&E's services provided, the value of K&E's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the

Bankruptcy Code.  Accordingly, K&E respectfully submits that approval of the compensation sought herein is warranted and should be approved.

73.    No previous application for the relief sought herein has been made to this or any other Court.

## **Reservation of Rights and Notice**

74.    It is possible that some professional time expended, or expenses incurred, during the Fee Period are not reflected in the Fee Application.  K&E reserves the right to include such amounts in future fee applications.  In addition, the Debtors will provide notice of this Fee Application to:  (a) the U.S. Trustee; (b) counsel to the Committee; (c) counsel to the Prepetition Term Loan Agent; (d) counsel to the Prepetition Term Loan Ad Hoc Group; (e) counsel to GA Joann Retail Partnership, LLC; (f) the United States Attorney for the District of Delaware; (g) the Internal Revenue Service; (h) the state attorneys general for states in which the Debtors conduct business; and (i) any party that is entitled to notice pursuant to Bankruptcy Rule 2002 (collectively, the "Notice Parties").  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.  Pursuant to the Interim Compensation Order, any party, other than the Notice Parties, that wishes to object to the Fee Application, must file its objection with the Court, with a copy to Chambers and serve it on the affected professional and the Notice Parties so that it is actually received on or before September 23, 2025 at 4:00 p.m. (prevailing Eastern Time).

## **No Prior Request**

75.    No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, K&E respectfully requests that the Court enter an order (a) awarding K&E compensation for professional and paraprofessional services provided during (i) the Monthly Fee Period in the amount of $2,001,436.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Monthly Fee Period in the amount of $13,977.62, and (ii) final compensation for professional and paraprofessional services provided during the Final Fee Period in the amount of $12,078,588.00, and reimbursement of actual, reasonable and necessary expenses incurred in the Final Fee Period in the amount of $197,934.39; (b) authorizing and directing the Debtors to remit payment to K&E for such fees and expenses; and (c) granting such other relief as is appropriate under the circumstances.

Dated: September 2, 2025
Wilmington, Delaware

/s/ Patrick J. Reilley

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Michael E. Fitzpatrick (No. 6797)
Jack M. Dougherty (No. 6784)
500 Delaware Avenue, Suite 1410
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:    preilley@coleschotz.com
             snewman@coleschotz.com
             mfitzpatrick@coleschotz.com
             jdougherty@coleschotz.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C. (admitted *pro hac vice*)
Aparna Yenamandra, P.C. (admitted *pro hac vice*)
601 Lexington Avenue
New York, New York 10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900
Email:    joshua.sussberg@kirkland.com
             aparna.yenamandra@kirkland.com

- and -

Anup Sathy, P.C. (admitted *pro hac vice*)
Jeffrey Michalik (admitted *pro hac vice*)
Lindsey Blumenthal (admitted *pro hac vice*)
333 West Wolf Point Plaza
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200
Email:    anup.sathy@kirkland.com
             jeff.michalik@kirkland.com
             lindsey.blumenthal@kirkland.com

*Co-Counsel to the Debtors*                                   *Co-Counsel to the Debtors*