Case# 1:25-bk-10068 CTG

ATTN: United States Bankruptcy Court
District of Delaware........Et AL.

To: The Honorable Craig T. Goldblatt
And Clerks of Court......

Cover Sheet of Kenneth J. Lafayette II
AKA Executive (Rightful) of
Joann INC et al./Joann Stores LLC
100% shareholder

100% common stockholder
requesting expedited relief.
Respectfully.

Index: 16 pages

Bankruptcy Forms of Relief, Execution and Notice/De Novo Judicial Review.

B2530 (Form 2530 12/15)

# United States Bankruptcy Court
District Of Delaware

In re Joann Stores LLC/Kenneth J. Lafayette II     Case No. 1:25-bk-10068
      Debtor*

Address: 6023 Crystal Dr. Lot #62     Chapter 11
Columbus, GA 31907

Last four digits of Social-Security or Individual Taxpayer-
Identification (ITIN) No(s).,(if any): 4201
Employer Tax-Identification (EIN) No(s).(if any): 0629, 5540, 0086

## ORDER FOR RELIEF IN
## AN INVOLUNTARY CASE

On consideration of the petition filed on January 15, 2025 against
(date)
the above-named debtor, an order for relief under chapter ____ of the Bankruptcy Code (title 11
of the United States Code) is granted.

_____     _____
Date                                      Bankruptcy Judge

*Set forth all names, including trade names, used by the debtor within the last 8 years. (Fed. R. Bankr. P. 1005).

**Fill in this information to identify your case:**

Debtor 1: Kenneth (First Name) James (Middle Name) Lafayette II (Last Name)

Debtor 2 (Spouse, if filing): N/A (First Name) N/A (Middle Name) N/A (Last Name)

United States Bankruptcy Court for the: _____ District of Delaware (State)

Case number (If known): 1:25-bk-10068

Official Form 101A

# Initial Statement About an Eviction Judgment Against You     12/15

File this form with the court and serve a copy on your landlord when you first file bankruptcy only if:

☒ you rent your residence; and
☒ your landlord has obtained a judgment for possession in an eviction, unlawful detainer action, or similar proceeding (called *eviction judgment*) against you to possess your residence.

Landlord's name: Midtown Property Management LLC./Christopher, Shay Austin

Landlord's address: 4347 Armour Road (Number Street)
Columbus (City)    GA (State)    31904 (ZIP Code)

If you want to stay in your rented residence after you file your case for bankruptcy, also complete the certification below.

**Certification About Applicable Law and Deposit of Rent**

I certify under penalty of perjury that:

☒ Under the state or other nonbankruptcy law that applies to the judgment for possession (*eviction judgment*), I have the right to stay in my residence by paying my landlord the entire delinquent amount.

☒ I have given the bankruptcy court clerk a deposit for the rent that would be due during the 30 days after I file the *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

X _[signature]_ Signature of Debtor 1

X N/A Signature of Debtor 2

Date 07/21/2025     Date _____

**Stay of Eviction:**

(a) **First 30 days after bankruptcy.** If you checked both boxes above, signed the form to certify that both apply, and served your landlord with a copy of this statement, the automatic stay under 11 U.S.C. § 362(a)(3) will apply to the continuation of the eviction against you for 30 days after you file your *Voluntary Petition for Individuals Filing for Bankruptcy* (Official Form 101).

(b) **Stay after the initial 30 days.** If you wish to stay in your residence after that 30-day period and continue to receive the protection of the automatic stay under 11 U.S.C. § 362(a)(3), you must pay the entire delinquent amount to your landlord as stated in the eviction judgment before the 30-day period ends. You must also fill out *Statement About Payment of an Eviction Judgment Against You* (Official Form 101B), file it with the bankruptcy court, and serve your landlord a copy of it before the 30-day period ends.

Check the Bankruptcy Rules ( http://www.uscourts.gov/rules-policies/current-rules-practice-procedure) and the local court's website (to find your court's website, go to http://www.uscourts.gov/court-locator) for any specific requirements that you might have to meet to serve this statement. 11 U.S.C. §§ 362(b)(22) and 362(l)

Official Form 101A                Initial Statement About an Eviction Judgment Against You

B2070 (Form 2070) (12/15)

# United States Bankruptcy Court
District Of _Delaware_

In re _Joann Inc et al./Joann Stores LLC._
Debtor* _Kenneth J. Lafayette II_    Case No. _1:25-bk-10068_

Address: _6023 Crystal Dr. Lot #62_
_Columbus, GA 31907_    Chapter _11_

Last four digits of Social-Security or Individual Taxpayer-
Identification (ITIN) No(s)., (if any):
Employer Tax-Identification (EIN) No(s).(if any): _4201_

### CERTIFICATE OF RETENTION OF DEBTOR IN POSSESSION

I hereby certify that the above-named debtor continues in possession of its estate as debtor in possession, no trustee having been appointed.

Date: _____

Clerk of the Bankruptcy Court

By: _____

Deputy Clerk

---

\* Set forth all names, including trade names, used by the debtor(s) within the last 8 years. For joint debtors, set forth the last four digits of both social-security numbers or individual taxpayer-identification numbers.

B2610A (Form 2610A) (12/15)

# United States Bankruptcy Court

_____ District Of **Delaware**

In re **Joann Inc et al. / Joann Stores**, ) Case No. **1:25-bk-10068**
         Debtor )
) Chapter **11**
**Kenneth J. Lafayette II** )
         Plaintiff )
)
v. )
**Chelsea N. Owens**, ) Adv. Proc. No. **DR2023-1379 Polk County, FL**
         Defendant )

## JUDGMENT BY DEFAULT

Default was entered against defendant **Chelsea N. Owens**
                                                 (name)
on **7/24/2023**. The plaintiff has requested entry of judgment by default and has filed an
   (date)
affidavit of the amount due and stating that this defendant is not in the military service.

Furthermore, it appears from the record that this defendant is not an infant or incompetent person.

Therefore, pursuant to Fed. R. Civ. P. 55(b)(1), as incorporated by Fed. R. Bankr. P. 7055, judgment

is entered against this defendant in favor of the plaintiff as follows: **(All Writs Act Exercised).**

- **Immediate Return of Plantiff's minor children (2) / Any Force Necessary for immediate/safe return**
- **Immediate Termination of Defendant's parental rights.**
- **Sole Parental/Physical Custody awarded to plantiff (Forever).**
- **All expenses incurred paid by defendant & accomplice/s.**
- **$10,000,000.00 in damages awarded to plantiff, immediately.**
- **Injunction put in place to enforce against defendant/s.**

_____ _____
     (Date)                                              (Clerk of the Bankruptcy Court)

B2600 (Form 2600) (12/15)

# United States Bankruptcy Court

District Of Delaware

In re Joann Inc et al. / Joann Stores LLC.,  )
      Debtor  )  Case No. 1:25-bk-10068
        )
        )  Chapter 11
Kenneth J. Lafayette II,  )
      Plaintiff  )
        )
    v.  )
Chelsea N. Owens,  )  Adv. Proc. No. DR2023-1379 Polk County, FL
      Defendant  )

## ENTRY OF DEFAULT

It appears from the record that the following defendant failed to plead or otherwise defend in this case as required by law.

> Name: Chelsea N. Owens

Therefore, default is entered against the defendant as authorized by Federal Rule of Bankruptcy Procedure 7055.

_____         Clerk of the Bankruptcy Court

                                            By:_____
Date                                               Deputy Clerk

## U.S. District Court
## Middle District of Florida (Tampa)
### CIVIL DOCKET FOR CASE #: 8:24-cv-01383-JLB-TGW

Lafayette v. Owens et al
Assigned to: Judge John L. Badalamenti
Referred to: Magistrate Judge Thomas G. Wilson
Cause: 42:1983 Civil Rights Act

Date Filed: 06/06/2024
Jury Demand: None
Nature of Suit: 370 Other Fraud
Jurisdiction: Federal Question

**Plaintiff**
**Kenneth J. Lafayette, II**   represented by   **Kenneth J. Lafayette, II**
4429 Saunders Dr.
Columbus, GA 31909
678-754-6209
PRO SE

V.

**Defendant**
**Chelsea Owens**

**Defendant**
**Joyce Owens**

**Defendant**
**Keron Enslow**

**Defendant**
**Kenneth J. Lafayette, Sr.**

**Defendant**
**Gerald Hill**
*Judge*

**Defendant**
**Florida Department of Revenue Child Support**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/06/2024 | 1 | EMERGENCY COMPLAINT against Keron Enslow, Chalsea Owens, Joyce Owens filed by Kenneth J. Lafayette, II. (Attachments: # 1 Exhibit)(KME) (CHAMBERS NOTIFIED) Modified text on 6/6/2024 (KME). (Entered: 06/06/2024) |
| 06/06/2024 | 2 | MOTION to Proceed In Forma Pauperis by Kenneth J. Lafayette, II. (KME) Motions referred to Magistrate Judge Thomas G. Wilson. (Entered: 06/06/2024) |

| Form **COL** | Violation Warning<br>Denial of Rights Under Color of Law |
|---|---|

▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983

**Name and address of Citizen**
Kenneth J. Lafayette II
4429 Saunders Dr. # 7-A
Columbus, GA 31909

**Name and address of Notice Recipient**
Osceola County Sheriff's Department
2601 E. Irlo Bronson Memorial Hwy.
Kissimmee, Fl 34744

**Citizen's statement** I have a Right to equality. I have a right to equality before law. I have a right to be free from discrimination. I have a right to Due process. I have a right to freedom of Information. I have a right to protect my family.

I certify that the forgoing information stated here is true and correct.
**Citizen's signature**
▶ *Kenneth J. Lafayette II*  | Date ▶ 11/6/2024

**Legal Notice and Warning**

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**
I, Kenneth J. Lafayette II certify that I personally delivered this notice to above named recipient and address on 11/12/2024 at 2:22 AM.

Public Domain—Privacy Form COL(01)

| Form **COL** | **Violation Warning** <br> **Denial of Rights Under Color of Law** |
|---|---|
| | ▶ Violation Warning—18 U.S.C. §242; 18 U.S.C. §245; 42 U.S.C. §1983 |

| Name and address of Citizen | Name and address of Notice Recipient |
|---|---|
| Kenneth J. Lafayette II <br> 4429 Saunders Dr. #7-A <br> Columbus, GA 31909 | Polk County Sheriff's Department <br> 255 N. Broadway Ave. <br> Bartow, Fl 33830 |

Citizen's statement: I have a right to equality. I have a right to equality before law. I have a right to be free from discrimination. I have a right to freedom of Information. I have a right to protect my family. I have a right to Due process & be free from exile & unlawful restraint.

I certify that the forgoing information stated here is true and correct.

**Citizen's signature** ▶ Kenneth Lafayette II    Date ▶ 11/6/2024

### Legal Notice and Warning

**Federal law provides that it is a crime to violate the Rights of a citizen under the color-of-law. You can be arrested for this crime and you can also be held personally liable for civil damages.**

Attempting to cause a person to do something by telling that person that such action is required by law, when it is not required by law, may be a felony.

18 USC §242 provides that whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person in any State, Territory, Commonwealth, Possession, or District to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States ... shall be fined under this title or imprisoned not more than one year, or both.

18 USC §245 provided that Whoever, whether or not acting under color of law, intimidates or interferes with any person from participating in or enjoying any benefit, service, privilege, program, facility, or activity provided or administered by the United States; [or] applying for or enjoying employment, or any perquisite thereof, by any agency of the United States; shall be fined under this title, or imprisoned not more than one year, or both.

42 USC §1983 provides that every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

**Warning**, you may be in violation of Federal Law and persisting with your demand may lead to your arrest and/or civil damages! Also understand that the law provides that you can be held personally responsible and liable, as well as your company or agency.

**You are advised** to cease and desist with your demand and to seek *personal* legal counsel if you do not understand the law.

**Notice of Service:**
I, Kenneth J. Lafayette II certify that I personally delivered this notice to above named recipient and address on ▇▇▇▇▇▇▇ at 11/12/2024 2:17AM

Public Domain—Privacy Form COL(01)

*✱ Violation of Right To Due Process*

*18 USC 371*

*Recently caught a Federal RICO.*

# Sheriff Marcos R. Lopez

## OSCEOLA COUNTY SHERIFF'S OFFICE
2601 E. Irlo Bronson Memorial Hwy. Kissimmee, Florida 34744
Telephone: 407-348-1100 • www.osceolasheriff.org

*(State of Florida in Violation of K. Lafayette's "Civil Rights"!)*

Judicial Services
2 Courthouse Square, Suite 1700
Kissimmee, Florida

Mr. Kenneth J. Lafayette II
4429 Saunders Dr. 7-A
Columbus, GA 31909

September 13, 2024

*Lafayette vs. Owens ↓*

Re:    Return of Service, Case File SU2024DM001529 — *pending case IN Georgia. (Muscogee County)*

Dear Sir/Madam:

We are returning the attached paperwork and check, number 9670205418, in the amount of $40.00 for the following reason(s):

- We can only serve process requests that are from the State of Florida.

Sincerely,
Marcos R. Lopez, Sheriff

*Recently caught a Federal RICO. (Dishonorable Discharge) Recommended.*

BY: _____
Jane Demeulenaere
Civil Enforcement Unit

*Kenneth J. Lafayette II Requests immediate return of minor daughters. (Article II)*

Member of National Sheriffs' Association                    Member of Florida Sheriffs' Association

*Florida State Accredited*

# VIEW FROM THE BENCH
## PRELIMINARY INJUNCTIONS AND TEMPORARY RESTRAINING ORDERS
### How to Get Them Effectively and Efficiently



*By Honorable C. Timothy Corcoran, III*

Attorneys are seeking temporary restraining orders and preliminary injunctions in numbers greater than ever these days it seems. Now may be a good time, therefore, to review some of the procedural basics of this aspect of bankruptcy practice.

Injunctions may only be sought in the bankruptcy court in the context of an adversary proceeding. F.R.B.P. 7001(7). The adversary complaint must contain some claim for relief that would entitle the plaintiff to an injunction.

Once the adversary proceeding is filed, Bankruptcy Rule 7065 applies. It makes applicable F.R.Civ.P. 65 with one minor — but important — exception. That exception eliminates Rule 65's requirement that security (or a bond) be posted as a condition of obtaining temporary or preliminary injunctive relief if the party seeking the relief is a debtor, trustee, or debtor in possession.

### What Are They?

A preliminary injunction is an injunction that applies pending the determination of the adversary proceeding on its merits. In its stereotypical application, a preliminary injunction freezes the status quo until the court can rule on the merits of the underlying dispute framed in the adversary proceeding's pleadings. Often it is used to preserve the dispute for determination in circumstances in which a defendant's action would moot the dispute and render the court unable to act. For example, the court may consider preliminarily enjoining a defendant's disposition of property in circumstances in which the property is claimed by the trustee to be property of the bankruptcy estate and the defendant's transfer of the property to a buyer in a foreign country is imminent. The preliminary injunction would preserve the status quo and keep the property within the jurisdiction of the bankruptcy court so the court can determine whether it is property of the estate. If it is ultimately determined to be estate property, it will still be around so the trustee can administer the property.

Under Rule 65, no preliminary injunction may be issued without notice to the adverse party. To cover those situations in which notice cannot be reasonably given, Rule 65 provides for temporary restraining orders (or TROs). A temporary restraining order is like a preliminary injunction but, if it is issued without notice to the adverse party, its duration is limited to ten days. Within that ten day period, the court must then conduct a hearing on notice to the adverse party of the plaintiff's motion for preliminary injunction. Thus, at that hearing, the TRO would dissolve and be replaced by a preliminary injunction — or not — as the court determines.

The interplay and relationship between preliminary injunctions and temporary restraining orders is also seen in the appellate rules. Preliminary injunctions entered by the district court have generally been appealable to the court of appeals just like final judgments. 28 U.S.C. § 1292. On the other hand, temporary restraining orders have generally not been appealable from the district court to the court of appeals because of their very short duration. See, e.g., 19 J. Moore, *Moore's Federal Practice* § 203.10[5](3d. ed. 2001). Under F.R.B.P. 8001 and 28 U.S.C. § 158, however, it appears that, with leave of the district court, appeals of both preliminary injunctions and temporary restraining orders may be taken from the bankruptcy court to the district court. As a practical matter, it would be difficult to prosecute an effective appeal from the bankruptcy court's TRO because of its short duration and the fact that the bankruptcy court shortly will be conducting a hearing on notice to the adverse party of the plaintiff's motion for preliminary injunction.

With this general background, how does one obtain a TRO or a preliminary injunction?

### Temporary Restraining Orders

To obtain a TRO, the adversary plaintiff files a motion for temporary restraining order separate from the adversary complaint itself. The plaintiff also files an independent motion for preliminary injunction. The motions should be supported by allegations of specific facts either stated in the verified complaint or supported by accompanying affidavits that demonstrate irreparable injury will occur absent the issuance of the TRO and that show the irreparable injury is so imminent that notice and a hearing on a motion for preliminary injunction is impractical if not impossible. In the motion or the supporting affidavits, counsel must also certify the efforts, if any, that have been made to give the opposing party notice of the relief sought and the reasons supporting the claim that notice should not be required.

The motions should describe precisely the conduct sought to be enjoined and set forth facts on which the court can make a reasoned determination as to the amount of security which must be posted if the movant is not a debtor, trustee, or debtor in possession.

The movant should file a supporting brief or legal memorandum. In the supporting brief, the plaintiff should address the following controlling issues: (1) the likelihood that the moving party will ultimately prevail on the merits of the claim; (2) the irreparable nature

*(Continued on Page 5)*

**View From the Bench** *(Cont. from page 4)*

of the threatened injury and the reason that notice cannot be given; (3) the potential harm that might be caused to the opposing parties or others if the order is issued; and (4) the public interest, if any.

Counsel should also comply with L.B.R. 9004-2(d) governing requests for emergency or expedited treatment.

The movant should also submit a proposed form of temporary restraining order. The proposed TRO should set forth the reasons for its issuance, be specific in its terms, and describe in reasonable detail, and not by reference to the complaint or other document, the act or acts sought to be restrained.

Given the bankruptcy court's congested calendar and the emergency nature of the requested relief, the court typically must decide motions for TRO on the papers and without giving the moving party the opportunity for a hearing to develop the record. It is imperative, therefore, that counsel seeking a TRO make a complete record on the papers justifying the relief counsel requests. Counsel should be mindful that the court will be unfamiliar with the underlying dispute, its factual predicate, and the parties' positions. Counsel should, therefore, strive to set forth the facts in an organized, concise, and understandable manner. A mere chronological listing of historical events is usually unpersuasive without also providing some context.

If the court enters a TRO, the court will also schedule a hearing on the motion for preliminary injunction. If the court denies the TRO and the reason for the denial would not as a matter of law preclude the issuance of a preliminary injunction, the court will schedule for hearing the motion for preliminary injunction or otherwise determine how it will consider that motion. In either event, counsel for the plaintiff would then complete service of process and all papers and orders on the adverse party.

*Preliminary Injunctions*

If counsel seeks a preliminary injunction with notice but does not seek a TRO without notice, counsel should nevertheless follow the steps described above for TROs with the exception of addressing the issue of why notice cannot be given. In the moving papers, as part of counsel's compliance with L.B.R. 9004-2(d), counsel should also inform the court of all facts necessary for the court to determine when a hearing should be scheduled, such as when the threatened harm is to occur.

Typically, any hearing the court conducts on a motion for preliminary injunction will be limited to oral argument. Counsel representing the opposing party, therefore, should file opposing affidavits no later than the day preceding the hearing, just as is done in summary judgment practice under Rule 56. If the papers and the hearing reveal a factual dispute requiring the taking of testimony and evidence, the court can direct the hearing accordingly. Opposing counsel should also file a brief or opposing legal memorandum. Depending upon the practice and preferences of the presiding judge, counsel will also want to ensure the judge has an opportunity to review the opposing brief before the hearing.

*Conclusion*

Preliminary injunctions and TROs are extraordinary remedies and are not routinely issued. When the facts warrant, however, they can be powerful tools to assist the parties, counsel, and the court in litigation. You will want to start your request for relief by reviewing the terms of the rules and complying strictly with them. When you have the right facts, packaging your requests for temporary and preliminary injunctive relief in the manner suggested here will maximize your chances of getting the relief you request in an efficient and effective manner.



PRIORITY MAIL
FLAT RATE ENVELOPE
POSTAGE REQUIRED

**PRIORITY MAIL**

FROM: Joann Stores LLC
Joann INC. Kenneth J. Lafayette II
6023 Crystal Dr. Lot #62
Columbus, GA 31907

TO: The United States
Bankruptcy Court
District of Delaware
824 N. Market St.
3rd Floor
Wilmington, Delaware 1980[?]

Label 228, December 2023    FOR DOMESTIC AND INTERNATIONAL

**PRIORITY MAIL®** Retail

US POSTAGE PAID
$11.00
Origin: 31907
07/25/25
1219980507-96

RDC 03
C012

0 Lb 4.20 Oz

EXPECTED DELIVERY DAY: 07/28/25

SHIP TO:
824 N MARKET ST
WILMINGTON DE 19801-3024



USPS TRACKING #



9505 5119 9926 5206 8422 84

FLAT ONE RATE