**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. 1317 and 1725** |

**ORDER SUSTAINING DEBTORS' NINTH**
**OMNIBUS OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)**
**(Reduced and Reclassified Claims, Reclassified Claims,**
**Substantive Duplicate Claims, Cross-Debtor Duplicate Claims)**

Upon consideration of the *Debtors' Ninth Omnibus Objection to Certain Claims (Substantive)* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms not defined herein shall have the meanings ascribed to the terms in the Objection.

Court having found that the Debtors' notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is sustained to the extent set forth herein.

2. Each Reduced and Reclassified Claim listed on **Exhibit 1** is hereby reduced and reclassified as set forth in the "*Modified Claims*" column therein.

3. Each Reclassified Claim listed on **Exhibit 2** hereto is hereby reclassified as set forth in the "*Modified Priority*" column therein.

4. Each Substantive Duplicate Claim listed on **Exhibit 3** is hereby disallowed and expunged in its entirety.

5. Each Cross-Debtor Duplicate Claim listed on **Exhibit 4** is hereby disallowed and expunged in its entirety.

6. The Debtors are authorized to take any action necessary or appropriate to give effect to this Order and the relief granted therein.

7. Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

8. The Debtors' right to file additional objections to each Reduced and Reclassified Claim, Reclassified Claim, Substantive Duplicate Claim and Cross-Debtor Duplicate Claim or

any other proofs of claim that have been or may be filed against the Debtors are preserved. Additionally, should one or more of the grounds of objection stated in the Objection be dismissed, the Debtors' rights to object on other stated grounds or on any other grounds that the Debtors discover during the pendency of these chapter 11 cases are further preserved.

9. The Debtors' objection to each Reduced and Reclassified Claim, Reclassified Claim, Substantive Duplicate Claim and Cross-Debtor Duplicate Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Reduced and Reclassified Claim, Reclassified Claim, Substantive Duplicate Claim and Cross-Debtor Duplicate Claim. Any stay of this Order pending appeal by any of the claimants subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

10. This Order is without prejudice to the rights of the Debtors, their estates, any successors thereto, and any other party in interest, to object to any other proof of claim filed in the chapter 11 cases.

11. The Court shall retain jurisdiction over the claimants whose claims are subject to the Objection with respect to any matter arising from or related to the Objection or this Order, including the interpretation, enforcement and implementation of this Order.

**Dated: September 15th, 2025**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

3