**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>JOANN, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>Re: D.I. 1483 & 1696 |

**CRAFTY(AL) LLC'S SUPPLEMENTAL STATEMENT IN SUPPORT OF SUBJECT MATTER JURISDICTION FOR THE MOTION OF CRAFTY(AL) LLC FOR ENTRY OF AN ORDER: (I) REQUIRING PAYMENT OF ADMINISTRATIVE CLAIM FOR UNPAID PRORATED 2025 REAL ESTATE TAXES; (II) COMPELLING PAYMENT OF CLAIM FOR REMOVAL OF IMPROPERLY "ABANDONED" PROPERTY AS EITHER AN ADMINISTRATIVE EXPENSE CLAIM AGAINST THE DEBTORS AND/OR LIABILITY OF PURCHASER; AND (III) GRANTING RELATED RELIEF**

CRAFTY (AL) LLC ("**Landlord**"), by and through its undersigned attorneys, hereby files this supplement in support of the Court's subject matter jurisdiction to adjudicate the *Motion of Crafty (AL) LLC for Entry of an Order: (I) Requiring Payment of Administrative Claim for Unpaid Prorated 2025 Real Estate Taxes; (II) Compelling Payment of Claim for Removal of Improperly "Abandoned" Property as Either an Administrative Expense Claim against the Debtors and/or Liability of Purchaser; and (III) Granting Related Relief* [D.I. 1483] (the "**Motion**") insofar as the Motion seeks relief against GA Joann Retail Partnership LLC ("**Purchaser**") and respectfully states as follows:[2]

---

[1] The debtors in these chapter 11 cases together with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

[2] Capitalized terms not otherwise defined in this supplement have the meanings ascribed to such terms in the Motion.

1.    Although no party disputed this Court's subject matter jurisdiction concerning the Motion, during the September 9, 2025, hearing on the Motion, the Court asked whether this Court, as a court of limited jurisdiction, has subject matter jurisdiction over Landlord's Motion insofar as it seeks relief against Purchaser.  For the reasons stated below, this Court possesses subject matter jurisdiction under 28 U.S.C. § 1334(b) and the <u>Travelers</u> principle, notwithstanding that this aspect of the Motion principally involves a dispute between two non-debtor entities.[3]

2.    Based on the Sale Order [Dkt. No. 520] entered by this Court and the Agency Agreement [Dkt. No. 520-1] approved thereby, Purchaser acquired substantially all the Debtors' assets either directly or such that certain of those assets were held in trust for Purchaser.  Either way, such assets no longer were property of the Debtors' estates.  As discussed in Landlord's Motion and its reply filed September 4, 2025 [Dkt. No. 1696] (the "**Reply**"), Landlord seeks relief resulting from Purchaser's wrongful discarding of the Improperly Abandoned Assets – property then owned by Purchaser (and not by the Debtors' estates) – at Landlord's distribution center once those items and the Leased Premises were no longer of use to Purchaser.  Through the Motion Landlord requested this Court, <u>inter alia</u>, to: (a) interpret and enforce the Sale Order and the Agency Agreement to determine Purchaser was the beneficial owner of the Improperly Abandoned Assets as of the March 31, 2025 Rejection Effective Date (<u>see</u>, <u>e.g.</u>, Motion ¶¶ 38 – 55); (b) enforce the Sale Order's express prohibitions against abandoning at the Leased Premises any property not then property of the Debtors' estates (<u>see</u>, <u>e.g.</u>, Motion ¶¶ 21, 47, & 48);[4] (c) enforce the prohibition

---

[3]    The Court's subject matter jurisdiction over the Motion to the extent directed against the Debtors is not at issue. Regardless, the portion of the Motion concerning the Debtors, which seeks relief pursuant to Bankruptcy Code sections 365(d)(3), 503(b), and 507(a)(2), is indisputably within this Court's core "arising under" jurisdiction. <u>See</u> <u>In re MTE Holdings LLC</u>, Case No. 19-12269, 2021 Bankr. LEXIS 1490, *13 (Bankr. D. Del. June 2, 2021) (Goldblatt, J.).

[4]    <u>See</u> Sale Order, ¶¶ 20 & 63 ("Notwithstanding anything to the contrary in the Agency Agreement or this Approval Order, [Purchaser] may not abandon any property at a Store or Distribution Center that does not belong to [the Debtors].").

in the Confirmation Order [Dkt. No. 1387] against abandoning any property at any premises leased by the Debtors that was not owned by the Debtors as of the effective date of rejection of such lease (see, e.g., Motion ¶¶ 22 & 48);[5] and (d) award Landlord monetary relief to remedy the damages resulting from Purchaser's unauthorized abandonment of property in violation of applicable non-bankruptcy law (see, e.g., Motion Ex. A (Proposed Order) & Reply, ¶ 26 & n.6).

3.     Initially, the Sale Order,[6] the Confirmation Order,[7] and the Plan[8] contain expansive retention of jurisdiction provisions whose express terms preserve this Court's subject matter jurisdiction over this matter. While Landlord recognizes the Court is not empowered to enlarge its subject matter jurisdiction beyond what is statutorily and Constitutionally authorized, the cited provisions in the Sale Order, Confirmation Order, and Plan provide for the Court to retain its post-confirmation subject matter jurisdiction to the fullest extent permissible.

---

[5]    See Confirmation Order, ¶ 95 ("Notwithstanding anything to the contrary in the Plan or this Confirmation Order, no property remaining on the premises subject to a rejected Unexpired Lease shall be deemed abandoned by the Debtors or Wind-Down Debtors, as applicable, unless owned by such Debtors or Wind-Down Debtors as of the effective date of such rejection.").

[6]    See Sale Order, ¶ 60 ("The Court shall retain jurisdiction with respect to all matters arising out of or relating to the interpretation, implementation, or enforcement of this Approval Order, the terms and provisions of the Agency Agreement, and all other Transaction Documents.").

[7]    See Confirmation Order, ¶ 106 ("106. The provisions governing the retention of jurisdiction set forth in Article XI of the Plan are hereby approved in their entirety. This Bankruptcy Court may, and upon the Effective Date shall, retain jurisdiction over the matters arising in and out of, and related to, these Chapter 11 Cases, as set forth in Article XI of the Plan.").

[8]    See Plan, Art. XI (stating that "on and after the Effective Date, the Bankruptcy Court shall retain jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction to: . . . 8. enter and enforce any order for the sale of property pursuant to sections 363, 1123, or 1146(a) of the Bankruptcy Code; 9. resolve any cases, controversies, suits, or disputes that may arise in connection with the interpretation of the Approval Order; . . 15. determine any other matters that may arise in connection with or relate to the Plan, the Disclosure Statement, the Confirmation Order, or any contract, instrument, release, indenture, or other agreement or document created in connection with the Plan or the Disclosure Statement; . . . 24. enforce all orders previously entered by the Bankruptcy Court; . . . [and] 26. hear any other matter over which the Bankruptcy Court has jurisdiction under the Bankruptcy Code.").

4.       Against this backdrop, this Court undeniably has subject matter jurisdiction to consider and grant all the relief Landlord seeks against Purchaser. First, this Court unquestionably has jurisdiction to determine whether the property at issue (i.e., the Improperly Abandoned Assets) was property of the Debtors' estates on the March 31, 2025 Rejection Effective Date. This Court has exclusive jurisdiction over all property of a debtor and its estate in a case pending before this Court. See 28 U.S.C. § 1334(e). Correspondingly, it is well established that requests, like that embodied in the Motion, to determine what property is estate property under Bankruptcy Code section 541 are core proceedings within a bankruptcy court's subject matter jurisdiction.[9]

5.       Second, Landlord's requests that this Court interpret and enforce the Sale Order (¶¶ 20 and 63) and Confirmation Order (¶ 95), which each include express provisions prohibiting abandonment of property not then owned by the Debtors.[10] Ruling on such a request involves

---

[9] See e.g., In re AGR Premier Consulting, Inc., 550 F. App'x 115, 122 (3d Cir. 2014) ("[A] determination of what is property of the estate . . . is precisely the type of proceeding over which the bankruptcy court has exclusive jurisdiction." (cleaned up)); In re Point Blank Solutions Inc., 449 B.R. 446, 449 (Bankr. D. Del. 2011) ("It is well established that proceedings to determine what constitutes property of the bankruptcy estate under section 541(a) of the Bankruptcy Code are core proceedings."); Schroeder v. New Century Holdings, Inc. (In re New Century Holdings, Inc.), 387 B.R. 95, 105 (Bankr. D. Del. 2008) ("Various courts have concluded that matters requiring a declaration of whether certain property comes within § 541's definition of 'property of the estate' are core proceedings.") (collecting cases); Williams v. McGreevey (Touch Am. Holdings, Inc.), 401 B.R. 107, 117 (Bankr. D. Del. 2009) (same).

[10] During the September 9 hearing, the Court expressed its initial inclination to read paragraphs 20 and 63 of the Sale Order narrowly so they only would prohibit Purchaser from exercising the Debtors' abandonment power under section 554 of the Bankruptcy Code. That potential interpretation had not been addressed in the Objections to the Motion or Landlord's Reply. First, context is important as the aforementioned Sale Order language was added to resolve Landlord's objection [D.I. 257] to the Debtors' sale motion "**Sale Objection**") made in part, because language in the Agency Agreement appeared to confer expansive abandonment powers on Purchaser extending to property not owned by the Debtors and to insulate Purchaser from any liability resulting therefrom. See e.g., Agency Agree. § 7.1. In pertinent part, Landlord's Sale Objection stated: ""Agent may not bring property into the leased premises or abandon Agent's property at those premises." Sale Objection P 15. Only the broader interpretation of paragraphs 20 and 63 to prohibit abandonment of Purchaser's property could have resolved that objection. Also, that language, would have been unnecessary if imbued with narrow meaning. Section 554(a) already states expressly that the bankruptcy power of abandonment is limited to the trustee (DIP) and to property of the estate. 11 U.S.C. s. 554(a) ("After notice and a hearing, the trustee may abandon any property of the estate . . . ."). Had the parties intended to refer only to the section 554 bankruptcy abandonment power, they could have, and elsewhere did, specifically reference section

quintessential exercise of this Court's "arising in" jurisdiction under 28 U.S.C. § 1334(b). "[T]he Bankruptcy Court plainly ha[s] jurisdiction to interpret and enforce its own prior orders." Travelers Indem. Co. v. Bailey, 557 U.S. 137, 151 (2009) (hereinafter "Travelers"). Further, "[t]he Third Circuit has repeatedly held that a post-sale and post-confirmation posture of an enforcement motion did 'not divest the Bankruptcy Court of jurisdiction because it had jurisdiction to interpret and enforce those prior orders.'"[11] In re Bowflex Inc., Case No. 24-12364, 2025 Bankr. LEXIS 1909, *27 (Bankr. D.N.J. Aug. 11, 2025) (quoting In re Te Holdcorp LLC, No. 22-1807, 2023 U.S. App. LEXIS 2029 at *7 (3d Cir. Jan. 26, 2023) (Unpub.)). Nor is it material to the Court's jurisdictional analysis under Travelers that a component of the Motion concerns a dispute primarily between non-debtors (i.e., Landlord and Purchaser).[12]

---

554. See, e.g., Third Rejection Order, ¶ 2 [Dkt. No. 713] ("Any and all property located on the Debtors' leased premises on the Rejection Effective Date of the applicable Lease shall be deemed abandoned pursuant to section 554 of the Bankruptcy Code, as is, effective as of the Rejection Date."); [Rejection Procedures Order], ¶ 2.h [Dkt. No. 429]. Moreover, the broader interpretation also is compelled by comparable protective language added to paragraph 95 of the Confirmation Order to neutralize similarly overexpansive language in the Plan and elsewhere in the Confirmation Order. The key now for purposes of this Court's examination of its subject matter jurisdiction is that at a minimum, these provisions of the Sale Order and Confirmation Order must be interpreted and it is not necessary now for the Court to definitively resolve their meaning. In contrast, dismissal for lack of subject matter jurisdiction is proper only when the claim looks "obviously immaterial and made solely for the purpose of obtaining jurisdiction or . . . is wholly insubstantial and frivolous." Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991) (quoting Bell v. Hood, 327 U.S. 678, 682 (1946) (internal quotes omitted)).

[11] See also e.g., In re Essar Steel Minnesota LLC, 47 F.4th 193, 199-200 (3d Cir. 2022) (bankruptcy court had core jurisdiction to interpret "the discharge injunction order in its own plan and confirmation order" post-confirmation); In re In re Allegheny Health Educ. & Rsch. Found., 383 F.3d 169, 174-76 (3d Cir. 2004) (postconfirmation matter "was a core proceeding because it required the court to interpret and give effect to its previous sale orders").

[12] See e.g., Bowflex, 2025 Bankr. LEXIS 1909, at *26-32 (holding that action by purchaser to enforce plan and sale order provisions against litigant was a core proceeding within bankruptcy court's jurisdiction per Travelers and within its "arising in" and "arising under" jurisdiction); Allegheny Health, 383 F.3d at 174-76 (holding that bankruptcy court erred in denying its subject matter jurisdiction over purchaser's suit to vacate arbitration award in favor of union); Luan Inv. S.E. v. Franklin 145 Corp. (In re Petrie Retail, Inc.), 304 F.3d 223, 230 (2d Cir. 2002) (rejecting contention that bankruptcy court lacked subject matter jurisdiction over motion seeking to enforce plan injunction that opposing party asserted to be a "post-sale contract dispute between two non-debtors").

5

6. Third, even to the extent Landlord asserts trespass or other claims against Purchaser predicated upon Alabama or other applicable non-bankruptcy law, Landlord's claims are inextricably intertwined with the Debtors' central restructuring activities in these cases, to wit, the liquidation and sale of the Debtors' business and assets. That is particularly true here as Purchaser was operating within Landlord's premises as the Debtors' invitee and pursuant to vague authority granted under this Court's Sale Order. Consistent with this Court's recent holding in Aerocision Parent, LLC, v. Citizens Bank, N.A. (In re Aerocision Parent, LLC), 667 B.R. 1 (Bankr. D. Del. 2025), insofar as Landlord asserts such trespass and other non-bankruptcy bases for relief pursuant to the Motion, such claims are squarely within this Court's "arising in" jurisdiction under 28 U.S.C. § 1334(b). Further, while these claims against Purchaser conceivably could be pursued in another forum, they are so rooted in events occurring in these cases as to be "inseparable from the bankruptcy context". Id. at 8 (citing Geruschat v. Ernst Young LLP (In re Seven Fields Dev. Corp.), 505 F.3d 237 (3d Cir. 2007)). Moreover, the threshold issues of the extent of the Debtors' property interest and interpretation of this Court's Orders still would need to be addressed.

7. Landlord's claims for relief against Purchaser plainly are "ones that are about what happened in the bankruptcy case." Kennedy Lewis Partners Master Fund LP v. Abry Partners, LLC (In re Town Sports Int'l, LLC), Adv. Pro. No. 22-50406, 2023 Bankr. LEXIS 30, *45 (Bankr. D. Del. Jan. 6, 2023) (Goldblatt, J.). This Court's orders, including the Sale Order, enabled Purchaser to use and occupy the Leased Premises for a certain period and subject to certain conditions specified therein and in the Agency Agreement. Further, the Sale Order and Agency Agreement specified the circumstances under which Purchaser would be deemed the owner of the Debtors' assets. These orders were entered, and these events occurred, in the context of chapter 11 cases that within a month of having been filed had evolved into total liquidations of the Debtors'

assets and business. Thus, the issues involving the Sale Order, Agency Agreement, and other orders, agreements and related events raised by Landlord's Motion, "go[] to the heart of the administration" of these liquidating cases.[13] Seven Fields, 505 F.3d at 262. Accord Aerocision, 667 B.R. at 8 ("Restructuring support agreements go directly to the heart of a bankruptcy case - the restructuring of the debtor-creditor relationship through the confirmation process.").

*[Continued on next page]*

---

[13] This Court's decision in Kennedy Lewis is not in conflict. The claims at issue there were fundamentally claims for the breach of a prepetition credit agreement that defendants "sought to recast as ones that [were] about what happened in the bankruptcy case." Kennedy Lewis, 2023 Bankr. LEXIS 30, at *45. That was the basic nature of the claim. Here, in contract, Landlord is pursuing claims against Purchaser that arise directly out of the postpetition Agency Agreement and Sale Order that are central to the administration of these chapter 11 cases.

## **CONCLUSION**

WHEREFORE, for all the foregoing reasons and those stated in the Motion and Reply, this Court should find it has, and should exercise, subject matter jurisdiction over the Motion insofar as it concerns Landlord's disputes with Purchaser.

Dated: September 16, 2025
Wilmington, Delaware

**DORSEY WHITNEY (DELAWARE) LLP**

 */s/ Gregory W. Werkheiser*
Gregory W. Werkheiser (No. 3553)
300 Delaware Ave, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7165
Werkheiser.Gregory@dorsey.com

*- and -*

**CHAFFETZ LINDSEY LLP**
Alan J. Lipkin
1700 Broadway, 33rd Floor
New York, NY  10019
Telephone: (212) 257-6960
Facsimile: (212) 257-6950
alan.lipkin@chaffetzlindsey.com

*Co-Counsel to CRAFTY (AL) LLC*