## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: October 24, 2025 at 2:00 p.m. (ET)** |
| | ) | **Response Deadline: October 8, 2025 at 4:00 p.m. (ET)** |

### PLAN ADMINISTRATOR'S FOURTEENTH OMNIBUS
### OBJECTION TO CERTAIN CLAIMS (SUBSTANTIVE)
### (Substantive Duplicate Claims, Reclassified Claims)

> ***TO ALL PARTIES RECEIVING THIS OBJECTION:***
>
> **YOU SHOULD REVIEW THE PROPOSED ORDER, INCLUDING <u>EXHIBIT 1</u> AND <u>EXHIBIT 2</u>, TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED IN THE PROPOSED ORDER AND/OR ARE ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**
>
> **YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

Ann Aber, solely in her capacity as the plan administrator (the "<u>Plan Administrator</u>")

appointed in the above-captioned cases, hereby files this objection (the "<u>Objection</u>") seeking

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1,

entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), (i) disallowing and expunging the substantive duplicate claims listed on **Exhibit 1** of the Proposed Order and (ii) reclassifying the claims listed on **Exhibit 2** of the Proposed Order.  In support of the Objection, the Plan Administrator submits and incorporates herein the declaration attached hereto as **Exhibit B** (the "Aber Declaration"), and respectfully represents as follows:

### Jurisdiction

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Administrator consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal predicates for the relief requested in the Objection are section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1.

---

LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027).  The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

**Background**

**A.      The Chapter 11 Cases.**

4.      On January 15, 2025 (the "<u>Petition Date</u>"), each of the debtors (collectively, the "<u>Debtors</u>"), currently the wind-down Debtors (the "<u>Wind-Down Debtors</u>") under the Plan (as defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "<u>Court</u>").

5.      On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 103.

6.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "<u>Committee</u>") in these chapter 11 cases.  *See* Docket No. 198.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.      Schedules, SOFAs, and Bar Date Order.**

8.      On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "<u>Schedules</u>") and Statements of Financial Affairs (the "<u>SOFAs</u>") [Docket Nos. 359-384].

9.      On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing*

*Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankrutpcy Code arising prior to February 26, 2025 to file a proof of claim.

10.    Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 579, 689.

**C.    Plan Confirmation, Effective Date, and Appointment of Plan Administrator.**

11.    On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the "Plan").  The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See* Docket No. 1416.

12.    Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement.  *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D.  Pursuant to her appointment, the Plan

Administrator was granted authority to, among other things, file and prosecute claim objections. *See* Plan Art. VII.B.

**D.    Claims Resolution Process.**

13.    More than 19,900 proofs of claim were filed in the chapter 11 cases.  The Plan Administrator is continuing to review and reconcile the filed proofs of claim with the Debtors' books and records to determine the validity of the asserted claims.  This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance and reclassification.  To avoid possible improper recovery by claimants, the Plan Administrator is filing this Objection to the substantive duplicate claims and reclassified claims set forth on **Exhibit 1** and **Exhibit 2** to the Proposed Order.

**Relief Requested**

14.    By this Objection, the Plan Administrator objects to the claims set forth on **Exhibit 1** and **Exhibit 2** to the Proposed Order pursuant to section 502(b) of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1.  The Plan Administrator respectfully requests entry of the Proposed Order:  (i) disallowing and expunging the substantive duplicate claims on **Exhibit 1** to the Proposed Order and (ii) reclassifying the reclassified claims on **Exhibit 2** to the Proposed Order, as set forth herein.

**Objection to Disputed Claims**

**A.    Substantive Duplicate Claims.**

15.    The Debtors object to the claims listed on **Exhibit 1** to the Proposed Order (collectively, the "Substantive Duplicate Claims") as claims that are duplicative of other proofs of claim filed by, or on behalf of, the same claimant in respect of the same liabilities, but with

certain differences.  The specific reasoning for the disallowance of each Substantive Duplicate Claim is set forth in greater detail on **Exhibit 1** to the Proposed Order.

16.     Failure to disallow the Substantive Duplicate Claims would result in the applicable claimants receiving an unwarranted recovery against the Debtors' estates to the detriment of other creditors in these chapter 11 cases.  Accordingly, the Debtors request entry of an order disallowing each Substantive Duplicate Claim identified on **Exhibit 1** to the Proposed Order.

**B.     Reclassified Claims.**

17.     The claimants asserting claims listed on **Exhibit 2** to the Proposed Order (collectively, the "Reclassified Claims") improperly assert that their claims are entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.  The Plan Administrator has reviewed the Reclassified Claims and any related supporting documentation provided by each applicable claimant, along with the Debtors' books and records, and has determined that the Reclassified Claims should be classified as non-priority general unsecured claims.  The Reclassified Claims do not relate to goods received by the Debtors within 20 days of the Petition Date and are therefore not entitled to administrative expense status under section 503(b)(9) of the Bankruptcy Code.  A further explanation for the proposed reclassification of each Reclassified Claim is set forth on **Exhibit 2** to the Proposed Order.

18.     Any failure to reclassify the Reclassified Claims, as indicated on **Exhibit 2** to the Proposed Order, will award the applicable claimants undue administrative priority status to the detriment of other creditors in these chapter 11 cases.  Accordingly, subject to further objection, the Plan Administrator requests entry of the Proposed Order reclassifying the Reclassified Claims as indicated on **Exhibit 2** to the Proposed Order.

**Basis for Relief**

19.    When asserting a proof of claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Energy Future Holdings,* 2016 WL 4925052, at *3 (D. Del. Sept. 14, 2016) ("The initial burden is on the claimant to allege sufficient facts to support the claim"); *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d. Cir. 1992).  Where the claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity.  *See Allegheny Int'l*, 954 F.2d at 173.  A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claim's *prima facie* validity.  *See Energy Future Holdings*, 2016 WL 4925052, at *3 ("The objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency"); *see also* 11 U.S.C. § 502(a); FED. R. BANKR. P. 3001(f).

20.    A claim, however, should not be allowed if that claim is unenforceable against a debtor and property of a debtor, under any agreement or applicable law.  *See* 11 U.S.C. § 502(b)(1).  If an objection is made to the proof of claim, the claimant has the ultimate burden of persuasion as to the validity and amount of the claim.  *See Allegheny Int'l*, 954 F.2d at 172.  In addition, Bankruptcy Rule 3007 and Local Rule 3007-1 permit the Plan Administrator to make omnibus objections to the Substantive Duplicate Claims and Reclassified Claims.

21.    For the reasons set forth herein, the claims addressed in this Objection should be disallowed and expunged or reclassified as set forth in **Exhibit 1** and **Exhibit 2** to the Proposed Order.

**Separate Contested Matters**

22.    To the extent that a response is filed regarding any Substantive Duplicate Claim or Reclassified Claim listed in the Objection and the Plan Administrator is unable to resolve the

response, each such claim, and the objection by the Plan Administrator to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator respectfully requests that any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each claim.

### Reservation of Rights

23.    The Plan Administrator hereby reserves the right to further object to the Substantive Duplicate or Reclassified Claims on any additional factual or legal grounds. Without limiting the generality of the foregoing, the Plan Administrator specifically reserves the right to amend the Objection, file additional papers in support thereof or take other appropriate actions, including to:  (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Plan Administrator or through discovery.

### Compliance with Local Rule 3007-1

24.    To the best of the Plan Administrator's knowledge and belief, the Objection, including the exhibits annexed to the Proposed Order, substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply with the requirements of Local Rule 3007-1, the Plan Administrator submits that the deviations are not material and respectfully requests that those requirements be waived.

### No Prior Request

25.    No prior request for the relief sought in the Objection has been made to this or any other court.

## **Notice**

26.    The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **Conclusion**

WHEREFORE, for the reasons stated herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:  September 17, 2025
Wilmington, Delaware

/s/ Michael E. Fitzpatrick
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:          preilley@coleschotz.com
                   snewman@coleschotz.com
                   jdougherty@coleschotz.com
                   mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 274-2489
Facsimile:    (216) 241-2824
Email:          cwick@hahnlaw.com
                   pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*