## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: October 24, 2025 at 2:00 p.m. (ET)** |
| | ) | **Obj Deadline: October 8, 2025 at 4:00 p.m. (ET)** |

**MOTION OF
PLAN ADMINISTRATOR FOR ENTRY OF AN
ORDER (I) CLOSING CERTAIN CHAPTER 11 CASES,
(II) MODIFYING CASE CAPTION AND DIRECTING
ADMINISTRATION IN THE LEAD CASE, (III) MODIFYING
RULE 2002 SERVICE LIST, AND (IV) GRANTING RELATED RELIEF**

Ann Aber (the "Plan Administrator"), solely in her capacity as Plan Administrator under

the confirmed *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates*

*(Technical Modifications)* [Docket No. 1353] (the "Plan")[2] of the above-captioned debtors and

debtors in possession (collectively, the "Wind-Down Debtors," and before the Effective Date of

the Plan, the "Debtors") files this motion (this "Motion") for entry of an order and final decree,

substantially in the form attached hereto as **Exhibit A** (the "Proposed Final Decree"), pursuant to

sections 105(a) and 350 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3022

of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and Rules 3022-1 and

9004 1(c) of the Local Rules of the United States Bankruptcy Court for the District of Delaware

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them later in this Motion or in the Plan, as applicable.

(the "Local Rules"):  (a) closing certain of the Chapter 11 Cases; (b) modifying case caption and directing administration in the Lead Case; (c) modifying Bankruptcy Rule 2002; and (d) granting related relief.

### Preliminary Statement

1.     The Debtors emerged from chapter 11 on July 16, 2025.  Pursuant to the Plan and the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order"), the Wind-Down Debtors and the Plan Administrator are responsible for, among other things, winding down the Wind-Down Debtors' remaining businesses and affairs, making distributions in accordance with the Plan, and administering the Plan.

2.     Pursuant to the Plan, this Court retains jurisdiction to, among other things, "enter an order or final decree concluding or closing any of the Chapter 11 Cases."  Plan, Art. XI.16. Accordingly, the Plan contemplates that one or more of the Chapter 11 Cases would be closed after the Effective Date.

3.     In an effort to streamline the post-confirmation administration of the Chapter 11 Cases, to reduce the burden of having to file multiple quarterly reports, and to save costs, the Plan Administrator seeks to close all of the Chapter 11 Cases except that of JOANN Inc., which case will remain open under Case No. 25-10068 (the "Lead Case").

### Jurisdiction and Venue

4.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing*

*Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Plan Administrator confirms her consent, pursuant to Local Rule 9013-1(f), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6.     The statutory and legal predicates for the relief sought herein are sections 105(a) and 350 of the Bankruptcy Code, Bankruptcy Rule 3022, Local Rules 3022-1 and 9004-1(c), and Article XII.J of the Plan.

### **Background**

7.     On January 15, 2025 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. No trustee or examiner was appointed in the Debtors' Chapter 11 Cases..

8.     On January 16, 2025, the Court entered an order [Docket No. 103] authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.

9.     On January 28, 2025, the United States Trustee for the District of Delaware (the "U.S. Trustee") appointed an official committee of unsecured creditors (the "Committee"). *See* Docket No. 198.

10.     On February 26, 2025, the Debtors filed the *Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates* [Docket No. 513] with the Court. Subsequently, the Debtors filed amended versions of the plan [Docket Nos. 809, 986, 1353].

11.     On July 10, 2025, the Court confirmed the Plan attached as <u>Exhibit A</u> to the Confirmation Order.  The Effective Date of the Plan occurred on July 16, 2025 [Docket No. 1416], and the Debtors emerged from chapter 11 as the Wind-Down Debtors.

<b><u>Relief Requested</u></b>

12.     The Plan Administrator seeks entry of the Proposed Final Decree, substantially in the form attached hereto as **<u>Exhibit A</u>**, closing the following cases (collectively, the "<u>Closed Cases</u>"):

| Debtor | Case No. |
|---|---|
| JOANN Holdings 1, LLC | Case No. 25-10069 |
| JOANN Holdings 2, LLC | Case No. 25-10070 |
| Needle Holdings LLC | Case No. 25-10071 |
| Jo-Ann Stores, LLC | Case No. 25-10072 |
| Creative Tech Solutions LLC | Case No. 25-10073 |
| Creativebug, LLC | Case No. 25-10074 |
| WeaveUp, Inc. | Case No. 25-10075 |
| JAS Aviation, LLC | Case No. 25-10076 |
| joann.com, LLC | Case No. 25-10077 |
| JOANN Ditto Holdings Inc. | Case No. 25-10078 |
| Jo-Ann Stores Support Center, Inc. | Case No. 25-10079 |
| Dittopatterns LLC | Case No. 25-10080 |

13.     The Lead Case will be JOANN Inc. (Case No. 25-10068), which will remain open. The Plan Administrator requests that all remaining matters to be administered under the Plan, including the resolution or adjudication of any claims and interests asserted in the Closed Cases, take place in the Lead Case.

14.     The Plan Administrator proposes that the caption for the Lead Case be amended and provide as follows:

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |

---

[1]  The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

---

15.     The Plan Administrator further requests that a notation be put on the docket in each of the Closed Cases as follows:  "This case is closed.  For any post-Effective Date matters pertaining to JOANN Holdings 1, LLC, JOANN Holdings 2, LLC, Needle Holdings LLC, Jo-Ann Stores, LLC, Creative Tech Solutions LLC, Creativebug, LLC, WeaveUp, Inc., JAS Aviation, LLC, joann.com, LLC, JOANN Ditto Holdings Inc., Jo-Ann Stores Support Center, Inc., or Dittopatterns LLC, please refer to the docket of the remaining open case of JOANN Inc., Case No. 25-10068 (CTG)."

16.     To ensure that no creditor or party in interest's rights are prejudiced by the relief requested through this Motion, nothing in the Proposed Final Decree would operate as a waiver or release of the Debtors' obligations under the Plan.  Further, the Proposed Final Decree, consistent with Article XII.J of the Plan, authorizes the Wind-Down Debtors to file with the Bankruptcy Court all documents required by Bankruptcy Rule 3022 or Local Rule 3022-1.

17.     The Plan Administrator also requests that any party in interest that requests continued service of pleadings under Bankruptcy Rule 2002 be required to file a new notice of

appearance in the Lead Case, absent which the Wind-Down Debtors and the Plan Administrator shall only be required to serve pleadings in the Lead Case on:  (i) the U.S. Trustee; (ii) the GUC Trustee; and (ii) any affected party (or their counsel, if known).

**Basis for Relief**

18.      Section 350(a) of the Bankruptcy Code provides: "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  11 U.S.C. § 350(a).  Bankruptcy Rule 3022, which implements section 350 of the Bankruptcy Code, likewise provides that "[a]fter the estate is fully administered in a [c]hapter 11 case, the court must, on its own or on a party in interest's motion, enter a final decree closing the case."  FED. R. BANKR. P. 3022.  In addition, Local Rule 3022-1(a) provides that upon "[a] motion for final decree must include a proposed final decree order that orders the closing of the case and identifies in the caption and in the body of the order the case name and case number of each case to be closed under the order."  DEL. BANKR. L.R. 3022-1(a).

19.      Further, section 105 of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

20.      The term "fully administered" is not defined in the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules.  The 1991 Advisory Committee Note to Bankruptcy Rule 3022 (the "Committee Note"), however, sets forth the following non-exclusive factors to be considered in determining whether a case has been fully administered:

      (a)      whether the order confirming the plan has become final;

      (b)      whether deposits required by the plan have been distributed;

      (c)      whether the property proposed by the plan to be transferred has been transferred;

6

(d)     whether the debtor or the successor of the debtor under the plan has assumed the business or management of the property dealt with by the plan;

(e)     whether payments under the plan have commenced; and

(f)     whether all motions, contested matters, and adversary proceedings have been finally resolved.

FED. R. BANKR. P. 3022 Advisory Committee Note (1991).

21.     All of these factors need not be present before the Court can enter a final decree. *Walnut Assocs. v. Saidel*, 164 B.R. 487, 493 (E.D. Pa. 1994). Courts in this district and others consider these factors as a guide in determining whether a case has been fully administered. *See In re SLI, Inc.*, 2005 WL 1668396, at *2 (Bankr. D. Del. June 24, 2005); *see also In re JCP Props., Ltd.*, 540 B.R. 596, 606 (Bankr. S.D. Tex. 2015) (internal quotations and citations omitted) (observing that factors (3) through (5) correspond "to whether substantial consummation of the chapter 11 plan has been achieved"); *In re Kliegl Bros. Universal Elec. Stage Lighting Co., Inc.*, 238 B.R. 531, 541–42 (Bankr. E.D.N.Y. 1999) ("[A]ll of the factors in the Committee Note need not be present before the Court will enter a final decree.").

22.     In addition to the factors set forth in the Committee Note, courts have considered whether the plan has been substantially consummated. *See In re Motors Liquidation Co.*, 625 B.R. 605, 615 (Bankr. S.D.N.Y. 2021) (stating the courts consider substantial consummation as a factor); *see also In re Gates Cmty. Chapel of Rochester, Inc.*, 212 B.R. 220, 224 (Bankr. W.D.N.Y. 1997) (considering substantial consummation as a factor in determining whether to close a case). Section 1101(2) of the Bankruptcy Code defines substantial consummation as follows:

(i)     transfer of all or substantially all of the property proposed by the plan to be transferred;

(ii)    assumption by the debtor or by the successor to the debtor under the plan of the business or of the management of all or substantially all of the property dealt with by the plan; and

(iii)    commencement of distribution under the plan.

11 U.S.C. § 1101(2).

23.    The Committee Note also indicates that the entry of a final decree "should not be delayed solely because the payments required by the plan have not been completed" and that the Court "should not keep the case open only because of the possibility that the court's jurisdiction may be invoked in the future." FED. R. BANKR. P. 3022 Advisory Committee Note (1991). Further, "a final decree closing the case after the estate is fully administered does not deprive the court of jurisdiction to enforce or interpret its own orders and does not prevent the court from reopening the case for cause pursuant to § 350(b) of the [Bankruptcy] Code." *Id.* Indeed, Bankruptcy Rule 3022 was amended in order to "set forth a flexible Rule to permit the court to determine that an estate is fully administered and should be closed even though payments or other activities involving the debtor and its creditors might continue." *In re Gould*, 437 B.R. 34, 37–38 (Bankr. D. Conn. 2010) (citation omitted).

24.    Here, the Closed Cases have been substantially consummated and fully administered under the foregoing standard. The Confirmation Order is final, and the Effective Date of the Plan occurred on July 16, 2025. The GUC Trust is "the exclusive trustee of the GUC Trust Assets for the purposes of 31 U.S.C. § 3713(b) and 26 U.S.C. § 6012(b)(3), as well as the representative of the Estates appointed pursuant to section 1123(b)(3) regarding all GUC Trust Assets." Confirmation Order, ¶ 102. The Plan Administrator is acting as a fiduciary on behalf of all Holders of Claims that are entitled to receive distributions pursuant to the Plan. *Id.* ¶ 104. The request to close certain of the Chapter 11 Cases is necessary and appropriate for the reasons set forth herein. Leaving all of the Chapter 11 Cases open any longer would impose unnecessary costs.

25.     In addition, the Lead Case will remain open following entry of the Proposed Final Decree so that any matters that would pertain specifically to the Closed Cases, or claims filed solely against the Debtors or Wind-Down Debtors in the Closed Cases, can be adjudicated in the Lead Case without any prejudice to the rights of third parties.

26.     In connection with the closing of the Closed Cases, the Wind-Down Debtors will pay quarterly fees due to the U.S. Trustee under 28 U.S.C. § 1930 ("U.S. Trustee Quarterly Fees") due and owing through the date of entry of an order granting this Motion in the manner provided for in the Proposed Final Decree filed herewith.  The U.S. Trustee Quarterly Fees for the Lead Case will be paid pursuant to the Plan until entry of a final decree closing the Lead Case.

27.     Aside from *Advantus, Corp. v. Predergast*, No. 5:25-cv-01250-JRA (N.D. Ohio) and *JOANN Inc., et al. v. Advantus, Corp.*, Adv. Proc. No. 25-51022-CTG (Bankr. D. Del.) (collectively, the "Contested Matters"), the Wind-Down Debtors do not currently anticipate any significant contested matters related to these Chapter 11 Cases.  The Contested Matters will not be prejudiced by closing the Closed Cases.  The Lead Case will remain open during the pendency of the Contested Matters, which will allow the Court to take any action required of it in connection with the Contested Matters.  In the event that the Closed Cases need to be reopened, section 350(b) provides a clear process for doing so.  Indeed, courts routinely hold that a pending adversary proceeding is insufficient for a case to be fully administered.  *See In re MBF Inspection Servs., Inc.*, 609 B.R. 889, 895 (Bankr. D.N.M. 2019) (collecting cases citing adversary proceedings can continue after entry of a final decree); *see also In re JMP-Newcor Int'l, Inc.*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998) ("The only matters remaining are certain disbursements to be made under the plan and an adversary proceeding.  The Court does not believe these matters warrant keeping this case open.").

28.     For the reasons stated herein, the Plan Administrator submits that the Plan has been substantially consummated within the meaning of section 1102(2) of the Bankruptcy Code and that the Closed Cases have been fully administered within the meaning of section 350 of the Bankruptcy Code.  Therefore, the Plan Administrator respectfully submits that the Closed Cases should be closed as set forth in the Proposed Final Decree.

29.     Finally, it is appropriate to waive the requirement of filing a final report under Local Rule 3022-1(a)(ii).  The administration of assets and liabilities will occur in the Lead Case in accordance with the provisions of the Plan and can be fully and fairly accounted for in the final report to be filed upon a request to close the Lead Case.  Consequently, filing a final report for each of the Closed Cases at this time would not be helpful to the U.S. Trustee, creditors, or other parties in interest.

30.     Accordingly, the Plan Administrator respectfully requests that the Court enter the Proposed Final Decree:  (i) closing the Closed Cases in accordance with section 350 of the Bankruptcy Code and the Plan; (ii) authorizing the case caption change requested herein; and (iii) refreshing the Bankruptcy Rule 2002 core service list.

### Notice

31.     The Plan Administrator will provide notice of this Motion to the following parties or their respective counsel, if known:  (a) the U.S. Trustee; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee and (g) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002.   The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

WHEREFORE, the Plan Administrator respectfully requests that the Court enter the Proposed Final Decree, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and granting such other and further relief as the Court deems just and proper.

Dated:  September 24, 2025
Wilmington, Delaware

/s/ Michael E. Fitzpatrick
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com
              snewman@coleschotz.com
              jdougherty@coleschotz.com
              mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 274-2489
Facsimile:    (216) 241-2824
Email:        cwick@hahnlaw.com
              pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*