## **EXHIBIT A**

Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  )  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC., *et al.*,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) | **Re: Docket Nos. 1670, 1674, 1677, 1680, 1683, 1687,** |
|  | ) | **1692, 1693 and ____** |

**OMNIBUS FEE ORDER AWARDING PROFESSIONALS FINAL**
**ALLOWANCE OF COMPENSATION FOR SERVICES RENDERED AND**
**REIMBURSEMENT OF EXPENSES**

Upon consideration of the final fee applications (each a "Final Fee Application" and collectively, the "Final Fee Applications") of the professionals retained in these chapter 11 cases and referenced on **Exhibit 1** (each a "Professional" and collectively, the "Professionals") for the final allowance of compensation, including all holdbacks, for professional services rendered and reimbursement of expenses incurred during the periods set forth on **Exhibit 1** (the "Final Compensation Period"), filed in accordance with the *Second Amended Joint Chapter 11 Plan of Joann, Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the "Plan") and the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order"),[2] and the Court having reviewed the Final Fee Application of each Professional; and it appearing that all of the requirements, as applicable, of sections 327, 328, 330, 331 and 503(b) of

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan, the Confirmation Order, or the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 552] (the "Interim Compensation Order"), as applicable.

the Bankruptcy Code, as well as Bankruptcy Rule 2016 and Local Rule 2016-1, have been satisfied; and it further appearing that the expenses incurred were reasonable and necessary; and that notices of the Final Fee Applications were appropriate; and after due deliberation and sufficient good cause appearing therefor; IT IS HEREBY ORDERED THAT:

1. Each Final Fee Application is GRANTED and APPROVED as set forth herein.

2. Each of the Professionals is allowed compensation on a final basis for services rendered and reimbursement of the actual and necessary expenses incurred during the Final Compensation Period in the amounts set forth on **Exhibit 1**.

3. To the extent not already paid pursuant to the Interim Compensation Order, each Professional shall be paid one-hundred percent (100%) of the fees and one-hundred percent (100%) of the expenses listed on **Exhibit 1** under the column labeled "Total Amount of Fees and Expenses Approved Under this Order" that have not yet been paid in satisfaction of the allowed fees and expenses for services rendered and expenses incurred during the Final Compensation Period.

4. This Order shall be deemed a separate order with respect to each Final Fee Application. Any stay of this Order pending appeal with respect to any one Professional shall only apply to the particular Professional that is the subject of such appeal and shall not operate to stay the applicability and/or finality of this Order with respect to any other Professional.

5. This Court shall retain jurisdiction over all matters arising from or related to the interpretation, implementation, and/or enforcement of this Order.

**EXHIBIT 1**

**Final Fee Applications for the Period from**
**January 15, 2025 through and including July 16, 2025**
**JOANN Inc., *et al.***
**Case No. 25-10068 (CTG)**

| Professional, Title, and Docket Number | Final Compensation Period | Final Fees Requested | Final Expenses Requested | Total Amount of Fees and Expenses Approved Under this Order |
|---|---|---|---|---|
| **Cole Schotz P.C.** *Co-Counsel to the Debtors* Docket No. 1670 | 1/15/2025 – 7/16/2025 | $1,487,291.50 | $12,859.47 | $1,500,150.97 |
| **Kirkland & Ellis LLP** **Kirkland & Ellis International LLP** *Co-Counsel to the Debtors* Docket No. 1692 | 1/15/2025 – 7/16/2025 | $12,078,588.00 | $197,934.39 | $12,268,616.24[1] |
| **Centerview Partners LLC** *Investment Banker to Debtors* Docket No. 1680 | 1/15/2025 – 7/10/2025 | $6,025,000.00 | $20,826.98 | $6,045,826.98 |
| **Kroll Restructuring Administration LLC** *Administrative Advisor to the Debtors* Docket No. 1687 | 1/15/2025 – 7/16/2025 | $57,232.17 | $434.25 | $57,666.42 |
| **Deloitte Tax LLP** *Tax Advisory Services Provider to Debtors* Docket No. 1693 | 1/15/2025 – 7/16/2025 | $814,420.50 | $51.94 | $814,472.44[2] |
| **Kelley Drye & Warren LLP** *Counsel to the Committee* Docket No. 1674 | 1/30/2025 – 7/16/2025 | $2,668,600.50 | $23,068.33 | $2,615,697.71[3] |

---

[1] Reflects voluntary reductions by Kirkland & Ellis LLP and Kirkland & Ellis International LLP in the aggregate amount of $7,906.15 ($7,584.00 in fees and $322.15 in expenses) based on informal comments received from the U.S. Trustee.

[2] Deloitte Tax LLP agreed to a voluntary credit in the amount of $275,000.00 for post-petition services to resolve the objection of to the Office of the United States Trustee to its retention in these chapter 11 cases. Upon the Court's approval of this Final Fee Application, Deloitte Tax shall apply this credit to the total amount of fees requested for services performed for the Debtors during in these cases.

[3] This amount includes fees of $21,328.00 for services rendered after the Final Compensation Period. Kelley Drye & Warren LLP subsequently agreed to a further reduction in the amount of $75,971.12 in connection with the Post-Closing UCC Budget (as defined in the Plan).

| Professional, Title, and Docket Number | Final Compensation Period | Final Fees Requested | Final Expenses Requested | Total Amount of Fees and Expenses Approved Under this Order |
|---|---|---|---|---|
| **Pachulski Stang Ziehl & Jones LLP** *Co-Counsel to the Committee* Docket No. 1677 | 1/31/2025 – 7/16/2025 | $469,030.50 | $4,784.47 | $458,073.20[4] |
| **Province, LLC** *Financial Advisor to the Committee* Docket No. 1683 | 1/30/2025 – 7/16/2025 | $1,152,719.00 | $1,744.46 | $1,114,012.42[5] |
| **TOTAL** | | **$24,752,882.17** | **$261,704.29** | **$24,874,516.38** |

---

[4] This amount includes fees of $20,000 for services rendered after the Final Compensation Period, and reflects voluntary reduction in the amount of $471.45 in expenses based on informal comments received from the U.S. Trustee. Pachulski Stang Ziehl & Jones LLP subsequently agreed to a further reduction in the amount of $15,741.77 in connection with the Post-Closing UCC Budget.

[5] This amount includes estimated fees of $6,361.00 for services rendered and $2.80 for expenses incurred after the Final Compensation Period. Province, LLC subsequently agreed to a further reduction in the amount of $40,451.04 in connection with the Post-Closing UCC Budget.

2