# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| JOANN INC., | ) | Case No. 25-10068 (CTG) |
| Debtor. | ) | **Re: Docket Nos. 1753 & 1776** |
| Tax I.D. No. 46-1095540 | ) | |
| In re: | ) | Chapter 11 |
| JOANN HOLDINGS 1, LLC, | ) | Case No. 25-10069 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 99-3739030 | ) | |
| In re: | ) | Chapter 11 |
| JOANN HOLDINGS 2, LLC, | ) | Case No. 25-10070 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 99-3746408 | ) | |
| In re: | ) | Chapter 11 |
| NEEDLE HOLDINGS LLC, | ) | Case No. 25-10071 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 27-4503814 | ) | |
| In re: | ) | Chapter 11 |
| JO-ANN STORES, LLC, | ) | Case No. 25-10072 (CTG) |
| Debtor. | ) | |
| Tax I.D. No. 34-0720629 | ) | |

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CREATIVE TECH SOLUTIONS LLC, | ) | Case No. 25-10073 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 82-1996734 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CREATIVEBUG, LLC, | ) | Case No. 25-10074 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-1053208 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| WEAVEUP, INC., | ) | Case No. 25-10075 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 47-4135633 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JAS AVIATION, LLC, | ) | Case No. 25-10076 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 46-2589570 | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN.COM, LLC, | ) | Case No. 25-10077 (CTG) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| Tax I.D. No. 95-4761594 | ) | |
| | ) | |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| JOANN DITTO HOLDINGS INC., ) | Case No. 25-10078 (CTG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 86-3449652 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| JO-ANN STORES SUPPORT CENTER, INC., ) | Case No. 25-10079 (CTG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 26-3855027 ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| DITTOPATTERNS LLC, ) | Case No. 25-10080 (CTG) |
| ) | |
| Debtor. ) | |
| ) | |
| Tax I.D. No. 88-2140452 ) | |

**ORDER (I) CLOSING CERTAIN CHAPTER 11 CASES,
(II) MODIFYING CASE CAPTION AND DIRECTING
ADMINISTRATION IN THE LEAD CASE, (III) MODIFYING
RULE 2002 SERVICE LIST, AND (IV) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[1] of the above-captioned debtors and debtors in possession (collectively, the "Wind-Down Debtors," and before the Effective Date of the Plan, the "Debtors") for the entry of a final decree (this "Final Decree and Order") closing the Closed Cases, as more fully set forth in the Motion, pursuant to sections 105(a) and 350(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"), Rule 3022 of the Federal Rules of Bankruptcy Procedure, and Rules 3022-1 and 9004-1(c) of the Local Rules of the United States

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion or in the *Second Amended Joint Chapter 11 Plan of JOANN Inc. and Its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (the "Plan"), as applicable.

3

Bankruptcy Court for the District of Delaware (the "Local Rules"); and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein, if any, at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The Closed Cases, identified on **Exhibit 1** attached hereto, are hereby closed effective as of the date of the entry of this Final Decree and Order; *provided*, *however*, that this Court shall retain jurisdiction as provided in Article XII of the Plan and the Confirmation Order and this Final Decree and Order.

3. The Lead Case shall remain open and shall be administered under the following amended caption:

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC.,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) ) ) |  |

---

[1] The Post-Effective Date Debtor in this chapter 11 cases, along with the last four digits of its federal tax identification number, is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

4. The Clerk of this Court shall enter this Final Decree and Order individually on the docket of each of the Closed Cases and thereafter such dockets shall be marked as "Closed."

5. All motions, contested matters, and adversary proceedings that are pending as of the date of this Final Decree and Order, or that are filed after the date of this Final Decree and Order, with respect to the Wind-Down Debtors will be administered in the Lead Case.

6. The Wind-Down Debtors and Plan Administrator are authorized to resolve or to object to certain claims filed against each of the Debtors and Wind-Down Debtors in the Lead Case, notwithstanding the fact that a claim may have been filed against a Debtor or Wind-Down Debtor in a Closed Case. The Wind-Down Debtor and the Plan Administrator are authorized to commence and prosecute causes of action related to a Debtor in a Closed Case in the Lead Case. For the avoidance of doubt, nothing in the Motion or in this Final Decree and Order shall impair or modify the rights or defenses of any party with respect to any Debtor or Wind-Down Debtor in a Closed Case or with respect to any Debtor or Wind-Down Debtor for which there is a Closed Case, including without limitation, with respect to any distributions under the Plan or the claims reconciliation process, it being understood that all such rights and defenses shall be preserved to the same extent that the Closed Cases had not been closed.

7. The Wind-Down Debtors shall pay all fees accrued and owing under 28 U.S.C. § 1930 with respect to disbursements made in the Closed Cases on the date that such fees are due.

8. The final report for the Debtors in the Closed Cases required under Local Rule 3022-1(a)(ii) shall be included as part of a consolidated report for all of the Debtors and filed in connection with the closure of the Lead Case.

9. Entry of this Final Decree and Order is without prejudice to (a) the rights of the Wind-Down Debtors or other parties in interest to seek to reopen any of the Closed Cases for cause pursuant to section 350(b) of the Bankruptcy Code and (b) the rights of the Wind-Down Debtors to dispute, before the Court or in an appropriate non-bankruptcy forum, all claims that were filed against the Debtors in the Chapter 11 Cases as contemplated by the Plan and the Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Wind-Down Debtors to file an objection to any claim in the Lead Case shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed (as defined in the Plan) against any Wind-Down Debtor.

10. Parties in interest must file a renewed request to receive pleadings and other documents filed in the Lead Case pursuant to Bankruptcy Rule 2002.  Within 30 days of entry of this Final Decree and Order, the list of parties receiving documents pursuant to Bankruptcy Rule 2002 shall be limited to those who have filed renewed requests; *provided, however,* that the U.S. Trustee and GUC Trustee shall not be required to file a renewed request to receive documents pursuant to Bankruptcy Rule 2002.

11. The Wind-Down Debtors and Plan Administrator are authorized to take all actions necessary to effectuate the relief granted in this Final Decree and Order in accordance with the Motion.

12. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree and Order are immediately effective and enforceable upon its entry.

13. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree and Order.

Dated: October 10th, 2025
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**