**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>JOANN, INC., *et al.*,[1]<br><br>Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1739 & 1780** |

**CRAFTY (AL) LLC'S STATEMENT AND RESERVATION OF RIGHTS CONCERNING GA JOANN RETAIL PARTNERSHIP, LLC'S IMPROPER SUPPLEMENTAL MERITS BRIEF**

CRAFTY (AL) LLC ("<u>Landlord</u>"), by its undersigned attorneys, hereby files this statement and reservation of rights concerning the unauthorized 20-page supplemental brief [Dkt. No. 1780] (the "<u>Supplemental Brief</u>") filed by GA Joann Retail Partnership, LLC ("<u>Purchaser</u>") and respectfully states as follows:[2]

1. Purchaser titles its Supplemental Brief "Statement Of GA Joann Retail Partnership, LLC *with Respect to Subject Matter Jurisdiction* Regarding Crafty (AL) LLC's Request for Payment of Removal Costs" (emphasis added) although only approximately 20% of this document addresses this Court's subject matter jurisdiction over the dispute between Landlord and Purchaser regarding the Motion.[3] The vast majority of Purchaser's Supplemental Brief attempts to: (1) <u>re</u>-

---

[1] The debtors in these chapter 11 cases together with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, OH 44236.

[2] Capitalized terms not otherwise defined herein have the meanings ascribed to such terms in *Motion of Crafty (AL) LLC for Entry of an Order: (I) Requiring Payment of Administrative Claim for Unpaid Prorated 2025 Real Estate Taxes; (II) Compelling Payment of Claim for Removal of Improperly "Abandoned" Property as Either an Administrative Expense Claim against the Debtors and/or Liability of Purchaser; and (III) Granting Related Relief* [D.I. 1483] (the "<u>Motion</u>").

[3] *See* Purchaser's Supp. Br., ¶¶ 30-38.

litigate the merits Landlord's Motion and the closed evidentiary hearing and argument on September 9, 2025;[4] and (2) **pre**-litigate certain disputes between Landlord and Purchaser this Court stated would be addressed through later submissions *if* the Court determined it had subject matter jurisdiction.[5]

2.      Purchaser's filing of this 20-page brief full of inappropriate arguments is inexcusable based on the Court's request. *See, supra,* fn.4. Indeed, during the September 9 hearing, the Court instructed Purchaser there was no need to submit briefing concerning subject matter jurisdiction if Purchaser was not contesting jurisdiction.[6] Purchaser did not dispute subject matter jurisdiction in its papers or at the September 9 hearing.  Nor does Purchaser's Supplemental Brief dispute this Court's jurisdiction to interpret and enforce the Approval Order and the Agency Agreement.[7] Also, Purchaser never disputes this Court's jurisdiction to enforce language in the Approval Order and the Confirmation Order providing that non-Debtor property may not be abandoned or deemed abandoned unless owned by the Debtors on the Rejection Effective Date. Rather, Purchaser attacks the merits of Landlord's position, arguing "the Abandoned FF&E was never Agent's property and was properly abandoned by the Debtors upon rejection of the Lease."[8]

---

[4]     *Compare* Dkt. Nos. 1483, 1484, 1651, 1653, & 1696 *with* Purchaser's Supp. Br. ¶¶ 2-8, 10-29.

[5]     *See In re Joann Inc., et al.,* Case No. 25-10068 (CTG), Sept. 9, 2025 Hr'g Tr. 60:14-23 ("THE COURT: I will wait to resolve that [subject matter jurisdiction] issue . . . and when I do, I'll do a docket entry saying I either do or – I conclude that I either do or don't have subject matter jurisdiction over the claim against purchaser. And then, if the answer is -- and I'll then set out -- if the answer is no, there's no need for further briefing and I'll just give you a decision on the rest, and if the answer is yes, I'll give you time, probably, again, a week for each side, to address the question of governing law over such a claim.").

[6]     *See In re Joann Inc., et al.,* Case No. 25-10068 (CTG), Sept. 9, 2025 Hr'g Tr. 59:12-14 ("I mean, I heard your position that you're not contesting jurisdiction; if that remains your position, you don't have to respond.").

[7]     *See* Purchaser Supp. Br., ¶ 26 ("Agent generally agrees with the Landlord's first proposition: this Court has subject matter jurisdiction to interpret and enforce the Approval Order and the Agency Agreement and to make a determination with respect to whether the Abandoned FF&E was property of the estate as of the Rejection Effective Date.").

[8]     *Id.*

3.  Purchaser has ignored this Court's clear directive to brief only the subject matter jurisdiction questions raised by the Court. Nonetheless, Landlord is confident the Court, consistent with its prior directions, intends only to rule now upon the subject matter jurisdiction question. Landlord reserves all rights, including, among other things, to respond to Purchaser's permissible arguments concerning the merits and to seek to exclude any no longer permissible arguments.

Respectfully submitted,

Dated: October 15, 2025
Wilmington, Delaware

**DORSEY WHITNEY (DELAWARE) LLP**

  */s/ Gregory W. Werkheiser*
Gregory W. Werkheiser (No. 3553)
300 Delaware Ave, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7165
Werkheiser.Gregory@dorsey.com

*- and -*

**CHAFFETZ LINDSEY LLP**
Alan J. Lipkin
1700 Broadway, 33rd Floor
New York, NY  10019
Telephone: (212) 257-6960
Facsimile: (212) 257-6950
alan.lipkin@chaffetzlindsey.com

*Co-Counsel to CRAFTY (AL) LLC*