## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | **Hearing Date: December 16, 2025 at 10:00 a.m. (ET)** |
| | ) | **Response Deadline: November 24, 2025 at 4:00 p.m. (ET)** |

## PLAN ADMINISTRATOR'S SIXTEENTH OMNIBUS
## OBJECTION TO CERTAIN CLAIM (SUBSTANTIVE)
## (Reclassified Gift Card/Merchandise Credit Claims)

*TO ALL PARTIES RECEIVING THIS OBJECTION:*

**YOU SHOULD REVIEW <u>EXHIBIT 1</u> TO THE PROPOSED ORDER TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION.  IF YOUR CLAIM(S) ARE LISTED ON THE EXHIBIT ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**

**YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASE.**

**THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

Ann Aber, solely in her capacity as the Plan Administrator (the "<u>Plan Administrator</u>") appointed in the above-captioned case, hereby files this objection (the "<u>Objection</u>") seeking entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>") reclassifying the certain claims listed on **<u>Exhibit 1</u>** (the "<u>Disputed Claims</u>") to the Proposed Order each as a general unsecured claim.  The holder of each Disputed Claim (each a

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN Inc. (5540).  The Post Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

"Claimant") has filed a proof of claim that asserts a claim related to a gift card, a merchandise credit and/or a miscellaneous customer claim that the Claimant contends is entitled to treatment as either: (i) a priority unsecured claim pursuant to Bankruptcy Code section 507(a); (ii) an administrative claim pursuant to Bankruptcy Code section 503(b), or (iii) a secured claim[2].  For the reasons set forth below, each Disputed Claim should be reclassified as a Class 4 General Unsecured Claim.  At this time, the Plan Administrator merely seeks a reclassification of each Disputed Claim and does not seek to disallow or reduce the amount of any Disputed Claim.  She reserves the right to do so pursuant to a future objection either by herself or the GUC Trust.  In support of the Objection, the Plan Administrator submits and incorporates herein the declaration attached hereto as **Exhibit B** (the "Aber Declaration"), and respectfully represents as follows:

## JURISDICTION

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. §1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Plan Administrator consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

---

[2]    In one instance, the Claimant [Claim No. 20041] also sought classification of the claim under § 503(b)(9).

3.      The statutory and legal predicates for the relief requested in the Objection are section 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 3007-1.

## BACKGROUND

**A.      The Chapter 11 Cases.**

4.      On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 103.

6.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.  *See* Docket No. 198.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.**     **Schedules, SOFAs, and Bar Date Order.**

8.     On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

9.     On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim. The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim.

10.     Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Docket Nos. 579, 689.

**C.**     **Plan Confirmation, Effective Date, and Appointment of Plan Administrator.**

11.     On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353]

(as amended, the "Plan").   The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See* Docket No. 1416.

12.    Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement.  *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D.   Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, file and prosecute claim objections. *See* Plan Art. VII.B.

**D.    Claims Resolution Process.**

13.    In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to creditors.

14.    The claims agent in these bankruptcy cases, Kroll Restructuring Administration ("Kroll") has prepared and maintains a register (the "Claims Register") of proofs of claim (collectively, the "Proofs of Claim") that were filed in these chapter 11 cases against the Debtors.

15.    More than 19,900 proofs of claim have been filed in the chapter 11 cases.  The Plan Administrator and her advisors are comprehensively reviewing the Proofs of Claims asserting administrative and priority claims, and comparing such claims with the Debtors' Books and Records to determine the validity of such claims, in accordance with their duty to object to the allowance of any claim that is improper.  *See* 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107. This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance, or reclassification and allowance.

E.    **The Disputed Claims**

16.    Prepetition, certain of the Debtors sold and/or issued gift cards and offered them as merchandise credit in connection with returns (the "Gift Cards")[3]. The Debtors estimated that Gift Cards with an aggregate value of approximately $55 million outstanding had not yet been redeemed as of the Petition Date. The Debtors did not sell Gift Cards post-petition and they stopped accepting Gift Cards on February 28, 2025.

17.    In connection with the *Motion of Debtors for Entry of Interim and Final Orders (I) Authorizing the Debtors to (A) Maintain and Administer Their Customer Programs and (B) Honor Prepetition Obligations, and (II) Granting Related Relief* [Docket No. 9], the Debtors sought and obtained the right, but not obligation, to (a) discontinue the sale of Gift Cards after the Petition Date and use commercially reasonable best efforts to direct any third parties to cease the sale of Gift Cards and (b) honor all Gift Cards for fourteen days following the consummation of any sale transaction, solely with respect to those purchased or issued prepetition.

18.    During the claims review process, the Plan Administrator identified over 900 proofs of claim that are based on unredeemed Gift Cards and/or merchandise credits with improperly assert secured, administrative and/or priority claims (collectively, the "Misclassified Gift Card Claims"). At this time, the Plan Administrator only seeks an order reclassifying the Misclassified Gift Card Claims as general unsecured claims. She reserves the rights, however, to seek full disallowance of all such claims.

**RELIEF REQUESTED**

19.    The Disputed Claims listed on **Exhibit 1** to the Proposed Order have been identified by the Plan Administrator as Misclassified Gift Card Claims that have been

---

[3]    Merchandise credits were also issued without gift cards. This Objection addresses all claims for merchandise creditors, whether issued with or without a physical gift card.

improperly filed as secured, administrative and/or priority claims.  Accordingly, pursuant to sections 105 and 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, the Plan Administrator asks the Court to reclassify each of the Disputed Claims as a Class 4 General Unsecured Claim.[4]

20.     To reduce the number of Proofs of Claim, and to avoid possible improper recovery by claimants, the Plan Administrator is filing this Objection to the Disputed Claims set forth on **Exhibit 1** to the Proposed Order.

### BASIS FOR RELIEF

21.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless party in interest . . . objects."  11 U.S.C. § 502(a).  The Plan Administrator has the right and the duty to object to the allowance of any Claim that is improper.  *See* Plan, Article VII at § B; 11 U.S.C. 1106(a)(1).

22.     When asserting a claim against a bankrupt estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant.  *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992).  A proof of claim filed in accordance with section 501 of the Bankruptcy Code and the Bankruptcy Rules typically constitutes "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  To receive the benefit of prima facie validity, however, the proof of claim must "allege facts sufficient to support the claim."  *Allegheny*, 954 F.2d at 167 ("[A] claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.").

---

[4]     Bankruptcy Rule 3007(e) authorizes the Plan Administrator to join up to 100 claims in an omnibus objection where the objection is based on the grounds that the claims: (1) duplicate other claims; (2) have been filed in the wrong case; (3) have been amended by subsequently filed proofs of claim; (4) were not timely filed; (5) have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order; (6) were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claim because of the noncompliance; (7) are interests, rather than claims; or (8) assert priority in an amount that exceeds the maximum amount under §507 of the Code. Fed. R. Bankr. P. 3007(d)-(e).

Initially, the burden of proof lies on the claimant; if the claimant supports his claim with sufficient facts or documentation, the claim is deemed prima facie valid. *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016) (*citing Allegheny*, 954 F.2d at 173-74); *Lampe v. Lampe*, 665 F.3d 506, 514 (3d Cir. 2011).

23.     A party wishing to dispute a claim that meets the burden of prima facie validity must produce evidence in sufficient force to negate the claim's prima facie validity. *Allegheny*, 954 F.2d at 173.  In practice, the objecting party must produce evidence that would refute at least one of the allegations essential to the claim's legal sufficiency. *Id*. at 173-74.  Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. at 174.  Ultimately, the burden of persuasion is on the claimant. *Id.*

24.     The Plan Administrator objects to each of the Disputed Claims identified on **Exhibit 1** to the Proposed Order, which consist of Misclassified Gift Card Claims that improperly assert secured, administrative or priority status.  Based on the Plan Administrator's review of the Disputed Claims, the Debtors' Books and Records and applicable caselaw, the Plan Administrator has determined that there is no basis for the priority, administrative or secured status asserted with respect to the Disputed Claims, and asks that each Disputed Claim be reclassified as a Class 4 General Unsecured Claim.

A.     **The Disputed Claims are not entitled to priority pursuant to 11 U.S.C. § 507(a)(7).**

25.     Many of the Disputed Claims identified on **Exhibit 1** to the Proposed Order improperly assert priority unsecured status pursuant to section 507(a)(7) of the Bankruptcy Code.  Section 507(a)(7) of the Bankruptcy Code provides priority status for certain pre-petition deposits made by individuals. Specifically, section 507(a)(7) of the Bankruptcy Code provides that the following claims are seventh in order of priority:

> Allowed unsecured claims of individuals, the extent of $3,350 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property, or the purchase of services, for the personal, family, or household use of such individuals, that were not delivered or provided.

11 U.S.C. § 507(a)(7).

26.    Holders of the Disputed Claims are not entitled to priority status under section 507(a)(7) of the Bankruptcy Code because such claims do not represent "deposits" within the meaning of section 507(a)(7) of the Bankruptcy Code. *See In re City Sports, Inc.*, 554 B.R. 329, 338 (Bankr. D. Del. 2016) ("In the case of a money order, a store credit, or a gift card, the transaction is complete once those instruments are issued. Therefore, those instruments do not come under the definition of "deposit," and section 507(a)(7) does not afford them priority status."), *reconsideration denied, In re City Sports, Inc.*, 2017 Bankr. LEXIS 36 (Bankr. D. Del., Jan. 3, 2017); *See also In re Util. Craft, Inc.*, 2008 Bankr. LEXIS 3564, *11 (Bankr. M.D. N.C. Dec. 29, 2008) ("After reviewing the statutory language, the legislative history, and prior case law, this court finds that the Creditor's Store Credit is not entitled to priority status pursuant to § 507(a)(7)."). Pursuant to established case law, claims based on gift cards and store credit are not entitled to priority as deposits under section 507(a)(7). Accordingly, the Disputed Claims should, at a minimum, be reclassified as General Unsecured Claims.

**B.    The Disputed Claims are not entitled to priority under 11 U.S.C. §§ 507(a)(2) and 503(b).**

27.    Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order also improperly assert administrative status pursuant to 11 U.S.C. §§ 507(a)(2) and 503(b). Section 503 states, in relevant part, "After notice and a hearing, there shall be allowed administrative expenses, . . . including – (1)(A) the actual, necessary costs and expenses of preserving the estate . . . ." 11 U.S.C. § 503(b)(1)(A). To establish administrative expense priority the burden is on

the claimant to demonstrate that the obligation claimed as an administrative expense (1) arose out a post-petition transaction with the debtor in possession and (2) directly and substantially benefitted the estate.  *Calpine Corp. v. O'Brien Environmental Energy, Inc. (In re O'Brien Environmental Energy, Inc.)*, 181 F.3d 527, 532-33 (3d Cir. 1999).  The administrative claimant carries "'the heavy burden of demonstrating that the costs and fees for which it seeks payment provided an actual benefit to the estate and that such costs and expenses were necessary to preserve the value of the estate assets.'" *Id.* at 534 (*quoting In re O'Brien Environmental Energy, Inc.*, No. 94-26723, slip op. at 30 (Bankr. D.N.J. Nov. 8, 1996)); *In re Phila. Newspapers, LLC*, 690 F.3d 161, 172-73 (3rd Cir. 2012) ("The party asserting an administrative expense claim bears the burden of demonstrating that it deserves administrative expense status.").  As the Third Circuit has previously noted:

> These requirements balance two important goals. By giving priority to those claims that help keep the debtor-in-possession functioning, "sections 503 and 507 advance the estate's interest in survival above all other financial goals." *Zagata Fabricators, Inc. v. Superior Air Prods.*, 893 F.2d 624, 627 (3d Cir. 1990). By limiting priority to those claims that are actual and necessary, the Code prevents the estate from being consumed by administrative expenses, and preserves the estate for the benefit of creditors. *See Pa. Dep't of Envtl. Res. v. Tri-State Clinical Labs, Inc.*, 178 F.3d 685, 690 (3d Cir. 1999) (holding that "Chapter 11 is intended to rehabilitate the debtor and avoid forfeiture by creditors") (quotations and brackets omitted).  Consistent with the objective of preserving the estate for creditors, the burden to demonstrate that an expense deserves administrative priority lies with the party asserting such priority.

*In re Marcel Paper Mills, Inc.*, 650 F.3d 311, 315 (3d. Cir. 2011).

28.    The Disputed Claims asserted as administrative expense claims should be reclassified because such claims do not satisfy the requirements of section 503(b)(1)(A) of the Bankruptcy Code.  Initially, the Claimants have failed to provide any evidence demonstrating their claims arose from post-petition transactions with the Debtors.  This is because they cannot.

The Debtors did not sell Gift Cards post-petition. Moreover, the Claimants have not and cannot establish that their claims provided an actual and concrete benefit to the Debtors' estates. The gift card claimants provided no value to the estates and had no impact on the continued operation of the Debtors' businesses during the post-petition period. Accordingly, because the Claimants cannot satisfy their heavy burden under section 503(b)(1)(A), the Disputed Claims asserted as administrative expense claims should be reclassified as General Unsecured Claims.[5]

**C.    The Disputed Claims are not Secure.**

29.    Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order improperly assert secured status where such claims do not contain any valid basis for treatment as secured claims. To assert a secured claim, a creditor must demonstrate that its claim is secured by a lien on property in which the debtor's estate has an interest. 11 U.S.C. § 506(a). Moreover, Bankruptcy Rule 3001(d) provides that "[i]f a security interest in property of the debtor is claimed, the proof of claim shall be accompanied by evidence that the security interest has been perfected." Fed. R. Bankr. P. 3001(d). If a creditor cannot demonstrate that its claim is secured by a lien or other security interest in the property of the debtor's estate, the claim must be treated as unsecured.

30.    Here, the Disputed Claims lack *prima facie* validity of secured status. The Claimants have failed to include any documentation or explanatory support establishing their

---

[5]    Certain of the Disputed Claims identified on **Exhibit 1** to the Proposed Order also improperly assert administrative status pursuant to 11 U.S.C. § 503(b)(9), which provides, "[a]fter notice and a hearing, there shall be allowed, administrative expenses . . . . including---the value of any goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such debtor's business." 11 U.S.C. § 503(b)(9). To prevail on a 503(b)(9) claim, Claimants must establish: (1) that they sold goods to the Debtors; (2) the goods were received by the Debtors within twenty days prior to filing; and (3) the goods were sold to the Debtors in the ordinary course of business. *In re Goody's Family Clothing, Inc.*, 401 B.R. 131, 133 (Bankr. D. Del. 2009) (emphasis added). None of the Disputed Claims makes such a showing. Accordingly, each Disputed Claim that alleges priority pursuant to section 503(b)(9) should be reclassified as a General Unsecured Claim.

claims are secured by any interest in the Debtors' property.  As a result, such claims are unenforceable against the Debtors, and should be reclassified as General Unsecured Claims.

## SEPARATE CONTESTED MATTERS

31.     To the extent that a response is filed regarding any Disputed Claim listed in the Objection and the Plan Administrator is unable to resolve the response, each such claim, and the objection by the Plan Administrator to each such claim asserted herein, shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator respectfully requests that any order entered by the Court regarding the Objection shall be deemed a separate order with respect to each claim.

## RESERVATION OF RIGHTS

32.     The Plan Administrator hereby reserves the right to further object to the Disputed Claims on any additional factual or legal grounds.  Without limiting the generality of the foregoing, the Plan Administrator specifically reserves the right to amend the Objection, file additional papers in support thereof or take other appropriate actions, including to:  (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Plan Administrator or through discovery.

## COMPLIANCE WITH LOCAL RULE 3007-1

33.     On June 18, 2025, this Court entered its *Order Granting (I) Leave From Local Rule 3007-1(e) Related to the Filing of Substantive Omnibus Objections to Claims and (II) Related Relief* [Docket No. 1174] (the "Order for Leave"), which among other things authorized the Debtors to file omnibus objections that may exceed the 100 claim limit per

substantive omnibus objection.  While acknowledging 965 claims may be more claims than the Court contemplated when it entered the Order for Leave, the Plan Administrator believes it is in the creditors' best interest to file this omnibus objection as one pleading, especially in light of the fact that these claims are being reclassified.  With that said, to the best of the Plan Administrator's knowledge and belief, the Objection, including the exhibit annexed to the Proposed Order, substantially complies with the Order for Leave.

## NO PRIOR REQUEST

34.     No prior request for the relief sought in the Objection has been made to this or any other court.

## NOTICE

35.     The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, for the reasons stated herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

Dated:  November 3, 2025
Wilmington, Delaware

/s/ Michael E. Fitzpatrick
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:      (302) 652-3131
Facsimile:      (302) 652-3117
Email:          preilley@coleschotz.com
                snewman@coleschotz.com
                jdougherty@coleschotz.com
                mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:      (216) 274-2489
Facsimile:      (216) 241-2824
Email:          cwick@hahnlaw.com
                pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*