## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN, Inc., *et al.*, | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtors.[1] | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: December 16, 2025 at 10:00 a.m. (ET)** |
| | ) **Obj. Deadline: December 1, 2025 at 4:00 p.m. (ET)** |

### GUC TRUST'S FIRST OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (NO LIABILITY AND DUPLICATE CLAIMS)

> **PARTIES RECEIVING THIS OMNIBUS OBJECTION TO CLAIMS SHOULD LOCATE THEIR NAMES AND CLAIM(S) ON THE SCHEDULES TO EXHIBIT A, WHICH IS ATTACHED TO THIS OMNIBUS OBJECTION**
>
> **YOUR RIGHTS MAY BE AFFECTED BY THIS OMNIBUS OBJECTION AND BY ANY FURTHER OBJECTION THAT MAY BE FILED AGAINST YOUR CLAIM(S)**

The JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano, solely in his capacity as the liquidating trustee (the "GUC Trustee"), hereby files this omnibus (non-substantive) objection (this "Objection") pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 3007–1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), seeking entry of an order (the "Proposed Order"), substantially in the form annexed hereto as **Exhibit A** (i) disallowing the claims listed in **Schedule 1** to the Proposed Order (the "No Liability Claims") and (ii) disallowing the claims listed in the column titled "Duplicate Claims to

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

be Disallowed" on **Schedule 2** to the Proposed Order (the "Duplicate Claims"). In support of this Objection, the GUC Trust relies upon and incorporates by reference the *Declaration of Steven Balasiano in Support of GUC Trust's First Omnibus Objection (Non-substantive) to Certain Claims (No Liability and Duplicate Claims)* (the "Balasiano Declaration"), attached hereto as **Exhibit B**, and represents as follows:

## JURISDICTION AND VENUE

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (this "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the GUC Trust confirms its consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Objection to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final order or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are section 502(b) of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## BACKGROUND

A. **General Background**

4. On January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code, thereby commencing the above-captioned chapter

11 cases (these "<u>Chapter 11 Cases</u>").  No request for the appointment of a trustee or examiner was made in the Chapter 11 Cases.

5.    On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [D.I. 103].

6.    On January 28, 2025, the Office of the United States Trustee (the "<u>US Trustee</u>") appointed an official committee of unsecured creditors (the "<u>Committee</u>") in these Chapter 11 Cases pursuant to 11 U.S.C. § 1102 [D.I. 198].  The members appointed to the Committee were (i) Low Tech Toy Club LLC; (ii) SunYin (HK) Holding Limited; (iii) Gwen Studios LLC; (v) Brother International Corp.; (v) Ormo Ithalat Ihracat A.S.; (vi) Advantus, Corp.; (vii) Kimco Realty Corporation; (viii) Simon Property Group, Inc.; and (ix) Regency Centers, L.P.

7.    On February 11, 2025, the Debtors filed their schedules of assets and liabilities and statements of financial affairs (collectively, the "<u>Schedules</u>") [D.I. 359-384].

8.    On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1387] (the "<u>Confirmation Order</u>"), thereby confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* (the "<u>Plan</u>").[2] The Plan became effective on July 16, 2025 (the "<u>Effective Date</u>") [D.I. 1416].  Among other things, the Plan established the GUC Trust, and Steven Balasiano was appointed as the GUC Trustee.

9.    Upon the Effective Date, the Debtors and the GUC Trustee executed that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* (the "<u>Trust Agreement</u>") under

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

which the Debtors irrevocably transferred to the GUC Trust all of the Debtors' rights, title, and interest in and to all of the GUC Trust Assets. The GUC Trust Assets automatically vested in the GUC Trust pursuant to section 1141 of the Bankruptcy Code.

10.    Moreover, pursuant to the Plan, Confirmation Order, and Trust Agreement, the GUC Trust was authorized to review, allow, object to, prosecute, negotiate, estimate, settle or otherwise compromise any General Unsecured Claims in its sole discretion. *See* Plan, Art. IV.F.9.

**B.    The Bar Dates**

11.    On March 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [D.I. 561] (the "Bar Date Order") establishing certain deadlines for the filing of proofs of claim in these Chapter 11 Cases. The Bar Date Order established: (i) April 4, 2025 (the "General Bar Date") as the deadline for each person or entity other than governmental units to file proofs of claim, including claims arising pursuant to section 503(b)(9) of the Bankruptcy Code; (ii) September 8, 2025 (the "Governmental Bar Date") as the deadline for all governmental units to file proofs of claim; and (iii) April 4, 2025 (the "Administrative Bar Date," and, together with the General Bar Date and the Governmental Bar Date, the "Bar Dates") as the deadline for each person or entity that held or wished to assert a claim against the Debtors that is or may be an administrative expense pursuant to the section 503(b) of the Bankruptcy Code.

12.    On March 10, 2025, the Debtors mailed the *Notice of Deadlines for the Filing of Proofs of Claim, Including Pursuant to Section 503(b)(9) of the Bankruptcy Code* (the "Bar Date

Notice") and the proof of claim form to all of the Debtors' creditors and other known parties in interest as of the Petition Date. *See* Certificate of Service [D.I. 689].

**C.  The Claims Reconciliation Process**

13.      In the ordinary course of business, the Debtors maintained books and records that reflect, among other things, the nature and amount of the liabilities owed to their creditors.  Such books and records have been provided to the GUC Trust.  The GUC Trust and its professionals have been reviewing, comparing, and reconciling proofs of claim (including any supporting documentation) with the Debtors' Schedules and books and records.  This reconciliation process includes identifying particular categories of claims that may be subject to objection.

14.      As of the date hereof, the Claims Register maintained by the Claims and Noticing Agent reflects that more than 22,000 proofs of claim have been filed in the chapter 11 cases.  With respect to General Unsecured Claims, approximately (i) 17,000 proofs of claim have been filed that assert, at least in part, General Unsecured Claims in an aggregate liquidated amount of approximately $791 million; and (ii) 300 claims have been scheduled (not including contingent, unliquidated, and disputed claims) in an aggregate liquidated amount of $491 million.

15.      The GUC Trust and its professionals have been reviewing and analyzing claims since the Effective Date of the Plan.  This process includes identifying categories of claims that may be targeted for disallowance, reduction and/or reclassification.  To reduce the number of claims, and to avoid possible double or otherwise improper recovery by claimants, the GUC Trust anticipates filing additional omnibus objections to claims.

**RELIEF REQUESTED**

16.      By this Objection, the GUC Trust seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 disallowing

each No Liability Claim identified on **Schedule 1** and each Duplicate Claim identified on **Schedule 2**.

## BASIS FOR RELIEF

17.    Section 502(a) of the Bankruptcy Code provides that a "claim of interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest… objects."  11 U.S.C. § 502(a).  In adjudicating claim objections, courts apply "a burden-shifting framework."  *In re Devonshire PGA Holdings LLC*, 548 B.R. 689, 697 (Bankr. D. Del. 2016).  The Third Circuit Court of Appeals has described this framework as follows:

> Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is "*prima facie*" valid.  In other words, a claim that alleges facts sufficient to support a legal liability to the claimant satisfies the claimant's initial obligation to go forward.  The burden of going forward then shifts to the objector to produce evidence sufficient to negate the *prima facie* validity of the filed claim.  It is often said that the objector must produce evidence equal in force to the *prima facie* case.  In practice, the objector must produce evidence which, if believed, would refute at least one of the allegations that is essential to the claim's legal sufficiency.  If the objector produces sufficient evidence to negate one or more of the sworn facts in the proof of claim, the burden reverts to the claimant to prove the validity of the claim by a preponderance of the evidence.

*In re Allegheny Int'l Inc.*, 954 F.2d 167, 173–74 (3d Cir. 1992) (citations omitted).

18.    Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…."  11 U.S.C. § 502(b)(1).  The failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.  *See, e.g.*, *In re Jorczak*, 314 B.R. 474, 481–82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

6

19.     Pursuant to Bankruptcy Rule 3007(d), a trustee is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims, (i) "were presented in a form that does not comply with applicable rules, and the objection states that the objector is therefore unable to determine a claim's validity" or (ii) "duplicate other claims."  Fed. R. Bankr. P. 3007(d)(2); *see also* Local Bankruptcy Rule 3007-1(c)(i), (vi).

## A.  The No Liability Claims

20.     As set forth in the Balasiano Declaration, based upon a careful review and analysis of the No Liability Claims, the Debtor's books and records, and the Claims Register, the GUC Trust has determined that the No Liability Claims should be disallowed, because the documentation attached to each No Liability Claim, if any, does not provide *prima facie* evidence of the validity and amount of the claim.  Additionally, the GUC Trust cannot ascertain a basis for the claim after a reasonable review of the Debtors' books and records.

21.     Failure to disallow the No Liability Claims will result in the holders of the No Liability Claims receiving a recovery from the GUC Trust to which they are not entitled, to the detriment of other valid unsecured creditors.  Accordingly, to avoid the possibility of unwarranted recoveries and to maintain an accurate Claims Register, the GUC Trust submits that the No Liability Claims listed on **Schedule 1** should be disallowed.

## B.  The Duplicate Claims

22.     As set forth in the Balasiano Declaration, based upon a careful review and analysis of the Duplicate Claims, the Debtor's books and records, and the Claims Register, the GUC Trust has determined that each Duplicate Claim is a duplicate of, or subsumed within, another claim

filed by the identical claimant related to the same claim subject matter, which is listed in the corresponding "Remaining Claim" column (each a "Remaining Claim").

23.     Failure to disallow the Duplicate Claims will result in the holders of the Duplicate Claims receiving an improper, duplicative recovery from the GUC Trust on account of their claims.  The holders of the Duplicate Claims will not be prejudiced if such claims are disallowed because the claimants will retain their respective Remaining Claims.  Accordingly, to avoid the possibility of unwarranted recoveries and to maintain an accurate Claims Register, the GUC Trust submits that the Duplicate Claims listed on **Schedule 2** should be disallowed.

## RESPONSES TO THE OBJECTION

24.     <u>Filing and Service of Responses</u>.  To contest the Objection, a Claimant must file and serve a written response to the Objection (a "Response") so that it is actually received by the Clerk of Court and the parties in the following paragraph **no later than 4:00 p.m. (prevailing Eastern Time) on December 1, 2025** (the "Response Deadline").  Claimants should locate their names and claims on **Schedule 1** or **Schedule 2** to the Proposed Order and carefully review the Objection. A Response must address each ground upon which the Claimant contests the Objection.

25.     Each Response must be filed and served upon the following entities at the following addresses: (a) the Clerk of the Court, 824 North Market Street, 3rd Floor, Wilmington, Delaware 1980; (b) the Office of the United States Trustee for the District of Delaware, 844 King Street, Suite 2207, Wilmington, Delaware 19801, Attn.: Timothy Jay Fox, Jr. (timothy.fox@usdoj.gov); and (c) counsel for the GUC Trust (i) Kelley Drye & Warren LLP, 3 World Trade Center, 175 Greenwich Street, New York, New York 10007, Attn.: Eric R. Wilson (EWilson@KelleyDrye.com), Maeghan J. McLoughlin (MMcloughlin@kelleydrye.com), and Charles J. Fendrych (CFendrych@kelleydrye.com) and (ii) Benesch, Friedlander, Coplan &

Aronoff LLP, 1313 N. Market Street, Suite 1201, Wilmington, Delaware 19801, Attn: Jennifer R.

Hoover (jhoover@beneschlaw.com) and Steven L. Walsh (swalsh@beneschlaw.com).

26.     <u>Content of Responses</u>.   Every Response to the Objection must contain, at a

minimum, the following:

> a.   a caption setting forth the name of the Court, the above-referenced case number, and the title of the Objection to which the Response is directed;
>
> b.   the name of the claimant, the claim number, and a description of the basis for the amount of the Claim;
>
> c.   a concise statement setting forth the reasons why a particular Claim should not be disallowed for the reasons set forth in the Objection, including but not limited to the specific factual and legal bases upon which the claimant will rely in opposing the Objection at the Hearing (as defined below);
>
> d.   all documentation or other evidence of the Claim in question, to the extent not already included with the claimant's proof of claim, upon which the claimant will rely in opposing the Objection at the Hearing;
>
> e.   the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) possessing ultimate authority to reconcile, settle, or otherwise resolve the Claim on behalf of the claimant; and
>
> f.   the name, address, telephone number, and fax number of the person(s) (who may be the claimant or a legal representative thereof) to whom the GUC Trust should serve any reply to the Response.

27.     If a claimant whose Claim is subject to the Objection, and who is served with the

Objection, fails to file and serve a timely Response in compliance with the foregoing procedures,

the GUC Trust will present to the Court an order with respect to the No Liability Claims and the

Duplicate Claims, substantially in the form attached hereto as **<u>Exhibit A</u>**.

28.     The GUC Trust may file and serve a reply to any Response in accordance with the

Local Rules.   The GUC Trust reserves the right to seek an adjournment of the Hearing on any

Response to this Objection, which adjournment will be noted on the notice of agenda for the

Hearing.

29.     Each of the Claims and GUC Trust's objections thereto as asserted in this Objection constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The GUC Trust requests that any order entered by the Court with respect to an objection asserted herein will be deemed a separate order with respect to each such Claim.

## RESERVATION OF RIGHTS

30.     The GUC Trust expressly reserves the right to amend, modify, or supplement this Objection and to file additional objections to any other claims (filed or not) that may be asserted against the GUC Trust.  Should one or more of the grounds of objection stated in the Objection be dismissed or overruled, the GUC Trust reserves the right to object to each of the Claims or any other proofs of claim on any other grounds that GUC Trust discovers or elects to pursue.

31.     Nothing in this Objection will be deemed or construed: (a) as an admission as to the validity of any claim or interest against the GUC Trust or the Debtors; (b) as a waiver of the GUC Trust's or any other party's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; (c) a promise or requirement to pay any claim; (d) an implication or admission that any claim is of a type referenced or defined in this Objection; (e) a waiver or limitation of any of the GUC Trust's rights under the Bankruptcy Code or applicable law; or (f) to waive or release any right, claim, defense, or counterclaim of GUC Trust, or to estop GUC Trust from asserting any right, claim, defense or counterclaim (including setoff).

## COMPLIANCE WITH LOCAL RULE 3007-1

32.     The undersigned representative of the GUC Trust has reviewed the requirements of Local Rule 3007-1 and certifies that the Objection substantially complies with that Local Rule. To the extent that the Objection does not otherwise comply with the applicable requirements of Local

Rule 3007-1, the GUC Trust believes that such deviations are not material and respectfully requests that any such requirement be waived.

## **NOTICE**

33.     Notice of this Objection will be provided to: (a) the holders of the No Liability Claims and their counsel, if known; (b) the holders of the Duplicate Claims and their counsel, if known, (c) the U.S. Trustee; and (d) all parties entitled to notice pursuant to Bankruptcy Rule 2002.  The GUC Trust submits that, under the circumstances, no other or further notice is required.

## **NO PRIOR REQUEST**

34.     No prior request for the relief sought herein has been made by the GUC Trust to this Court or any other court.

WHEREFORE, for the reasons set forth herein, the GUC Trust respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested and such other and further relief as is just and proper.

Dated: November 7, 2025

**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**

  _/s/ Steven L. Walsh_
Jennifer R. Hoover, Esq. (No. 5111)
Steven L. Walsh, Esq. (No. 6499)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneshlaw.com
        swalsh@beneschlaw.com

**-and-**

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted _pro hac vice_)
Maeghan J. McLoughlin (admitted _pro hac vice_)
Charles J. Fendrych (admitted _pro hac vice_)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: EWilson@KelleyDrye.com
        MMcloughlin@kelleydrye.com
        CFendrych@kelleydrye.com

_Counsel to the GUC Trust_