# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>JOANN INC., *et al.*,[1]<br><br>        Debtors. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1808** |

**ORDER GRANTING MOTION OF
MICHAEL PRENDERGAST, JEFFREY DWYER, ROBERT WILL,
CHRISTOPHER DITULLIO, HEATHER HOLODY, MICHAEL KENNEDY,
AND MELISSA BOWERS FOR RELIEF FROM THE AUTOMATIC STAY, TO
THE EXTENT APPLICABLE, TO ALLOW PAYMENT AND/OR ADVANCEMENT
OF DEFENSE COSTS AND RELATED EXPENSES UNDER INSURANCE POLICY**

Upon the *Motion of Michael Prendergast, Jeffrey Dwyer, Robert Will, Christopher Ditullio, Heather Holody, Michael Kennedy, and Melissa Bowers for Relief From the Automatic Stay, to the Extent Applicable, to Allow Payment and/or Advancement of Defense Costs and Related Expenses Under Insurance Policy* (the "Motion")[2]; this Court having jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1337; this matter being a core proceeding under 28 U.S.C. § 157(b); this Court having found that the Proceeds are not property of the Debtors' bankruptcy estate; and this Court having found that good cause exists to grant the Movants relief from the Automatic Stay for the purpose of accessing the Proceeds;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms not otherwise defined will have the meaning given to them in the Motion.

2.  The Automatic Stay under 11 U.S.C. § 362, to the extent applicable, is hereby modified to authorize XL to advance and/or pay defense costs and other losses related to the Lawsuit to or on behalf of the Movants in accordance with the Policy.

3.  The Movants and XL are authorized to take all actions necessary to effectuate this Order in accordance with the Motion.

4.  Nothing in the Motion or this Order shall (a) affect, impair, prejudice, or otherwise alter the terms and conditions of the Policy, any related agreements, or any related reservations of rights provided by XL, the Debtors, or the Insured Parties; (b) affect, impair, prejudice or otherwise alter the rights, obligations, and defenses of XL, the Debtors, or the Insured Parties under the Policy, any related agreements, or any related reservations of rights provided by XL, the Debtors, or the Insured Parties; (c) relieve the Debtors or their estate of any of their obligations under any insurance policies, including the Policy and related agreements; or (d) preclude or limit the rights of any insurers, including XL, to contest or litigate the existence, primary, or scope of available coverage under any allegedly applicable insurance policies, including the Policy, or to otherwise assert any defenses to coverage.  Such insurers and any other parties to any such insurance policies shall retain and reserve all rights and defenses, if any, that they would otherwise have under or with respect to such insurance policies.

5.  This Order is immediately effective and enforceable upon its entry.

6.  This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

Dated: November 21st, 2025
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE