**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC.,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) ) ) ) | Hearing Date: January 13, 2026 at 10:00 a.m. (ET) Response Deadline: December 29, 2025 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATOR'S
SEVENTEENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS
(Unliquidated Claims and Overstated Claims)**

> *TO ALL PARTIES RECEIVING THIS OBJECTION:*
>
> **YOU SHOULD REVIEW SCHEDULE 1 AND SCHEDULE 2 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED ON THE EXHIBIT ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**
>
> **YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

Ann Aber, solely in her capacity as the Plan Administrator (the "Plan Administrator") appointed in the above-captioned cases, hereby files this objection (the "Objection") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"),

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236

pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), (a) disallowing, in its entirety, each claim set forth on **Schedule 1** to the Proposed Order (the "Unliquidated Claims"); and (b) as and to the extent set forth under the "Modified Claim Amount" column on **Schedule 2** to the Proposed Order, reducing the administrative expense portion (the "Administrative Expense Claims") of each claim set forth such **Schedule 2** (the "Overstated Claims"), with a corresponding reduction to the total amount of each Overstated Claim.[2]  In support of this Objection, the Plan Administrator submits and incorporates herein the declaration attached hereto as **Exhibit B** (the "Aber Declaration"), and respectfully represents as follows:

## Jurisdiction

1.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to entry of final orders or judgments by this Court

---

[2] For the avoidance of doubt, the Plan Administrative is only objecting to the Administrative Expense Claim set forth in, or as part of, each Overstated Claim.  As the Plan Administrator is not seeking to reclassify any portion of the asserted Administrative Expense Claims, the reduction to each Administrative Expense Claim will result in a corresponding reduction to the total amount of the Overstated Claim.  All claims subject to this Objection remain subject to all other and further substantive and non-substantive objections, including, without limitation, objections assertable by the GUC Trust (as defined in the Plan) with respect to the general unsecured portions of the Overstated Claims.

if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested in the Objection are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

**A.    The Chapter 11 Cases.**

4. On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103.

6. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. *See* Docket No. 198.

7. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.    Schedules, SOFAs, and Bar Date Order.**

8.    On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

9.    On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim.

10.    Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 579, 689.

**C.    Plan Confirmation, Effective Date, and Appointment of Plan Administrator.**

11.    On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353]

(as amended, the "Plan").  The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See* Docket No. 1416.

12.     Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement.  *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D.  Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, file and prosecute claim objections.  *See* Plan Art. VII.B.

**D.     Claims Resolution Process.**

13.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to creditors.

14.     The claims agent in these Bankruptcy Cases, Kroll Restructuring Administration ("Kroll") has prepared and maintains a register (the "Claims Register") of proofs of claim (collectively, the "Proofs of Claim") that were filed in these chapter 11 cases against the Debtors.

15.     More than 19,900 Proofs of Claim have been filed in the chapter 11 cases.  The Plan Administrator and her advisors are comprehensively reviewing the Proofs of Claims asserting administrative and priority claims, and comparing such claims with the Debtors' Books and Records to determine the validity of such claims, in accordance with their duty to object to the allowance of any claim that is improper.  *See* 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107.  This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance, or reclassification and allowance.

**E.     The Unliquidated Claims.**

16.     Based on the Debtors' Books and Records, and the supporting documentation, if any, submitted with the Unliquidated Claims, the Plan Administrator has determined that the

Unliquidated Claims are claims for which the applicable claimant has failed to specify the amount of the claim being asserted or has listed the amount of the claim as "unliquidated." Further, the Plan Administrator is unaware of any valid obligations that may be the basis for any such Unliquidated Claim.

17.  Accordingly, to prevent an unwarranted recovery by the claimants asserting the Unliquidated Claims, the Plan Administrator respectfully requests that the Court disallow and expunge the Unliquidated Claims in their entirety.

**F.  The Overstated Claims.**

18.  The claimants asserting the Overstated Claims each assert, on and as part of the relevant Proof of Claim for each Overstated Claim, an Administrative Expense Claim under Bankruptcy Code section 503(b) for alleged post-petition obligations under or relating to a real property lease by and between the claimant and one or more of the Debtors. Based on Plan Administrator's review of the Debtors' Books and Records, the relevant lease agreements and related documents, and any supporting documentation submitted with the Overstated Claims, the Plan Administrator has determined that each Administrative Expense Claim includes amounts that were not properly chargeable to any Debtor under the applicable lease and related documents and/or includes obligations that were previously satisfied. Thus, the Administrative Expense Claims must be reduced by the amount of such improper and/or previously satisfied charges, resulting in a corresponding reduction to the total amount of the Overstated Claims.

19.  The administrative claim category within the "Modified Claim Amount" column on **Schedule 2** to the Proposed Order reflects the amounts that were properly chargeable to the Debtors under the applicable lease and related documents, remain outstanding, and are entitled to administrative expense status under Bankruptcy Code section 503(b). Accordingly, the Plan Administrator requests that the Administrative Expense Claims and the total amount of the

Overstated Claims be reduced to the amounts set forth in the "Modified Claim Amount" column on **Schedule 2** to the Proposed Order.

20. For the avoidance of doubt, the Plan Administrator is only objecting to the amount of the Administrative Expense Claim set forth in, or as part of, each Overstated Claim. Each Overstated Claim remains subject to all other and further substantive and non-substantive objections, including, without limitation, objections assertable by the GUC Trust with respect to the general unsecured portion of each Overstated Claim.

### Relief Requested

21. By and through this Objection, the Plan Administrator now seeks an order (a) disallowing the Unliquidated Claims in their entirety as set forth on **Schedule 1** to the Proposed Order; and (b) reducing the Administrative Expense Claims and the total amount of the Overstated Claims as and to the extent set forth on **Schedule 2** to the Proposed Order.

### Basis for Relief

22. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant party, that a claim may not be allowed to the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

23. Courts in this Circuit routinely reduce claims when the asserted amount is unsupported by the claimant's submitted documentation or are otherwise irreconcilable with the debtor's books and records. *See In re Harry & David Holdings, Inc., et al.*, No. 11-10884 at 2 (Bankr. D. Del. November 23, 2011) (reducing claims on the basis that the amount stated in the

proofs of claim were different from, or in excess of, what was reflected in the debtor's books and records.) *Rotech Healthcare Inc.* at 2 (Bankr. D. Del. May 20, 2014) (reducing claims on the basis that the amount stated in the proofs of claim are greater than what the applicable claimant is actually owed by the applicable debtor).

24. While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of providing the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim. If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid"). The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

25. The Plan Administrator and her advisors are reviewing and reconciling all Proofs of Claim and any related supporting documentation to determine, among other things, whether and to what extent each Proof of Claim is properly classified and valid and enforceable against the Debtors. Based on this review, the Plan Administrator has determined that the Unliquidated Claims list on **Schedule 1** to the Proposed Order should be disallowed and expunged in their entirety, and that the Administrative Expense Claims and the Overstated Claims should be reduced as and to the extent set forth under "Modified Claim Amount" column on **Schedule 2** to the Proposed Order.

**Separate Contested Matters**

26. The objection to each Unliquidated Claim and Overstated Claim asserted in this Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. The Plan Administrator further requests that any order entered on this Objection be deemed a separate order with respect to each Unliquidated Claim and Overstated Claim, and that, if any appeal is taken with respect to such order, any stay of such order be deemed to only apply to the contested matter regarding the claim and the claimant involved in such appeal, and that such stay not apply to stay the applicability and/or finality of any order on this Objection with respect to the other contested matters initiated hereby.

**Reservation of Rights**

27. The Plan Administrator hereby reserves the right to further object to the Overstated and/or Unliquidated Claims on any additional factual or legal grounds. Without limiting the generality of the foregoing, the Plan Administrator specifically reserves the right to amend the Objection, file additional papers in support thereof or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Plan Administrator or through discovery.

**Compliance with Local Rule 3007-1**

28. To the best of the Plan Administrator's knowledge and belief, the Objection, including the exhibits annexed to the Proposed Order, substantially complies with Local Rule 3007-1. To the extent that the Objection does not comply with the requirements of Local Rule

3007-1, the Plan Administrator submits that the deviations are not material and respectfully request that those requirements be waived.

## No Prior Request

29. No prior request for the relief sought in the Objection has been made to this or any other court.

## Notice

30. The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## Conclusion

WHEREFORE, for the reasons stated herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

[*Remainder of Page Intentionally Left Blank*]

Dated:  December 3, 2025
Wilmington, Delaware

>/s/ Michael E. Fitzpatrick
> **COLE SCHOTZ P.C.**
> Patrick J. Reilley (No. 4451)
> Stacy L. Newman (No. 5044)
> Jack M. Dougherty (No. 6784)
> Michael E. Fitzpatrick (No. 6797)
> 500 Delaware Avenue, Suite 600
> Wilmington, Delaware 19801
> Telephone: (302) 652-3131
> Facsimile: (302) 652-3117
> Email: preilley@coleschotz.com
> snewman@coleschotz.com
> jdougherty@coleschotz.com
> mfitzpatrick@coleschotz.com
>
> - and -
>
> **HAHN LOESER & PARKS LLP**
> Christopher B. Wick (admitted *pro hac vice*)
> Philip K. Stovall (admitted *pro hac vice*)
> 200 Public Square, Suite 2800
> Cleveland, Ohio 44114
> Telephone: (216) 274-2489
> Facsimile: (216) 241-2824
> Email: cwick@hahnlaw.com
> pstovall@hahnlaw.com
>
> *Co-Counsel to the Plan Administrator*