## Exhibit B

**Aber Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Post-Effective Date Debtor. | ) |  |
|  | ) | Re: Docket No. ___ |

**DECLARATION OF ANN ABER IN SUPPORT OF PLAN ADMINISTRATOR'S SEVENTEENTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Unliquidated Claims and Overstated Claims)**

I, Ann Aber, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am the Plan Administrator[2] appointed in the above-captioned chapter 11 cases.

2. Prior to the Plan's Effective Date, I was the Executive Vice President, Chief Legal & Human Resource Officer at JOANN Inc. and I worked directly with Alvarez & Marsal, North America, LLC ("A&M"), a global business advisory firm engaged by the Debtors to provide an interim chief executive officer, interim chief financial officer, and certain additional personnel in these chapter 11 cases.

3. I submit this declaration (the "Declaration") in support of the *Plan Administrator's Seventeenth (Substantive) Omnibus Objection to Certain Claims* (the "Objection"), filed contemporaneously herewith. I am over the age of 18, competent to testify and authorized to submit the Declaration as the Plan Administrator.

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

4.       Every matter set forth herein is based on (a) my personal knowledge, (b) my review, or the review of work performed by former employees of the Debtors who have been retained by the Plan Administrator, whom I oversee in a managerial capacity, of relevant documents, and/or (c) my understanding based on information obtained from the Debtors' books and records.

5.       The Unliquidated Claims and the Overstated Claims were reviewed and analyzed in good faith using due diligence by appropriate personnel of the former Debtors, the Plan Administrator's staff, professionals, and the Claims Agent.  Indeed, me and my advisors have spent months reviewing and analyzing proofs of claim and any supporting documentation filed against the Debtors.  These efforts resulted in, among other things, identifying the Unliquidated Claims and Overstated Claims set forth in **Schedule 1** and **Schedule 2**, respectively, to the Proposed Order.

6.       I have read and reviewed the Objection, including the information set forth on **Schedule 1** and **Schedule 2** to the Proposed Order, and I am familiar with the information contained in those documents.

7.       Based on my and my advisors' ongoing analysis and review, we have determined that the Unliquidated Claims are claims for which the applicable claimant has failed to specify the amount of the claim being asserted or has listed the amount of the claim as "unliquidated." Further, I am unaware of any valid obligations that may be the bases for any such Unliquidated Claims. Thus, I believe that each Unliquidated Claim on **Schedule 1** to the Proposed Order should be disallowed and expunged in its entirety.

8.       With respect to the Overstated Claims, each Overstated Claim includes an Administrative Expense Claim asserted under Bankruptcy Code section 503(b) for alleged post-petition obligations under or relating to a real property lease by and between the claimant and one

or more of the Debtors. Based on my and my advisors' review of the Debtors' books and records and the relevant leases and other documents, I have determined that each Administrative Expense Claim includes amounts that were not properly chargeable to any Debtor under the applicable lease and related documents and/or includes obligations that were previously satisfied. Thus, each Administrative Expense Claim should be reduced by the amount of the improper and/or previously satisfied charges, which will result in a corresponding reduction to the total amount of the Overstated Claim.

9. The administrative claim category within the "Modified Claim Amount" column on **Schedule 2** to the Proposed Order reflects the amounts that were properly chargeable to the Debtors under the applicable lease and related documents, remain outstanding, and are entitled to administrative expense status under Bankruptcy Code section 503(b). Accordingly, the Administrative Expense Claims and the total amount of the Overstated Claims should be reduced to the amounts set forth under the "Modified Claim Amount" column on such **Schedule 2**.

10. To the best of my knowledge, information and belief, the information that is contained in the Objection is true and correct.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

December 3, 2025

*/s/ Ann Aber*
Ann Aber, Solely in her Capacity as Plan Administrator in the Chapter 11 Cases of Joann Inc. *et al*.