IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JOANN INC., *et al.*,[1]<br><br>Post-Effective Date Debtors. | Chapter 11<br><br>Case Nos. 25-10068 (CTG)<br>(Jointly Administered) |

**STIPULATION BETWEEN GUC TRUST AND AVANTI, INC.
REGARDING APPLICATION OF SECURITY DEPOSIT**

This stipulation ("Stipulation") is made and entered into by and between Avanti Inc., a California corporation (as authorized representative of and on behalf of each Tenant-in-Common) ("Landlord") and the JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano, solely in his capacity as the liquidating trustee (the "GUC Trustee," and with Landlord, the "Parties"), who hereby stipulate and agree as follows:

RECITALS

WHEREAS, on January 15, 2025 (the "Petition Date"), the Debtors, including but not limited to Jo-Ann Stores, LLC (the "Debtor"), filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code"); and

WHEREAS, Landlord, on behalf of itself and as authorized representative of and on behalf of each Tenant-in-Common, was the landlord under a lease of non-residential real property, originally dated May 19, 2021 (as amended from time to time, the "Lease") by which Landlord (as authorized representative of, and on behalf of, each Tenant in Common), leased to

---

[1] The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

**EXHIBIT A-1**

debtor Jo-Ann Stores, LLC, as lessee, certain real property located at 7530 W. Sunnyview Ave., Visalia CA 93291 (Store No. 7125) (the "Leased Premises" or the "Property"); and

WHEREAS, pursuant to the Third Order Authorizing the Debtors To Reject Certain Executory Contracts And/Or Unexpired Leases (Docket No. 713), the Lease was rejected, effective March 31, 2025; and

WHEREAS, as a result of the rejection of the Lease, Landlord filed a lease rejection damage claim in the amount of $1,194,986.99 (the "Claim"), docketed as Claim No. 17238 on the Court's claims register, reflecting the application of the cap set forth in § 502(b)(6) of the Bankruptcy Code; and

WHEREAS, at the time of the rejection, and presently, Landlord has been holding a security deposit in the amount of $46,142.80 (the "Security Deposit"); and

WHEREAS, on July 10, 2025, the Court entered the Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications) (Docket No. 1387) (the "Confirmation Order"), thereby confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications) (the "Plan"). The Plan became effective on July 16, 2025 (the "Effective Date") (Docket No. 1416). Among other things, the Plan established the GUC Trust, and Steven Balasiano was appointed as the GUC Trustee; and

WHEREAS, in lieu of litigation, counsel for Landlord and counsel for the GUC Trustee have agreed upon the disposition of the Security Deposit as set forth herein.

NOW THEREFORE, the Parties hereby stipulate to the following relief, subject to approval of the United States Bankruptcy Court for the District of Delaware (the "Court") in the above-captioned cases:

## STIPULATION

1. Notwithstanding the terms of the Plan, the Confirmation Order, and 11 U.S.C. § 362(a) (to the extent applicable), Landlord shall be permitted to apply the Security Deposit to the Claim upon entry of an order approving this Stipulation, to the extent that the Claim has been limited by 11 U.S.C. § 502(b)(6).

2. To the extent that the automatic stay pursuant to § 362(a) of the Bankruptcy Code and/or any injunctions set forth in the Plan or the Confirmation Order may otherwise limit the application of the Security Deposit as described above, they are lifted solely for the purpose of applying the Security Deposit.

3. Nothing in this Stipulation shall limit or affect the validity of the Claim or the GUC Trust's right to object to allowance of the Claim.

4. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior agreements and understandings, whether written or oral, between the Parties. This Stipulation may not be modified, amended, or supplemented except by a written agreement signed by each of the Parties or their authorized representatives and approved by the Court.

5. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their respective successors, assigns, and affiliates, including but not limited to any Chapter 7 trustee. This Stipulation shall survive the dismissal of this case and/or the conversion of this case to a case under another chapter of the Bankruptcy Code.

6. Each person who executes this Stipulation on behalf of a party represents and warrants that they are duly authorized to execute this Stipulation on behalf of such party and that such party has full knowledge of and has consented to this Stipulation.

7. This Stipulation shall be of no force or effect unless and until it is approved by an order of the Court. In the event that the Court denies approval of this Stipulation, then this Stipulation shall have no effect and the Parties shall have no obligations hereunder.

8. This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Signatures delivered by facsimile, email, or other electronic means shall be deemed originals for purposes of this stipulation.

| KELLEY DRYE & WARREN LLP | HILLER LAW, LLC |
|---|---|
| **/s/ Charles J. Fendrych** | **/s/ Adam Hiller** |
| Eric R. Wilson (*pro hac vice*) | Adam Hiller (DE No. 4105) |
| Maeghan J. McLoughlin (*pro hac vice*) | 300 Delaware Ave., Ste. 210, #227 |
| Charles J. Fendrych (*pro hac vice*) | Wilmington, Delaware 19801 |
| 3 World Trade Center | (302) 442-7677 telephone |
| 175 Greenwich Street | ahiller@adamhillerlaw.com |
| New York, New York 10007 | |
| Tel: (212) 808-7800 | *Attorney for Avanti Inc., a California* |
| Fax: (212) 808-7897 | *corporation (as authorized representative of* |
| Email: EWilson@KelleyDrye.com | *and on behalf of each Tenant-in-Common)* |
| MMcloughlin@kelleydrye.com | |
| CFendrych@kelleydrye.com | |

-and-

-5-

BENESCH, FRIEDLANDER, COPLAN &
ARONOFF LLP
Jennifer R. Hoover, Esq. (No. 5111)
Steven L. Walsh, Esq. (No. 6499)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneshlaw.com
swalsh@beneschlaw.com

*Attorneys for the GUC Trust*