IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

RECEIVED
2025 DEC -4 P 12:08
CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

In re:

JOANN INC., et al.,

Debtors.

Chapter 11

Case No. 25-10068 (CTG)

(Jointly Administered)

### AURIENT INTERNATIONAL CORP.'S RESPONSE AND OBJECTION TO GENERAL UNSECURED CREDITORS TRUST'S THIRD OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (LATE-FILED CLAIMS) AS IT RELATES TO THE CLAIM OF AURIENT INTERNATIONAL CORP.

Aurient International Corp. ("Aurient"), by and through its undersigned representative, respectfully submits this response and objection (this "Objection") to the General Unsecured Creditors Trust's Third Omnibus (Non-Substantive) Objection to Certain Claims (Late-Filed Claims) (the "Omnibus Objection"), to the extent it seeks to disallow or reclassify Aurient's claim (the "Aurient Claim") as late-filed. In support of this Objection, Aurient states as follows:

I. BACKGROUND

1. Aurient's Status and Address. Aurient is a corporation organized and existing under the laws of Taiwan, with its principal place of business in Taiwan. Aurient does not maintain any offices or place of business within the United States.

2. Relationship with the Debtors. Prior to the commencement of these Chapter 11 Cases, Aurient supplied merchandise and related goods to the Debtors in the ordinary course of business as a trade vendor. As of the petition date, Aurient held an unsecured claim against one or more of the Debtors in the approximate amount of US$501,581.13 (the "Aurient Claim"), arising from delivered goods, open invoices, and related charges.

3. Bar Date and Bar Date Notice. Pursuant to an order of this Court (the "Bar Date Order"), the Court established April 4, 2025 at 11:59 p.m. (prevailing Eastern Time) as the general

2025/12/1

bar date for filing proofs of claim against the Debtors (the "General Bar Date"). The Bar Date Order and related notice (the "Bar Date Notice") provide that proofs of claim must be actually received by the Debtors' claims agent, Kroll Restructuring Administration LLC ("Kroll"), on or before the General Bar Date and set forth the procedures for filing proofs of claim, including the mailing address and online resources for submitting claims.

4. Manner and Timing of Aurient's Receipt of the Bar Date Package. (a) Aurient is a foreign creditor located in Taiwan. (b) Aurient received a mailing from Kroll, sent by ordinary international mail (not by registered mail, courier, or email), addressed to Aurient in Taiwan. The envelope was delivered on or about April 9, 2025. (c) The contents of that mailing included a notice instructing Aurient to go online and submit certain claim-related information and/or forms (the "Bar Date Package"). The Bar Date Package states that the deadline for filing and/or submitting the requested information is April 4, 2025. (d) As of the date Aurient first received and opened the Bar Date Package in Taiwan—April 9, 2025—the stated General Bar Date had already passed five (5) days earlier.

5. No Prior Timely Bar Date Notice to Aurient. Prior to receiving the Bar Date Package on or about April 9, 2025, Aurient did not receive any bar date notice by email, courier, or any other prompt means of communication. As a foreign vendor, Aurient normally communicates with the Debtors and their representatives by email and did not receive any email notification of the April 4, 2025 General Bar Date.

6. Aurient's Prompt Efforts to Comply Once It Received the Bar Date Package. After finally receiving the Bar Date Package on or about April 9, 2025, Aurient acted in good faith and promptly prepared and submitted the requested information in accordance with the instructions provided, using the website and/or claim form identified in the Bar Date Package and on Kroll's website. The timing of Aurient's response was entirely driven by the fact that Aurient first learned of the April 4, 2025 deadline only after that date had already passed.

7. Prior Written Confirmation that Aurient's Proof of Claim Had Been Filed. In addition, before receiving the Bar Date Package described above, Aurient had already submitted its proof of claim to Kroll. On or about February 21, 2025, Aurient received from Kroll a written acknowledgment postcard stating that Kroll had received Aurient's proof of claim in these Chapter 11 Cases, identifying "Date Filed: January 21, 2025" and assigning Proof of Claim No. 142 to Aurient's claim (the "Acknowledgment Postcard"). A true and correct copy of the Acknowledgment Postcard is attached hereto as Exhibit A. Thus, according to the Debtors' own claims and noticing agent, Aurient's proof of claim was on file with Kroll as of January 21, 2025—more than two months before the April 4, 2025 General Bar Date.

II. BASIS FOR THE OBJECTION

8. As a Known Foreign Creditor, Aurient Was Entitled to Meaningful and Timely Notice of the Bar Date and Related Requirements. Aurient is a known trade creditor of the Debtors. As such, Aurient respectfully submits that it was entitled to notice of the General Bar Date and any related filing requirements that was reasonably calculated to apprise it of the deadlines

and to afford it a meaningful opportunity to comply. Serving a foreign creditor in Taiwan by ordinary mail only, where the creditor actually receives the Bar Date Package five days after the deadline date has expired, does not provide a fair or realistic opportunity to comply.

9. Notice Received After the Deadline Cannot Fairly Cut Off Aurient's Rights. Fundamental fairness and due process require that a creditor receive notice of a bar date or filing deadline before that deadline expires, so that the creditor can act within the specified time. Here, Aurient's first actual knowledge of the specific April 4, 2025 deadline for submitting the additional online information described in the Bar Date Package came from the Bar Date Package delivered in Taiwan on or about April 9, 2025—after that deadline. It is unreasonable and inequitable to penalize Aurient for failing to meet a deadline that it could not have known about in time due to postal delays and the chosen method of service.

10. Use of Ordinary International Mail Was Particularly Inadequate for a Non-U.S. Company. Aurient is not a U.S. entity and is located outside the United States. For such a foreign creditor, the exclusive use of ordinary international mail (rather than, for example, email, courier, or at least registered mail with sufficient lead time) is inherently slower and uncertain, especially where time-sensitive rights and deadlines are involved. In addition, the Debtors and/or their agents had Aurient's email contact information through prior course-of-dealing and could have sent notice electronically in addition to regular mail, but did not do so.

11. Any Delay Was the Result of Circumstances Beyond Aurient's Control and Constitutes Excusable Neglect. To the extent this Court deems any aspect of Aurient's claim process to have occurred after the General Bar Date, Aurient respectfully submits that any such tardiness is the result of "excusable neglect" within the meaning of Bankruptcy Rule 9006(b)(1) and applicable case law, for at least the following reasons: (a) Prejudice: The allowance of the Aurient Claim as timely will not cause undue prejudice to the Debtors' estates, the GUC Trust, or other creditors, especially given that Aurient is a legitimate trade creditor whose claim arises from goods supplied to the Debtors. (b) Length of Delay: Any delay was relatively short and occurred solely because Aurient received the Bar Date Package after the deadline had already passed. (c) Reason for the Delay: The cause of any delay—postal transit time and the use of ordinary mail to an overseas creditor—was entirely outside of Aurient's control. (d) Good Faith: Aurient has acted in good faith at all times, promptly taking steps to file its proof of claim and to respond as soon as it became aware of the bar date and any additional filing requirements.

12. Kroll's Acknowledgment Postcard Confirms Aurient's Claim Was Timely Filed. As noted above, the Acknowledgment Postcard from Kroll expressly confirms that Aurient's proof of claim was received and docketed as of January 21, 2025, and assigned a specific Proof of Claim number. This filing date is well in advance of the April 4, 2025 General Bar Date. In light of this official record from the Debtors' own claims and noticing agent, Aurient respectfully submits that the Aurient Claim cannot properly be characterized as a "Late-Filed Claim" within the meaning of the Omnibus Objection. To the extent the GUC Trust's schedules or exhibits list the Aurient Claim as "late filed," Aurient believes that such designation is the product of a clerical or administrative error and should be corrected.

13. Important Creditor Rights Should Not Be Forfeited Because of Postal Delay. Important creditor rights, particularly those of a foreign creditor with no U.S. office, should not be forfeited merely because notice of a deadline was sent only by ordinary mail and arrived after the deadline date. Aurient respectfully submits that the equities strongly favor allowing the Aurient Claim as timely filed and treated on the same basis as other general unsecured claims.

III. RELIEF REQUESTED

14. For the reasons set forth above, Aurient respectfully requests that the Court: (a) Overrule the Omnibus Objection solely to the extent it seeks to disallow, expunge, or reclassify the Aurient Claim as a late-filed claim; (b) Determine that the Aurient Claim is deemed timely filed and should be allowed and treated in accordance with the Debtors' confirmed plan and applicable orders of this Court; and (c) Grant such other and further relief as the Court deems just and proper.

IV. RESERVATION OF RIGHTS

15. Aurient expressly reserves all rights, claims, defenses, and arguments, including (without limitation) the right to supplement or amend this Objection, to present additional evidence at any hearing on the Omnibus Objection, and to assert additional grounds in support of the allowance of the Aurient Claim.

Dated: Dec, 1st, 2025

Respectfully submitted,

AURIENT INTERNATIONAL CORP.

By: _____

Name: Shun Ching Wu

Title: President

Address: [Your full mailing address in Taiwan]

Telephone: 886-2-2552-3998

Email: hsiao@aurient.com.tw

2025/12/1

EXHIBIT A – Acknowledgment Postcard from Kroll (Date Filed: January 21, 2025; Proof of Claim No. 142


KROLL
RESTRUCTURING
ADMINISTRATION

P.O. Box 5293
New York, NY 10150-9998

In re JOANN Inc.
Case No. 25-10068
United States Bankruptcy Court for the District of Delaware

**KROLL RESTRUCTURING ADMINISTRATION (FORMERLY KNOWN AS PRIME CLERK) RECEIVED YOUR PROOF OF CLAIM.**

Date Filed: 1/21/2025
Proof of Claim No.: 142

For additional information, please visit http://cases.ra.kroll.com/JOANN2025, or call us at 844.712.2239.

8F-3

Aurient International Corp.
Shun Ching Wu - President
8F-3, 106 Chang An West Road. R.O.C.
Taipei, Taiwan, 10351
Taiwan

2025/12/1

CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on [date], I caused a true and correct copy of the foregoing Aurient International Corp.'s Response and Objection to General Unsecured Creditors Trust's Third Omnibus (Non-Substantive) Objection to Certain Claims (Late-Filed Claims) as It Relates to the Claim of Aurient International Corp. to be served by international mail and/or courier, and by email where addresses are provided, upon the following:

1. Clerk of the Court
   United States Bankruptcy Court
   District of Delaware
   824 North Market Street, 3rd Floor
   Wilmington, DE 19801, USA

2. Office of the United States Trustee for the District of Delaware
   844 King Street, Suite 2207
   Wilmington, DE 19801, USA
   Attn.: Timothy Jay Fox, Jr.
   Email: timothy.fox@usdoj.gov

3. Counsel for the General Unsecured Creditors Trust
   Kelley Drye & Warren LLP
   3 World Trade Center
   175 Greenwich Street
   New York, NY 10007, USA
   Attn.: Eric R. Wilson (EWilson@KelleyDrye.com)
       Maeghan J. McLoughlin (MMcloughlin@kelleydrye.com)
       Charles J. Fendrych (CFendrych@kelleydrye.com)

4. Counsel for the General Unsecured Creditors Trust
   Benesch, Friedlander, Coplan & Aronoff LLP
   1313 N. Market Street, Suite 1201
   Wilmington, DE 19801, USA
   Attn.: Jennifer R. Hoover (jhoover@beneschlaw.com)
       Steven L. Walsh (swalsh@beneschlaw.com)

Dated: Dec, 1st, 2025

_____
Name: Shun Ching Wu

On behalf of Aurient International Corp.

2025/12/1

6 OF 6

DMUND WU
F-3, NO 106,CHANG-AN W. RD.,,,DATON
AIPEI CITY, 10351
W
BILL SENDER

CLERK OF THE COURT- USA BANKRUPTCY
COURT   DISTRICT OF DELAWARE
824 NORTH MARKET STREET, 3RD FLOOR
WILMINGTON, DE 19801, USA
WILMINGTON DE 19801
3022522900         REF:
NV:                          (US)
PO:                DEPT:



FedEx Express

RK# 8865 6801 3258

AA
INTL CONN PLUS
ETD
19801
DE-US  PHL

UK ZWIA

