**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| JOANN, Inc., *et al.*, | ) Case No. 25-10068 (CTG) |
|  | ) |
| Post-Effective Date Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) **Re: D.I. 1838** |

**ORDER SUSTAINING GUC TRUST'S SECOND OMNIBUS (NON-SUBSTANTIVE)
OBJECTION TO CERTAIN CLAIMS (AMENDED CLAIMS)**

Upon consideration of the *GUC Trust's Second Omnibus Objection (Non-substantive) to Certain Claims (Amended Claims)* (the "Objection")[2] filed by the GUC Trust for entry of an order (this "Order") pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, disallowing the claims listed on **Schedule 1** to this Order (the "Amended Claims"), all as more fully set forth in the Objection; and the Court having reviewed the Balasiano Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Objection

---

[1] The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.      The Objection is SUSTAINED as set forth herein.

2.      Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.      Each Amended Claim identified on **Schedule 1** attached hereto is hereby disallowed.

4.      The Claims and Noticing Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

5.      Each of the Amended Claims and the objections by the GUC Trust to such Amended Claims, as addressed in the Objection and set forth on **Schedule 1** attached to this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Amended Claims. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

6.      Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or interest against the Debtors or the GUC Trust; (ii) a waiver of the GUC Trust's or any other party's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in the Objection; (v) a waiver or limitation of any of the

GUC Trust's rights under the Bankruptcy Code or applicable law, or (vi) to waive or release any

right, claim, defense, or counterclaim of the GUC Trust, or to estop the GUC Trust from asserting,

any right, claim, defense, or counterclaim (including setoff).

7.    The GUC Trust and the Claims and Noticing Agent are authorized to take all

actions necessary to effectuate the relief granted in this Order.

8.    The terms and conditions of this Order shall be immediately effective and

enforceable upon its entry.

9.    The Court retains jurisdiction with respect to all matters arising from or

related to the implementation, interpretation, and enforcement of this Order.

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

**Dated: December 12th, 2025**
**Wilmington, Delaware**

3