**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |
| | ) | Hearing Date: January 13, 2026 at 10:00 p.m. (ET) |
| | ) | Response Deadline: January 5, 2026 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATOR'S EIGHTEENTH (NON-SUBSTANTIVE)**
**OMNIBUS OBJECTION TO CERTAIN SUPERSEDED CLAIMS**

> *TO ALL PARTIES RECEIVING THIS OBJECTION:*
>
> **YOU SHOULD REVIEW <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED HERETO AS <u>EXHIBIT A</u> TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**
>
> **YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

Ann Aber, solely in her capacity as the plan administrator (the "<u>Plan Administrator</u>")

appointed in the above-captioned cases, hereby files this omnibus claims objection

(the "<u>Objection</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>**

---

[1] The Post-Effective Date Debtor in this chapter 11 cases, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

(the "Proposed Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging in its entirety each Superseded Claim (as defined below) set forth in **Schedule 1** to the Proposed Order.  In support of this Objection, the Plan Administrator submit the *Declaration of Ann Aber in support of the Plan Administrator's Eighteenth (Non-Substantive) Omnibus Objection to Certain Superseded Claims* (the "Aber Declaration"), attached hereto as **Exhibit B**.  In further support of this Objection, the Plan Administrator respectfully states as follows:

## Jurisdiction and Venue

1.      The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## Background

### B.      The Chapter 11 Cases

1.      On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as

defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2.      On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 103.

3.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.  *See* Docket No. 198.

4.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.      Schedules, SOFAs, and Bar Date Order**

5.      On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

6.      On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9)

of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4,

2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar

Dates") as the deadline for entities asserting a request for payment of an administrative claim under

section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file

a proof of claim.

7.      Notice of the Bar Date was provided by mail and publication in accordance with

the procedures outlined in the Bar Date Order.  *See* Docket Nos. 579, 689.

**C.      Plan Confirmation, Effective Date, and Appointment of Plan Administrator**

8.      On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and

Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended

Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket

No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of

Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended,

the "Plan").  The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See*

Docket No. 1416.

9.      Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order,

Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions

necessary to further such implementation, subject to the Committee Settlement.  *See* Confirmation

Order ¶¶ 104-105; Plan Art. IV.D.  Pursuant to her appointment, the Plan Administrator was

granted authority to, among other things, file and prosecute claim objections.  *See* Plan Art. VII.B.

10.     The Plan also set a "Supplemental Administrative Claims Bar Date" as "twenty-

one (21) days from the date of the filing of notice of the Effective Date as the deadline to file

Administrative Claims arising or deemed to have arisen on or after February 27, 2025 through the

Effective Date, but excluding Professional Fee Claims." *See* Plan Art. I.A. 157. Twenty-one days

after the Effective Date was August 6, 2025 (the "Supplemental Administrative Claims Bar Date").

11.     The Plan also provides that "… the Filing or amending of a Proof of Claim or

Interest without the prior written authorization of, as applicable, the Bankruptcy Court or the

applicable Debtor, Wind-Down Debtor, or GUC Trust shall be grounds, after appropriate notice

to the affected claimant, for disallowance of such late Filed Claim." *See* Plan, Art. VII.F.

12.     The *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date,

*and (III) Related Bar Dates* [Docket No. 1416] (the "Effective Date Notice") was served in

accordance with the Confirmation Order and provided notice of the August 6, 2025 Supplemental

Administrative Claims Bar Date. *See* Confirmation Order, ¶ 118; Docket No. 1459.

**D.      Claims Resolution Process**

13.     More than 19,900 Proofs of Claim were filed in the chapter 11 cases. The Plan

Administrator is continuing to review and reconcile the filed proofs of claim with the Debtors'

books and records to determine the validity of the asserted claims. This reconciliation process

includes identifying particular categories of claims that may be targeted for disallowance and

reclassification. To avoid possible improper recovery by claimants, the Plan Administrator is

filing this Objection to the Superseded Claims set forth on **Schedule 1** to the Proposed Order.

**E.      Superseded Claims**

14.     By and through this Objection, the Plan Administrator has determined, based on

the Debtors' Books and Records, that each proof of claim listed on **Schedule 1** to the Proposed

Order under the heading "Claims to be Disallowed" (the "Superseded Claims") has been

superseded by the subsequently filed claims identified on **Schedule 1** to the Proposed Order under

the heading "Surviving Claims" (the "Surviving Claims"). The claimants are creditors who

submitted multiple proofs of claim that are based on the same underlying contract or account. Many of the Surviving Claims amend previously filed proofs of claim. Accordingly, the Plan Administrator submits that the Superseded Claims should be disallowed and expunged in their entirety and only the Surviving Claims should remain.

### Basis for Relief

15.    Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objections." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b).

16.    Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that is "is unenforceable against the debtor or property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b). Moreover, a claimant is not entitled to multiple recoveries for a single liability against a debtor since a claimant is entitled to a single satisfaction, of at all, of any particular claim of liability against a debtor. *See, e.g., In re Handy Andy Home Improvement Ctrs. Inc.*, 222 B.R. 571, 575 (Bankr. N.D. Ill. 1998) ("[I]t is axiomatic that one cannot recover for the same debt twice."); *In re Finely, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed.").

17.    Bankruptcy Rule 3007(d) provides that a debtor may object to a claim on an omnibus basis where the claim "ha[s] been amended by subsequently filed proofs of claim." Fed. R. Bankr. P. 3007(d)(3). *See In re Hub Holding Corp,* No. 09-1170 at *2 (Bankr. D. Del. Nov. 3, 2010) (expunging and disallowing amended and superseded claims); *In re Sportsman's Warehouse, Inc.*, No. 09-10990 at *3 (Bankr. D. Del. July 28, 2011) (same); *In re Vertis Holdings,*

*Inc.*, No. 12-12821 at *2 (Bankr. D. Del. Feb. 14, 2013) (same).  Each Superseded Claim was amended, although not expressly, and superseded by the respective Surviving Claim also assert claims based on the same basis (*i.e.*, account, contract, etc.).

18.     Bankruptcy Rule 3007(d) also provides that a debtor may object to a claim on an omnibus basis where the claim "duplicate[s] other claims."  Fed. R. Bankr. P. 3007(d)(1).  *See In re Hub Holding Corp.*, 2009 WL 8519808, at 2 (Bankr. D. Del. May 27, 2009) (expunging and disallowing duplicative claims); *In re Aes Eastern Energy, L.P.*, 2012 WL 4834908, at 2 (Bankr. D. Del. Oct. 04, 2012) (same); *In re Trico Marine Services, Inc.*, 2012 WL 113121 at 2 (Bankr. D. Del. Jan. 02, 2012) (same).  Even if two claims allege different dollar amounts, a court may still find the claim duplicative of one another.  *See In re CPESAZ Liquidating, Inc.,* 023 WL 3773642, at *8 (B.A.P. 9th Cir. June 2, 2023) (finding that a claim that asserted a different dollar amount was duplicative of another filed claim).  Although slightly different in form, each Superseded Claim alleged liability based on accounts, contracts, and substantive facts identical to its Surviving Claim, and is, therefore, essentially duplicative.  Most, if not all, of the Surviving Claims assert claims on account of the same account, contract, or relationship with the Debtors.

19.     While a properly filed proof of claim is *prima facie* evidence of a claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of proving the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.* 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must alleged facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid.").  The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity. *See, e.g., In re Jorczak*, 314 B.R. 474, 481-

82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

## **Reservation of Rights**

20.     Nothing in this Objection: (a) is intended to shall be deemed to constitute an admission as to the validity of any claim against the Debtors or their estates; (b) shall impair, prejudice, waive, or otherwise affect the rights of the Plan Administrator or the GUC Trust to contest the validity, priority, or amount of any claim against the Debtors or their estates; (c) shall impair, prejudice, waive, or otherwise affect the rights of the Plan Administrator or the GUC Trust with respect to any and all claims or causes of action against any third party; or (d) shall be construed as a promise to pay a claim.  Any payment made pursuant to an order of the Court granting the relief requested herein is not intended to be nor should it be construed as an admission as to the validity of any claim or a waiver of the Plan Administrator's or GUC Trust's rights to subsequently dispute such claim.

21.     This Objection does not affect any of the Surviving Claims and does not constitute an admission or acknowledgement by the Plan Administrator that any such claims should be allowed.  Unless the Surviving Claim was previously allowed, the Plan Administrator and GUC Trust retain their respective rights to later object on any basis to any Surviving Claim and to any Superseded Claim as to which the Court does not grant the relief requested herein.

## **Separate Contested Matters**

22.     To the extent a Response is filed regarding any claim listed in this Objection and the Plan Administrator is unable to resolve the Response, the objection by the Plan Administrator to such claim shall constitute a separate contested matter as contemplated by Bankruptcy Rule

9014.  Any order entered by the Court regarding an objection asserted in this Objection shall be deemed a separate order with respect to each claim subject thereto.

## Compliance with Local Rule 3007-1

23.    To the best of the Plan Administrator's knowledge and belief, this Objection, including the exhibit annexed to the Proposed Order, substantially comply with Local Rule 3007-1.  To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

## Notice

24.    The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Requests

25.    No prior request for the relief sought herein has been made by the Plan Administrator to this or any other court.

## Conclusion

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court (a) enter the Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated:  December 12, 2025
Wilmington, Delaware

*/s/ Michael E. Fitzpatrick*
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:   (302) 652-3131
Facsimile:    (302) 652-3117
Email:         preilley@coleschotz.com
                   snewman@coleschotz.com
                   jdougherty@coleschotz.com
                   mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:   (216) 274-2489
Facsimile:    (216) 241-2824
Email:         cwick@hahnlaw.com
                   pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*
