## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| JOANN INC.,[1] | ) | |
| | ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) | |
| | ) | |
| | ) | **Hearing Date: January 13, 2026 at 10:00 a.m. (ET)** |
| | ) | **Response Deadline: January 5, 2026 at 4:00 p.m. (ET)** |

### PLAN ADMINISTRATOR'S NINETEENTH
### (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS
### (Late Filed Administrative Claims)

---

*TO ALL PARTIES RECEIVING THIS OBJECTION:*

**YOU SHOULD REVIEW <u>SCHEDULE 1</u> TO THE PROPOSED ORDER ATTACHED HERETO AS <u>EXHIBIT A</u> TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION.  IF YOUR CLAIM(S) ARE LISTED ON THE EXHIBIT ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE RIGHTS AFFECTED BY THIS OBJECTION.**

**YOUR RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THESE CHAPTER 11 CASES.**

**THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

---

Ann Aber, solely in her capacity as the Plan Administrator (the "<u>Plan Administrator</u>")

appointed in the above-captioned cases, hereby files this objection (the "<u>Objection</u>") seeking entry

of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Proposed Order</u>"),

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "<u>Bankruptcy Code</u>"), Rules 3003 and 3007 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), disallowing, in its entirety, each claim set forth on **<u>Schedule 1</u>** to the Proposed Order (the "<u>Late Filed Claims</u>").  In support of this Objection, the Plan Administrator submits and incorporates by reference herein the declaration attached hereto as **<u>Exhibit B</u>** (the "<u>Aber Declaration</u>"), and respectfully represents as follows:

<div align="center"><u>**Jurisdiction and Venue**</u></div>

1.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to entry of final orders or judgments by this Court if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2.     Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.     The statutory and legal predicates for the relief requested in the Objection are Bankruptcy Code section 502(b), Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1.

## Background

**A.      The Chapter 11 Cases.**

4.      On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5.      On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1.  *See* Docket No. 103.

6.      No request for the appointment of a trustee or examiner has been made in these chapter 11 cases.  On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases.  *See* Docket No. 198.

7.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

**B.      Schedules, SOFAs, and Bar Date Order.**

8.      On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

9.      On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof*

[Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim.

10.    Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 579, 689.

**C.    Plan Confirmation, Effective Date, and Appointment of Plan Administrator.**

11.    On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the "Plan").  The effective date of the Plan occurred on July 16, 2025 (the "Effective Date").  *See* Docket No. 1416.

12.    Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement.  *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D.  Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, file and prosecute claim objections.  *See* Plan Art. VII.B.

13.     The Plan also set a "Supplemental Administrative Claims Bar Date" as "twenty-one (21) days from the date of the filing of notice of the Effective Date as the deadline to file Administrative Claims arising or deemed to have arisen on or after February 27, 2025 through the Effective Date, but excluding Professional Fee Claims." *See* Plan Art. I.A. 157.  Twenty-one days after the Effective Date was August 6, 2025 (the "Supplemental Administrative Claims Bar Date").

14.     The Plan also provides that "… the Filing or amending of a Proof of Claim or Interest without the prior written authorization of, as applicable, the Bankruptcy Court or the applicable Debtor, Wind-Down Debtor, or GUC Trust shall be grounds, after appropriate notice to the affected claimant, for disallowance of such late Filed Claim." *See* Plan, Art. VII.F.

15.     The *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1416] (the "Effective Date Notice") was served in accordance with the Confirmation Order and provided notice of the August 6, 2025 Supplemental Administrative Claims Bar Date.  *See* Confirmation Order, ¶ 118; Docket No. 1459.

**D.     Claims Resolution Process.**

16.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to creditors.

17.     The claims agent in these Bankruptcy Cases, Kroll Restructuring Administration ("Kroll") has prepared and maintains a register (the "Claims Register") of proofs of claim (collectively, the "Proofs of Claim") that were filed in these Chapter 11 Cases against the Debtors.

18.     More than 19,900 Proofs of Claim have been filed in the Chapter 11 Cases.  The Plan Administrator and her advisors are comprehensively reviewing the Proofs of Claims asserting administrative and priority claims, and comparing such claims with the Debtors' Books and Records to determine the validity of such claims, in accordance with their duty to object to the

allowance of any claim that is improper. *See* 11 U.S.C. §§ 704(a)(5), 1106(a)(1) and 1107. This reconciliation process includes identifying particular categories of claims that may be targeted for disallowance, reduction and allowance, or reclassification and allowance.

19.     The Plan Administrator and her professionals continue to review and analyze claims. This process includes identifying categories of claims that may be targeted for disallowance, reduction and/or reclassification. To reduce the number of claims, and to avoid possible double or otherwise improper recovery by claimants, the Plan Administrator anticipates filing additional omnibus objections to claims.

**E.     Late Filed Proofs of Claim**

20.     The Bar Date Order and Plan established clear and unambiguous deadlines for filing proofs of claim against the Debtors in the Chapter 11 Cases. With certain limited exceptions (which do not apply to any of the proofs of claim identified on **Schedule 1** of the Proposed Order), proofs of claim with Administrative Claim components were required to be filed to be received by Kroll on or before the applicable Claims Bar Date or Supplemental Administrative Claims Bar Date. The Effective Date Notice served in accordance with the Confirmation Order provided:

> **PLEASE TAKE NOTICE THAT,** except as otherwise provided by the Confirmation Order, the Plan, or a Final Order of the Bankruptcy Court, and except for Administrative Claims subject to 11 U.S.C. §503(b)(1)(D) (for which a Governmental Unit shall not be required to file a requests for payment for any Claims covered by 11 U.S.C. § 503(b)(1)(B) or (C)) and 11 U.S.C. § 503(b)(9) (for which the general Claims Bar Date (as defined in the Plan) applies), and except for Professional Fee Claims, requests for payment of Administrative Claims must be Filed no later than the Initial Administrative Claims Bar Date or Supplemental Administrative Bar Date, as applicable. Administrative Claims arising or deemed to have arisen on or prior to February 26, 2025 must have been Filed no later than the initial Administrative Claims Bar Date, pursuant to the procedures specified in the Bar Date Order. Requests for payment of Administrative Claims arising or deemed to have arising on or after February 27, 2025 through the Effective Date, must be filed no later than **August 6, 2025** which is twenty-one (21) days from the date of the filing of this Effective Date notice.

*See* Docket No. 1416, pg.2.

21.     As set forth in the Aber Declaration, based upon a careful review and analysis of the Late Filed Claims, The Debtors' books and records, and the Claims Register, the Plan Administrator has determined that each Late Filed Claim was not timely filed by the applicable bar date.  The Plan Administrator is not aware of any requests by a holder of a Late Filed Claim to have a late proof of claim be deemed as timely filed. *See* Aber Declaration ¶ 6.  The Plan Administrator also has examined each of the Late Filed Claims and determined that they are not amendments to a timely-filed claim.

22.     Failure to disallow the Late Filed Claims will result in the holders of Late Filed Claims receiving a recovery from the Wind-Down Debtors on their asserted administrative claims to which they are not entitled, to the detriment of other valid administrative creditors and the unsecured creditors.  Accordingly, to avoid the possibility of unwarranted recoveries and to maintain an accurate Claims Register, the Plan Administrator submits that the Late Filed Claims listed on **Schedule 1** to the Proposed Order should be disallowed.

## **Relief Requested**

23.     By and through this Objection, the Plan Administrator seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007-1 disallowing each Late Filed Claim identified on **Schedule 1** to the Proposed Order.

## **Basis for Relief**

24.     Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a).  Once an objection to a claim is filed, the Court, after notice and hearing, shall determine the allowed amount of the claim.  11 U.S.C. § 502(b).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant party, that a claim may not be allowed to

the extent that it "is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

25.     Courts in this Circuit routinely reduce claims when the asserted amount is unsupported by the claimant's submitted documentation or are otherwise irreconcilable with the debtor's books and records. *See In re Harry & David Holdings, Inc., et al.*, No. 11-10884 at 2 (Bankr. D. Del. November 23, 2011) (reducing claims on the basis that the amount stated in the proofs of claim were different from, or in excess of, what was reflected in the debtor's books and records.) *Rotech Healthcare Inc.* at 2 (Bankr. D. Del. May 20, 2014) (reducing claims on the basis that the amount stated in the proofs of claim are greater than what the applicable claimant is actually owed by the applicable debtor).

26.     While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of providing the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid").  The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.  *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

27.     Further, section 502(b)(1) of the Bankruptcy Code provides that a claim must be disallowed if "such claim is unenforceable against the debtor and property of the debtor, under agreement or applicable law…." 11 U.S.C. § 502(b)(1).  The failure to allege facts and to provide adequate support for a claim eliminate the claim's *prima facie* validity.  *See, .e.g. In re Jorczak*,

314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

28.    Pursuant to Bankruptcy Rule 3007(d), a trustee is permitted to file omnibus objections to more than one claim on the bases enumerated therein, which include, among other things, that such claims, "were not timely filed."  Fed R. Bankr. P. 3007(d)(2)(D); *see also* Local Bankruptcy Rule 3007-1(c)(iv).

29.    For the reasons set forth above and herein, the Plan Administrator submits that the Late Filed Claims listed on **<u>Schedule 1</u>** to the Proposed Order should be disallowed because they were not timely filed or properly amended after the Supplemental Administrative Claims Bar Date.

<u>**Separate Contested Matters**</u>

30.    The objection to each Late Filed Claim asserted in this Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator further requests that any order entered on this Objection be deemed a separate order with respect to each Late Filed Claim, and that, if any appeal is taken with respect to such order, any stay of such order be deemed to only apply to the contested matter regarding the claim and the claimant involved in such appeal, and that such stay not apply to stay the applicability and/or finality of any order on this Objection with respect to the other contested matters initiated hereby.

<u>**Reservation of Rights**</u>

31.    The Plan Administrator hereby reserves the right to further object to the Late Filed Claims on any additional factual or legal grounds.  Without limiting the generality of the foregoing, the Plan Administrator specifically reserves the right to amend the Objection, file additional papers in support thereof or take other appropriate actions, including to:  (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a claimant provides (or attempts to provide) additional

documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Plan Administrator or through discovery.

## Compliance with Local Rule 3007-1

32.     To the best of the Plan Administrator's knowledge and belief, the Objection, including the exhibit annexed to the Proposed Order, substantially complies with Local Rule 3007-1.  To the extent that the Objection does not comply with the requirements of Local Rule 3007-1, the Plan Administrator submits that the deviations are not material and respectfully request that those requirements be waived.

## No Prior Request

33.     No prior request for the relief sought in the Objection has been made to this or any other court.

## Notice

34.     The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## <u>CONCLUSION</u>

WHEREFORE, for the reasons stated herein, the Plan Administrator respectfully requests that the Court enter the Proposed Order, substantially in the form attached hereto as **<u>Exhibit A</u>**, granting the relief requested in the Objection and such other and further relief as the Court deems just and proper.

Dated:  December 12, 2025
Wilmington, Delaware

<div style="margin-left: 50%;">

*/s/ Michael E. Fitzpatrick*
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:      (302) 652-3131
Facsimile:      (302) 652-3117
Email:          preilley@coleschotz.com
                snewman@coleschotz.com
                jdougherty@coleschotz.com
                mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:      (216) 274-2489
Facsimile:      (216) 241-2824
Email:          cwick@hahnlaw.com
                pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*

</div>