**Exhibit B**

**Aber Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC.,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) ) ) |  |

**DECLARATION OF ANN ABER IN SUPPORT OF PLAN ADMINISTRATOR'S TWENTIETH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Reclassified Claims)**

I, Ann Aber, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am the Plan Administrator[2] appointed in the above-captioned chapter 11 case.

2. Prior to the Plan's Effective Date, I was the Executive Vice President, Chief Legal & Human Resource Officer at JOANN Inc. and I worked directly with Alvarez & Marsal, North America, LLC ("A&M"), a global business advisory firm engaged by the Debtors to provide an interim chief executive officer, interim chief financial officer, and certain additional personnel in these chapter 11 cases.

3. I submit this declaration (the "Declaration") in support of the *Plan Administrator's Twentieth (Substantive) Omnibus Objection to Certain Claims* (the "Objection"), filed contemporaneously herewith. I am over the age of 18, competent to testify and authorized to submit the Declaration as the Plan Administrator.

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

4.      Every matter set forth herein is based on (a) my personal knowledge, (b) my review, or the review of work performed by former employees of the Debtors who have been retained by the Plan Administrator, whom I oversee in a managerial capacity, of relevant documents, and/or (c) my understanding based on information obtained from the Debtors' books and records.

5.      I am personally and generally familiar with the Debtors' administrative, priority, and secured obligations owed to creditors that have asserted such claims against the Debtors' estates. I have read and reviewed the Objection, including the information set forth on **Schedule 1** to the Proposed Order, and I am familiar with the information contained in those documents. I am also generally familiar with the Claims Register maintained by the claims and noticing agent in this chapter 11 case. If called to testify, I could and would testify competently to the facts set forth in this declaration.

6.      Based on my and my advisors' review and analysis of the Reclassified Claims and the Debtors' books and records, we have determined that none of the Reclassified Claims (a) are secured by any property of the Debtors' or Wind-Down Debtors' estate; (b) are subject to setoff under Bankruptcy Code section 553; or (c) are entitled to administrative expense status or priority treatment under Bankruptcy Code section 503(b) (including section 503(b)(9)) or section 507(a). Accordingly, each Reclassified Claim should be reclassified, in its entirety, as a general unsecured claim.

7.      Failure to reclassify the Reclassified Claims as general unsecured claims would lead to greater recoveries by the holders of the Reclassified Claims than to other unsecured creditors. To prevent such unequal distributions, the Reclassified Claims must be reclassified as indicated on **Schedule 1** to the Proposed Order.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

December 12, 2025

*/s/ Ann Aber*

Ann Aber, Solely in her Capacity as Plan Administrator in the Chapter 11 Cases of Joann Inc. *et al*.