**EXHIBIT 1**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |

**STIPULATION REGARDING**
**CLAIMS OF JONES LANG LASALLE AMERICAS, INC.**

Ann Aber, solely in her capacity as the plan administrator (the "Plan Administrator") appointed in the above-captioned case, and Jones Lang LaSalle Americas, Inc. ("JLL" and collectively with the Plan Administrator, the "Parties"), by and through their undersigned counsel, hereby state, agree, and stipulate (the "Stipulation") as follows:

1.        On April 4, 2025, JLL filed Proof of Claim No. 11752 ("Claim 11752"). Claim 11752 asserted an administrative expense claim under 11 U.S.C. § 503(b)(9) in the amount of $149,817.63 (the "503(b)(9) Claim"), a postpetition administrative expense claim for the period of January 15, 2025 (the "Petition Date") through February 26, 2025, in the amount of $822,942.42 (the "First Administrative Expense Claim"), and a general unsecured claim in the amount of $2,616,620.70 (the "GUC Claim").

2.        On June 30, 2025, the debtors in the above-captioned case filed *Debtors' Ninth Omnibus Objection to Certain Claims* [Docket No. 1317] ("Ninth Omnibus Objection") seeking to reclassify the 503(b)(9) Claim, in its entirety, as a general unsecured claim.

---

[1]        The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

3.      On August 6, 2025, JLL filed Proof of Claim No. 19789 ("Claim 19789") asserting a supplemental postpetition administrative expense claim in the amount of $719,698.10 (the "Supplemental Administrative Expense Claim" and together with the First Administrative Expense Claim, the "Administrative Expense Claims").

4.      Since the filing of the First Administrative Expense Claim, certain post-petition amounts due JLL that were reflected in the Administrative Expense Claims were paid by the Debtors in the ordinary course of business.

5.      JLL and the Plan Administrator have since engaged in good-faith negotiations regarding the remaining amounts due under the Administrative Expense Claims and the 503(b)(9) Claim and have agreed to resolve such claims upon the terms and conditions set forth herein.

6.      With respect to the Administrative Expense Claims:

(a)      The remaining amounts due under the Administrative Expense Claims are and shall be deemed allowed in the collective amount of $639,772.55 (the "Allowed Administrative Expense Claim").

(b)      Upon payment of the Allowed Administrative Expense Claim in full, without any further filing by any Party or order of the Court, (i) the First Administrative Expense Claim asserted in Claim 11752 shall be deemed satisfied and withdrawn in its entirety, with prejudice; and (ii) $176,217.72 of the Supplemental Administrative Expense Claim asserted in Claim 19789 shall be reclassified as a general unsecured claim, with the remainder of the Supplemental Administrative Expense Claim being deemed satisfied and withdrawn, with prejudice.

7.      With respect to the 503(b)(9) Claim:

(a)      The 503(b)(9) Claim is and shall be deemed allowed in the amount of $142,358.95 (the "Allowed 503(b)(9) Claim").

(b)      Upon payment of the Allowed 503(b)(9) Claim in full, without any further filing by any Party or order of the Court, (i) $7,458.68 of the 503(b)(9) Claim shall be reclassified as a general unsecured claim, with the remainder of the 503(b)(9) Claim being deemed satisfied and withdrawn, with prejudice; and (ii) the Ninth Omnibus Objection, solely as it relates to the 503(b)(9) Claim, shall be deemed withdrawn.

8.      Nothing contained in this Stipulation shall constitute the allowance of or disallowance of the remaining general unsecured claims of JLL, which shall be resolved separately in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and any further orders of the Court.

9.      Upon the Plan Administrator providing notice to Kroll Restructuring Administration ("Kroll") that the Allowed Administrative Expense Claim and the Allowed 503(b)(9) Claim have been satisfied, Kroll, as the claims and noticing agent in the above-captioned case, is authorized to revise the official claims register to reflect the terms of this Stipulation.

**STIPULATED and AGREED:**

*[Signature Page Follows]*

Dated:  December 29, 2025
Wilmington, Delaware

/s/ Ronald Gellert

**GELLERT SEITZ BUSENKELL & BROWN, LLC**
Ronald Gellert (DE 4259)
1201 N. Orange Street, Suite 300
Wilmington, DE 19801
Telephone: 302-416-3344
Fax: 302-425-5814
rgellert@gsbblaw.com

- and -

**WALSH PIZZI O'REILLY FALANGA LLP**
Stephen V. Falanga (admitted *pro hac vice*)
Nick M. Ebel (admitted *pro hac vice*)
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, NJ 07102
Telephone: (973) 757-1100
Fax: (973) 757-1090

*Co-Counsel to Jones Lang LaSalle Americas, Inc.*

/s/ Michael E. Fitzpatrick

**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:        preilley@coleschotz.com
              snewman@coleschotz.com
              jdougherty@coleschotz.com
              mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 274-2489
Facsimile:    (216) 241-2824
Email:        cwick@hahnlaw.com
              pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*