RESPONSE TO PLAN ADMINISTRATOR'S 19th (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO
CLAIM NUMBER 19929

Date Of This Response:  December 29, 2025

Venue:  United States Bankruptcy Court For The District Of Delaware
Case Number:  25-10068-CTG
In Re:  JOANN, Inc. Post-Effective Date Debtor
Claim Number:  19929
Amount:  $15,150
Description/Basis:  State Of California, Department Of Industrial Relations, Labor
Commissioner Office State Case Number WC-CM-1095951


RESPONSE:  I, John Scarcella, hereby request the Honorable Craig T. Goldblatt, United
States Bankruptcy Judge for the District of Delaware, disallow the Plan Administrator's
19th (Non-Substantive) Omnibus Objection To Claim Number 19929 based on the following
factual assertions:


ASSERTION 1:  The direct recipient of the dollar amounts in this Claim is the State Of
California, Department Of Industrial Relations, Labor Commissioner Office as documented on
United States Bankruptcy Court, District Of Delaware Modified Official Form 410 entitled
Proof Of Claim, Page 1, Part 1, Section 3.

The Department Of Industrial Relations, Labor Commissioner Office is a governmental entity
for the State Of California. As such, this claim is subject to the Governmental Bar Date
of September 8, 2025.


ASSERTION 2:  This Claim was documented as received on August 22, 2025 by the Claims
Agent, KROLL Restructuring Administration.  As such, this claim was received well in
advance of the Governmental Entity Bar Date and therefore is fully compliant as a timely
claims submission to the Court.


ASSERTION 3:  This Claim was filed as entitled to priority as a Wage Claim under 11 U.S.C.
Section 507(a)(4) as documented on United States Bankruptcy Court, District Of Delaware
Modified Official Form 410 entitled Proof Of Claim, Page 3, Part 1, Section 12, 3rd Item.


ASSERTION 4:  This Claim was NOT filed as entitled to Administrative Priority under 11
U.S.C. Section 503(b)(9) as documented on United States Bankruptcy Court, District Of
Delaware Modified Official Form 410 entitled Proof Of Claim, Page 3, Part 1, Section 13,
"No" answer.


ASSERTION 5:  This Claim is not subject to either the Initial Administrative Claims Bar
Date nor the Supplemental Administrative Claims Bar Date as it was NOT filed as an
Administrative Priority Claim under the relevant U.S.C. section.

ASSERTION 6:  This Claim should not be disallowed because the filing date of this Claim actually meets the timeliness criteria specified in Section 29 on Page 9 of Doc 1880 Plan Administrator Nineteenth (Non-Substantive) Omnibus Objection to Certain Claims dated 12/12/25 which states in part "they were not timely filed or properly amended after the Supplemental Administrative Claims Bar Date".

Clearly this is a grammatical/typographical error as this should state in part "they were not timely filed or properly amended before the Supplemental Administrative Claims Bar Date".  As such, this lack of attention to detail and accuracy calls into question the accurate depiction of facts, references and statements in this filing known as Doc 1880 Plan Administrator Nineteenth (Non-Substantive) Omnibus Objection to Certain Claims.

As this section of the filing currently reads, this Claim meets the timeliness criteria specified therein.


CONCLUSION:  The Plan Administrator has not presented evidence to rebut this Claim's prima facie validity.  The Plan Administrator has merely reclassified this Claim as an Administrative Priority Claim (which it is not) and then retroactively applied the Bar Date(s) applicable for Administrative Priority Claims to this priority Wage Claim in order to prematurely disallow and expunge this Claim Number 19929.




Printed Name: _____John Scarcella_____

Signature: _____John Scarcella_____

Dated: _____12/29/25_____

PO Box 7353
Visalia, CA 93290

US Bankruptcy Court, Delaware District
824 N. Market Street
3rd Floor
Wilmington, Delaware      19801

ATTENTION:  Court Of Honorable Craig T. Goldblatt