## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>JOANN, INC., et al.,[1]<br><br>Post-Effective Date Debtor. | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>Re: D.I. 1521 |

### LIMITED OBJECTION TO MOTION OF MARIA MARGARITA AGUILAR MARTINEZ FOR RELIEF FROM THE PLAN INJUNCTION [D.I. 1521]

Liberty Mutual Insurance Company ("Liberty Mutual"), by and through its undersigned counsel, hereby files this limited objection and reservation of rights (the "Limited Objection"), to the *Motion of Maria Margarita Aguilar Martinez for Relief from the Plan Injunction* [D.I. 1521] (the "Martinez Motion") filed by Maria Margarita Aguilar Martinez ("Ms. Martinez"). In support of this Limited Objection, Liberty Mutual respectfully states as follows:

### BACKGROUND

1. On January, 15, 2025 (the "Petition Date"), each of the above-captioned Debtors filed voluntary petitions for relief (the "Chapter 11 Cases") under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

2. Prior to the Petition Date, and during the course of the Chapter 11 Cases, Liberty Mutual and the Debtors were parties to various insurance policies, pursuant to which, among other things, Liberty Mutual agreed to provide the Debtors with insurance coverage for specific policy

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

13182236

periods subject to applicable limits, deductibles, exclusions, terms and conditions, as more particularly described in the respective insurance policies (such policies, the "Liberty Policies," and individually, a "Liberty Policy").

3. On July 10, 2025, this Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement For, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1387] (the "Confirmation Order") whereby the Court confirmed the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1353] (the "Plan").[2] On July 16, 2025, the Effective Date of the Plan occurred and the Plan was consummated.

4. The Plan and Confirmation Order treated the Liberty Policies (amongst other insurance policies of the Debtors) as follows:

> Notwithstanding anything to the contrary in the Plan, this Confirmation Order, any other Definitive Document, the Plan Supplement, any Bar Date Order or bar date notice, any Claim Objection, any other document related to any of the foregoing, or any other order of the Bankruptcy Court (including, without limitation, any other provision that purports to be preemptory or supervening, grants an injunction, discharge, or release, confers Bankruptcy Court jurisdiction, or requires a party to opt out of any releases): (a) on the Effective Date, solely to the extent the Insurance Policies are executory, ***the Wind-Down Debtors shall be deemed to have assumed all Assumed Insurance Policies, unaltered and in their entireties***, pursuant to sections 105 and 365 of the Bankruptcy Code and, after such assumption, all Assumed Insurance Policies shall vest, unaltered and in their entireties, in the Wind-Down Debtors; (b) on and after the Effective Date, ***the Wind-Down Debtors shall become and remain liable in full for all of their and the Debtors' obligations under the Assumed Insurance Policies regardless of whether such obligations arise before, on, or after the Effective Date***, provided, however, that in no event shall the GUC Trust be liable for any of the Debtors' obligations under the Assumed Insurance Policies…

Confirmation Order ¶ 86.

5. After the Effective Date, on August 1, 2025, Ms. Martinez filed the Martinez Motion, seeking entry of an order granting Ms. Martinez relief from the Injunction to permit her

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

- 2 -

13182236

to prosecute her state court action in California. Ms. Martnez' claim is more fully described in the Martinez Motion.

## **LIMITED OBJECTION**

6. Liberty Mutual does not object to the underlying relief sought in the Martinez Motion to the extent it seeks only to grant Ms. Martinez relief from the Injunction and permit Ms. Martinez to pursue her claim against the Debtors in state court without any impact or ruling on the scope of the rights and obligations of both the Wind-Down Debtors and Liberty Mutual under the Liberty Policies.[3]

7. However, recent communications among counsel to Liberty Mutual, counsel to the GUC Trustee, and counsel to the Plan Administrator related to the Martinez Motion and a proposed order and/or stipulation with respect to the Martinez Motion necessitate the filing of this Limited Objection. In such communications, despite the clear language of the Plan and Confirmation Order, counsel for the Plan Administrator has advocated, for the first time, that the Wind-Down Debtors did ***not*** assume the Liberty Policies and the Wind-Down Debtors do not owe any obligations to Liberty Mutual under such policies at all, including related to the payment of defense costs.

8. Accordingly, Liberty Mutual objects to the Martinez Motion solely to the extent it seeks a ruling as to (i) whether the Wind-Down Debtors assumed the Liberty Policies and (ii) the

---

[3] In fact, Liberty Mutual has not objected to other similar motions for relief in these Chapter 11 Cases. *See, e.g.*, *Agreed Order Granting Elaine Leistico Limited Relief from the Automatic Stay* [D.I. 1108] and *Agreed Order Granting Vivvente Brown Limited Relief from the Automatic Stay* [D.I. 1034] (collectively, the "Lift-Stay Orders"). The Lift-Stay Orders granted Ms. Leistico and Ms. Brown, as applicable, relief from the automatic stay to pursue their similar claims against the Debtors in state court, while preserving all rights and obligations of the insurers and insureds under relevant insurance policies. To the extent the Wind-Down Debtors and/or Plan Administrator consent to substantially identical language as was used in the Lift-Stay Orders in any order granting the Martinez Motion, without any additions with respect to the purported assumption of the Liberty Policies, Liberty Mutual will withdraw this Limited Objection.

13182236

scope of the rights and obligations of the Wind-Down Debtors and Liberty Mutual under the Liberty Policies. The language of the Martinez Motion does not purport to seek any such ruling, nor does it address the Liberty Policies at all. The Martinez Motion is otherwise the procedurally improper method to seek any ruling with respect to the proposed assumption of the Liberty Policies or any rights and obligations thereunder. Liberty therefore contends that any order granting the Martinez Motion should not contain any ruling on such issues, which are not currently before this Court.

### RESERVATION OF RIGHTS

9. Liberty Mutual expressly reserves all of its rights, claims and remedies under the Plan related to the purported assumption of the Liberty Policies by the Wind-Down Debtors.

10. Liberty Mutual further expressly reserves all of its rights, claims, and remedies under the Liberty Policies, the Plan, and applicable law, including as related to Ms. Martinez' claim. Nothing contained herein shall constitute a waiver of any of Liberty Mutual's rights or remedies, including, without limitation, its coverage defenses under the Liberty Policies (related to Ms. Martinez' claim or otherwise) and/or its rights of setoff and/or recoupment.

### CONCLUSION

11. For the reasons set forth herein, the Liberty Mutual respectfully requests that the Court sustain this Limited Objection, deny the Martinez Motion solely to the extent it seeks a ruling that the Liberty Policies were not assumed and the Wind-Down Debtors are not required to fulfill their obligations as insureds under the Liberty Policies, and grant such other relief as is just and proper.

13182236


| | |
|---|---|
| Dated: January 6, 2026<br>Wilmington, Delaware | **PASHMAN STEIN WALDER HAYDEN P.C.**<br><br>*/s/ Joseph C. Barsalona II*<br>Joseph C. Barsalona II (No. 6102)<br>824 North Market Street, Suite 800<br>Wilmington, DE 19801<br>Telephone: (302) 592-6497<br>Email:  jbarsalona@pashmanstein.com<br><br> -and-<br><br>**CHOATE, HALL & STEWART LLP**<br>Douglas R. Gooding (*pro hac vice* pending)<br>Jacob S. Lang (*pro hac vice* pending)<br>Two International Place<br>Boston, MA 02110<br>Telephone: (617) 248-5000<br>Email:  dgooding@choate.com<br>         jslang@choate.com<br><br>*Counsel for Liberty Mutual Insurance Company* |