## EXHIBIT 1

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re:<br><br>JOANN, Inc., et al.,<br><br>Post-Effective Date Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**RE: D.I. 1836** |

**ORDER APPROVING STIPULATION BY AND BETWEEN GUC TRUST AND**
**SAGINAW CENTER, LLC RESOLVING OBJECTION TO CLAIM NUMBER 19482**

The Court having considered the *Stipulation by and Between the GUC Trust and Saginaw Center, LLC Resolving Objection to Claim Number 19482* (the "Stipulation"),[2] made by and between the GUC Trust and claimant Saginaw Center, LLC; and the Court having determined that good and adequate cause exists to approve the Stipulation:

IT IS HEREBY ORDERED THAT:

1.      The Stipulation, a copy of which is attached hereto as **Exhibit A**, is approved in its entirety.

2.      This order shall be effective and enforceable immediately upon its entry.

3.      The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]    Capitalized terms not defined herein shall have the meanings ascribed to them in the Stipulation.

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN, Inc., et al., | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtors.[1] | (Jointly Administered) |
| | **RE: D.I. 1836** |

**STIPULATION BY AND BETWEEN GUC TRUST AND**
**SAGINAW CENTER, LLC RESOLVING OBJECTION TO CLAIM NUMBER 19482**

This stipulation (the "Stipulation") is made and entered into by and between the JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano, solely in his capacity as the liquidating trustee (the "GUC Trustee"), and claimant Saginaw Center, LLC ("Saginaw" and, together with the GUC Trust, the "Parties").

WHEREAS, on January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

WHEREAS, on January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [D.I. 103];

WHEREAS, on May 30, 2025, Saginaw filed proof of claim number 19482 against the Debtors (the "Saginaw Claim"), thereby asserting a general unsecured claim in the amount of $495,792.00 relating to the rejection of a lease;

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

WHEREAS, on July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1387] (the "Confirmation Order"), thereby confirming the Second Amended *Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* (the "Plan")[2] [D.I. 1416]. Among other things, the Plan established the GUC Trust, and Steven Balasiano was appointed as the GUC Trustee;

WHEREAS, on July 16, 2025, the Debtors and the GUC Trust executed that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement") under which the Debtors irrevocably transferred to the GUC Trust all of the Debtors' rights, title, and interest in and to all of the GUC Trust Assets.  The GUC Trust Assets automatically vested in the GUC Trust pursuant to section 1141 of the Bankruptcy Code;

WHEREAS, on November 7, 2025, the GUC Trust filed the *First Omnibus (Non-Substantive) Objection to Certain Claims (No Liability and Duplicate Claims)* (the "Objection");

WHEREAS, by the Objection, the GUC Trust objected to, among others, the Saginaw Claim;

WHEREAS, prior to the objection deadline, Saginaw provided an informal response to the Objection (the "Response");

WHEREAS, the Parties have engaged in discussions regarding the Objection, the Response, and the Saginaw Claim and wish to resolve the disputes among them with respect thereto fully, finally and consensually on the terms set forth herein;

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

**NOW, THEREFORE**, in consideration of the foregoing recitals, the covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledge, the Parties intending to be legally bound, hereby stipulate and agree as follows:

1.      The above recitals are true and correct and are incorporated herein by reference.

2.      In full and final satisfaction of the Saginaw Claim, the Saginaw Claim shall be modified and allowed in the total amount of $379,440.00 (the "Allowed Claim") as a general unsecured claim. The Allowed Claim shall be treated and paid to Saginaw in accordance with the terms of the Confirmation Order and the Plan.

3.      Except as otherwise provided herein and in no way limiting the release and injunction provisions set forth in the Confirmation Order and Plan, each of the Parties, on behalf of itself and its agents, employees, directors, officers, members, attorneys, parents, subsidiaries, affiliates, predecessors, successors, and assigns, fully, finally and unconditionally releases and forever discharges the other Party of and from any and all damages, losses, claims, demands, rights, liabilities, obligations, costs, suits, actions, causes of actions and demands, of every kind, nature, character and description whatsoever, on account of or in any way affecting, concerning, arising out of, or connected with the Saginaw Claim.

4.      Each of the Parties understands and agrees that this Stipulation reflects a compromise of disputed claims and does not constitute, nor shall it be construed as, in any way, an admission of liability, fault, violation, responsibility, or wrongdoing by either of the Parties.

5.      This Stipulation is governed by the laws of the State of Delaware, exclusive of its choice-of-law provisions. Each Party irrevocably consents to the jurisdiction of the Court with

respect to any action to enforce the terms and provisions of this Stipulation. Each Party waives any right to commence any such action in any other forum.

6.      The undersigned persons represent and warrant that they have full authority to execute this Stipulation.

7.      Saginaw acknowledges and agrees that Kroll, the Court-approved claims agent in these Chapter 11 Cases, shall be authorized to modify the claims register to reflect the agreements herein.

8.      This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the matters addressed herein.

9.      This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

January 6, 2026

| **Saginaw Center, LLC** | **Joann Liquidating Trust** |
|---|---|
| | |
| **By:** */s/ Dov Y. Frankel* | **By:** */s/ Jennifer R. Hoover* |
| **TAFT STETTINIUS & HOLLISTER LLP** | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |
| Dov Y. Frankel | Jennifer R. Hoover (No. 5111) |
| 200 Public Square, Suite 3500 | 1313 N. Market Street, Suite 1201 |
| Cleveland, OH 44114 | Wilmington, DE 19801 |
| Telephone: (216) 706-3945 | Telephone: (302) 442-7010 |
| Facsimile: (216) 241-2838 | Facsimile: (302) 442-7012 |
| Email: dfrankel@taftlaw.com | Email: jhoover@beneshlaw.com |
| | |
| | -and- |

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (*pro hac vice*)
Maeghan J. McLoughlin (*pro hac vice*)
Charles J. Fendrych (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
        mmcloughlin@kelleydrye.com
        cfendrych@kelleydrye.com

*Counsel to the GUC Trust*

5