**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN, Inc., | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor.[1] | ) |
| | ) **Hearing Date: February 25, 2026 at 10:00 a.m. (ET)** |
| | ) **Obj. Deadline: January 26, 2026 at 4:00 p.m. (ET)** |
| | ) |

**JOANN LIQUIDATING TRUST'S MOTION FOR AN ORDER
EXTENDING THE CLAIMS OBJECTION DEADLINE[2]**

The JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano of MHR Advisory Group, LLC, solely in his capacity as the liquidating trustee (the "GUC Trustee"), hereby submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the deadline established by the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* (including all exhibits, schedules, and attachments thereto, as amended, the "Plan")[3] to object to General Unsecured Claims from January 12, 2026, through and including July 13, 2026. In support of the Motion, the GUC Trust respectfully represents as follows:

---

[1] The Post-Effective Date Debtor in this chapter 11 case is JOANN Inc.

[2] The Plan Administrator filed a similar motion at Docket No. 1950 (the "Plan Administrator Motion"). The GUC Trust believes the relief sought in this Motion is consistent with the Plan Administrator Motion, but it files this Motion out of an abundance of caution to ensure that the Claims Objection Deadline (as defined herein) is extended with respect to both General Unsecured Claims (as defined herein) and Non-GUC Claims (as defined in the Plan Administrator Motion).

[3] Docket No. 1353. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

## JURISDICTION AND VENUE

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XI of the Plan.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are set forth in sections 105(a), 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 9006, and Rules 9006-1 and 9006-2 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

4.      Pursuant to Local Rule 9013-1(f), the GUC Trust consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

## BACKGROUND

### A.    The Chapter 11 Cases

1.      On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), which are currently the Wind-Down Debtors under the Plan, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with this Court.  From the Petition Date and through the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5.      The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions*.[4]

6.      On July 10, 2025, the Court entered an order (the "Confirmation Order") confirming the Plan.[5]  On July 16, 2025 (the "Effective Date"), all conditions to the effectiveness of the Plan were satisfied, and the Plan became effective.[6]

7.      The Trust was established on the Effective Date in accordance with the terms of the Plan, Confirmation Order, and that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement").  Pursuant to article IV.F.9 of the Plan and article 3.4 of the Trust Agreement, the GUC Trust, acting by and through the GUC Trustee, is authorized, among other things, to review, allow, object to, prosecute, negotiate, estimate, settle or otherwise compromise any General Unsecured Claims in its sole discretion.[7]

**B.      The Bar Dates**

8.      On February 11, 2025, each Debtor filed its respective schedules of assets and liabilities and statements of financial affairs.[8]

9.      On March 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing*

---

[4]     Docket No. 5.

[5]     Docket No. 1387.

[6]     Docket No. 1416.

[7]     *See* Plan, § IV.F.9; Trust Agreement § 3.4.

[8]     Docket Nos. 359-384.

*Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* (the "Bar Date Order").[9]

10.     The Bar Date Order established, among other deadlines, (i) April 4, 2025 as the last day for persons or entities, other than governmental units, to file proofs of claims, including administrative expense claims pursuant to section 503(b)(9)), for claims that arose before the Petition Date (the "General Bar Date"), and (ii) September 8, 2025 as the last day for governmental units to file proofs of claim for claims that arose before the Petition Date (the "Governmental Bar Date").[10]   The Bar Date Order also established April 4, 2025 as the deadline for filing administrative expense claims that arose after the Petition Date and before February 26, 2025 (the "Administrative Bar Date").

11.     The Bar Date Order also provided that holders of claims arising from the Debtors' rejection of a real property lease or executory contract must file a proof of claim by the later of (i) the General Bar Date, and (ii) the date that is the later of (A) service of notice of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Bar Date," together with the General Bar Date, the Governmental Bar Date, and the Administrative Bar Date, the "Bar Dates").[11]

12.     All of the Bar Dates have now passed.

13.     Pursuant to the Plan, the current deadline for the GUC Trust to file objections to General Unsecured Claims is 180 days after the Effective Date of the Plan, subject

---

[9]     Docket No. 561.

[10]    *Id.*

[11]    *Id.*

to extension by the Court.[12]    Accordingly, the current deadline to file objections to General

Unsecured Claims is January 12, 2026 (the "Claims Objection Deadline").

### C.    The Claims Resolution Process

14.    As of the Effective Date, the Claims Register maintained by the Claims and

Noticing Agent reflects that more than 22,000 proofs of claim have been filed in the chapter 11

cases.  With respect to General Unsecured Claims, approximately (i) 17,000 proofs of claim have

been filed that assert, at least in part, General Unsecured Claims in an aggregate liquidated amount

of approximately $791 million; and (ii) 300 claims have been scheduled (not including contingent,

unliquidated, and disputed claims) in an aggregate liquidated amount of $491 million.

15.    The GUC Trust and its professionals have also been reviewing and

analyzing General Unsecured Claims asserted against the Debtors since the Effective Date.

16.    On November 7, 2025, the GUC Trust filed its first non-substantive

omnibus objection (the "First Omnibus Claims Objection"), which sought to disallow (i) 13 claims

on the basis that such claims did not provide *prima facie* evidence of the validity and amount of

the claim, and (ii) 35 claims on the basis that such claims were duplicative.[15]

17.    On November 11, 2025, the GUC Trust filed the (i) second non-substantive

omnibus claims objection (the "Second Omnibus Claims Objection"), which sought to disallow

70 claims on the basis that such claims are amended and superseded,[13] and (ii) third non-

substantive omnibus claims objection (the "Third Omnibus Claims Objection," and together with

the First Omnibus Claims Objection and Second Omnibus Claims Objection, the "Omnibus Claim

---

[12]    Plan, § I.A.27.

[15]    Docket No. 1836.

[13]    Docket No. 1838.

Objections"), which sought to disallow 45 claims on the basis that such claims were filed after the applicable Bar Date.[16]

18.    On December 12, 2025, the Court entered orders granting the Omnibus Claim Objections.[14]  In total, by the Omnibus Claim Objections, the GUC Trust has eliminated approximately 163 claims totaling $115 million.  The GUC Trust has also informally negotiated with creditors to reconcile and resolve claims without the need to file formal objections.

19.    Although the GUC Trust has been working to reconcile all General Unsecured Claims, and significant progress has been made since the Effective Date, additional work remains.  The GUC Trust is continuing its review and analysis of the General Unsecured Claims to identify unresolved or otherwise objectionable General Unsecured Claims.  Further, notwithstanding the passage of the applicable Bar Dates, late Claims continue to be filed.  The Trust will continue to resolve the General Unsecured Claims as quickly as possible under the circumstances but needs additional time to do so.

## RELIEF REQUESTED

20.    Through this Motion, the GUC Trust respectfully requests entry of the Proposed Order extending the Claims Objection Deadline for a period of 182 days, from January 12, 2026, through and including July 13, 2026.[15]  The requested extension is without prejudice to the right of the GUC Trust to seek additional extensions, as may be necessary, of the Claims Objection Deadline.

---

[16]    Docket No. 1839.

[14]    Docket Nos. 1875, 1876, and 1877.

[15]    The GUC Trust requests a 182-day extension because an extension of 180-days would result in the requested next Claims Objection Deadline falling on Saturday, July 11, 2026.

## BASIS FOR RELIEF

21.     Although the Plan set the initial Claims Objection Deadline as 180 days following the Effective Date, the Plan expressly provides that this initial deadline may be extended by order of the Court.[16]

22.     Further, Bankruptcy Rule 9006(b) provides that the Court may grant requested extensions of time for cause.  Specifically:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. [17]

23.     Finally, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[18]

24.     As discussed above, as of the Effective Date, there were approximately 17,000 filed claims asserting, at least in part, General Unsecured Claims in the amount of $791 million, and 300 scheduled General Unsecured Claims in the amount of $491 million, not including contingent, unliquidated, and disputed claims.

25.     Since the Effective Date, the GUC Trustee's professionals have diligently engaged in a process to review and reconcile the asserted General Unsecured Claims.  The GUC Trust filed the Omnibus Claim Objections, which resulted in the disallowance of 163 General

---

[16]     Plan, § I.A.27.  The Plan provides that all objections to Claims must be filed on or before the Claim Objection Deadline, as such date may be extended upon entry of an order by the Court.

[17]     Fed R. Bankr. P. 9006(b)(1).

[18]     11 U.S.C. § 105.

Unsecured Claims totaling over $115 million.[19]   The GUC Trust continues to analyze the remaining General Unsecured Claims and intends to file additional objections in the future.

26.     The GUC Trust respectfully submits that the requested extension of the Claims Objection Deadline is in the best interests of all stakeholders.  Additional time is required to review and reconcile General Unsecured Claims.  Most importantly, it will provide the GUC Trust and its professionals an opportunity to make more fully informed decisions concerning the resolution of pending General Unsecured Claims in the interests of ensuring ratable distributions among and maximizing value for legitimate general unsecured creditors.

27.     Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection.   Rather, the extension is intended to promote the efficient administration of this chapter 11 case and the claims allowance process.  Conversely, absent the requested extension of the Claims Objection Deadline, the GUC Trust will either be precluded from challenging invalid, misclassified, and/or overstated General Unsecured Claims, or it will be forced to file hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

## NOTICE

28.     Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; and (ii) all entities that filed a post-Effective Date renewed request for notices pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the GUC Trust submits that no further notice is required.

---

[19]   Docket Nos. 1875, 1876, & 1877.

WHEREFORE, the GUC Trust respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto, extending the Claims Objection Deadline from January 12, 2026 through and including July 13, 2026, without prejudice to the GUC Trust's right to seek further extensions, as may be necessary, of such deadline, for good cause shown; and (ii) granting such other and further relief as the Court may deem just and proper.

Dated: January 12, 2026

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

*/s/ Jennifer R. Hoover*
Jennifer R. Hoover (No. 5111)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneshlaw.com

**-and-**

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
Charles J. Fendrych (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@KelleyDrye.com
          mmcloughlin@kelleydrye.com
          cfendrych@kelleydrye.com

*Counsel to the GUC Trust*