## Exhibit A

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re:<br><br>JOANN INC., *et al.*,<br><br>        Wind-Down Debtors.[1] | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**Re: D.I. 1521** |

**ORDER GRANTING THE MARIA MARGARITA**
**AGUILAR MARTINEZ FOR RELIEF FROM THE PLAN INJUNCTION**

Upon consideration of the *Motion of Maria Margarita Aguilar Martinez for Relief from the Plan Injunction* (the "Motion"); and it appearing that this Court has subject matter jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334(b), 157(b) and the Standing Order of Reference; and that notice of the Motion was proper and sufficient and that no other or further notice is required; and that it appearing that "cause" exists for granting the relief requested in the Motion; and upon the record and consideration of any responses to the Motion; it is hereby **ORDERED** and **DECREED** that:

    1.    The Motion is **GRANTED**.

    2.    Movant is hereby granted relief from the Plan Injunction to prosecute the State Court Action (including through judgment and any appeals).[2]

---

[1] The Wind-Down Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      In the event that Movant obtains a judgment against any of the Debtors, Movant is authorized to take any necessary actions to enforce and collect such judgment from available insurance proceeds, if any.

4.      Nothing in this Order is intended or shall be deemed to: (i) preclude Movant from pursuing the State Court Action against Jo-Ann Stores, Inc. as a nominal defendant, and seeking recovery of such judgment against an insurer providing coverage under any of the Debtors' insurance policies (the "Insurance Policies"), to the extent such coverage is available; or (ii) restrict or impair Movant from pursuing and collecting any amounts (a)  from an insurer providing coverage under the Insurance Policies, or (b) that may be recovered from any third-party defendants.

5.      Nothing in this Order is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of any Insurance Policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) create, expand, modify or limit any coverage provided by the Insurance Policies or any defenses to coverage, (iii) alter or modify the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable Insurance Policy; (iv) create or enlarge, or restrict or diminish, any right of action of the Movant against any insurers; (v) preclude or limit the insurers' ability to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies or to assert any defenses to coverage under the Insurance Policies or of Movant to contest any denial or limitation of coverage under the Insurance Policies; (vi) require the GUC Trust or Wind-Down Debtors to pay or otherwise satisfy (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy, (c) any judgment, or (d) solely as to the

GUC Trust, any defense costs, or other costs of any kind arising out of or related to the State Court Action, including, without limitation, costs associated with any discovery conducted in connection with the State Court Action; or (vii) restrict Movant from pursuing and collecting any amount in excess of the self-insured retention from an insurer or the Insurance Proceeds, subject to the terms of the Insurance Policies.

6.      For the avoidance of doubt, nothing in this Order is intended to or shall adjudicate any rights of the Plan Administrator and Liberty Mutual Insurance Company relating to the payment of defense costs and self-insured retention amounts under the Insurance Policies, Confirmation Order and/or the Plan.

7.      For the further avoidance of doubt, nothing in this Order is intended to or shall modify or otherwise amend the terms of the Plan. Except as otherwise expressly set forth herein, all other provisions of the Plan Injunction shall remain in full force and effect until and unless terminated or modified by the Bankruptcy Court.

8.      To the extent applicable, the Plan Injunction is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought (or any third-party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of this Bankruptcy Court.

9.      Other than as expressly set forth herein, nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, Wind-Down Debtors or the GUC Trust; (ii) a waiver or limitation of the GUC Trust's, Wind-Down Debtors' or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the GUC Trust's or Wind-Down Debtors' rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a modification of the Wind-Down Debtors' rights

and obligations pursuant to the assumption of the Insurance Policies, if any; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) a waiver by the GUC Trust or the Wind-Down Debtors of rights to object to any and all proofs of claim; (viii) an admission of liability;  (ix) a waiver of any rights by Movant regarding any claim or cause of action arising from or in relation to the State Court Action; or (ix) preempt or modify any otherwise applicable law