**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN Inc., et al | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor | ) | Ref. No.: _1907_ |
| | ) | |

**RESPONSE TO PLAN ADMINISTRATOR'S TWENTY-SECOND (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS (CLAIM NO. 10769)**

Platte Purchase Plaza, LLC ("Landlord"), by and through undersigned counsel, hereby submits this response to the Plan Administrator's Twenty-Second (Substantive) Omnibus Objection to Certain No Liability Claims (the "Objection") relating to Landlord's Claim No. 10769, and respectfully advises as follows:

1. On April 4, 2025, Landlord timely filed its Proof of Claim No. 10769 in the Jo-Ann Stores, LLC bankruptcy ("POC"), which claim arose as a result of unpaid obligations under Landlord's lease with debtor Jo-Ann Stores, LLC (the "Lease") for leased premises located in Kansas City, Missouri.

2. Subsequent to the filing of Landlord's proof of claim, representatives of the debtor commenced negotiations with Landlord's representatives concerning the potential early termination of the Lease, but the parties were unable to reach agreement on acceptable terms of such termination, and the Lease was rejected by the debtor effective June 6, 2025.

3. On December 26, 2025, Ann Amber, in her capacity as Plan Administrator appointed in the above-captioned case, filed her omnibus claims objection under Docket Entry 1907, identifying Landlord's POC as #37 on Schedule 1, requesting an order disallowing and expunging from the claims register the administrative expense portion of Landlord's claim in the amount of $129,460.99.

4. Under Schedule 1 of the Plan Administrator's omnibus objection, Plan Administrator stated the following basis for the objection: "Claim asserts an admin expense claim of $129,460.59 for 'post-petition lease obligations". According to Debtors' books and records, all post-petition lease obligations have been paid in full. GUC claim remains outstanding."

5. Upon receipt of Plan Administrator's objection, on January 7, 2026, Landlord's counsel, Kyle Binns with Lewis Rice LLC in Kansas City, contacted Melissa Bowers (a debtor representative) by email concerning the Plan Administrator's objection, as Mr. Binns is working with Ms. Bowers, Stephen Ashby, and other debtor representatives to resolve a claim filed on behalf of an unrelated client of Mr. Binns's firm.

6. In Mr. Binns's email, he questioned the basis for Plan Administrator's objection because the post-petition lease obligations set forth in Landlord's proof of claim **have not** been paid in full.

7. In response to Mr. Binns's inquiry, Ms. Bowers responded by email on January 11, 2026, stating as follows: "There was an error in our data, and we had the Kansas City store marked as Landlord Termination, and therefore we had Objected on the basis of it being an Invalid claim. We have since learned that our data was incorrect. I just reviewed the Proof of Claim form and there is not much in terms of detail that makes up the $129,460.59 that Landlord claims is due. Are you able to provide me with a detailed statement of what charges make up the $129,460.59? Upon receipt of this detail, I can reconcile against our records."

8. Mr. Binns and Landlord's representatives are in the process of reviewing Landlord's records and compiling the backup documentation and detail requested by Ms. Bowers, and they intend to work in good faith with Ms. Bowers and her team to reconcile and resolve any objections to the amount of Landlord's claim.

9. Mr. Binns has attempted to reach counsel for the debtor, Philip Stovall and Christopher Wick, attorneys with the debtors' outside counsel, Hahn Loeser, to request an extension of time to respond to Plan Administrator's objection or other acceptable resolution to the objection in light of the error in debtors' data acknowledged by Ms. Bowers. As of the time of this filing, debtors' counsel has not responded.

10. To preserve the Landlord's rights and avoid unnecessary expense to the estate, Landlord respectfully requests that the Court (i) take no action on the Objection at this time, (ii) allow the parties additional time to finalize a resolution, and if necessary, (iii) schedule a status conference or hearing at a later date should the parties be unable to reach agreement.

WHEREFORE, Landlord respectfully requests that the Court deny the Objection without prejudice (or continue any hearing on the Objection) to allow the parties additional time to complete their good-faith resolution efforts, and grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

STERN & EISENBERG, PC

/s/ *Daire Pyle*
Kristi J. Doughty, Esquire (# 3826)
Daire Pyle, Esquire (#6895)
200 Biddle Avenue, Suite 107
Newark, DE 19702
Phone: (302) 731-7200
Email: kdoughty@sterneisenberg.com

dpyle@sterneisenberg.com

Dated: January 16, 2026      *Attorneys for Platte Purchase Plaza, LLC*