**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| JOANN INC.,[1] | ) Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) |
|  | ) Response Deadline: February 17, 2026 at 4:00 p.m. (ET) |

**PLAN ADMINISTRATOR'S THIRD NOTICE OF SATISFACTION OF CLAIMS**

> **PARTIES RECEIVING THIS NOTICE SHOULD LOCATE THEIR NAMES AND THEIR FULLY SATISFIED CLAIMS AND PARTIALLY SATISFIED CLAIMS IDENTIFIED ON SCHEDULE 1 AND SCHEDULE 2 ATTACHED HERETO**

**PLEASE TAKE NOTICE** that Ann Aber, solely in her capacity as the Plan Administrator (the "Plan Administrator") appointed pursuant to the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the "Plan"),[2] which was confirmed by the Order of this Bankruptcy Court on July 10, 2025 [Docket No. 1387], hereby files this notice ("Notice") identifying certain claims filed or scheduled in these chapter 11 cases (the "Chapter 11 Cases") that have been satisfied in full (the "Fully Satisfied Claims") or in part (the "Partially Satisfied Claims" and together with the Fully Satisfied Claims, the "Satisfied Claims"). A list of the Fully Satisfied Claims is attached hereto as **Schedule 1**, and a list of the Partially Satisfied Claims is attached hereto as **Schedule 2**.

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is PO Box 268, Hudson, Ohio 44236.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Confirmation Order (as defined below) or Plan, as applicable.

**Background**

A.  **The Chapter 11 Cases**

1. On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the Plan. The effective date of the Plan occurred on July 16, 2025 (the "Effective Date"). *See* Docket No. 1416.

3. Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement. *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D. Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, reconcile claims filed against the Debtors' estates and facilitate distributions in accordance with the Plan file. *See* Plan Art. VII.B.

B.  **The Claims Reconciliation Process**

4. On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

5. On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing*

*Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim. The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim. Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order. *See* Docket Nos. 579, 689.

6. The Plan set a "Supplemental Administrative Claims Bar Date" as "twenty-one (21) days from the date of the filing of notice of the Effective Date as the deadline to file Administrative Claims arising or deemed to have arisen on or after February 27, 2025 through the Effective Date, but excluding Professional Fee Claims." *See* Plan Art. I.A. 157. Twenty-one days after the Effective Date was August 6, 2025 (the "Supplemental Administrative Claims Bar Date").

### Claims Satisfied After the Petition Date

7. In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to creditors.

8.      The claims agent in this Bankruptcy Case, Kroll Restructuring Administration ("Kroll"), has prepared and maintains a register (the "Claims Register") of proofs of claim that were filed in these chapter 11 cases against the Debtors.

9.      The Plan Administrator has reviewed the Debtors' Books and Records and determined that the Satisfied Claims were satisfied, in full or in part, subsequent to the Petition Date.  Specifically, the Plan Administrator has determined that the Fully Satisfied Claims listed in **Schedule 1** attached hereto have been satisfied in full, and the Partially Satisfied Claims listed in **Schedule 2** attached hereto have been satisfied in part as set forth therein.

10.     Accordingly, the Plan Administrator intends to have Kroll designate on the claims register in this chapter 11 case that the Satisfied Claims have been previously satisfied, in full or in part, as provided for herein and on **Schedule 1** and **Schedule 2**.  The Plan Administrator is serving this Notice on all parties holding the Satisfied Claims and providing such parties with an opportunity to respond to the Plan Administrator's position that such amounts have been satisfied in full or in part as set forth on the respective schedule.

## Responses to the Notice

11.     Any party disputing the Plan Administrator's position that a particular Satisfied Claim has been satisfied as provided herein and on **Schedule 1** and **Schedule 2**, as applicable, must file a written response no later than **February 17, 2026 at 4:00 p.m. (prevailing Eastern Time) (the "Deadline")** with the Office of the Clerk, United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 3rd Floor, Wilmington, Delaware 19801, and serve the response on counsel for the Plan Administrator, so that the response is received no later than the Deadline at the following addresses:

        Patrick J. Reilley (No. 4451)
        Stacy L. Newman (No. 5044)
        Jack M. Dougherty (No. 6784)
        Michael E. Fitzpatrick (No. 6797)
        500 Delaware Avenue, Suite 600
        Wilmington, Delaware 19801
        Telephone:  (302) 652-3131
        Facsimile:   (302) 652-3117
        Email:       preilley@coleschotz.com
                        snewman@coleschotz.com
                        jdougherty@coleschotz.com
                        mfitzpatrick@coleschotz.com

        -and-

        Christopher B. Wick
        Philip K. Stovall
        200 Public Square, Suite 2800
        Cleveland, Ohio 44114
        Telephone:  (216) 274-2489
        Facsimile:   (216) 241-2824
        Email:       cwick@hahnlaw.com
                        pstovall@hahnlaw.com

12.    The Plan Administrator will review any responses and make a reasonable effort to determine whether any asserted amounts were, in fact, not satisfied. In the event the parties are unable to reach a resolution, the Plan Administrator will schedule a hearing on the matter at a date and time determined by the Plan Administrator, in her discretion, subject to the availability of the Bankruptcy Court.

13.    Questions concerning this Notice should be directed to counsel for the Plan Administrator using the contact information set forth above. Claimants should not contact the Clerk of the Court to discuss the merits of their Fully Satisfied Claims, their Partially Satisfied Claims, or this Notice.

**Reservation of Rights**

14. The Plan Administrator reserves any and all rights, claims, and defenses with respect to any and all of the Satisfied Claims, and nothing included in or omitted from this Notice shall impair, prejudice, waive or otherwise affect any such rights, claims and defenses.

Dated: January 26, 2026
Wilmington, Delaware

/s/ Michael E. Fitzpatrick
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:    (302) 652-3131
Facsimile:    (302) 652-3117
Email:    preilley@coleschotz.com
          snewman@coleschotz.com
          jdougherty@coleschotz.com
          mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:    (216) 274-2489
Facsimile:    (216) 241-2824
Email:    cwick@hahnlaw.com
          pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*