**Exhibit B**

**Aber Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |

**DECLARATION OF ANN ABER IN SUPPORT
OF PLAN ADMINISTRATOR'S TWENTY-FIFTH (SUBSTANTIVE)
OMNIBUS TO CLAIMS TO CERTAIN OVERSTATED AND SATISFIED CLAIMS**

I, Ann Aber, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1. I am the Plan Administrator[2] appointed in the above-captioned chapter 11 case.

2. Prior to the Plan's Effective Date, I was the Executive Vice President, Chief Legal & Human Resource Officer at JOANN Inc. and I worked directly with Alvarez & Marsal, North America, LLC ("A&M"), a global business advisory firm engaged by the Debtors to provide an interim chief executive officer, interim chief financial officer, and certain additional personnel in the chapter 11 cases.

3. I submit this declaration (the "Declaration") in support of the *Plan Administrator's Twenty-Fifth (Substantive) Omnibus Objection to Certain Overstated and Satisfied Claims* (the "Objection"), filed contemporaneously herewith. I am over the age of 18, competent to testify and authorized to submit the Declaration as the Plan Administrator.

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

4.      Every matter set forth herein is based on (a) my personal knowledge, (b) my review, or the review of work performed by former employees of the Debtors who have been retained by the Plan Administrator whom I oversee in a managerial capacity, of relevant documents, and/or (c) my understanding based on information obtained from the Debtors' Books and Records.

5.      I have read and reviewed the Objection, including the information set forth on **Schedule 1** to the Proposed Order, and I am familiar with the information contained in those documents.

6.      To the best of my knowledge, information and belief, the information that is contained in the Objection is true and correct.

32.     Based on my and my advisors' review of the Debtors' books and records and the relevant leases and other documents, I have determined that (a) each Non-GUC Claim includes amounts for which the Debtors were not and are not liable under applicable law; and (b) the portions of Non-GUC Claims that were valid and enforceable obligations of the Debtors have been paid or otherwise satisfied in full.  I thus believe that disallowance of each Non-GUC Claim in its entirety, as reflected on **Schedule 1** to the Proposed Order, is appropriate and necessary to prevent any unwarranted recovery by the relevant claimants.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

January 27, 2026

*/s/ Ann Aber*
Ann Aber, Solely in her Capacity as Plan Administrator in the Chapter 11 Case of Joann Inc.

2