**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC.,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor. | ) |
| | ) **Hearing Date: March 12, 2026 at 10:00 a.m. (ET)** |
| | ) **Response Deadline: February 18, 2026 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S TWENTY-SIXTH (SUBSTANTIVE)
OMNIBUS OBJECTION TO CERTAIN NO LIABILITY CLAIMS**

> *TO ALL PARTIES RECEIVING THIS OBJECTION:*
>
> **YOU SHOULD REVIEW SCHEDULE 1 TO THE PROPOSED ORDER ATTACHED HERETO AS EXHIBIT A TO LOCATE YOUR NAME AND CLAIM(S) AND DETERMINE IF YOUR CLAIM(S) ARE SUBJECT TO THIS OBJECTION. IF YOUR CLAIM(S) ARE LISTED ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER, YOU MAY HAVE SUBSTANTIVE RIGHTS AFFECTED BY THIS OBJECTION.**
>
> **YOUR SUBSTANTIVE RIGHTS MAY ALSO BE AFFECTED BY FURTHER OBJECTIONS THAT MAY BE FILED IN THIS CHAPTER 11 CASES.**
>
> **THE RELIEF SOUGHT IN THIS OBJECTION IS WITHOUT PREJUDICE TO THE RIGHTS OF THE PLAN ADMINISTRATOR, THE DEBTORS/WIND-DOWN DEBTORS, THEIR ESTATES, ANY SUCCESSORS THERETO OR ANY OTHER PARTY IN INTEREST TO PURSUE FURTHER OBJECTIONS AGAINST THE CLAIMS SUBJECT TO THIS OBJECTION, AND NOTHING HEREIN OR IN THE PROPOSED ORDER IS INTENDED OR SHALL BE DEEMED TO BE AN ALLOWANCE OF ANY SUCH CLAIMS.**

Ann Aber, solely in her capacity as the plan administrator (the "Plan Administrator") appointed in the above-captioned case, hereby files this omnibus claims objection (the "Objection") for entry of an order, substantially in the form attached hereto as **Exhibit A**

---

[1] The Post-Effective Date Debtor in this chapter 11 cases, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

(the "Proposed Order"), pursuant to sections 105(a) and 502(b) of title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rule 3007-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), disallowing and expunging from the claims register the secured, priority, and/or administrative expense portion(s) (including those asserted under 11 U.S.C. § 503(b)(9) (a "503(b)(9) Claim")) of each claim identified on **Schedule 1** to the Proposed Order (the "Disputed Claims"), as the secured, priority, and/or administrative expense portion(s) of the Disputed Claims (the "Non-GUC Claims") are claims for which the Debtors (as defined below) are not liable.[2] In support of this Objection, the Plan Administrator submits the *Declaration of Ann Aber in support of the Plan Administrator's Twenty-Sixth (Substantive) Omnibus Objection to Certain No Liability Claims* (the "Aber Declaration"), attached hereto as **Exhibit B**. In further support of this Objection, the Plan Administrator respectfully states as follows:

**Jurisdiction and Venue**

1. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b) and, pursuant to Local Rule 9013-1(f), the Plan Administrator consents to entry of final orders or judgments by this Court

---

[2] For the avoidance of doubt, the Plan Administrative is only objecting to the Non-GUC Claims, which are the secured, priority, and/or administrative expense portion(s) (including 503(b)(9) Claims) of each Disputed Claim. The Plan Administrator is not seeking to disallow or otherwise modify any general unsecured claim asserted as part of any Disputed Claim. All claims subject to this Objection remain subject to all other and further substantive and non-substantive objections, including, without limitation, objections assertable by the GUC Trust (as defined in the Plan) with respect to the general unsecured portions of the Disputed Claims.

if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

2. Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3. The statutory and legal predicates for the relief requested in the Objection are Bankruptcy Code section 502(b), Bankruptcy Rule 3007, and Local Rule 3007-1.

## Background

**A.    The Chapter 11 Cases**

4. On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as defined below), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court").

5. On January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1. *See* Docket No. 103.

6. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases. On January 28, 2025, the U.S. Trustee appointed the Official Committee of Unsecured Creditors (the "Committee") in these chapter 11 cases. *See* Docket No. 198.

7. The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these chapter 11 cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of the Chapter 11 Petitions and First Day Motions* [Docket No. 5], which was filed on the Petition Date.

3

**B.     Schedules, SOFAs, and Bar Date Order**

8.     On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

9.     On May 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9) of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4, 2025 (the "Initial Administrative Claims Bar Date" together with the General Bar Date, the "Bar Dates") as the deadline for entities asserting a request for payment of an administrative claim under section 503(b) and/or 507(a)(2) of the Bankruptcy Code arising prior to February 26, 2025 to file a proof of claim.

10.     Notice of the Bar Date was provided by mail and publication in accordance with the procedures outlined in the Bar Date Order.  *See* Docket Nos. 579, 689.

**C.     Plan Confirmation, Effective Date, and Appointment of Plan Administrator**

11.     On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Sixth Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Sixth Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the

"Plan"). The effective date of the Plan occurred on July 16, 2025 (the "Effective Date"). *See* Docket No. 1416.

12. Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement. *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D. Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, file and prosecute claim objections. *See* Plan Art. VII.B.

13. The Plan also set a "Supplemental Administrative Claims Bar Date" as "twenty-one (21) days from the date of the filing of notice of the Effective Date as the deadline to file Administrative Claims arising or deemed to have arisen on or after February 27, 2025 through the Effective Date, but excluding Professional Fee Claims." *See* Plan Art. I.A. 157. Twenty-one days after the Effective Date was August 6, 2025 (the "Supplemental Administrative Claims Bar Date").

14. The Plan also provides that "… the Filing or amending of a Proof of Claim or Interest without the prior written authorization of, as applicable, the Bankruptcy Court or the applicable Debtor, Wind-Down Debtor, or GUC Trust shall be grounds, after appropriate notice to the affected claimant, for disallowance of such late Filed Claim." *See* Plan, Art. VII.F.

15. The *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 1416] (the "Effective Date Notice") was served in accordance with the Confirmation Order and provided notice of the August 6, 2025 Supplemental Administrative Claims Bar Date. *See* Confirmation Order, ¶ 118; Docket No. 1459.

**D.     Claims Resolution Process**

16.     In the ordinary course of business, the Debtors maintained books and records (the "Books and Records") that reflect, among other things, the Debtors' liabilities and the amounts owed to creditors.

17.     The claims agent in this bankruptcy case, Kroll Restructuring Administration ("Kroll"), has prepared and maintains a register (the "Claims Register") of proofs of claim (collectively, the "Proofs of Claim") that were filed in the chapter 11 cases against the Debtors.

18.     More than 19,900 Proofs of Claim were filed in the chapter 11 cases.  The Plan Administrator is continuing to review and reconcile the filed proofs of claim with the Debtors' Books and Records to determine the validity of the asserted administrative, priority, and/or secured portion of each claim.  This reconciliation process includes identifying particular categories of such claims that may be targeted for disallowance, reduction and allowance, or reclassification and allowance.  To avoid possible improper recovery by claimants, the Plan Administrator has determined that each Non-GUC Claim must be disallowed and expunged in its entirety.

**E.     The No Liability Non-GUC Claims**

19.     The Non-GUC Claims are the secured, priority, and administrative expense claims (including 503(b)(9) Claims) asserted on or as part of the relevant Proof of Claim for each Disputed Claim.  Based on Plan Administrator's review of the Debtors' Books and Records, and any contracts or other supporting documentation submitted with the Disputed Claim, the Plan Administrator has determined that each Non-GUC Claim is for alleged obligations for which none of the Debtors are liable, as set forth in the "Basis for Objection" column on **Schedule 1** to the Proposed Order.  Accordingly, to prevent an unwarranted recovery to the relevant claimants, the Non-GUC Claims must be disallowed and expunged in their entirety.

20. As described in footnote 2 above, for the avoidance of doubt, the Plan Administrator is only seeking to disallow and expunge the secured, priority, and administrative expense portions of the Disputed Claims, as set forth on **Schedule 1** to the Proposed Order. To the extent any of the Disputed Claims have a general unsecured claim component, each claim remains subject to all other and further substantive and non-substantive objections, including, without limitation, objections assertable by the GUC Trust with respect to the general unsecured portion of each claim.

## Relief Requested

21. By and through this Objection, the Plan Administrator seeks entry of an order, pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rule 3007, and Local Rule 3007-1, disallowing and expunging the Non-GUC Claims as indicated on **Schedule 1** to the Proposed Order.

## Basis for Relief

22. Section 502(a) of the Bankruptcy Code provides, in pertinent part, that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Once an objection to a claim is filed, the Court, after notice and a hearing, shall determine the allowed amount of the claim. 11 U.S.C. § 502(b). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that is "is unenforceable against the debtor or property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b).

23. Courts in this Circuit routinely reduce claims when the asserted amount is unsupported by the claimant's submitted documentation or are otherwise irreconcilable with the debtor's books and records. *See In re Harry & David Holdings, Inc., et al.*, No. 11-10884 at 2

(Bankr. D. Del. November 23, 2011) (reducing claims on the basis that the amount stated in the proofs of claim were different from, or in excess of, what was reflected in the debtor's books and records.) *Rotech Healthcare Inc.* at 2 (Bankr. D. Del. May 20, 2014) (reducing claims on the basis that the amount stated in the proofs of claim are greater than what the applicable claimant is actually owed by the applicable debtor).

24. While a properly filed proof of claim is *prima facie* evidence of the claim's allowed amount, when an objecting party presents evidence to rebut a claim's *prima facie* validity, the claimant bears the burden of providing the claim's validity by a preponderance of evidence. *See In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992) ("Initially, the claimant must allege facts sufficient to support the claim.  If the averments in his filed claim meet this standard of sufficiency, it is '*prima facie*' valid").  The burden of persuasion with respect to the claim is always on the claimant, *see id.* at 174, and the failure to allege facts and to provide adequate support for a claim eliminates the claim's *prima facie* validity.  *See, e.g., In re Jorczak*, 314 B.R. 474, 481-82 (Bankr. D. Conn. 2004) (discussing the evidentiary requirements and burden of proof with respect to the allowance of claims).

25. As explained above, Non-GUC Claims are for alleged obligations for which none of the Debtors are liable.  Thus, disallowance of each Non-GUC Claim in its entirety is appropriate and necessary to prevent any unwarranted recovery by the relevant claimants.

**Separate Contested Matters**

26. The objection to each Disputed Claim asserted in this Objection shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014.  The Plan Administrator further requests that any order entered on this Objection be deemed a separate order with respect to each Disputed Claim and that, if any appeal is taken with respect to such order, any stay of such

order be deemed to only apply to the contested matter regarding the claim and the claimant involved in such appeal, and that such stay not apply to stay the applicability and/or finality of any order on this Objection with respect to the other contested matters initiated hereby.

### Reservation of Rights

27. The Plan Administrator hereby reserves the right to further object to the Disputed Claims on any additional factual or legal grounds. Without limiting the generality of the foregoing, the Plan Administrator specifically reserves the right to amend the Objection, file additional papers in support thereof or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response by or on behalf of any claimant or other party in interest; (b) object further to any claim for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claim based on additional information that may be discovered on further review by the Plan Administrator or through discovery.

### Compliance with Local Rule 3007-1

28. To the best of the Plan Administrator's knowledge and belief, this Objection, including the schedule annexed to the Proposed Order, substantially complies with Local Rule 3007-1. To the extent this Objection does not comply in all respects with the requirements of Local Rule 3007-1, the undersigned believes such deviations are not material and respectfully requests that any such requirement be waived.

### Notice

29. The Plan Administrator will provide notice of this Objection to the following parties or their respective counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the

Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; (g) claimants whose claims are subject to this Objection; and (h) all parties who have filed renewed requests to receive notice under Bankruptcy Rule 2002. The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

## **No Prior Request**

30. No prior request for the relief sought in this Objection has been made by the Plan Administrator to this or any other court.

[*Remainder of Page Intentionally Left Blank*]

**Conclusion**

WHEREFORE, for the reasons set forth herein, the Plan Administrator respectfully requests that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, and (b) grant such other and further relief as is just and proper.

Dated: January 28, 2026
Wilmington, Delaware

*/s/ Michael E. Fitzpatrick*
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Stacy L. Newman (No. 5044)
Jack M. Dougherty (No. 6784)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:     (302) 652-3131
Facsimile:     (302) 652-3117
Email:         preilley@coleschotz.com
               snewman@coleschotz.com
               jdougherty@coleschotz.com
               mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:     (216) 274-2489
Facsimile:     (216) 241-2824
Email:         cwick@hahnlaw.com
               pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*