# EXHIBIT C



1830 Route 130 North, Burlington, NJ  08016
Phone:  (609) 387-7800
Robin Piree, Esquire
Senior Director, Managing Counsel – Real Estate
Mobile:  609-784-6176
Email:  robin.piree@burlington.com

*Sent via Email and FedEx Overnight Service*

October 17, 2025

SHOPS AT ST. JOHNS, LLC
c/o Simon Property Group
225 West Washington Street
Indianapolis, IN  46204-3438
Attn:  WESLEY GALLAGHER, Paralegal

RE:   Lease dated June 18, 2003 (as amended, the "Lease") by and between Shops at St. Johns, LLC, successor-in-interest to Ben Carter Properties, LLC ("Landlord") and Burlington Coat Factory Warehouse Corporation, ultimate successor-in-interest via assignment through bankruptcy to FCA of Ohio, Inc. ("Tenant") for certain premises described in the Lease ("Premises") located at St. Johns Town Center, located in Jacksonville, Florida (the "Shopping Center")

Dear Mr. Gallagher:

We are in receipt of your original letter dated September 30, 2025, and the email exchanges you've had with our colleague, Kathleen Fulton in our Lease Administration Department, regarding the above referenced matter.

Contrary to Landlord's claim, Burlington, as Tenant via assignment out of the JoAnn bankruptcy, is neither responsible nor obligated for payment of the 2024 real estate taxes. Please see 3(c) & 3(d) of the enclosed Cure Notice (a snippet is copied below for your convenience).

JoAnn, as debtor, filed for bankruptcy on January 15, 2025. Landlord was required, under the procedures approved by the bankruptcy court, to object to any insufficient cure amounts. Landlord's objection was due 14 days after debtor filed the assumption notice. If Landlord failed to include the 2024 real estate taxes in its cure costs received from debtor, Landlord is estopped from attempting to collect payment from debtor or Tenant.

Shops at St. Johns, LLC
Page 2
10/17/2025

> c. **Objection Procedures.** Parties objecting to a proposed assumption or assumption and assignment (including as to the cure amount), as applicable, of a Contract must file and serve a written objection[5] so that such objection is filed with this Court and actually received by the Objection Service Parties no later than fourteen (14) days after the date the Debtors file and serve the relevant Assumption Notice and promptly serve such objection on the Objection Service Parties.
>
> d. **No Objection.** If no objection to the assumption of any Contract is timely filed, each Contract shall be assumed as of the Assumption Date set forth in the applicable Assumption Notice or such other date as the Debtors and the applicable Assumption counterparties agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* if the Contract is a Lease, the Debtors shall submit the Assumption Order to the Court under a certificate of no objection authorizing the assumption of each Lease, which shall be assumed or assumed and assigned upon entry of the Assumption Order or such other date as the Debtors and the applicable Assumption Counterparties may agree, and the proposed cure amount shall be binding on all counterparties to such Contract and no amount in excess thereof shall be paid for cure purposes; *provided, however,* that the Assumption Date for a Lease shall not occur earlier than the date the Debtors filed and served the applicable Assumption Notice.

<u>Please confirm for us when the jurisdiction issued the 2024 real estate tax bill</u>.

Thank you.

Very truly yours,

BURLINGTON STORES, INC.

*Robin Piree*

Robin Piree
Senior Director, Managing Counsel – Real Estate


RLP:
Enclosure
c.c.  Dante Fratarcangelo, Vice President - Real Estate
       James Jeffers, Vice President, Assistant General Counsel – Real Estate
       Kristhy Peguero, Esquire
       Lease Administration