IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| JOANN INC., *et al.*,[1] | ) Case No. 25-10068 (CTG) |
| Debtors. | ) (Jointly Administered) |

**DECLARATION OF ROBYN WOODRUFF IN SUPPORT OF THE OBJECTION OF SHOPS AT ST. JOHNS, LLC TO BURLINGTON COAT FACTORY WAREHOUSE CORPORATION'S (I) MOTION TO ENFORCE CONFIRMATION ORDER AND ASSIGNMENT ORDER AND (II) MOTION FOR SHOPS AT ST. JOHNS, LLC TO SHOW CAUSE WHY IT SHOULD NOT BE FOUND IN CONTEMPT**

I, Robyn Woodruff declare that the following is true and correct to the best of my knowledge, information, and belief:

1. I am a Bankruptcy Manager in the Legal Services Department of Simon Property Group, Inc. ("SPG") and have served in that position since August 2021. In such capacity, I am familiar with SPG's business, property management activities, and activities with respect to tenant bankruptcy proceedings.

2. I submit this declaration ("Declaration") in support of the *Objection of Shops at St. Johns, LLC to Burlington Coat Factory Warehouse Corporation's (I) Motion to Enforce Confirmation Order and Assignment Order and (II) Motion for Shops at St. Johns, LLC to Show Cause Why It Should Not Be Found in Contempt* (the "Objection").[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meaning given to them in the Objection.

3.  Except as otherwise indicated herein, the facts set forth in this Declaration are based upon my personal knowledge, my review of relevant documents, information provided to me by other employees of SPG, or my opinion based upon my experience, knowledge, and information concerning SPG's properties. If called upon to testify, I would testify completely to the facts set forth in this Declaration.

4.  The Debtor and Landlord were parties to a Lease, dated June 18, 2003, as amended, for the Premises. The Premises is located in Duval County, Florida (the "County") within a shopping center known as St. Johns Town Center (the "Center"), which has approximately 175 retail spaces. The Center is managed and operated by SPG.

5.  It is my understanding that on June 20, 2025, the Lease was assumed by the Debtor and assigned to Burlington.

6.  The Lease contains the following provision regarding the tenant's obligation to pay property taxes:

> Tenant agrees to pay to Landlord each year during the Term Tenant's Proportionate Share of real estate taxes ("Taxes") levied upon the Tax Parcel and paid by Landlord during each year of the Term (after reducing such Taxes by the amount of any contributions for such taxes paid by any party having the right to use the Common Areas but not a tenant of the Shopping Center, and, further, reducing such amount by any rollback, creditor or reduction which has been granted or issued by any taxing authority or governmental group or agency). Statements assessing and prorating Taxes, if any, shall be rendered by Landlord, together with copies of receipted tax bills for which reimbursement is sought and reasonable verification for the computation of Tenant's Proportionate Share. Tenant shall pay its Proportionate Share thereof within thirty (30) days of the receipt of such statements and receipts. Landlord shall pay such Taxes to the taxing authority before any penalties or interest accrue.

Objection, Exhibit A (Lease), § 8.

7.  Historically, Landlord billed year-end adjustments for real property taxes to the Debtor within fifteen (15) to twenty-four (24) months after the first day of the calendar year for

which taxes are assessed, or within six (6) to twelve (12) months after the real estate taxes for the Center are paid by Landlord to the taxing authority. A copy of the Landlord's lease ledger regarding property taxes for the Premises is attached hereto as **Exhibit 1**.

8. Real property taxes on the Premises for tax year 2024 ("2024 Taxes") were assessed January 1, 2024, became due and payable to the County on November 1, 2024, and would have become delinquent if not paid by April 1, 2025. Accordingly, Landlord paid the 2024 Taxes to the County on November 25, 2024.

9. After payment of the 2024 Taxes, Landlord apportioned and adjusted the property taxes among the tenants of the Center according to each tenant's lease, including the Lease. Landlord billed tenants of the Center for 2024 Taxes on August 15, 2025, consistent with their ordinary course of business. The bill issued to Burlington, as the tenant under the Lease, became due and payable on September 14, 2025.

10. Burlington's share of property taxes assessed against the Center, payable under the Lease, was $160,389.99.

11. It is my understanding that Burlington failed to pay its share of the 2024 Taxes by September 14, 2025. Therefore, on September 30, 2025, Landlord issued a Notice of Default to Burlington due to Burlington's failure to pay the 2024 Taxes payable under the lease. *See* Objection, Exhibit B.

12. It is my understanding that Burlington responded to the Notice of Default on October 17, 2025, asserting that the 2024 Taxes were a cure cost that should have been asserted by Landlord against the Debtor. *See* Objection, Exhibit C.

13. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge and after reasonable inquiry, the foregoing is true and correct.

February 18, 2026
Indianapolis, Indiana

DocuSigned by:

*Robyn Woodruff*
—2CD69F0A1506485...
Robyn Woodruff
Bankruptcy Manager
Simon Property Group, Inc.