**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) ) ) ) ) ) ) | Chapter 11 |
| JOANN INC.,[1] |  | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. |  |  |
|  |  | **Re: Docket Nos. 2005 & 2064** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S TWENTY-FOURTH (NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN SUPERSEDED CLAIMS**

Upon consideration of the *Plan Administrator's Twenty-Fourth (Non-Substantive) Omnibus Objection to Certain Superseded Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and that no

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. Each Superseded Claim set forth on **Schedule 1** attached hereto is disallowed and expunged in its entirety. The claims listed in the column titled "Surviving Claims" identified on **Schedule 1** attached hereto shall remain on the claims register, subject to the Plan Administrator's, Wind-Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each Superseded Claim and any other proofs of claim that have been or may be filed against the Debtors are preserved.

3. Should one or more of the grounds of objection stated in the Objection be dismissed, the Plan Administrator's or Wind-Down Debtors' right to object on any other grounds that the Debtors discover is preserved.

4. This Order has no *res judicata*, estoppel, or other effect on the validity, allowance, or disallowance of, and all rights to object to or defend on any basis are expressly reserved with respect to any Superseded Claims referenced or identified in the Objection that is not listed on **Schedule 1** attached hereto.

5. To the extent a response is filed regarding any Superseded Claim, each such Superseded Claim, and the Objection as it pertains to such Superseded Claim, will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order will be deemed

a separate order with respect to each Superseded Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters listed in the Objection or this Order.

6. The Plan Administrator and Wind-Down Debtors are authorized and empowered to execute and deliver such documents, and to take and perform all actions necessary to implement and effectuate the relief granted in this Order.

7. Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

8. Nothing in this Order or the Objection is intended or shall be construed as a waiver of any of the rights the Plan Administrator or Wind-Down Debtors may have to enforce rights of setoff against the claimants.

9. Nothing in the Objection or this Order, nor any actions or payments made by the Wind-Down Debtors or the Plan Administrator pursuant to this Order, shall be construed as: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors under the Bankruptcy Code or other applicable non-bankruptcy law; (b) a waiver of the Wind-Down Debtors, Plan Administrators, or any other party-in-interest's right to dispute any claim; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order; (e) an admission as to the validity, priority, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' estates; or (f) a waiver of any claims or causes of action which may exist against any entity under the Bankruptcy Code or any other applicable law.

10. This Order is without prejudice to the rights of the Plan Administrator, the Wind Down Debtors, their estates, any successors thereto, and any other party in interest, to object to any other proof of claim filed in these chapter 11 cases.

11. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Objection, the claimants whose claims are subject to the Objection, or this Order, including the interpretation, enforcement and implementation of this Order.

**Dated: February 24th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**