IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| JOANN, Inc., | ) Case No. 25-10068 (CTG) |
|  | ) |
| Post-Effective Date Debtor.[1] | ) |
|  | ) Re: D.I. 1353 |

**CERTIFICATION OF COUNSEL REGARDING**
**STIPULATION GRANTING RELIEF FROM THE PLAN INJUNCTION**

The undersigned counsel to the JOANN Liquidating Trust (the "GUC Trust"), in the above-captioned chapter 11 cases, hereby certifies the following:

1. On January 15, 2025 (the "Petition Date"), the above-captioned Post-Effective Date Debtor and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and their chapter 11 cases were jointly administered as *In re JOANN Inc.*, Case No. 25-10068 (CTG).

2. On July 16, 2024, Crystal R. Morse (the "Claimant") commenced an action in the Circuit Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida Civil Division (the "State Court"), Case No. 24-CA-005734, seeking damages related to an alleged slip-and-fall injury (the "Injury") that occurred at a premises operated by Debtor Jo-Ann Stores, LLC (the "State Court Action"). The State Court Action was filed before the Petition Date and, until the Effective Date of the Debtors' Plan (each as defined below), was stayed pursuant to 11 U.S.C. § 362.

---

[1] The Post-Effective Date Debtor in this chapter 11 case is JOANN Inc.

3. On March 6, 2025, the Claimant filed proof of claim number 2749, respectively, against JOANN Inc. (the "Claim") asserting general unsecured claims for damages related to the Injury, in the amount of $1,000,000.00.

4. The Debtors were party to an insurance policy with Liberty Mutual Insurance Company (the "Liberty Mutual Policy") covering, among other things, general liability. The Liberty Mutual Policy contains a $250,000 Self-Inured Retention ("SIR"). For liabilities in excess of the Liberty Mutual Policy, the Debtors maintained various excess and umbrella policies (collectively, with the Liberty Mutual Policy, the "Insurance Policies").

5. On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Joann Inc. and its Affiliated Debtors (Technical Modifications)* (the "Confirmation Order")[2] confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Affiliated Debtors (Technical Modifications)* (as supplemented and otherwise amended, the "Plan").[3] The Plan became effective on July 16, 2025 (the "Effective Date").[4]

6. Following the Effective Date, the State Court Action, along with the commencement of any other action with respect to the Injury, is enjoined by the injunction set forth in Article VIII.E of the Plan (the "Plan Injunction"), subject to the express provisions of the Confirmation Order.

7. Pursuant to the Plan and Confirmation Order, on the Effective Date the GUC Trust was established pursuant to the terms of that certain *JOANN Liquidating Trust Agreement and*

---

[2] Docket No. 1387.

[3] Docket No. 1353. Capitalized terms used but not defined in this Stipulation shall have the meaning ascribed thereto in the Plan.

[4] *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates*. Docket No. 1416.

2

*Declaration of Trust dated as of July 16, 2025* (the "Trust Agreement") and the GUC Trustee was appointed trustee of the GUC Trust.[5] The GUC Trust is authorized, among other things, to review, reconcile, object to, and resolve all General Unsecured Claims.[6]

8. The GUC Trust and Claimant have agreed to modify the Plan Injunction solely to allow Claimant to continue the State Court Action, as set forth in the stipulation attached to the Proposed Order (defined below) as Exhibit 1 (the "Stipulation").

9. A proposed form of order (the "Proposed Order") approving the Stipulation is attached hereto as **Exhibit A**.

**WHEREFORE**, the undersigned counsel respectfully requests that the Court enter the Proposed Order at its earliest convenience.

[*Remainder of page intentionally left blank.*]

---

[5] The substantially final form of the Trust Agreement was filed on July 8, 2025, as part of the Plan Supplement. Docket No. 1357, at Exhibit C.

[6] *See* Plan, Article IV.f.2; *see also* Trust Agreement, Art. II, § 2.2.

| | |
|---|---|
| Dated: March 4, 2026 | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP** |

 /s/ *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (No. 5111)
Melissa A. Sobrepera, Esq. (No. 7665)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneshlaw.com
　　　　msobrepera@beneschlaw.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
Charles J. Fendrych (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: EWilson@KelleyDrye.com
　　　　MMcloughlin@kelleydrye.com
　　　　CFendrych@kelleydrye.com

*Counsel to the GUC Trust*