**Exhibit A**

**Revised Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) ) | Chapter 11 |
| JOANN INC.,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) ) ) ) | Re: Docket No. 2023 |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S TWENTY-FIFTH (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN OVERSTATED AND SATISFIED CLAIMS**

Upon consideration of the *Plan Administrator's Twenty-Fifth (Substantive) Omnibus Objection to Certain Overstated and Satisfied Claims* (the "<u>Objection</u>");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and that no

---

[1]  The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]  Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. Each Non-GUC Claim is disallowed and expunged in its entirety, as set forth under the "*Modified Claim*" column on **Schedule 1** attached hereto.

3. The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each claim identified on **Schedule 1** attached hereto, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

4. The Plan Administrator's objection to each Disputed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Disputed Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

6. Kroll, as the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7. Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

8. This Court shall retain jurisdiction to construe and enforce this Order.

**Schedule 1**

**Overstated and Satisfied Claims**

JOANN Inc. Case No. 25-10068
Plan Administrator's Twenty-Fifth Omnibus Objection
Schedule 1 - Overstated and Satisfied Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim - Claim Nature | Current Claim - Claim Amount | Modified Claim - Claim Nature | Modified Claim - Claim Amount | Basis for Modification |
|---|---|---|---|---|---|---|---|---|---|
| 1 | B&B South Plaza Holdings LLC | 18981 | Jo-Ann Stores, LLC | 6/25/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$28,022.25<br>$0.00<br>$0.00<br>$657,693.75<br>$685,716.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$657,693.75<br>$657,693.75 | The administrative expense claim relates to obligations allegedly owed under a lease. Based on the Debtors' Books and Records, all valid administrative expense obligations asserted in the claim have been paid. To the extent the administrative expense claim is for more than the payments, such claim is overstated. The administrative expense portion of the claim must be disallowed and expunged in its entirety. |
| 2 | CL Services Inc. | 14551 | JOANN Inc. | 4/22/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$45,623.95<br>$0.00<br>$0.00<br>$23,522.00<br>$69,145.75 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$23,522.00<br>$23,522.00 | Based on the Debtors' Books and Records, all of the Debtors' obligations are either pre-petition or with respect to the administrative expense portion of the claim have been satisfied. Thus, the administrative expense portion of the claim must be disallowed and expunged in its entirety. The GUC portion of the claim was the amount scheduled by the Debtors and remains subject to review from the GUC Trust. |
| 3 | Crossroads of Roseville 2023, LLC | 18967 | Jo-Ann Stores, LLC | 6/25/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$64,153.31<br>$0.00<br>$0.00<br>$780,757.57<br>$844,910.88 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$780,757.57<br>$780,757.57 | This claim amends claim number 270 filed on February 10, 2025. The claim includes prepetition amounts that should be a GUC claim, a tax reconciliation that has been paid, multiple months of late fees and improper attorneys' fees. Plan Administrator spoke to claimant, who agreed with the Plan Administrator's reconciliation for administrative obligations. The reconciled amount was paid in January 2026. Thus, the administrative portion of the claim must be disallowed and expunged. |
| 4 | Grove Technologies LLC | 559 | Jo-Ann Stores, LLC | 2/21/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$17,250.00<br>$0.00<br>$0.00<br>$5,750.00<br>$23,000.00 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$19,846.77<br>$19,846.77 | This claim relates to online database and related support service. The claim was subject to the Debtor's First Omnibus Claim Objection. Subsequently, the post-petition administrative portion of the claim needed to be prorated for the post-petition period, with $3,153.23 being paid as the administrative claim and reclassifying $2,596.77 as a part of the GUC Claim. |
| 5 | HMM Co., Ltd. | 11686 | Jo-Ann Stores, LLC | 4/4/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$186,833.00<br>$0.00<br>$0.00<br>$131,207.75<br>$318,040.75 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$314,640.75<br>$314,640.75 | This claim is for an ocean freight vendor's charges relating to abandoned containers. Claimant agreed to payment of $3,400 as administrative expense claims, with the remainder of the administrative claim ($183,433.00) being reclassified as a GUC, which amount remains subject to further review by the GUC Trust. |
| 6 | Midtown Industrial Center, LLC and JCRS Colfax, LLC | 19350 | Jo-Ann Stores, LLC | 7/8/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$71,415.49<br>$0.00<br>$0.00<br>$360,802.89<br>$432,218.38 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$428,974.98<br>$428,974.98 | Claim relates to a real estate lease for January 2025 prepetition rent, utilities, tax escrow short payments, estimated damages and late fees. Plan Administrator spoke to counsel for the claimant and the parties agreed on the Plan Administrator's reconciled administrative expense amount of $3,243.72, with the balance of the administrative expense claim ($68,172.09) being reclassified as a GUC, subject to further review by the GUC Trust. |
| 7 | Mighty Mites Elk River, LLC | 260 | JOANN Inc. | 2/10/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$18,384.18<br>$0.00<br>$18,384.18 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$8,302.54<br>$8,302.54 | This claim is for the entire amount of January 2025 rent due for the Debtor's store in Elk River, MN. The post-petition balance has been paid in full. The remainder needs to be reclassified as GUC. Any remaining administrative/priority/secured balance of the claim must be disallowed and expunged. |
| 8 | Northgate Retail Partners, successor in interest to Northgate Limited Liability | 18915 | Jo-Ann Stores, LLC | 6/20/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$26,538.31<br>$0.00<br>$0.00<br>$412,812.50<br>$439,350.81 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$417,413.31<br>$417,413.31 | Claimant counted January 2025 rent ($10,187.50) twice in its administrative claim. The prepetition portion of January 2025 rent ($4,600.81) needs to be reclassified as GUC. The Post-Petition portion of January 2025 rent ($5,586.69) was paid via check (#400565205). April rent was paid via check (#400565527) on April 1, 2025 and cashed on April 10, 2025. All other administrative expense amounts have been paid in full. Any remaining administrative/priority/secured balance of the claim must be disallowed and expunged. |
| 10 | Schnitzer Investment Properties | 10826 | Jo-Ann Stores, LLC | 4/4/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$25,166.08<br>$0.00<br>$0.00<br>$47,554.47<br>$72,720.55 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$47,554.47<br>$47,554.47 | This claim arises from a lease agreement. Landlord has not calculated pre and postpetition rents correctly. Claimant has not provided 2024 CAM reconciliation or escrow support. Debtors have paid all post-petition obligations, including April 2025 rent which amount is not identified on claim form. Any remaining administrative/priority/secured balance of the claim must be disallowed and expunged. The GUC remains subject to further review by the GUC Trust. |
| 11 | Square One Partners LLC | 19026 | Jo-Ann Stores, LLC | 6/27/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$7,523.76<br>$0.00<br>$0.00<br>$408,692.65<br>$416,216.41 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$408,692.65<br>$408,692.65 | The original claim double counted unpaid rent for April ($3,333.96) and May ($427.92) for an overstated administrative expense claim by $3,761.88. Plan Administrator has paid all administrative expense amounts due and owing through lease rejection. |

JOANN Inc. Case No. 25-10068
Plan Administrator's Twenty-Fifth Omnibus Objection
Schedule 1 - Overstated and Satisfied Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Modification |
|---|------|--------------|--------|------------|---------------|---|----------------|---|------------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 12 | TAM Partners, L.P. | 18857 | JOANN Inc. | 6/12/2025 | Secured | $0.00 | Secured | $0.00 | Claim arises from a lease agreement and includes January 2025 stub rent, 2024 insurance, and 2024 taxes. January 2025 pre-petition rent ($25,884.34) needs to be reclassified as GUC. 2024 tax and insurance amounts were paid to the claimant via ACH on 6/20/2025. All other administrative expense amounts have been paid. Any remaining administrative balance of the claim must be disallowed and expunged. The GUC remains subject to further review by the GUC Trust. |
| | | | | | Admin | $76,147.85 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $623,375.12 | GUC | $649,259.46 | |
| | | | | | Total | $699,522.97 | Total | $649,259.46 | |
| 13 | TNT Investments One, a CA general partnership, and Judy Zimmerer, Trustee of the Judy M. Zimmerer Trust | 11394 | JOANN Inc. | 4/4/2025 | Secured | $0.00 | Secured | $0.00 | Claim includes January 2025 pre-petition rent, 2nd installment of 2024/2025 taxes and a repair invoice. Plan Administrator spoke to claimant or November 26, 2025 and the parties agreed to the reclassification of $12,094.91 as GUC and payment of $22,989.33 as an administrative expense claim, which amount has been paid. |
| | | | | | Admin | $0.00 | Admin | $0.00 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $35,084.24 | Priority | $0.00 | |
| | | | | | GUC | $0.00 | GUC | $12,094.91 | |
| | | | | | Total | $35,084.24 | Total | $12,094.91 | |