## Exhibit A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| JOANN INC.,[1] | ) |
| | ) Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) |
| | ) |
| | ) **Re: Docket No. 1880** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S NINETEENTH
(NON-SUBSTANTIVE) OMNIBUS OBJECTION AS IT RELATES
TO CLAIM NO. 19929 OF JOHN SCARCELLA**

This matter came on for hearing (the "Hearing") on March 12, 2026, upon the objection (the "Claim Objection") of the Plan Administrator to Claim No. 19929 (the "Claim") of John Scarcella ("Claimant"), which Claim Objection was asserted in the *Plan Administrator's Nineteenth (Non-Substantive) Omnibus Objection to Certain Claims* [Docket No. 1880] (the "Omnibus Objection"),[2] and the response thereto [Docket No. 1925] filed by Claimant. The Claim was filed as a priority claim under section 507(a)(4) of the Bankruptcy Code for compensation and certain related penalties allegedly owed by the Debtors to Claimant. After hearing and considering the evidence presented and the arguments made at the Hearing, the Court issued an oral ruling sustaining the Claim Objection. Accordingly, for the reasons stated by the Court on the record at the Hearing, and in accordance with the Court's oral ruling, it is ORDERED and ADJUDGED as follows:

1.      The Claim Objection is SUSTAINED as set forth herein.

---

[1]   The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is PO Box 268, Hudson, Ohio 44236.

[2]   Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Omnibus Objection.

2.      To the extent the Claim relates to wages or other compensation which, at one time, may have been owed by the Debtors to Claimant, the Claim is deemed paid or otherwise satisfied. The balance of the Claim is disallowed and expunged in its entirety.

3.      The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

4.      Kroll, as the Court-appointed claims and noticing agent in the chapter 11 case, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

5.      The Court retains jurisdiction to construe and enforce this Order.