**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |
| | ) | **Re: Docket Nos. 1881 & 2115** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S TWENTIETH
(SUBSTANTIVE) OMNIBUS OBJECTION AS IT RELATES
TO CLAIM NO. 17543 OF BAYFIELD COMPANY LLC**

This matter came on for hearing (the "Hearing") on March 12, 2026, upon the objection (the "Claim Objection") of the Plan Administrator to Claim No. 17543 (the "Claim") of Bayfield Company LLC ("Claimant"), which Claim Objection was asserted in the *Plan Administrator's Twentieth (Substantive) Omnibus Objection to Certain Claims* [Docket No. 1881] (the "Omnibus Objection"),[2] and the response thereto [Docket No. 1923] filed by Claimant. The Claim was filed as an administrative expense claim under section 503(b)(1) of the Bankruptcy Code in the amount of $730,000.00. After hearing and considering the evidence presented and the arguments made at the Hearing, the Court issued an oral ruling sustaining the Claim Objection. Accordingly, for the reasons stated by the Court on the record at the Hearing, and in accordance with the Court's oral ruling, it is ORDERED and ADJUDGED as follows:

1.      The Claim Objection is SUSTAINED as set forth herein.

2.      The Claim, in its entirety, is hereby reclassified as a general unsecured claim.

---

[1]      The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is PO Box 268, Hudson, Ohio 44236.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Omnibus Objection.

2

3.      The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to the Claim, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

4.      The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

5.      Kroll, as the Court-appointed claims and noticing agent in the chapter 11 case, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

6.      Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against the Claimant.

7.      The Court retains jurisdiction to construe and enforce this Order.

**Dated: March 24th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**