**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC., *et al*.,[1] | Case No. 25-10068 (CTG) |
| Debtors. | Re: D.I. 2091 |

**MOTION OF RIBBLR, LTD. FOR ENTRY OF AN ORDER AUTHORIZING RIBBLR, LTD. TO FILE REDACTED RESPONSE TO THE PLAN ADMINISTRATOR'S THIRTIETH (SUBSTANTIVE) OMNIBUS OBJECTION TO CLAIMS (RECLASSIFIED CLAIMS, OVERSTATED CLAIMS, AND NO LIABILITY CLAIMS)**

Ribblr, Ltd. (the "**Claimant**") by and through undersigned counsel, files this motion (the "**Motion to Redact**") seeking entry of an order pursuant to 11 U.S.C. §§ 105(a) and 107, Fed. R. Bankr. P. 9018 and 9037, and Local Rule 9018-1(d), authorizing the Claimant to file a redacted their response (the "**Response**") to the *Response of Ribblr, Ltd. To Plan Administrator's Thirtieth (Substantive) Objection to Certain Claims (Reclassified Claims, Overstated Claims, and No Liability Claims)* (the "**Objection**").  In support of this Motion to Redact, the Claimant respectfully states as follows:

<u>**JURISDICTION**</u>

1.      The District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b), which has been referred to this Court.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

and 1409.  The Claimant confirms their consent, pursuant to Local Rule 9013-f, to the entry of a final order by the Court in connection with this Motion.

2.     The predicates for the relief requested herein are sections 105(a) and 107 of the United States Bankruptcy Code (the "**Bankruptcy Code**"), Rules 9018 and 9037 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Local Rule 9018-1.

### RELEVANT BACKGROUND

3.     On January 15, 2025 (the "**Petition Date**"), each of the Debtors (collectively, the "**Debtors**"), then wind-down Debtors (the "**Wind-Down Debtors**") under the Plan (as defined in the Objection), filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "**Court**").

4.     Ribblr timely filed its proof of claim, claim number 16361 (the "**Claim**").  The Claim was filed in the total amount of $633,697.84, with a portion of the Claim ($199,257.47) asserted as an administrative expense claim.  The remainder ($434,440.27) was filed as a general unsecured claim.

5.     The Plan Administrator filed the Objection, which included an objection to the Claim.  The Objection seeks to reduce the administrative expense portion of the Claim to $118,260.12, with the difference between the as-filed administrative claim amount and the reduced claim amount ($80,997.35) modified to a general unsecured claim.

### RELIEF REQUESTED AND BASIS THEREFOR

6.     By this Motion to Redact, the Claimant seeks the entry of an order, substantially in the form attached hereto, authorizing the Claimant to file the Response in redacted form and granting related relief.

7.     Bankruptcy Code section 107(b)(1) provides, in relevant part:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—
>
>> (1)  protect an entity[2] with respect to a trade secret or confidential research, development, or commercial information . . . .

11 U.S.C. § 107(b)(1).  Further, section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).

8.      Bankruptcy Rule 9018 provides, in relevant part, that "[o]n motion or on its own, the court may, with or without notice, issue any order that justice requires to . . . protect the estate or any entity regarding a trade secret or other confidential research, development, or commercial information . . . ."  Fed. R. Bankr. P. 9018(a)(1).  The purpose of Bankruptcy Rule 9018 is to protect parties from "disclosure of information that could reasonably be expected to cause the entity commercial injury."  *In re Global Crossing Ltd.*, 295 B.R. 720, 725 (Bankr. S.D.N.Y. 2003).

9.      Unlike its counterpart in Rule 26(c) of the Federal Rules of Civil Procedure, section 107(b) of the Bankruptcy Code does not require a party seeking protection thereunder to demonstrate "good cause."  *See, e.g.*, *In re Transbrasil S.A. Linhas Aereas*, 644 F. App'x 959, 962 (11th Cir. 2016) (quoting *In re Orion Pictures Corp.*, 21 F.3d 24, 28 (2d Cir. 1994) ("When congress addressed the secrecy problem in § 107(b) of the Bankruptcy Code it imposed no requirement to show 'good cause' as a condition to sealing confidential commercial information.")).  The burden of proof is on the party seeking to seal information to show that it falls within the statutory exception.  *See In re Anthracite Capital, Inc.*, 492 B.R. 162, 177 (Bankr. S.D.N.Y. 2013).  The movant under Bankruptcy Rule 9018 must only demonstrate that the material sought to be protected satisfies one of the categories identified in section 107(b) of the Bankruptcy

---

[2] As used in the Bankruptcy Code, the term "entity" includes, among others, individuals.  11 U.S.C. § 101(15).

Code and, if successfully demonstrated, "the court is required to protect a requesting party and has no discretion to deny the application." *Orion Pictures*, 21 F.3d at 27. "[I]f it is established that the documents sought to be sealed fall within the enumerated statutory exception, the court must grant the requested relief (or such other relief that protects the moving party)." *In re Altegrity, Inc.*, No. 15-10226, 2015 WL 10963572, at *3 (Bankr. D. Del. July 6, 2015).

10.     Here, the Response will be provided to the Office of The United States Trustee, the Plan Administrator, and the Court on a confidential basis. In addition, the Response contains certain confidential or sensitive information, including information regarding the Claimants' pricing of their services, which could negatively affect the Claimant should this information become public and their competitors gain access to the information.

11.     Accordingly, the Claimant files this Motion to Redact seeking authority to file certain portions of the Response in redacted form.

### CERTIFICATION

12.     Pursuant to Local Rule 9018-1(d)(ii), undersigned counsel certifies that, prior to filing this Motion to Redact, counsel for the Claimant conferred with counsel for the Plan Administrator and with the Office of the United States Trustee. Undersigned counsel advised counsel for the Plan Administrator and the Office of the United States Trustee that the Claimant intends to redact certain portions of the Response. Counsel for the Plan Administrator has confirmed they have no objection to the proposed redactions. Counsel for the claimant has also communicated with the Office of the United States Trustee and such counsel has informed undersigned counsel that the Office of the United States Trustee takes no position with respect to the relief requested herein.

4

13.     No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Claimant respectfully requests that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion to Redact and granting the Claimant such other and further relief as may be just and proper.

Dated: March 26, 2026

CHIPMAN BROWN CICERO & COLE, LLP

/s/ *Mark L. Desgrosseilliers*

Mark L. Desgrosseilliers (No. 4083)
Aaron J. Bach (No. 7364)
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone: (302) 295-0191
Email:  desgross@chipmanbrown.com
         bach@chipmanbrown.com

*Counsel for the CRG Financial LLC*