**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| JOANN INC.,[1] | ) ) ) | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | ) ) ) ) | |
| | ) | **Re: Docket No. 2084** |

**ORDER SUSTAINING PLAN**
**ADMINISTRATOR'S TWENTY-NINTH (SUBSTANTIVE) OMNIBUS**
**OBJECTION TO CERTAIN REDUCED AND RECLASSIFIED CLAIMS**

Upon consideration of the *Plan Administrator's Twenty-Ninth (Substantive) Omnibus Objection to Certain Reduced and Reclassified Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

opportunity for a hearing on the Objection were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.       The Objection is SUSTAINED as set forth herein.

2.       Each Asserted Non-GUC Claim is reduced and reclassified as set forth under the "*Modified Claim*" column on **Schedule 1** attached hereto.

3.       The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each claim identified on **Schedule 1** attached hereto, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

4.       The Plan Administrator's objection to each Disputed Claim asserted in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each Disputed Claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5.       The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

6.      Kroll, as the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7.      Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

8.      This Court shall retain jurisdiction to construe and enforce this Order.

## Schedule 1

**Overstated and Satisfied Claims**

JOANN Inc. Case No. 25-10068
Omnibus Objection to Reduced and Reclassified Claims
Schedule 1 - Reduced and Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | ~~Crimson 1031 Portfolio, LLC~~ | ~~19452~~ | ~~Jo-Ann Stores, LLC~~ | ~~7/22/2025~~ | ~~Secured~~ ~~$0.00~~ ~~Admin~~ ~~$89,830.21~~ ~~503(b)(9)~~ ~~$0.00~~ ~~Priority~~ ~~$0.00~~ ~~GUC~~ ~~$385,300.41~~ ~~Total~~ ~~$475,130.62~~ | | ~~Secured~~ ~~$0.00~~ ~~Admin~~ ~~$37,161.40~~ ~~503(b)(9)~~ ~~$0.00~~ ~~Priority~~ ~~$0.00~~ ~~GUC~~ ~~$427,065.85~~ ~~Total~~ ~~$464,227.25~~ | | ~~Based on the Plan Administrator's review of the debtors' books and records, the administrative expense claims must be reduced by $10,903.37, as the debtors paid appropriately prorated amounts for prepetition January CAM, post-rejection 2024-2025 monthly CAM Insurance, and "clean out" costs. These charges, in the cumulative amount of $41,765.44, are prepetition a... claim must be disallowed, and $41,765.44 of claimant's administrative claim must be reclassified to GUC.~~ |
| ~~2~~1 | Shelby Town Center I, LLC | 19069 | Jo-Ann Stores, LLC | 6/28/2025 | Secured $0.00 Admin $20,734.78 503(b)(9) $0.00 Priority $0.00 GUC $435,267.59 Total $456,002.37 | | Secured $0.00 Admin $0.00 503(b)(9) $0.00 Priority $0.00 GUC $435,494.01 Total $435,494.01 | | The administrative claim is for January 2025 "stub rent" and related charges in the amount of $20,508.36, plus the cost to rekey doors in the amount of $226.42. January 2025 stub rent a... administrative expense status. |