**Exhibit A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| JOANN INC.,[1] | Case No. 25-10068 (CTG) |
| Post-Effective Date Debtor. | |
| | **Re: Docket No. 2091** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTIETH (SUBSTANTIVE)**
**OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Reclassified Claims, Overstated Claims, and No Liability Claims)**

Upon consideration of the *Plan Administrator's Thirtieth (Substantive) Omnibus Objection to Certain Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

on the Objection were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is SUSTAINED as set forth herein.

2. Each Reclassified Claim is hereby reclassified as set forth under the "*Modified Claim*" column on **Schedule 1** attached hereto.

3. Each Overstated Claim is hereby reduced as set forth under the "*Modified Claim*" column on **Schedule 2** attached hereto.

4. Each No Liability Claim is hereby disallowed and expunged as set forth under the "*Modified Claim*" column on **Schedule 3** attached hereto.

5. The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each claim identified on **Schedule 1, Schedule 2**, and **Schedule 3** attached hereto, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

6. The Plan Administrator's objection to each claim addressed by this Order constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7. The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

8. Kroll, as the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

9. Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

10. This Court shall retain jurisdiction to construe and enforce this Order.

## Schedule 1

### Reclassified Claims

JOANN Inc. Case No. 25-10068
Omnibus Objection for Invalid Claims
Schedule 1 - Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|----------------|---|---------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | Bassista, Debra | 19415 | JOANN Inc. | 7/14/2025 | Secured $0.00<br>Admin $32.00<br>503(b)(9) $0.00<br>Priority $24.00<br>GUC $180.00<br>Total $236.00 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $236.00<br>Total $236.00 | | This claim relates to the balance of severance pay allegedly owed to the claimant. Based on the Plan Administrator's review of the Debtors' books and records, the Plan Administrator has determined that the claimant has already been paid all amounts of severance pay that would be entitled to priority or administrative expense status. Thus, the priority and administrative portions of this claim must be reclassified as a general unsecured claim. |
| 2 | Dickinson, Melanie Lynn | 20347 | JOANN Inc. | 11/24/2025 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $400.00<br>GUC $0.00<br>Total $400.00 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $400.00<br>Total $400.00 | | This claim amends Claim No. 18965, which was previously reclassified as a general unsecured claim [see Doc. 1866]. The claim relates to unredeemed gift cards and/or merchandise credits. Such claim not entitled to secured, priority, or administrative expense treatment, and thus must be reclassified, in its entirety, as a general unsecured claim. |
| 3 | Quantum Metric, Inc. | 10794 | Jo-Ann Stores, LLC | 4/4/2025 | Secured $0.00<br>Admin $64,248.61<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $319,595.68<br>Total $383,844.29 | | Secured $0.00<br>Admin $37,547.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $346,297.29<br>Total $383,844.29 | | The administrative expense claim is for post-petition invoices relating to services for website analytics. Based on the Plan Administrator's review of the Debtors' books and records, the claimant is entitled to an administrative expense for the cost of services for the period of the petition date through February 27, 2025, as the Debtors requested that claimant cease all services as of such date and services provided subsequent to such date did not result in any benefit to the bankruptcy estate. The cost of such services for the period of the petition date through February 27, 2025 was $37,547, which amount is entitled to administrative expense status. The remainder of the administrative expense claim must be reclassified as a general unsecured claim. |
| 4 | Rimini Street, Inc. | 9483 | Jo-Ann Stores, LLC | 4/1/2025 | Secured $0.00<br>Admin $1,023,847.29<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $53,584.21<br>Total $1,077,431.50 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $1,077,431.50<br>Total $1,077,431.50 | | The administrative expense claim is for hourly fees and annual fees, prorated for the post-petition portion of 2025, relating to three statements of work (SOW) for services that were to be provided to the Debtors throughout the entirety of 2025. Shortly after the petition date, on January 21, 2025, the Debtors informed claimant that it was putting the projects on hold due to the bankruptcy filing. Based on the Plan Administrator's review of the Debtors' books and records, no services were provided by claimant to any of the Debtors after January 21, 2025, and the services provided after the petition date through January 21, 2025 were limited in nature and did not benefit the estate. Accordingly, claimant is not entitled to any administrative expense claim. The entirety of the asserted administrative expense claim is in the nature of rejection damages and must be reclassified as a general unsecured claim. |

JOANN Inc. Case No. 25-10068
Omnibus Objection for Invalid Claims
Schedule 1 - Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 5 | Sun Li Fung Trading | 174 | Jo-Ann Stores, LLC | 1/24/2025 | Secured $513,149.12<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $0.00<br>Total $513,149.12 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $10,523.52<br>Priority $0.00<br>GUC $502,625.60<br>Total $513,149.12 | | The claim was filed as a fully secured claim, but the claim is not and was not secured by any property of the Debtors.  Based on the Plan Administrator's review of the debtors' books and records, however, the claimant is entitled to a claim under Section 503(b)(9) in the amount of $10,523.52, for the value of goods sold by the claimant and received by the Debtors within 20 days prior to the petition date.  The remainder of the claim must be reclassified as a general unsecured claim. |
| 6 | Thomas, Victoria | 9936 | Jo-Ann Stores, LLC | 4/1/2025 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority Unliquidated<br>GUC $0.00<br>Total Unliquidated | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC Unliquidated<br>Total Unliquidated | | This claim is a prepetition, unliquidated personal injury claim.  The claim was filed as a priority claim under section 507(a)(10) of the Bankruptcy Code, which applies to claims for "death or personal injury resulting from the operation of a motor vehicle or vessel if such operation was unlawful because the debtor was intoxicated[.]"  11 U.S.C. 507(a)(10).  The Debtors were corporate entities incapable of becoming intoxicated.  The claim therefore is not entitled to priority status under section 507(a)(10) and must be reclassified as a general unsecured claim. |

## Schedule 2

**Overstated Claims**

JOANN Inc. Case No. 25-10068
Thirtieth Omnibus Objection
Schedule 2 - Overstated Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | Allied Universal Security Services | 10593 | Jo-Ann Stores, LLC | 4/4/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$59,726.13<br>$0.00<br>$0.00<br>$0.00<br>$59,726.13 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$24,210.80<br>$0.00<br>$0.00<br>$0.00<br>$24,210.80 | This claim relates to two invoices for post-petition security services. Based on the Plan Administrator's review of the Debtors' books and records, the invoice dated March 9, 2025, has been paid in full. The invoice dated February 9, 2025, in the amount of $24,210.80, remains outstanding. The administrative expense claim of claimant must therefore be reduced to $24,210.80. |
| 2 | Lake Charles PC, L.P. | 10771 | Jo-Ann Stores, LLC | 4/4/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$81,871.42<br>$0.00<br>$0.00<br>$46,709.12<br>$128,580.54 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$8,707.15<br>$0.00<br>$0.00<br>$46,709.12<br>$55,416.27 | The administrative expense portion of this claim relates to amounts allegedly owed for post-petition monthly rent, CAM, tax, and insurance, and 2024 CAM, tax, and insurance reconciliations. Upon review of the Debtors' books and records, the Plan Administrator has determined that the Debtors paid and fully satisfied all post-petition monthly obligations, except to the extent of $8,707.15. Moreover, the claimant has failed to provide adequate documentation or other information to support its claim inasmuch as it relates to 2024 reconciliations. Thus, the administrative expense claim must be reduced to the amount of $8,707.15. |
| 3 | Siegen Lane Properties, LLC | 19430 | Jo-Ann Stores, LLC | 7/19/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$79,355.43<br>$0.00<br>$0.00<br>$720,573.31<br>$799,928.74 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$60,088.20<br>$0.00<br>$0.00<br>$720,573.31<br>$780,661.51 | The administrative expense claim includes amounts not properly chargeable to the Debtors under the relevant lease or related documents and/or includes obligations that were previously satisfied or not appropriately credited. Based on review of the Debtors' books and records and the documents and information submitted with the proof of claim, the Plan Administrator has determined that the claimant's administrative expense claim must be reduced to $60,088.20. |
| 4 | Southwest Commons 05 A, LLC | 8039 | Jo-Ann Stores, LLC | 4/2/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$51,929.56<br>$0.00<br>$15,879.81<br>$26,055.25<br>$93,864.62 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$1,115.28<br>$0.00<br>$0.00<br>$26,055.25<br>$27,170.53 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease. The administrative expense claim appears to be for January 2025 "stub rent," CAM escrows for the months of February, March, and April, 2025, base rent for April 2025, and water charges for the period of February 5 - March 5, 2025. The priority portion of the claim is for January 2025 stub rent, which amount is already included in the asserted administrative expense claim. Upon review of the Debtors' books and records, the Plan Administrator has determined that, except for CAM escrows for February, March, and April, 2025, in the cumulative amount of $1,115.28, all amounts asserted as an administrative expense claim or priority claim have been paid in full. Thus, the claim is overstated, and the administrative expense claim and priority claim must be reduced to $1,115.28, and $0.00, respectively. |

## Schedule 3

### No Liability Claims

JOANN Inc. Case No. 25-10068
Thirtieth Omnibus Objection
Schedule 3 - No Liability Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim Claim Nature | Current Claim Claim Amount | Modified Claim Claim Nature | Modified Claim Claim Amount | Basis for Objection |
|---|------|--------------|--------|-----------|--------------|--------------|--------------|--------------|---------------------|
| 1 | BONNEVILLE COUNTY TREASURERS | 16021 | JOANN Inc. | 5/6/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $2,606.28<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,606.28 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | The claim appears to be related to personal property taxes. The Debtors' accountant has verified with the claimant that no taxes are owed for the relevant period and the Debtors therefore have no liability on this claim. The claim must be disallowed and expunged in its entirety. |
| 2 | City of Humble | 19265 | Jo-Ann Stores, LLC | 7/7/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $2,361.71<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$2,361.71 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | The claim appears to be for 2025 estimated ad valorem taxes. The Plan Administrator verified with the claimant that no taxes are owed and the Debtors therefore have no liability on this claim. The claim must be disallowed and expunged in its entirety. |
| 3 | Humble Independent School District | 19664 | Jo-Ann Stores, LLC | 7/29/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $10,980.66<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$10,980.66 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | The claim appears to be for 2025 estimated ad valorem taxes. The Plan Administrator verified with the claimant that no taxes are owed and the Debtors therefore have no liability on this claim. The claim must be disallowed and expunged in its entirety. |
| 4 | PH 706-750 N Casaloma Dr LLC | 6614 | JOANN Inc. | 3/20/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$13,550.68<br>$0.00<br>$0.00<br>$79,542.48<br>$93,093.16 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$79,542.48<br>$79,542.48 | The administrative expense claim is for 2025 CAM and taxes. The claimant has failed to provide any information or documentation regarding how such charges were calculated and has not demonstrated that such charges were appropriate under the applicable lease. Moreover, based on the Plan Administrator's review of the Debtors' books and records and other available documents and information, no obligations are owed to claimant that qualify for administrative expense status. Thus, the administrative expense claim must be disallowed and expunged. |
| 5 | Town of Manchester | 7716 | JOANN Inc. | 3/25/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$38,771.52<br>$0.00<br>$38,771.52 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.00 | This claim appears to relate to 2024 and estimated 2025 personal property taxes. Based on the Plan Administrator's review of the Debtors books and records, 2024 taxes have been paid in full, and, due to the Debtors' liquidation, no amount is due for 2025 taxes. Thus, the Debtors' have no liability for this claim and the claim must be disallowed and expunged in its entirety. |
| 6 | United Indy Investments LLC | 6260 | Jo-Ann Stores, LLC | 3/18/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$4,500.00<br>$0.00<br>$0.00<br>$269,409.02<br>$273,909.02 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$269,409.02<br>$269,409.02 | The claimant has failed to provide any information or documentation to sufficiently support its administrative expense claim. Further, the Debtors' books and records do not reflect any amounts due and owing to claimant that would be entitled to administrative expense status. Accordingly, the administrative expense claim must be disallowed and expunged. |