**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| | § | CASE NO. 25-10068(CTG) |
| JOANN, INC., et al | § | |
| Post-Effective Date Debtors. | § | Jointly Administered |

---

**BIRCH RUN STATION, LLC'S RESPONSE TO GUC TRUST'S FIFTH OMNIBUS (SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (UNLIQUIDATED CLAIMS AND OVERSTATED CLAIMS) RELATING TO CLAIM # 18936 CONCERNING BIRCH RUN SHOPPING CENTER IN THE CITY OF MAPLEWOOD, COUNTY OF RAMSEY, MINNESOTA**

---

Birch Run Station, LLC ("Landlord") hereby submits this Response to GUC Trust's Fifth Omnibus (Substantive) Objection to Certain Claims (Unliquidated Claims and Overstated Claims) Relating to Claim # 18936 Concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota and respectfully represents as follows:

**BACKGROUND**

1. On March 20, 2026 Joann Liquidating Trust (sometimes herein called "GUC Trust") filed its Fifth Omnibus (Substantive) Objection to Certain Claims (Unliquidated Claims and Overstated Claims) relating to claim # 18936 concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota

2. Under Schedule 2 "Overstated Claims" Debtors objected as item 2 to Birch Run Station, LLC's claim number 18936 Concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota in the total amount of $1,704,182.37 to reduce it to

$489,182,00 ( or a reduction of $1,215,000.00).

3.     Birch Run Station, LLC responds that the objection to item 2 to Birch Run Station, LLC's claim number 18936 concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota  in the total amount of  $1,215,000.00 is not well taken as the  $1,215,000.00 is properly an unsecured claim and the  $1,215,000.00 unsecured claim should be allowed and paid in line with all of the other allowed unsecured claims.

4.     On or about October 26, 2023  creditor landlord Birch Run Station, LLC and Debtor entered into an October 26, 2023  Lease, whereby Debtor agreed to lease from creditor landlord  Birch Run Station, LLC approximately 27,000  square feet of rentable floor area (the "Premises") located in Birch Run Station shopping center located in Maplewood, Minnesota for Debtor's store[1]. A true and correct copy of the October 26, 2023  Lease, or relevant portions thereof, is attached to the Declaration of Ben Epstein in Support of Birch Run Station, LLC's Response to GUC Trust's Fifth Omnibus (Substantive)  Objection to Certain Claims (Unliquidated Claims and Overstated Claims) [herein sometimes called the "Epstein Declaration"]  as Exhibit "A" and incorporated herein by this reference the same as if fully copied and set forth at length[2].

5.     Debtor Jo-Ann Stores, LLC breached section 27(a)(3) of the Lease by fraudulently obtaining $1,215,000.00 of cash funds from landlord Birch Run Station, LLC, and the last payment of $915,000.00 was made by wire transfer on January 13, 2025, so that once it cleared

---

[1]*See* paragraphs numbered 1-8, and in particular paragraph numbered 7 of the Epstein Declaration.

[2]*See* paragraphs numbered 1-8, and in particular paragraph numbered 7 of the Epstein Declaration and Exhibit "A" attached to the Epstein Declaration.

Debtors were clear to file bankruptcy a mere  few hours later on January 15, 2025,  relating to Debtor's store containing approximately 27,000  square feet of rentable floor area (the "Premises") located in Birch Run Station shopping center located in Maplewood Minnesota[3]. A true and correct copy of the January 13, 2025 $915,000 wire transfer, the September 23, 2024 $300,000 wire transfer, Debtor's Notices dated December 20, 2024 and March 20, 2024 are together attached to the Epstein Declaration as Exhibit "B" and incorporated herein by this reference the same as if fully copied and set forth at length[4]. A true and correct copy of the October 26, 2023  Lease, or relevant portions thereof,  is attached to the Epstein Declaration as Exhibit "A" and incorporated herein by this reference the same as if fully copied and set forth at length[5].

6.      The $1,215,000.00   objected to from Birch Run Station, LLC's claim number 18936 concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota  is proper and should be allowed. This $1,215,000.00 is for breach of the Lease on or about January 15, 2025 by filing bankruptcy within 48 hours after receiving cash funds from landlord Birch Run Station, LLC. The last payment of $915,000.00 was made by wire transfer on January 13, 2025, so that once it cleared Debtors were clear to file bankruptcy a mere  few hours later on January 15, 2025.   Birch Run Station, LLC's claim number 18936 is for:

> Unsecured liability arising from breach of section 27(a)(3) of the lease by fraudulently obtaining $1,215,000.00 of cash funds from landlord Birch Run Station, LLC, the last

---

[3]*See* paragraphs numbered 1-8, and in particular paragraph numbered 8 of the Epstein Declaration.

[4]*See* paragraphs numbered 1-8, and in particular paragraph numbered 8 of the Epstein Declaration and Exhibit "B" attached to the Epstein Declaration.

[5]*See* paragraphs numbered 1-8, and in particular paragraph numbered 7 and 8 of the Epstein Declaration and Exhibit "A" attached to the Epstein Declaration.

payment of $915,000.00 was made by wire transfer on January 13, 2025, so that once it cleared Debtors were clear to file bankruptcy a mere  few hours later on January 15, 2025, relating to Debtor's store containing approximately 27,000  square feet of rentable floor area (the "Premises") located in Birch Run Station shopping center located in Maplewood Minnesota. A true and correct copy of the January 13, 2025 $915,000 wire transfer, the September 23, 2024 $300,000 wire transfer Debtor's Notices dated December 20, 2024 and March 20, 2024 are together attached to the proof of claim as Exhibit "B" and incorporated herein by this reference the same as if fully copied and set forth at length. A true and correct copy of the October 26, 2023  Lease, or relevant portions thereof, is attached  to the proof of claim  as Exhibit "A" and incorporated herein by this reference the same as if fully copied and set forth at length.
**Unsecured fraud and Breach of Section 27(a)(3) of the Lease  Claim    $1,215,000.00.**

7.      Normally breaching the lease by filing bankruptcy is not an enforceable default. Under the bankruptcy code anything done in fraud negates the application of the Bankruptcy Code and Debtors cannot avoid debts if Debtors committed fraud. *See Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). Birch Run Station, LLC wired the $915,000 to Debtors  on January 13, 2025 and within 48 hours Debtors  filed bankruptcy on January 15, 2025.

8.      Filing bankruptcy for a company this size is not a decision that is made on 48 hours notice. This had to have been planned beforehand for weeks if not months of filing bankruptcy.  Discovery needs to done on Debtors  files about the timing of the bankruptcy filing waiting until Debtors received Birch Run Station, LLC's $915,000 wire on January 13, 2025. There is also questionable conduct concerning the other $300,000 wire transfer because there was a prior bankruptcy involved during which that payment was made. The main point of fraud in this case is that Debtors Joann, Inc., et al filed bankruptcy within 48 hours of  Birch Run Station, LLC paying Debtors Joann $915,000 in January 2025.

9.      Section 27(a)(3)  of the Lease makes it a default under the lease to file bankruptcy. Normally such a clause in a lease is not enforced by a bankruptcy court because the decision and

timing to file bankruptcy would normally be based upon general business decisions of the debtor. However it is standard bankruptcy law practice that fraudulent actions cannot be avoided by bankruptcy. *See Bartenwerfer v. Buckley*, 598 U.S. 69 (2023).

10. The United States Supreme Court recently held that fraud prevents a debt from being discharged in bankruptcy. *Bartenwerfer v. Buckley*, 598 U.S. 69 (2023). In particular the United States Supreme Court specifically reasoned and held:

One such exception **bars debtors from discharging any debt for money "obtained by . . . fraud**." 11 U. S. C. §523(a)(2)(A). ....[6]

Written in the passive voice, §523(a)(2)(A) **turns on how the money was obtained, not who committed fraud to obtain it.....**[7]

The Code makes several exceptions to the general rule, including the one at issue in this case: Section 523(a)(2)(A) **bars the discharge of "any debt . . . for money . . . to the extent obtained by . . . false pretenses, a false representation, or actual fraud**." ...[8]

Section 523(a)(2)(A) states:
"A discharge under section 727 . . . of this title **does not discharge an individual debtor from any debt** . . ."(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent **obtained by—"(A) false pretenses, a false representation, or actual fraud**, other than a statement respecting the debtor's or an insider's financial condition." [9]

**But Congress has "evidently concluded that the creditors' interest in recovering full payment of debts" obtained by fraud "outweigh[s] the debtors' interest in a complete fresh start,"** *Grogan v. Garner*, 498 U. S. 279, 287 (1991), and it is not our role to second-guess that judgment....[10]

---

[6] *Id* at slip page 1.

[7] *Id* at slip page 1.

[8] *Id* at slip page 2.

[9] *Id* at slip pages 3-4.

[10] *Id* at slip page 12.

(Emphasis added)

11.     In this instance Debtors waited until less than 48 hours after Birch Run Station, LLC made a wire transfer of $915,000 on January 13, 2025 to Debtors before filing bankruptcy on January 15, 2025. *See Bartenwerfer v. Buckley*,  598 U.S. 69 (2023).  Debtors' fraud is an exception to the general bankruptcy rules. *See Bartenwerfer v. Buckley*,  598 U.S. 69 (2023). It is undisputed that the wire transfer of $915,000 on January 13, 2025 was then fraudulently used for whatever purposes Debtors chose after the bankruptcy filing on January 15, 2025. Again a company the size of Debtors Joann does not make the decision to file bankruptcy in less than 48 hours.

12.     The Bankruptcy Court should deny the objection to Birch Run Station, LLC's claim number 18936 concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota  in the total amount of $1,215,000.00 as that amount should be allowed as an unsecured claim.

13.     The undersigned has authority to reconcile, settle or otherwise resolve the claims on behalf of  Birch Run Station, LLC's , being:

> Timothy T. Mitchell, attorney for  Birch Run Station, LLC
> 4422 Ridgeside Drive
> Dallas, Texas 75244
> Phone 972-661-9471
> Cell 972-567-5322
> E-mail tim@rashtiandmitchell.com
> Alternate e-mail tim.rashtiandmitchell@gmail.com.

14.      Birch Run Station, LLC  reserves its rights to supplement this response  and make such other and further filings as it deems necessary or appropriate.

**WHEREFORE,** the Landlord,  Birch Run Station, LLC  respectfully requests that the

Court modify any proposed order to deny the objections to Birch Run Station, LLC's claim number 18936 concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota and allow Birch Run Station, LLC an unsecured claim of $1,704,182.37 (including the $1,215,000.00 objected to by GUC Trust, as consistent with the foregoing response to objections and grant the Landlord, Birch Run Station, LLC, such further and additional relief as the Court may deem just and proper.

**Respectfully submitted,**
**RASHTI AND MITCHELL**
**ATTORNEYS AT LAW**

<u>/s/ Timothy T. Mitchell</u>
Timothy T. Mitchell
Texas State Bar Number 14223000
Donna Kaye Rashti
Texas State Bar Number 16553400
4422 Ridgeside Drive
Dallas, Texas 75244
Phone 972-661-9471
Fax (972) 503-9611
tim@rashtiandmitchell.com
donna@rashtiandmitchell.com
**Attorneys for Creditor Birch Run Station, LLC**

**CERTIFICATE OF SERVICE**

I Timothy T. Mitchell do hereby certify that a true and correct copy of the above

foregoing pleading was filed with the Clerk of Court using the CM/ECF system, which will

send notification of such filing to all persons who have registered to receive notices through

the CM/ECF system, on this 9th   day of April, 2026, and to:

the Clerk of the Court,
824 North Market Street, 3rd Floor,
Wilmington, Delaware 19801

the Office of the United States Trustee for the District of Delaware,
844 King Street, Suite 2207,
Wilmington, Delaware 19801
Attn.: Timothy Jay Fox, Jr. (timothy.fox@usdoj.gov);

counsel for the GUC Trust
Kelley Drye & Warren LLP,
3 World Trade Center, 175
Greenwich Street, New York, New York 10007,
Attn.: Eric R. Wilson
(EWilson@KelleyDrye.com),
Maeghan J. McLoughlin (Mmcloughlin@kelleydrye.com),
 and Charles J. Fendrych (Cfendrych@kelleydrye.com)


counsel for the GUC Trust
Benesch, Friedlander, Coplan & Aronoff LLP,
1313 N. Market Street, Suite 1201,
Wilmington, Delaware 19801,
Attn: Jennifer R. Hoover (jhoover@beneschlaw.com)
 and Melissa A. Sobrepera (msobrepera@beneschlaw.com).


/s/ Timothy T. Mitchell
Timothy T. Mitchell
**Attorneys for Creditor  Birch Run Station, LLC**