**Exhibit A**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Post-Effective Date Debtor. | ) |  |
|  | ) |  |
|  | ) | **Re: Docket No. ___** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND**
**(SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Reclassified Claims, Overstated Claims, and Reduced and Reclassified Claims)**

Upon consideration of the *Plan Administrator's Thirty-Second (Substantive) Omnibus Objection to Certain Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

on the Objection were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.  The Objection is SUSTAINED as set forth herein.

2.  Each Reclassified Claim is hereby reclassified as set forth under the "*Modified Claim*" column on **Schedule 1** attached hereto.

3.  Each Overstated Claim is hereby reduced as set forth under the "*Modified Claim*" column on **Schedule 2** attached hereto.

4.  Each Asserted Non-GUC Claim is reduced and reclassified as set forth under the "*Modified Claim*" column on **Schedule 3** attached hereto.

5.  The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each claim identified on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached hereto, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

6.  The Plan Administrator's objection to each claim addressed by this Order constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7.     The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

8.     Kroll, as the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

9.     Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

10.    This Court shall retain jurisdiction to construe and enforce this Order.

## Schedule 1

**Reclassified Claims**

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|--------------|--------|-----------|---------------|--|----------------|--|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | California Department of Tax and Fee Administration | 18346 | Jo-Ann Stores, LLC | 6/2/2025 | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $55,056.00<br>GUC $0.00<br>Total $55,056.00 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $55,056.00<br>Total $55,056.00 | | This claim is for an environmental fee.  Claimant filed this claim as a priority claim under 11 U.S.C. 507(a)(8), contending it is entitled to priority treatment because the environmental fee is a "tax."  Assuming, for the sake of argument, that the environmental fee is a "tax" for bankruptcy purposes, the environmental fee is not of the type of taxes described under any subsection of Bankruptcy Code section 507(a)(8).<br><br>Through informal communications, Claimant has alleged that the environmental fee is an "excise tax" and entitled to priority under Section 507(a)(8)(E).  "[T]he term 'excise taxes' has traditionally been used in the United States to refer to taxes on the sale of a specified commodity measured by value or quantity, such as alcohol, tobacco, or motor fuel, as opposed to taxes on income." *In re George*, 361 F.3d 1157, 1163 (9th Cir. 2004) (citation omitted).  This definition is seemingly preserved by the plain language of Section 507(a)(8)(E), as both subsections (i) and (ii) require any excise tax to be "*on a transaction*" to be entitled to priority.  The environmental fee is not for the sale of any commodity, and it is not otherwise a tax on "transactions" entered into by any Debtor.  Accordingly, the environmental is not entitled to priority treatment under Section 507(a)(8)(E) or any other subsection of Section 507(a).  The claim therefore must be reclassified in its entirety as a general unsecured claim. |
| 2 | EQYInvest Owner II, Ltd., LLP | 19656 | Jo-Ann Stores, LLC | 7/28/2025 | Secured $0.00<br>Admin $23,849.10<br>503(b)(9) $0.00<br>Priority $400.00<br>GUC $149,650.91<br>Total $173,500.01 | | Secured $0.00<br>Admin $12,082.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $161,418.01<br>Total $173,500.01 | | This claim relates to obligations of the Debtors allegedly owed under a certain lease of real property.  $11,766.48 of the administrative expense portion of the claim is for the cost of removing and disposing of shelves and other personal property left on the premises, which claimant alleges was a breach of Section 32 of the underlying lease.  Any relevant obligations of the Debtors' under Section 32 of the lease only arose under expiration or termination of the lease.  As of the lease rejection date, the lease had not expired by its terms, nor had it been otherwise terminated.  See 11 U.S.C. § 365(g) (rejection constitutes a "breach" of the contract or lease); *SubCulture, LLC v. Rogers Invs., a Nev. Ltd. P'ship (In re Culture Project)*, 571 B.R. 555, 559 (Bankr. S.D.N.Y. 2017) ("[I]t is generally well settled that a rejection is not, by itself, a termination of a lease. A debtor must surrender the leased space and the lease is deemed to have been breached, but the lease itself is not terminated by the rejection.").  Accordingly, any obligations of the debtor under Section 32 of the lease did not arise prior to rejection, and the removal costs do not fall within the scope of Section 365(d)(3).<br><br>The removal costs are rejection damages – and thus general unsecured claims – under Section 502(g).  Courts routinely hold that "clean-up costs," like the removal costs that claimant seeks to recover, must be treated as prepetition, general unsecured claims. *See Lucky's Mkt. Parent Co*., No. 20-10166, 2022 WL 843763, at *15 (D. Del. Mar. 22, 2022) ("Courts routinely hold that clean-up costs like those asserted here are pre-petition obligations."); *Doral Commerce Park, Ltd. v. Teleglobe Communs. Corp. (In re Teleglobe Communs. Corp.)*, 304 B.R. 79, 83-84 (D. Del. 2004) (finding that rejection of the lease under § 365 was deemed the exercise of a power to breach, and any claims of the creditor associated with removing improvements and alterations to the leased premises could not arise prior to the rejection and thus could not support an administrative claim for postpetition expenses). Thus, portion of the administrative expense claim relating to removal costs must be reclassified as a general unsecured claim. |

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 1 - Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|---------------|--------------|----------------|--------------|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 3 | FacilitySource LLC dba CBRE Retail & Multi-Site | 18260 | Jo-Ann Stores, LLC | 6/2/2025 | Secured $0.00<br>Admin $125,013.93<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $904,151.85<br>Total $1,029,165.78 | | Secured $0.00<br>Admin $67,094.18<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $962,071.60<br>Total $1,029,165.78 | | The administrative expense claim relates to certain post-petition invoices for services provided to the Debtors.   Based on the Plan Administrator's review of the invoices and the Debtors' books and records, $57,919.75 of the administrative expense claim relates to services rendered prior to the petition date.  Thus, $57,919.75 of the asserted administrative expense claim is a prepetition obligation and must be reclassified as a general unsecured claim. |
| 4 | SRL Crossings at Taylor LLC | 19166 | Jo-Ann Stores, LLC | 6/30/2025 | Secured $0.00<br>Admin $52,217.90<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $6,260.96<br>Total $58,478.86 | | Secured $0.00<br>Admin $47,880.79<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $10,598.07<br>Total $58,478.86 | | This claim relates certain amounts allegedly owed for CAM, tax, and escrow reconciliations made pursuant to a lease. Upon review and analysis of the Debtors' books and records, and additional information and documents made available to the Plan Administrator, the Plan Administrator has determined that only $47,880.79 of such obligations are entitled to administrative expense status, and that the balance of the administrative expense claim asserted by the claimant must be reclassified as a general unsecured claim. |
| 5 | SunYin (HK) Holding Limited | 10831 | Jo-Ann Stores, LLC | 4/1/2025 | Secured $0.00<br>Admin $1,198,542.00<br>503(b)(9) $334,367.18<br>Priority $0.00<br>GUC $4,486,331.62<br>Total $6,019,240.80 | | Secured $0.00<br>Admin $0.00<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $5,684,873.62<br>Total $5,684,873.62 | | This vendor claim is for goods ordered by the Debtors.  The 503(b)(9) portion of the claim has been paid and satisfied.  The remaining alleged administrative expense claim is for 16 invoices asserted under Section 503(b)(1). None of the invoices are post-petition invoices.  Further, none of the goods were received by the Debtors post-petition or during the 503(b)(9) claim period.  These 16 invoices should be reclassified as a part of this claimant's general unsecured claim. |

## Schedule 2

**Overstated Claims**

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 2 - Overstated Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|--------------|--------|-----------|---------------|---|----------------|---|--------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | American Fork SC, LLC | 19523 | Jo-Ann Stores, LLC | 7/23/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$38,308.15<br>$0.00<br>$0.00<br>$406,255.73<br>$444,563.88 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$3,436.00<br>$0.00<br>$0.00<br>$406,255.73<br>$409,691.73 | The calculation of the administrative portion of the claim as filed includes the following inappropriate charges: a payment made by the Debtors that was misapplied to increase as opposed to reduce the amount of the claim; post-petition utilities charges for which the claimant has not provided in invoice; and post-petition interest.  The administrative claim must therefore be reduced by those charges, resulting in an allowed administrative claim in the amount of $3,436.00. |
| 2 | CTO24 Carolina, LLC, successor in interest for DDR Carolina Pavilion LP | 11923 | Jo-Ann Stores, LLC | 4/4/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$54,774.27<br>$0.00<br>$0.00<br>$15,874.80<br>$70,649.07 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$6,588.96<br>$0.00<br>$0.00<br>$15,874.80<br>$22,463.76 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease.  The administrative expense portion of the claim includes several charges that have been paid and/or are not appropriately chargeable pursuant to the terms of the lease.  Based on the Plan Administrator's review of the Debtors' books and records and other relevant information and documents, the administrative expense portion of the claim must be reduced to $6,588.96 |
| 3 | E&A Northeast Limited Partnership | 19586 | Jo-Ann Stores, LLC | 7/23/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$5,683.00<br>$0.00<br>$0.00<br>$488,313.30<br>$493,996.30 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$5,530.33<br>$0.00<br>$0.00<br>$488,313.30<br>$493,843.63 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease. The administrative expense portion of the claim improperly includes interest for the post-petition period.  The administrative claim must be reduced by the amount of interest charged, resulting in an allowed administrative claim of $5,530.33. |
| 4 | Gallatin Mall Group, L.L.C. | 19516 | Jo-Ann Stores, LLC | 7/23/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$78,500.24<br>$0.00<br>$0.00<br>$159,533.82<br>$238,034.06 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$42,425.71<br>$0.00<br>$0.00<br>$159,533.82<br>$201,959.53 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease. The administrative expense portion of the claim includes rent allegedly due and owing for the post-petition, pre-rejection period, based on the full rent amount pursuant to the terms of the relevant lease.  However, from and after May 23, 2024, including during the post-petition, pre-rejection period, the Debtors were only required to pay reduced, substitute rent, due to the claimant's failure to comply with certain requirements of the lease.  Based on the Plan Administrator's review of the Debtors' books and records, the Plan Administrator has determined that the administrative expense portion of this claim must be reduced to $42,425.71, due to the lease being on substitute rent. |
| 5 | New Towne Center Owner LLC | 19587 | Jo-Ann Stores, LLC | 7/23/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$121,996.10<br>$0.00<br>$0.00<br>$362,471.76<br>$484,467.86 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$111,353.74<br>$0.00<br>$0.00<br>$362,471.76<br>$473,825.50 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease. The administrative expense portion of the claim improperly includes interest for the post-petition period.  The administrative claim must be reduced by the amount of interest charged, resulting in an allowed administrative claim of $111,353.74. |

## Schedule 3

**Reduced and Reclassified Claims**

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 3 - Reduced and Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|-------------|--------|-----------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | Giacomini Trusts | 18698 | Jo-Ann Stores, LLC | 6/13/2025 | Secured | $0.00 | Secured | $0.00 | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease.  The administrative expense portion of the claim includes several charges that have been already paid, are not appropriately chargeable pursuant to the terms of the lease or under the Bankruptcy Code, and/or that the claimant has failed to substantiate despite requests from the Plan Administrator.  These charges are in the cumulative amount of $21,719.30, and thus, the administrative expense portion of the claim must be reduced by such amount.<br><br>In addition, the administrative expense claim as asserted includes clean-up costs of $31,500 incurred by the claimant after rejection of the lease.  These costs are rejection damages.  $31,500 of the administrative expense claim must therefore be reclassified as a general unsecured claim. |
| | | | | | Admin | $90,568.96 | Admin | $37,349.66 | |
| | | | | | 503(b)(9) | $0.00 | 503(b)(9) | $0.00 | |
| | | | | | Priority | $0.00 | Priority | $0.00 | |
| | | | | | GUC | $381,936.65 | GUC | $413,436.65 | |
| | | | | | Total | $472,505.61 | Total | $450,786.31 | |