**<u>Exhibit B</u>**

**Declaration**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| JOANN, Inc., *et al.*, | ) Case No. 25-10068 (CTG) |
|  | ) |
| Post-Effective Date Debtors.[1] | ) (Jointly Administered) |
|  | ) |
|  | ) |

**DECLARATION OF STEVEN BALASIANO IN SUPPORT OF GUC TRUST'S SIXTH OMNIBUS (NON-SUBSTANTIVE) OBJECTION TO CERTAIN CLAIMS (INSUFFICIENT DOCUMENTATION, AMENDED, DUPLICATE, AND EQUITY CLAIMS)**

I, Steven Balasiano, pursuant to section 1726 of title 28 of the United States Code, hereby declare as follows:

1.      I am the trustee (the "Trustee") of the JOANN Liquidating Trust (the "GUC Trust") established in these chapter 11 cases. Under the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications),* the GUC Trust, by and through the Trustee, is responsible for reconciling and, as necessary, objecting to all claims asserted or scheduled against the GUC Trust. In that capacity, I am familiar with and assisting in the process of reviewing and reconciling the claims for which the GUC Trust is responsible.

2.      I submit this declaration (the "Declaration") in support of the *GUC Trust's Sixth Omnibus Objection (Non-substantive) to Certain Claims (Insufficient Documentation, Amended, Duplicate, and Equity Claims)* (the "Objection")[2] and the claims objected to therein (the "Claims"), filed contemporaneously herewith. Except as otherwise indicated, the statements in this

---

[1]    The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]    Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to them in the Objection.

Declaration are based on: (a) my personal knowledge of the Debtors' operations, financing arrangements, and business affairs; (b) the books and records of the Debtors that reflect the amounts owed to their creditors as of the Petition Date, including the Claims Register, and the Schedules; (c) my review of the Objection; (d) information provided to me by, or discussions with, professionals retained by the GUC Trust; (e) information provided to me by, or discussions with, the GUC Trust or the GUC Trust's other advisors; and (f) my general experience and knowledge. As to matters regarding state and federal law, including bankruptcy law, I have relied on the advice of counsel.

3.      I am authorized to submit this Declaration in support of the Objection. If called upon to testify, I can and would testify competently as to the facts set forth herein.

## The Claims Objection

4.      I assisted in the preparation of the Objection. Through my review or with the assistance of employees and professionals under my direction, I am personally and generally familiar with the Debtors' unsecured liabilities and amounts owed to creditors that have filed or scheduled General Unsecured Claims against the Debtors' estates. I am also generally familiar with the Claims Register maintained by the Claims and Noticing Agent. If called to testify, I could and would testify competently to the facts set forth in this declaration.

5.      I submit this declaration in support of the Objection, and state that the information contained in the Objection and the exhibits thereto are true and correct to the best of my knowledge and belief and based on the information and records available to me.

6.      The Insufficient Documentation Claims listed on **Schedule 1** do not provide *prima facie* evidence of the validity and amount of the Claim, and the GUC Trust cannot ascertain a basis

for each Insufficient Documentation Claim after a reasonable review of the Debtors' books and records.

7.      The Amended Claims listed in the column titled "Amended Claim" on **Schedule 2** have been later amended by the identical claimant relating to the same claim subject matter which is listed in the corresponding "Remaining Claim" column.

8.      The Duplicate Claims listed in the column titled "Duplicate Claim" on **Schedule 3** are duplicates of, or subsumed within, the claim listed in the corresponding "Remaining Claim" column.

9.      The Equity Claim listed on **Schedule 4** was filed by a claimant asserting rights to a distribution in the Chapter 11 Cases based solely upon its status as an equity security holder, and not because of any claim against the Debtors' estate and/or the GUC Trust.

10.     Failure to disallow the Insufficient Documentation Claims, Amended Claims, Duplicate Claims, and Equity Claim could result in the applicable claimants receiving unwarranted recoveries to the detriment of other General Unsecured Creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: April 17, 2026                              */s/ Steven Balasiano*
                                                    Steven Balasiano