**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN INC., et al.,<br><br>               Debtors.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br>(Jointly Administered)<br><br>**Re:  DI 2183** |

### RESPONSE OF SUNYIN (HK) HOLDING LIMITED TO PLAN ADMINISTRATOR'S THIRTY-SECOND (SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS

SunYin (HK) Holding Limited ("SunYin"), by and through its undersigned counsel, files this response to the *Plan Administrator's Thirty-Second (Substantive) Omnibus Objection to Certain Claims (Reclassified Claims, Overstated Claims, and Reduced and Reclassified Claims)* (the "Objection") and, in support, states as follows:

### BACKGROUND

1. SunYin is a global manufacturer of premium home textiles and goods such as comforters, quilts, and decorative pillows and blankets. SunYin and Debtor Jo-Ann Stores, Inc. (the "Debtor") were parties to an Import Master Vendor Agreement (the "IMV Agreement") and Vendor Relationship Guide ("VRG" and, together with the IMV Agreement, the "Agreements") which governed the terms by which SunYin shipped goods to the Debtor for sale at the Debtor's retail locations. The Debtor required SunYin to consent to the terms of the Agreements as a condition of doing business.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: JOANN Inc. (5540); Needle Holdings LLC (3814); Jo-Ann Stores, LLC (0629); Creative Tech Solutions LLC (6734); Creativebug, LLC (3208); WeaveUp, Inc. (5633); JAS Aviation, LLC (9570); joann.com, LLC (1594); JOANN Ditto Holdings Inc. (9652); Dittopatterns LLC (0452); JOANN Holdings 1, LLC (9030); JOANN Holdings 2, LLC (6408); and Jo-Ann Stores Support Center, Inc. (5027). The Debtors' mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

2.      Pursuant to the Agreements, SunYin was required to work with Century VMS ("Century") as the Debtor's freight forwarder in order to ship goods to the Debtor. Century would confirm the booking of SunYin's shipments and advise SunYin of the location to deliver its shipments, as well as coordinate between SunYin and the shippers of SunYin's goods that would ultimately be sold at Debtor's retail locations.

3.      The Debtor and its affiliates each filed voluntary petitions for relief on January 15, 2025 (the "Petition Date"). Although goods already shipped by SunYin were in transit to the Debtor on the Petition Date, the Debtor stopped all orders in place, leaving the containers with SunYin's goods with the shipping companies, while the Debtor decided which goods it wanted to bring into its stores going forward. After that initial delay, the Debtor required SunYin to sign an RTV Agreement before it would allow the shipping companies to release "stuck" containers to SunYin, and SunYin was required to pay the shipping fees and storage fees on the goods, which fees had increased during the delay period where the Debtor was deciding what goods it wanted to keep.

4.      While SunYin was eventually able to recover some of the goods involved in this process, there were some goods that SunYin was not able to recover, as some goods were mixed with other vendors' goods in the same shipping containers, some goods had already been loaded onto railcars in the Midwest, and some because SunYin simply could not get any responses to its inquiries from the shipping companies. The shippers that were ultimately able to return some of SunYin's goods required the Debtor's approval prior to doing so, while other shippers refused to work with SunYin, at all since the Debtor, not SunYin, was their client. Despite its efforts, SunYin was not able to recover goods totaling $692,164.36[2] from the Debtor.

---

[2] SunYin filed a Proof of Claim on April 1, 2025. SunYin has been paid on the portion of the claim asserted under 11 U.S.C. 509(b)(9). The balance of the claim in the amount of $1,198,542.00 is an administrative expense claim (the

**RESPONSE**

5.      11 U.S.C. §503(b) provides, in relevant part: "[a]fter notice and a hearing, there shall be allowed administrative expenses…including-(1)(A) the actual necessary costs and expenses of preserving the estate…"

6.      The Objection seeks to reclassify the Claim from an administrative expense claim to a general unsecured claim; SunYin objects to the reclassification.

7.      The goods in question were in the control of the Debtor continuously from the Petition Date. This is evidenced by the requirement that SunYin use Century to coordinate all aspects of the shipment of goods, including which carriers were used, where and when the goods were shipped, and whether the goods were included in shipments with other vendors' goods. Once SunYin turned the goods over to Century for shipment, it was not able to regain control of the goods without specific permission from the Debtor to the shippers to release them to SunYin. SunYin did not have the ability to recover the goods without permission given by the Debtor to the shipper who was holding the goods. Furthermore, before agreeing to the return of any of the goods to SunYin, the Debtor demanded that SunYin sign releases. This shows complete control by the Debtor, which resulted in a post-petition benefit to the Debtor- to give it time to determine which goods it wanted to keep and which it wanted to return to SunYin.

**WHEREFORE,** SunYin respectfully requests that this Court deny the relief sought in the Objection; allow it an administrative claim in the amount of $692,164.36; and grant any and all other relief it deems appropriate.

---

"Claim") for goods shipped to the Debtor. After efforts to recover certain goods, SunYin's administrative expense claim has been reduced to $692,164.36.

Dated: May 8, 2026

GELLERT SEITZ BUSENKELL & BROWN, LLC

/s/ Margaret M. Manning
Michael Busenkell (No. 3933)
Margaret M. Manning (No. 4183)
1201 North Orange Street, Suite 300
Wilmington, DE 19801
Telephone: (302) 425-5800
Facsimile: (302) 425-5814
Email: mbusenkell@gsbblaw.com
        mmanning@gsbblaw.com

*Counsel to SunYin (HK) Holding, Ltd.*