ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General
HUTCHISON B. MELTZER
Deputy Attorney General
       300 South Spring Street, Suite 1702
       Los Angeles, CA  90013-1230
       Telephone:  (213) 269-6240
       Fax:  (916) 731-2144
       E-mail:  Hutchison.Meltzer@doj.ca.gov

*Attorneys for California Department of Tax and Fee Administration*

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **JOANN, INC.,** | § | **Chapter 11** |
| | § | |
| **Post-Effective Date Debtor.** | § | **Case No. 25-10068 (CTG)** |
| | § | |

**CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION'S
OPPOSITION TO THE PLAN ADMINISTRATOR'S THIRTY-SECOND
(SUBSTANTIVE) OMNIUBUS OBJECTION TO CERTAIN CLAIMS**

California Department of Tax and Fee Administration (CDTFA) submits this Opposition to the Plan Administrator's Thirty-Second (Substantive) Omnibus Objection to Certain Claims (the Claim Objection), filed by Ann Aber in her capacity as the Plan Administrator (the Plan Administrator).

**INTRODUCTION**

The Claim Objection should be overruled because CDTFA's proof of claim 18346 for environmental fees assessed against debtor Joann, Inc.[1] (Debtor) is a priority excise tax claim. In California, entities who conduct business involving the use, generation, or storage of hazardous materials who employ 100 or more employees in California during a calendar year, are subject to an annual environmental fee. The Plan Administrator contends that this environmental fee does

---

[1] The fee was assessed against Jo-Ann Stores, LLC, but because of the order authorizing procedural and joint administration, "Debtor" will refer collectively to the consolidated "Debtor" entities, including Jo-Ann Stores, LLC.

not qualify as a tax, and even if it did, the fee is not assessed on a "transaction" within the meaning of 11 U.S.C. § 507(a)(8)(E)(i). The Plan Administrator is wrong on both fronts. The facial "fee" label is not controlling, as the Third Circuit has historically employed a multi-part test for taxes.  First, the annual environmental fee satisfies the *Lorber* and *Suburban* six-part test to determine whether an exactment is an excise tax for purposes of the Bankruptcy Code. Second, an entity's use, generation, or storage of hazardous materials, and the employment of 100 or more employees in California during the calendar year, qualify as a "transaction" for purposes of excise taxes under section 507(a)(8)(E)(i). The environmental fee is no different than flat franchise fees or fees assessed against heavy vehicles that travel on highways that have both been found to meet the requirement of an excise tax "transaction."

For these reasons, CDTFA requests that the Court overrule the Claim Objection.

## STATEMENT OF FACTS

On June 2, 2025, CDTFA filed a timely proof of claim 18346, asserting a priority claim of $55,056.00 (the CDTFA Claim). Hossain Decl. ¶ 3. CDTFA's priority claim is for an annual environmental fee assessed by the California Department of Toxic Substances Control and collected by CDTFA. *Id.*; s*ee* Cal. Health & Safety Code § 25205.6 and Cal. Rev. & Tax. Code § 43054. Entities in California are required to pay this environmental fee if the entity is classified as using, generating, storing, or conducting activities in California related to hazardous materials, and the entity employs 100 or more employees in California during a calendar year. Cal. Health & Safety Code § 25205.6(b). The annual fee is determined by the number of employees during a calendar year. *Id.* at subd. (c). The CDTFA Claim is based on unpaid environmental fees for calendar year 2024. Hossain Decl. ¶ 3.

In the Claim Objection, the Plan Administrator contends that the CDTFA Claim should be reclassified from a priority to a general unsecured claim because the CDTFA Claim is not a "tax" within the meaning of section 507(a)(8), and that even if it were a tax, the claim does not meet the requirement of an excise tax because there is no "transaction" associated with the assessment. *See* Claim Obj. at p. 6 (Schedule 1 Reclassified Claims).

## ARGUMENT

### I.   OBJECTION TO CLAIM LEGAL STANDARD

A proof of claim is deemed allowed unless a party in interest objects under 11 U.S.C. § 502(a) and constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). When a creditor files a proof of claim that complies with the rules, the burden shifts to the objecting party who must "produce[] sufficient evidence to negate one or more of the sworn facts in the proof of claim." *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 174 (3d Cir. 1992). If the objecting party "produces sufficient evidence to negate one or more of the sworn facts in the proof of claim," the burden then shifts back to the creditor. *Id.*

Here, the Plan Administrator seeks reclassification to general unsecured status.  The Plan Administrator contends that the CDTFA Claim is not based on a "tax" to qualify for section 507(a)(8) priority status, and even if it were a tax, the CDTFA Claim is not entitled to priority treatment as a section 507(a)(8)(E) excise tax because the fee is not based on a "transaction". Each will be discussed in turn.

### II.   THE CDTFA CLAIM IS AN EXCISE TAX

The CDTFA Claim is entitled to priority treatment under 11 U.S.C. § 507(a)(8)(E) because the environmental fee that forms the basis of the CDTFA Claim meets the requirements of an excise tax.

"The Bankruptcy Code does not define 'tax,' 'excise' or 'excise tax.'" *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 252 (3d Cir. 2005) (citation omitted). Federal law determines whether an obligation is a tax in bankruptcy. *Id.* (citation omitted). But, if state law creates the obligation, the court "looks to that law to ascertain its attributes so that the court can determine its characterization under federal bankruptcy law." *Id.* (citation omitted). Courts "'look[ ] behind the label placed on the exaction' to 'the operation of the provision' and the exaction's 'actual effects'" in determining whether the exaction is a tax. *In re Szczyporski*, 34 F.4th 179, 185 (3d Cir. 2022) (citation omitted).

3

In the Third Circuit, courts typically employ the six-part test derived from *In re Lorber Industries of California, Inc.,* 675 F.2d 1062 (9th Cir.1982) (*Lorber*) and *In re Suburban Motor Freight, Inc.*, 36 F.3d 484 (6th Cir.1994) (*Suburban*) to determine whether an exaction is an excise tax. *United Healthcare*, 396 F.3d at 253 (citing to *Lorber* and *Suburban*). The six non-exclusive factors for an excise tax are: (1) an involuntary pecuniary burden, regardless of name, laid upon individuals or property; (2) imposed by, or under authority of the legislature; (3) for public purposes, including the purposes of defraying expenses of government or undertakings authorized by it; (4) under the police or taxing power of the state; (5) universally applicable to similarly situated entities; and (6) the granting priority status will not disadvantage private creditors with like claims. *Id.*

### A. The Environmental Fee is an Involuntary Pecuniary Burden Assessed Universally to Similarly Situated Entities (Factor 1 and 5)

The environmental fee is involuntarily assessed against all qualifying entities in California. The CDTFA Claim is based on the annual environmental fee assessed under Cal. Health & Safety Code § 25205.6. For each calendar year, qualifying entities in California who use, generate, store or conduct activities related to hazardous materials, and employ 100 or more employees in a calendar year, shall pay an annual fee to CDTFA based on the number of employees employed by the entity during the calendar year. *See* Cal. Health & Safety Code § 25205.6; *see also* Cal. Rev. & Tax. Code §§ 43054 and 43152.9. Entities who meet these requirements must pay the tax. Accordingly, the environmental fee is an involuntary pecuniary burden that is universally applicable to similarly situated entities (i.e., entities who deal with hazardous materials and employ more than 100 employees in a calendar year).

### B. The Environmental Fee is Imposed by Statute & Assessed Under the Police and Taxing Powers of California (Factor 2 and 4)

As discussed, the environmental fee was established pursuant to Cal. Health & Safety Code § 25205.6 and collected by CDTFA under Cal. Rev. & Tax. Code §§ 43054 and 43152.9. The environmental fee is therefore imposed by the authority of the California legislature and assessed under California's taxing power by one of its tax authorities, CDTFA.

**C.    The Environmental Fee is Assessed for a Public Purpose (Factor 3)**

The environmental fee is assessed against qualifying business to offset the costs of environmental cleanup of hazardous waste. Under section 25205.6, the California legislature declared that the environmental fees collected are "intended to provide sufficient revenues to fund the purposes of subdivision (b) of Section 25173.6 [describing remediation programs, hazardous waste management, and the like], including appropriations in any given fiscal year to fund the state's obligation" under the federal Comprehensive Environmental Response, Compensation, and Liability Act of 1980. Cal. Health & Safety Code § 25205.6(f)(2). *See also U.S. v. River Coal Co., Inc.*, 748 F.2d 1103, 1106 (6th Cir. 1984) (citing to the Bankruptcy Act and finding that the federal fee is a tax deposited into a fund for the reclamation and restoration of land and water resources adversely affected by past coal mining).  Accordingly, the environmental fee is used to offset expenses to California related to the management and remediation of hazardous materials, a clear public purpose.

**D.    Private Creditors Do Not Have Like Claims and Would Not Be Prejudiced (Factor 6)**

Private creditors cannot assess environmental fees like the fees assessed under Cal. Health & Safety Code § 25205.6. This factor depends on whether classifying the obligation as a priority claim would "disadvantage private creditors with like claims." *United Healthcare*, 396 F.3d at 254 (citation omitted). CDTFA is aware of no private creditors in this case, or otherwise, who could collect environmental fees from the Debtor to offset governmental hazardous waste management, storage, or remediation.

In sum, the environmental fees that are the underlying basis for the CDTFA Claim satisfy the *Lorber* and *Suburban* six-part test for an excise tax.

**III.    THE CDTFA CLAIM MEETS THE "TRANSACTION" REQUIREMENT FOR AN EXCISE TAX**

The Plan Administrator reads the requirement of a "transaction" in section 507(a)(8)(E) too narrowly. Under section 507(a)(8)(E)(i), a claim is afforded priority treatment as an excise tax on "a transaction occurring before the date of the filing of the petition" for a return that is last due

within three years prepetition. The Plan Administrator contends that a "transaction" is limited "to taxes on the sale of a specified commodity measured by value or quantity, such as alcohol, tobacco, or motor fuel, as opposed to taxes on income." Obj. at p. 6 (citing *In re George*, 361 F.3d 1157, 1163 (9th Cir. 2004)).

The Plan Administrator's definition is impermissibly narrow. "[T]he legislative history indicates that Congress intended the term 'transaction' to be defined broadly." *In re Groetken*, 843 F.2d 1007, 1014 (7th Cir. 1988).[2] Bankruptcy Courts in the Third Circuit (and elsewhere) routinely refer to the *Black's Law Dictionary* in defining "transaction." *See In re Szczyporski*, 531 F. Supp. 3d 934, 942 (E.D. Pa. 2021), *aff'd*, 34 F.4th 179 (3d Cir. 2022). The most recent version of *Black's Law Dictionary* defines "transaction" as "[t]he act or an instance of conducting business or other dealings; something carried out; or an activity involving two or more persons." *Black's Law Dictionary* (12th ed. 2024).

The environmental fee is similar to other fees and exactions that have been held to meet the requirement of a "transaction" in the context of section 507(a)(8)(E)(i). For example, the environmental fee is like state franchise fees that provide entities with the privilege to conduct business in a particular state and have routinely been held to constitute excise taxes. *See In re Nat'l Steel Corp.*, 321 B.R. 901, 910 (Bankr. N.D. Ill. 2005) (citing to cases from the Fifth Circuit, Seventh Circuit, and Eight Circuit BAP among others). Here, the environmental fee, like a franchise fee, is assessed against California entities for the privilege of conducting business in California related to hazardous materials.

In addition, the Eighth Circuit BAP found that the structure of a similar tax to the environmental tax qualified as a "transaction":

> The transaction at issue here is the operation of a heavy vehicle on the highways more than 5,000 miles in a calendar year. The operation of the vehicle for 5,000 miles is an act or a series of acts whereby the right to collect payment of the heavy vehicle tax arises. The event of operating the vehicle falls within the broad definition of transaction.

---

[2] However, it is clear that the "failure to purchase healthcare is not a 'transaction'" because there is no overt act or occurrence that gives rise to a "transaction." *In re Szczyporski*, 34 F.4th 179, 189 n.5 (3d Cir. 2022)

*In re Trism, Inc.*, 311 B.R. 509, 517 (8th Cir. BAP 2004), *aff'd*, 126 F. App'x 339 (8th Cir. 2005). The environmental tax here is no different. It is assessed against entities who use, generate, store, or conduct activities in California related to hazardous materials and employ 100 or more employees during a calendar year. *See* Cal. Health & Safety Code § 25205.6. The employment of 100 or more employees during a calendar year, coupled with conducting business that relates to hazardous materials during a calendar year qualifies as an "act or series of acts" within the meaning of a "transaction" under section 507(a)(8)(H)(i).

The Plan Administrator's citation to *In re George*, 361 F.3d 1157 (9th Cir. 2004) is not persuasive. In *George*, the Ninth Circuit found that the debtor's *failure* to obtain workers' compensation insurance is not a "transaction" as opposed to the hiring of an employee who got injured. *Id.* at 1163. The same is true in the Third Circuit. *See In re Szczyporski*, 34 F.4th 179, 189 n.5 (3d Cir. 2022) (the "failure to purchase healthcare is not a 'transaction'" because there is no overt act or occurrence that gives rise to a "transaction."). The environmental fee is much different. The environmental fee is not based on the failure of the entity to act; it is assessed on entities that deal with hazardous materials based on the number of employees that entity employs during a calendar year.

In sum, the environmental tax that comprises the CDTFA Claim is assessed on a "transaction" within the meaning of section 507(a)(8)(E)(i) and should be afforded priority treatment.

## CONCLUSION

Based on the foregoing, CDTFA requests that the Claim Objection be overruled.

DATED: May 6, 2026

Respectfully submitted,

ROB BONTA
Attorney General of California
BRIAN D. WESLEY
Supervising Deputy Attorney General

By: */s/ Hutchison Meltzer*
HUTCHISON B. MELTZER
Deputy Attorney General
*Attorneys for California Department of Tax*
*and Fee Administration*

8

## DECLARATION OF MOHAMMAD F HOSSAIN

I, Mohammad F Hossain, declare:

1.      I am employed by the California Department of Tax and Fee Administration (CDTFA) as a Business Taxes Compliance Specialist.  I make this declaration in my official capacity as a CDTFA employee and not otherwise.  The following statements are based upon my personal knowledge and upon my review of records kept by CDTFA in the ordinary course of its business practice relating to the outstanding tax liabilities of debtor Jo-Ann Stores, LLC (Debtor).  If called as a witness, I could testify competently thereto.

2.      I have personal knowledge of the manner in which CDTFA's business records are kept.  Each of the records upon which I rely were made in the ordinary course of business at or near the time of the act, condition, or event.  The sources of information at the time of preparation are such that I believe that CDTFA's records to be trustworthy.

3.      On June 2, 2025, CDTFA filed a timely proof of claim 18346, asserting a priority claim of $55,056.00. The claim is based on an environmental fee assessed by the California Department of Toxic Substances Control and collected by CDTFA. The statutory authority authorizing the assessment of this fee is California Health & Safety Code section 25205.6. The environmental fees are assessed annually, and the claim in this case is for the calendar year 2024 fees.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this __8th__ day of May 2026, at Sacramento, California.

/s/ *Mohammad Hossain*
Mohammad F Hossain

9

# CERTIFICATE OF SERVICE

Case Name:   **In re Jo-Ann Stores, LLC**          No.   **25-10068 CTG**

I hereby certify that on <u>May 8, 2026</u>, I electronically filed the following documents with the Clerk of the Court by using the CM/ECF system:

**CALIFORNIA DEPARTMENT OF TAX AND FEE ADMINISTRATION'S OPPOSITION TO THE PLAN ADMINISTRATOR'S THIRTY-SECOND (SUBSTANTIVE) OMNIUBUS OBJECTION TO CERTAIN CLAIMS**

I certify that **all** participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on May 8, 2026, at Los Angeles, California.

| | |
|---|---|
| Martha Ochoa | *Martha Ochoa* |
| Declarant | Signature |

LA2026801374
68439042.docx