## EXHIBIT 1

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN, Inc., *et al.*, | ) Case No. 25-10068 (CTG) |
| | ) |
| | ) (Jointly Administered) |
| Post-Effective Date Debtors.[1] | ) |
| | ) **Re: D.I. 2184** |

**ORDER SUSTAINING GUC TRUST'S SIXTH OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CERTAIN CLAIMS (INSUFFICIENT DOCUMENTATION,**
**AMENDED, DUPLICATE, AND EQUITY CLAIMS)**

Upon consideration of the *GUC Trust's Sixth Omnibus Objection (Non-substantive) to Certain Claims (Insufficient Documentation, Amended, Duplicate, and Equity Claims)* (the "Objection")[2] filed by the GUC Trust for entry of an order (this "Order") pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, disallowing the claims listed on **Schedule 1** (the "Insufficient Documentation Claims"), **Schedule 2** (the "Amended Claims"), **Schedule 3** (the "Duplicate Claims"), and **Schedule 4** (the "Equity Claim") to this Order, all as more fully set forth in the Objection; and the Court having reviewed the Balasiano Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States

---

[1] The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2] Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1.     The Objection is SUSTAINED as set forth herein.

2.     Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3.     Each Insufficient Documentation Claim identified on **Schedule 1** attached hereto is hereby disallowed.

4.     Each Amended Claim identified on **Schedule 2** attached hereto is hereby disallowed.

5.     Each Duplicate Claim identified on **Schedule 3** attached hereto is hereby disallowed.

6.     The Equity Claim identified on **Schedule 4** attached hereto is hereby disallowed.

7.     The Claims and Noticing Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

8.     Each of the Insufficient Documentation Claims, the Amended Claims, the Duplicate Claims, and the Equity Claim, and the objections by the GUC Trust to such Insufficient Documentation Claims, Amended Claims, Duplicate Claims, and Equity Claim, as addressed in the Objection and set forth on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4**, attached to

this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Insufficient Documentation Claims, Amended Claims, Duplicate Claims, and Equity Claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

9. Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or interest against the Debtors or the GUC Trust; (ii) a waiver of the GUC Trust's or any other party's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in the Objection; (v) a waiver or limitation of any of the GUC Trust's rights under the Bankruptcy Code or applicable law, or (vi) to waive or release any right, claim, defense, or counterclaim of the GUC Trust, or to estop the GUC Trust from asserting, any right, claim, defense, or counterclaim (including setoff).

10. The GUC Trust and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order.

11. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Schedule 1**

**Schedule 1**
**Insufficient Documentation Claims**
Basis for Objection: See Paragraphs 20-22 of the foregoing Objection

| # | Name | Claim No. | Debtor | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Basis for objection |
|---|------|-----------|--------|-----------|----------------------|------------------------|---------------------|
| 2 | OH Waterville LLC | 19129 | JOANN Inc. | 06/30/25 | $267,324.08 | General Unsecured | The documentation attached to the claim does not provide prima facie evidence of the validity and amount of the claim, and the GUC Trust cannot ascertain a basis for the claim after a reasonable review of the Debtors' books and records. |
| 3 | Vereit Real Estate, L.P. | 18893 | JOANN Inc. | 06/20/25 | $632,610.00 | General Unsecured | The documentation attached to the claim does not provide prima facie evidence of the validity and amount of the claim, and the GUC Trust cannot ascertain a basis for the claim after a reasonable review of the Debtors' books and records. |

**Schedule 2**

**Schedule 2**
## Amended Claims
Basis for Objection: See Paragraphs 23-24 of the foregoing Objection

| # | Name | Amended Claim | | | | | Remaining Claim | | | | | Basis for objection |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | Claim No. | Debtor Name | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Claim No. | Debtor Name | Date Filed | Remaining Claim Amount | Asserted Claim Priority | |
| 1 | Emser International LLC | 17517 | JOANN Inc. | 5/22/2025 | $72,577.79 | General Unsecured | 18440 | JOANN Inc. | 6/4/2025 | 940,805.23 | General Unsecured | The Amended Claim has been amended and superseded by the Remaining Claim. |
| 2 | Towers Retail, LLC | 19149 | Jo-Ann Stores, LLC | 7/2/2025 | $362,212.39 | General Unsecured | 20130 | Jo-Ann Stores, LLC | 9/27/2025 | 362,212.39 | General Unsecured | The Amended Claim has been amended and superseded by the Remaining Claim. |

**<u>Schedule 3</u>**

**Schedule 3**
## Duplicate Claims
Basis for Objection: See Paragraphs 25-26 of the foregoing Objection

| | | Duplicate Claim to be Disallowed | | | | | Remaining Claim | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| # | Name | Claim No. | Debtor | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Claim No. | Debtor | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Basis for objection |
| 1 | Tyler Broadway/Centennial LP | 19185 | JOANN Inc. | 6/30/2025 | $746,669.39 | General Unsecured | 18918 | JOANN Inc. | 06/23/25 | $746,669.39 | General Unsecured | Claim substantially duplicates, or is subsumed within, the corresponding Remaining Claim. |

**Schedule 4**

**Schedule 4**
# Equity Claim
Basis for Objection: See Paragraphs 27-28 of the foregoing Objection

| # | Name | Claim No. | Debtor | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Basis for objection |
|---|---|---|---|---|---|---|---|
| 1 | Jordan Stewart | 13649 | Jo-Ann Stores, LLC | 4/15/2025 | $100 | General Unsecured | Claim based on ownership of equity interest. |