**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| | ) Case No. 25-10068 (CTG) |
| JOANN, Inc., *et al.*, | ) |
| | ) (Jointly Administered) |
| Post-Effective Date Debtors.[1] | ) |
| | ) **Re: D.I. 2184** |

**ORDER SUSTAINING GUC TRUST'S SIXTH OMNIBUS (NON-SUBSTANTIVE)**
**OBJECTION TO CERTAIN CLAIMS (INSUFFICIENT DOCUMENTATION,**
**AMENDED, DUPLICATE, AND EQUITY CLAIMS)**

Upon consideration of the *GUC Trust's Sixth Omnibus Objection (Non-substantive) to Certain Claims (Insufficient Documentation, Amended, Duplicate, and Equity Claims)* (the "Objection")[2] filed by the GUC Trust for entry of an order (this "Order") pursuant to section 502 of the Bankruptcy Code, Bankruptcy Rules 3003 and 3007, and Local Rule 3007–1, disallowing the claims listed on **Schedule 1** (the "Insufficient Documentation Claims"), **Schedule 2** (the "Amended Claims"), **Schedule 3** (the "Duplicate Claims"), and **Schedule 4** (the "Equity Claim") to this Order, all as more fully set forth in the Objection; and the Court having reviewed the Balasiano Declaration in support of the Objection; and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and the Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and the Court having found that it may enter a final order consistent with Article III of the United States

---

[1]  The Post-Effective Date Debtors in these chapter 11 cases are: JOANN Inc.; Needle Holdings LLC; Jo-Ann Stores, LLC; Creative Tech Solutions LLC; Creativebug, LLC; WeaveUp, Inc.; JAS Aviation, LLC; joann.com, LLC; JOANN Ditto Holdings Inc.; Dittopatterns LLC; JOANN Holdings 1, LLC; JOANN Holdings 2, LLC; and Jo-Ann Stores Support Center, Inc.

[2]  Capitalized terms used but not defined in this Order shall have the meanings ascribed to them in the Objection.

Constitution; and the Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and the Court having found that notice of the Objection and of the hearing on the Objection was sufficient under the circumstances and in full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein;

**IT IS HEREBY ORDERED THAT:**

1. The Objection is SUSTAINED as set forth herein.

2. Any response to the Objection not otherwise withdrawn, resolved, or adjourned is hereby overruled on its merits.

3. Each Insufficient Documentation Claim identified on **Schedule 1** attached hereto is hereby disallowed.

4. Each Amended Claim identified on **Schedule 2** attached hereto is hereby disallowed.

5. Each Duplicate Claim identified on **Schedule 3** attached hereto is hereby disallowed.

6. The Equity Claim identified on **Schedule 4** attached hereto is hereby disallowed.

7. The Claims and Noticing Agent is authorized to update the Claims Register to reflect the relief granted in this Order.

8. Each of the Insufficient Documentation Claims, the Amended Claims, the Duplicate Claims, and the Equity Claim, and the objections by the GUC Trust to such Insufficient Documentation Claims, Amended Claims, Duplicate Claims, and Equity Claim, as addressed in the Objection and set forth on **Schedule 1**, **Schedule 2**, **Schedule 3**, and **Schedule 4**, attached to

this Order, constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate Order with respect to each of the Insufficient Documentation Claims, Amended Claims, Duplicate Claims, and Equity Claim. Any stay of this Order shall apply only to the contested matter that involves such creditor and shall not act to stay the applicability or finality of this Order with respect to the other contested matters covered hereby.

9.      Nothing in this Order shall be deemed (i) an admission as to the validity of any claim or interest against the Debtors or the GUC Trust; (ii) a waiver of the GUC Trust's or any other party's rights to dispute or otherwise to object to any claim or proof of interest on any grounds or basis; (iii) a promise or requirement to pay any claim; (iv) an implication or admission that any claim is of a type referenced or defined in the Objection; (v) a waiver or limitation of any of the GUC Trust's rights under the Bankruptcy Code or applicable law, or (vi) to waive or release any right, claim, defense, or counterclaim of the GUC Trust, or to estop the GUC Trust from asserting, any right, claim, defense, or counterclaim (including setoff).

10.     The GUC Trust and the Claims and Noticing Agent are authorized to take all actions necessary to effectuate the relief granted in this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Dated: May 15th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**