**Exhibit A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC.,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor. | ) |
| | ) |
| | ) **Re: Docket No. 2183** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-SECOND**
**(SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Reclassified Claims, Overstated Claims, and Reduced and Reclassified Claims)**

Upon consideration of the *Plan Administrator's Thirty-Second (Substantive) Omnibus Objection to Certain Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing

---

[1] The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

on the Objection were appropriate under the circumstances and that no other notice need be provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Objection is SUSTAINED as set forth herein.

2.      Each Reclassified Claim is hereby reclassified as set forth under the "*Modified Claim*" column on **Schedule 1** attached hereto.

3.      Each Overstated Claim is hereby reduced as set forth under the "*Modified Claim*" column on **Schedule 2** attached hereto.

4.      Each Asserted Non-GUC Claim is reduced and reclassified as set forth under the "*Modified Claim*" column on **Schedule 3** attached hereto.

5.      The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each claim identified on **Schedule 1**, **Schedule 2**, and **Schedule 3** attached hereto, and any other proofs of claim that have been or may be filed against the Debtors, are preserved.

6.      The Plan Administrator's objection to each claim addressed by this Order constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014.  This Order shall be deemed a separate order with respect to each claim.  Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

7.     The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted herein.

8.     Kroll, as the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

9.     Nothing in this Order or the Objection shall be construed as a waiver of any rights the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

10.    This Court shall retain jurisdiction to construe and enforce this Order.

## Schedule 1

### Reclassified Claims

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 1 - Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|--------------|--------|------------|---------------|---|----------------|---|---------------------|
|   |      |              |        |            | Claim Nature | Claim Amount | Claim Nature | Claim Amount |   |

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 1 - Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 4 | SRL Crossings at Taylor LLC | 19166 | Jo-Ann Stores, LLC | 6/30/2025 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$52,217.90<br>$0.00<br>$0.00<br>$6,260.96<br>$58,478.86 | Secured<br>Admin<br>503(b)(9)<br>Priority<br>GUC<br>Total | $0.00<br>$47,880.79<br>$0.00<br>$0.00<br>$10,598.07<br>$58,478.86 | This claim relates certain amounts allegedly owed for CAM, tax, and escrow reconciliations made pursuant to a lease. Upon review and analysis of the Debtors' books and records, and additional information and documents made available to the Plan Administrator, the Plan Administrator has determined that only $47,880.79 of such obligations are entitled to administrative expense status, and that the balance of the administrative expense claim asserted by the claimant must be reclassified as a general unsecured claim. |

## Schedule 2

**Overstated Claims**

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 2 - Overstated Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|--------------|--------|------------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |

## **Schedule 3**

**Reduced and Reclassified Claims**

JOANN Inc. Case No. 25-10068
Thirty-Second Omnibus Objection
Schedule 3 - Reduced and Reclassified Claims

| # | Name | Claim Number | Debtor | Date Filed | Current Claim | | Modified Claim | | Basis for Objection |
|---|------|--------------|--------|------------|---------------|---|----------------|---|---------------------|
| | | | | | Claim Nature | Claim Amount | Claim Nature | Claim Amount | |
| 1 | Giacomini Trusts | 18698 | Jo-Ann Stores, LLC | 6/13/2025 | Secured $0.00<br>Admin $90,568.96<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $381,936.65<br>Total $472,505.61 | | Secured $0.00<br>Admin $37,349.66<br>503(b)(9) $0.00<br>Priority $0.00<br>GUC $413,436.65<br>Total $450,786.31 | | The claim is for obligations allegedly owed by the Debtors under a certain real estate lease.  The administrative expense portion of the claim includes several charges that have been already paid, are not appropriately chargeable pursuant to the terms of the lease or under the Bankruptcy Code, and/or that the claimant has failed to substantiate despite requests from the Plan Administrator.  These charges are in the cumulative amount of $21,719.30, and thus, the administrative expense portion of the claim must be reduced by such amount.<br><br>In addition, the administrative expense claim as asserted includes clean-up costs of $31,500 incurred by the claimant after rejection of the lease.  These costs are rejection damages.  $31,500 of the administrative expense claim must therefore be reclassified as a general unsecured claim. |