**Exhibit 1**

**Stipulation**

Case 25-10068-CTG    Doc 2284-1    Filed 07/01/26    Page 1 of 8

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN, Inc., | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor.[1] | ) |
| | ) |
| | ) |
| | ) |

**STIPULATION GRANTING DENA DIONNE JOHNSON**
**LIMITED RELIEF FROM THE PLAN INJUNCTION**

This stipulation and order (the "Stipulation") is entered into between (i) the JOANN Liquidating Trust (the "GUC Trust"), and (ii) Dena Dionne Johnson, (the "Claimant" and, collectively with the GUC Trust, the "Parties" and each a "Party"). The Parties hereby stipulate and agree as follows:

**RECITALS**

A.      On January 15, 2025 (the "Petition Date"), the above-captioned Post-Effective Date Debtor and certain of its affiliates (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court"), and their chapter 11 cases were jointly administered as *In re JOANN Inc.*, Case No. 25-10068 (CTG).

B.      On June 12, 2024, the Claimant commenced an action in the Superior Court of California, County of San Bernardino (the "State Court"), Case No. CIV SB 2418856, seeking damages related to an alleged slip-and-fall injury (the "Injury") that occurred at a premises operated by Debtor Jo-Ann Stores, LLC (the "State Court Action"). The State Court Action was

---

[1]     The Post-Effective Date Debtor in this chapter 11 case is JOANN Inc.

filed before the Petition Date and, until the Effective Date of the Debtors' Plan (each as defined below), was stayed pursuant to 11 U.S.C. § 362.

C.        On March 26, 2025, the Claimant filed proof of claim number 7519, respectively, against Jo-Ann Stores, LLC (the "Claim") asserting general unsecured claims for damages related to the Injury, in the amount of $550,340.50.

D.        The Debtors were party to an insurance policy with Liberty Mutual Insurance Company (the "Liberty Mutual Policy") covering, among other things, general liability.  The Liberty Mutual Policy contains a $250,000 Self-Inured Retention ("SIR").  For liabilities in excess of the Liberty Mutual Policy, the Debtors maintained various excess and umbrella policies (collectively, with the Liberty Mutual Policy, the "Insurance Policies").

E.        On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Confirming Second Amended Joint Chapter 11 Plan of Joann Inc. and its Affiliated Debtors (Technical Modifications)* (the "Confirmation Order")[2] confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Affiliated Debtors (Technical Modifications)* (as supplemented and otherwise amended, the "Plan").[3]  The Plan became effective on July 16, 2025 (the "Effective Date").[4]

F.        Following the Effective Date, the State Court Action, along with the commencement of any other action with respect to the Injury, is enjoined by the injunction set forth in Article VIII.E of the Plan (the "Plan Injunction"), subject to the express provisions of the Confirmation Order.

---

[2] Docket No. 1387.

[3] Docket No. 1353.  Capitalized terms used but not defined in this Stipulation shall have the meaning ascribed thereto in the Plan.

[4] *See Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates.*  Docket No. 1416.

G.      Pursuant to the Plan and Confirmation Order, on the Effective Date the GUC Trust was established pursuant to the terms of that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* dated as of July 16, 2025 (the "Trust Agreement") and the GUC Trustee was appointed trustee of the GUC Trust.[5] The GUC Trust is authorized, among other things, to review, reconcile, object to, and resolve all General Unsecured Claims.[6]

H.      In consideration of the foregoing, the Parties have agreed, subject to approval of the Bankruptcy Court, to modify the Plan Injunction to allow the Claimant to continue the State Court Action subject to the terms and conditions set forth below.

**NOW, THEREFORE,** upon the foregoing recitals, which are incorporated as though fully set forth herein, it hereby is stipulated and agreed, by and amongst the Parties, through the undersigned, and upon court approval hereof, it shall be ordered that:

1.      This Stipulation shall have no force or effect unless and until approved by the Bankruptcy Court (the "Stipulation Effective Date").

2.      Upon the Stipulation Effective Date, the Plan Injunction shall be modified for the sole and limited purpose of allowing the Claimant to prosecute the State Court Action (including through judgment and any appeals).

3.      In the event that the Claimant obtains a judgment against any of the Debtors, the Claimant is authorized to take any necessary actions to enforce and collect such judgment from available insurance proceeds, if any.

4.      Nothing in this Stipulation is intended or shall be deemed to: (i) preclude the Claimant from pursuing the State Court Action against Jo-Ann Stores, Inc. as a nominal

---

[5] The substantially final form of the Trust Agreement was filed on July 8, 2025, as part of the Plan Supplement. Docket No. 1357, at Exhibit C.

[6] *See* Plan, Article IV.f.2; *see also* Trust Agreement, Art. II, § 2.2.

defendant, and seeking recovery of such judgment against an insurer providing coverage under any of the Debtors' Insurance Policies, to the extent such coverage is available; or (ii) restrict or impair the Claimant from pursuing and collecting any amounts (a)  from an insurer providing coverage under the Insurance Policies, or (b) that may be recovered from any third-party defendants.

5.       Nothing in this Stipulation is intended to, or shall (i) alter, modify, or otherwise amend the terms and conditions of any Insurance Policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) expand any coverage provided by the Insurance Policies, (iii) alter or modify the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable Insurance Policy; (iv) create or enlarge, or restrict or diminish, any right of action of the Claimant against any insurers; (v) preclude or limit the insurers' ability to contest and/or litigate the existence, primacy, and/or scope of available coverage under the Insurance Policies or to assert any defenses to coverage under the Insurance Policies or of the Claimant to contest any denial or limitation of coverage under the Insurance Policies; (vi) require the GUC Trust or Post-Effective Date Debtor to pay or otherwise satisfy (a) any self-insured retention or deductible liability, (b) any obligation to post any security or deposit with an insurer pursuant to the terms of any insurance policy, (c) any judgment, or (d) solely as to the GUC Trust, any defense costs, or other costs of any kind arising out of or related to the State Court Action, including, without limitation, costs associated with any discovery conducted in connection with the State Court Action; or (vii) restrict the Claimant from pursuing and collecting any amount in excess of the self-insured retention from an insurer or the Insurance Proceeds, subject to the terms of the Insurance Policies.

6. For the avoidance of doubt, nothing in this Stipulation is intended to or shall adjudicate any rights of the Plan Administrator and Liberty Mutual Insurance Company relating to the payment of defense costs and self-insured retention amounts under the Insurance Policies, Confirmation Order and/or the Plan.

7. For the further avoidance of doubt, except as described herein, nothing in this Stipulation is intended to or shall modify or otherwise amend the terms of the Plan. Except as otherwise expressly set forth herein, all other provisions of the Plan Injunction shall remain in full force and effect until and unless terminated or modified by the Bankruptcy Court.

8. To the extent applicable, the Plan Injunction is hereby modified, if and to the extent necessary, to permit any insurer from which coverage is sought (or any third-party administrator with respect to such claims) to administer, handle, defend, settle, and/or pay such claims in the ordinary course of business and without further order of the Bankruptcy Court.

9. Other than as expressly set forth herein, nothing contained herein is intended to be or shall be deemed as (i) an admission as to the validity of any claim against the Debtors, Post-Effective Date Debtor or the GUC Trust; (ii) a waiver or limitation of the GUC Trust's, Post-Effective Date Debtor's or any party in interest's rights to dispute the amount of, basis for, or validity of any claim; (iii) a waiver of the GUC Trust's or Post-Effective Date Debtor's rights under the Bankruptcy Code or any other applicable nonbankruptcy law; (iv) a modification of the Post-Effective Date Debtor's rights and obligations pursuant to the assumption of the Insurance Policies, if any; (v) an agreement or obligation to pay any claims; (vi) a waiver of any claims or causes of action which may exist against any creditor or interest holder; (vii) a waiver by the GUC Trust or the Post-Effective Date Debtor of rights to object to any and all proofs of claim; (viii) an admission of liability; or (ix) a waiver of any rights by the Claimant regarding any claim or cause of action arising from or in relation to the State Court Action.

10.     This Stipulation shall constitute the entire agreement and understanding of the Parties related to the subject matter herein and supersedes all prior agreements and understandings between the Parties.

11.     Each of the undersigned who executes this Stipulation by or on behalf of a Party represents and warrants that he or she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12.     This Stipulation may be executed in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument, and it shall constitute sufficient proof of this Stipulation to present any copies, electronic copies, or facsimiles signed by the Parties here to be charged.

13.     This Stipulation shall not be modified, altered, amended or vacated without the written consent of all Parties hereto or by further order of the Bankruptcy Court.

14.     The Bankruptcy Court shall retain jurisdiction to resolve any disputes or controversies arising from this Stipulation.

IN WITNESS WHEREOF, this Stipulation has been executed and delivered as of the last day and year first below written.

Dated: July 1, 2026

By: */s/ Jennifer R. Hoover*

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
Jennifer R. Hoover, Esq. (No. 5111)
Melissa A. Sobrepera, Esq. (No. 7665)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneschlaw.com
        msobrepera@beneschlaw.com

-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
Charles J. Fendrych (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@KelleyDrye.com
        mmcloughlin@kelleydrye.com
        cfendrych@kelleydrye.com

*Counsel to the GUC Trust*

Dated: July 1, 2026

By: */s/ Jason C. Powell*

**THE POWELL FIRM, LLC**
Jason C. Powell
1813 N. Franklin Street
P.O. Box 289
Wilmington, DE 19899
Tel: (302) 650-1572
Fax: (302) 650-1574
Email: jpowell@delawarefirm.com

*Counsel to Dena Dionne Johnson*

7