**<u>Exhibit B</u>**

**Redline**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC.,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor. | ) |
| | ) **Re: Docket No. __** |

**ORDER SUSTAINING PLAN ADMINISTRATOR'S THIRTY-THIRD**
**(NON-SUBSTANTIVE) OMNIBUS OBJECTION TO CERTAIN CLAIMS**
**(Late Filed Administrative Expense Claims)**

Upon consideration of the *Plan Administrator's Thirty-Third (Non-Substantive) Omnibus Objection to Certain Claims* (the "Objection");[2] and upon consideration of the Aber Declaration; and the United States District Court for the District of Delaware having jurisdiction to consider this Objection under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Objection in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Objection is in the best interests of the Debtors, their estates, their creditors and other parties in interest; and this Court having found that the Plan Administrator's notice of the Objection and opportunity for a hearing on the Objection were appropriate under the circumstances and that no other notice need be

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

provided; and this Court having reviewed the Objection and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Objection and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Objection is SUSTAINED to the extent set forth herein.

2. Each Late Filed Claim set forth in **Schedule 1** attached hereto is disallowed and expunged in its entirety.

3. The Plan Administrator's, Wind Down Debtors', and GUC Trust's rights to file additional substantive and non-substantive objections to each Late Filed Claim and any other proofs of claim that have been or may be filed against the Debtors are preserved.

4. The Plan Administrator's objection to each Late Filed Claim addressed in the Objection constitutes a separate contested matter as contemplated by Bankruptcy Rule 9014. This Order shall be deemed a separate order with respect to each Late Filed Claim. Any stay of this Order pending appeal by any claimants whose claims are subject to this Order shall only apply to the contested matter which involves such claimant and shall not act to stay the applicability and/or finality of this Order with respect to the other contested matters covered hereby.

5. The Plan Administrator is authorized to take any action necessary or appropriate to give effect to this Order and the relief granted therein.

6. Kroll Restructuring Administration LLC, the Court-appointed claims and noticing agent in the chapter 11 cases, is hereby authorized and directed to make such revisions to the official claims register as are necessary to reflect the relief granted in this Order.

7. Nothing is this Order or the Objection shall be construed as a waiver of any rights

2

the Debtors, Wind Down Debtors, and/or the Plan Administrator may have to enforce rights of setoff against any claimant.

8.      This Court shall retain jurisdiction to construe and enforce this Order.

## Schedule 1

**Late Filed Claims**

JOANN Inc. Case No. 25-10068
Thirty-Third (Non-Substantive) Omnibus  Claims Objection
Schedule 1 - Late-Filed Claims

| # | Name | Claim Number | Debtor | Date Filed | Asserted Claim Amount | Asserted Claim Priority | Adjusted Amount | Basis for Objection |
|---|---|---|---|---|---|---|---|---|
| 1 | Aseltine, Linde | 20660 | JOANN Inc. | 5/28/2026 | $100.00 | Asserted secured amount. | $0.00 | Gift Card claim was filed after the applicable Bar Date. |
| 2 | Canada, Judy | 20646 | Jo-Ann Stores, LLC | 5/20/2026 | $40.00 | Asserted admin priority amount. | $0.00 | Gift card claim was filed after the applicable Bar Date. |
| 3 | Columbus, Nicole Anne | 20669 | JOANN Inc. | 6/1/2026 | $40.00 | Asserted 507(a) priority amount. | $0.00 | Gift card claim was filed after the applicable Bar Date. |
| 4 | Huffer, Rob | 20649 | Jo-Ann Stores, LLC | 5/18/2026 | $200.00 | Asserted 503(b)(9) amount. | $0.00 | Gift card claim was filed after the applicable Bar Date. |
| 5 | Ruchirek, Somrit | 20647 | Jo-Ann Stores, LLC | 5/15/2026 | $30.00 | Asserted secured claim amount. | $0.00 | Gift card claim was filed after the applicable Bar Date. |
| 6 | Tift County, Georgia Tax Commissioner | 20642 | JOANN Inc. | 4/30/2026 | $3,893.33 | Asserted administrative claim for personal property tax liability | $0.00 | Claim was filed after the applicable Bar Date and asserts a 503(b)(9) administrative priority claim as well as a 507(a)(8) priority claim for taxes. |

70036/0001-53409259v