**Exhibit A**

**Aber Decl.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN INC.,[1] | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor. | ) |
| | ) |

**DECLARATION OF ANN ABER IN SUPPORT**
**OF PLAN ADMINISTRATOR'S OBJECTION TO THE**
**ADMINSTRATIVE CLAIM OF THE CALIFORNIA DEPARTMENT OF**
**TAX AND FEE ADMINISTRATION AND REPLY BRIEF IN SUPPORT THEREOF**

I, Ann Aber, pursuant to section 1746 of title 28 of the United States Code, hereby declare that the following is true and correct to the best of my knowledge, information and belief:

1.      I am the Plan Administrator[2] appointed in the above-captioned chapter 11 case.

2.      Prior to the Plan's Effective Date, I was the Executive Vice President, Chief Legal & Human Resource Officer at JOANN Inc. and I worked directly with Alvarez & Marsal, North America, LLC ("A&M"), a global business advisory firm engaged by the Debtors to provide an interim chief executive officer, interim chief financial officer, and certain additional personnel in these chapter 11 cases.

3.      I submit this declaration (the "Declaration") in support of the *Plan Administrator's Reply Brief in Support of Its Objection to the Administrative Claim of the California Department of Tax and Fee Administration* (the "Reply Brief"), filed contemporaneously herewith, and in further support of the Plan Administrator's objection to Claim No. 18346 (the "Claim") filed by

---

[1]      The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number, is: JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]      Capitalized terms used but not defined herein shall have the meanings ascribed to the terms in the Objection.

the California Department of Tax and Fee Administration ("CDTFA"), as originally set forth in *Plan Administrator's Thirty-Second (Substantive) Omnibus Objection to Certain Claims* [Docket No. 2183-1] (the "Claim Objection"), and in opposition to the CDTFA's opposition thereto [Docket No. 2220] (the "Opposition"). I am over the age of 18, competent to testify, and authorized to submit the Declaration as the Plan Administrator.

4.      Every matter set forth herein is based on (a) my personal knowledge, (b) my review, or the review of work performed by former employees of the Debtors who have been retained by the Plan Administrator whom I oversee in a managerial capacity, of relevant documents, and/or (c) my understanding based on information obtained from the Debtors' books and records (the "Books and Records").

### The Debtors' Business Operations

5.      JOANN Inc. and its debtor affiliates (collectively, the "Debtors") operated a specialty retailer of fabrics, sewing supplies, crafts, and related consumer products. The Debtors' core business consisted of the retail sale of craft and sewing merchandise to consumers through brick-and-mortar retail stores across the United States, including stores located in the State of California, and through e-commerce operations.

6.      Based on my personal knowledge and familiarity with the Debtors' operations, the Debtors were not principally engaged in the manufacture, processing, generation, treatment, storage, transport, or disposal of hazardous materials or hazardous waste. The Debtors' operations in California consisted of operating retail stores selling fabric, sewing supplies, craft products, and related consumer merchandise. To the extent the Debtors may have been classified under California law as entities with more than 100 employees conducting activities related to hazardous materials, that classification was incidental to the Debtors' retail operations and did not arise from

any discrete transaction involving the use, generation, storage, sale, transfer, or disposal of hazardous materials or hazardous waste.

7. During my tenure as Executive Vice President, Chief Legal & Human Resource Officer, I was familiar with the nature and scope of the regulatory obligations imposed on the Debtors, including fees assessed by state and federal agencies. The environmental fee that forms the basis of CDTFA's Claim was assessed annually based on the Debtors' regulatory classification and the number of employees the Debtors employed in California during a given calendar year. The fee was not calculated by reference to, or imposed on account of, any identified sale, purchase, transfer, use, generation, storage, or disposal of hazardous materials, or any other discrete transaction.

### The CDTFA Claim

8. On June 2, 2025, CDTFA filed Claim No. 18346 against Jo-Ann Stores, LLC, asserting a priority claim in the amount of $55,056.00 under 11 U.S.C. § 507(a)(8). The Claim is based on an annual environmental fee assessed under California Health & Safety Code § 25205.6 for the calendar year 2024.

9. I have reviewed the Claim and its supporting documentation, including the Claim Summary prepared by CDTFA. The Claim Summary identifies the tax program as "Environmental Fee" with a debt period of January 1, 2024 through December 31, 2024. The Claim Summary reflects no interest and no penalties; the entire $55,056.00 is classified as the fee itself. The Claim Summary further reflects no secured amount and no tax liens recorded against the Debtors in connection with the environmental fee.

10. The Plan Administrator does not dispute that the environmental fee was assessed or that $55,056.00 is the amount of the fee. The Plan Administrator's objection is solely to the legal

3

classification of the Claim as a priority claim under 11 U.S.C. § 507(a)(8)(E). Based on my review and the advice of counsel, the environmental fee is not an excise tax "on a transaction" within the meaning of section 507(a)(8)(E), and the Claim should be reclassified in its entirety as a general unsecured claim.

## The Nature of the Environmental Fee

11.    Based on my familiarity with the Debtors' operations in California and my review of the applicable statutory provisions, I understand that the environmental fee under California Health & Safety Code § 25205.6 is assessed against entities that are classified as using, generating, storing, or conducting activities related to hazardous materials in California and that employ 100 or more employees in the state during a calendar year. The amount of the annual fee is determined by the number of employees during the calendar year, not by the volume, value, quantity, or occurrence of any transaction involving hazardous materials.

12.    Based on my review of the Debtors' Books and Records, the Debtors' obligation to pay the environmental fee for calendar year 2024 arose from the Debtors' regulatory classification under California law and the fact that the Debtors employed 100 or more employees in California during that calendar year. The fee was not triggered by, measured by, or imposed on account of any identified sale, purchase, transfer, exchange, use, generation, storage, disposal, or importation of any specified commodity, product, or hazardous material, or any other discrete taxable transaction.

13.    To my knowledge, the environmental fee was assessed in the same manner each year — as a flat annual charge determined solely by employee count — regardless of the volume of the Debtors' operations, the quantity of any hazardous materials on the Debtors' premises, or the occurrence or non-occurrence of any specific transaction involving hazardous materials.

**The Insufficiency of the CDTFA's Evidentiary Showing**

14.    I have reviewed the *Declaration of Mohammad F. Hossain* (the "Hossain Declaration") submitted in support of CDTFA's Opposition [Docket No. 2220]. The Hossain Declaration is three paragraphs in length. It states that CDTFA filed a timely proof of claim for $55,056.00, that the claim is based on an environmental fee assessed under California Health & Safety Code § 25205.6, and that the fee relates to calendar year 2024.

15.    The Hossain Declaration does not attach or reference the underlying assessment, any return filed by the Debtors in connection with the environmental fee, any calculation of the fee amount, the applicable employee-count tier, documentation establishing the Debtors' hazardous-materials classification under California law, or any evidence identifying a discrete transaction on which the fee was allegedly imposed.

16.    By contrast, based on my review of the Debtors' Books and Records, I can confirm that the environmental fee was assessed as an annual, status-based regulatory charge — not as a levy on any identified transaction — and that the amount was determined by employee headcount.

**The Claims Reconciliation Process**

17.    As Plan Administrator, I have overseen the review and reconciliation of over 1,889 administrative Proofs of Claim filed in the chapter 11 cases. This reconciliation process includes identifying claims that are improperly classified as secured, priority, or administrative expense claims and pursuing appropriate reclassification.

18.    As part of this process, me and my advisors reviewed Claim No. 18346 and determined that the CDTFA's Claim was improperly filed as a priority claim under 11 U.S.C. § 507(a)(8). The environmental fee does not qualify as a priority excise tax under section 507(a)(8)(E) because it is not imposed "on a transaction" as required by the statute. Accordingly,

the Claim must be reclassified in its entirety as a general unsecured claim to prevent the CDTFA from receiving an unwarranted priority recovery at the expense of the Debtors' other general unsecured creditors

19.    I have reviewed the Reply Brief filed contemporaneously herewith, and I am familiar with the information contained therein. To the best of my knowledge, information and belief, the factual statements set forth in the Reply Brief are true and correct.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

July 10, 2026

*/s/ Ann Aber*

Ann Aber, Solely in her Capacity as Plan
Administrator in the Chapter 11 Case of
Joann Inc.