**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Post-Effective Date Debtor. | ) |  |
|  | ) | **Hearing Date: August 14, 2026 at 10:00 a.m. (ET)** |
|  | ) | **Objection Deadline: July 24, 2026 at 4:00 p.m. (ET)** |

**PLAN ADMINISTRATOR'S SECOND MOTION FOR ENTRY OF**
**AN ORDER EXTENDING THE TIME TO FILE OBJECTIONS TO CLAIMS**

Ann Aber, solely in her capacity as the Plan Administrator (the "Plan Administrator") appointed in the above-captioned case, hereby files this motion (the "Motion"), pursuant to section 105(a) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), extending the Claim Objection Deadline (as defined below) to January 11, 2027.  In support of the Motion, the Plan Administrator respectfully states as follows:

**Jurisdiction and Venue**

1.     This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012.  This is a core proceeding pursuant to 28 U.S.C. § 157(b) and, pursuant to Rule 9013-1(f) of Local Rules of the

---

[1]     The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is 5555 Darrow Road, Hudson, Ohio 44236.

United States Bankruptcy Court for the District of Delaware (the "Local Rules").  The Plan

Administrator consents to the entry of a final order by the Court in connection with this Motion to

the extent that it is later determined that the Court, absent consent of the parties, cannot enter final

orders or judgments consistent with Article III of the United States Constitution.

2.      Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and legal basis for the relief requested herein are section 105(a) of the

Bankruptcy Code, Bankruptcy Rule 9006(b)(1), and Local Rule 9006-1.

**Background**

4.      On January 15, 2025 (the "Petition Date"), each of the debtors (the "Debtors"),

currently the wind-down Debtors (the "Wind-Down Debtors") under the Plan (as defined below),

filed with the Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.      On February 11, 2025, the Debtors filed their Schedules of Assets and Liabilities

(the "Schedules") and Statements of Financial Affairs (the "SOFAs") [Docket Nos. 359-384].

6.      On March 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing*

*Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar*

*Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs*

*of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice*

*Thereof* [Docket No. 561] (the "Bar Date Order"), which established April 4, 2025 (the "General

Bar Date") as the deadline for entities, other than governmental units, asserting a claim against the

Debtors that arose before the Petition Date, including requests for payment under section 503(b)(9)

of the Bankruptcy Code, to file a proof of claim.  The Bar Date Order also established April 4,

2025 (the "Initial Administrative Claims Bar Date", together with the General Bar Date, the "Bar

Dates") as the deadline to file a proof of claim requesting payment of an administrative claim

under section 503(b) and/or 507(a)(2) of the Bankruptcy Code that arose prior to February 26, 2025.

7. On July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1387] (the "Confirmation Order") confirming the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353] (as amended, the "Plan")[2]. The effective date of the Plan occurred on July 16, 2025 (the "Effective Date"). *See* Docket No. 1416.

8. Upon the Effective Date, pursuant to the terms of the Plan and Confirmation Order, Ann Aber was appointed as the Plan Administrator to implement the Plan and take any actions necessary to further such implementation, subject to the Committee Settlement. *See* Confirmation Order ¶¶ 104-105; Plan Art. IV.D. Pursuant to her appointment, the Plan Administrator was granted authority to, among other things, file and prosecute claim objections. *See* Plan Art. VII.B.

9. The Plan also set a "Supplemental Administrative Claims Bar Date" as "twenty-one (21) days from the date of the filing of notice of the Effective Date as the deadline to file Administrative Claims arising or deemed to have arisen on or after February 27, 2025 through the Effective Date, but excluding Professional Fee Claims." *See* Plan Art. I.A. 157. Twenty-one days after the Effective Date was August 6, 2025 (the "Supplemental Administrative Claims Bar Date").

10. Except with respect to 503(b)(9) Claims and Professional Fee Clams, any objections to Claims, including to applications seeking allowance and payment of Administrative Claims, must be filed on or before the Claim Objection Deadline. *See* Plan Art. II.A & Art. VII.E.

---

[2] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Plan.

The Claim Objection Deadline is defined in the Plan as "the date that is the first Business Day that is at least 180 calendar days after the Effective Date" (the "Claim Objection Deadline").  Plan Art. I.A.27.  The Plan further provides that "the Claim Objection Deadline may be extended one or more times by the Bankruptcy Court upon the motion of the Debtors, the Wind-Down Debtors, the Plan Administrator and/or the GUC Trust."  *Id.*

11.     On January 9, 2026, the Plan Administrator filed the *Plan Administrator's Motion for Entry of an Order Extending the Time to File Objections to Claims* [Docket No. 1950] (the "First Extension Motion"), seeking an extension of the Claim Objection Deadline until July 13, 2026.  The Court entered an order [Docket No. 2028] granting the First Extension Motion on January 29, 2026.

### Relief Requested

12.     By this Motion, the Plan Administrator requests a further extension of the Claim Objection Deadline through January 11, 2027 (i.e., 180 days from the current deadline of July 13, 2026),[3] without prejudice to the rights of the Plan Administrator or any other party in interest to seek further extensions of the Claim Objection Deadline.[4]

### Basis for Relief

13.     Section 105(a) of the Bankruptcy Code provides, in pertinent part, that the Court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions [of the Bankruptcy Code]."  11 U.S.C. § 105(a).

---

[3]   Because 180 days from July 13, 2026 falls on Saturday, January 9, 2027, the deadline rolls until the next business day, which is Monday, January 11, 2027.  *See* Fed R. Bankr. P. 9006(a).

[4]   Pursuant to Local Rule 9006-2, the Claim Objection Deadline is automatically extended until the Court acts on this Motion.

14.     Bankruptcy Rule 9006(b)(1) provides that a court may "with or without motion or notice order [a] period enlarged if the request therefore is made before the expiration of the period originally prescribed or as extended by a previous order."  *See* Fed. R. Bankr. P. 9006(b)(1). Furthermore, pursuant to the terms of the Plan, the Claim Objection Deadline may be extended upon a motion to the Court.  *See* Plan Art. I.A.27..

15.     More than 19,900 Proofs of Claim have been filed in the chapter 11 cases.  Since the Effective Date, the Plan Administrator and her advisors have worked to review, analyze, resolve, and, if appropriate, object to, over 2,500 of secured, priority, and administrative claims (collectively, "Non-GUC Claims").[5]  While the Plan Administrator has made substantial progress towards the reconciliation and resolution – whether consensually or by objection – of the Non-GUC Claims, she has determined, based upon a valid exercise of her business judgment, that additional time is necessary to complete the reconciliation process and file claim objections, if appropriate.

16.     Accordingly, the Plan Administrator requests an extension of the Claim Objection Deadline by 180 days until through and including January 11, 2027.

### **Notice**

17.     The Plan Administrator will provide notice of this Motion to the following parties or their respective counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) the Prepetition ABL Agent; (c) the Prepetition FILO Agent; (d) the Prepetition Term Loan Agent; (d) the Prepetition Term Loan Ad Hoc Group; (e) GA Joann Retail Partnership, LLC; (f) the GUC Trustee; and (g) all parties who have filed renewed requests to receive notice

---

[5]     Pursuant to the Plan, the Plan Administrator is tasked with addressing all Claims except for General Unsecured Claims.  *See* Plan Art. IV.D.  General Unsecured Claims are to be addressed by the GUC Trust.  *See* Plan Art. IV.F.

under Bankruptcy Rule 2002.  The Plan Administrator submits that, in light of the nature of the relief requested, no other or further notice need be given.

### Conclusion

**WHEREFORE**, the Plan Administrator respectfully requests that the Court enter an order, substantially in the form of the Proposed Order, (a) extending the Claim Objection Deadline to January 11, 2027, and (b) granting such other and further relief as the Court may deem just and proper.

Dated:  July 10, 2026
Wilmington, Delaware

*/s/ Michael E. Fitzpatrick*
**COLE SCHOTZ P.C.**
Patrick J. Reilley (No. 4451)
Michael E. Fitzpatrick (No. 6797)
500 Delaware Avenue, Suite 600
Wilmington, Delaware 19801
Telephone:   (302) 652-3131
Facsimile:   (302) 652-3117
Email:   preilley@coleschotz.com
             mfitzpatrick@coleschotz.com

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:   (216) 274-2489
Facsimile:   (216) 241-2824
Email:   cwick@hahnlaw.com
             pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*