**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| JOANN, Inc., | ) Case No. 25-10068 (CTG) |
| | ) |
| Post-Effective Date Debtor.[1] | ) |
| | ) **Hearing Date: August 14, 2026, at 10:00 a.m. (ET)** |
| | ) **Obj. Deadline: July 27, 2026, at 4:00 p.m. (ET)** |
| | ) |

**JOANN LIQUIDATING TRUST'S MOTION FOR AN ORDER**
**EXTENDING THE CLAIMS OBJECTION DEADLINE[2]**

The JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano

of MHR Advisory Group, LLC, solely in his capacity as the liquidating trustee (the "GUC

Trustee"), hereby submits this motion (the "Motion") for entry of an order, substantially in the

form attached hereto as **Exhibit A** (the "Proposed Order"), further extending the deadline

established by the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates*

*(Technical Modifications)* (including all exhibits, schedules, and attachments thereto, as amended,

the "Plan")[3] to object to General Unsecured Claims from July 13, 2026, through and including

January 11, 2027.  In support of the Motion, the GUC Trust respectfully represents as follows:

---

[1]   The Post-Effective Date Debtor in this chapter 11 case is JOANN Inc.

[2]   The Plan Administrator filed a similar motion at Docket No. 2292 (the "Plan Administrator Motion").  The GUC Trust believes the relief sought in this Motion is consistent with the Plan Administrator Motion, but it files this Motion out of an abundance of caution to ensure that the Claims Objection Deadline (as defined herein) is extended with respect to both General Unsecured Claims (as defined herein) and Non-GUC Claims (as defined in the Plan Administrator Motion).

[3]   Docket No. 1353.  Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

**JURISDICTION AND VENUE**

1.      The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334, the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and Article XI of the Plan.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(1) and (b)(2)(A), (B) and (O).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and other bases for the relief requested herein are set forth in sections 105(a), 502 and 503 of the Bankruptcy Code, Bankruptcy Rule 9006, and Rules 9006-1 and 9006-2 of the *Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware* (the "Local Rules").

4.      Pursuant to Local Rule 9013-1(f), the GUC Trust consents to the entry of a final judgment or order with respect to the Motion if it is determined that this Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

**BACKGROUND**

**A.      The Chapter 11 Cases**

5.      On January 15, 2025 (the "Petition Date"), each of the debtors (collectively, the "Debtors"), which are currently the Wind-Down Debtors under the Plan, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code (the "Chapter 11 Cases") with this Court.  From the Petition Date and through the Effective Date (as defined below), the Debtors continued to operate their businesses and manage their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

6.     The factual background regarding the Debtors, including their business operations, their capital and debt structures, and the events leading to the filing of these Chapter 11 Cases, is set forth in detail in the *Declaration of Michael Prendergast, Interim Chief Executive Officer, in Support of Chapter 11 Petitions and First Day Motions*.[4]

7.     On July 10, 2025, the Court entered an order (the "Confirmation Order") confirming the Plan.[5]  On July 16, 2025 (the "Effective Date"), all conditions to the effectiveness of the Plan were satisfied, and the Plan became effective.[6]

8.     The Trust was established on the Effective Date in accordance with the terms of the Plan, Confirmation Order, and that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement").  Pursuant to article IV.F.9 of the Plan and article 3.4 of the Trust Agreement, the GUC Trust, acting by and through the GUC Trustee, is authorized, among other things, to review, allow, object to, prosecute, negotiate, estimate, settle or otherwise compromise any General Unsecured Claims in its sole discretion.[7]

**B.     The Bar Dates**

9.     On February 11, 2025, each Debtor filed its respective schedules of assets and liabilities and statements of financial affairs.[8]

10.     On March 5, 2025, the Court entered the *Order (I) Setting Bar Dates for Filing Proofs of Claim, Including Under Section 503(b)(9), (II) Establishing Amended Schedules Bar Date and Rejection Damages Bar Date, (III) Approving the Form of and Manner for Filing Proofs*

---

[4]     Docket No. 5.

[5]     Docket No. 1387.

[6]     Docket No. 1416.

[7]     *See* Plan, § IV.F.9; Trust Agreement § 3.4.

[8]     Docket Nos. 359-384.

*of Claim, Including Section 503(b)(9) Requests, and (IV) Approving Form and Manner of Notice Thereof* (the "Bar Date Order").[9]

11.     The Bar Date Order established, among other deadlines, (i) April 4, 2025 as the last day for persons or entities, other than governmental units, to file proofs of claims, including administrative expense claims pursuant to section 503(b)(9)), for claims that arose before the Petition Date (the "General Bar Date"), and (ii) September 8, 2025 as the last day for governmental units to file proofs of claim for claims that arose before the Petition Date (the "Governmental Bar Date").[10]    The Bar Date Order also established April 4, 2025 as the deadline for filing administrative expense claims that arose after the Petition Date and before February 26, 2025 (the "Administrative Bar Date").

12.     The Bar Date Order also provided that holders of claims arising from the Debtors' rejection of a real property lease or executory contract must file a proof of claim by the later of (i) the General Bar Date, and (ii) the date that is the later of (A) service of notice of an order approving the rejection of any executory contract or unexpired lease of the Debtors or (B) the effective date of a rejection of any executory contract or unexpired lease of the Debtors pursuant to operation of any Court order (the "Rejection Bar Date," together with the General Bar Date, the Governmental Bar Date, and the Administrative Bar Date, the "Bar Dates").[11]

13.     All of the Bar Dates have now passed.

---

[9]    Docket No. 561.

[10]    *Id.*

[11]    *Id.*

4

14.     Pursuant to the Plan, the initial deadline for the GUC Trust to file objections to General Unsecured Claims was 180 days after the Effective Date of the Plan, subject to extension by the Court.[12]

15.     On February 10, 2026, the Court entered the *Order Extending the Claims Objection Deadline*,[13] which extended the deadline to file objections to Claims from January 12, 2026, through and including July 13, 2026 (the "Claims Objection Deadline").

**C.     The Claims Resolution Process**

16.     As of the Effective Date, the Claims Register maintained by the Claims and Noticing Agent evidenced over 22,000 proofs of claim filed in the chapter 11 cases.  With respect to General Unsecured Claims, approximately (i) 17,000 proofs of claim asserted, at least in part, General Unsecured Claims in an aggregate liquidated amount of approximately $791 million; and (ii) 300 claims were scheduled (not including contingent, unliquidated, and disputed claims) in an aggregate liquidated amount of $491 million.

17.     Since his appointment on the Effective Date, the GUC Trust and his professionals have made significant progress analyzing and reconciling the General Unsecured Claims, including those asserted against the Debtors after the Effective Date.

18.     On November 7, 2025, the GUC Trust filed a non-substantive omnibus objection (the "First Omnibus Claims Objection"), which sought to disallow (i) 13 claims on the basis that such claims did not provide *prima facie* evidence of the validity and amount of the claim, and (ii) 35 claims on the basis that such claims were duplicative.[14]

---

[12]   Plan, § I.A.27.

[13]   Docket No. 2040.

[14]   Docket No. 1836.

19.     On November 11, 2025, the GUC Trust filed: (i) a non-substantive omnibus claims objection (the "Second Omnibus Claims Objection"), which sought to disallow 70 claims on the basis that such claims are amended and superseded;[15] and (ii) a non-substantive omnibus claims objection (the "Third Omnibus Claims Objection"), which sought to disallow 45 claims on the basis that such claims were filed after the applicable Bar Date.[16]

20.     On December 12, 2025, the Court entered orders granting the First Omnibus Claim Objection, the Second Omnibus Claim Objection, and Third Omnibus Claim Objection.[17]

21.     On March 20, 2026, the GUC Trust filed: (i) a substantive omnibus claims objection (the "Fourth Omnibus Claims Objection"), which sought to disallow 79 claims on the basis that such claims failed to specify the amount of the claim or were unliquidated;[18] and (ii) a substantive omnibus claims objection (the "Fifth Omnibus Claims Objection"), which sought to disallow (a) 78 claims on the basis that such claims failed to specify the amount of the claim or were unliquidated and (b) 9 claims on the basis that such claims included or reflected amounts that were either overestimated or to which the applicable claimant was not entitled under applicable law.[19]

22.     On April 15, 2026, the Court entered orders granting the Fourth Omnibus Claims Objection and Fifth Omnibus Claims Objection.[20]

23.     On April 17, 2026, the GUC Trust filed: (i) a non-substantive omnibus claims objection (the "Sixth Omnibus Claims Objection"), which sought to disallow (a) 4 claims on the basis that such claims did not provide *prima facie* evidence of the validity and amount of the claim,

---

[15]    Docket No. 1838.

[16]    Docket No. 1839.

[17]    Docket Nos. 1875, 1876, and 1877.

[18]    Docket No. 2110.

[19]    Docket No. 2111.

[20]    Docket Nos. 2179 and 2180.

(b) 2 claims on the basis that such claims are amended and superseded, (c) 1 claim on the basis that such claim was duplicative, and (d) 1 claim on the basis that such claim was based solely on the claimant's status as an equity security holder;[21] (ii) a substantive omnibus claims objection (the "Seventh Omnibus Claims Objection"), which sought to disallow 99 claims on the basis that such claims included unliquidated portions;[22] (iii) a substantive omnibus claims objection (the "Eighth Omnibus Claims Objection"), which sought to disallow 78 claims on the basis that such claims included unliquidated portions;[23] and (iv) a substantive omnibus claims objection (the "Ninth Omnibus Claims Objection" and, together with the First Omnibus Claims Objection, the Second Omnibus Claims Objection, the Third Omnibus Claims Objection, the Fourth Omnibus Claims Objection, the Fifth Omnibus Claims Objection, the Sixth Omnibus Claims Objection, the Seventh Omnibus Claims Objection, and the Eighth Omnibus Claims Objection, the "Omnibus Claims Objections"), which sought to disallow 14 claims on the basis that such claims failed to specify the amount of the claim or were unliquidated.[24]

24.     On May 15, 2026, the Court entered orders granting the Sixth Omnibus Claims Objection, Seventh Omnibus Claims Objection, and Eighth Omnibus Claims Objection.[25]

25.     In total, by the Omnibus Claims Objections, the GUC Trust has eliminated over 500 claims totaling approximately $147 million, plus various unliquidated amounts.  The GUC Trust has also informally negotiated with creditors to reconcile and resolve claims without the need to file formal objections.

---

[21]   Docket No. 2184.

[22]   Docket No. 2185.

[23]   Docket No. 2186.

[24]   Docket No. 2187.

[25]   Docket Nos. 2230, 2231, 2232, and 2233.

26. Although the GUC Trust has been working to reconcile all General Unsecured Claims, and significant progress has been made since the Effective Date, additional work remains. The GUC Trust is continuing its review and analysis of the General Unsecured Claims to identify unresolved or otherwise objectionable General Unsecured Claims. Further, notwithstanding the passage of the applicable Bar Dates, late Claims continue to be filed. The Trust will continue to resolve the General Unsecured Claims as quickly as possible under the circumstances but needs additional time to do so.

### RELIEF REQUESTED

27. Through this Motion, the GUC Trust respectfully requests entry of the Proposed Order extending the Claims Objection Deadline for a period of 182 days, from July 13, 2026, through and including January 11, 2027.[26] The requested extension is without prejudice to the right of the GUC Trust to seek additional extensions, as may be necessary, of the Claims Objection Deadline.

### BASIS FOR RELIEF

28. Although the Plan set the initial Claims Objection Deadline as 180 days following the Effective Date, the Plan expressly provides that this initial deadline may be extended by order of the Court.[27]

29. Further, Bankruptcy Rule 9006(b) provides that the Court may grant requested extensions of time for cause. Specifically:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its

---

[26] The GUC Trust requests a 182-day extension because an extension of 180-days would result in the requested next Claims Objection Deadline falling on Saturday, January 9, 2027.

[27] Plan, § I.A.27. The Plan provides that all objections to Claims must be filed on or before the Claim Objection Deadline, as such date may be extended upon entry of an order by the Court.

discretion … with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order. [28]

30.     Finally, section 105(a) of the Bankruptcy Code provides that the "court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."[29]

31.     As discussed above, as of the Effective Date, there were approximately 17,000 filed claims asserting, at least in part, General Unsecured Claims in the amount of $791 million, and 300 scheduled General Unsecured Claims in the amount of $491 million, not including contingent, unliquidated, and disputed claims.

32.     Since the Effective Date, the GUC Trustee's professionals have diligently engaged in a process to review and reconcile the asserted General Unsecured Claims.  The GUC Trust filed the Omnibus Claims Objections, which resulted in the disallowance of over 500 General Unsecured Claims totaling approximately $147 million, plus unliquidated amounts.[30]  The GUC Trust continues to analyze the remaining General Unsecured Claims and intends to file additional objections in the future.

33.     The GUC Trust respectfully submits that the requested extension of the Claims Objection Deadline is in the best interests of all stakeholders.  Additional time is required to review and reconcile General Unsecured Claims.  Most importantly, it will provide the GUC Trust and its professionals an opportunity to make more fully informed decisions concerning the resolution of pending General Unsecured Claims in the interests of ensuring ratable distributions among and maximizing value for legitimate general unsecured creditors.

---

[28]    Fed R. Bankr. P. 9006(b)(1).

[29]    11 U.S.C. § 105.

[30]    Docket Nos. 1875, 1876, & 1877.

34.     Furthermore, extension of the Claims Objection Deadline is not sought coercively for purposes of delay, nor will it affect or prejudice any claimant's substantive defense(s) to any objection.  Rather, the extension is intended to promote the efficient administration of this chapter 11 case and the claims allowance process.  Conversely, absent the requested extension of the Claims Objection Deadline, the GUC Trust will either be precluded from challenging invalid, misclassified, and/or overstated General Unsecured Claims, or it will be forced to file hastily prepared protective objections without the benefit of a full review and analysis and incur the cost of doing so.

**NOTICE**

35.     Notice of this Motion shall be provided to: (i) the Office of the United States Trustee for the District of Delaware; and (ii) all entities that filed a post-Effective Date renewed request for notices pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the GUC Trust submits that no further notice is required.

WHEREFORE, the GUC Trust respectfully requests that this Court enter the Proposed Order, substantially in the form annexed hereto, extending the Claims Objection Deadline from July 13, 2026, through and including January 11, 2027, without prejudice to the GUC Trust's right to seek further extensions, as may be necessary, of such deadline, for good cause shown; and (ii) granting such other and further relief as the Court may deem just and proper.

[*Remainder of page intentionally left blank.*]

Dated: July 13, 2026

**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**

 /s/ *Jennifer R. Hoover*
Jennifer R. Hoover, Esq. (No. 5111)
Melissa A. Sobrepera, Esq. (No. 7665)
1313 N. Market Street, Suite 1201
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: JHoover@beneschlaw.com
        MSobrepera@beneschlaw.com

**-and-**


**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (admitted *pro hac vice*)
Maeghan J. McLoughlin (admitted *pro hac vice*)
Charles J. Fendrych (admitted *pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: EWilson@KelleyDrye.com
        MMcloughlin@kelleydrye.com
        CFendrych@kelleydrye.com

*Counsel to the GUC Trust*