**<u>Exhibit A</u>**

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
|  | ) |  |
| Post-Effective Date Debtor. | ) |  |
|  | ) |  |

**CONSENT ORDER APPROVING STIPULATION
REGARDING CLAIMS OF HAPAG-LLOYD AG**

Pursuant to and in accordance with the *Stipulation Regarding Claims of Hapag-Lloyd AG* (the "<u>Stipulation</u>")[2] attached hereto as **Exhibit 1**, and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief set forth herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and with the consent of the Parties; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]    Capitalized terms used but not otherwise defied herein have the meanings ascribed to them in the Stipulation.

1. The Stipulation is approved and the terms of the Stipulation are hereby made effective by this Consent Order.

2. Sufficient notice of this Consent Order has been provided and the requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and any applicable local rules of this Court are otherwise satisfied.

3. Notwithstanding any applicable rules to the contrary, this Consent Order shall be immediately binding and enforceable upon its entry.

4. The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Consent Order.

5. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Consent Order.

**Exhibit 1**

**Stipulation**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |

### STIPULATION REGARDING CLAIMS OF HAPAG-LLOYD AG

Ann Aber, solely in her capacity as the plan administrator (the "Plan Administrator") appointed in the above-captioned case, and Hapag-Lloyd AG ("Hapag" and collectively with the Plan Administrator, the "Parties"), by and through their undersigned counsel, hereby state, agree, and stipulate (the "Stipulation") as follows:

1.      On April 5, 2025, Hapag filed Proof of Claim No. 11472 ("Claim 11472") in the total amount of $14,408,996.74, consisting of a prepetition claim, including an unliquidated secured claim, in the amount of $2,476,835.74, and a postpetition administrative expense claim in the amount of $11,932,161.00.

2.      On August 7, 2025, Hapag filed Proof of Claim No. 19797 ("Claim 19797"), asserting an additional administrative expense claim in the amount of $11,824,075.96.  The Parties agree, however, that the charges comprising Claim 19797 are, in part, duplicative of those set forth in Claim 11472, thereby necessitating a reduction to Claim 19797 as set forth below.

3.      On December 12, 2025, the Plan Administrator filed the *Plan Administrator's Twentieth (Substantive) Omnibus Objection to Certain Claims* [Docket No. 1881] ("Claim

---

[1]     The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540).  The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

Objection"), seeking to reclassify Claim 11472 and Claim 19797, in their entirety, as general unsecured claims.

4.  Hapag and the Plan Administrator have engaged in good-faith negotiations regarding the Claim Objection, Claim 11472, and Claim 19797, and have agreed as follows:

(a)  Claim 11472 shall be, and hereby is, allowed as an administrative expense claim under 11 U.S.C. § 503(b)(1) in the amount of $412,500.00 (the "Revised Administrative Expense Claim"), which amount has been paid and satisfied in full.

(b)  The balance of Claim 11472, in the amount of $13,996,496.74, is reclassified as a general unsecured claim (the "Claim 11472 GUC Claim").

(c)  To account for the duplicative charges between Claim 11472 and Claim 19797, Claim 19797 is hereby reduced to the amount of $5,584,179.96 (the "Reduced Claim 19797").

(d)  The Reduced Claim 19797 is reclassified, in its entirety, as a general unsecured claim (the "Claim 19797 GUC Claim").

(e)  The Claim Objection as it relates to Claim 11472 and Claim 19797 is deemed resolved.

5.  Nothing contained in this Stipulation shall constitute the allowance or disallowance of any general unsecured claim of Hapag, including, without limitation, the Claim 11472 GUC Claim and Claim 19797 GUC Claim, which claims shall be resolved separately in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the *Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [Docket No. 1353], and any further orders of the Court.

6.      Kroll Restructuring Administration, as the claims and noticing agent in the above-captioned case, is authorized to revise the official claims register to reflect the terms of this Stipulation, including, without limitation, to reflect that the Revised Administrative Expense Claim has been satisfied in its entirety.

**STIPULATED and AGREED:**

Dated:  July 17, 2026
Wilmington, Delaware

| | |
|---|---|
| */s/ Simon E. Fraser* | */s/ Michael E. Fitzpatrick* |
| **COZEN O'CONNOR LLP** | **COLE SCHOTZ P.C.** |
| Simon E. Fraser (No. 5335) | Patrick J. Reilley (No. 4451) |
| 1201 North Market Street, Suite 1001 | Michael E. Fitzpatrick (No. 6797) |
| Wilmington, DE 19801 | 500 Delaware Avenue, Suite 600 |
| Telephone:     (302) 295-2011 | Wilmington, Delaware 19801 |
| Facsimile:     (866) 472-2759 | Telephone:     (302) 652-3131 |
| Email:           sfraser@cozen.com | Facsimile:     (302) 652-3117 |
| | Email:           preilley@coleschotz.com |
| *Counsel to Hapag-Lloyd AG* |                    mfitzpatrick@coleschotz.com |

- and -

**HAHN LOESER & PARKS LLP**
Christopher B. Wick (admitted *pro hac vice*)
Philip K. Stovall (admitted *pro hac vice*)
200 Public Square, Suite 2800
Cleveland, Ohio 44114
Telephone:     (216) 274-2489
Facsimile:     (216) 241-2824
Email:           cwick@hahnlaw.com
                    pstovall@hahnlaw.com

*Co-Counsel to the Plan Administrator*

3