**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| JOANN INC.,[1] | ) | Case No. 25-10068 (CTG) |
| | ) | |
| Post-Effective Date Debtor. | ) | |
| | ) | |

**CONSENT ORDER APPROVING STIPULATION**
**REGARDING CLAIMS OF HAPAG-LLOYD AG**

Pursuant to and in accordance with the *Stipulation Regarding Claims of Hapag-Lloyd AG* (the "Stipulation")[2] attached hereto as **Exhibit 1**, and the United States District Court for the District of Delaware having jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief set forth herein is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and with the consent of the Parties; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

---

[1]  The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

[2]  Capitalized terms used but not otherwise defied herein have the meanings ascribed to them in the Stipulation.

1.      The Stipulation is approved and the terms of the Stipulation are hereby made effective by this Consent Order.

2.      Sufficient notice of this Consent Order has been provided and the requirements of Rule 3007 of the Federal Rules of Bankruptcy Procedure and any applicable local rules of this Court are otherwise satisfied.

3.      Notwithstanding any applicable rules to the contrary, this Consent Order shall be immediately binding and enforceable upon its entry.

4.      The Plan Administrator is authorized to take all actions necessary to effectuate the relief granted in this Consent Order.

5.      This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Consent Order.

**Dated: July 20th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**

2