**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>JOANN, Inc.,<br><br>      Post-Effective Date Debtor.[1] | Chapter 11<br><br>Case No. 25-10068 (CTG)<br><br>(Jointly Administered)<br><br>**RE: D.I. 2111** |

**STIPULATION BY AND BETWEEN GUC TRUST AND
BIRCH RUN STATION, LLC RESOLVING OBJECTION TO CLAIM NUMBER 18936**

This stipulation (the "Stipulation") is made and entered into by and between the JOANN Liquidating Trust (the "GUC Trust"), acting by and through Steven Balasiano, solely in his capacity as the liquidating trustee (the "GUC Trustee"), and claimant Birch Run Station, LLC ("Birch Run" and, together with the GUC Trust, the "Parties"). This Stipulation is made with reference to the following facts:

**WHEREAS**, on January 15, 2025 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Court");

**WHEREAS**, on January 16, 2025, the Court entered an order authorizing the procedural consolidation and joint administration of these Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015-1 [D.I. 103];

**WHEREAS**, on June 22, 2025, Birch Run filed proof of claim number 18936 against the Debtors (the "Birch Run Claim"), thereby asserting a general unsecured claim in the amount of $1,704,182.37 relating to the rejection of a lease;

---

[1]    The Post-Effective Date Debtor in this chapter 11 case, along with the last four digits of its federal tax identification number is JOANN Inc. (5540). The Post-Effective Date Debtor's mailing address is P.O. Box 268, Hudson, Ohio 44236.

**WHEREAS**, on July 10, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order Approving the Debtors' Disclosure Statement, for, and Confirming the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1387] (the "Confirmation Order"), thereby confirming the Second Amended *Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1353] (the "Plan");[2]

**WHEREAS**, on July 16, 2025, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [D.I. 1416], which, among other things, confirmed that all conditions to the effectiveness of the Plan were satisfied as of July 16, 2025 (the "Effective Date");

**WHEREAS**, on the Effective Date, the GUC Trust was established in accordance with the terms of the Plan, the Confirmation Order, and that certain *JOANN Liquidating Trust Agreement and Declaration of Trust* (the "Trust Agreement");[3]

**WHEREAS**, on the Effective Date, the Debtors irrevocably transferred to the GUC Trust all of the Debtors' rights, title, and interest in and to all of the GUC Trust Assets pursuant to article IV.F.1 of the Plan and section 2.3 of the Trust Agreement;

**WHEREAS**, the GUC Trust Assets automatically vested in the GUC Trust pursuant to section 1141 of the Bankruptcy Code;

**WHEREAS**, the GUC Trust is authorized, among other things, to review, allow, object to, prosecute, negotiate, estimate, settle or otherwise compromise any General Unsecured

---

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Plan.

[3]    A substantially final version of the Trust Agreement was included at Exhibit C to the *Amended Plan Supplement for the Second Amended Joint Chapter 11 Plan of Joann Inc. and its Debtor Affiliates (Technical Modifications)* [D.I. 1357].

Claims in its sole discretion pursuant to article IV.F.9 of the Plan and section 3.4 of the Trust Agreement;

WHEREAS, on March 20, 2026, the GUC Trust filed the *Fifth Omnibus (Substantive) Objection to Certain Claims (Unliquidated Claims and Overstated Claims)* [D.I. 2111] (the "Objection");

WHEREAS, by the Objection, the GUC Trust objected to, among others, the Birch Run Claim;

WHEREAS, prior to the objection deadline, Birch Run filed *Birch Run Station, LLC's Response to GUC Trust's Fifth Omnibus (Substantive) Objection to Certain Claims (Unliquidated Claims and Overstated Claims) Relating to Claim #18936 Concerning Birch Run Shopping Center in the City of Maplewood, County of Ramsey, Minnesota* [D.I. 2161] (the "Response"); and

WHEREAS, the Parties have engaged in discussions regarding the Objection, the Response, and the Birch Run Claim and wish to resolve the disputes among them with respect thereto fully, finally, and consensually on the terms set forth herein.

NOW, THEREFORE, in consideration of the foregoing recitals, the covenants and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties intending to be legally bound, hereby stipulate and agree as follows:

1.    Recitals. The above recitals are true and correct and are incorporated herein by reference.

2.    Effective Date of Agreement. This Stipulation shall be effective upon the date that it is fully executed (the "Agreement Effective Date").

3.      Modification and Allowance of the Birch Run Claim.  Upon the Agreement Effective Date, in full and final satisfaction of the Birch Run Claim, the Birch Run Claim shall be modified and allowed as a General Unsecured Claim in the total amount of $689,182.00 (the "Allowed Claim").  The Allowed Claim shall be treated and paid to Birch Run in accordance with the terms of the Confirmation Order and the Plan.  Birch Run irrevocably waives, as of the Agreement Effective Date, any and all General Unsecured Claims that it has or may have against the Debtors, the Post-Effective Date Debtor, or the GUC Trust Assets other than the Allowed Claim.  Birch Run acknowledges and agrees that Kroll, the Court-approved claims agent in these Chapter 11 Cases, shall be authorized to modify the claims register to reflect the Allowed Claim amount without further notice to or order of the Bankruptcy Court.

4.      Representations of Claimant.  Birch Run represents and warrants that: (i) it is the sole owner and holder of the Birch Run Claim; (ii) it has not sold, assigned, or transferred the Birch Run Claim; (iii)  no consents are necessary for it to enter into this Stipulation; and (iv) no proceeding, litigation, or adversary proceeding before any court, arbitrator, or administrative governmental body is pending against it that would have an adverse effect on its ability to enter into this Stipulation or to perform its obligations thereunder.

5.      Attorneys' Fees and Costs.  Each Party to this Stipulation shall bear its own attorneys' fees and costs.

6.      Headings.  The headings used in this Stipulation are inserted for convenience only and do not in any way limit or modify the terms or provisions of this Stipulation and shall not affect the interpretation hereof.

7.      Releases.  Except as otherwise provided herein and in no way limiting the release and injunction provisions set forth in the Confirmation Order and Plan, each of the Parties,

on behalf of itself and its agents, employees, directors, officers, members, attorneys, parents, subsidiaries, affiliates, predecessors, successors, and assigns, fully, finally and unconditionally releases and forever discharges the other Party of and from any and all damages, losses, claims, demands, rights, liabilities, obligations, costs, suits, actions, causes of actions and demands, of every kind, nature, character and description whatsoever, on account of or in any way affecting, concerning, arising out of, or connected with the Birch Run Claim.

8.      Binding Effect.  This Stipulation and each and every covenant, warranty, release and agreement set forth herein shall be binding upon and inure to the benefit of each of the Parties hereto and their respective agents, subsidiaries, employees, officers, directors, predecessors, successors, and assigns.

9.      Governing Law.  This Stipulation is governed by the laws of the State of Delaware, exclusive of its choice-of-law provisions.  Each Party irrevocably consents to the jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Stipulation.  Each Party waives any right to commence any such action in any other forum.

10.     Original and Counterparts.  This Stipulation may be executed in counterparts, any of which may be transmitted by facsimile or electronic mail, and each of which shall be deemed an original and all of which together shall constitute one and the same instrument.

11.     No Waiver.  The Parties agree that no breach of any provision hereof can be waived except in writing.  The waiver of a breach of any provision hereof shall not be deemed a waiver of any other breach of any provision hereof.

12.     Severability.  Should any provision of this Stipulation be held by a court of competent jurisdiction to be illegal, invalid or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of

the Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

13.     Entire Agreement.   This Stipulation constitutes the entire agreement between the Parties and supersedes all prior agreements and understandings, both written and oral, between the Parties with respect to the matters addressed herein.   The terms are contractual and not merely recitals.   No alteration, amendment or modification shall be effective or binding upon any Party unless in writing and duly executed by all Parties.

14.     Acknowledgments.   The Parties acknowledge they have carefully read and fully understand the terms of this Stipulation.   They have jointly negotiated and prepared this Stipulation and are fully satisfied with all of its terms.   The individuals executing this Stipulation (which may include counsel to either Party) are authorized to do so on behalf of the organizations for which they execute this Stipulation and have had a full opportunity to consult with legal counsel regarding the terms.   The Parties have entered into this Stipulation knowingly and voluntarily and agree to all of its provisions.

15.     No Admissions.   Each of the Parties understands and agrees that this Stipulation reflects a compromise of disputed claims and does not constitute, nor shall it be construed as, in any way, an admission of liability, fault, violation, responsibility, or wrongdoing by either of the Parties.

[*Signature page follows.*]

Dated:  August 11, 2026

By:  */s/ Timothy T. Mitchell*
**RASHTI AND MITCHELL**
**ATTORNEYS AT LAW**
Timothy T. Mitchell, Esq.
4422 Ridgeside Dr.
Dallas, Texas 75244
Telephone: (972) 661-9471
Email: tim.rashtiandmitchell@gmail.com

*Counsel to Birch Run Station, LLC*

Dated:  August 11, 2026

By:  */s/ Melissa A. Sobrepera*
**BENESCH, FRIEDLANDER,**
**COPLAN & ARONOFF LLP**
Jennifer R. Hoover (No. 5111)
Melissa A. Sobrepera (No. 7665)
1313 N. Market Street, Suite 1201
Wilmington, Delaware 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
Email: jhoover@beneschlaw.com
   msobrepera@beneschlaw.com
-and-

**KELLEY DRYE & WARREN LLP**
Eric R. Wilson (*pro hac vice*)
Maeghan J. McLoughlin (*pro hac vice*)
Charles J. Fendrych (*pro hac vice*)
3 World Trade Center
175 Greenwich Street
New York, New York 10007
Tel: (212) 808-7800
Fax: (212) 808-7897
Email: ewilson@kelleydrye.com
   mmcloughlin@kelleydrye.com
   cfendrych@kelleydrye.com

*Counsel to the GUC Trust*